Ronald D. Green, NV Bar #7360
Randazza Legal Group
6525 W. Warm Springs Road, Suite 100
Las Vegas, NV 89118
888-667-1113
305-437-7662 fax
ecf@randazza.com

Attorney for Plaintiff
Marc J. Randazza

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| MARC J. RANDAZZA, an individual, JENNIFER RANDAZZA, an individual, and NATALIA RANDAZZA, a minor, | Case No. _____ |
| Plaintiffs, | **COMPLAINT** |
| vs. | **1)** **VIOLATION OF INDIVIDUAL CYBERPIRACY PROTECTIONS – 15 U.S.C. § 8131** |
| CRYSTAL L. COX, an individual, and ELIOT BERNSTEIN, an individual, | **2)** **CYBERSQUATTING - 15 U.S.C. § 1125(d)** |
| Defendants. | **3)** **RIGHT OF PUBLICITY – NRS 597.810** |
| | **4)** **COMMON LAW RIGHT OF PUBLICITY** |
| | **5)** **COMMON LAW RIGHT OF INTRUSION UPON SECLUSION** |
| | **6)** **CIVIL CONSPIRACY** |

For their Complaint against Defendant Crystal L. Cox ("Cox") and Defendant Eliot Bernstein ("Bernstein") (collectively, "Defendants"), Plaintiffs Marc J. Randazza ("Randazza," or "Mr. Randazza"), Jennifer Randazza ("Jennifer Randazza"), and Natalia Randazza, a minor ("Natalia Randazza") complain and allege as follows:

## I. INTRODUCTION

1.     Since January 16, 2012, Defendant Crystal Cox has targeted Plaintiff Marc Randazza, his wife, Plaintiff Jennifer Randazza, and their three-year-old daughter, Plaintiff Natalia

1

Randazza, in an online harassment campaign.  To date, Ms. Cox has obsessively registered dozens of domain names containing Mr. Randazza's name in an effort to extort and harass Plaintiffs and capitalize upon and damage the goodwill that Mr. Randazza has in his name.  However, Ms. Cox's harassment has not stopped with Plaintiff.  She has even involved Mr. Randazza's wife, Jennifer Randazza, and three-year-old daughter, Natalia Randazza, in her harassment and extortion campaign.  Defendant Bernstein, on information and belief, is a knowing and willful participant and co-conspirator in Cox's activities.  Her actions are unlawful and must stop.

2.      Dozens of other individuals have fallen victim to Cox's bizarre pattern of online harassment.  Ms. Cox identifies her victims, registers multiple domain names using their full names, and baselessly accuses them of a variety of wrongdoings.  She informs her victims that she will not cease her false attacks unless they agree to purchase her "reputation management" services.  If they do not purchase those extortionate services, she escalates her baseless accusations against them.

3.      Ms. Cox's behavior has been documented in the U.S. District Court for the District of Oregon order upholding a jury verdict of $2.5 million against her, in which a judge denied her motion for a new trial, based on conduct substantively identical to the conduct detailed in this Complaint. (See *Obsidian Finance Group, LLC v. Cox*, 2012 WL 1065484 (D. Ore. 2012)).

4.      Undeterred by the verdict against her in the District of Oregon, Ms. Cox turned her attention to Plaintiff, engaging in pervasive link spamming[1] and cybersquatting against him.

5.      Ms. Cox initially registered the domain name <marcrandazza.com> to extort money from Plaintiff.  After Plaintiff refused to acquiesce to her extortionate demands, Cox registered at least thirty-one more domain names incorporating all or part of Plaintiff's legal name, business name, and various misspellings thereof.  When Cox's efforts to extort Randazza failed directly, Cox then set her sights on Plaintiff's wife, Jennifer Randazza, registering the domain name

---

[1] "Link spamming" refers to Cox peppering each blog article with hyperlinks to her other commercial websites, attempting to manipulate the page ranking of her sites when indexed by search engines in order to interfere with Plaintiff's legitimate blogging endeavors and law practice to gain money for herself.

1  <jenniferrandazza.com>.  When that failed to have the desired effect, Ms. Cox registered a domain
2  using the name of the Plaintiff's three-year-old daughter, Natalia Randazza.  On the sites using
3  Jennifer and Natalia Randazza's names, Ms. Cox referred to Jennifer Randazza as a "slut."[2]  To
4  date, Ms. Cox has registered and operates websites on dozens of domain names using Plaintiff's
5  name, including several Blogger websites.[3] All of the domains contain similar material — falsely
6  accusing Plaintiff of various wrongdoings in an effort to destroy his online reputation.

7      6.    Ms. Cox originally used the domain names as pay-per-click sites, but her post-hoc
8  use was to target Mr. Randazza's name so that anyone searching for Mr. Randazza would be
9  misdirected to Cox's websites.  After Randazza challenged Cox's illegitimate uses of the domain
10 names, Cox offered Randazza fee-based "reputation management" services – purportedly to "clean
11 up" Plaintiff's search engine results.   Given that Cox is the source of the negative content
12 appearing in search results, Defendant's offer to improve Randazza's reputation – presumably by
13 removing the materials that Defendant herself published – is illusory at best.  The fact is, Cox's
14 offer amounted to extortion – by attempting to interfere with others' online presences and
15 businesses, and then (for a fee) Cox will cease this interference.

16     7.    Once the world media was made aware of Cox's actions, and reported on them,
17 Defendant concocted a story that she merely registered the domain names in order to pressure Mr.
18 Randazza into refraining from testifying in a federal case. (**Exhibit 1**).  If Cox's post-hoc
19 "justification" is to be believed, then the registration and use were still in bad faith, as they would
20 constitute the crime of "Witness Tampering" under 18 U.S.C. § 1512.  Accordingly, this is no
21 defense and, in fact, shows an even greater degree of bad faith.

---

[2] While this term is too indefinite in order to legally stand as a false statement of fact, and thus is not actionably defamatory, it does show that Cox's efforts to extort Plaintiff and his family are highly offensive to any reasonable person.

[3] Blogger is an online blogging platform provided by Google.  Any person can register a blog on this platform for free, and Google is very reluctant to ever engage in any activity to remove even clearly abusive material therefrom.  Google is not required to do so, which is why Cox has used this platform in order to continue her efforts.

8.     Upon being made aware of the disputed status of the domain names, Defendant Cox engaged in a scheme to continuously "cyberfly" the domain names from one registrant to another in an attempt to evade any action to seize them.  Cox transferred registration of the domain names in question to other parties— Defendant Eliot Bernstein and non-parties Alex Melody Mayers and Diana Grandmaison, after Cox realized she would face legal action regarding her improper registration and use of the domain names affiliated with Complainant.  Cox has since transferred <marcrandazza.com> back to her name, while others have been transferred to Defendant Bernstein, who continues to register, use, and traffic in the domain names.

9.     Finally, Cox unlawfully registered the domain name <marcrandazza.me> and offered to sell the registration to Plaintiff Randazza or any other purchaser for $5,000,000.00.  (**Exhibit 2**)  Highlighting the need for injunctive relief, Cox has publicly announced that she will continue to register domain name after domain name relentlessly unless a Court enjoins her from doing so.  (**Exhibit 5**)

10.    Cox's actions regarding the <marcrandazza.me> domain and all of the other domain names she has purchased are in clear violation of the Anti-cybersquatting Consumer Protection Act (the "ACPA"), 15 U.S.C. §§ 1125(d) and 8131.  Plaintiff Randazza seeks an award of damages, attorneys' fees, and injunctive relief against Defendants Cox and Bernstein for violation of the Anti-cybersquatting Consumer Protection Act, right of publicity, and right of inclusion upon seclusion.

11.    It is important to note that this lawsuit is not about defamation nor about Ms. Cox expressing her opinions.  Cox has every right to express her opinions.  However, she does not have the right to do so in a manner which is contrary to Title 15's mandates, nor does she have the right to do so in a manner that is harassing or invasive.  Cox posting her opinion on <crystalcox.com> is just fine.  Posting on an obsessive number of continually expanding websites, created for the sole purpose of trying to crowd out any other opposing views, trying to make her ranting ubiquitous, is not.  An off-line analogy would be Ms. Cox standing in front of Mr. Randazza's office picketing the Plaintiff's law firm.  Plaintiffs would have no objection to her doing so.  However, if Cox followed Mr. Randazza from work to home and his children from school to home and his wife from

1   home to the grocery store and then stood outside Mr. Randazza's house, banging a drum while

2   protesting all day and all night, the law would look beyond the content and look at the time, place

3   and manner of her activities, and certainly not find them to be protected or proper.

4        12.    Even once all of the relevant domain names are transferred or deactivated, Cox will

5   have hundreds of other domain names upon which she most likely will continue her irrational rants.

6   In fact, all of the content on every domain complained of is repeated dozens of times on dozens of

7   Cox's other websites.  Accordingly, seizing or disabling all of the "Randazza" domains will have

8   no effect upon Cox's ability to express her views.  It will simply require her to do so in a manner

9   that does not violate Plaintiff's rights.

10                          **II. JURISDICTION AND VENUE**

11       13.    This Court has subject-matter jurisdiction of this cause pursuant to 28 U.S.C. §§

12   1331, 1332, and 1338 because this civil action arises under the Lanham Act, specifically 15 U.S.C.

13   §§ 1125(d) and 8131. This Court has supplemental jurisdiction over Plaintiff's state law claims

14   pursuant to 28 U.S.C. § 1367(a).

15       14.    This Court has personal jurisdiction over Defendant Cox because she a) specifically

16   targeted her actions at individuals (Plaintiffs) in the State of Nevada that is the subject of this suit

17   and she did so with the full knowledge that Plaintiffs are in the state of Nevada and that her actions

18   would have an effect in the state of Nevada; b) she owns and operates websites on the World Wide

19   Web that are accessible to residents of the State of Nevada; and c) she committed acts that she

20   knew or should have known would cause injury to Plaintiffs in the State of Nevada.

21       15.    This Court has personal jurisdiction over Defendant Bernstein because he a)

22   specifically targeted his actions at individuals (Plaintiffs) in the State of Nevada that is the subject

23   of this suit and he did so with the full knowledge that Plaintiffs are in the state of Nevada and that

24   his actions would have an effect in the state of Nevada; b) he owns websites on the World Wide

25   Web that are accessible to residents of the State of Nevada; and c) he committed acts that he knew

26   or should have known would cause injury to Plaintiffs in the State of Nevada.

27       16.    Venue is proper in the United States District Court for the District of Nevada

28   pursuant to 28 U.S.C. § 1391.  Venue lies in the unofficial Southern Division of this Court.

### III. THE PARTIES

17.     Plaintiff Randazza is an individual, an attorney, a legal author, and a resident of Las Vegas, Clark County, Nevada.

18.     Plaintiff Jennifer Randazza is an individual, a former art teacher, a stay-at-home mother, and a resident of Las Vegas, Clark County, Nevada.

19.     Plaintiff Natalia Randazza is the four-year-old daughter of Marc and Jennifer Randazza.  At the time of the publication of her name, Natalia was three years old.  She resides in Las Vegas, Clark County, Nevada.

20.     Upon information and belief, Defendant Cox is an individual residing in the State of Montana and owns the registration and operates the websites for the following Infringing Domain Names: (See **Exhibits 3 and 4**)

    a.   <marcrandazza.me>

    b.   <marcrandazza.com>

    c.   <marcjrandazza.com>

    d.   <fuckmarcrandazza.com>

    e.   <marcjohnrandazza.com>

    f.   <marcrandazzasucks.com>

    g.   <marcrandazzaisalyingasshole.com>

    h.   <marcrandazza.biz>

    i.   <marcrandazza.info>

    j.   <marcrandazza.mobi>

    k.   <marcrandazzaparody.com>

    l.   <exposemarcrandazza.com>

    m.  <randazzalegalgroupsucks.com>

    n.   <trollmarcrandazza.com>

    o.   <hypocritemarcrandazza.com>

    p.   <crystalcoxmarcrandazza.com>

    q.   <marcjohnrandazza.blogspot.com>

r.  <randazzalegalgroup.blogspot.com>

s.  <marcrandazzaviolatedmylegalrights.blogspot.com>

t.  <markrandazza.blogspot.com>

u.  <marcrandazza.blogspot.com>

v.  <jenniferrandazza.blogspot.com>

w.  <marcrandazzafreespeech.blogspot.com>

x.  <marcrandazzaegomaniac.blogspot.com>

y.  <marcjrandazza-lawyer.blogspot.com>

z.  <marc-randazza.blogspot.com>

aa. <marcrandazzawomensrights.blogspot.com>

bb. <marcrandazza-asshole.blogspot.com>

cc. <marcrandazzatips.blogspot.com>

dd. <marcrandazzaabovethelaw.blogspot.com>

ee. <marcrandazzaliedaboutcrystalcox.blogspot.com>

ff. <janellerandazza.blogspot.com>

21.    Upon information and belief, Defendant Cox owns "hundreds" of other domain names that are unknown to Plaintiff incorporating Plaintiff's legal name. (**Exhibit 5**).    Early discovery will, hopefully, reveal these additional domain names, which will be added to an amended complaint.

22.    Upon information and belief, Defendant Bernstein is an individual residing in the State of Florida.   Upon information and belief, Defendant Cox controls all domain names and operates all of the websites referenced in the Complaint.   However, Defendant Bernstein, as a proxy, is listed as the registrant for <marcjrandazza.com>, <fuckmarcrandazza.com>, <marcjohnrandazza.com>, <marcrandazzasucks.com>, and <marcrandazzaisalyingasshole.com>. (**Exhibit 4).**

### IV. ALLEGATIONS COMMON TO ALL COUNTS

23.    Plaintiff is the owner and managing partner of Marc J. Randazza PA, d/b/a Randazza Legal Group ("RLG"), a nationally recognized First Amendment and Intellectual

Property law firm with offices located in Nevada, Florida, and Arizona.  Since 2008, RLG has been doing business using Marc Randazza's personal name as a source identifier for its services.

24.  In addition to owning and operating his own law firm, Plaintiff regularly appears in all forms of news media as an author legal commentator.  He has appeared in New York City Magazine, New York Times, Boston Globe, Los Angeles Times, Fox News, and CNN, among others.  He also regularly publishes under his byline at his blog, The Legal Satyricon, which is one of the most well-known law blogs in the country.  Plaintiff regularly speaks on panels about the First Amendment and intellectual property at conferences nationwide.

25.  In 2011, XBiz World Magazine named Randazza one of the adult entertainment industry's Top 50 newsmakers and commented on his work in high-profile cases. In Nevada, Plaintiff's name has appeared in high profile Las Vegas media, including the Las Vegas Review-Journal, the Las Vegas Sun, VegasInc, Las Vegas CityLife, and Las Vegas Weekly.

26.  Plaintiff Randazza certainly has protectable common law rights in his name. Plaintiff's name is thus a protected personal name pursuant to both 15 U.S.C. §§ 1125(d)(1)(A)(i) and 8131(1)(A).

27.  Defendant Cox is the registrant and owner of the Infringing Domain Names, or is believed to own certain domains through a proxy, Defendant Bernstein, as evidenced by **Exhibit 4**. Many of the Infringing Domain Names precisely track the spelling of Plaintiff's legal name coupled with a top-level domain ("TLD").  Others include his legal name, followed by a phrase. **(Exhibit 3).**

28.  Defendant Cox registered most of the Infringing Domain Names between December 10, 2011 and September 20, 2012 with the domain name registrar Godaddy.com.  Some of those domain names were then registered through proxy Defendant Bernstein, who, on information and belief, is a knowing and voluntary participant in Cox's enterprise.[4]

---

[4] Plaintiff Randazza attempted to discuss the matter with Defendant Bernstein, affording him the ability to offer any innocent explanation for his involvement.  Bernstein declined to do so, instead stating "please include me" in this lawsuit.  See Exhibit 9.

29.     Defendant Cox and Defendant Bernstein have used the Infringing Domain Names on the Internet. Defendant Cox registered the Infringing Domain Names in an attempt to extort money from Plaintiff Randazza or from another buyer, as evidenced by an email she sent to Mr. Randazza on or about January 16, 2012, attached as **Exhibit 6**.  Defendant Cox also registered the Infringing Domain Name <marcrandazza.me> in an attempt to profit from its sale. **Exhibit 2**.  The Infringing Domain Names seem to flip flop between containing content and serving as a GoDaddy park page containing pay-per-click advertisements, as evidenced by **Exhibit 7**.

30.     Defendants have made commercial use of the Infringing Domain Names by attempting to sell the Infringing Domain Names to the Plaintiff and/or to a third party. Furthermore, Defendants also have made commercial use of the Infringing Domain Names through the use of pay-per-click advertising.

31.     Defendants registered and have used the Infringing Domain Names with the bad-faith intent to profit from said use.  This profit is in the form of pay-per-click advertising fees, increased web traffic to Cox's online endeavors to sell questionable "supplements," as well as to further her extortion scheme both as employed against Plaintiff and as employed against third parties.[5]

32.     On or about January 16, 2012, Defendant Cox sent an email to Plaintiff explaining that she had registered the Infringing Domain Name <marcrandazza.com>.  She offered to maintain the domain name if Defendant Cox purchased her "reputation management services."  **Exhibit 6.** Plaintiff refused, and Defendant Cox proceeded to launch her smear campaign of the Plaintiff, registering several dozen domain names and Blogger sites.

---

[5] As Cox targets many other individuals with her extortion scheme, the intent to profit is clear. Cox, on information and belief, when targeting other individuals, shows them what she is doing to Plaintiff and his family and uses this as a basis to extract or attempt to extract extortion fees from other third parties.

33.     The clear meaning of Cox's offer was that if Randazza did not pay her extortionate fees for search engine and online reputation management, she would register additional domain names and flood the Internet with untruthful information about Randazza.[6]

34.     On or about March 10, 2012, Defendant Cox registered <fuckmarcrandazza.com> and <marcrandazzasucks.com> in an effort to harass Mr. Randazza before he was deposed in a lawsuit where she was a party.  Specifically, Cox hoped to intimidate Plaintiff Randazza to keep him from testifying. (**Exhibit 1**).  Defendant Cox's admitted actions amount to witness tampering pursuant to 18 U.S.C. §1512.  Defendant Bernstein currently is listed as the registrant of these domains.  (**Exhibit 4**).  On information and belief, Bernstein is a knowing participant in Cox's efforts to prevent the plaintiff from testifying.

35.     On or about September 19, 2012, Defendant Cox advertised on her blog that the Infringing Domain Name <marcrandazza.me> was for sale for $5 million. (**Exhibit 2**)  The title of the post is "Marc Randazza Domain Name for Sale .. Here Kitty Kitty .."  Defendant Cox is the author of the post and the owner of the blog on which the post appears.

36.     The post states "MarcRandazza.ME – For Sale - $5 million US Dollars" and contains a link to the webpage. (**Exhibit 2**).

37.     Defendant Cox has a history of harassment with Plaintiff, dating back as early as December 2011.  The Infringing Domain Names Defendant has registered use the Plaintiff's full name.  The domains include:

      a.   <marcrandazza.com>

      b.   <marcjrandazza.com>

      c.   <marcjohnrandazza.com>

      d.   <marcrandazza.info>

      e.   <marcrandazza.mobi>

---

[6] Randazza specifically does not seek redress for Cox's numerous false, bizarre, and likely defamatory statements about him. Cox is entitled to express her opinion of him, no matter how unjustified and bizarre those opinions may be. **Exhibit 8.**  By filing this suit, Plaintiff challenges only Cox's right to use his personal name, under which he does business, as a domain name. He also challenges her improper harassment of him and his family.

f.   <marcrandazza.biz>

38.   Defendant Cox has also registered dozens of additional domains that include the Plaintiff's name in connection with other words, such as:  (**Exhibit 3**).

a.    <marcrandazzasucks.com>

b.   <crystalcoxmarcrandazza.com>

c.   <fuckmarcrandazza.com>

d.   <marcrandazzaisalyingasshole.com>

e.   <exposemarcrandazza.com>

f.   <trollmarcrandazza.com>

g.   <hypocritemarcrandazza.com>

h.   <randazzalegalgroupsucks.com>

i.   <marcrandazzaparody.com>

39.   As of this filing, plaintiff is unaware of any explicit attempts to sell these domain names, but has implied that she would release them for a fee.

40.   Defendant Cox also operates several Blogger sub-domains, including:

a.   <jenniferrandazza.blogspot.com>

b.   <marcjohnrandazza.blogspot.com>

c.   <randazzalegalgroup.blogspot.com>

d.   <marcrandazzaegomaniac.blogspot.com>

e.   <marcjrandazza-lawyer.blogspot.com>

f.   <marc-randazza.blogspot.com>

g.   <marcrandazzawomensrights.blogspot.com>

h.   <marcrandazza-asshole.blogspot.com>

i.   <marcrandazzaliedaboutcrystalcox.blogspot.com>

j.   <marcrandazzaviolatedmylegalrights.blogspot.com>

k.   <marcrandazzatips.blogspot.com>

l.   <marcrandazzaabovethelaw.blogspot.com>

m.  <marcrandazzafreespeech.blogspot.com>

n.   <janellerandazza.blogspot.com>.

41.   Defendant Cox uses these domain names in order to harass and intimidate Plaintiff Randazza and his family and harm his business.[7]  There is no legitimate reason for Cox to need 28 (and likely more) domain names, all incorporating Plaintiff's name.  Her purpose is documented bad-faith, and should not go unchecked.

42.   In the past, Defendant Cox has targeted the Randazza family by registering as domains the name of Mr. Randazza's wife, <jenniferrandazza.com>, and <jenniferrandazza.blogspot.com>, that of his then-three-year-old daughter, <nataliarandazza.com>, and now his sister, Janelle Randazza.  On the sites, Cox identified Jennifer Randazza as Mr. Randazza's wife, including posting a photo of her so that she, a private citizen, could be identified as the target of Cox's harassment. She also made offensive comments regarding Jennifer Randazza's sexuality, referring to her as a "slut" in several places.  The website encompassing his three-year-old daughter Natalia Randazza's name similarly contained a post referring to Jennifer Randazza so that anyone who might search for three year old Natalia's name could encounter a post referring to the toddler's mother in this manner.

43.   Neither Mr. Randazza nor his family authorized either Defendant to use or register the Infringing Domain Names nor did Plaintiff or his family authorize Cox to use the "Randazza" name in any way, shape, or form.

44.   Neither Defendant has ever been known by the name Marc Randazza or the text of any of the Infringing Domain Names.

45.   Defendants Cox and Bernstein have made no any legitimate noncommercial or fair use of the Infringing Domain Names.  Defendants have not used the Infringing Domain Names in connection with any *bona fide* offering of goods and services.

46.   Defendant Cox's and Bernstein's conduct has caused Mr. Randazza to lose control over the reputation and goodwill associated with his personal name, both for personal and business

---

[7] Some of the the more bizarre claims that Cox has made about Randazza are: Randazza is involved in organized crime; Randazza has "insiders" doing his bidding at Google and GoDaddy; Randazza has "conspired" with a Federal Judge.  (**Exhibit 8**)

purposes, and Mr. Randazza has suffered and continues to suffer other immeasurable damages.  For the harm and loss Mr. Randazza has suffered and for the harm and loss that will continue absent the intervention of this Court, Plaintiff has no adequate remedy at law.  Unless Defendants are enjoined from further misuse of the Infringing Domain Names and enjoined from further use of the Randazza name and the Randazza trademarks, Plaintiffs will suffer irreparable harm because the damages sustained will be immeasurable, unpredictable, and unending.  Moreover, the Lanham Act specifically provides for injunctive as requested in this circumstance.  *See* 15 U.S.C. § 8131(2); 15 U.S.C. § 1116.

47.    Defendant Cox continues to register hundreds of domain names (not merely those associated with Plaintiff) despite claiming publically that she has no money to pay a judgment against her in the *Obsidian Finance* case.  Defendant Cox stated that she has "a few hundred" domain names related to the Plaintiff, and that she will register "hundreds more monthly, eternally." (**Exhibit 5).**  If Defendants are not enjoined, they will continue to register domain names that infringe upon Plaintiff's rights, and Plaintiff will continue to suffer irreparable harm.

48.    Defendants' misuse of the Infringing Domain Names is intentional and willful.

49.    All conditions precedent to the bringing of this action have been performed, waived, or excused.

50.    Plaintiffs have engaged the undersigned counsel to prosecute this action.

## V. FIRST CAUSE OF ACTION

**(Violation of Individual Cyberpiracy Protections – 15 U.S.C. § 8131)**
**Against Defendant Crystal Cox, for the registration of <marcrandazza.me>**

51.    Plaintiffs incorporate the allegations in all preceding paragraphs as if fully set forth herein.

52.    The Infringing Domain Name <marcrandazza.me> consists of the name of another living person, specifically that of the Plaintiff Marc Randazza.  Cox, having never been known as "Marc Randazza," "Jennifer Randazza," or "Natalia Randazza" had no rights in the Infringing Domain Names.

53.     Cox registered the Infringing Domain Name without Plaintiff Randazza's knowledge or consent.

54.     Cox registered the Infringing Domain Name with the specific intent to profit from its registration through sale to Plaintiffs or a third party for a sum of $5,000,000. (**Exhibit 2**).

55.     Cox advertised her intent to sell <marcrandazza.me> through a blog post, dated September 19, 2012, titled "Marc Randazza Domain Name for Sale.. Here Kitty Kitty.." **(Exhibit 2).**   Defendant Cox's intent was to register the domain name incorporating Plaintiff Randazza's full name, without his consent, with the specific intent to profit from the domain by selling it to either Plaintiffs or a third party.

56.     Cox continues to use, the Infringing Domain Name with the bad-faith intent to profit from said use.

57.     This is not Cox's first or only attempt to monetize Plaintiff Randazza's name, as she previously registered <marcrandazza.com> without Plaintiff's knowledge or consent, and attempted to profit from its registration by soliciting Plaintiff for her online search and reputation management "services."

58.     Under 15 U.S.C. §§ 8131(2) and 1116, Plaintiffs are specifically entitled to injunctive relief, costs, and attorneys' fees.

## VI. SECOND CAUSE OF ACTION

**(Violation of Individual Cyberpiracy Protections – 15 U.S.C. § 8131)**
**(Against Defendant Crystal Cox, for <marcrandazza.com>, <marcrandazza.biz>, <marcrandazza.info>, <marcrandazza.mobi>, <marcrandazzaparody.com>, <exposemarcrandazza.com>, <randazzalegalgroupsucks.com>, <trollmarcrandazza.com>, <hypocritemarcrandazza.com>, <crystalcoxmarcrandazza.com>, jenniferrandazza.blogspot.com, <marcjohnrandazza.blogspot.com>, <randazzalegalgroup.blogspot.com>, <marcrandazzaegomaniac.blogspot.com>, <marcjrandazza-lawyer.blogspot.com>, <marc-randazza.blogspot.com>, <marcrandazzawomensrights.blogspot.com>, <marcrandazza-asshole.blogspot.com>, <marcrandazzaliedaboutcrystalcox.blogspot.com>, <marcrandazzaviolatedmylegalrights.blogspot.com>, <marcrandazzatips.blogspot.com>, <marcrandazzaabovethelaw.blogspot.com>, <marcrandazzafreespeech.blogspot.com>, and <janellerandazza.blogspot.com>)**

59.     Plaintiffs incorporate the allegations in all preceding paragraphs as if fully set forth herein.

60.     The Infringing Domain Names consist of the name of another living person, specifically that of Plaintiffs.  Cox, having never been known as "Marc Randazza," "Natalia Randazza," or "Jennifer Randazza" had no rights in the domain name.

61.     Cox registered the Infringing Domain Names without Plaintiffs' knowledge or consent.

62.     Cox registered the Infringing Domain Names with the specific intent to profit from their registration through extortion and other avenues of profit, pecuniary and otherwise. (**Exhibit 6**).  Defendant offered to sell the domain names to Plaintiff in return for the purchase of her "reputation management services." Defendant instigated an elaborate smear campaign by purchasing several dozen domains, publishing critical rantings about Plaintiffs, and engaging in link spamming in an effort to increase the appearance of her websites in search engine results when Plaintiff Marc Randazza's name was entered.

63.     Defendant Cox continues to use the Infringing Domain Names with the bad-faith intent to profit from their use.

64.     Defendant Cox's intent was to register the domain names incorporating Plaintiff Randazza's full name, without his consent, with the specific intent to profit from the domains by selling them to either the Plaintiffs or a third party or to profit in other means, directly or indirectly, pecuniary or otherwise.

65.     Under 15 U.S.C. §§ 8131(2) and 1116, Plaintiffs are specifically entitled to injunctive relief, costs, and attorney's fees.

## VII. THIRD CAUSE OF ACTION

**(Violation of Individual Cyberpiracy Protections – 15 U.S.C. § 8131)**
**(Common to all Defendants, for <marcjrandazza.com>, <fuckmarcrandazza.com>, <marcjohnrandazza.com>, <marcrandazzasucks.com>, <marcrandazzaisalyingasshole.com>)**

66.     Plaintiffs incorporate the allegations in all preceding paragraphs as if fully set forth herein.

67.     The Infringing Domain Names consist of the name of another living person, specifically that of Plaintiff Randazza.  Defendants Cox and Bernstein, having never been known as "Marc Randazza," have no rights in the domain name.

1   68.   Defendants Cox and Bernstein registered the Infringing Domain Names without

2   Plaintiff's knowledge or consent.

3   69.   Defendants Cox and Bernstein registered the Infringing Domain Names with the

4   specific intent to profit from its registration through extortion. (**Exhibit 6**).  Defendant Cox offered

5   to sell the domain names to Plaintiff Randazza in return for the purchase of her "reputation

6   management services." Defendants Cox and Bernstein instigated an elaborate smear campaign by

7   purchasing several dozen domains, publishing critical rantings about Plaintiff Randazza, and

8   engaging in link spamming in an effort to increase the appearance of her websites in search engine

9   results when Plaintiff Randazza's name was entered.

10   70.   Defendants Cox and Bernstein continue to use the Infringing Domain Names with

11   the bad-faith intent to profit from their use.

12   71.   Defendant Cox's and Defendant Bernstein's intent was to register the domain names

13   incorporating Plaintiff's full name, without his consent, with the specific intent to profit from the

14   domains by selling them to either the Plaintiffs or a third party.

15   72.   Under 15 U.S.C. §§ 8131(2) and 1116, Plaintiff is specifically entitled to injunctive

16   relief, costs, and attorney's fees.

17   **VIII. FOURTH CAUSE OF ACTION**

18   **(Cybersquatting – 15 U.S.C. § 1125(d))**
**(Against Defendant Crystal Cox, for <marcrandazza.me>, <marcrandazza.com>,**

19   **<marcrandazza.biz>, <marcrandazza.info>, <marcrandazza.mobi>,**

20   **<marcrandazzaparody.com>, <exposemarcrandazza.com>, <randazzalegalgroupsucks.com>,**
**<trollmarcrandazza.com>, <hypocritemarcrandazza.com>, <crystalcoxmarcrandazza.com>,**

21   **<jenniferrandazza.blogspot.com>, <marcjohnrandazza.blogspot.com>,**

22   **<randazzalegalgroup.blogspot.com>, <marcrandazzaegomaniac.blogspot.com>,**
**<marcjrandazza-lawyer.blogspot.com>, <marc-randazza.blogspot.com>,**

23   **<marcrandazzawomensrights.blogspot.com>, <marcrandazza-asshole.blogspot.com>,**
**<marcrandazzaliedaboutcrystalcox.blogspot.com>,**

24   **<marcrandazzaviolatedmylegalrights.blogspot.com>, <marcrandazzatips.blogspot.com>,**
**<marcrandazzaabovethelaw.blogspot.com>, <marcrandazzafreespeech.blogspot.com>, and**

25   **<janellerandazza.blogspot.com>)**

26   73.   Plaintiffs incorporate the allegations in all preceding paragraphs as if fully set forth

27   herein.

28

74.     By registering and using the Infringing Domain Names, Cox and Bernstein have registered, trafficked in, and/or used domain names that are identical or confusing to Plaintiffs' trademarks.

75.     As evidenced by their registration and use of the Infringing Domain Names and other domain names identified herein, Cox registered, used and/or trafficked in the Infringing Domain Names with a bad faith intent to profit from Plaintiffs' trademarks, and to prevent Plaintiffs from registering or obtaining the Infringing Domain Names.

76.     Neither Defendant has used the Infringing Domain Names in connection with any *bona fide* offering of goods or services.

77.     As a direct and proximate result of the Defendants' conduct, Plaintiffs have suffered, and will continue to suffer, monetary loss and irreparable injury to his business, reputation and goodwill.

## IX. FIFTH CAUSE OF ACTION

### (Cybersquatting – 15 U.S.C. § 1125(d))
### (Common to all Defendants, for <marcjrandazza.com>, <fuckmarcrandazza.com>, <marcjohnrandazza.com>, <marcrandazzasucks.com>, <marcrandazzaisalyingasshole.com>)

78.     Plaintiffs incorporate the allegations in all preceding paragraphs as if fully set forth herein.

79.     By registering and using the Infringing Domain Names, Cox and Bernstein have registered, trafficked in, and/or used domain names that are identical or confusing to Plaintiffs' trademarks.

80.     As evidenced by the use of the Infringing Domain Names and other domain names identified herein, Defendants registered, used and/or trafficked in the Infringing Domain Names with a bad faith intent to profit from Plaintiffs' trademarks, and to prevent Plaintiffs from registering or obtaining the Infringing Domain Names.

81.     Defendants have not used the Infringing Domain Names in connection with any *bona fide* offering of goods or services.

82.     As a direct and proximate result of Defendants' conduct, Plaintiffs have suffered, and will continue to suffer, monetary loss and irreparable injury to their businesses, reputations and goodwill.

## IX. SIXTH CAUSE OF ACTION

### (Right of Publicity - NRS 597.810)
### Common to All Defendants

83.     Plaintiffs incorporate the allegations in all preceding paragraphs as if fully set forth herein.

84.     By registering the Infringing Domain Names, Defendants have infringed on Plaintiffs' right of publicity in name and likeness.

85.     By registering the domain name <marcrandazza.me> and posting an ad listing it for sale, Defendant Cox sought to capitalize on Plaintiff Randazza's name for her own commercial gain.  Defendant Cox intended to use Plaintiff Randazza's well-known name to sell a domain for profit.

86.     By registering all other domain names, Defendants sought to capitalize on Plaintiffs' name for their own commercial gain.  Defendant Cox implied she would sell the domains, using Plaintiff Randazza's well-known name, for profit.  Additionally, Cox's "reputation management services" are nothing more than an extortion scheme.  Nevertheless, Cox has used, is using, and intends to use in the future, Randazza's protected name and protected trademarks in order to further her commercial (albeit unlawful) enterprise.  She has done so, is doing so, and intends to continue doing so in order to realize a commercial gain and financial gain, by unlawfully using Randazza's name and persona.

87.     Plaintiffs did not authorize the use of his name or likeness for Defendants' commercial purposes for any of the Infringing Domain Names nor for any other purpose.

88.     As a direct and proximate result of Defendants' conduct, Plaintiffs have suffered, and will continue to suffer, monetary loss and irreparable injury to their businesses, reputations, and goodwill.

89.     Under NRS 597.810, Plaintiffs are entitled to injunctive relief, actual damages, and punitive damages.

### IX. SEVENTH CAUSE OF ACTION
**(Common Law Right of Publicity)**
**(Common to All Defendants)**

90.     Plaintiffs incorporate the allegations in all preceding paragraphs as if fully set forth herein.

91.     By registering Plaintiff Randazza's identity and name, Defendants have infringed on Plaintiff's right to his identity.

92.     By registering the Infringing Domains, Defendants have appropriated Plaintiff Randazza's name to their commercial advantage.

93.     Defendants registered the Infringing Domains with the specific intent to profit from the sale of or to extort Plaintiff through the use of the Infringing Domain Names.  Additionally, Cox's "reputation management services" are nothing more than an extortion scheme.  Nevertheless, Cox has used, is using, and intends to use in the future, Randazza's protected name and protected trademarks in order to further her commercial (albeit unlawful) enterprise.  She has done so, is doing so, and intends to continue doing so in order to realize a commercial gain and financial gain, by unlawfully using Randazza's name and persona.

94.     Defendants registered the Infringing Domain Names without the consent of Plaintiff.

95.     As a direct and proximate result of Defendants' conduct, Plaintiff has suffered, and will continue to suffer, monetary loss and irreparable injury to his business, reputation and goodwill.

### X. SIXTH CAUSE OF ACTION
**(Common Law Intrusion Upon Seclusion)**
**(Common to All Defendants)**

96.     Plaintiffs incorporate the allegations in all preceding paragraphs as if fully set forth herein.

97. By registering Plaintiff Randazza's name, the names of his wife and three-year-old daughter, as well as posting private photos of Marc Randazza and Jennifer Randazza, Defendants have intentionally intruded upon Plaintiffs' solitude and seclusion.

98. The use of Mr. Randazza's name, identity, and likeness, as well as the use of the names of his wife, Jennifer Randazza, and three-year-old daughter, is highly offensive to a reasonable person. While Plaintiff Randazza has established his online identity, Defendants still may not use Plaintiff Randazza's name in an effort to intrude upon Plaintiff's privacy in an effort to attempt to harass and intimidate him. Furthermore, Mrs. Randazza and Natalia Randazza are private citizens who have a reasonable expectation that their names, photos, and personal information will not be displayed in a public forum without their consent.

99. The use of private citizen Mrs. Randazza's name and likeness, particularly in connection with the use of the word "slut," is highly offensive to a reasonable person. Jennifer Randazza did nothing to instigate Defendants' use of her name and likeness for their own purposes.

100. The use of Mr. Randazza's three-year-old daughter's name, Natalia Randazza, to harass his family is highly offensive to a reasonable person. Natalia Randazza is a three-year-old girl whose only reason for being the subject of Cox's ire is because she is Mr. Randazza's daughter. Natalia Randazza is an innocent child whose name should not be associated with Defendants' crusade to extort and harm Mr. Randazza's reputation and business.

101. As a direct and proximate result of Defendants' conduct, Plaintiffs have suffered, and will continue to suffer, injury to their mental health and safety.

## XI. SEVENTH CAUSE OF ACTION
### (Civil Conspiracy)
### (Common to All Defendants)

102. Plaintiffs incorporate the allegations in all preceding paragraphs as if fully set forth herein.

103. Defendants conspired, confederated, and colluded to violate the rights of Plaintiffs to Defendants' benefit and Plaintiffs' detriment.

104.    Bernstein and Cox have, on information and belief, conspired in order to commit all of the acts herein and thus, should both be jointly and severally liable for the results of their co-conspirator's wrongs.

105.    As a direct and proximate result of Defendants' conduct, Plaintiffs have suffered, and will continue to suffer.

## REQUEST FOR RELIEF

Plaintiffs pray for the following relief:

1.    The Court preliminarily and permanently enjoin Defendant Cox and Defendant Bernstein, as well as any other individuals acting in concert with them, from using the Infringing Domain Names, and that the Defendants be ordered to file with the Court and serve on Plaintiffs within thirty (30) days after the service on Defendants of such injunction, or such extended period as the Court may direct, a report in writing under oath setting forth in detail the manner and form in which Defendants have complied with the injunction;

2.    That the Registrars of the Infringing Domain Names, GoDaddy.com, be ordered to transfer all Domain Names containing "Randazza" to Plaintiff pursuant to 15 U.S.C. § 8131(2); and 15 USC § 1125(d)(1)(c);

3.    That if either Defendant moves the domain names to another registrant or registrar, then the relevant domain name registry, VeriSign, be ordered to transfer all of the domain names containing "Randazza" to Plaintiff pursuant to 15 U.S.C. § 8131(2); and 15 USC § 1125(d)(1)(c);

4.    That Google.com, ordered to transfer control of all "Blogger" accounts and blogs containing "Randazza" to Plaintiffs pursuant to 15 U.S.C. § 8131(2) and 15 USC § 1125(d)(1)(c);

5.    That Defendants release to Plaintiffs information on any and all domain names that incorporate the Plaintiffs' name;

6.    That GoDaddy, VeriSign, Google, Cox, and Bernstein, all be ordered to transfer any domain names containing the term "Randazza" to the Plaintiffs in order to cease the continued harassment and to cease the continued violation of Randazza's rights of publicity, right to privacy, and other rights enumerated herein which may not specifically be remedied by 15 USC 8131(2);  or 15 USC § 1175(d)(1)(c);

7.    That Plaintiffs receive and recover from Defendants all damages sustained;

8.    That Plaintiffs receive and recover from Defendants statutory damages in the amount of $100,000 per domain name, which is the maximum allowed by 15 U.S.C. § 1117(d); this maximum amount is supported by Defendant Cox's extreme bad faith, and Defendant Bernstein's bad faith and conspiratorial and fraudulent activities.

9.    That Plaintiffs receive and recover from Defendants exemplary and punitive damages to the extent allowable by law;

10.    That the Court order Defendants to pay Plaintiffs reasonable costs, expenses, and attorneys' fees incurred in prosecuting this action, pursuant to 15 U.S.C. § 1116; 15 U.S.C. 8131(2); and 15 U.S.C. § 1117(a);

11.    That Plaintiffs be awarded pre- and post-judgment interest to the maximum extent allowed by law; and

12.    That Plaintiffs be awarded such and other further relief to which they may be justly entitled.

13.    Injunctive relief that Defendants be enjoined from owning, registering, or operating any domains incorporating the "Randazza" name, whether they be direct domain registration or through the use of any blogging platform, and that such injunctive relief contemplate the Defendants using proxies, agents, or third parties to evade this relief, and specifically enjoins the Defendants from using third parties to do that which the injunction prevents them from doing directly.

Dated: November  28th, 2012                          Respectfully submitted,

                                                     Ronald D. Green, NV Bar #7360
                                                     Randazza Legal Group
                                                     6525 W. Warm Springs Road, Suite 100
                                                     Las Vegas, NV 89118
                                                     888-667-1113
                                                     305-437-7662 fax
                                                     ecf@randazza.com