Ronald D. Green, NV Bar #7360
Randazza Legal Group
6525 W. Warm Springs Road, Suite 100
Las Vegas, NV 89118
888-667-1113
305-437-7662 fax
ecf@randazza.com

Attorney for Plaintiffs
MARC J. RANDAZZA, JENNIFER RANDAZZA, NATALIA RANDAZZA

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MARC J. RANDAZZA, an individual, JENNIFER RANDAZZA, an individual, and NATALIA RANDAZZA, a minor,<br><br>Plaintiffs,<br><br>vs.<br><br>CRYSTAL COX, an individual, and ELIOT BERNSTEIN, an individual,<br><br>Defendants. | Case No. 2:12-cv-2040<br><br>**SUPPLEMENT TO *EX PARTE* MOTION FOR TEMPORARY RESTRAINING ORDER AND MOTION FOR PRELIMINARY INJUNCTION** |

    Plaintiffs Marc J. Randazza, Jennifer Randazza, and Natalia Randazza, a minor, through counsel, hereby supplement their *Ex Parte* Motion for Temporary Restraining Order and Motion for Preliminary Injunction. On November 30, 2012, the World Intellectual Property Organization ("WIPO") issued an arbitration decision, pertaining to six of the 32 domain names subject to the instant action, ordering that they be transferred to Plaintiff. See Exhibit A. This decision certainly should offer persuasive analysis of many of the facts in the pending motion (ECF 2). In this decision, the Arbitrator considered hundreds of pages of documents including arguments made by Crystal Cox, and found in favor of Plaintiff. In doing so, the arbitration panel found *inter alia* that Cox "*exhibits her objective in both registering and using the disputed names was apparently to*

*engage in a rather sinister and tenacious scheme to extort money from the Complainant."* *Randazza v. Cox*, WIPO Case No. D2012-1525 at 9-10 (Nov. 30, 2012) (attached as Exhibit A).

Further, the arbitration panel found:

> Specifically, the Respondent first posted negative and false commentary on her websites that was intentionally calculated to injure the Complainant's on-line reputation and disrupt the Complainant's business conducted through his law firm. Thereafter, the Respondent used those sites in a manner that apparently optimized their ranking on the Google search engine in order to increase their visibility and prominence on search results yielded through a Google search of the Complainant, thus likely exacerbating the injury caused to the Complainant. Once all this occurred, the Respondent then offered her reputational management services to the Complainant through which, for a considerable fee, she would remediate the Complainant's on-line reputation by eliminating all the negative and false commentary of her own making and presumably also ceasing her use of the disputed domain names. Basically, for a price, she would undo the injury to the Complainant for which she was responsible for having created in the first place. This egregious conduct clearly constitutes bad faith under the Policy. Id at 10.

Accordingly, the panel ordered six of the domain names at issue to be transferred to Mr. Randazza.[1]  Despite this transfer, this only provides partial relief sought under the TRO and does not moot the pending TRO application.[2]  The arbitration panel had no power to issue further relief, nor prospective relief enjoining Cox from making good on her promise to register hundreds of other domain names for the same purpose and in the same pattern. (See Exhibit 5 to Complaint, ECF 1)

Defendant still holds, uses, and traffics in twenty-six (26) known other disputed domain names that were not addressed in the WIPO decision:

a.  <marcrandazza.me>

---

[1] The six domains subject to transfer by order of the arbitration panel were <marcjohnrandazza.com>, <marcjrandazza.com>, <marcrandazza.com>, <marcrandazza.biz>, <marcrandazza.info> and <marcrandazza.mobi>

[2] Even with respect to the six domain names at issue in the arbitration, the relief sought in the TRO is not moot. The domains are still yet to be transferred, and will not be transferred for at least 10 additional days. Further, Cox and Bernstein can still take steps to prevent the transfer, in the absence of a TRO requiring the transfer to take place immediately. Accordingly, the Plaintiffs do not seek any modification of the relief sought in the initial TRO.

1.     b. &lt;fuckmarcrandazza.com&gt;
2.     c. &lt;marcrandazzasucks.com&gt;
3.     d. &lt;marcrandazzaisalyingasshole.com&gt;
4.     e. &lt;marcrandazzaparody.com&gt;
5.     f. &lt;exposemarcrandazza.com&gt;
6.     g. &lt;randazzalegalgroupsucks.com&gt;
7.     h. &lt;trollmarcrandazza.com&gt;
8.     i. &lt;hypocritemarcrandazza.com&gt;
9.     j. &lt;crystalcoxmarcrandazza.com&gt;
10.     k. &lt;marcjohnrandazza.blogspot.com&gt;
11.     l. &lt;randazzalegalgroup.blogspot.com&gt;
12.     m. &lt;marcrandazzaviolatedmylegalrights.blogspot.com&gt;
13.     n. &lt;markrandazza.blogspot.com&gt;
14.     o. &lt;marcrandazza.blogspot.com&gt;
15.     p. &lt;jenniferrandazza.blogspot.com&gt;
16.     q. &lt;marcrandazzafreespeech.blogspot.com&gt;
17.     r. &lt;marcrandazzaegomaniac.blogspot.com&gt;
18.     s. &lt;marcjrandazza-lawyer.blogspot.com&gt;
19.     t. &lt;marc-randazza.blogspot.com&gt;
20.     u. &lt;marcrandazzawomensrights.blogspot.com&gt;
21.     v. &lt;marcrandazza-asshole.blogspot.com&gt;
22.     w. &lt;marcrandazzatips.blogspot.com&gt;
23.     x. &lt;marcrandazzaabovethelaw.blogspot.com&gt;
24.     y. &lt;marcrandazzaliedaboutcrystalcox.blogspot.com&gt;
25.     z. &lt;janellerandazza.blogspot.com&gt;.

As the Defendant has stated her intention to continue registering domain names calculated to further the bad faith conduct found by the arbitration panel, and complained of in this action, Plaintiffs still require a TRO. (See Exhibit 5 to Complaint, ECF 1)  Further, as the Defendant has a

1. history of erratic behavior, it is presumed that the reaction to losing the arbitration decision will
2. include even greater harm and even more bad faith conduct – heightening the need for a TRO.
3.       Plaintiffs respectfully request that the Court consider this newly acquired document when
4. evaluating the application for a TRO.

Dated: November 30, 2012

Respectfully submitted,

Ronald D. Green, NV Bar #7360
Randazza Legal Group
6525 W. Warm Springs Road, Suite 100
Las Vegas, NV 89118
888-667-1113; 305-437-7662 fax
ecf@randazza.com