Ronald D. Green, NV Bar #7360
Randazza Legal Group
6525 W. Warm Springs Road, Suite 100
Las Vegas, NV 89118
888-667-1113
305-437-7662 fax
ecf@randazza.com

Attorney for Plaintiff
MARC J. RANDAZZA, JENNIFER RANDAZZA, and NATALIA RANDAZZA

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| MARC J. RANDAZZA, an individual, JENNIFER RANDAZZA, an individual, and NATALIA RANDAZZA, a minor,<br><br>Plaintiffs,<br><br>vs.<br><br>CRYSTAL COX, an individual, and ELIOT BERNSTEIN, an individual,<br><br>Defendants. | Case No. 2:12-cv-02040<br><br>**REPLY IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION** |

Plaintiffs Marc J. Randazza, Jennifer Randazza, and Natalia Randazza, a minor, through counsel, hereby submit this reply to Defendant Crystal Cox's Objection to Motion for Preliminary Injunction.

Plaintiffs file this reply out of an abundance of caution, as Defendant Cox has not yet correctly filed a response with this Court, but has e-mailed and filed a number of largely incomprehensible documents. In all of her filings, Cox failed to address the laws and facts currently at issue: She violated 15 U.S.C. § 8131 by registering Plaintiffs' personal names as domain names. Furthermore, her extortionate actions after registering the Infringing Domain Names (as defined in the Complaint and Motion for Temporary Restraining Order) prove that her

1

actions were not meant for any legitimate purpose, but demonstrated behavior typical of the schemes she has been running for a number of years against numerous victims. For these reasons, Plaintiffs respectfully request that the court grant the requested preliminary injunction against Defendants.

**I. Legal Argument**

Plaintiffs are entitled to a preliminary injunction directing the transfer of the Infringing Domain Names to Plaintiffs and enjoining Defendants from further registration of domain names containing Plaintiffs' personal names and using the Infringing Domain Names during the pendency of the litigation.

> **A. Defendant Cox's offer to sell the Infringing Domain Names, her "protection services," and her use to engage in witness tampering were not for a legitimate purpose, but part of a larger extortion scheme consistent with her past behavior.**

In the Opposition that Defendant Cox e-mailed to Plaintiffs, she "justifies" her post offering to sell the <marcrandazza.me> Infringing Domain Name as a "CLEAR, Obvious Joke" rather than a "serious offer" to sell the Domain Name. However, Cox's offer to sell the Infringing Domain Name for an exorbitant price was not a "joke," but was consistent with her past behavior involving, not only Plaintiffs, but her other victims, as well. (See Exhibit 1, E-mail from Defendant Cox to Martin Cain) Based upon Cox's past behavior, the Court can plainly see that the offer to sell the domain name was not a mere "joke," but a regular part of an overall bad faith pattern of behavior against Plaintiffs and others.

For example, the plaintiffs in *Obsidian Finance Group, LLC v. Cox,* 812 F.Supp. 2d 1220 (D. Ore. 2011) sued Cox after she offered her "reputation management services" and the domain names she was already using to harm Plaintiffs' reputations. (See "Why An Investment Firm was Awarded $2.5 million After Being Defamed by Blogger," attached as Exhibit 2). After registering dozens of domain names associated with plaintiffs David Aman and Obsidian Finance Group, Cox

then demanded that they pay her $2,500 per month to "protect" their online reputations. (Exhibit 2). After the plaintiffs received Cox's demand email, they filed suit against Cox and eventually won.

Defendant Cox made a similar offer to Martin Cain, the CEO for Dylan Energy, in an email addressed to him on February 20, 2011. (*See* Exhibit 1). In her email, Cox offered to sell <MartinCain.com> for $550,000, well in excess of what it was worth. (Exhibit 1). According to publically available WhoIs information, <MartinCain.com> is currently registered to Cox's co-conspirator, Defendant Eliot Bernstein. (*See* Exhibit 3). As she did with Plaintiffs and Obsidian Finance, Cox launched a campaign to destroy Cain's online reputation. Cox's offer to sell was not a "joke," but a serious offer to sell <martincain.com> to its rightful owner.

Cox's offer to sell <marcrandazza.me> is part of her demonstrated pattern and practice of online cyber-stalking and cyber-extortion. She has repeatedly registered a large number of domain names involving her targets and offered to sell her "services" or the domains in question to "fix" the reputation she tried to destroy. In documents filed with this Court, Cox admits that part of her intent was to engage in witness tampering, in violation of 18 U.S.C. § 1512. (ECF #12-4). Cox's behavior is not an exercise in speech, nor a "joke," but is an attempt to harm the online reputations of reputable persons for unlawful purposes and her monetary gain.

If the preliminary injunction were granted, Defendant Cox's rights would not affected. Plaintiffs believe that they have valid causes of action for defamation against her. However, in order to give Cox's speech more breathing room than it is entitled to, Plaintiffs have not brought a defamation claim. Meanwhile, Cox's obsessive, libelous writing about Plaintiffs has not abated. (Exhibit 4). She continues to express herself on dozens of other websites, with increasing degrees of vituperative and libelous content. (Exhibit 4). All Plaintiffs wish is for the vindication of their

indisputable rights in the Infringing Domain Names. Cox can continue, within reason, to say what she likes using domains that do not contain Plaintiffs' names.[1]

**B. Defendants violated 15 U.S.C. § 8131.**

In order to demonstrate a violation of 15 U.S.C. § 8131, the plaintiff must show that the defendant 1) registered a domain name consisting of the personal name of the plaintiff 2) without the plaintiff's consent, and 3) had the specific intent to profit financially from the registration of the plaintiff's name. 15 U.S.C. § 8131(1)(A).

Defendant Cox registered domain names consisting of the personal names of Plaintiff Marc Randazza, Plaintiff Jennifer Randazza, and Plaintiff Natalia Randazza. Cox did so without Plaintiffs' consent, and promptly requested a fee from Plaintiffs in exchange for operating the domain names she had just purchased. In doing so, Cox clearly demonstrated her intent to profit financially from her registration of Plaintiffs' names. Cox has not disputed these facts, but instead admits that she would "love to have an income" from "Search Engine Reputation Management."

Cox is attempting to break into the search engine optimization (SEO) management market by registering personal names of her intended customers, intentionally manipulating the search results to cause them harm, and then demanding payment to clean up those search results. In doing so, Cox clearly violates 15 U.S.C. § 8131 and must be enjoined from causing even further harm to Plaintiffs. She also offered to sell one of the domains directly for an exorbitant sum. The intent is clear, as no party except Marc Randazza would find the domain to be valuable, and Cox is clearly demonstrating her bad faith in registering and offering it for sale for an exorbitant price.

---

[1] Plaintiffs do wish to note that Cox has continued to flout this Court's TRO. Some of her sites have "button banks" with Marc Randazza's name, and she has populated her site with Plaintitf's name in metadata all over the site, in YouTube postings and elsewhere. *See* Exhibit 4 and Exhibit 5. Plaintiffs do request that the Court issue an order of sufficient breadth to put an end to this conduct without strictly require that Cox never use Plaintiffs' names at all.

4
Reply to Defendant's Opposition
to Preliminary Injunction

Furthermore, the intent to profit contained in 15 U.S.C. § 8131 is not such a narrow provision that it can only be satisfied by a direct "for sale" sign on a domain. *See Bogoni v. Gomez*, 847 F.Supp. 2d 519, 524 (S.D.N.Y. 2012) (holding that attempting to sell infringing domain names for a price "exorbitantly beyond their actual value was enough to show that defendants had purchased the domains with the specific intent to profit from their registration). It is clear that Cox registered the domains to profit. That profit was to come from coercing Plaintiffs into purchasing her extortionate "reputation management" services, whether that "profit" is in a form of direct sale, proceeds from cyber-extortion, "profit" in the form of witness intimidation, or even "profit" in the form of demonstrating her obsessive behavior to other victims—a cautionary tale, lest they refuse to pay her extortion, as Marc Randazza refused to. When Plaintiff Marc Randazza refused, Cox upped the pressure by attacking his wife, and when that was not enough pressure, she turned her attention to his 3-year-old daughter, and later to his sister. (ECF # 2-4). Enough is enough.

**C. No public interest will be negatively affected in granting the preliminary injunction.**

Cox claims that "a Critical Public Interest … will be injured if [her] blogs are shut down." However, Defendant Cox failed and cannot demonstrate that the preliminary injunction would prevent her from continuing to publish any information at all. By her own admission, Defendant runs approximately 1,200 blogs. The majority of these 1,200 domains do not include Plaintiffs' personal names and common law marks, and those domain names do not concern Plaintiffs at this

time.[2]  However, Cox uses many of the blogs that contain Plaintiffs' names in an obsessive "Google bombing" operation, even against Plaintiffs.

Plaintiffs do not currently object to the content of Defendant's posts, just the manner through which they are presented.  Defendant Cox may continue to post her opinions about Plaintiffs, so long as those actions do not violate the terms outlined in the TRO or in a manner calculated to evade its terms.  For example, naming other websites "MarcRandazza.com" or titling YouTube videos similarly, or covering sites with repetitions of Plaintiffs' names with no true communicative purpose aside from trying to dominate search engine results about these three individuals.  Defendant Cox may continue to run her Blogger accounts and websites that do not include the personal names of Plaintiffs.  She simply may not do so in a way that violates Plaintiffs' rights.  A preliminary injunction will not silence Cox's freedom of speech, and no "public interest" will be injured.  In fact, Cox has engaged in similar action toward dozens of other individuals.  Most of these individuals are either unable to act, fearful of taking action (as Cox has clearly turned up the volume toward those who oppose her), or lack the resources to do so.  Plaintiff Marc Randazza has spoken to a number of her victims, many of whom expressed a reluctance to take action to stop her, out of fear that a court will lack the ability to put a stop to her actions. In the event that this Court issues an appropriate injunction, it will serve the public interest by showing her other victims that her actions can be enjoined, and that the courts will not condone her insane cyberstalking and extortion campaign.

---

[2] The injunction should make it clear that actions designed to evade the order's letter are similarly enjoined.  Cox's naming of YouTube videos with Plaintiff's name is a clear effort to circumvent the order, as is her use of metatags and button banks with Plaintiff's name. Exhibit 5.  The order should compel Cox to cease such actions, and it should instruct all service providers, including Google, YouTube, and GoDaddy, VeriSign, and other providers to terminate her accounts for her services if she fails to comply.

**II. The Infringing Domain Names subject to the WIPO Decision should be immediately transferred to Plaintiffs' full control.**

On November 30, 2012, after the filing of the instant case, the World Intellectual Property Organization issued a decision granting the transfer of the following domain names to Plaintiff Marc Randazza:

   a. <marcjohnrandazza.com>
   b. <marcjrandazza.com>
   c. <marcrandazza.com>
   d. <marcrandazza.biz>
   e. <marcrandazza.mobi>.

Because WIPO transferred the six domain names to Plaintiffs, these domains no longer need to be locked by the registrar.[3]  Plaintiffs request that the Court make it clear that in light of the WIPO arbitration decision, it finds no reason that the arbitration should not be fully implemented, and that GoDaddy should cease its path of an abundance of caution, by not permitting Mr. Randazza the privilege of completely taking possession of these six domains.  The Court's equitable powers are no longer required for these six domain names, but they remain part of this complaint for the purposes of assessing damages.

**III. Conclusion**

Defendant Cox's filings consist mainly of baseless accusations and very little coherent legal argument as to why the Court should not issue the preliminary injunction against her.  Cox is unable to justify why she registered the Infringing Domain Names incorporating Plaintiffs' full personal names.  Nothing in Cox's impertinent filings should dissuade the Court from entering the requested Order.  If anything, the filings should help demonstrate the necessity and propriety of the requested Order.

---

[3] Under the Uniform Domain Name Resolution Policy, following an proceeding before an administrative panel (such as WIPO), a disputed domain name may be cancelled or transferred to the complainant. UDRP 4(i).

If Defendants are not enjoined, Plaintiffs will continue to suffer irreparable damage to their personal names and business. Plaintiffs respectfully request that the Court grant the requested preliminary injunction, with appropriate modifications to strengthen and broaden it so that Cox's evasive and contumacious conduct is not to any end.

Dated: January 4, 2013                    Respectfully submitted,

/s/ Ronald D. Green
Ronald D. Green, NV Bar #7360
Randazza Legal Group
6525 W. Warm Springs Road, Suite 100
Las Vegas, NV 89118
888-667-1113; 305-437-7662 fax
ecf@randazza.com

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing document was filed using this Court's CM/ECF system on January 4, 2013. A copy of these documents has also been emailed to crystal@crystalcox.com and savvybroker@yahoo.com. This service is in compliance with Defendant Crystal Cox's request, ECF #9.

Dated: January 4, 2013

Respectfully Submitted,

*/s/ Laura M. Tucker*
Laura M. Tucker
Law Clerk
ecf@randazza.com
Randazza Legal Group
6525 W. Warm Springs Rd., Suite 100
Las Vegas, NV 89118
(888) 667-1113
(305) 437-7662 fax