Crystal L. Cox
Pro Se Defendant
Case 2:12-cv-02040-GMN-PAL
SavvyBroker@Yahoo.com

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA
**Case 2:12-cv-02040-GMN-PAL**

Plaintiff,  Marc J. Randazza

**Response / to "REPLY IN SUPPORT
OF PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION"
Reply in Opposition of (Document 28)**

vs.


Crystal L. Cox and Eliot Bernstein, Defendants


**Defendant Crystal Cox objects to the Preliminary Injunction, in which Plaintiff Marc Randazza and Godaddy executed in December and have already caused irreparable harm to Defendant Crystal Cox and Defendant Eliot Bernstein.**

Plaintiff Marc Randazza told Godaddy to turn over domain names and Godaddy did this in criminal and civil conspiracy with Attorney, Plaintiff Marc Randazza. Even though the court document send to Godaddy said, "pending".

Defendant Crystal Cox understands the court document sent to Godaddy as a "pending hearing" on the issue of the **Preliminary Injunction,** however Plaintiff Marc Randazza and Co-Conspirator attorneys at Randazza Legal Group working for Plaintiff Marc Randazza have portrayed this as a ruling, a gag order and have stolen massive domain names, redirected thousands of links and pointed servers to one defaming harassing post on Marco Randazza's blog "the Legal Satyricon" as Exhibit G attached to this document shows.

Therefore it is now assumed by Defendant Crystal Cox that it is a court order, as stated by Plaintiff Marc Randazza's counsel to Godaddy, and to Myself, as noted in Exhibit F.

Therefore, This Court has Denied Defendant Crystal Cox Due Process and erred when it issued a preliminary injunction that was over-broad, subject to abuse and has caused Defendant Crystal Cox irreparable financial damage and suffering.

This Court has Denied Defendant Crystal Cox Due Process and erred when it issued a preliminary injunction denying  Defendant Crystal Cox her right to Free Speech.

The essence of a prior restraint is that it places First Amendment protected speech under the personal censorship of one judge. (Bernard v. Gulf Oil Co., 619 F.2d 459, 486 (5th Cir. 1980) (State v. Globe Commc'ns, Corp., 622 So.2d 1066, 1073, (Fla. 4th DCA 1993), aff'd 648 So. 2d 110 (Fla. 1994)

Plaintiff Marc Randazza has shown no harm, much less irreparable harm. However, Plaintiff Marc Randazza has irreparably harmed Defendant Crystal Cox and Defendant Eliot Bernstein, by the removal of massive blogs, links and redirecting online content, intellectual property of Defendant Crystal Cox and Defendant Eliot Bernstein.  This damage to Defendant Crystal Cox and Defendant Eliot Bernstein CANNOT be Undone.

This Case Lacks Constitutional Validity. This Court has Denied Defendant Crystal Cox Due Process and erred when it issued an unlawful prior restraint. Such an injunction imposed unlawful prior restraint of speech, violating the First Amendment, with no constitutionally permissible justification. The Order represents an impermissible restraint on speech and was unjustified based on the evidence. The injunction is a content based restriction on speech, and thus must overcome strict scrutiny in order to stand. There is no "compelling state interest" at issue in this case. The injunction has a fatal condition. (Bantam Books, Inc. v. Sullivan 372 U.S. 58 (1963) (Organization for a Better Austin v. Keefe, 402 U.S. 415 (1971) The Supreme Court Struck down the injunction as "an impermissible restraint on First Amendment rights" Id at 417018, 418 n.l. In invalidating the prior restraint, the Court wrote, "no prior decisions support the claim that the interest of an individual in being free from public criticism of his business practises in pamphlets, or leaflets warrants the injunctive power of the court." Id at 419.

### The Preliminary Injunction in this Case against
### Defendant Crystal Cox is Unconstitutional.

If a court issues an injunction prior to adjudicating the First Amendment Protection of the speech at issue, the injunction cannot pass constitutional muster.

This court denied Defendant Crystal Cox Due Process in expressly skipping the essential step of adjudicating the First Amendment protections to the speech at issue.

This court denied Defendant Crystal Cox Due Process in failing to make any findings of fact or ruling of law, much less review of the blog articles and the First Amendment. Plaintiff Marc Randazza is a Public Figure. (New York Times Vs. Sullivan)

A Judicial Order that prevents free speech from occurring is unlawful. (Erwin Chemerinsky, Constitutional Law; Principles and Policies 918 (2002) ("The Clearest definition of prior restraint is.. a judicial order that prevents speech from occurring:).

Prior Restraints are "the most serious and least tolerable infringement on First Amendment Rights." Neb. Press Ass'n v. Stewart, 427 U.S. 539, 559 (1976).  There is a "deep-seated American hostility to prior restraint" Id at 589 (Brennan, J. concurring).

Injunctive relief to prevent actual or threatened damage is heavily disfavored because it interferes with the First Amendment and amounts to censorship prior to a judicial determination of the lawlessness of speech. See Moore v. City Dry Cleaners & Laundry, 41 So. 2d 865, 872 (Fla. 1949). "The special vice of prior restraint," the Supreme Court held, "is that communication will be suppressed... before an adequate determination that it is unprotected by the First Amendment". Pittsburgh Press Co v. Pittsburg Comm'n on Human Relations, 413 U.S. 376, 390 (1973). Also se Fort Wayn Books Inc. v Indiana, 489 U.S. 46, 66 (1989); M.I.C., Ltd v Bedford Township, 463 U.S. 1341, 11343 (1983.)

In this case, the Nevada Court has skipped the step of adjudicating the First Amendment protection relevant to the speech at issue. Prior Restraints are Unconstitutional. Also see Post-Newswek Stations Orlando, Inc. v. Guetzlo.

"RKA sought extraordinary relief in the form of prior restraint to enjoin .. . This relief is not recognized in this State, nor anywhere else in the Country.  In addition to ignoring the First Amendment Rights and almost a century's worth of common law, the .. court ignored virtually all procedural requirements for the issue of a preliminary injunction." Page 5 Paragraph ii of Opening Brief Appellate Case No. 3D12-3189, Irina Chevaldina Appellant vs. R.K./FI Management Inc.;et.al., Appellees. Attorney for Appellant Marc J. Randazza Florida Bar No. 325566, **Randazza Legal Group Miami Florida.  This case is now hereby referenced here in, in it's entirety, as seen in Exhibit J.**

Defendant Crystal L. Cox OBJECTS to Line 22, Page 1, Defendant Crystal Cox mailed this document to the courts, as Electronic Filing paperwork was not all in order yet due to the Holidays.  Defendant Crystal Cox OBJECTS to Pro Se discrimination and claiming my documents are incomprehensible. I, Defendant Crystal Cox demand respect from Plaintiff's counsel and equal protection under the Constitution of the United States and the Law.

It is not a violation of law to buy a domain name with a person's name in it, if this is fact then millions are doing it and the registrar, such as Godaddy Inc. in this case are selling the domain names without getting verification of the "RIGHT" to buy the Domain Name.

Defendant Crystal L. Cox did not extort Plaintiffs in any way. Defendant Crystal L. Cox did not ask for money in order to remove anything and in fact Defendant Crystal L. Cox and Monica Foster as mentioned by Plaintiff in FALSE Cyberfly accusations, BOTH of us received offers from Plaintiff Marc Randazza to buy MarcRandazza.com and we said no.

Defendant Crystal L. Cox told Plaintiff Marc Randazza she would not sell MarcRandazza.com at any price, as seen in Exhibit C attached to this motion.  After this, Plaintiff Marc Randazza conspired with David Aman of Tonkon Torp, Lara Pearson and then with WIPO and Peter L. Michealson, WIPO Panelist with Massive Conflicts of Interest and he STOLE the Domain Name Marc Randazza.com of which he falsely claimed a Trademark.

See Exhibit O for Notice of Fraud, Conflict of Interest and Corruption, to WIPO regarding Peter L. Michaelson, Co-Conspirator, Sole WIPO Panelist with Massive undisclosed Conflicts of Interest Regarding Respondent / Defendant Eliot Bernstein and the iViewit Technology Company, and thereby Massive undisclosed Conflicts of Interest Regarding Respondent / Defendant Crystal L. Cox Reporting on the iViewit Technology theft / story.

**Plaintiff Marc Randazza has no Trademark on the name "Marc Randazza".**

Plaintiff Marc Randazza uses the Trade Name, Marco Randazza as his Twitter and YouTube User Name, as well as his username on his own blog, and many other forums, blogs, news sites and social networks, NOT Marc but MARCO, . As Seen In Exhibit D. Plaintiff Marc Randazza uses the Trade Name, Marco Randazza on Best Tweets, in Penn. News Articles, on Flickr, in Gloucester Times, on multiple YouTube accounts, on the Legal Satyricon as his username on his own blog, on the DNF forum, on yFrog, and many other sites and sources.

Plaintiff Marc Randazza had / has no ™ posted at his blog regarding the name Marc Randazza as being trademarked and Plaintiff Attorney Marc Randazza had no Trademark when Defendant Crystal L. Cox purchased MarcRandazza.com to use as PR for Defendant Crystal Cox's highly public First Amendment Case, that will set a precendence that is a "Game Changer" for ALL New Media, Bloggers, and Citizen Journalist.

Defendant Crystal L. Cox "actions" as Plaintiff calls it, were a "legitimate purpose" and that purpose was originally to provide PR for her own court case of which Plaintiff Marc Randazza was, at that time to be her attorney and acted on her behalf in negotiations with Opposing Counsel, David S. Aman of Tonkon Torp Law Firm.  Obsidian Finance Group vs. Crystal Cox is the biggest Free Speech case any one, independent blogger has ever seen, Obsidian V. Cox. Which is the only case of it's kind to distinguish the rights of bloggers vs. the rights of traditional media. Obsidian V. Cox will hopefully end the "Monopoly on Free Speech" in which according to Plaintiff Marc Randazza to Defendant Crystal Cox that "Big Media" told him, they make more money with a Monopoly on Free Speech.

Regarding Document 28, Page 2 line 1 discusses some imaginary "scheme" that Defendant Crystal L. Cox has been allegedly "running". Defendant Crystal L. Cox objects to this statement.

Defendant Crystal L. Cox is NOT running a "scheme" of ANY kind.  Defendant Crystal L. Cox is an investigative blogger aKa investigative journalist.  Defendant Crystal L. Cox has been writing on, taking in tips, research corruption in the U.S. justice system for 7 years.

Defendant Crystal L. Cox has never extorted anyone, nor has Defendant Crystal L. Cox or Defendant Eliot Bernstein EVER been charged with extortion in a court of law.  Defendant Crystal L. Cox and Defendant Eliot Bernstein have been harassed, defamed, threatened, and civilly, criminally conspired against in order to silence information regarding the biggest technology theft in the world, iViewit Technology.

Plaintiff Marc Randazza and his Co-Conspirators have led a online campaign to paint Defendant Eliot Bernstein and Investigative Blogger Defendant Crystal L. Cox in false light, commit fraud on the court, commit a Hate Crime, and make the world think that Defendant Crystal L. Cox is guilty of Extortion, when there is no factual documentation, investigation, proof or court record of this fact.

See Exhibit E for online Hate against Defendant Crystal L. Cox and Defendant Eliot Bernstein by Plaintiff Marc Randazza and his Co-Conspirators Forbes, Kashmir Hill, NPR, Bob Garfield, Philly Law Blog, PopeHat.com, Kenneth P. White, Free Speech Coalition, David Carr of the New York Times, SaltyDroids Jason Jones and More.

See Exhibit P for emails to Defendant Crystal Cox from SaltyDroid, Attorney Jason Jones, harassing me, intimidating me, Defendant Crystal Cox to NOT appeal Obsidian V. Cox.

Defendant Crystal L. Cox objects to Document 28, dated January 4th of 2013, Page 3, Line 3 stating **"Plaintiffs respectfully request that the court grant the requested preliminary injunction against Defendants."**

As Seen in **Exhibit F**, Ronald Green, Co-Conspirator, Attorney for Plaintiff Marc Randazza, whom also works for Plaintiff Marc Randazza, who is an attorney and owns Randazza Legal Group where Ronald Green works, sent Godaddy a legal document and GoDaddy cancelled the Domain Names of Defendant Crystal L. Cox and Defendant Eliot Bernstein without a court order, and simply based on the word of Plaintiff Randazza Legal Group, Marc Randazza.  Exhibit F shows, what seems to be an order for a hearing regarding a TRO Injunction, however it is stated to Godaddy as an Order and Godaddy Inc., did not lock the domain names as is protocol, law, UDRP Standards and is due process, INSTEAD Godaddy Cancelled Domain Names, Valuable Intellectual Property from Defendant Crystal L. Cox and Defendant Eliot Bernstein, and transferred the Domain Names to the Plaintiff, Marc J. Randazza, Attorney, Randazza Legal Group and to go one step further in violating the Intellectual Property Rights, Free Speech Rights, and Civil Rights of Defendant Crystal L. Cox and Defendant Eliot Bernstein.

Godaddy Inc., did not LOCK the Domain Names in the account of Plaintiff, Marc J. Randazza, Attorney, Randazza Legal Group, as is, with servers staying as they were. Instead Plaintiff, Marc J. Randazza, Attorney, Randazza Legal Group was able to change the server and therefore break thousands of links of blogs attached to the intellectual property, personal property, Domain Names of Defendant Crystal L. Cox and Defendant Eliot Bernstein.  These blogs were attached to domain names, many of them for over a year, and these intellectual properties, personal property, Domain Names of Defendant Crystal L. Cox and Defendant Eliot Bernstein were strong in the search engines and had value, and were connected to thousands of other blogs of Investigative Blogger Defendant Crystal L. Cox and her reporting of the biggest Technology Theft in the world, the iViewit Technology story, of which Defendant Eliot Bernstein is the founder of iViewit Technology and one of the iViewit Inventors.

These domain names have permanently lost value, and the search engines have been irreparably altered, thereby causing direct damage to Defendant Crystal L. Cox and Defendant Eliot Bernstein.

Document 28, dated January 4th of 2013, Page 3, Line 3 SAYS **"Plaintiffs respectfully request that the court grant the requested preliminary injunction against Defendants.",** however, as the record shows, See Exhibit H, these intellectual properties, personal property, Domain Names of Defendant Crystal L. Cox and Defendant Eliot Bernstein were seized by Godaddy for Plaintiff Marc Randazza starting November 29th, and Cancelled, and completely given to Plaintiff Marc Randazza on December 18th 2012.

Here we see on Page 3, Line 3 **"Plaintiffs respectfully request that the court grant the requested preliminary injunction against Defendants."** Yet the damage to the online media network, the, over a thousands blogs of Defendant Crystal L. Cox networked to these sites, these domain names and the intellectual property of Defendant Eliot Bernstein have been permanently WIPED out, and now these words **"Plaintiffs respectfully request that the court grant the requested preliminary injunction against Defendants."** by Plaintiff Marc Randazza suggest that the court has not made a decision on the TRO, and that the court **"should grant the requested preliminary injunction against Defendants"**, YET Godaddy already "granted" Plaintiff Marc Randazza access to all these domain names, in a fraud on the court, a violation of due process, an intellectual property theft and in criminal and civil conspiracy with Plaintiff Marc Randazza to silence the Free Speech and investigative Reporting of Investigative Blogger Defendant Crystal L. Cox and to set a precedence to remove all blogs of Investigative Blogger Defendant Crystal L. Cox reporting on the biggest Technology Crime in the World, which is the stealing of the iViewit Video Technology of which Plaintiff Marc Randazza's clients make Billions a year from, and of which was invented by Defendant Eliot Bernstein.

Plaintiff Marc Randazza has committed fraud on the courts, and has conspired with Godaddy Inc. to wipe out massive blogs, blog posts, links and massively violate the first amendment rights and intellectual property rights of Investigative Blogger Defendant Crystal L. Cox and has flat out stolen intellectual property from Defendant Eliot Bernstein, without Defendant Eliot Bernstein or Investigative Blogger Defendant Crystal L. Cox being given due process.

Part of Exhibit H eMail from GoDaddy Says,

"Dear Laura M. Tucker,

Thank you for contacting GoDaddy.com, LLC. Per the legal documents provided, the following domain names have been placed on Registrar-Lock:

CRYSTALCOXMARCRANDAZZA.COM, MARCJOHNRANDAZZA.COM, MARCRANDAZZASUCKS.COM, MARCJRANDAZZA.COM, MARCRANDAZZA.COM, EXPOSEMARCRANDAZZA.COM, RANDAZZALEGALGROUPSUCKS.COM, MARCRANDAZZAPARODY.COM, MARCRANDAZZAISALYINGASSHOLE.COM, MARCRANDAZZA.ME, FUCKMARCRANDAZZA.COM, TROLLMARCRANDAZZA.COM, HYPOCRITEMARCRANDAZZA.COM, MARCRANDAZZA.BIZ, MARCRANDAZZA.INFO, MARCRANDAZZA.MOBI

The domain names will remain locked during the pending legal proceeding. The lock on the domain names shall expire automatically 1) Upon GoDaddy.com, LLC's receipt of an order dismissing or suspending the case 2) Upon the expiration of the domain name registration including the Redemption Grace and Pending Delete Periods at the registry.

Kindest Regards,
 Christopher P.
Disputes Administrator
GoDaddy.com, LLC
767527"

Yet the domain names were NOT locked, instead they Godaddy Inc. removed the servers, cancelled the domain names and gave them to the Plaintiff without due process of law for Defendant Crystal L. Cox and Defendant Eliot Bernstein. And without adjudicating the First Amendment protection relevant to the speech at issue. Prior Restraints are Unconstitutional. Also see Post-Newswek Stations Orlando, Inc. v. Guetzlo.

Page 2, Line 11 accuses Investigative Blogger Defendant Crystal L. Cox of witness tampering Investigative Blogger Defendant Crystal L. Cox did not EVER by a domain name to tamper with a witness.  Plaintiff Marc Randazza was negotiating with Tonkon Torp Lawyer David S. Aman (Opposing Counsel in Obsidian V. Cox), on behalf of Investigative Blogger Defendant Crystal L. Cox, and was negotiating a deal of which Investigative Blogger Defendant Crystal L. Cox was not made aware of the details of.

Plaintiff Marc Randazza conspired with Tonkon Torp Lawyer David S. Aman (Opposing Counsel in Obsidian V. Cox) to STOP the appeal of Investigative Blogger Defendant Crystal L. Cox to the Ninth Circuit, in order to protect his other clients such as the Free Speech Coalition, Liberty Media, Corbin Fisher and others affected by the precedence in Obsidian Vs. Cox and infringing on the iViewit Video Technology.  Plaintiff Marc Randazza continues to conspire with Tonkon Torp Lawyer David S. Aman (Opposing Counsel in Obsidian V. Cox) to STOP the appeal of Obsidian V. Cox and has recently advised Tonkon Torp Lawyer David Aman and Steven Wilker on seizing the assets of Crystal L. Cox's "Right TO Appeal".

Plaintiff Marc Randazza was Subpoenaed March 8th 2012, as seen in Exhibit M. Pro Se Defendant Crystal Cox made it well known to the Courts, to Plaintiff Marc Randazza, and to Tonkon Torp Lawyer David S. Aman (Opposing Counsel in Obsidian V. Cox) that she, I wanted to be at the deposition and to question Marc Randazza, who had briefly represented Defendant Crystal Cox in negotiations with Tonkon Torp Lawyer David S. Aman (Opposing Counsel in Obsidian V. Cox). Exhibit K shows the document that Investigative Blogger Defendant Crystal L. Cox emailed to Tonkon Torp Lawyer David S. Aman (Opposing Counsel in Obsidian V. Cox) and to Plaintiff Marc Randazza.  Defendant Crystal L. Cox was not trying in any way to STOP Plaintiff Marc Randazza from testifying, and in fact Defendant Crystal L. Cox wanted Plaintiff Marc Randazza to testify and wanted to question him under Oath.  Plaintiff Marc Randazza failed to show up to this deposition and no reason was ever given to Pro Se Defendant Crystal Cox in this matter.

It was a secret civil and criminal conspiracy between Plaintiff Marc Randazza and Tonkon Torp Lawyer David S. Aman (Opposing Counsel in Obsidian V. Cox)

**Regarding MarcRandazza.me,** this Domain Name was bought as a Satire, a Parody, a Poking Fun at Marc Randazza so adding so many names to the WIPO complaint, even before he paid the WIPO filing fee, as the email records show.  MarcRandazza.me was bought as a joke and no blog was ever built on it. Plaintiff Marc Randazza exaggerates the post jokingly titled "Here Kitty Kitty" as to be some sort of extortionistic offer, when clearly it was a JOKE.

I, Defendant Crystal Cox has recently bought **MarcRandazza.me** for 10 Dollars, offering for $5 Million is Unrealistic, it was a "joke".

Even if it was not seen as a joke, anyone can buy a domain name for any price and sell a domain name for any  it is not illegal, the registrar sells the domain names and they re-sell on auction sites, such as Godaddy Auctions, Domain Name ReSeller and Aftermarket Sites, it is not Illegal.

Document 28 Says, "Defendant Cox made a similar offer to Martin Cain, the CEO for Dylan Energy, in an email addressed to him on February 20, 2011. (See Exhibit 1).   In her email, Cox offered to sell <MartinCain.com> for $550,000, well in excess of what it was worth. (Exhibit 1).  According to publically available WhoIs information, <MartinCain.com> is currently registered to Cox's coconspirator, Defendant Eliot Bernstein. (See Exhibit 3). As she did with Plaintiffs and Obsidian Finance, Cox launched a campaign to destroy Cain's online reputation.  Cox's offer to sell was not a "joke," but a serious offer to sell <martincain.com> to its rightful owner."

I certainly was the rightful owner of MartinCain.com and I have every right to share my business experience regarding Martin Cain and Dylan Energy.

MarcRandazza.me was bought as a joke, it never had a word on it. It is not reasonable to suggest that I wanted 5 Million for a domain name attached to no blog and accuse me of posting false or defamatory information on it, then offer to sell it.  MarcRandazza.me was bought after Marc Randazza filed his second list of Domain Names to WIPO to go after, it was a joke, a satire, a parody and NEVER had a blog attached to it. Now MarcRandazza.me redirects to Exhibit G, which is a post inciting hate regarding Defendant Crystal Cox and Defendant Eliot Bernstein and defaming, harassing, threatening Defendant Crystal Cox and Defendant Eliot Bernstein.

Exhibit B shows eMail Threads between Crystal L. Cox and Martin Cain, Crystal L. Cox as a Real Estate Broker negotiating for Martin Cain as her client, and as a PR person, and investigative blogger as discussed via phone calls he was interested and had promised Defendant Crystal Cox a 5 year job, of which Martin Cain simply took Defendant Crystal Cox's ideas, information and did not follow through with the promised job. Defendant Crystal Cox's business with Martin Cain was none of Plaintiff Marc Randazza's business, until he made it his concerning in July of 2012 conspiring with Matt Baer or Dylan Energy, regarding my personal emails to Martin Cain, which is an invasion of my privacy and a violation of my constitutional rights.

In the months prior to the eMail shown in Plaintiff's Exhibit 1, as seen in Defendant's Exhibit B, and with phone conferences, I had been negotiating to work for Martin Cain, Dylan Energy, not only a Real Estate Transaction that would have paid me a commission of $70,000 to $120,000 but also in areas of what Martin Cain called the biggest job of my career in doing PR for Dylan Energy and in helping Martin Cain to ensure his patent rights, by internet research.

I had previously spoke on the phone with Martin Cain regarding purchasing MartinCain.com, Martin Cain asked about a non-compete, asked me what I would be willing to sell the name for as he was starting a new PR Campaign, and was sorry how things happened with us. I was open to selling MartinCain.com, however I was not interested in anything less than $550,000. As a property owner, Defendant Crystal Cox has a right to sell Property for whatever she likes.

Now Defendant Eliot Bernstein owns MartinCain.com.  Defendant Eliot Bernstein can sell this domain name for $1 or for $100 Million Dollars as it is his personal property.

Per Phone meetings with Martin Cain, we had discussed technology theft, and due to the iViewit Story, Martin Cain felt that I would be the best PR person.  Martin Cain told me, at that time that someone was trying to steal the patent rights to his technology, and he not only wanted me to do PR for his company, help him locate land, but also help him fight back in keeping the rights to his technology. Martin Cain assured me I would have a 5 years job and that on top of my real estate services, and my PR services, I would also provide investigative blogging services. Martin Cain told me the "budget" of his company was VERY large as he had investors, and explained to me that he would pay me $10,000 a month to start and give me a 5 year contract. My business relationship with Martin Cain had nothing to do with Plaintiff Marc Randazza, yet he criminally and civilly conspired with Martin Cain in order to defame, intimidate, stalk and harass Defendant Crystal Cox.

Defendant Crystal Cox had a bad business experience with Dylan Energy and with Martin Cain personally and Defendant Crystal Cox has a right to review this company, to warn others and to share her experience with Martin Cain.

As seen in Godaddy Auctions, DNforum.com, and other Domain Aftermarket and Reseller sites, Domain Names are real estate of the Internet and they sell, just as real world real estate, for whatever the buyer is willing to buy for and the seller is willing to sell at. It is not illegal nor infringement to ask whatever price one wants for a domain name.  Martin Cain inquired and I told him what I would be willing to sell my intellectual property for, that is my legal right in a fair market place.

I, Defendant Crystal Cox was the rightful owner, and could sell for any price I wanted to, this is perfectly legal and ethical. Defendant Eliot Bernstein now owns MartinCain.com and can sell this Domain Name for any price he wishes to.

Martin Cain contacting Plaintiff Marc Randazza or vice versa, is in criminal and civil conspiracy and is a hate crime and a violation of Defendant's rights.

Martin Cain sent Defendant Crystal Cox 2 voicemails cussing and threatening Defendant Crystal Cox and this was after he told me on the phone he would send someone after me, in Colorado, if I told anyone of our business deal going bad, or what had transpired between us.

Martin Cain is a Convicted Felon, See Exhibit B1 regarding MARTIN T CAIN 315-996 VS WARDEN MCI-H ""Cain's third claim, that he is entitled to credit on his federal sentence for the jail time served in Kansas prior to his state conviction" and other Mart T. Cain Legal Issues.

Page 2 Line 23, Document 28 Says,  "For example, the plaintiffs in Obsidian Finance Group, LLC v. Cox, 812 F.Supp. 2d 1220 (D. Ore. 2011) sued Cox **after she offered her "reputation management services**" and the domain names she was already using to harm Plaintiffs' reputations. (See "Why An Investment Firm was Awarded $2.5 million After Being Defamed by Blogger," attached as Exhibit 2).  After registering dozens of domain names associated with plaintiffs David Aman and Obsidian Finance Group, Cox"

Page 2, line 25 says, ". (See "Why An Investment Firm was Awarded $2.5 million After Being Defamed by Blogger," attached as Exhibit 2)." this was written by Co-Conspirator Kashmir Hill who used to work at AboveTheLaw.com, whom Plaintiff Marc Randazza was legal representation for. Kashmir Hill of Forbes has defamed Investigative Blogger Defendant Crystal L. Cox and has painted Defendant Crystal Cox in false light. This article is not factual and should not be used as any sort of "evidence" of ""Why An Investment Firm was Awarded $2.5 million After Being Defamed by Blogger," This article is the opinion and defamatory comments by a civil and criminal conspirator of Plaintiff Marc Randazza.

Page 2 Line 26 and down onto page 3 Line 1 - 2 document 28 says, "**After registering** dozens of domain names associated with plaintiffs David Aman and Obsidian Finance Group, Cox"

First of all David Aman was NOT a Plaintiff in Obsidian Finance Group v. Cox, David Aman was the Attorney for Obsidian Finance Group and for the Bankruptcy Trustee Kevin D. Padrick that Defendant Crystal Cox allegedly Defamed, a Court Appointed Bankruptcy Trustee in a $40 Million Dollar Bend Oregon Bankruptcy, Summit 1031 Bankruptcy. Secondly, this statement from Document 28,   "For example, the plaintiffs in Obsidian Finance Group, LLC v. Cox, 812 F.Supp. 2d 1220 (D. Ore. 2011) sued Cox **after she offered her "reputation management services**" and the domain names she was already using to harm Plaintiffs' reputations." Is FALSE,

I, Defendant Crystal Cox, never offered Plaintiffs in Obsidian V. Cox ANY Domain Names, they offered many times in Settlement Negotiations as seen in Exhibit A, and I, Defendant Crystal Cox refused.

Obsidian Finance Group v. Cox, as seen in Exhibit A was not about **"reputation management services**" as seen in the Original Complaint, attached to this motion in Exhibit A.

Obsidian Finance Group v. Cox, as seen in Exhibit A was a lawsuit regarding a defamation claim, it was between Kevin D. Padrick, Bankruptcy Trustee, Oregon Attorney and one of 2 Principals who own Obsidian Finance Group and Investigative Blogger Defendant Crystal Cox who had been reporting on a high profile bankruptcy of which he was the Trustee, for 3 years at the time Obsidian V. Cox was Filed.

Obsidian Finance Group v. Cox, as seen in Exhibit A was filed January 14th 2011, the eMail that Plaintiff and his Co-Conspirators have used to defame Defendant Crystal Cox and accuse her of extortion, was between Defendant Crystal Cox in her Pro Se Capacity and Opposing Counsel David S. Aman of Tonkon Torp Law Firm, this eMail was a Settlement Negotiation to STOP a Lawsuit and from years of my, Defendant Crystal Cox's life being spent on litigation. The email that is used to defame Defendant Crystal Cox was emailed to Opposing Counsel on January 19th, 2011, AFTER Obsidian V. Cox was Filed. And the eMail used to defame Defendant Crystal Cox was part of several Settlement Negotiation eMails as seen in Exhibit A.

Plaintiff Marc Randazza has committed fraud on this court as he knows full well what Obsidian Finance Group v. Cox was about, as Plaintiff Marc Randazza had a phone meeting with Defendant Crystal Cox regarding the Obsidian Finance Group v. Cox Case and representing me on that case, as it was a Free Speech Issue. Obsidian Finance Group v. Cox was a civil trial regarding defamation and Obsidian Finance Group v. Cox was NOT a Criminal Trial regarding Extortion. Defendant Crystal Cox was never under investigation for Extortion, on Trial for Extortion nor Guilty of Extortion. Obsidian Finance Group v. Cox was not about trademarks or domain names.  Obsidian Finance Group v. Cox was not about copyrights nor was Obsidian Finance Group v. Cox about Defendant Crystal Cox offer of $2500 a month in a settlement negotiation. (Exhibit A, Settlement Communication Aman and Cox) Plaintiff Marc Randazza has committed fraud on this court as he knows full well this was a settlement negotiation, Exhibit C shows emails to Plaintiff Marc Randazza regarding settlement offers, he was counsel to Defendant Crystal Cox, In Dec.of 2011, as the record shows.

Defendant Crystal Cox has never received money to remove information, nor offered to remove anything for a fee.

Page 3, Line 19-25 and Page 4 Line 1 and 2 Says,

"If the preliminary injunction were granted, Defendant Cox's rights would not  affected. Plaintiffs believe that they have valid causes of action for defamation against her. However, in order to give Cox's speech more breathing room than it is entitled to, Plaintiffs have not brought a defamation claim.  Meanwhile, Cox's obsessive, libelous writing about Plaintiffs has not abated.

(Exhibit 4).  She continues to express herself on dozens of other websites, with increasing degrees of vituperative and libelous content. (Exhibit 4).  All Plaintiffs wish is for the vindication of their to Preliminary Injunction indisputable rights in the Infringing Domain Names.  Cox can continue, within reason, to say what she likes using domains that do not contain Plaintiffs' names."

**First of all, this is a mute point,** as Godaddy has given the Domain Names to Plaintiff Marc Randazza and they ALL redirect to Exhibit G, which is Plaintiff Marc Randazza's co-conspirators and Plaintiff Marc Randazza defaming, inciting hate, and defaming Defendant Crystal Cox and Defendant Eliot Bernstein.

Saying, "If the preliminary injunction were granted, Defendant Cox's rights would not affected. ", is **a FRAUD on the Court,** as Plaintiff Marc Randazza has already conspired with Godaddy, already affected the rights of Defendant Crystal Cox and Defendant Eliot Bernstein and with using this court's document of TRO Pending to do so.

Plaintiff Marc Randazza has already seized the domain names in the TRO, and shut down thousands of incoming links, and removed massive blogs and intellectual property, content of Defendant Crystal Cox and Defendant Eliot Bernstein. This is a violation of the due process rights of Defendant Crystal Cox and Defendant Eliot Bernstein. This is a theft of intellectual property, personal property of Defendant Crystal Cox and Defendant Eliot Bernstein. This is a violation of the First Amendment Rights of Defendant Crystal Cox and Defendant Eliot Bernstein and is a fraud on the courts.

Plaintiff Says, "Plaintiffs believe that they have valid causes of action for defamation against her." Defendant Crystal Cox is the one that has a VALID Defamation Claim against Plaintiff Marc Randazza, as Plaintiff Marc Randazza has excused Defendant Crystal Cox and Defendant Eliot Bernstein of the crime of extortion, which is a SERIOUS and non-factual public defamatory act, and with actual malice.

Plaintiff Says, "However, in order to give Cox's speech more breathing room than it is entitled to, Plaintiffs have not brought a defamation claim.  Meanwhile, Cox's obsessive, libelous writing about Plaintiffs has not abated. (Exhibit 4).  She continues to express herself on dozens of other websites, with increasing degrees of vituperative and libelous content. (Exhibit 4).

All Plaintiffs wish is for the vindication of their to Preliminary Injunction indisputable rights in the Infringing Domain Names.  Cox can continue, within reason, to say what she likes using domains that do not contain Plaintiffs' names."  **This is false**, as Plaintiff has NO defamation claim.  And "Cox's", my, Speech has been abated as Plaintiff Marc Randazzza, Ron Green and Laura Tucker of Randazza Legal Group have led me to believe that I and anyone I know have a Gag Order and if I post anything about Marc Randazza I will go to Jail.  They have suppressed my Free Speech, deleted my blogs, stolen my intellectual property and continued to harass and defame me, Defendant Crystal Cox.

Defendant Crystal Cox has been harmed by Plaintiff Marc Randazza and without due process of law. I am not defaming nor posting libelous content. I am exposing those who are infringing on the iViewit Technology and those involved with gang stalking led by Randazza Legal Group in order to silence whistle blowers in the porn industry such as Monica Foster and Desi Foxx, as Plaintiff Marc Randazza named in this legal complaint as to further harass and intimidate them both, as they are exposing Plaintiff Marc Randazza and his porn industry clients, as well as attorney J. Malcom DeVoy of Randazza legal group who works with Sean Tompkins and Ari Bass to threaten, stalk, harass and intimidated Monica Foster into silencing her industry insider, whistle blower, investigative blogs.

Just as Marc Randazza defended Eiland Hall in owning GlenBeckRapedAndMurderedaYoungGirlIn1990.com, Defendant Crystal Cox does not NEED permission from Marco Randazza to register a domain name or start a blog with the name Randazza in the blog. Plaintiff Marc Randazza defends this opposite case in many of his legal actions, where he represents clients.

Plaintiff Marc Randazza is connected to organized crime, is guilty of a Hate Crime involving more than one woman exposing him and his client.  Plaintiff Marc Randazza is a dangerous man who is ruining the lives of those exposing injustice and "telling" what is really going on behind the "scenes" of the Porn Industry Clients Plaintiff Marc Randazza works for.  The biggest being Liberty Media, John C. Malone and the cover up of the infringement of the iViewit Technology for over a Decade.

Liberty Media, John C. Malone owes Defendant Eliot Bernstein, 100's of Billions of Dollar for video technology infringement. Plaintiff Marc Randazza is involved with Co-Conspirators to harass, gang stalk, sure, intimidate and put under extreme duress Monica Foster, Defendant Iviewit Inventor Eliot Bernstein and Investigative Blogger Defendant Crystal L. Cox.

As Stated in Document 28 By Plaintiff, Defendant Crystal Cox did NOT "promptly" offer a fee for names associated in this matter.  Defendant Crystal Cox offered marketing services and stated that she had bought MarcRandazza.com when he was going to represent Defendant Crystal Cox in the Obsidian V. Cox case, there was, at that time No Blog associated with the Domain Name MarcRandazza.com.  When Marc Randazza violated the rights of his client Defendant Crystal Cox, she then used the Domain Name MarcRandazza.com to expose Plaintiff Marc Randazza and to warn the public at large, to review Plaintiff Marc Randazza as an attorney, to expose Plaintiff Marc Randazza and to show they hypocrisy of Plaintiff Marc Randazza.

Once Defendant Crystal Cox became aware of the deceptive and **Unconscionability** Businesss practices of Plaintiff Marc Randazza, J. Malcom DeVoy, Sean Tompkins, Ari Bass, Liberty Media, Corbin Fisher and More, Defendant Crystal Cox was dedicated to using her anti-corruption media network to expose Plaintiff Marc Randazza and to warn the public at large.

Defendant Crystal Cox never offered to sell Plaintiff Marc Randazza MarcRandazza.com and in fact Defendant Crystal Cox and Porn Industry Whistle Blower Monica Foster BOTH turned down Plaintiff Marc Randazza's offer to buy MarcRandazza.com, as Exhibit C clearly shows.

Until this complaint I, Defendant Crystal Cox had no Idea that Plaintiff Marc Randazza had a sister, and I, Defendant Crystal Cox, Never Registered a Domain Name with the Sister's name it, though I would have had every right to do so, and plan to investigate her Big Media connections in conspiracy with Plaintiff Marc Randazza, now that this lawsuit has told me her name.

Page 4 Line 16 - 23 Says, "Cox is attempting to break into the search engine optimization (SEO) management market by registering personal names of her intended customers, intentionally manipulating the search results to cause them harm, and then demanding payment to clean up those search results.  In doing so, Cox clearly violates 15 U.S.C. § 8131 and must be enjoined from causing even further harm to Plaintiffs.  She also offered to sell one of the domains directly for an exorbitant sum.  The intent is clear, as no party except Marc Randazza would find the domain to be valuable, and Cox is clearly demonstrating her bad faith in registering and offering it for sale for an exorbitant price.

**Defendant Crystal L. Cox is an Online Media, SEO Expert, and Did not attempt to break into** search engine optimization (SEO) management market by registering personal names of her intended customers. I have bought thousands of domains on and offer for a decade. Keyword Rich Domain Names, whether it be lakefront real estate, ranches for sale, horse property, hearth smart nutrients, cancer solution products or any of the other thousands of domain names I once owned, it is about Keyword Rich Domain names, it is SEO, that is how the Internet Works, it is common sense in the SEO Business. The point in being online is to get strong in the search, it is a no brainer, that one way is a keyword rich domain name, it has NOTHING to do with looking for Customers, nor has it ever.

**I, Defendant Crystal L. Cox, make a living selling nutritional supplements and real estate, NOT SEO, though I would love a great SEO Job, I have never had one, Period.**

I, **Defendant Crystal L. Cox** have been marketing online extensively for over 10 years. I have owned my own real estate company since 2000. I have written books, owned a publishing company, owned and operated a Forestry Business, owned and operated a restaurant, developed housing and land developments, ran over a thousand blogs and sold nutritional supplements.

Starting in 2005 I began investing in the real estate of the Internet, Domain Names. At this time I attended Traffic West and other Trade Show of the Domain Name Industry.  I learned about the Domain Name Industry extensively and about Domain Aftermarkets, Domain Auctions, Domainers in General and the issues surrounding.

I buy domain names with keywords in the domain name that is based on the story I am writing about, this is industry expert ways to get strong in the search engines. This has never been to extort any person, official, or company.

I have subscribed to Planet Oceans Search Engine News since 2005. This is a highly indepth search engine news, and described years ago about the process of getting the best keyword rich domain name possible for what you are trying to get found in the search engines, often time that includes the names of those involved in the story I am reporting on. This yearly  Search Engine News report also discussed many other techniques in which I have used for over seven years.

Also starting around 2005 I read the book what would google do, and it talked about googling your company sucks, and that this was a way to beat your competition by protecting your company name and more on that topic.

I have read massive books on search engine optimization and marketing. I have also Read documents, took online courses, watched massive videos and they all talk about getting the best keywords in your Domain Name regarding what your trying to get found in the search engines. This is why I bought domain names with the name of my subject matter. **I never bought a Domain Name to extort anyone, EVER.**

I am a Media Defendant in this case and my blogs regarding Marc Randazza are presently to expose the unethical activity of Marc Randazza and those at Randazza Legal Group participating in Stalking Rings, Blogger Rings attacking those in the Porn Industry, and to expose the unethical, illegal activity going on in the Porn Industry.  Marc Randazza is a high profile Porn Industry Attorney. As my blogs got on top of the search engines I began to get tips from Porn Industry Insiders, those inside the Copyright Cases Marc Randazza was involved with, those whom had dealing personally with Marc Randazza and those who had information or tips regarding Marc Randazza or those at Randazza Legal Group.

A Domain Name own can buy a domain for $1 and sell for $100 Million, that is how it works. I met the man who bought Business.com for 3 Million and Sold it for 7.5 Million, then it resold for over $300 Million. It is the domain name industry, of which Plaintiff Marc Randazza touts himself as being and expert in yet he did not buy MarcRandazza.com nor the name of his own wife. I, **Defendant Crystal L. Cox** have every right to make fun of, parody, satire and EXPOSE Plaintiff Marc Randazza for his hypocrisy and deceit on the public at large.

"Page 5 Line 15-21 and Page 6 "No public interest will be negatively affected in granting the preliminary injunction. Cox claims that "a Critical Public Interest … will be injured if [her] blogs are shut down." However, Defendant Cox failed and cannot demonstrate that the preliminary injunction would prevent her from continuing to publish any information at all.

By her own admission, Defendant runs approximately 1,200 blogs. The majority of these 1,200 domains do not include Plaintiffs' personal names and common law marks, and those domain names do not concern Plaintiffs at this time.  However, Cox uses many of the blogs that contain Plaintiffs' names in an obsessive "Google bombing" operation, even against Plaintiffs."

It is important to the public that this court not rule in favor of Plaintiff Marc Randazza, as this sets a precedence that inhibits free speech and censors massive online information for all, and will chill free speech for all. It is a free speech and fair trade violation for a court to inhibit YouTube Titles, Blog Titles, Post Titles and the actual domain name or free .blogspot by Google, blog name.  It is not about preventing Defendant Crystal Cox from publishing, it is about setting a precedence to take more anti-corruption blogs of Defendant Crystal Cox and of millions of other citizens, whistle blowers, industry insiders and citizen journalists.

Plaintiff Marc Randazza has NO Right, as a matter of law, to have this court forbid Defendant Crystal Cox from Titling a Website MarcRandazza.com in order to discuss the domain name battle with MarcRandazza.com.

Plaintiff Marc Randazza has NO Right, as a matter of law, to have this court forbid Defendant Crystal Cox from titling YouTube channels, linking from posts, or dominating the search engines. This violates the First Amendment and Violates Fair Market Laws, and Anti-Trust Laws. It is an unfair advantage for a powerful, connected, wealthy attorney to use the courts to chill speech and to, in one swoop wipe out thousands of competing links. It is unlawful, unfair and certainly unconstitutional.

Page 6 Line 12-14 says, "A preliminary injunction will not silence Cox's freedom of speech, and no "public interest" will be injured." Yet Plaintiff Marc Randazza has already silenced massive blog posts, and led me to believe I have a Gag Order in place, that is SILENCING Cox's Freedom of Speech, PERIOD.

Page 6 Line 14-17 Says, "In fact, Cox has engaged in similar action toward dozens of other individuals.  Most of these individuals are either unable to act, fearful of taking action (as Cox has clearly turned up the volume toward those who oppose her), or lack the resources to do so. "

I, Defendant Crystal Cox object to this, as I have not done this alleged "similar action" in a way to create fear or to violate rights. I am Media, I am an Investigative Blogger aKa Investigative Reporter, and the purpose of the Internet is to get found on top of the search engines, that is what all blogs, websites, forums strive to do. Just because I, Defendant Crystal Cox am better at it than most does not make what I create unlawful or unconstitutional. I, Defendant Crystal Cox  am simply one woman trying to get my investigative reporting found in the search engines.

I have no "resources" and don't try and intimidate others who have none, my blogs are all Free Google Blogs, and Google is the Publisher along with myself as Publisher and Blog Author. Plaintiff Marc Randazza makes no legal sense or legal case with the words "turned up the volume" this makes no sense, and is certainly not based in law, or constitutional rights.

Page 6, Line 14-22 Says, "Plaintiff Marc Randazza has spoken to a number of her victims, many of whom expressed a reluctance to take action to stop her, out of fear that a court will lack the ability to put a stop to her actions.  In the event that this Court issues an appropriate injunction, it will serve the public interest by showing her other victims that her actions can be enjoined, and that the courts will not condone her insane cyberstalking and extortion campaign."

I, Defendant Crystal Cox say that this is committing a hate crime in conspiring to gather haters, not victims but those I report on, Plaintiff Marc Randazza contacts to gather conspirators. The whole point of this Slapp Lawsuit, this fraud on the court, this legal case was and is to set a precedence to get Plaintiff Marc Randazza clients from my decade of work. And to set a precedence that enables Plaintiff Marc Randazza to easily take more of Defendant Crystal Cox's blogs and silencing Defendant Crystal Cox's Free Speech in mass, and thereby removing hundreds of thousands of links I have build over the last decade, and of which now connect to thousands upon thousands of links and posts exposing all those involved in the worlds biggest Technology Theft, the iViewit Technology Theft (iViewit was founded by Defendant Eliot Bernstein) Plaintiff Marc Randazza will get paid big bucks to silence the iViewit Story as the iViewit Technology is worth 13 Trillion Dollars and this is no exaggeration.

I, Defendant Crystal Cox object to the accusation of cyberstalking and extortion. I, Defendant Crystal Cox am Media, I am an investigative reporter, I get tips daily, I interview people, I read massiv documents, watch videos, read depositions, listen to court hearings and have for 7 years.

I, Defendant Crystal Cox am not on an extortion or cyberstalking campaign. I, Defendant Crystal Cox expose corruption by blog, plain and simple. And I, Defendant Crystal Cox am dedicated to exposing the illegal and unethical activities of Plaintiff Marc Randazza and his co-conspirators.

Plaintiff Marc Randazza is engaged in an online Hate Campaign against Defendant Crystal Cox, as Seen in Exhibit E, in order to STOP her Ninth Circuit Appeal from succeeding and to silence massive blogs exposing Plaintiff Marc Randazza's Clients in the infringement of the iViewit Video Technology.

Page 7 Says,

"On November 30, 2012, after the filing of the instant case, the World Intellectual Property Organization issued a decision granting the transfer of the following domain names to Plaintiff
Marc Randazza:
a. <marcjohnrandazza.com>
b. <marcjrandazza.com>
c. <marcrandazza.com>
d. <marcrandazza.biz>
e. <marcrandazza.mobi>.
Because WIPO transferred the six domain names to Plaintiffs, these domains no longer need to be locked by the registrar.

Plaintiffs request that the Court make it clear that in light of the WIPO arbitration decision, it finds no reason that the arbitration should not be fully implemented, and that GoDaddy should cease its path of an abundance of caution, by not permitting Mr. Randazza the privilege of completely taking possession of these six domains. The Court's equitable powers are no longer required for these six domain names, but they remain part of this complaint for the purposes of assessing damages."

This is False, first of all those domain names are now part of this case and were Illegally taken from Defendant Crystal Cox and Defendant Eliot Bernstein. I, Defendant Crystal Cox object to these names being locked and to the already action taken of servers being changed, and account changes, without a court order.

Defendant Crystal Cox demand that Godaddy Lock all Domain Names, even though Godaddy has already wiped out massive content in allowing Plaintiff to seize mass domain names and change servers. Note Exhibit O regarding WIPO Notification of Fraud in this Domain Name Dispute.

Page 7 19-25 Says, "Defendant Cox's filings consist mainly of baseless accusations and very little coherent legal argument as to why the Court should not issue the preliminary injunction against her.  Cox is unable to justify why she registered the Infringing Domain Names incorporating Plaintiffs' full personal names.  Nothing in Cox's impertinent filings should dissuade the Court from entering the requested Order.  If anything, the filings should help demonstrate the necessity and propriety of the requested Order."

Defendant Crystal Cox demands fair, respectful, equal treatment from Plaintiff Marc Randazza and OBJECTS to slams of "very little coherent legal argument", I am not an attorney, nor can I afford an attorney, that does not give Plaintiff Marc Randazza and Randazza Legal Group the right to BULLY me, harass me, intimidate me, slam me, defame me, paint me in false light and put me under extreme physical, mental and financial duress.

Page 8 Says,  "If Defendants are not enjoined, Plaintiffs will continue to suffer irreparable damage to their personal names and business.  Plaintiffs respectfully request that the Court grant the requested preliminary injunction, with appropriate modifications to strengthen and broaden it so that Cox's evasive and contumacious conduct is not to any end.
Dated: January 4, 2013"

Defendant Crystal Cox objects to this as Defendant Crystal Cox already has a gag order, Defendant Crystal Cox has already been denied due process, Defendant Crystal Cox and Defendant Eliot Bernstein have already had their assets, domain names and the content attached seized and have already suffered irreparable harm.

# CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was filed using this Court's CM/ECF system
**On  January 5th 2013** and a copy emailed Randazza Legal Group at eMail
rdg@randazza.com and lmt@randazza.com

Respectfully Submitted
Pro Se Defendant
Crystal L. Cox
**Case 2:12-cv-02040-GMN-PAL**