Crystal L. Cox
Pro Se Defendant
Case 2:12-cv-02040-GMN-PAL
SavvyBroker@Yahoo.com

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA
Case 2:12-cv-02040-GMN-PAL

Plaintiff,  Counter Defendant Marc J. Randazza /

Objection to Motion to Strike Defendant Crystal Cox's
Fugitive Surreply to Motion for Preliminary Injunction.

v.

**Defendant Crystal Cox and Defendant Eliot Bernstein**

Defendant Crystal Cox objects to the "Motion to Strike Defendant Crystal Cox's Fugitive Surreply to Motion for Preliminary Injunction".

Exhibit A shows that Defendant Crystal Cox attempted to file the Objection to the TRO (Now Docket Number 29) on Dec. 5th, however was not yet granted access and was told by the courts that eMail was not to be received in this regard, and she would need to set up Electronic Filing services and how to do so. Even though it was not protocol, Exhibit A does prove that Defendant Crystal Cox attempted to file this document.

On December 19th, Defendant Crystal Cox mailed her Objection to the Motion for Preliminary Injunction and on that same day mailed the motion "CERTIFICATION of completion of cm/ecf tutorial" to:

Las Vegas Courts
333 Las Vegas Blvd.
Room 3071
Las Vegas , NV   89101

As seen in Exhibit B, Defendant Crystal Cox emailed the Motion - Objection / Served the Objection to the Plaintiff on December 20th to email lmt@randazza.com and to RDG@randazza.com

Defendant Crystal Cox called the court days later to get set up Electronic Filing and was told that they had not yet received the motion. Defendant Crystal Cox spoke with a Clerk named Eric. And due to the documents not arriving

Defendant Crystal Cox had no choice but to file her Complaint Answer through the mail, this time using UPS and Two Day Air to ensure the filing showed up at the courthouse. In this filing Defendant Crystal Cox also resent the "CERTIFICATION of completion of cm/ecf tutorial". Which is now Docket Number 18.

On Friday Jan. 4th Defendant Crystal Cox again spoke to Eric regarding the mail not showing up and should I go ahead and file the document electronically, and Defendant Crystal Cox was told it was best to get it on the record and that way if it does show up, then two copies is better than none.  So on Jan. 4th, after getting electronic accounts set up, Defendant Crystal Cox filed Document 29 which is on the docket as a filing date of Jan. 4th, however it was mailed December 19th to the Nevada Courts, and served via eMail to Randazza Legal Group, as the record shows, on December 20th, and Docket 16 proves they got the filing as they filed a Motion to Strike one of the exhibits.

After Randazza Legal Group received Defendant Crystal Cox's objection the Preliminary Injunction on Dec. 20th, Randazza Legal Group, Plaintiff filed a motion to Strike one of the Exhibits, because Defendant Crystal Cox had a personal phone number of Plaintiff Marc Randazza's personal resident in one of the Exhibits, this is Docket Number 16 and is in response to the filing that is now Docket 29. Document 29 removes this exhibit, as per "redaction" rules and regulations.

On Friday Jan. 4th, 2013, after hours, Defendant Crystal Cox received, Docket Entry 28 which was in response to / Reply Defendant Crystal Cox's Objection the TRO (Docket 29) in which Defendant Crystal Cox mailed to the courts on Dec. 19th, 2012 and Served Plaintiff on December 20th, 2012.

On January 5th 2013, Defendant Crystal Cox filed a response to Document 28, Defendant Crystal Cox's motion in Objection to Document 28 is Document Number 30.

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was filed using this Court's CM/ECF system
**On  January 6th 2013** and a copy emailed Randazza Legal Group at eMail
rdg@randazza.com and lmt@randazza.com

Respectfully Submitted
Pro Se Defendant
 Crystal L. Cox
**Case 2:12-cv-02040-GMN-PAL**