Crystal L. Cox
Pro Se Defendant
Case 2:12-cv-02040-GMN-PAL
SavvyBroker@Yahoo.com

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA
**Case 2:12-cv-02040-GMN-PAL**

Plaintiff, Counter Defendant Marc J. Randazza /

Defendant Crystal Cox's Objection to PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO STRIKE DEFENDANT CRYSTAL COX'S FUGITIVE SURREPLY TO MOTION FOR PRELIMINARY INJUNCTION PURSUANT TO LR 7-2

**v.**

Defendant Crystal Cox and Defendant Eliot Bernstein

**Defendant Crystal Cox objects to the "Motion to Strike Defendant Crystal Cox's Fugitive Surreply to Motion for Preliminary Injunction".**

**Defendant Crystal Cox objects Objects to Motion for Preliminary Injunction.**

**Defendant Crystal Cox objects to the Preliminary Injunction, in which Plaintiff Marc Randazza and Godaddy executed in December and have already caused irreparable harm to Defendant Crystal Cox and Defendant Eliot Bernstein.**

**The Preliminary Injunction in this Case against
Defendant Crystal Cox and Defendant Eliot Bernstein is Unconstitutional.**

Defendant Crystal Cox filed a "response" to / "objection" to the TRO / Preliminary Injunction many times. Defendant Crystal Cox is Pro Se and may not label the filings exactly correct. Defendant Crystal Cox is not a lawyer and is unsure how to label all documents. Defendant Crystal Cox filed several responses and objection.

Defendant Crystal Cox saw no choice in the Electronic Response to Motion area to choose Objection and simply picked reply, response and filed an Objection. The Document says that Defendant Crystal OBJECTS.

Defendant Crystal Cox wishes this court to make Ronald Green, Attorney for Attorney Marc Randazza, Plaintiff to Stop harassing and discriminating against Defendant Crystal Cox.

I, Defendant Crystal Cox, Object to the Motion to Strike my Response as there is important information to be considered, and mis information in Plaintiff's filings that Defendant Crystal Cox has a right to respond to.

An impermissible prior restraint against Defendant Crystal Cox is unconstitutional.  An impermissible prior restraint against Defendant Crystal Cox is impermissible when it issued a preliminary injunction against future speech, and seized intellection property, content, blogs and domain names of Defendant Crystal Cox.

If a court issues an injunction prior to adjudicating the First Amendment Protection of the speech at issue, the injunction cannot pass constitutional muster.

This court denied Defendant Crystal Cox Due Process in expressly skipping the essential step of adjudicating the First Amendment protections to the speech at issue.

This court denied Defendant Crystal Cox Due Process in failing to make any findings of fact or ruling of law, much less review of the blog articles and the First Amendment. Plaintiff Marc Randazza is a Public Figure. (New York Times Vs. Sullivan)

A Judicial Order that prevents free speech from occurring is unlawful. (Erwin Chemerinsky, Constitutional Law; Principles and Policies 918 (2002) ("The Clearest definition of prior restraint is.. a judicial order that prevents speech from occurring:).

Prior Restraints are "the most serious and least tolerable infringement on First Amendment Rights." Neb. Press Ass'n v. Stewart, 427 U.S. 539, 559 (1976).  There is a "deep-seated American hostility to prior restraint" Id at 589 (Brennan, J. concurring).

Injunctive relief to prevent actual or threatened damage is heavily disfavored because it interferes with the First Amendment and amounts to censorship prior to a judicial determination of the lawlessness of speech. See Moore v. City Dry Cleaners & Laundry, 41 So. 2d 865, 872 (Fla. 1949). "The special vice of prior restraint," the Supreme Court held, "is that communication will be suppressed... before an adequate determination that it is unprotected by the First Amendment". Pittsburgh Press Co v. Pittsburg Comm'n on Human Relations, 413 U.S. 376, 390 (1973). Also se Fort Wayn Books Inc. v Indiana, 489 U.S. 46, 66 (1989); M.I.C., Ltd v Bedford Township, 463 U.S. 1341, 11343 (1983).)

In this case, the Nevada Court has skipped the step of adjudicating the First Amendment protection relevant to the speech at issue. Prior Restraints are Unconstitutional. Also see Post-Neweek Stations Orlando, Inc. v. Guetzlo.

"RKA sought extraordinary relief in the form of prior restraint to enjoin .. . This relief is not recognized in this State, nor anywhere else in the Country.  In addition to ignoring the First Amendment Rights and almost a century's worth of common law, the .. court ignored virtually all procedural requirements for the issue of a preliminary injunction." Page 5 Paragraph ii of Opening Brief Appellate Case No. 3D12-3189, Irina Chevaldina Appellant vs. R.K./FI Management Inc.;et.al., Appellees. Attorney for Appellant Marc J. Randazza Florida Bar No. 325566, **Randazza Legal Group Miami Florida.  This case is now hereby referenced herein, in it's entirety, as seen in Exhibits.**

**Note to Court:** Defendant Crystal Cox uploaded nearly 300 Exhibits to the Original Complaint Answer on January 6th 2013, and there was a System Error. Defendant Crystal Cox has 300 Exhibits to add to the Original Complaint Answer, before a Ruling on this matter.

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was filed using this Court's CM/ECF system **On  January 6th 2013** and a copy emailed Randazza Legal Group at eMail rdg@randazza.com and lmt@randazza.com

Respectfully Submitted
Pro Se Defendant
 Crystal L. Cox
**Case 2:12-cv-02040-GMN-PAL**