Ronald D. Green, NV Bar #7360
Randazza Legal Group
6525 W. Warm Springs Road, Suite 100
Las Vegas, NV 89118
888-667-1113
305-437-7662 fax
ecf@randazza.com

Attorney for Plaintiffs
MARC J. RANDAZZA, JENNIFER RANDAZZA, and NATALIA RANDAZZA

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| MARC J. RANDAZZA, an individual, JENNIFER RANDAZZA, an individual, and NATALIA RANDAZZA, a minor,<br><br>Plaintiffs,<br><br>vs.<br><br>CRYSTAL COX, an individual, and ELIOT BERNSTEIN, an individual,<br><br>Defendants. | Case No. 2:12-cv-02040<br><br>**PLAINTIFFS' RESPONSE IN OPPOSITION TO MOTION FOR RECONSIDERATION OF RECUSAL/REMOVAL OF JUDGE GLORIA M. NAVARRO** |

Plaintiffs Marc J. Randazza, Jennifer Randazza, and Natalia Randazza, through counsel, hereby submit this response in opposition to Defendant Crystal Cox's Motion for Reconsideration of Recusal/Removal of Judge Gloria M. Navarro.

As this Court has previously noted, no legal basis supports Cox's Motion to Recuse Judge Navarro. (ECF # 41). Claims of bias or prejudice against judges must "stem from an extrajudicial source" and must be the result of an opinion on the merits that is based on something other than opinions the judge has formed from the pleadings and motions in the case. *U.S. v. Grinnel Corp.*, 384 U.S. 563, 583 (1966); *see also Liteky v. U.S.*, 510 U.S. 540 (1994), (discussing the "extrajudicial source" doctrine with regard to the disqualification of a federal district court judge).

Any allegations made about a judge's potential bias must contain specific facts supporting this position. *U.S. v. Hernandez*, 109 F.3d 1450, 1453 (9th Cir. 1997). Citing to a judicial ruling alone is never enough to constitute proof of bias or partiality. *Id.* at 1454, *quoting Liteky*, 510 U.S. at 554-56. Additionally, while a judge may not act in his own case, parties may not file pleadings serving the sole purpose of disqualifying a judge. *Ely Valley Mines, Inc. v. Lee*, 385 F.2d 188, 191 (9th Cir. 1967).

In her renewed motion, Cox has again failed to cite to any specific instances where Judge Navarro has shown any bias or prejudice. Furthermore, as stated in ECF # 41, any allegations of conflicts of interest between Judge Navarro and the parties already have been satisfied by the preliminary procedures of this Court.

Accordingly, Plaintiffs respectfully request the Court deny Cox's Motion for Reconsideration of Recusal/Removal of Judge Gloria M. Navarro.

Dated: January 17, 2013                    Respectfully submitted,

/s/Ronald D. Green
Ronald D. Green, NV Bar #7360
Randazza Legal Group
6525 W. Warm Springs Road, Suite 100
Las Vegas, NV 89118
888-667-1113; 305-437-7662 fax
ecf@randazza.com

# CERTIFICATE OF SERVICE

Pursuant to the Federal Rules of Civil Procedure 5(b), I hereby certify that the foregoing document was filed using this Court's CM/ECF system on January 17, 2013.

Dated: January 17, 2013

Respectfully Submitted,

Erika Dillon
Paralegal
ecf@randazza.com
Randazza Legal Group
6525 W. Warm Springs Rd., Suite 100
Las Vegas, NV 89118
(888) 667-1113
(305) 437-7662 fax