Crystal L. Cox
Pro Se Defendant
Case 2:12-cv-02040-GMN-PAL


SavvyBroker@Yahoo.com

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA
**Case 2:12-cv-02040-GMN-PAL**

Plaintiff,  Counter Defendant Marc J. Randazza /

Reply To PLAINTIFFS' RESPONSE IN
OPPOSITION TO MOTION FOR
RECONSIDERATION OF
RECUSAL/REMOVAL OF JUDGE
GLORIA M. NAVARRO

**v.**

**Defendant Crystal Cox and Defendant Eliot Bernstein**

I, Pro Se Defendant / Counter Plaintiff Crystal Cox OBJECT to Plaintiff's Opposition to Motion for Reconsideration of Removal / Reclusal / Disqualification of Judge Gloria M. Navvaro.

I, Pro Se Defendant / Counter Plaintiff Crystal Cox Demand Disqualification of the Judge Gloria M. Navvaro from State of Nevada Case 2:12-cv-02040-GMN-PAL.

I, Pro Se Defendant / Counter Plaintiff Crystal Cox Demand Removal of the Judge Gloria M. Navvaro from State of Nevada Case 2:12-cv-02040-GMN-PAL.

Judge Gloria Navarro has criminally endangered Defendant / Counter Plaintiff Crystal Cox and Defendant Eliot Bernstein in issuing temporary injunctions and limiting my ability to expose the Plaintiff and his Conspirators and thereby keep safe from harm.

Upon Belief and Knowledge, Judge Gloria Navarro has denied Defendant / Counter Plaintiff Crystal Cox and Defendant Eliot Bernstein due process in ruling on intellectual property and domain names seizure before adjudicating the First Amendment in the speech at issue.

Upon Belief and Knowledge, Judge Gloria Navarro has violated the civil rights Defendant / Counter Plaintiff Crystal Cox and Defendant Eliot Bernstein in cutting off thousands of blog posts, giving Plaintiff access to domain names and allowing servers to be changed and thousands of links of valuable intellectual property to be cut off.

Judge Gloria M. Navarro has conspired with Plaintiff and Co-Conspirator Ronald D. Green in private meetings regarding Defendant / Counter Plaintiff Crystal Cox and Defendant Eliot Bernstein.  Judge Gloria Navarro removed massive exhibit descriptions from the State of Nevada Case 2:12-cv-02040-GMN-PAL docket, as they incriminated Plaintiff and Co-Conspirator Ronald D. Green, as well as other Counter Defendant's and Co-Conspirators.

Judge Gloria M. Navvaro has Criminally Endangered Defendant / Counter Plaintiff Crystal Cox and Defendant Eliot Bernstein,

Judge Gloria M. Navvaro has denied due process to Pro Se Defendant / Counter Plaintiff Crystal Cox and Defendant Eliot Bernstein.

Judge Gloria M. Navvaro FAILS to Admit or Deny Conflict and has thereby violated the legal, civil and constitutional rights of Pro Se Defendant / Counter Plaintiff Crystal Cox and Defendant Eliot Bernstein.

Upon Belief and Knowledge, Judge Gloria M. Navvaro has criminally and civilly conspired with Plaintiff and Co-Conspirator Ronald D. Green, as well as other Counter Defendant's and Co-Conspirators and caused irreparable damage to Defendant / Counter Plaintiff Crystal Cox and Defendant Eliot Bernstein.

Judge Gloria M. Navvaro has a lawful duty to REMOVE herself from this case as she is asked to be REMOVED by a Defendant / Counter Plaintiff.

I,  Pro Se Defendant / Counter Plaintiff Crystal Cox demand that Judge Gloria M. Navvaro is be Disqualified from Ruling in regard to Defendant / Counter Plaintiff Crystal Cox and Defendant Eliot Bernstein as Judge Gloria M. Navvaro has failed to lawfully admit or deny conflict.

I, Pro Se Defendant / Counter Plaintiff Crystal Cox demand that Judge Gloria M. Navvaro be removed from State of Nevada Case 2:12-cv-02040-GMN-PAL.

I, Pro Se Defendant / Counter Plaintiff Crystal Cox Object to Judge Gloria M. Navvaro ruling on State of Nevada Case 2:12-cv-02040-GMN-PAL in any judicial decisions or proceedings. Judge Gloria M. Navvaro has denied Defendant / Counter Plaintiff Crystal Cox and Defendant Eliot Bernstein due process, violated the civil and constitutional rights of Defendant / Counter Plaintiff Crystal Cox and Defendant Eliot Bernstein, endangered the life of Defendant / Counter

Plaintiff Crystal Cox and Defendant Eliot Bernstein and their sources Monica Foster aKa Alexandria Melody, Dessi Foxx aKa Diana Grandmason and Shelley Lubben.

There has to be another Judge that will Sign a Conflict of Interest Disclosure. Sureley Judge Gloria M. Navvaro is not the only Judge in Las Vegas that can rule on a case regarding Defendant / Counter Plaintiff Crystal Cox and Defendant Eliot Bernstein. However, the fact that Judge Gloria M. Navvaro refuses to admit or deny conflict and has DENIED that she be removed, reclused, disqualified and that she herself, in conflict, has RULED on this matter, this shows intent to stay on as JUDGE in ruling against Defendant / Counter Plaintiff Crystal Cox and Defendant Eliot Bernstein. which Judge Gloria M. Navvaro has already done on several rulings and denied the rights of due process, the civil and constitutional rights of Defendant / Counter Plaintiff Crystal Cox and Defendant Eliot Bernstein and but their lives and livelihood in EXTREME Danger.

This court, Judge Gloria Navarro has refused to admit or Deny Conflict, this is a violation of my Federal Rights and is against the law. The Conflict of Interest Disclosure Form is designed to ensure that the review and any determination from such review of the all case materials should not be biased by any conflicting financial interest or any other conflicting interest by those reviewers responsible for the handling of this confidential information. Whereby any conflict with any of the main alleged perpetrators of the alleged crimes referenced in these matters herein, or any other perpetrators not known at this time, must be fully disclosed in writing and returned by anyone reviewing these matters prior to making ANY determination.

Defendant / Counter Plaintiff Crystal Cox and Defendant Eliot Bernstein have a right to a fair and impartial case review. Defendant / Counter Plaintiff Crystal Cox and Defendant Eliot Bernstein have a right to a fair and impartial rulings. Defendant / Counter Plaintiff Crystal Cox and Defendant Eliot Bernstein have a right to a fair and impartial judge.

These matters in this case already involve claims of, including but not limited to, Conflicts of Interest, Violations of Public Offices, Whitewashing of Official Complaints in the Supreme Courts of New York, Florida, Virginia and elsewhere, Threatening a Federal Witness in a "legally related" Federal Whistleblower Lawsuit, Document Destruction and Alteration, Obstructions of Justice, RICO, ATTEMPTED MURDER and much more. The need for prescreening for conflict is essential to the administration of due process in these matters and necessary to avoid charges of OBSTRUCTION OF JUSTICE and more, against you. US Federal District Court Judge, Shira A. Scheindlin, legally related the matters to a New York Supreme Court Attorney Whistleblower Lawsuit of Christine C. Anderson, Esq. who alleges similar claims of public office corruption against Supreme Court of New York Officials, US Attorneys, NY District Attorneys and Assistant District Attorneys. Therefore, this Conflict Check is a formal request for full disclosure of any conflict on your part, such request conforming with all applicable state and federal laws, public office rules and regulations, attorney conduct codes and judicial canons or other international law and treatises requiring disclosure of conflicts and disqualification from these matters where conflict precludes involvement.

Judge Gloria M. Navvaro is violated the rights of Defendant / Counter Plaintiff Crystal Cox and Defendant Eliot Bernstein in not admitting or denying Conflict.

Judge Gloria M. Navvaro's Failure to comply with all applicable conflict disclosure rules, public office rules and regulations,and, state, federal and international laws, prior to continued action on your part, shall constitute cause for the filing of criminal and civil complaints against Judge Gloria M. Navvaro for any decisions or actions she has made prior to a signing Conflict Of Interest Disclosure Form. Charges will be filed against Judge Gloria M. Navvaro for failure to comply.

Complaints against Judge Gloria M. Navvaro in conspiracy with Attorney Ronald D. Green and Plaintiff Attorney Marc J. Randazza will be filed with all appropriate authorities, including but not limited to, the appropriate Federal, State, Local and International Law Enforcement Agencies, Nevada Attorney General, U.S. Attorney General, the FBI, he Office of Circuit Executive, U.S. Courts for the Ninth Circuit, Public Integrity Officials, Judicial Conduct Officials, State and Federal Bar Associations, Disciplinary Departments, Nevada Bar Complaints and any/all other appropriate agencies.

Conflict of interest indicates a situation where a private interest may influence a public decision. Conflict of Interest Laws are Laws and designed to prevent Conflicts of Interest that deny fair and impartial due process and procedure thereby Obstructing Justice in State and Federal, Civil and Criminal Proceedings. These Laws may contain provisions related to financial or asset disclosure, exploitation of one's official position and privileges, improper relationships, regulation of campaign practices, etc. The Relevant Sections of Attorney Conduct Codes, Judicial Cannons, Public Office Rules & Regulations and State & Federal Law listed herein are merely a benchmark guide and other state, federal and international laws, rules and regulations may be applicable to your particular circumstances in reviewing or acting in these matters.

Judge Gloria M. Navvaro, by Law has to admit or Deny Conflict, as does any Judge, Law Clerk or anyone at all handling matters of this case. It is NOT Lawful for Judge Gloria M. Navvaro to simply RULE to DENY the right of Defendant / Counter Plaintiff Crystal Cox and Defendant Eliot Bernstein to have a fair and impartial ruling process.

This Court is REMINDED that Marc J. Randazza Represented Defendant / Counter Plaintiff Crystal Cox in negotiations regarding the Ninth Circuit Appeal of Obsidian Finance V Crystal Cox. And in this has Massive Conflict. Also Marc Randazza's biggest clients are INFRINGING on Eliot Bernstein's Technology, iViewit Technology. This is a MASSIVE Conflict of Interest.

As Exhibits Show, In December of 2011, Marc J. Randazza of Randazza Legal Group set up a phone conference with Defendant Crystal Cox of the Oregon Case Obsidian Finance Group v. Crystal Cox ( District of Oregon CASE #: 3:11-cv-00057-HZ ). Marc J. Randazza of Randazza Legal Group wanted to represent Defendant Crystal Cox on her Ninth Circuit Appeal, for what he called Pro Bono, which was legal fees pro bono, however Defendant Crystal Cox would pay for filing fees, travel, hotels and such.  Defendant Crystal Cox discussed fee structure with Marc J. Randazza of Randazza Legal Group on this first call. Marc J. Randazza of Randazza Legal Group asked Defendant Crystal Cox for all her files on Oregon Case Obsidian Finance Group v. Crystal Cox ( District of Oregon CASE #: 3:11-cv-00057-HZ ). Defendant Crystal Cox and Marc J. Randazza of Randazza Legal Group talked strategy and Marc J. Randazza of Randazza Legal Group told Defendant Crystal Cox that maybe it was best for all bloggers, citizen journalists and Federal Shield Law Lobbying if she did not appeal.

Marc J. Randazza of Randazza Legal Group left the call with asking for ALL files to be sent to him, and said he would see what he could do and get back to Defendant Crystal Cox.

After this Conference Call Defendant Crystal Cox eMailed Marc J. Randazza of Randazza Legal Group Documents, and information in order to represent her in negotiations.

The Following week, UCLA Professor, Attorney Eugene Volokh called me and told me to let him know if he can be of any help to Marc Randazza. He told me that Marc Randazza had negotiated a deal with the plaintiff on my behalf or was in negotiations and to let him know if his help was needed. UCLA Professor, Attorney Eugene Volokh told me that Marc Randazza of Randazza Legal Group told him and other members of the First Amendment Bar that he represented me, Defendant Crystal Cox. And it seemed that Eugene Volokh called Marc Randazza of Randazza Legal Group to offer any assistance he could to this massively important First Amendment Case, because he had heard through the First Amendment Bar that Marc Randazza of Randazza Legal Group was representing me.  On this call apparently, Marc Randazza of Randazza Legal Group told Eugene Volokh that he had been negotiating with David S. Aman Attorney for Plaintiff Kevin D. Padrick and Obsidian Finance Group. And that he indeed did represent me, Defendant Crystal Cox.

UCLA Professor, Attorney Eugene Volokh contacted me and told me to let him know if Marc Randazza of Randazza Legal Group needed any assistance with negotiations regarding my case. He then told me that Marc Randazza told him he was negotiating a deal with the Plaintiff, and to let him know if he could be of assistance. I, Defendant Crystal Cox was very surprised at this, as Marc Randazza of Randazza Legal Group had not told me of the details of the deal he was negotiating on my behalf. So, due to my Attorney not discussing matters with me BEFORE negotiating a deal on my alleged behalf, I FIRED HIM, as eMails Show. Marc Randazza of Randazza Legal Group, my Attorney, disrespected me, treated me badly and therefore I FIRED Him. He has Retaliated Ever Since.

Exhibits show Marc Randazza admitted to negotiating a deal. Exhibits show Marc Randazza saying he represented me, and yet Judge Gloria M. Navvaro allows Marc Randazza of Randazza Legal Group, Plaintiff in Randazza V. Cox to Sue his own client in a Total Conflict of Interest.

Judge Gloria M. Navvaro knows that Marc Randazza has violated my Rights at every turn, and for over a year. Yet Judge Gloria M. Navvaro protects Attorney Marc Randazza of Randazza Legal Group.

Marc Randazza of Randazza Legal Group Violated Attorney Client Privileges. Marc Randazza of Randazza Legal Group is conflicted and yet xxx allows Co-Conspirator / Counter Defendant Ronald D. Green to represent Marc Randazza of Randazza Legal Group, who is his boss, this is a MASSIVE Conflict of interest.

## Attorney Conduct Code

(a) "Differing interests" include every interest that will adversely affect either the judgment or the loyalty of a lawyer to a client, whether it be a conflicting, inconsistent, diverse, or other interest.

CANON 5. A Lawyer Should Exercise Independent Professional Judgment on Behalf of a Client

DR 5-101 [1200.20] Conflicts of Interest - Lawyer's Own Interests.
DR 5-102 [1200.21] Lawyers as Witnesses.
DR 5-103 [1200.22] Avoiding Acquisition of Interest in Litigation.
DR 5-104 [1200.23] Transactions Between Lawyer and Client.
DR 5-105 [1200.24] Conflict of Interest; Simultaneous Representation.
DR 5-108 [1200.27] Conflict of Interest - Former Client.

CANON 6. A Lawyer Should Represent a Client Competently

CANON 7. A Lawyer Should Represent a Client Zealously Within the Bounds of the Law

DR 7-102 [1200.33] Representing a Client Within the Bounds of the Law.
DR 7-110 [1200.41] Contact with Officials.
DR 8-101 [1200.42] Action as a Public Official.
DR 8-103 [1200.44] Lawyer Candidate for Judicial Office.
A. A lawyer who is a candidate for judicial office shall comply with section 100.5 of the Chief Administrator's Rules Governing Judicial
Conduct (22 NYCRR) and Canon 5 of the Code of Judicial Conduct.
CANON 9. A Lawyer Should Avoid Even the Appearance of Professional Impropriety
DR 9-101 [1200.45] Avoiding Even the Appearance of Impropriety.

**Regarding Judicial Cannons and Refusing to Admit or Deny Conflict**

ARTICLE 200 BRIBERY INVOLVING PUBLIC SERVANTS AND RELATED OFFENSES

S 200.03 Bribery in the second degree
S 200.04 Bribery in the first degree
S 200.05 Bribery; defense
S 200.10 Bribe receiving in the third degree
S 200.11 Bribe receiving in the second degree
S 200.12 Bribe receiving in the first degree
S 200.15 Bribe receiving; no defense
S 200.20 Rewarding official misconduct in the second degree
S 200.22 Rewarding official misconduct in the first degree S 200.25 Receiving reward for official misconduct in the second degree


S 200.27 Receiving reward for official misconduct in the first degree
S 200.30 Giving unlawful gratuities
S 200.35 Receiving unlawful gratuities
S 200.40 Bribe giving and bribe receiving for public office; definition of term

S 200.45 Bribe giving for public office
S 200.50 Bribe receiving for public office

**ARTICLE 175 OFFENSES INVOLVING FALSE WRITTEN STATEMENTS**
S 175.05 Falsifying business records in the second degree. S 175.10 Falsifying business records in the first degree.
S 175.15 Falsifying business records; defense
S 175.20 Tampering with public records in the second degree
S 175.25 Tampering with public records in the first degree
S 175.30 Offering a false instrument for filing in the second degree
S 175.35 Offering a false instrument for filing in the first degree
NY Constitution ARTICLE XIII Public Officers

Public Officers - Public Officers ARTICLE 1
ARTICLE 2 Appointment and Qualification of Public Officers - ARTICLE 15 ATTORNEYS AND COUNSELORS
S 468-b. Clients` security fund of the state of New York
S 476-a. Action for unlawful practice of the law
S 476-b. Injunction to restrain defendant from unlawful practice of the law
S 476-c. Investigation by the attorney-general
S 487. Misconduct by attorneys
S 488. Buying demands on which to bring an action.

Public Officers Law SEC 73 Restrictions on the Activities Of Current and Former State Officers and Employees

Public Officers Law SEC 74 Code of Ethics
Conflicts of Interest Law, found in Chapter 68 of the New York City Charter, the City's Financial Disclosure Law, set forth in section 12-110 of the New York City Administrative Code, and the Lobbyist Gift Law, found in sections 3-224 through 3-228 of the Administrative Code.

TITLE 18 FEDERAL CODE & OTHER APPLICABLE FEDERAL LAW
Title 18 U.S.C. § 4. Misprision of felony. Whoever, having knowledge of the actual commission of a felony cognizable by a court of the United States, conceals and does not as soon as possible make known the same to some judge or other person in civil or military authority under the United States, shall be fined under this title or imprisoned not more than three years, or both.

A federal judge, or any other government official, is required as part of the judge's mandatory administrative duties, to receive any offer of information of a federal crime. If that judge blocks such report, that block is a felony under related obstruction of justice statutes, and constitutes a serious offense.

Upon receiving such information, the judge is then required to make it known to a government law enforcement body that is not themselves involved in the federal crime.

Title 28 U.S.C. § 1361. Action to compel an officer of the United States to perform his duty. The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff.

This federal statute permits any citizen to file a lawsuit in the federal courts to obtain a court order requiring a federal official to perform a mandatory duty and to halt unlawful acts. This statute is Title 28 U.S.C. § 1361.

**FRAUD on the COURT**
In the United States, when an officer of the court is found to have fraudulently presented facts to court so that the court is impaired in the impartial performance of its legal task, the act, known as "fraud upon the court", is a crime deemed so severe and fundamentally opposed to the operation of justice that it is not subject to any statute of limitation.

Officers of the court include: Lawyers, Judges, Referees, and those appointed; Guardian Ad Litem, Parenting Time Expeditors, Mediators, Rule 114 Neutrals, Evaluators, Administrators, special appointees, and any others whose influence are part of the judicial mechanism.

"Fraud upon the court" has been defined by the 7th Circuit Court of Appeals to "embrace that species of fraud which does, or attempts to, defile the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery can not perform in the usual manner its impartial task of adjudging cases that are presented for adjudication". Kenner v. C.I.R., 387 F.3d 689 (1968); 7 Moore's Federal Practice, 2d ed., p. 512, ¶ 60.23

In Bulloch v. United States, 763 F.2d 1115, 1121 (10th Cir. 1985), the court stated "Fraud upon the court is fraud which is directed to the judicial machinery itself and is not fraud between the parties or fraudulent documents, false statements or perjury. ... It is where the court or a member is corrupted or influenced or influence is attempted or where the judge has not performed his judicial function --- thus where the impartial functions of the court have been directly corrupted."

What effect does an act of "fraud upon the court" have upon the court proceeding? "Fraud upon the court" makes void the orders and judgments of that court.

## Judicial Cannons

**What causes the "Disqualification of Judges?"**

Federal law requires the **automatic disqualification of a Federal judge** under certain circumstances.

In 1994, the U.S. Supreme Court held that "Disqualification is required if an objective observer would entertain reasonable questions about the judge's impartiality. If a judge's attitude or state of mind leads a detached observer to conclude that a fair and impartial hearing is unlikely, the judge must be disqualified." [Emphasis added]. Liteky v. U.S., 114 S.Ct. 1147, 1162 (1994).

Courts have repeatedly held that positive proof of the partiality of a judge is not a requirement, only the appearance of partiality. Liljeberg v. Health Services Acquisition Corp., 486 U.S. 847, 108 S.Ct. 2194 (1988) (what matters is not the reality of bias or prejudice but its appearance); United States v. Balistrieri, 779 F.2d 1191 (7th Cir. 1985) (Section 455(a) "is directed against the appearance of partiality, whether or not the judge is actually biased.") ("Section 455(a) of the Judicial Code, 28 U.S.C. §455(a), is not intended to protect litigants from actual bias in their judge but rather to promote public confidence in the impartiality of the judicial process.").

That Court also stated that Section 455(a) "requires a judge to recuse himself in any proceeding in which her impartiality might reasonably be questioned." Taylor v. O'Grady, 888 F.2d 1189 (7th Cir. 1989). In Pfizer Inc. v. Lord, 456 F.2d 532 (8th Cir. 1972), the Court stated that "It is important that the litigant not only actually receive justice, but that he believes that he has received justice."

The Supreme Court has ruled and has reaffirmed the principle that "justice must satisfy the appearance of justice", Levine v. United States, 362 U.S. 610, 80 S.Ct. 1038 (1960), citing Offutt v. United States, 348 U.S. 11, 14, 75 S.Ct. 11, 13 (1954). A judge receiving a bribe from an interested party over which he is presiding, does not give the appearance of justice.

"Recusal under Section 455 is self-executing; a party need not file affidavits in support of recusal and the judge is obligated to recuse herself sua sponte under the stated circumstances." Taylor v. O'Grady, 888 F.2d 1189 (7th Cir. 1989).

Further, the judge has a legal duty to disqualify himself even if there is no motion asking for his disqualification. The Seventh Circuit Court of Appeals further stated that "We think that this language [455(a)] imposes a duty on the judge to act sua sponte, even if no motion or affidavit is filed." Balistrieri, at 1202.

Judges do not have discretion not to disqualify themselves. By law, they are bound to follow the law. Should a judge not disqualify himself as required by law, then the judge has given another example of his "appearance of partiality" which, possibly, further disqualifies the judge. Should another judge not accept the disqualification of the judge, then the second judge has evidenced an "appearance of partiality" and has possibly disqualified himself/herself. None of the orders issued by any judge who has been disqualified by law would appear to be valid. It would appear that they are void as a matter of law, and are of no legal force or effect.

**Should a judge not disqualify himself, then the judge is violation of the Due Process Clause of the U.S. Constitution. United States v. Sciuto,** 521 F.2d 842, 845 (7th Cir. 1996) ("The right to a tribunal free from bias or prejudice is based, not on section 144, but on the Due Process Clause.").

Should a judge issue any order after he has been disqualified by law, and if the party has been denied of any of his / her property, then the judge may have been engaged in the Federal Crime of "interference with interstate commerce". The judge has acted in the judge's personal capacity and not in the judge's judicial capacity. It has been said that this judge, acting in this manner, has no more lawful authority than someone's next-door neighbor (provided that he is not a judge). However some judges may not follow the law.

If you were a non-represented litigant, and should the court not follow the law as to non-represented litigants, then the judge has expressed an "appearance of partiality" and, under the law, it would seem that he/she has disqualified him/herself.

However, since not all judges keep up to date in the law, and since not all judges follow the law, it is possible that a judge may not know the ruling of the U.S. Supreme Court and the other courts on this subject. Notice that it states "disqualification is required" and that a judge "must be disqualified" under certain circumstances.

The Supreme Court has also held that if a judge wars against the Constitution, or if he acts without jurisdiction, he has engaged in treason to the Constitution. If a judge acts after he has been automatically disqualified by law, then he is acting without jurisdiction, and that suggest that he is then engaging in criminal acts of treason, and may be engaged in extortion and the interference with interstate commerce.

Courts have repeatedly ruled that judges have no immunity for their criminal acts. Since both treason and the interference with interstate commerce are criminal acts, no judge has immunity to engage in such acts.

Canon 1. A Judge Should Uphold the Integrity and Independence of the Judiciary
[1.1] Deference to the judgments and rulings of courts depends upon public confidence in the integrity and independence of judges.

The integrity and independence of judges depends in turn upon their acting without fear or favor. Although judges should be independent, they must comply with the law, including the provisions of this Code. Public confidence in the impartiality of the judiciary is maintained by the adherence of each judge to this responsibility. Conversely, violation of this Code diminishes public confidence in the judiciary and thereby does injury to the system of government under law.

Canon 2. A Judge Should Avoid Impropriety and the Appearance of Impropriety in All Activities
(A) A judge shall respect and comply with the law and shall act at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary.

[2.2][2A] The prohibition against behaving with impropriety or the appearance of impropriety applies to both the professional and personal conduct of a judge. Because it is not practicable to list all prohibited acts, the proscription is necessarily cast in general terms that extend to conduct by judges that is harmful although not specifically mentioned in the Code. Actual improprieties under this standard include violations of law, court rules or other specific provisions of this Code. The test for appearance of impropriety is whether the conduct would create in reasonable minds a perception that the judge's ability to carry out judicial responsibilities with integrity, impartiality and competence is impaired.

Canon 3. A Judge Should Perform the Duties of the Office Impartially and Diligently

(B) Adjudicative responsibilities.

(l) A judge shall be faithful to the law and maintain professional competence in it. A judge shall not be swayed by partisan interests, public clamor or fear of criticism.

(2) A judge shall require order and decorum in proceedings before the judge.

(D) **Disciplinary responsibilities.**

(1) A judge who receives information indicating a substantial likelihood that another judge has committed a substantial violation of this Part shall take appropriate action.

(2) A judge who receives information indicating a substantial likelihood that **a lawyer has committed a substantial violation of the Code of Professional Responsibility shall take appropriate action.**

(3) Acts of a judge in the discharge of disciplinary responsibilities are part of a judge's judicial duties.

### (E) Disqualification.

(1) A judge shall disqualify himself or herself in a proceeding in which the judge's impartiality might reasonably be questioned [3.11][3B(6)(e)] A judge may delegate the responsibilities of the judge under Canon 3B(6) to a member of the judge's staff. A judge must make reasonable efforts, including the provision of appropriate supervision, to ensure that Section 3B(6) is not violated through law clerks or other personnel on the judge's staff. This provision does not prohibit the judge or the judge's law clerk from informing all parties individually of scheduling or administrative decisions.

[3.21][3E(1)] Under this rule, a judge is disqualified whenever the judge's impartiality might reasonably be questioned, regardless whether any of the specific rules in Section 3E(1) apply. For example, if a judge were in the process of negotiating for employment with a law firm, the judge would be disqualified from any matters in which that firm appeared, unless the disqualification was waived by the parties after disclosure by the judge.

[3.22][3E(1)] A judge should disclose on the record information that the judge believes the parties or their lawyers might consider relevant to the question of disqualification, even if the judge believes there is no real basis for disqualification.

Canon 4. A Judge May Engage in Extra-Judicial Activities To Improve the Law, the Legal System, and the Administration of Justice

Canon 5. A Judge Should Regulate Extra-Judicial Activities To Minimize the Risk of Conflict with Judicial Duties

I, Pro Se Defendant / Counter Plaintiff Crystal Cox Demand Disqualification of the Judge Judge Gloria M. Navvaro

Respectfully Submitted by
Pro Se Defendant / Counter Plaintiff Crystal Cox

# CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was filed using this Court's CM/ECF system **On January 17th 2013** and a copy emailed Randazza Legal Group at eMail rdg@randazza.com and lmt@randazza.com

Respectfully Submitted
Pro Se Defendant
Crystal L. Cox
**Case 2:12-cv-02040-GMN-PAL**