Crystal L. Cox
Pro Se Defendant / Pro Se Counter Plaintiff
Case 2:12-cv-02040-GMN-PAL
SavvyBroker@Yahoo.com

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA
**Case 2:12-cv-02040-GMN-PAL**

Plaintiff,  Counter Defendant Marc J. Randazza /

Motion Plaintiff / Counter Defendant Marc J. Randazza, Ronald D. Green
and Randazza Legal Group Seek Outside Counsel.
AND
Declaration Regarding Plaintiff Marc J. Randazza
VIOLATING the RIghts of his Former Client Defendant Crystal Cox,
Malpractice Disclosure to Randazza Legal Group Liability Carriers.

**v.**

**Defendant Crystal Cox and Defendant Eliot Bernstein**

Pro Se Defendant / Pro Se Counter Plaintiff Crystal Cox requests this court to order Plaintiff /
Counter Defendant Marc J. Randazza, Ronald D. Green, Counter Defendant J. Malcom DeVoy
and Counter Defendant  Randazza Legal Group to Seek Outside Counsel, Independent Counsel
in Randazza V. Cox and Counter Claim Cox Vs. Counter Defendants.

Pro Se Defendant / Pro Se Counter Plaintiff Crystal Cox Declaration Regarding Plaintiff Marc J.
Randazza VIOLATING the Rights of his Former Client Defendant Crystal Cox, and requesting
this court notify authorities of Plaintiff Marc J. Randazza's unlawful unethical actions.

Pro Se Defendant / Pro Se Counter Plaintiff Crystal Cox request this court to order Plaintiff /
Counter Defendant Marc J. Randazza and Counter Defendant Randazza Legal Group to notify
Randazza Legal Group Liability Carriers, Malpractice Insurance Providers of pending litigation
and seek outside counsel.

Plaintiff / Counter Defendant Marc Randazza and Counter Defendant Randazza Legal Group, Counter Defendant Ronald D. Green, Counter Defendant J. Malcom DeVoy and Marc J. Randazza must by law, seek outside, independent counsel in Case 2:12-cv-02040-GMN-PAL against Pro Se Defendant / Pro Se Counter Plaintiff Crystal L. Cox.

Pro Se Defendant / Pro Se Counter Plaintiff Crystal L. Cox requests this court to order Plaintiff / Counter Defendant Marc Randazza and Counter Defendant Randazza Legal Group, Ronald D. Green and Marc J. Randazza to seek outside counsel.

**ALL Details of this Motion are Written Upon Belief and Knowledge of Pro Se Defendant / Pro Se Counter Plaintiff Crystal L. Cox in It's Entirety.**

### Randazza V. Cox is a SLAPP lawsuit designed to silence, suppress, intimidage and remove the Investigative Blogs of Pro Se Defendant / Pro Se Counter Plaintiff Crystal L. Cox exposing the iViewit Technology Theft and the Involvement of Plaintiff / Counter Defendant Marc Randazza's Clients and Co-Conspirators in the iViewit Technology Theft.

Randazza V. Cox, District of Nevada Case 2:12-cv-02040-GMN-PAL is a SLAPP lawsuit designed to Intimidate, Harass, Defame, Discredit, Threaten, Pro Se Defendant / Pro Se Counter Plaintiff Crystal L. Cox to STOP her Ninth Circuit Appeal of Obsidian V. Cox and STOP Pro Se Defendant / Pro Se Counter Plaintiff Crystal L. Cox speaking out about Plaintiff / Counter Defendant Marc Randazza.

Randazza V. Cox, District of Nevada Case 2:12-cv-02040-GMN-PAL is a SLAPP lawsuit designed to also expose, intimidate, harass, and threaten Pro Se Defendant / Pro Se Counter Plaintiff Crystal L. Cox's sources.

Randazza V. Cox is a Meritless Lawsuit with the Purpose of harassing and intimidating Pro Se Defendant / Pro Se Counter Plaintiff Crystal L. Cox and Defendant Eliot Bernstein and with the specific purpose of chilling protected expression and the blogs of Investigative Blogger Crystal Cox exposing the biggest technology crime in the world and the documented FACT that Counter Defendant / Plaintiff Marc Randazza's clients are infringing on the iViewit Technology, estimated to be valued at 13 Trillion Dollars.

Counter Defendant / Plaintiff Marc Randazza, in conspiracy with Judge Gloria Navvaro, WIPO, Godaddy, Ronald D. Green and other Co-Conspirators and Counter Defendants have seized massive blogs exposing the iViewit Technology theft, have diverted thousands of blogs posts, deleted massive blogs and content, and ALL to protect Counter Defendant / Plaintiff Marc Randazza's clients and co-conspirators in their active and ongoing infringement on the iViewit Video Technology, one of the inventors being Defendant Eliot Bernstein, Founder of iViewit Technologies.

Randazza V. Cox, District of Nevada Case 2:12-cv-02040-GMN-PAL is a Lawsuit filed by a vengeful ex-Attorney for a Client Exposing his business tactics, how he treats his clients and the Fact that his clients Liberty Media Holdings and ALL their "Companies", John C. Malone, Corbin Fisher, and other Clients, Co-Conspirators and Counter Defendants are infringing on the iViewit Video Technology and have been for over a decade, thereby owing Defendant Eliot Bernstein, Founder

This Randazza V. Cox Case and the unconstitutional Preliminary Injunction issued by Judge Gloria Navarro whom refuses to admit or deny conflict and refuse to remove herself, disqualify herself from This Randazza V. Cox Case,  is a Violation the Bill of Rights Due Process Clause, regarding the Rights of Pro Se Defendant / Pro Se Counter Plaintiff Crystal L. Cox and Defendant Eliot Bernstein, Founder of iViewit Technologies.


**<u>Pro Se Defendant / Pro Se Counter Plaintiff Crystal L. Cox  Specifically Invokes Nevada Retraction Laws, NRS §41.336(2). NRS §41.337. and ALL Nevada Retraction Laws in her Defense and as Reason to RULE in Favor of Counter Plaintiff Crystal Cox in a Summary Judgement Immediately.</u>**

Plaintiff / Counter Defendant Marc Randazza gave **no "Remedy"** to Pro Se Defendant / Pro Se Counter Plaintiff Crystal L. Cox or to Defendant Eliot Bernstein and thereby further violated the lawful and constitutional rights of Pro Se Defendant / Pro Se Counter Plaintiff Crystal L. Cox and Defendant Eliot Bernstein, Founder of iViewit Technologies.

Plaintiff / Counter Defendant Marc Randazza did not ask for a retraction, nor give proof that anything Pro Se Defendant / Pro Se Counter Plaintiff Crystal L. Cox posted was inaccurate or Defamatory. Plaintiff / Counter Defendant Marc Randazza simply committed fraud on the court and the court denied due process to Pro Se Defendant / Pro Se Counter Plaintiff Crystal L. Cox and Defendant Eliot Bernstein Violated the Constitutional Rights of Pro Se Defendant / Pro Se Counter Plaintiff Crystal L. Cox and Defendant Eliot Bernstein, and acted in Criminal and Civil Conspiracy with Plaintiff / Counter Defendant Marc Randazza to do so.

Plaintiff / Counter Defendant Marc Randazza side steps the Nevada Laws and SEIZING Massive Content, Removes Blogs, Steals Intellectual Property and then brags about it on his "Legal Commentary" blog.

Randazza V. Cox, District of Nevada Case 2:12-cv-02040-GMN-PAL is a Defamation Lawsuit, though in Plaintiff / Counter Defendant Marc Randazza's original complaint he says, Page 4 Line 20 thru 24,

"11. It is important to note that this lawsuit is not about defamation nor about Ms. Cox expressing her opinions.  Cox has every right to express her opinions.  However, she does not have the right to do so in a manner which is contrary to Title 15's mandates, nor does she have the right to do so in a manner that is harassing or invasive.  Cox posting her opinion on <crystalcox.com> is just fine. "

**Yet in Document 48** of Randazza v. Cox, where Plaintiff / Counter Defendant Marc Randazza is asking the court to violated Pro Se Defendant / Pro Se Counter Plaintiff Crystal L. Cox and Defendant Eliot Bernstein rights yet again by simply rejecting Pro Se Defendant / Pro Se Counter Plaintiff Crystal L. Cox's complaint answer and counter complaint, in a Motion Called: PLAINTIFFS' MOTION TO STRIKE DEFENDANT CRYSTAL COX'S COUNTERCLAIMS AND ANSWER PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(f), OR, IN THE ALTERNATIVE, MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6), Plaintiff / Counter Defendant Marc Randazza via Co-Conspirator / Counter Defendant Ronald D. Green, Ex-Attorney for Co-Conspirator / Counter Defendant Greenberg Traurig, is quoted as saying,

**Page 2 Line 4 Says,**
"part of her plan to further defame and harass her victims"

So now Plaintiff / Counter Defendant Marc Randazza is claiming to be a victim defamed and harassed when really Pro Se Defendant / Pro Se Counter Plaintiff Crystal L. Cox is an Investigative Blogger / Online Media and those companies and individuals that Plaintiff / Counter Defendant Marc Randazza via Co-Conspirator / Counter Defendant Ronald D. Green claims to be "victims" are really companies, ceo's, individuals, trustees, officials, businesses and people that Media Defendant Crystal Cox is **"reporting on",** not defaming and harassing. However, this does prove, yet again that Randazza v. Cox a lawsuit whereby Plaintiff / Counter Defendant Marc Randazza is claiming that Pro Se Defendant / Pro Se Counter Plaintiff Crystal L. Cox and Defendant Eliot Bernstein have defamed him and therefore he wants to Steal, SEIZE all blogs and domain names and to STRIKE all answer that oppose him or counter claims that expose Plaintiff / Counter Defendant Marc Randazza or his clients and co-conspirators.

Plaintiff / Counter Defendant Marc Randazza filed an unconstitutional SLAPP lawsuit against Pro Se Defendant / Pro Se Counter Plaintiff Crystal L. Cox and Defendant Eliot Bernstein and then accuse Pro Se Defendant / Pro Se Counter Plaintiff Crystal L. Cox of using her complaint answer to defame him further?

Plaintiff / Counter Defendant Marc Randazza has used his complaint to harass Pro Se Defendant / Pro Se Counter Plaintiff Crystal L. Cox and Defendant Eliot Bernstein, defame EEe and to violate the Constitutional and Property Rights of Pro Se Defendant / Pro Se Counter Plaintiff Crystal L. Cox and Defendant Eliot Bernstein.

Plaintiff / Counter Defendant Marc Randazza used his gang stalking attorneys, and other "media" to highly publicize Randazza V. Cox, District of Nevada Case 2:12-cv-02040-GMN-PAL all over the Internet and in all manner of media and "Legal Commentary" yet Plaintiff / Counter Defendant Marc Randazza failed to, at that time even attempt to serve Pro Se Defendant / Pro Se Counter Plaintiff Crystal L. Cox or Defendant Eliot Bernstein with this complaint.

Plaintiff / Counter Defendant Marc Randazza simply filed the complaint then bragged about it, publicized it and defamed defendants, made a mockery of defendants and all the while had not even notified them of the lawsuit. I, Pro Se Defendant / Pro Se Counter Plaintiff Crystal L. Cox had to contact the court to serve myself so that I could defend myself and now Co-Conspirator / Counter Defendant Ronald D. Green Attorney for his Boss, Plaintiff / Counter Defendant Marc Randazza wants the court to simply STRIKE my Response, my Answer and my Counter Claim.

TO my, Pro Se Defendant / Pro Se Counter Plaintiff Crystal L. Cox's knowledge, Defendant Eliot Bernstein has still not been served District of Nevada Case 2:12-cv-02040-GMN-PA.

Upon Knowledge and Belief, Plaintiff / Counter Defendant Marc Randazza and Co-Conspirator / Counter Defendant Ronald D. Green wishes to take away all Pro Se Defendant / Pro Se Counter Plaintiff Crystal L. Cox and Defendant Eliot Bernstein blogs, seize the constitutional rights of Pro Se Defendant / Pro Se Counter Plaintiff Crystal L. Cox and to suppress information regarding the iViewit Technology, worth 13 Trillion Dollars.

Upon Knowledge and Belief, Co-Conspirator / Counter Defendant Ronald D. Green Attorney for his Boss, Plaintiff / Counter Defendant Marc Randazza privately met with, conspired with, counter defendant Judge Gloria Navarro regarding a docket change, without the consultation of Pro Se Defendant / Pro Se Counter Plaintiff Crystal L. Cox. This Nevada Court removed 100's of descriptions of Exhibits from the docket, without a word of explanation to Pro Se Defendant / Pro Se Counter Plaintiff Crystal L. Cox and in conspiracy with Plaintiff / Counter Defendant Marc Randazza and Co-Conspirator / Counter Defendant Ronald D. Green.

**Under Nevada Law, a defamation plaintiff may recover no more than special damages unless a proper retraction demand has been made on the publisher and a retraction has been refused. In order to provide that protection the retraction must be published within twenty days from receipt of the demand. NRS §41.331, et seq.**

In Nevada Law regarding retractions, generally, the person making the demand should tell you what was said, why it is defamatory, what the true facts are, and how, when, and where they want a retraction published. NRS §41.336(2). NRS §41.337.

Plaintiff / Counter Defendant Marc Randazza was awarded way more than "Special Damages" by Counter Defendant / Co-Conspirator Judge Gloria Navarro. Plaintiff / Counter Defendant Marc Randazza SEIZED / Was Awarded massive blogs, domain names, and thereby removed thousands of links and blog posts in one sweep of an illegal, unethical Preliminary Injunction.

This action, this fraud on the court, and Violation of the Civil Rights, Constitutional Rights and Legal Rights of Pro Se Defendant / Pro Se Counter Plaintiff Crystal L. Cox and Defendant Eliot Bernstein cannot be undone. These blogs and connected posts  took years to build, these domain names and connected blogs, this online media network took over $750,000 and 10 years to build, built by Pro Se Defendant / Pro Se Counter Plaintiff Crystal L. Cox and her Business Partner.

Upon Knowledge and Belief, This action, this fraud on the court and Violation of the Civil Rights, Constitutional Rights and Legal Rights of Pro Se Defendant / Pro Se Counter Plaintiff Crystal L. Cox and Defendant Eliot Bernstein not only has done damage to a massive online media network, interconnected to thousands of blogs and hundred of blog posts by Media Defendant / Pro Se Defendant / Pro Se Counter Plaintiff Crystal L. Cox, but this court action has removed links, content, blogs that exposed the biggest Technology Theft in the World, the iViewit Technology, whereby Defendant Eliot Bernstein is one of the Inventors, and which is estimated to be a 13 Trillion Dollar Technology. This fraud on the court has harmed federal investigations, patent investigations, and interred with Multi-Billion Dollar Settlement Negotiations. This damage cannot be undone.

Yet this Nevada Court orders a Bond of 100 Dollars per domain name and values the life's work, livelihood, intellectual property, quality of life, of Pro Se Defendant / Pro Se Counter Plaintiff Crystal L. Cox and Defendant Eliot Bernstein as 100 Dollars per domain name. And if this is not unlawful, unconstitutional, violating is not enough, in Civil and Criminal Conspiracy, Godaddy Inc., Bob Parsons does NOT lock the Domain Names, instead Godaddy moves the Domain Names to the account of Plaintiff / Counter Defendant Marc Randazza and does not LOCK the Servers, therefore thousands of incoming links NOW redirect to ONE Blog Post on Plaintiff / Counter Defendant Marc Randazza's blog, a blog post slamming, defaming, threatening, painting in false light and criminally endangering Pro Se Defendant / Pro Se Counter Plaintiff Crystal L. Cox and Defendant Eliot Bernstein.

**MarcRandazza.me** was one of these Domain Names SEIZED by Plaintiff / Counter Defendant Marc Randazza with no Due Process to Pro Se Defendant / Pro Se Counter Plaintiff Crystal L. Cox and Defendant Eliot Bernstein and no First Amendment Adjudication.

MarcRandazza.me was purchased by Pro Se Defendant / Pro Se Counter Plaintiff Crystal L. Cox as a Parody, making fun of Plaintiff / Counter Defendant Marc Randazza. MarcRandazza.me was never a blog, MarcRandazza.me has made ad revenue by Godaddy yet in a fraud on the court RRR claims that Pro Se Defendant / Pro Se Counter Plaintiff Crystal L. Cox made the ad revenue.  This domain name was SEIZED, Stolen.

**MarcRandazza.me** and the "taboo" domain were both parked at Godaddy and never had blogs. Godaddy Inc., Bob Parsons had ads on the parked pages yet Plaintiff / Counter Defendant Marc Randazza claims that Pro Se Defendant / Pro Se Counter Plaintiff Crystal L. Cox did, knowing full well that Crystal Cox was not the one receiving ad dollars. Plaintiff / Counter Defendant Marc Randazza, with actual malice committed fraud on the court and lied regarding Pro Se Defendant / Pro Se Counter Plaintiff Crystal L. Cox and domain names at Godaddy.

Godaddy Inc., Bob Parsons has Pattern and History in freely placing ads on Trademarked Parked Domain Names Godaddy Inc., Bob Parsons are IMMUNE from Legal Action and are able to make ad revenue hand over fist on trade names, trademarked names in a domain name, yet Godaddy Clients, Customers and Domainers are SUED by Attorneys such as Plaintiff / Counter Defendant Marc Randazza.

When a company, say, for example Walmart of Ford, or an Association Say, such as "Realtor" issue a cease and desist or sue a Godaddy Clients, Customers and Domainers for Trademark Infringement, they are satisfied as long as the Godaddy Clients, Customers and Domainers moves the Domain Name to a parked page, vs a blog. They deem the blog or website as stealing their traffic and redirecting their business, however, these companies such as Ford, Walmart, Realtors, as in the example, have no issue with Godaddy Inc., Bob Parsons making that ad dollar revenue of their good name, their trademarked name. This is unlawful, hypocritical, discriminating, unconstitutional and a violation of the legal rights of the Godaddy Clients, Customers and Domainers.

Pro Se Defendant / Pro Se Counter Plaintiff Crystal L. Cox and business partner have been Godaddy Customers since 2005, for years having over 5000 domain names. We have executive account manager, received gifts from Godaddy and constant calls. YET, when an unlawful, bully, hypocritical attorney such as Plaintiff / Counter Defendant Marc Randazza sues someone like us, a valuable Godaddy Client, Godaddy Inc., Bob Parsons not only sticks up for the attorney, Godaddy Inc., Bob Parsons breaks the laws and UDRP rules in changing servers and violating rights, conspiring with that attorney and against their own clients.

Godaddy sends emails trying to get you to buy domains, yes even trademarked names and names of OTHER PEOPLE. Godaddy gets ad dollars from parked domains even when a

domainer is renew them, why? Because Godaddy is "Allowed" to make ad dollar money from PARKED, Trademarked Domain Names but Domainers are NOT.

Godaddy Inc., Bob Parson has been at this racketeering game for Years. Pro Se Defendant / Pro Se Counter Plaintiff Crystal L. Cox will soon be naming Godaddy, Bob Parson, WIPO, Peter L. Michaelson, along with Plaintiff / Counter Defendant Marc Randazza and other co-conspirators and counter defendants in a Federal RICO Complaint, a Criminal Complaint to the Attorney General and reporting to all authorities the activities of Godaddy, Bob Parson, WIPO, Peter L. Michaelson, along with Plaintiff / Counter Defendant Marc Randazza and other co-conspirators and counter defendants.

Godaddy Inc., Bob Parson woos their clients at trade shows, sends them special gifts, emails offer non stop. And the biggest Godaddy Clients such as Investigative Blogger Defendant Crystal Cox, when our Domain Names are STOLEN, Godaddy conspires with the Intellectual Property Thieves and violates the rights of long term Godaddy Clients.

Godaddy Inc. lets' buyers spend money on Trademarked Domain Names, and Godaddy Inc. Gives no refund. When Companies such as WALMART and Association such as REALTOR, send a Domainer a cease and desist, they are satisfied if the name is PARKED. Thing is the Domainer PAID for the Domain Names, renewed the Domain Name, Got the Domain Name found in the Search Engines and Godaddy GOT the Revenue from the PARKED Domain Names.

The Courts, WIPO, ICANN, they all side with the Trademark Owner, and AGAINST the Smart, Internet Savvy Domainer. So the Domainer pays for the Domain Name, Gets the Domain Name in the Search, then pays to litigated the loss of the Domain Name and GODADDY gets all the MONEY with NO Liability, EVEN though GODADDY is the One Selling Trademarked Domain Names. Godaddy Auctions Sell Trademarked Names, Domain Name Leasing Sites  Lease Trademarked Names and godaddy makes ad Dollars from the ads on the domain names, even the Trademarked ONES.

**Randazza V. Cox, District of Nevada Case 2:12-cv-02040-GMN-PA, is a fraud on the court using gang stalkers, lawyers who blog in a way to help each others "cases" succeed in who they deem should be the "WINNER".**

Judges, such as Judge Gloria Navarro, as seen in the Preliminary Injunction Documents of Randazza v. Cox, call the blog posts of these gang stalking attorneys "legal commentary", then the posts are used to discredit Defendants (Victims), and used to steal intellectual property, chill free speech, violate intellectual property rights, violate first amendment rights, get BIG Settlements for Copyright Trolls, tamper with evidence, interfere with cases and all in the name of the Law and Justice and paid for by Public Tax Dollars.

Upon Knowledge and Belief, Randazza V. Cox, District of Nevada Case 2:12-cv-02040-GMN-PA pretends to be a lawsuit about Trademark issues, but that is yet another Fraud on the Court as Counter Defendant / Plaintiff Marc Randazza has no Trademark on Marc Randazza and the other defendants do not have Trademark's either. This is a Fraud on the Court, as Randazza V. Cox, District of Nevada Case 2:12-cv-02040-GMN-PA is really a Defamation Lawsuit brought on by a mad, revengeful, threatening, intimidating, unethical attorney attacking his ex-client, suppressing free speech and protecting current clients from 100 of Billions in Judgement Costs over the infringement of the iViewit Technology.

Counter Defendant / Plaintiff Marc Randazza has many advertising campaigns, blogs, letterheads, law cases, news appearances, pr blogs, and more that make him out to be a Constitutional Rights Lawyer, a Free Speech Lawyer, a Friend to Domainers, Against SLAPP Lawsuits, and therefore Counter Defendant / Plaintiff Marc Randazza claimed in the Randazza V Cox Complaint that this lawsuit is not about defamation and free speech in order to "save face" among his peers. Yet that Defamation, SLAPP, First Amendment Rights Violating, is EXACTLY what Randazza V. Cox is about.  Proven by the complete opposition to the original complaint of Counter Defendant / Plaintiff Marc Randazza, written by Co-Conspirator / Counter Defendant Ronald D. Green of Randazza Legal Group, in motion to strike the Complaint Answer of Pro Se Defendant / Pro Se Counter Plaintiff Crystal L. Cox, as this motion claims that Pro Se Defendant / Pro Se Counter Plaintiff Crystal L. Cox  continues to defame Counter Defendant / Plaintiff Marc Randazza. Yet Defamation was said to NOT be a Factor, ALLEGEDLY, according to the Original Complaint.

The Original Randazza V. Cox, District of Nevada Case 2:12-cv-02040-GMN-PA Complaint by Counter Defendant / Plaintiff Marc Randazza via Co-Conspirator / Counter Defendant Ronald D. Green of Randazza Legal Group, also boldly claimed that Randazza v. Cox was in no way about suppressing the Free Speech of Crystal L. Cox, and that Counter Defendant / Plaintiff Marc Randazza had no issue, no problem with Defendant Crystal Cox posting on her blogs regarding Marc Randazza as long as it was on a domain name or .blogspot in which rrrr approved of and did not contain the name Randazza.

Yet in complete opposition of that, and in total violation of Due Process Laws, Civil and Constitutional Rights, and Intellectual Property Rights of Pro Se Defendant / Pro Se Counter Plaintiff Crystal L. Cox and Defendant Eliot Bernstein, and in conspiracy with Judge Gloria Navarro, WIPO, Godaddy, Peter L. Michaelson and Ronald D. Green, this court issued a Preliminary Injunction which in fact did place a gag order on the blogs of Pro Se Defendant / Pro Se Counter Plaintiff Crystal L. Cox, did suppress and silence the Free Speech of Pro Se Defendant / Pro Se Counter Plaintiff Crystal L. Cox and was in direct opposite of the CLAIMED goals of the Randazza V. Cox Complaint.

IN a SHOCKING Motion to Strike the complaint answer of Pro Se Defendant / Pro Se Counter Plaintiff Crystal L. Cox, all of the sudden the issue is raised by Ronald D. Green Co-Conspirator and Counter Defendant that now Plaintiff is claiming that Pro Se Defendant / Pro Se Counter

Plaintiff Crystal L. Cox defamed him. YET in Original complaint Counter Defendant / Plaintiff Marc Randazza says, let me be CLEAR, this Lawsuit is NOT about Defamation, which CLEARLY it IS.

The Randazza V. Cox, District of Nevada Case 2:12-cv-02040-GMN-PA Complaint poses as Family Protection, Trademark Protection but In FACT Randazza V. Cox Complaint is a Defamation Lawsuit, a Slapp Lawsuit, a Domain Name Seizure Lawsuit, a Constitutional Rights Suppressing Lawsuit, a Free Speech Chilling Lawsuit, a First Amendment Threat Lawsuit, a Fraud on the Courts, a mis-use of the courts, a total ethical violation and malpractice by Plaintiff Randazza who once represented Defendant Cox, a cover up and protection of gang stalking attorneys abusing the courts to unethically and illegally sway verdicts and settlements and cheat, violate their own clients in order to get the quickest highest pay check for themselves and other lawyers in their "attorney lynch mob" GANG.

The Marc Randazza Attorney Fraternity, a ring of attorney blogs, and also Forbes Kashimir Hill of AboveTheLaw.com and other clients of Randazza Legal Group, as well as CPA's and investigators such as Tracy L. Coenen, and they have an INTA - WIPO Insider Peter L. Michaelson helping them, as they intimidate witnesses and defendants, bully and control their own clients, deceive judges and courts, conspire to create "legal commentary" illusions that lead to "SETTLEMENTS", and illegally affect the outcome of court cases and strong arm their own clients, as well as defendants, sources, porn industry whistleblowers, porn industry insiders and those who threaten to expose them.

**Pro Se Defendant / Pro Se Counter Plaintiff Crystal L. Cox has every legal lawful right to express her opinion of Plaintiff / Counter Defendant Marc Randazza. Pro Se Defendant / Pro Se Counter Plaintiff Crystal L. Cox has every right to satire, parody and make fun of Plaintiff / Counter Defendant Marc Randazza.**

Pro Se Defendant / Pro Se Counter Plaintiff Crystal L. Cox Specially Invokes  Gertz v. Robert Welch, 418 U.S. 323 (1974), and New York Times Co. v. Sullivan, 376 U.S. 254 (1964) in her defense. This court RULED, Seized domain names, removed blogs and blog posts, removed thousands of links and gag order Pro Se Defendant / Pro Se Counter Plaintiff Crystal L. Cox and Defendant Eliot Bernstein without adjudication the first amendment in issues of this lawsuit.

Upon Knowledge and Belief, Plaintiff / Counter Defendant Marc Randazza is known for his defense of Parody Blogs, Satire Blog and the First Amendment Rights of Bloggers. Yet in a fraud on this court, Plaintiff / Counter Defendant Marc Randazza, in criminal and civil conspiracy with Godaddy, Judge Gloria Navarro, WIPO, Peter L. Michaelson, Randazza Legal Group, Ron D. Green and other Co-Conspirators and Counter Defendants Plaintiff / Counter Defendant Marc Randazza has seized MarcRandazzaParody.com, ExposeMarcRandazza.com,

MarcRandazzaIsALyingAsshole.com, trollmarcrandazza.com, hypocritemarcrandazza.com, marcrandazzaviolatedmylegalrights.blogspot.com, marcrandazzafreespeech.blogspot.com, marcrandazzaegomaniac.blogspot.com, marcrandazza-asshole.blogspot.com, marcrandazzatips.blogspot.com, marcrandazzaabovethelaw.blogspot.com, marcrandazzaliedaboutcrystalcox.blogspot.com, fuckmarcrandazza.com, and other intellectual property of Pro Se Defendant / Pro Se Counter Plaintiff Crystal L. Cox and Defendant Eliot Bernstein FOREVER Gone, and causing irreparable damage to Pro Se Defendant / Pro Se Counter Plaintiff Crystal L. Cox and Defendant Eliot Bernstein.

Plaintiff / Counter Defendant Marc Randazza defended the rights of his client to own GlenBeckRAPEDandmurderedaYOUNGGIRLin1990.com - yet in a first amendment rights violation, civil and constitutional rights violation, illegal, denial of due process, and fraud on the courts, Plaintiff / Counter Defendant Marc Randazza SEIZED mass intellectual property, domain names, blogs posts, and changes serves, deletes blogs and causes irreparable damage to Pro Se Defendant / Pro Se Counter Plaintiff Crystal L. Cox and Defendant Eliot Bernstein.

Upon Knowledge and Belief, Plaintiff / Counter Defendant Marc Randazza is known for his defense of "sucks" sites. Yet in conspiracy with this court SEIZES RandazzaLegalGroupSucks.com and MarcRandazzaSucks.com without First Amendment Adjudication, without Due Process, and in total violation of the Constitutional and Lawful Rights of Pro Se Defendant / Pro Se Counter Plaintiff Crystal L. Cox and Defendant Eliot Bernstein.

Plaintiff / Counter Defendant Marc Randazza is known for his defense of "sucks" sites, and there is the Taubman Sucks Legal Case, and the book what would Google do, discussing sucks sites, yet Plaintiff / Counter Defendant Marc Randazza does not like, a blogger, a domainer buying, owning and blogging on the domain name **RandazzaLegalGroupSucks.com** and **MarcRandazzaSucks.com**, so Plaintiff / Counter Defendant Marc Randazza, in a Fraud on the Court ,and in criminal and civil conspiracy with Godaddy, Judge Gloria Navarro, WIPO, Peter L. Michaelson, Randazza Legal Group, Ron D. Green and other Co-Conspirators and Counter Defendants Plaintiff / Counter Defendant Marc Randazza has seized RandazzaLegalGroupSucks.com and MarcRandazzaSucks.com and changed the servers, causing search engine removal, blogs removed, thousands of links to be removed and in total violation of the Constitutional and Lawful Rights of Pro Se Defendant / Pro Se Counter Plaintiff Crystal L. Cox and Defendant Eliot Bernstein.


MR Statement in the Steubenville lawsuit over blogger and anonymous comments settled

" Marc Randazza said in a statement.

"It's a win for free and anonymous speech -- the right to comment and criticize without fear of retribution is fundamental to the workings of our liberal democracy. It's a win for victims of sexual violence, some of whom have been emboldened to come forward after hearing of the allegations

of sexual assault in Steubenville. And it's also a victory for Cody Saltsman, who has addressed this story head-on, in a mature and responsible manner, even though doing so risks blow-back from his peers.""

Plaintiff / Counter Defendant Marc Randazza has acted unlawful, hypocritical and unconstitutional as being quoted as defending "sucks" sites, yet conspiring with Judge Gloria M. Navvora to Seize RandazzaLegalGroupSucks.com, redirect thousands of links, change servers and ALL before Defendant Crystal Cox and Defendant Eliot Bernstein were allowed due process and BEFORE the First Amendment rights at issue were adjudicated.

### Plaintiff / Counter Defendant Marc Randazza and Co-Conspirators, Counter Defendants have Civilly and Criminally Conspired to STOP Pro Se Defendant / Pro Se Counter Plaintiff Crystal Cox from Appealing Obsidian Finance Group v. Crystal Cox in the NINTH Circuit Court of Appeals.

Marc J. Randazza, Kenneth P. White, Jason Jones, Jordan Rushie, Sean Tompkins, Philly Law Blog, Popehat.com, SaltDroid.info, Siouxsielaw.com, Sequenceinc.com, AboveTheLaw.com, Forbes, Kashmir Hill, NPR, Bob Garfield, NY Personal Injury Blog, Crime & Federalism Blog, Simple Justice, Ronald D. Green, J. Malcom Devoy, Randazza Legal Group, Tonkon Torp Law Firm, David S. Aman, Steven Wilker and other Co-Conspirators and Counter Defendants have pressured Pro Se Defendant / Pro Se Counter Plaintiff Crystal Cox to STOP her Ninth Circuit Appeal, and conspired to remove massive content regarding the biggest technology theft in the world, the iViewit Technology by Co-Conspirators, Counter Defendants, and others are involved in stealing and infringing on.

In December of 2011, Plaintiff / Counter Defendant Marc Randazza requested that I join him on a Conference call to discuss his representation of me, Crystal L. Cox in my Appeal of Obsidian Finance Group V. Crystal Cox.  On this first call, we discussed that he would represent me Pro Bono, however that would mean that I would have to come up with at least $5000 to start in order to pay for filing, printing, motels, time in CA for the appeal and other expenses that would come up.  This was to make the appeal seem daunting to Pro Se Defendant Crystal Cox, as she had no money. And had just had a 2.5 Million Judgement against her, and this after fighting a lawsuit for a year and the massive amount of time and money this cost.

On this Attorney / Client Conference Call, Pro Se Defendant / Pro Se Counter Plaintiff Crystal Cox told Marc Randazza her goals with the Appeal, discussed her strategy and future plans with the case, she also discussed the extortion accusations by the Plaintiff's Attorney David Aman and told Plaintiff / Counter Defendant Marc Randazza of Randazza Legal Group how false information was given to the New York Times and how the email sent to David Carr, New York Times Reporter was one of 5 that were a Settlement Negotiation AFTER a threat of a 10 Million Dollar Lawsuit and After a Lawsuit had been filed, the email was nearly a year old and was, at

that time private Settlement Communications between Pro Se Defendant / Pro Se Counter
Plaintiff Crystal Cox in her Pro Se Capacity and Opposing Counsel David S. Aman of Tonkon
Torp Law Firm. After David S. Aman of Tonkon Torp Law Firm WON the Trial regarding
Obsidian Finance Group V. Crystal Cox

On this Attorney / Client Conference Call, Pro Se Defendant / Pro Se Counter Plaintiff Crystal
Cox told Marc Randazza that her objection was for the greater good and she was not interested
in a settlement, that she wanted to do what was best for the Constitutional Rights of all
Investigative Bloggers, Citizen Journalists, and Citizens.  On this Attorney / Client Conference
Call, Pro Se Defendant / Pro Se Counter Plaintiff Crystal Cox told Marc Randazza of the approx.
5 settlement offers by Plaintiff Obsidian Finance Group that would have got her out of the lawsuit
many times over the prior year, and that she said no because they were not for the greater good.
The last Settlement offer From Plaintiff to Pro Se Defendant was 10 days before the Trial. Pro
Se Defendant Crystal Cox was not looking for an easy way out of the judgement, and Pro Se
Defendant Crystal Cox told her attorney Plaintiff Marc Randazza that.  Plaintiff, Counsel to
Defendant Crystal Cox, took it upon himself to decide it was simply best to get the specifics of
the ruling changed and get Defendant Cox out of the Judgement, Regardless what Defendant
Crystal Cox told her that her goal was. Defendant Crystal Cox had represented herself for a year
and had been a hard working investigative blogger for 7 years. Plaintiff Marc Randazza BULLIED
Defendant Crystal Cox and ran over her rights to choose what she thought was best in her own
case.

David Aman, Attorney for Plaintiff made Settlement Offer to me that would have me perjuring
myself, lying about other people, and committing a crime. These settlement offers accused Mark
Neuman Summit Principal and Bankruptcy Whistle Blower Stephanie DeYoung of Crimes. And
though it would have got me out of a 10 Million Dollar Lawsuit, it was not lawful, not moral and
certainly not ethical.

I, Pro Se Defendant / Pro Se Counter Plaintiff Crystal Cox REJECTED these offers with a clear
mind, and clear objectives and sent rejection each time to David Aman, Attorney for Plaintiff  as
to the reasons why. Yet my Attorney Plaintiff Marc Randazza thought it best to take my rights
and power away and simply negotiate an end, a solution that he thought best and Plaintiff Marc
Randazza, my Attorney, acting on behalf, left me completely out of the loop on the details of this
negotiation.

Plaintiff Marc Randazza knew that the settlement offers had been unlawful and that I, defendant
Crystal Cox, his then client, had stated to him that these settlement offers were not of the best
interest of ALL Citizen Journalists, Whistle Blower and Citizen's Free Speech Rights in general,
yet Plaintiff Marc Randazza VIOLATED my rights, ran over my rights, and completely
sidestepped his duty to his own client, Defendant Crystal Cox.

Plaintiff/ Counter Defendant Marc Randazza of Counter Defendant Randazza Legal Group had
the objective of sabotaging my Ninth Circuit Appeal from the Start, and discrediting the iViewit

Technology story to protect the 100 of Billions of Dollars to his clients Co-Conspirators Manwin, Corbin Fisher, Liberty Media Holdings and Other Co-Conspirators and Counter Defendants.

Plaintiff/ Counter Defendant Marc Randazza of Counter Defendant Randazza Legal Group tried to negotiate a deal with Opposing Counsel David Aman that was in the Best interest of his other clients and to set a precedence that he could use in future case for high dollar clients.

Plaintiff/ Counter Defendant Marc Randazza of Counter Defendant Randazza Legal Group thought I, Pro Se Defendant / Pro Se Counter Plaintiff Crystal Cox would sit down and shut up, would do as he told me to and treated me as if I had no mind, motive, or life mission of my own. Plaintiff/ Counter Defendant Marc Randazza of Counter Defendant Randazza Legal Group made his priorities the only ones that mattered and completely left me out of my own case and out of making decision in my own best interest and based on the very important goal of mine to fight for all Citizen Journalists and Investigative Bloggers First Amendment Rights. Pro Se Defendant / Pro Se Counter Plaintiff Crystal Cox's goals were NOT to protect Plaintiff/ Counter Defendant Marc Randazza of Counter Defendant Randazza Legal Group 's future earning potential or the assets of his higher paying clients.

### Plaintiff/ Counter Defendant Marc Randazza Negotiates Deal with Opposing Counsel on behalf of his Client Crystal Cox, without conferring with Client on Details of Deal.

After the original Attorney / Client Conference Call, Pro Se Defendant / Pro Se Counter Plaintiff Crystal Cox sent Marc Randazza of Randazza Legal Group massive legal documents and other documents pertaining to Obsidian Finance Group V. Crystal Cox so that he could assess the case and come up with a plan of action. Marc Randazza of Randazza Legal Group then, acting as Attorney, Counsel. Representing Defendant Crystal Cox, contacted David S. Aman of Tonkon Torp, the Attorney and negotiated a deal in order to somehow change the perimeters of the ruling in some way, it is still not clear to Pro Se Defendant / Pro Se Counter Plaintiff Crystal Cox what the details of this deal were.

Upon Belief and Knowledge, Plaintiff/ Counter Defendant Marc Randazza of Counter Defendant Randazza Legal Group was negotiating a deal that would make it so that Defendant Crystal Cox, his then Client, would not go to the Ninth, and his clients, as well as the Free Speech Coalition and other John and Jane Doe's would benefit from the re-wording of the Ruling.

Defendant Crystal Cox did not feel that Plaintiff/ Counter Defendant Marc Randazza of Counter Defendant Randazza Legal Group was acting in her best interest nor was her Attorney Marc Randazza acting in a way in which she had expressed were her goals, and strategy for her case. Plaintiff/ Counter Defendant Marc Randazza of Counter Defendant Randazza Legal Group was violating attorney client ethics, violating the rights of Defendant Crystal Cox and was soon after FIRED by Defendant Crystal Cox.

Defendant Crystal Cox, then Client of Plaintiff/ Counter Defendant Marc Randazza of Counter Defendant Randazza Legal Group's heard about this "negotiation" from Attorneys within the First Amendment Bar.  Plaintiff/ Counter Defendant Marc Randazza of Counter Defendant Randazza Legal Group told people in the First Amendment Bar of his representation of me, and how he was handling "it". Marc Randazza of Randazza Legal Group told members of the First Amendment Bar that he was working on negotiating a deal that would benefit  them all. Yet Plaintiff / Counter Defendant Marc Randazza of Randazza Legal Group, Defendant Crystal Cox's then attorney, did not tell his client Crystal Cox what the terms of this deal was.


**Pro Se Defendant / Pro Se Counter Plaintiff Crystal Cox FIRED Plaintiff/ Counter Defendant Marc Randazza of Randazza Legal Group, as her Legal Representation in negotiations with Opposing Counsel David Aman of Tonkon Torp, and her Ninth Circuit Appeal**

Upon Belief and Knowledge, Plaintiff/ Counter Defendant Marc Randazza of Counter Defendant Randazza Legal Group told people in the First Amendment Bar of his representation of me, and how he was handling it, and this prompted First Amendment Bar member, Attorney, Eugene Volokh, UCLA Professor of Constitutional Law to Contact Marc Randazza and offer support in the case, as it is a VERY Important Case to the First Amendment Rights of All, especially Investigative Bloggers, Whistle Blowers and Citizen Journalists. Plaintiff/ Counter Defendant Marc Randazza of Counter Defendant Randazza Legal Group and Professor Constitutional Rights Attorney Eugene Volokh discussed my case and discussed Plaintiff/ Counter Defendant Marc Randazza's negotiations with Opposing Counsel David Aman of Tonkon Torp.  After this Call  Attorney Eugene Volokh contacted Defendant Crystal Cox and told her that he had spoke with my Attorney Marc Randazza, and they had spoke of a deal that may be negotiated with the Plaintiff, and to let him know if he can be of any assistance at all.

Upon Belief and Knowledge, This information, unbeknownst to Professor Eugene Volokh was disturbing to Defendant Crystal Cox, as she had no knowledge of the terms of the deal her then attorney Plaintiff/ Counter Defendant Marc Randazza of Counter Defendant Randazza Legal Group was negotiating .

Professor Eugene Volokh had assumed that I, Defendant Crystal Cox, was kept in the loop on the negotiations. After this Call I PROMPTLY eMailed My then Attorney Plaintiff/ Counter Defendant Marc Randazza of Counter Defendant Randazza Legal Group and copied the eMail to Attorney Eugene Volokh, UCLA Professor of Constitutional Law, as Exhibits of the Complaint Answer and Counter Complaint of Pro Se Defendant / Pro Se Counter Plaintiff Crystal Cox clearly show. In this eMail from Client, Defendant Crystal Cox to her, then Attorney Marc J. Randazza, Defendant Crystal Cox **FIRES** Marc Randazza, and tells him that she will only proceed to the Appeal if Eugene Volokh will represent her. Eugene Volokh had to clear the possible representation in conjunction with Mayer Brown Law Firm, and I, Defendant Crystal

Cox, had not yet had confirmation of that representation, or its real possibility. Still I, Defendant Crystal Cox FIRED Marc J. Randazza then and there, for disrespecting me, violating my constitutional and civil rights, violated attorney ethics, violating my legal rights and completely keeping the CLIENT out of the loop of "negotiations" allegedly on behalf of the client.

I,  Pro Se Defendant / Pro Se Counter Plaintiff Crystal Cox am a Strong, Independent Woman. I had been defending myself for a year in the Obsidian Finance Group V. Cox Case and I knew EXACTLY what my goals were with MY CASE, and so did my then Attorney Plaintiff / Counter Defendant Marc Randazza of Randazza Legal Group, yet he went ahead and negotiated a deal with out his own client knowing the details and completely stripping me of my right to choose what was best for me. Therefore, I FIRED my ATTORNEY  Plaintiff / Counter Defendant Marc J. Randazza of Randazza Legal Group.


**Plaintiff / Counter Defendant Marc Randazza of Randazza Legal Group Remained to be determined to STOP Pro Se Defendant / Pro Se Counter Plaintiff Crystal Cox from following through with her Obsidian Finance Group V. Crystal Cox Ninth Circuit Appeal.**


After Pro Se Defendant / Pro Se Counter Plaintiff Crystal Cox FIRED her attorney,  Plaintiff / Counter Defendant Marc Randazza of Randazza Legal Group, Pro Se Defendant / Pro Se Counter Plaintiff Crystal Cox hired Attorney Eugene Volokh, UCLA Professor and Portland Attorney Benjamin Souede. Defendant Crystal Cox then filed a Motion for a New Trial, aided by Attorney Eugene Volokh, UCLA Professor and Portland Attorney Benjamin Souede.

Upon Belief and Knowledge, Attorney Plaintiff / Counter Defendant Marc Randazza of Randazza Legal Group, in a RAGE over, Defendant Crystal Cox buying MarcRandazza.com to provide Media/PR Services on her VERY important Free Speech Case and still Desperate to STOP Crystal Cox from being successful in a Ninth Circuit Appeal of Obsidian V. Cox, took it upon himself to contact Opposing Counsel in the Obsidian Finance Group v. Crystal Cox Case, David Aman Tonkon Torp Law Firm, and proceed to offer to give testimony to set up his former client Defendant Crystal Cox for the crime of extortion, which never happened. So Opposing Counsel David Aman Tonkon Torp Law Firm and Attorney Plaintiff / Counter Defendant Marc Randazza of Randazza Legal Group met with or had a phone conference with Judge Marco Hernandez in regard to my alleged "extortion", these two attorney conspiring against me, one Pro Se Defendant, was enough for the judge, in a CIVIL Trial, a Trial where there was no Extortion, and a defendant who had not been charged with Extortion, now was facing the DENIAL of a New Trial and the Judge's Opinion accusing distasteful activities and extortion.

This was picked up by the New York Times and many others and used to further defame me, Pro Se Defendant / Pro Se Counter Plaintiff Crystal Cox and harm my chances at a fair and objective Ninth Circuit Appeal. Further harassment, defamation, intimidation by an attorney who once represented Defendant Crystal Cox on that same case.  (Malpractice)

Upon Belief and Knowledge, After the New Trial Denial that Plaintiff / Counter Defendant Marc Randazza saw to it was ruled in such a way, Plaintiff / Counter Defendant Marc Randazza of Randazza Legal Group and Co-Conspirators, Counter Defendants, Jason Jones, Kashmir HIll, Jordan Rushie, Kenneth P. White, Mark Bennett, Scott H. Greenfield, Bob Garfield NPR, Eric Turkiwetz, Peter L. Michaelson WIPO Decision, and other gang stalking bloggers / co-conspirators and counter defendants of Marc Randazza made yet another massive PR push to paint Pro Se Defendant / Pro Se Counter Plaintiff Crystal Cox in false light and to have the general public believe Pro Se Defendant / Pro Se Counter Plaintiff Crystal Cox is GUILTY Of the Crime of Extortion, when Defendant Crystal Cox was NEVER on Trial for Extortion, Defendant Crystal Cox was never under investigation for extortion, Defendant Crystal Cox never committed extortion, Defendant Crystal Cox never had a criminal complaint filed for Defendant Crystal Cox. Yet Plaintiff / Counter Defendant Marc Randazza of Randazza Legal Group, Co-Conspirators, and Counter Defendants has the whole world believing that Pro Se Defendant / Pro Se Counter Plaintiff Crystal Cox is GUILTY of Extortion.

**No Trial, No Complaint, No Due Process** just Originating from Two Attorneys Plaintiff / Counter Defendant Marc Randazza of Randazza Legal Group and Co-Conspirator, Counter Defendant David S. Aman of Tonkon Torp Law Firm with the aid of Co-Conspirator, Counter Defendant Forbes Kashmir Hill and Co-Conspirator, Counter Defendant New York Times David Carr as the BIG MEDIA Push. No Court needed, No Judge and Jury Needed, just Plaintiff / Counter Defendant Marc Randazza of Randazza Legal Group and Co-Conspirator, Counter Defendant David S. Aman of Tonkon Torp Law Firm and a gang of attorney bloggers, to paint Pro Se Defendant / Pro Se Counter Plaintiff Crystal Cox in False Light and to Defame, Harass, Intimidate, Violate, Criminally Endanger and STOMP the Free Speech Rights of Pro Se Defendant / Pro Se Counter Plaintiff Crystal Cox.

This all was quite timely, as after all this pressure, intimidation, harassment, defamation to Pro Se Defendant / Pro Se Counter Plaintiff Crystal Cox by Plaintiff / Counter Defendant Marc Randazza of Randazza Legal Group and Co-Conspirators; Counter Defendant / Co-Conspirator David S. Aman of Tonkon Torp made another settlement offer to Defendant Crystal Cox, this time through her attorney Eugene Volokh. And AFTER Defendant Crystal Cox's Ninth Circuit Appeal was already filed. Plaintiff / Counter Defendant Marc Randazza of Randazza Legal Group and Co-Conspirators, Counter Defendants had thought they had intimidated, scared, threatened Defendant Crystal Cox enough to make her take a deal and back off of her Ninth Circuit Appeal, Defendant Crystal Cox REJECTED the Settlement Offer.

18

Upon Belief and Knowledge, In June of 2012 Plaintiff / Counter Defendant Marc Randazza of Randazza Legal Group filed a harassing, baseless, intimidating Czech Arbitration Court Domain Name Dispute against Defendant Crystal Cox and Defendant Eliot Bernstein.  Sometime after, Plaintiff / Counter Defendant Marc Randazza of Randazza Legal Group cancelled the complaint after making cc jump through massive and expensive hoops. Then Plaintiff / Counter Defendant Marc Randazza of Randazza Legal Group filed a WIPO Complaint against Defendant Crystal Cox and Defendant Eliot Bernstein, this time criminally and civilly conspiring with INTA member, WIPO Panelist Peter L. Michaelson to ensure his Victory. Counter Defendant / Co-Conspirator Sole WIPO Panelist Peter L. Michaelson not only illegally, unethically granted Plaintiff / Counter Defendant Marc Randazza of Randazza Legal Group domain names, intellectual property of Defendant Crystal Cox and Defendant Eliot Bernstein but Counter Defendant / Co-Conspirator Sole WIPO Panelist Peter L. Michaelson also publicly announced the WIPO Decision which accused Pro Se Defendant / Pro Se Counter Plaintiff Crystal Cox and Defendant Eliot Bernstein of Criminal Activity, of Extortion and seriously defamed, harassed, and commit fraud against Pro Se Defendant / Pro Se Counter Plaintiff Crystal Cox and Defendant Eliot Bernstein.

Upon Belief and Knowledge, Counter Defendant / Co-Conspirator Sole WIPO Panelist Peter L. Michaelson had / has massive conflicts of interest that were undisclosed to Pro Se Defendant / Pro Se Counter Plaintiff Crystal Cox. As Counter Defendant / Co-Conspirator Sole WIPO Panelist Peter L. Michaelson is connected to and acting in Criminal and Civil Conspiracy with Counter Defendant / Co-Conspirator Greenberg Traurig, Counter Defendant / Co-Conspirator Judith Kaye, Counter Defendant / Co-Conspirator Proskauer Rose, Counter Defendant / Co-Conspirator John C. Malone, Counter Defendant / Co-Conspirator Liberty Media, Counter Defendant / Co-Conspirator Plaintiff Marc Randazza, Counter Defendant / Co-Conspirator Randazza Legal Group, Counter Defendant / Co-Conspirator Francis Gurry, and other John and Jane Doe Counter Defendants / Co-Conspirators.

Still trying to STOP the Ninth Circuit Appeal of Pro Se Defendant / Pro Se Counter Plaintiff Crystal Cox, Plaintiff / Counter Defendant Marc Randazza of Randazza Legal Group counselled / advised Co-Conspirators, Counter Defendants David S. Aman, Steven Wilker and Tonkon Torp Law Firm on how to file Judgements in such a way to SEIZE the Obsidian Finance Group V. Crystal Cox Appeal Rights of Pro Se Defendant / Pro Se Counter Plaintiff Crystal Cox . Plaintiff / Counter Defendant Marc Randazza is an expert in this type of legal action, as it was HIGHLY common in the State of Florida before it became Illegal there.

**Pro Se Defendant / Pro Se Counter Plaintiff Crystal Cox is a Media Defendant.**

Pro Se Defendant / Pro Se Counter Plaintiff Crystal Cox Specifically Invokes The Nevada Shield Law **NRS 49.275,** as Crystal Cox, Investigative Blogger is a Media Defendant.

Pro Se Defendant / Pro Se Counter Plaintiff Investigative Blogger Crystal Cox is and has been exposing the actions, activities, ethics and business practices of Plaintiff / Counter Defendant Marc Randazza of Randazza Legal Group and the involvement of Plaintiff / Counter Defendant Marc Randazza and Co-Conspirators, Counter Defendants named in Randazza V. Cox District of Nevada Case 2:12-cv-02040-GMN-PAL in conspiracy with Marc Randazza and Randazza legal group to suppress the iViewit Technology Story and STOP the Ninth Circuit Appeal of Defendant Crystal Cox, as well as other "activities" of Counter Defendants..

In Nevada Case 2:12-cv-02040-GMN-PAL, Plaintiff / Counter Defendant Marc Randazza claims the Investigative Blogger Pro Se Defendant / Pro Se Counter Plaintiff Investigative Blogger Crystal Cox is not permitted to use the name Randazza in YouTube, on Blog Titles, on Tags, or as Keywords and that Pro Se Defendant / Pro Se Counter Plaintiff Investigative Blogger Crystal Cox is not ALLOWED to compete with and beat Plaintiff / Counter Defendant Marc Randazza in the search engines. Yet Pro Se Defendant / Pro Se Counter Plaintiff Investigative Blogger Crystal Cox is an  Investigative Blogger reporting on Plaintiff / Counter Defendant Marc Randazza.

Plaintiff / Counter Defendant Marc Randazza and Co-Conspirator / Counter Defendant Ronald D. Green are abusing the courts and their attorney privilege in the courts, the courtroom of Judge Gloria M. Navarro specifically, in order to intimidate, harass, silence, threaten and investigative reporter / investigative blogger reporting on the iViewit Technology Case in which Co-Conspirator / Counter Defendant Liberty Media Holdings, client of Co-Conspirator / Counter Defendant Ronald Green, Jordan Rushie and Marc J. Randazza, is liable for 100's of Billions of Dollars owed to Defendant Eliot Bernstein for over a decade of iViewit Video Technology Infringement. This in Civil and Criminal Conspiracy with Co-Conspirator / Counter Defendant Judith Kaye, Peter L. Michaelson, Greenberg Traurig, Proskauer Rose, Gregg Mashberg, Kenneth Rubenstein, and other John and Jane Doe Co-Conspirator / Counter Defendant.

Plaintiff / Counter Defendant Marc Randazza and Co-Conspirator / Counter Defendant Ronald D. Green are abusing their power and committing fraud on the courts to silence an investigative reporter / investigative blogger reporting on their gang stalking, intimidation tactics, power plays, domain name seizing strategies, and their unethical, unlawful, unconstitutional behavior.

Plaintiff / Counter Defendant Marc Randazza and Co-Conspirator / Counter Defendant Ronald D. Green are abusing their power and committing fraud on the courts to threaten harass and steal the intellectual property of Defendant Eliot Bernstein, whose stolen technology story Pro Se Defendant / Pro Se Counter Plaintiff Investigative Blogger Crystal Cox, as an investigative reporter / investigative blogger has been reporting on in great detail for 4 years.

Plaintiff / Counter Defendant Marc Randazza and Co-Conspirators / Counter Defendants Attorney Ronald D. Green, Ari Bass aKa Michael Whiteacre, Kenneth P. White and J. Malcom Devoy are abusing their power and committing fraud on the courts to threaten harass, intimidate, stalk, defame, the investigative reporters / investigative bloggers who are sources to Pro Se Defendant / Pro Se Counter Plaintiff Investigative Blogger Crystal Cox, such as Monica Foster aKa Alexandria Melody, Diana Grandmason aKa Desi Foxx and Shelley Lubben.

Plaintiff / Counter Defendant Marc Randazza and Co-Conspirators / Counter Defendants Attorney Ronald D. Greenare intimidating an Investigative Blogger / aKa Investigative Journalist exposing their involvement in the biggest technology crime in the world, the iViewit Technology Crime.  Plaintiff / Counter Defendant Marc Randazza went so far as to also name iVieiwit Technology Founder and one of the iVeiwit Technology inventors Eliot Bernstein in District of Nevada Case 2:12-cv-02040-GMN-PAL in and attempt to intimidate, harass, threaten and silence Defendant Eliot Bernstein and to SEIZE his web presence, blogs, intellectual property and domain names in order to SUPPRESS the iVieiwit Technology story and the video technology infringement of Plaintiff / Counter Defendant Marc Randazza's Clients.

### 3C1: The Branzburg Constitutional Privileges

Nevada's federal courts have applied the limited First Amendment privilege for reporters found in the "Branzburg trilogy." In Newton v. National Broadcasting Co. Inc., 109 F.RD. 522, 527 (D. Nev. 1985), Judge Philip Pro recognized that a party seeing a reporter's testimony must demonstrate that:
1.) The testimony is highly relevant;
2.) The party has a compelling need for the testimony; and
3.) The party seeking the testimony has exhausted other means of getting it.
While this standard does not constitute an absolute privilege it is sufficient to overcome most requests for press testimony in federal court, especially in those cases where the reporter or media entity is not a party.

The rules found in 28 CFR §50.10 create a legal right enforceable by the press. United States v. Blanton, 534 F. Supp. 295, 297 (S.D. Fla. 1982). In addition to those federal standards, where a claim in federal court is based on state law, state privileges, including the Shield Law, apply to protect the press against testifying.

### 3C3: Application Of State Law Privileges

F. R. E. 501 provides the privileges of a witness in a civil action, with respect to an element of a claim or defense based on state law, are determined in accordance with state law. In Newton, supra, Judge Pro recognized that to the extent a party derives claims or defense from Nevada law, our state's extremely strong Shield Law provides an absolute testimonial privilege for the press.

**Randazza V. Cox, District of Nevada Case 2:12-cv-02040-GMN-PAL forces a Media Defendant to testify against herself, and to expose her sources, discredits the corruption victims she reports on and seeks to harass, defame, intimidate and violate the First Amendment Righs of Pro Se Defendant / Pro Se Counter Plaintiff Investigative Blogger Crystal Cox, her sources, and those who are the content of her reporting / her media.**

### Nevada's press shield law is provided for under NRS 49.275:

No reporter, former reporter or editorial employee of any newspaper, periodical or press association or employee of any radio or television station may be required to disclose any published or unpublished information obtained or prepared by such person in such person's professional capacity in gathering, receiving or processing information for communication to the public, or the source of any information procured or obtained by such person, in any legal proceedings, trial or investigation

The Legislative history of this statute was explained in Las Vegas Sun v. Eighth Judicial District Court, 104 Nev. 508, 511-12, 761 P.2d 849, 851-52 (1988), overruled on other grounds, Diaz v. Eighth Judicial Dist. Court, 116 Nev. 88, 993 P.2d 50 (2000): "The legislative history behind the current shield law illustrates the legislators' concern with protecting confidentiality during and after the news gathering process. The legislature enacted the first shield law in 1969. It protected news media representatives from forced disclosure of their sources. Members of the press argued that confidential sources had to be protected from exposure to insure the free flow of information, particularly information about government corruption or mismanagement. The public, they claimed, had a right to know about such occurrences, but if sources were afraid to talk to reporters, the public's access to this valuable information would be severely restricted. Supporters of the legislation argued that if reporters could promise sources that their identities would not be revealed, sources would be more likely to give reporters information, and this would benefit the public. See Senate Jud. Comm. Minutes, D.B. 299, March 4, 1969 and March 27, 1969. The shield law was extended in 1975 to provide for former newsmen and for unpublished information. Several states expanded their shield statutes in similar fashion, because some courts had applied the shield privilege exclusively to published information. . . . Assemblyman Coulter told the Senate Judiciary Committee that the bill would extend protection to a newsman's 'tools,' i.e., notes, tape recordings and photographs. The underlying rationale was the same as in 1969: serve the public interest by protecting reporters in their news gathering efforts. See Senate Jud. Comm. Minutes, A.B. 381, May 1, 1975."

**Plaintiff/ Counter Defendant Marc Randazza of Counter Defendant Randazza Legal Group has massive liability in his misrepresentation and Malpractice Legal Action involving his former client Pro Se Defendant / Pro Se Counter Plaintiff Crystal Cox.**

Pro Se Defendant / Pro Se Counter Plaintiff Crystal Cox's Former Attorney Conspired request that this court force rrr to notify his liability carrier of his liability in **Randazza V. Cox, District of Nevada Case 2:12-cv-02040-GMN-PAL.**

Upon Belief and Knowledge, Pro Se Defendant / Pro Se Counter Plaintiff Crystal Cox's Former Attorney Conspired with a gang of other attorneys and Co-Conspirators to accuse me of being an extortionist, a scammer and all manner of defamation and hate.  Pro Se Defendant / Pro Se Counter Plaintiff Crystal Cox has never taken money to remove blog posts, never scammed anyone, never been charged with or investigated for Extortion, yet this court, and Sole WIPO Panelist simply go on the word of Plaintiff/ Counter Defendant Marc Randazza and ruin the life, reputation, livelihood of Pro Se Defendant / Pro Se Counter Plaintiff Crystal Cox and Defendant Eliot Bernstein with NO Evidence, No Proof, No Truth, No Due Process and in complete violation of the legal rights, constitutional rights, first amendment rights and intellectual property rights of Pro Se Defendant / Pro Se Counter Plaintiff Crystal Cox and Defendant Eliot Bernstein.

Upon Belief and Knowledge, Plaintiff/ Counter Defendant Marc Randazza of Counter Defendant Randazza Legal Group MUST lawfully seek counsel / legal representation outside of Randazza Legal Group, **Immediately for Representation** of Counter Defendant Marc Randazza, Counter Defendant Ronald D. Green and Counter Defendant Randazza Legal Group in Randazza v. Cox and in Counter Complaint filed by Counter Plaintiff Crystal Cox.

Plaintiff / Counter Defendant Marc Randazza, Counter Defendant Ronald D. Green, Counter Defendant J. Malcom DeVoy  and Counter Defendant Randazza Legal Group must get independent non conflicted counsel as their insurance liability carrier.  Counter Defendant Ronald D. Green is in massive conflict regarding transferring from Greenberg Traurig to Randazza Legal Group, as Greenberg Traurig is named in the iViewit SEC Complaints, Federal RICO Complaints and ongoing investigations.

**Plaintiff / Counter Defendant Marc Randazza, as an attorney that once represented Pro Se Defendant / Pro Se Counter Plaintiff Crystal Cox, has a professional and ethical duty to exercise his or her professional judgment.**

**Plaintiff / Counter Defendant Marc Randazza, as an attorney that once represented Defendant Crystal Cox with whom now he has sue, has a legal and constitutional duty to uphold.**

Section 6068 of the Business & Professions Code states that an attorney has a duty "...(g) Not to encourage either the commencement or the continuance of an action or proceeding from any corrupt motive of passion or interest."

**Plaintiff / Counter Defendant Marc Randazza should not be representing himself in Randazza V. Cox, as Plaintiff / Counter Defendant Marc Randazza owns and operates and is the principal of Randazza Legal Group.** Attorneys appearing in propria persona risk compromising the integrity and legal issues of the case.

As the Supreme Court noted: "Even a skilled lawyer who represents himself is at a disadvantage in contested litigation. ...He is deprived of the judgment of an independent third party, in framing the theory of the case, evaluating alternative methods of presenting the evidence, cross-examining hostile witnesses, formulating closing arguments, and in making sure that reason, rather than emotion, dictates the proper tactical response to unforeseen developments in the courtroom." Id. at 437-438.

Representing oneself can have adverse practical consequences. First, a lawyer is prohibited ethically from acting as an advocate before a jury if he or she also will be testifying to a contested matter. See, Rule of Professional Conduct 5-210. There are exceptions to this rule if the testimony relates to the nature and value of legal services rendered in the same case, or if the matter is non-adversarial, or is being tried to a judge. Also, the rule does not apply if another lawyer in the advocate's law firm will be a witness.

Second, a lawyer representing himself or herself cannot recover legal fees and costs under Section 1717 of the Civil Code, even if the contract sued on expressly authorizes such an award to the prevailing party. In Trope v. Katz (1995) 11 Cal.4th 274, 280-81, the California Supreme Court held that an attorney who chooses to litigate in propria persona does not "incur" attorneys' fees within the meaning of the statute because he or she does not pay or become liable to pay them. Nor can the lawyer recover compensation for professional business opportunities foregone as a result. Id. at 292. In PLCM Group, Inc. v. Drexler (2000) 22 Cal.4th 1084, 1092, the Supreme Court explained that its decision in Trope was based largely on the lack of any attorney-client relationship.

If a law firm decides to represent itself, the existence of the attorney-client privilege for its internal communications may be jeopardized. In U.S. v. Rowe, 96 F.3d 1294 (9th Cir. 1996), a law firm launched an investigation after learning that one of its lawyers may have mishandled client funds by assigning two associates to investigate his conduct and report back their findings. Subsequently, a grand jury subpoenaed the associates, and the firm asserted the attorney-client privilege. Even though the associates were never told they were acting as the firm's attorneys, did not keep time records or bill the firm for their time, and were taking direction from a senior partner, Judge Kozinski found that they were, in effect, in-house counsel and that the privilege would attach to their confidential communications with the members of the firm. Id. at 1296-97. The Court of Appeals relied exclusively on federal law for this result.

In a later unpublished decision based on California law, the Fifth District Court of Appeal came to an opposite result. In McCormick, Barstow, Shepherd, Wayte & Carruth v. Superior Court (1998) ___ Cal.App.4th ___, 81 Cal.Rptr.2d 30, 1998 Cal. App. LEXIS 1102, a law firm chose to defend itself from a malpractice claim. When the former client sought all internal communications from the law firm concerning his claim, the firm asserted the attorney-client privilege. The court of appeal rejected the firm's argument and surprisingly held that no attorney-client relationship existed between the firm and its lawyers who were defending it. The court asked: "If the McCormick firm was the client, who was its lawyer? And who was the client communicating with?" Although unpublished and widely disparaged, the McCormick decision reflects the dangers that can befall a lawyer (or a law firm) who chooses to go it alone.

## Plaintiff/ Counter Defendant Marc Randazza of Counter Defendant Randazza Legal Group has Violated Attorney Conduct Code.

Upon Belief and Knowledge, Judge Peggy A. Leen and Judge Gloria M. Navvaro know of Plaintiff/ Counter Defendant Marc Randazza, Counter Defendant Ronald D. Green and Counter Defendant Randazza Legal Group's unlawful, unethical, fraudulent, criminal endangerment activities and fraud on the courts, therefore Judge Peggy A. Leen and Judge Gloria M. Navvaro are in VIOLATION Public Officers Law SEC 73, Public Officers Law SEC 74 Code of Ethics, TITLE 18 FEDERAL CODE, Title 18 U.S.C. § 4., Title 28 U.S.C. § 1361, Title 28 U.S.C. § 1361, and other applicable laws, ethics and Judicial Cannons.

## Rules, Ethics, Codes, and Laws.

Public Officers Law **SEC 73** Restrictions on the Activities Of Current and Former State Officers and Employees

### Public Officers Law SEC 74 Code of Ethics
Conflicts of Interest Law, found in Chapter 68 of the New York City Charter, the City's Financial Disclosure Law, set forth in section 12-110 of the New York City Administrative Code, and the Lobbyist Gift Law, found in sections 3-224 through 3-228 of the Administrative Code.

### TITLE 18 FEDERAL CODE & OTHER APPLICABLE FEDERAL LAW
Title 18 U.S.C. § 4. Misprision of felony. Whoever, having knowledge of the actual commission of a felony cognizable by a court of the United States, conceals and does not as soon as possible make known the same to some judge or other person in civil or military authority under the United States, shall be fined under this title or imprisoned not more than three years, or both.

A federal judge, or any other government official, is required as part of the judge's mandatory administrative duties, to receive any offer of information of a federal crime. If that judge blocks

such report, that block is a felony under related obstruction of justice statutes, and constitutes a serious offense.

Upon receiving such information, the judge is then required to make it known to a government law enforcement body that is not themselves involved in the federal crime.

Title 28 U.S.C. § 1361. Action to compel an officer of the United States to perform his duty. The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff.

This federal statute permits any citizen to file a lawsuit in the federal courts to obtain a court order requiring a federal official to perform a mandatory duty and to halt unlawful acts. This statute is Title 28 U.S.C. § 1361.

## FRAUD on the COURT

In the United States, when an officer of the court is found to have fraudulently presented facts to court so that the court is impaired in the impartial performance of its legal task, the act, known as "fraud upon the court", is a crime deemed so severe and fundamentally opposed to the operation of justice that it is not subject to any statute of limitation.

Officers of the court include: Lawyers, Judges, Referees, and those appointed; Guardian Ad Litem, Parenting Time Expeditors, Mediators, Rule 114 Neutrals, Evaluators, Administrators, special appointees, and any others whose influence are part of the judicial mechanism.

"Fraud upon the court" has been defined by the 7th Circuit Court of Appeals to "embrace that species of fraud which does, or attempts to, defile the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery can not perform in the usual manner its impartial task of adjudging cases that are presented for adjudication". Kenner v. C.I.R., 387 F.3d 689 (1968); 7 Moore's Federal Practice, 2d ed., p. 512, ¶ 60.23

In Bulloch v. United States, 763 F.2d 1115, 1121 (10th Cir. 1985), the court stated "Fraud upon the court is fraud which is directed to the judicial machinery itself and is not fraud between the parties or fraudulent documents, false statements or perjury. ... It is where the court or a member is corrupted or influenced or influence is attempted or where the judge has not performed his judicial function --- thus where the impartial functions of the court have been directly corrupted."

What effect does an act of "fraud upon the court" have upon the court proceeding? "Fraud upon the court" makes void the orders and judgments of that court.

**Upon Belief and Knowledge of Pro Se Defendant / Pro Se Counter Plaintiff Crystal Cox, Plaintiff / Counter Defendant Marc Randazza, Counter Defendant and Counter Defendant Randazza Legal Group, have violated the lawful rights of Pro Se Defendant / Pro Se Counter Plaintiff Crystal Cox in the ALL the Following:**

Plaintiff/ Counter Defendant Marc Randazza of Counter Defendant Randazza Legal Group has Violated Attorney Conduct Code in regard to his ex-client, .

## Attorney Conduct Code

(a) "Differing interests" include every interest that will adversely affect either the judgment or the loyalty of a lawyer to a client, whether it be a conflicting, inconsistent, diverse, or other interest.

CANON 5. A Lawyer Should Exercise Independent Professional Judgment on Behalf of a Client

DR 5-101 [1200.20] Conflicts of Interest - Lawyer's Own Interests.
DR 5-102 [1200.21] Lawyers as Witnesses.
DR 5-103 [1200.22] Avoiding Acquisition of Interest in Litigation.
DR 5-104 [1200.23] Transactions Between Lawyer and Client.
DR 5-105 [1200.24] Conflict of Interest; Simultaneous Representation.
DR 5-108 [1200.27] Conflict of Interest - Former Client.

CANON 6. A Lawyer Should Represent a Client Competently

CANON 7. A Lawyer Should Represent a Client Zealously Within the Bounds of the Law

DR 7-102 [1200.33] Representing a Client Within the Bounds of the Law.
DR 7-110 [1200.41] Contact with Officials.
DR 8-101 [1200.42] Action as a Public Official.
DR 8-103 [1200.44] Lawyer Candidate for Judicial Office.
A. A lawyer who is a candidate for judicial office shall comply with section 100.5 of the Chief Administrator's Rules Governing Judicial
Conduct (22 NYCRR) and Canon 5 of the Code of Judicial Conduct.
CANON 9. A Lawyer Should Avoid Even the Appearance of Professional Impropriety
DR 9-101 [1200.45] Avoiding Even the Appearance of Impropriety.

 Sellers v. Dist. Ct., 119 Nev. 256, 71 P.3d 495 (2003).

Pro Se Defendant / Pro Se Counter Plaintiff Crystal Cox's Ex - Attorney Marc Randazza violated her lawful rights to due process, subjected her to criminal endangerment, bypassed First Amendment Adjudication in seizing massing blog posts and domain names, sued his ex-client in a SLAPP Lawsuit to intimidate her into silence and is guilty of malpractice.

**Plaintiff/ Counter Defendant Marc Randazza has violated the Nevada Rules of Professional Conduct and the Constitutional Rights of Defendant Crystal Cox.**

Plaintiff/ Counter Defendant Marc Randazza of Randazza Legal Group Violated Nevada Rules of Professional Conduct Rule 1.3 1.4 as records show my, Defendant Crystal Cox's Attorney Marc Randazza negotiated a possible deal and did not "Promptly inform the client", did not communicate promptly or at all, did not Consult with the client about any relevant limitation on the lawyer's conduct, did not inform client whether the lawyer maintains professional liability insurance, and if the lawyer maintains a policy, the name and address of the carrier, did not "explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation", and did not Keep the client reasonably informed about the status of the matter.

Plaintiff/ Counter Defendant Marc Randazza of Randazza Legal Group Violated Nevada Rules of Professional Conduct Rule 1.3.

Rule 1.3.
   Rule 1.4.   Communication.
   (a)  A lawyer shall:
       (1)  **Promptly inform the client of any decision or circumstance** with respect to which the client's informed consent is required by these Rules;
       (2)  Reasonably consult with the client about the means by which the client's objectives are to be accomplished;
       (3)  **Keep the client reasonably informed about the status of the matter;**
       (4)  Promptly comply with reasonable requests for information; and
       (5)  **Consult with the client about any relevant** limitation on the lawyer's conduct when the lawyer knows that the client expects assistance not permitted by the Rules of Professional Conduct or other law.
   (b)  **A lawyer shall explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation.**
   (c)  Lawyer's Biographical Data Form.   Each lawyer or law firm shall have available in written form to be provided upon request of the State Bar or a client or prospective client a factual statement detailing the background, training and experience of each lawyer or law firm.
       (1)  The form shall be known as the "Lawyer's Biographical Data Form" and shall contain the following fields of information:
           (i)  Full name and business address of the lawyer.
           (ii)  Date and jurisdiction of initial admission to practice.
           (iii)  Date and jurisdiction of each subsequent admission to practice.
           (iv)  Name of law school and year of graduation.
           (v)  The areas of specialization in which the lawyer is entitled to hold himself or

herself out as a specialist under the provisions of Rule 7.4.

(vi)  Any and all disciplinary sanctions imposed by any jurisdiction and/or court, whether or not the lawyer is licensed to practice law in that jurisdiction and/or court. For purposes of this Rule, disciplinary sanctions include all private reprimands imposed after March 1, 2007, and any and all public discipline imposed, regardless of the date of the imposition.

(vii)  **If the lawyer is engaged in the private practice of law, whether the lawyer maintains professional liability insurance, and if the lawyer maintains a policy, the name and address of the carrier.**

(2)  Upon request, each lawyer or law firm shall provide the following additional information detailing the background, training and experience of each lawyer or law firm, including but not limited to:

(i)  Names and dates of any legal articles or treatises published by the lawyer, and the name of the publication in which they were published.

(ii)  A good faith estimate of the number of jury trials tried to a verdict by the lawyer to the present date, identifying the court or courts.

(iii)  A good faith estimate of the number of court (bench) trials tried to a judgment by the lawyer to the present date, identifying the court or courts.

(iv)  A good faith estimate of the number of administrative hearings tried to a conclusion by the lawyer, identifying the administrative agency or agencies.

(v)  A good faith estimate of the number of appellate cases argued to a court of appeals or a supreme court, in which the lawyer was responsible for writing the brief or orally arguing the case, identifying the court or courts.

(vi)  The professional activities of the lawyer consisting of teaching or lecturing.

(vii)  The names of any volunteer or charitable organizations to which the lawyer belongs, which the lawyer desires to publish.

(viii)  A description of bar activities such as elective or assigned committee positions in a recognized bar organization.

(3)  A lawyer or law firm that advertises or promotes services by written communication not involving solicitation as prohibited by Rule 7.3 shall enclose with each such written communication the information described in paragraph (c)(1)(i) through (v) of this Rule.

(4)  A copy of all information provided pursuant to this Rule shall be retained by the lawyer or law firm for a period of 3 years after last regular use of the information.

[Added; effective May 1, 2006; as amended; effective November 21, 2008.]


## Plaintiff/ Counter Defendant Marc Randazza has violated the Nevada Rules of Professional Conduct and the Constitutional Rights of Defendant Crystal Cox.

**Plaintiff/ Counter Defendant Marc Randazza has violated the Nevada Rules of Professional Conduct**  Rule 1.5 (formerly Supreme Court Rule 155) is the same as ABA Model Rule 1.5 with two exceptions. First, unlike the Model Rule, paragraph (c) of the Nevada Rule is divided into subparagraphs. The provisions in subparagraphs (4) and (5) are specific to the

Nevada Rule; there is no Model Rule counterpart to those provisions. Second, subparagraph (1) of paragraph (e) of the Model Rule has not been adopted. This subparagraph is reserved to maintain consistency with the Model Rules format. Compare Model Rules of Prof'l Conduct R. 1.5(e)(1) (2004) ("the division is in proportion to the services performed by each lawyer or each lawyer assumes joint responsibility for the representation").

**Plaintiff/ Counter Defendant Marc Randazza did not keep Confidential, information, strategy, and other confidential information of his client Defendant Crystal Cox.**

   Rule  1.6.   **Confidentiality of Information.**
   (a)  A lawyer shall not reveal information relating to representation of a client unless the client gives informed consent, the disclosure is impliedly authorized in order to carry out the representation, or the disclosure is permitted by paragraphs (b) and (c).
   (b)  A lawyer may reveal information relating to the representation of a client to the extent the lawyer reasonably believes necessary:
      (1)  To **prevent reasonably certain death or substantial bodily harm**;
      (2)  To prevent the client from committing a criminal or fraudulent act in furtherance of which the client has used or is using the lawyer's services, but the lawyer shall, where practicable, first make reasonable effort to persuade the client to take suitable action;
      (3)  To prevent, mitigate, or rectify the consequences of a client's criminal or fraudulent act in the commission of which the lawyer's services have been or are being used, but the lawyer shall, where practicable, first make reasonable effort to persuade the client to take corrective action;
      (4)  To secure legal advice about the lawyer's compliance with these Rules;
      (5)  To establish a claim or defense on behalf of the lawyer in a controversy between the lawyer and the client, to establish a defense to a criminal charge or civil claim against the lawyer based upon conduct in which the client was involved, or to respond to allegations in any proceeding concerning the lawyer's representation of the client; or
      (6)  To comply with other law or a court order.
   (c)  A lawyer shall reveal information relating to the representation of a client to the extent the lawyer reasonably believes necessary to prevent a criminal act that the lawyer believes is likely to result in reasonably certain death or substantial bodily harm.
   [Added; effective May 1, 2006.]


**Plaintiff/ Counter Defendant Marc Randazza has violated the Nevada Rules of Professional Conduct**  Rule 1.6 (formerly Supreme Court Rule 156) is the same as ABA Model Rule 1.6 with three exceptions. First, paragraph (b)(2) addresses the same subject matter as paragraph (b)(2) of the Model Rule, but the language is Nevada specific and is based on former Supreme Court Rule 156(3)(a). Second, paragraph (b)(3) addresses the same subject matter as paragraph (b)(3) of the Model Rule, but the language is Nevada specific and is the same as

former Supreme Court Rule 156(3)(a), with the addition of the word "mitigate." Third, paragraph (c) is Nevada specific and mandates disclosure under circumstances covered by paragraph (b)(1) when a criminal act is involved.

**Plaintiff/ Counter Defendant Marc Randazza did not disclose conflicts of interest to his client Defendant Crystal Cox.**

### Rule 1.7.   Conflict of Interest: Current Clients.

(a)  Except as provided in paragraph (b), a lawyer shall not represent a client if the representation involves a concurrent conflict of interest. A concurrent conflict of interest exists if:

(1)  The representation of one client will be directly adverse to another client; or

(2)  There is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person or by a personal interest of the lawyer.

(b)  Notwithstanding the existence of a concurrent conflict of interest under paragraph (a), a lawyer may represent a client if:

(1)  The lawyer reasonably believes that the lawyer will be able to provide competent and diligent representation to each affected client;

(2)  The representation is not prohibited by law;

(3)  The representation does not involve the assertion of a claim by one client against another client represented by the lawyer in the same litigation or other proceeding before a tribunal; and

(4)  Each affected client gives informed consent, confirmed in writing.

[Added; effective May 1, 2006.]

**Plaintiff/ Counter Defendant Marc Randazza has violated the Nevada Rules of Professional Conduct** Rule 1.8.   Conflict of Interest: Current Clients: Specific Rules.

(a)  A lawyer shall not enter into a business transaction with a client or knowingly acquire an ownership, possessory, security or other pecuniary interest adverse to a client unless:

(1)  The transaction and terms on which the lawyer acquires the interest are fair and reasonable to the client and are fully disclosed and transmitted in writing in a manner that can be reasonably understood by the client;

(2)  The client is advised in writing of the desirability of seeking and is given a reasonable opportunity to seek the advice of independent legal counsel on the transaction; and

(3)  The client gives informed consent, in a writing signed by the client, to the essential terms of the transaction and the lawyer's role in the transaction, including whether the lawyer is representing the client in the transaction.

(b)  A lawyer shall not use information relating to representation of a client to the disadvantage of the client unless the client gives informed consent, except as permitted or required by these Rules.

(c)  A lawyer shall not solicit any substantial gift from a client, including a testamentary gift, or prepare on behalf of a client an instrument giving the lawyer or a person related to the lawyer any substantial gift unless the lawyer or other recipient of the gift is related to the client. For purposes of this paragraph, related persons include a spouse, child, grandchild, parent, grandparent or other relative or individual with whom the lawyer or the client maintains a close, familial relationship.

(d)  Prior to the conclusion of representation of a client, a lawyer shall not make or negotiate an agreement giving the lawyer literary or media rights to a portrayal or account based in substantial part on information relating to the representation.

(e)  A lawyer shall not provide financial assistance to a client in connection with pending or contemplated litigation, except that:

(1)  A lawyer may advance court costs and expenses of litigation, the repayment of which may be contingent on the outcome of the matter; and

(2)  A lawyer representing an indigent client may pay court costs and expenses of litigation on behalf of the client.

(f)  A lawyer shall not accept compensation for representing a client from one other than the client unless:

(1)  The client gives informed consent;

(2)  There is no interference with the lawyer's independence of professional judgment or with the client-lawyer relationship; and

(3)  Information relating to representation of a client is protected as required by Rule 1.6.

(g)  A lawyer who represents two or more clients shall not participate in making an aggregate settlement of the claims of or against the clients, or in a criminal case an aggregated agreement as to guilty or nolo contendere pleas, unless each client gives informed consent, in a writing signed by the client. The lawyer's disclosure shall include the existence and nature of all the claims or pleas involved and of the participation of each person in the settlement.

(h)  A lawyer shall not:

(1)  Make an agreement prospectively limiting the lawyer's liability to a client for malpractice unless the client is independently represented in making the agreement; or

(2)  Settle a claim or potential claim for such liability with an unrepresented client or former client unless that person is advised in writing of the desirability of seeking and is given a reasonable opportunity to seek the advice of independent legal counsel in connection therewith.

(i)  A lawyer shall not acquire a proprietary interest in the cause of action or subject matter of litigation the lawyer is conducting for a client, except that the lawyer may:

(1)  Acquire a lien authorized by law to secure the lawyer's fee or expenses; and

(2)  Contract with a client for a reasonable contingent fee in a civil case.

(j)  A lawyer shall not have sexual relations with a client unless a consensual sexual relationship existed between them when the client-lawyer relationship commenced. This paragraph does not apply when the client is an organization.

(k)  A lawyer related to another lawyer as parent, child, sibling or spouse shall not represent a

client in a representation directly adverse to a person whom the lawyer knows is represented by the other lawyer except upon informed consent by the client after consultation regarding the relationship.

(l)  A lawyer shall not stand as security for costs or as surety on any appearance, appeal, or other bond or surety in any case in which the lawyer is counsel.

(m)  While lawyers are associated in a firm, a prohibition in the foregoing paragraphs, with the exception of paragraph (j), that applies to any one of them shall apply to all of them.

[Added; effective May 1, 2006.]

**Plaintiff/ Counter Defendant Marc Randazza has violated the Nevada Rules of Professional Conduct**  Rule  1.9.    Duties to Former Clients.

(a)  **A lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter** in which that person's interests are materially adverse to the interests of the former client unless the former client gives informed consent, confirmed in writing.

(b)  A lawyer shall not knowingly represent a person in the same or a substantially related matter in which a firm with which the lawyer formerly was associated had previously represented a client:

(1)  **Whose interests are materially adverse to that person;** and

(2)  About whom the lawyer had acquired information protected by Rules 1.6 and 1.9(c) that is material to the matter;

(3)  Unless the former client gives informed consent, confirmed in writing.

(c)  A lawyer who has formerly represented a client in a matter or whose present or former firm has formerly represented a client in a matter shall not thereafter:

(1)  Use information relating to the representation to the disadvantage of the former client except as these Rules would permit or require with respect to a client, or when the information has become generally known; or

(2)  Reveal information relating to the representation except as these Rules would permit or require with respect to a client.

[Added; effective May 1, 2006.]

**Plaintiff/ Counter Defendant Marc Randazza has violated the Nevada Rules of Professional Conduct**  Rule  1.10.    Imputation of Conflicts of Interest.

(a)  While lawyers are associated in a firm, none of them shall knowingly represent a client when any one of them practicing alone would be prohibited from doing so by Rules 1.7, 1.9, or 2.2, unless the prohibition is based on a personal interest of the prohibited lawyer and does not present a significant risk of materially limiting the representation of the client by the remaining lawyers in the firm.

(b)  When a lawyer has terminated an association with a firm, the firm is not prohibited from thereafter representing a person with interests materially adverse to those of a client represented by the formerly associated lawyer and not currently represented by the firm unless:

(1)  The matter is the same or substantially related to that in which the formerly associated lawyer represented the client; and

(2)  Any lawyer remaining in the firm has information protected by Rules 1.6 and 1.9(c) that is material to the matter.

(c)  A disqualification prescribed by this Rule may be waived by the affected client under the conditions stated in Rule 1.7.

(d)  Reserved.

(e)  When a lawyer becomes associated with a firm, no lawyer associated in the firm shall knowingly represent a person in a matter in which that lawyer is disqualified under Rule 1.9 unless:

(1)  The personally disqualified lawyer did not have a substantial role in or primary responsibility for the matter that causes the disqualification under Rule 1.9;

(2)  The personally disqualified lawyer is timely screened from any participation in the matter and is apportioned no part of the fee therefrom; and

(3)  Written notice is promptly given to any affected former client to enable it to ascertain compliance with the provisions of this Rule.

[Added; effective May 1, 2006.]

**Plaintiff/ Counter Defendant Marc Randazza has violated the Nevada Rules of Professional Conduct** Rule  1.16.    Declining or Terminating Representation.

(a)  Except as stated in paragraph (c), a lawyer shall not represent a client or, where representation has commenced, shall withdraw from the representation of a client if:

(1)  The representation will result in violation of the Rules of Professional Conduct or other law;

(2)  The lawyer's physical or mental condition materially impairs the lawyer's ability to represent the client; or

(3)  The lawyer is discharged.

(b)  Except as stated in paragraph (c), a lawyer may withdraw from representing a client if:

(1)  Withdrawal can be accomplished without material adverse effect on the interests of the client;

(2)  The client persists in a course of action involving the lawyer's services that the lawyer reasonably believes is criminal or fraudulent;

(3)  The client has used the lawyer's services to perpetrate a crime or fraud;

(4)  A client insists upon taking action that the lawyer considers repugnant or with which the lawyer has fundamental disagreement;

(5)  The client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled;

(6)  The representation will result in an unreasonable financial burden on the lawyer or

has been rendered unreasonably difficult by the client; or

(7)  Other good cause for withdrawal exists.

(c)  A lawyer must comply with applicable law requiring notice to or permission of a tribunal when terminating representation. When ordered to do so by a tribunal, a lawyer shall continue representation notwithstanding good cause for terminating the representation.

(d)  Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee or expense that has not been earned or incurred. The lawyer may retain papers relating to the client to the extent permitted by other law.

[Added; effective May 1, 2006.]


**Plaintiff/ Counter Defendant Marc Randazza has violated the Nevada Rules of Professional Conduct** Rule  1.18.    Duties to Prospective Client.

(a)  A person who discusses with a lawyer the possibility of forming a client-lawyer relationship with respect to a matter is a prospective client.

(b)  Even when no client-lawyer relationship ensues, a lawyer who has had discussions with a prospective client shall not use or reveal information learned in the consultation, except as Rule 1.9 would permit with respect to information of a former client.

(c)  A lawyer subject to paragraph (b) shall not represent a client with interests materially adverse to those of a prospective client in the same or a substantially related matter if the lawyer received information from the prospective client that could be significantly harmful to that person in the matter, except as provided in paragraph (d). If a lawyer is disqualified from representation under this paragraph, no lawyer in a firm with which that lawyer is associated may knowingly undertake or continue representation in such a matter, except as provided in paragraph (d).

(d)  When the lawyer has received disqualifying information as defined in paragraph (c), representation is permissible if:

(1)  Both the affected client and the prospective client have given informed consent, confirmed in writing, or:

(2)  The lawyer who received the information took reasonable measures to avoid exposure to more disqualifying information than was reasonably necessary to determine whether to represent the prospective client; and

(i)  The disqualified lawyer is timely screened from any participation in the matter and is apportioned no part of the fee therefrom; and

(ii)  Written notice is promptly given to the prospective client.

(e)  A person who communicates information to a lawyer without any reasonable expectation that the lawyer is willing to discuss the possibility of forming a client-lawyer relationship, or for purposes which do not include a good faith intention to retain the lawyer in the subject matter of the consultation, is not a "prospective client" within the meaning of this Rule.

(f)  A lawyer may condition conversations with a prospective client on the person's informed consent that no information disclosed during the consultation will prohibit the lawyer from representing a different client in the matter. If the agreement expressly so provides, the

prospective client may also consent to the lawyer's subsequent use of information received from the prospective client.

(g)  Whenever a prospective client shall request information regarding a lawyer or law firm for the purpose of making a decision regarding employment of the lawyer or law firm:

(1)  The lawyer or law firm shall promptly furnish (by mail if requested) the written information described in Rule 1.4(c).

(2)  The lawyer or law firm may furnish such additional factual information regarding the lawyer or law firm deemed valuable to assist the client.

(3)  If the information furnished to the client includes a fee contract, the top of each page of the contract shall be marked "SAMPLE" in red ink in a type size one size larger than the largest type used in the contract and the words "DO NOT SIGN" shall appear on the client signature line.

[Added; effective May 1, 2006; as amended; effective September 1, 2007.]


**Plaintiff/ Counter Defendant Marc Randazza has violated the Nevada Rules of Professional Conduct,** COUNSELOR,   Rule  2.1.   Advisor.   In representing a client, a lawyer shall exercise independent professional judgment and render candid advice. In rendering advice, a lawyer may refer not only to law but to other considerations such as moral, economic, social and political factors, that may be relevant to the client's situation.

[Added; effective May 1, 2006.]


**Plaintiff/ Counter Defendant Marc Randazza has violated the Nevada Rules of Professional Conduct,** Rule 3.2 (formerly Supreme Court Rule 171) is the same as ABA Model Rule 3.2 with the exception of paragraph (b). Paragraph (b) is a Nevada-specific provision with no Model Rule counterpart.

Rule  3.3.   Candor Toward the Tribunal.

(a)  A **lawyer shall not knowingly:**

(1)  **Make a false statement of fact or law** to a tribunal or fail to correct a false statement of material fact or law previously made to the tribunal by the lawyer;

(2)  F**ail to disclose to the tribunal legal authority in the controlling jurisdiction known to the lawyer to be directly adverse to the position** of the client and not disclosed by opposing counsel; or

(3)  Offer evidence that the lawyer knows to be false. If a lawyer, the lawyer's client, or a witness called by the lawyer, has offered material evidence and the lawyer comes to know of its falsity, the lawyer shall take reasonable remedial measures, including, if necessary, disclosure to the tribunal. A lawyer may refuse to offer evidence, other than the testimony of a defendant in a criminal matter, that the lawyer reasonably believes is false.

(b)  A lawyer who represents a client in an **adjudicative proceeding** and who knows that a person intends to engage, is engaging or has engaged in criminal or fraudulent conduct related

to the proceeding shall take reasonable remedial measures, including, if necessary, disclosure to the tribunal.

(c)  The duties stated in paragraphs (a) and (b) continue to the conclusion of the proceeding, and apply even if compliance requires disclosure of information otherwise protected by Rule 1.6.

(d)  In an ex parte proceeding, a lawyer shall inform the tribunal of all material facts known to the lawyer that will enable the tribunal to make an informed decision, whether or not the facts are adverse.

[Added; effective May 1, 2006.]


**Plaintiff/ Counter Defendant Marc Randazza has violated the Nevada Rules of Professional Conduct,** Rule  3.4.    Fairness to Opposing Party and Counsel.    A lawyer shall not:

(a)  **Unlawfully obstruct another party's access to evidence or unlawfully alter, destroy or conceal a document or other material having potential evidentiary value**. A lawyer shall not counsel or assist another person to do any such act;

(b)  Falsify evidence, counsel or assist a witness to testify falsely, or offer an inducement to a witness that is prohibited by law;

(c)  Knowingly disobey an obligation under the rules of a tribunal except for an open refusal based on an assertion that no valid obligation exists;

(d)  In pretrial procedure, make a frivolous discovery request or fail to make reasonably diligent effort to comply with a legally proper discovery request by an opposing party;

(e)  In trial, allude to any matter that the lawyer does not reasonably believe is relevant or that will not be supported by admissible evidence, assert personal knowledge of facts in issue except when testifying as a witness, or state a personal opinion as to the justness of a cause, the credibility of a witness, the culpability of a civil litigant or the guilt or innocence of an accused; or

(f)  Request a person other than a client to refrain from voluntarily giving relevant information to another party unless:

(1)  The person is a relative or an employee or other agent of a client; and

(2)  The lawyer reasonably believes that the person's interests will not be adversely affected by refraining from giving such information.

[Added; effective May 1, 2006.]


**Plaintiff/ Counter Defendant Marc Randazza has violated the Nevada Rules of Professional Conduct,** Rule  4.1.    Truthfulness in Statements to Others.    In the course of representing a client a lawyer shall not knowingly:

(a)  Make a false statement of material fact or law to a third person; or

(b)  Fail to disclose a material fact to a third person when disclosure is necessary to avoid assisting a criminal or fraudulent act by a client, unless disclosure is prohibited by Rule 1.6.

[Added; effective May 1, 2006.]

**Plaintiff/ Counter Defendant Marc Randazza has violated the Nevada Rules of Professional Conduct,** Rule 4.1 (formerly Supreme Court Rule 181) is the same as ABA Model Rule 4.1.

Rule 4.2.   Communication With Person Represented by Counsel.   In representing a client, a lawyer shall not communicate about the subject of the representation with a person the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the consent of the other lawyer or is authorized to do so by law or a court order.

[Added; effective May 1, 2006.]

**Plaintiff/ Counter Defendant Marc Randazza has violated the Nevada Rules of Professional Conduct,** Rule 4.4.   Respect for **Rights of Third Persons.**

(a) In representing a client, a lawyer shall not use means that have no substantial purpose other than to embarrass, delay, or burden a third person, or use methods of obtaining evidence that violate the legal rights of such a person.

(b) A lawyer who receives a document relatin

**Plaintiff/ Counter Defendant Marc Randazza has violated the Nevada Rules of Professional Conduct,** Rule 5.1.   Responsibilities of Partners, Managers, and Supervisory Lawyers.

(a) A **partner in a law firm, and a lawyer who individually or together with other lawyers possesses comparable managerial authority in a law firm, shall make reasonable efforts to ensure that the firm has in effect measures giving reasonable assurance that all lawyers in the firm conform to the Rules of Professional Conduct**.

(b) A lawyer having direct supervisory authority over another lawyer shall make reasonable efforts to ensure that the other lawyer conforms to the Rules of Professional Conduct.

(c) A lawyer shall be responsible for another lawyer's violation of the Rules of Professional Conduct if:

(1) The lawyer orders or, with knowledge of the specific conduct, ratifies the conduct involved; or

(2) The lawyer is a partner or has comparable managerial authority in the law firm in which the other lawyer practices, or has direct supervisory authority over the other lawyer, and knows of the conduct at a time when its consequences can be avoided or mitigated but fails to take reasonable remedial action.

[Added; effective May 1, 2006.]

Plaintiff/ Counter Defendant Marc Randazza of Randazza Legal Group Violated Nevada Rules of Professional Conduct Rule 7.1, as Plaintiff/ Counter Defendant Marc Randazza falsely advertises as a Friend of domainers, an intellectual property rights attorney, a free speech attorney and that he is firmly against SLAPP Suite. Yet Randazza v. Cox proves that Marc Randazza is Guilt of False Advertising.

Rule 7.1.   Communications Concerning a Lawyer's Services.   A lawyer shall not make a false or misleading communication about the lawyer or the lawyer's services. A communication is false or misleading if it:

(a)  Contains a material misrepresentation of fact or law, or omits a fact necessary to make the statement considered as a whole not materially misleading;

(b)  Is likely to create an unjustified or unreasonable expectation about results the lawyer can or has achieved, which shall be considered inherently misleading for the purposes of this Rule, or states or implies that the lawyer can achieve results by means that violate the Rules of Professional Conduct or other law;

(c)  Compares the lawyer's services with other lawyers' services, unless the comparison can be factually substantiated; or

(d)  Contains a testimonial or endorsement which violates any portion of this Rule.

[Added; effective May 1, 2006; as amended; effective September 1, 2007.]

MODEL RULE COMPARISON—2007

  Rule 7.1 (formerly Supreme Court Rule 195) is the same as ABA Model Rule 7.1 except that paragraphs (b) through (d) are Nevada specific and have no counterpart in the Model Rule. The 2007 amendments changed language in paragraphs (b) and (d) only.

Rule 7.2.   Advertising.

(a)  Subject to the requirements of Rule 7.1, a lawyer may advertise services through the public media, such as a telephone directory, legal directory, newspaper or other periodical, billboards and other signs, radio, television and recorded messages the public may access by dialing a telephone number, or through written or electronic communication not involving solicitation as prohibited by Rule 7.3.

These Rules shall not apply to any advertisement broadcast or disseminated in another jurisdiction in which the advertising lawyer is admitted if such advertisement complies with the rules governing lawyer advertising in that jurisdiction and the advertisement is not intended primarily for broadcast or dissemination within the State of Nevada.

(b)  **Advertisements on the electronic media such as the Internet, television and radio may contain the same factual information and illustrations** as permitted in advertisements in the print media. If a person appears as a lawyer in an advertisement for legal services, or under such circumstances as may give the impression that the person is a lawyer, such person must be a member of the State Bar of Nevada, admitted to practice and in good standing before the Supreme Court of Nevada, and must be the lawyer who will actually perform the service

advertised or a lawyer associated with the law firm that is advertising. If a person appears in an advertisement as an employee of a lawyer or law firm, such person must be an actual employee of the lawyer or law firm whose services are advertised unless the advertisement discloses that such person is an actor. If an actor appears in any other role not prohibited by these Rules, the advertisement must disclose that such person is an actor.

(c)   All advertisements and written communications disseminated pursuant to these Rules shall include the name of at least one lawyer or law firm responsible for their content.

(d)   Every advertisement and written communication that indicates one or more areas of law in which the lawyer or law firm practices shall conform to the requirements of Rule 7.4.

(e)   Every advertisement and written communication indicating that the charging of a fee is contingent on outcome or that the fee will be a percentage of the recovery shall contain the following disclaimer: "You may have to pay the opposing party's attorney fees and costs in the event of a loss."

(f)   A lawyer who advertises a specific fee or range of fees shall include all possible terms and fees, and the duration said fees are in effect. Such disclosures shall be presented with equal prominence. For advertisements in the yellow pages of telephone directories or other media not published more frequently than annually, the advertised fee or range of fees shall be honored for no less than one year following publication.

(g)   A lawyer may make statements describing or characterizing the quality of the lawyer's services in advertisements and written communications. However, such statements are subject to proof of verification, to be provided at the request of the state bar or a client or prospective client.

(h)   The following information in advertisements and written communications shall be presumed not to violate the provisions of Rule 7.1:

(1)   Subject to the requirements of this Rule and Rule 7.5, the name of the lawyer or law firm, a listing of lawyers associated with the firm, office addresses and telephone numbers, office and telephone service hours, and a designation such as "attorney" or "law firm."

(2)   Date of admission to the State Bar of Nevada and any other bars and a listing of federal courts and jurisdictions other than Nevada where the lawyer is licensed to practice.

(3)   Technical and professional licenses granted by the state or other recognized licensing authorities.

(4)   Foreign language ability.

(5)   Fields of law in which the lawyer is certified or designated, subject to the requirements of Rule 7.4.

(6)   Prepaid or group legal service plans in which the lawyer participates.

(7)  Acceptance of credit cards.

(8)  Fee for initial consultation and fee schedule, subject to the requirements of paragraphs (e) and (f) of this Rule.

(9)  A listing of the name and geographic location of a lawyer or law firm as a sponsor of a public service announcement or charitable, civic or community program or event.

(i)  Nothing in this Rule prohibits a lawyer or law firm from permitting the inclusion in law lists and law directories intended primarily for the use of the legal profession of such information as has traditionally been included in these publications.

(j)  A copy or recording of an advertisement or written or recorded communication shall be submitted to the State Bar in accordance with Rule 7.2A and shall be retained by the lawyer or law firm which advertises for 4 years after its last dissemination along with a record of when and where it was used.

(k)  A lawyer shall not give anything of value to a person for recommending the lawyer's services, except that a lawyer may pay the reasonable cost of advertising or written or recorded communication permitted by these Rules and may pay the usual charges of a lawyer referral service or other legal service organization.

[Added; effective May 1, 2006; as amended; effective September 1, 2007.]


**Plaintiff/ Counter Defendant Marc Randazza has violated the Nevada Rules of Professional Conduct,** Rule  7.4.    Communication of Fields of Practice and Specialization.

(a)  A lawyer may communicate that the lawyer is a specialist or expert or that he or she practices in particular fields of law, provided the lawyer complies with this Rule. Nothing in this Rule shall be construed to prohibit communication of fields of practice unless the communication is **false or misleading**.

(b)  Patent law.    A lawyer admitted to engage in patent practice before the United States Patent and Trademark Office may use the designation "Patent Attorney" or a substantially similar designation.

(c)  Admiralty law.    A lawyer engaged in admiralty practice may use the designation "Admiralty," "Proctor in Admiralty" or a substantially similar designation.

(d)  Specialist or expert.    In addition to the designations permitted by paragraphs (b) and (c) of this Rule, a lawyer may communicate that he or she is a specialist or expert in a particular field of law if the lawyer complies with the provisions of this paragraph.

(1)  Certification.    The lawyer must be certified as a specialist or expert by an organization that has been approved under Rule 7.4A.

(2)  Practice hours; CLE; liability coverage; reporting.    The lawyer must meet the following requirements for practice hours devoted to each field of specialization, continuing legal education in each field of specialization, and professional liability coverage:

(i)  The lawyer shall have devoted at least one-third of his or her practice to each designated field of specialization for each of the preceding 2 calendar years.

(ii)  The lawyer shall have completed 10 hours of accredited continuing legal education in each designated field of specialization of practice during the preceding calendar year. The carry-forward and exemption provisions of Supreme Court Rules 210 and 214 do not apply. In reporting under subparagraph (iv), the lawyer shall identify the specific courses and hours that apply to each designated field of specialization.

(iii)  The lawyer **shall carry a minimum of $500,000 in professional liability insurance**, with the exception of lawyers who practice exclusively in public law. The lawyer shall provide proof of liability coverage to the state bar as part of the reporting requirement under subparagraph (iv).

(iv)  The lawyer shall submit written confirmation annually to the state bar and board of continuing legal education demonstrating that the lawyer has complied with these requirements. The report shall be public information.

(3)  Registration with state bar.   The lawyer must file a registration of specialty, along with a $250 fee, with the executive director of the state bar on a form supplied by the state bar. The form shall include attestation of compliance with paragraph (d)(2) for each specialty registered.

(i)  Annual renewal.   A lawyer registered under this Rule must renew the registration annually by completing a renewal form provided by the state bar, paying a $250 renewal fee, and providing current information as required under paragraph (d)(2) for each specialty registered. The lawyer must submit the renewal form to the executive director of the state bar on or before the anniversary date of the initial filing of the registration of specialty with the state bar.

(ii)  Registration of multiple specialties.   A lawyer may include more than one specialty on the initial registration or include additional specialties with the annual renewal without additional charge. Additional specialties added at any other time will be assessed a one-time $50 processing fee.

(4)  Revocation and reinstatement.   The board of governors shall establish rules and procedures governing administrative revocation and reinstatement of the right to communicate a specialty for failure to pay the fees set forth in paragraph (d)(3), including reasonable processing fees for late payment and reinstatement.

(5)  Advertising.   A lawyer certified as a specialist under this Rule may advertise the certification during such time as the lawyer's certification and the state bar's approval of the certifying organization are both in effect. Advertising by a lawyer regarding the lawyer's certification under this Rule shall comply with Rules 7.1 and 7.2 and shall clearly identify the name of the certifying organization.

(e)  Temporary exemption from CLE requirements.   The board of governors or its designee may grant a member's request for temporary exemption from completion of the specific continuing legal education requirements imposed by this Rule for exceptional, extreme, and undue hardship unique to the member.

(f)  Extension to complete CLE requirements.   If a lawyer is unable to complete the hours of accredited continuing legal education during the preceding calendar year as required by this Rule, the lawyer may apply to the board of continuing legal education for an extension of time in

which to complete the hours. For good cause the board may extend the time not more than 6 months.

(g)  Records.   A lawyer who communicates a specialty pursuant to this Rule shall keep time records to demonstrate compliance with paragraph (d)(2). Such records shall be available to the State Bar of Nevada and the board of continuing legal education on request.

(h)  Guidelines.   The board of governors of the state bar shall be authorized to formulate and publish a set of guidelines to aid members of the state bar in complying with the requirements of this Rule.

(i)  Law lists and legal directories.   This Rule does not apply to listings placed by a lawyer or law firm in reputable law lists and legal directories that are primarily addressed to lawyers.

[Added; effective May 1, 2006; as amended; effective September 1, 2007.]


**Plaintiff/ Counter Defendant Marc Randazza has violated the Nevada Rules of Professional Conduct,** Rule  8.3.   **Reporting Professional Misconduct.**

(a)  A **lawyer who knows that another lawyer has committed a violation of the Rules of Professional Conduct** that raises a substantial question as to that lawyer's honesty, trustworthiness or fitness as a lawyer in other respects, shall inform the appropriate professional authority.

(b)  A lawyer who knows that a judge has committed a violation of applicable rules of judicial conduct that raises a substantial question as to the judge's fitness for office shall inform the appropriate authority.

(c)  This Rule does not require disclosure of information otherwise protected by Rule 1.6 or information gained by a lawyer or judge while participating in an approved lawyers assistance program, including but not limited to the Lawyers Concerned for Lawyers program established by Supreme Court Rule 106.5.

[Added; effective May 1, 2006.]

**Plaintiff/ Counter Defendant Marc Randazza has violated the Nevada Rules of Professional Conduct,** Rule  8.4.   Misconduct.   It is professional misconduct for a lawyer to:

(a)  Violate or attempt to violate the Rules of Professional Conduct, knowingly assist or induce another to do so, or do so through the acts of another;

(b)  Commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects;

(c)  Engage in conduct involving dishonesty, fraud, deceit or misrepresentation;

(d)  Engage in conduct that is prejudicial to the administration of justice;

(e)  State or imply an ability to influence improperly a government agency or official or to achieve results by means that violate the Rules of Professional Conduct or other law; or

(f)  Knowingly assist a judge or judicial officer in conduct that is a violation of applicable rules of judicial conduct or other law.

[Added; effective May 1, 2006.]

**Plaintiff Counter Defendant Marc Randazza of Randazza Legal Group set out to Sabotage Defendant Crystal Cox from the Very First Conversation.**

It is clear now that Plaintiff Counter Defendant Marc Randazza of Randazza Legal Group set out to STOP Pro Se Defendant, Counter Plaintiff Crystal Cox from her APPEAL going to the Ninth Circuit.  It is clear that Plaintiff / Counter Defendant Marc Randazza of Randazza Legal Group and Co-Conspirators and Counter Defendants will do whatever it takes to STOP the Appeal of Pro Se Defendant / Pro Se Counter Plaintiff Crystal Cox and remove investigative blogs exposing his and his  Co-Conspirators and Counter Defendants.

Now, over a year after that first conference call and Marc Randazza negotiating with Opposing Counsel David Aman, allegedly on behalf, Marc Randazza and Co-Conspirators and Counter Defendants continues to do everything they can to STOP my Ninth Circuit Appeal of Obsidian Finance Group V. Crystal Cox and to removed blogs, content, domain names from the Internet Search that Expose Marc Randazza, Randazza Legal Group, Jordan Rushie, Greenberg Traurig and Ronald D. Green's clients for infringing on the iViewit Technology, whereby Defendant Eliot Bernstein is the founder of iViewit and one of the  iViewit Technology Inventors. Marc Randazza and Co-Conspirators and Counter Defendants have tried to SEIZE / SELL Pro Se Defendant / Pro Se Counter Plaintiff Crystal Cox right to appeal Obsidian Finance Group V. Crystal Cox  at a Sheriff's Sale in Multnomah County Oregon.

Marc Randazza and Co-Conspirators and Counter Defendants have got unlawful unconstitutional court orders to SEIZE massive Domain Names of Pro Se Defendant / Pro Se Counter Plaintiff Crystal Cox and Defendant Eliot Bernstein. Marc Randazza and Co-Conspirators and Counter Defendants have removed massive links, blogs and domain names from the Internet via a Preliminary Injunction that has caused irreparable harm to the intellectual property, online content, domain names, civil rights, property rights, and quality of life of Pro Se Defendant / Pro Se Counter Plaintiff Crystal Cox and Defendant Eliot Bernstein.

Defendant Eliot Bernstein is also a named defendant on the Docket of Oregon Civil Case #: 3:11-cv-00057-HZ, brought in by Tonkon Torp Law Firm, David S. Aman and Steven Wilker. Tonkon Torp Law Firm represented Enron, Intel, and is in Conspiracy with Skadden, Arps, Slate, Meagher & Flom LLP's Judith Kaye. All are involved in the iViewit Technology theft, SEC Complaint, RICO Complaint, and ongoing Federal Investigations and lawsuits related to the theft of the iViewit Technology, whereby Defendant Eliot Bernstein is the founder of iViewit and one of the iViewit Technology Inventors and to all are involved in the ongoing technology infringement of the  iViewit Technology.

Judges, by law must admit or deny conflict. Judges must notify authorities if they know of any possible illegal activity, yet Judge Gloria M. Navarro simply dismissed the information regarding a the activities of Marc Randazza, Randazza Legal Group, Sean Tompkins, Michael Whiteacre, Kenneth P. White, Jason Jones, Jordan Rushie and other Co-Conspirators and Counter Defendants, even though there is enough evidence and information to warrant an investigation.

Judge Gloria M. Navarro, still refuses to admit or deny conflict, though Pro Se Defendant / Pro Se Counter Plaintiff Crystal Cox has requested that Judge Gloria M. Navarro admit or deny any conflict in this case, as the record clearly shows.

Judge Gloria M. Navarro even went so far as to DENY a request by Pro Se Defendant / Pro Se Counter Plaintiff Crystal Cox via a court filed motion, that she be removed, reclused, disqualified from Randazza V. Cox.

Even though it is a Judges Lawful Duty to report to authorities, Judge Gloria M. Navarro simply threw out, rejected a motion by Pro Se Defendant / Pro Se Counter Plaintiff Crystal Cox requesting that the court notify authorities and investigate Plaintiff / Counter Defendant Marc Randazza of Randazza Legal Group

Upon Belief and Knowledge, Judge Peggy A. Leen and Judge Gloria M. Navvaro refuse to admit or deny conflict, though Pro Se Defendant / Pro Se Counter Plaintiff Crystal Cox has repeatedly requested that this court, Judge Peggy A. Leen and Judge Gloria M. Navvaro and all ruling in any decision in regard to Defendant Eliot Bernstein or Pro Se Defendant / Pro Se Counter Plaintiff Crystal Cox, admit or deny conflict through a signature on Conflict of Interest Disclosure provided to this court by Pro Se Defendant / Pro Se Counter Plaintiff Crystal Cox on several occasions as the Court Docket Clearly Shows.

## Judicial Cannons

**What causes the "Disqualification of Judges?"**

Federal law requires the **automatic disqualification of a Federal judge** under certain circumstances.

In 1994, the U.S. Supreme Court held that "Disqualification is required if an objective observer would entertain reasonable questions about the judge's impartiality. If a judge's attitude or state of mind leads a detached observer to conclude that a fair and impartial hearing is unlikely, the judge must be disqualified." [Emphasis added]. Liteky v. U.S., 114 S.Ct. 1147, 1162 (1994).

Courts have repeatedly held that positive proof of the partiality of a judge is not a requirement, only the appearance of partiality. Liljeberg v. Health Services Acquisition Corp., 486 U.S. 847, 108 S.Ct. 2194 (1988) (what matters is not the reality of bias or prejudice but its appearance); United States v. Balistrieri, 779 F.2d 1191 (7th Cir. 1985) (Section 455(a) "is directed against the appearance of partiality, whether or not the judge is actually biased.") ("Section 455(a) of the Judicial Code, 28 U.S.C. §455(a), is not intended to protect litigants from actual bias in their judge but rather to promote public confidence in the impartiality of the judicial process.").

That Court also stated that Section 455(a) "requires a judge to recuse himself in any proceeding in which her impartiality might reasonably be questioned." Taylor v. O'Grady, 888 F.2d 1189 (7th Cir. 1989). In Pfizer Inc. v. Lord, 456 F.2d 532 (8th Cir. 1972), the Court stated that "It is important that the litigant not only actually receive justice, but that he believes that he has received justice."

The Supreme Court has ruled and has reaffirmed the principle that "justice must satisfy the appearance of justice", Levine v. United States, 362 U.S. 610, 80 S.Ct. 1038 (1960), citing Offutt v. United States, 348 U.S. 11, 14, 75 S.Ct. 11, 13 (1954). A judge receiving a bribe from an interested party over which he is presiding, does not give the appearance of justice.

"Recusal under Section 455 is self-executing; a party need not file affidavits in support of recusal and the judge is obligated to recuse herself sua sponte under the stated circumstances." Taylor v. O'Grady, 888 F.2d 1189 (7th Cir. 1989).

Further, the judge has a legal duty to disqualify himself even if there is no motion asking for his disqualification. The Seventh Circuit Court of Appeals further stated that "We think that this language [455(a)] imposes a duty on the judge to act sua sponte, even if no motion or affidavit is filed." Balistrieri, at 1202.

Judges do not have discretion not to disqualify themselves. By law, they are bound to follow the law. Should a judge not disqualify himself as required by law, then the judge has given another example of his "appearance of partiality" which, possibly, further disqualifies the judge. Should another judge not accept the disqualification of the judge, then the second judge has evidenced an "appearance of partiality" and has possibly disqualified himself/herself. None of the orders issued by any judge who has been disqualified by law would appear to be valid. It would appear that they are void as a matter of law, and are of no legal force or effect.

**Should a judge not disqualify himself, then the judge is violation of the Due Process Clause of the U.S. Constitution. United States v. Sciuto,** 521 F.2d 842, 845 (7th Cir. 1996) ("The right to a tribunal free from bias or prejudice is based, not on section 144, but on the Due Process Clause.").

Should a judge issue any order after he has been disqualified by law, and if the party has been denied of any of his / her property, then the judge may have been engaged in the Federal Crime

of "interference with interstate commerce". The judge has acted in the judge's personal capacity and not in the judge's judicial capacity. It has been said that this judge, acting in this manner, has no more lawful authority than someone's next-door neighbor (provided that he is not a judge). However some judges may not follow the law.

If you were a non-represented litigant, and should the court not follow the law as to non-represented litigants, then the judge has expressed an "appearance of partiality" and, under the law, it would seem that he/she has disqualified him/herself.

However, since not all judges keep up to date in the law, and since not all judges follow the law, it is possible that a judge may not know the ruling of the U.S. Supreme Court and the other courts on this subject. Notice that it states "disqualification is required" and that a judge "must be disqualified" under certain circumstances.

The Supreme Court has also held that if a judge wars against the Constitution, or if he acts without jurisdiction, he has engaged in treason to the Constitution. If a judge acts after he has been automatically disqualified by law, then he is acting without jurisdiction, and that suggest that he is then engaging in criminal acts of treason, and may be engaged in extortion and the interference with interstate commerce.

Courts have repeatedly ruled that judges have no immunity for their criminal acts. Since both treason and the interference with interstate commerce are criminal acts, no judge has immunity to engage in such acts.

Canon 1. A Judge Should Uphold the Integrity and Independence of the Judiciary
[1.1] Deference to the judgments and rulings of courts depends upon public confidence in the integrity and independence of judges.

The integrity and independence of judges depends in turn upon their acting without fear or favor. Although judges should be independent, they must comply with the law, including the provisions of this Code. Public confidence in the impartiality of the judiciary is maintained by the adherence of each judge to this responsibility. Conversely, violation of this Code diminishes public confidence in the judiciary and thereby does injury to the system of government under law.

Canon 2. A Judge Should Avoid Impropriety and the Appearance of Impropriety in All Activities
(A) A judge shall respect and comply with the law and shall act at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary.

[2.2][2A] The prohibition against behaving with impropriety or the appearance of impropriety applies to both the professional and personal conduct of a judge. Because it is not practicable to list all prohibited acts, the proscription is necessarily cast in general terms that extend to conduct by judges that is harmful although not specifically mentioned in the Code. Actual improprieties under this standard include violations of law, court rules or other specific provisions of this Code.

The test for appearance of impropriety is whether the conduct would create in reasonable minds a perception that the judge's ability to carry out judicial responsibilities with integrity, impartiality and competence is impaired.

Canon 3. A Judge Should Perform the Duties of the Office Impartially and Diligently

(B) Adjudicative responsibilities.

(I) A judge shall be faithful to the law and maintain professional competence in it. A judge shall not be swayed by partisan interests, public clamor or fear of criticism.

(2) A judge shall require order and decorum in proceedings before the judge.

(D) **Disciplinary responsibilities.**

(1) A judge who receives information indicating a substantial likelihood that another judge has committed a substantial violation of this Part shall take appropriate action.

(2) A judge who receives information indicating a substantial likelihood that **a lawyer has committed a substantial violation of the Code of Professional Responsibility shall take appropriate action.**

(3) Acts of a judge in the discharge of disciplinary responsibilities are part of a judge's judicial duties.

## (E) Disqualification.

(1) A judge shall disqualify himself or herself in a proceeding in which the judge's impartiality might reasonably be questioned [3.11][3B(6)(e)] A judge may delegate the responsibilities of the judge under Canon 3B(6) to a member of the judge's staff. A judge must make reasonable efforts, including the provision of appropriate supervision, to ensure that Section 3B(6) is not violated through law clerks or other personnel on the judge's staff. This provision does not prohibit the judge or the judge's law clerk from informing all parties individually of scheduling or administrative decisions.

[3.21][3E(1)] Under this rule, a judge is disqualified whenever the judge's impartiality might reasonably be questioned, regardless whether any of the specific rules in Section 3E(1) apply. For example, if a judge were in the process of negotiating for employment with a law firm, the judge would be disqualified from any matters in which that firm appeared, unless the disqualification was waived by the parties after disclosure by the judge.

[3.22][3E(1)] A judge should disclose on the record information that the judge believes the parties or their lawyers might consider relevant to the question of disqualification, even if the judge believes there is no real basis for disqualification.

Canon 4. A Judge May Engage in Extra-Judicial Activities To Improve the Law, the Legal System, and the Administration of Justice

Canon 5. A Judge Should Regulate Extra-Judicial Activities To Minimize the Risk of Conflict with Judicial Duties

**Pro Se Defendant / Pro Se Counter Plaintiff Crystal Cox Declaration Regarding Plaintiff Marc J. Randazza VIOLATING the Rights of his Former Client Defendant Crystal Cox, and requesting this court notify authorities of Plaintiff Marc J. Randazza's unlawful unethical actions.**

I, Crystal L. Cox, Pro Se Defendant / Pro Se Counter Defendant, Investigative Blogger Demand that this Court Investigate the Life Endangering, Civil Conspiracy, Criminal Conspiracy, Stalking, Selective Prosecution, Criminal Endangerment Harassment of Plaintiff Marc Randazza and Connected Parties.

As an Investigative Blogger, I, Pro Se Defendant Crystal L. Cox have a legal, ethical and moral duty to inform this court of illegal, unlawful, unconstitutional actions, in effort to protect the Public At Large. I, Investigative Blogger, Pro Se Defendant Crystal L. Cox receive tips, and have personal experience, knowledge with and regarding to Plaintiff Marc Randazza and his Cult of Stalkers, Attorney Friends - Bloggers who harass, intimidate, threaten, pressure, ruin the career of, financial ruin, sabotage their own clients as well as those in the Porn Industry who expose them, are whistle blowers, insiders warning the Public of what Marc Randazza and those he is in Criminal and Civil Conspiracy with.

I, Crystal L. Cox, Pro Se Defendant, Investigative Blogger Demand that this Court Investigate connections, conflicts of interest with the following online media, in conspiracy with Plaintiff Marc Randazza to threaten whistleblowers and insiders, intimidate them, murder them, put them under massive suicidal duress, set them up, stalk them, threaten their families, and a number of other intimidating and life endangering tactics.

**The Following is a List of known PR, Media, Attorney Bloggers, Journalist who are involved in Criminal and Civil Conspiracy with Marc Randazza.** I, Crystal L. Cox, Pro Se Defendant, Investigative Blogger Demand that this Court Investigate these individuals in connections with Plaintiff Marc Randazza and using media, blogs, to threaten, harass, and intimidate whistleblowers aKa whistleblower retaliation.

Bob Garfield NPR, Kashmir Hill Forbes, Jordan Rushie Philly Law Blog, David Carr New York Times, Kenneth P. White Popehate.com, Jason Jones SaltyDroid.info, **SiouxsieLaw.com, SequenceInc.com Tracy Coenen, and** John and Jane Doe's to be added to this Federal Investigation at a later date.

**I, Crystal L. Cox,** Pro Se Defendant, Investigative Blogger Demand that this Court Investigate the connection of Righthaven Receiver Lara Pearson with Plaintiff Marc Randazza and Opposing Counsel in Obsidian V. Cox.

**I, Crystal L. Cox, P**ro Se Defendant, Investigative Blogger Demand that this Court send all information, documents, exhibits of this case to the FBI, Department of Justice, SEC, Nevada Attorney General, California Attorney General, Washington Attorney General, U.S. Attorney General, FCC and there be an Investigation into the Criminal and Civil Conspiracy involving Plaintiff Marc Randazza.

I, Crystal L. Cox, Pro Se Defendant, Investigative Blogger Demand that this Court investigate Mafia and other Organized Crime Connections connected to Plaintiff Marc Randazza.

**I, Crystal L. Cox,** Pro Se Defendant, Investigative Blogger Demand that this Court investigate the murder of Donny Long, and associated Criminal and Civil Conspiracy.

I, Crystal L. Cox, Pro Se Defendant, Investigative Blogger Demand that this Court investigate Godaddy Inc. in Civil and Criminal Conspiracy with Plaintiff Marc Randazza to steal intellectual property, redirect massive online content worth millions and Civilly and Criminal Conspiracy with Plaintiff Marc Randazza to deceive Godaddy Clients and to intimidate, harass, and place those clients under extreme duress, and violate their criminal, civil and constitutional rights.

**I, Crystal L. Cox, Pro Se Defendant,** Investigative Blogger Demand that this Court investigate the Civil and Criminal Conspiracy with Plaintiff Marc Randazza to suppress information regarding the iViewit Stolen Technology. And I, Crystal L. Cox, Pro Se Defendant, Investigative Blogger Demand that this Court investigate Proskauer Rose Law Firm, Kenneth Rubenstein, Hon. Judith Kaye, Peter L. Michaelson, MPEG LA, and all related parties, John and Jane Doe's to be added to this investigation.

I, Crystal L. Cox, Pro Se Defendant, Investigative Blogger Demand that this Court Investigate the car bombings of the iViewit Inventors, and the attempted murders associated with the iViewit Case..

I, Crystal L. Cox, Pro Se Defendant, Investigative Blogger Demand that this Court Investigate the Criminal and Civil Conspiracy of Plaintiff Marc Randazza, the INTA, WIPO and WIPO Panelist Peter L. Michaelson.

**I, Crystal L. Cox, Pro Se Defendant, Investigative Blogger** Demand that this Court investigate Plaintiff Marc Randazza in Criminal and Civil Conspiracy with working with "Opposing Counsel" in cases, in such a way that financial harms both of their clients. They use blogs, and the courts to create illusions, drage cases out, win, lose or settle the attorneys on BOTH sides get paid. Plaintiff Marc Randazza is in Criminal and Civil Conspiracy to "shakedown" clients on both sides, and acts in conspiracy with the Nevada Court and Nevada Receivers to carry this out. In this regard I, Crystal L. Cox, Pro Se Defendant, Investigative Blogger Demand that this Court investigate Plaintiff Marc Randazza in Criminal and Civil Conspiracy with Judge Gloria M. Navarro as in the freezing of accounts and enforcing attorneys paid in the Righthaven case and in conspiracy with Receiver Lara Pearson.

Plaintiff Marc Randazza has acted in Criminal and Civil Conspiracy with Tonkon Torp Law Firm and Las Vegas Attorney Lara Pearson to be the forced "Receiver" in Obsidian V. Cox. Plaintiff Marc Randazza in Criminal and Civil Conspiracy with Judge Gloria M. Navarro to work with Plaintiff Marc Randazza in wiping out massive online content of Defendant Crystal L. Cox, Pro Se Defendant, Investigative Blogger.

I, Crystal L. Cox, Pro Se Defendant, Investigative Blogger Demand that this Court investigate the violation of Due Process Rights, Civil Right and Constitutional Rights by Plaintiff Marc Randazza and Officials of this Court.

**I, Crystal L. Cox,** Pro Se Defendant, Investigative Blogger Demand that this Court investigate Plaintiff Marc Randazza's has Criminal and Civil Conspiracy with Tonkon Torp Law Firm and Lawyer David S. Aman, Steven Wilker, Obsidian Finance Group, Kevin D. Padrick, David W. Brown, Todd Gregory and Patricia, Patty Whittington. I, Crystal L. Cox, Pro Se Defendant, Investigative Blogger Demand that this Court investigate Plaintiff Marc Randazza conspiring to Sabotage Defendant Crystal Cox's Ninth Circuit Appeal by aiding and abetting David S. Aman to harass Defendant Crystal Cox, take her right to appeal with the legal advice of Plaintiff Marc Randazza who was Defendant Crystal Cox attorney at one point. Plaintiff Marc Randazza conspiring to Sabotage Defendant Crystal Cox New Trial Motion, in a criminal and civil conspiracy with Judge Marco Hernandez and Tonkon Torp Law Firm. I, Defendant Cox demand this be investigated by the property authorities.

I, Crystal L. Cox, Pro Se Defendant, Investigative Blogger Demand that this Court investigate Plaintiff Marc Randazza in connection to Manwin, Corbin Fisher, Liberty Media and other Porn Industry Giants, in Criminal and Civil Conspiracy to intimidate Defendant Crystal Cox to DROP her Ninth Circuit Appeal of Obsidian V. Cox. IN order to protect the criminal and civil conspiracy of Manwin, Corbin Fisher, Liberty Media and other Porn Industry Giants in their infringement on the iViewit Technology. I, Crystal L. Cox, Pro Se Defendant, Investigative Blogger Demand that this Court investigate Liberty Media in conjunction with Billions of Dollars owed to Defendant Eliot Bernstein and the iViewit Technology Company.

I, Crystal L. Cox, Pro Se Defendant, Investigative Blogger, Demand that this Court investigate

Plaintiff Marc Randazza in Criminal and Civil Conspiracy with Doug Chey, Movielink, Sony Pictures, Metro-Goldwyn-Mayer, Paramount Pictures, Sony Pictures Entertainment, Universal, Warner Bros, Best Buy, MovieFly LLC, Global Digital Media Group, Blockbuster, Sony John Calkins, David Colter, Chuck Dages, Todd Outten, Scott Sherr, Silicon Graphics,  Douglas Chey, Michael Arrieta, Blockbuster, and John and Jane Does, to be added to this investigation, Conspiring to steal, infringe on the iViewit Video Technology and to have blogs, "News" removed from the Internet to protect these individuals.

I, Crystal L. Cox, Pro Se Defendant, Investigative Blogger, Demand that this Court investigate Plaintiff Marc Randazza in Criminal and Civil Conspiracy with a ring of bloggers with the goal to intimidate, harass, and control the court case of their victims; as well as to pressure the silence of whistle blowers, porn industry insiders and Investigative Bloggers.

I, Crystal L. Cox, Pro Se Defendant, Investigative Blogger, Demand that this Court investigate Plaintiff Marc Randazza in Criminal and Civil Conspiracy with WIPO, Francis Gurry WIPO Director, Peter L. Michaelson WIPO Panelist,

I, Crystal L. Cox, Pro Se Defendant, Investigative Blogger, Demand that this Court investigate Plaintiff Marc Randazza in Criminal and Civil Conspiracy with MPEG LA, Proskauer Rose Law Firm, Kenneth Rubensteins and John and Jane Doe's, to suppress the iViewit Technology story.

I, Crystal L. Cox, Pro Se Defendant, Investigative Blogger, Demand that this Court investigate Plaintiff Marc Randazza in Criminal and Civil Conspiracy with aiding and abetting the iViewit Technology Theft.

I, Crystal L. Cox, Pro Se Defendant, Investigative Blogger, Demand that this Court investigate Plaintiff Marc Randazza in Criminal and Civil Conspiracy with Kenneth P. White of PopeHat.com and threats to break the legs of Defendant Crystal Cox.

I, Crystal L. Cox, Pro Se Defendant, Investigative Blogger, Demand that this Court investigate Plaintiff Marc Randazza in Criminal and Civil Conspiracy with attempting to shut down Defendant Crystal Cox's business, livelihood, blogs, investigative reporting and thereby participating in Criminal Endangerment of Defendant Crystal Cox and wiping out competition in the search engines with unlawful conspiracy.

I, Crystal L. Cox, Pro Se Defendant, Investigative Blogger Demand that this court investigate Plaintiff Marc Randazza in violations of Anti-Trust Laws in connection with Godaddy, and this Court in Criminal and Civil Conspiracy to remove competition in the search engines, to violate fair trade laws, restrain trade, harass and intimidate competition, and to shut down Defendant Crystal Cox as well as to Set up Defendant Crystal Cox for a Crime.

I, Crystal L. Cox, Pro Se Defendant, Investigative Blogger Demand that this Court investigate Plaintiff Marc Randazza in Criminal and Civil Conspiracy with J. Malcom Devoy, Sean Tompkins

and other John and Jane Doe's to be added this investigation in regard to stalking, intimidating, harassing, threatening, and attempting to silence the investigative blogs of Monica Foster / Alex Melody.

Monica Foster / Alex Melody' blogs are PornNewsToday.com, MonicaAtHome.com, ChristianPornStar.com, PornWorthWatching.com, MonicaF.com, PornStarHookerAlert.com, and are hereby included as evidence into this case in their entirety.

**These blogs, websites in their entirety are hereby entered into this case as evidence.** This court is demanded to print out these blogs in their entirety for evidence to be included in this case.

I, Crystal L. Cox, Pro Se Defendant, Investigative Blogger Demand that this Court investigate Plaintiff Marc Randazza in Criminal and Civil Conspiracy with J. Malcom Devoy, Sean Tompkins, Corbin Fisher, Manwin, Liberty Media and other John and Jane Doe's in connection with stalking, intimidating, harassing, threatening, and attempting to silence the investigative blogs of Diana Grandmason aKa Desi Foxx.

Diana Grandmason aKa Desi Foxx's blogs are FoxxMediaGroup.com, AmericanSatanism.com, PornInTheValley.com, MomsAgainstMedia.org, PornPimpingPolitics.com, and are hereby included as evidence into this case in their entirety. These blogs, websites in their entirety are hereby entered into this case as evidence. This court is demanded to print out these blogs in their entirety to preserve evidence in this case, and on going criminal and civil investigations.

I, Crystal L. Cox, Pro Se Defendant, Investigative Blogger Demand that this Court investigate Plaintiff Marc Randazza in Criminal and Civil Conspiracy with J. Malcom Devoy, Sean Tompkins, Corbin Fisher, Manwin, Liberty Media and other John and Jane Doe's in connection with stalking, intimidating, harassing, threatening, and attempting to silence the whistle blowing, blogs, speaking out of Shelley Lubben. http://www.ShelleyLubben.com/ **in it's entirety is hereby entered into this case as evidence.** This court is demanded to print out every page of this blog, website  to preserve evidence in this case, and on going criminal and civil investigations.

I, Crystal L. Cox, Pro Se Defendant, Investigative Blogger Demand that this Court investigate Plaintiff Marc Randazza in Criminal and Civil Conspiracy with J. Malcom Devoy, Sean Tompkins, Corbin Fisher, Manwin, Liberty Media and other John and Jane Doe's in connection with stalking, intimidating, harassing, threatening, and attempting to silence the whistle blowing, blogs, speaking out of Annie Lobert. http://hookersforjesus.net/  and **http://www.iamsecond.com/ in it's entirety is hereby entered into this case as evidence.** This court is demanded to print out every page of this blog, website  to preserve evidence in this case, and on going criminal and civil investigations.

Plaintiff Marc Randazza is a dangerous, well connected attorney, and is not above any kind of

personal or financial harm. It is this court's duty to take action and investigate Plaintiff Marc Randazza. I am an investigative journalist with knowledge of this information and demand that this court investigate Plaintiff Marc Randazza.

I, Crystal L. Cox, Pro Se Defendant, Investigative Blogger Demand that this Court investigate Plaintiff Marc Randazza in Criminal and Civil Conspiracy with Proskauer Rose Law Firm, Kenneth Rubenstein, Peter L. Mlchaelson, Warner Bros., Corbin Fisher, Manwin, Liberty Median, Encore, Starz, Viacom, ATT, Apple, Roxanne Grinage, HireLyrics, Steve Dowling, Bruce Sewell, Phil Schiller, Peter Oppenheimer, Tim Cook, Paul Otellini, Jeffrey Bewkes, Time Warner Inc., Matthew Triggs, Foley and Lardner Law Firm, Gregg Mashberg, Allen Fagin, Kenneth P. White, Blockbuster, H. Wayne Huizenga, Judge Judith Kaye, Christopher Wheeler, William Dick, Intel Corp., Brian G. Utley, Arthur Anderson, Greenberg Traurig, Todd Outten, Doug Chey, Scott Sherr, Comcast, TCI, Time Warner Cable, Mobile Streams PLC, Sprint Nextel Corporation, Ideiasnet, Crown Media Holdings Inc., David J.A. Flowers, Albert E. Rosenthaler, Christopher W. Shean, Charles Y. Tanabe, Xbiz, Bittorent, Manwin, Liberty Media, Media Produdts Inc., Encore, STARZ, Encore Media Group, John C. Malone, Gregory B. Maffei, TCI Ventures Group LLC, ATT, Liberty Interactive, Lee Masters, Bruce Ravenel, Liberty Digital Inc., TCI Satellite Entertainment Inc, Discovery Channel, News Corporation, QVC, MediaOne Group, CBS, The Weinstein Company, Liberty Capital, SaltyDroid Jason Jones, Todd Kinnican, Jordan Rushie Philly Law Blog, Bob Garfield NPR, Kashmir Hill Forbes, David Carr New York Times,

Kenneth P. White Popehate.com, SiouxsieLaw.com, SequenceInc.com Tracy Coenen, Kevin D. Padrick, David W. Brown, Mike Morgan Tonkon Torp Law Firm, David S. Aman, Steven Wilker, Jessica Griffin at Godaddy, Mike Stack (Redgoat aka Goatsred), Weinergateand, Michael Fattorosi, Judge Michael Simon, Judge Marco Hernandez, Doug Chey, Movielink, Sony Pictures, Metro-Goldwyn-Mayer, Paramount Pictures, Sony Pictures Entertainment, Universal, Warner Bros, Best Buy, MovieFly LLC, Global Digital Media Group, Blockbuster, Sony John Calkins, David Colter, Chuck Dages, Todd Outten, Scott Sherr, Silcon Graphics, Douglas Chey, Michael Arrieta, WIPO Director Francis Gurry, Raymond Joao, Douglas Boehm, R3D, Steven Becker, Raymond Hersch, John Malone, Digital Playground Inc., Manwin GERMANY GMBH, Fabian Thylmann, Manwin Licensing International, Manwin USA Inc., Brazzers, Xtube, PornHub, Spankwire and John and Jane Doe's to be added to this Federal Investigation at a later date.

**I, Crystal L. Cox, in my Pro Se Capacity state the following:**

Marc Randazza threatened that he would ruin me if I made an enemy of him. Marc Randazza's friends have threatened my knee caps, publicly humiliated and defamed me. Marc Randazza accused me of a crime in big media in which I was never charged with through proper legal channels.  Marc Randazza has exposed women in the Porn Industry who have given me tips and gave their home address and car identification information in public forums.

Marc Randazza has himself cohearsed me to STOP my appeal to the Ninth Circuit in Obsidian V. Cox and Marc Randazza has had his friends, attorney bloggers, and big media intimidate me in order to pressure me to stop my appeal process. Marc Randazza told me in our first consult where he was to be my attorney, that those in the tip of the Porn Industry contacted him and said what are you going to do about Crystal Cox, I have 2 witnesses to this phone call.

Marc Randazza offered to be my attorney in my Obsidian V. Cox appeal and then used privileged information to conspire with the Plaintiff in that Case. Marc Randazza continues to harass me, have his friends threaten me, use big media to intimidate me and I am in fear of my life and quality of life of Marc Randazza and all attorneys of Randazza Legal Group.

Marc Randazza also has known Mafia / Organized Crime ties which I will address in this legal action, as we move forward. Marc Randazza has abused his power as an attorney and I am in fear of his connections.

That being said, I will not confer in any private meetings or private phone calls with an attorney from Randazza Legal Group. All communications with Plaintiff / Counter Defendant are requested to be through this court, as a hearing where by Defendant has some sense of legal and physical protection.

I, Crystal L. Cox, in my Pro Se Capacity have informed this court of my life endangerment and have not been protected in any way.

**I, Crystal L. Cox, in my Pro Se Capacity state the following: My Life is in danger, my Career is in Ruins, I am daily harassed, defamed and threaten as are my sources. The life of my Sources are in Danger, I Demand this Court Give me Protection and notify the proper authorities.**

**Note TO Court:**  Judge Gloria Navarro continues to refuse to admit or deny conflict, and therefore I am to assume that has conflicts of interest connected to Plaintiff, Counter Defendants and Co-Conspirators.

# CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was filed using this Court's CM/ECF system
**On January 20th 2013** and a copy emailed Randazza Legal Group at eMail
rdg@randazza.com and lmt@randazza.com


Respectfully Submitted
Pro Se Defendant
Crystal L. Cox
**Case 2:12-cv-02040-GMN-PAL**