Ronald D. Green, NV Bar #7360
Randazza Legal Group
6525 W. Warm Springs Road, Suite 100
Las Vegas, NV 89118
888-667-1113
305-437-7662 fax
ecf@randazza.com

Attorney for Plaintiffs
MARC J. RANDAZZA, JENNIFER RANDAZZA, and NATALIA RANDAZZA

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MARC J. RANDAZZA, an individual, JENNIFER RANDAZZA, an individual, and NATALIA RANDAZZA, a minor,<br><br>Plaintiffs,<br><br>vs.<br><br>CRYSTAL COX, an individual, and ELIOT BERNSTEIN, an individual,<br><br>Defendants. | Case No. 2:12-cv-02040<br><br>**PLAINTIFFS' MOTION TO STRIKE DEFENDANT CRYSTAL COX'S AMENDED COUNTER COMPLAINT PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(f)** |

Plaintiffs Marc J. Randazza, Jennifer Randazza, and Natalia Randazza, through counsel, hereby submit this Motion to Strike Defendant Crystal Cox's ("Cox") Amended Counter Complaint (ECF 62) pursuant to Fed. R. Civ. P. 12(f).

**I. Introduction**

On January 3, 2013, Cox filed a 79 page Answer (ECF 23) and 56 page Counterclaim (ECF 24) with the Court. Plaintiffs then moved on January 17 under Fed. R. Civ. P 12(f) to strike both of these documents, and in the alternative, to dismiss under Rule 12(b)(6) any claims in Cox's counterclaim that survived the Rule 12(f) motion for failing to state a claim. (ECF 48). Exhausting her one and only amendment as of right under Rule 15(a), Cox subsequently filed a 166-page Amended Counterclaim on January 27 (ECF 62).

1

Cox's Amended Counterclaim (ECF 62) is more deserving of being stricken than her original Counterclaim, which itself should have been stricken in its entirety.  Rather than using her one amendment to correct the numerous defects addressed in Plaintiffs' motion to strike / motion to dismiss (ECF 48, which is wholly incorporated herein by reference), Cox's amended counterclaim includes these defective claims without any curative alterations. *(Compare* ECF 24 at 8-52 and ECF 62 at 21-109; *see* ECF 48 at 7-24).  In addition, Cox has added 110 pages of bizarre allegations against unrelated counter-defendants, including federal judges, attorneys, academic institutions, international corporations, and publications from across the globe. (*See generally* ECF 62)  Cox's first Amended Counterclaim is even more unintelligible than the original, and more deserving of striking than the first.  Rather than contribute to Cox's paper-bombing of this docket, Plaintiffs renew their arguments in ECF 48, with as few augmentations as possible in this filing.

**II. Legal Standard**

A court will grant a motion to strike pursuant to Federal Rule of Civil Procedure 12(f) if the contested pleading contains an "insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Rule 12(f) defines a matter that is "immaterial" as "that which has no essential or important relationship to the claim for relief or the defenses being pleaded." *Germain Music v. Universal Songs of Polygram*, 275 F. Supp. 2d 1288, 1300 (D. Nev. 2003), *quoting Fantasy, Inc. v. Fogerty,* 984 F.2d 1524, 1527 (9th Cir. 1993) *rev'd on other grounds*, 510 U.S. 517 (1994). Impertinent matter has been defined to "consist[] of statements that do not pertain, and are not necessary to the issues in question." *Id.*, *citing Fantasy, Inc.*, 984 F.2d at 1527.  When an asserted defense would not "constitute a valid defense to the action" under the facts alleged, it "can and should" be stricken. *Nev. Fair Housing Ctr., Inc. v. Clark County*, 565 F.Supp.2d 1178, 1187 (D. Nev. 2008). "Superfluous historical allegations are a proper subject of a motion to strike." *Fantasy,* 984 F.2d 1524, 1527.

//

//

### III. Argument

As was the case with her original Counterclaim (ECF 24), Cox's first Amended Counterclaim (ECF 62) should be stricken under Rule 12(f) due to its impertinent, scandalous, and vituperative content. The purpose of Rule 12(f) is to avoid the costs of both time and money that arise from litigating issues that are irrelevant to the lawsuit before a trial. *Cardinale v. La Petite Acad., Inc.*, 207 F.Supp.2d 1158, 1162 (D. Nev. 2002), *quoting Sidney-Vinstein v. A.H. Robins Co.,* 697 F.2d 880, 885 (9th Cir. 1983). Cox's Amended Counterclaim does not address any of the insufficiencies discussed in Plaintiffs' Motion to Strike Cox's Original Complaint (ECF 48), does not make her claims any more coherent, and, if accepted, serves no purpose but to make this dispute more needlessly complex through the addition of parties, allegations and causes of action irrelevant to the Plaintiffs' underlying claims (*see* ECF 1).[1] Accordingly, the Court should strike Cox's Counterclaims in their entirety.

### A. Cox's Amended Counterclaim Should Be Stricken For Its Irrelevant Allegations and Unwieldy Length.

Courts may strike pleadings that contain "inappropriate commentary and dramatic flourishes" or statements that appear "calculated to cast [parties] in a derogatory light" or is full of "wholly irrelevant material." *Mazzeo v. Gibbons*, 649 F.Supp.2d 1182, 1202 (D. Nev. 2009). Despite Plaintiffs' discussion of these exact deficiencies in their Motion to Strike Cox's original Counterclaim (ECF 48), Cox's second filing has added more than 100 pages of additional inappropriate commentary, baseless speculation, derogatory statements meant to paint Plaintiffs, their counsel, and this Court in a false light, and wholly irrelevant material.

Indeed, much of the Amended Counterclaim's content can be found in many of Cox's other submissions to the Court (*compare* ECFs 29 at 10-11; 53 at 2, 11-14 18-20, 45, 52; 57 at 20, 25-28,

---

[1] Cox's amended counterclaim still does not identify her alleged counter-defendants, as a number of people named as counter-defendants within the body of her counterclaim are not listed in the caption or service list.

33, 58, 65; and 62). Cox's Amended Counterclaim includes a lengthy recitation of the same repetitive allegations made throughout her other filings, including entire republications of various statutes and rules that Cox has placed on the docket numerous times (*id.*). Rather than a short and concise statement under Rule 8, or even a detailed statement of specific facts and allegations under Rule 9, this repetition of demands and legislative authority brings Cox's Amended Counterclaim to an astounding 166 single-spaced pages. Despite the Amended Counterclaim's length, it still fails to clearly state which parties are allegedly liable for what acts, and is unclear if the rights Cox seeks to assert are even her own. Attempting to analyze these claims would prove both unnecessary and extremely time-consuming, as they are not pertinent to the issues in this lawsuit—cyberpiracy, cybersquatting, publicity, intrusion, and civil conspiracy claims. Therefore, Cox's impertinent amended counterclaim (ECF 62) should be stricken in its entirety.

### B. To The Extent Cox's New Claims Are Relevant to Granting This Motion, Their Insufficiency Weighs in Favor of Striking the Amended Counterclaim.

To the extent the viability of Cox's causes of action are relevant to the Court's analysis of whether or not to strike the Amended Counterclaim as "redundant" or "impertinent," the insufficiency of her new and existing claims weighs in favor of striking the Amended Counterclaim. A full discussion of Cox's first ten preexisting and substantively unchanged causes of action (ECF 62 at 21-109) is properly of the record in this case and incorporated herein by reference (ECF 48 at 8-25). A brief analysis of the most obvious defects of Cox's new causes of action, claims 11-19 (ECF 62 at 110-158), follows in order to demonstrate the propriety of this Court striking her entire amended complaint; *Plaintiffs expressly reserve the right to file a subsequent motion to dismiss* under Rules 12(b)(1) and (6) pertaining to any and all claims surviving a Rule 12(f) motion to strike.

As with Cox's initial counterclaim, Cox's new causes of action include numerous citations to statutes that do not provide private rights of action. In particular, Cox alleges violations of 18 U.S.C. § 1512, 31 U.S.C. § 3729, NRS §§ 41.336 and 49.275. None of these statutes allow for a private cause of action, or even a cause of action at all. Cox's claim for a violation of 18 U.S.C. §

1512 cannot be brought by a civil party. *Estes v. Gaston,* 2012 WL 6645609 (D. Nev. 2012) (holding that several criminal charges could not be brought by a pro se civil litigant).

Cox's claim for violation of title 31 of the United States code, even if it did allow for a private cause of action, rests on the assertion that the federal courts are a government program (ECF 62 at 157). This assertion is directly contradicted by the understanding of "government program" found within 31 U.S.C. §§ 3721-3728.

Cox's Nevada law claims are also not causes of action. NRS § 41.336 does not provide for a cause of action, but sets forth limits to the types of damages that can be recovered in a libel suit when the plaintiff fails to ask for a retraction. *See Laxalt v. McClatchy*, 622 F.Supp. 737, 747 (D. Nev. 1985) (discussing damages when plaintiff failed to demand a retraction). Similarly NRS § 49.275 does not provide Cox a cause of action, but instead provides an affirmative defense for reporters who may be asked to disclose privileged information in a court of law. *See Diaz v. Eighth Judicial Dist. Court ex rel. County of Clark*, 116 Nev. 88, 96, 993 P.2d 50, 56 (2000) (discussing use of shield law as an affirmative defense).

Cox's claim that Marc Randazza has violated a wide, vague range of whistleblower-related statutes is also inapplicable. Even if Mr. Randazza had fair notice of the contents of Cox's claim under Fed. R. Civ. P. 8, Cox fundamentally misapprehends the purpose of whistleblower statutes. These laws only protect *employees* from workplace retaliation. *See Van Asdale v. International Game Technology*, 577 F.3d 989, 996 (9th Cir. 2009) (discussing Sarbanes-Oxley Act, stating that it prohibits employers in publically traded companies from discriminating against whistleblower *employees*); *see also* Nev. R. Stat. 608.015, 613.340, 613.480, 618.445 (prohibiting *employment* discrimination arising from whistleblower retaliation). Cox does not allege that she was ever an employee of Randazza, despite providing the Court with a summary of her employment history (ECF 62 at 108-09). Whistleblower statutes are therefore inapplicable, and these claims accordingly fail.

Cox's other claims are similarly unlikely to succeed. Cox duplicatively and redundantly alleges claims of "Racketeering" and violations of "RICO" within the Amended Counterclaim, and boils them both down to a recitation of 18 U.S.C. § 1962, accompanied by the bare assertions that

Mr. Randazza and unspecified other co-counter defendants have violated this complex law (ECF 62 at 110-11, 151-56). Even under the liberal pleading standards of Fed. R. Civ. P. 8, Cox's claim is insufficient. Similarly, Cox's claim for legal malpractice fails to allege any actual harm or legal negligence, but serves as a platform for her to air her grievances about Mr. Randazza while reciting extended excerpts from the Nevada Rules of Professional Conduct. It is unclear what, if any, legal malpractice claim can be discerned from Cox's *more than 25 pages* of narrative allegations (ECF 62 at 118-44). In Nevada, legal malpractice is premised on the existence of an attorney client relationship; here, Cox's allegations and evidence on the record not only fail to allege that such a relationship existed, but conclusively show that there was no such attorney-client relationship or actual legal *practice* on her behalf (ECF 42-1, 62 at 118-121), making a malpractice claim impossible. *Semenza v. Nev. Med. Liability Ins. Co.*, 104 Nev. 666, 667-668 (Nev. 1988).

To the extent this Court allows further amendment of Cox's Counterclaim, Plaintiffs shall move to dismiss it under Rules 12(b)(1) and 12(b)(6). To conserve judicial and party resources, Plaintiffs reserve their right to bring such a motion until when Cox has filed an appropriate intelligible, concise, pertinent and relevant counterclaim with the Court. Seeking dismissal of Cox's specific counterclaims at this time, particularly in light of the justification this Court has for striking Cox's amended counterclaim in its entirety without leave to amend, would require a commitment of resources that would be prejudicial to both Plaintiffs and this Court.

### IV. Conclusion

For the same reasons discussed in Plaintiffs' original motion to strike Cox's answer and counterclaim (ECF 48), Cox's amended counterclaim is even more deserving of being completely stricken. Compared to her counterclaim (ECF 24), Cox's amended counterclaim includes roughly three times as many impertinent, confusing and unintelligible allegations against an even larger swarm of third parties that are unrelated to Plaintiffs' claims against her (ECF 62). While Cox has not corrected any of the errors identified in Plaintiffs' motion to strike / motion to dismiss, she has added new causes of action that are just as implausible and incomprehensible as those in the original counterclaim (ECFs 24, 48, 62). Accordingly, Cox's amended counterclaim should be stricken.

6
*Motion to Strike Amended Counterclaim (ECF 62)*

| | | |
|---|---|---|
| 1 | Dated: January 29, 2013 | Respectfully submitted, |
| 2 | | /s/Ronald D. Green |
| | | Ronald D. Green, NV Bar #7360 |
| 3 | | Randazza Legal Group |
| | | 6525 W. Warm Springs Road, Suite 100 |
| 4 | | Las Vegas, NV 89118 |
| 5 | | 888-667-1113; 305-437-7662 fax |
| | | ecf@randazza.com |

# CERTIFICATE OF SERVICE

Pursuant to the Federal Rules of Civil Procedure 5(b), I hereby certify that the foregoing document was filed using this Court's CM/ECF system on January 29, 2013.

Respectfully Submitted,

*[signature]*

Laura M. Tucker
Law Clerk
ecf@randazza.com
Randazza Legal Group
6525 W. Warm Springs Rd., Suite 100
Las Vegas, NV 89118
(888) 667-1113
(305) 437-7662 fax