Ronald D. Green, NV Bar #7360
Randazza Legal Group
6525 W. Warm Springs Road, Suite 100
Las Vegas, NV 89118
888-667-1113
305-437-7662 fax
ecf@randazza.com

Attorney for Plaintiffs
MARC J. RANDAZZA, JENNIFER RANDAZZA, and NATALIA RANDAZZA

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| MARC J. RANDAZZA, an individual, JENNIFER RANDAZZA, an individual, and NATALIA RANDAZZA, a minor,<br><br>Plaintiffs,<br><br>vs.<br><br>CRYSTAL COX, an individual, and ELIOT BERNSTEIN, an individual,<br><br>Defendants. | Case No. 2:12-cv-02040<br><br>**PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO STRIKE DEFENDANT CRYSTAL COX'S COUNTERCLAIMS AND ANSWER PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(f), OR, IN THE ALTERNATIVE, MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)** |

Plaintiffs Marc J. Randazza, Jennifer Randazza, and Natalia Randazza, through counsel, hereby submit this response in support of Plaintiffs' motion to strike Defendant Crystal Cox's ("Cox") Answer and Counterclaim pursuant to Fed. R. Civ. P. 12(f). This brief addresses only Cox's Answer (ECF 23).[1]

**I. Argument**

As with each of her previous filings, Defendant Cox has again failed to address any of the claims at issue in the instant suit, resorting instead to repetition of the same language she continues

---

[1] Defendant Cox filed an Amended Counterclaim (ECF 62), rendering the portion of Plaintiffs' previous Motion to Strike concerning her Original Counterclaim (ECF 24) moot. Therefore, this Reply addresses only the Motion to Strike Cox's Answer.

1

to include in every subsequent filing with this Court.[2]  Because Cox's Answer remains impertinent to the current suit and consists of nearly 80 pages of redundant materials, Plaintiffs request that the Court strike it from the record.

### A. Defendant Cox fails to show in her Opposition how her Answer is relevant to the Complaint; therefore, the Court should strike her Answer pursuant to 12(f).

To the extent Cox's pleading answers the Complaint, its pertinent portions are contained entirely within its first page (ECF 23).  Cox's Answer does not specifically address the factual allegations and causes of action in the Complaint (ACPA claims, privacy claims, and civil conspiracy claims).  Instead, for the Answer's remaining 77 pages, Cox claims that it is the Plaintiffs, not her, who are liable for the wrongs alleged in their Complaint (ECF 2-78).  Cox's allegations are not responses to the Plaintiff's claims, nor are they affirmative defenses. Despite filing a lengthy opposition, Cox has not shown, and cannot show, that her Answer is pertinent to the issues raised in the instant suit.  As Cox's Answer is almost entirely irrelevant to the Complaint's allegations and serves only to accuse Plaintiffs of unlawful acts, the Court may strike her filing under the Federal Rules. Fed. R. Civ. P. 12(f); *see also Germain Music v. Universal Songs of Polygram*, 275 F. Supp. 2d 1288, 1300 (D. Nev. 2003).  The Court should doubly do so since the impertinent matter is included for the sole purpose of attempting to evade liability for her otherwise defamatory statements. (See ECF #12 at 3, citing to "Comment of the Day: Why 'Non-

---

[2] Cox's Opposition (ECF 57) and Addendum to her Opposition (ECF 61) are both single-spaced (rather than double-spaced) and exceed the page limits for such submissions under the Court's local rules, and therefore surpass the *de facto* length limitations set by this Court at least twofold. D. Nev. Local Rules 7-4, 10-1.

Journalist' Blogger Crystal Cox Didn't Get a Lawyer").[3]

As Cox has presented no contrary argument demonstrating that Answer is relevant to the issues in this case, they should be stricken.

**B.  The Court should strike Defendant Cox's Answer because her Addendum to the Opposition (ECF 61) does not address the insufficiencies noted in Plaintiffs' Motion to Strike.**

Defendant Cox filed a 28-page-long addendum to her Opposition to Plaintiffs' Motion to Strike, which still fails to address any of the insufficiencies addressed in Plaintiffs' Motion. Instead, Cox confusingly interweaves what appear to be affirmative defenses with new allegations and causes of action in her amended counterclaim (ECF 62).

To the extent that Cox's addendum (ECF 61) can be read to assert affirmative defenses – which were not raised in the Answer (ECF 23) – they too should be stricken as impertinent.  First, Cox asserts the trademark "defense" that Jennifer Randazza does not have any trademark rights in "RANDAZZA"; however, this assertion is separate and apart from 15 U.S.C. § 8131, which provides individual cyberpiracy protections for individuals whose personal names are used without their consent for personal gain. 15 U.S.C. § 8131(1)(A).  Whether Plaintiff Jennifer Randazza has trademark rights in her personal name is irrelevant.  Under the plain language of the statute, Section 8131 expressly forbids the registration of a plaintiff's personal name without regard to any trademark rights.  As such, to the extent Cox's "defense" may be construed as an affirmative defense within her Answer (see ECF 23 at 78), it should be stricken for its irrelevant to the claims in the Complaint, and due to it being an "insufficient defense" under Rule 12(f).

---

[3] In the article, Cox stated, "I recommend that everyone go pro se and lawyer up for the appeal, this way you get to introduce more elements into the case and others pick up the case and whatever you right [sic] in your motions to the court is then under 'Absolute Privilege' as a matter of law and can't be considered defamation." Curtis Cartier, *Comment of the Day: Why 'Non-Journalist' Blogger Crystal Cox Didn't Get a Lawyer*, Seattle Weekly (Dec. 7, 2011), http://blogs.seattleweekly.com/dailyweekly/2011/12/comment_of_the_day_why_non-jou.php (*last accessed* Jan. 29, 2013)

Similarly, Cox discusses Nevada's retraction statute, though apparently as a cause of action rather than a defense (*see* ECF 62), which could be an affirmative defense to a claim for defamation. However, that affirmative defense is irrelevant to the Complaint, which specifically *does not* allege a claim for defamation. As Nevada's retraction statutes apply only in libel actions, such late-stated affirmative defenses found in Cox's addendum, rather than her Answer (ECF 61), should be deemed stricken along with the entirety of her Answer. *See* NRS §41.331-338.

## II.  Conclusion

For the foregoing reasons, Plaintiffs respectfully request this Court grant in part their motion to strike Defendant Crystal Cox's entire impertinent Answer pursuant to Federal Rule 12(f).

Dated: January 29, 2013                 Respectfully submitted,

/s/Ronald D. Green
Ronald D. Green, NV Bar #7360
Randazza Legal Group
6525 W. Warm Springs Road, Suite 100
Las Vegas, NV 89118
888-667-1113; 305-437-7662 fax
ecf@randazza.com

# CERTIFICATE OF SERVICE

Pursuant to the Federal Rules of Civil Procedure 5(b), I hereby certify that the foregoing document was filed using this Court's CM/ECF system on January 29, 2013.

Dated: January 29, 2013

Respectfully Submitted,

*[signature]*

Laura M. Tucker
Law Clerk
ecf@randazza.com
Randazza Legal Group
6525 W. Warm Springs Rd., Suite 100
Las Vegas, NV 89118
(888) 667-1113
(305) 437-7662 fax