1  Ronald D. Green, NV Bar #7360
   Randazza Legal Group
2  6525 W. Warm Springs Road, Suite 100
   Las Vegas, NV 89118
3  888-667-1113
   305-437-7662 fax
4  ecf@randazza.com

5
   Attorney for Plaintiffs
6  MARC J. RANDAZZA, JENNIFER RANDAZZA, and NATALIA RANDAZZA

7

8                          UNITED STATES DISTRICT COURT

9                                DISTRICT OF NEVADA

10
    MARC J. RANDAZZA, an individual,        )   Case No. 2:12-cv-02040
11  JENNIFER RANDAZZA, an individual, and   )
    NATALIA RANDAZZA, a minor,              )   **MOTION TO REVOKE DEFENDANT**
12                                          )   **CRYSTAL COX'S CM/ECF**
                                            )   **PRIVILEGES**
13              Plaintiffs,                 )
                                            )
14        vs.                               )
                                            )
15  CRYSTAL COX, an individual, and ELIOT   )
    BERNSTEIN, an individual,               )
16                                          )
                                            )
17              Defendants.                 )

18  ─────────────────────────────────────

19        Plaintiffs Marc J. Randazza, Jennifer Randazza, and Natalia Randazza, through counsel,

20  hereby submit this Motion to Revoke Defendant Crystal Cox's CM/ECF Privileges.

21                    **Memorandum of Points and Authorities**

22        Since being granted CM/ECF privileges by this Court on December 12, 2012, Defendant

23  Cox has made numerous unnecessary filings, driving up the number of docket entries in this two-

    month-old case to nearly seventy, with hundreds of pages of irrelevant and nonsensical allegations,
24
    and copious irrelevant exhibits accompanying most of the motions, briefings, and notices she
25
    submits.   The number of filings Cox continues to electronically file has become not only
26
    burdensome to Plaintiffs, but also to the Court, which has hundreds of extraneous and immaterial
27
    documents to sift through prior to making a decision on any motion.   Cox's incessant electronic
28

                                            1

1   filing only serves the purpose to delay litigation and to prevent Plaintiffs from receiving their
2   requested relief.  As such, Plaintiffs respectfully request this Court revoke Defendant Cox's
3   electronic filing privileges in order to encourage Defendant to exercise judiciousness in the
4   documents she chooses to file with this Court.

5          According to the United States District Court for the District of Nevada's Electronic Filing
6   Procedures, non-attorneys may not file electronically without permission from the Court.
7   "Electronic Filing Procedures" at I(C).  The ability to file electronically is a privilege granted by
8   this Court and was granted to Defendant Cox only after she satisfied the procedure to activate her
9   CM/ECF account. (ECF 11).  When litigants, both represented and self-represented, abuse this
10  privilege, courts revoke the privilege in favor or protecting the integrity of the litigation process.
11  *See* Exhibit A, *Schultz v. Krause*, No. 11-1796 MCE, Dkt. 23, slip op. at 3-4 (E.D. Cal. Nov. 3,
12  2011) (revoking pro se plaintiff's electronic filing privileges due to his "voluminous unauthorized
13  filings")[1]; *see also Kaufman v. I.R.S.*, 787 F.Supp.2d 27, 36 (D.D.C. 2011) (revoking pro se
14  plaintiffs' electronically filing privileges after they "flooded [the] docket with numerous improper
15  and unintelligible filings"); *see also* Exhibit B, *Collum v. Paypal*, No. 12-017, Dkt. 33 (D. Neb.
16  November, 20, 2012).

17         In *Kaufman*, the court reasoned that the plaintiffs' conduct in the case impeded "the
18  administration of justice" through abusive electronic filings. 787 F.Supp.2d at 36.  In supporting its
19  decision to revoke the plaintiffs' electronic privileges, the court quoted a United Staets Court of
20  Appeals for the D.C. Circuit decision that allows courts to employ "injunctive remedies to protect
21  the integrity of courts and the orderly and expeditious administration of justice." *Id.*, *quoting Urban
22  v. United Nations*, 768 F.2d 1497, 1500 (D.C. Cir. 1985).  The court ordered that the plaintiffs'
23  electronic filing privileges be revoked to allow the clerk to "inspect any further submissions prior
24  to entering them into the docket." *Id.* at 37.

---

26  [1] The Court may take judicial notice of Exhibits A and B under Fed. R. of Evid. 201(b)(2) and Fed.
    R. Civ. P. 44, as Plaintiffs have provided the Court with file-stamped copies of the orders
27  referenced from both cases. *See also Chandler v. U.S.*, 378 F.2d 906, 908 (9th Cir. 1967), stating
    that a federal court may take judicial notice of its own records.
28

1    Similar to the pro se litigants whose electronic filing privileges have been revoked,

2    Defendant Cox also has abused her privileges by filing numerous frivolous motions, "notices," and

3    other impertinent documents, that have nothing to do with the issues in the Complaint or her

4    defenses thereto and which impede the administration of justice in this Court.

5    Cox's intent is evidenced by her extra-judicial statements that reveal her motivation: Cox

6    takes the position that her defamatory statements become immune from liability as long as they

7    have an ECF stamp on them. *See* Exhibit C.  However, even the litigation privilege is not absolute.

8    *Clark County Sch. Dist. v. Virtual Educ. Software Inc.*, 125 Nev. 374, 383, 213 P.3d 496, 503 (Nev.

9    2009) (applying litigation privilege only where a 1) judicial proceeding is contemplated in good

10   faith and under serious consideration, and 2) the communication is related to the litigation); *Fink v.*

11   *Oshins*, 118 Nev. 428, 433, 49 P.3d 640, 644 (Nev. 2002) (requiring protected statements to be

12   pertinent to the controversy, and made either during litigation or in anticipation of litigation

13   "contemplated in good faith and under serious consideration"). The only results Cox's filings serve

14   are to clog the Court with immaterial notices and motions that unnecessarily divert Plaintiffs' and

15   this Court's time and resources and obscure the issues of fact and law in this case.  The exercise of

16   printing out and submitting Cox's filings through the use of the traditional U.S. postal service will

17   make Ms. Cox more judicious in the motions and exhibits she chooses to file and will allow this

18   Court to continue to move the case forward and rule on the merits of the pending motions currently

19   before it.

20   Accordingly, Plaintiffs respectfully request this Court revoke Defendant Cox's electronic

21   filing privileges and issue other appropriate sanctions.

22

23   Dated: February 4, 2013                    Respectfully submitted,

24                                              /s/Ronald D. Green
                                                Ronald D. Green, NV Bar #7360
25                                              Randazza Legal Group
                                                6525 W. Warm Springs Road, Suite 100
26                                              Las Vegas, NV 89118
                                                888-667-1113; 305-437-7662 fax
27                                              ecf@randazza.com

28

1

**CERTIFICATE OF SERVICE**

2          Pursuant to the Federal Rules of Civil Procedure 5(b), I hereby certify that the foregoing

3     document was filed using this Court's CM/ECF system on February 4, 2013.

4     Dated: February 4, 2013                          Respectfully Submitted,

5

6

7                                                      Laura M. Tucker
8                                                      Law Clerk
                                                       ecf@randazza.com
9                                                      Randazza Legal Group
                                                       6525 W. Warm Springs Rd., Suite 100
10                                                     Las Vegas, NV 89118
                                                       (888) 667-1113
11                                                     (305) 437-7662 fax

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28