# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KIRK MATTHEW SCHULTZ, et al.,

    Plaintiffs,                    No. CIV S-11-1796 MCE GGH PS

    vs.

PETER W. KRAUSE, et al.,

    Defendants.             <u>ORDER</u>

_____/

        Plaintiff Schultz[1] is proceeding in this action pro se and has paid the filing fee. This proceeding was referred to this court by E.D. Cal. L.R. 302(c)(21), pursuant to 28 U.S.C. § 636(b)(1).

        On October 20, 2011, plaintiff filed a motion to have the court subpoena several documents and/or items, including copies of "The Chronic Telegram," a Freedom of Information Act request made to the Federal Communications Commission, and the credit card, name on credit card, and e-mail address of the purchaser of a certain document downloaded from a website. (Dkt. No. 15.) Because plaintiff noticed this motion before the district judge, plaintiff was ordered via minute order to re-notice the motion before the assigned magistrate judge. (Dkt.

---

[1] It appears that the remaining plaintiffs are simply alter egos of the named individual.

1

No. 17.) Subsequently, on November 1, 2011, plaintiff again noticed the same motion before the district judge (Dkt. No. 20.) That same day, plaintiff also filed a motion to depose approximately 109 "witnesses/co-conspirators." (Dkt. No. 19.)

Under the Federal Rules of Civil Procedure, "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order." Fed. R. Civ. P. 26(d)(1). This action is not exempt under Fed. R. Civ. P. 26(a)(1)(B), and no applicable rule, stipulation, or court order authorizes early discovery. Also, it is unlikely that any Fed. R. Civ. P. 26(f) conference has taken place, given that plaintiff has failed to file declarations of service indicating that any of the defendants have even been served with process. Accordingly, plaintiff's discovery motions (dkt. nos. 15, 19, 20) will be denied without prejudice.[2] Additionally, discovery in this matter will be stayed until final resolution of defendant National Mutual Insurance Company's motion to dismiss (dkt. no. 16), currently set for hearing on December 15, 2011.

On November 1, 2011, plaintiff also filed an "Amended Notice of Changed Named Defendants." (Dkt. No. 18.) The document requests "changes in named defendants" and only lists as defendants Nationwide Mutual Insurance Company, Wells Fargo & Company, and David Letterman. (Id.) It is not clear whether plaintiff intends to dismiss the remaining defendants, who have not yet appeared. If that is the case, plaintiff is required to file a notice of dismissal of such defendants pursuant to Fed. R. Civ. P. 41(a)(1), specifically identifying the defendants to be dismissed.

---

[2] Furthermore, plaintiff is informed that, assuming discovery requests are not premature or untimely, court permission is not necessary for such requests and that neither discovery requests served on an opposing party nor that party's responses should be filed until such time as a party becomes dissatisfied with a response and seeks relief from the court pursuant to the Federal Rules of Civil Procedure. If plaintiff desires to serve a subpoena on a third party, plaintiff is required to obtain a signed, but otherwise blank, subpoena form from the Clerk of Court, which plaintiff may then complete and serve. Fed. R. Civ. P. 45(a)(3). Discovery requests shall not be filed with the court unless, and until, they are at issue.

1  Plaintiff's recent slew of unauthorized filings also prompts the court to reconsider
2 plaintiff's electronic filing privileges.  On August 4, 2011, the court granted plaintiff's request to
3 utilize the court's electronic filing system ("ECF").  (Dkt. No. 7.)  At that time, the court
4 explained that the local rules of this court provide that "[a]ny person appearing pro se may not
5 utilize electronic filing except with the permission of the assigned Judge or Magistrate Judge.
6 See E.D. Cal. L.R. 133(b)(2).  Plaintiff was cautioned that access to ECF would be terminated if
7 he makes unnecessary voluminous filings, or otherwise abuses his access to ECF.  Due to the
8 voluminous unauthorized filings by plaintiff, the court determines that it is appropriate to revoke
9 plaintiff's ECF privileges.  Additionally, plaintiff will not be permitted to notice or file any
10 additional motions until final resolution of defendant National Mutual Insurance Company's
11 motion to dismiss (dkt. no. 16), currently set for hearing on December 15, 2011.

12  Finally, on July 11, 2011, plaintiff was ordered to complete service of process
13 within 120 days.  That time has almost expired and, as discussed above, plaintiff has not yet filed
14 any declarations of service indicating that any of the defendants have been served with process.
15 Plaintiff will be given 28 days from the date of service of this order to complete service of
16 process on defendants against whom plaintiff intends to proceed.  Plaintiff shall file a declaration
17 of service for each defendant indicating that the defendant was properly served with process
18 pursuant to Fed. R. Civ. P. 4 once plaintiff has served that defendant with process.

19  Accordingly, for the reasons outlined above, IT IS ORDERED that:

20  1. Plaintiff's motions for discovery (dkt. nos. 15, 19, and 20) are denied without
21 prejudice.

22  2. Plaintiff's electronic filing/ECF privileges are revoked.  The Clerk of Court
23 shall take the necessary steps to cancel plaintiff's access to ECF.

24  3. Plaintiff shall complete service of process on the defendants, or file an
25 appropriate notice of dismissal pursuant to Fed. R. Civ. P. 41(a)(1) as to those defendants
26 plaintiff intends to dismiss from the action, within 28 days of service of this order.  Plaintiff shall

3

1  file a declaration of service for each defendant indicating that the defendant was properly served
2  with process pursuant to Fed. R. Civ. P. 4 once plaintiff has served that defendant with process.
3      4. Plaintiff shall not notice/file any additional motions, and discovery in this
4  matter is stayed, until final resolution of defendant National Mutual Insurance Company's
5  motion to dismiss (dkt. no. 16), currently set for hearing on December 15, 2011.  Until such time,
6  plaintiff is limited to filing: (a) one opposition to defendant National Mutual Insurance
7  Company's motion to dismiss; (b) declarations of service demonstrating service of process on
8  defendants; and (c) a notice of dismissal of any defendants plaintiff intends to dismiss from the
9  action.
10     5. Failure to comply with this order will result in a recommendation that this
11 action be dismissed with prejudice.
12 DATED: November 3, 2011

                  /s/ Gregory G. Hollows
              UNITED STATES MAGISTRATE JUDGE

GGH/wvr
Schultz1796.ecf.rem.wpd