# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| BRIAN T. COLLUM, | ) | 8:12CV17 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| PAYPAL, and KELLIE CAIN, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on Plaintiff's Motion for Hearing. (Filing No. 32.) The court dismissed this matter and entered Judgment against Plaintiff on May 16, 2012. (Filing Nos. 18 and 19.) Plaintiff's latest Motion is his fifth attempt to reopen this matter. (*See* Filing Nos. 22, 24, 27, 29, and 32.)

Liberally construed, Plaintiff seeks relief from the court's Judgment pursuant to Fed. R. Civ. Pro. 60(b)(6). (Filing No. 32.) Rule 60(b)(6) "grants federal courts broad authority to relieve a party from a final judgment 'upon such terms as are just,' provided that the motion is made within a reasonable time and is not premised on one of the grounds for relief enumerated in clauses (b)(1) through (b)(5)." *Liljeberg v. Health Serv. Acquisition Corp.*, 486 U.S. 847, 863 (1988). However, "[r]elief is available under Rule 60(b)(6) only where exceptional circumstances have denied the moving party a full and fair opportunity to litigate his claim and have prevented the moving party from receiving adequate redress." *Harley v. Zoesch*, 413 F.3d 866, 871 (8th Cir. 2005).

The court has carefully reviewed Plaintiff's Motion. Plaintiff has not set forth any "exceptional circumstances" that prevented him from fully litigating his claims or receiving adequate redress. Accordingly, Plaintiff's Motion for Hearing is denied.

On October 9, 2012, the court warned Plaintiff that if he continued to file meritless motions, he could be subject to sanctions, including, but not limited to, being enjoined from filing any further pleadings, motions, or other items related to his claims against PayPal without prior authorization from this court. (Filing No. 31.) Plaintiff has ignored this warning and has continued to file meritless motions. (*See* Filing No. 32; *see also* Case No. 8:12CV153, Filing No. 16.)

The Eighth Circuit has held that litigants who have abused the judicial system may be enjoined from filing future litigation. *See In re Tyler, 839 F.2d 1290, 1292 (8th Cir. 1988)* (recognizing that there is "no constitutional right of access to the courts to prosecute an action that is frivolous or malicious" and that "[f]rivolous, bad faith claims consume a significant amount of judicial resources, diverting the time and energy of the judiciary away from processing good faith claims" (citations omitted)). Indeed, "[t]he Court may, in its discretion, place reasonable restrictions on any litigant who files non-meritorious actions for obviously malicious purposes and who generally abuses judicial process." *Id.* (citations omitted).

In the interest of curbing Plaintiff's litigation abuses, the court takes it upon itself to address Plaintiff's abuses and impose appropriate sanctions. The Clerk of the court will be directed to accept no further filings from Plaintiff in this matter, except for a notice of appeal. To prevent further abuse, Plaintiff will no longer be permitted to file a complaint in this court and proceed IFP without first seeking leave to do so. If Plaintiff proposes to file a complaint and proceed IFP, but the complaint lacks a legal basis or is otherwise meritless, the court will direct the Clerk of the court to return the proposed complaint to Plaintiff without filing it, as set forth below.

IT IS THEREFORE ORDERED that:

1.     Plaintiff's Motion for Hearing (filing no. 32), liberally construed as a Motion for Relief Under Rule 60(b), is denied.

2.      The Clerk of the court shall not accept further filings from Plaintiff in this matter except for a notice of appeal.

3.      Any future case proposed to be filed in this court by Plaintiff shall be referred to the Supervising Pro Se Judge, Richard G. Kopf, or his successor, for review before filing, and the Clerk of the court is directed not to file any such case until this review has been completed.  The Supervising Pro Se Judge shall review any such tendered complaint and if it fails to comply with this Memorandum and Order and applicable law it shall be returned to Plaintiff without filing.  A record of any such submission and return shall be maintained by the Clerk in the CM/ECF system under the "PS" designation or as otherwise directed by the Supervising Pro Se Judge.

4.      The Clerk is directed to revoke the Plaintiff's CM/ECF privileges within this district.

DATED this 20th day of November, 2012.

BY THE COURT:

*Richard G. Kopf*
Senior United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites.  The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the court has no agreements with any of these third parties or their Web sites.  The court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.