Crystal L. Cox
Pro Se Defendant
Case 2:12-cv-02040-GMN-PAL
SavvyBroker@Yahoo.com

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA
Case 2:12-cv-02040-GMN-PAL

Plaintiff,  Marc J. Randazza

**Motion for Judicial Disqualification of
Judge Gloria M. Navarro /
Motion to Disqualify Judge Gloria Navarro**

vs.

Crystal L. Cox and Eliot Bernstein, Defendants

I, Pro Se Defendant / Pro Se Counter Plaintiff Crystal L. Cox move this court to Disqualify Judge Gloria M. Navarro from any RULINGS, Opinions, Official Judgement Regarding DISTRICT OF NEVADA **Case 2:12-cv-02040-GMN-PAL.**

With This Motion for Judicial Disqualification, I, Pro Se Defendant / Pro Se Counter Plaintiff Crystal L. Cox move this court to remove, recluse, disqualify Judge Gloria M. Navarro and to remove, null, void all Opinions, Orders, Rulings previously opined, ruled on, entered on the official docket or made in any way, as they were made in conflict and outside of the law and the constitutional rights of Pro Se Defendant / Pro Se Counter Plaintiff Crystal L. Cox.

**Judge Gloria M. Navarro is also a named Defendant in** DISTRICT OF NEVADA **Case 2:12-cv-02040-GMN-PAL, and has yet another conflict of interest in ruling in this case.**

With This Motion for Judicial Disqualification, I, Pro Se Defendant / Pro Se Counter Plaintiff Crystal L. Cox move this court to compensate Defendant for damages of RULINGS, Opinions, Official Judgement Regarding DISTRICT OF NEVADA Case 2:12-cv-02040-GMN-PAL, in which cannot be undone, in regard to rulings made in conflict that have caused irreparable harm, deleted massive, valuable online media, wiped out database, removed thousands of links, and permanently damaged Pro Se Defendant / Pro Se Counter Plaintiff Crystal L. Cox Defendants.

I, Pro Se Defendant / Pro Se Counter Plaintiff Crystal L. Cox have previously filed a motion to remove Judge Gloria Navarro, and another Motion to Recluse Judge Gloria Navarro. I have been denied this right, thus far, and in my research of how a Federal Judge can rule on matters of Reclusal or Removal of herself, I realize that in common parlance, some use "disqualification" and "recusal" interchangeably, while others distinguish between the two, using "recusal" to mean withdrawal on the judge's own initiative, and "disqualification" to mean withdrawal on the motion of a party.

Therefore I am now filing a Motion to Disqualify Judge Gloria Navarro from all rulings, matters, opinions and orders in regard to DISTRICT OF NEVADA Case 2:12-cv-02040-GMN-PAL, and that this include the dismissal of all previous rulings, and that this court make the matters of those issues right with the harmed parties.

 DISTRICT OF NEVADA Case 2:12-cv-02040-GMN-PAL is a very important legal case in which involves massively important issues to the public at large. I, Pro Se Defendant / Pro Se Counter Plaintiff Crystal L. Cox have every legal right and constitutional right to a non-conflicted, unbiased, Judge ruling as a matter of law, instead of based on conflicts of interest.

### According to, Judicial Disqualification: An Analysis of Federal Law, Second Edition, Charles Gardner Geyh, Associate Dean of Research, John F. Kimberling Professor of Law, Indiana University Maurer School of Law, a Federal Judicial Center Publication;

"For centuries, impartiality has been a defining feature of the Anglo-American judge's role in the administration of justice. The reason is clear: in a constitutional order grounded in the rule of law, it is imperative that judges make decisions according to law, unclouded by personal bias or conflicts of interest. Accordingly, upon ascending the bench, every federal judge takes an oath to "faithfully and impartially discharge and perform all the duties" of judicial office; and the Due Process Clause of the Fourteenth Amendment to the United States Constitution has been construed to guarantee litigants the right to a "neutral and detached," or impartial, judge. Moreover, in a democratic republic in which the legitimacy of government depends on the consent and approval of the governed, public confidence in the administration of justice is indispensable. It is not enough that judges be impartial; the public must perceive them to be so. The Code of Conduct for United States Judges therefore admonishes judges to "act at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary" and to "avoid impropriety and the appearance of impropriety in all activities."

When the impartiality of a judge is in doubt, the appropriate remedy is to disqualify that judge from hearing further proceedings in the matter.  In  Caperton v. A.T. Massey Coal Co., a case concerning disqualification of a state supreme court justice, the U.S.  Supreme Court reaffirmed that litigants have a due process right to an impartial judge, and that under circumstances in which judicial bias was probable, due process required disqualification. The Court noted, however, that disqualification rules may be and often are more rigorous than the Due Process Clause requires. So it is with disqualification requirements for federal judges, which require disqualification when a judge's impartiality "might reasonably be questioned."

## Disqualification Under 28 U.S.C. § 455

A. Overview

1. The text of § 455 The primary source of disqualification law in the federal  judicial system is 28 U.S.C. § 455. It provides, in its entirety, as follows:

### § 455. Disqualification of justice, judge or magistrate judge

(a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

(b) He shall also disqualify himself in the following circumstances:

(1) Where he has a personal bias or prejudice concerning a party, or
personal knowledge of disputed evidentiary facts concerning the proceeding;

(2) Where in private practice he served as lawyer in the matter in
controversy, or a lawyer with whom he previously practiced law served
during such association as a lawyer concerning the matter, or the judge or
such lawyer has been a material witness concerning it;

(3) Where he has served in governmental employment and in such
capacity participated as counsel, adviser or material witness concerning
the proceeding or expressed an opinion concerning the merits of the particular case in controversy;

(4) He knows that he, individually or as a fiduciary, or his spouse or minor child residing in his household, has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding;

(5) He or his spouse, or a person within the third degree of relationship to either of them, or the spouse of such a person:

(i) Is a party to the proceeding, or an officer, director, or trustee
of a party;

(ii) Is acting as a lawyer in the proceeding;

(iii) Is known by the judge to have an interest that could be substantially affected by the outcome of the proceeding;

(iv) Is to the judge's knowledge likely to be a material witness in
the proceeding.

(c) A judge should inform himself about his personal and fiduciary financial interests, and make a reasonable effort to inform himself about the

personal financial interests of his spouse and minor children residing in
his household. 10 Judicial Disqualification: An Analysis of Federal Law
(d) For the purposes of this section the following words or phrases
shall have the meaning indicated:

(1) "proceeding" includes pretrial, trial, appellate review, or other
stages of litigation;

(2) the degree of relationship is calculated according to the civil law
system;

(3) "fiduciary" includes such relationships as executor, administrator, trustee, and guardian;

(4) "financial interest" means ownership of a legal or equitable interest, however small, or a relationship as director, adviser, or other active participant in the affairs of a party, except that:
(i) Ownership in a mutual or common investment fund that
holds securities is not a "financial interest" in such securities unless the
judge participates in the management of the fund;
(ii) An office in an educational, religious, charitable, fraternal, or civic organization is not a "financial interest" in securities held by the organization;
(iii) The proprietary interest of a policyholder in a mutual insurance company, of a depositor in a mutual savings association, or a similar proprietary interest, is a "financial interest" in the organization only if the outcome of the proceeding could substantially affect the value of the interest;

(iv) Ownership of government securities is a "financial interest" in the issuer only if the outcome of the proceeding could substantially affect the value of the securities.

(e) No justice, judge, or magistrate judge shall accept from the parties to the proceeding a waiver of any ground for disqualification enumerated in subsection (b). Where the ground for disqualification arises only under subsection (a), waiver may be accepted provided it is preceded by a full disclosure on the record of the basis for disqualification.

(f) Notwithstanding the preceding provisions of this section, if any justice, judge, magistrate judge, or bankruptcy judge to whom a matter has been assigned would be disqualified, after substantial judicial time has been devoted to the matter, because of the appearance or discovery, after the matter was assigned to him or her, that he or she individually or as a fiduciary, or his or her spouse or minor child residing in his or her household, has a financial interest in a party (other than an interest that could be substantially affected by the outcome), disqualification is not required if the justice, judge, magistrate judge, bankruptcy judge, spouse or minor child, as the case may be, divests himself or herself of the interest that provides the grounds for the disqualification.

Sections (a) and (b) occupy the core of § 455 and should be read together. The two sections divide the universe of disqualification into two halves: the general, catch-all category of § 455(a), which requires disqualification from any proceeding in which a judge's "impartiality **might reasonably be questioned"**; and a list of more specific grounds for disqualification in § (b).

**The remainder of § 455 is directed at implementing §§ (a) and (b):**
• Section (c) admonishes judges to keep abreast of their financial interests to ensure that they know when to disqualify themselves under § 455(b)(4).
• Section (d) defines terms employed in §§ (a) and (b).
• Section (e) provides parties with a limited opportunity to waive disqualification otherwise required by the catch-all § (a)—typically where the judge is poised to disqualify himself or herself sua sponte—but does not permit the parties to waive disqualification required by the more specific provisions of § (b).

• Section (f) provides a limited opportunity for judges to avoid the need to disqualify themselves for financial interest under § (b)(4) through divestiture.
2. Interpretive ground rules
a. Interpreting § 455(a) in relation to § 455(b)

As embodied in § 455, §§ (a) and (b) are conceptually separate.

Section (a) compels disqualification for the appearance of partiality, while
§ (b) "also" compels disqualification for bias, financial interest, and
other specific grounds. In contrast, the Model Code of Judicial Conduct—after which § 455 was originally modeled—and the current Code of Conduct for United States Judges unify the two halves conceptually by characterizing the specific grounds for disqualification as a nonexclusive subset of circumstances in which a judge's impartiality might reasonably be questioned.

For the most part, this may be a distinction without a difference—disqualification is required if the specific or general provisions are triggered, regardless of whether the specific provisions are characterized as a subset of or separate from the general. On the other hand, by onceptualizing them separately,  § 455 can require disqualification under specific circumstances enumerated in § (b) that might not reasonably be characterized as calling a judge's impartiality into question under  § (a). For example,  § (b)(4) requires judges to disqualify themselves for financial interest **"however small,"** which necessarily includes an interest so small that it could not reasonably call the judge's impartiality into question.

**Any circumstance in which a judge's impartiality might reasonably be questioned under § (a) requires disqualification, even if the circumstance is not enumerated in § 455(b).**

At the same time, when § 455(b) identifies a particular situation requiring disqualification, it will tend to control any § 455(a) analysis with respect to that specific situation. For example,  § 455(b)(5) requires disqualification when one of the parties is within the third degree of relationship to the judge. Consequently, a fourth-degree relationship to a party does not  by itself create an appearance of partiality requiring disqualification under  § 455(a)—
although disqualification under  § 455(a) might still be appropriate if, for example, the judge's personal relationship with the fourth-degree relative was so close as to call the judge's **impartiality into question**. As the Supreme Court explained, "[s]ection 455(b)(5), which addresses
the matter of relationship specifically, ends the disability at the  thirddegree of relationship, and that should obviously govern for purposes of § 455(a) as well."


**The 1974 amendments to  § 455, however, shifted the balance by requiring disqualification whenever a judge's impartiality "might" reasonably be questioned,** and the legislative history made clear that in revising the statute, Congress sought to end the "duty to sit."

"When Congress amended § 455(a), it made clear that judges should apply an objective standard in determining whether to disqualify.  A judge contemplating disqualification under  § 455(a), then, should not ask whether he or she believes he or she is capable of impartially presiding over the case. Rather, the question is whether a judge's impartiality might be questioned from the perspective of a reasonable person, and every circuit has adopted some version of the "reasonable person" standard to answer this question.

 In the context of denying a motion for his disqualification from  Cheney v. United States District Court for the District of Columbia, Justice Scalia noted that this reasonable person is aware "of all the surrounding facts and circumstances." The Second Circuit has characterized the reasonable person as an "objective, disinterested observer" who is privy to full knowledge of the surrounding circumstances."

...

"The question has sometimes arisen as to whether the standard for disqualification differs in a bench trial where the judge's role is even more pivotal than in a jury trial. In  Alexander v. Primerica Holdings, Inc., the  court of  appeals said: "We cannot overlook the fact that this is a non-jury case, and that [the judge] will be deciding each and every substantive issue at trial . . . . When the judge is the actual trier of fact, the need to preserve the appearance of impartiality is especially pronounced"

Plaintiff filed this legal action with no Jury Demand, Judge Gloria M. Navarro is the deciding the issues of this case, this is, even more reason that Judge Gloria M. Navarro ensure I, Pro Se Defendant / Pro Se Counter Plaintiff Crystal L. Cox of her non-bias, or conflict. Judge Gloria M. Navarro has denied Pro Se Defendant / Pro Se Counter Plaintiff Crystal L. Cox this right and should therefore be immediately Disqualified and all prior ruling disregarded, removed, null, void, disqualified.

Pro Se Defendant / Pro Se Counter Plaintiff Crystal L. Cox intends to file a lien against Judge Gloria M. Navarro' bond, Per Nevada Statutes, Chapter 282, Official Bonds and Oaths, within the next week, and to file a Writ of Mandamus with the Superior Court, the Nevada Supreme Court and the Ninth District Court.

Pro Se Defendant / Pro Se Counter Plaintiff Crystal L. Cox intends to file also intend to file complaints with the Attorney General, Department of Justice and the Judicial Council of the Ninth Circuit COMPLAINT OF JUDICIAL MISCONDUCT.

I, Pro Se Defendant / Pro Se Counter Plaintiff Crystal L. Cox believe Judge Gloria M. Navarro has had private chamber meetings, phone calls, emails and communications with Plaintiff Attorney Marc J. Randazza and his Acting attorney from his own Law Firm, Counter Defendant Ronald D. Green, in which were not made known to opposing counsel, Pro Se Defendant / Pro Se Counter Plaintiff Crystal L. Cox. Thereby directly discriminating against a Pro Se Litigant.

I, Pro Se Defendant / Pro Se Counter Plaintiff Crystal L. Cox believe that Plaintiff Attorney Marc J. Randazza having his own law firm represent him in suing me, is a violation of my rights, and of law, as Plaintiff Attorney Marc J. Randazza once represented me in a similar matter.

I, Pro Se Defendant / Pro Se Counter Plaintiff Crystal L. Cox believe that Plaintiff / Counter Defendant Attorney Marc J. Randazza having designated Randazza Legal Group's Ronald D. Green as his acting attorney, to then contact witnesses directly and without notifying me, opposing counsel, is a violation of law, ethics and due process.

I, Pro Se Defendant / Pro Se Counter Plaintiff Crystal L. Cox believe Judge Gloria M. Navarro FAVORS Plaintiff / Counter Defendant Attorney Marc J. Randazza over Pro Se Defendant / Pro Se Counter Plaintiff Crystal L. Cox because he is an attorney, and I, Pro Se Defendant / Pro Se Counter Plaintiff Crystal L. Cox believe they have possible financial connections and conflicts regarding other cases they have been involved with.

Plaintiff / Counter Defendant Attorney Marc J. Randazza has special privilege over Pro Se Defendant / Pro Se Counter Plaintiff Crystal L. Cox under the law and the constitution, in this court, with this Judge. And this is a violation of due process laws and of my constitutional rights.

I, Pro Se Defendant / Pro Se Counter Plaintiff Crystal L. Cox move this court to Disqualify Judge Gloria M. Navarro from any RULINGS, Opinions, Official Judgement Regarding DISTRICT OF NEVADA Case 2:12-cv-02040-GMN-PAL.

Ronald D. Green left a large law firm, Greenberg Traurig LLP around July of 2012. Greenberg Traurig LLP is named in the iViewit SEC Complaint, iViewit RICO Complaint and massive legal action relating to the iViewit Technology Theft. Ronald D. Green was at Greenberg Traurig LLP and knows full well of the massive, undisclosed liability that Greenberg Traurig LLP has in regard to Eliot Bernstein and the iViewit Technology Company.  This is a massive Conflict and Randazza Legal Group, Ronald D. Green should NOT be representing his boss, Plaintiff Marc Randazza in this matter.

Ronald D. Green, left Greenberg Traurig LLP for Randazza Legal Group, to intentionally, deliberately be in a position to sabotage Eliot Bernstein and the Investigative Blogger reporting on the iViewit Technology Story, Crystal L. Cox.

Upon my Knowledge and Belief, Ronald D. Green, formerly with Greenberg Traurig LLP was sent to work at Randazza Legal Group by Greenberg Traurig LLP in order to sabotage Eliot Bernstein. Greenberg Traurig LLP filed legal action against the estate of Eliot Bernsteins father in September of 2012, just after Ronald D. Green left Greenberg Traurig LLP to work with Randazza Legal Group, and a few months before Ronald D. Green sued Eliot Bernstein and Crystal Cox. Pro Se Defendant / Pro Se Counter Plaintiff Crystal L. Cox has made this court, Judge Gloria M. Navarro aware, and without admitting or denying conflict, Judge Gloria M. Navarro violated the constitutional and lawful rights of Pro Se Defendant / Pro Se Counter Plaintiff Crystal L. Cox.

Judge Gloria M. Navarro ruled on a Preliminary Injunction which allowed Plaintiff to wipe out massive content, blogs, blog posts and links of Pro Se Defendant / Pro Se Counter Plaintiff Crystal L. Cox online media network. Judge Gloria M. Navarro made this unlawful, unconstitutional ruling outside of due process and without First Amendment Adjudication.

Judge Gloria M. Navarro was preceded by Judge Brian Sandoval, who is now the Nevada Governor.  Brian Sandoval prior to being a federal judge, served as the Nevada Attorney General, the youngest chairman of the Nevada Gaming Commission and was a state legislator.
This is an added conflict of interest in which  Pro Se Defendant / Pro Se Counter Plaintiff Crystal L. Cox believes created conflict in regarding to this case.

District of Nevada Case Case 2:12-cv-02040-GMN-PAL. involves massive conspirators, Trillions of dollars of liability and thousands of victims, as connected to Eliot Bernstein. It is crucial to the public at large that this case be ruled upon in an unpartial, unbiased, constitutional manner.

I, Pro Se Defendant / Pro Se Counter Plaintiff Crystal L. Cox belief that mafia ties, organized crime are controlling factors in this case, and it is CRUCIAL to have an impartial judge. The Eliot Bernstein iViewit case brings in over 5000 defendants, over a decade of conflict and brings massive danger and financial liability. Plaintiff sued Eliot Bernstein iViewit founder and one of the iViewit Inventors whom the Plaintiff's clients owe 100's of Billions of dollars to over a decade long video technology infringement. Greenberg Traurig law firm is well aware of this as is Ronald D. Green, formerly with Greenberg Traurig LLP, who came to Randazza Legal Group a few months prior to suing Eliot Bernstein and the Investigative Journalists who is reporting on the iViewit Technology story and has for over 3 years, me, Pro Se Defendant / Pro Se Counter Plaintiff Crystal L. Cox.

## I, Pro Se Defendant / Pro Se Counter Plaintiff Crystal L. Cox move this court to appoint a special investigator, a Federal Monitor to investigate the possible corruption in this court.

Ronald D. Green, formerly of Greenberg Traurig should have admitted his conflict of interest in suing Eliot Bernstein, in regard to Greenberg Traurig being named in Eliot Bernstein's Federal RICO Complaint, SEC Complaint and more.

Ronald D. Green, formerly of Greenberg Traurig worked as an IP attorney, and Eliot Bernstein had once hired Greenberg Traurig as IP Counsel, Ronald D. Green should have, by law disclosed this information.

Ronald D. Green, formerly of Greenberg Traurig should have notified this court that Greenberg Traurig Law Firm is under investigation for Federal RICO Complaints, USPTO Complaints, and State, Federal and International Tribunals as one of the original conspirators in the iViewit Technology theft.

As an IP Attorney at Greenberg Traurig, Ronald D. Green had no way NOT to know about the iViewit Technology case.

Ronald D. Green, formerly of Greenberg Traurig should have notified this court that Greenberg Traurig Law Firm is also representing the Florida Bar in the Eliot Bernstein RICO. Ronald D. Green, should have disclosed this to the court. To conceal this from the court, seems to be in conspiracy with Judge Gloria M. Navarro, as Pro Se Defendant / Pro Se Counter Plaintiff Crystal L. Cox has made this court aware of the situation, and the material facts of this case and has been denied equal protection under the law and the constitution, denied due process, and denied protection from physical harm and massive duress.

Upon my knowledge and belief, Judge Gloria M. Navarro has massive conflicts of interest with Randazza Legal Group and special interest in protecting the interests of Ronald D. Green, and thereby Greenberg Traurig, and in protecting the interest of Marc J. Randazza, owner of Randazza Legal Group and Plaintiff in District of Nevada Case Case 2:12-cv-02040-GMN-PAL.

Upon my knowledge and belief, Judge Gloria M. Navarro has enabled the Plaintiff, Counter Defendants and Co-Conspirators to put me, Pro Se Defendant / Pro Se Counter Plaintiff Crystal L. Cox in further harm and danger and to allow the continuing of Criminal Endangerment, Criminal Defamation, Threats, Online Attacks, and violations of my constitutional and civil rights.

Judge Gloria M. Navarro was preceded by Judge Brian Sandoval, who is now the Nevada Governor. Prior to his service as a federal judge, he served as the Nevada Attorney General, the youngest chairman of the Nevada Gaming Commission and a state legislator. I, Pro Se Defendant / Counter Plaintiff Crystal L. Cox believe this causes further conflict.

District of Nevada Case Case 2:12-cv-02040-GMN-PAL involves massive conspirators, Trillions of dollars of liability and I, Pro Se Defendant / Counter Plaintiff Crystal L. Cox have a right to an unbiased, non-conflicted Judge to Rule in this matter

I, Pro Se Defendant / Counter Plaintiff Crystal L. Cox have a right to be treated equal under the law and the constitution of the United States, regardless of my Pro Se Litigant Status in this case.

I, Pro Se Defendant Crystal L. Cox request this State of Nevada Court Remove / Disqualify Judge Gloria M. Navarro from Case 2:12-cv-02040-GMN-PAL . Judge Gloria M. Navarro has undisclosed conflicts of Interest with Plaintiff Marc Randazza and with Counter Defendants and Co-Conspirators.

I, Pro Se Defendant / Counter Plaintiff Crystal L. Cox request this State of Nevada Court FORBID Judge Gloria M. Navarro from the DECISION making Process / Ruling on the matter of Reclusing / Disqualifying herself from Case 2:12-cv-02040-GMN-PAL. It is not Lawful for Judge Gloria M. Navarro to rule on whether or not to remove herself, and if this District of Nevada Court RULES that it is Lawful for Judge Gloria M. Navarro to rule on whether or not to remove herself from State of Nevada Case 2:12-cv-02040-GMN-PAL, then I, Pro Se Defendant Crystal L. Cox request the laws be stated to me that allow for this to be ruled upon.

Judge Gloria M. Navarro, is believed to have undisclosed, massive conflicts of interest and criminal and civil conspiracy with Plaintiff Marc Randazza. Judge Gloria M. Navarro has endangered the life of Defendant Crystal Cox and many of her "Sources". Judge Gloria M. Navarro has aided and abetted Plaintiff to ruin the business, online media, blog network, intellectual property and content of Defendant Crystal Cox and Defendant Eliot Bernstein.

Judge Gloria M. Navarro is believed to be acting in criminal and civil conspiracy with Plaintiff Marc Randazza. Judge Gloria M. Navarro is believed to be acting in criminal and civil conspiracy with Plaintiff Marc Randazza to remove mass information from the Internet Search Engines regarding the iVieiwt Technology story.

Judge Gloria M. Navarro is believed to be acting in criminal and civil conspiracy with Godaddy, Liberty Media Holdings Inc., Bob Garfield NPR, Kashmir Hill Forbes, Jordan Rushie Philly Law Blog, David Carr New York Times, Kenneth P. White Popehate.com, Jason Jones SaltyDroid.info, SiouxsieLaw.com, SequenceInc.com Tracy Coenen, and other John and Jane Doe's in an Online Hate, Defaming, Criminal Endangerment, Information Suppressing, Whistleblower Retalitation Harassment Campaign.

Judge Gloria M. Navarro is believed to be acting in criminal and civil conspiracy with Plaintiff Marc Randazza to protect Viacom, Time Warner Inc., Encore, Stars, ATT, APPLE, Liberty Media Holdings, Corbin Fisher, Manwin, MPEG LA, TCI Ventures Group LLC, ATT, Liberty Digital Inc., TCI Satellite Entertainment Inc, Discovery Channel, News Corporation, Netflix, QVC, MediaOne Group, CBS, The Weinstein Company, Liberty Capital, Corbin Fisher, Liberty Global, Belgium's Telenet Group Holding, Sirius Radio, Barnes and Noble, Discover Communications, Malone Family Foundation, and other John and Jane Doe's to supress, remove information from the Internet, Public View regarding the stolen 13 Trillion Dollar iViewit Technology, Defendant Eliot Bernstein is the Founder of iViewit Technology and is one of the inventors of iViewit Technology.

Judge Gloria M. Navarro is believed to be acting in criminal and civil conspiracy with Plaintiff Marc Randazza, Randazza Legal Group, Ronald Green, Laura Tucker and Godaddy to steal intellectual property of Defendant Crystal Cox and Eliot Bernstein with no due process.

Judge Gloria M. Navarro is believed to be acting in criminal and civil conspiracy with Plaintiff Marc Randazza, Randazza Legal Group, Ron Green, Laura Tucker to remove thousands of blog posts forever from the Internet Search Engines Regarding Whistle Blower about Plaintiff Marc Randazza and Randazza Legal Group and the iViewit Technology Story.

Judge Gloria M. Navarro is believed to be acting in criminal and civil conspiracy with Plaintiff Marc Randazza to permanently alter the search engines and protect, aid and abet those involved in the iViewit Technology theft and Technology Infringement.

Judge Gloria M. Navarro is believed to be acting in criminal and civil conspiracy with Plaintiff Marc Randazza and with Rimon Law Group's Lara Pearson who Plaintiff Marc Randazza had used in Receivership issues regarding Righthaven, in which Judge Gloria M. Navarro ruled on and enforce.

Plaintiff Marc Randazza acted in Criminal and Civil Conspiracy with Tonkon Torp Lawyer David S. Aman who was Opposing Counsel against Pro Se Defendant Crystal Cox in Obsidian Finance Group LLC  vs. Crystal Cox, in regard to Plaintiff Marc Randazza advising Tonkon Torp Lawyer David S. Aman in seizing assets of Pro Se Defendant Crystal Cox.  Plaintiff Marc Randazza had acted as my attorney negotiating with David S. Aman prior to this. Plaintiff Marc Randazza acted in criminal and civil conspiracy in advising Tonkon Torp Lawyer David S. Aman to use Attorney Lara Pearson of Rimon Law Group to act as "forced" receiver over my past owned domain names. "Receiver" Attorney Lara Pearson of Rimon Law Group had acted in conspiracy with Plaintiff Marc Randazza and Judge Gloria M. Navarro in past proceedings such as, and not limited to, the Righthaven Cases.

Plaintiff Marc Randazza acted in Criminal and Civil Conspiracy with Tonkon Torp Lawyer David S. Aman, Opposing Counsel against Pro Se Defendant Crystal Cox in Obsidian Finance Group LLC  vs. Crystal Cox, in regard to Plaintiff Marc Randazza advising Tonkon Torp Lawyer David S. Aman in seizing assets of Pro Se Defendant Crystal Cox. When the Lara Pearson Criminal and Civil Conspiracy did not work, Plaintiff Marc Randazza advised Tonkon Torp Lawyer David S. Aman to seize another asset of Defendant Crystal Cox. This asset is the Constitutional Rights of Defendant Crystal Cox. Plaintiff Marc Randazza acted in Criminal and Civil Conspiracy with Lawyer David S. Aman and Lawyer Steven Wilker of Tonkon Torp Law Firm to file a Lien, a Writ of Execution, a Sheriff's sale on Defendant Crystal Cox's "Right To APPEAL".

This, after Plaintiff Marc Randazza conspired criminally and civilly for over a year to intimidate, threaten, harass Defendant Crystal Cox into backing out, giving up, stopping her Appeal to the Ninth Circuit Court of Obsidian Finance Group v. Crystal Cox.

Plaintiff Marc Randazza gave Lawyer David S. Aman and Lawyer Steven Wilker of Tonkon Torp Law Firm undisclosed legal advice, information, court cases, documents and more to aid and abet, civilly and criminally conspire with Lawyer David S. Aman and Lawyer Steven Wilker of Tonkon Torp Law Firm to seize Defendant Crystal Cox's Asset, "The Right to Appeal". This constitutional rights violation is a well known Florida scheme to STOP a case from going to a higher court.

Plaintiff Marc Randazza has criminally and civilly conspired with many, to sabotage, alter, STOP the Obsidian Finance Group LLC Appeal to the Ninth Circuit, by Defendant Crystal Cox, for over a year now.

Judge Gloria M. Navarro is believed to be acting in criminal and civil conspiracy with Plaintiff Marc Randazza  to take domain names, suppress free speech, remove my blogs, and remove information regarding the iViewit Technology Story. Plaintiff Marc Randazza acted in Criminal and Civil Conspiracy with Judge Gloria M. Navarro who made the ruling regarding Righthaven, Receiver Lara Pearson and the liquidation of Righthaven assets to pay Attorney Marc Randazza, as seen in Exhibit P.

Judge Gloria M. Navarro is believed to be acting in criminal and civil conspiracy with Plaintiff Marc Randazza regarding the enforcement of Corbin Fisher/Oron.com Settlement disputes. Judge Gloria M. Navarro froze the accounts of FF Magnat's account, Oron.com in favor of Corbin Fisher, Liberty Media, Plaintiff Marc Randazza. Receiver Lara Pearson was also involved and acting in conspiracy.

Judge Gloria M. Navarro is believed to have acted in criminal and civil conspiracy with Plaintiff Marc Randazza to "shakedown" clients on both sides of the Righthaven Case. Plaintiff Marc Randazza works with Opposing Counsel in cases such as this and the end result is both the Defendant and the Plaintiff in the Cases owed the Attorney Large Amounts of Money, hundreds of thousands of dollars. Judge Gloria M. Navarro acts in criminal and civil conspiracy to enable Plaintiff Marc Randazza to "shakedown" his clients, as Judge Gloria M. Navarro freezes client accounts for Plaintiff Marc Randazza to ensure he get paid, regardless of whether he acted ethical or lawful with his client.  Judge Gloria M. Navarro then, in criminal and civil conspiracy issues illegal, unethical, unconstitutional TRO's that remove Defendant Crystal Cox's blogs, domain names from the search engines of which warn the public of the illegal, unethical actions of Plaintiff Marc Randazza.

Defendant Crystal Cox had thousands of linking blog posts, and Plaintiff Marc Randazza has Criminally and Civilly conspired with Godaddy Inc, and the Nevada Courts to wipe out this content, these links, in an unethical, illegal TRO. Godaddy Inc. is financially liable to Defendant Crystal Cox, as is Plaintiff Marc Randazza and Judge Gloria M. Navarro professionally and personally.

Judge Gloria M. Navarro is believed to be acting in criminal and civil conspiracy with Plaintiff Marc Randazza in a massive whistleblower retaliation conspiracy.

Judge Gloria M. Navarro is believed to be  acting in criminal and civil conspiracy with Plaintiff Marc Randazza, A. Jordan Rushie of Mulvihill and Rushie LLC, Brown White and Newhouse Law Firm, PopeHate.com Kenneth P. White, Forbes Journalist Kashmir Hill, New York Times Journalist David Carr, SaltyDroid Jason Jones, NPR Bob Garfield, Liberty Media Holdings LLC, Corbin Fisher, Randazza Legal Group, Peter L. Michaelson, MPEG LA, Viacom, ATT, Stephens Media LLC, Steven Gibson, Todd Kincannon, Warren Stephens, Manwin, APPLE, SiouxsieLaw.com, SequenceInc.com Tracy Coenen, and and other John and Jane Doe's.

I, Pro Se Defendant Crystal L. Cox demand the removal / disqualification of **Judge Gloria M. Navarro** from Case 2:12-cv-02040-GMN-PAL due to undisclosed, massive conflicts of interest and criminal and civil conspiracy with Plaintiff Marc Randazza.

Judge Gloria M. Navarro is believed to be acting in criminal and civil conspiracy with Plaintiff Marc Randazza.

Supreme Court Rule 38, The Code of Judicial Conduct, State and Federal Law prohibit Judge Gloria M. Navarro from ruling on matters where she has undisclosed conflicts of interest.

Judge Gloria M. Navarro knows of criminal activity of Plaintiff Marc Randazza and Co-Conspirators, Counter Defendants and does not make authories (FBI, Department of Justice, Attorney General, Nevada Bar, Nevada Attorney General, SEC, USPTO) aware of this Criminal and Civil Conspiracy involving Marc J. Randazza and Co-Conspirators, Counter Defendants.

Judge Gloria M. Navarro knows of threats of violence from Plaintiff to Defendant and to other named Parties in Case 2:12-cv-02040-GMN-PAL such as Monica Foster aKa Alexandria Melody, Desi Foxx, Shelley Lubben and Investigative Blogger Defendant Crystal Cox, Judge Gloria M. Navarro has failed to protect Federal Court Defendants and has conspired with Plaintiff Marc Randazza and Counter Defendants in Criminal Endangerment and in Civil and Criminal Conspiracy.

Judge Gloria M. Navarro has FALSELY issued a ruling for a Bond, and stating that Defendant Crystal Cox will suffer little if any damage via her Ruling of taking dozens of blogs and domain names and giving them to Plaintiff Marc Randazza, thereby removing thousands of links, changing domain name servers and violating the civil rights, rights of due process, constitutional rights and human rights of Defendant Crystal Cox and Defendant Eliot Bernstein. Judge Gloria M. Navarro has acted in Criminal and Civil Conspiracy with Plaintiff and Counter Defendants in Civil and Criminal Conspiracy to remove information regarding the iViewit Technology Story.

Judge Gloria M. Navarro is believed to have acted in Criminal and Civil Conspiracy with Plaintiff and Counter Defendants in previous legal rulings in this court and is in conflict.

I, Pro Se Defendant Crystal L. Cox request this State of Nevada Court to Remove Judge Gloria M. Navarro from Case 2:12-cv-02040-GMN-PAL .  Judge Gloria M. Navarro has undisclosed conflicts of Interest with Plaintiff Marc Randazza and is in criminal and civil conspiracy with Plaintiff Marc Randazza.

Judge Gloria M. Navarro knows of threats of violence against Monica Foster and Defendant Crystal Cox and aids and abets Plaintiff Marc Randazza, and Co-Conspirators Sean Tompkins, Kenneth P. White, J. Malcom DeVoy, Ari Bass aKa Michael Whiteacre and others.

Judge Gloria M. Navarro has interfered with on going federal investigations regarding the worlds biggest Technology Crime, iViewit Technology, as she removed thousands of blog posts, links that are in Federal Investigations, SEC Complaints, Federal RICO Complaints and More.

Judge Gloria M. Navarro is participating in a Hate Crime with Plaintiff Marc Randazza, and Co-Conspirators, Sean Tompkins, Kenneth P. White, J. Malcom DeVoy, Ari Bass aKa Michael Whiteacre, Jason Jones, Tracy Coenen, David S. Aman, Sean Boushie, Kashmir Hill, David Carr and others.

Judge Gloria M. Navarro REFUSES to alert authorities to the Criminal and Civil Conspiracy of Plaintiff Marc Randazza.

Plaintiff Marc Randazza is a dangerous, well connected attorney, and is not above any kind of personal or financial harm. It is this court's duty to take action and investigate Plaintiff Marc Randazza. I am an investigative journalist with knowledge of this information and demand that this court investigate Plaintiff Marc Randazza.

I, Pro Se Defendant / Pro Se Counter Plaintiff Crystal L. Cox believe Judge Gloria M. Navarro has violated my constitutional rights and is deliberately obstructing justice to favor the Plaintiff, who is a Las Vegas Attorney, licensed in 5 states, and his acting attorney on this case, from his own law firm Ronald D. Green, formerly of Greenberg Traurig, who also has massive undisclosed conflicts of interest.

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was filed using this Court's CM/ECF system **On February 18th 2013**.


Respectfully Submitted
Pro Se Defendant
Pro Se Counter Plaintiff Crystal Cox
Crystal L. Cox
**Case 2:12-cv-02040-GMN-PAL**