# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

MARC J. RANDAZZA, an individual,
JENNIFER RANDAZZA, an individual, and
NATALIA RANDAZZA, a minor,

              Plaintiff,

    vs.

CRYSTAL COX, an individual, and ELIOT
BERNSTEIN, an individual,

              Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)

Case No.: 2:12-cv-02040-GMN-PAL

**ORDER**

(ECF Nos. 48 and 63)

      Pending before the Court is the Plaintiff's Motion to Strike Defendant Crystal Cox's Counterclaims and Answer Pursuant to Federal Rules of Civil Procedure 12(f), or, in the alternative, Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) filed by Plaintiffs Marc J. Randazza, Jennifer Randazza, and Natalia Randazza (collectively, "Plaintiffs"). (ECF No. 48) Defendant Cox filed a Response. (ECF No. 57.)

      Also, pending before the Court is Plaintiffs' Motion to Strike Defendant Crystal Cox's Amended Counter Complaint Pursuant to Federal Rules of Civil Procedure 12(f). (ECF No. 63.)  Defendant Crystal Cox ("Defendant") filed a Response (ECF No. 66) and Plaintiffs filed a Reply (ECF No. 68).

## I.  BACKGROUND

      This case arises from the Defendant's registration of thirty-two internet domain names (collectively, "Domain Names") that incorporate Plaintiffs' first names, last names, or both. Plaintiff Randazza is an attorney who serves as the owner and managing partner of Marc J. Randazza PA, d/b/a Randazza Legal Group. (Compl. ¶ 23.)  Plaintiff Jennifer Randazza is the

wife of Plaintiff Marc Randazza. (Compl. ¶ 1.)  Plaintiff Natalia Randazza is their three-year old daughter.  (Compl. ¶ 1.)

In response to Defendant's actions and subsequent refusals to cease operating the Domain Names, Plaintiffs filed a complaint in this Court alleging six (6) causes of action: (1) Violation of Individual Cyberpiracy Protections under 15 U.S.C. § 8131; (2) Cybersquatting under 15 U.S.C. § 1125(d); (3) Right of Publicity under Nevada Revised Statute 597.810; (4) Common Law Right of Publicity; (5) Common Law Right of Intrusion Upon Seclusion; and (6) Civil Conspiracy.  Thereafter, Defendant filed an Answer and a Counter Complaint against a host of entities that are unrelated to the controversy alleged in the Plaintiffs' Complaint. (ECF No. 24.)  In response, Plaintiffs filed a Motion to Strike Defendant's Answer (ECF No. 23) and Defendant's Counterclaim. (ECF No. 48.)

Subsequently, Defendant filed her 166-page Amended Counterclaim. (ECF No. 62.)  In response to that filing, Plaintiffs filed the instant motion to strike Defendant's Counterclaim. (ECF No. 63.)

## II.   LEGAL STANDARD

"[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial . . .." *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983).  Rule 12(f) of the Federal Rules of Civil Procedure provides that a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).  "'Immaterial' matter is that which has no essential or important relationship to the claim for relief or the defenses being pleaded." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993) *rev'd on other grounds*, 510 U.S. 517 (1994) (citation omitted). "'Impertinent' matter consists of statements that do not pertain, and are not necessary, to the issues in question." *Id.*

## III.   DISCUSSION

### A.   Motion to Strike Defendant's Amended Counter Complaint

The Court first notes that the filing of an Amended Counter Complaint by the Defendant renders Plaintiffs' original motion to strike or dismiss the initial counter complaint moot. (*See* ECF No. 48.)  Accordingly, the Court considers only Plaintiffs' Motion to Strike Defendant's Amended Counter Complaint. (*See* ECF No. 63.)

Rule 8 of the Federal Rules of Civil Procedure requires that a proper pleading that states a claim for relief must contain "*a short and plain* statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  In contrast to the short and plain statement requirement of Rule 8, Defendant's Amended Counter Complaint is replete with irrelevant material, inappropriate commentary, baseless speculation, and derogatory statements none of which relate to Plaintiff's Complaint. (ECF No. 62)  For this reason alone, Defendant's Amended Counter Complaint must be stricken.

Defendant's Counter Complaint must also be stricken because it is an impermissible third-party complaint.  Rule 14(a) of the Federal Rules of Civil Procedure limits any civil defendant's ability to assert claims against parties that were not originally named in the underlying complaint. Fed. R. Civ. P. 14(a).  Specifically, Rule 14(a) provides that "[a] defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it." Fed. R. Civ. P. 14(a)(1).  In this case, Defendant's Counter Complaint includes countless allegations against a host of Defendants.  However, these allegations are unrelated to the underlying cybersquatting claims in Plaintiffs' original complaint.  Defendant may assert the claims raised in her Counter Complaint as a separate and distinct independent Complaint by filing and initiating a new unrelated case.

Assuming Defendant can satisfy her obligations under Rule 8, Defendant is additionally

cautioned that her causes of action appear to be based on statutes that do not provide a private cause of action.  Specifically, Defendant alleges violations of 18 U.S.C. § 1512, 31 U.S.C. § 3729, Nev. Rev. Stat. §§ 41.336 and 49.275, none of which provide a cause of action for private citizens.

Therefore, Plaintiffs' Motion to Strike Defendant's Amended Counterclaim is GRANTED.  Defendant may re-file these allegations only as a separate Complaint in another case.

### B.    Motion to Strike Defendant's Answer

Rule 8(b) of the Federal Rules of Civil Procedure details the requirements for responding to a pleading.  Specifically, when answering a complaint, defendants must (1) "state in short and plain terms its defenses to each claim asserted against it"; and (2) "admit or deny the allegations asserted against it by an opposing party." Fed. R. Civ. P. 8(b)(1).

In this case, Defendant's answer merely states that she denies "all counts of Complaint." (Answer, ECF No. 23.)  Defendant fails to actually address the claims asserted in the Plaintiffs' Complaint.  Instead, the statements in Defendant's Answer relate to accusations of conspiracies against her.  Furthermore, these other issues are not relevant to the allegations of cybersquatting and related allegations that are included in Plaintiffs' Complaint.

Rule 8(b)(3) does allow an answer to be in the form of a general denial, but only when the party filing the Answer "intends *in good faith* to deny all the allegations of a pleading— including the jurisdictional grounds . . .." Fed. R. Civ. P. 8(b)(3) (emphasis added).  If Defendant is intending to, in good faith, deny every single allegation in the Complaint with such a general denial, then Defendant may file **by Monday, March 11, 2013,** an amended answer.  Even if Defendant chooses to use a general denial and opts not to specifically deny each allegation, the extraneous material that is not related to the specific allegations of cybersquatting in the Complaint are improper and should not be included in the amended

answer as explained further below.

Therefore, the Court GRANTS Plaintiffs' Motion to Strike Defendant's Answer. Defendant must file an amended answer **no later than Monday, March 11, 2013**.

### C.    Future Amendments in this Case

Rule 15(a) of the Federal Rules of Civil Procedure states that "a party may amend its pleading once as a matter of course . . ." Fed. R. Civ. P. 15(a)(1).  Defendant exhausted this opportunity when she filed her Amended Counter Complaint on January 27, 2013. (ECF No. 62.)  Further amendments to Defendant's Answer must now be made only pursuant to Rule 15(a)(2) either by obtaining the opposing party's written consent or requesting permission from the Court. Fed. R. Civ. P. 15(a)(2).

## IV.   CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Strike Defendant Crystal Cox's Answer Pursuant to Federal Rules of Civil Procedure 12(f) (ECF No. 48) is **GRANTED**. Defendant must file her Amended Answer **no later than Monday, March 11, 2013**, to prevent a default judgment.

**IT IS FURTHER ORDERED** that Plaintiffs' original motion to strike or dismiss the initial counter complaint (*See* ECF No. 48.) is **MOOT.**

**IT IS FURTHER ORDERED** that Plaintiffs' Motion to Strike Defendant Crystal Cox's Amended Counter Complaint Pursuant to Federal Rules of Civil Procedure 12(f) (ECF No. 63) is **GRANTED**.  Defendant's Counter Complaint is hereby **STRICKEN**.  **The Clerk of the Court shall hereby STRIKE the same.**  Defendant may **ONLY FILE** her Counter Complaint as a **SEPARATE** lawsuit.

**DATED** this 22nd day of February, 2013.

_____
Gloria M. Navarro
United States District Judge