Crystal L. Cox
Pro Se Defendant
Case 2:12-cv-02040-GMN-PAL
SavvyBroker@Yahoo.com

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA
**Case 2:12-cv-02040-GMN-PAL**

Plaintiff,  Marc J. Randazza

**Amended Response / Answer to Complaint**

vs.

Crystal L. Cox and Eliot Bernstein, Defendants

**Pro Se Defendant Crystal Cox ANSWER**

<u>**Answer to Allegations in Introduction of Complaint**</u>

**Pro Se Defendant Crystal Cox Defense Regarding Introduction Allegation 1.)**

I, Defendant Crystal Cox have not engaged in an online harassment campaign against any
of the Plaintiff's in this complaint. In fact Plaintiff has engaged in an online harassment
campaign against me, Defendant Crystal Cox.

I, Defendant Crystal Cox have not EVER bought a domain name related to Plaintiff or
anyone else, in effort to extort them or harass them in any way.

I, Defendant Crystal Cox bought domain names that were keyword rich regarding the
subject I was reporting on, I am a Media Defendant, and it is standard of practice to have a
domain name, a blog with the keywords relating to what that blog is about.  My blogs
regarding Plaintiff were to review Plaintiff as he was my attorney at one time. My blogs
were also to report on cases Plaintiff was involved in, to Parody Plaintiff, to Criticize
Plaintiff, exercise my First Amendment Rights and to report on my own legal case.

My blogs regarding Plaintiff were also a Public service as to warn the public of important
related issues, and to report on Public Figure Marc Randazza.

I, Defendant Crystal Cox, never bought a domain name with Plaintiff's last name in it to "capitalize" on Plaintiff's name in anyway, nor have I or Eliot Bernstein, that I know of, ever made ANY money what so ever regarding domain names, or blogs with resembling Plaintiff's name or last name in the blogs.

I, Defendant Crystal Cox have every legal right to own a Domain Name and a blog with the name of anyone in the title, as noted clearly in xxx, case regarding the domain name GlenBeckRapedAndMurderedAYoungGirl.com, in which Plaintiff Marc J. Randazza represented the Domain Name owner and won the right for that person to continue owning and using that Domain Name.

**Regarding this same issue of a personal name in a Domain Name, Plaintiff Marc Randazza wrote the following quote which is a letter from Attorney Marc J. Randazza, Plaintiff in this case, to Matthew A. Kaplan Opposing Counsel, and is personally signed by Plaintiff Marc John Randazza.**

" View 1 states: "The right to criticize does not extend to registering a domain name that is identical or confusingly similar to the owner's registered trademark or conveys an association with the mark."

View 2 states: "Irrespective of whether the domain name as such connotes criticism, the respondent has a legitimate interest in using the trademark as part of the domain name of a criticism site if the use is fair and non-commercial."

Naturally, View 2 is the prevailing view of American panelists and panels that apply American law to UDRP proceedings. View 1 seems to be more popular with international panelists and panels that apply European law."

Unfortunately, given that UDRP decisions regularly incorporate international legal principles, this case could be assigned to a foreign panelist or to an American panelist who applies transnational principles. I personally would find it distressing if the panel were to make a decision that completely disregards the U.S. Constitution in favor of a foreign perspective that adopts View 1."

"To be candid, we found the fact that Mr. Beck filed this action at all to be most puzzling. Although, it was obvious why he did not file in a U.S. court given the law surrounding nominative fair use of trademarks as fully explained in our Brief. Naturally, a defamation claim as alluded to in Mr. Beck's complaint would be humiliatingly doomed as well in a U.S. court. "

**The Document Goes on to Say:**

"Accordingly, we found it to be most ironic that Mr. Beck, facing the fact that the U.S. Constitution would stand in his way in a U.S. court, sought to bring this action before an international domain name arbitration panel.

On March 20, 2009, he said on his show:

> Let me tell you something. When you can't win with the people, you bump it up to the courts. When you can't win with the courts, you bump it up to the international level.

Of course, we levy no critique at Mr. Beck for seeking to vindicate his perceived rights in this forum. We do not share his opinion as articulated on March 30, and we respect his creativity in seeking an alternate avenue where his claims might have a chance of success. Unfortunately, despite the general wisdom among UDRP panelists, we find that occasionally they render decisions that make First Amendment champions cringe."

"We are certain that despite our disagreement with Mr. Beck's legal position, that all parties involved hold equal reverence for the First Amendment. Therefore, I have prepared a proposed stipulation that will ensure that no matter which panelist is assigned to this case, the First Amendment will illuminate these proceedings like rays of light from the Torch of Liberty."

**The Document Goes on to Say:**

"I am certain that neither party wishes to see First Amendment rights subordinated to international trademark principles, thus unwittingly proving Mr. Beck's point. Lest this case become an example of international law causing damage to the constitutional rights that both of our clients hold dear, I respectfully request that your client agree to stipulate to the application of American constitutional law to this case. "

**Yet, this court continues to favor this SAME attorney as a Plaintiff arguing the Opposite Defense to his own favor, in Randazza V. Cox.**

**The Document Goes on to Say:**

"Irrespective of whether the domain name as such connotes criticism, the respondent has a legitimate interest in using the trademark as part of the domain name of a criticism site if the use is fair and non-commercial."

Eliot Bernstein nor Crystal L. Cox had commercial sites, nor were they in a competing business. Eliot Bernstein got domain names in receivership of a debt Crystal Cox owed him. Crystal Cox used the domain names to seriously criticize Plaintiff / Counter Defendant Marc J. Randazza who she had personal experience of, knowledge of, and who is a Public Figure.

This Hypocrisy of Plaintiff / Counter Defendant Marc J. Randazza, proves yet again that he knew this lawsuit was a frivolous waste of the courts time and the Taxpayers money, yet he sued anyway, in order to retaliate against a woman who he had once represented and who he did not like or approve her on "online speech", regarding her experience with him.

Plaintiff / Counter Defendant Marc J. Randazza is clearly acting outside of the law and is clearly discriminating in who the Constitution applies to and who it does not.

Plaintiff / Counter Defendant Marc J. Randazza should be sanctioned and so should his attorney Ronald D. Green.

The Constitution of the United States and the Laws, should not be disregarded simply to protect the ego of Attorney Marc Randazza.

I, Defendant Crystal Cox have every legal right to make fun of, report on and parody Marc Randazza's wife. This was not out of the blue, the blog posts were making fun of posts on Marc Randazza's own blog discussing a drunken tryst and knocking her up and he may as well marry her. I have every lawful right to make fun of Marc Randazza and his Wife.

I, Defendant Crystal Cox have never had a blog regarding Plaintiff's daughter, this is a false statement by Plaintiff. I have NEVER made a statement online regarding Plaintiff's daughter, he himself has done this, that is a fact.

**I, Defendant Crystal Cox has not engaged in Extortion.**
**Defendant Eliot Bernstein, to my knowledge has never been charged with,**
**investigated nor found guilty of the crime of Extortion.**

I Defendant Crystal Cox, have never solicited Plaintiff Marc Randazza or anyone else for money to remove a blog post or to remove any of my investigative reporting articles / blog posts. I have never bought a domain name with the intent to ask for money from anyone that I report on.

I Defendant Crystal Cox have never had a criminal complaint filed against me for Extortion.  I Defendant Crystal Cox have never been on trial or investigated for Extortion.  I Defendant Crystal Cox am not guilty of extortion. To my knowledge and upon my belief, Defendant Eliot Bernstein has not been on trial for extortion nor investigated for extortion, nor has there ever been a criminal complaint filed against Defendant Eliot Bernstein for the crime of extortion to my knowledge.

I, Defendant Crystal Cox Deny allegations that "Bernstein" has ever conspired with me, Defendant Crystal Cox, or anyone else to my knowledge to extort or harass anyone.

Defendant "Bernstein" has not acted in conspiracy regarding said domain names, and received said domain names in receivership in a prior case and is not a proxy in any way, nor has Defendant "Bernstein" been an author on said blogs connected to said domain names.

I, Defendant Crystal Cox have not engaged in illegal or unlawful acts regarding domain names in ANY way.


**Pro Se Defendant Crystal Cox Defense Regarding Introduction Allegation 2.)**

I, Defendant Crystal Cox have not "victimized" anyone in any bizarre pattern. I am Media, I have reported on hundreds of people, corporations, companies, attorneys, cases, judges, cops, victims, and businesses over 7 years in my online media, my alternative news.  My strategy for getting my online media, the stories I report on strong in the search engines is not about making victims, it is simply the lawful method I use of being better and stronger in the search engine then my competition, which is those competing for the same search engine, keywords.  My stories, reporting, is not about baseless accusations, they are all rooted in stories I read, depositions I have read, tips I have received, hearings I have listened to or read, documents I have read and are never baseless.

I, Defendant Crystal Cox have never, EVER, informed anyone that I report on that I would stop reporting on them if they paid me, that is a False Allegation I firmly DENY. I have never "escalated" any reporting due to not being paid, and I have never been paid to STOP reporting on ANYTHING.

**Pro Se Defendant Crystal Cox Defense Regarding Introduction Allegation 3.)**

U.S. District of Oregon Case Obsidian V. Cox was a Civil Case regarding Defamation Allegations by a Bankruptcy Trustee and had NOTHING to do with Extortion, nor a Domain Name Dispute in any way.

**Pro Se Defendant Crystal Cox Defense Regarding Introduction Allegation 4.)**

I, Defendant Crystal Cox object to allegations of engaging in pervasive link spamming and cybersquatting against Plaintiff. I, Defendant Crystal Cox was simply reporting on, blogging about, making fun of, criticizing, reviewing and making parody of Plaintiff.

**Pro Se Defendant Crystal Cox Defense Regarding Introduction Allegation 5.) 6.)**

I, Defendant Crystal Cox Did NOT buy MarcRandazza.com to extort money from Plaintiff. I bought MarcRandazza.com the very day I had a phone conference with Plaintiff to be my attorney and bought MarcRandazza.com to report on my Ninth Circuit appeal as I knew that would be yet another search term in my case, once he began filing on my behalf.

I never, EVER named Plaintiff's child on a blog or blog post ever. I have called Ms. Randazza a Slut and have every constitutional right to do so.

I, Defendant Crystal Cox have never falsified "wrongdoings" to destroy Plaintiff's Reputation. Plaintiff has, however, done that to me in accusing me of Extortion in published material.

I, Defendant Crystal Cox NEVER used MarcRandazza.com as a pay per click, nor ever made money from this site in any way.  When you buy a domain name from Godaddy, they park the domain name and they place ads on the domain name. Ads in which Godaddy receives revenue, not me, Defendant Crystal Cox.

I, Defendant Crystal Cox NEVER offered to clean up Plaintiff's reputation. Nor had I written a review or made fun of Plaintiff in any way when I asked for a job. I was no source of negative content that I offered to remove, that is a false allegation.

I, Defendant Crystal Cox NEVER offered to remove anything I had posted, for I had posted NOTHING on any blog about Plaintiff when I asked for a job. I posted on blogs later to defend myself after Plaintiff, who was once acting as my attorney, defamed me, attacked me and launched a hate campaign against me.

I, Defendant Crystal Cox never bought a domain name to pressure Plaintiff into do any action what so ever. I, Defendant Crystal Cox never bought a domain name to tamper with a witness.

I, Defendant Crystal Cox OBJECT to number 8.), I have never engaged in a scheme to cyberfly, and never attempted to avoid domain name seizure. These domain names, if anything, are at this point a liability. They cost a yearly fee to renew, plus they are the subject of constant threats at this point, and certainly not anything to hide in a cyberfly scheme, that is simply a false allegation.

I, Defendant Crystal Cox OBJECT to number 9.), I never offered the .me to Plaintiff, I posted a here Kitty Kitty JOKE on my blog about 5 Million Dollars, it was a JOKE.

I, Defendant Crystal Cox Deny violations of the Anti-Cybersquatting Consumer Protection Act.

I, Defendant Crystal Cox OBJECT to number 11.), I have every right to use the word Randazza in my blog names, titles and domain names.  Plaintiff is saying this is not defamation and I have every write to my "opinion" yet Plaintiff and this court have already wiped out massive blogs, online content and censored my online speech without adjudication of the First Amendment Issues at concern.

I, Defendant Crystal Cox have every right to push out my competition in a fair marketplace, and to rant, and to have as many websites as I please, that is my constitutional right.

I, Defendant Crystal Cox have NOT violated Plaintiff's Constitutional or Lawful Rights. Plaintiff has, however violated mine.

Regarding Allegations in Number 13.) Claims Jurisdiction Due to the Lanham Act, yet the Lanham Act Does not Seem to Be a Cause of Action.  Nevada State Laws do not have jurisdiction over my domain names, nor my blogs, nor my First Amendment Rights.

The First Amendment Rights at issue in this case must be Adjudicated before domain names can be seized, blogs deleted, links broken, and intellectual property taken, irreparable damage caused.

If this court deems Nevada to have jurisdiction, then these blogs can only be blocked for the State of Nevada and NOT the entire world.

Venue and Jurisdiction is Improper. I Object to District of Nevada having Jurisdiction over this matter.

### Pro Se Defendant Crystal Cox Defense Regarding Jurisdiction

I, Pro Se Defendant Crystal Cox OBJECT to District of Nevada having Jurisdiction over my blogs, my rights, my domain names, my constitutional rights and Plaintiff's allegations in this matter.

### Pro Se Defendant Crystal Cox Defense Regarding "The Parties"

I, Pro Se Defendant Crystal Cox OBJECT to Plaintiff being a Minor, this is unlawful, unconstitutional and Immoral.

Also under "The Parties" is listed large amounts of Domain Names, .blogspot blog names. I, Pro Se Defendant Crystal Cox OBJECT to Plaintiff having any right to said Domain Names in any way. I, Pro Se Defendant Crystal Cox do not own any .blogspot blog, those are owned by GOOGLE, I am a blog author, exercising my First Amendment Rights and do not own blogspot in any way.

Regarding 22.) Eliot Bernstein is NOT a Proxy, nor has EVER been a proxy of any kind in regard to Crystal Cox and has every legal right to own MarcJRandazza.com, FuckMarcRandazza.com, MarcRandazzaSucks.com, and MarcRandazzaIsALyingAsshole.com.   Plaintiff's name or last name is NOT a household name and Plaintiff has no Trademark on these Names, period.

There is no way that FuckMarcRandazza.com, MarcRandazzaSucks.com, and MarcRandazzaIsALyingAsshole.com could be confusingly similar to Randazza Legal Groups Blog or Website. They are obvious gripe sites, critical sites, against Plaintiff and no reasonable reader would confuse them with Plaintiff's commercial blog or website in ANY way.

Defendant Crystal Cox has a Legal Right to operate / own all domain names listed in number 20.) of this complaint, and none would be confused as to be Plaintiff's commercial site.

There is absolutely no way that a reasonable reader or a neutral Jury would ever see MarcRandazzSucks.com, FuckMarcRandazza.com, HypocriteMarcRandazza.com, TrollMarcRandazza.com, MarcRandazzaisALyingingAsshole.com, RandazzaLegalGroupSucks.com, as a "confusing" or similar tradename. There is no way that those domain names would cause confusion as to the source and origin of the Services.

There is no way whatsoever that there is "likely to cause confusion as to the source and origin" of "services" in regard to these and other domain names in connection with this case: MarcRandazzSucks.com, FuckMarcRandazza.com, HypocriteMarcRandazza.com, TrollMarcRandazza.com, MarcRandazzaisALyingingAsshole.com. There is a Clear, NON-Confusing Objective on those Domain Names in which no reasonable reader could EVER miss. And it has nothing to do with a confusing mark or confusing services.

It is Clear, Obvious and Blatant that Defendant Crystal Cox's blogs are critical of Marc Randazza, she is very vocal about her feelings and experience regarding Plaintiff Marc and her personal experience with Plaintiff Marc Randazza, there is no confusing similarities, there is a distinct difference between the blogs and domain names used for these blogs then a SERVICE connected to Randazza Legal Group.

Defendant Crystal Cox also posts tips she gets from Industry Insiders, Sources, Whistle Blowers as she is MEDIA. There is no Trademark or "Mark" Violation and NO Reader would assume that I am trying to lure them in to sell a similar, commercial product or service. It is Obvious, Blatant and not Confusingly Similar in ANY way

No domain name owned or ever purchased by Defendant Cox, is infringing on any Trademark that Plaintiff has, in any way.

Regarding 24) and 26) Plaintiff does not have common law rights to the name Randazza. And if this court claims that Plaintiff does, then surely this is only in the State of Nevada.

Marc Randazza goes by the Trade name "Marco Randazza" as his online Persona. Not Marc Randazza. Plaintiff has NO Trademark on the name "Randazza" or "Marc Randazza".

Regarding 28.) Defendant Crystal Cox has no domain "enterprise". I am Media and I am reporting on, making fun of, criticizing, making a parody of and speak out regarding Plaintiff Marc Randazza, I have every lawful and constitutional right to due so.

Plaintiff Marc Randazza advertises as a Domain Expert, and did not own MarcRandazza.com, my blogs are a public service to expose Plaintiff, make fun of Plaintiff, Parody Plaintiff and warn the public at large.

## Pro Se Defendant Crystal Cox Defense Regarding Allegation  in number 29

Defendant Crystal Cox nor Defendant Eliot Bernstein have ever registered a domain name in attempt to extort anyone. Defendant Crystal Cox nor Defendant Eliot Bernstein have never had a criminal complaint filed against them for extortion, been on trial for extortion nor been convicted of extortion. If Plaintiff feels he has been extorted by Defendant Crystal Cox nor Defendant Eliot Bernstein, then this would better be in a criminal complaint vs. a civil complaint.

MarcRandazza.me was bought as a joke, and not to PROFIT in any way. It was bought after Plaintiff Filed a Defaming WIPO Complaint. It was offered for $5 Million just after it was purchased by me, in a blog post titled Here Kitty Kitty, as a Parody, a Joke to all my Readers. This domain name was never a blog or a site, and the only one who made money from it was godaddy with the original purchase fee and the ads that Godaddy placed on the parked page.

## Pro Se Defendant Crystal Cox Defense Regarding Allegation  in number 30, 31

I, Defendant Crystal Cox DENY the allegation of commercial use. I, Defendant Crystal Cox nor Defendant Eliot Bernstein have made commercial use of any domain names in this complaint. Nor did I sell domain names to a third party. In Fact Plaintiff offered to buy MarcRandazza.com from me and I flat out refused at any price as the record shows. I, Defendant Crystal Cox have made no pay per click money from said domain names, any ads on the parked pages were placed by Godaddy and not by Defendant.

I, Defendant Crystal Cox DENY the allegation in number 31). I have NOT used the said domain name in bad faith, they were used to parody Plaintiff, report on the First Amendment, Make fun of Plaintiff, Criticize Plaintiff, Report on Plaintiff and report on my own legal case, of which Plaintiff was once in negotiations as my acting attorney.

I, Defendant Crystal Cox DENY the allegation in number 31) as having intent to profit, nor did I use Plaintiff's name to sell any Product.

**Pro Se Defendant Crystal Cox Defense Regarding Allegation  in number 32, 33**

I Deny allegations of registering a domain name to get Plaintiff to purchase Reputation Services, this is a FALSE Allegation.  I never offered the domain name to Plaintiff EVER. I refused to sell the domain name to Plaintiff, and never held it as some sort of "ransom" in any way, period.

My domain names, blogs, were ALWAYS to parody Plaintiff, report on the First Amendment, Make fun of Plaintiff, Criticize Plaintiff, Report on Plaintiff and report on my own legal case.

I, Defendant Crystal Cox DENY the allegation in the footnotes of page 9 of this complaint that i have engaged in ANY extortion scheme. I have NOT EVER engaged in ANY extortion scheme. I have never extracted money from anyone I report on, nor collected fees for "other third parties".

I, Defendant Crystal Cox object to number 33 state the "clear meaning".. that is speculative and not based in ANY fact. I never claimed that I would buy any domain name or post anything online if Plaintiff did not pay me, this is false and fraud on the courts.

I, Defendant Crystal Cox asked Marc Randazza for a job at one point or if he knew anyone that need a search engine marketing expert, he said he did not mind me asking and demanded the domain name I had bought when he was to be my attorney for my PR on my Ninth Circuit appeal, I said I did not want to sell the domain name and he launched a massive, vindictive, retaliation campaign against me. I bought domain names and started blogs to report on this story, to report on him, to warn others what he had done to me, to review his business, to gripe about him, to parody him, to criticize him and in NO way to Extort him in any way.

I, Defendant Crystal Cox have every right to buy and to own the domain name FuckMarcRandazza.com and MarcRandazzaSucks.com - they were not purchased to extort nor to flood the internet with untruthful information. They were AGAIN purchased to to report on this story, to report on Plaintiff, to warn others what he had done to me, to review his business, to gripe about Plaintiff, to parody him, to criticize him and in NO way to Extort him in any way.

I, Defendant Crystal Cox never bought a domain name to intimidate Marc Randazza, that is absurd, Plaintiff would never be intimidated by a purchasing of a domain name. I, Defendant Crystal Cox never bought a domain name to interfere with a witness or to stop Plaintiff from testifying in Obsidian V. Cox's asset probe. As the record shows, I even filed questions I hoped to ask Plaintiff Marc Randazza and to this day have no idea how he got out of that deposition after he was subpoenaed to attend.

I, Defendant Crystal Cox have never purchased a domain name to HARASS Plaintiff.

I, Defendant Crystal Cox object to Plaintiff's attempt to single me out as the only blogger the only media to NOT be able to use his last name in blogs, especially when Plaintiff has blogs in my name and reports on, blogs on me and uses my personal name to do so.

I, Defendant Crystal Cox have NOT harassed Plaintiff's Family in any way. I have simply exercised my First Amendment Rights and have spoke out about my grievances with Plaintiff on keyword rich blogs and domain names. I have every lawful and constitutional right to do so.

**Pro Se Defendant Crystal Cox Defense Regarding Allegation  in number 41, 42**

I, Defendant Crystal Cox have not used domain names to harass and intimidate Plaintiff nor to harm his family or his business, as stated above, domain names and blogs were to gripe, parody, report on, make fun of and review Plaintiff. I have every constitutional right to do so.

I, Defendant Crystal Cox have never had a blog regarding a Janelle Randazza and do not even know who that is.  I have never had a blog regarding a three year old child, that is a FALSE allegation as well.

Plaintiff Marc Randazza posted pictures of his child on his blog and gave pictures to Forbes, I posted NO pictures nor did I have a blog regarding Plaintiff's child.

Any pictures of Marc Randazza's wife were from Marc Randazza's blog. If Jennifer Randazza was a private citizen then Marc Randazza should not have had a blog post with her picture and a mixed drink, talking about a drunken tryst and where babies come from. My blog was making fun of Marc Randazza's post on his own wife, it was his picture, NOT mine. I, Defendant Crystal Cox have every right under the First Amendment to Call Marc Randazza's wife a SLUT.

I, Defendant Crystal Cox never got into the search engines nor had a blog regarding the "toddler" discussed in number 42.

Per Footnote on Page 12, I, Defendant Crystal Cox do fully believe that Plaintiff Marc J. Randazza is involved in organized crime and has insiders at Google and Godaddy who do what he wants and violates the rights of his "marks"

**Regarding Allegations in Number 46.)**

Plaintiff Marc Randazza's loss of control over his reputation and goodwill has had NOTHING to do with Defendant Crystal Cox nor Defendant Eliot Bernstein.  Plaintiff has not suffered any damages regarding Defendant Crystal Cox nor Defendant Eliot Bernstein.

**Plaintiff has NO Trademark on the Name "Randazza"**

There is no ™ on Marc Randazza's Blog. And there was no proof given to WIPO of Marc Randazza's "given name" as I believe his birth name is Marco Randazza and not Marc Randazza. Also note that this Marc Randazza is not the only Marc Randazza in the world and should not have a right to steal this intellectual property as the only rightful owner in the world.

On belief and knowledge of Defendant Crystal Cox**,** Plaintiff Marc Randazza has Criminally and Civilly Conspired with INTA, Peter L. Michaelson, WIPO and John and Jane Does Regarding the name "Marc Randazza and Fraudulent Trademark Claims.

Regarding Trademark issues, Defendant, Attorney Marc Randazza uses Marco Randazza as his Twitter and YouTube User Name, as well as his username on his own blog. As Seen In Exhibit Q.   Defendant, Attorney Marc Randazza had no ™ posted at his blog regarding the name Marc Randazza as beign trademarked and Plainiff Attorney Marc Randazza had no Trademark when purchased Defendant Crystal Cox purchased MarcRandazza.com to use as PR for Defendant Crystal Cox's highly public First Amendment Case.

Marc Randazza has no common law trademark on his website, he had no Trademark when I purchased the domain names yet seems to have convinced WIPO that he is the rightful owner and has stolen several domain names from myself and Defendant Eliot Bernstein of iViewit Technologies.

Marc Randazza had no lawful Trademark on the name Marc Randazza at the time Blogger Crystal Cox purchased Domain Names, nor at the Time iViewit Technology Eliot Bernstein received Domain Names in Receivership.

Even if Plaintiff Could prove a Trademark, Defendants First Amendment Rights TRUMP Trademark Rights in this case.

Regarding Plaintiff's Discussion of the Lanham Act, Though it does not seem to be a cause of action, Plaintiff lists Lanham in this complaint at various points.

The Supreme Court has recognized the threat to freedom of speech. In Cohen v. California, 403 U.S. 15, 25, 91 S.Ct. 1780, 1788, 29 L.Ed.2d 284 (1971), it was decided that the right to speak freely that is guaranteed by the First Amendment to the Constitution of the United States includes the right to criticize others, voice highly controversial opinions, and comment on public interest matters.

The First Amendment also protects free speech of extreme statements and intentional exaggeration when it is clear the statements are insincere and done to frustrate the target, and is not defamation but opinion, satire, or parody.

In Hustler Magazine v. Falwell; Parody is NOT Defamation. There are many other cases in which discuss that Parody and Satire is not a Trademark or Defamation Issue.  Plaintiff / Counter Defendant Marc Randazza DEFENDS Satire and Parody Blogs, Sites, Domain Names, Content, Radio, Television and More, Constantly,

YET he has committed Fraud on the courts in SEIZING MarcRandazaSucks.com, FuckMarcRandazza.com, MarcRandazzaParody.com, RandazzaLegalGroupSucks.com and other Domain Names and dot blogspots were clearly to express free speech, parody, critisize, speak freely, voice highly controversial opinions, and comment on public interest matters. As was MarcRandazza.com, and all the other blogs, .blogspot and Domain Names, in which this court and WIPO illegally, unconstitutionally SEIZED in favor of Plaintiff Marc Randazza. WITHOUT first adjudicating the First Amendment Issues.

The first step with free speech and the First Amendment and trademark law is whether the speech in question is commercial or noncommercial. Commercial speech is bound by the laws of the Lanham Act and is subject to less and sometimes no First Amendment protection.

Noncommercial speech is not bound by the Lanham Act or trademark law, and is guaranteed complete and full First Amendment protection. In fact, trademark law specifically exempts noncommercial speech so that the law will not infringe on the First Amendment. One case that supports this paragraph is Taubman Co. v. Webfeats, 319 F.3d 770, 774-75 (6th Cir. 2003). Another supporting precedent is Nissan Motor Co. v. Nissan Computer Corp., 378 F.3d 1002, 1015-18 (9th Cir. 2004).

Pro Se Defendant Crystal L. Cox and Defendant Eliot Bernstein have made no money from the Seized Domain names. Pro Se Defendant Crystal L. Cox, is an Investigative Blogger, a Media Defendant and was giving Plaintiff Marc Randazza a bad review as she was a former client of Plaintiff Marc Randazza.

Pro Se Defendant Crystal L. Cox was reporting on / blowing the whistle on / investigative blogging on organized crime, porn industry hookers and human trafficking, video technology infringement (iViewit), gang stalkings, threats of violence, intellectual property theft, civil rights violations, civil and criminal conspiracy and more allegedly involving Plaintiff Marc Randazza and his Clients.

There are many cases supporting that negative consumer commentary is core speech protected by the First Amendment. Another case supporting this is, Bose Corp. v. Consumers Union, 466 U.S. 485 (1984) Many other cases treat criticisms of a company, their business practices, products and services, as speech protected by the First Amendment. Criticism would be pointless if the person cannot name the company they are bashing by using its trademarks.

The Fourth Circuit explained that just because speech is critical of a corporation or company and its business practices, it is not a sufficient reason to prevent or enjoin the speech. If a trademark owner could "enjoin the use of his mark in a noncommercial context found to be negative or offensive, than a corporation could shield itself from criticism by forbidding the use of its name in commentaries critical of its conduct." CPC Int'l., Inc. v. Skippy Inc., 214 F.3d 456, 462 (4th Cir. 2000) (quoting L.L. Bean v. Drake Publishers, 811 F.2d 26, 33 (1st Cir. 1987)).

Pro Se Defendant Crystal L. Cox as every lawful and constitutional right to criticize Plaintiff Marc Randazza and his Law Firm Randazza Legal Group. Just because speech is critical of a corporation or company and its business practices, it is not a sufficient reason to prevent or enjoin the speech and wipe out massive blogs, links, domain names and content of Investigative Blogger Pro Se Defendant Crystal L. Cox

**Congress has decided that the Lanham Act ONLY applies to commercial speech. Under § 43 (15 U.S.C. §1125) explicitly defines that noncommercial use is not actionable. "The following shall not be actionable under this section: . . .
(B) Noncommercial use of the mark."**

Pro Se Defendant Crystal L. Cox and Defendant Eliot Bernstein, had not commercial motives or "speech" soliciting money in regard to blogs, domains, online media, investigative news blogs in which exposed, created parody and satire, criticized, reviewed, report on Plaintiff / Counter Defendant Marc Randazza and his Clients, Co-Conspirators, Counter Defendants.

Plaintiff Marc Randazza have used the Lanham Act to Suppress Free Speech, Intimidate a Reporter / Whistleblower, and to Steal Massive Content / Intellectual Property AND to Eliminate Search Engine Competition for FREE.

15 U.S.C. § 1125(a) (1). The Lanham Act defines "use in commerce" as meaning "bona fide use of a mark in the ordinary course of trade," such as using the mark in conjunction with services or goods in commerce. 15 U.S.C. § 1127. Without "use in commerce" "in connection with goods and services," there is no trademark infringement. Int'l Bancorp, LLC v. Societe des Bains de Mer et duInternational Bancorp, LLC, 329 F.3d 359, 363 (4th Cir. 2003); People for Ethical Treatment of Animals (PETA) v. Doughney, 263 F.3d 359, 365 (4th Cir. 2001); see also S. Rep. No. 100-515, at 44 (1988), reprinted in 1988 U.S.C.C.A.N. 5577, 5607 ("Amendment of the definition of 'use in commerce' [in § 45 of the Lanham Act) is one of the most far-reaching changes the legislation contains. . . .

The committee intends that the revised definition of 'use in commerce' be interpreted to mean commercial use which is typical in a particular industry."). Basically, the Lanham act excludes all noncommercial speech. Nissan, 378 F.3d at 1016-17; see also TMI, Inc. v. Maxwell, 368 F.3d 433, 436-38 (5th Cir. 2004), and even excludes commercial speech that does not use marks "in connection with goods or services." PETA, 263 F.3d 359, 365 (4th Cir. 2001).

## First Amendment Rights And Constitutional Law trump Trademark law.

The first step with free speech and the First Amendment and trademark law is whether the speech in question is commercial or noncommercial. Commercial speech is bound by the laws of the Lanham Act and is subject to less and sometimes no First Amendment protection. Noncommercial speech is not bound by the Lanham Act or trademark law, and is guaranteed complete and full First Amendment protection. In fact, trademark law specifically exempts noncommercial speech so that the law will not infringe on the First Amendment. One case that supports this paragraph is Taubman Co. v. Webfeats, 319 F.3d 770, 774-75 (6th Cir. 2003). Another supporting precedent is Nissan Motor Co. v. Nissan Computer Corp., 378 F.3d 1002, 1015-18 (9th Cir. 2004).

Despite many corporations using intimidation to try to silence people from speaking their minds and using lawsuits, and threats of lawsuits, the Constitution continuously protects free speech.

It excludes commercial speech precisely for the purpose of avoiding infringement of First Amendment rights. Taubman, 319 F.3d at 774-75 (6th Cir. 2003); Nissan, 378 F.3d at 1016-17. Thus, when an action is brought against a noncommercial use of a trademark for either political or consumer commentary, such as the SLAPP cases with Walmart, Starbucks, and others, the courts do not usually hesitate to grant the defendant full First Amendment protection by holding that trademark law does not apply and that First Amendment protects such speech. See CPC Int'l, 214 F.3d at 461-64 (4th Cir. 2000); Nissan, 378 F.3d at 1017-18 (9th Cir. 2004); L.L. Bean, 811 F.2d at 33.

Noncommercial Speech Is NOT Subject to Trademark Law AND Is Fully Protected by the First Amendment. Trademark law explicitly exempts noncommercial speech such as the alleged emails and website(s) precisely so that the law will not run afoul of the First Amendment. Taubman, 319 F.3d at 774 (6th Cir. 2003); Nissan, 378 F.3d at 1016-17 (9th Cir. 2004). Numerous cases show that consumer commentary is core speech protected by the First Amendment. See, e.g., Bose Corp. v. Consumers Union, 466 U.S. 485 (1984) (New York Times standard applied in libel action brought by a manufacturer claiming that consumer group had maligned its product). Many other cases similarly treat criticisms of a company's products or business practices as speech protected by the First Amendment. The criticisms would be pointless if they did not identify the company they were criticizing and by using its trademarks.

The Fourth Circuit explained: This is an admittedly partisan account and one that vexes [the plaintiff]. Yet just because speech is critical of a corporation and its business practices is not a sufficient reason to enjoin the speech. As the First Circuit stated, if a trademark owner could "enjoin the use of his mark in a noncommercial context found to be negative or offensive, then a corporation could shield itself from criticism by forbidding the use of its name in commentaries critical of its conduct." CPC Int'l., Inc. v. Skippy Inc., 214 F.3d 456, 462 (4th Cir. 2000) (quoting L.L. Bean v. Drake Publishers, 811 F.2d 26, 33 (1st Cir. 1987)). Congress has therefore limited the application of the Lanham Act to commercial speech. First, § 43(c) expressly excludes non commercial use of marks from the entire section's reach: "The following shall not be actionable under this section: . . . (B) Noncommercial use of the mark." 15 U.S.C. § 1125(c) (4) (emphasis added). Section (c) (4) was added to the Act when it was amended in 1989. The House Judiciary Committee made explicit that the purpose was to avoid any impact on noncommercial speech: The proposed change in Section 43(a) should not be read in any way to limit political speech, consumer or editorial comment, parodies, satires, or other constitutionally protected material.

Noncommercial Speech Is NOT Subject to Trademark Law.  Ads placed on Domain Names and Blog in this case, as Plaintiff Marc Randazza knows full well, being an Expert in the Industry, are placed by Google and by GoDaddy and that Pro Se Defendant Crystal L. Cox and Defendant Eliot Bernstein have no control over such ads, and are not involved in a commercial endeavor in REPORTING on Plaintiff  Marc Randazza and his Clients, and in reporting on the biggest Technology Theft in the WORLD, iViewit Technology, and it's Founder, Inventor Eliot Bernstein.

Plaintiff  Marc Randazza has no Trademark on the name Marc Randazza, yet this court simply favored Plaintiff Marc Randazza and gave him what he wanted, and has thereby PERMANENTLY altered the search engines, removed content on massive blogs, changed thousands of links, and deleted blog / intellectual property of Pro Se Defendant Crystal L. Cox and Defendant Eliot Bernstein.

Plaintiff / Counter Defendant Marc Randazza has no Trademark on the name Marc Randazza, yet this court simply favored Plaintiff Marc Randazza and gave him what he wanted, and has thereby PERMANENTLY altered the search engines, removed content on massive blogs, changed thousands of links, and deleted blog / intellectual property of Pro Se Defendant Crystal L. Cox and Defendant Eliot Bernstein.

## Regarding Cause of Action (1) Violation of Individual Cyberpiracy Protections under 15 U.S.C. § 8131;

Pro Se Defendant Crystal Cox DENIES a Violation of Individual Cyberpiracy Protections under 15 U.S.C. § 8131;  Defendant ReAlleges all previous Paragraphs in Full.

I, Defendant Crystal Cox Deny registering infringing domain names.

I, Defendant Crystal Cox Deny registering any domain names associate with Plaintiff with a specific intent to profit in any way, nor in "bad faith".

I, Defendant Crystal Cox Deny accusations of attempting to monetize on Plaintiff's name in any way.

I, Defendant Crystal Cox Did not register any domain name regarding Plaintiff in attempt to solicit business of any kind from Plaintiff.

I, Defendant Crystal Cox state that Plaintiff is not entitled to any relief regarding Violation of Individual Cyberpiracy Protections under 15 U.S.C. § 8131;  because there was no damage done to plaintiff and there was no violation of this law

I, Defendant Crystal Cox did not register any domain name regarding Plaintiff with the intent to profit and rejected offers to sell domain names. The Here Kitty Kitty, post was a JOKE, no one would pay 5 Million for a Domain Name such as that, bought just days before and with no value created. I have NEVER purchased a domain name associated with Plaintiff's name with intent to sell and profit, proven by my rejection of Plaintiff's offer to buy domain name.

I, Defendant Crystal Cox bought said domain name to review Plaintiff as my attorney, to reporting on Plaintiff, to blog on Plaintiff, poke fun at Plaintiff, criticize Plaintiff, report on first amendment cases and making parody blogs about Plaintiff

I, Defendant Crystal Cox bought said domain name in good faith and under my constitutional rights. And have NOT violated Individual Cyberpiracy Protections under 15 U.S.C. § 8131;

Plaintiff Marc Randazza has no Trademark on the Name Randazza or Marc Randazza.


## Regarding Cause of Action (2) and (3)
## Violation of Individual Cyberpiracy Protection - 15 U.S.C. 8131

Pro Se Defendant Crystal Cox DENIES a Violation of **Individual Cyberpiracy Protection - 15 U.S.C. 8131**

Defendant Crystal Cox did not buy said domain names with intent to profit.

I, Defendant Crystal Cox deny allegations of engaging in pervasive link spamming and cybersquatting against Plaintiff. I, Defendant Crystal Cox was simply reporting on, blogging about, making fun of, criticizing, reviewing and making parody of Plaintiff.

I, Defendant Crystal Cox did not offer to sell domain names to Plaintiff, in fact I rejected Plaintiff's offer to buy domain names as the record shows.

I, Defendant Crystal Cox did not offer to repair any damage that I had allegedly done to Plaintiff. When I asked Plaintiff for a job, I, Defendant Crystal Cox had not written a word on my blogs regarding Plaintiff. When Plaintiff attacked me online line, accused me of criminal activity (Extortion), defamed and attacked me, I, Defendant Crystal Cox used my domain names to expose Plaintiff, make fun of Plaintiff, and warn others of Plaintiff who had been my attorney in negotiations regarding Obsidian V. Cox.

I, Defendant Crystal Cox did not instigate a scheme to smear Plaintiff. I, Defendant Crystal Cox exercised my first amendment right to speak out against Plaintiff, Criticize Plaintiff, Parody Plaintiff and warn others of his behavior from my personal experience, and to post tips I received from whistle blowers regarding Plaintiff.

I, Defendant Crystal Cox never engaged in an extortion scheme, nor any other avenue of profit regarding Plaintiffs alleged "mark".

I, Defendant Crystal Cox have not damaged Plaintiff's nor violated **Individual Cyberpiracy Protection - 15 U.S.C. 8131**, and Plaintiffs are not entitled to relief of any kind.


### Regarding Cause of Action (4) (5)
### Cybersquatting under 15 U.S.C. § 1125(d);


Pro Se Defendant Crystal Cox DENIES a Violation of "Cybersquatting under 15 U.S.C. § 1125(d)" Defendant ReAlleges all previous Paragraphs in Full.

Domain Names and blogs were not used for commercial purposes, and were NOT purchased with ANY intent to Profit whatsoever. Defendant has not engaged in Extortion with Plaintiff nor anyone Else. Defendant has not been under criminal investigation for Extortion and has not violated **Cybersquatting under 15 U.S.C. § 1125(d).**

There is no false designation of Origin, or confusion of any kind to any reasonable reader of these blogs or sites, or use of said domain names. The Origin is clear that the blog author is criticizing, mocking, making a parody of, reporting on, and giving their opinion of Plaintiff Marc Randazza and his cases, as he is a Public Figure.

There is no confusion of similar goods or services offered, no commercial advertising or promotions, and no misrepresentation in any way that would confuse a reader that my blogs were connected to Randazza Legal Group, or a similar product or service.

(d) Plaintiff has no "mark" ownership, has no Trademark on the name Randazza or Marc Randazza. Defendant Crystal Cox had no bad faith, and no intent to profit from the alleged "mark".

Plaintiff has No Trademark and Defendant has Not "trafficked" in infringing domain names regarding Plaintiff's Trademark. Defendant Crystal Cox has not registered domain names to prevent Plaintiff from buying said domain names. Plaintiff had over a decade to buy MarcRandazza.com and as far as the other domain names go, Plaintiff would never have bought those domain names to do business as Attorney Marc J. Randazza of Randazza Legal Group.

Pro Se Defendant Crystal Cox has not registered domain names nor blogs names in bad faith to profit from Plaintiff's alleged "mark".

In the Motion for Summary Judgement in this case, Plaintiff states that he does not have a Trademark on the name Randazza or Marc Randazza and therefore this Legal Action is Moot and should be dismissed. Plaintiff admits to having no Trademark as seen in the Motion for Summary Judgement filed against Defendant Crystal Cox. All through this Complaint Plaintiff accuses Defendant of infringing on his Mark, yet admits in a Motion for Summary Judgement that he has no "Trademark", no "Mark"

## Regarding Cause of Action (6) Right of Publicity - NRS 597.810;

Pro Se Defendant Crystal Cox DENIES a Violation of "Right of Publicity" - **NRS 597.810**. Defendant ReAlleges all previous Paragraphs in Full.

**Right of Publicity under Nevada Revised Statute 597.810 does not apply to all Internet activity in all states, this would only apply to those in the State of Nevada viewing my blogs on Nevada Web Servers.**

Defendant Crystal Cox  had no unauthorized commercial use of said blogs.

Plaintiff has no lawful right to Injunctive Relief. Defendant Crystal Cox has First Amendment rights to own and operate said blogs and domain names. Injunctive Relief is unconstitutional. The Constitution of the United States Trumps Nevada Revised Statute 597.810.

### Regarding Cause of Action (7) Common Law Right of Publicity

Pro Se Defendant Crystal Cox DENIES a Violation of "**Common Law Right of Publicity**. Defendant ReAlleges all previous Paragraphs in Full.

I, Pro Se Defendant Crystal Cox did not registered domain names or blogs to compete with Plaintiff to my commercial advantage.

I, Pro Se Defendant Crystal Cox have had no extortion scheme in any way.  Plaintiff has no protected Trademark on the name Randazza or Marc Randazza.

I, Pro Se Defendant Crystal Cox have never had an unlawful enterprise of ANY kind.

I, Pro Se Defendant Crystal Cox have never had a financial gain regarding Plaintiff's name.

### Regarding Cause of Action Common Law Right of Intrusion Upon Seclusion;
**(Please Note Complaint Says Cause of Action Sixth, However there is already a Cause of Action 6 and X means 10, yet this is number 8.**

Pro Se Defendant Crystal Cox DENIES a Violation of "Common Law Right of Intrusion Upon Seclusion". Defendant ReAlleges all previous Paragraphs in Full.

I, Pro Se Defendant Crystal Cox have never posted a picture of Plaintiff's daughter on any blog, nor have I, Pro Se Defendant Crystal Cox written a word regarding Plaintiff's daughter or had a blog regarding Plaintiff's Daughter.  Plaintiff, himself gave Forbes Reporter Kashmir Hill pictures of his daughter and she posted those photos on Forbes, Plaintiff posted photos on his blog of this child. I, Pro Se Defendant Crystal Cox did now use the child's name nor photo in any blog.

Plaintiff Jennifer Randazza has photos online of her fashion, and Plaintiff Marc Randazza has photos of her on his own blog. I have name called and reported on Plaintiff Jennifer Randazza and have every constitutional right to do so, and have never done so for commercial reasons.

I, Pro Se Defendant Crystal Cox have called Plaintiff Jennifer Randazza a Slut, and this was after Plaintiff Marc Randazza went on CNN and other publications to defend Rush Limbaugh for calling Sandra Fluke a slut, which was, at the time a highly political topic in mainstream media. I also had just read a post on Plaintiff Marc Randazza's blog regarding a drunken tryst and knocking Jennifer up, so he may as well marry her. Yes, I called Plaintiff Jennifer Randazza a Slut.

I, Pro Se Defendant Crystal Cox have never used Plaintiff's daughters name in any crusade to extort Plaintiff or anyone else.

## Regarding Cause of Action (9) Civil Conspiracy.
### Complaint Call It XI. Seventh Cause of Action

Pro Se Defendant Crystal Cox DENIES a Violation of "Civil Conspiracy". Defendant ReAlleges all previous Paragraphs in Full.

I, Pro Se Defendant Crystal Cox have never engaged in any kind of Criminal Conspiracy with Eliot Bernstein or anyone else ever.

**I, Pro Se Defendant Crystal Cox respectfully state that all of the below listed documents have pertinent and important information regarding this case and the reasons Plaintiff filed this case, and I request that ALL prior documents be considered as included in this Court Ordered Amended Complaint Answer**

I, Pro Se Defendant Crystal Cox respectfully Re-Submit / Re-Allege in FULL all following paragraphs, statements, documents of this case thus far with this Complaint Answer and with it I Reallege all I, Pro Se Defendant Crystal Cox / Pro Se Counter Plaintiff stated in ALL prior motions in this lawsuit, included and not limited to my Original Complaint Answer, My Motion in Opposition of Ex Parte Motion, My Motion for Removal / Reclusal / Disqualification of Judge Gloria Navarro, My Motion Requesting a Protective Order, My Motion to Notify Auditors, My REPLY to Response to 2 MOTION for Temporary Restraining Order, My MOTION to Request This Court Investigate Plaintiff Marc Randazza,

Also; my Original Counter Claim, my Amended Counter Claim, my RESPONSE to 2 MOTION for Temporary Restraining Order, my MOTION Motion Requesting Plaintiff Inform Insurance Providers of Liability, Seek Outside Counsel, and Disclosing Malpractice Issues, regarding Plaintiff Randazzas Ex-Client Defendant Crystal Cox, and case related issues, my REPLY to Response to 47 MOTION for Protective Order filed by Counter Claimant Crystal L Cox,

Also;  Counter Defendant Crystal L Cox, ADDENDUM to REPLY to Response to 47 MOTION for Protective Order, my Court Notice of Emergency Notice to Court of Violent Actions of Counter Defendant Ari Bass aKa MIchael Whiteacre and Sean Tompkins. Protective Ordered Requested, my MOTION/APPLICATION for Leave to Proceed in forma pauperis, REPLY to Response to 60 First MOTION Requesting Court Notify Investigators/Authorities Regarding Suspected Criminal Actions/Activities of Plaintiff Marc Randazza and Counter-Defendants/Co-Conspirators, my Motion for Summary Judgement against Plaintiff, Memorandum to my Summary Judgement against Plaintiff, Motion to File In Forma Paupus, Reply to Opposition of Forma Paupus, Motion to Sanction Marc J. Randazza and Ronald D. Green, Reply to Response to Motion to Sanction, Counter Complaint, Amended, and all motions, addendums and exhibits previously filed in this case, as they have lots of factual, pertinent, relevant information in my defense and in this case as a whole.


**Note To Court:**  This Court has DENIED requests to sign a conflict of Interest Disclosure, though requested several times by Pro Se Defendant / Pro Se Counter Plaintiff Crystal L. Cox. Any action forward by Judge Gloria M. Navarro or Judge Peggy A. Leen, who refuses to admit/deny conflicts and rules forward will be charged with Obstruction of Justice through conflicts of interest, violations of attorney and judicial cannons in order to Deny Due Process via aiding and abetting the alleged civil and criminal conspiracy through Fraud on the Court.

I, Pro Se Defendant / Pro Se Counter Plaintiff Crystal Cox intend to file criminal complaints against any officer of the court, including opposing counsel, who violates any law or ethical statues in order to perpetrate the fraud through obstruction via conflicts, or has violated any law already in previous rulings affecting me, Pro Se Defendant, Pro Se Counter Defendant Crystal Cox.

Therefore every ruling of this court on a motion without conflict disclosure will be charged for each and every act a in a criminal complaint, forthcoming.

Judge Gloria Navarro is alleged by Pro Se Defendant / Pro Se Counter Plaintiff Crystal Cox to be acting in criminal and civil conspiracy with Plaintiff / Counter Defendant Marc J. Randazza and ALL Connected Co-Conspirators and Counter Defendants of District of Nevada Case 2:12-cv-02040-GMN-PAL and therefore this court has a duty to notify all applicable authorities, bond carriers, insurance carriers, AND State and Federal Auditors of the liability of this allegation in a Federal Court Proceeding.

Judge Gloria Navarro refuses to disqualify herself and has conflict with the Plaintiff. Judge Gloria Navarro consistently gives Plaintiff unconstitutional Preliminary Injunctions. The Righthaven case, Liberty Media V. Magnus, and Viaview are recent cases where Judge Gloria Navarro has favored Plaintiff.

Plaintiff is a Nevada Attorney and is believed to have mafia connections. Judge Gloria Navarro has violated my rights and has not treated me fairly or equal under the law or the Constitution of the United States.

I once again request that Judge Gloria Navarro and all making decision in this case sign a Conflict of Interest Disclosure admitting or denying conflict. It is the law and it is my legal and constitutional right. I have a lawful right to an impartial judge.

Defendant Crystal Cox has a right to be heard and a right to due process of law. This court continues to deny my lawful and constitutional rights. I have the right of a Defense, and of a counter claim and my intellectual property, blogs, domain names and voice have Been taken by this court, repeatedly. This court has allowed my life to put in danger and has taken all my rights.

## I, Pro Se Defendant Crystal Cox specifically Invoke the following laws, statutes, nd constitutional amendments in my Defense in this case.

### Laws Specifically Invoked by Defendant Crystal Cox in Her Defense.

Defendant Crystal Cox Specifically Invokes Anti-Slapp Laws, Nevada SLAPP Statutes. This Lawsuit was filed frivolously and has cost taxpayer and defendants.

Defendant Crystal Cox Specifically Invokes the First Amendment of the United States Constitution. can be seized, blogs deleted, links broken, and intellectual property taken, irreparable damage caused. The First Amendment Rights at issue in this case must be Adjudicated before domain names.

Defendant Crystal Cox Specifically Invokes the Fourteenth Amendment of the United States Constitution.

Defendant Crystal Cox Specifically Invokes Anti-Trust Laws, the Sherman Act, Fair Competition Laws, as Plaintiff is interfering with fair competition with search engine results.

Defendant Crystal Cox Specifically Invokes The Fair Competition Act (FCA), The Sherman Antitrust Act (1890), Antitrust Policy and Competition.

Defendant Crystal Cox Specifically Invokes all Freedom of Speech Laws. Freedom of speech is the political right to communicate one's opinions and ideas.

The right to freedom of expression is recognized as a human right under Article 19 of the Universal Declaration of Human Rights and recognized in international human rights law in the International Covenant on Civil and Political Rights (ICCPR). Article 19 of the ICCPR states that "[e]veryone shall have the right to hold opinions without interference" and "everyone shall have the right to freedom of expression; this right shall include freedom to seek, receive and impart information and ideas of all kinds, regardless of frontiers, either orally, in writing or in print, in the form of art, or through any other media of his choice".

Defendant Crystal Cox Specifically Invokes Nevada Retraction Laws in her Defense. As Plaintiff did not ask for a retraction before filing a frivolous and costly lawsuit.

Defendant Crystal Cox Specifically Invokes ALL Malpractice Laws as Plaintiff was Defendants Attorney in related matters.


**I, Defendant Crystal Cox Declare the following Cases Connected to This Case**
**(this is important for any future RICO Legal Action and the Public at Large)**
Case 2:12-cv-02040-GMN-PA District of Nevada is connected to Case CV-11-57-HZ U.S. District Court District of Oregon, Case 2:12-mc-00017-JPH Eastern District of Washington Circuit Court of Oregon Multnomah County Case No. 121215329 and Ninth Circuit Appeal Case: 12-35319. All case dockets, documents, exhibits are hereby included in this case as evidence of criminal and civil conspiracy. Also this case is related to Rakofsky V. The Internet a New York Case with same people involved.


Respectfully Submitted
Investigative Blogger Crystal L. Cox
Pro Se Defendant Crystal Cox
**Case 2:12-cv-02040-GMN-PAL**

# CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing on: **On February 23, 2013**

VIA Electronic Service to the District of Nevada Court

Respectfully Submitted
Investigative Blogger Crystal L. Cox
Pro Se Defendant Crystal Cox
**Case 2:12-cv-02040-GMN-PAL**