Ronald D. Green, NV Bar #7360
Randazza Legal Group
6525 W. Warm Springs Road, Suite 100
Las Vegas, NV 89118
888-667-1113
305-437-7662 fax
ecf@randazza.com

Attorney for Plaintiffs
MARC J. RANDAZZA, JENNIFER RANDAZZA, and NATALIA RANDAZZA

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| MARC J. RANDAZZA, an individual, JENNIFER RANDAZZA, an individual, and NATALIA RANDAZZA, a minor, | Case No. 2:12-cv-02040-GMN-PAL |
| Plaintiffs, | **PLAINTIFFS' MOTION TO STRIKE DEFENDANT CRYSTAL COX'S AMENDED ANSWER PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(f) AND MOTION FOR DEFAULT** |
| vs. | |
| CRYSTAL COX, an individual, and ELIOT BERNSTEIN, an individual, | |
| Defendants. | |

Plaintiffs Marc J. Randazza, Jennifer Randazza, and Natalia Randazza, through counsel, hereby submit their Motion to Strike Defendant Crystal Cox's Amended Answer (ECF 99) pursuant to Federal Rules of Civil Procedure 12(f) and a Motion for Default Judgment against Defendant Crystal Cox.

## I.     Introduction

Once again, Defendant Cox has failed to adhere to the Court's order in filing her Amended Answer. (ECF 99) Despite clear instructions from the Court regarding how to address the deficiencies in her Original Answer (ECF 23), the Amended Answer Cox submitted still contains extraneous and irrelevant material that is impertinent to the issues in this suit.  Because of Defendant Cox's repeated, voluminous, vexatious and abusive filings, this case, a simple

cybersquatting suit with clear and relatively uncomplicated facts, has spiraled out of control. Cox continues to disregard this Court's orders and to burden the Docket with dozens of nonsensical filings. In light of Cox's contumacious conduct, Plaintiffs believe it is appropriate for the Court to strike Cox's Amended Answer (ECF 99) and enter default against her. In the alternative, Plaintiffs respectfully request the Court grant Plaintiffs' pending and fully briefed Motion for Summary Judgment. (ECF 75).

## II.    Legal Standard

A court will grant a motion to strike under Federal Rule of Civil Procedure 12(f) if the contested pleading contains an "insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Rule 12(f) defines a matter that is "immaterial" as "that which has no essential or important relationship to the claim for relief or the defenses being pleaded." *Germain Music v. Universal Songs of Polygram*, 275 F. Supp. 2d 1288, 1300 (D. Nev. 2003), *quoting Fantasy, Inc. v. Fogerty,* 984 F.2d 1524, 1527 (9th Cir. 1993) *rev'd on other grounds*, 510 U.S. 517 (1994). Impertinent matter has been defined to "consist[] of statements that do not pertain, and are not necessary to the issues in question." *Id.*, *citing Fantasy, Inc.*, 984 F.2d at 1527. When an asserted defense would not "constitute a valid defense to the action" under the facts alleged, it "can and should" be stricken. *Nev. Fair Housing Ctr., Inc. v. Clark County*, 565 F.Supp.2d 1178, 1187 (D. Nev. 2008).

"Courts have inherent equitable powers to dismiss actions or enter default judgments for failure to prosecute, contempt of court, or abusive litigation practices." *TeleVideo Systems, Inc. v. Heidenthal*, 826 F.2d 915, 916 (9th Cir. 1987), citing *Roadway Express, Inc. v. Piper,* 447 U.S. 752, 764, 100 S.Ct. 2455, 2463, 65 L.Ed.2d 488 (1980); *Link v. Wabash R.R.,* 370 U.S. 626, 632, 82 S.Ct. 1386, 632, 8 L.Ed.2d 734 (1962); *United States v. Moss-American, Inc.,* 78 F.R.D. 214, 216 (E.D.Wis.1978). This inherent power is necessary in order for the judiciary to continue to

function. *Id.*, *citing Michaelson v. United States*, 266 U.S. 42, 65, 45 S. Ct. 18, 19, 69 L.Ed. 162 (1924).

## III.    Argument

In issuing its February 22 Order (ECF 89), the Court very plainly stated how Cox could address the problems with her Answer:

> Even if Defendant chooses to use a general denial and opts not to specifically deny each allegation, the extraneous material that is not related to the specific allegations of cybersquatting in the Complaint are improper and should not be included in the amended answer as explained further below.

Despite these simple instructions, Cox, in response, submitted a **139-page** Amended Answer containing the same extraneous material the Court already had advised against.  (ECF 99)  Furthermore, this filing was Cox's *second* amended answer, as only days earlier, Cox already had submitted another Amended Answer to the Court. (ECF 90).   Her filings directly disobey the Court's Order, which states, "Further amendments to Defendant's Answer must now be made only pursuant to Rule 15(a)(2) either by obtaining the opposing party's written consent or requesting permission from the Court." ECF 89 at 5.  Cox neither sought nor receive consent from Plaintiffs, nor does the record reflect that she sought or received permission of the court.  Once again, Cox submitted an answer rife with irrelevant vexatious material and inappropriate commentary meant to cast Plaintiffs in a derogatory light. Cox's Amended Answer should be stricken, and this Court should enter a default judgment against her.

### A.    Defendant Crystal Cox's Amended Answer (ECF 99) is impertinent, immaterial, and vexatious, and should be stricken.

While a court construes a Rule 12(f) motion to strike in the view most favorable to the pleader, it must consider the purpose of such a motion, which is "to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Cardinale v. La Petite Acad., Inc.*, 207 F.Supp.2d 1158, 1162 (D. Nev. 2002), *quoting*

*Sidney-Vinstein v. A.H. Robins Co.,* 697 F.2d 880, 885 (9th Cir. 1983).  Courts may also strike material that includes "inappropriate commentary and dramatic flourishes" or statements that appear "calculated to cast [parties] in a derogatory light" or is full of "wholly irrelevant material." *Mazzeo v. Gibbons*, 649 F.Supp.2d 1182, 1202 (D. Nev. 2009).

In *Mazzeo*, the court found the plaintiff's complaint to be derogatory and filled with extraneous language and impertinent allegations. *Id.*  As a result, the court, *sua sponte*, ordered large portions of the plaintiff's complaint stricken and directed the plaintiff to file an amended complaint removing the irrelevant portions under pain of sanctions. *Id.*

As before, Cox's Amended Answer contains "inappropriate commentary and dramatic flourishes" that serve only to distract the Court from the true issues in this case.  Flying in the face of this Court's direct instructions, the majority of Defendant's Amended Answer accuses Plaintiffs, Plaintiffs' counsel, this Court, and third parties of various wrongdoings, including, *yet again*, the same allegations of a "massive conspiracy" against her.  ECF 99 at 35.  None of these allegations are new, and are repetitive of the 45 other motions that Cox filed.  These statements not only cast Plaintiffs in a derogatory light, but also potentially waste the Court's time by forcing the Court to address issues that have nothing to do with Plaintiffs' cybersquatting and privacy claims or Cox's defenses thereto.[1]

Furthermore, Cox already has exhausted her single opportunity to offer an amended answer. Under Rule 15(a)(2) of the Federal Rules of Civil Procedure, Cox may not have the opportunity to amend again without Plaintiffs' consent or with permission from the Court.  In its Order, the Court specifically warned Defendant that future amendments must only be made "either by obtaining the opposing party's written consent or requesting permission from the Court." ECF 89 at 5.

---

[1] Since Cox's counterclaim was stricken, any attempt in her Answer to make claims against Plaintiffs, their counsel, this Court, or any third party is improper.

Defendant Cox did neither when submitting her Amended Answer (ECF 99), in violation of this Court's Order.

Because Cox's Amended Answer contains inappropriate commentary and dramatic flourishes and statements calculated to cast Plaintiffs and others, including counsel and this Court, in a derogatory light, Defendant Cox has not complied with this Court's order, and her Amended Answer should be stricken from the record.  Cox should not be permitted to file another amended answer, as 15(a)(2) and this Court's Order bar Cox from submitting yet another repetitious filing.

**B.    Default against Crystal Cox is appropriate because she has engaged in contumacious conduct and continues to burden the Court.**

When entering a default against a party to a suit, courts may consider prior misconduct in addition to the party's disobedience of a court order. *Adriana Intern. Corp. v. Thoeren*, 913 F.2d 1406, 1411 (9th Cir. 1990), *citing Halaco Engineering Co. v. Costle*, 843 F.2d 376, 381 n. 2 (9th Cir. 1988).  Where a default is ordered, the losing party's non-compliance with a district court's order must be "due to willfulness, fault, or bad faith." *Halaco*, 843 F.2d at 380.  Prior to declaring default, courts must consider five factors: (1) the public interest in a quick resolution to litigation; (2) the court's need to manage the docket; (3) prejudice to the other party; (4) the public policy in favor of the deciding of the case on the merits; and (5) the availability of less drastic sanctions. *Adriana*, 913 F. 2d at 1412. These factors are not conditions that must be met before a judge can enter default, but are merely factors for the district court judge to consider in deciding what course of action to take. *In re Phenylpropanolamine Products Liability Litigation*, 460 F.3d 1217, 1226 (9th Cir. 2006).

When a court's order is violated, the third and fifth factors are decisive. *Id.*  In determining prejudice, courts examine whether a party's actions impair the wronged party's ability to go to trial or "threaten to interfere with the rightful decision of the case." *Malone v. U.S. Postal Service*, 833 F.2d 128, 131 (9th Cir. 1987).  The law presumes prejudice when there is unreasonable delay. *In re*

*Phenylpropanolamine*, 460 F.3d at 1227. As for the fifth factor, the 9th Circuit has stated that in "egregious cases" where a party has "purposefully and defiantly violated a court order, it is unnecessary" for a district court to discuss alternatives to default. *Id.* at 132; *see also Adriana Intern. Corp.*, 913 F.2d at 1413. Default is appropriate where a party's conduct is willful, contumacious, or intentional. See, e.g. *Ackra Direct Mktg. Corp. v. Fingerhut Corp.*, 86 F.3d 852, 857 (8th Cir. 1995); c.f. *Turner v. Salvatierra*, 580 F.2d 199, 201 (5th Cir. 1978) (judgment by default is a drastic remedy appropriate where there has been a clear record of delay or contumacious conduct).

In the instant case, Cox has engaged in a clear pattern of willful, intentional, and contumacious conduct that has severely prejudiced Plaintiffs and has defiantly violated the Court's orders. Since Plaintiffs initiated this lawsuit, Defendant Cox has refused to meet with Plaintiffs' counsel to discuss a discovery plan (see ECF 82); has filed four motions to remove Judge Navarro from the case (ECF 20, 44, 81, and 97); has filed three unsatisfactory answers to the complaint (ECF 23, 90, and 99); and has filed countless motions that are vague, do not ask for relief this Court can grant, and serve only to further delay adjudication of this suit. Most recently, Cox disobeyed this Court's direct order in filing two amended answers, neither of which complied with the Court's order (ECF 89). As Cox has continued to abuse the court system and her ECF privileges, a harsh sanction such as default is the only method in which this court may stop the flood of repetitive, vexatious filings.

Even without this most recent egregious act, Cox's conduct throughout the course of litigation can only be described as contumacious. Every filing is calculated to unduly delay the or multiply the proceedings, and Cox refuses to engage in anything close to normal civil procedure, such as meetings for discovery, that would keep this suit moving toward a conclusion. Her behavior has prejudiced Plaintiffs, who seek expeditious relief for their claims. The Court will be

unable to grant Plaintiffs relief if Cox continues to flood the docket with unnecessary motions containing hundreds of pages of paranoid rants that have nothing to do with the causes of action in this case.  Furthermore, Cox has burdened the Court by flooding the docket with motions for which this Court either cannot offer relief or would waste judicial resources attempting to address.  By entering default against Defendant Cox, the Court can put an end to this nonsensical conduct.  Given that summary judgment is already fully briefed (ECF 75) and the Court has held on two occasions that there is a substantial likelihood of success in the merits (ECF 14; ECF 41), the prejudice to Cox will be minimal.  In fact, since Plaintiffs intend to seek their fees in the case, the quicker the case is resolved, the smaller any fee award will be.  Accordingly, default serves the Defendants as well.

If the Court does not want to take so harsh a measure, in the alternative, Plaintiffs respectfully request it grant Plaintiffs' pending Motion for Summary Judgment (ECF 75).  Either way, the Court would put an end to Cox's conduct in this case.

## IV.    Conclusion

As she has done throughout this case, Defendant Cox failed to comply with the Court's order when she submitted her Amended Answer. In response to this Court's order, Cox filed not one, but two, amended answers that fail to adhere to the simple standards set forth by this court: a simple denial of the claims.  Cox's behavior is intentional, willful, and contumacious and harsh sanctions are appropriate.  Therefore, Plaintiffs respectfully request the Court strike Defendant Cox's Amended Answer and enter default against her for failing to timely respond to the Complaint, or, in the alternative, grant Plaintiffs' pending Motion for Summary Judgment.

//

//

//

1 | Dated: March 11, 2013

Respectfully submitted,

/s/Ronald D. Green
Ronald D. Green, NV Bar #7360
Randazza Legal Group
6525 W. Warm Springs Road, Suite 100
Las Vegas, NV 89118
888-667-1113; 305-437-7662 fax
ecf@randazza.com

1 | **CERTIFICATE OF SERVICE**

2

3          Pursuant to the Federal Rules of Civil Procedure 5(b), I hereby certify that the foregoing

4 | document was filed using this Court's CM/ECF system on March 11, 2013.

5 | Dated: March 11, 2013                          Respectfully Submitted,

6

7

8                                                Laura M. Tucker
                                                 Law Clerk
9                                                ecf@randazza.com
                                                 Randazza Legal Group
10                                               6525 W. Warm Springs Rd., Suite 100
                                                 Las Vegas, NV 89118
11                                               (888) 667-1113
                                                 (305) 437-7662 fax
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28