Crystal L. Cox
Pro Se Defendant
Case 2:12-cv-02040-GMN-PAL
SavvyBroker@Yahoo.com

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA
## Case 2:12-cv-02040-GMN-PAL

**Plaintiff Marc J. Randazza**

                                                  **Motion For Insurance Documentation**

**v.**

**Defendant Crystal Cox AND**
**Defendant Eliot Bernstein**


Defendant Crystal Cox moves this court to order Plaintiff Marc Randazza to provide any insurance agreement under which Randazza Legal Group is operating.

Defendant Crystal Cox has a right to this information under Rule 26 and Rule 34. Defendant Marc Randazza, an attorney, who has his own law firm representing him in this matter, has liability that must be disclosed to his insurance provider.

I, Defendant Crystal Cox have a right to know who Plaintiff Randazza's insurance provider is under Rule 26 and Rule 34.

Also Plaintiff Marc Randazza was counsel for Defendant Cox. Plaintiff Randazza has liability concerning this action against Defendant Cox and surrounding allegation.

> " inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment."

(a) REQUIRED DISCLOSURES.

(1) *Initial Disclosure.*

(A) *In General.* Except as exempted by Rule 26(a)(1)(B) or as otherwise stipulated or ordered by the court, a party must, without awaiting a discovery request, provide to the other parties:

(i) the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment;

(ii) a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment;

(iii) a computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered; and

(iv) for inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.

(B) *Proceedings Exempt from Initial Disclosure.* The following proceedings are exempt from initial disclosure:

(i) an action for review on an administrative record;

   (ii) a forfeiture action in rem arising from a federal statute;

   (iii) a petition for habeas corpus or any other proceeding to challenge a criminal conviction or sentence;

   (iv) an action brought without an attorney by a person in the custody of the United States, a state, or a state subdivision;

   (v) an action to enforce or quash an administrative summons or subpoena;

   (vi) an action by the United States to recover benefit payments;

   (vii) an action by the United States to collect on a student loan guaranteed by the United States;

   (viii) a proceeding ancillary to a proceeding in another court; and

   (ix) an action to enforce an arbitration award.

(E) *Basis for Initial Disclosure; Unacceptable Excuses.* A party must make its initial disclosures based on the information then reasonably available to it. A party is not excused from making its disclosures because it has not fully investigated the case or because it challenges the sufficiency of another party's

Defendant Crystal Cox requests this documentation by May 1st 2013.

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was filed using this Court's CM/ECF system **On April 22nd th 2013**.

Respectfully Submitted
Crystal L. Cox
**2:12-cv-02040-GMN-PAL /** Pro Se Defendant
**2:13-cv-00297-JCM-NJK /** Pro Se Plaintiff