Crystal L. Cox
Pro Se Counter Plaintiff
Case 2:12-cv-02040-GMN-PAL
SavvyBroker@Yahoo.com

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA
Case 2:12-cv-02040-GMN-PAL

Counter Plaintiff Crystal L. Cox

Motion to Reconsider Counter Complaint Dismissal
and leave to amend counter complaint to meet court specifications

Counter Defendant Marc J. Randazza,

## Counter Plaintiff Crystal L. Cox moves this court to reconsider the dismissal of Counter Plaintiff's counter complaint against those who sued her.

Counter Plaintiff Crystal L. Cox moves this court to be fair and equal in applying law and rules of procedure to Counter Plaintiff Crystal L. Cox.  Plaintiff Cox requests that she NOT be, simply dismissed due to being a Pro Se Litigant, and that she be treated fairly under the laws and constitution of the United States of America.

Counter Plaintiff Crystal L. Cox has a legal, lawful, due process Constitutional Right to counterclaim the cause of action claims made against her by Counter Defendant Marc J. Randazza

Counter Plaintiff Cox moves this court to allow counter complaints / cause of actions against Randazza Legal Group, Ronald Green, Marc Randazza and Judge Gloria Navarro herself as a matter of Law, Rules of Procedure and constitutional rights. And if this court deems Counter Plaintiff Cox cannot counter sue Federal Judge Gloria Navarro, then at the very least, as a matter of law, allow Counter Plaintiff Crystal L. Cox equal rights under the rules of procedure and allow a counter complaint, as a matter of law AGAINST Randazza Legal Group, Ronald Green, Marc Randazza; those who sued her.

Keeping in mind that Randazza Legal Group, Marc Randazza represented Cox in matters related to this case, then used priority information to Sue his own ex-client. Cox alleges that she has rights as a matter of law and rules of procedure to have a counter complaint filed and heard with impartiality, regarding her allegation AGAINST Randazza and his law firm.

Plaintiff / Counter Defendant Marc Randazza has made false and defamatory statements to a third party concerning Counter Plaintiff Cox. Cox has a right to relief.

Plaintiff / Counter Defendant Marc Randazza has made false statements that have subjected Counter Plaintiff Cox to "hatred, contempt, ridicule and have diminished the esteem, respect, goodwill and confidence in which Counter Plaintiff Cox was held prior. Plaintiff / Counter Defendant Marc Randazza has made false statements concerning Counter Plaintiff Cox that has directly caused adverse, derogatory, unpleasant feelings, and opinions of Counter Plaintiff Cox internationally.

Plaintiff / Counter Defendant Marc Randazza has breached attorney client privilege and sued his own ex-client over related matters. Cox has a right to relief.

Plaintiff / Counter Defendant Marc Randazza has caused Counter Plaintiff Cox irreparable, immeasurable harm and Cox has a lawful and constitutional right to relief.

## RULE 13. COUNTERCLAIM AND CROSSCLAIM

Upon knowledge and belief, Under RULE 13. COUNTERCLAIM AND CROSSCLAIM, Counter Plaintiff Cox has a right to a counterclaim against her accuser.

If this court deemed that Cox had not properly filed this motion, then it is this court's duty to instruct Cox on what is expected of her and to not simply be dismissed because she is a pro se litigant. ( "Court errs if court dismisses pro se litigant without instructions of how pleadings are deficient and how to repair pleadings." Plaskey v CIA, 953 F .2nd 25.,
The Court granted such leniency, or "liberal construction," to pro se pleadings against the backdrop of Conley v. Gibson's undemanding "no set of facts" standard. ( See Conley v. Gibson, 355 U.S. 41, 45-46 (1957)   ("[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."), abrogated by Bell Atl. Corp. v. Twombly, 550 U.S. 544, 561-63 (2007).

This standard epitomized the notice-pleading regime envisioned by the drafters of the Federal Rules, who emphasized discovery as the stage at which a claim's true merit would come to light, rather than pleading. See Christopher M. Fairman, The Myth of Notice Pleading, 45 ARIZ. L. REV. 987, 990 (2003) ("With merits determination as the goal, the Federal Rules create a new procedural system that massively deemphasizes the role of pleadings.").

Upon knowledge and belief, Judge Gloria Navarro Ruled as to not having jurisdiction over all counter-defendants that Cox claimed, and that they were somehow unrelated to the conspiracy counter complaint, though Randazza accused Cox of Civil conspiracy. Judge Navarro ruled that Cox was to file a separate complaint in this regard, as Cox did. However, Cox still has a right, as a matter of law and rules of procedure to be heard in the matters of her counter complaint within the limits of the laws, constitution, and rules of procedure. Especially in relation to the Plaintiff who sued her, her former Attorney Marc J. Randazza.

Under RULE 13. COUNTERCLAIM AND CROSSCLAIM, Counter Plaintiff Cox has a right to "a pleading must state as a counterclaim any claim that—at the time of its service—the pleader has against an opposing party if the claim: (A) arises out of the transaction or occurrence that is the subject matter of the opposing party's claim;"

"(c) RELIEF SOUGHT IN A COUNTERCLAIM. A counterclaim need not diminish or defeat the recovery sought by the opposing party. It may request relief that exceeds in amount or differs in kind from the relief sought by the opposing party."

"(e) Counterclaim Maturing or Acquired After Pleading. The court may permit a party to file a supplemental pleading asserting a counterclaim that matured or was acquired by the party after serving an earlier pleading."

(g) Crossclaim Against a Coparty. A pleading may state as a crossclaim any claim by one party against a coparty if the claim arises out of the transaction or occurrence that is the subject matter of the original action or of a counterclaim, or if the claim relates to any property that is the subject matter of the original action. The crossclaim may include a claim that the coparty is or may be liable to the crossclaimant for all or part of a claim asserted in the action against the crossclaimant.

Upon knowledge and belief, Equity Rule 30 entitles Counter Plaintiff Cox an equitable counterclaim.

**In Docket Entry 89, Ruling Judge Gloria Navarro Ruled:**

"Rule 8 of the Federal Rules of Civil Procedure requires that a proper pleading that states
a claim for relief must contain "a short and plain statement of the claim showing that the
pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In contrast to the short and plain statement
requirement of Rule 8, Defendant's Amended Counter Complaint is replete with irrelevant
material, inappropriate commentary, baseless speculation, and derogatory statements none of
which relate to Plaintiff's Complaint. (ECF No. 62) For this reason alone, Defendant's
Amended Counter Complaint must be stricken."

Upon knowledge and belief, This statement is biased and contains untruths. Defendant's
Counter Complaint had information defending herself of the allegations of civil conspiracy by
Plaintiff Randazza.  Plaintiff Randazza has slammed his former client Cox, accused her of the
crime of Extortion, defamed her and stated fraudulent statements to this court. Cox defending
herself is NOT derogatory, it is a defense to a "derogatory" attack on herself by Randazza.
Randazza accused Cox of being guilty of the crime of extortion. He is an attorney of law and
used his power and influence over the courts to state that Cox was a criminal guilty of the crime
of Extortion.

Upon knowledge and belief, Judge Gloria Navarro went along with this, aided and abetted this
derogatory, damaging defamation and she herself repeated these false and defamatory
statements to third parties in rulings.

The undeniable Fact is, that Counter Plaintiff Crystal Cox was never convicted of the crime of
Extortion, was never on trial for Extortion, was never under investigation of extortion and it is not
only derogatory for Attorney Marc Randazza, Attorney Ronald Green and Judge Gloria Navarro to
state that Cox is guilty of extortion, it is also Defamation, it is a false and defamatory statement to
a third party, picked up by the world, and concerning Cox.

Attorney Marc Randazza, Attorney Ronald Green and Judge Gloria Navarro should have no
super powers to abuse court process and deny Cox due process of law.

If Attorney Marc Randazza, Attorney Ronald Green and Judge Gloria Navarro felt that Cox had
committed a crime, then it was their lawful duty to report Cox to the property authorities and
allow due process of law to be carried out. Instead Attorney Marc Randazza, Attorney Ronald
Green and Judge Gloria Navarro SIMPLY convicted Cox in court documents stating that Cox was
guilty of extortion and had some scheme or pattern of extortion, which is a crime.

If the Defendant's Amended Counter Complaint was not a proper pleading then it is this court's duty aid Cox in the proper pleading required. ( The Court's failure to explain how pro se pleadings are to be liberally construed. (See Bacharach & Entzeroth, supra note 7, at 29-30 (asserting that because the Supreme Court never defined the "degree of relaxation" afforded pro se pleadings in comparison to the liberal notice pleading standard applicable to all litigants, lower courts adopted different iterations of the rule). ~ .. indicates its belief that the standard was already lenient enough to render a detailed articulation of the practice unnecessary to prevent premature dismissal of meritorious cases.

However, with Bell Atlantic Corp. v. Twombly ( 550 U.S. 544 (2007). and Ashcroft v. Iqbal ( 129 S. Ct. 1937 (2009) retiring the "no set of facts" standard and ratifying the means by which lower courts dismissed more disfavored cases under Conley, ( See generally Richard L. Marcus, The Revival of Fact Pleading Under the Federal Rules of Civil Procedure, 86 COLUM. L. REV. 433, 435-37 (1986) (explaining how the reemergence of fact pleading resulted from lower courts' refusals to accept conclusory allegations as sufficient under the Federal Rules in particular categories of suits).

.. liberal construction as presently practiced is not—if it ever was—sufficient to protect pro se litigants' access to courts. The new plausibility standard ( See Twombly, 550 U.S. at 570 (requiring a complaint to allege "enough facts to state a claim to relief that is plausible on its face").. with which courts now determine the adequacy of complaints disproportionately harms pro se litigants. ( See Patricia W. Hatamyar, The Tao of Pleading: Do Twombly and Iqbal Matter Empirically?, 59 AM. U. L. REV. 553, 615 (2010) (observing a substantially greater increase in the rate of dismissal of pro se suits than represented suits post-Iqbal).

"Pro se complaint[s], 'however inartfully pleaded,' [are] held to 'less stringent standards than formal pleadings drafted by lawyers. ( Estelle v. Gamble, 429 U.S. 97, 106 (1976) (quoting Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (per curiam)).

**In Docket Entry 89, Ruling Judge Gloria Navarro Ruled:**

"Defendant's Counter Complaint must also be stricken because it is an impermissible third-party complaint. Rule 14(a) of the Federal Rules of Civil Procedure limits any civil defendant's ability to assert claims against parties that were not originally named in the underlying complaint. Fed. R. Civ. P. 14(a)."

Counter Plaintiff Cox, under this same Rule, Rule 14(a) should still be lawfully allowed to assert a claim against the parties that sued Cox in the first place, as Marc J. Randazza and Randazza Legal Group was a party to the original complaint.

**Counter Plaintiff Crystal L. Cox Rights to be Treated WITHOUT
Dismissal as a Pro Se Litigant**

**Plaintiff appears in this action "In Propria Persona" and asks that her points and
authorities relied upon herein, and issues raised herein, must be addressed "on
the merits" and not simply on her Pro Se Status.**

Oftentimes courts do not take Pro Se Litigants serious. I, Plaintiff Crystal Cox wish to be
taken serious and to not have my allegation dismissed.

"Court errs if court dismisses pro se litigant without instructions of how pleadings are
deficient and how to repair pleadings." Plaskey v CIA, 953 F .2nd 25. The Court granted
such leniency, or "liberal construction," to pro se pleadings against the backdrop of Conley
v. Gibson's undemanding "no set of facts" standard. ( See Conley v. Gibson, 355 U.S. 41,
45-46 (1957) ("[A] complaint should not be dismissed for failure to state a claim unless it
appears beyond doubt that the plaintiff can prove no set of facts in support of his claim
which would entitle him to relief."), abrogated by Bell Atl. Corp. v. Twombly, 550 U.S. 544,
561-63 (2007). This standard epitomized the notice-pleading regime envisioned by the
drafters of the Federal Rules, who emphasized discovery as the stage at which a claim's
true merit would come to light, rather than pleading. See Christopher M. Fairman, The Myth
of Notice Pleading, 45 ARIZ. L. REV. 987, 990 (2003) ("With merits determination as the
goal, the Federal Rules create a new procedural system that massively deemphasizes the
role of pleadings.").

The Court's failure to explain how pro se pleadings are to be liberally construed. ( See
Bacharach & Entzeroth, supra note 7, at 29-30 (asserting that because the
Supreme Court never defined the "degree of relaxation" afforded pro se pleadings in
comparison to the liberal notice pleading standard applicable to all litigants, lower
courts adopted different iterations of the rule). ~ .. indicates its belief that the standard was
already lenient enough to render a detailed articulation of the practice unnecessary to
prevent premature dismissal  of meritorious cases. However, with Bell Atlantic Corp. v.
Twombly ( 550 U.S. 544 (2007). and Ashcroft v. Iqbal ( 129 S. Ct. 1937 (2009) retiring the
"no set of facts" standard and ratifying the means by which lower courts dismissed more
disfavored cases under Conley,

( See generally Richard L. Marcus, The Revival of Fact Pleading Under the Federal Rules of Civil Procedure, 86 COLUM. L. REV. 433, 435-37 (1986) (explaining how the reemergence of fact pleading resulted from lower courts' refusals to accept conclusory allegations as sufficient under the Federal Rules in particular categories of suits).

.. liberal construction as presently practiced is not—if it ever was—sufficient to protect pro se litigants' access to courts. The new plausibility standard ( See Twombly, 550 U.S. at 570 (requiring a complaint to allege "enough facts to state a claim to relief that is plausible on its face").. with which courts now determine the adequacy of complaints disproportionately harms pro se litigants.  ( See Patricia W. Hatamyar, The Tao of Pleading: Do Twombly and Iqbal Matter Empirically?, 59 AM. U. L. REV. 553, 615 (2010) (observing a substantially greater increase in the rate of dismissal of pro se suits than represented suits post-Iqbal).

"Pro se complaint[s], 'however inartfully pleaded,' [are] held to 'less stringent standards than formal pleadings drafted by lawyers. ( Estelle v. Gamble, 429 U.S. 97, 106 (1976) (quoting Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (per curiam)).

HAINES v. KERNER, ET AL. 404 U.S. 519, 92 S. Ct. 594, 30 L. Ed. 2d 652. Whatever may be the limits on the scope of inquiry of courts into the internal administration of prisons, allegations such as those asserted by petitioner, however inartfully pleaded, are sufficient to call for the opportunity to offer supporting evidence. We cannot say with assurance that under the allegations of the pro se complaint, which we hold to less stringent standards than formal pleadings drafted by lawyers, it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). See Dioguardi v. Durning, 139 F.2d 774 (CA2 1944).

ESTELLE, CORRECTIONS DIRECTOR, ET AL. v. GAMBLE 29 U.S. 97, 97 S. Ct. 285, 50 L. Ed. 2d 251. We now consider whether respondent's complaint states a cognizable 1983 claim. The handwritten pro se document is to be liberally construed. As the Court unanimously held in Haines v. Kerner, 404 U.S. 519 (1972), a pro se complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Id., at 520-521, quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)

BALDWIN COUNTY WELCOME CENTER v. BROWN 466 U.S. 147, 104 S. Ct. 1723, 80 L. Ed. 2d 196, 52 U.S.L.W. 3751. Rule 8(f) provides that " pleadings shall be so construed as to do substantial justice." We frequently have stated that pro se pleadings are to be given a liberal construction.

UGHES v. ROWE ET AL. 449 U.S. 5, 101 S. Ct. 173, 66 L. Ed. 2d 163, 49 U.S.L.W. 3346. Petitioner's complaint, like most prisoner complaints filed in the Northern District of Illinois, was not prepared by counsel. It is settled law that the allegations of such a complaint, "however inartfully pleaded" are held "to less stringent standards than formal pleadings drafted by lawyers, see Haines v. Kerner, 404 U.S. 519, 520 (1972). See also Maclin v. Paulson, 627 F.2d 83, 86 (CA7 1980); French v. Heyne, 547 F.2d 994, 996 (CA7 1976). Such a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Haines, supra, at 520-521. And, of course, the allegations of the complaint are generally taken as true for purposes of a motion to dismiss. Cruz v. Beto, 405 U.S. 319, 322 (1972).

Both the right to proceed pro se and liberal pleading standards reflect the modern civil legal system's emphasis on protecting access to courts. ( See, e.g., Phillips v. Cnty. of Allegheny, 515 F.3d 224, 230 (3d Cir. 2008) ("Few issues . . . are more significant than pleading standards, which are the key that opens access to courts."); Drew A. Swank, In Defense of Rules and Roles: The Need to Curb Extreme Forms of Pro Se Assistance and Accommodation in Litigation, 54 AM. U. L. REV. 1537, 1546 (2005) (noting that "[o]pen access to the courts for all citizens" is one of the principles upon which the right to prosecute one's own case is founded).

**Self-representation has firm roots in the notion that all individuals, no matter their status or wealth, are entitled to air grievances for which they may be entitled to relief.** ( See Swank, supra note 1, at 1546 (discussing the importance of self-representation to the fundamental precept of equality before the law).

Access, then, must not be contingent upon retaining counsel, lest the entitlement become a mere privilege denied to certain segments of society. Similarly, because pleading is the gateway by which litigants access federal courts, the drafters of the Federal Rules of Civil Procedure purposefully eschewed strict sufficiency standards.  ( See Proceedings of the Institute on Federal Rules (1938) (statement of Edgar Tolman),  reprinted in RULES OF CIVIL PROCEDURE FOR THE DISTRICT COURTS OF THE UNITED STATES 301-13 (William W. Dawson ed., 1938).

In their place, the drafters instituted a regime in which a complaint quite easily entitled its author to discovery in order to prevent dismissal of cases before litigants have had an adequate opportunity to demonstrate their merit. ( See Mark Herrmann, James M. Beck & Stephen B. Burbank, Debate, Plausible Denial: Should Congress Overrule Twombly and Iqbal? 158 U. PA. L. REV. PENNUMBRA 141, 148 (2009), (Burbank, Rebuttal) (asserting that the drafters of the Federal Rules objected to a technical pleading regime because it would "too often cut[] off adjudication on the merits").

Recognizing that transsubstantive pleading standards do not sufficiently account for the capability differential between represented and unrepresented litigants, the Supreme Court fashioned a rule of special solicitude for pro se pleadings. ( See Robert Bacharach & Lyn Entzeroth, Judicial Advocacy in Pro Se Litigation: A Return to Neutrality, 42 IND. L.REV. 19, 22-26 (2009) (noting that courts created ways to ensure that meritorious pro se suits would not be dismissed simply because the litigants lacked legal knowledge and experience, one of which was liberal construction).

Far from just articulating a common systemic value, though, the right to prosecute one's own case without assistance of counsel in fact depends significantly upon liberal pleading standards. ( Cf. Charles E. Clark, The New Federal Rules of Civil Procedure: The Last Phase— Underlying Philosophy Embodied in Some of the Basic Provisions of the New Procedure, 23 A.B.A. J. 976, 976-77 (1937) (commenting that liberal pleading rules were necessary to mitigate information asymmetries between plaintiffs and defendants that often led to premature dismissal of suits).

Notably, in no suits are such information asymmetries more apparent than those in which pro se litigants sue represented adversaries. These types of suits comprise the vast majority in which pro se litigants appear. Cf. Jonathan D. Rosenbloom, Exploring Methods to Improve Management and Fairness in Pro Se Cases: A Study of the Pro Se Docket in the Southern District of New York, 30 FORDHAM URB. L.J. 305, 323 (showing that the majority of pro se cases involve unrepresented plaintiffs who sue governmental defendants).

Plaintiff appears in this action **"In Propria Persona"** and asks that her points and authorities relied upon herein, and issues raised herein, must be addressed **"on the merits"**, Sanders v United States, 373 US 1, at 16, 17 (1963); and addressed with "clarity and particularity", McCleskey v Zant, 111 S. Ct. 1454, at 1470-71 (1991); and afforded " a full and fair" evidentiary hearing, Townsend v Sain, 372 U.S.293, at p.1 (1962).

See also Pickering v Pennsylvania Railroad Co., 151 F.2d 240 (3d Cir. 1945).

Pleadings of the Plaintiff SHALL NOT BE dismissed for lack of form or failure of process.

All the pleadings are as any reasonable man/woman would understand, and: "And be it further enacted. That no summons, writ, declaration, return, process, judgment, or other proceedings in civil cases in any of the courts or the United States, shall be abated, arrested, quashed or reversed, for any defect or want of form, but the said courts respectively shall proceed and give judgment according as the right of the cause and matter in law shall appear unto them, without regarding any imperfections, defects or want of form in such writ, declaration, or other pleading, returns process, judgment, or course of proceeding whatsoever, except those only in cases of demurrer, which the party demurring shall specially sit down and express together with his demurrer as the cause thereof.

And the said courts respectively shall and may, by virtue of this act, from time to time, amend all and every such imperfections, defects and wants of form, other than those only which the party demurring shall express as aforesaid, and **may at any, time, permit either of the parties to amend any defect in the process of pleadings upon such conditions as the said courts respectively shall in their discretion, and by their rules prescribe** (a)" *Judiciary Act of September 24, 1789*, Section 342, FIRST CONGRESS, Sess. 1, ch. 20, 1789.

### Counter Plaintiff Cox has moved this court previously regarding Disqualifying Federal District Court Judge Gloria Navarro under 28 U.S.C. 455.

This request has been DENIED, by Judge Gloria Navarro herself, which Cox believes is a violation of law, due process, and her constitutional rights and Cox believes is a fraud on this court.

It is not lawful nor constitutional for a Federal District Court Judge to rule on matters of Disqualifying themselves. The damage that Judge Gloria Navarro has caused Counter Plaintiff Cox is irreversible, irreparable and immeasurable. Counter Plaintiff Cox has rights under the law, rules of procedure and the constitution of the United States to have relief from the damage done to her via this complaint and the TRO in which followed.

It is unlawful, unconditional and a violation of the Rules of Procedure to deny Counter Plaintiff Cox filing a counter complaint against Counter Defendant Marc Randazza, her accuser, and her ex-attorney.

By Law, Counter Plaintiff Cox has a right to an impartial judge, and the right to a neutral and detached judge. Due to prior history with Counter Defendant Marc Randazza and his attorney, BOTH of Randazza Legal group. Cox believes Navarro to be conflicted and has repeatedly plead for her to be disqualified in these judicial matters.  Counter Plaintiff Cox has thus far been denied and intents to file complaints to the Ninth Circuit and the Department of Justice pending.

An impartial judiciary is an essential element of the system of justice in the United States. Counter Plaintiff Cox has raised ample enough concern as a matter of law, to be taken serious in her request for the the judicial disqualification of Judge Gloria Navarro

Instead Judge Gloria Navarro has damaged the intellectual property and reputation of Counter Plaintiff Cox based on the false and defamatory statements made to her by Counter Defendant Randazza.

Judge Gloria Navarro has discriminated against Counter Plaintiff Cox and Judge Gloria Navarro has discriminated against the facts of this case as a matter of law and constitutional rights.

I, Counter Plaintiff Cox **,** am a reasonable person and I have raised reasonable questions and concerns of Judge Gloria Navarro. Judge Gloria Navarro has been denied this right, and Judge Gloria Navarro has went so far as to RULE on her own disqualification which, upon knowledge and belief is unconditional, unlawful and a violation of the rights of Counter Plaintiff Cox  and of the rules of procedure.

**As stated in 28 U.S.C. 455(a), the objective disqualification requirement mandates disqualification when a reasonable person would question a judge's impartiality.**

28 U.S.C. § 455 : US Code - Section 455: Disqualification of justice, judge, or magistrate judge, also states;

(a)  Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which impartiality might reasonably be questioned.

(b) He shall also disqualify himself in the following circumstances:

(1)  Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;

(iii) Is known by the judge to have an interest that could be substantially affected by the outcome of the proceeding;

(iv)  Is to the judge's knowledge likely to be a material witness in the proceeding.

Counter Plaintiff Cox alleges that there is reason that a "reasonable person" would question

Judge Gloria Navarro's impartiality. Counter Plaintiff Cox alleges that Judge Gloria Navarro has personal bias, is in conflict, favors Randazza Legal Group over the law and facts, takes the word of Randazza as FACT based on his and other false and defamatory statements made to a third party concerning Counter Plaintiff Cox.

Upon knowledge and belief, Counter Plaintiff Cox alleges that Judge Gloria Navarro "has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding ", "Is known by the judge to have an interest that could be substantially affected by the outcome of the proceeding;" and has "knowledge likely to be a material witness in the proceeding".

Upon knowledge and belief, Judge Gloria Navarro has financially damaged Cox, damaged her reputation and has discriminated against Cox in favor of Las Vegas Attorney Marc Randazza, Cox's former attorney who SUED Cox in order to SUPPRESS her free speech rights. Cox alleges that Judge Gloria Navarro aided and abetted Randazza in this unlawful and unconstitutional action.

Upon knowledge and belief, Counter Plaintiff Cox has a right to be heard and to file counter claims regarding the issues and merits of the case filed against her. Counter Plaintiff Cox has filed a separate lawsuit in regard to the other 92 Defendants in conspiracy, however, Counter Plaintiff Cox alleges that she has lawful and constitutional right to counter sue Marc Randazza, his attorney and his law firm. Counter Plaintiff Cox has NEVER named Jennifer Randazza nor their minor child in any blogs or publications and Counter Plaintiff Cox DID not name Jennifer nor the child in a counter complaint, yet the Court Docket Fraudulent lists them both, mother and child as counter defendants, counter sued by Counter Plaintiff Cox and this is fraudulent as they were NEVER named by Counter Plaintiff Cox in a counter-complaint. Counter Plaintiff Cox only named Marc Randazza, her former attorney.

Judge Gloria Navarro has accused Counter Plaintiff Cox in previous motions of attempting to disqualify her in order to someone disrupt proceedings, or naming her as a Counter Defendant in some scheme to remove he as the judge in this matter. Of which has no factual bearing. Counter Plaintiff Cox has requested the disqualification of Judge Gloria Navarro due to research of prior legal action, connections to the City of Las Vegas and other research in which leads Cox to believe that Judge Gloria Navarro has conflicts of interest.

Judge Gloria Navarro continues to accuse Cox of behavior in which Cox has not been involved in. Judge Gloria Navarro has discriminated against Cox and put Cox's life in danger. Judge Gloria Navarro has ignored request for protective orders, and ignored information regarding the actions of Marc Randazza and those assisting him. Judge Gloria Navarro seems to protect the interests of Las Vegas Attorney Marc Randazza and ex-Greenberg Traurig attorney Ronald Green, OVER the lawful and constitutional rights of Pro Se litigant Crystal Cox.

**Plaintiff / Counter Defendant Marc Randazza does not have unclean hands, he is not above the law and he should not have rights greater than counter plaintiff Cox.**

Plaintiff / Counter Defendant Marc Randazza suffered no damages due to Cox's blogs criticizing Randazza and exercising her First Amendment right. Plaintiff / Counter Defendant Marc Randazza failed to mitigate First Amendment issues before he was granted a TRO by Judge Navarro in which stripped Cox of intellectual property and damaged her reputation.

Plaintiff failed to properly mark his alleged copyrighted / trademarked material and to give Defendant proper notice of its claimed copyright for which a reasonable opportunity for investigation or discovery is likely to provide evidentiary support. Yet Plaintiff / Counter Defendant Marc Randazza and Judge Navarro simply punished Cox, removed blogs and online content (intellectual property), gave Cox's personal property to Randazza, and all without noticing Cox of an alleged infringement on copyright / trademark rights and without First Amendment Adjudication.

Plaintiff / Counter Defendant Marc Randazza was Cox's attorney and Counter Plaintiff Cox has a right to a counterclaim against Randazza. Plaintiff / Counter Defendant Marc Randazza used confidential attorney-client communications to defame, discredit, harass and ruin the reputation of Counter Plaintiff Cox. Cox has a right to financial relief, and punitive damages.

In the appeal process of Obsidian v. Cox, Plaintiff / Counter Defendant Marc Randazza was Crystal Cox's counsel ( counsel for defendant). Yet Randazza took confidential attorney-client communications obtained during that relationship under attorney-client privilege and used to ruin the life, reputation and career of Cox and put her in danger and under constant duress.

Counter Plaintiff Cox was reviewing, criticizing her former attorney. Counter Plaintiff Cox was reporting on and critiquing court related matters in which Marc Randazza was involved in. And Counter Plaintiff Cox was not in violation of trademark or copyright laws, yet Randazza through an unconstitutional TRO granted by Judge Navarro, simply wiped out massive online content of Counter Plaintiff Cox. This is and was a total violation of the lawful and constitutional rights of Plaintiff Crystal Cox and has caused Counter Plaintiff Cox irreparable, immeasurable damage.

The First Amendment privilege defense states that "Defendant has a privilege to report court-related matters effecting Plaintiff and Plaintiff's business and to report other business related events in the public record and is justified . . ." (D.E. 28 at 6.) The first amendment has been recognized as a basis for defending copyright claims. As stated in Suntrust Bank v. Houghon Mifflin, 268 F.3d 1257, 1265 and 1276 (11th Cir. 2001), "First Amendment protections [are] interwoven into the copyright law" and "the public interest is always served in promoting First Amendment values and in preserving the public domain from encroachment."

Plaintiff / Counter Defendant Marc Randazza was NOT legally and constitutionally entitled to an injunction, nor to monetary damages, as they did not exist. Yet Plaintiff / Counter Defendant Marc Randazza was granted massive online content owned by Defendant / Counter Plaintiff Cox.

Plaintiff / Counter Defendant Marc Randazza has caused Defendant / Counter Plaintiff Cox serious, irreparable damage.  Cox has a lawful right to file counter complaints against Defendant / Counter Plaintiff Cox.


**I, Counter Plaintiff Crystal Cox move this court to reconsider the dismissal of my constitutional rights and my right to due process. I, Counter Plaintiff Crystal Cox move this court to reconsider the denial of my right to equal treatment under the law, regarding Counter Defendant Marc Randazza.**  "Court errs if court dismisses pro se litigant without instructions of how pleadings are deficient and how to repair pleadings." Plaskey v CIA, 953 F .2nd 25

Counter Plaintiff appears in this action "In Propria Persona" and asks that his points and authorities relied upon herein, and issues raised herein, must be addressed "on the merits", Sanders v United States, 373 US 1, at 16, 17 (1963); and addressed with "clarity and particularity", McCleskey v Zant, 111 S. Ct. 1454, at 1470-71 (1991); and afforded " a full and fair" evidentiary hearing, Townsend v Sain, 372 U.S.293, at p.1 (1962). See also Pickering v Pennsylvania Railroad Co., 151 F.2d 240 (3d Cir. 1945).


Pleadings of the Plaintiff SHALL NOT BE dismissed for lack of form or failure of process. All the pleadings are as any reasonable man/woman would understand, and: "And be it further enacted. That no summons, writ, declaration, return, process, judgment, or other proceedings in civil cases in any of the courts or the United States, shall be abated, arrested, quashed or reversed, for any defect or want of form, but the said courts respectively shall proceed and give judgment according as the right of the cause and matter in law shall appear unto them, without regarding any imperfections, defects or want of form in such writ, declaration, or other pleading, returns process, judgment, or course of proceeding whatsoever, except those only in cases of demurrer, which the party demurring shall specially sit down and express together with his demurrer as the cause thereof.

And the said courts respectively shall and may, by virtue of this act, from time to time, amend all and every such imperfections, defects and wants of form, other than those only which the party demurring shall express as aforesaid, and **may at any, time, permit either of the parties to amend any defect in the process of pleadings upon such conditions as the said courts respectively shall in their discretion, and by their rules prescribe** (a)" *Judiciary Act of September 24, 1789*, Section 342, FIRST CONGRESS, Sess. 1, ch. 20, 1789.

Pro Se litigants are entitled to liberality in construing their pleading and Counter Plaintiff Cox has a legal right to counterclaim Marc Randazza in this case, as a matter of law, and constitutional rights.

Non-Lawyer pro se litigants are not to be held to same standards as a practicing lawyer.

Many pro se litigants will use this in their pleadings; "Pleadings in this case are being filed by Plaintiff In Propria Persona, wherein pleadings are to be considered without regard to technicalities. Propria, pleadings are not to be held to the same high standards of perfection as practicing lawyers. See Haines v. Kerner 92 Sct 594, also See Power 914 F2d 1459 (11th Cir1990), also See Hulsey v. Ownes 63 F3d 354 (5th Cir 1995). also See In Re: HALL v. BELLMON 935 F.2d 1106 (10th Cir. 1991)."

In Puckett v. Cox, it was held that a pro-se pleading requires less stringent reading than one drafted by a lawyer (456 F2d 233 (1972 Sixth Circuit USCA). Justice Black in Conley v. Gibson, 355 U.S. 41 at 48 (1957) "The Federal Rules rejects the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." According to Rule 8(f) FRCP and the State Court rule which holds that all pleadings shall be construed to do substantial justice."

Counter Plaintiff Cox alleges that Counter Defendant Marc Randazza is guilty of defaming of Cox as a matter of law, guilty of civil rights violations against Cox, guilty of Malpractice regarding Counter Plaintiff Cox as a matter of law, and Counter Plaintiff Crystal Cox ALLEGES that she has a legal right to a counterclaim against Marc Randazza, a party to this legal action in which sued Cox.

### Counter Defendant Marc Randazza acted with total disregard for the Truth regarding Counter Plaintiff Cox.

Counter Defendant Marc Randazza accused Counter Plaintiff Cox of Extortion.  There are no publicly available facts that Cox is guilty of Extortion, or has ever been convicted of Extortion.

Counter Defendant Marc Randazza ESPECIALLY acted with total disregard for the Truth regarding Counter Plaintiff Cox and the false and defamatory statement of Extortion because Randazza was Cox's attorney, and had all the information regarding Crystal Cox's case and the merits of that case, and yet stated that Cox was guilty of Extortion and had been involved in an ongoing extortion scheme.

**Plaintiff / Counter Defendant Marc Randazza has made false and defamatory statements to a third party concerning Counter Plaintiff Cox. Cox has a right to relief, a right to be heard in a court of law without prejudice or bias.**

Counter Defendant Marc Randazza accused Cox of Extortion on his personal blog, on national radio shows, on other people's blogs, in court documents, in international intellectual property cases, in international courts, and Cox has a right to relief, a right to counter sue Counter Defendant Marc Randazza.

Counter Defendant Marc Randazza published false and defamatory statements concerning Counter Plaintiff Cox with actual malice, as he knew full well that his statements were false and published these statement to third parties anyway.

Counter Plaintiff Cox never threatened to publish "libel" against Counter Defendant Marc Randazza if he did not pay her, this is false and defamatory. Counter Plaintiff Cox never committed an act of extortion as a matter of law. Yet her ex-attorney sued Cox and claimed she had extorted him and he published that Cox had extorted him and others and was guilty of extortion which is false and defamatory.

Counter Plaintiff Cox asked Randazza for a job in marketing him or people he knew, and he claimed he did not mind but did not want to hire Cox. Then he launched a 17 months an counting defamatory hate campaign against Cox.

Counter Plaintiff Cox NEVER demanded payments to remove anything she had posted online regarding Randazza. Counter Plaintiff Cox posted criticism of her ex-attorney after he allied with Obsidian Finance Group and their attorney to set Cox up, entrap Cox for the Crime of extortion to defame her, intimidate her and pressure her to stop her appeal.

Counter Plaintiff Cox never purchased a domain name to extort Randazza. Counter Plaintiff Cox purchased keyword rich domain names to EXPOSE Randazza, review Randazza, criticize Randazza and post tips and information she received regarding Randazza.

Counter Plaintiff Cox has a right to file a counterclaim in this matter and to have that counterclaim reviewed by an unbiased judiciary.

Counter Plaintiff Cox has a First Amendment right to criticise Counter Defendant Marc Randazza. Randazza does not have a First Amendment right to state that Cox is guilty of the crime of extortion. Cox was not convicted of Extortion nor under investigation of Extortion.

Upon knowledge and belief, Counter Defendant Marc Randazza claims in motions of this case that WIPO arbitrators agree with his assessment of Cox being guilty of Extortion.

Counter Defendant ATTORNEY Marc Randazza, himself, is the one who published that false and defamatory statement to WIPO arbitrators.  Counter Defendant Marc Randazza acted in conspiracy with WIPO panelist Peter L. Michaelson, as the record shows.

Counter Plaintiff Cox NEVER bought mass domains, filled them with false information and demanded information to remove information. This is absolutely false and defamatory statements. Counter Plaintiff Cox has a right to counterclaims AGAINST Counter Defendant Marc Randazza for making these false and defamatory statements concerning Cox, to a third party.

**It is no defense in defamation law to simply state that he published false and defamatory statements because others had posted false and defamatory statements.**

At common law, one who "repeats" the statements of another is just as responsible for their defamatory content as the original speaker. *Cianci v. New Times Pub. Co.,* 639 F.2d 54, 60-61 (2nd Cir. 1980); *Cubby, Inc. v. CompuServe, Inc.,* 776 F. Supp. 135, 139 (S.D.N.Y. 1991); Restatement (Second) of Torts § 578 (1977).

The above "liability for repetition" rule is subject to the general principle that to be held liable in defamation one must have "tak[en] a responsible part in the publication," *Lewis v. Time, Inc.,* 83 F.R.D. 455, 463 (E.D. Cal. 1979), aff 'd on other grounds, 710 F.2d 549 (9th Cir. 1983) (citation omitted), or have "knowledge of the defamatory content," *Sussman v. A.B.C., Inc.,* 1995 U.S. Dist. LEXIS 21756, *6-7 (C.D. Cal. 1995), thus satisfying "the federal constitutional rule against liability without fault."*Lewis,* 83 F.R.D. at 463; see also *Gertz v. Robert Welch, Inc.,* 418 U.S. 323, 347 (1974). Consequently, those who merely "distribute" statements or publications cannot be held liable for their content unless "they knew or had reason to know of the defamatory statement at issue." *Stratton Oakmont, Inc. v. Prodigy Servs. Co.,* 23 Media L. Rep. 1794, 1796 (N.Y. Sup. Ct. 1995), citing *Cubby,* 776 F. Supp. at 139, and *Auvil v. CBS 60 Minutes,* 800 F. Supp. 928, 931-32 (E.D. Wash. 1992). As a result:

Counter Defendant Marc Randazza and Judge Gloria Navarro accusing Cox of "cyber-extortion" and publishing these statements to third parties concerning Counter Plaintiff Cox, is libel, is slander and under defamation laws, Counter Plaintiff Cox has a right to pursue financial relief.

Counter Defendants DID publish false and defamatory statements regarding Counter Plaintiff Cox being Guilty of Extortion. Counter Defendants cannot prove this statement true, as Counter Plaintiff Cox is not Guilty of Extortion nor has Cox been convicted of Extortion.

Therefore Counter Defendants are liable for the damage they have caused to Counter Plaintiff Cox's business, life, relationships, quality of life, reputation, and career.

Counter Plaintiff Cox alleges that Counter Defendant Marc Randazza is guilty of defaming of Cox as a matter of law, guilty of civil rights violations against Cox, guilty of Malpractice regarding Counter Plaintiff Cox as a matter of law, and Counter Plaintiff Crystal Cox ALLEGES that she has a legal right to a counterclaim against Marc Randazza, a party to this legal action in which sued Cox.

**False and Defamatory Statements were, without a doubt, made by Counter Defendants to a Third Party Concerning Counter Plaintiff Cox and have caused Counter Plaintiff Crystal Cox harm. Therefore Counter Plaintiff Cox is entitled to recovery, and is entitle to be heard in a counterclaim, as a matter of law.**

## False and Defamatory Statements, Counter Plaintiff Cox alleges Counter Defendant Randazza made or was party to;

False and Defamatory Statements made by Kashmir Hill, Forbes Inc. to a third party concerning Counter Plaintiff Cox, based on what Counter Defendant Marc Randazza had told Kashmir Hill.

**Kashmir Hill, Forbes stated;**

"Cox was unable to make much headway in ruining his Google search results with her domain-name buying and blogging. So she moved on to Randazza's family members who did not have much online content associated with their names. She bought the domain name for Marc's wife, Jennifer Randazza (and has already started dominating her first page of Google results with her hyperbolic posts). When Randazza still wouldn't buy her services Cox moved on to a younger member of the family;"

Kashmir Hill, Forbes has posted this false and defamatory statement to third parties concerning Counter Plaintiff Cox. Kashmir Hill, Forbes has no way to prove this statement true, as Counter Plaintiff Cox was never attempting to ruining Counter Defendant Marc Randazza's "Google Search". Counter Plaintiff Cox was fighting back, as she was being attacked by Counter Defendant Marc Randazza and numerous attorney blogger attacking her reputation online, defaming her, harassing her and threatening her. Counter Plaintiff Cox was exercising her right to Free Speech and criticizing Counter Defendant Marc Randazza. Counter Plaintiff Cox, never posted information regarding Counter Defendant

Marc Randazza or anyone else and asked for money to remove it. This NEVER happened, in any way, EVER.  Counter Plaintiff Cox never threatened that if Counter Defendant Marc Randazza did not buy her services, she would retaliate, and move on to a "younger member of the family". Counter Plaintiff Cox never had a blog regarding a "younger member" of the family.  Counter Plaintiff Cox has ever First Amendment right to criticize Jennifer Randazza.

Kashmir Hill, Forbes published the above false and defamatory statement to third parties concerning Counter Plaintiff Cox with total disregard for the truth, and seemingly, no fact checking whatsoever.  Based on the false statements of Counter Defendant Marc Randazza concerning Cox.

**Kashmir Hill, Forbes stated;**

"Cox is an outlier. Her tactics are extreme ones. But we do now live in a world where money can be made from ruining reputations and then offering to fix them. In the business world there is RipOffReport.com, a site that hosts negative reviews of businesses and offers a paid "ambassador program" to those businesses to help them improve the reviews on the site. There's also a series of sites that dig up people's mug shots from public records and post them so that they appear in those people's search results; they then offer to take them down for a fee.

How do we draw the line between speech rights and digital forms of extortion? It is not a new question for us in the Internet age, but it remains an unanswered one."

Kashmir Hill, Forbes insinuates unlawful "tactics" that do not exist nor has Counter Plaintiff Cox ever been under investigation or convicted of such tactics.

Kashmir Hill, Forbes stated, "**After a failed attempt to get the Oregon Attorney General to investigate Cox, Obsidian filed a defamation case in January 2011,**"

Kashmir Hill, Forbes stated, Upon knowledge and belief of Counter Plaintiff Crystal Cox, Kevin Padrick, made false and defamatory statements to third party, Kashmir Hill, Forbes regarding Counter Plaintiff Crystal Cox and an Oregon Attorney General Investigation.

Counter Defendant Marc Randazza convinced Kashmir Hill that Cox was guilty of Extortion, though Randazza was Cox's attorney and new the true merits of the Cox case, as a matter of law.

Kashmir Hill, Forbes then made false and defamatory statements concerning Counter Plaintiff Cox being investigated by the Oregon Attorney General to a third party. This has caused irreparable harm, stress, and global retaliation against Counter Plaintiff Cox. And has thereby put her under constant attacks, harassment, threats and retaliation and has ruined her life. Each day or week, a new online media source picks up the information from the false and defamatory statements to third party, Kashmir Hill, Forbes concerning Counter Plaintiff Crystal Cox

### Defendant (attorney) Marc Randazza, made false and defamatory statements to third party concerning Counter Plaintiff Crystal Cox.

Upon knowledge and belief of Counter Plaintiff Crystal Cox, Defendant (attorney) Marc Randazza, made false and defamatory statements to third party concerning Counter Plaintiff Crystal Cox, Kashmir Hill, Forbes regarding his being extorted by Counter Plaintiff Cox, regarding a blog about a 3 year old that never existed.

See Article Titled "Ugly New Reputation-Smearing Tactic: Going After A Toddler's Internet Footprint", Dated, 04/02/12

"Apparently I was not sufficiently threatened by this tactic, so Cox went on to register: fuckmarcrandazza.com, marcrandazzasucks.com, marcjrandazza.com, marcjohnrandazza.com, She also registered a great many Blogger accounts bearing my name, including markrandazza.blogger.com."

Counter Plaintiff Crystal Cox was not threatening Counter Defendant Marc Randazza, nor was Counter Plaintiff Crystal Cox using any alleged, "tactic". Counter Plaintiff Crystal Cox simply asked her former attorney if he knew anyone that would hire her for marketing, and he went into a rage and retaliation campaign in big media, court documents, radio and online media in order to defame, harass, threaten, and discredit Counter Plaintiff Cox.

20

Counter Plaintiff Crystal Cox has every lawful and constitutional right to criticize her former attorney Counter Defendant Marc Randazza. Counter Plaintiff Cox never asked for money to remove online comment and Counter Plaintiff Crystal Cox never told Counter Defendant Marc Randazza, or insinuated that she would post false statements if he did not hire her "services". Counter Defendant Marc Randazza and Kashmir Hill, Forbes painted this picture, published these false and defamatory statements concerning Counter Plaintiff Crystal Cox to the world through various mediums of communication.

This article states, "..Perhaps due to the negative attention Cox took down the content she had started publishing on the nataliarandazza.com site." Counter Defendant Marc Randazza stated this false and defamatory statement concerning Counter Plaintiff Cox to Kashmir Hill, Forbes.

Kashmir Hill, Forbes then stated this false and defamatory statement concerning Counter Plaintiff Cox to third parties. This statement is FALSE and there is no way to prove it true, as Counter Plaintiff Cox never had content on that domain name, especially "negative attention" regarding a 3 year old. It is hard to imagine, or for me to have even fully understand at the moment I read this article, as to what toll it would take on my life.  I, Counter Plaintiff Crystal Cox, found that my lifetime friends, the person I loved dearly and was in a relationship with at the time, my family, my clients, online media, blogs, big media, radio, and people and mediums of communication around the world believed that I had targeted a three year old and that I had posted hate about a "toddler".

The backlash this created in my life is without the words to express it's depth of hate, harassment, and retaliation against me, Counter Plaintiff Crystal Cox on a Daily Basis. And this is false and defamatory statement concerning Counter Plaintiff Cox to third parties were not true, and not even based in truth. This lie, this false statement with total disregard for the truth, ruined my life in unimaginable ways.

Counter Defendant Marc Randazza stated this false and defamatory statement concerning Counter Plaintiff Cox, regarding this attack on a three year old,  to Kashmir Hill, Forbes. Kashmir Hill then published this to the world in a major media outlet known by every household, worldwide, Forbes. Kashmir Hill did not question Godaddy for domain information, did not question Counter Plaintiff Cox, did not have any proof at all that such a blog existed, yet went ahead and posted false and defamatory statement concerning Counter Plaintiff Cox to the World.

Days after Kashmir Hill published the false and defamatory statements, on April 6th 2012, Bob Garfield interviewed  Counter Defendant Marc Randazza on wNYC, Defendant New York Public Radio. The show was called "COMBATING "BAD" SPEECH WITH MORE SPEECH", Dated, April 06, 2012. Defendant On the Media, as Exhibits show.

Bob Garfield and Counter Defendant Marc Randazza stated false and defamatory statements to a third party concerning Counter Plaintiff Cox. Bob Garfield and Counter Defendant Marc Randazza accused Counter Plaintiff Cox of attacking a child online, of being guilty of extortion, and all manner of unethical and criminal activity. Of which was not true. These  false and defamatory statements to a third party concerning Counter Plaintiff Cox in this world wide medium of communication has caused Counter Plaintiff Cox immeasurable, irreparable damage.

It is a fact that Counter Plaintiff Crystal Cox never extorted Counter Defendant Marc Randazza, and it is a FACT that Counter Plaintiff Cox, never had a blog posting negative remarks of any kind regarding a 3 year old.

Kashmir Hill, Forbes, in the above statements, makes it seem as if Counter Plaintiff Cox does this "same thing", posts negative reviews and falsehoods and then offers to take them down for a fee. Counter Plaintiff Cox never did this to Counter Defendant Marc Randazza, nor to anyone else, EVER. Yet Defendant Hill is publishing this false and defamatory statement accusing Counter Plaintiff Cox of Habitual Conduct.

Kevin Padrick, insinuates that Counter Plaintiff Cox posted negative information and falsehoods about him, and then offered to take the information down for a fee. When the truth is, if this court reviews all the facts, it is easy to see that the email that David Aman send to Kevin Padrick, who then sent this information to Kashmir Hill, was an email sent in DIRECT response, a REPLY to an email sent to Counter Plaintiff Crystal Cox by David Aman on behalf of his client Kevin Padrick ( Note, both Aman and Padrick are Oregon Attorneys that were involved in the $40 million dollar bankruptcy scandal that blogger Cox was reporting on.)  The email send to Cox by Aman on behalf of Padrick, was a legal THREAT. 25 days later David Aman on behalf of his client Kevin Padrick filed a 10 million dollar lawsuit, after this Counter Plaintiff Cox sent the email to negotiate a settlement. Kashmir Hill and other defendants made this email look to be extortion, which was not based in factual evidence.

Kashmir Hill, Forbes makes it seem as if Defendant Cox posted Defamatory information because Padrick refused to pay for her "services". Counter Defendant Marc Randazza was counsel of record for AboveTheLaw.com, where Forbes reporter Kashmir Hill used to work. Kashmir Hill and Marc Randazza have serious conflicts of interest in ganging up on Counter Plaintiff Crystal Cox in this matter.

Kashmir Hill, Forbes was reporting on the Obsidian Finance Group v. Crystal Cox defamation trial, whereby Counter Plaintiff Cox received a $2.5 million dollar judgement against her. Counter Plaintiff Cox was on trial for a blog post dated December 25th 2010. Counter Plaintiff Cox was not on trial for extortion, nor were emails or extortion allegations material factors in this case.

Yet, maliciously, negligently, irresponsibly, Kashmir Hill, Forbes published / reported on an email sent between counsel (Cox being Pro Se), a month after the blog post that Cox was on trial for. The partial, out of context, email that Kashmir Hill, Forbes published was unnecessary to the story, and was not a material factor of the case. Defendant Hill simply posted this partial email in order to defame, discredit, harass and attack Counter Plaintiff Cox, with total disregard to the facts of the case or the issue she was reporting on.

The truth is, the email was a communication between parties of a 10 million dollar litigation, and was part of one email, out of 5 emails sent after a legal threat and after a lawsuit was filed AGAINST Cox.

In context, with the ENTIRE reply email, and the surrounding emails, it clearly shows that Cox flat out stated she would not remove information and that the email was simply a negotiation of cease fire in order to get attorneys David Aman and Kevin Padrick to STOP a 10 million dollar litigation. It was a settlement offer, AFTER a legal threat and was AFTER a 10 million dollar lawsuit was filed against Cox by the parties involved in the eMail.

Counter Plaintiff Cox is an Anti-Corruption Blogger and had been reporting on the unethical practices of David Aman and Kevin Padrick for 3 years prior. Counter Plaintiff Cox never, EVER, posted a story, piece, blog post in order to get paid to take it down. Counter Plaintiff Cox remains, to this day, dedicated to reporting on the details of that bankruptcy in order to bring justice and transparency to the U.S. bankruptcy courts.

Be it Defamation by Insinuation or flat out malicious defamation with knowledge of the facts, Kashmir Hill, Forbes has the world believing that Counter Plaintiff Cox using her powerful internet marketing skills to attack the online reputation of a 3 year old and to publish bad, negative, or false information and then ask for a fee to remove it. Counter Plaintiff Crystal Cox has never done this, been investigated for such extortionary practices, nor ever convicted of such crimes.

Kashmir Hill, Forbes has published false and defamatory statement to third parties concerning Counter Plaintiff Cox, and is liable for the damage they have caused Counter Plaintiff Cox over 17 months and counting.

Also on April 6th, 2012, Bob Garfield interviewed Trevor Timm of EFF. The show was called "A Problematic Test Case for Bloggers as Journalists".

In this interview, Bob Garfield heard Trevor Timm speak of the fact that the Obsidian v. Cox trial was about ONE Blog Post dated December 25th, 2010. Yet Bob Garfield published false and defamatory allegations in regarding to Counter Plaintiff Cox being guilty of extortion, or some tactic in which was extortionary.

And Bob Garfield, along with Counter Defendant Marc Randazza published false and defamatory to a third party regarding Counter Plaintiff Cox, that claimed that Counter Plaintiff Cox had been involved in some sort of ongoing shakedown, or extortion racket, and that Counter Defendant Marc Randazza was one of her victims. However, this was not factual, in any way whatsoever.

It was FALSE and Defamatory concerning Counter Plaintiff Cox, and therefore Counter Plaintiff Cox is entitled to recover of damages caused by these false and defamatory statements to a third party, accusing Cox of criminal activity of which she had not participated in, was not under investigation for and had not been convicted of in a court of law.

**<u>Allegations of False and Defamatory Statements published to a third party<br>concerning Counter Plaintiff Crystal Cox made by<br>Counter Defendant Marc Randazza.</u>**

Counter Defendant Marc Randazza, former attorney to Counter Plaintiff Crystal Cox, went on a 17 month and counting, retaliation and defamatory attack on his former client Counter Plaintiff Crystal Cox

**randazza.wordpress.com, Titled"Judge rules, again, that blogger Crystal Cox is not a journalist. You know why? Because she ISN'T a journalist.", dated March 30th, 2012**

"According to Kash, Padrick's firm found that Cox had created nearly 2,000 websites used to write about other companies. Padrick then said that Cox attempted to offer her "PR and search engine services" in order to fix Obsidian Finance's reputation. Sort of like a protection racket."

This is a false and defamatory statement concerning Counter Plaintiff Cox. It is a malicious statement as Cox offered PR in a settlement negotiation. This was 3 years after she started reporting on Padrick and after Padrick sued Cox. Cox never offered to fix Obsidian's reputation nor remove blog posts, as surrounding emails show.

 Counter Defendant Randazza was Counter Plaintiff Cox's attorney at one point and Counter Defendant Randazza has copies of ALL emails in that thread, and has deliberately posted false and defamatory information concerning Cox with knowledge of the facts.

**Counter Defendant Randazza is in violation of law in his malicious retaliatory defamation.**

"The message was clear. Shame about your messed up reputation. I can fix it for you. Never mind that I'm the one who messed it up."

This is a false and defamatory statement concerning Counter Plaintiff Cox. This is defamation by insinuation and from a defamation lawyer specializing in this field and therefore having a greater duty of care to speak the truth. Especially a lawyer who once represented Counter Plaintiff Cox and had ALL her files, emails and documents concerning the Obsidian case, including emails.

"Hernandez reasoned in his opinion that Cox did not qualify as a journalist. Go figure, given the fact that her writing is barely comprehensible. The only thing clear about it is that she does not seem to write as a journalist or an essayist, but more as an extortionist trying to hide among the bloggers."

This is a false and defamatory statement concerning Counter Plaintiff Cox. Counter Defendant Randazza again insinuates that Counter Plaintiff Cox is an extortionist and repeatedly slams his former client and publishes false statements.

Counter Defendant Marc Randazza should have a higher degree of care,  as Counter Defendant Randazza was Counter Plaintiff Cox's attorney and knew the facts, and Counter Defendant Marc Randazza knew that Obsidian v. Cox was a Civil Trial, yet Counter Defendant Marc Randazza published false and misleading statement concerning Counter Plaintiff Cox to a third party, knowing full well that Counter Plaintiff Cox was not on trial for, convicted of, or even under investigation for being an "extortionist".

Counter Plaintiff Cox never received money to remove blog posts, never asked to be paid to remove blog posts, and never posted investigative blogging on anyone, in order to later ask for payment of any kind. This is FALSE and Defamatory, and has led to immeasurable, irreparable damage to the life, business, quality of life and interpersonal relationships of Counter Plaintiff Crystal Cox.

Counter Defendant Marc Randazza claims that Counter Plaintiff Cox extorted him too, just as she did Padrick. Yet Crystal Cox had extorted no one, was not under investigation for extortion nor was Cox convicted of extortion.

Therefore all statements that Counter Plaintiff Cox is an extortionist or extorted Counter Defendant Marc Randazza or Kevin Padrick ARE, without a doubt, defamatory and false statement with actual malice, actual knowledge of the facts.

If Counter Defendant Marc Randazza, David Aman or Kevin Padrick felt that had been victims of the crime of extortion, then as attorneys, which all 3 of them are, they would know how to file a criminal complaint and therefore allow Counter Plaintiff Cox due process of law in the criminal justice system. However that is not what Counter Defendant Marc Randazza, David Aman or Kevin Padrick did.

Instead Counter Defendant Marc Randazza, David Aman, Kevin Padrick stated these false and defamatory statements concerning Counter Plaintiff Cox to third party;  Forbes, Kashmir Hill, David Coursey, Bob Garfield, NPR, Kenneth White, David Carr, New York Times, Philly Law Blog's Jordan Rushie, Peter L. Michaelson WIPO Panelist, WIPO, and other third party publications.  Who then stated these false and defamatory statements concerning Counter Plaintiff Cox to third party ( the World), via an International WIPO publication, New York Times articles, NPR radio shows, Forbes news articles, legal blogs and more.

Counter Defendant Marc Randazza, published the following false and defamatory statement regarding Counter Plaintiff Cox, on The Legal Satyricon, his blog, in an article titled "Carlos Miller on Crystal Cox", dated, April 2nd 2012, as shown in Exhibits, Here is the statement:

"He wrote about **the Crystal Cox extortion** case back in December, and I missed the story. He's done as good a job as anyone, if not better, in showing how this is not a bloggers vs. journalists story at all."

Counter Defendant Marc Randazza stated that "the Crystal Cox" was a case of extortion. Counter Defendant Marc Randazza stated, "the Crystal Cox extortion case" on his attorney, legal commentary blog. Counter Defendant Marc Randazza is an attorney and has a greater obligation to the public of care, duty, and negligence.

Extortion is Criminal. Stating the Crystal Cox extortion case implies that Counter Plaintiff Crystal Cox was on trial for and convicted of the CRIME of Extortion. When in TRUTH, Counter Plaintiff Crystal Cox was on trial for defamation in a civil case. Counter Plaintiff Cox was not under investigation of extortion, was not involved in a "Crystal Cox extortion case" and had not been ever convicted of the crime of extortion.

As an attorney of law, Counter Defendant Marc Randazza knew this and yet knowingly posted false and defamatory statements concerning Crystal Cox to a third party.

Also, as a greater degree of care, negligence, breach of duty, breach of confidentiality, and deliberately posting  false and defamatory statements concerning Crystal Cox to a third party, with actual knowledge of the facts, Counter Defendant Marc Randazza was  acting as Counter Plaintiff Cox's Attorney in December of 2011.

Counter Defendant Marc Randazza had a phone conference with Counter Plaintiff Cox, and was given ALL files pertaining to the Obsidian v. Cox Case. Counter Defendant Randazza was negotiating a deal with David Aman and Kevin Padrick in this case. Counter Defendant Marc Randazza knew full well that it was a civil trial and that it was in regard to defamation and ONE blog post.

And that Obsidian v. Cox was NOT a criminal trial and was not a trial about extortion. Counter Defendant Marc Randazza posted this  false and defamatory statements concerning Crystal Cox to a third party maliciously, deliberately and with absolute knowledge that is was false and defamatory.

Counter Defendant Marc Randazza, published the following false and defamatory statement regarding Counter Plaintiff Cox, on The Legal Satyricon, his blog, in an article titled ""How Crystal Cox is helping to prove the strength of the First Amendment"", dated, March 31st,  2012, as shown in Exhibits, Here is the statement:

"The campaign is now about exposing her so that she can't engage in her extortion scheme against anyone else. Popehat is leading the charge, and naturally, the Legal Satyricon is next to Popehat, shields to shoulders. Sequence, Inc. is part of the solution too, by exposing the attacks on Kevin Padrick, and shining a light on Cox's widespread extortion scheme, so is Philly Law Blog, and before any of the law blogger community jumped on the bandwagon, Salty Droid was out there all by himself, shining a little light "

This is a false and defamatory statement concerning Counter Plaintiff Cox.  Counter Defendant Randazza falsely states that his former client Counter Plaintiff Cox is and has engaged in extortion, and is involved in a an extortion scheme, which is a crime.

**Allegations of False and Defamatory Statements published to a third party concerning Plaintiff Crystal Cox made by Tracy Coenen**

**Tracy Coenen Article Titled "mArc RaNdaZza tAkeS bACk His NAmE", dated February 2nd, 2013.**

"He briefly agreed to represent Crystal Cox, then she changed her mind, got angry with Marc, and decided to register a bunch of domain names using Marc Randazza's name. Then she offered Randazza "reputation management services" (i.e. pay me a monthly fee, or else).  When he did not agree to pay her, Cox began posting defamatory content about him on multiple websites. This isn't the first time Cox has done this, and the rest of the world recognizes this as extortion."

Tracy Coenen obviously knows that Plaintiff Cox was represented in a legal matter by Defendant Randazza, be it brief or not, representation is representation, and as a fraud analyst Tracy Coenen has a heightened sense of duty of care to find the facts of these matters before posting false and defamatory statements concerning Plaintiff Crystal Cox.

Tracy Coenen admits to the fact that Randazza represented Cox, and Counter Plaintiff Cox "changed her mind" and become upset with Marc. Indeed, I Counter Plaintiff Cox did, as Defendant Randazza was negotiating a deal with Defendant Aman and Defendant Padrick, on my alleged behalf, of which I knew nothing about. My blogs were to criticize a former attorney for treating me badly, and to exercise my First Amendment right and NOT to extort my ex-attorney.

Tracy Coenen says that Counter Plaintiff Cox registered domain names in order to later demand that Counter Defendant Marc Randazza pay for reputation services or else. This defamation by "insinuation" is false and defamatory concerning Plaintiff Crystal Cox and is published to a third party. Tracy Coenen, being a fraud investigator, and knowledgeable in white collar crime, is even more negligent than most in claiming that Counter Plaintiff Cox had engaged in illegal activities. Tracy Coenen published these false statement knowing they were false, as it was clear that Counter Plaintiff Cox had not been under investigation of extortion or convicted of extortion.

"**Libel by implication** occurs when a defendant (1) juxtaposes a series of facts to as to imply a defamatory connection between them, or (2) creates a defamatory implication even though the particular facts are correct. Toney v. WCCO, 85 F.3d 383 (8th Cir. 1996)." Tracy Coenen is guilty of defamation by implication, in stating "ie or else.

A publication can convey a false and defamatory meaning by omitting or juxtaposing facts, even though all of the individual statements considered in isolation are literally true or non-defamatory. Turner v. KTRK Television, Inc., 38 S.W.3d 103 (Tex. 2000).

**Implied defamation** occurs when a publication states facts that are literally true, but produces a defamatory meaning apparent from a plain reading of the publication in its entirety. Chapin v. Knight-Ridder, Inc., 993 F.2d 1087 (4th Cir. 1993)

**Tracy Coenen Stated;**

""Crystal Cox didn't only lash out at Marc Randazza. She lashed out at his wife and their three year old daughter. Randazza and his family took Cox to court, alleging cyberpiracy and cybersquatting, among other things. In the meantime, a  list of domain names containing Marc Randazza's name and registered by Crystal Cox were turned over to Marc Randazza pursuant to an arbitration decision by the World Intellectual Property Organization (WIPO). The WIPO decision stated that the domain names were registered and used in bad faith by Cox, who was attempting to extort Randazza and confuse consumers.

Tracy Coenen published false and defamatory statements concerning Counter Plaintiff Cox to a third party in stating that Counter Plaintiff Cox lashed out at a three year old. The Fact is that Counter Plaintiff Cox never, EVER, posted anything regarding this three year old. Tracy Coenen knowingly published this harassing, retaliatory, false and defamatory statement concerning Counter Plaintiff Cox.

**Tracy Coenen published false and defamatory statements in concerning Plaintiff Cox being guilty of extortion.**

Tracy Coenen published false and defamatory statements to a third party concerning Counter Plaintiff Crystal Cox and the false and defamatory statements made by Peter L. Michaelson, WIPO Panelist. "The WIPO decision stated that the domain names were registered and used in bad faith by Cox, who was attempting to extort Randazza and confuse  consumers".

**It is not a defamation defense to repost false and defamatory statements**

**Tracy Coenen article titled, "Stopping Crystal Cox's Harassment and Extortion" dated 7 December 2012.**

On top of this article is a copyrighted picture of Counter Plaintiff Crystal Cox taken by Tracy Coenen and on the picture of Plaintiff Crystal Cox's fact, the words read "Extortionist Crystal Cox", the JPEG file is titled, "crystal-cox-blogger-extortion", and is thereby picked up by the search engine as such.

The picture is defamatory and false statements made to a third party concerning Plaintiff Cox and therefore Tracy Coenen is liable for damages to Plaintiff Crystal Cox.

**False and Defamatory Statement made by Tracy Coenen;**

"She  offered Randazza "reputation management services," whereby she would refrain from posting defamatory things about him on her websites if Randazza paid her enough. That, my friends, is extortion."

This is a false and defamatory statement concerning Counter Plaintiff Cox. Counter Plaintiff Cox did not state to Defendant Randazza that if he paid her she would refrain from posting defamatory statements, this is not true. Tracy Coenen flat out claims that Counter Plaintiff Cox is guilty of extortion. Tracy Coenen is a fraud analyst and has a greater duty of care to Plaintiff Cox.

**False and Defamatory Statement made by Tracy Coenen;**

"First she started her extortion plot against Randazza, asking him to pay her a large sum of money, and posting defamatory content on marcrandazza.com when he refused. Cox then registered at least 31 more domain names with all or part of the names of plaintiffs. Defamatory content was added to those websites in an attempt to damage Randazza's reputation and mislead those who might be using a search engine to find Marc Randazza.

Crystal Cox's pricetag to stop the Randazza madness? $5 million. And she told the public that she'd keep registering domain names related to Randazza's name unless a court stopped her from doing so.

Marc Randazza and his family have sued to stop Cox from cybersquatting via domain names that include Randazza's name. And they have nicely outlined some of the interesting tactics Cox has used to terrorize them and others:

     'As Cox targets many other individuals with her extortion scheme, the intent to profit is clear. Cox, on information and belief, when targeting other individuals, shows them what she is doing to [Randazza] and his family and uses this as a basis to extract or attempt to extract extortion fees from other third parties.'

     "Randazza also says that Cox tried to stop him from testifying in a deposition related to one of the lawsuits against Cox."


This is a false and defamatory statement concerning Counter Plaintiff Cox. The above quote is maliciously false and defamatory. Counter Plaintiff Cox did not ask for money from Randazza. Plaintiff Cox did not terrorize Randazza. Counter Plaintiff Cox exercised her first amendment right to criticize Defendant Randazza. The above statement is filled with false and defamatory statements published to a third party concerning Counter Plaintiff Cox.

**False and Defamatory Statement made by Tracy Coenen based on statements from Counter Defendant Marc Randazza;**

Tracy Coenen article titled, "Crystal Cox: Still an Extortionist"
6 December 2012.

"You may recall that earlier this year, Crystal Cox was up to her old tricks of defaming people on the internet, and offering them "reputation management services," whereby for a nice sum of money she would remove the negative things she wrote about those individuals.

Cox went after Marc Randazza after becoming angry with him over his potential representation of her in another case involving extortion. The original case was noteworthy, not so much because it demonstrated Cox's fondness for attempting to destroy reputations and then offering to repair those reputations for a large sum of money, but because the judge ruled that Crystal Cox is not a journalist. (This is not to be confused with "bloggers are not journalists," which some people incorrectly reported after a key decision in the case. The decision was only that **blogger Crystal Cox** is not a journalist.)

In attempting to destroy Marc Randazza's reputation, Cox bought up a bunch of domain names associated with him, such as marcrandazza.com. Predictably, she offered "reputation management services," whereby if Marc agreed to pay her every month, she would not post  reputation-destroying content about him on her websites.

Cox denied that she was trying to extort money from Randazza, writing on one of her sites (yes, this is verbatim, odd capitalization and all):

This is a false and defamatory statement concerning Plaintiff Cox.

**False and Defamatory Statement made by Tracy Coenen;**

"An arbitration panel issued a decision in favor of Marc Randazza, and has ordered that the domain names marcjohnrandazza.com, marcjrandazza.com, marcrandazza.com, marcrandazza.biz, marcrandazza.info and marcrandazza.mobi be transferred to him.

In that decision, the arbitration panel discusses the extortionist activities of Crystal Cox (emphasis mine):

Such websites are not "criticism sites" but merely a pretext for [Cox]'s bad faith e**xtortionate** use.

[snip]

Third, [Cox] attempted to commercially benefit from registration of these names by offering "reputation management" services to [Randazza] – through baiting [Randazza] into an**extortionate scheme**. Specifically, once [Randazza] declined her "reputation management" services, [Cox] then registered domain names that contained not only [Randazza]'s surname, but also the personal names of his wife and three year old daughter, and then included falsehoods about [Randazza] on her websites to which the domain names resolved. [Cox] would then eliminate such sites, and hence the ensuing injury to [Randazza]'s reputation, only if [Randazza] would purchase her "reputation management" services. Further, [Cox] repeatedly engaged in the same general type of **extortionate conduct** by offering her "reputation management" services to others, including as her targets various business people and third-party attorneys, thus reflecting a pattern of such conduct.

[snip]

Furthermore, [Cox]'s actions in registering and using the disputed domain names may appear, at a first glance, to simply be a vehicle through which she provides advertising

through pay-per-click sites, but on slightly closer examination are actually components of an artifice intended to **extort** funds from [Randazza] and thus a pretext for a rather egregious variant of cybersquatting. As such, none of those actions can or will serve as a predicate upon which [Cox] can lawfully develop any rights or legitimate interests in any of the disputed domain names.

[snip]

In any event, for purposes of the Policy the Panel finds [Cox]'s intention, as reflected by the record, was never to solely provide, through her websites, speech critical of [Randazza]. Rather, her objective in both registering and using the disputed names was apparently to engage in a rather sinister and tenacious scheme to **extort** money from [Randazza]. Specifically, [Cox] first posted negative and false commentary on her websites that was intentionally calculated to injure [Randazza]'s on-line reputation and disrupt [Randazza]'s business conducted through his law firm. Thereafter, [Cox] used those sites in a manner that apparently optimized their ranking on the Google search engine in order to increase their visibility and prominence on search results yielded through a Google search of [Randazza], thus likely exacerbating the injury caused to [Randazza]. Once all this occurred, [Cox] then offered her reputational management services to [Randazza] through which, for a considerable fee, she would remediate [Randazza]'s on-line reputation by eliminating all the negative and false commentary of her own making and presumably also ceasing her use of the disputed domain names. Basically, for a price, she would undo the injury to [Randazza] for which she was responsible for having created in the first place. This egregious conduct clearly constitutes bad faith under the Policy.

So there you have it. Another discussion of Crystal Cox that concludes she was trying to extort people, not be an "investigative blogger" or "reputation manager" as she would have you believe."

This is a false and defamatory statement concerning Plaintiff Cox. It is not a defense that Tracy Coenen republished these statements, she is liable for posting false and defamatory statements even if she posts them from another blog / website.

**False and Defamatory Statement made by Tracy Coenen;**

Tracy Coenen article titled "Crystal Cox, Extortionist? You Decide"
Dated April 4, 2012

"the story began to focus on acts by investigative blogger Crystal Cox that appeared to be extortionate. Namely, Cox smeared Kevin Padrick and Obsidian Finance using domain names like obsidianfinancesucks.blogspot.com and kevinpadrick.com, then offered to provide them "reputation management services" " he implication was clear: pay me into infinity and I will remove what I posted about you."

This is a false and defamatory statement concerning Plaintiff Cox.

**False and Defamatory Statement made by Tracy Coenen;**

Tracy Coenen article titled, ""Investigative Journalist" Crystal Cox Attacks Attorney Kevin D. Padrick", Dated March 31st 2012.

"It gets even better. Crystal Cox then attempted to extort Kevin D. Padrick and Obsidian Finance by offering to provide services to "protect online reputations"  for a fee of $2,500 per month. Translation: "Pay me to take down the defamatory material.""

**This is a false and defamatory statement concerning Counter Plaintiff Cox.**

"Crystal Cox is hell-bent on destroying people who don't give in to her wishes. She has now gone after Marc Randazza, an attorney she begged to help her with an appeal in the Obsidian case, even going after Marc's wife and three year old daughter." "This tells you what kind of woman we are dealing with: Crystal Cox attacked Marc's innocent wife and three year old daughter."


**This is a false and defamatory statement concerning Counter Plaintiff Cox.  It is** not a defense in a court of law the Counter Defendant Marc Randazza told her this and she believed it and posted it, it is false and defamatory.

Nor is it a defense that Kashmir Hill posted that Plaintiff Cox had a blog about a three year old, or attacked a 3 year old. The only defense against defamation is fact, and there is no way that Tracy Coenen can prove that Counter Plaintiff Cox extorted Defendant Randazza, had a blog about a three year old, attacked a three year old, was involved in a shakedown, is an extortionist, or was on trial for extortion as Tracy Coenen stated / published to a third party concerning Counter Plaintiff Cox, based on the false and defamatory statements told to her by Counter Defendant Marc Randazza. Counter Plaintiff Crystal Cox has a legal right to relief addressed in these counterclaims.

**Counter Plaintiff Crystal Cox Alleges that Counter Defendant Marc Randazza is guilty of violations of Trademark and Copyright Violations against her, as he has posted her copyrighted material on his blogs and blogs that are proxy for him, and have used Crystal Cox's mark. Counter Plaintiff Crystal Cox has been on Fox News, and has been in publications around the world.**

Counter Plaintiff Crystal Cox is more of a world wide name then Marc Randazza.

Counter Defendant Marc Randazza has used Crystal Cox's name in domain names, videos, blog posts that he owns, has authored and in the name of his Proxy.  Such as CrystalCoxBlows.com, Crystal-Cox.com, CrystalsTumblingCox, CaptainObvious, and many more domain names, blogs, video channels. Counter Plaintiff Crystal Cox has a legal right to file a counterclaim against Marc Randazza.

**<u>Counter Plaintiff Crystal Cox Alleges that Counter Defendant Marc Randazza is guilty of violations of  Malpractice Laws, Negligence, Client Confidentiality Breach and the he violated The Lawyer's Code of Professional Responsibility, Rules of Professional Conduct, and Attorney Misconduct Laws.</u>**

Counter Plaintiff Crystal Cox Alleges that she has a legal right to counter sue, to file counterclaims against Marc Randazza, and seeks Relief from this court to allow her, Counter Plaintiff Crystal Cox to have her counterclaims AGAINST her former attorney, the Plaintiff in this Case, Marc Randazza, heard, as a matter of law and a matter of her constitutional rights.

Plaintiff / Counter Defendant Marc Randazza has made false and defamatory statements to a third party concerning Counter Plaintiff Cox. Cox has a right to relief.

Plaintiff / Counter Defendant Marc Randazza has made false statements that have subjected Counter Plaintiff Cox to "hatred, contempt, ridicule and have diminished the esteem, respect, goodwill and confidence in which Counter Plaintiff Cox was held prior. Plaintiff / Counter Defendant Marc Randazza has made false statements concerning Counter Plaintiff Cox that has directly caused adverse, derogatory, unpleasant feelings, and opinions of Counter Plaintiff Cox internationally.

Plaintiff / Counter Defendant Marc Randazza has breached attorney client privilege and sued his own ex-client over related matters. Cox has a right to relief.

Plaintiff / Counter Defendant Marc Randazza has caused Counter Plaintiff Cox irreparable, immeasurable harm and Cox has a lawful and constitutional right to relief.

Counter Plaintiff Cox moves this court to allow counter complaints / cause of actions against Randazza Legal Group, Ronald Green, Marc Randazza and Judge Gloria Navarro herself as a matter of Law, Rules of Procedure and constitutional rights. And if this court deems Counter Plaintiff Cox cannot counter sue Federal Judge Gloria Navarro, then at the very least, as a matter of law, allow Counter Plaintiff Crystal L. Cox equal rights under the rules of procedure and allow a counter complaint, as a matter of law AGAINST Randazza Legal Group, Ronald Green, Marc Randazza; those who sued her.

# CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was filed using this Court's CM/ECF system **On April 25th 2013**.

Respectfully Submitted
Pro Se Defendant
Pro Se Counter Plaintiff
Crystal L. Cox
**Case 2:12-cv-02040-GMN-PAL**