Crystal L. Cox
Pro Se Counter Plaintiff
Case 2:12-cv-02040-GMN-PAL
SavvyBroker@Yahoo.com

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA
Case 2:12-cv-02040-GMN-PAL

Plaintiff Marc J. Randazza,

Opposition to Defendant's Motion
for **Case Management Conference**

Defendant Crystal L. Cox

Plaintiff appears in this action "In Propria Persona" and asks that her points and authorities relied upon herein, and issues raised herein, be addressed "on the merits" and not simply on her Pro Se Status.

**This motion, in it's entirety is written upon the knowledge and belief of Defendant Crystal L. Cox.**

Defendant Crystal L. Cox Opposes a Case Management Conference with those who have entrapped her, defamed her, endangered her, harassed her, retaliated against her, threatened her and who she is in fear of her life in regard to.

Defendant Crystal Cox has followed the rules of this court to the best of her Ability.

Defendant Crystal Cox has not refused discovery.

This court along with Plaintiffs Marc J. Randazza, has violated the rights of Defendant Crystal L. Cox, and have caused massive damage to her online media, her reputation and put her under massive stress, essentially ruining Defendant Crystal L. Cox's life with total disregard for facts, truth and the safety and constitutional rights of Defendant Crystal L. Cox.

Defendant Crystal L. Cox has notified this court many times of being in GRAVE danger of Plaintiffs Marc J. Randazza, and his THUGS J. Malcom Devoy, Ari Bass, and Sean Tompkins.

Defendant Crystal L. Cox has been threatened, intimidated and put under constant stress. This court IGNORES pleas for protection from Plaintiff who has known mafia ties, is involved with prostitution rings, represents those in the porn industry that harass, intimidate and retaliate against whistleblowers and insiders such as me, Crystal Cox, and my sources.

There is no discovery that the Plaintiff needs from the Defendant. As this court already gave the Plaintiff a **WIN**. There is no recovery of the damage this court has done to Defendant Crystal L. Cox  in giving her online content, intellectual property to Plaintiffs Marc J. Randazza with NO FIRST AMENDMENT ADJUDICATION.

Defendant Crystal L. Cox lost the day that Plaintiffs Marc J. Randazza filed this case and the TRO the same day. Defendant Crystal L. Cox never had due process or any rights in this court, as a matter of law. Defendant Crystal L. Cox has no money, is in danger, has lost everything and had her life RUINED by her former attorney Plaintiffs Marc J. Randazza.

The case has already been RULED on as Defendant Crystal L. Cox lost thousands of online links, content she created, her lifes work, intellectual property ALL given to Plaintiffs Marc J. Randazza in total violation of Cox.

The damage is done, the case is LOST to Defendant Crystal L. Cox . Further judgements are irrelevant as Defendant Crystal L. Cox is already in the poor house per say, and Defendant Crystal L. Cox life is already RUINED by Plaintiffs Marc J. Randazza and this court.  A ruling of millions in fines is irrelevant as Defendant Crystal L. Cox cannot pay and this court already awarded a WIN to Plaintiffs Marc J. Randazza in an unconstitutional TRO that stole Defendant Crystal L. Cox PROPERTY, life, quality of life, and put Defendant Crystal L. Cox under massive stress and in total ruin.

Upon knowledge and belief, this court CANNOT lawfully, constitutionally order COX to let Randazza track her by phone or force a meeting where Cox is murdered by Randazza.

**If this Court deems Defendant Crystal L. Cox is to be FORCED to talk to Plaintiffs Counsel which is Plaintiff's own law firm then this court will have to Order that Plaintiff seek outside counsel to represent him and his law firm in this matter AND will have to Grant Defendant Crystal L. Cox's motion to be appointed non-conflicted counsel in this matter, as Defendant Crystal L. Cox CANNOT afford counsel.**

Defendant Crystal L. Cox cannot be constitutionally FORCED to let this court take the only thing I have left and that is my life itself, by ordering I communicate with those who want me DEAD, Plaintiff and his Law Firm and those he has continued to conspire with to defame me, ruin me, sue me, harass me, retaliate against me RELENTLESSLY.

This court along with Plaintiffs Marc J. Randazza have violated my civil rights, my rights to due process, my pro se rights, my constitutional rights, and has ruined my reputation, stolen my intellectual property and now the only thing left is for Plaintiffs Marc J. Randazza and his cronies to kill me. I refuse to speak with the ENEMY, and move this court to defend my constitutional rights in this matter, and to STOP allowing Plaintiff to cause me harm, intimidate me, and abuse his power over the courts as an attorney..

This court and the conflicts of interest, favoritism and actions so far in RULINGS has proven to be misogynist, to favor attorneys, to hate and discriminate against Defendant Crystal L. Cox, to endanger Defendant Crystal L. Cox, and have complete disregard for my life, my rights, my intellectual property, my business and my quality of life.

I, Defendant Crystal L. Cox will NOT attend a Case Management Conference. If Court Ordered, I, Defendant Crystal L. Cox will refuse, if this is contempt I will demand a criminal attorney that is NOT affiliated with the conflicts of this court and the relationship of Judge Gloria Navarro with Las Vegas Porn Attorney Plaintiffs Marc J. Randazza.

Defendant Crystal L. Cox AGAIN moves this court to Enjoin the attorney general and the Department of Justice on this matter, and to be taken serious by this court and TREATED EQUALLY under the law and the Constitution and Fairly under the rules of procedure and my rights as a Pro Se Litigant..

**Plaintiff appears in this action "In Propria Persona" and asks that her points and authorities relied upon herein, and issues raised herein, must be addressed "on the merits" and not simply on her Pro Se Status.**

Oftentimes courts do not take Pro Se Litigants serious. I, Plaintiff Crystal Cox wish to be taken serious and to not have my allegation dismissed.

"Court errs if court dismisses pro se litigant without instructions of how pleadings are deficient and how to repair pleadings." Plaskey v CIA, 953 F .2nd 25. The Court granted such leniency, or "liberal construction," to pro se pleadings against the backdrop of Conley v. Gibson's undemanding "no set of facts" standard. ( See Conley v. Gibson, 355 U.S. 41, 45-46 (1957) ("[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."), abrogated by Bell Atl. Corp. v. Twombly, 550 U.S. 544, 561-63 (2007). This standard epitomized the notice-pleading regime envisioned by the drafters of the Federal Rules, who emphasized discovery as the stage at which a claim's true merit would come to light, rather than pleading.

See Christopher M. Fairman, The Myth of Notice Pleading, 45 ARIZ. L. REV. 987, 990 (2003) ("With merits determination as the goal, the Federal Rules create a new procedural system that massively deemphasizes the role of pleadings.").

The Court's failure to explain how pro se pleadings are to be liberally construed. ( See Bacharach & Entzeroth, supra note 7, at 29-30 (asserting that because the Supreme Court never defined the "degree of relaxation" afforded pro se pleadings in comparison to the liberal notice pleading standard applicable to all litigants, lower courts adopted different iterations of the rule).  ~ .. indicates its belief that the standard was already lenient enough to render a detailed articulation of the practice unnecessary to prevent premature dismissal  of meritorious cases. However, with Bell Atlantic Corp. v. Twombly ( 550 U.S. 544 (2007). and Ashcroft v. Iqbal ( 129 S. Ct. 1937 (2009) retiring the "no set of facts" standard and ratifying the means by which lower courts dismissed more disfavored cases under Conley, ( See generally Richard L. Marcus, The Revival of Fact Pleading Under the Federal Rules of Civil Procedure, 86 COLUM. L. REV. 433, 435-37 (1986) (explaining how the reemergence of fact pleading resulted from lower courts' refusals to accept conclusory allegations as sufficient under the Federal Rules in particular categories of suits).

.. liberal construction as presently practiced is not—if it ever was—sufficient to protect pro se litigants' access to courts. The new plausibility standard ( See Twombly, 550 U.S. at 570 (requiring a complaint to allege "enough facts to state a claim to relief that is plausible on its face").. with which courts now determine the adequacy of complaints disproportionately harms pro se litigants.  ( See Patricia W. Hatamyar, The Tao of Pleading: Do Twombly and Iqbal Matter Empirically?, 59 AM. U. L. REV. 553, 615 (2010) (observing a substantially greater increase in the rate of dismissal of pro se suits than represented suits post-Iqbal).

"Pro se complaint[s], 'however inartfully pleaded,' [are] held to 'less stringent standards than formal pleadings drafted by lawyers. ( Estelle v. Gamble, 429 U.S. 97, 106 (1976) (quoting Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (per curiam)).

HAINES v. KERNER, ET AL. 404 U.S. 519, 92 S. Ct. 594, 30 L. Ed. 2d 652. Whatever may be the limits on the scope of inquiry of courts into the internal administration of prisons, allegations such as those asserted by petitioner, however inartfully pleaded, are sufficient to call for the opportunity to offer supporting evidence. We cannot say with assurance that under the allegations of the pro se complaint, which we hold to less stringent standards than formal pleadings drafted by lawyers, it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v.

Gibson, 355 U.S. 41, 45-46 (1957). See Dioguardi v. Durning, 139 F.2d 774 (CA2 1944).

ESTELLE, CORRECTIONS DIRECTOR, ET AL. v. GAMBLE 29 U.S. 97, 97 S. Ct. 285, 50 L. Ed. 2d 251. We now consider whether respondent's complaint states a cognizable 1983 claim. The handwritten pro se document is to be liberally construed. As the Court unanimously held in Haines v. Kerner, 404 U.S. 519 (1972), a pro se complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Id., at 520-521, quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)

BALDWIN COUNTY WELCOME CENTER v. BROWN 466 U.S. 147, 104 S. Ct. 1723, 80 L. Ed. 2d 196, 52 U.S.L.W. 3751. Rule 8(f) provides that " pleadings shall be so construed as to do substantial justice." We frequently have stated that pro se pleadings are to be given a liberal construction.

HUGHES v. ROWE ET AL. 449 U.S. 5, 101 S. Ct. 173, 66 L. Ed. 2d 163, 49 U.S.L.W. 3346. Petitioner's complaint, like most prisoner complaints filed in the Northern District of Illinois, was not prepared by counsel. It is settled law that the allegations of such a complaint, "however inartfully pleaded" are held "to less stringent standards than formal pleadings drafted by lawyers, see Haines v. Kerner, 404 U.S. 519, 520 (1972). See also Maclin v. Paulson, 627 F.2d 83, 86 (CA7 1980); French v. Heyne, 547 F.2d 994, 996 (CA7 1976). Such a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Haines, supra, at 520-521. And, of course, the allegations of the complaint are generally taken as true for purposes of a motion to dismiss. Cruz v. Beto, 405 U.S. 319, 322 (1972).

Both the right to proceed pro se and liberal pleading standards reflect the modern civil legal system's emphasis on protecting access to courts. ( See, e.g., Phillips v. Cnty. of Allegheny, 515 F.3d 224, 230 (3d Cir. 2008) ("Few issues . . . are more significant than pleading standards, which are the key that opens access to courts."); Drew A. Swank, In Defense of Rules and Roles: The Need to Curb Extreme Forms of Pro Se Assistance and Accommodation in Litigation, 54 AM. U. L. REV. 1537, 1546 (2005) (noting that "[o]pen access to the courts for all citizens" is one of the principles upon which the right to prosecute one's own case is founded).

**Self-representation has firm roots in the notion that all individuals, no matter their status or wealth, are entitled to air grievances for which they may be entitled to relief.** ( See Swank, supra note 1, at 1546 (discussing the importance of self-representation to the fundamental precept of equality before the law).

Access, then, must not be contingent upon retaining counsel, lest the entitlement become a mere privilege denied to certain segments of society. Similarly, because pleading is the gateway by which litigants access federal courts, the drafters of the Federal Rules of Civil Procedure purposefully eschewed strict sufficiency standards. ( See Proceedings of the Institute on Federal Rules (1938) (statement of Edgar Tolman), reprinted in RULES OF CIVIL PROCEDURE FOR THE DISTRICT COURTS OF THE UNITED STATES 301-13 (William W. Dawson ed., 1938).

In their place, the drafters instituted a regime in which a complaint quite easily entitled its author to discovery in order to prevent dismissal of cases before litigants have had an adequate opportunity to demonstrate their merit. ( See Mark Herrmann, James M. Beck & Stephen B. Burbank, Debate, Plausible Denial: Should Congress Overrule Twombly and Iqbal? 158 U. PA. L. REV. PENNUMBRA 141, 148 (2009), (Burbank, Rebuttal) (asserting that the drafters of the Federal Rules objected to a technical pleading regime because it would "too often cut[] off adjudication on the merits").

Recognizing that transsubstantive pleading standards do not sufficiently account for the capability differential between represented and unrepresented litigants, the Supreme Court fashioned a rule of special solicitude for pro se pleadings. ( See Robert Bacharach & Lyn Entzeroth, Judicial Advocacy in Pro Se Litigation: A Return to Neutrality, 42 IND. L.REV. 19, 22-26 (2009) (noting that courts created ways to ensure that meritorious pro se suits would not be dismissed simply because the litigants lacked legal knowledge and experience, one of which was liberal construction).

Far from just articulating a common systemic value, though, the right to prosecute one's own case without assistance of counsel in fact depends significantly upon liberal pleading standards. ( Cf. Charles E. Clark, The New Federal Rules of Civil Procedure: The Last Phase— Underlying Philosophy Embodied in Some of the Basic Provisions of the New Procedure, 23 A.B.A. J. 976, 976-77 (1937) (commenting that liberal pleading rules were necessary to mitigate information asymmetries between plaintiffs and defendants that often led to premature dismissal of suits).

Notably, in no suits are such information asymmetries more apparent than those in which pro se litigants sue represented adversaries. These types of suits comprise the vast majority in which pro se litigants appear. Cf. Jonathan D. Rosenbloom, Exploring Methods to Improve Management and Fairness in Pro Se Cases: A Study of the Pro Se Docket in the Southern District of New York, 30 FORDHAM URB. L.J. 305, 323 (showing that the majority of pro se cases involve unrepresented plaintiffs who sue governmental defendants).

Plaintiff appears in this action **"In Propria Persona"** and asks that her points and authorities relied upon herein, and issues raised herein, must be addressed **"on the merits"**, Sanders v United States, 373 US 1, at 16, 17 (1963); and addressed with "clarity and particularity", McCleskey v Zant, 111 S. Ct. 1454, at 1470-71 (1991); and afforded " a full and fair" evidentiary hearing, Townsend v Sain, 372 U.S.293, at p.1 (1962). See also Pickering v Pennsylvania Railroad Co., 151 F.2d 240 (3d Cir. 1945).

Pleadings of the Plaintiff SHALL NOT BE dismissed for lack of form or failure of process.

All the pleadings are as any reasonable man/woman would understand, and: "And be it further enacted. That no summons, writ, declaration, return, process, judgment, or other proceedings in civil cases in any of the courts or the United States, shall be abated, arrested, quashed or reversed, for any defect or want of form, but the said courts respectively shall proceed and give judgment according as the right of the cause and matter in law shall appear unto them, without regarding any imperfections, defects or want of form in such writ, declaration, or other pleading, returns process, judgment, or course of proceeding whatsoever, except those only in cases of demurrer, which the party demurring shall specially sit down and express together with his demurrer as the cause thereof.

And the said courts respectively shall and may, by virtue of this act, from time to time, amend all and every such imperfections, defects and wants of form, other than those only which the party demurring shall express as aforesaid, and **may at any, time, permit either of the parties to amend any defect in the process of pleadings upon such conditions as the said courts respectively shall in their discretion, and by their rules prescribe** (a)" *Judiciary Act of September 24, 1789*, Section 342, FIRST CONGRESS, Sess. 1, ch. 20, 1789.

# CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was filed using this Court's CM/ECF system **On April 26th 2013**.

Respectfully Submitted
Pro Se Defendant
Pro Se Counter Plaintiff
Crystal L. Cox
**Case 2:12-cv-02040-GMN-PAL**