Crystal L. Cox
Pro Se Counter Plaintiff
Case 2:12-cv-02040-GMN-PAL
SavvyBroker@Yahoo.com

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA
Case 2:12-cv-02040-GMN-PAL

Plaintiff Marc J. Randazza,

Motion for Clarification
Regarding Judge Gloria Navarro Reclusal / Disqualification Motions

Defendant Crystal L. Cox

**Defendant Crystal L. Cox states the following upon information and belief.**

Defendant Crystal L. Cox alleges that Per 28 U.S.C. 455 Judge Gloria Navarro is in violation in ruling on the decision that involved her personally.

Defendant Crystal L. Cox alleges that Per 28 U.S.C. 455 Judge Gloria Navarro did not have a right to rule on her own reclusal or disqualification and Defendant Crystal L. Cox that this caused Defendant Cox irreparable harm.

Media Defendant Crystal Cox, means no disrespect to this court in addressing this issue yet again. However Defendant Crystal Cox has recently had a ruling in Civil No. CV 11-0057 HZ Obsidian v. Cox, whereby a Judicial Ruling per Federal Rules of Procedure 28 U.S.C. 455, the Judge that was filed a Disqualification Motion in regard to, had his superior, another Judge, the Chief Judge of that District Rule on the Disqualification Motion, as a matter of Law. This is found on Civil No. CV 11-0057 HZ, Obsidian v. Cox Docket Entry 165, dated 4/11/2013. This affirms the argument Pro Se Media Defendant Crystal Cox has been making in Case 2:12-cv-02040-GMN-PAL all along.

Upon knowledge and belief, Defendant Crystal L. Cox alleges that Per 28 U.S.C. 455 Judge Gloria Navarro has violated the law, U.S Codes, and the constitutional rights of Defendant Crystal L. Cox and thus caused Defendant Crystal L. Cox irreparable harm, damage and suffering.

Defendant Crystal L. Cox asks this court for instructions on how to properly file a lien against the Bond of Judge Gloria Navarro AND asks this court to enjoin the Attorney General and the Ninth Circuit Judicial review board in this very serious matter.

Judge Gloria Navarro refused to sign a conflict of interest disclosure to admit or deny conflict and Judge Gloria Navarro RULED on motions regarding her own disqualification. Thus leading to massive harm, damage, stress, loss of intellectual property and violation of rights of Defendant Crystal L. Cox.

Upon knowledge and belief, Defendant Crystal L. Cox alleges that Judge Gloria Navarro has conflicts of interests, unholy connections, unclean hands, and favoritism when it comes to Las Vegas attorney Ronald Green formerly of Greenberg Traurig and  currently Randazza Legal Group, Plaintiff Marc J. Randazza. And Cox alleges that this has caused her irreparable, immeasurable harm.

Upon knowledge and belief, Defendant Crystal L. Cox alleges that Judge Gloria Navarro violated her constitutional rights and the Rules of Procedure in Denying Defendant Cox a counterclaim against her accuser, her former attorney, Plaintiff Marc J. Randazza, Randazza Legal Group.

Upon knowledge and belief, Defendant Crystal L. Cox alleges that Judge Gloria Navarro DENIED Cox's counterclaims, and issued and unconstitutional TRO based on the fraudulent statements of Defendant Crystal Cox's former attorney, Plaintiff Marc J. Randazza, Randazza Legal Group.

Upon knowledge and belief, Defendant Crystal L. Cox alleges that Judge Gloria Navarro did not review the evidence COX submitted, nor print out websites, and exhibits for review and Defendant Crystal L. Cox alleges that Judge Gloria Navarro simply went on the word of Las Vegas attorney Ronald Green formerly of Greenberg Traurig NOW working for Plaintiff, Marc J. Randazza, Randazza Legal Group.

Upon knowledge and belief, Defendant Crystal L. Cox alleges that Judge Gloria Navarro does not have judicial immunity in this matter and the Judge Gloria Navarro is financially damage for the irreparable harm and suffering she had caused Defendant Crystal L. Cox personally and professionally.

Upon knowledge and belief, Defendant Crystal L. Cox alleges that Judge Gloria Navarro used her power and position to violate the rights of  Defendant Crystal L. Cox and accuse COX of the crime of extortion in federal rulings in a civil proceeding, when  Defendant Crystal L. Cox was not on trial for extortion, under investigation of extortion nor was COX guilty of extortion.

Upon knowledge and belief, Defendant Crystal L. Cox alleges that Judge Gloria Navarro aided and abetted Defendant Cox's former attorney, Plaintiff Marc J. Randazza, Randazza Legal Group to retaliate against his former client Defendant Crystal L. Cox and use the power of the Las Vegas Courts and prior connections with Judge Gloria Navarro to do so.

Upon knowledge and belief, Defendant Crystal L. Cox alleges No one is above the law,  Judge Gloria Navarro is not above the law just because she is a Judge.  Judge Gloria Navarro does not have the legal right to RUIN the life of  Defendant Crystal L. Cox based on the stated word of  her former attorney, Plaintiff Marc J. Randazza, Randazza Legal Group who hates COX, and Judge Gloria Navarro does not have the legal right to aid Plaintiff Marc J. Randazza, Randazza Legal Group in VIOLATING Defendant Crystal L. Cox's constitutional First Amendment Right, right to due process and simply wipe out massive online content in which BEAT Plaintiff Randazza in the Search Engines and criticized him, which is the first amendment, free speech, lawful, bill of rights, RIGHT of Defendant Crystal L. Cox in which Judge Gloria Navarro did not have the lawful right to DENY Defendant Cox.

Upon knowledge and belief, Defendant Crystal L. Cox alleges that Judge Gloria Navarro has violated her rights, and moves this court to instruct Pro Se Litigant Cox with direction on how to proceed in this matter, as a matter of law, constitutional rights, and procedure.

Upon knowledge and belief, Defendant Crystal L. Cox alleges that Judge Gloria Navarro has completely denied her due process and caused serious damage to Cox's reputation, life, online media, business and has endangered Cox.

### Defendant Crystal L. Cox moves this court, upon knowledge of this matter to contact the Judicial Review Board, as a matter of law.

Upon knowledge and belief, Defendant Crystal L. Cox alleges that she has FAILED in this court to  obtain substantial Justice, impartial rulings, fair treatment and to be allowed due process of law and constitutional rights. Despite the pleas, notices, motions and evidence in regard to this massive constitutional rights violation legal case AGAINST a Pro Se Litigant, Defendant Cox.

Title 42 United States Code standard 1983, Entitles Defendant Crystal L. Cox to NOT have her RIGHTS Deprived as a matter of law. As does the rules of procedure, Nevada Law, the Bill of RIghts, the Constitution of the United States, UCC Codes, and Rules of Administrative Procedure.

Judge Gloria Navarro dismissed Cox's counterclaims, herself, though she was named as a counter defendant. Judge Gloria Navarro accused Defendant Cox of naming her as a Counter Defendant in order to have her removed, which is false as COX wanted Judge Gloria Navarro removed due to the damage Judge Gloria Navarro caused Cox's online media and the harm and stress Defendant Cox alleges that Judge Gloria Navarro has caused her.  The counter complaint rightfully sought Relief of all orders made by Judge Gloria Navarro in violation of the Law ,that Due Process of Law be allowed ,and further issue relief as the court deems appropriate .

Upon knowledge and belief, Defendant Crystal L. Cox alleges that Judge Gloria Navarro dismissed the counter claim in this case in order to cover up, to protect, to favore her prejudice toward Las Vegas attorney Plaintiff Marc J. Randazza, Randazza Legal Group, who was the former attorney of Defendant Cox in related matters. And Defendant Crystal L. Cox alleges that Judge Gloria Navarro acted with total disregard for the constitutional rights of Defendant Crystal L. Cox and did not even adjudicate for the first amendment implications of the matter before she wiped out MASSIVE online media / content created and owned by Defendant Crystal L. Cox.

Upon knowledge and belief, Defendant Crystal L. Cox alleges that It is not lawful to wipe out massive blog posts, online speech, content, simply because Las Vegas attorney Plaintiff Marc J. Randazza, Randazza Legal Group did not like what the speaker was saying about him. **This action by Judge Gloria Navarro is a violation of the First Amendment Rights of Defendant Crystal L. Cox.**

Defendant Crystal L. Cox alleges that Judge Gloria Navarro is not above the law in her judicial rulings, however a  Judge performing Judicial functions may enjoy Immunity though COX claims Navarro is still liable, Judge Gloria Navarro should certainly not be IMMUNE from damage caused to Defendant Crystal L. Cox in Judge Gloria Navarro's denial of the constitutional and civil rights of Defendant Crystal L. Cox

Defendant Crystal L. Cox alleges that Judge Gloria Navarro's denial of the constitutional and civil rights of Defendant Crystal L. Cox is not a judicial function and Judge Navarro's action conflict with any definition of a Judicial function.

### **Upon knowledge and belief, Defendant Crystal L. Cox alleges that the actions of Judge Gloria Navarro in this case fall outside of the lawful boundaries of her job description, as paid for by the tax paying public.**

Upon knowledge and belief, Defendant Crystal L. Cox alleges that Case Law states that when a judge acts as a trespasser of the law , when a judge does not follow the law, she then loses subject matter jurisdiction and the Judges orders are void ,of no legal force or effect .  Judicial immunity is lost when a Judge lacks jurisdiction.

Upon knowledge and belief, Defendant Crystal L. Cox alleges that under color of law in her capacity as a Judge, Judge Gloria Navarro violated Defendant Cox's rights under 42 U.S.C. § 1983. (Stephen Ulrich v. David W. Butler, Exhibit A4 hereby included in it's entirety)

Upon knowledge and belief, Defendant Crystal L. Cox alleges that in a limited government ,a government limited by the constitution, the violation of a Defendant Cox's citizen's rights should not be justified, as a matter of law.  No branch of the government be allowed to extend it's power beyond it's legal limits . Even if the Plaintiff is a powerfully connected, wealthy attorney and the defendant is a pauper criticizing the Plaintiff.

Pro Se Defendant Crystal Cox ALLEGES that Judge Gloria Navarro violated the Rules of Procedure, Administrative Laws, and the rights of due process and constitutional rights of Defendant Crystal Cox in her ruling to grant a TRO, in allowing domain names to be transferred with a hearing on the TRO pending at the time, with not giving Defendant Crystal Cox opportunity to join hearing by phone, not ruling on emergency motions for protection from violent threats, blocking Defendant Crystal Cox from her constitutional right and rules of procedure right to file a counterclaims, not docketing counter defendant Roxanne Grinage accepting service of counter complaint, defaming Cox in ruling in which accused Cox of the crime of extortion, and RULING on reclusal motions and disqualification motions, that were requesting her removal..

And thus has caused Plaintiff Cox Irreparable Damage.


**Upon knowledge and belief, Defendant Crystal L. Cox alleges that this Nevada Court, per Nevada Shield Laws, did not consider the media implications, the news factor, the Free Speech issues at stake BEFORE granting an injunction in which enabled Counter Defendant / Plaintiff Marc J. Randazza to delete blogs, removed massive content, redirect domain names, steal intellectual property and therefore wipe out massive online reporting of Defendant / Counter Plaintiff Crystal Cox in regard to Marc Randazza, Co-Conspirators and the iViewit Technology Story. And in total violation of the constitutional and civil rights of Defendant Cox.**


Defendant Crystal Cox's former attorney, Plaintiff Marc J. Randazza, Randazza Legal Group accused COX of the crime of Extortion. Judge Gloria Navarro repeated this as a matter of fact in her rulings. Yet Defendant Crystal Cox's former attorney, Plaintiff Marc J. Randazza, Randazza Legal Group lied, and there was no proof of COX convicted of or under investigation by authorities for extortion, yet Judge Gloria Navarro took the false and defamatory statements of Plaintiff Marc J. Randazza, Randazza Legal Group as fact and used this to DESTROY the life, business and quality of life of Defendant Crystal Cox.

Upon knowledge and belief, Defendant Crystal L. Cox alleges that she has the right to remedy, relief, counterclaims in this regard, due to the actions, unconstitutional rulings of Judge Gloria Navarro.

Defendant Crystal Cox's former attorney, Plaintiff Marc J. Randazza, Randazza Legal Group is in violation of "Unprivileged Publications" Status as a matter of law. The false and defamatory statements published to a third party concerning Plaintiff Crystal Cox and Eliot Bernstein by Defendant Crystal Cox's former attorney, Plaintiff Marc J. Randazza, are Unprivileged Publications.  Unprivileged Publications are those which falsely claim the plaintiff is guilty of a crime when no crime has been committed.

Unprivileged publications are those which falsely claim the plaintiff is guilty of a crime when no crime has been committed, claiming a person is unchaste or impotent, asserting falsely that a person has a horrible, contagious disease, and such statements have caused the plaintiff actual harm to the reputation or business. These unprivileged statements can be construed as Defamation Per Se.

Defendant Crystal Cox's former attorney, Plaintiff Marc J. Randazza, defamed COX and without proof or investigation or even reviewing the document Cox submitted as evidence, Judge Gloria Navarro accused COX of the crime of extortion in judicial rulings that have a worldwide publication, this is a false and defamatory statement to a third party concerning Pro Se Litigant Crystal Cox and is a violation of the rights of Cox.

Defendant Crystal Cox was DENIED a right to counterclaim these violations of her rights and was ordered to file a separate claim against other defendants and still denied the right to counterclaim her former attorney Plaintiff Marc J. Randazza who harassingly sued COX

Upon knowledge and belief, Defendant Crystal L. Cox alleges that she has been DENIED a lawful, constitutinoal right to a "neutral and detached judge." and this has acted to diminish public trust in the judicial system, which requires confidence in the impartiality of judges.

"The two principal statutes dealing with judicial recusal are 28 U.S.C. § 144, "Bias or prejudice of judge," and 28 U.S.C. § 455, "Disqualification of justice, judge, or magistrate." The relationship between the two has been a source of some confusion. While section 455 substantially overlaps and subsumes section 144, there are some important differences. First, section 144 aims exclusively at actual bias or prejudice, whereas section 455 deals not only with actual bias as well as other specific conflicts of interest, but also with the appearance of partiality. Second, section 144 is triggered by a party's affidavit, whereas section 455 not only may be invoked by motion but also requires judges to recuse sua sponte where appropriate. Third, section 144 applies only to district judges while section 455 covers "any justice, judge, or magistrate of the United States."

There is a third, little-noted recusal statute, 28 U.S.C. § 47, that applies only to appellate judges (or trial judges sitting by designation on appellate panels). This statute provides that "[n]o judge shall hear or determine an appeal from the decision of a case or issue tried by him,"3 thereby prohibiting a recently promoted appellate judge from hearing an appeal of a case that the judge tried. "

". Personal Bias, Prejudice, or Knowledge: Section 455(b)(1)
Subsection 455(b)(1) requires a judge to disqualify himself
"[w]here he has a personal bias or prejudice concerning a party, or
personal knowledge of disputed evidentiary facts concerning the
proceeding." The standard for determining disqualification is
"whether a reasonable person would be convinced the judge was
biased."1 4 "Recusal under Section 455(b)(1) 'is required only if actual bias or prejudice is
proved by compelling evidence.'"

The Seventh Circuit Court of Appeals held that section 455(b)(1) required recusal where a judge who was briefed privately by a panel of experts declined to inform the parties about the briefing's contents. The court acknowledged that section 455 is primarily concerned with knowledge gained "outside a courthouse"; however, knowledge acquired in a judicial capacity typically "enters the record and may be controverted or tested by the tools of the adversary process. . . . Off-the-record briefings in chambers, by contrast, leave no trace in the record—and in this case the judge has forbidden any attempt at reconstruction. . . .
This is 'personal' knowledge . ."

AND

"Connected to "Matter in Controversy": Section 455(b)(2)

Subsection 455(b)(2) requires disqualification "[w]here in private
practice [the judge] served as a lawyer in the matter in controversy,
or a lawyer with whom he previously practiced law served during
such association as a lawyer concerning the matter, or the judge or
such lawyer has been a material witness concerning it."

The "matter in controversy" has been defined broadly by courts
of appeals, requiring recusal even in cases where the matter under
consideration seemed separate from the earlier case. For example,
in In re Rogers defendants were charged with using unlawful
means to secure passage of a bill in the state legislature.

A former law partner of the trial judge had represented a company in its own
efforts to get the bill passed. Defendants planned to argue that their conduct was no more
culpable than that of the company represented by the judge's former partner, whom they planned

to call as a witness. Holding that recusal was required under section 455(b)(2), the Fourth Circuit observed that "the actual case before the court consists of more than the charges brought by the government. It also includes the defense asserted by the accused. Here, this defense, in part at least, will consist of matters in which the judge's former partner served as lawyer."

**( Source of Prior / Above Quotes, Analysis of Case Law Under 28 U.S.C. §§ 455 & 144 Federal Judicial Center 2002, Exhibit A3, hereby incorporated as an exhibit in it's entirety.)**

For centuries, impartiality has been a defining feature of the AngloAmerican judge's role in the administration of justice. The reason is clear: in a constitutional order grounded in the rule of law, it is imperative that judges make decisions according to law, unclouded by personal bias or conflicts of interest. Accordingly, upon ascending the bench, every federal judge takes an oath to "faithfully and impartially discharge and perform all the duties" of judicial office;1
 and the Due Process Clause of the Fourteenth Amendment to the United States Constitution has been construed to guarantee litigants the right to a "neutral and detached," or impartial, judge.

Moreover, in a democratic republic in which the legitimacy of government depends on the consent and approval of the governed, public confidence in the administration of justice is indispensable. It is not enough that judges be impartial; the public must perceive them to be so. The Code of Conduct for United States Judges therefore admonishes judges to "act at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary" and to "avoid impropriety and the appearance of impropriety in all activities."

When the impartiality of a judge is in doubt, the appropriate remedy is to disqualify that judge from hearing further proceedings in the matter. In Caperton v. A.T. Massey Coal Co.,a case concerning disqualification of a state supreme court justice, the U.S. Supreme Court reaffirmed that litigants have a due process right to an impartial judge, and that under circumstances in which judicial bias was probable, due process required disqualification. The Court noted, however, that disqualification rules may be and often are more rigorous than the Due Process Clause requires. So it is with disqualification requirements for federal judges, which require disqualification when a judge's impartiality "might reasonably be questioned."

AND

"In 1792, the U.S. Congress enacted legislation that was the precursor to U.S.C. § 455. This legislation codified the common law by calling for disqualification of a district judge who was "concerned in interest," but added that a judge could also be disqualified if he "has been of counsel for either party."10 The statute was expanded in 1821 to require disqualification when relatives of the judge appeared as parties.

In 1891, Congress enacted legislation, later codified at 28 U.S.C. § 47, forbidding a judge from hearing the appeal of a case that the judge tried.12 In 1911, the precursor to § 455 was further amended to require disqualification when the judge was a material witness in the case.13 That same year, Congress enacted new legislation (later codified as 28 U.S.C. § 144) entitling a party to secure the disqualification of a judge by submitting an affidavit that the judge has "a personal bias or prejudice" against the affiant or for the opposing party. A decade later, in Berger v. United States, 14 the Supreme Court interpreted this statute to prohibit a judge from ruling on the truth of matters asserted in such an affidavit, and to require automatic disqualification if the affidavit was facially sufficient.

In 1927, the Supreme Court added a constitutional dimension to the law of disqualification. In Tumey v. Ohio, 15 the Court invalidated, on due process grounds, an Ohio statute that authorized a judge to preside over cases in which the judge would receive court costs assessed against convicted (but not acquitted) defendants.

By the mid-twentieth century, common-law aversion to judicial bias as grounds for disqualification continued to exert considerable influence. Section 455 remained silent as to bias. Section 144, while ostensibly enabling a party to disqualify a district judge simply by submitting an affidavit alleging personal bias, had been construed exactingly by the courts of appeals, as Professor John Frank explained at the time:

**Source of above quotes, Exhibit A5 hereby incorporated fully, "Judicial Disqualification: An Analysis of Federal Law Second Edition Charles Gardner Geyh"**

## Relief Requested of this Court

The Removal / Disqualification of Judge Gloria Navarro from this case..

Contacting all appropriate review agencies and authorities under this matter, and informing them on this situation in it's entirety.

Allow Defendant Cox a counterclaim naming her accuser, her Former attorney Plaintiff Marc Randazza, Randazza Legal Group. And  Judge Gloria Navarro.

Grant Defendant Cox all remedies and relief allowed by law.

Order that Judge Gloria Navarro adhere to the constitutional rights of Defendant Cox and allow Defendant Cox all remedies and relief allowed by law regarding the damage done by the unconstitutional, unlawful rulings of  Judge Gloria Navarro in favor of, and based on the stated word of Defendant Cox's former attorney Plaintiff Marc Randazza, Randazza Legal Group.

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was filed using this Court's CM/ECF system **On April 30th 2013**.

Respectfully Submitted
Pro Se Defendant
Pro Se Counter Plaintiff
Crystal L. Cox
**Case 2:12-cv-02040-GMN-PAL**