```
1  Ronald D. Green, NV Bar #7360
   Randazza Legal Group
2  6525 W. Warm Springs Road, Suite 100
   Las Vegas, NV 89118
3  888-667-1113
4  305-437-7662 fax
   ecf@randazza.com
5
   Attorney for Plaintiffs
6  MARC J. RANDAZZA, JENNIFER RANDAZZA, and NATALIA RANDAZZA
```

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| MARC J. RANDAZZA, an individual, JENNIFER RANDAZZA, an individual, and NATALIA RANDAZZA, a minor,<br><br>Plaintiffs,<br><br>vs.<br><br>CRYSTAL COX, an individual, and ELIOT BERNSTEIN, an individual,<br><br>Defendants. | Case No. 2:12-cv-02040-GMN-PAL<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANT CRYSTAL COX'S MOTION TO RECONSIDER COUNTER COMPLAINT DISMISSAL AND LEAVE TO AMEND COUNTER COMPLAINT TO MEET COURT SPECIFICATIONS (ECF 116)** |

Plaintiffs Marc J. Randazza, Jennifer Randazza, and Natalia Randazza, through counsel, hereby submit their Opposition to Defendant Crystal Cox's Motion to Reconsider Counter Complaint Dismissal and Leave to Amend Counter Complaint to Meet Court Specifications (ECF 116).

"Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993); see Fed. R. Civ. P. 59(e); see also Fed. R. Civ. P. 60(b). Ms. Cox does not identify any basis for her request for reconsideration, and no such issues exist in this case.

Furthermore, Defendant's motion is not timely under Rule 59(e) of the Federal Rules of Civil Procedure. Rule 59(e) states that a motion to alter or amend a judgment must be filed "no later than 28 days after the entry of judgment." Fed. R. Civ. P. 59(e). The Court issued its Order striking Cox's amended counter complaint (ECF 89) on February 22, 2013. Cox filed her Motion to Reconsider on April 25, 2013, 62 days after the order. Therefore, Cox's motion was not timely, and the motion for reconsideration should be denied.

In issuing its denial, the Court should address ECF 69, Plaintiffs' motion to revoke Cox's electronic filing privileges. If Cox were represented by counsel, she would have been subject to sanctions for the instant filing. Rather than burden the Court with Rule 11 motion after Rule 11 motion (and such motions would be proper), Plaintiffs have sought the minimal sanction of the revocation of Cox's ECF privileges. This might be a light sanction, but it is also one that will likely discourage on her unnecessary and abusive multiplication of these proceedings. Plaintiffs therefore respectfully request that the Court deny Defendant Cox's motion and grant ECF 69.

Dated: May 1, 2013        Respectfully submitted,

[signature]

Ronald D. Green, NV Bar #7360
Randazza Legal Group
6525 W. Warm Springs Road, Suite 100
Las Vegas, NV 89118
888-667-1113; 305-437-7662 fax
ecf@randazza.com

# CERTIFICATE OF SERVICE

Pursuant to the Federal Rules of Civil Procedure 5(b), I hereby certify that the foregoing document was filed using this Court's CM/ECF system on May 1, 2013.

Dated: May 1, 2013

Respectfully Submitted,

*/s/ Laura M. Tucker*

Laura M. Tucker
Law Clerk
ecf@randazza.com
Randazza Legal Group
6525 W. Warm Springs Rd., Suite 100
Las Vegas, NV 89118
(888) 667-1113
(305) 437-7662 fax