Crystal L. Cox
Pro Se Counter Plaintiff
Case 2:12-cv-02040-GMN-PAL
SavvyBroker@Yahoo.com

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA
Case 2:12-cv-02040-GMN-PAL

Counter Plaintiff Crystal L. Cox

Reply to Response to Motion to Reconsider
Counter Complaint Dismissal
and leave to amend counter complaint to meet court specifications

Counter Defendant Marc J. Randazza,

Defendant / Counter Plaintiff Crystal Cox realleges and fully incorporates all paragraphs from all motions in Case 2:12-cv-02040-GMN-PAL in their entirety.

Defendant / Counter Plaintiff Crystal Cox moves this court to allow Defendant Cox to have her counterclaims heard, and ruled upon fairly and impartially.

Defendant Crystal Cox moves this court to treat Pro Se Defendant Cox equally to that of Plaintiff Las Vegas Attorney Marc Randazza.

Motion to Dismiss Standards: FED. R. CIV. P. 12(b)(6) The standards this court must utilize upon a motion to dismiss are well known. This court will dismiss a cause of action for a failure to state a claim only when it appears beyond a doubt that the counter plaintiff can prove no set of facts that would entitle legal relief or when an issue of law is dispositive. See Ford v. West, 222 F.3d 767, 771 (10th Cir. 2000); Robinson v. Kansas, 117 F. Supp.2d 124, 1129 (D. Kan. 2000). All well-pleaded facts and the reasonable inferences derived from those facts are viewed in the light most favorable to counter plaintiff. See Ford, 222 F.3d at 771; Davis v. United Student Aid Funds, Inc., 45 F. Supp.2d 1104, 1106 (D. Kan. 1998).

Conclusory allegations, however, have no bearing upon this court's consideration. See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991) (stating that "conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based"); Overton v. United States, 74 F. Supp. 2d 1034, 1041 (D. N.M. 1999) (citing Dunn

v. White, 880 F.2d 1188, 1190 (10th Cir. 1989)). In the end, the issue is not whether counter plaintiff Cox will ultimately prevail, but whether she is entitled to offer evidence to support her counterclaims in District of Nevada Case 2:12-cv-02040-GMN-PAL. It is a matter of law, due process, and constitutional rights.

Counter Plaintiff / Defendant Crystal Cox does have valid counter claims and has a legal right to fight back, to counter claim her accuser, which was her attorney in related matters. Upon knowledge and belief, this court has no lawful reason to not allow Cox to counterclaim her accuser in this Nevad SLAPP suit, filed frivolously that cost the court massive time and money, and has ruined the life, reputation and business of Plaintiff Cox, as well as has ruined her quality of life.

## Pro Se Status

It has long been the rule that pro se pleadings must be liberally construed. See Hall v. Bellmon, 935 F.2d 1106, 1110 & n.3 (10th Cir. 1991); Hill v. Corrections Corp. of America, 14 F. Supp.2d 1235, 1237 (D. Kan. 1998).

**Plaintiff appears in this action "In Propria Persona" and asks that her points and authorities relied upon herein, and issues raised herein, must be addressed "on the merits" and not simply on her Pro Se Status.**

Oftentimes courts do not take Pro Se Litigants serious. I, Plaintiff Crystal Cox wish to be taken serious and to not have my allegation dismissed.

"Court errs if court dismisses pro se litigant without instructions of how pleadings are deficient and how to repair pleadings." Plaskey v CIA, 953 F .2nd 25. The Court granted such leniency, or "liberal construction," to pro se pleadings against the backdrop of Conley v. Gibson's undemanding "no set of facts" standard. ( See Conley v. Gibson, 355 U.S. 41, 45-46 (1957) ("[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."), abrogated by Bell Atl. Corp. v. Twombly, 550 U.S. 544, 561-63 (2007). This standard epitomized the notice-pleading regime envisioned by the drafters of the Federal Rules, who emphasized discovery as the stage at which a claim's true merit would come to light, rather than pleading. See Christopher M. Fairman, The Myth of Notice Pleading, 45 ARIZ. L. REV. 987, 990 (2003) ("With merits determination as the goal, the Federal Rules create a new procedural system that massively deemphasizes the role of pleadings.").

The Court's failure to explain how pro se pleadings are to be liberally construed. ( See Bacharach & Entzeroth, supra note 7, at 29-30 (asserting that because the Supreme Court never defined the "degree of relaxation" afforded pro se pleadings in comparison to the liberal notice pleading standard applicable to all litigants, lower courts adopted different iterations of the rule).  ~ .. indicates its belief that the standard was already lenient enough to render a detailed articulation of the practice unnecessary to prevent premature dismissal of meritorious cases. However, with Bell Atlantic Corp. v. Twombly ( 550 U.S. 544 (2007). and Ashcroft v. Iqbal ( 129 S. Ct. 1937 (2009) retiring the "no set of facts" standard and ratifying the means by which lower courts dismissed more disfavored cases under Conley,

( See generally Richard L. Marcus, The Revival of Fact Pleading Under the Federal Rules of Civil Procedure, 86 COLUM. L. REV. 433, 435-37 (1986) (explaining how the reemergence of fact pleading resulted from lower courts' refusals to accept conclusory allegations as sufficient under the Federal Rules in particular categories of suits).

.. liberal construction as presently practiced is not—if it ever was—sufficient to protect pro se litigants' access to courts. The new plausibility standard ( See Twombly, 550 U.S. at 570 (requiring a complaint to allege "enough facts to state a claim to relief that is plausible on its face").. with which courts now determine the adequacy of complaints disproportionately harms pro se litigants. ( See Patricia W. Hatamyar, The Tao of Pleading: Do Twombly and Iqbal Matter Empirically?, 59 AM. U. L. REV. 553, 615 (2010) (observing a substantially greater increase in the rate of dismissal of pro se suits than represented suits post-Iqbal).

"Pro se complaint[s], 'however inartfully pleaded,' [are] held to 'less stringent standards than formal pleadings drafted by lawyers. ( Estelle v. Gamble, 429 U.S. 97, 106 (1976) (quoting Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (per curiam)).

HAINES v. KERNER, ET AL. 404 U.S. 519, 92 S. Ct. 594, 30 L. Ed. 2d 652. Whatever may be the limits on the scope of inquiry of courts into the internal administration of prisons, allegations such as those asserted by petitioner, however inartfully pleaded, are sufficient to call for the opportunity to offer supporting evidence. We cannot say with assurance that under the allegations of the pro se complaint, which we hold to less stringent standards than formal pleadings drafted by lawyers, it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). See Dioguardi v. Durning, 139 F.2d 774 (CA2 1944).

ESTELLE, CORRECTIONS DIRECTOR, ET AL. v. GAMBLE 29 U.S. 97, 97 S. Ct. 285, 50 L. Ed. 2d 251. We now consider whether respondent's complaint states a cognizable 1983 claim. The handwritten pro se document is to be liberally construed. As the Court unanimously held in Haines v. Kerner, 404 U.S. 519 (1972), a pro se complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Id., at 520-521, quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)

BALDWIN COUNTY WELCOME CENTER v. BROWN 466 U.S. 147, 104 S. Ct. 1723, 80 L. Ed. 2d 196, 52 U.S.L.W. 3751. Rule 8(f) provides that " pleadings shall be so construed as to do substantial justice." We frequently have stated that pro se pleadings are to be given a liberal construction.

HUGHES v. ROWE ET AL. 449 U.S. 5, 101 S. Ct. 173, 66 L. Ed. 2d 163, 49 U.S.L.W. 3346. Petitioner's complaint, like most prisoner complaints filed in the Northern District of Illinois, was not prepared by counsel. It is settled law that the allegations of such a complaint, "however inartfully pleaded" are held "to less stringent standards than formal pleadings drafted by lawyers, see Haines v. Kerner, 404 U.S. 519, 520 (1972). See also Maclin v. Paulson, 627 F.2d 83, 86 (CA7 1980); French v. Heyne, 547 F.2d 994, 996 (CA7 1976). Such a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Haines, supra, at 520-521. And, of course, the allegations of the complaint are generally taken as true for purposes of a motion to dismiss. Cruz v. Beto, 405 U.S. 319, 322 (1972).

Both the right to proceed pro se and liberal pleading standards reflect the modern civil legal system's emphasis on protecting access to courts. ( See, e.g., Phillips v. Cnty. of Allegheny, 515 F.3d 224, 230 (3d Cir. 2008) ("Few issues . . . are more significant than pleading standards, which are the key that opens access to courts."); Drew A. Swank, In Defense of Rules and Roles: The Need to Curb Extreme Forms of Pro Se Assistance and Accommodation in Litigation, 54 AM. U. L. REV. 1537, 1546 (2005) (noting that "[o]pen access to the courts for all citizens" is one of the principles upon which the right to prosecute one's own case is founded).

**Self-representation has firm roots in the notion that all individuals, no matter their status or wealth, are entitled to air grievances for which they may be entitled to relief.** ( See Swank, supra note 1, at 1546 (discussing the importance of self-representation to the fundamental precept of equality before the law).

Access, then, must not be contingent upon retaining counsel, lest the entitlement become a mere privilege denied to certain segments of society. Similarly, because pleading is the gateway by which litigants access federal courts, the drafters of the Federal Rules of Civil Procedure purposefully eschewed strict sufficiency standards.  ( See Proceedings of the Institute on Federal Rules (1938) (statement of Edgar Tolman),  reprinted in RULES OF CIVIL PROCEDURE FOR THE DISTRICT COURTS OF THE UNITED STATES 301-13 (William W. Dawson ed., 1938).

In their place, the drafters instituted a regime in which a complaint quite easily entitled its author to discovery in order to prevent dismissal of cases before litigants have had an adequate opportunity to demonstrate their merit.  ( See Mark Herrmann, James M. Beck & Stephen B. Burbank, Debate, Plausible Denial: Should Congress Overrule Twombly and Iqbal? 158 U. PA. L. REV. PENNUMBRA 141, 148 (2009), (Burbank, Rebuttal) (asserting that the drafters of the Federal Rules objected to a technical pleading regime because it would "too often cut[] off adjudication on the merits").

Recognizing that transsubstantive pleading standards do not sufficiently account for the capability differential between represented and unrepresented litigants, the Supreme Court fashioned a rule of special solicitude for pro se pleadings. ( See Robert Bacharach & Lyn Entzeroth, Judicial Advocacy in Pro Se Litigation: A Return to Neutrality, 42 IND. L.REV. 19, 22-26 (2009) (noting that courts created ways to ensure that meritorious pro se suits would not be dismissed simply because the litigants lacked legal knowledge and experience, one of which was liberal construction).

Far from just articulating a common systemic value, though, the right to prosecute one's own case without assistance of counsel in fact depends significantly upon liberal pleading standards. ( Cf. Charles E. Clark, The New Federal Rules of Civil Procedure: The Last Phase— Underlying Philosophy Embodied in Some of the Basic Provisions of the New Procedure, 23 A.B.A. J. 976, 976-77 (1937) (commenting that liberal pleading rules were necessary to mitigate information asymmetries between plaintiffs and defendants that often led to premature dismissal of suits).

Notably, in no suits are such information asymmetries more apparent than those in which pro se litigants sue represented adversaries. These types of suits comprise the vast majority in which pro se litigants appear. Cf. Jonathan D. Rosenbloom, Exploring Methods to Improve Management and Fairness in Pro Se Cases:

A Study of the Pro Se Docket in the Southern District of New York, 30 FORDHAM URB. L.J. 305, 323 (showing that the majority of pro se cases involve unrepresented plaintiffs who sue governmental defendants).

Plaintiff appears in this action **"In Propria Persona"** and asks that her points and authorities relied upon herein, and issues raised herein, must be addressed **"on the merits"**, Sanders v United States, 373 US 1, at 16, 17 (1963); and addressed with "clarity and particularity", McCleskey v Zant, 111 S. Ct. 1454, at 1470-71 (1991); and afforded " a full and fair" evidentiary hearing, Townsend v Sain, 372 U.S.293, at p.1 (1962).

See also Pickering v Pennsylvania Railroad Co., 151 F.2d 240 (3d Cir. 1945).

Pleadings of the Plaintiff SHALL NOT BE dismissed for lack of form or failure of process.

All the pleadings are as any reasonable man/woman would understand, and: "And be it further enacted. That no summons, writ, declaration, return, process, judgment, or other proceedings in civil cases in any of the courts or the United States, shall be abated, arrested, quashed or reversed, for any defect or want of form, but the said courts respectively shall proceed and give judgment according as the right of the cause and matter in law shall appear unto them, without regarding any imperfections, defects or want of form in such writ, declaration, or other pleading, returns process, judgment, or course of proceeding whatsoever, except those only in cases of demurrer, which the party demurring shall specially sit down and express together with his demurrer as the cause thereof.

And the said courts respectively shall and may, by virtue of this act, from time to time, amend all and every such imperfections, defects and wants of form, other than those only which the party demurring shall express as aforesaid, and may at any, time, permit either of the parties to amend any defect in the process of pleadings upon such conditions as the said courts respectively shall in their discretion, and by their rules prescribe (a)" *Judiciary Act of September 24, 1789*, Section 342, FIRST CONGRESS, Sess. 1, ch. 20, 1789.

**Upon knowledge and belief Plaintiff Marc Randazza and Attorney Ronald Green have lied to this court about and in regard to Defendant Crystal Cox and Cox has a right to counterclaim for the damages caused to her.**

It is a fact that Defendant Cox was not convicted of, on trial for, or under investigation for extortion, yet this court and Plaintiff have issued documents, filings, and rulings that flat out accuse Cox of the crime of Extortion. Defendant Cox has a right to counterclaim these allegations, and the damage caused to her by these FALSE and defamatory statements posted to a third party concerning Cox.

Extortion is a crime, this court has erred in accusing COX of a crime in motions and rulings regarding a civil matter. This court has clearly favored Las Vegas attorneys at Randazza Legal Group.  Plaintiff has committed fraud on this court and used this court and judge as his personal media service to ruin the life of an ex client posting negative comments about him.

**All without the First Amendment Rights of COX considered by this court.**

It is a fact that Defendant Cox never had a blog regarding Randazza's child, nor did Cox publish a word regarding the child. Yet Plaintiff Randazza used this lie to retaliate against Cox and has the world believing that Cox is a monster of sorts. He has ruined the life of Cox and Plaintiff Marc Randazza and Randazza Legal Group are LIABLE for the damage they caused their former client Pro Se Litigant Crystal Cox.

It is a fact that Plaintiff owned the domain of his daughter when he filed this fraud on the courts to attack a former client. This court should sanction Las Vegas Attorney, Plaintiff Marc Randazza and his attorney Ron Green of Randazza Legal Group (PLAINTIFF'S Law Firm)

Upon knowledge and belief It should be clear to this court by now that Plaintiff has caused Defendant Crystal Cox harm, life endangerment, financial damage, reputation damage and had been involved in abuse of process and abuse of the courts to retaliate against Defendant Cox.

Defendant Crystal Cox is allowed by law to counter sue her accuser, and moves this court to obey the law and to judge on this matter impartially and fairly.

The district court has committed clear error in not allowing Defendant Cox her legal right to counterclaim her accuser, her former attorney in related matters.

Cox has a legal right to counterclaim as a matter of rules of procedure, US
Codes and the Constitution of the United States.

Also note, Plaintiff Claims Defendant Cox's motion is untimely, however, that is not true, and also note that per RULE 46. OBJECTING TO A RULING OR ORDER, Defendant Cox can object to any ruling at any time, in which Defendant Cox intends to file regarding every unconstitutional, unlawful order and ruling in this case. As, by LAW she has a right to.

RULE 46. OBJECTING TO A RULING OR ORDER

"A formal exception to a ruling or order is unnecessary. When the ruling or order is requested or made, a party need only state the action that it wants the court to take or objects to, along with the grounds for the request or objection. Failing to object does not prejudice a party who had no opportunity to do so when the ruling or order was made."

Defendant, Counter Plaintiff Crystal Cox's constitutional rights trump the rights of this court. Defendant Cox is not a resident of Nevada and federal laws apply in this matter, Cox has a RIGHT to counterclaim by law. This court has violated Cox's rights and gave massive intellectual property to Plaintiff without First Amendment Adjudication, without due process, and and total violation of Cox's rights.

Defendant, Counter Plaintiff Crystal Cox has a right to file and be heard on her counterclaims and to be awarded all available relief allowed by law.

Plaintiff AGAIN requests my electronic services are denied, this way Plaintiff can have quick court access to defame me, violate my rights and do as he pleases, while I would have to print out and mail all documents. I have a right to represent myself in this matter, at least until, should this court appoint me impartial counsel, til then I have a right to file motions and documents per the rules and procedure, and it is UNFAIR to make me mail these documents, however, if this court denies electronic access then I will print and mail, the court clerk will have load after processing, picking up mail and all the steps, time and money involved. It will not stop Cox from exercising her rights to due process, and it is unfair for Plaintiff to ask this court to further take away rights of Pro Se Litigant Crystal Cox. And at the expense of the Courts and a poor Pro Se Defendant.

Upon Knowledge and belief, Pro Se Litigant Crystal Cox has filed motions to investigate Plaintiff, motions to sanction Plaintiff and his attorney, motions for protective orders and none have thus been ruled on. Yet Plaintiff now suggests sanctions against me, or my attorney should I have one. Meanwhile, the law firm that has my secret, privileged information and represented me has set out to torment and ruin me 17 months and counting and this court has thus far been the servant of Plaintiff Marc Randazza, a powerful las vegas law firm.

I, Pro Se Litigant Crystal Cox, guarantee Plaintiff's unconstitutional rights violating attorney Ronald D. Green that a "light sanction" of revoking my electronic privilege will not stop me from doing what is right, ethical, constitutional and lawful. Even if I have to beg for change in front of the grocery store to mail my motions, I will still file and I will still stand up for my legal rights.

I intend to file complaints with the Ninth judicial committee, the attorney general and the department of justice. I will not be "discouraged" by a SANCTION. I am telling the TRUTH, have obeyed the law and PLAINTIFF and his law firm do not have the right o ruin me, torment me, discredit me, defame me. I have a legal, constitutional right to FIGHT BACK and I shall.

I, Pro Se Litigant Crystal Cox am very serious about standing up for my rights in this case, no matter how many papers I have to beg people to help me pay to mail. I, Pro Se Litigant Crystal Cox will be appealing to the Ninth as soon as this unconstitutional case is finalized, and I, Pro Se Litigant Crystal Cox will not be "discouraged" by a bit of paper. It will simply cost the court, me and the environment more.

Plaintiff ATTORNEY Marc Randazza and his ATTORNEY Ronald Green, BOTH of Randazza Legal Group are ABSOLUTELY wrong if they believe that removing electronic access will free them from the law, justice, and the constitutional rights of their victims.

Plaintiff ATTORNEY Marc Randazza and his ATTORNEY Ronald Green, BOTH of Randazza Legal Group should be sanctions as they have lied to this court, abused their power, defamed Cox and violated her rights over and over.

Plaintiff ATTORNEY Marc Randazza and his ATTORNEY Ronald Green, BOTH of Randazza Legal Group have lied to this court, stated falsehoods that this court took as fact and sued to ruin the life, online media and reputation

Counter Plaintiff / Defendant Crystal Cox respectfully moves this court to obey the law, the rules of procedure, the bill of rights and the constitution and to GRANT Cox her right to file a counter complaint as is her constitutional right by LAW.

Counter Plaintiff / Defendant Crystal Cox moves this court to allow her counterclaims and her motion for summary judgement regarding counterclaims, as a matter of law and constitutional rights.

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was filed using this Court's CM/ECF system **On May 5th 2013**.

Respectfully Submitted
Pro Se Defendant
Pro Se Counter Plaintiff
Crystal L. Cox
**Case 2:12-cv-02040-GMN-PAL**