Ronald D. Green, NV Bar #7360
Randazza Legal Group
6525 W. Warm Springs Road, Suite 100
Las Vegas, NV 89118
888-667-1113
305-437-7662 fax
ecf@randazza.com

Attorney for Plaintiffs
MARC J. RANDAZZA, JENNIFER RANDAZZA, and NATALIA RANDAZZA

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| MARC J. RANDAZZA, an individual, JENNIFER RANDAZZA, an individual, and NATALIA RANDAZZA, a minor,<br><br>  Plaintiffs,<br><br>  vs.<br><br>CRYSTAL COX, an individual, and ELIOT BERNSTEIN, an individual,<br><br>  Defendants. | Case No. 2:12-cv-02040-GMN-PAL<br><br>**PLAINTIFFS' OPPOSITION TO ECF DEFENDANT CRYSTAL COX'S MOTION FOR CLARIFICATION ON DEFENDANT'S MEDIA STATUS (ECF 121); MOTION TO RECONSIDER JUDGE NAVARRO'S RECUSAL (ECF 122); AND SECOND MOTION TO PROCEED IN FORMA PAUPERIS (ECF 125)** |

Plaintiffs Marc J. Randazza, Jennifer Randazza, and Natalia Randazza, through counsel, hereby submit their opposition to Defendant Crystal Cox's Motion for Clarification on Defendant's Media Status (ECF 121); Defendant Crystal Cox's Motion to Reconsider Judge Navarro's Recusal (ECF 122); and Defendant Crystal Cox's Second Motion to Proceed In Forma Pauperis (ECF 125). Plaintiffs respectfully request the Court deny Cox's Motions. Plaintiffs combine their oppositions in order to create fewer entries in the docket.

### Motion for Clarification on Defendant's Media Status (ECF 121)

The Motion is nonsensical and should be disregarded and denied, much like many of the repetitive documents that Cox has placed in this docket. Furthermore, Cox has misleadingly titled this and many other documents she has filed with the Court in order to create confusion as to what

relief she is actually requesting. The docket entry "Motion for Miscellaneous Relief" makes no sense at best and is intentionally misleading at worst.

Plaintiffs remind the Court of ECF 69 in which they requested that this Honorable Court revoke Cox's electronic filing privileges. Plaintiffs believe that, because Cox has no barrier at all to multiplying these proceedings, she will continue to do so. Even the simple impediment of requiring her to print out her pleadings and mail them will likely have a greatly moderating effect upon this exploding docket. (Plaintiffs further remind the Court of ECF 75 in which this case has been fully briefed for summary judgment. Plaintiffs thus request that the entire case be dispensed with, and the multiplying proceedings put to rest with an order on that motion).

Even if the Court determines that Cox's Motion actually articulates a request for relief, Cox's media status has no bearing on any of the claims currently before the Court. When a decision would consider "contingent future events that may or may not occur as anticipated" or may not occur at all, the issue is not fit for a decision. *Addington v. U.S. Airline Pilots Ass'n*, 606 F.3d 1174, 1179 (9th Cir. 2010). Federal courts may not issue advisory opinions. *Michigan v. Long*, 463 U.S. 1032, 1042 (1983).

Because Defendant Cox's issue has no application to the current controversy, it is not appropriate for consideration in this Court. The Nevada statutes Defendant Cox cites do not apply to the instant suit. The Nevada Shield Law, NRS 49.275, may be used as an affirmative defense and establishes a privilege for members of the media who have been asked to disclose information related to their sources or gathered in the course of a media investigation. This privilege has nothing to do with the instant suit, which is a simple and properly pled trademark and cybersquatting case. Neither the Court nor Plaintiffs have demanded that Cox release any information about sources or information she gathered for a news purpose. Therefore, this statute has no application to the current controversy. Cox requests an impermissible advisory opinion that calls for clarification on an issue that very likely will not arise in this suit at all. Whether Cox is a media defendant has no bearing on the trademark issues at the heart of this dispute. Additionally, if the Court declines to address this issue, Cox will not suffer a direct and immediate hardship, as

neither the Court nor Plaintiffs have requested any information that would be barred from disclosure by Cox's media status.

For the foregoing reasons, Plaintiffs respectfully request the Court deny Defendant's Motion for Clarification (ECF 121) and issue an order on Plaintiffs' Motion Revoke Defendant Cox's ECF privileges (ECF 69).

## Motion to Reconsider and Motion to Proceed In Forma Pauperis

Defendant's Motion to Reconsider Judge Navarro's Recusal and Second Motion to Proceed In Forma Pauperis have been submitted to and decided by this Court *multiple times*. (See ECF 20, 44, 49, 81, 96, 97, 104, filed by Cox for the Hon. Navarro's recusal; and ECF 70, 72, 91, 93, 103, filed by Cox requesting to proceed in forma pauperis).

If Cox were an attorney, her conduct would be sanctionable to the point of dismissal. Because Cox is pro se, Plaintiffs will refrain from requesting sanctions at this time, but ask that the Court admonish Cox that she may not file multiple motions asking for relief that already has been denied. If Cox continues to file repeated motions with the same request—even if they are titled differently but ask for the same relief—Plaintiffs will not hesitate to ask for sanctions going forward.

Because the Court previously denied these motions (see ECF 41, 86 (denying motions to recuse) and ECF 94 (denying motion to proceed in forma pauperis)), Plaintiffs respectfully request the Court deny Defendant's Motion to Reconsider Judge Navarro's Recusal (ECF 122) and Defendant Motion to Proceed In Forma Pauperis (ECF 125).

Dated: May 13, 2013

Respectfully submitted,

*[signature]*

Ronald D. Green, NV Bar #7360
Randazza Legal Group
6525 W. Warm Springs Road, Suite 100
Las Vegas, NV 89118
888-667-1113; 305-437-7662 fax
ecf@randazza.com

3
*Opposition to ECF 121, 122, and 125*

# CERTIFICATE OF SERVICE

Pursuant to the Federal Rules of Civil Procedure 5(b), I hereby certify that the foregoing document was filed using this Court's CM/ECF system on May 13, 2013.

Dated: May 13, 2013

Respectfully Submitted,

Laura M. Tucker
Law Clerk
ecf@randazza.com
Randazza Legal Group
6525 W. Warm Springs Rd., Suite 100
Las Vegas, NV 89118
(888) 667-1113
(305) 437-7662 fax