# Exhibit A
# Part 2

Defendant Peter L. Michaelson, Panelist for Defendant WIPO then issued an international WIPO publication in which published false and defamatory statements to a third party concerning Plaintiff Crystal Cox and accusing her of the crime of extortion.

Then, Defendant Tracy Coenen published false and defamatory statements to a third party concerning Plaintiff Crystal Cox and the false and defamatory statements made by Defendant Peter L. Michaelson. "The WIPO decision stated that the domain names were registered and used in bad faith by Cox, who was attempting to extort Randazza and confuse consumers".

**Defendant Tracy Coenen article titled, "Stopping Crystal Cox's Harassment and Extortion" dated 7 December 2012.**

On top of this article is a copyrighted picture of Plaintiff Crystal Cox taken by Defendant Tracy Coenen and on the picture of Plaintiff Crystal Cox's fact, the words read "Extortionist Crystal Cox", the JPEG file is titled, "crystal-cox-blogger-extortion", and is thereby picked up by the search engine as such.

The picture is defamatory and false statements made to a third party concerning Plaintiff Cox and therefore Defendant Tracy Coenen is liable for damages to Plaintiff Crystal Cox.

**False and Defamatory Statement made by Defendant Tracy Coenen;**

"She offered Randazza "reputation management services," whereby she would refrain from posting defamatory things about him on her websites if Randazza paid her enough. That, my friends, is extortion."

This is a false and defamatory statement concerning Plaintiff Cox. Plaintiff Cox did not state to Defendant Randazza that if he paid her she would refrain from posting defamatory statements, this is not true. Tracy Coenen flat out claims that Plaintiff Cox is guilty of extortion. Tracy Coenen is a fraud analyst and has a greater duty of care to Plaintiff Cox.

**False and Defamatory Statement made by Defendant Tracy Coenen;**

"First she started her extortion plot against Randazza, asking him to pay her a large sum of money, and posting defamatory content on marcrandazza.com when he refused. Cox then registered at least 31 more domain names with all or part of the names of plaintiffs. Defamatory content was added to those websites in an attempt to damage Randazza's reputation and mislead those who might be using a search engine to find Marc Randazza.

Crystal Cox's pricetag to stop the Randazza madness? $5 million. And she told the public that she'd keep registering domain names related to Randazza's name unless a court stopped her from doing so.

Marc Randazza and his family have sued to stop Cox from cybersquatting via domain names that include Randazza's name. And they have nicely outlined some of the interesting tactics Cox has used to terrorize them and others:

'As Cox targets many other individuals with her extortion scheme, the intent to profit is clear. Cox, on information and belief, when targeting other individuals, shows them what she is doing to [Randazza] and his family and uses this as a basis to extract or attempt to extract extortion fees from other third parties.'

"Randazza also says that Cox tried to stop him from testifying in a deposition related to one of the lawsuits against Cox."

This is a false and defamatory statement concerning Plaintiff Cox. The above quote is maliciously false and defamatory. Plaintiff Cox did not ask for money from Randazza. Plaintiff Cox did not terrorize Randazza. Plaintiff Cox exercised her first amendment right to criticize Defendant Randazza. The above statement is filled with false and defamatory statements published to a third party concerning Plaintiff Cox.

**False and Defamatory Statement made by Defendant Tracy Coenen;**

Defendant Tracy Coenen article titled, "Crystal Cox: Still an Extortionist"
6 December 2012.

"You may recall that earlier this year, Crystal Cox was up to her old tricks of defaming people on the internet, and offering them "reputation management services," whereby for a nice sum of money she would remove the negative things she wrote about those individuals.

Cox went after Marc Randazza after becoming angry with him over his potential representation of her in another case involving extortion. The original case was noteworthy, not so much because it demonstrated Cox's fondness for attempting to destroy reputations and then offering to repair those reputations for a large sum of money, but because the judge ruled that Crystal Cox is not a journalist. (This is not to be confused with "bloggers are not journalists," which some people incorrectly reported after a key decision in the case. The decision was only that **blogger Crystal Cox** is not a journalist.)

In attempting to destroy Marc Randazza's reputation, Cox bought up a bunch of domain names associated with him, such as marcrandazza.com. Predictably, she offered "reputation management services," whereby if Marc agreed to pay her every month, she would not post reputation-destroying content about him on her websites.

Cox denied that she was trying to extort money from Randazza, writing on one of her sites (yes, this is verbatim, odd capitalization and all):

This is a false and defamatory statement concerning Plaintiff Cox.

**False and Defamatory Statement made by Defendant Tracy Coenen;**

"An arbitration panel issued a decision in favor of Marc Randazza, and has ordered that the domain names marcjohnrandazza.com, marcjrandazza.com, marcrandazza.com, marcrandazza.biz, marcrandazza.info and marcrandazza.mobi be transferred to him.

In that decision, the arbitration panel discusses the extortionist activities of Crystal Cox (emphasis mine):

Such websites are not "criticism sites" but merely a pretext for [Cox]'s bad faith

35

**extortionate** use.

[snip]

Third, [Cox] attempted to commercially benefit from registration of these names by offering "reputation management" services to [Randazza] – through baiting [Randazza] into an **extortionate scheme**. Specifically, once [Randazza] declined her "reputation management" services, [Cox] then registered domain names that contained not only [Randazza]'s surname, but also the personal names of his wife and three year old daughter, and then included falsehoods about [Randazza] on her websites to which the domain names resolved. [Cox] would then eliminate such sites, and hence the ensuing injury to [Randazza]'s reputation, only if [Randazza] would purchase her "reputation management" services. Further, [Cox] repeatedly engaged in the same general type of **extortionate conduct** by offering her "reputation management" services to others, including as her targets various business people and third-party attorneys, thus reflecting a pattern of such conduct.

[snip]

Furthermore, [Cox]'s actions in registering and using the disputed domain names may appear, at a first glance, to simply be a vehicle through which she provides advertising through pay-per-click sites, but on slightly closer examination are actually components of an artifice intended to **extort** funds from [Randazza] and thus a pretext for a rather egregious variant of cybersquatting. As such, none of those actions can or will serve as a predicate upon which [Cox] can lawfully develop any rights or legitimate interests in any of the disputed domain names.

[snip]

In any event, for purposes of the Policy the Panel finds [Cox]'s intention, as reflected by

the record, was never to solely provide, through her websites, speech critical of [Randazza]. Rather, her objective in both registering and using the disputed names was apparently to engage in a rather sinister and tenacious scheme to **extort** money from [Randazza]. Specifically, [Cox] first posted negative and false commentary on her websites that was intentionally calculated to injure [Randazza]'s on-line reputation and disrupt [Randazza]'s business conducted through his law firm. Thereafter, [Cox] used those sites in a manner that apparently optimized their ranking on the Google search engine in order to increase their visibility and prominence on search results yielded through a Google search of [Randazza], thus likely exacerbating the injury caused to [Randazza]. Once all this occurred, [Cox] then offered her reputational management services to [Randazza] through which, for a considerable fee, she would remediate [Randazza]'s on-line reputation by eliminating all the negative and false commentary of her own making and presumably also ceasing her use of the disputed domain names. Basically, for a price, she would undo the injury to [Randazza] for which she was responsible for having created in the first place. This egregious conduct clearly constitutes bad faith under the Policy.

So there you have it. Another discussion of Crystal Cox that concludes she was trying to extort people, not be an "investigative blogger" or "reputation manager" as she would have you believe."

This is a false and defamatory statement concerning Plaintiff Cox. It is not a defense that Tracy Coenen republished these statements, she is liable for posting false and defamatory statements even if she posts them from another blog / website.

**False and Defamatory Statement made by Defendant Tracy Coenen;**

Defendant Tracy Coenen article titled "Crystal Cox, Extortionist? You Decide"
Dated April 4, 2012

"the story began to focus on acts by investigative blogger Crystal Cox that appeared to be extortionate. Namely, Cox smeared Kevin Padrick and Obsidian Finance using domain names like obsidianfinancesucks.blogspot.com and kevinpadrick.com, then offered to provide them "reputation management services" " he implication was clear: pay me into infinity and I will

37

remove what I posted about you."

This is a false and defamatory statement concerning Plaintiff Cox.

**False and Defamatory Statement made by Defendant Tracy Coenen;**

Defendant Tracy Coenen article titled, ""Investigative Journalist" Crystal Cox Attacks Attorney Kevin D. Padrick", Dated March 31st 2012.

"It gets even better. Crystal Cox then attempted to extort Kevin D. Padrick and Obsidian Finance by offering to provide services to "protect online reputations" for a fee of $2,500 per month. Translation: "Pay me to take down the defamatory material.""

**This is a false and defamatory statement concerning Plaintiff Cox.**

"Crystal Cox is hell-bent on destroying people who don't give in to her wishes. She has now gone after Marc Randazza, an attorney she begged to help her with an appeal in the Obsidian case, even going after Marc's wife and three year old daughter." "This tells you what kind of woman we are dealing with: Crystal Cox attacked Marc's innocent wife and three year old daughter."

**This is a false and defamatory statement concerning Plaintiff Cox. It is** not a defense in a court of law the Defendant Marc Randazza told her this and she believed it and posted it, it is false and defamatory.

Nor is it a defense that Defendant Kashmir Hill posted that Plaintiff Cox had a blog about a three year old, or attacked a 3 year old. The only defense against defamation is fact, and there is no way that Defendant Tracy Coenen can prove that Plaintiff Cox extorted Defendant Randazza, had a blog about a three year old, attacked a three year

old, was involved in a shakedown, is an extortionist, or was on trial for extortion as Defendant Tracy Coenen stated / published to a third party concerning Plaintiff Cox.

Reposting false and defamatory statements is still defamation.

## Allegations of False and Defamatory Statements published to a third party concerning Plaintiff Crystal Cox made by Defendant Jordan Rushie, Defendant Mulvihill and Rushie LLC

Article on Philly Law Blog, by Jordan Rushie, Titled " The Evolution of Crystal Cox: Anatomy of a Scammer", dated, April 3rd 2012.

### Defendant Jordan Rushie, Defendant Mulvihill and Rushie LLC False and Defamatory Statements published to a third party concerning Cox.

"The trial transcript in Obsidian v. Cox is also now available. At trial, several expert witnesses testified that Kevin Padrick acted entirely appropriately in the Summit bankruptcy. Padrick also explained that when a company goes bankrupt, the money doesn't get taxed when it goes to the trust. This is because taxing the money when it went into the trust would essentially be taxing Summit's creditors, who are the victims, for the misdeeds of Summit. The testimony went uncontroverted."

This is false and defamatory. There were not several expert witnesses that stated that "Kevin Padrick acted entirely appropriately in the Summit bankruptcy". In a 1031 exchange company the creditors most certainly do owe tax if the exchange is not completed properly. The "victims" were parties in the middle of an IRS code 1031 exchange, it was ALL a tax based business and tax issue. Defendant Jordan Rushie has stated falsehoods and painted Plaintiff Cox in false and defamatory light.

Also one must note that there were eternally emails between many attorneys, and the Department of Justice, in which made the allegations of tax issues with not paying the taxes appropriate of a 1031.



Also note The testimony was also not uncontroverted, as I, Plaintiff Cox provided over 500 documents of proof. This is a false and defamatory statement to a third party concerning Cox.

Crystal L. Cox, Plaintiff, is a Real Estate Broker, essentially an expert herself on a 1031 Exchange.

**Defendant Jordan Rushie, Defendant Mulvihill and Rushie LLC False and Defamatory Statements published to a third party concerning Cox.**

"This is how Crystal Cox's scam works generally: Cox calls herself an investigative blogger / journalist. She posts a bunch of negative stuff about you on the internet. Then she buys a bunch of domain names about you, your family, and your business to make sure all her posts are at the top of a Google search. But lucky for you, Cox also happens to be a "reputation management specialist." Cox then offers to sell you "reputation management services" to clean it all up to the tune of $2500 a month.

As Carlos Miller aptly put it, Crystal Cox "is the cyber equivalent of the mob goons who firebomb your business, before demanding protection money.""
"You may remember that over the weekend I wrote a piece about Crystal Cox, when Cox went after Marc Randazza's three year old daughter after offering to sell Randazza "reputation management" services which he declined.

Yes, you read that right – apparently Crystal Cox went after a three year old when Randazza wouldn't buy reputation management services."

This is a false and defamatory statement concerning Plaintiff Cox. Defendant Rushie flat out lies about Plaintiff Cox. Cox has never offered reputation services as an extortionary tactic. Plaintiff Cox has never asked for protection money nor went after a three year old. This is false and defamatory statements concerning Plaintiff Cox made to a third party by Defendant Jordan Rushie.

"The truth is that this is the "Crystal Cox is not a journalist story because Cox tried to shake down people down and got burned for it" case."

This is a false and defamatory statement concerning Plaintiff Cox.

Defendant Jordan Rushie is an attorney, and therefore has a greater duty of care to not mislead the public as to what the Obsidian v. Cox case was about. Defendant Jordan Rushie insinuates that the Crystal Cox case was about a shakedown, when it was about a $40 million bankruptcy and where the money went once the trustee took over. The blog post in which Cox was on trial for was a financial matter regarding a bankruptcy of a 1031 exchange company. This case was not about a shakedown, nor accusations of one. In fact the email that Defendant Jordan Rushie insinuates is extortionary, was sent a month after the blog post Cox was on trial for and AFTER Cox was sued and had nothing to do with why Cox was on trial.

"Marc Randazza wrote about what Cox did to his wife and 3 year old child. Popehat helped lead the charge to the truth. The New York Times and Forbes followed suit by writing the truth about Crystal Cox – that making defamatory posts and then demanding money for "reputation management" to take it down is not protected speech. David Carr, a writer for the New York Times specifically wrote a piece about how Cox tried the scam on him. Heroically, blogger Kashmir Hill wouldn't be silenced when it comes to Crystal Cox, and neither would the Salty Droid or our friends over at the Fraud Files blog."

This is a false and defamatory statement concerning Plaintiff Cox. Defendants acted in conspiracy to defame Plaintiff Cox. This statement paints a false and defamatory picture that an anti-corruption blogger, an advocated for victims of corruption has some sort of scam to buy domain names and then write false statements and charge a fee to remove those statements. This is not fact. This is a false and defamatory statement concerning Plaintiff Cox.

"David Aman, Kevin Padrick's attorney, sent a cease and desist letter to Cox on December 22, 2010. Padrick and Obsidian finally filed a lawsuit against Cox alleging defamation on January 14, 2011 in connection with those websites.

Shockingly, on January 19, 2011, just a few days after suit was filed, Cox offered Padrick and Obsidian, through their attorney David Aman, an offer to purchase her reputation

management services:
Presumably, the offer was declined."

This is a false and defamatory statement concerning Plaintiff Cox. Defendant Rushie
seems to know that the email was AFTER the lawsuit was filed, yet accuses Cox of
extortion. Defendant Rushie paints Cox in false and defamatory light. Defendant Rushie
leaves out the surrounding emails which detail the offer and it was a settlement negotiation
to end the threat of litigation and STOP the 10 million dollar lawsuit against Cox.

**Allegations of False and Defamatory Statements published to a third party**
**concerning Plaintiff Crystal Cox made by Defendant Forbes Inc., Defendant**
**Kashmir Hill**

**Article, Exhibit C, Dated 7th, 2011, Titled "Why An Investment Firm Was Awarded**
**$2.5 Million After Being Defamed By Blogger"**

Defendant Forbes Inc., Defendant Kashmir Hill was negligent in posting the following false
and defamatory statement in internationally published Forbes Inc. Publications.

Defendant Forbes Inc., Defendant Kashmir Hill's first false and defamatory publication
was, Dated 7th, 2011, Titled "Why An Investment Firm Was Awarded $2.5 Million After
Being Defamed By Blogger"

False and Defamatory Statements published to a third party concerning Plaintiff Crystal
Cox made by Defendant Kashmir Hill.

"This has led to a slew of angry stories, pointing out that bloggers are journalists. But these
stories have not dug deeply enough. The facts in the case are far more complicated, and
after hearing them, most journalists will not want to include Cox in their camp."


AND


"This story is not like that of Johnny Northside Hoff, the Minneapolis blogger who was
(unfairly) ordered to pay $60,000 to a university employee after a truthful post about
mortgage fraud led to his firing."

AND

"If you Google Crystal Cox's work about Obsidian Financial Group, you will find a host of websites full of erratic writing about the firm's allegedly unethical practices, with domain names like "obsidianfinancialsucks.com." She mainly directed her ire at firm principal Kevin Padrick. His search results are ruined — dominated by posts on websites Cox created, such as "bankruptcytrustfraud.com,"

AND

" Obsidian's tech team found dozens of sites that appeared to have been created by Cox to write about Obsidian, says Padrick, and over 1,900 others that she had created to write about other people and companies. This is not the work of a journalist, but the work of someone intent on destroying reputations."

AND

"Cox contacted Obsidian and offered them "reputation services." Padrick sent along a copy of an email that Cox sent to his attorney:

**David Aman**

| | |
|---|---|
| **From:** | Crystal L. Cox [savvybroker@yahoo.com] |
| **Sent:** | Wednesday, January 19, 2011 2:23 PM |
| **To:** | David Aman |
| **Subject:** | From Crystal L. Cox |

Hello David, I hope this eMail finds you doing well. All said and done, looks like Summit boys going to and Well I don't think that Kevin acted with the Highest of Integrity.. however at this Point in my Life it i to Think of Me.

So I want to Let you know and Obsidian Finance that I am now offering PR Services and Search Engine Management Services starting at $2500 a month to promote Law Firms... Finance Companies.. and to pro online reputations and promote businesses..

Please Let me know if Tonkon Torp or Obsidian Finance is interested in this service..

thanks for your time..


in Love and Light



**Crystal L. Cox**
Investigative Blogger
Real Estate Broker Owner -


After a failed attempt to get the Oregon Attorney General to investigate Cox, Obsidian filed a defamation case in January 2011, and Padrick first met Cox on the first day of the trial."


AND


"Obsidian's lawyers had asked for a million dollars. The jury awarded Obsidian and Patrick $2.5 million."

**False and Defamatory Statements published to a third party concerning Plaintiff Crystal Cox made by Defendant Forbes Inc., Defendant Kashmir Hill**

Defendant Forbes Inc., Defendant Kashmir Hill article dated, April 2nd 2012, Titled "Ugly New Reputation - Smearing Tactic; Going After a Toddler's Internet Footprint",

Plaintiff Cox never wrote a word about this "Toddler", nor did Plaintiff Cox go "after a Toddler's Internet Footprint".

Defendant Forbes Inc., Defendant Kashmir Hill was negligent in posting the following false and defamatory statement in internationally published Forbes Inc. Publications

Defendant Forbes Inc., Defendant Kashmir Hill's second false and defamatory publication

""Obsidian's lawyers had asked for a million dollars. The jury awarded Obsidian and Patrick $2.5 million."

AND

"After Obsidian sued Cox, she contacted them offering her "reputation services;" for $2,500 a month she could "fix" the firm's reputation and help promote its business. (In some circles, we call that "extortion."

AND

"the judge clarifying that bloggers can be journalists, but that Cox is a serial harasser, not a journalist.)"

AND

"Another lawyer, Marc Randazza, had also spoken with Cox about her case; after deciding not to work with him, Cox sent him an email letting him know that she "needed to make money" and was willing to offer him her reputation management services. In fact, she had already bought his domain name (marcrandazza.com). Randazza writes on his blog:

Apparently I was not sufficiently threatened by this tactic, so Cox went on to register:

fuckmarcrandazza.com, marcrandazzasucks.com, marcjrandazza.com, marcjohnrandazza.com

She also registered a great many Blogger accounts bearing my name, including markrandazza.blogger.com.

via Judge rules, again, that blogger Crystal Cox is not a journalist. You know why? Because she ISN'T a journalist. « The Legal Satyricon."


AND

"(For disclosure's sake, I should mention that Cox also began blogging about me repeatedly around this time using the same tactics she used on Obsidian and Padrick, because I was the first to write a critical article about her tactics. When David Carr of the New York Times followed suit he also attracted her ire. "

AND

"She bought the domain name for Marc's wife, Jennifer Randazza (and has already started dominating her first page of Google results with her hyperbolic posts). When Randazza still wouldn't buy her services Cox moved on to a younger member of the family:

When this didn't get the desired response, Cox turned to a place where even the lowest of the low would not stoop — she focused her stalkerish attention on my three-year-old daughter and registered NataliaRandazza.com.


via Judge rules, again, that blogger Crystal Cox is not a journalist. You know why?

Because she ISN'T a journalist. « The Legal Satyricon."

AND

"The search engine results for **three-year-old** Natalia Randazza are at this time dominated by content from her father, including a 'the baby has arrived' blog post with accompanying wrinkly newborn photo and a few YouTube baby videos (classics like "Natalia's first bath"). There's also a page by some confused data grabber that suggests Natalia and Marc Randazza are business associates. Perhaps due to the negative attention Cox took down the content she had started publishing on the nataliarandazza.com site.

Randazza's struggle with Cox is representative of a much larger battle being waged on the Internet pitting free speech against our rights to protect our reputations. Randazza, a lawyer who has in his career fought to protect lots of troubling speech, understands this tension more than most. Yet he writes:

> Fortunately, I had a large enough public reputation and the Google juice to withstand her attacks.

> Kevin Padrick didn't have that luxury.
> Other people won't have that luxury.
> My three year old daughter doesn't have that luxury...

> There is no doubt that the blogging community needs as many protections as it can get, and I believe many bloggers who I read, talk to and work with would qualify for protection under Oregon's shield statute. Crystal Cox did not, does not, and cannot advance this goal. If the blogging community wishes to stand among those with the title of "journalist," then it must reject people like Crystal Cox, and relegate them to their own bizarre, obsessive and child-targeting corner of the Internet.

> She is not one of us.

She harms us.

via Judge rules, again, that blogger Crystal Cox is not a journalist. You know why? Because she ISN'T a journalist. « The Legal Satyricon.

Cox is an outlier. Her tactics are extreme ones. But we do now live in a world where money can be made from ruining reputations and then offering to fix them."

"How do we draw the line between speech rights and digital forms of extortion?"

**Allegations of False and Defamatory Statements published to a third party concerning Plaintiff Crystal Cox made by Defendant David Coursey, Defendant Forbes.**

Defendant David Coursey, Dated 3/29/2012. Titled, "Are Bloggers Really Journalists? Not If They Ask For Money"

"Are Bloggers Really Journalists? Not If They Ask For Money"

This is a false and defamatory statement concerning Plaintiff Cox, published to a third party.

" anyone who supported Cox as a "member of the media" could look pretty foolish. When I read her blogs, I thought they were suspiciously over-the-top for journalism and "hinky" besides. The latter being a technical term I learned in newsrooms that describes something that doesn't seem right but you can't immediately figure out why and as a result stay away from reporting.

If what Judge Hernandez describes as true, Crystal Cox is not a journalist."

This is a false and defamatory statement concerning Plaintiff Cox, published to a third party. Defendant David Coursey cannot prove this statement true of Plaintiff Cox.

"The bigger point — and this was apparently not known previously — was the shake-down aspect of the case which, if true, violates every standard that a real journalist — regardless of medium — holds dear."

This is a false and defamatory statement concerning Plaintiff Cox, published to a third party. There was no shakedown. Defendant David Coursey knowingly posted these false and defamatory statements.

" This is an example of where journalism and pornography are both hard to define, but I know them when I see them."

This is a false and defamatory statement concerning Plaintiff Cox, published to a third party

**Allegations of False and Defamatory Statements published to a third party concerning Plaintiff Crystal Cox made by Defendant Peter L. Michaelson, Defendant WIPO.**

Marc J. Randazza v. Cox, Bernstein, WIPO Case No. D2012-1525, Publication Date November 30th, 2012.

**In WIPO Decision Case No. D2012-1525, Defendant Peter L. Michaelson states the following false and defamatory statements regarding Plaintiff Cox to a third party:**

"Respondent's actions in registering and using the disputed domain names may appear, at a first glance, to simply be a vehicle through which she provides advertising through pay-per-click sites, but on slightly closer examination are actually components of an artifice intended to extort funds from the Complainant and thus a pretext for a rather egregious variant of cybersquatting. As such, none of those actions can or will serve as a predicate upon which the Respondent can lawfully develop any rights or legitimate interests in any of the disputed domain names."

Defendant Peter L. Michaelson can only use truth as a defense in a defamation lawsuit, and Defendant Peter L. Michaelson cannot prove that Plaintiff Cox profited from said domains, had pay per click ads in which she profited from, and "intended to extort funds". Defendant Peter L. Michaelson cannot prove that Plaintiff Cox is guilty of cybersquatting regarding said domain names. Nor can Defendant Peter L. Michaelson cannot prove that



Plaintiff Cox had criminal intent. As he states that Plaintiff Cox had actions that predicate that are not lawful and therefore Cox is engaged in unlawful actions with said domain names and therefore not entitled to ownership of the domain names. This is false and defamatory and suggest that Plaintiff Cox was involved in criminal, unlawful activity of which Plaintiff Cox was not.

Defendant Peter L. Michaelson is accusing Plaintiff Cox of the crime of intending to extort funds. Defendant Peter L. Michaelson did not perform an investigation, nor did he file a criminal complaint and allow Plaintiff Cox due process of law, in order for a court of law to convict Plaintiff Cox, instead Defendant Peter L. Michaelson, a New Jersey, New York Attorney, simply flat out stated that Plaintiff Cox "intended to extort funds". Plaintiff Cox NEVER intent to extort funds and did NOT extort funds.

**In WIPO Decision Case No. D2012-1525, Defendant Peter L. Michaelson states the following false and defamatory statements regarding Plaintiff Cox to a third party:**

"the Respondent's intention, as reflected by the record, was never to solely provide, through her websites, speech critical of the Complainant. Rather, her objective in both registering and using the disputed names was apparently to engage in a rather sinister and tenacious scheme to extort money from the Complainant."

Defendant Peter L. Michaelson published false statements regarding what the record shows and the "intentions" of Plaintiff Cox. Defendant Peter L. Michaelson accuses Plaintiff Cox of criminal activity and of being guilty of, somehow previously convicted of a "scheme" to "extort money".

Defendant Peter L. Michaelson has no way of "truth as defense", as Plaintiff Cox is not involved in an extortion scheme, nor has Plaintiff Cox been convicted by a court of law of extortion. It is not enough that Defendant Peter L. Michaelson may claim that Defendant Marc Randazza told him he was extorted by Plaintiff Cox. Nor is it a defense that Defendant Forbes Defendant New York Times, Defendant Jordan Rush published that Plaintiff Cox was guilty of extortion. It is a fact that Plaintiff Cox has not been under investigation for extortion, charged with the CRIME of extortion or convicted of extortion.



**In WIPO Decision Case No. D2012-1525, Defendant Peter L. Michaelson states the following false and defamatory statements regarding Plaintiff Cox to a third party:**

"Specifically, the Respondent first posted negative and false commentary on her websites that was intentionally calculated to injure the Complainant's on-line reputation and disrupt the Complainant's business conducted through his law firm. Thereafter, the Respondent used those sites in a manner that apparently optimized their ranking on the Google search engine in order to increase their visibility and prominence on search results yielded through a Google search of the Complainant, thus likely exacerbating the injury caused to the Complainant."

Defendant Peter L. Michaelson published false statements regarding the "Respondent", Plaintiff Cox, "posted negative and false commentary on her websites that was intentionally calculated to injure the Complainant's on-line reputation and disrupt the Complainant's business conducted through his law firm". Defendant Peter L. Michaelson has no way of "truth as defense", as Plaintiff Cox did not intentionally calculate to injure. Plaintiff Cox was well within her First Amendment right to criticize her former attorney Defendant Marc Randazza and to criticize his law firm of whom she had personal experience with. Plaintiff Crystal Cox has every right to Rank higher in the search engines then Complainant Defendant Marc Randazza and his law firm Defendant Randazza Legal Group.


**In WIPO Decision Case No. D2012-1525, Defendant Peter L. Michaelson states the following false and defamatory statements regarding Plaintiff Cox to a third party:**

"Once all this occurred, the Respondent then offered her reputational management services to the Complainant through which, for a considerable fee, she would remediate the Complainant's on-line reputation by eliminating all the negative and false commentary of her own making and presumably also ceasing her use of the disputed domain names. Basically, for a price, she would undo the injury to the Complainant for which she was responsible for having created in the first place. This egregious conduct clearly constitutes bad faith under the Policy."

Defendant Peter L. Michaelson, known to be "buddies" with Defendant Marc Randazza such as INTA members reported to Plaintiff Cox, intentionally, knowingly published false and defamatory statement to a third party concerning Plaintiff Cox.

WIPO Panelist Defendant Peter L. Michaelson has stated false and defamatory statements to a third party concerning Plaintiff Cox involved in "bad faith" and offering to eliminate "all

the negative and false commentary of her own making and presumably also ceasing her use of the disputed domain names. Basically, for a price, she would undo the injury to the Complainant for which she was responsible for having created in the first place."

Defendant Peter L. Michaelson has accused Plaintiff Cox of criminal behavior in which Plaintiff Cox did not partake in. Defendant Peter L. Michaelson published to a global third party that Plaintiff Cox was engaged in criminal activity.

Defendant Peter L. Michaelson cannot use truth as a defense, as Plaintiff Cox had not published any reviews regarding Defendant Marc Randazza, good or bad, and then AFTER these postings ask for a payment of any kind to remove anything that she had posted. That simply NEVER happened. Defendant Peter L. Michaelson published these false and defamatory statements to a third party concerning Plaintiff Cox with actual knowledge of the fact that they were not true. As there was no record of any online postings by Plaintiff Cox in any way regarding Defendant Marc Randazza prior to asking for any kind of job, and Plaintiff Cox never asked for money to remove negative or false commentary, that she had made prior, this never happened and proof does not exist.

**In WIPO Decision Case No. D2012-1525, Defendant Peter L. Michaelson states the following false and defamatory statements regarding Plaintiff Cox to a third party:**

"Third, the Respondent attempted to commercially benefit from registration of these names by offering "reputation management" services to the Complainant – through baiting the Complainant into an extortionate scheme."

This is a false and defamatory statement concerning Plaintiff Cox, published to a third party. Plaintiff Cox did not attempt to commercial benefit and was not engaged in an "extortionate scheme".

**In WIPO Decision Case No. D2012-1525, Defendant Peter L. Michaelson states the following false and defamatory statements regarding Plaintiff Cox to a third party:**

"Specifically, once the Complainant declined her "reputation management" services, the Respondent then registered domain names that contained not only the Complainant's surname, but also the personal names of his wife and three year old daughter, and then

included falsehoods about the Complainant on her websites to which the domain names resolved."

This is a false and defamatory statement concerning Plaintiff Cox, published to a third party.

**Allegations of False and Defamatory Statements published to a third party concerning Plaintiff Crystal Cox made by Defendant Jason Jones of the Salty Droid Blog**

Defendant Jason Jones emailed Plaintiff Cox just after her trial and threatened to use whatever means necessary if she did not do as he wished her to do with her Obsidain v. Cox case appeal.

Below is from that eMail Thread

**"live to fight another day"**

**"I'm going to be inserting myself into this situation one way or another ... negotiating peace by pressuring both parties would be my first choice ... but there are other choices."**

**"From:** saltydroid <saltydroid@gmail.com>
**To:** Crystal@CrystalCox.com
**Sent:** Friday, December 9, 2011 4:28 PM
**Subject:** Complaint

Crystal ::

Can I see the complaint in the case please?

Also :: can you give me the elevator pitch for what the bad actions of Obsidian and Kevin Padrick have been? Off the record.

Did you try to get some pro bono help before you filed your response?

SaltyDroid "

"**From:** saltydroid <saltydroid@gmail.com>
**To:** Crystal L. Cox <savvybroker@yahoo.com>
**Sent:** Tuesday, December 13, 2011 1:57 AM
**Subject:** Re: Complaint

i guess you forgot about me. it's strange ... people so rarely do.

On Fri, Dec 9, 2011 at 9:53 PM, Crystal L. Cox <savvybroker@yahoo.com> wrote:
No I did not try to get pro bono, it all happened fast and at a bad time.
I will forward you documents tomorrow, if i forget please email me, so much is going on..
I am starting a new blog to focus for folks who just learn it..
thank you for emailing me. .. i appreciate you..
**Crystal L. Cox**

**From:** saltydroid <saltydroid@gmail.com>
**To:** Crystal L. Cox <savvybroker@yahoo.com>
**Sent:** Tuesday, December 13, 2011 2:24 PM
**Subject:** Re: Complaint

Hmmm.

I wonder ... if things are bad for you right now ... then why are you escalating and compounding your attacks? I don't fancy that's a very good idea.

Before I was an "investigative blogger" as you say, I was a lawyer. I think it is quite shocking that the court didn't apply the New York Times v. Sullivan standard in your case. It freaked me out when I first saw it ... but once I looked at the details **I understood.**

Crystal I think there's a very, very, good chance this will **end with you going to jail.** Having "Reputation Manager" and "Investigative Blogger" both in your signature line kinda tells the whole story. **Those two jobs are opposites** ... doing them both is hell-a like extortion. Add that to the fact that you're attacking members of the bar ... a court appointed member of the bar no less ... and the fact that your case got all this press that didn't tell the whole story and made the court system look silly ... things are prolly much worse for you right now than you think. You're going to force them {the government} to do something {the only way they ever do anything is when they're forced}.

You should stop not helping yourself as soon as possible.

Any chance you'd want **to negotiate the end** of this fiasco? You take down all your sites about Kevin and Obsidian and walk away into the sunset ... live to fight another day. Then they turn around and walk away as well without pressing the judgement or giving you any further issues ... avoiding establishing such a horrible precedent for free speech. I don't know if they'd do that but if you offered and they refused they'd look unreasonable.

**I'm going to be inserting myself into this situation one way or another ...** negotiating peace by pressuring both parties would be my first choice ... **but there are other choices.**

jason"


**The Salty Droid Article, "Crystal Cox's 5th Amendment Rights", Dated April 3 2012, written by Jason Jones.**

"The real The Crystal Cox Story is about local law enforcement's repeated failure to stop someone who obviously needed to be stopped."

This is a false and defamatory statement concerning Plaintiff Cox, published to a third party.


"You can count on one hand the number of people who wrote good stories about how extorting productive citizens shouldn't really count as journalism."

This is a false and defamatory statement concerning Plaintiff Cox, published to a third party.

"forcing Crystal Cox Investigative Cyber Extortionist to do what any hero of free speech would do"

"Thing is :: Crystal Dipshit is right about that. The Internet is currently being used for extortion on a grand scale …"

""Nothing but respect" does not describe my feelings about defending criminal-non-speech as speech …"

"There's a legal cliché about free speech not extending to shouting fire in crowded theatre … it also doesn't extend to telling the theatre owner that if she doesn't pay you $2500 per month you're going to shout fire during every weekend showing of Hunger Games. That's crime not speech … it needs to be stopped not protected.

The fight for free speech on the Internet is going to be about perception … not precedent. Most people are silenced by the threat of expensive litigation before anybody starts cracking the goddamn precedent … because the perception battle is being badly lost. It's the temperature of the chilling effect that will determine how much of the new people power will be boot stomped back underground … and how much will survive to change the world."

This is a false and defamatory statement concerning Plaintiff Cox, published to a third party.

The Salty Droid Article, "Crystal Cox :: iS nOt a BLOgGER", December 14th, 2011.

Defendant Jason Jones Reposted the Forbes email and insinuated extortion.

Reposting false and defamatory statements is not protected speech.

The Salty Droid Article, "The Crystallization Method" Dated April 14th 2013, written by Jason Jones.

"Extortion is one of the categories of online speech in serious need of a chilling effect. You're not exactly the best example of it {whAt with your inAnity And All} :: but close enough"

This is a false and defamatory statement concerning Plaintiff Cox, published to a third party.

The Salty Droid Article, "The Trillion Dollar Trial of the Millennium" Dated March 21, 2013,

"Bernstein's got himself a top lawyer to handle the case too :: gal goes by the name of Cox ... Crystal L. Cox."

This is a false and defamatory statement concerning Plaintiff Cox, published to a third party.

"Cox lost a lawsuit that seemed to have implications for free speech :: but turned out to be about cyber-extortion instead. 1st Amendment lawyer Marc Randazza was going to help out with the case :: but then he didn't."


**Allegations of False and Defamatory Statements published to a third party concerning Plaintiff Crystal Cox made by Defendant Roxanne Grinage**

Upon Knowledge and Belief, Roxanne Grinage published defamatory statements concerning Cox to third party Bruce Sewell, APPLE General Counsel, Former Intel General Counsel AND to APPLE PR executive Steve Dowling.


Roxanne Grinage false and defamatory statements published to a third party concerning Plaintiff Cox.

http://www.hirelyrics.org/hirelyricscopyrighttrademarkcasestudies.html#.UXWNRbVJO9U

" Victims of Eliot Bernstein and Crystal Cox Cyber Extortion and Domain Name Defamation Schemes Justice is Alive and Well."


This is a false and defamatory statement concerning Plaintiff Cox, published to a third party.


"FREE SPEECH ALL GOOD UNTIL 30 BUSINESS LEADERS TELL THE TRUTH ABOUT

CRYSTAL COX AND ELIOT BERNSTEIN CYBER EXTORTION SCHEMES"

This is a false and defamatory statement concerning Plaintiff Cox, published to a third party. Plaintiff Cox is not guilty of Extortion, this is a false and defamatory statement.

"Feb 17 2013 CNNireport HireLyrics: Free Speech All Good Until 30 Business Leaders Tell The Truth About Eliot Bernstein Crystal Cox Cyber Extortion Schemes."

This is a false and defamatory statement concerning Plaintiff Cox, published to a third party. Plaintiff Cox is not guilty of Extortion, this is a false and defamatory statement.

"seeking to bring our own charges against the Scam Blogger already adjudged $2.5M civilly liable/guilty in the Oregon Federal Court Kevin Padrick vs. Obsidian Financial for acquiring domain names of business people posting abusive and defamatory content, trying to sell them her reputation management services $2,500.00 per month to not publish defamatory content"

This is a false and defamatory statement concerning Plaintiff Cox, published to a third party. Plaintiff Cox is not guilty of Extortion, this is a false and defamatory statement.

"Executives Steven Dowling and Bruce Sewell essentially warning them that the defamatory content they are posting on Bernstein and Cox owned stevedowling.com and brucesewell.net "will continue unless you pay us some money" ......."Eliot Bernstein and Crystal Cox attempt and massive con job with public opinion and post on Reverend Crystal Cox owned asking for tips to be sent to CrystalCox.com which is owned by Eliot Bernstein that the reason Cox and Bernstein couldn't get Apple to pay them is because of something Roxanne Grinage did which is to say on November 9th 2012 "DON'T PUT MY NAME ON ANY OF BERNSTEIN AND COX'S EXTORTION CRAP."

This is a false and defamatory statement concerning Plaintiff Cox, published to a third party. Plaintiff Cox is not guilty of Extortion, this is a false and defamatory statement. Plaintiff Cox never threatened to defame anyone EVER, if they did not pay money. This is maliciously false.

"Crystal Cox is running around the country demanding jury trials, selling her domains to Eliot Bernstein to hide her assets from having to pay the $2.5M Obsidian Financial v Cox Defamation Judgment; "

This is a false and defamatory statement concerning Plaintiff Cox, published to a third

party. Defendant Grinage accuses Plaintiff Cox of a Crime of hiding assets, of which is not factual. Defendant Grinage has knowingly posted this false and defamatory statement.

"01/14/13 Roxanne Grinage HireLyrics Administrative Services U.S. Citizens Public Docket Notice of Appearance and Certificate Service and Disclaimer in re Federal Trademark Lawsuit Randazza et al vs Crystal Cox and Eliot Bernstein USDC NV Case No. 2-12-cv-02040-GMN-PAL"

The above links to a Notice of Appearance and Certificate of Service and claimi to be filed on 1/14/2013 however this document was never filed in District of Nevada Case 2:12-cv-02040-GMN-PAL. This is a false and defamatory statement concerning Plaintiff Cox.

Upon Knowledge and Belief, Defendant Grinage states she filed this document and alleges to be part of a federal case, yet it is a matter of record, that this document is not on the docket for District of Nevada Case 2:12-cv-02040-GMN-PAL. This is a fraudulent statement.

"... posting her abusive and defamatory content at cyber extortion domains owned by Crystal Cox and Eliot Bernstein"

This is a false and defamatory statement concerning Plaintiff Cox, published to a third party.

"Your complaint filed 11/28/2012 in U.S. District Court of Nevada, against Bernstein and Cox and my review of the docket report through yesterday, confirm for me that I have first-hand irrefutable evidence against Eliot Bernstein that may assist law enforcement in learning Eliot Bernstein is the sinister coward criminal mind behind a not too smart Crystal Cox who has sold some of her domains to Eliot Bernstein to hide her assets and posts the defamatory content about Apple Executives and now roxannegrinage.com after I told Eliot Bernstein and Crystal Cox on November 9, 2012 to get my name off of email(s) to Apple Executives Bruce Sewell and Steven Dowling that had anything to do with demanding money from anyone based on the threat of posting defamatory content on domains named for real people. "

This is a false and defamatory statement concerning Plaintiff Cox, published to a third party.

"The truth is that Eliot Bernstein is backing Cox because Cox is alienated and ostracized by

responsible bloggers, journalists and certainly all professionals transacting any legitimate business. Eliot Bernstein is the criminal mastermind behind what I see now on hind sight and review of two five inch expandable redwells of printed file materials, a 1.5 inch three ring binder and 2 4.7GB DVD Data Discs, document and audio files"

This is a false and defamatory statement concerning Plaintiff Cox, published to a third party.

"I am not too worried about Crystal Cox because as my husband pointed out she is just running all over the country abusing internet consumer audience reach to pick one fight after the next with anyone who won't succumb to Eliot Bernstein's and her extortion by domain defamation schemes. She is spread way too thin and has not realized that Eliot Bernstein sits back comfortably watching her go on one kamikaze mission after the next: Defamation of Obsidian Financial people, Defamation of Apple Executives; Defamation of People and their families even children are fair game for Cox; offering to not defame people if you pay her $2,500 per month for reputation management services; breaking all kinds of laws like practicing law without a license....Cox speaks in court pleadings in pro se voice for herself but represents Eliot Bernstein Iviewit interests as well. "

This is a false and defamatory statement concerning Plaintiff Cox, published to a third party.

"Eliot Bernstein used his rage against me because I wouldn't go along with his extortion scheme with Crystal Cox against Apple executives Steven Dowling and Bruce Sewell,"

This is a false and defamatory statement concerning Plaintiff Cox, published to a third party.

Roxanne Grinage has also accused Plaintiff Cox of Extortion in videos published on YouTube.

## Cause of Action 1) Defamation
## 28:1332 Diversity-Libel,Assault,Slander

Common to All Defendants.

Plaintiff Crystal L. Cox re-alleges, restates and fully incorporates all of the previous paragraphs in their entirety.

Defendants have published the false and defamatory statements as alleged
above to third parties on an internet website, in a WIPO publication, on radio, on blogs, and
they have gone "viral". The Forbes article alone states it has had 17,700 views.

Defendants have knowingly and intentionally published the false and defamatory
statements alleged with actual knowledge of their falsity and with actual malice, reckless
disregard for the truth and falsity of the statements. Defendant's acts in doing so were
not privileged.

Upon the knowledge and Belief of Plaintiff Crystal L. Cox, Defendant Forbes Inc.,
Defendant Kashmir Hill published a communication to the public, in a national publication,
which contained statements that make a claim, expressly stated or implied to be factual.

Defendant Forbes Inc., Defendant Kashmir Hill published false and defamatory statements
in which gave the public at large, as well as potential customers and clients of Plaintiff
Crystal Cox a negative or inferior image of Plaintiff Crystal Cox.

Defendant Forbes Inc., Defendant Kashmir Hill published false, misleading and defamatory
statements against Plaintiff Crystal Cox which has led to irreparable damage to Plaintiff
Crystal Cox.

Defendant Forbes Inc., Defendant Kashmir Hill had a "Duty of Care", a Professional Duty,
and is experienced in legal matters as a paralegal and a previous law blogger, to review
all available information regarding the posting of the defamatory article and the privileged
communication between attorneys ( Cox was acting in her Pro Se Capacity) in a legal case
( Obsidian Finance Group v. Crystal L. Cox). Defendant Kashmir Hill had access and
knowledge of how to use Pacer, had access to case transcripts, could have contacted
Plaintiff Crystal Cox for more information regarding eMails, and Defendant Kashmir Hill
was negligent in simply posting the defamatory statements of Defendant Kevin Padrick to
her, allegedly in a phone call interview, and following eMail in which contained a piece of
one of five emails, in which painted Plaintiff Cox in serious False Light, Defamed Plaintiff
and over the last 17 months has been re-published in thousands of publications,
and has cause massive hate, retaliation, legal action, threats and irreparable harm to
Plaintiff Crystal Cox.

Civil Evidence Act 1968, Defendant Forbes Inc., Defendant Kashmir Hill alleged criminal
acts committed by Plaintiff Cox, of which Plaintiff Cox had not been convicted of nor under
investigation of.

Regarding Times v. Sullivan; Though Plaintiff Cox was a public figure at the time and remains to be, I Defendant Forbes Inc., Defendant Kashmir Hill had a duty, an obligation to verify information in which alleged, stated, or led readers, the public at large and potential customers and clients to believe that Plaintiff Cox was Guilty of the Crime of Extortion.

It would have been simple for a reporter, especially one with a strong background in legal commentary and blogger and one that is a paralegal experienced in which collar crime, to verify if what Defendant Kevin Padrick alleged to Defendant Forbes Inc., Defendant Kashmir Hill about Plaintiff Crystal Cox was fact or if it was simply a retaliatory act by a disgruntled litigant, who is an attorney.

Upon the knowledge and Belief of Plaintiff Crystal L. Cox, Defendant Forbes Inc., Defendant Kashmir Hill made the life and quality of life of blogger Crystal Cox the collateral damage in protecting the rights of journalist over the rights of bloggers.

Defendant Forbes Inc., Defendant Kashmir Hill flat out lied, and knowingly posted false and defamatory statements without any fact checking whatsoever, upon the knowledge and belief of Plaintiff Crystal Cox.

The false and defamatory statements that Defendant Forbes Inc., Defendant Kashmir Hill published, have been consistently re-published, globally for over 17 months and have been picked up by thousands of other publications.

Forbes is a household name, people take what Forbes says as FACT. Therefore, Defendant Forbes Inc., Defendant Kashmir Hill has an even greater degree to be responsible and duty of care in their reporting.

Defendant Forbes Inc., Defendant Kashmir Hill has no lawful right to publish statements that lead the public at large to believe that Plaintiff Crystal Cox was guilty of the crime of extortion.

### Claim for Defamation Requirement Legal Qualifications

### Elements of Claim of Defamation

The elements of a claim of defamation are (1) a false or defamatory statement by defendant concerning the plaintiff (2) publication to a third party (3) amounting to at least negligence, and (4) damages

Defendant Kashmir Hill, Defendant Forbes Inc. published false and defamatory statements concerning Plaintiff Cox. Defendant Kashmir Hill, Defendant Forbes Inc. published these false and defamatory statements to a third party. Defendant Kashmir Hill, Defendant Forbes Inc. published false and defamatory statements with seriously negligent, as Defendant Kashmir Hill did not research facts, did not contact Plaintiff Cox for her side, did not read court transcripts, nor did Defendant Kashmir Hill contact the Oregon Attorney General in regard to allegations of an investigation requested of Plaintiff Cox. Defendant Kashmir Hill is a paralegal, and is experienced in white collar crime, as well as, is an experienced legal commentary blogger, and has an even higher sense of duty in performing diligence and fact checking before ruining the life and business of Plaintiff Cox, with total disregard for the Truth.

Published is defined in law by each time a viewer reads the post, therefore, the publishing is on going, 17 months and counting, as is the liability.

Defendant Marc Randazza, published false and defamatory statements concerning Plaintiff Cox. Defendant Marc Randazza published these false and defamatory statements to a third party. Defendant Marc Randazza published false and defamatory statements with seriously negligent, as Defendant Marc Randazza knew that Plaintiff Cox was not on trial for Extortion nor under investigation of extortion. Defendant Marc Randazza had represented Plaintiff Cox in this manner as her attorney briefly and had spoke, in depth with Plaintiff Cox and received privileged information in the case. Defendant Marc Randazza acted with total disregard for the Truth in publishing false and defamatory statements regarding Plaintiff Cox.

Defendant Defendant David Coursey, **David S. Aman, Forbes Inc., Randazza Legal Group,** and other defendants also published false and defamatory statements concerning Plaintiff Cox to a third party and were negligent.

**Defendant, Reporter Kashmir Hill had a heightened sense of responsibility.**

The evidence to the world that she posted in Forbes to allegedly back up her allegations of Plaintiff Cox being an extortions was an email that she took as fact, painted to be the whole story and Defendant Kashmir Hill completely distorted the facts in order to paint Plaintiff Cox in false light and out to be a criminal guilty of extortion.

As a paralegal, an experienced legal blogger, and someone who worked in a law firm and is experienced in white collar crime, Defendant, Reporter Kashmir Hill could have easily determined the facts of the allegations she was making, stating, implying, and insinuating.

Defendant, Reporter Kashmir Hill could easily note that the private, personal email written by Plaintiff Cox that Defendant Hill posted, was a partial email and not the whole story. She could see that the eMail was sent from a Pro Se Litigant, as the record clearly shows a lawsuit had been filed against Plaintiff Cox with the parties in the email, BEFORE that email was sent.

Defendant, Reporter Kashmir Hill could easily note that the email was missing key elements such as the FACT that the email was a REPLY email from Plaintiff Cox to Defendant David Aman as he was the attorney of record for Defendant Kevin Padrick. This email was a communication between attorneys and a privileged one at that. Yet, in total disregard for the facts of the issue, Defendant Kashmir Hill went ahead and posted false and defamatory statements. Statements in which ruined the life of Plaintiff Crystal Cox, alienated friends and family, ruined business opportunities, caused massive global hate toward Plaintiff Cox, and constant online and in person attacks, ridicule, harassment and beratement.

With her background, Defendant, Reporter Kashmir Hill could easily see that the eMail written by Plaintiff Crystal Cox, in which Defendant Kashmir Hill published in Forbes, was dated January 19th, 2011. The blog post that Plaintiff Crystal Cox was on trial for in Obsidian v. Cox, and the ONLY blog post that the $2.5 Million VERDICT of Obsidian v. Cox was based on, was PUBLISHED on December 25th, 2010, as the record shows.

Therefore the accusations, allegations, and defamatory and false statement of Defendant Kashmir Hill are with BLATANT disregard of the facts. There is no way that an eMail sent 25 days after the "Cause of Action" of a lawsuit, a trial, was a material fact, in any way to why that cause of action may have occurred.

There is no way that the email had anything to do with the blog post, or the reason it was alleged to be defamation, as the eMail was sent 25 days later. This is a fact, and is easily notable to a paralegal, and someone as experienced in legal blogging, and white collar crime as Defendant Kashmir Hill is.

As a paralegal, a legal blogger and a seasoned reporter, Defendant Kashmir Hill would easily note that this email was sent AFTER a 10 Million Dollar lawsuit was filed against Plaintiff Cox, and nearly a month after the blog post Plaintiff Cox was on trial for, and therefore obviously had nothing to do with the material facts of the case. Yet Defendant Kashmir Hill took the word of Defendant Kevin Padrick, and with complete disregard for the truth, published false and defamatory statements regarding Plaintiff Cox in which has

64