Crystal L. Cox
Pro Se Counter Plaintiff / Defendant
Case 2:12-cv-02040-GMN-PAL

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA
Case 2:12-cv-02040-GMN-PAL

Counter Plaintiff / Defendant Crystal Cox

Objection / Response to MOTION TO HAVE DEFENDANT
CRYSTAL COX DECLARED A VEXATIOUS LITIGANT

**v.**

Counter Defendant / Plaintiff Marc J. Randazza

**I, Defendant Crystal Cox Object to this unlawful, unconstitutional motion  TO HAVE EFENDANT CRYSTAL COX DECLARED A VEXATIOUS LITIGANT.**

Once again Randazza Legal Group is acting above the law and attempting to SQUASH the legal and constitutional rights of former Marc J. Randazza, Randazza Legal Group client Crystal L. Cox.

**I, Defendant Crystal Cox have Legitimate claims AGAINST Marc J. Randazza, Randazza Legal Group** and should not be denied my rights. It is improper to OBJECT to or answer allegations of another lawsuit against Marc J. Randazza AND Randazza Legal Group on the Docket of this Nevada SLAPP lawsuit against Cox brought by her former attorney, Marc J. Randazza, Randazza Legal Group .

If Marc J. Randazza AND Randazza Legal Group wants to OBJECT or respond to allegations against Marc J. Randazza AND Randazza Legal Group in other legal matters, lawsuits or litigation then **Marc J. Randazza AND Randazza Legal Group MUST enter those cases** and abide by the rules of procedure in answering to those allegations under the laws and the constitution of the United States of America.

Marc J. Randazza AND Randazza Legal Group are trying to use the DOCKET of their case against a former client (Case 2:12-cv-02040-GMN-PAL) in order to OBJECT to other legal action brought against Marc J. Randazza AND Randazza Legal Group in various other states by Pro Se Litigant Crystal L. Cox. This is improper procedure and violates the rules of procedure and federal law.

Marc J. Randazza AND Randazza Legal Group cannot LEGALLY use District of Nevada Case 2:12-cv-02040-GMN-PAL to avoid legal action in other litigation. Nor can Marc J. Randazza AND Randazza Legal Group avoid accepting service in those cases by getting Judge Gloria Navarro to someone help them dismiss those cases or make them look without merit, as **Marc J. Randazza AND Randazza Legal Group did in the COUNTER CLAIM of District of Nevada Case 2:12-cv-02040-GMN-PAL which Judge Gloria Navarro got easily dismissed to PROTECT THIS wealthy Nevada Law Firm.**

These attorneys, law firms, media outlets, and private parties have caused harm, threatened, defamed, and ruined the life Crystal Cox. Crystal Cox has every legal, and constitutional right to fight back

**Randazza Legal Group should be sanctioned for their behavior, yet they are instead rewarded and given Defendant Crystal Cox's intellectual property and allowed by this court to put defendant Cox in danger, defame her and ruin her life, with complete disregard for the law.**

Randazza Legal Group has bullied witnesses, lied to media, committed fraud on the court, lied to judges, and acts in a manner completely outside of the law and of the constitutional rights of their target, ex-clients, defendants.

I, Defendant Crystal Cox move this court to sanction Randazza Legal Group Ronald Green and Marc J. Randazza for frivolously suing an ex-client and causing a massive backlash of court cost and financial damage to this court and to Crystal Cox.

**I, Defendant Crystal Cox should not be punished for fighting back**, as these attorneys sued me, defamed me, attacked me and used their power to take away my constitutional rights, intellectual property and to ruin my reputation and my life.

I, Defendant Crystal Cox have every right to file legal action against those who have harmed me.

I, Defendant Crystal Cox , as a Former client had every right to review, criticize Randazza Legal Group, and this court had NO Legal right to simply give massive blogs, online media, intellectual property and COMPLETELY deny my Constitutional Rights just because Marc Randazza said so and gave defamatory evidence to those allegations.

**I, Defendant Crystal Cox move this court to declare Randazza Legal Group, Marc J. Randazza a VEXATIOUS LITIGANT**, as they have frivolously sued a former client and countless others based on false information they have submitted to the courts by conspiring with attorney bloggers, WIPO, and big media to create false evidence regarding those involved in cases they are in and defendants they sue.

**I, Defendant Crystal Cox have not been on trial for extortion nor under investigation for extortion, therefore I have a GOOD, Solid, Factual Defamation case against Defendants.**

However, under **28 USC Sec. 4102, TITLE 28 – JUDICIARY AND JUDICIAL PROCEDURE, PART VI – PARTICULAR PROCEEDINGS, CHAPTER 181 – FOREIGN JUDGMENTS, Sec. 4102**, Recognition of foreign **defamation** judgments; I cannot collect on any judgement unless I receive a judgement in the state in which those entities live, work, or have assets.

Therefore I, Crystal Cox must have a trial, a judgment issued in the state in which the law firm, corporation, company, individual is located, as is there assets.

I will be unable to collect on a any judgement unless it was a judgement in which was determined under that state law.

I, Defendant Crystal Cox have a legal right and an obligation and duty to file legal action in every state in which companies, individuals, corporations, media, lawyers, and law firms exist that conspired with Randazza Legal Group and Marc J. Randazza under defamation law to defame me, Crystal L. Cox, Pro Se Litigant.

**PLAINTIFF of this Case, Randazza Legal Group Marc Randazza has NO LEGAL right to respond to those cases on the DOCKET of this CASE.**

I, Defendant Crystal Cox am not abusing the process, I am exposing law firms, media, attorneys and more WHO ARE are abusing the process and creating massive victims in pattern and history.

I, Defendant Crystal Cox have showed this court how Plaintiff Randazza has threatened sources, insiders and has bullied witnesses, denied me equal rights and he himself and others have bullied, harassed and threatened me and this court has provided no protection, no counsel and instead has further defamed me in court documents accusing me of crimes I have no been on trial for, and without First Amendment adjudication taking massive amounts of my personal intellectual property, online media, and along with it my constitutional rights.

I, Defendant Crystal Cox have provided this court with enough information to know that Plaintiff Marc Randazza is acting outside of the color of law and is abusing his power over the courts. I have asked for help, for counsel, countless times under 28 U.S.C. § 1915(e)(1), and I have been denied my rights over and over.

These attorneys sued me to shut me up. These attorneys violated my lawful and constitutional rights and I, Pro Se Litigant Crystal L. Cox have every right to fight back.

**Randazza Legal Group acknowledges that several lawsuits against them exist, yet REFUSE to be served in those cases** and Randazza Legal Group will not communicate with Pro Se Litigant Crystal Cox via eMail in a Professional Manner.

Randazza Legal Group of Florida, Nevada, California, Mass., Arizona is owned by Attorney Marc J. Randazza. Marc Randazza sued, me, Crystal Cox his former client, using confidential, private, privileged information.  Marc J. Randazza has conspired with co-defendants in those cases to defame me, Crystal Cox, his former client.  Marc J. Randazza used his power as an attorney to ruin the life of Crystal Cox and paint her in serious and severe false light.

**I, Defendant Crystal Cox have a right to fight back and to expose Randazza Legal Group and attorney Plaintiff Marc J. Randazza** for the damage he has done, in conspiracy with others to ruin my life. I, Defendant Crystal Cox have a right to financial relief for the damage caused to me and must file in the state in which I can collect from each party that has cause me harm.

**I, Defendant Crystal Cox have a case with real, lawful constitutional merit, and have asked this court and others to provide me with counsel under "APPLICATION FOR PRO BONO COUNSEL 28 U.S.C. § 1915(e)(1)" and have been ignored, denied my rights.**

Clearly Crystal Cox's counter claims and legal action against Randazza Legal Group has merit. Clearly Randazza Legal Group has violated the rights of Crystal Cox. And Clearly Randazza Legal Group SHOULD not be above the law and this court should not aid Randazza Legal Group in bullying, harassing, and defaming a former client, of which Crystal Cox is.

I, Defendant Crystal Cox have had my civil rights violated over and over by Randazza Legal Group,  Marc J. Randazza and I have a right to counsel, to protection and to equal treatment under the law.

**Randazza Legal Group should not be above the law nor above the constitutional rights of their former clients or anyone else.**

Randazza Legal Group should not be favored simply because Marc Randazza is an attorney, or that Marc J. Randazza has mafia ties and massive media, porn industry money and power behind him.

Randazza Legal Group has intentionally harassed CRYSTAL COX since December of 2011 in order to STOP the ninth circuit appeal of Obsidian v. Cox.

Randazza Legal Group HARMED Crystal Cox, conspired against their own client and has since been involved in a massive hate and defamation campaign against their former client Crystal Cox, as the record shows.

Randazza Legal Group is the epitome of a vexatious litigant and is also a danger to the public, as Randazza Legal Group uses their power as attorneys to violate the lawful and constitutional rights of Crystal Cox.

Randazza Legal Group REFUSES to accept service in these lawsuits, therefore Randazza Legal Group improperly uses this court to air their grievances in other cases, which essentially is accepting service yet for some reason Randazza Legal Group remains to be above the law.

I, Defendant Crystal Cox AGAIN ask this court to order an investigation of Randazza Legal Group and of Marc J. Randazza and Ronald Green.

I, Defendant Crystal Cox AGAIN ask this court to SANCTION Randazza Legal Group and of Marc J. Randazza and Ronald Green for their unlawful and unconstitutional behavior.

**Randazza Legal Group REFUSES to accept documents from me, Crystal Cox, yet is whining on this document that Crystal Cox is not willing to cooperate in discovery, which is yet another FALSE ALLEGATION.**

This court threw out / dismissed Crystal Cox's counterclaim and motion for summary judgment, which had merit, and has continued to favor Randazza Legal Group.

Randazza Legal Group filed a frivolous, costly, damaging lawsuit against Crystal Cox, and proceeded to use WIPO, GoDaddy and Big Media, as well as other law firms who have blogs in order to use that case and the false allegation of Randazza Legal Group AGAINST his former client CRYSTAL L. Cox AND yet wants CRYSTAL COX declared Vexation because she is attempted to fight back, and to stand up for herself though she has no money, no counsel and has been painted out to be a monster, a criminal and more by PLAINTIFF and his co-conspirators.

**Randazza Legal Group is the ONE who has burdened the Courts. Crystal Cox is merely defending herself against this powerful, above the law, LAW FIRM.**

Randazza Legal Group is a serial abuser of the courts, NOT Crystal Cox.

I, Defendant Crystal Cox have legitimate claims, of which if ignored by the courts will cause harm to other VICTIMS / Targets of Marc Randazza, Randazza Legal Group.

Randazza Legal Group, Marc Randazza is GUILTY of defaming Crystal Cox, guilty of malpractice, guilty of conspiring with others to do harm to Crystal Cox and Randazza Legal Group, Marc Randazza SHOULD not be above the law simply because they are attorneys, but instead, actually held to a MUCH higher STANDARD because they are attorneys.

The behavior of Randazza Legal Group, Marc Randazza is unacceptable, unlawful and will happen to other victims if this court does not intervene.

I, Defendant Crystal Cox have named many in legal action yes, and I have stated what each have done. I have been harmed, and I am entitled to Relief as a Matter of Law, not a matter of the OPINION of one of the defendants in those cases.

Again, Ronald Green quotes other cases such as the Arizona case, and chastises a Pro Se litigant for not knowing how to best lay out a case. Yet GREEN nor Randazza Legal Group have entered that case, but instead simply make fun of, berate their former client. I have legitimate claims. In Arizona for example, another state Marc Randazza is an attorney in, there is Godaddy who conspired with Marc Randazza, Ronald Green and this court to STEAL massive domain names, blogs, and online content claiming it was court ordered at the time YET it was clearly a matter of FACT that a hearing was set and not a court order. Yet above the Law Randazza Legal Group STOLE my intellectual property, wiped out massive writings, postings, competing search engine links and ALL without first amendment adjudication. It is my RIGHTS that are being and have been violated.

New York had no legal RIGHT to Transfer said case as page 6 refers to, as David Carr and the New York Times are in New York which is proper venue to SUE them for their defamatory actions.

 Ronald Green is so unprofessional that he claims my legal action is a tantrum, how childish. Randazza Legal GROUP lied about CRYSTAL COX, defamed CRYSTAL COX and I have a real case against them and all involved, whether I word it correctly or not, as a Pro Se Litigant I have a right to be treated fairly. My CIVIL Rights, Legal Rights have Clearly Been Violated by my Former Attorney. AS A Matter of LAW.

Ronald Green, RANDAZZA Legal Group on page 8 continues to discuss CRYSTAL COX's OREGON CASE, yet RANDAZZA Legal Group was Cox's attorney in Dec. on that very case.


I, Defendant Crystal Cox have every right to Financial Relief, Vindication and to protect the public at large from these Defendants, ALL OF THEM.

Ronald Green, RANDAZZA Legal Group has no right to claim as fact his opinion of my financial ability and printing documents. I have begged money in the streets every month to print and mail these cases. Literally stood in the street and begged money, this is none of Ronald Green, RANDAZZA Legal Group's business. NO Obstacle will STOP me from exercising my rights to Free Speech, to my Constitutional and Lawful Rights even if I have to beg in the Street.

I, Defendant Crystal Cox have done the best I can to fight back against powerful, connected, wealthy law firms suing me and taking my rights simply because I was reporting on something or someone they did not like. I have, as a PRO SE Litigant done the best I can to explain the merits of my case. The Following is the case information, allegations in which Ronald Green of Randazza Legal Group discusses in this motion. I include this to attempt, again to show merit, best I can as a Pro Se Litigant as to what Randazza Legal Group and Co-Conspirators have done to me.

I, Crystal L. Cox PLEAD with this court to help me to properly bring this action against my former attorney in effort to STOP him from harming others. I, Crystal L. Cox PLEAD with this court to look into the facts of this case instead of simply believing an attorney PLAINTIFF over a Pro Se Defendant. I, Crystal L. Cox may not have the property wording, however, I have a very real case, and RANDAZZA and Co-Conspirators did publish false statements to a third party against their former client Crystal Cox in order to retaliate against her, me. Punish me and ruin my life, my actions are simply fighting back the best I can, in hope this does not happen to anyone else.

Below is the case information in which Ronald Green, RANDAZZA Legal Group discusses in this motion, in order to attempt to defend myself against his allegations.


## Factual Allegations

The Following is stated Upon the knowledge and belief of Plaintiff Crystal Cox:

Plaintiff appears in this action "In Propria Persona" and asks that her points and authorities relied upon herein, and issues raised herein, must be addressed "on the merits" and not simply on her Pro Se Status.

On November 30th 2011, Plaintiff Cox had a one day trial, and was issued a judgement against her for Defamation, in the amount of $2.5 Million Dollars, the Case was District of Oregon 3:11-cv-00057-HZ, Obsidian Finance Group v. Crystal Cox.

On approx., December 7th, 2011 Defendant Kashmir Hill, a Forbes Reporter, interviewed Defendant Kevin Padrick, the Plaintiff in that case, and Published false and defamatory statements to a third party concerning Plaintiff Crystal Cox.

After this time, multiple publications around the world reposted these same false and defamatory statements to a third party concerning Plaintiff Crystal Cox.

Approx. December 10th, 2011 Defendant David Carr interviewed Plaintiff Cox and Defendant Kevin Padrick, and on December 11, 2011, Defendant David Carr published a New York Times Article titled, "When Truth Survives Free Speech". Defendant David Carr referred to the false and defamatory statements previously made by Defendant Kashmir Hill in Forbes.

Defendant David Carr insinuated that Plaintiff Cox was guilty of extorting Defendant Padrick. Defendant David Carr posted these statements with knowledge of the facts, as Defendant David Carr interviewed Plaintiff Cox and knew that Cox claimed the email was in response to what attorney Defendant David Aman had sent her. Yet Defendant David Aman lied to Defendant David Carr and Defendant Carr believed Aman over Plaintiff Cox, though the facts were easy to see when the emails were read in context. It is an easily PROVEN fact that Plaintiff Cox sent that eMail in reply to an email from Defendant David Aman, an email threatening a lawsuit. And an email sent after that threat was put into action in a 10 Million Dollar Defamation Lawsuit.

Approx. March 30th, 2012, Defendant Marc Randazza began publishing false and defamatory statements to a third party concerning Plaintiff Crystal Cox, attacking a 3 year old online. Defendant Kashmir Hill then interviewed, spoke with Defendant Marc Randazza and published these same  false and defamatory statements to a third party concerning Plaintiff Crystal Cox.

On April 2nd 2012, Defendant Kashmir Hill began  publishing false and defamatory statements to a third party concerning Plaintiff Crystal Cox, attacking a 3 year old. Plaintiff Crystal Cox had no blog about a 3 year old, made no statements online about this three year old, yet Defendant Kashmir Hill knowingly posted false and defamatory information regarding Plaintiff Cox.

Defendant Jordan Rushie, Defendant Mulvihill and Rushie LLC published false and defamatory statements to a third party concerning Cox, in an article on Philly Law Blow, by Jordan Rushie, Titled " The Evolution of Crystal Cox: Anatomy of a Scammer", dated, April 3rd 2012. Defendant Jordan Rushie posted false and defamatory statements regarding Cox being guilty of extortion and attacking a three year old.

On April 6th 2012, Defendant Bob Garfield interviewed  Defendant Marc Randazza on Defendant

wNYC, Defendant New York Public Radio. The show was called "COMBATING "BAD" SPEECH WITH MORE SPEECH", Dated, April 06, 2012. Defendant On the Media, as Exhibits show. Defendant Bob Garfield and Defendant Marc Randazza stated false and defamatory, slanderous statements to a third party concerning Plaintiff Cox. Defendant Bob Garfield and Defendant Marc Randazza accused Plaintiff Cox of attacking a child online, of being guilty of extortion, and all manner of unethical and criminal activity. These  false and defamatory statements to a third party concerning Plaintiff Cox in this world wide medium of communication has caused Plaintiff Cox immeasurable, irreparable damage.

On Jun 18th 2012, Defendant Marc Randazza filed a Czech court complaint against Plaintiff Cox and Eliot Bernstein, to initiate a domain name dispute. In this case, Defendant Marc Randazza stated false and defamatory statements to a third party concerning Plaintiff Cox.  Defendant Marc Randazza used Defendant Kashmir Hill, Defendant Jordan Rushie and Defendant David Carr's false and defamatory statements as his evidence to steal the intellectual property of Plaintiff Cox.

On July 27th 2012, Defendant Marc Randazza filed a WIPO complaint against Plaintiff Cox and Eliot Bernstein, to initiate a domain name dispute. In this case, Defendant Marc Randazza stated false and defamatory statements to a third party concerning Plaintiff Cox.  Defendant Marc Randazza used Defendant Kashmir Hill, Defendant Jordan Rushie and Defendant David Carr's false and defamatory statements as his evidence to steal the intellectual property of Plaintiff Cox. Defendant Marc Randazza also stated to third party WIPO that Plaintiff Cox was guilty of Extortion and had also extorted him, yet attorney Defendant Marc Randazza had filed no criminal charges against Cox nor allowed her due process of law.

On November, 28, 2012 Defendant Marc Randazza filed a legal action against Plaintiff Cox in the District of Nevada. Defendant Randazza's attorney of record in this case is Ronald D. Green of Randazza Legal Group, the case number is District of Nevada Case 2:12-cv-02040-GMN-PAL. In this legal action, a third party, Defendant Marc Randazza, Cox's former attorney stated that Plaintiff Cox had extorted him and gave the false and defamatory statements of Defendants as his evidence.

Defendant Marc Randazza did not file criminal charges with the "authorities. Nor did Defendant Randazza  file charges with the attorney general or any other body of authority, regarding his allegations that Plaintiff Cox had extorted him, was guilty of extortion or had been in a prior case where Cox was found guilty of extortion.  Defendant Marc Randazza, an attorney, would certainly know how to file criminal charges. Defendant Marc Randazza violated the rights of his former client, Plaintiff Cox in not filing charges and allowing Cox due process of law. Instead, this well known attorney used world renowned media outlets such as Forbes, the New York Times and NPR, and an international, highly reputable publication put out by WIPO as his court of law, judge and jury and simply pronounced that Plaintiff Crystal Cox was guilty of extortion.

As did Defendant Kashmir Hill, Defendant David Carr, Defendant David Aman, Defendant Kevin

Padrick and John and Jane Doe Defendants.

Defendant Marc Randazza used the false and defamatory statements in Forbes and the New York Times made by Defendant Kashmir Hill and Defendant David Carr, as well as the false and defamatory statements made by attorney Defendant Jordan Rushie, as PROOF, evidence in a federal court case, that Plaintiff Cox had acted in "bad faith", had extorted him, and had attacked his child. Judge Gloria Navarro called this evidence "legal commentary" though it was false and defamatory statements made by Defendants to a third party concerning Plaintiff Cox. Consequently Plaintiff Cox lost massive online content, blogs and domain names simply due to the false and defamatory statements of defendants used by Judge Gloria Navarro as factual evidence.

On Nov. 30th 2011, Defendant Peter L. Michaelson, Sole WIPO Panelist, published false and defamatory statements to a third party concerning Plaintiff Cox And Eliot Bernstein in a WIPO publication, which has a widespread, international reader base. Defendant Peter L. Michaelson quoted Defendant David Carr's defamatory and false statements made to a third party concerning Plaintiff and used Defendant Carr and Defendant Hill's false and defamatory statement as evidence against Plaintiff Cox in seizing domain names belonging to her and to Bernstein. Defendant Peter L. Michaelson  took the stated word of Defendant Marc Randazza and published these false and defamatory statements to a third party. Defendant WIPO and Defendant Peter L. Michaelson accused Plaintiff Cox of the Crime of Extortion, of which is a false and defamatory statement to a third party, concerning Plaintiff Cox.

After Defendant Peter L. Michaelson's false and defamatory statements to a third party concerning Plaintiff Cox  And Eliot Bernstein were published in an International WIPO complaint, Defendant Marc Randazza via his attorney Ronald D. Green of Randazza Legal Group, at this point, used these false and defamatory statements to a third party concerning Plaintiff Cox to further harm, harass, defame and retaliate against Plaintiff Cox, even though Defendant Randazza was the one who made the Statements to WIPO in the first place.  At this point the statements in the WIPO publication made by Defendant Peter L. Michaelson of Defendant WIPO BECAME official evidence and proof in Defendant Randazza's case against Plaintiff Cox and Eliot Bernstein (District of Nevada Case 2:12-cv-02040-GMN-PAL).

Next, Judge Gloria Navarro used the "evidence", "legal commentary" and slough of false and defamatory statements as justification to give massive domain names and intellectual property to Defendant Marc Randazza in a preliminary injunction. This wiped out thousands of links, wiped out the search engine ranking of Plaintiff Cox, deleted massive amounts of content that Cox had created online, and damaged her intellectual property and online media. This action by a federal judge also caused a  backlash of defamation, harassment, retaliation and loss of reputation, clients, friends and family (caused HARM to Plaintiff Cox).

Defendant Marc Randazza submitted false and defamatory statements by third parties  into

District of Nevada Case 2:12-cv-02040-GMN-PAL as factual evidence against Cox. Judge Gloria
Navarro gave Defendant Marc Randazza the property of Plaintiff Cox without First Amendment
Adjudication, without due process of law based on the false and defamatory statements of
Defendants in this case.


**Plaintiff appears in this action "In Propria Persona" and asks that her points and
authorities relied upon herein, and issues raised herein, must be addressed "on
the merits" and not simply on her Pro Se Status.**


Oftentimes courts do not take Pro Se Litigants serious. I, Plaintiff Crystal Cox wish to be
taken serious and to not have my allegation dismissed.

"Court errs if court dismisses pro se litigant without instructions of how pleadings are
deficient and how to repair pleadings." Plaskey v CIA, 953 F .2nd 25. The Court granted
such leniency, or "liberal construction," to pro se pleadings against the backdrop of Conley
v. Gibson's undemanding "no set of facts" standard. ( See Conley v. Gibson, 355 U.S. 41,
45-46 (1957) ("[A] complaint should not be dismissed for failure to state a claim unless it
appears beyond doubt that the plaintiff can prove no set of facts in support of his claim
which would entitle him to relief."), abrogated by Bell Atl. Corp. v. Twombly, 550 U.S. 544,
561-63 (2007). This standard epitomized the notice-pleading regime envisioned by the
drafters of the Federal Rules, who emphasized discovery as the stage at which a claim's
true merit would come to light, rather than pleading. See Christopher M. Fairman, The Myth
of Notice Pleading, 45 ARIZ. L. REV. 987, 990 (2003) ("With merits determination as the
goal, the Federal Rules create a new procedural system that massively deemphasizes the
role of pleadings.").

The Court's failure to explain how pro se pleadings are to be liberally construed. ( See
Bacharach & Entzeroth, supra note 7, at 29-30 (asserting that because the
Supreme Court never defined the "degree of relaxation" afforded pro se pleadings in
comparison to the liberal notice pleading standard applicable to all litigants, lower
courts adopted different iterations of the rule). ~ .. indicates its belief that the standard was
already lenient enough to render a detailed articulation of the practice unnecessary to
prevent premature dismissal  of meritorious cases. However, with Bell Atlantic Corp. v.
Twombly ( 550 U.S. 544 (2007). and Ashcroft v. Iqbal ( 129 S. Ct. 1937 (2009) retiring the
"no set of facts" standard and ratifying the means by which lower courts dismissed more
disfavored cases under Conley, ( See generally Richard L. Marcus, The Revival of Fact
Pleading Under the Federal Rules of Civil Procedure, 86 COLUM. L. REV. 433, 435-37
(1986) (explaining how the reemergence of fact pleading resulted from lower courts'

refusals to accept conclusory allegations as sufficient under the Federal Rules in particular categories of suits).

.. liberal construction as presently practiced is not—if it ever was—sufficient to protect pro se litigants' access to courts. The new plausibility standard ( See Twombly, 550 U.S. at 570 (requiring a complaint to allege "enough facts to state a claim to relief that is plausible on its face").. with which courts now determine the adequacy of complaints disproportionately harms pro se litigants.  ( See Patricia W. Hatamyar, The Tao of Pleading: Do Twombly and Iqbal Matter Empirically?, 59 AM. U. L. REV. 553, 615 (2010) (observing a substantially greater increase in the rate of dismissal of pro se suits than represented suits post-Iqbal).

"Pro se complaint[s], 'however inartfully pleaded,' [are] held to 'less stringent standards than formal pleadings drafted by lawyers. ( Estelle v. Gamble, 429 U.S. 97, 106 (1976) (quoting Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (per curiam)).

HAINES v. KERNER, ET AL. 404 U.S. 519, 92 S. Ct. 594, 30 L. Ed. 2d 652. Whatever may be the limits on the scope of inquiry of courts into the internal administration of prisons, allegations such as those asserted by petitioner, however inartfully pleaded, are sufficient to call for the opportunity to offer supporting evidence. We cannot say with assurance that under the allegations of the pro se complaint, which we hold to less stringent standards than formal pleadings drafted by lawyers, it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). See Dioguardi v. Durning, 139 F.2d 774 (CA2 1944).

ESTELLE, CORRECTIONS DIRECTOR, ET AL. v. GAMBLE 29 U.S. 97, 97 S. Ct. 285, 50 L. Ed. 2d 251. We now consider whether respondent's complaint states a cognizable 1983 claim. The handwritten pro se document is to be liberally construed. As the Court unanimously held in Haines v. Kerner, 404 U.S. 519 (1972), a pro se complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Id., at 520-521, quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)

BALDWIN COUNTY WELCOME CENTER v. BROWN 466 U.S. 147, 104 S. Ct. 1723, 80 L. Ed. 2d 196, 52 U.S.L.W. 3751. Rule 8(f) provides that " pleadings shall be so construed as to do substantial justice." We frequently have stated that pro se pleadings are to be given a liberal construction.

HUGHES v. ROWE ET AL. 449 U.S. 5, 101 S. Ct. 173, 66 L. Ed. 2d 163, 49 U.S.L.W.
3346. Petitioner's complaint, like most prisoner complaints filed in the Northern District of
Illinois, was not prepared by counsel. It is settled law that the allegations of such a
complaint, "however inartfully pleaded" are held "to less stringent standards than formal
pleadings drafted by lawyers, see Haines v. Kerner, 404 U.S. 519, 520 (1972). See also
Maclin v. Paulson, 627 F.2d 83, 86 (CA7 1980); French v. Heyne, 547 F.2d 994, 996 (CA7
1976). Such a complaint should not be dismissed for failure to state a claim unless it
appears beyond doubt that the plaintiff can prove no set of facts in support of his claim
which would entitle him to relief. Haines, supra, at 520-521. And, of course, the allegations
of the complaint are generally taken as true for purposes of a motion to dismiss. Cruz v.
Beto, 405 U.S. 319, 322 (1972).

Both the right to proceed pro se and liberal pleading standards reflect the modern civil
legal system's emphasis on protecting access to courts. ( See, e.g., Phillips v. Cnty. of
Allegheny, 515 F.3d 224, 230 (3d Cir. 2008) ("Few issues . . . are more significant than
pleading standards, which are the key that opens access to courts."); Drew A. Swank, In
Defense of Rules and Roles: The Need to Curb Extreme Forms of Pro Se Assistance and
Accommodation in Litigation, 54 AM. U. L. REV. 1537, 1546 (2005) (noting that "[o]pen
access to the courts for all citizens" is one of the principles upon which the right to
prosecute one's own case is founded).

**Self-representation has firm roots in the notion that all individuals, no matter their
status or wealth, are entitled to air grievances for which they may be entitled to
relief.** ( See Swank, supra note 1, at 1546 (discussing the importance of
self-representation to the fundamental precept of equality before the law).

Access, then, must not be contingent upon retaining counsel, lest the entitlement become a
mere privilege denied to certain segments of society. Similarly, because pleading is the
gateway by which litigants access federal courts, the drafters of the Federal Rules of Civil
Procedure purposefully eschewed strict sufficiency standards. ( See Proceedings of the
Institute on Federal Rules (1938) (statement of Edgar Tolman), reprinted in RULES OF
CIVIL PROCEDURE FOR THE DISTRICT COURTS OF THE UNITED STATES 301-13
(William W. Dawson ed., 1938).

In their place, the drafters instituted a regime in which a complaint quite easily entitled its
author to discovery in order to prevent dismissal of cases before litigants have
had an adequate opportunity to demonstrate their merit. ( See Mark Herrmann, James M.
Beck & Stephen B. Burbank, Debate, Plausible Denial: Should Congress Overrule
Twombly and Iqbal? 158 U. PA. L. REV. PENNUMBRA 141, 148 (2009), (Burbank,

Rebuttal) (asserting that the drafters of the Federal Rules objected to a technical pleading regime because it would "too often cut[] off adjudication on the merits").

Recognizing that transsubstantive pleading standards do not sufficiently account for the capability differential between represented and unrepresented litigants, the Supreme Court fashioned a rule of special solicitude for pro se pleadings. ( See Robert Bacharach & Lyn Entzeroth, Judicial Advocacy in Pro Se Litigation: A Return to Neutrality, 42 IND. L.REV. 19, 22-26 (2009) (noting that courts created ways to ensure that meritorious pro se suits would not be dismissed simply because the litigants lacked legal knowledge and experience, one of which was liberal construction).

Far from just articulating a common systemic value, though, the right to prosecute one's own case without assistance of counsel in fact depends significantly upon liberal pleading standards. ( Cf. Charles E. Clark, The New Federal Rules of Civil Procedure: The Last Phase— Underlying Philosophy Embodied in Some of the Basic Provisions of the New Procedure, 23 A.B.A. J. 976, 976-77 (1937) (commenting that liberal pleading rules were necessary to mitigate information asymmetries between plaintiffs and defendants that often led to premature dismissal of suits).

Notably, in no suits are such information asymmetries more apparent than those in which pro se litigants sue represented adversaries. These types of suits comprise the vast majority in which pro se litigants appear. Cf. Jonathan D. Rosenbloom, Exploring Methods to Improve Management and Fairness in Pro Se Cases: A Study of the Pro Se Docket in the Southern District of New York, 30 FORDHAM URB. L.J. 305, 323 (showing that the majority of pro se cases involve unrepresented plaintiffs who sue governmental defendants).

Plaintiff appears in this action **"In Propria Persona"** and asks that her points and authorities relied upon herein, and issues raised herein, must be addressed **"on the merits"**, Sanders v United States, 373 US 1, at 16, 17 (1963); and addressed with "clarity and particularity", McCleskey v Zant, 111 S. Ct. 1454, at 1470-71 (1991); and afforded " a full and fair" evidentiary hearing, Townsend v Sain, 372 U.S.293, at p.1 (1962). See also Pickering v Pennsylvania Railroad Co., 151 F.2d 240 (3d Cir. 1945).

Pleadings of the Plaintiff SHALL NOT BE dismissed for lack of form or failure of process.

All the pleadings are as any reasonable man/woman would understand, and: "And be it further enacted. That no summons, writ, declaration, return, process, judgment, or other proceedings in civil cases in any of the courts or the United States, shall be abated,

arrested, quashed or reversed, for any defect or want of form, but the said courts respectively shall proceed and give judgment according as the right of the cause and matter in law shall appear unto them, without regarding any imperfections, defects or want of form in such writ, declaration, or other pleading, returns process, judgment, or course of proceeding whatsoever, except those only in cases of demurrer, which the party demurring shall specially sit down and express together with his demurrer as the cause thereof.

And the said courts respectively shall and may, by virtue of this act, from time to time, amend all and every such imperfections, defects and wants of form, other than those only which the party demurring shall express as aforesaid, and **may at any, time, permit either of the parties to amend any defect in the process of pleadings upon such conditions as the said courts respectively shall in their discretion, and by their rules prescribe** (a)" *Judiciary Act of September 24, 1789*, Section 342, FIRST CONGRESS, Sess. 1, ch. 20, 1789.

## General Allegation / Background

I, Plaintiff Crystal L. Cox re-allege, and fully incorporate all previous paragraphs..

I, Plaintiff Crystal L. Cox Allege as Follows upon my knowledge and belief;

**False and Defamatory Statements were, without a doubt, made by Defendants to a Third Party Concerning Plaintiff and have caused Plaintiff Crystal Cox harm. Therefore Plaintiff Cox is entitled to recovery.**

## False and Defamatory Statements, Plaintiff Cox alleges;

**False and Defamatory Statements made by Defendant Kashmir Hill, Defendant Forbes Inc. to a third party concerning Plaintiff Cox.**

Allegations of False and Defamatory Statements published to a third party concerning Plaintiff Crystal Cox by Defendant Hill, Defendant Forbes.

**Defendant Kashmir Hill, Defendant Forbes stated;**

"Cox was unable to make much headway in ruining his Google search results with her domain-name buying and blogging. So she moved on to Randazza's family members who did not have much online content associated with their names. She bought the domain name for Marc's wife, Jennifer Randazza (and has already started dominating her first page of Google results with her hyperbolic posts). When Randazza still wouldn't buy her services Cox moved on to a younger member of the family:"

Defendant Kashmir Hill, Defendant Forbes has posted this false and defamatory statement to third parties concerning Plaintiff Cox. Defendant Kashmir Hill, Defendant Forbes has no way to prove this statement true, as Plaintiff Cox was never attempting to ruining Defendant Marc Randazza's "Google Search". Plaintiff Cox was fighting back, as she was being attacked by Defendant Marc Randazza and numerous attorney blogger attacking her reputation online, defaming her, harassing her and threatening her. Plaintiff Cox was exercising her right to Free Speech and criticizing Defendant Marc Randazza. Plaintiff Cox, never posted information regarding Defendant Marc Randazza or anyone else and asked for money to remove it. This NEVER happened, in any way, EVER.  Plaintiff Cox never threatened that if Defendant Marc Randazza did not buy her services, she would retaliate, and move on to a "younger member of the family". Plaintiff Cox never had a blog regarding a "younger member" of the family.  Plaintiff Cox has ever First Amendment right to criticize Jennifer Randazza.

Defendant Kashmir Hill, Defendant Forbes published the above false and defamatory statement to third parties concerning Plaintiff Cox with total disregard for the truth, and seemingly, no fact checking whatsoever.


**Defendant Kashmir Hill, Defendant Forbes stated;**

"Cox is an outlier. Her tactics are extreme ones. But we do now live in a world where money can be made from ruining reputations and then offering to fix them. In the business world there is RipOffReport.com, a site that hosts negative reviews of businesses and offers a paid "ambassador program" to those businesses to help them improve the reviews on the site. There's also a series of sites that dig up people's mug shots from public records and post them so that they appear in those people's search results; they then offer to take them down for a fee.

How do we draw the line between speech rights and digital forms of extortion? It is not a new question for us in the Internet age, but it remains an unanswered one."

Defendant Kashmir Hill, Defendant Forbes insinuates unlawful "tactics" that do not exist nor has Plaintiff Cox ever been under investigation or convicted of such tactics.

False and Defamatory Statements published to a third party concerning Plaintiff Crystal Cox by Defendant Kashmir Hill, Defendant Kevin Padrick

"Cox contacted Obsidian and offered them "reputation services." Padrick sent along a copy of an email that Cox sent to his attorney:

**David Aman**

| | |
|---|---|
| From: | Crystal L. Cox [savvybroker@yahoo.com] |
| Sent: | Wednesday, January 19, 2011 2:23 PM |
| To: | David Aman |
| Subject: | From Crystal L. Cox |

Hello David, I hope this eMail finds you doing well.  All said and done, looks like Summit boys going to and Well I don't think that Kevin acted with the Highest of Integrity.. however at this Point in my Life it i to Think of Me.

So I want to Let you know and Obsidian Finance that I am now offering PR Services and Search Engine Management Services starting at $2500 a month to promote Law Firms... Finance Companies.. and to pro online reputations and promote businesses..

Please Let me know if Tonkon Torp or Obsidian Finance is interested in this service..

thanks for your time..

in Love and Light


**Crystal L. Cox**
Investigative Blogger
Real Estate Broker Owner -

**After a failed attempt to get the Oregon Attorney General to investigate Cox, Obsidian filed a defamation case in January 2011,"**

Upon knowledge and belief of Plaintiff Crystal Cox, Defendant Kevin Padrick, made false and defamatory statements to third party, Defendant Kashmir Hill, Defendant Forbes regarding Plaintiff Crystal Cox and an Oregon Attorney General Investigation.

Defendant Kashmir Hill, Defendant Forbes then made false and defamatory statements concerning Plaintiff Cox being investigated by the Oregon Attorney General to a third party. This has caused irreparable harm, stress, and global retaliation against Plaintiff Cox. And has thereby put her under constant attacks, harassment, threats and retaliation and has ruined her life. Each day or week, a new online media source picks up the information from the false and defamatory statements to third party, Defendant Kashmir Hill, Defendant Forbes concerning Plaintiff Crystal Cox

Upon knowledge and belief of Plaintiff Crystal Cox, Defendant (attorney) Kevin Padrick, made false and defamatory statements to third party, Defendant Kashmir Hill, Defendant Forbes regarding Plaintiff Crystal Cox allegedly offering "reputation services" to him, through his attorney, Defendant David Aman. Defendant Kevin Padrick sent a partial eMail, in false light to entrap Plaintiff Crystal Cox for the crime of extortion, there were 5 emails and the email shown above was a direct RESPONSE from Plaintiff Cox in regard to a communication FROM Defendant Kevin Padrick's attorney Defendant David Aman. And the above partial eMail was sent a month after a legal threat communication, and after a 10 million dollar lawsuit was filed against Plaintiff Crystal Cox. The eMail was a private communication between counsel, as Plaintiff Crystal Cox was acting in her Pro Se manner and Defendant David Aman was the attorney of record for Defendant Kevin Padrick in this manner.

The email had the following Tonkon Torp, David S. Aman Disclaimer, of which Plaintiff Crystal Cox believed and relied on in her RESPONSE to Defendant David Aman's communication:

"The information contained in this e-mail message may be privileged, confidential, and protected from disclosure.  If you are not the intended recipient, any dissemination, distribution, or copying is strictly prohibited.  If any portion of this communication is interpreted as providing federal tax advice, Treasury Regulations require that we inform you that we neither intended nor wrote this communication for you to use in avoiding federal tax penalties that the IRS may attempt to impose and that you may not use it for such purpose.  If you think you have received this e-mail message in error, please e-mail the sender at david.aman@tonkon.com"

Defendant David Aman did not treat the emails with care, confidentiality, nor protect them from disclosure. Defendant David Aman mislead Plaintiff Crystal Cox, and used partial, private communications in order to paint Plaintiff Crystal Cox in false light, defame her, harass her, and ruin her life and business. Also note that Defendant David Aman, Defendant Kevin Padrick gave this email to Defendant Kashmir Hill, Defendant Forbes, after they already received a $2.5 million dollar judgement against Plaintiff Cox. Thereby insuring that Plaintiff Cox's life and way to make a living would be ruined, in defamatory retaliation. This was whistleblower retaliation and was unnecessary to the case in any way, as Defendant David Aman, Defendant Kevin Padrick, Defendant Kashmir Hill, and Defendant Forbes, clearly knew the truth BEFORE they maliciously defamed, attacked, harassed, endangered and retaliated against Plaintiff Cox by publishing false and defamatory statements concerning Plaintiff Cox, to a third party.

On December 11, 2011, Defendant David Carr published a New York Times Article titled, "When Truth Survives Free Speech". In regard to Plaintiff Cox, Defendant David Carr stated,

"She said she remained convinced that Mr. Padrick would be indicted, "even if I have to stay on it for the next decade." But, as Forbes first pointed out following the verdict, she had been willing to negotiate a cease-fire."

Thereby proving that Forbes knew that the eMail was a way for Cox to show willingness to end the litigation and to "negotiate" a cease-fire, another words to STOP a 10 million dollar lawsuit against her from moving forward. Yet Defendant David Carr and Defendant Kashmir Hill still insinuated and flat out accused Plaintiff Cox of extortion, which is a crime, and did so, based on that same email and set of facts they already admitted to knowing.

Defendant David Carr interviewed Plaintiff Cox and knew that Cox claimed the email was in response to what attorney Defendant David Aman had sent her. Yet Defendant David Aman lied to Defendant David Carr and Carr believed Aman over Plaintiff Cox, though the facts were easy to see when the emails were read in context. It is a an easily PROVEN fact that Plaintiff Cox sent that eMail in reply to an email from Defendant David Aman, an email threatening a lawsuit. And an email sent after that legal threat was put into action in a 10 Million Dollar Defamation Lawsuit against Cox.

**Defendant (attorney) Marc Randazza, made false and defamatory statements to third party concerning Plaintiff Crystal Cox.**

Upon knowledge and belief of Plaintiff Crystal Cox, Defendant (attorney) Marc Randazza, made false and defamatory statements to third party concerning Plaintiff Crystal Cox, Defendant Kashmir Hill, Defendant Forbes regarding his being extorted by Plaintiff Cox,

regarding a blog about a 3 year old that never existed.

See Exhibit G, Article Titled "Ugly New Reputation-Smearing Tactic: Going After A Toddler's Internet Footprint", Dated, 04/02/12

"Apparently I was not sufficiently threatened by this tactic, so Cox went on to register: fuckmarcrandazza.com, marcrandazzasucks.com, marcjrandazza.com, marcjohnrandazza.com, She also registered a great many Blogger accounts bearing my name, including markrandazza.blogger.com."

Plaintiff Crystal Cox was not threatening Defendant Marc Randazza, nor was Plaintiff Crystal Cox using any alleged, "tactic". Plaintiff Crystal Cox simply asked her former attorney if he knew anyone that would hire her for marketing, and he went into a rage and retaliation campaign in big media, court documents, radio and online media in order to defame, harass, threaten, and discredit Plaintiff Cox.

Plaintiff Crystal Cox has every lawful and constitutional right to criticize her former attorney Defendant Marc Randazza. Plaintiff Cox never asked for money to remove online comment and Plaintiff Crystal Cox never told Defendant Marc Randazza, or insinuated that she would post false statements if he did not hire her "services". Defendant Marc Randazza and Defendant Kashmir Hill, Defendant Forbes painted this picture, published these false and defamatory statements concerning Plaintiff Crystal Cox to the world through various mediums of communication.

Exhibit G states, "..Perhaps due to the negative attention Cox took down the content she had started publishing on the nataliarandazza.com site." Defendant Marc Randazza stated this false and defamatory statement concerning Plaintiff Cox to Defendant Kashmir Hill, Defendant Forbes.

Defendant Kashmir Hill, Defendant Forbes then stated this false and defamatory statement concerning Plaintiff Cox to third parties. This statement is FALSE and there is no way to prove it true, as Plaintiff Cox never had content on that domain name, especially "negative attention" regarding a 3 year old. It is hard to imagine, or for me to have even fully understand at the moment I read this article, as to what toll it would take on my life. I, Plaintiff Crystal Cox, found that my lifetime friends, the person I loved dearly and was in a relationship with at the time, my family, my clients, online media, blogs, big media, radio, and people and mediums of communication around the world believed that I had targeted a

three year old and that I had posted hate about a "toddler".

The backlash this created in my life is without the words to express it's depth of hate, harassment, and retaliation against me, Plaintiff Crystal Cox on a Daily Basis. And this is false and defamatory statement concerning Plaintiff Cox to third parties were not true, and not even based in truth. This lie, this false statement with total disregard for the truth, ruined my life in unimaginable ways.

Defendant Marc Randazza stated this false and defamatory statement concerning Plaintiff Cox, regarding this attack on a three year old,  to Defendant Kashmir Hill, Defendant Forbes. Defendant Kashmir Hill then published this to the world in a major media outlet known by every household, worldwide, Defendant Forbes. Defendant Kashmir Hill did not question Godaddy for domain information, did not question Plaintiff Cox, did not have any proof at all that such a blog existed, yet went ahead and posted false and defamatory statement concerning Plaintiff Cox to the World.

Days after Defendant Kashmir Hill published the false and defamatory statements, on April 6th 2012, Defendant Bob Garfield interviewed  Defendant Marc Randazza on Defendant wNYC, Defendant New York Public Radio. The show was called "COMBATING "BAD" SPEECH WITH MORE SPEECH", Dated, April 06, 2012. Defendant On the Media, as Exhibits show.

Defendant Bob Garfield and Defendant Marc Randazza stated false and defamatory statements to a third party concerning Plaintiff Cox. Defendant Bob Garfield and Defendant Marc Randazza accused Plaintiff Cox of attacking a child online, of being guilty of extortion, and all manner of unethical and criminal activity. Of which was not true. These  false and defamatory statements to a third party concerning Plaintiff Cox in this world wide medium of communication has caused Plaintiff Cox immeasurable, irreparable damage.

It is a fact that Plaintiff Crystal Cox never extorted Defendant Marc Randazza, and it is a FACT that Plaintiff Cox, never had a blog posting negative remarks of any kind regarding a 3 year old.

Defendant Kashmir Hill, Defendant Forbes, in the above statements, makes it seem as if Plaintiff Cox does this "same thing", posts negative reviews and falsehoods and then offers to take them down for a fee. Plaintiff Cox never did this to Defendant Marc Randazza, nor to anyone else, EVER. Yet Defendant Hill is publishing this false and defamatory statement accusing Plaintiff Cox of Habitual Conduct.

Defendant Kevin Padrick, insinuates that Plaintiff Cox posted negative information and falsehoods about him, and then offered to take the information down for a fee. When the truth is, if this court reviews all the facts, it is easy to see that the email that Defendant David Aman send to Defendant Kevin Padrick, who then sent this information to Defendant Kashmir Hill, was an email sent in DIRECT response, a REPLY to an email sent to Plaintiff Crystal Cox by Defendant David Aman on behalf of his client Defendant Kevin Padrick ( Note, both Aman and Padrick are Oregon Attorneys that were involved in the $40 million dollar bankruptcy scandal that blogger Cox was reporting on.)  The email send to Cox by Aman on behalf of Padrick, was a legal THREAT. 25 days later Defendant David Aman on behalf of his client Defendant Kevin Padrick filed a 10 million dollar lawsuit, after this Plaintiff Cox sent the email to negotiate a settlement. Defendant Kashmir Hill and other defendants made this email look to be extortion, which was not based in factual evidence.

Defendant Kashmir Hill, Defendant Forbes makes it seem as if Defendant Cox posted Defamatory information because Padrick refused to pay for her "services".

Defendant Kashmir Hill, Defendant Forbes was reporting on the Obsidian Finance Group v. Crystal Cox defamation trial, whereby Plaintiff Cox received a $2.5 million dollar judgement against her. Plaintiff Cox was on trial for a blog post dated December 25th 2010. Plaintiff Cox was not on trial for extortion, nor were emails or extortion allegations material factors in this case.

Yet, maliciously, negligently, irresponsibly, Defendant Kashmir Hill, Defendant Forbes published / reported on an email sent between counsel (Cox being Pro Se), a month after the blog post that Cox was on trial for. The partial, out of context, email that Defendant Kashmir Hill, Defendant Forbes published was unnecessary to the story, and was not a material factor of the case. Defendant Hill simply posted this partial email in order to defame, discredit, harass and attack Plaintiff Cox, with total disregard to the facts of the case or the issue she was reporting on.

The truth is, the email was a communication between parties of a 10 million dollar litigation, and was part of one email, out of 5 emails sent after a legal threat and after a lawsuit was filed AGAINST Cox.

In context, with the ENTIRE reply email, and the surrounding emails, it clearly shows that Cox flat out stated she would not remove information and that the email was simply a negotiation of cease fire in order to get attorneys David Aman and Kevin Padrick to STOP

a 10 million dollar litigation. It was a settlement offer, AFTER a legal threat and was AFTER a 10 million dollar lawsuit was filed against Cox by the parties involved in the eMail.

Plaintiff Cox is an Anti-Corruption Blogger and had been reporting on the unethical practices of Defendant David Aman and Defendant Kevin Padrick for 3 years prior. Plaintiff Cox never, EVER, posted a story, piece, blog post in order to get paid to take it down. Plaintiff Cox remains, to this day, dedicated to reporting on the details of that bankruptcy in order to bring justice and transparency to the U.S. bankruptcy courts.

Be it Defamation by Insinuation or flat out malicious defamation with knowledge of the facts, Defendant Kashmir Hill, Defendant Forbes has the world believing that Plaintiff Cox using her powerful internet marketing skills to attack the online reputation of a 3 year old and to publish bad, negative, or false information and then ask for a fee to remove it. Plaintiff Crystal Cox has never done this, been investigated for such extortionary practices, nor ever convicted of such crimes.

Defendant Kashmir Hill, Defendant Forbes has published false and defamatory statement to third parties concerning Plaintiff Cox, and is liable for the damage they have caused Plaintiff Cox over 17 months and counting.

Also on April 6th, 2012, Defendant Bob Garfield interviewed Trevor Timm of EFF. The show was called "A Problematic Test Case for Bloggers as Journalists".

In this interview, Defendant Bob Garfield heard Trevor Timm speak of the fact that the Obsidian v. Cox trial was about ONE Blog Post dated December 25th, 2010. Yet Defendant Bob Garfield published false and defamatory allegations in regarding to Plaintiff Cox being guilty of extortion, or some tactic in which was extortionary. And Defendant Bob Garfield, along with Defendant Marc Randazza published false and defamatory to a third party regarding Plaintiff Cox, that claimed that Plaintiff Cox had been involved in some sort of ongoing shakedown, or extortion racket, and that Defendant Marc Randazza was one of her victims. However, this was not factual, in any way whatsoever. It was FALSE and Defamatory concerning Plaintiff Cox, and therefore Plaintiff Cox is entitled to recover of damages caused by these false and defamatory statements to a third party, accusing Cox of criminal activity of which she had not participated in, was not under investigation for and had not been convicted of in a court of law.

**Allegations of False and Defamatory Statements published to a third party concerning Plaintiff Crystal Cox made by Defendant Marc Randazza.**

Defendant Marc Randazza, former attorney to Plaintiff Crystal Cox, went on a 17 month and counting, retaliation and defamatory attack on his former client Plaintiff Crystal Cox

**randazza.wordpress.com, Titled"Judge rules, again, that blogger Crystal Cox is not a journalist. You know why? Because she ISN'T a journalist.", dated March 30th, 2012**

"According to Kash, Padrick's firm found that Cox had created nearly 2,000 websites used to write about other companies. Padrick then said that Cox attempted to offer her "PR and search engine services" in order to fix Obsidian Finance's reputation. Sort of like a protection racket."

This is a false and defamatory statement concerning Plaintiff Cox. It is a malicious statement as Cox offered PR in a settlement negotiation. This was 3 years after she started reporting on Padrick and after Padrick sued Cox. Cox never offerd to fix Obsidian's reputation nor remove blog posts, as surrounding emails show. Plaintiff Cox was Defendant Randazza's attorney at one point and Defendant Randazza has copies of ALL emails in that thread, and has deliberately posted false and defamatory information concerning Cox with knowledge of the facts.

Defendant Randazza is in violation of law in his malicious retaliatory defamation.

"The message was clear. Shame about your messed up reputation. I can fix it for you. Never mind that I'm the one who messed it up."

This is a false and defamatory statement concerning Plaintiff Cox. This is defamation by insinuation and from a defamation lawyer specializing in this field and therefore having a greater duty of care to speak the truth. Especially a lawyer who once represented Plaintiff Cox and had ALL her files, emails and documents concerning the Obsidian case, including emails.

"Hernandez reasoned in his opinion that Cox did not qualify as a journalist. Go figure, given the fact that her writing is barely comprehensible. The only thing clear about it is that she does not seem to write as a journalist or an essayist, but more as an extortionist trying to

hide among the bloggers."

This is a false and defamatory statement concerning Plaintiff Cox. Defendant Randazza again insinuates that Plaintiff Cox is an extortionist and repeatedly slams his former client and publishes false statements.

Defendant Marc Randazza should have a higher degree of care,  as Defendant Randazza was Plaintiff Cox's attorney and knew the facts, and Defendant Marc Randazza knew that Obsidian v. Cox was a Civil Trial, yet Defendant Marc Randazza published false and misleading statement concerning Plaintiff Cox to a third party, knowing full well that Plaintiff Cox was not on trial for, convicted of, or even under investigation for being an "extortionist".

Plaintiff Cox never received money to remove blog posts, never asked to be paid to remove blog posts, and never posted investigative blogging on anyone, in order to later ask for payment of any kind. This is FALSE and Defamatory, and has led to immeasurable, irreparable damage to the life, business, quality of life and interpersonal relationships of Plaintiff Crystal Cox.

Defendant Marc Randazza claims that Plaintiff Cox extorted him too, just as she did Padrick. Yet Crystal Cox had extorted no one, was not under investigation for extortion nor was Cox convicted of extortion. Therefore all statements that Plaintiff Cox is an extortionist or extorted Defendant Marc Randazza or Defendant Kevin Padrick ARE, without a doubt, defamatory and false statement with actual malice, actual knowledge of the facts.

If Defendant Marc Randazza, Defendant David Aman or Defendant Kevin Padrick felt that had been victims of the crime of extortion, then as attorneys, which all 3 of them are, they would know how to file a criminal complaint and therefore allow Plaintiff Cox due process of law in the criminal justice system. However that is not what Defendant Marc Randazza, Defendant David Aman or Defendant Kevin Padrick did.

Instead Defendant Marc Randazza, Defendant David Aman, Defendant Kevin Padrick stated these false and defamatory statements concerning Plaintiff Cox to third party; Defendant Forbes, Defendant Kashmir Hill, Defendant David Coursey, Defendant Bob Garfield, Defendant NPR, Defendant Kenneth White, Defendant David Carr, Defendant New York Times, Defendant Philly Law Blog's Defendant Jordan Rushie, Defendant Peter L. Michaelson, Defendant WIPO, and Defendant 1-25 John and Jane Does.  Who then stated these false and defamatory statements concerning Plaintiff Cox to third party ( the World), via an International WIPO publication, New York Times articles, NPR radio shows, Forbes news articles, legal blogs and more.

Defendant Marc Randazza, published the following false and defamatory statement regarding Plaintiff Cox, on The Legal Satyricon, his blog, in an article titled "Carlos Miller on Crystal Cox", dated, April 2nd 2012, as shown in Exhibits, Here is the statement:

"He wrote about **the Crystal Cox extortion** case back in December, and I missed the story. He's done as good a job as anyone, if not better, in showing how this is not a bloggers vs. journalists story at all."

Defendant Marc Randazza stated that "the Crystal Cox" was a case of extortion. Defendant Marc Randazza stated, "the Crystal Cox extortion case" on his attorney, legal commentary blog. Defendant Marc Randazza is an attorney and has a greater obligation to the public of care, duty, and negligence.

Extortion is Criminal. Stating the Crystal Cox extortion case implies that Plaintiff Crystal Cox was on trial for and convicted of the CRIME of Extortion. When in TRUTH, Plaintiff Crystal Cox was on trial for defamation in a civil case. Plaintiff Cox was not under investigation of extortion, was not involved in a "Crystal Cox extortion case" and had not been ever convicted of the crime of extortion.

As an attorney of law, Defendant Marc Randazza knew this and yet knowingly posted false and defamatory statements concerning Crystal Cox to a third party.

Also, as a greater degree of care, negligence, breach of duty, breach of confidentiality, and deliberately posting  false and defamatory statements concerning Crystal Cox to a third party, with actual knowledge of the facts, Defendant Marc Randazza was  acting as Plaintiff Cox's Attorney in December of 2011. Defendant Randazza had a phone conference with Plaintiff Cox, and was given ALL files pertaining to the Obsidian v. Cox Case. Defendant Randazza was negotiating a deal with Defendant David Aman and Defendant Kevin Padrick in this case. Defendant Marc Randazza knew full well that it was a civil trial and that it was in regard to defamation and ONE blog post. And that Obsidian v. Cox was NOT a criminal trial and was not a trial about extortion.  Defendant Marc Randazza posted this false and defamatory statements concerning Crystal Cox to a third party maliciously, deliberately and with absolute knowledge that is was false and defamatory.

Defendant Marc Randazza, published the following false and defamatory statement regarding Plaintiff Cox, on The Legal Satyricon, his blog, in an article titled ""How Crystal Cox is helping to prove the strength of the First Amendment"", dated, March 31st,  2012, as shown in Exhibits, Here is the statement:

"The campaign is now about exposing her so that she can't engage in her extortion scheme against anyone else. Popehat is leading the charge, and naturally, the Legal Satyricon is next to Popehat, shields to shoulders. Sequence, Inc. is part of the solution too, by exposing the attacks on Kevin Padrick, and shining a light on Cox's widespread extortion scheme, so is Philly Law Blog, and before any of the law blogger community jumped on the bandwagon, Salty Droid was out there all by himself, shining a little light "

This is a false and defamatory statement concerning Plaintiff Cox.  Defendant Randazza falsely states that his former client Plaintiff Cox is and has engaged in extortion, and is involved in a an extortion scheme, which is a crime.

## Allegations of False and Defamatory Statements published to a third party concerning Plaintiff Crystal Cox made by Defendant David Carr

Defendant David Carr interview Plaintiff Cox and Defendant Kevin Padrick, and on December 11, 2011, Defendant David Carr published a New York Times Article titled, "When Truth Survives Free Speech".

"She said she remained convinced that Mr. Padrick would be indicted, "even if I have to stay on it for the next decade." But, as Forbes first pointed out following the verdict, she had been willing to negotiate a cease-fire.

"At this Point in my Life it is Time to Think of Me," she wrote in a letter to Mr. Padrick's lawyer, David Aman. "So I want to Let you know and Obsidian Finance that I am now offering PR Services and Search Engine Management Services starting at $2,500 a month," she wrote, to promote "Law Firms" and "Finance Companies" and "to protect online reputations and promote businesses."

What looked to be an unsubtle offer to holster her gun in exchange for a payoff was signed, "In Love and Light, Crystal Cox."

Ms. Cox said that she sent that note in response to a request from Mr. Padrick's attorney — Mr. Aman said he made no such inquiry — and that she was "not on trial for writing e-mails.""

This is a false and defamatory statement concerning Plaintiff Cox.

**Allegations of False and Defamatory Statements published to a third party concerning Plaintiff Crystal Cox made by Defendant Tracy Coenen**

**Defendant Tracy Coenen Article Titled "mArc RaNdaZza tAkeS bACk His NAmE", dated February 2nd, 2013.**

"He briefly agreed to represent Crystal Cox, then she changed her mind, got angry with Marc, and decided to register a bunch of domain names using Marc Randazza's name. Then she offered Randazza "reputation management services" (i.e. pay me a monthly fee, or else). When he did not agree to pay her, Cox began posting defamatory content about him on multiple websites. This isn't the first time Cox has done this, and the rest of the world recognizes this as extortion."

Defendant Tracy Coenen obviously knows that Plaintiff Cox was represented in a legal matter by Defendant Randazza, be it brief or not, representation is representation, and as a fraud analyst Defendant Tracy Coenen has a heightened sense of duty of care to find the facts of these matters before posting false and defamatory statements concerning Plaintiff Crystal Cox.

Defendant Tracy Coenen admits to the fact that Randazza represented Cox, and Plaintiff Cox "changed her mind" and become upset with Marc. Indeed, I Plaintiff Cox did, as Defendant Randazza was negotiating a deal with Defendant Aman and Defendant Padrick, on my alleged behalf, of which I knew nothing about. My blogs were to criticize a former attorney for treating me badly, and to exercise my First Amendment right and NOT to extort my ex-attorney.

Defendant Tracy Coenen says that Plaintiff Cox registered domain names in order to later demand that Defendant Marc Randazza pay for reputation services or else. This defamation by "insinuation" is false and defamatory concerning Plaintiff Crystal Cox and is published to a third party. Defendant Tracy Coenen, being a fraud investigator, and knowledgeable in white collar crime, is even more negligent than most in claiming that Plaintiff Cox had engaged in illegal activities. Defendant Tracy Coenen published these false statement knowing they were false, as it was clear that Plaintiff Cox had not been under investigation of extortion or convicted of extortion.

"**Libel by implication** occurs when a defendant (1) juxtaposes a series of facts to as to imply a defamatory connection between them, or (2) creates a defamatory implication even though the particular facts are correct. Toney v. WCCO, 85 F.3d 383 (8th Cir. 1996)."

Defendant Tracy Coenen is guilty of defamation by implication, in stating "ie or else.

A publication can convey a false and defamatory meaning by omitting or juxtaposing facts, even though all of the individual statements considered in isolation are literally true or non-defamatory. Turner v. KTRK Television, Inc., 38 S.W.3d 103 (Tex. 2000).

**Implied defamation** occurs when a publication states facts that are literally true, but produces a defamatory meaning apparent from a plain reading of the publication in its entirety. Chapin v. Knight-Ridder, Inc., 993 F.2d 1087 (4th Cir. 1993)

**Defendant Tracy Coenen Stated;**

""Crystal Cox didn't only lash out at Marc Randazza. She lashed out at his wife and their three year old daughter. Randazza and his family took Cox to court, alleging cyberpiracy and cybersquatting, among other things. In the meantime, a  list of domain names containing Marc Randazza's name and registered by Crystal Cox were turned over to Marc Randazza pursuant to an arbitration decision by the World Intellectual Property Organization (WIPO). The WIPO decision stated that the domain names were registered and used in bad faith by Cox, who was attempting to extort Randazza and confuse consumers.

Defendant Tracy Coenen published false and defamatory statements concerning Plaintiff Cox to a third party in stating that Plaintiff Cox lashed out at a three year old. The Fact is that Plaintiff Cox never, EVER, posted anything regarding this three year old. Defendant Tracy Coenen knowingly published this harassing, retaliatory, false and defamatory statement concerning Plaintiff Cox.

**Defendant Tracy Coenen published false and defamatory statements in concerning Plaintiff Cox being guilty of extortion.**

Defendant Kashmir Hill, Defendant Forbes published an email from Plaintiff Cox to Defendant David Aman, and accused Plaintiff Cox of Extortion, which is criminal.

Defendant Marc Randazza also told Defendant Kashmir Hill, Defendant Forbes that Plaintiff Cox had extorted him.  Defendant David Carr, Defendant New York Times then published these false and defamatory statements accusing Plaintiff Cox of the crime extortion. Defendant Marc Randazza then took the Defendant David Carr's false and

defamatory statements, and the false and defamatory statements of Defendant Kashmir Hill, Defendant Forbes and filed a complaint with Defendant WIPO using the Forbes and New York Times articles as proof of Plaintiff Cox being GUILTY of extortion.  Defendant Marc Randazza claimed to WIPO that Plaintiff Cox was guilty of extortion, had extorted him, and had a pattern and history of extortion. Though Plaintiff Cox had not been under investigation for extortion, on trial for extortion, nor EVER convicted of the crime of extortion.

Defendant Peter L. Michaelson, Panelist for Defendant WIPO then issued an international WIPO publication in which published false and defamatory statements to a third party concerning Plaintiff Crystal Cox and accusing her of the crime of extortion.

Then, Defendant Tracy Coenen published false and defamatory statements to a third party concerning Plaintiff Crystal Cox and the false and defamatory statements made by Defendant Peter L. Michaelson. "The WIPO decision stated that the domain names were registered and used in bad faith by Cox, who was attempting to extort Randazza and confuse  consumers".

**Defendant Tracy Coenen article titled, "Stopping Crystal Cox's Harassment and Extortion" dated 7 December 2012.**

On top of this article is a copyrighted picture of Plaintiff Crystal Cox taken by Defendant Tracy Coenen and on the picture of Plaintiff Crystal Cox's fact, the words read "Extortionist Crystal Cox", the JPEG file is titled, "crystal-cox-blogger-extortion", and is thereby picked up by the search engine as such.

The picture is defamatory and false statements made to a third party concerning Plaintiff Cox and therefore Defendant Tracy Coenen is liable for damages to Plaintiff Crystal Cox.

**False and Defamatory Statement made by Defendant Tracy Coenen;**

"She  offered Randazza "reputation management services," whereby she would refrain from posting defamatory things about him on her websites if Randazza paid her enough. That, my friends, is extortion."

This is a false and defamatory statement concerning Plaintiff Cox. Plaintiff Cox did not state to Defendant Randazza that if he paid her she would refrain from posting defamatory

statements, this is not true. Tracy Coenen flat out claims that Plaintiff Cox is guilty of extortion. Tracy Coenen is a fraud analyst and has a greater duty of care to Plaintiff Cox.

**False and Defamatory Statement made by Defendant Tracy Coenen;**

"First she started her extortion plot against Randazza, asking him to pay her a large sum of money, and posting defamatory content on marcrandazza.com when he refused. Cox then registered at least 31 more domain names with all or part of the names of plaintiffs. Defamatory content was added to those websites in an attempt to damage Randazza's reputation and mislead those who might be using a search engine to find Marc Randazza.

Crystal Cox's pricetag to stop the Randazza madness? $5 million. And she told the public that she'd keep registering domain names related to Randazza's name unless a court stopped her from doing so.

Marc Randazza and his family have sued to stop Cox from cybersquatting via domain names that include Randazza's name. And they have nicely outlined some of the interesting tactics Cox has used to terrorize them and others:

'As Cox targets many other individuals with her extortion scheme, the intent to profit is clear. Cox, on information and belief, when targeting other individuals, shows them what she is doing to [Randazza] and his family and uses this as a basis to extract or attempt to extract extortion fees from other third parties.'

"Randazza also says that Cox tried to stop him from testifying in a deposition related to one of the lawsuits against Cox."

This is a false and defamatory statement concerning Plaintiff Cox. The above quote is maliciously false and defamatory. Plaintiff Cox did not ask for money from Randazza. Plaintiff Cox did not terrorize Randazza. Plaintiff Cox exercised her first amendment right to criticize Defendant Randazza. The above statement is filled with false and defamatory statements published to a third party concerning Plaintiff Cox.

**False and Defamatory Statement made by Defendant Tracy Coenen;**

Defendant Tracy Coenen article titled, "Crystal Cox: Still an Extortionist"
6 December 2012.

"You may recall that earlier this year, Crystal Cox was up to her old tricks of defaming
people on the internet, and offering them "reputation management services," whereby for a
nice sum of money she would remove the negative things she wrote about those
individuals.

Cox went after Marc Randazza after becoming angry with him over his potential
representation of her in another case involving extortion. The original case was noteworthy,
not so much because it demonstrated Cox's fondness for attempting to destroy reputations
and then offering to repair those reputations for a large sum of money, but because the
judge ruled that Crystal Cox is not a journalist. (This is not to be confused with "bloggers
are not journalists," which some people incorrectly reported after a key decision in the
case. The decision was only that **blogger Crystal Cox** is not a journalist.)

In attempting to destroy Marc Randazza's reputation, Cox bought up a bunch of domain
names associated with him, such as marcrandazza.com. Predictably, she offered
"reputation management services," whereby if Marc agreed to pay her every month, she
would not post  reputation-destroying content about him on her websites.

Cox denied that she was trying to extort money from Randazza, writing on one of her sites
(yes, this is verbatim, odd capitalization and all):

This is a false and defamatory statement concerning Plaintiff Cox.

**False and Defamatory Statement made by Defendant Tracy Coenen;**

"An arbitration panel issued a decision in favor of Marc Randazza, and has ordered that
the domain names marcjohnrandazza.com, marcjrandazza.com, marcrandazza.com,
marcrandazza.biz, marcrandazza.info and marcrandazza.mobi be transferred to him.

In that decision, the arbitration panel discusses the extortionist activities of Crystal Cox

(emphasis mine):

Such websites are not "criticism sites" but merely a pretext for [Cox]'s bad faith **extortionate** use.

[snip]

Third, [Cox] attempted to commercially benefit from registration of these names by offering "reputation management" services to [Randazza] – through baiting [Randazza] into an **extortionate scheme**. Specifically, once [Randazza] declined her "reputation management" services, [Cox] then registered domain names that contained not only [Randazza]'s surname, but also the personal names of his wife and three year old daughter, and then included falsehoods about [Randazza] on her websites to which the domain names resolved. [Cox] would then eliminate such sites, and hence the ensuing injury to [Randazza]'s reputation, only if [Randazza] would purchase her "reputation management" services. Further, [Cox] repeatedly engaged in the same general type of **extortionate conduct** by offering her "reputation management" services to others, including as her targets various business people and third-party attorneys, thus reflecting a pattern of such conduct.

[snip]

Furthermore, [Cox]'s actions in registering and using the disputed domain names may appear, at a first glance, to simply be a vehicle through which she provides advertising through pay-per-click sites, but on slightly closer examination are actually components of an artifice intended to **extort** funds from [Randazza] and thus a pretext for a rather egregious variant of cybersquatting. As such, none of those actions can or will serve as a predicate upon which [Cox] can lawfully develop any rights or legitimate interests in any of the disputed domain names.

[snip]

In any event, for purposes of the Policy the Panel finds [Cox]'s intention, as reflected by the record, was never to solely provide, through her websites, speech critical of [Randazza]. Rather, her objective in both registering and using the disputed names was apparently to engage in a rather sinister and tenacious scheme to **extort** money from [Randazza]. Specifically, [Cox] first posted negative and false commentary on her websites that was intentionally calculated to injure [Randazza]'s on-line reputation and disrupt [Randazza]'s business conducted through his law firm. Thereafter, [Cox] used those sites in a manner that apparently optimized their ranking on the Google search engine in order to increase their visibility and prominence on search results yielded through a Google search of [Randazza], thus likely exacerbating the injury caused to [Randazza]. Once all this occurred, [Cox] then offered her reputational management services to [Randazza] through which, for a considerable fee, she would remediate [Randazza]'s on-line reputation by eliminating all the negative and false commentary of her own making and presumably also ceasing her use of the disputed domain names. Basically, for a price, she would undo the injury to [Randazza] for which she was responsible for having created in the first place. This egregious conduct clearly constitutes bad faith under the Policy.

So there you have it. Another discussion of Crystal Cox that concludes she was trying to extort people, not be an "investigative blogger" or "reputation manager" as she would have you believe."

This is a false and defamatory statement concerning Plaintiff Cox. It is not a defense that Tracy Coenen republished these statements, she is liable for posting false and defamatory statements even if she posts them from another blog / website.

**False and Defamatory Statement made by Defendant Tracy Coenen;**

Defendant Tracy Coenen article titled "Crystal Cox, Extortionist? You Decide"

Dated April 4, 2012

"the story began to focus on acts by investigative blogger Crystal Cox that appeared to be extortionate. Namely, Cox smeared Kevin Padrick and Obsidian Finance using domain names like obsidianfinancesucks.blogspot.com and kevinpadrick.com, then offered to provide them "reputation management services" " he implication was clear: pay me into infinity and I will remove what I posted about you."

This is a false and defamatory statement concerning Plaintiff Cox.

**False and Defamatory Statement made by Defendant Tracy Coenen;**

Defendant Tracy Coenen article titled, ""Investigative Journalist" Crystal Cox Attacks Attorney Kevin D. Padrick", Dated March 31st 2012.

"It gets even better. Crystal Cox then attempted to extort Kevin D. Padrick and Obsidian Finance by offering to provide services to "protect online reputations" for a fee of $2,500 per month. Translation: "Pay me to take down the defamatory material.""

**This is a false and defamatory statement concerning Plaintiff Cox.**

"Crystal Cox is hell-bent on destroying people who don't give in to her wishes. She has now gone after Marc Randazza, an attorney she begged to help her with an appeal in the Obsidian case, even going after Marc's wife and three year old daughter." "This tells you what kind of woman we are dealing with: Crystal Cox attacked Marc's innocent wife and three year old daughter."

**This is a false and defamatory statement concerning Plaintiff Cox. It is** not a defense in a court of law the Defendant Marc Randazza told her this and she believed it and posted it, it is false and defamatory.

Nor is it a defense that Defendant Kashmir Hill posted that Plaintiff Cox had a blog about a three year old, or attacked a 3 year old. The only defense against defamation is fact, and there is no way that Defendant Tracy Coenen can prove that Plaintiff Cox extorted Defendant Randazza, had a blog about a three year old, attacked a three year old, was involved in a shakedown, is an extortionist, or was on trial for extortion as Defendant Tracy Coenen stated / published to a third party concerning Plaintiff Cox.

Reposting false and defamatory statements is still defamation.

**Allegations of False and Defamatory Statements published to a third party concerning Plaintiff Crystal Cox made by Defendant Jordan Rushie, Defendant Mulvihill and Rushie LLC**

Article on Philly Law Blog, by Jordan Rushie,  Titled " The Evolution of Crystal Cox: Anatomy of a Scammer", dated, April 3rd 2012.

### Defendant Jordan Rushie, Defendant Mulvihill and Rushie LLC False and Defamatory Statements published to a third party concerning Cox.

"The trial transcript in Obsidian v. Cox is also now available. At trial, several expert witnesses testified that Kevin Padrick acted entirely appropriately in the Summit bankruptcy. Padrick also explained that when a company goes bankrupt, the money doesn't get taxed when it goes to the trust. This is because taxing the money when it went into the trust would essentially be taxing Summit's creditors, who are the victims, for the misdeeds of Summit. The testimony went uncontroverted."

This is false and defamatory. There were not several expert witnesses that stated that "Kevin Padrick acted entirely appropriately in the Summit bankruptcy". In a 1031 exchange company the creditors most certainly do owe tax if the exchange is not completed properly. The "victims" were parties in the  middle of an IRS code 1031 exchange, it was ALL a tax based business and tax issue.  Defendant Jordan Rushie has stated falsehoods and painted Plaintiff Cox in false and defamatory light.

Also one must note that there were eternally emails between many attorneys, and the

Department of Justice, in which made the allegations of tax issues with not paying the taxes appropriate of a 1031.

Also note The testimony was also not uncontroverted, as I, Plaintiff Cox provided over 500 documents of proof. This is a false and defamatory statement to a third party concerning Cox.

Crystal L. Cox, Plaintiff, is a Real Estate Broker, essentially an expert herself on a 1031 Exchange.

**Defendant Jordan Rushie, Defendant Mulvihill and Rushie LLC False and Defamatory Statements published to a third party concerning Cox.**

"This is how Crystal Cox's scam works generally: Cox calls herself an investigative blogger / journalist. She posts a bunch of negative stuff about you on the internet. Then she buys a bunch of domain names about you, your family, and your business to make sure all her posts are at the top of a Google search. But lucky for you, Cox also happens to be a "reputation management specialist." Cox then offers to sell you "reputation management services" to clean it all up to the tune of $2500 a month.

As Carlos Miller aptly put it, Crystal Cox "is the cyber equivalent of the mob goons who firebomb your business, before demanding protection money.""
"You may remember that over the weekend I wrote a piece about Crystal Cox, when Cox went after Marc Randazza's three year old daughter after offering to sell Randazza "reputation management" services which he declined.

Yes, you read that right – apparently Crystal Cox went after a three year old when Randazza wouldn't buy reputation management services."

This is a false and defamatory statement concerning Plaintiff Cox.  Defendant Rushie flat out lies about Plaintiff Cox. Cox has never offered reputation services as an extortionary tactic.  Plaintiff Cox has never asked for protection money nor went after a three year old. This is false and defamatory statements concerning Plaintiff Cox made to a third party by Defendant Jordan Rushie.

"The truth is that this is the "Crystal Cox is not a journalist story because Cox tried to shake down people down and got burned for it" case."

This is a false and defamatory statement concerning Plaintiff Cox.

Defendant Jordan Rushie is an attorney, and therefore has a greater duty of care to not mislead the public as to what the Obsidian v. Cox case was about.  Defendant Jordan Rushie insinuates that the Crystal Cox case was about a shakedown, when it was about a $40 million bankruptcy and where the money went once the trustee took over. The blog post in which Cox was on trial for was a financial matter regarding a bankruptcy of a 1031 exchange company. This case was not about a shakedown, nor accusations of one. In fact the email that Defendant Jordan Rushie insinuates is extortionary, was sent a month after the blog post Cox was on trial for and AFTER Cox was sued and had nothing to do with why Cox was on trial.

"Marc Randazza wrote about what Cox did to his wife and 3 year old child. Popehat helped lead the charge to the truth. The New York Times and Forbes followed suit by writing the truth about Crystal Cox – that making defamatory posts and then demanding money for "reputation management" to take it down is not protected speech. David Carr, a writer for the New York Times specifically wrote a piece about how Cox tried the scam on him. Heroically, blogger Kashmir Hill wouldn't be be silenced when it comes to Crystal Cox, and neither would the Salty Droid or our friends over at the Fraud Files blog."

This is a false and defamatory statement concerning Plaintiff Cox.  Defendants acted in conspiracy to defame Plaintiff Cox. This statement paints a false and defamatory picture that an anti-corruption blogger, an advocated for victims of corruption has some sort of scam to buy domain names and then write false statements and charge a fee to remove those statements. This is not fact. This is a false and defamatory statement concerning Plaintiff Cox.

"David Aman, Kevin Padrick's attorney, sent a cease and desist letter to Cox on December 22, 2010. Padrick and Obsidian finally filed a lawsuit against Cox alleging defamation on January 14, 2011 in connection with those websites.

Shockingly, on January 19, 2011, just a few days after suit was filed, Cox offered Padrick and Obsidian, through their attorney David Aman, an offer to purchase her reputation management services:
Presumably, the offer was declined."

This is a false and defamatory statement concerning Plaintiff Cox.  Defendant Rushie seems to know that the email was AFTER the lawsuit was filed, yet accuses Cox of extortion.  Defendant Rushie paints Cox in false and defamatory light.  Defendant Rushie leaves out the surrounding emails which detail the offer and it was a settlement negotiation to end the threat of litigation and STOP the 10 million dollar lawsuit against Cox.

**Allegations of False and Defamatory Statements published to a third party concerning Plaintiff Crystal Cox made by Defendant Forbes Inc., Defendant Kashmir Hill**

**Article, Exhibit C, Dated 7th, 2011, Titled "Why An Investment Firm Was Awarded $2.5 Million After Being Defamed By Blogger"**

Defendant Forbes Inc., Defendant Kashmir Hill was negligent in posting the following false and defamatory statement in internationally published Forbes Inc. Publications.

Defendant Forbes Inc., Defendant Kashmir Hill's first false and defamatory publication was, Dated 7th, 2011, Titled "Why An Investment Firm Was Awarded $2.5 Million After Being Defamed By Blogger"


False and Defamatory Statements published to a third party concerning Plaintiff Crystal Cox made by Defendant Kashmir Hill.

"This has led to a slew of angry stories, pointing out that bloggers are journalists. But these stories have not dug deeply enough. The facts in the case are far more complicated, and after hearing them, most journalists will not want to include Cox in their camp."


AND


"This story is not like that of Johnny Northside Hoff, the Minneapolis blogger who was (unfairly) ordered to pay $60,000 to a university employee after a truthful post about mortgage fraud led to his firing."

AND

"If you Google Crystal Cox's work about Obsidian Financial Group, you will find a host of

websites full of erratic writing about the firm's allegedly unethical practices, with domain names like "obsidianfinancialsucks.com." She mainly directed her ire at firm principal Kevin Padrick. His search results <u>are ruined</u> — dominated by posts on websites Cox created, such as "bankruptcytrustfraud.com,"


AND


" Obsidian's tech team found dozens of sites that appeared to have been created by Cox to write about Obsidian, says Padrick, and over 1,900 others that she had created to write about other people and companies. This is not the work of a journalist, but the work of someone intent on destroying reputations."


AND


"Cox contacted Obsidian and offered them "reputation services." Padrick sent along a copy of an email that Cox sent to his attorney:

**David Aman**

| | |
|---|---|
| From: | Crystal L. Cox [savvybroker@yahoo.com] |
| Sent: | Wednesday, January 19, 2011 2:23 PM |
| To: | David Aman |
| Subject: | From Crystal L. Cox |

Hello David, I hope this eMail finds you doing well. All said and done, looks like Summit boys going to and Well I don't think that Kevin acted with the Highest of Integrity.. however at this Point in my Life it i to Think of Me.

So I want to Let you know and Obsidian Finance that I am now offering PR Services and Search Engine Management Services starting at $2500 a month to promote Law Firms... Finance Companies.. and to pro online reputations and promote businesses..

Please Let me know if Tonkon Torp or Obsidian Finance is interested in this service..

thanks for your time..

in Love and Light



**Crystal L. Cox**
Investigative Blogger
Real Estate Broker Owner -

After a failed attempt to get the Oregon Attorney General to investigate Cox, Obsidian filed a defamation case in January 2011, and Padrick first met Cox on the first day of the trial."

AND

"Obsidian's lawyers had asked for a million dollars. The jury awarded Obsidian and Patrick $2.5 million."

**False and Defamatory Statements published to a third party concerning Plaintiff Crystal Cox made by Defendant Forbes Inc., Defendant Kashmir Hill**

Defendant Forbes Inc., Defendant Kashmir Hill article dated, April 2nd 2012, Titled "Ugly New Reputation - Smearing Tactic; Going After a Toddler's Internet Footprint",

Plaintiff Cox never wrote a word about this "Toddler", nor did Plaintiff Cox go "after a Toddler's Internet Footprint".

Defendant Forbes Inc., Defendant Kashmir Hill was negligent in posting the following false and defamatory statement in internationally published Forbes Inc. Publications

Defendant Forbes Inc., Defendant Kashmir Hill's second false and defamatory publication

""Obsidian's lawyers had asked for a million dollars. The jury awarded Obsidian and Patrick $2.5 million."

AND

"After Obsidian sued Cox, she contacted them offering her "reputation services;" for $2,500 a month she could "fix" the firm's reputation and help promote its business. (In some circles, we call that  "extortion."

AND

"the judge clarifying that bloggers can be journalists, but that Cox is a serial harasser, not a journalist.)"

AND

"Another lawyer, Marc Randazza, had also spoken with Cox about her case; after deciding not to work with him, Cox sent him an email letting him know that she "needed to make money" and was willing to offer him her reputation management services. In fact, she had already bought his domain name (marcrandazza.com). Randazza writes on his blog:

Apparently I was not sufficiently threatened by this tactic, so Cox went on to register:

fuckmarcrandazza.com, marcrandazzasucks.com, marcjrandazza.com, marcjohnrandazza.com

She also registered a great many Blogger accounts bearing my name, including markrandazza.blogger.com.

via <u>Judge rules, again, that blogger Crystal Cox is not a journalist. You know why? Because she ISN'T a journalist. « The Legal Satyricon</u>."


AND

"(For disclosure's sake, I should mention that Cox also began blogging about me repeatedly around this time using the same tactics she used on Obsidian and Padrick, because I was the first to write <u>a critical article</u> about her tactics. When David Carr of the New York Times <u>followed suit</u> he also attracted her ire. "

AND

"She bought the domain name for Marc's wife, Jennifer Randazza (and has already started dominating <u>her first page of Google results</u> with her hyperbolic posts). When Randazza still wouldn't buy her services Cox moved on to a younger member of the family:

When this didn't get the desired response, Cox turned to a place where even the lowest of the low would not stoop — she focused her stalkerish attention on my three-year-old daughter and registered NataliaRandazza.com.


via <u>Judge rules, again, that blogger Crystal Cox is not a journalist. You know why?</u>

Because she ISN'T a journalist. « The Legal Satyricon."


AND


"The search engine results for **three-year-old** Natalia Randazza are at this time dominated by content from her father, including a 'the baby has arrived' blog post with accompanying wrinkly newborn photo and a few YouTube baby videos (classics like "Natalia's first bath"). There's also a page by some confused data grabber that suggests Natalia and Marc Randazza are business associates. Perhaps due to the negative attention Cox took down the content she had started publishing on the nataliarandazza.com site.

Randazza's struggle with Cox is representative of a much larger battle being waged on the Internet pitting free speech against our rights to protect our reputations. Randazza, a lawyer who has in his career fought to protect lots of troubling speech, understands this tension more than most. Yet he writes:

> Fortunately, I had a large enough public reputation and the Google juice to withstand her attacks.
>
> Kevin Padrick didn't have that luxury.
> Other people won't have that luxury.
> My three year old daughter doesn't have that luxury…


> There is no doubt that the blogging community needs as many protections as it can get, and I believe many bloggers who I read, talk to and work with would qualify for protection under Oregon's shield statute.  Crystal Cox did not, does not, and cannot advance this goal.  If the blogging community wishes to stand among those with the title of "journalist," then it must reject people like Crystal Cox, and relegate them to their own bizarre, obsessive and child-targeting corner of the Internet.


> She is not one of us.

She harms us.

> via Judge rules, again, that blogger Crystal Cox is not a journalist. You know why? Because she ISN'T a journalist. « The Legal Satyricon.

Cox is an outlier. Her tactics are extreme ones. But we do now live in a world where money can be made from ruining reputations and then offering to fix them."

"How do we draw the line between speech rights and digital forms of extortion?"

**Allegations of False and Defamatory Statements published to a third party concerning Plaintiff Crystal Cox made by Defendant David Coursey, Defendant Forbes.**

Defendant David Coursey, Dated 3/29/2012. Titled, "Are Bloggers Really Journalists? Not If They Ask For Money"

"Are Bloggers Really Journalists? Not If They Ask For Money"

This is a false and defamatory statement concerning Plaintiff Cox, published to a third party.

" anyone who supported Cox as a "member of the media" could look pretty foolish. When I read her blogs, I thought they were suspiciously over-the-top for journalism and "hinky" besides. The latter being a technical term I learned in newsrooms that describes something that doesn't seem right but you can't immediately figure out why and as a result stay away from reporting.

If what Judge Hernandez describes as true, Crystal Cox is not a journalist."

This is a false and defamatory statement concerning Plaintiff Cox, published to a third party.  Defendant David Coursey cannot prove this statement true of Plaintiff Cox.

"The bigger point — and this was apparently not known previously — was the shake-down aspect of the case which, if true, violates every standard that a real journalist — regardless of medium — holds dear."

This is a false and defamatory statement concerning Plaintiff Cox, published to a third party. There was no shakedown.  Defendant David Coursey knowingly posted these false and defamatory statements.


" This is an example of where journalism and pornography are both hard to define, but I know them when I see them."

This is a false and defamatory statement concerning Plaintiff Cox, published to a third party


**Allegations of False and Defamatory Statements published to a third party concerning Plaintiff Crystal Cox made by Defendant Peter L. Michaelson, Defendant WIPO.**

Marc J. Randazza v. Cox, Bernstein, WIPO Case No. D2012-1525, Publication Date November 30th, 2012.


**In WIPO Decision Case No. D2012-1525, Defendant Peter L. Michaelson states the following false and defamatory statements regarding Plaintiff Cox to a third party:**

"Respondent's actions in registering and using the disputed domain names may appear, at a first glance, to simply be a vehicle through which she provides advertising through pay-per-click sites, but on slightly closer examination are actually components of an artifice intended to extort funds from the Complainant and thus a pretext for a rather egregious variant of cybersquatting. As such, none of those actions can or will serve as a predicate upon which the Respondent can lawfully develop any rights or legitimate interests in any of the disputed domain names."

Defendant Peter L. Michaelson can only use truth as a defense in a defamation lawsuit, and Defendant Peter L. Michaelson cannot prove that Plaintiff Cox profited from said domains, had pay per click ads in which she profited from, and "intended to extort funds". Defendant Peter L. Michaelson cannot prove that Plaintiff Cox is guilty of cybersquatting regarding said domain names. Nor can Defendant Peter L. Michaelson cannot prove that

Plaintiff Cox had criminal intent. As he states that Plaintiff Cox had actions that predicate that are not lawful and therefore Cox is engaged in unlawful actions with said domain names and therefore not entitled to ownership of the domain names. This is false and defamatory and suggest that Plaintiff Cox was involved in criminal, unlawful activity of which Plaintiff Cox was not.

Defendant Peter L. Michaelson is accusing Plaintiff Cox of the crime of intending to extort funds. Defendant Peter L. Michaelson did not perform an investigation, nor did he file a criminal complaint and allow Plaintiff Cox due process of law, in order for a court of law to convict Plaintiff Cox, instead Defendant Peter L. Michaelson, a New Jersey, New York Attorney, simply flat out stated that Plaintiff Cox "intended to extort funds".  Plaintiff Cox NEVER intent to extort funds and did NOT extort funds.

**In WIPO Decision Case No. D2012-1525, Defendant Peter L. Michaelson states the following false and defamatory statements regarding Plaintiff Cox to a third party:**

"the Respondent's intention, as reflected by the record, was never to solely provide, through her websites, speech critical of the Complainant. Rather, her objective in both registering and using the disputed names was apparently to engage in a rather sinister and tenacious scheme to extort money from the Complainant."

Defendant Peter L. Michaelson published false statements regarding what the record shows and the "intentions" of Plaintiff Cox. Defendant Peter L. Michaelson accuses Plaintiff Cox of criminal activity and of being guilty of, somehow previously convicted of a "scheme" to "extort money".

Defendant Peter L. Michaelson has no way of "truth as defense", as Plaintiff Cox is not involved in an extortion scheme, nor has Plaintiff Cox been convicted by a court of law of extortion. It is not enough that Defendant Peter L. Michaelson may claim that Defendant Marc Randazza told him he was extorted by Plaintiff Cox. Nor is it a defense that Defendant Forbes Defendant New York Times, Defendant Jordan Rush published that Plaintiff Cox was guilty of extortion. It is a fact that Plaintiff Cox has not been under investigation for extortion, charged with the CRIME of extortion or convicted of extortion.

**In WIPO Decision Case No. D2012-1525, Defendant Peter L. Michaelson states the following false and defamatory statements regarding Plaintiff Cox to a third party:**

"Specifically, the Respondent first posted negative and false commentary on her websites that was intentionally calculated to injure the Complainant's on-line reputation and disrupt the Complainant's business conducted through his law firm. Thereafter, the Respondent used those sites in a manner that apparently optimized their ranking on the Google search engine in order to increase their visibility and prominence on search results yielded through a Google search of the Complainant, thus likely exacerbating the injury caused to the Complainant."

Defendant Peter L. Michaelson published false statements regarding the "Respondent", Plaintiff Cox, "posted negative and false commentary on her websites that was intentionally calculated to injure the Complainant's on-line reputation and disrupt the Complainant's business conducted through his law firm". Defendant Peter L. Michaelson has no way of "truth as defense", as Plaintiff Cox did not intentionally calculate to injure. Plaintiff Cox was well within her First Amendment right to criticize her former attorney Defendant Marc Randazza and to criticize his law firm of whom she had personal experience with.  Plaintiff Crystal Cox has every right to Rank higher in the search engines then Complainant Defendant Marc Randazza and his law firm Defendant Randazza Legal Group.

**In WIPO Decision Case No. D2012-1525, Defendant Peter L. Michaelson states the following false and defamatory statements regarding Plaintiff Cox to a third party:**

"Once all this occurred, the Respondent then offered her reputational management services to the Complainant through which, for a considerable fee, she would remediate the Complainant's on-line reputation by eliminating all the negative and false commentary of her own making and presumably also ceasing her use of the disputed domain names. Basically, for a price, she would undo the injury to the Complainant for which she was responsible for having created in the first place. This egregious conduct clearly constitutes bad faith under the Policy."

Defendant Peter L. Michaelson, known to be "buddies" with Defendant Marc Randazza such as INTA members reported to Plaintiff Cox, intentionally, knowingly published false and defamatory statement to a third party concerning Plaintiff Cox.

WIPO Panelist Defendant Peter L. Michaelson has stated false and defamatory statements to a third party concerning Plaintiff Cox involved in "bad faith" and offering to eliminate "all

the negative and false commentary of her own making and presumably also ceasing her use of the disputed domain names. Basically, for a price, she would undo the injury to the Complainant for which she was responsible for having created in the first place."

Defendant Peter L. Michaelson has accused Plaintiff Cox of criminal behavior in which Plaintiff Cox did not partake in.  Defendant Peter L. Michaelson published to a global third party that Plaintiff Cox was engaged in criminal activity.

Defendant Peter L. Michaelson cannot use truth as a defense, as Plaintiff Cox had not published any reviews regarding Defendant Marc Randazza, good or bad, and then AFTER these postings ask for a payment of any kind to remove anything that she had posted. That simply NEVER happened.  Defendant Peter L. Michaelson published these false and defamatory statements to a third party concerning Plaintiff Cox with actual knowledge of the fact that they were not true. As there was no record of any online postings by Plaintiff Cox in any way regarding Defendant Marc Randazza prior to asking for any kind of job, and Plaintiff Cox never asked for money to remove negative or false commentary, that she had made prior, this never happened and proof does not exist.

**In WIPO Decision Case No. D2012-1525, Defendant Peter L. Michaelson states the following false and defamatory statements regarding Plaintiff Cox to a third party:**

"Third, the Respondent attempted to commercially benefit from registration of these names by offering "reputation management" services to the Complainant – through baiting the Complainant into an extortionate scheme."

This is a false and defamatory statement concerning Plaintiff Cox, published to a third party.  Plaintiff Cox did not attempt to commercial benefit and was not engaged in an "extortionate scheme".

**In WIPO Decision Case No. D2012-1525, Defendant Peter L. Michaelson states the following false and defamatory statements regarding Plaintiff Cox to a third party:**

"Specifically, once the Complainant declined her "reputation management" services, the Respondent then registered domain names that contained not only the Complainant's surname, but also the personal names of his wife and three year old daughter, and then

included falsehoods about the Complainant on her websites to which the domain names resolved."

This is a false and defamatory statement concerning Plaintiff Cox, published to a third party.

**Allegations of False and Defamatory Statements published to a third party concerning Plaintiff Crystal Cox made by Defendant Jason Jones of the Salty Droid Blog**

Defendant Jason Jones emailed Plaintiff Cox just after her trial and threatened to use whatever means necessary if she did not do as he wished her to do with her Obsidain v. Cox case appeal.

Below is from that eMail Thread

**"live to fight another day"**

**"I'm going to be inserting myself into this situation one way or another ... negotiating peace by pressuring both parties would be my first choice ... but there are other choices."**

**"From:** saltydroid <saltydroid@gmail.com>
**To:** Crystal@CrystalCox.com
**Sent:** Friday, December 9, 2011 4:28 PM
**Subject:** Complaint

Crystal ::

Can I see the complaint in the case please?

Also :: can you give me the elevator pitch for what the bad actions of Obsidian and Kevin Padrick have been? Off the record.

Did you try to get some pro bono help before you filed your response?

SaltyDroid "

"**From:** saltydroid <saltydroid@gmail.com>
**To:** Crystal L. Cox <savvybroker@yahoo.com>
**Sent:** Tuesday, December 13, 2011 1:57 AM
**Subject:** Re: Complaint

i guess you forgot about me.  it's strange ... people so rarely do.

On Fri, Dec 9, 2011 at 9:53 PM, Crystal L. Cox <savvybroker@yahoo.com> wrote:
 No I did not try to get pro bono, it all happened fast and at a bad time.
 I will forward you documents tomorrow, if i forget please email me, so much is going on..
 I am starting a new blog to focus for folks who just learn it..
 thank you for emailing me. .. i appreciate you..
 **Crystal L. Cox**

**From:** saltydroid <saltydroid@gmail.com>
**To:** Crystal L. Cox <savvybroker@yahoo.com>
**Sent:** Tuesday, December 13, 2011 2:24 PM
**Subject:** Re: Complaint

Hmmm.

I wonder ... if things are bad for you right now ... then why are you escalating and compounding your attacks? I don't fancy that's a very good idea.

Before I was an "investigative blogger" as you say, I was a lawyer. I think it is quite shocking that the court didn't apply the New York Times v. Sullivan standard in your case. It freaked me out when I first saw it ... but once I looked at the details **I understood**.

Crystal I think there's a very, very, good chance this will **end with you going to jail.** Having "Reputation Manager" and "Investigative Blogger" both in your signature line kinda tells the whole story. **Those two jobs are opposites** ... doing them both is hell-a like extortion. Add that to the fact that you're attacking members of the bar ... a court appointed member of the bar no less ... and the fact that your case got all this press that didn't tell the whole story and made the court system look silly ... things are prolly much worse for you right now than you think.  You're going to force them {the government} to do something {the only way they ever do anything is when they're forced}.

You should stop not helping yourself as soon as possible.

Any chance you'd want **to negotiate the end** of this fiasco? You take down all your sites about Kevin and Obsidian and walk away into the sunset ... live to fight another day. Then they turn around and walk away as well without pressing the judgement or giving you any further issues ... avoiding establishing such a horrible precedent for free speech. I don't know if they'd do that but if you offered and they refused they'd look unreasonable.

**I'm going to be inserting myself into this situation one way or another ...** negotiating peace by pressuring both parties would be my first choice ... **but there are other choices.**

jason"

**The Salty Droid Article, "Crystal Cox's 5th Amendment Rights", Dated April 3 2012, written by Jason Jones.**

"The real The Crystal Cox Story is about local law enforcement's repeated failure to stop someone who obviously needed to be stopped."

This is a false and defamatory statement concerning Plaintiff Cox, published to a third party.

"You can count on one hand the number of people who wrote good stories about how extorting productive citizens shouldn't really count as journalism."

This is a false and defamatory statement concerning Plaintiff Cox, published to a third party.

"forcing Crystal Cox Investigative Cyber Extortionist to do what any hero of free speech would do"

"Thing is :: Crystal Dipshit is right about that. The Internet is currently being used for extortion on a grand scale …"

""Nothing but respect" does not describe my feelings about defending criminal-non-speech as speech …"

"There's a legal cliché about free speech not extending to shouting fire in crowded theatre … it also doesn't extend to telling the theatre owner that if she doesn't pay you $2500 per month you're going to shout fire during every weekend showing of Hunger Games. That's crime not speech … it needs to be stopped not protected.

The fight for free speech on the Internet is going to be about perception … not precedent. Most people are silenced by the threat of expensive litigation before anybody starts cracking the goddamn precedent … because the perception battle is being badly lost. It's the temperature of the chilling effect that will determine how much of the new people power will be boot stomped back underground … and how much will survive to change the world."

This is a false and defamatory statement concerning Plaintiff Cox, published to a third party.

The Salty Droid Article, "Crystal Cox :: iS nOt a BLOgGER", December 14th, 2011.

Defendant Jason Jones Reposted the Forbes email and insinuated extortion.

Reposting false and defamatory statements is not protected speech.

The Salty Droid Article, "The Crystallization Method" Dated April 14th 2013, written by Jason Jones.

"Extortion is one of the categories of online speech in serious need of a chilling effect. You're not exactly the best example of it {whAt with your inAnity And All} :: but close enough"

This is a false and defamatory statement concerning Plaintiff Cox, published to a third party.

The Salty Droid Article,  "The Trillion Dollar Trial of the Millennium" Dated March 21, 2013,

"Bernstein's got himself a top lawyer to handle the case too :: gal goes by the name of Cox … Crystal L. Cox."

This is a false and defamatory statement concerning Plaintiff Cox, published to a third party.

"Cox lost a lawsuit that seemed to have implications for free speech :: but turned out to be about cyber-extortion instead. 1st Amendment lawyer Marc Randazza was going to help out with the case :: but then he didn't."


**Allegations of False and Defamatory Statements published to a third party concerning Plaintiff Crystal Cox made by Defendant Roxanne Grinage**

Upon Knowledge and Belief, Roxanne Grinage published defamatory statements concerning Cox to third party Bruce Sewell, APPLE General Counsel, Former Intel General Counsel AND to APPLE PR executive Steve Dowling.


Roxanne Grinage false and defamatory statements published to a third party concerning Plaintiff Cox.

http://www.hirelyrics.org/hirelyricscopyrighttrademarkcasestudies.html#.UXWNRbVJO9U

" Victims of Eliot Bernstein and Crystal Cox Cyber Extortion and Domain Name Defamation Schemes Justice is Alive and Well."


This is a false and defamatory statement concerning Plaintiff Cox, published to a third party.


"FREE SPEECH ALL GOOD UNTIL 30 BUSINESS LEADERS TELL THE TRUTH ABOUT

CRYSTAL COX AND ELIOT BERNSTEIN CYBER EXTORTION SCHEMES"

This is a false and defamatory statement concerning Plaintiff Cox, published to a third party.  Plaintiff Cox is not guilty of Extortion, this is a false and defamatory statement.


"Feb 17 2013 CNNireport HireLyrics: Free Speech All Good Until 30 Business Leaders Tell The Truth About Eliot Bernstein Crystal Cox Cyber Extortion Schemes."

This is a false and defamatory statement concerning Plaintiff Cox, published to a third party.  Plaintiff Cox is not guilty of Extortion, this is a false and defamatory statement.


"seeking to bring our own charges against the Scam Blogger already adjudged $2.5M civilly liable/guilty in the Oregon Federal Court Kevin Padrick vs. Obsidian Financial for acquiring domain names of business people posting abusive and defamatory content, trying to sell them her reputation management services $2,500.00 per month to not publish defamatory content"

This is a false and defamatory statement concerning Plaintiff Cox, published to a third party.  Plaintiff Cox is not guilty of Extortion, this is a false and defamatory statement.


"Executives Steven Dowling and Bruce Sewell essentially warning them that the defamatory content they are posting on Bernstein and Cox owned stevedowling.com and brucesewell.net "will continue unless you pay us some money" ......."Eliot Bernstein and Crystal Cox attempt and massive con job with public opinion and post on Reverend Crystal Cox owned asking for tips to be sent to CrystalCox.com which is owned by Eliot Bernstein that the reason Cox and Bernstein couldn't get Apple to pay them is because of something Roxanne Grinage did which is to say on November 9th 2012 "DON'T PUT MY NAME ON ANY OF BERNSTEIN AND COX'S EXTORTION CRAP."

This is a false and defamatory statement concerning Plaintiff Cox, published to a third party.  Plaintiff Cox is not guilty of Extortion, this is a false and defamatory statement. Plaintiff Cox never threatened to defame anyone EVER, if they did not pay money. This is maliciously false.


"Crystal Cox is running around the country demanding jury trials, selling her domains to Eliot Bernstein to hide her assets from having to pay the $2.5M Obsidian Financial v Cox Defamation Judgment; "

This is a false and defamatory statement concerning Plaintiff Cox, published to a third party.  Defendant Grinage accuses Plaintiff Cox of a Crime of hiding assets, of which is not factual. Defendant Grinage has knowingly posted this false and defamatory statement.

"01/14/13 Roxanne Grinage HireLyrics Administrative Services U.S. Citizens Public Docket Notice of Appearance and Certificate Service and Disclaimer in re Federal Trademark Lawsuit Randazza et al vs Crystal Cox and Eliot Bernstein USDC NV Case No. 2-12-cv-02040-GMN-PAL"

The above links to a Notice of Appearance and Certificate of Service and claimi to be filed on 1/ 14/2013  however this document was never filed in District of Nevada Case 2:12-cv-02040-GMN-PAL. This is a false and defamatory statement concerning Plaintiff Cox.

Upon Knowledge and Belief, Defendant Grinage states she filed this document and alleges to be part of a federal case, yet it is a matter of record, that this document is not on the docket for District of Nevada Case 2:12-cv-02040-GMN-PAL. This is a fraudulent statement.

"... posting her abusive and defamatory content at cyber extortion domains owned by Crystal Cox and Eliot Bernstein"

This is a false and defamatory statement concerning Plaintiff Cox, published to a third party.

"Your complaint filed 11/28/2012 in U.S. District Court of Nevada, against Bernstein and Cox and my review of the docket report through yesterday, confirm for me that I have first-hand irrefutable evidence against Eliot Bernstein that may assist law enforcement in learning Eliot Bernstein is the sinister coward criminal mind behind a not too smart Crystal Cox who has sold some of her domains to Eliot Bernstein to hide her assets and posts the defamatory content about Apple Executives and now roxannegrinage.com after I told Eliot Bernstein and Crystal Cox on November 9, 2012 to get my name off of email(s) to Apple Executives Bruce Sewell and Steven Dowling that had anything to do with demanding money from anyone based on the threat of posting defamatory content on domains named for real people. "

This is a false and defamatory statement concerning Plaintiff Cox, published to a third party.

"The truth is that Eliot Bernstein is backing Cox because Cox is alienated and ostracized by responsible bloggers, journalists and certainly all professionals transacting any legitimate

business.  Eliot Bernstein is the criminal mastermind behind what I see now on hind sight and review of two five inch expandable redwells of printed file materials, a 1.5 inch three ring binder and 2 4.7GB DVD Data Discs, document and audio files"

This is a false and defamatory statement concerning Plaintiff Cox, published to a third party.


"I am not too worried about Crystal Cox because as my husband pointed out she is just running all over the country abusing internet consumer audience reach to pick one fight after the next with anyone who won't succumb to Eliot Bernstein's and her extortion by domain defamation schemes.  She is spread way too thin and has not realized that Eliot Bernstein sits back comfortably watching her go on one kamikaze mission after the next: Defamation of Obsidian Financial people, Defamation of Apple Executives; Defamation of People and their families even children are fair game for Cox; offering to not defame people if you pay her $2,500 per month for reputation management services; breaking all kinds of laws like practicing law without a license....Cox speaks in court pleadings in pro se voice for herself but represents Eliot Bernstein Iviewit interests as well. "


This is a false and defamatory statement concerning Plaintiff Cox, published to a third party.

"Eliot Bernstein used his rage against me because I wouldn't go along with his extortion scheme with Crystal Cox against Apple executives Steven Dowling and Bruce Sewell,"

This is a false and defamatory statement concerning Plaintiff Cox, published to a third party.

Roxanne Grinage has also accused Plaintiff Cox of Extortion in videos published on YouTube.

## Cause of Action 1.)   Defamation - 28:1332 Diversity - Libel, Assault, Slander

Plaintiff Crystal L. Cox re-alleges and fully incorporates ALL preceding paragraphs in their entirety.

Defendants have published the false and defamatory statements as alleged above to third parties on an internet website, in a WIPO publication, on radio, on blogs, and they have gone "viral". The Forbes article alone states it has had 17,700 views.

Defendants have knowingly and intentionally published the false and defamatory statements alleged with actual knowledge of their falsity and with actual malice, reckless disregard for the

truth and falsity of the statements. Defendant's acts in doing so were
not privileged.

Upon the knowledge and Belief of Plaintiff Crystal L. Cox, Defendant Forbes Inc., Defendant
Kashmir Hill published a communication to the public, in a national publication, which contained
statements that make a claim, expressly stated or implied to be factual.

Defendant Forbes Inc., Defendant Kashmir Hill published false and defamatory statements in
which gave the public at large, as well as potential customers and clients of Plaintiff Crystal Cox
a negative or inferior image of Plaintiff Crystal Cox.

Defendant Forbes Inc., Defendant Kashmir Hill published false, misleading and defamatory
statements against Plaintiff Crystal Cox which has led to irreparable damage to Plaintiff Crystal
Cox.

Defendant Forbes Inc., Defendant Kashmir Hill had a "Duty of Care", a Professional Duty, and is
experienced in legal matters as a paralegal and a previous law blogger,  to review all available
information regarding the posting of the defamatory article and the privileged communication
between attorneys ( Cox was acting in her Pro Se Capacity) in a legal case ( Obsidian Finance
Group v. Crystal L. Cox). Defendant Kashmir Hill had access and knowledge of how to use
Pacer, had access to case transcripts, could have contacted Plaintiff Crystal Cox for more
information regarding eMails, and Defendant Kashmir Hill was negligent in simply posting the
defamatory statements of Defendant Kevin Padrick to her, allegedly in a phone call interview,
and following eMail in which contained a piece of one of five emails, in which painted Plaintiff Cox
in serious False Light, Defamed Plaintiff and over the last 17 months has been re-published in
thousands of publications,
and has cause massive hate, retaliation, legal action, threats and irreparable harm to Plaintiff
Crystal Cox.

Civil Evidence Act 1968, Defendant Forbes Inc., Defendant Kashmir Hill alleged criminal acts
committed by Plaintiff Cox, of which Plaintiff Cox had not been convicted of nor under
investigation of.

Regarding Times v. Sullivan; Though Plaintiff Cox was a public figure at the time and remains to
be, I Defendant Forbes Inc., Defendant Kashmir Hill had a duty, an obligation to verify information
in which alleged, stated, or led readers, the public at large and potential customers and clients to
believe that Plaintiff Cox was Guilty of the Crime of Extortion.

It would have been simple for a reporter, especially one with a strong background in legal
commentary and blogger and one that is a paralegal experienced in which collar crime, to verify
if what Defendant Kevin Padrick alleged to Defendant Forbes Inc., Defendant Kashmir Hill about
Plaintiff Crystal Cox was fact or if it was simply a retaliatory act by a disgruntled litigant, who is
an attorney.

Upon the knowledge and Belief of Plaintiff Crystal L. Cox, Defendant Forbes Inc., Defendant Kashmir Hill made the life and quality of life of blogger Crystal Cox the collateral damage in protecting the rights of journalist over the rights of bloggers.

Defendant Forbes Inc., Defendant Kashmir Hill flat out lied, and knowingly posted false and defamatory statements without any fact checking whatsoever, upon the knowledge and belief of Plaintiff Crystal Cox.

The false and defamatory statements that Defendant Forbes Inc., Defendant Kashmir Hill published, have been consistently re-published, globally for over 17 months and have been picked up by thousands of other publications.

Forbes is a household name, people take what Forbes says as FACT. Therefore, Defendant Forbes Inc., Defendant Kashmir Hill has an even greater degree to be responsible and duty of care in their reporting.

Defendant Forbes Inc., Defendant Kashmir Hill has no lawful right to publish statements that lead the public at large to believe that Plaintiff Crystal Cox was guilty of the crime of extortion.

## Claim for Defamation Requirement Legal Qualifications
## Elements of Claim of Defamation

The elements of a claim of defamation are (1) a false or defamatory statement by defendant concerning the plaintiff (2) publication to a third party (3) amounting to at least negligence, and (4) damages

Defendant Kashmir Hill, Defendant Forbes Inc. published false and defamatory statements concerning Plaintiff Cox.  Defendant Kashmir Hill, Defendant Forbes Inc. published these false and defamatory statements to a third party. Defendant Kashmir Hill, Defendant Forbes Inc. published false and defamatory statements with seriously negligent, as Defendant Kashmir Hill did not research facts, did not contact Plaintiff Cox for her side, did not read court transcripts, nor did Defendant Kashmir Hill contact the Oregon Attorney General in regard to allegations of an investigation requested of Plaintiff Cox.
Defendant Kashmir Hill is a paralegal, and is experienced in white collar crime, as well as, is an experienced legal commentary blogger, and has an even higher sense of duty in performing diligence and fact checking before ruining the life and business of Plaintiff Cox, with total disregard for the Truth.

Published is defined in law by each time a viewer reads the post, therefore, the publishing is on going, 17 months and counting, as is the liability.

Defendant Marc Randazza, published false and defamatory statements concerning Plaintiff Cox. Defendant Marc Randazza published these false and defamatory statements to a third party. Defendant Marc Randazza published false and defamatory statements with seriously negligent, as Defendant Marc Randazza knew that Plaintiff Cox was not on trial for Extortion nor under investigation of extortion.  Defendant Marc Randazza had represented Plaintiff Cox in this manner as her attorney briefly and had spoke, in depth with Plaintiff Cox and received privileged information in the case. Defendant Marc Randazza acted with total disregard for the Truth in publishing false and defamatory statements regarding Plaintiff Cox.

Defendant Defendant David Coursey, **David S. Aman, Forbes Inc., Randazza Legal Group,** and other defendants also published false and defamatory statements concerning Plaintiff Cox to a third party and were negligent.

### Defendant, Reporter Kashmir Hill had a heightened sense of responsibility.

The evidence to the world that she posted in Forbes to allegedly back up her allegations of Plaintiff Cox being an extortions was an email that she took as fact, painted to be the whole story and Defendant Kashmir Hill completely distorted the facts in order to paint Plaintiff Cox in false light and out to be a criminal guilty of extortion.

As a paralegal, an experienced legal blogger, and someone who worked in a law firm and is experienced in white collar crime, Defendant, Reporter Kashmir Hill could have easily determined the facts of the allegations she was making, stating, implying, and insinuating.

Defendant, Reporter Kashmir Hill could easily note that the private, personal email written by Plaintiff Cox that Defendant Hill posted, was a partial email and not the whole story. She could see that the eMail was sent from a Pro Se Litigant, as the record clearly shows a lawsuit had been filed against Plaintiff Cox with the parties in the email, BEFORE that email was sent.

Defendant, Reporter Kashmir Hill could easily note that the email was missing key elements such as the FACT that the email was a REPLY email from Plaintiff Cox to Defendant David Aman as he was the attorney of record for Defendant Kevin Padrick. This email was a communication between attorneys and a privileged one at that.  Yet, in total disregard for the facts of the issue, Defendant Kashmir Hill went ahead and posted false and defamatory statements. Statements in which ruined the life of Plaintiff Crystal Cox, alienated friends and family, ruined business opportunities, caused massive global hate toward Plaintiff Cox, and constant online and in person attacks, ridicule, harassment and beratement.

With her background, Defendant, Reporter Kashmir Hill could easily see that the eMail written by Plaintiff Crystal Cox, in which Defendant Kashmir Hill published in Forbes, was dated January 19th, 2011. The blog post that Plaintiff Crystal Cox was on trial for in Obsidian v. Cox, and the ONLY blog post that the $2.5 Million VERDICT of Obsidian v. Cox was based on, was PUBLISHED on December 25th, 2010, as the record shows.

Therefore the accusations, allegations, and defamatory and false statement of Defendant Kashmir Hill are with BLATANT disregard of the facts. There is no way that an eMail sent 25 days after the "Cause of Action" of a lawsuit, a trial, was a material fact, in any way to why that cause of action may have occurred.

There is no way that the email had anything to do with the blog post, or the reason it was alleged to be defamation, as the eMail was sent 25 days later. This is a fact, and is easily notable to a paralegal, and someone as experienced in legal blogging, and white collar crime as Defendant Kashmir Hill is.

As a paralegal, a legal blogger and a seasoned reporter, Defendant Kashmir Hill would easily note that this email was sent AFTER a 10 Million Dollar lawsuit was filed against Plaintiff Cox, and nearly a month after the blog post Plaintiff Cox was on trial for, and therefore obviously had nothing to do with the material facts of the case. Yet Defendant Kashmir Hill took the word of Defendant Kevin Padrick, and with complete disregard for the truth, published false and defamatory statements regarding Plaintiff Cox in which has cause irreparable damage to Plaintiff Crystal Cox.

Defendant Kashmir Hill posted the false and defamatory statements for shock value, and to ruin the life, business and reputation of Plaintiff Crystal Cox, in retaliation, as she does not want bloggers to have equal rights under the law as journalists. Defendant Kashmir Hill took the stated word of Defendant Marc Randazza and Defendant Kevin Padrick and, in total disregard of the truth, published false and defamatory statements concerning Plaintiff Crystal Cox.

Defendant Kashmir Hill painted Plaintiff Cox in false and defamatory light to a global audience. Defendant Kashmir Hill made it seem to massive readers that Plaintiff Crystal Cox was a criminal, had extorted someone, and was guilty of extortion.

Defendant Kashmir Hill made it seem as if Anti-Corruption investigative blogger Plaintiff Crystal Cox had reported on alleged corruption in order to later extort those she was reporting on. When there was no factual base to this allegation. Plaintiff Cox had not been on trial for extortion allegations. Plaintiff Cox had not been under investigation for extortion allegations, nor had Plaintiff Cox EVER been convicted of Extortion. Yet Defendant Kashmir Hill has the whole world believing that Defendant Cox is guilty of the crime of extortion, and is thereby not trustworthy.

Defendant Kashmir Hill stated in Forbes Publication that Plaintiff Cox had been under investigation by the Oregon Attorney General and that when this did not "work", Defendant Kevin Padrick filed legal action against Plaintiff Cox.  However, Plaintiff Crystal Cox was never under investigation by the Oregon Attorney General.

Plaintiff Cox was not reported to the Oregon Attorney General for criminal, civil nor does Plaintiff Cox have any kind of bad review or information reported to the Oregon Department of Justice / Oregon Attorney General.

Under a recent request by  Plaintiff Cox,  Pursuant to the Oregon open records law, ORS 192.410 to 192.505 to the Oregon Attorney General / Oregon Department of Justice, as shown in Exhibit D, Plaintiff Cox was told the following;

"On reviewing your request for records, we do not appear to have anything responsive to your request.  Neither our **consumer protection nor our criminal justice unit** has a record of any complaints or other filings about you.  And we have found no basis to think that the current or former Attorney General had any communications about you with anyone."

Yet Defendant Kashmir Hill stated that the Oregon Attorney General had been notified of Plaintiff Cox's activities, and Defendant Kashmir Hill insinuated that Plaintiff Cox was guilty of extortion, however seeings how the Oregon Attorney General complaint did not work, Defendant Padrick resorted to a lawsuit against Plaintiff Cox. This is false and defamatory, misleading information to the public concerning Plaintiff Cox.

Defendant David Aman sent to Defendant Kevin Padrick, and Defendant Padrick published to third party Defendant Kashmir Hill via an eMail to a high profile reporter, Defendant Kashmir Hill. Then Defendant Forbes Inc. and Defendant Kashmir Hill, published to yet another third party, the entire world through Forbes Inc.'s trusted brand global media, which was picked up by thousands of other sites and blogs over 17 months and counting.


### The Truth is an affirmative Defense to Allegations of Defamation

There is no way for Defendant Forbes, Defendant Hill, Defendant Randazza to prove that statements, insinuations, or allegations of extortion are true.

Defendant Forbes, Defendant Hill, Defendant Randazza made false and defamatory statements concerning Plaintiff Crystal Cox.

Upon the knowledge and Belief of Plaintiff Crystal L. Cox, Defendant Forbes Inc., Defendant Kashmir Hill was negligent in posting the following false and defamatory statement in internationally published Forbes Inc. Publications

Defendant Forbes Inc., Defendant Kashmir Hill's first false and defamatory publication, Dated 7th, 2011, Titled "Why An Investment Firm Was Awarded $2.5 Million After Being Defamed By Blogger"

" Obsidian's tech team found dozens of sites that appeared to have been created by Cox to write

about Obsidian, says Padrick, and over 1,900 others that she had created to write about other people and companies. This is not the work of a journalist, but the work of someone intent on destroying reputations."

Upon the knowledge and Belief of Plaintiff Crystal L. Cox, Defendant Forbes Inc., Defendant Kashmir Hill was negligent in reporting that Plaintiff Cox had 1900 blogs that had been created by Cox, and that these sites were used to write about Obsidian and Padrick. Defendant Forbes Inc., Defendant Kashmir Hill was negligent did not fact check this information, nor ask Plaintiff Cox if she had that many sites, and if so what was the purpose of those sites.

Upon the knowledge and Belief of Plaintiff Crystal L. Cox, Defendant Forbes Inc., Defendant Kashmir Hill was negligent discriminated against Crystal Cox and took the word of Attorney, Plaintiff Kevin Padrick, without any investigations into the facts. Defendant Kashmir Hill has an even greater care of duty as she is not only an experienced reporter, and was a legal blogger at AboveTheLaw.com prior to being a Forbes Inc. Reporter, Defendant Kashmir Hill, as a paralegal at Covington & Burling in Washington, D.C., assisting on white collar crime cases.

"Cox contacted Obsidian and offered them "reputation services." Padrick sent along a copy of an email that Cox sent to his attorney:

## David Aman

| | |
|---|---|
| **From:** | Crystal L. Cox [savvybroker@yahoo.com] |
| **Sent:** | Wednesday, January 19, 2011 2:23 PM |
| **To:** | David Aman |
| **Subject:** | From Crystal L. Cox |

Hello David, I hope this eMail finds you doing well.  All said and done, looks like Summit boys going to
and Well I don't think that Kevin acted with the Highest of Integrity.. however at this Point in my Life it i
to Think of Me.

So I want to Let you know and Obsidian Finance that I am now offering PR Services and Search Engine
Management Services starting at $2500 a month to promote Law Firms... Finance Companies.. and to pro
online reputations and promote businesses..

Please Let me know if Tonkon Torp or Obsidian Finance is interested in this service..

thanks for your time..

in Love and Light



**Crystal L. Cox**
Investigative Blogger
Real Estate Broker Owner -

After a failed attempt to get the Oregon Attorney General to investigate Cox, Obsidian filed a
defamation case in January 2011,"

It is negligent to simply take the word of one man, an attorney that a blogger had been reporting
on for unethical actions for over 3 years, and to not ask the blogger for her side, nor bother to
research the facts of the matter.

This eMail was taken out of context.  This eMail was in response, an actual REPLY to a Cease
and Desist eMail ( a Legal Threat). This email was a negotiation to attempt to STOP years of
Plaintiff Crystal Cox's life being tied up in litigation.

Defendant Kevin Padrick maliciously sent this eMail to Defendant Kashmir Hill in order to defame
Cox, retaliate against Cox, and this was after Defendant Kevin Padrick had already received a
$2.5 Million Dollar Judgement against Plaintiff Crystal Cox.
There was no reason to send an email out of context that was sent by a Pro Se Litigant acting as

her own attorney, to Opposing Counsel ( Defendant David Aman, attorney for Defendant Kevin Padrick) And if Defendant Kevin Padrick and Defendant Kashmir Hill thought there was reason, then why take part of one eMail, in a 5 eMail thread, to simply paint Plaintiff Crystal Cox in false light, and maliciously defame Plaintiff Cox.

This is false and Defendant Forbes Inc., Defendant Kashmir Hill have caused massive, irreparable harm to Plaintiff Crystal Cox.

Article One, Exhibit C, Dated 7th, 2011, Titled "Why An Investment Firm Was Awarded $2.5 Million After Being Defamed By Blogger"

"If you Google Crystal Cox's work about Obsidian Financial Group, you will find a host of websites full of erratic writing about the firm's allegedly unethical practices, with domain names like "obsidianfinancialsucks.com." She mainly directed her ire at firm principal Kevin Padrick. His search results are ruined — dominated by posts on websites Cox created, such as "bankruptcytrustfraud.com,"

Defendant Forbes Inc., Defendant Kashmir Hill was negligent in not performing a simple whois search before reporting this fraudulent information. Defendant Forbes Inc., Defendant Kashmir Hill did not see a blog full of erratic writings alleging unethical practices, she simply took the word of Defendant Kevin Padrick and posted non-factual information regarding Plaintiff Crystal Cox. Proof being that Plaintiff Crystal Cox never owned nor had a blog, EVER, at the domain name "obsidianfinancialsucks.com." NOR "bankruptcytrustfraud.com". Now, as seen in Exhibit E, numerous blogs around the world have picked up this Forbes Article and republished this bad, non-factual, defaming false information over and over, for 17 months and counting.

It is a Fact that Plaintiff Crystal L. Cox never owned nor published a blog on domain names, "obsidianfinancialsucks.com." NOR "bankruptcytrustfraud.com". Defendant Kashmir Hill has posted false and defamatory statements concerning Plaintiff Cox.

**Truth is the only defense in allegations of Defamation;**

Defendant Forbes Inc., Defendant Kashmir Hill cannot prove that Plaintiff Crystal Cox has been convicted of Extortion,  as Plaintiff Crystal Cox has not been convicted of the crime of extortion, yet Defendant Forbes Inc., Defendant Kashmir Hill, published this allegation world wide and mislead the public at large, Defendant Forbes Inc.,
 Defendant Kashmir Hill is liable for the damage this has caused Plaintiff Crystal Cox.

Defendant Forbes Inc., Defendant Kashmir Hill cannot prove that Plaintiff Crystal Cox owned domain names "obsidianfinancialsucks.com." NOR "bankruptcytrustfraud.com" and that Plaintiff Cox published "erratic writing about the firm's allegedly unethical practices" regarding Kevin Padrick and Obsidian on those domain names / sites. It is a fact that Plaintiff Crystal Cox has

never owned domain names "obsidianfinancialsucks.com." NOR "bankruptcytrustfraud.com"

Defendant Forbes Inc., Defendant Kashmir Hill cannot prove that "Cox contacted Obsidian and offered them "reputation services." Padrick sent along a copy of an email that Cox sent to his attorney:" This is false and misleading, as Plaintiff Crystal Cox replied to an email from Defendant Kevin Padrick's Attorney, Defendant David Aman of Defendant Tonkon Torp. Plaintiff Crystal Cox replied to an email containing a legal threat, and did so acting as her own attorney, in her Pro Se Capacity, that is a FACT. Defendant Forbes Inc., Defendant Kashmir Hill simply took the version of the communication from Defendant Kevin Padrick and did not fact check these allegations nor obtain a copy of the original email in full context, in order to actually paint the true story.

Defendant Forbes Inc., Defendant Kashmir Hill cannot prove this Forbes Inc. published statement { **"After a failed attempt to get the Oregon Attorney General to investigate Cox, Obsidian filed a defamation case in January 2011,"** }

Yet Defendant Forbes, Defendant Kashmir Hill published this criminal allegation, this false, defamatory and misleading information.  Defendant Hill published this information without any kind of fact checking whatsoever. Defendant Hill took the word of Defendant Kevin Padrick and in breach of duty, breach of duty of care, and negligence did not bother to contact the Oregon Attorney General by phone, email or even through the use of the Oregon open records law, ORS 192.410 to 192.505, which is a simply matter of a quick eMail to the Oregon Department of Justice / the Oregon Attorney General.   And instead, Defendant Kashmir Hill simply published this false and defamatory statement to the public at large, which was picked up by thousands of other online publication. And has caused massive backlash and irreparable damage to Plaintiff Crystal Cox.

It is serious to allege, state, that Plaintiff Crystal Cox had a complaint filed with the Oregon Attorney General by an Oregon Attorney (Kevin D. Padrick), especially without contacting Plaintiff Cox, nor Oregon Officials in order to verify this defaming, harassing, false information that has caused irreparable harm to Plaintiff Crystal Cox, and has caused hate, retaliation, attacks, and constant duress for 17 months and counting. Defendant Forbes Inc., Defendant Kashmir Hill are liable for this damage.

Flat out stating that there was a complaint called in, written or in any way submitted to the Oregon Attorney General in regard to an investigation of Plaintiff Crystal Cox is life endangering, defamatory, harassing, negligent, unconstitutional and is quite possibly criminal endangerment and criminal defamation, upon the knowledge and belief of Plaintiff Crystal Cox.

It is a Fact that there is no such record of this allegation, as proven by a sworn letter from

the Oregon Attorney General office to me, Plaintiff Crystal Cox, this is Exhibit D.

It is not a Freedom of Speech, nor covered under Shield Laws for Defendant Forbes, Defendant Kashmir Hill to state that Plaintiff Cox was under investigation by the Oregon Attorney General, when Plaintiff Cox was NOT under investigation nor had Cox even had so much as a "consumer complaint".

Defendant Forbes Inc., Defendant Kashmir Hill cannot prove that ""Obsidian's lawyers had asked for a million dollars. The jury awarded Obsidian and Patrick $2.5 million." This statement is false, misleading and defamatory as it suggests that Plaintiff Cox is so "bad" that the jury awarded 1.5 million more than asked for. A quick fact check of court documents, easily found online. The lawsuit was for 10 Million Dollars against Cox filed by Padrick via Aman. At the time of the trial, the jury instructions was 1 million to Padrick and 1 million to Obsidian. NOT simply one million as Defendant Hill flat out stated. I, Plaintiff Crystal Cox am now a Pro Se Litigant in many cases due to these defamatory attacks. Information such as a million dollar difference in a jury instruction is an important fact, one that an experienced legal blogger, a paralegal experienced in white collar crime and a  seasoned reporter such as Defendant Hill is, should have been able to easily research and to understand the importance of this MILLION dollar difference.

Defendant Forbes Inc., Defendant Kashmir Hill cannot prove this allegation of extortion, or even misleading suggestion of Extortion;  "After Obsidian sued Cox, she contacted them offering her "reputation services;" for $2,500 a month she could "fix" the firm's reputation and help promote its business. (In some circles, we call that  "extortion." First of all Defendant Kashmir Hill admits knowledge that a lawsuit had already been filed when that email was sent, and as a paralegal, she would easily know that, at this time Plaintiff Cox was already acting as her own attorney and therefore Defendant Kashmir Hill was posting privileged attorney - client emails between attorneys in a 10 million dollar defamation case.

Also with this admitted knowledge, Defendant Kashmir Hill, a legal blogger and a paralegal,  would know that Plaintiff Cox was responding in regard to the legal action, the lawsuit against her and was not simply offer to fix some alleged damage to Padrick reputation that Cox had allegedly caused, and therefore this was a private settlement communication between attorneys of which she was not a party to and had no legal right to post part of one email, out of 5 in this negotiation and thereby paint Plaintiff Crystal Cox in false light and ruin her life, with total disregard of the facts of the case.

Defendant Forbes Inc., Defendant Kashmir Hill cannot prove that a "Judge" said the following; "the judge clarifying that bloggers can be journalists, but that Cox is a serial harasser, not a journalist.)" A "Judge" did not claim that Plaintiff Cox was a serial harasser.

Defendant Forbes Inc., Defendant Kashmir Hill cannot prove that ""Another lawyer, Marc Randazza, had also spoken with Cox about her case; after deciding not to work with him, Cox sent him an email letting him know that she "needed to make money" and was willing to offer him her reputation management services."

Defendant Marc Randazza was acting as an attorney for Plaintiff Crystal Cox in negotiations with Defendant David Aman and Defendant Kevin Padrick, that is a fact.

Defendant Marc Randazza had conversations with Plaintiff Crystal Cox regarding her online marketing, and the allegations against Cox and the fact that they were not true. Defendant Marc Randazza told Plaintiff Cox that he had no issue with her asking for a job. Plaintiff Crystal Cox had not posted anything online whatsoever regarding Marc Randazza when she asked him, her former attorney, if he knew anyone needing a marketing specialist as she needed a job. Defendant Forbes Inc., Defendant Kashmir Hill has distorted the facts, painted Plaintiff Crystal Cox in false light and maliciously defamed Plaintiff Crystal Cox.

Defendant Forbes Inc., Defendant Kashmir Hill States: "(For disclosure's sake, I should mention that Cox also began blogging about me repeatedly around this time using the same tactics she used on Obsidian and Padrick, because I was the first to write a critical article about her tactics. When David Carr of the New York Times followed suit he also attracted her ire." this is a false statement, as I, Plaintiff Crystal Cox was not using a "tactic" against Defendant Hill, in which she leads the reader to believe was also used against Defendant Randazza and Defendant Padrick. I, Plaintiff Crystal Cox blogged about Kashmir Hill in order to defend myself against her defamatory publishings, as she removed my comments on her blog in which posted the proof that her allegations were false, misleading, defamatory and even endangering.

Defendant Forbes Inc., Defendant Kashmir Hill States: "She bought the domain name for Marc's wife, Jennifer Randazza (and has already started dominating her first page of Google results with her hyperbolic posts). When Randazza still wouldn't buy her services Cox moved on to a younger member of the family:" this is false and misleading. I have every lawful right to buy the domain name of Defendant Randazza's wife and poke fun at this porn attorney and his attack on women in the public media.

I, Plaintiff Crystal Cox did not extort Defendant Randazza as this suggests, I simply asked if he knew anyone that would hire me. I did not state that if you don't hire me I will post bad stuff online. There was no retaliation for not buying my services.

Also note this was after Obsidian V. Cox and I was under high public scrutiny, it was not my intention in Obsidian nor with Defendant Randazza to "extort" anyone. The goal of Plaintiff Crystal Cox has always been to expose corruption, not to be corrupt. The goal of Plaintiff Crystal Cox has always been to support victims of corruption, citizen journalists and whistleblowers. Thousands of blog posts over 7 years by Plaintiff Crystal Cox proves this fact.  Defendant Forbes Inc., Defendant Kashmir Hill did not research the facts regarding Plaintiff Crystal Cox, Defendant Hill simply maliciously defamed and attacked Plaintiff Crystal Cox with total disregard of the effect it would have on the personal  life and business of Plaintiff Crystal Cox.

Defendant Forbes Inc., Defendant Kashmir Hill cannot prove that  "The search engine results for **three-year-old** Natalia Randazza are at this time dominated by content from her father, including a 'the baby has arrived' blog post with accompanying wrinkly newborn photo and a few YouTube baby videos (classics like "Natalia's first bath"). There's also a page by some confused data grabber that suggests Natalia and Marc Randazza are business associates. Perhaps due to the negative attention Cox took down the content she had started publishing on the nataliarandazza.com site."

This is malicious defamation that has alienated my family, friends, clients, customers and the public at large and it is false. Plaintiff Crystal Cox never had a blog regarding this child. Plaintiff Crystal Cox never even had ONE blog post naming this child. Plaintiff Crystal Cox never took down anything published in this regard, as NOTHING ever was, this is a FACT.  Defendant Forbes Inc., Defendant Kashmir Hill is liable for the massive stress and irreparable damage that she has caused to the life and business of Plaintiff Crystal Cox.

Defendant Forbes Inc., Defendant Kashmir Hill cannot prove that  Plaintiff Crystal Cox ruined ANY reputation with the intent to profit, Defendant Hill States "Cox is an outlier. Her tactics are extreme ones. But we do now live in a world where money can be made from ruining reputations and then offering to fix them."

"How do we draw the line between speech rights and digital forms of extortion?"" Defendant Forbes Inc., Defendant Kashmir Hill has, AGAIN, misled the public that Plaintiff Crystal Cox is guilty of extortion. Plaintiff Crystal Cox is an Anti-Corruption Blogger and does not do this to profit, nor to ruin reputations and certainly not to extort anyone. This is a false, defamatory and misleading statement by Defendant Forbes Inc., Defendant Kashmir Hill which has caused irreparable harm and suffering to Plaintiff Crystal Cox.

Also it is important to note, that not only did Defendant Forbes Inc., Defendant Kashmir

Hill not get nor post my side, nor fact check these allegations, Defendant Forbes Inc., Defendant Kashmir Hill also removed comments I made on the articles defending myself from the false and defamatory remarks.

It is important to not that Defendant Kashmir Hill use to work at AboveTheLaw.com as a legal commentary blogger and Defendant Marc Randazza was their counsel. Defendant Kashmir Hill has a history, and serious conflicts of interest taking the word of Defendant Marc Randazza as fact without "fact checking" in any way.

Defendant Forbes, Defendant Kashmir Hill is not protected under the First Amendment, nor Shield Law, nor Times v. Sullivan, nor Gertz v. Welch, to negligently, with malice and without duty of care, defame Plaintiff Crystal Cox, maliciously.


## Publication and the Internet

It is often assumed that publication of internet material takes place when the material is first put online, but in law, publication occurs when a reader accesses the text. This means that a fresh publication takes place every time someone reads the material.

In Loutchansky v Times Newspapers Ltd (No. 2) (2001) The Times published articles claiming that Grigori Loutchansky, a businessman, was involved in crime. He sued for both the paper publication, and the use of the stories on the newspaper's website. The paper argued that, regarding online stories, publication should be deemed to take place just once, when the story was placed on the website. The Court of Appeal disagreed, and confirmed that each time the story was accessed it was a fresh publication.

Therefore each time the story in which Defendant Marc Randazza, Defendand Forbes, Defendant Bob Garfield, Defendant Jordan Rushie, Defendant David Carr, Defendant Kashmir Hill published false and defamatory remarks, constitutes "publication", as a matter of law.

## Spoofs and Jokes in Defamation Law

It is often thought that if a defamatory allegation is clearly presented as part of a joke, there will be no liability, but this is not the case. Remember that in defamation, what is important is not what the speaker or writer meant, but the effect the statement would have on a listener or reader. If an ordinary, reasonable person would assume there was some truth behind the words, then there may be liability for defamation. The fact that satirical programmes and articles regularly take this risk does not mean that the risk does not exist.

In Galloway v Jewish Communications Ltd (2008), MP George Galloway won £15,000 in damages from the Jewish community radio station Jcom. He sued over a programme which featured a fictitious Middle Eastern reporter called 'Georgie Galloway', whose only phrase was 'Kill the Jews!' Mr Galloway said that it implied he held anti-semitic views. Mr Justice Eady said

that although the character was clearly intended to be a joke, the defamatory implication it carried was a serious one.

Damages would have been higher had it not been for the fact that the radio station had relatively few listeners, and had apologised on its website.

If, however, it would be clear to any reasonable person that the words were not meant to be taken seriously, and that the writer is not alleging there is any truth behind the joke, there will be no defamatory meaning.  Elton John v The Guardian (2008),

**Obviously, saying that someone is guilty of an offence when they are not is defamatory.**

Even if Defendant Forbes, Defendant Hill, Defendant Randazza, Defendant Jason Jones, and other Defendants argue they did not state Cox was convicted of extortion, they are still guilty of defamation by Innuendoes.  A statement does need not make a direct criticism in order to be defamatory – a defamatory implication or innuendo is also defamation.

Libel by implication occurs when a defendant (1) juxtaposes a series of facts to as to imply a defamatory connection between them, or (2) creates a defamatory implication even though the particular facts are correct. Toney v. WCCO, 85 F.3d 383 (8th Cir. 1996).

A publication can convey a false and defamatory meaning by omitting or juxtaposing facts, even though all of the individual statements considered in isolation are literally true or non-defamatory. Turner v. KTRK Television, Inc., 38 S.W.3d 103 (Tex. 2000).

Implied defamation occurs when a publication states facts that are literally true, but produces a defamatory meaning apparent from a plain reading of the publication in its entirety. Chapin v. Knight-Ridder, Inc., 993 F.2d 1087 (4th Cir. 1993)

Defendants posted false and defamatory statements regarding Plaintiff Cox to a third party. Defendants are liable for these statements and that harm caused to Plaintiff Cox.

ALL Defendants have **"Unprivileged Publications"** Status as a matter of law. The false and defamatory statements published to a third party concerning Plaintiff Crystal Cox and Eliot Bernstein are Unprivileged Publications.  Unprivileged Publications are those which falsely claim the plaintiff is guilty of a crime when no crime has been committed.

### Cause of Action 2.)   Malpractice, Personal Injury Due to Malpractice.   22 USC § 2702 - Malpractice Protection, 10 USC § 1054 - Defense of certain suits arising   out of Legal Malpractice

Plaintiff Crystal L. Cox re-alleges and fully incorporates ALL preceding paragraphs in their

entirety.

Defendant Marc Randazza, Defendant Randazza Legal Group was acting as Plaintiff Cox's counsel and took privileged information and used this to ruin the life and business of Plaintiff Cox. Defendant Marc Randazza, Defendant Randazza Legal Group knowingly spread false statement to third parties regarding Plaintiff Cox and deliberately caused injury to Plaintiff Crystal L. Cox. Plaintiff Crystal Cox is entitled to relief.

**Defendant Marc Randazza, Defendant Randazza Legal Group have violated the Civil Rights of their former Client, PLAINTIFF CRYSTAL L. COX and have used privileged, confidential information against PLAINTIFF CRYSTAL L. COX. Therefore PLAINTIFF CRYSTAL L. COX is entitled to all allowable relief by law.**

Defendant Marc Randazza, Defendant Randazza Legal Group SUED Plaintiff, their former client and spread massive false and defamatory statements regarding Plaintiff Cox, of which they knew were false due to having been legal counsel for Plaintiff Crystal Cox.

It is NOT a  Trademark Infringement (Lanham Act) to gripe, review, criticize your former attorney or to warn others about it. There is no constitutional justification or legal reasoning that would stand the test of impartial judicial process that would have deleted massive blogs, removed the internet of thousands of links, gave away domain names / intellectual property, and all to remove information of Media Defendant Crystal Cox's online media network regarding Marc J. Randazza and his law firm Randazza Legal Group. Yet Defendant Marc Randazza, Defendant Randazza Legal Group controls the Nevada Courts and without First Amendment Adjudication STOLE his former clients online media that was trying to clear her name, fight back against him and expose the world's largest technology theft, iViewit Technology of which many defendants are involved in, as are clients of Defendant Marc Randazza, Defendant Randazza Legal Group.

Nevada Judge Gloria Navarro is alleged by Plaintiff Crystal Cox to be acting in criminal and civil conspiracy with Defendant Marc J. Randazza and ALL Connected Co-Conspirators and Counter Defendants of District of Nevada Case 2:12-cv-02040-GMN-PAL. And thereby aiding and abetting Defendant Marc Randazza, Defendant Randazza Legal Group in violations of malpractice against his former client.

District of Nevada Case 2:12-cv-02040-GMN-PAL is a SLAPP suit designed to intimidate and retaliate against a former client, Plaintiff Crystal Cox. Defendant Randazza had no Trademark and had performed NO First Amendment Adjudication BEFORE wiping out massive online content he personally did not like, and seizing domain names, intellectual property of his former client Crystal L. Cox, Plaintiff in this case.

**PLAINTIFF CRYSTAL L. COX was injured by the actions of Defendant Marc Randazza, Defendant Randazza Legal Group and PLAINTIFF CRYSTAL L. COX is thereby entitled to all allowable relief by law.**

In District of Nevada Case 2:12-cv-02040-GMN-PAL, where Defendant Marc Randazza, Defendant Randazza Legal Group SUED his former client, Plaintiff Crystal Cox for suing him, Defendant Marc Randazza has his own law firm representing him in that case, yet

On **February 11th, 2013,** as the record shows, Defendant Marc J. Randazza, Randazza Legal Group corresponded with Oregon CPA, Summit 1031 Whistleblower Stephanie DeYoung in regard to Plaintiff Crystal L. Cox, acting as his own Attorney, Representing himself in District of Nevada Case 2:12-cv-02040-GMN-PAL.

However, Defendant Marc J. Randazza is represented in this matter / this case by Ronald D. Green, Nevada Attorney, Randazza Legal Group, and is acting unethically if not illegally AGAINST his former client, PLAINTIFF CRYSTAL COX.

Defendant Marc J. Randazza emailed Oregon CPA, Summit 1031 Whistleblower Stephanie DeYoung on February 11th, 2013 in Regard to, Email Subject: "Correspondence from Marc J. Randazza re Crystal Cox" the Attached Letter to the Email, was in "Re: Crystal Cox and Fundraising".

On Feb. 12th, 2013 Defendant Marc J. Randazza, acting as his own attorney, requested a deposition from Stephanie DeYoung re; Plaintiff Crystal Cox.

Defendant Marc J. Randazza, did this without notifying Opposing Counsel.

In this eMail "Correspondence from Defendant Marc J. Randazza re Crystal Cox", Plaintiff / Counter Defendant Marc J. Randazza pushed Witness Stephanie DeYoung to pick dates for a deposition. As recordss Show,  Marc Randazza Says "I don't want to negatively impact your livelihood. I presume that tax season ends at some point. Feel free to suggest a date in the future. If you would prefer that I select a date, I will do so. But, I'm trying to be courteous and work around your schedule. So, can you suggest three dates that work for you?"

Defendant Marc J. Randazza is clearly scheduling a deposition and acting as his own attorney, and without notifying opposing counsel.

Defendant Marc J. Randazza did this without notifying Opposing Counsel, me, Defendant / Counter Plaintiff Crystal Cox, in regard to this deposition. In Obsidian V. Cox, I learned that it is Rules of Procedure to notify Opposing Counsel of Depositions, and to allow for possible cross-examination.

In the email correspondence, Oregon CPA, Summit 1031 Whistleblower Stephanie DeYoung Says, "I've never been Crystal's accountant. I have never given, transferred or whatever any money to any legal funding or anything else for Crystal."

Defendant Marc J. Randazza  Says "Ms. Cox says otherwise, in emails that I have received. Is she lying?"

Defendant Marc J. Randazza is trying to bait and trap a potential witness, and outside of the rules of procedure, and without notifying opposing counsel. Defendant Marc J. Randazza is accusing his former client, Plaintiff Crystal Cox, of lying, falsifying information regarding money transfers that do not exist and emails to him, allegedly by me, "Ms. Cox" which do not exist.

Defendant Marc J. Randazza, wrote Re: that the letter attached to his email requesting a deposition from Summit Bankruptcy Whistleblower, CPA Stephanie DeYoung was in regard to Crystal Cox and Fundraising. Defendant Marc J. Randazza has no right to this information, and even if the court granted this right, it has nothing to do with whistleblower Stephanie DeYoung.

It is unlawful for for Defendant Marc J. Randazza to seek private information into the financial, business, legal and church affairs of his former client PLAINTIFF CRYSTAL COX.

Plaintiff Crystal Cox, did want to set up a Legal Fund, I have posted blog posts in this regard. And has yet to be able to set up the Crystal Cox Legal Fund, as she cannot afford a CPA, an Attorney to help me and have been unable to set one up myself thus far. I hope to accomplish this one day, so that I may defend myself against legal threats and initiate legal action for the highest and best good, public interest.

Letter from Defendant Marc J. Randazza, Randazza Legal Group to Summit Bankruptcy Whistleblower, CPA Stephanie DeYoung, dated February 11th, 2013.

In this letter and eMail correspondence, dated February 11th, 2013, Defendant Marc J. Randazza attempt to trick Stephanie DeYoung into answering question of whether Plaintiff Crystal Cox is lying.

And it seems to be, Defendant Marc J. Randazza wants information regarding Plaintiff Crystal Cox trying to set up a Legal Fund, which is not his lawful right to do so, and disguised as a deposition in a court case of which is nothing to do with Plaintiff Crystal Cox assets, churches, legal funds, and personal information.

Defendant Marc J. Randazza has violated Plaintiff Crystal Cox's rights to privacy, defamed her again, painted her in false light, discriminated against me as minister trying to start a church, made her look bad for wanting to set up a legal fund of which I have every lawful right to do so, and has defamed other ministers / healers I had hoped to start a church and healing center with.

Defendant Marc J. Randazza has violated Plaintiff Crystal Cox human rights, civil rights, privacy rights, property rights and continues to use his power and affiliations to affect my life negatively.

## PLAINTIFF CRYSTAL COX IS ENTITLED TO RELIEF, ALL ALLOWABLE BY LAW REGARDING HER FORMER ATTORNEYS ACTIONS AGAINST HER RIGHTS.

Defendant Marc J. Randazza continues to use his power and "authority" as an attorney to violate my human rights, civil rights, intellectual property rights, pro se rights and more, therefore he should be punished by this court.

Defendant Marc J. Randazza Says to Stephanie DeYoung "If you decline to speak with us voluntarily, we will subpoena you to a deposition. Accordingly, I encourage you to contact us so that we can discuss some of these issues.". He threatens to Subpoena her, and is acting as his own attorney.

Defendant Marc J. Randazza is acting outside of the law, the constitution and the rules of procedure and should be sanctioned.

Defendant Marc J. Randazza previously harassed Stephanie DeYoung, as Defendant Marc J. Randazza posted information on his blog, that she had posted years ago, and retracted as it was emotionally charged and inaccurate. Stephanie DeYoung requested Defendant Marc J. Randazza remove this inaccurate false information from his blog, he refused. That request was in April of 2012, and Defendant Marc J. Randazza still has the information on his blog.

**Defendant Marc J. Randazza, Randazza Legal Group should not be able to operate outside the laws and the Rules of Procedure, simply because He is an Attorney Plaintiff.**

Defendant Marc J. Randazza has violated the Rules of Procedure, the Attorney Client Ethics and Laws, Attorney Code, the Constitution, and Federal and State Laws and therefore **PLAINTIFF CRYSTAL COX IS ENTITLED TO RELIEF, ALL ALLOWABLE BY LAW.**

Defendant Marc J. Randazza, Randazza Legal Group has violated § 1512. TAMPERING WITH A WITNESS, VICTIM, OR AN INFORMANT.

Though Attorney Defendant Marc J. Randazza, Randazza Legal Group is involved in litigation with former his SUING Former client Plaintiff Crystal Cox, and thought Defendant Marc J. Randazza, Randazza Legal Group claims he is not acting as his own attorney in the District of Nevada Case, On May 5th 2013, as records show, Defendant Marc J. Randazza, Randazza Legal Group emailed this to all in his office:

"**From:** Marc John Randazza <mjr@randazza.com>
**To:** "Crystal L. Cox, in Love and Light" <savvybroker@yahoo.com>; "RDG@randazza.com"
<RDG@randazza.com>; "lmt@randazza.com" <lmt@randazza.com>; "info@randazza.com"

<info@randazza.com>; "jmd@randazza.com" <jmd@randazza.com>
**Sent:** Sunday, May 5, 2013 7:50 PM
**Subject:** RE: from Crystal Cox

Nobody open attachments from this nut.  If she wants to send us something, she can use CM/ECF or the post office. "

## UPON Knowledge and Belief of Plaintiff Crystal Cox:

In 2011 Plaintiff Investigative Blogger Crystal L. Cox was involved in a major free speech lawsuit.  (Obsidian Finance Group LLC v. Crystal Cox) Plaintiff Investigative Blogger Crystal L. Cox lost this case due to Judge Marco Hernandez ruling that the Oregon Retraction Laws,Shield Laws, and the First Amendment did not apply to bloggers but only applies to accredited media, big media.

Defendant Marc Randazza saw the Obsidian V. Cox ruling in December of 2011. Defendant Marc Randazza, as he told me in his first call, was contacted by his clients, that are high up in the Porn Industry.  Defendant Marc Randazza told Plaintiff Investigative Blogger Crystal L. Cox that these Porn Industry giants called him and asked him what he is going to to about Crystal Cox, and this bad precedence set by Obsidian Finance Group LLC v. Crystal Cox. A precedence that affects the bottom line financially of the free speech coalition and all the porn companies that Defendant Marc Randazza represents.

At this time, one of my investigative reporters / investigative bloggers for my Whistleblower Media News Network, Michael Spreadbury ,contacted Defendant Marc Randazza and asked if he would take a meeting with "US", the 3 of us had a conference call in December 2011 regarding Plaintiff Investigative Blogger Crystal L. Cox and my Ninth Circuit Appeal.  On this first phone call, Defendant Marc Randazza discouraged Plaintiff Investigative Blogger Crystal L. Cox from filing a Ninth Circuit Appeal. However, Defendant Marc Randazza asked for the strategy of Plaintiff Investigative Blogger Crystal L. Cox and for all Plaintiff Investigative Blogger Crystal L. Cox's files.

Defendant Marc Randazza was out to sabotage Plaintiff Investigative Blogger Crystal L. Cox's Ninth Circuit Appeal from, even before the very first phone call, where Defendant Marc Randazza gathered information, strategy, files and privileged information from Plaintiff Investigative Blogger Crystal L. Cox in which Defendant Marc Randazza later used with co-conspirators to defame, harass, paint in false light, ruin the business of, intimidate, and put Plaintiff Investigative Blogger Crystal L. Cox under extreme duress with the goal of

stopping Plaintiff Investigative Blogger Crystal L. Cox's Ninth Circuit Appeal in Obsidian Finance Group v. Crystal Cox, so that his "Clients" would not be affected by this precedence.

Defendant Marc Randazza told Plaintiff Investigative Blogger Crystal L. Cox that he may have a conflict of interest with his representation of the Media Bloggers Association (MBA), and he would let Plaintiff Investigative Blogger Crystal L. Cox know if he did, that never happened.

After this first call, Defendant Marc Randazza did not let Plaintiff Investigative Blogger Crystal L. Cox know of any conflicts of interest as Defendant Marc Randazza told Plaintiff Investigative Blogger Crystal L. Cox that he would. In the meantime UCLA Law Professor, Attorney Eugene Volokh was corresponding with Plaintiff Investigative Blogger Crystal L. Cox on possible representation in Plaintiff Investigative Blogger Crystal L. Cox's Ninth Circuit Appeal.

Professor, Attorney Eugene Volokh was professional, to the point and did not tell Plaintiff Investigative Blogger Crystal L. Cox that she made a mess, did not put me down, treat me badly and was focused on the merits of the case in which affected all Citizen Journalists, All Free Speech, First Amendment Rights, Whistleblowers and the constitutional rights of all citizens, which was always the primary goal of Plaintiff Investigative Blogger Crystal L. Cox. And unlike Defendant Marc Randazza, which, as a client and a court case defendant involved with Attorney Marc Randazza, I, Plaintiff Investigative Blogger Crystal L. Cox have every legal right to have as many blogs as I like expressing my opinion of Attorney Marc Randazza, Defendant Marc J. Randazza. Plaintiff Investigative Blogger Crystal L. Cox was a VERY dissatisfied, and even HARMED ex-client of Defendant Marc J. Randazza and has the legal right to share her experience, review him as an attorney, and exercise her right to FREE SPEECH.

Still not hearing from, Defendant Marc Randazza, Plaintiff Investigative Blogger Crystal L. Cox received emails and had a phone meeting with Attorney Eugene Volokh whereby Attorney Eugene Volokh told Plaintiff Investigative Blogger Crystal L. Cox that Defendant Marc Randazza was acting on my behalf, putting in time and effort, negotiating with Plaintiff David Aman and Plaintiff Kevin D. Padrick, and Attorney Eugene Volokh told Plaintiff Investigative Blogger Crystal L. Cox that if she had chose to go with Defendant Marc Randazza for the Ninth Circuit Appeal, then he would assist Defendant Marc Randazza in any way he could in order to assist me.

I, Plaintiff Investigative Blogger Crystal L. Cox, was very alarmed to hear that Defendant Marc Randazza was negotiating a deal on my behalf with Plaintiff David Aman and Plaintiff Kevin D. Padrick, without my knowledge of the terms of this deal, and without the promised information regarding any conflicts of interest that Defendant Marc Randazza may have in moving forward with my case.

Defendant Marc Randazza was acting as my attorney with my privileged information and

negotiating a deal on my alleged behalf, without my knowledge. This upset me,  Plaintiff Investigative Blogger Crystal L. Cox, and rightly so.  I told UCLA Law Professor, Attorney Eugene Volokh that I did not want Defendant Marc Randazza to represent my on my Ninth Circuit Appeal, and that I would let Defendant Marc Randazza know immediately that he no longer represented me.

I, Plaintiff Investigative Blogger Crystal L. Cox, then emailed Defendant Marc Randazza and copied the email to UCLA Law Professor, Attorney Eugene Volokh and told Defendant Marc Randazza that he no longer represented me, Plaintiff Investigative Blogger Crystal L. Cox, and the reasons why.

Defendant Marc Randazza acted as if he was fine with this decision, as the record shows. However, Plaintiff Investigative Blogger Crystal L. Cox firing Defendant Marc Randazza ruined his plan to sabotage Plaintiff Investigative Blogger Crystal L. Cox's Ninth Circuit Appeal so that his Big Clients, and Co-Conspirator Attorneys, Bloggers and Big Media would not be affected by the precedence set by Plaintiff Investigative Blogger Crystal L. Cox in Obsidian Finance Group vs. Crystal Cox.  So Defendant Marc Randazza launched new efforts to sabotage Plaintiff Investigative Blogger Crystal L. Cox's Ninth Circuit Appeal and enlisted a large amount of conspirators to defame, harass, and intimidate Plaintiff Investigative Blogger Crystal L. Cox into stopping, my Ninth Circuit Appeal.  Co-Defendant David Aman offered me 3 Settlements via UCLA Law Professor, Attorney Eugene Volokh after the Trial was over.

2 of Which were after Plaintiff Investigative Blogger Crystal L. Cox had filed her Ninth Circuit Appeal in effort to STOP the Appeal. Defendant Marc Randazza has worked in conspiracy with a ring of bloggers, most who are attorneys and worked with Defendant Kashmir Hill of Forbes and Defendant Bob Garfield of NPA, Defendant WIPO, Defendant Peter L. Michaelson and other co-conspirators in order to create a mass media illusion that Plaintiff Investigative Blogger Crystal L. Cox is guilty of the crime of extortion, though Plaintiff Investigative Blogger Crystal L. Cox was not on trial for extortion, not under investigation for extortion nor had ever been charged with extortion.

Defendant Marc Randazza and Defendant David Aman, along with massive co-conspirators have set out to paint Plaintiff Investigative Blogger Crystal L. Cox in false light in order to affect Plaintiff Investigative Blogger Crystal L. Cox's Ninth Circuit Appeal, and to stop this alleged "bad precedence" at the lower court level so that Defendant Marc Randazza's biggest Porn Industry Clients such as Defendant Liberty Media Holdings, Defendant John C. Malone, Defendant Manwin, Defendant Corbin Fisher and other big clients, John and Jane Doe Defendants / co-conspirators of Marc Randazza's would not be affected by the Obsidian V. Cox Precedence.

These Co-Conspirators, Defendants were not simply worried just about this "bad precedence" to their Free Speech Rights, and legal proceedings that would affect them in the future.

Defendant Liberty Media Holdings, Defendant John C. Malone, DefendantManwin, Defendant Corbin Fisher and other big clients, Defendants / co-conspirators of Marc Randazza's named in this counter complaint, as well as John and Jane Doe Defendants, absolutely need to silence the blogs of Investigative Blogger Plaintiff Investigative Blogger Crystal L. Cox. To them, it is a matter of Trillions of Dollar and Indictments they may face.

Over a Decade ago iViewit Technology invented a video coding technology that changed pixelated video to clear crisp video. These co-conspirators of Defendant Marc J. Randazza make billions a year off of this technology they infringe on, each one of them, and they have for over a decade. Plaintiff Investigative Blogger Crystal L. Cox has reported on the iViewit Technology for over 3 years, and Plaintiff Investigative Blogger Crystal L. Cox has reported on Defendant Proskauer Rose, Defendant Kenneth Rubenstein, MPEG LA, Defendant John Calkins and most all of the co-conspirators listed in this counter complaint.

(On belief and knowledge) Defendant Marc J. Randazza has been hired to STOP the investigative blogs of Plaintiff Investigative Blogger Crystal L. Cox in order to suppress, discredit the iViewit Technology Theft Story, in order to save his clients and co-conspirators from indictments and from having to pay  iViewit Technology and Inventor, Eliot Bernstein Trillion of Dollars.  In this, these Defendants / Alleged Co-Conspirators have committed massive shareholder fraud, been involved in insider trading, violated anti-trust laws, violated patent laws, committed international crimes and conspiracy and more.

Eliot Bernstein is the founder of the iViewit Technology Company and one of the iViewit Technology Inventors. The Co-Conspirators in this complaint stand to lose Trillions of Dollars in the iViewit Technology Case and many face prison time. There are ongoing Federal and International Investigations in which name many of the Co-Conspirators / Defendants. There are RICO Complaints, USPTO Complaints, Christine Anderson Whistleblower Case out of New York, Florida Bar Lawsuits and Complaints, European Patent Office Complaints, and other ongoing court cases and investigations.

Defendant Marc Randazza has criminally and civilly conspired with all co-defendants, individual and companies in this counter complaint, to the best of my knowledge, and upon my belief.

Defendant Marc Randazza has criminally and civilly conspired with all co-defendants, individual and companies to suppress, remove, discredit the Eliot Bernstein / iViewit Technology Theft Story. Which is a story regarding the largest technology theft in the world, involving Defendant Marc Randazza and Defendant Ronald D. Green, and Jordan Rushie's Clients. Plaintiff Crystal

L. Cox is an Investigative Reporter / Investigative Blogger who has been covering, reporting on the iViewit Technology story in depth for over 3 years.

### Why is  Plaintiff Investigative Blogger Crystal L. Cox Ninth Circuit Appeal so Important that Co-Conspirators would go to this length to STOP It?

Defendant Marc Randazza told Plaintiff Investigative Blogger Crystal L. Cox that filing an Ninth Circuit Appeal in Obsidian V. Cox, would endanger the rights of fellow citizen bloggers, and free speech advocates and it may be best to leave the mess where I made it at the lower courts. Plaintiff Investigative Blogger Crystal L. Cox later found out from ethical attorneys that this advice, counsel, was not in Plaintiff Investigative Blogger Crystal L. Cox's best interest, nor in the best interest of fellow citizen bloggers, and free speech advocates.

Defendant Marc Randazza told Plaintiff Investigative Blogger Crystal L. Cox, on their first phone call, that Big Media Makes More Money if they have a Monopoly on Free Speech.  Defendant Marc Randazza also told Plaintiff Investigative Blogger Crystal L. Cox, on their first phone call that there is no precedence in a higher court that distinguishes the rights free speech rights of bloggers vs. and in conjunction with the free speech laws and rights of traditional journalists and reporters. If Plaintiff Investigative Blogger Crystal L. Cox were to win a Ninth Circuit Appeal this would level the playing field and give equal rights to bloggers and traditional journalist, media.  Big Media stands to lose Billions monthly if Plaintiff Investigative Blogger Crystal L. Cox were to win a Ninth Circuit Appeal and with this Plaintiff Investigative Blogger Crystal L. Cox's media outlet, over a thousand blogs reporting on the iViewit Video Technology story, would get credibility and thereby expose thousands of named defendants, co-conspirators and Defendants in a public arena.

Upon knowledge, information and belief of Plaintiff Investigative Blogger Crystal L. Cox, Big Media, Defendant David Carr and the New York Times, Defendant Bob Garfield and Defendant NPR, Defendant Kashmir Hill Forbes and other co-conspirator in this counter complaint have massive motive to STOP the Plaintiff Investigative Blogger Crystal L. Cox Ninth Circuit Appeal.

### Daniel Staton Professional and Personally, Oregon Resident
### Marshall Ross Professional and Personally, Oregon Resident
### Multnomah County Sheriff's Office Portland Oregon, Oregon Government Office

Upon Belief and Knowledge, Defendant Daniel Staton Multnomah County Sheriff Portland Oregon, Defendant Marshall Ross Senior Deputy have acted in conspiracy with Defendant

Tonkon Torp Law Firm, Defendant Steven Wilker, Defendant Kevin Padrick, Defendant David W. Brown, and Defendant Obsidian Finance Group who have acted in criminal and civil conspiracy with Defendant Marc J. Randazza in unconstitutionally SEIZING, via a Judicial Sale, a Sheriff's Sale ordered by Defendant Daniel Staton Multnomah County Sheriff Portland Oregon, Defendant Marshall Ross Senior Deputy, See Exhibit 4 Page 19 through 28.

Upon Belief and Knowledge, Defendant Marc J. Randazza, who was once the attorney for Plaintiff Investigative Blogger Crystal L. Cox in this matter, has advised (Opposing Counsel) Defendant Steven Wilker, Defendant Kevin Padrick, Defendant David W. Brown, and Defendant Obsidian Finance Group in regard to conspiring with Defendant Daniel Staton Multnomah County Sheriff Portland Oregon, Defendant Marshall Ross Senior Deputy in SEIZING the "Right to Appeal" of Obsidian Finance Group LLC vs. Crystal L. Cox.

Upon Belief and Knowledge, Defendant Steven Rodgers Vice President & Deputy General Counsel at Intel Corporation has acted in Criminal and Civil Conspiracy with Defendant WIPO, Defendant Peter L. Michaelson, Defendant P. Stephen Lamont, Defendant Doug Chey, Defendant Bruce Sewell Former Intel General Counsel Now APPLE General Counsel, Defendant Steve Dowling, Defendant Intel Corp., Defendant Proskauer Rose, Defendant Kenneth Rubenstein, Defendant Tonkon Torp Law Firm, Defendant Mike Morgan of Tonkon Torp Law Firm, and John and Jane Does.

Upon Belief and Knowledge Defendant Mark Vena, has criminally and civilly conspired with Defendant Marc J. Randazza, Defendant Greenberg Traurig, Defendant Ronald D. Green, Defendant Randazza Legal Group, Defendant John C. Malone, Defendant Liberty Media Holdings, Defendant David Wang, Defendant Synaptics, Defendant Bret Sewell, in connection to Silicon Graphics and AMD, directly involved in the theft of the iViewit Technology, one of the iViewit Video Technology Inventors Being (Defendant) Eliot Bernstein and in criminal and civil conspiracy with Defendant Proskauer Rose, Defendant Gregg Mashberg, Defendant Kenneth Rubenstein, Defendant Peter L. Michaelson and John and Jane Doe Defendants, in regard to the silencing of the blogs of Plaintiff Investigative Blogger Crystal L. Cox and removing information regarding the biggest technology theft in the world, the iViewit Technology Theft. And in regard to harassing, defaming, threatening, stalking Plaintiff Investigative Blogger Crystal L. Cox in order to silence blogs exposing the iViewit Technology Theft and the involvement of these Co-Conspirators, Defendants.

Upon Belief and Knowledge Defendant EDWARD KWAKWA has criminally and civilly conspired with Defendant Marc J. Randazza, Defendant Proskauer Rose, Defendant Steven Rodgers, Defendant Marc J. Randazza, Defendant Ronald D. Green, Defendant Francis Gurry, Defendant WIPO and John and Jane Doe Defendants, in the stealing of domain names, intellectual property, defaming Plaintiff Investigative Blogger Crystal L. Cox and Eliot Bernstein, harassing, threatening, pressuring and removing massive blogs of Plaintiff Investigative Blogger Crystal L. Cox exposing the Eliot Bernstein, iViewit Technology Story.

Upon Belief and Knowledge Defendant P. Stephen Lamont has conspired with Defendants and Co-Conspirators named in this Counter Complaint in it's entirety, in order to steal domain names and intellectual property, defame Plaintiff Investigative Blogger Crystal L. Cox and Eliot Bernstein, harassing, threatening, pressuring and removing massive blogs of Plaintiff Investigative Blogger Crystal L. Cox exposing the Eliot Bernstein, iViewit Technology Story, and to Suppress the iViewit Technology Theft Story.

Upon Belief and Knowledge Defendant Ari Bass aKa Michael Whiteacre has conspired criminally and civilly with Defendant Marc J. Randazza, Defendant Sean Tompkins, Defendant Kenneth P. White, Defendant Jason Jones, Defendant Ronald D. Green, Defendant Jordan Rushie, Defendant Sean Tompkins, and John and Jane Doe Co-Conspirators and Defendants to threaten the life, quality of life and livelihood of Plaintiff Investigative Blogger Crystal L. Cox and one of her sources Porn Industry Whistle Blower and Insider Monica Foster aKa Alex Melody, along with Porn Industry Whistle Blower Shelley Lubben, as seen In Exhibit 2, whereby there is threat of physical violence and coming to the town where Plaintiff Investigative Blogger Crystal L. Cox, this in criminal and civil conspiracy to pressure Plaintiff Investigative Blogger Crystal L. Cox to STOP her Ninth Circuit appeal of Obsidian V. Cox and to suppress the iViewit Technology Theft Story, and to protect Defendant Liberty Media Holdings, Defendant John C. Malone, Defendant Manwin, Defendant Corbin Fisher and John and Jane Doe Co-Conspirators and Defendants.

Upon Belief and Knowledge Defendant Leo M. Mulvihill, Defendant Jordan Rushie, Defendant Mulvihill & Rushie LLC, Defendant Ari Bass aKa Michael Whiteacre, Defendant Free Speech Coalition, Defendant Kenneth P. White have conspired criminally and civilly with Defendant Marc J. Randazza, and with John and Jane Doe Co-Conspirators and Defendants to pressure Plaintiff Investigative Blogger Crystal L. Cox to STOP her Ninth Circuit appeal of Obsidian V. Cox and to suppress the iViewit Technology Theft Story, and to protect Defendant Liberty Media Holdings, Defendant John C. Malone, Defendant Manwin, Defendant Corbin Fisher and John and Jane Doe Co-Conspirators and Defendants.

Upon Belief and Knowledge Defendant Free Speech Coalition, Defendant Diana Duke have conspired criminally and civilly with Defendant Marc J. Randazza, Defendant Sean Tompkins, Defendant Kenneth P. White, Defendant Jason Jones, Defendant Ronald D. Green, Defendant Jordan Rushie,  Defendant Sean Tompkins, and John and Jane Doe Co-Conspirators and Defendants to threaten the life, quality of life and livelihood of Plaintiff Investigative Blogger Crystal L. Cox and one of her sources Porn Industry Whistle Blower and Insider Monica Foster aKa Alex Melody, along with Porn Industry Whistle Blower Shelley Lubben. This, in criminal and civil conspiracy to pressure Plaintiff Investigative Blogger Crystal L. Cox to STOP her Ninth Circuit appeal of Obsidian V. Cox, to SILENCE Porn Industry Whistle Blowers and to suppress the iViewit Technology Theft Story, and to protect Defendant Liberty Media Holdings, Defendant John C. Malone, Defendant Manwin, Defendant Corbin Fisher and John and Jane Doe Co-Conspirators and Defendants.

Defendant Liberty Media Holdings, Defendant John C. Malone, Defendant Manwin, Defendant Corbin Fisher and other big clients, Defendants / co-conspirators of Marc Randazza's named in this counter complaint, as well as John and Jane Doe Defendants, absolutely need to silence the blogs of Investigative Blogger Plaintiff Investigative Blogger Crystal L. Cox. To them, it is a matter of Trillions of Dollar and Indictments they may face.

Over a Decade ago iViewit Technology invented a video coding technology that changed pixelated video to clear crisp video. These Defendants / co-conspirators of Defendant Marc J. Randazza's make billions a year off of this technology they infringe on, each one of them, and they have for over a decade. Plaintiff Investigative Blogger Crystal L. Cox has reported on the iViewit Technology for over 3 years, and Plaintiff Investigative Blogger Crystal L. Cox has reported on Defendant Proskauer Rose, Defendant Kenneth Rubenstein, MPEG LA, Defendant John Calkins and most all of the co-conspirators listed in this counter complaint.

(On belief and knowledge) Defendant Marc J. Randazza has been hired to STOP the investigative blogs of Plaintiff Investigative Blogger Crystal L. Cox in order to suppress, discredit the iViewit Technology Theft Story, in order to save his clients and co-conspirators from indictments and from having to pay  iViewit Technology and Inventor, Eliot Bernstein Trillion of Dollars.  In this, these Defendants / Alleged Co-Conspirators have committed massive shareholder fraud, been involved in insider trading, violated anti-trust laws, violated patenr laws, committed international crimes and conspiracy and more.

Eliot Bernstein is the founder of the iViewit Technology Company and one of the iViewit Technology Inventors. The Co-Conspirators in this complaint stand to lose Trillions of Dollars in the iViewit Technology Case and many face prison time. There are ongoing Federal and International Investigations in which name many of the Co-Conspirators / Defendants. There are RICO Complaints, USPTO Complaints, Christine Anderson Whistleblower Case out of New York, Florida Bar Lawsuits and Complaints, European Patent Office Complaints, and other ongoing court cases and investigations.

Defendant Marc Randazza has criminally and civilly conspired with all co-defendants, individual and companies in this counter complaint, to the best of my knowledge, and upon my belief.

Defendant Marc Randazza has criminally and civilly conspired with all co-defendants, individual and companies to suppress, remove, discredit the Eliot Bernstein / iViewit Technology Theft Story. Which is a story regarding the largest technology theft in the world, involving Defendant Marc Randazza and Defendant Ronald D. Green, and Jordan Rushie's Clients.

Plaintiff Crystal L. Cox is an Investigative Reporter / Investigative Blogger who has been covering, reporting on the iViewit Technology story in depth for over 3 years.

**Defendant Marc Randazza has Criminally and Civilly Conspired with Multiple**

**Legal Bloggers, CPA's Attorneys and Journalist in an Whistleblower
Retaliation Harassment Campaign.**

Upon knowledge, information and belief of Plaintiff Investigative Blogger Crystal L. Cox,
Defendant Marc Randazza, as Exhibits A-Z attached to this complaint Show has acted in
criminal and civil conspiracy with Defendant Bob Garfield NPR, Defendant Kashmir Hill Forbes,
Defendant Jordan Rushie Philly Law Blog, David Carr New York Times, Defendant Kenneth P.
White Popehate.com, Defendant Jason Jones SaltyDroid.info, SiouxsieLaw.com, Defendant
SequenceInc.com, Defendant Tracy Coenen, Defendant Mark Bennett
blog.bennettandbennett.com, Bennett and Bennett, Defendant Scott H. Greenfield, Defendant
Carlos Miller, Defendant Eric Turkewitz - Turkewitz Law Firm and
NewYorkPersonalInjuryAttorneyBlog.com, Defendant Scott H. Greenfield of Simple Justice - a
New York Criminal Defense Blog and blog.simplejustice.us, Defendant Carlos Miller of
PixIQ.com and PhotographyisNotaCrime.com, Las Vegas Review-Journal, the Las Vegas Sun,
VegasInc, Las Vegas CityLife, Las Vegas Weekly, Defendant Stephens Media and other John
and Jane Doe's in an Online Hate, Defaming, Criminal Endangerment, Information Suppressing,
Whistleblower Retalitation Harassment Campaign.

Defendant Marc Randazza has Criminally and Civilly Conspired with the above in order to
defame, harass, intimidate investigative bloggers and those who speak out about the Porn
Industry Companies he represents.

Defendant Marc Randazza has Criminally and Civilly Conspired with the above in order to
get them to back down from legal actions that affect the financial bottom line of Defendant
Liberty Media and other Co-Conspirators. Defendant Marc Randazza has Criminally and
Civilly Conspired with the above in massive shareholder fraud campaign, and fraud on the
courts, misrepresentation to the court.

Defendant Marc Randazza has Criminally and Civilly Conspired with the above in mass
"Internet Mobbing" in order to control the outcome of court cases, use their blogs as
exhibits in court cases, and to intimidate, harass, threaten and defame Insiders,
Whistleblower and Investigative Reports who attempt to expose them.

Defendant Marc Randazza conspired criminally and civilly with Defendant Martin Cain,
Defendant Dylan Energy to defame, harass, intimidate Plaintiff Investigative Blogger Crystal L.
Cox  On belief and Knowledge that, Defendant Marc Randazza has been in contact
Defendant Martin Cain.  Defendant Martin Cain was a real estate client of Plaintiff Investigative
Blogger Crystal L. Cox, and a to be a contracted Investigative Blogger. Defendant Martin Cain
committed fraud on the Montana Board of Realty Regulations in regard to the Real Estate Broker

License of Plaintiff Investigative Blogger Crystal L. Cox.  . Defendant Martin Cain attempted to take domain names, shut down blogs, and threatened to come for me.  . Defendant Martin Cain left threatening voicemails which I posted online for my safety and to expose . Defendant Martin Cain and his company Defendant Dylan Energy got those voicemails removed from the Internet. Defendant Dylan Energy, Defendant Martin Cain has been in contact with Defendant Marc Randazza and Defendant Marc Randazza as well as other co-conspirators who are bloggers that are CPA's, Attorneys, and Big Media Reporters have posted private eMails between Defendant Martin Cain and Plaintiff Investigative Blogger Crystal L. Cox.

Upon knowledge, information and belief of Plaintiff Investigative Blogger Crystal L. Cox, Defendant Marc Randazza is gathering more of what he calls "Victims" as is Defendant Roxanne Grinage and threatening class action lawsuits in order to remove blogs, content on the iViewit Story and to "Shakedown" iViewit, Eliot Bernstein who Defendant Roxanne Grinage, Defendant HireLyrics worked for, under contract.

Upon knowledge, information and belief of Plaintiff Investigative Blogger Crystal L. Cox, Defendant Roxanne Grinage, Defendant HireLyrics has conspired criminally and civilly with Defendant Steve Dowling, APPLE, Defendant Bruce Sewell, Defendant Stephen Lamont ,and other John and Jane Doe Defendants in order to sabotage a settlement between iViewit Technology and APPLE.

Defendant Roxanne Grinage, Defendant HireLyrics contacted Defendant Steve Dowling, APPLE, Defendant Bruce Sewell directly as the records show, and defamed, painted in false light, Plaintiff Investigative Blogger Crystal L. Cox and Defendant Eliot Bernstein.

This Brought a Multi-Billion Dollar Settlement Negotiation between APPLE and iVieiwIt Technology to a halt.

### Defendant Marc Randazza has Criminally and Civilly Conspired with Defendant Wordpress, Insiders at Google and a Ring of Attorneys Marking Blogs as Spam to remove information regarding the stolen iViewit Technology and the involvement of Defendant Marc Randazza's clients and co-conspirators.

Defendant Marc Randazza has had massive wordpress blogs removed, videos removed and flagged in civil and criminal conspiracy in order to remove information regarding the  iViewit Video Technology story.

Defendant Marc Randazza has had massive online content removed, posted by his former client PLAINTIFF CRYSTAL COX in which criticized him. ALL without First Amendment Adjudication.

**Defendant Marc Randazza has Criminally and Civilly Conspired with Defendant WIPO Panelist Peter L. Michaelson in Domain Name Theft, Removal of iViewit Content Online, Public Defamation, Harassment, and illegally stating that Eliot Bernstein and Plaintiff Crystal L. Cox are Guilty of the Crime of Extortion, of which Eliot Bernstein nor Plaintiff Crystal L. Cox are guilty of or have been investigated for.**

Upon knowledge, information and belief of Plaintiff Investigative Blogger Crystal L. Cox, Defendant Marc Randazza conspired Criminally and Civilly with Defendant Peter L. Michaelson, who was the Sole WIPO Panelist.  Defendant Peter L. Michaelson Criminally and Civilly Conspired with Defendant Marc Randazza in order to seize domain names that exposed the iViewit Technology Story. Defendant Peter L. Michaelson, WIPO Panelist has undisclosed conflicts of Interest with close ties with Defendant Marc Randazza and INTA connections and witnesses say they have met at INTA meetings on a regular basis and have a personal relationship.

Upon knowledge, information and belief of Plaintiff Investigative Blogger Crystal L. Cox, Defendant Peter L. Michaelson, WIPO Panelist has undisclosed conflicts of Interest and has acted Criminally and Civilly with Defendant Kenneth Rubenstein, MPEG LA lead patent attorney, who is a Defendant Proskauer Rose Attorney that was iViewit's Patent Attorney, whom is the lead on the Stealing of the iViewit Technology.

Defendant Proskauer Rose Lawyers and Law Firm have conspired with the main Defendants in the Iviewit RICO, SEC, Federal RICO Lawsuit and Anti-Trust Complaints.

Upon knowledge, information and belief of Plaintiff Investigative Blogger Crystal L. Cox, In Criminal and Civil Conspiracy with Defendant Marc Randazza, Sole Panelist Defendant Peter L. Michaelson has defamed Plaintiff Crystal L. Cox and  iViewit Founder / Inventor Defender Eliot Bernstein. Sole Panelist Defendant  Peter L. Michaelson has massive, undisclosed conflicts of interest in this WIPO decision.

In this WIPO case Sole Panelist Defendant  Peter L. Michaelson has accused me, Counter-Plaintiff Crystal L. Cox and Eliot Bernstein of the Crime of Extortion. This was done in criminal and civil conspiracy with Defendant Marc Randazza, Defendant Proskauer Rose, Defendant Kenneth Rubenstein and Defendant WIPO.

Defendant Marc Randazza has Criminally and Civilly Conspired with INTA, Defendant Peter L. Michaelson, WIPO and John and Jane Does Regarding the name "Marc Randazza and Fraudulent Trademark Claims.

Upon knowledge, information and belief of Plaintiff Investigative Blogger Crystal L. Cox, Sole Panelist Defendant Peter L. Michaelson knows that Eliot Bernstein and Plaintiff Crystal L. Cox was not under criminal investigation for Extortion, and Sole Panelist Defendant Peter L. Michaelson knows that Eliot Bernstein and Plaintiff Crystal L. Cox has had no criminal charges filed, no criminal trial, and certainly no criminal conviction of any kind. Eliot Bernstein and Plaintiff Crystal L. Cox was not on trial for Extortion nor has Eliot Bernstein nor Plaintiff Crystal L. Cox had a criminal extortion complaint filed.  Sole Panelist Defendant Peter L. Michaelson, in criminal conspiracy with Defendant Proskauer Rose and Defendant Marc Randazza flat out states that Respondent Eliot Bernstein and Crystal Cox are guilty of the crime of extortion.

Sole Panelist Defendant Peter L. Michaelson accused Eliot Bernstein and Plaintiff Crystal L. Cox of the Crime of Extortion in a WIPO decision that is now picked up by Big Media, Countless Bloggers and is published globally in legal documents, dockets, intellectual property blogs magazines, and more. Therefore, Sole Panelist Defendant  Peter L. Michaelson has massively defamed and criminally endangered Plaintiff Crystal L. Cox and Eliot Bernstein, as well as interfered with ongoing iViewit Technology investigations by these false Criminal Allegations of iViewit Founder Eliot Bernstein.

Sole Defendant Panelist Peter L. Michaelson's accusations in a distinguished WIPO Decision has massively defamed Eliot Bernstein and Plaintiff Crystal L. Cox. This has lead to character attacks, further defamation and incited hate toward Investigative Blogger Counter-Plaintiff Crystal L. Cox.

Sole Panelist Defendant Peter L. Michaelson took the word of the Defendant Marc Randazza, a Las Vegas Porn Attorney, over the word and documented proof of Plaintiff Crystal L. Cox.

Sole Panelist Defendant Peter L. Michaelson did no fact check or investigation into the allegations of Extortion. Sole Panelist Defendant Peter L. Michaelson simply accused Eliot Bernstein and Plaintiff Crystal L. Cox of Extortion in a WIPO Decision.

WIPO is not a Criminal Investigation Court. WIPO is not a Judge and a Jury. Yet Sole Panelist Peter L. Michaelson in conspiracy with Defendant WIPO, Defendant Proskauer Rose and Defendant Marc Randazza took it upon himself to convict Counter-Plaintiff Eliot Bernstein and Plaintiff Crystal L. Cox of Extortion.

Upon knowledge, information and belief of Plaintiff Investigative Blogger Crystal L. Cox, Co-Conspirator, Sole Panelist Defendant  Peter L. Michaelson in conspiracy with

Defendant WIPO, Defendant Proskauer Rose and Defendant Marc Randazza has violated the constitutional and intellectual property rights of Defendant Eliot Bernstein and Plaintiff Crystal L. Cox.

Sole Panelist Defendant Peter L. Michaelson, in criminal conspiracy with Defendant Proskauer Rose, Defendant WIPO and Defendant Marc Randazza refused to signed a Conflict of Interest Disclosure in the WIPO Decision regarding Defendant Marc Randazza of Defendant Randazza Legal Group against Plaintiff Crystal L. Cox and Eliot Bernstein. Plaintiff Crystal L. Cox requested that the WIPO Panel Sign a Conflict of Interest Disclosure. This request was sent to Sole Panelist Defendant Peter L. Michaelson by WIPO and yet was NOT Signed and returned to Eliot Bernstein and Plaintiff Crystal L. Cox.

Sole Panelist Defendant Peter L. Michaelson has massive conflicts of interest regarding iViewit, Defendant Proskauer Rose, MPEG LA, Judith Kaye, Patent Theft, Eliot Bernstein and more regarding Eliot Bernstein and the Journalism of Investigative Blogger Crystal Cox regarding ALL named in the iViewit SEC Complaint, RICO Complaint and Legal Action surrounding iViewit Technologies Video Technology Theft by Defendant Proskauer Rose Attorneys.

Sole Panelist Defendant Peter L. Michaelson worked at Bell Lab with Defendant Proskauer Rose Attorney Defendant Kenneth Rubenstein whom was the main Patent Attorney involved in the theft of the 13 Trillion Dollar iViewit Technology theft. Proskauer Rose Patent attorney, who is also the MPEG LA head patent attorney, is named in RICO Complaints, Patent Lawsuits, and more regarding the iViewit Technology and Eliot Bernstein.

Upon knowledge, information and belief of Plaintiff Investigative Blogger Crystal L. Cox, Defendant Peter L. Michaelson knows that he has massive conflicts of interest regarding being a Sole Panelist reviewing Domain Names owned by iViewit Founder and one of the iViewit Inventors, Eliot Bernstein. Defendant Peter L. Michaelson knows that he has massive conflicts of interest regarding being a Sole Panelist reviewing Domain Names owned by Investigative Blogger Crystal L. Cox whom Peter L. Michaelson know has been reporting on the iViewit Technology theft for over 3 years. In fact, Defendant Peter L. Michaelson was a requested Panelist by Defendant Proskauer Rose Law Firm in WIPO Case (TG) D2011-0678, (CT) D2011-0679,(CT) D2011-0677, (CT) D2011-0675 (Complainant Proskauer Rose), regarding Domain Name Disputes with Defendant Proskauer Rose Lawyers and Investigative Blogger Crystal L. Cox. For proof of this, review the emails of that Case.

Sole WIPO Panelist Peter L. Michaelson has conflicts of interest with MPEG LA, whom is named in the Eliot Bernstein RICO Complaints, SEC Complaints and Technology Infringement. Sole WIPO Panelist Defendant Peter L. Michaelson has conflicts of interest with MPEG LA's patent attorney Defendant Kenneth Rubenstein of Defendant Proskauer Rose Law Firm whom was the original Patent Attorney for iViewit and originally stole the 13 Trillion Dollar iViewit Technology.

Upon knowledge, information and belief of Plaintiff Investigative Blogger Crystal L. Cox, Defendant Peter L. Michaelson is connected with Proskauer Rose in regard to the International Commission on Patent Disputes and the CPR Protocol on Determination of Damages in Arbitration. This too is an undisclosed Conflict of Interest.

Sole WIPO Panelist Defendant Peter L. Michaelson is connected to ex-Supreme Court Judge Judith Kaye who is also named in RICO Complaints, SEC Complaint, Patent Lawsuits and more in the iViewit Technology theft. As Judith Kaye was involved in covering up the theft. This was connected to the fact that her Husband was a Defendant Proskauer Rose Lawyer at that time, whom is now deceased.

In WIPO Decision Case No. D2012-1525, Sole Panelist Defendant Peter L. Michaelson names Defendant Proskauer Rose, and discusses my investigative writing of Defendant Proskauer Rose, Defendant Bruce Sewell Apple General Counsel who was Intel General Counsel when the iViewit Technology was stolen and Time Warner in conspiracy over the iViewit Technology. Defendant Proskauer Rose, Bruces Sewell of Apple and Time Warner had nothing to do with WIPO Case Case No. D2012-1525.

Sole Panelist Defendant Peter L. Michaelson brings up this point in order to attempt to protect those involved in the iViewit Technology theft in which Sole Panelist Defendant Peter L. Michaelson is in conspiracy and serious conflict of interest with. Why name Proskauer Rose, Defendant Bruce Sewell of Apple and Time Warner in a decision for a Domain Name regarding a Porn Industry Attorney named Marc Randazza and Domain Names owned by Investigative Blogger Plaintiff Crystal L. Cox and iViewit Founder / Inventor Eliot Bernstein.


**Sole Panelist Defendant Peter L. Michaelson used a New York Times article as Investigative Fact to Convict Eliot Bernstein and Plaintiff Investigative Blogger Crystal L. Cox of extortion in WIPO Decision.**

Defendant  David Carr of the New York Times wrote an article called, "When Truth Survives

Free Speech". This is an "Opinion" of a journalist for the Defendant New York Times. It is not fact and has many false accusations and information. Sole Panelist Defendant Peter L. Michaelson references this article in his defamatory, criminal WIPO Decision. An "article" in the New York Times, used as FACT in a decision for Intellectual Property Rights is not based in fact or in law. And in fact, is unlawful, illegal and WIPO is liable for his actions in this matter.

In my WIPO Complaint Response, I provided documentation to the FACT that there was no Extortion charges against me. I Provided eMail Communication between Attorney Marc Randazza and myself Plaintiff Crystal L. Cox. I even provided the WIPO Panelist with a Copy of an eMail from Marc Randazza to Plaintiff Crystal L. Cox, stating that he would represent me in my Appeal of Obsidian Finance Group V. Crystal Cox.

Sole Panelist Defendant Peter L. Michaelson deliberately ignored my proof, my documents of facts, and simply went on the stated the word of Complainant, Porn Attorney Marc Randazza.

Sole Panelist Defendant Peter L. Michaelson then went so far as to accuse me of a serious crime in a worldwide published WIPO Decision This is Illegal and WIPO is liable.

WIPO is not a Criminal Investigation Court and has no right to accuse me of a Crime in Published WIPO Decisions. In doing so, Sole Panelist Defendant Peter L. Michaelson has committed a Crime and has defamed me seriously. This has also caused me severe damage and backlash. I Request that WIPO publish a retraction of this Decision in no less than 3 major Media Outlets. And that WIPO retract this Defamatory,

**Defamatory WIPO Decision.**

Defendant Peter L. Michaelson has acted in conspiracy with Porn Attorney Defendant Marc Randazza in inciting Hate against Blogger Crystal Cox whom Marc Randazza was my attorney for a short time, and whom I Fired for acting unethically. Peter L. Michaelson has not reviewed the facts of this case, and instead Defendant Peter L. Michaelson has stated that Crystal Cox and Eliot Bernstein are guilty of Extortion.

Defendant WIPO showed extreme discrimination, prejudice and special favors to Marc Randazza throughout the process. Defendant WIPO even let Marc Randazza add several domain names to the WIPO complaint, BEFORE he even paid a filing fee. I Request that there be a special investigations of all emails from WIPO to Marc Randazza, from Defendant Peter L. Michaelson to Defendant Marc Randazza, and a thorough examination

of all documentation I submitted proving my case and that there was no extortion charges against me.

**In WIPO Decision Case No. D2012-1525, Defendant Peter L. Michaelson states:**

"Respondent's actions in registering and using the disputed domain names may appear, at a first glance, to simply be a vehicle through which she provides advertising through pay-per-click sites, but on slightly closer examination are actually components of an artifice intended to extort funds from the Complainant and thus a pretext for a rather egregious variant of cybersquatting. As such, none of those actions can or will serve as a predicate upon which the Respondent can lawfully develop any rights or legitimate interests in any of the disputed domain names."

Sole WIPO Panelist Defendant Peter L. Michaelson flat out lies in saying these sites are pay per click that I receive revenue from. I have not received revenue from disputed names. Any ads placed on said Domain Names were places by the Registrar, Defendant Godaddy, and the Revenue was taken by Defendant Godaddy and NOT Respondent.

Sole WIPO Panelist Defendant Peter L. Michaelson commits fraud and defamation in saying that Domain Names are "actually components of an artifice intended to extort funds from the Complainant". WIPO Panelist Peter L. Michaelson has no proof of Complainant being asked for money to remove blog post. WIPO Panelist Defendant Peter L. Michaelson has no proof of Complainant giving money to Respondent. WIPO Panelist Defendant Peter L. Michaelson has no proof what so ever of intention to "extort". WIPO Panelist Defendant Peter L. Michaelson simply goes on the word of Unethical Porn Industry Attorney Defendant Marc J. Randazza.

**WIPO Panelist Defendant Peter L. Michaelson States:**

"the Respondent's intention, as reflected by the record, was never to solely provide, through her websites, speech critical of the Complainant. Rather, her objective in both registering and using the disputed names was apparently to engage in a rather sinister and tenacious scheme to

extort money from the Complainant."

This is a flat out false statement. The record shows that I purchased MarcRandazza.com on the same day that I had a Phone Meeting with Defendant Marc Randazza regarding representing me in my Obsidian Finance Group V. Crystal Cox, high profile Free Speech Case I was taking to the Ninth Court of Appeals. I did not post one word on that Blog until months later when I FIRED Defendant Marc Randazza and he had conspired with opposing counsel to STOP me from going to the NINTH with my Appeal.  My "objective" was to EXPOSE an unethical, hypocritical, lying, crooked attorney and to WARN others whom may have Marc Randazza do them what he did to me. I did not ask for money to remove information. In fact Marc Randazza offered to buy MarcRandazza.com and email records that xxx has seen, show that I rejected this offer and said that MarcRandazza.com was not for sale at ANY price.  WIPO Panelist Defendant Peter L. Michaelson even saw an email where Respondent Marc Randazza says he did not mind me asking for a job, and that was the only reference of money that EVER Came UP. WIPO Panelist Peter L. Michaelson knows all of this and still Falsely accused me of Extortion in mass, high profile media.

**WIPO Panelist Defendant Peter L. Michaelson States:**

"Specifically, the Respondent first posted negative and false commentary on her websites that was intentionally calculated to injure the Complainant's on-line reputation and disrupt the Complainant's business conducted through his law firm. Thereafter, the Respondent used those sites in a manner that apparently optimized their ranking on the Google search engine in order to increase their visibility and prominence on search results yielded through a Google search of the Complainant, thus likely exacerbating the injury caused to the Complainant."

Again WIPO Panelist Peter L. Michaelson flat out lies. I, Respondent posted "commentary" in order to expose Marc Randazza, to discuss my experience with Marc Randazza as an attorney. From there I got lots of tips, so I posted more information. WIPO Panelist Peter L. Michaelson has no reason to believe that the "commentary" is false.

As it is true to the absolute best of my knowledge and information.

WIPO Panelist Peter L. Michaelson has no right to flat out state the commentary to be false, as it was NOT false. And it certainly was not posted to then Extort Money from Marc Randazza. This makes no logical sense and has no records of proof.

And of course I "optimized" my "sites" that is the point of the internet. I am Media, and I get the stories found strong in the search, that is the point of the INTERNET. It is not some sinister extortion plot. I asked for and I received NO money from Marc Randazza. IN fact, WIPO Panelist Peter L. Michaelson has seen emails where Marc Randazza asked that I pay his expenses in representing me.

WIPO Panelist Peter L. Michaelson flat out lies in stating that I "intentially calculated to injure Complainant". I Intentionally wrote blog posts to expose what Defendant Marc Randazza had done to me, my experience with Marc Randazza and tips and information I had investigated and received regarding Defendant Marc Randazza and the Defendant Randazza Legal Group.

**WIPO Panelist Defendant Peter L. Michaelson States**

"Once all this occurred, the Respondent then offered her reputational management services to the Complainant through which, for a considerable fee, she would remediate the Complainant's on-line reputation by eliminating all the negative and false commentary of her own making and presumably also ceasing her use of the disputed domain names. Basically, for a price, she would undo the injury to the Complainant for which she was responsible for having created in the first place. This egregious conduct clearly constitutes bad faith under the Policy."

WIPO Panelist Defendant Peter L. Michaelson has defamed Plaintiff Crystal L. Cox and Eliot Bernstein, and Defendant Peter L. Michaelson has acted criminally in this statement as he falsely accused Plaintiff Crystal L. Cox and Eliot Bernstein of criminal activity.

WIPO Panelist Defendant Peter L. Michaelson has seen emails and records that prove that did NOT offer to "remediate" anything for a fee. Plaintiff Crystal L. Cox NEVER, EVER offered to eliminate any "commentary". This is a flat out false, defamatory statement with malice as WIPO Panelist Defendant Peter L. Michaelson had the emails and records proving this untrue.

WIPO Panelist Defendant Peter L. Michaelson flat out lies hypothesizing in a WIPO decision that I claimed I would undo injury that I did for a fee. This is NOT True. I will NOT undo my blog posts for a price, and Plaintiff Crystal L. Cox never offered Such. Plaintiff Crystal L. Cox's  intention is to warn others potential clients on how dangerous and

unethical that Defendant Marc Randazza and Defendant Randazza legal group is. Defendant Marc Randazza was acting as Plaintiff Crystal L. Cox's attorney. Plaintiff Crystal L. Cox's blogs are to review, complain expose her experience with Defendant Marc Randazza.  There was no "price" offered. So WIPO Panelist Defendant Peter L. Michaelson saying that "Basically, for a price, she would undo the injury to the Complainant for which she was responsible for having created in the first place." this again is defamatory and I Request WIPO issue a Retraction in major media sources.

In WIPO Decision Case No. D2012-1525, Defendant Peter L. Michaelson discusses Defendant Marc Randazza's given name and "Mark". Yet no Trademark Documents applied or were filed. And Defendant Marc Randazza goes by Marco Randazza on Twitter, YouTube and his username on his own blog.

There is no ™ on Marc Randazza's Blog. And there was no proof given to WIPO of Marc Randazza's "given name" as I believe his birth name is Marco Randazza and not Marc Randazza. Also note that this Marc Randazza is not the only Marc Randazza in the world and should not have a right to steal this intellectual property as the only rightful owner in the world.

**In WIPO Decision Case No. D2012-1525, Defendant Peter L. Michaelson States:**

"Third, the Respondent attempted to commercially benefit from registration of these names by offering "reputation management" services to the Complainant – through baiting the Complainant into an extortionate scheme."

This is a flat out false claim, and is defamatory. Plaintiff Crystal L. Cox did not bait the Complainant, in fact Defendant Marc Randazza entered Plaintiff Crystal L. Cox life through channels other than herself. Defendant Marc Randazza wanted to be my attorney in the biggest First Amendment Case out there at this time, and got very angry when I fired him as my Attorney and instead chose UCLA Professor Eugene Volokh.

In WIPO Decision Case No. D2012-1525, Defendant Peter L. Michaelson States:

"Specifically, once the Complainant declined her "reputation management" services, the

Respondent then registered domain names that contained not only the Complainant's surname, but also the personal names of his wife and three year old daughter, and then included falsehoods about the Complainant on her websites to which the domain names resolved."

This is false and defamatory. Plaintiff Crystal L. Cox  did not post falsehoods, nor did Plaintiff Crystal L. Cox  start blogs to post falsehoods because Defendant Marc Randazza refused to pay me. Plaintiff Crystal L. Cox  did not ask Defendant Marc Randazza to pay me to remove anything.  Plaintiff Crystal L. Cox's  Blogs were to expose **Defendant** Marc Randazza. And there was NEVER a blog at the alleged domain of **Defendant** Marc Randazza's alleged daughter. **Defendant** Peter L. Michaelson flat out lied about . Plaintiff Crystal L. Cox

### Defendant Marc Randazza has Criminally and Civilly Conspired with Defendant Godaddy Inc., Defendant Bob Parsons, Defendant Jessica Griffin Godaddy Insider, and other John and Jane Doe's at Godaddy.

Upon knowledge, information and belief of Plaintiff Investigative Blogger Crystal L. Cox, Defendant Godaddy Inc. and Defendant Bob Parsons Godaddy President are liable for the Damage they have done to me, and now to the Entire Domaining, Domain After Market, Domain Auctions, and Domain Name Industry.  Defendant Marc Randazza Criminally and Civilly Conspires with Godaddy Inc., and Defendant WIPO in order to steal Domain Names.

Defendant Godaddy Inc. and Bob Parsons Godaddy President make pay per click, ad money from ads on domain names, Defendant Marc Randazza tells the courts and WIPO that the "Respondent" "Defendant" makes these ad dollars which is false. Plaintiff Crystal L. Cox Godaddy Inc. and Bob Parsons Godaddy President sells domain names, customers such as Plaintiff Crystal L. Cox and Eliot Bernstein, pay for domain names, renew domain names year after year and built content, build value into these domain names. Then Defendant Marc Randazza, a Domain Name Law and Intellectual Property Attorney conspired criminally and civilly with Plaintiff Crystal L. Cox  Godaddy Inc. and Plaintiff Crystal L. Cox Bob Parsons Godaddy President, and the Las Vegas Courts to simply take domain names, intellectual property and to redirect your internet traffic without due process and based solely on the unproven information given by Attorney Defendant Marc Randazza.

In 2005, Plaintiff Crystal L. Cox began giving Godaddy large amounts of business. I had met Godaddy at  TRAFFIC West, a Domainer Trade Show Started by Rick Schwarts, the man who SOLD Men.com for 1.4 Million many years before. I also met the man who Sold Business.com for 7.5 Million and many other attorneys and industry insiders. I Liked Godaddy and thought them

to have integrity, 7 years later my then partner and I have paid Godaddy hundreds of thousands of dollars in renewal fees and domain name renewals. In 2006, I believe we had around 70,000 domain names which would give Godaddy Inc. around $70,000 a year in domain name renewal fees. Now after 7 years of being a Godaddy Client and vast amount of Money, Referrals and Business I have given Godaddy. Plaintiff Crystal L. Cox Godaddy has Criminally and Civilly conspired with Defendant Marc Randazza to lock, redirect, and flat out steal domain names with no due process to the Godaddy Client.

## Defendant Marc Randazza has Criminally and Civilly Conspired with Defendant Tracy L. Coenen of SequenceInc.com

Upon knowledge, information and belief of Plaintiff Investigative Blogger Crystal L. Cox, Defendant Marc Randazza conspired Criminally and Civilly with Defendant SequenceInc.com, Defendant Tracy L. Coenen, Tracy Coenen to Paint Blogger Crystal Cox in False Light.

As seen In Exhibit T, In Criminal and Civil Conspiracy with Defendant Marc Randazza, Defendant Tracy L. Coenen has publicly accused Plaintiff Crystal L. Cox of Extortion. In Criminal and Civil Conspiracy with Defendant Marc Randazza, Defendant Tracy L. Coenen has defamed Plaintiff Crystal L. Cox.

In Criminal and Civil Conspiracy with Defendant Marc Randazza Defendant Tracy L. Coenen has Criminally and Civilly Endangered Plaintiff Crystal L. Cox.

Upon knowledge, information and belief of Plaintiff Investigative Blogger Crystal L. Cox, In Criminal and Civil Conspiracy with Defendant Marc Randazza Defendant Tracy L. Coenen has aided and abetted Defendant Marc Randazza to remove massive information regarding the iViewit Technology Theft.  In Criminal and Civil Conspiracy with Defendant Marc Randazza Tracy L. Coenen has deliberately, with malice, painted Plaintiff Crystal L. Cox in false light so as to discredit Plaintiff Crystal L. Cox and the iViewit Technology story involving Liberty Media Holdings, Corbin Fisher, MPEG LA, Manwin and massive others.

Tracy L. Coenen has acted In Criminal and Civil Conspiracy with Defendant Marc Randazza, and AOL, AOLTW, Julie Jacobs, Tim Cook, John C. Malone and John and Jane Doe's to cover up information online regarding the involvement of AOL, AOLTW, in the iViewit Stolen Technology.


**Upon Knowledge and Belief Defendant Marc Randazza has Criminally and Civilly Conspired  with Defendant Tonkon Torp Law Firm, Defendant David S. Aman, Defendant Steven Wilker, Defendant  Mike Morgan, Defendant Obsidian Finance Group, Defendant Kevin D. Padrick, Defendant Defendant Patricia Whittington, Defendant David W. Brown**

**and Defendant Judge Marco Hernandez.**

Defendant Marc J. Randazza is, and has been for over a year, acting in Civil and Criminal Conspiracy with Defendant Tonkon Torp Law Firm. Defendant Tonkon Torp Law Firm represented Enron in Bankruptcy Proceedings and Related Matter. Enron Collapsed, went bankrupt, due to Defendant Proskauer Rose Patent Lawyers and Enron's involvement in the Stealing of the iViewit Technology, of which Eliot Bernstein is the Founder and is one of the iViewit Video Technology Inventors.

Upon knowledge, information and belief of Plaintiff Investigative Blogger Crystal L. Cox, Defendant Tonkon Torp Law Firm is counsel to Intel Corp. Portland who is named in iViewit SEC Complaints, RICO Complaints, USPTO Complaints and legal action regarding the stealing of the iViewit Technology. Tonkon Torp law firm has motive to suppress the iViewit Story in connection with protecting their clients.

Eliot Bernstein, is also a named Defendant on the Court Docket for Obsidian Finance Group Vs. Crystal Cox, Case Number CV-11-57-HZ U.S. District Court, District of Oregon, and Case 2:12-mc-00017-JPH Eastern District of Washington regarding Obsidian V. Cox. Eliot Bernstein is the Founder of iViewit Technologies and one of the Inventors of the iViewit Technology, which Defendant Marc Randazza and Defendant Tonkon Torp Law Firm are Criminally and Civilly Conspiring to Silence Information on.

Enron is named in iViewit, Eliot Bernstein, SEC Complaints, RICO Complaints, Criminal Complaints, and ALL of the Blogs of Counter-Plaintiff Investigative Blogger Crystal L. Cox report on the iViewit Technology Story and the involvement of Enron, Proskauer Rose Law Firm, MPEG LA, Arthur Anderson, Defendant Kenneth Rubenstein Patent Attorneys, Hon. Judith Kaye and thousands of others involved, named defendants and co-conspirators in the iViewit Technology Theft.

Tonkon Torp Law Firm, Defendant Mike Morgan and other John and Jane Doe's represented Enron and have civilly and criminally conspired with Defendant Marc Randazza to cover up Tonkon Torp's involvement in the Stealing of the iViewit Technology.

Defendant Marc J. Randazza is acting in Civil and Criminal Conspiracy with Tonkon Torp Law Firm regarding the suppressing of  Investigative Blogger Crystal L. Cox exposing the documents, evidence, records of the iViewit Techology Theft as Seen at www.DeniedPatent.com, www.iVieiwit.tv, www.EthicsComplaints.com , www.BankruptcyCorruption.com , and all blogs listed in the attached Motion Entitled, **"Motion Requesting Preservation of Evidence"**, of which these blogs in their entirety are evidence in this court, District of Nevada, case and must be printed out by this court, District of Nevada, in their entirety, as requested by Plaintiff Crystal L. Cox and in the best interest of shareholders and the public at large.

Defendant Marc J. Randazza is acting in Civil and Criminal Conspiracy with Tonkon Torp Law Firm and connections to CPA Firm Arthur Anderson, which is a named Counter-Plaintiff in the iViewit Case.  CPA Firm Arthur Anderson's CPA Gary Stachlowski was the primary paid witness in the Obsidian V. Cox Case.

Defendant Marc Randazza and **Defendant** Tonkon Torp Law Firm are and have been Criminally and Civilly Conspiring to intimidate, harass, defame Plaintiff Crystal L. Cox in order to attempt to stop Plaintiff Crystal L. Cox from Appealing the Obsidian V. Cox Case. First, Defendant Marc Randazza and **Defendant** Tonkon Torp Law Firm, Attorney **Defendant** David Aman Criminally and Civilly Conspired regarding Receivership in the Obsidian V. Cox Case as Defendant Marc Randazza recommend a Las Vegas Attorney named Lara Pearson of the Rimon Law Group to be the Receiver in Obsidian V. Cox. Defendant Randazza did this in order to steal Domain Names such as MarcRandazza.com. Defendant Randazza had been out to sabotage Plaintiff Crystal L. Cox's Appeal from day one in order to suppress the iViewit Story, and protect his Porn Industry Clients such as **Defendant Manwin, Defendant Corbin Fisher, and Defendant Liberty Media Holdings.** .

Upon knowledge, information and belief of Plaintiff Investigative Blogger Crystal L. Cox, Defendant Marc Randazza and **Defendant** Tonkon Torp Law Firm, Attorney **Defendant** David Aman desperately want to STOP the Obsidian V. Cox Appeal, both have the agenda of removing Blogs in which expose the biggest Criminal Technology Case in the World, iViewit Technology. Of which both Defendant Marc Randazza and Tonkon Torp Law Firm, Attorney David Aman have motive to suppress. Defendant Marc Randazza represents Big Porn Industry Companies such as **Defendant** Manwin, **Defendant** Corbin Fisher and Others. Defendant Marc Randazza's clients knowingly use the iViewit Video Technology and have for over a decade. Defendant **Defendant** Marc Randazza's Clients owe Eliot Bernstein and the iViewit Inventors Hundreds of Millions of Dollars.

Defendant Marc Randazza and **Defendant** Tonkon Torp Law Firm, Attorney **Defendant** David Aman met with Judge Marco Hernandez and Criminally and Civilly Conspired in order to make me look like a Criminal Guilty of Extortion, when there was no proof of extortion, nor was Plaintiff Crystal L. Cox on Trial for Extortion. This Civil and Criminal Conspiracy led Judge Marco Hernandez to deny me a new trial, and to accuse me of extortion, a crime in a motion to deny a New Trial in a Civil Case.

Upon knowledge, information and belief of Plaintiff Investigative Blogger Crystal L. Cox, Defendant Marc Randazza and **Defendant** Tonkon Torp Law Firm, Attorney **Defendant** David Aman Criminally and Civilly Conspired as recent as December 2012, as Defendant

Marc J. Randazza, an expert in Florida Law, recently advised Tonkon Torp Lawyer David Aman how to filed documents in order to Seize my Assets, this Asset being My Right to Appeal Obsidian V. Cox.  Defendant Marc Randazza and Tonkon Torp Law Firm, Attorney David Aman Criminally and Civilly Conspired for nearly a year now to STOP Plaintiff Crystal L. Cox's appeal.

If Counter-Plaintiff Cox wins the Obsidian V. Cox Appeal then iViewit Technology gets a bigger standing in "Media" and Defendant Marc Randazza and Co-Conspirator **Defendant** David Aman were sent in to sabotage the appeal to make sure this did not happen. All to cover up massive Criminal and Civil Conspiracy regarding the stealing of a 13 Trillion Dollar Video Technology of which Defendant Marc Randazza's Biggest Clients infringe upon every minute of every day.

### Defendant Marc Randazza has Criminally and Civilly Conspired with Judge Gloria M. Navarro

Upon knowledge, information and belief of Plaintiff Investigative Blogger Crystal L. Cox, Defendant Marc Randazza is acting in Criminal and Civil Conspiracy with Judge Gloria M. Navarro and other co-conspirators to suppress information regarding the Stolen iViewit Technology.

Defendant Marc Randazza is acting in Criminal and Civil Conspiracy with **Defendant** Tonkon Torp Lawyer David S. Aman and Judge Marco Hernandez in torturously interfering with the outcome of my Case Obsidian V. Cox, of which Defendant Marc Randazza set out to sabotage the minute he heard of my verdict.

Upon knowledge, information and belief of Plaintiff Investigative Blogger Crystal L. Cox, Defendant Marc Randazza is acting in Criminal and Civil Conspiracy with **Defendant** Tonkon Torp Lawyer David S. Aman in counselling Aman on who to get to take Plaintiff Crystal L. Cox's domain names in receivership.  Defendant Marc Randazza told Attorney David S. Aman to use Las Vegas Attorney Lara Pearson of the Rimon Law Group who was the court-appointed receiver in the Righthaven Case.

Upon knowledge, information and belief of Plaintiff Investigative Blogger Crystal L. Cox, Defendant Marc Randazza acted in Criminal and Civil Conspiracy with Tonkon Torp Lawyer David S. Aman, Attorney Lara Pearson, and Rimon Law Group to take domain names, suppress free speech, remove my blogs, and remove information regarding the iViewit Technology Story. Defendant Marc Randazza acted in Criminal and Civil Conspiracy with Judge Gloria M. Navarro who made the ruling regarding Righthaven, Receiver Lara Pearson and the liquidation of Righthaven assets to pay Attorney Marc Randazza, as seen in Exhibit P.

Defendant Marc Randazza has Criminally and Civilly Conspired with Sean Tompkins, Defendant J. Malcom Devoy, Randazza Legal Group, Corbin Fisher,  Michael Fattorosi, and John and Jane Doe's to harass Industry Whistleblowers Monica Foster aKa Alex Melody and Desi Foxx aKa Diana Grandmason, named in Defendant Marc Randazza's complaint against his ex-client, Investigative Blogger, Whistleblower, Plaintiff Crystal L. Cox.

Monica Foster aKa Alex Melody and Desi Foxx aKa Diana Grandmason have written on the iViewit Technology. Monica Foster aKa Alex Melody has interview Plaintiff Crystal L. Cox and iViewit Inventor and Founder Counter-Plaintiff Eliot Bernstein. Defendant Marc Randazza has Criminally and Civilly Conspired to SILENCE Monica Foster aKa Alex Melody in whatever way necessary.

Defendant Marc Randazza has Criminally and Civilly Conspired with Stephen Media, Todd Kinnicann, Defendant Kenneth P. White, Jordan Rushie, Brown White and Newhouse, Defendant PopeHate.com, AboveTheLaw.com, Defendant Forbes, and and John and Jane Doe's in order to create a media falsehood to win cases, affect settlement, control clients, trick clients, and to shut down the blogs of Investigative Blogger Crystal L. Cox exposing the Ivewit Technology Story and Blowing the Whistleblower on Defendant Marc Randazza and his co-conspirators.

Defendant Marc Randazza has Criminally and Civilly Conspired with Defendant Stephen Media, Todd Kinnicann, Hustler, Evil Angel, Zero Tolerance, Red Light District, Defendant Liberty Media Holdings, Defendant Corbin Fisher, Playboy, John Malone, Sean Tompkins, Defendant J. Malcom Devoy, Jordan Rushie, Kenneth P. White, Viacom, Manwin, Manwin Fabian Thylmann, Vasilis Kailis, AVN.com, BitTorrent, Porn Wiki Leaks, Defendant Forbes, Defendant Kashmir Hill, Defendant Siouxielaw.com, Defendant Jason Jones Salty Droid, Defendant Eric Turkewitz, Defendant Scott H. Greenfield, Defendant Carlos Miller, Defendant Tracy L. Coenen, Defendant Mulvihill and Rushie LLC,  Jeremy Steele, and John and Jane Doe's in order to shut down competing websites and blogs. And to harass, intimidate, defame, threaten, criminally endanger those who blow the whistle on them, expose them and stand up to them.

Defendant Marc Randazza has Criminally and Civilly Conspired with MPEG LA, Defendant Liberty Media Holdings, Defendant Corbin Fisher, Defendant Godaddy Inc., Defendant Peter L. Michaelson, Kenneth Rubenstein, Proskauer Rose Law Firm in suppressing / removing the iVewit Technology story in connection to Defendant Marc Randazza and his clients Corbin Fisher, Liberty Media, John C. Malone, ATT, Time Warner Inc. using the iViewit Technology and owing iViewit Technology and Eliot Bernstein Billions of Dollars.

Defendant Marc Randazza has Criminally and Civilly Conspired with Defendant David S. Aman of Tonkon Torp Law Firm and Defendant David Carr of the New York Times.

Upon knowledge, information and belief of Plaintiff Investigative Blogger Crystal L. Cox, Defendant David Carr of the New York Times wrote an article defaming Plaintiff Crystal L. Cox, painting me in false light, accusing me of extortion falsely and in this article, in criminal and civil conspiracy with Defendant Proskauer Rose, Defendant Marc Randazza, Warner Bros. Jeffrey Bewkes and other John and Jane Does, Defendant David Carr mentions the Investigative Blogs of Plaintiff Crystal L. Cox in regard to the iViewit Technology Story and Eliot Bernstein. Defendant David Carr of the Defendant New York Times deliberately defamed Plaintiff Crystal L. Cox in Order to Suppress the iViewit Story for and with Co-Conspirators. Defendant Marc Randazza has Criminally and Civilly Conspired with Defendant David Carr, and continues to promote the defamatory article painting Plaintiff Crystal L. Cox in false light, criminally endangering Plaintiff Crystal L. Cox, and defaming Plaintiff Crystal L. Cox.

Plaintiff Crystal L. Cox has suffered irreparable damage personally and professionally. Wherefore, Plaintiff Crystal L. Cox Requests a judgment against Each Co-Conspirator, Each Defendant for actual and punitive damages, and all other relief allowable under the law and federal court rules.  Defendants did the things here in maliciously and to oppress Plaintiff Investigative Blogger Crystal L. Cox. Plaintiff Investigative Blogger Crystal L. Cox is therefore entitled to all exemplary and punitive damage allowed by Law.
**MarcRandazza.me** was one of these Domain Names SEIZED by Defendant Marc J. Randazza with no Due Process to Pro Se Plaintiff Crystal L. Cox and Eliot Bernstein and no First Amendment Adjudication.

MarcRandazza.me was purchased by Pro Se Plaintiff Crystal L. Cox as a Parody, making fun of Defendant Marc J. Randazza. MarcRandazza.me was never a blog, MarcRandazza.me has made ad revenue by Godaddy yet in a fraud on the court RRR claims that Pro Se Plaintiff Crystal L. Cox made the ad revenue.  This domain name was SEIZED, Stolen.

**MarcRandazza.me** and the "taboo" domain were both parked at Godaddy and never had blogs. Godaddy Inc., Bob Parsons had ads on the parked pages yet Defendant Marc J. Randazza claims that Pro Se Plaintiff Crystal L. Cox did, knowing full well that Crystal Cox was not the one receiving ad dollars. Defendant Marc J. Randazza, with actual malice committed fraud on the court and lied regarding Pro Se Plaintiff Crystal L. Cox and domain names at Godaddy.

Godaddy Inc., Bob Parsons has Pattern and History in freely placing ads on Trademarked Parked Domain Names Godaddy Inc., Bob Parsons are IMMUNE from Legal Action and are able to make ad revenue hand over fist on trade names, trademarked names in a domain name, yet

Godaddy Clients, Customers and Domainers are SUED by Attorneys such as Defendant Marc J. Randazza.

When a company, say, for example Walmart of Ford, or an Association Say, such as "Realtor" issue a cease and desist or sue a Godaddy Clients, Customers and Domainers for Trademark Infringement, they are satisfied as long as the Godaddy Clients, Customers and Domainers moves the Domain Name to a parked page, vs a blog. They deem the blog or website as stealing their traffic and redirecting their business, however, these companies such as Ford, Walmart, Realtors, as in the example, have no issue with Godaddy Inc., Bob Parsons making that ad dollar revenue of their good name, their trademarked name. This is unlawful, hypocritical, discriminating, unconstitutional and a violation of the legal rights of the Godaddy Clients, Customers and Domainers.

Pro Se Plaintiff Crystal L. Cox and business partner have been Godaddy Customers since 2005, for years having over 5000 domain names. We have executive account manager, received gifts from Godaddy and constant calls.

YET, when an unlawful, bully, hypocritical attorney such as Defendant Marc J. Randazza sues someone like us, a valuable Godaddy Client, Godaddy Inc., Bob Parsons not only sticks up for the attorney, Godaddy Inc., Bob Parsons breaks the laws and UDRP rules in changing servers and violating rights, conspiring with that attorney and against their own clients.

Godaddy sends emails trying to get you to buy domains, yes even trademarked names and names of OTHER PEOPLE. Godaddy gets ad dollars from parked domains even when a domainer is renew them, why? Because Godaddy is "Allowed" to make ad dollar money from PARKED, Trademarked Domain Names but Domainers are NOT.

Godaddy Inc., Bob Parson has been at this racketeering game for Years. Pro Se Plaintiff Crystal L. Cox will soon be naming Godaddy, Bob Parson, WIPO, Peter L. Michaelson, along with Defendant Marc J. Randazza and other co-conspirators and Defendants in a Federal RICO Complaint, a Criminal Complaint to the Attorney General and reporting to all authorities the activities of Godaddy, Bob Parson, WIPO, Peter L. Michaelson, along with Defendant Marc J. Randazza and other co-conspirators and Defendants.

Godaddy Inc., Bob Parson woos their clients at trade shows, sends them special gifts, emails offer non stop. And the biggest Godaddy Clients such as Investigative Blogger Plaintiff Crystal L. Cox, when our Domain Names are STOLEN, Godaddy conspires with the Intellectual Property Thieves and violates the rights of long term Godaddy Clients.

Godaddy Inc. lets' buyers spend money on Trademarked Domain Names, and Godaddy Inc. Gives no refund. When Companies such as WALMART and Association such as REALTOR, send a Domainer a cease and desist, they are satisfied if the name is PARKED. Thing is the Domainer PAID for the Domain Names, renewed the Domain Name, Got the Domain Name

found in the Search Engines and Godaddy GOT the Revenue from the PARKED Domain Names.

The Courts, WIPO, ICANN, they all side with the Trademark Owner, and AGAINST the Smart, Internet Savvy Domainer. So the Domainer pays for the Domain Name, Gets the Domain Name in the Search, then pays to litigated the loss of the Domain Name and GODADDY gets all the MONEY with NO Liability, EVEN though GODADDY is the One Selling Trademarked Domain Names. Godaddy Auctions Sell Trademarked Names, Domain Name Leasing Sites  Lease Trademarked Names and godaddy makes ad Dollars from the ads on the domain names, even the Trademarked ONES.

**Randazza V. Cox, District of Nevada Case 2:12-cv-02040-GMN-PA, is a fraud on the court using gang stalkers, lawyers who blog in a way to help each others "cases" succeed in who they deem should be the "WINNER".**

Judges, such as Judge Gloria Navarro, as seen in the Preliminary Injunction Documents of Randazza v. Cox, call the blog posts of these gang stalking attorneys "legal commentary", then the posts are used to discredit Defendants (Victims), and used to steal intellectual property, chill free speech, violate intellectual property rights, violate first amendment rights, get BIG Settlements for Copyright Trolls, tamper with evidence, interfere with cases and all in the name of the Law and Justice and paid for by Public Tax Dollars.

Upon Knowledge and Belief, Randazza V. Cox, District of Nevada Case 2:12-cv-02040-GMN-PA pretends to be a lawsuit about Trademark issues, but that is yet another Fraud on the Court as Defendant/ Defendant Marc J. Randazza has no Trademark on Marc Randazza and the other defendants do not have Trademark's either. This is a Fraud on the Court, as Randazza V. Cox, District of Nevada Case 2:12-cv-02040-GMN-PA is really a Defamation Lawsuit brought on by a mad, revengeful, threatening, intimidating, unethical attorney attacking his ex-client, suppressing free speech and protecting current clients from 100 of Billions in Judgement Costs over the infringement of the iViewit Technology.

Defendant/ Defendant Marc J. Randazza has many advertising campaigns, blogs, letterheads, law cases, news appearances, pr blogs, and more that make him out to be a Constitutional Rights Lawyer, a Free Speech Lawyer, a Friend to Domainers, Against SLAPP Lawsuits, and therefore Defendant/ Defendant Marc J. Randazza claimed in the Randazza V Cox Complaint that this lawsuit is not about defamation and free speech in order to "save face" among his peers. Yet that Defamation, SLAPP, First Amendment Rights Violating, is EXACTLY what Randazza V. Cox is about.  Proven by the complete opposition to the original complaint of Defendant/ Defendant Marc J. Randazza, written by Co-Conspirator / Defendant Ronald D. Green of Randazza Legal Group, in motion to strike the Complaint Answer of Pro Se Plaintiff Crystal L. Cox, as this motion claims that Pro Se Plaintiff Crystal L. Cox  continues to defame Defendant/ Defendant Marc J. Randazza. Yet Defamation was said to NOT be a Factor,

ALLEGEDLY, according to the Original Complaint.

The Original Randazza V. Cox, District of Nevada Case 2:12-cv-02040-GMN-PA Complaint by Defendant/ Defendant Marc J. Randazza via Co-Conspirator / Defendant Ronald D. Green of Randazza Legal Group, also boldly claimed that Randazza v. Cox was in no way about suppressing the Free Speech of Crystal L. Cox, and that Defendant/ Defendant Marc J. Randazza had no issue, no problem with Plaintiff Crystal L. Cox posting on her blogs regarding Marc Randazza as long as it was on a domain name or .blogspot in which rrrr approved of and did not contain the name Randazza.


Yet in complete opposition of that, and in total violation of Due Process Laws, Civil and Constitutional Rights, and Intellectual Property Rights of Pro Se Plaintiff Crystal L. Cox and Eliot Bernstein, and in conspiracy with Judge Gloria Navarro, WIPO, Godaddy, Peter L. Michaelson and Ronald D. Green, this court, District of Nevada, issued a Preliminary Injunction which in fact did place a gag order on the blogs of Pro Se Plaintiff Crystal L. Cox, did suppress and silence the Free Speech of Pro Se Plaintiff Crystal L. Cox and was in direct opposite of the CLAIMED goals of the Randazza V. Cox Complaint.

IN a SHOCKING Motion to Strike the complaint answer of Pro Se Plaintiff Crystal L. Cox, all of the sudden the issue is raised by Ronald D. Green Co-Conspirator and Defendant that now Plaintiff is claiming that Pro Se Plaintiff Crystal L. Cox defamed him. YET in Original complaint Defendant/ Defendant Marc J. Randazza says, let me be CLEAR, this Lawsuit is NOT about Defamation, which CLEARLY it IS.

The Randazza V. Cox, District of Nevada Case 2:12-cv-02040-GMN-PA Complaint poses as Family Protection, Trademark Protection but In FACT Randazza V. Cox Complaint is a Defamation Lawsuit, a Slapp Lawsuit, a Domain Name Seizure Lawsuit, a Constitutional Rights Suppressing Lawsuit, a Free Speech Chilling Lawsuit, a First Amendment Threat Lawsuit, a Fraud on the Courts, a mis-use of the courts, a total ethical violation and malpractice by Plaintiff Randazza who once represented Defendant Cox, a cover up and protection of gang stalking attorneys abusing the courts to unethically and illegally sway verdicts and settlements and cheat, violate their own clients in order to get the quickest highest pay check for themselves and other lawyers in their "attorney lynch mob" GANG.

The Marc Randazza Attorney Fraternity, a ring of attorney blogs, and also Forbes Kashimir Hill of AboveTheLaw.com and other clients of Randazza Legal Group, as well as CPA's and investigators such as Tracy L. Coenen, and they have an INTA - WIPO Insider Peter L. Michaelson helping them, as they intimidate witnesses and defendants, bully and control their own clients, deceive judges and courts, conspire to create "legal commentary" illusions that lead to "SETTLEMENTS", and illegally affect the outcome of court cases and strong arm their own clients, as well as defendants, sources, porn industry whistleblowers,  porn industry insiders and those who threaten to expose them.

**Pro Se Plaintiff Crystal L. Cox has every legal lawful right to express her opinion of Defendant Marc J. Randazza.  Pro Se Plaintiff Crystal L. Cox has every right to satire, parody and make fun of Defendant Marc J. Randazza.**

Pro Se Plaintiff Crystal L. Cox Specially Invokes  Gertz v. Robert Welch, 418 U.S. 323 (1974), and New York Times Co. v. Sullivan, 376 U.S. 254 (1964)
in her defense. this court, District of Nevada, RULED, Seized domain names, removed blogs and blog posts, removed thousands of links and gag order Pro Se Plaintiff Crystal L. Cox and Eliot Bernstein without adjudication the first amendment in issues of this lawsuit.

Upon Knowledge and Belief, Defendant Marc J. Randazza is known for his defense of Parody Blogs, Satire Blog and the First Amendment Rights of Bloggers. Yet in a fraud on this court, District of Nevada,, Defendant Marc J. Randazza, in criminal and civil conspiracy with Godaddy, Judge Gloria Navarro, WIPO, Peter L. Michaelson, Randazza Legal Group, Ron D. Green and other Co-Conspirators and Defendants Defendant Marc J. Randazza has seized MarcRandazzaParody.com, ExposeMarcRandazza.com, MarcRandazzaIsAIyingAsshole.com, trollmarcrandazza.com, hypocritemarcrandazza.com, marcrandazzaviolatedmylegalrights.blogspot.com, marcrandazzafreespeech.blogspot.com, marcrandazzaegomaniac.blogspot.com, marcrandazza-asshole.blogspot.com, marcrandazzatips.blogspot.com, marcrandazzaabovethelaw.blogspot.com, marcrandazzaliedaboutcrystalcox.blogspot.com, fuckmarcrandazza.com, and other intellectual property of Pro Se Plaintiff Crystal L. Cox and Eliot Bernstein FOREVER Gone, and causing irreparable damage to Pro Se Plaintiff Crystal L. Cox and Eliot Bernstein.

Defendant Marc J. Randazza defended the rights of his client to own GlenBeckRAPEDandmurderedaYOUNGGIRLin1990.com - yet in a first amendment rights violation, civil and constitutional rights violation, illegal, denial of due process, and fraud on the courts, Defendant Marc J. Randazza SEIZED mass intellectual property, domain names, blogs posts, and changes serves, deletes blogs and causes irreparable damage to Pro Se Plaintiff Crystal L. Cox and Eliot Bernstein.

Upon Knowledge and Belief, Defendant Marc J. Randazza is known for his defense of "sucks" sites. Yet in conspiracy with this court, District of Nevada, SEIZES RandazzaLegalGroupSucks.com and MarcRandazzaSucks.com without First Amendment Adjudication, without Due Process, and in total violation of the Constitutional and Lawful Rights of Pro Se Plaintiff Crystal L. Cox and Eliot Bernstein.

Defendant Marc J. Randazza is known for his defense of "sucks" sites, and there is the Taubman Sucks Legal Case, and the book what would Google do, discussing sucks sites, yet

Defendant Marc J. Randazza does not like, a blogger, a domainer buying, owning and blogging on the domain name **RandazzaLegalGroupSucks.com** and **MarcRandazzaSucks.com**, so Defendant Marc J. Randazza, in a Fraud on the Court ,and in criminal and civil conspiracy with Godaddy, Judge Gloria Navarro, WIPO, Peter L. Michaelson, Randazza Legal Group, Ron D. Green and other Co-Conspirators and Defendants Defendant Marc J. Randazza has seized RandazzaLegalGroupSucks.com and MarcRandazzaSucks.com and changed the servers, causing search engine removal, blogs removed, thousands of links to be removed and in total violation of the Constitutional and Lawful Rights of Pro Se Plaintiff Crystal L. Cox and Eliot Bernstein.

MR Statement in the Steubenville lawsuit over blogger and anonymous comments settled

" Marc Randazza said in a statement.

"It's a win for free and anonymous speech -- the right to comment and criticize without fear of retribution is fundamental to the workings of our liberal democracy. It's a win for victims of sexual violence, some of whom have been emboldened to come forward after hearing of the allegations of sexual assault in Steubenville. And it's also a victory for Cody Saltsman, who has addressed this story head-on, in a mature and responsible manner, even though doing so risks blow-back from his peers.""

Defendant Marc J. Randazza has acted unlawful, hypocritical and unconstitutional as being quoted as defending "sucks" sites, yet conspiring with Judge Gloria M. Navvora to Seize RandazzaLegalGroupSucks.com, redirect thousands of links, change servers and ALL before Plaintiff Crystal L. Cox and Eliot Bernstein were allowed due process and BEFORE the First Amendment rights at issue were adjudicated.


**Defendant Marc J. Randazza and Co-Conspirators, Defendants have Civilly and Criminally Conspired to STOP Pro Se Plaintiff Investigative Blogger Crystal L. Cox from Appealing Obsidian Finance Group v. Crystal Cox in the NINTH Circuit Court of Appeals.**

Marc J. Randazza, Kenneth P. White, Jason Jones, Jordan Rushie, Sean Tompkins, Philly Law Blog, Popehat.com, SaltDroid.info, Siouxsielaw.com, Sequenceinc.com, AboveTheLaw.com, Forbes, Kashmir Hill, NPR, Bob Garfield, NY Personal Injury Blog, Crime & Federalism Blog, Simple Justice, Ronald D. Green, J. Malcom Devoy, Randazza Legal Group, Tonkon Torp Law Firm, David S. Aman, Steven Wilker and other Co-Conspirators and Defendants have pressured Pro Se Plaintiff Investigative Blogger Crystal L. Cox to STOP her Ninth Circuit Appeal, and conspired to remove massive content regarding the biggest technology theft in the world, the iViewit Technology by Co-Conspirators, Defendants, and others are involved in stealing and infringing on.

In December of 2011, Defendant Marc J. Randazza requested that I join him on a Conference call to discuss his representation of me, Crystal L. Cox in my Appeal of Obsidian Finance Group V. Crystal Cox.  On this first call, we discussed that he would represent me Pro Bono, however that would mean that I would have to come up with at least $5000 to start in order to pay for filing, printing, motels, time in CA for the appeal and other expenses that would come up.  This was to make the appeal seem daunting to Plaintiff Crystal Cox, as she had no money. And had just had a 2.5 Million Judgement against her, and this after fighting a lawsuit for a year and the massive amount of time and money this cost.

On this Attorney / Client Conference Call, Pro Se Plaintiff Investigative Blogger Crystal L. Cox told Marc Randazza her goals with the Appeal, discussed her strategy and future plans with the case, she also discussed the extortion accusations by the Plaintiff's Attorney David Aman and told Defendant Marc J. Randazza of Randazza Legal Group how false information was given to the New York Times and how the email sent to David Carr, New York Times Reporter was one of 5 that were a Settlement Negotiation AFTER a threat of a 10 Million Dollar Lawsuit and After a Lawsuit had been filed, the email was nearly a year old and was, at that time private Settlement Communications between Pro Se Plaintiff Investigative Blogger Crystal L. Cox in her Pro Se Capacity and Opposing Counsel David S. Aman of Tonkon Torp Law Firm. After David S. Aman of Tonkon Torp Law Firm WON the Trial regarding Obsidian Finance Group V. Crystal Cox

On this Attorney / Client Conference Call, Pro Se Plaintiff Investigative Blogger Crystal L. Cox told Marc Randazza that her objection was for the greater good and she was not interested in a settlement, that she wanted to do what was best for the Constitutional Rights of all Investigative Bloggers, Citizen Journalists, and Citizens.  On this Attorney / Client Conference Call, Pro Se Plaintiff Investigative Blogger Crystal L. Cox told Marc Randazza of the approx. 5 settlement offers by Plaintiff Obsidian Finance Group that would have got her out of the lawsuit many times over the prior year, and that she said no because they were not for the greater good. The last Settlement offer From Plaintiff to Plaintiff was 10 days before the Trial. Plaintiff Crystal Cox was not looking for an easy way out of the judgement, and Plaintiff Crystal Cox told her attorney Defendant Marc J. Randazza that.  Plaintiff, Counsel to Plaintiff Crystal L. Cox, took it upon himself to decide it was simply best to get the specifics of the ruling changed and get Defendant Cox out of the Judgement, Regardless what Plaintiff Crystal L. Cox told her that her goal was. Plaintiff Crystal L. Cox had represented herself for a year and had been a hard working investigative blogger for 7 years. Defendant Marc J. Randazza BULLIED Plaintiff Crystal L. Cox and ran over her rights to choose what she thought was best in her own case.

David Aman, Attorney for Plaintiff made Settlement Offer to me that would have me perjuring myself, lying about other people, and committing a crime. These settlement offers accused Mark Neuman Summit Principal and Bankruptcy Whistle Blower Stephanie DeYoung of Crimes. And though it would have got me out of a 10 Million Dollar Lawsuit, it was not lawful, not moral and certainly not ethical.

I, Pro Se Plaintiff Investigative Blogger Crystal L. Cox REJECTED these offers with a clear mind, and clear objectives and sent rejection each time to David Aman, Attorney for Plaintiff  as to the reasons why. Yet my Attorney Defendant Marc J. Randazza thought it best to take my rights and power away and simply negotiate an end, a solution that he thought best and Defendant Marc J. Randazza, my Attorney, acting on behalf, left me completely out of the loop on the details of this negotiation.

Defendant Marc J. Randazza knew that the settlement offers had been unlawful and that I, Plaintiff Crystal L. Cox, his then client, had stated to him that these settlement offers were not of the best interest of ALL Citizen Journalists, Whistle Blower and Citizen's Free Speech Rights in general, yet Defendant Marc J. Randazza VIOLATED my rights, ran over my rights, and completely sidestepped his duty to his own client, Plaintiff Crystal L. Cox.

Defendant Marc J. Randazza of Defendant Randazza Legal Group had the objective of sabotaging my Ninth Circuit Appeal from the Start, and discrediting the iViewit Technology story to protect the 100 of Billions of Dollars to his clients Co-Conspirators Manwin, Corbin Fisher, Liberty Media Holdings and Other Co-Conspirators and Defendants.

Defendant Marc J. Randazza of Defendant Randazza Legal Group tried to negotiate a deal with Opposing Counsel David Aman that was in the Best interest of his other clients and to set a precedence that he could use in future case for high dollar clients.

Defendant Marc J. Randazza of Defendant Randazza Legal Group thought I, Pro Se Plaintiff Investigative Blogger Crystal L. Cox would sit down and shut up, would do as he told me to and treated me as if I had no mind, motive, or life mission of my own. Defendant Marc J. Randazza of Defendant Randazza Legal Group made his priorities the only ones that mattered and completely left me out of my own case and out of making decision in my own best interest and based on the very important goal of mine to fight for all Citizen Journalists and Investigative Bloggers First Amendment Rights. Pro Se Plaintiff Investigative Blogger Crystal L. Cox's goals were NOT to protect Defendant Marc J. Randazza of Defendant Randazza Legal Group 's future earning potential or the assets of his higher paying clients.

### Defendant Marc J. Randazza Negotiates Deal with Opposing Counsel on behalf of his Client Crystal Cox, without conferring with Client on Details of Deal.

After the original Attorney / Client Conference Call, Pro Se Plaintiff Investigative Blogger Crystal L. Cox sent Marc Randazza of Randazza Legal Group massive legal documents and other documents pertaining to Obsidian Finance Group V. Crystal Cox so that he could assess the case and come up with a plan of action. Marc Randazza of Randazza Legal Group then, acting as Attorney, Counsel. Representing Plaintiff Crystal L. Cox, contacted David S. Aman of Tonkon Torp, the Attorney and negotiated a deal in order to somehow change the perimeters of the ruling in some way, it is still not clear to Pro Se Plaintiff Investigative Blogger Crystal L. Cox what the

details of this deal were.

Upon Belief and Knowledge, Defendant Marc J. Randazza of Defendant Randazza Legal Group was negotiating a deal that would make it so that Plaintiff Crystal L. Cox, his then Client, would not go to the Ninth, and his clients, as well as the Free Speech Coalition and other John and Jane Doe's would benefit from the re-wording of the Ruling.

Plaintiff Crystal L. Cox did not feel that Defendant Marc J. Randazza of Defendant Randazza Legal Group was acting in her best interest nor was her Attorney Marc Randazza acting in a way in which she had expressed were her goals, and strategy for her case. Defendant Marc J. Randazza of Defendant Randazza Legal Group was violating attorney client ethics, violating the rights of Plaintiff Crystal L. Cox and was soon after FIRED by Plaintiff Crystal L. Cox. Plaintiff Crystal L. Cox, then Client of Defendant Marc J. Randazza of Defendant Randazza Legal Group's heard about this "negotiation" from Attorneys within the First Amendment Bar. Defendant Marc J. Randazza of Defendant Randazza Legal Group told people in the First Amendment Bar of his representation of me, and how he was handling "it".

Marc Randazza of Randazza Legal Group told members of the First Amendment Bar that he was working on negotiating a deal that would benefit  them all. Yet Defendant Marc J. Randazza of Randazza Legal Group, Plaintiff Crystal L. Cox's then attorney, did not tell his client Crystal Cox what the terms of this deal was.

### Pro Se Plaintiff Investigative Blogger Crystal L. Cox FIRED Defendant Marc J. Randazza of Randazza Legal Group, as her Legal Representation in negotiations with Opposing Counsel David Aman of Tonkon Torp, and her Ninth Circuit Appeal

Upon Belief and Knowledge, Defendant Marc J. Randazza of Defendant Randazza Legal Group told people in the First Amendment Bar of his representation of me, and how he was handling it, and this prompted First Amendment Bar member, Attorney, Eugene Volokh, UCLA Professor of Constitutional Law to Contact Marc Randazza and offer support in the case, as it is a VERY Important Case to the First Amendment Rights of All, especially Investigative Bloggers, Whistle Blowers and Citizen Journalists. Defendant Marc J. Randazza of Defendant Randazza Legal Group and Professor Constitutional Rights Attorney Eugene Volokh discussed my case and discussed Defendant Marc J. Randazza's negotiations with Opposing Counsel David Aman of Tonkon Torp.  After this Call  Attorney Eugene Volokh contacted Plaintiff Crystal L. Cox and told her that he had spoke with my Attorney Marc Randazza, and they had spoke of a deal that may be negotiated with the Plaintiff, and to let him know if he can be of any assistance at all.

Upon Belief and Knowledge, This information, unbeknownst to Professor Eugene Volokh was disturbing to Plaintiff Crystal L. Cox, as she had no knowledge of the terms of the deal her then attorney Defendant Marc J. Randazza of Defendant Randazza Legal Group was negotiating .

Professor Eugene Volokh had assumed that I, Plaintiff Crystal L. Cox, was kept in the loop on the negotiations. After this Call I PROMPTLY eMailed My then Attorney Defendant Marc J. Randazza of Defendant Randazza Legal Group and copied the eMail to Attorney Eugene Volokh, UCLA Professor of Constitutional Law, as Exhibits of the Complaint Answer and Counter Complaint of Pro Se Plaintiff Investigative Blogger Crystal L. Cox clearly show. In this eMail from Client, Plaintiff Crystal L. Cox to her, then Attorney Marc J. Randazza, Plaintiff Crystal L. Cox **FIRES** Marc Randazza, and tells him that she will only proceed to the Appeal if Eugene Volokh will represent her. Eugene Volokh had to clear the possible representation in conjunction with Mayer Brown Law Firm, and I, Plaintiff Crystal L. Cox, had not yet had confirmation of that representation, or its real possibility. Still I, Plaintiff Crystal L. COX FIRED Marc J. Randazza then and there, for disrespecting me, violating my constitutional and civil rights, violated attorney ethics, violating my legal rights and completely keeping the CLIENT out of the loop of "negotiations" allegedly on behalf of the client.

I, Pro Se Plaintiff Investigative Blogger Crystal L. Cox am a Strong, Independent Woman. I had been defending myself for a year in the Obsidian Finance Group V. Cox Case and I knew EXACTLY what my goals were with MY CASE, and so did my then Attorney Defendant Marc J. Randazza of Randazza Legal Group, yet he went ahead and negotiated a deal with out his own client knowing the details and completely stripping me of my right to choose what was best for me. Therefore, I FIRED my ATTORNEY  Plaintiff / DefendantMarc J. Randazza of Randazza Legal Group.

### Defendant Marc J. Randazza of Randazza Legal Group Remained to be determined to STOP Pro Se Plaintiff Investigative Blogger Crystal L. Cox from following through with her Obsidian Finance Group V. Crystal Cox Ninth Circuit Appeal.

After Pro Se Plaintiff Investigative Blogger Crystal L. Cox FIRED her attorney,  Defendant Marc J. Randazza of Randazza Legal Group, Pro Se Plaintiff Investigative Blogger Crystal L. Cox hired Attorney Eugene Volokh, UCLA Professor and Portland Attorney Benjamin Souede. Plaintiff Crystal L. Cox then filed a Motion for a New Trial, aided by  Attorney Eugene Volokh, UCLA Professor and Portland Attorney Benjamin Souede.

Upon Belief and Knowledge, Attorney Defendant Marc J. Randazza of Randazza Legal Group, in a RAGE over, Plaintiff Crystal L. Cox buying MarcRandazza.com to provide Media/PR Services on her VERY important Free Speech Case and still Desperate to STOP Crystal Cox from being successful in a Ninth Circuit Appeal of Obsidian V. Cox, took it upon himself to contact Opposing Counsel in the Obsidian Finance Group v. Crystal Cox Case, David Aman Tonkon Torp Law Firm, and proceed to offer to give testimony to set up his former client Plaintiff Crystal L. Cox for

the crime of extortion, which never happened. So Opposing Counsel David Aman Tonkon Torp Law Firm and Attorney Defendant Marc J. Randazza of Randazza Legal Group met with or had a phone conference with Judge Marco Hernandez in regard to my alleged "extortion", these two attorney conspiring against me, one Plaintiff, was enough for the judge, in a CIVIL Trial, a Trial where there was no Extortion, and a defendant who had not been charged with Extortion, now was facing the DENIAL of a New Trial and the Judge's Opinion accusing distasteful activities and extortion.

This was picked up by the New York Times and many others and used to further defame me, Pro Se Plaintiff Investigative Blogger Crystal L. Cox and harm my chances at a fair and objective Ninth Circuit Appeal. Further harassment, defamation, intimidation by an attorney who once represented Plaintiff Crystal L. Cox on that same case.  (Malpractice)


Upon Belief and Knowledge, After the New Trial Denial that Defendant Marc J. Randazza saw to it was ruled in such a way, Defendant Marc J. Randazza of Randazza Legal Group and Co-Conspirators, Defendants, Jason Jones, Kashmir HIll, Jordan Rushie, Kenneth P. White, Mark Bennett, Scott H. Greenfield, Bob Garfield NPR, Eric Turkiwetz, Peter L. Michaelson WIPO Decision, and other gang stalking bloggers / co-conspirators and Defendants of Marc Randazza made yet another massive PR push to paint Pro Se Plaintiff Investigative Blogger Crystal L. Cox in false light and to have the general public believe Pro Se Plaintiff Investigative Blogger Crystal L. Cox is GUILTY Of the Crime of Extortion, when Plaintiff Crystal L. Cox was NEVER on Trial for Extortion, Plaintiff Crystal L. Cox was never under investigation for extortion, Plaintiff Crystal L. Cox never committed extortion, Plaintiff Crystal L. Cox never had a criminal complaint filed for Plaintiff Crystal L. Cox. Yet Defendant Marc J. Randazza of Randazza Legal Group, Co-Conspirators, and Defendants has the whole world believing that Pro Se Plaintiff Investigative Blogger Crystal L. Cox is GUILTY of Extortion.

**No Trial, No Complaint, No Due Process** just Originating from Two Attorneys Defendant Marc J. Randazza of Randazza Legal Group and Co-Conspirator, Defendant David S. Aman of Tonkon Torp Law Firm with the aid of Co-Conspirator, Defendant Forbes Kashmir Hill and Co-Conspirator, Defendant New York Times David Carr as the BIG MEDIA Push. No Court needed, No Judge and Jury Needed, just Defendant Marc J. Randazza of Randazza Legal Group and Co-Conspirator, Defendant David S. Aman of Tonkon Torp Law Firm and a gang of attorney bloggers, to paint Pro Se Plaintiff Investigative Blogger Crystal L. Cox in False Light and to Defame, Harass, Intimidate, Violate, Criminally Endanger and STOMP the Free Speech Rights of Pro Se Plaintiff Investigative Blogger Crystal L. Cox.

This all was quite timely, as after all this pressure, intimidation, harassment, defamation to Pro Se Plaintiff Investigative Blogger Crystal L. Cox by Defendant Marc J. Randazza of Randazza Legal Group and Co-Conspirators; Defendant/ Co-Conspirator David S. Aman of Tonkon Torp made another settlement offer to Plaintiff Crystal L. Cox, this time through her attorney Eugene Volokh. And AFTER Plaintiff Crystal L. Cox's Ninth Circuit Appeal was already filed. Defendant

Marc J. Randazza of Randazza Legal Group and Co-Conspirators, Defendants had thought they had intimidated, scared, threatened Plaintiff Crystal L. Cox enough to make her take a deal and back off of her Ninth Circuit Appeal, Plaintiff Crystal L. Cox REJECTED the Settlement Offer.

Upon Belief and Knowledge, In June of 2012 Defendant Marc J. Randazza of Randazza Legal Group filed a harassing, baseless, intimidating Czech Arbitration Court Domain Name Dispute against Plaintiff Crystal L. Cox and Eliot Bernstein.  Sometime after, Defendant Marc J. Randazza of Randazza Legal Group cancelled the complaint after making cc jump through massive and expensive hoops.

Then Defendant Marc J. Randazza of Randazza Legal Group filed a WIPO Complaint against Plaintiff Crystal L. Cox and Eliot Bernstein, this time criminally and civilly conspiring with INTA member, WIPO Panelist Peter L. Michaelson to ensure his Victory. Defendant/ Co-Conspirator Sole WIPO Panelist Peter L. Michaelson not only illegally, unethically granted Defendant Marc J. Randazza of Randazza Legal Group domain names, intellectual property of Plaintiff Crystal L. Cox and Eliot Bernstein but Defendant/ Co-Conspirator Sole WIPO Panelist Peter L. Michaelson also publicly announced the WIPO Decision which accused Pro Se Plaintiff Investigative Blogger Crystal L. Cox and Eliot Bernstein of Criminal Activity, of Extortion and seriously defamed, harassed, and commit fraud against Pro Se Plaintiff Investigative Blogger Crystal L. Cox and Eliot Bernstein.

Upon Belief and Knowledge, Defendant/ Co-Conspirator Sole WIPO Panelist Peter L. Michaelson had / has massive conflicts of interest that were undisclosed to Pro Se Plaintiff Investigative Blogger Crystal L. Cox. As Defendant/ Co-Conspirator Sole WIPO Panelist Peter L. Michaelson is connected to and acting in Criminal and Civil Conspiracy with Defendant/ Co-Conspirator Greenberg Traurig, Defendant/ Co-Conspirator Judith Kaye, Defendant/ Co-Conspirator Proskauer Rose, Defendant/ Co-Conspirator John C. Malone, Defendant/ Co-Conspirator Liberty Media, Defendant/ Co-Conspirator Defendant Marc J. Randazza, Defendant/ Co-Conspirator Randazza Legal Group, Defendant/ Co-Conspirator Francis Gurry, and other John and Jane Doe Defendants / Co-Conspirators.

Still trying to STOP the Ninth Circuit Appeal of Pro Se Plaintiff Investigative Blogger Crystal L. Cox, Defendant Marc J. Randazza of Randazza Legal Group counselled / advised Co-Conspirators, Defendants David S. Aman, Steven Wilker and Tonkon Torp Law Firm on how to file Judgements in such a way to SEIZE the Obsidian Finance Group V. Crystal Cox Appeal Rights of Pro Se Plaintiff Investigative Blogger Crystal L. Cox . Defendant Marc J. Randazza is an expert in this type of legal action, as it was HIGHLY common in the State of Florida before it became Illegal there.

**The Following is a List of known PR, Media, Attorney Bloggers, Journalist who are involved in Criminal and Civil Conspiracy with Marc Randazza.** I, Crystal L. Cox, Plaintiff, Investigative Blogger Request that this court, District of Nevada, Investigate these individuals in

connections with Defendant Marc J. Randazza and using media, blogs, to threaten, harass, and intimidate whistleblowers aKa whistleblower retaliation.

Bob Garfield NPR, Kashmir Hill Forbes, Jordan Rushie Philly Law Blog, David Carr New York Times, Kenneth P. White Popehate.com, Jason Jones SaltyDroid.info, **SiouxsieLaw.com, SequenceInc.com Tracy Coenen, and** John and Jane Doe's to be added to this Federal Investigation at a later date.

I, Crystal L. Cox, Plaintiff, Investigative Blogger Request that this court, District of Nevada, Notify Authorities / Investigators of the connection of Righthaven Receiver Lara Pearson with Defendant Marc J. Randazza and Opposing Counsel in Obsidian V. Cox.

I, Crystal L. Cox, Plaintiff, Investigative Blogger Request that this court, District of Nevada, send all information, documents, exhibits of this case to the FBI, Department of Justice, SEC, Nevada Attorney General, California Attorney General, Washington Attorney General, U.S. Attorney General, FCC and there be an Investigation into the Criminal and Civil Conspiracy involving Defendant Marc J. Randazza.

I, Crystal L. Cox, Plaintiff, Investigative Blogger Request that this court, District of Nevada, Notify Authorities / Investigators of Mafia and other Organized Crime Connections connected to Defendant Marc J. Randazza.

I, Crystal L. Cox, Plaintiff, Investigative Blogger Request that this court, District of Nevada, Notify Authorities / Investigators of  the possible murder of Donny Long, and associated Criminal and Civil Conspiracy.

I, Crystal L. Cox, Plaintiff, Investigative Blogger Request that this court, District of Nevada, Notify Authorities / Investigators of Godaddy Inc. in Civil and Criminal Conspiracy with Defendant Marc J. Randazza to steal intellectual property, redirect massive online content worth millions and Civilly and Criminal Conspiracy with Defendant Marc J. Randazza to deceive Godaddy Clients and to intimidate, harass, and place those clients under extreme duress, and violate their criminal, civil and constitutional rights.

I, Crystal L. Cox, Plaintiff, Investigative Blogger Request that this court, District of Nevada, Notify Authorities / Investigators of the Civil and Criminal Conspiracy with Defendant Marc J. Randazza to suppress information regarding the iViewit Stolen Technology. And I, Crystal L. Cox, Plaintiff, Investigative Blogger Request that this court, District of Nevada, investigate Proskauer Rose Law Firm, Kenneth Rubenstein, Hon. Judith Kaye, Peter L. Michaelson, MPEG LA, and all related parties, John and Jane Doe's to be added to this investigation.

I, Crystal L. Cox, Plaintiff, Investigative Blogger Request that this court, District of Nevada, Notify Authorities / Investigators of  the car bombings of the iViewit Inventors, and the attempted murders associated with the iViewit Case..

I, Crystal L. Cox, Plaintiff, Investigative Blogger Request that this court, District of Nevada, Notify Authorities / Investigators of the Criminal and Civil Conspiracy of Defendant Marc J. Randazza, the INTA, WIPO and WIPO Panelist Peter L. Michaelson.

State of Nevada Case 2:12-cv-02040-GMN-PAL lawsuit was initiated specifically for the purpose of creating a chilling effect and is a Strategic Lawsuit Against Public Participation, or "SLAPP" suit.

State of Nevada Case 2:12-cv-02040-GMN-PAL is a Violation of Plaintiff and Eliot Bernstein's First Amendment Rights, Freedom of Speech, Freedom of Expression ( Article 19 of the Universal Declaration of Human Rights and recognized in international human rights law in the International Covenant on Civil and Political Rights (ICCPR). Article 19 of the ICCPR) and a Violation of our Civil Rights, Due Process Rights, Intellectual Property Rights, and is a Conspiracy Against Rights, 18 U.S.C. § 241. Section 241 of Title 18, and Conspiracy to Interfere with Civil Rights (42 U.S.C. § 1985), and a Title 18, U.S.C., Section 242 Deprivation of Rights Under Color of Law Violation of Law and the Legal, Constitutional Rights of Plaintiff and Eliot Bernstein.

State of Nevada Case 2:12-cv-02040-GMN-PAL, Defendant Marc J. Randazza and Co-Conspirators / Defendants have violated Title 18, U.S.C., Section 241 Conspiracy Against Rights.

This statute makes it unlawful for two or more persons to conspire to injure, oppress, threaten, or intimidate any person of any state, territory or district in the free exercise or enjoyment of any right or privilege secured to him/her by the Constitution or the laws of the United States, (or because of his/her having exercised the same).

It further makes it unlawful for two or more persons to go in disguise on the highway or on the premises of another with the intent to prevent or hinder his/her free exercise or enjoyment of any rights so secured.

### It is a Crime to Willfully Deprive Pro Se Plaintiff Investigative Blogger Crystal L. Cox and Eliot Bernstein of their rights, privileges, or immunities secured or protected by the Constitution and laws of the U.S.

State of Nevada Case 2:12-cv-02040-GMN-PAL, Defendant Marc J. Randazza and Co-Conspirators / Defendants have violated  Title 18, U.S.C., Section 242 Deprivation of Rights Under Color of Law

This statute makes it a crime for any person acting under color of law, statute, ordinance,

regulation, or custom to willfully deprive or cause to be deprived from any person those rights, privileges, or immunities secured or protected by the Constitution and laws of the U.S.

This law further prohibits a person acting under color of law, statute, ordinance, regulation or custom to willfully subject or cause to be subjected any person to different punishments, pains, or penalties, than those prescribed for punishment of citizens on account of such person being an alien or by reason of his/her color or race.

Acts under "color of any law" include acts not only done by federal, state, or local officials within the bounds or limits of their lawful authority, but also acts done without and beyond the bounds of their lawful authority; provided that, in order for unlawful acts of any official to be done under "color of any law," the unlawful acts must be done while such official is purporting or pretending to act in the performance of his/her official duties. This definition includes, in addition to law enforcement officials, individuals such as Mayors, Council persons, Judges, Nursing Home Proprietors, Security Guards, etc., persons who are bound by laws, statutes ordinances, or customs.

Punishment varies from a fine or imprisonment of up to one year, or both, and if bodily injury results or if such acts include the use, attempted use, or threatened use of a dangerous weapon, explosives, or fire shall be fined or imprisoned up to ten years or both, and if death results, or if such acts include kidnapping or an attempt to kidnap, aggravated sexual abuse or an attempt to commit aggravated sexual abuse, or an attempt to kill, shall be fined

### Provisions against Conspiracies to Interfere with Civil Rights (42 U.S.C. § 1985)

42 U.S.C. § 1985 grants a civil cause of action for damages caused by various types of conspiracies aimed at injuring a person in his/her person or property, or denying him/her a Federal right or privilege.  § 1985 mainly deals with three instances of conspiracy: those aimed at preventing an officer from performing his/her duties; those aimed at obstructing justice by intimidating a party, witness, or juror; and those aimed at depriving a person's rights or privileges.

According to 42 U.S.C. § 1985(2) two or more persons are said to have conspired to obstruct justice by intimidating a party, witness, or juror if such persons conspire:

to deter, by force, intimidation, or threat, any party or witness in any court proceedings from attending court;

to deter, by force, intimidation, or threat, any party or witness in any court proceedings from testifying to any matter freely, fully, and truthfully;

to injure any party or witness in his/her person or property for having attended or testified in a court proceeding;

to influence the verdict, presentment, or indictment of any juror in any court;

to injure any juror in his/her person or property on account of any verdict, presentment, or indictment lawfully agreed by him/her as a juror;

42 U.S.C. § 1985(2) also state that two or more persons will be considered to have conspired to impede, hinder, obstruct, or defeat, the due course of justice if such persons conspire to:

deny to any citizen the equal protection of the laws; or injure him/her or his/her property for lawfully enforcing the right of any person, or class of persons, to the equal protection of the laws. Finally, by virtue of 42 U.S.C. § 1985(3) two or more persons are said to have conspired to deprive a third person's rights or privileges if such persons conspire to:

go in disguise on the highway or on the premises of another, for the purpose of depriving, any person or class of persons of the equal protection of the laws, or the equal privileges and immunities provided under the laws;

prevent by force, intimidation, or threat, any citizen who is lawfully entitled to vote as an elector in the election of President or Vice-President, or members of Congress;

injure any citizen in person or property on account of  support or advocacy rendered to voters in the election of President or Vice-President, or members of Congress.

If as a result of the conspiracy, one or more persons are injured in person or property, or is deprived of any of their rights or privileges, the party so injured or deprived may have an action for the recovery of damages, against the conspirators.  However, it is necessary that a plaintiff suing under 42 U.S.C. § 1985 should show the existence of a conspiracy. The existence of a conspiracy may also be inferred from the surrounding circumstances.

State limitation periods apply to actions brought pursuant to 42 U.S.C. § 1985.  The plaintiff must plead facts with specificity and particularity.  Nominal, compensatory, and punitive damages are available to successful § 1985 plaintiffs.


**Conspiracy Against Rights, 18 U.S.C. § 241. Section 241 of Title 18**


Official Misconduct

Conspiracy Against Rights, 18 U.S.C. § 241. Section 241 of Title 18 is the civil rights conspiracy statute. Section 241 makes it unlawful for two or more persons to agree together to injure, threaten, or intimidate a person in any state, territory or district in the free exercise or enjoyment

of any right or privilege secured to him/her by the Constitution or the laws of the Unites States, (or because of his/her having exercised the same). Unlike most conspiracy statutes, Section 241 does not require that one of the conspirators commit an overt act prior to the conspiracy becoming a crime. The offense is punishable by a range of imprisonment up to a life term or the death penalty, depending upon the circumstances of the crime, and the resulting injury, if any. Deprivation of Rights Under Color of Law, 18 U.S.C. § 242. This provision makes it a crime for a person acting under color of any law to willfully deprive a person of a right or privilege protected by the Constitution or laws of the United States.

For the purpose of Section 242, acts under "color of law" include acts not only done by federal, state, or local officials within the their lawful authority, but also acts done beyond the bounds of that official's lawful authority, if the acts are done while the official is purporting to or pretending to act in the performance of his/her official duties. Persons acting under color of law within the meaning of this statute include police officers, prisons guards and other law enforcement officials, as well as judges, care providers in public health facilities, and others who are acting as public officials. It is not necessary that the crime be motivated by animus toward the race, color, religion, sex, handicap, familial status or national origin of the victim.

### Defendant / Alleged Co-Conspirator Judge Gloria Navarro is alleged by Pro Se Plaintiff Crystal L. Cox to be acting in criminal and civil conspiracy with Defendant Marc J. Randazza and ALL Connected Co-Conspirators and Defendants in direct harm to Pro Se Plaintiff Crystal L. Cox.

Defendant / Alleged Co-Conspirator Judge Gloria Navarro has issued an ORDER, to NOT Disqualify herself in rulings regarding Pro Se Plaintiff Crystal L. Cox, even though Defendant / Alleged Co-Conspirator Judge Gloria Navarro has not admitted or denied a conflict of interest in the legal matters and has seemed to aid and abet Defendants Randazza Legal Group, Marc J. Randazza, and Ronald D. Green in other cases where Defendant / Alleged Co-Conspirator Judge Gloria Navarro has ruled allegedly unlawful and unconstitutional against defendants in those cases and at great financial gain to Plaintiff and Plaintiff's attorney in those cases, in order to favor Defendants Randazza Legal Group, Marc J. Randazza, and Ronald D. Green. Cases such as and not limited to "ViaView, Inc. v. Chanson et al", "Randazza V. Cox", "Liberty Media Holdings LLC v. FF Magnat Limited",  and The Righthaven Lawsuits.

Defendant / Alleged Co-Conspirator Judge Gloria Navarro has refused to answer the question of what law states that a Judge can rule on Disqualifying, Removing, Reclusing themselves.

Defendant / Alleged Co-Conspirator Judge Gloria Navarro has Denied, Banned Pro Se Plaintiff Crystal L. Cox from filing Counterclaims in her court against Defendants / Alleged Co-Conspirators.

Upon my Knowledge and Belief Defendant / Alleged Co-Conspirator Judge Gloria Navarro has violated my lawful rights, violated my constitutional rights, put my life in danger, put my business in danger, denied me rights to due process and has continually favored Las Vegas Law Firm Defendant Randazza Legal Group, Defendant Ronald D. Green Defendant, Attorney Marc J. Randazza.

Upon my Knowledge and Belief Defendant / Alleged Co-Conspirator Judge Gloria Navarro has a pattern and history of favoring this particular Law Firm, Such as in the Righthaven Case where she froze bank accounts so that Defendant Marc Randazza could get PAID, and in the ViaView case, Defendant / Alleged Co-Conspirator Judge Gloria Navarro also issued Preliminary Injunctions favoring Randazza Legal Group, against, me, Pro Se Plaintiff Crystal Cox which enabled Defendant Marc Randazza to delete thousands of links from my blogs, remove my blogs, steal my domain names and redirect domain name servers and thereby RUIN my life's work, wipe out my online media, destroy my intellectual property and cause me, Pro Se Plaintiff Crystal Cox irreparable harm, damage and future damage.

Upon my Knowledge and Belief Defendant / Alleged Co-Conspirator Judge Gloria Navarro has acted in such a way that is in conspiracy with Defendants and what seems to be in violation of the constitutional rights of Randazza Legal Group's targets, victims, especially Pro Se Plaintiff Crystal Cox, me.

Upon my Knowledge and Belief Defendant / Alleged Co-Conspirator Judge Gloria Navarro has worked with Plaintiff and Attorney Defendant Ronald Green Before, and seems to have a pattern and history of giving them what they want, especially unconstitutional Preliminary Injunctions. Upon my Knowledge and Belief  Defendant / Alleged Co-Conspirator Judge Gloria Navarro has worked with Ronald Green on issues with the City of Las Vegas, and has connection to Governor Santos which present undisclosed conflicts of interest in this case.

Defendant / Alleged Co-Conspirator Judge Gloria Navarro has denied the rights of due process and constitutional rights of Pro Se Plaintiff Crystal L. Cox in alleged conspiracy with Defendants / Co-Conspirators of this complaint.

**Defendant Ronald D. Green left a large law firm, Defendant Greenberg Traurig LLP, around July of 2012, in direct effort to Sabotage the online Media of Plaintiff, Investigative Blogger Crystal Cox who was reporting on the biggest Technology Theft in the World, the iViewIt Technology Theft. Of which Greenberg Traurig LLP is a named Defendant and has at Trillion Dollar Liability, as does the current clients of Defendant Ronald D. Green, alleged Co-Conspirator Defendant John C. Malone and Defendant Liberty Media Holdings and all media companies owned by Liberty Media in which infringe on the iViewit Video Technology.**

Defendant Greenberg Traurig LLP is named in the iViewit SEC Complaint, iViewit RICO Complaint and massive legal action relating to the iViewit Technology Theft. Defendant Ronald D. Green was at Defendant Greenberg Traurig LLP and knows full well of the massive, undisclosed liability that Defendant Greenberg Traurig LLP has in regard to Eliot Bernstein and the iViewit Technology Company.  This is a massive Conflict and Randazza Legal Group, Defendant Ronald D. Green should NOT be representing his boss, Plaintiff Marc Randazza in this matter.

Defendant Ronald D. Green, left Defendant Greenberg Traurig LLP for Defendant Randazza Legal Group, to intentionally, deliberately be in a position to sabotage Eliot Bernstein and the Investigative Blogger reporting on the iViewit Technology Story, Plaintiff Crystal L. Cox.

Upon my Knowledge and Belief, Defendant Ronald D. Green, formerly with Defendant Greenberg Traurig LLP was sent to work at Randazza Legal Group by Defendant Greenberg Traurig LLP in order to sabotage Eliot Bernstein, by way of removing the blogs and online media of Plaintiff Crystal L. Cox .

Defendant Greenberg Traurig LLP filed legal action against the estate of Eliot Bernstein's father in September of 2012, just after Defendant Ronald D. Green left Defendant Greenberg Traurig LLP to work with Randazza Legal Group, and a few months before Defendant Ronald D. Green sued Eliot Bernstein and Crystal Cox in order to remove their online platforms reporting on the iViewit Technology Theft.

### I, Crystal L. Cox, in my Pro Se Capacity state the following:

Defendant Marc Randazza threatened that he would ruin me if I made an enemy of him. Marc Randazza's friends have threatened my knee caps, publicly humiliated and defamed me. Marc Randazza accused me of a crime in big media in which I was never charged with through proper legal channels.  Marc Randazza has exposed women in the Porn Industry who have given me tips and gave their home address and car identification information in public forums.

Defendant Marc Randazza has himself cohearsed me to STOP my appeal to the Ninth Circuit in Obsidian V. Cox and Marc Randazza has had his friends, attorney bloggers, and big media intimidate me in order to pressure me to stop my appeal process. Marc Randazza told me in our first consult where he was to be my attorney, that those in the tip of the Porn Industry contacted him and said what are you going to do about Crystal Cox, I have 2 witnesses to this phone call.

Defendant Marc Randazza offered to be my attorney in my Obsidian V. Cox appeal and then used privileged information to conspire with the Plaintiff in that Case. Marc Randazza continues to harass me, have his friends threaten me, use big media to intimidate me and I am in fear of my life and quality of life of Marc Randazza and all attorneys of Randazza Legal Group.

Defendant Marc Randazza also has known Mafia / Organized Crime ties which I will address in this legal action, as we move forward. Marc Randazza has abused his power as an attorney and I am in fear of his connections.

That being said, I will not confer in any private meetings or private phone calls with an attorney from Randazza Legal Group. All communications with Plaintiff / Defendant are requested to be through this court, District of Nevada,, as a hearing where by Defendant has some sense of legal and physical protection.

I, Crystal L. Cox, in my Pro Se Capacity have informed this court, District of Nevada, of my life endangerment and have not been protected in any way.

**I, Crystal L. Cox, in my Pro Se Capacity state the following: My Life is in danger, my Career is in Ruins, I am daily harassed, defamed and threaten as are my sources. The life of my Sources are in Danger, I Request this court, District of Nevada, Give me Protection and notify the proper authorities.**

### Defendant Marc J. Randazza Negotiated as Plaintiff Crystal Cox's Attorney then Defamed me, attacked me, sued me, lied about me, intimidated me, Retaliated against me, Crystal Cox.

I, Plaintiff Crystal Cox, believe that Defendant Marc J. Randazza  was sent in by Co-Conspirators to sabotage my case and keep me, Plaintiff Crystal Cox, from my Ninth Circuit Appeal.

Defendant Marc J. Randazza had a phone conference with me, Plaintiff Crystal Cox, regarding representing me, as my attorney, in my Ninth Circuit Appeal of Obsidian V. Cox. Then I, Plaintiff Crystal Cox send him my files, documents, and discussed my strategy with Defendant Marc J. Randazza and gave Defendant Randazza private information, personal information, privileged information regarding my case, my business, my negotiations, my dealing throughout Obsidian V. Cox and in moving forward.

Defendant Attorney Marc J. Randazza initiated contact with Opposing Counsel in Obsidian v. Cox, David S. Aman, and began to negotiate a deal on Plaintiff Crystal Cox's behalf, and acting as Crystal Cox's Attorney, eMail records show this, as would an Affidavit from UCLA Professor, Eugene Volokh, First Amendment Bar Attorney, who told me that Defendant Marc J. Randazza had told members of the First Amendment Bar that he represented me, and was negotiating a deal with Opposing Counsel in Obsidian v. Cox, David S. Aman on my behalf.

Defendant Marc J. Randazza never told Plaintiff Crystal Cox what the terms of this negotiation

with Opposing Counsel was, and treated me, Plaintiff Crystal Cox with disrespect. After I found out about Defendant Marc J. Randazza acting as my attorney with no contract and no conflicts check as promised, negotiating a deal he had not discussed with me, and telling other attorneys that he had it handled and he represent me, I, Plaintiff Crystal Cox, was so upset, I respectfully emailed Defendant Marc J. Randazza and copied Attorney Eugene Volokh on the eMail and I fired Defendant Marc J. Randazza as my attorney, and let him know that he DID NOT represent me, Plaintiff Crystal Cox.


Defendant Marc J. Randazza had no signed agreement to represent me, had not told me of a conflicts check he was suppose to be performing before he would agree to represent me, Plaintiff Crystal Cox, yet Defendant Marc J. Randazza was, INDEED, negotiate on my behalf, with my files and my privileged information and strategy and preventing other Attorneys from taking my case by telling them that he, Defendant Marc J. Randazza represented me, Plaintiff Crystal Cox.

If it had not been for the honesty and integrity of UCLA Professor, Eugene Volokh, First Amendment Bar Attorney, I, Plaintiff Crystal Cox would not have known what Defendant Marc J. Randazza was up to, and would have lost my chance at appealing to the Ninth Circuit, as time was running out, and Defendant Marc J. Randazza was chasing off other Attorneys, not communicating with me, the Client and thereby causing me irreparable harm in a case where I had / have a $2.5 Million Dollar Judgement Against Me.

After I fired Defendant Marc J. Randazza, or let him know that he would not represent me, Plaintiff Crystal Cox. He "acted" as if he was fine about my choice. Yet months later when I asked him for a job, and told him of a domain name I had bought to do PR on my case, MarcRandazza.com, and I could use to promote him if he wanted, and asked if he knew anyone needing marketing as I was in need to make a living, and was good / am good at Internet Marketing.

I purchased MarcRandazza.com, because I thought he was going to be my attorney, the Domain Name was available and it was the best keyword rich domain name for PR on a case where he would be my attorney. I learned that over 7 years of Search Engine Marketing courses, newsletters, books, seminars and tradeshows.

Defendant Marc J. Randazza was very upset that I had purchased MarcRandazza.com, he demanded that I give him the Domain Name, I refused, he offered to buy the domain name and I, Plaintiff Crystal Cox, said I did not want to sell it at any price, as the record shows. He threatened to make me his Enemy if I did not give him the Domain Name, I, Plaintiff Crystal Cox, refused as he was bullying me and violating my rights.

Upon my knowledge and belief, in Retaliation, and still seeking to Stop my Ninth Circuit Appeal, Defendant Marc J. Randazza again contacted Opposing Counsel in Obsidian V. Cox, and this

time offered to conspire with Tonkon Torp Attorney, Defendant David S. Aman, Opposing Counsel and flat out lie to a Federal Judge telling this Judge that I Plaintiff Crystal Cox had extorted them, and therefore don't deserve a new trial. The Judge interpreted this into his Ruling, and the New York Times and other Media, large and small picked the story up, they interviewed.

Instead of Defendant Marc J. Randazza and Defendant David S. Aman filing a criminal complaint and giving Plaintiff Crystal Cox due process in a court of law, Defendant Attorney Marc J. Randazza and Defendant Attorney David S. Aman SIMPLY told big and small media, radio and bloggers that I, Plaintiff Crystal Cox was Guilty of Extortion and they all published this Defamatory Statement with actual malice, and knowledge that it was not true.

Defendant David S. Aman had already gave the Seattle Weekly, the New York Times, Forbes and other media outlets, an email I, Plaintiff Crystal Cox had sent him in response to a Legal Threat he sent me and after he filed a 10 Million Dollar Lawsuit against me, Crystal Cox. The email Defendant David S. Aman gave the Media was a part of one eMail out of 5 eMails in a Settlement Negotiation between me Crystal Cox, in my Pro Se Capacity and Opposing Counsel Defendant David S. Aman. With all the eMails, and knowledge of the Legal Threat and date of the Lawsuit being filed, it would be easy to see that there was no crime of Extortion, Defendant David S. Aman had this knowledge BEFORE he spread defamatory information regarding Plaintiff Crystal Cox, and so did Defendant Marc J. Randazza.

Defendant David S. Aman, deliberately, with actual malice, maliciously defamed me in all manner of media outlets, AFTER he already won a $2.5 Million Dollar Judgement Against me, just to retaliate against me, Plaintiff Crystal Cox, incite hate, ruin my business, ruin my life and cause me irreparable damage based on a lie.

Defendant David S. Aman and Defendant Marc J. Randazza accused me of Extortion in all manner of media and publications, and I, Plaintiff Crystal Cox was not on trial for the Crime of Extortion, in fact the trial was a Civil Trial and Extortion was not a material fact of the Trial. I, Plaintiff Crystal Cox was not under official investigation of Extortion nor had I ever been. I was not prosecuted for the Crime of Extortion, nor given due process of any kind for this accusation. Yet Defendants Kashmir Hill of Forbes, Defendant David Carr of the New York Times, Defendant Jordon Rushie of Philly Law Blog, Defendant Tracy Coenan and other Defendants, Co-Conspirators published that I was an Extortionist, guilty of Extortion, this is malicious defamation, with knowledge of it's falsehood.

Upon my knowledge and belief, In the Summer of 2012, Defendant Marc J. Randazza, conspired with Defendant David S. Aman, in an attempt to seize what they deemed to be my assets, and Defendant Marc J. Randazza, recommended an attorney, Lara Pearson, to be the "Receiver" who had helped him in the Righthaven Receivership in his Las Vegas Case against Righthaven, whereby Defendant Judge Gloria M. Navarro had frozen accounts to make sure that Defendant Marc J. Randazza got paid. The Obsidian Court Docket shows that Lara Pearson was requested from a Portland Oregon Attorney, David S. Aman to be a Receiver in the Alleged

Assets of Plaintiff Crystal Cox.

Defendant Marc J. Randazza, conspired with Defendant David S. Aman, continually to harass me, Plaintiff Crystal Cox , defame me, intimidate me and ruin my life and business.

Upon my knowledge and belief,  In May of 2012, 6 months after the Obsidian V. Cox Trial Defendant Marc J. Randazza, conspired with Defendant David S. Aman, to get Eliot Bernstein onto the Obsidian V. Cox Docket. To this day, Eliot Bernstein, iViewit Founder, is a named defendant on the Docket of Obsidian Finance Group v. Crystal Cox, yet he was placed there in defamatory threatening conspiracy 6 months after the Obsidian Finance Group v. Crystal Cox trial was over. And months after the Obsidian Finance Group v. Crystal Cox Appeal had been filed in the Ninth by Attorney Eugene Volokh.

Upon my knowledge and belief, Defendant Marc J. Randazza, kept up his malicious behavior in flat out lying to WIPO, in order to take Plaintiff Crystal Cox and Eliot Bernstein's Domain Names and wipe out online content exposing him and making fun of him, plus reporting on the world's biggest technology crime, iViewit, which is a massive liability to the clients of Defendant Marc J. Randazza, who are also named defendants in this complaint. Defendant Marc J. Randazza told WIPO that Plaintiff Crystal Cox and Eliot Bernstein were guilty of Extortion, Defendant Peter L. Michaelson WIPO Panelist granted Defendant Marc J. Randazza the domain names in the complaint. In Defendant Peter L. Michaelson's published decision of this WIPO action, he flat out accused Plaintiff Crystal Cox and Eliot Bernstein of the Crime of Extortion, and did so with actual malice as I, Plaintiff Crystal Cox had provided him information, and he knew that nor I, Crystal Cox or Eliot Bernstein had been on trial for, under investigation for or convicted of the Crime of Extortion. Yet Defendant Peter L. Michaelson WIPO Panelist publically, deliberately, intentionally, maliciously DEFAMED Plaintiff Crystal Cox and Eliot Bernstein in a document that is published around the world, in legal documents, big and small media outlets, blogs and more.

Upon my knowledge and belief, Defendant Marc J. Randazza kept up his malicious retaliation of me, Plaintiff Crystal Cox, and in the Fall of 2012 negotiated with Defendant David S. Aman again, this time Defendant Marc J. Randazza advised Defendant David S. Aman on how to SEIZE, my right to Appeal Obsidian V. Cox in the Ninth, this after my Appeal was mid way through the Brief Filings, the records show this clearly.

Also in the Fall of 2012 Defendant Marc J. Randazza SUED Plaintiff Crystal Cox in order to remove my blogs, and to flat out steal my domain names, via a Preliminary Injunction awarded by Defendant Judge Gloria M. Navarro.

**In the Florida Appellate Case No. 3D12-3189, Marc J. Randazza fights for his own**

**client against Preliminary Injunctions.**

Upon Belief and Knowledge Defendant Marc J. Randazza claims that it's a violation of first amendment rights, and that the First Amendment must be adjudication first, yet he does just the opposite in this case to seek Revenge on a Former Client, to Suppress My Online Free Press Blogs, and to Retaliate Against Whistle Blowers Exposing his connections to Prostitution Rings and to the fact that his clients are infringing on the iViewit Video Technology.

Injunctive relief to prevent actual or threatened damage is heavily disfavored because it interferes with the First Amendment and amounts to censorship prior to a judicial determination of the lawlessness of speech. See Moore v. City Dry Cleaners & Laundry, 41 So. 2d 865, 872 (Fla. 1949). "The special vice of prior restraint," the Supreme Court held, "is that communication will be suppressed... before an adequate determination that it is unprotected by the First Amendment". Pittsburgh Press Co v. Pittsburg Comm'n on Human Relations, 413 U.S. 376, 390 (1973). Also se Fort Wayn Books Inc. v Indiana, 489 U.S. 46, 66 (1989); M.I.C., Ltd v Bedford Township, 463 U.S. 1341, 11343 (1983.)

In this case, the Nevada Court has skipped the step of adjudicating the First Amendment protection relevant to the speech at issue. Prior Restraints are Unconstitutional.
Also see Post-Newswek Stations Orlando, Inc. v. Guetzlo.

"RKA sought extraordinary relief in the form of prior restraint to enjoin .. . This relief is not recognized in this State, nor anywhere else in the Country.  In addition to ignoring the First Amendment Rights and almost a century's worth of common law, the .. court ignored virtually all procedural requirements for the issue of a preliminary injunction." Page 5 Paragraph ii of Opening Brief Appellate Case No. 3D12-3189, Irina Chevaldina Appellant vs. R.K./FI Management Inc.;et.al., Appellees. Attorney for Appellant Marc J. Randazza Florida Bar No. 325566, Randazza Legal Group Miami Florida.  This case is now hereby referenced herein, in it's entirety.

Clearly Defendant Marc J. Randazza and Attorney Defendant Ronald D. Green are involved with Defendants / Co-Conspirators to retaliate against whistle blowers, and to Suppress Information Online in which exposes their illegal prostitution rings, and their clients infringing on a 13 Trillion Dollar Video Technology. And that they are not operating in a matter of law and justice seeking.

Defendant Marc J. Randazza and Attorney / Defendant Ronald D. Green SUED Me. They used their Internet Mobbing gang of attorney bloggers to create legal commentary on this case, before they served me. They used the court docket as their personal way to disgrace me, humiliated me and Eliot Bernstein and to harass me.

They did this before I had a chance to defend myself. And on top of that, they have deleted

massive blogs, stolen domain names and violated my rights, all without due process or first amendment adjudication. Then they threaten to come to my town, they taunt me, intimidate me and put me under constant duress, along with my sources and then claim to this court that, in my fighting back, I am, somehow using the court docket to defame them.  I have never told anyone EVER that I would stop posting anything if they paid me. This is a flat out lie to this court, and further abuse of the courts to intimidate an investigative blogger exposing them, reporting on them and to wipe out search engine competition.

The Same Defendants / Co-Conspirators of this case are also involved in RICO, in Pattern and History for this Same Internetting Mobbing in Rakofsky v. The Internet Supreme Court of the State of New York; County of New York, Case Number 105573-2011.

Malpractice Complaint specifically regarding the behavior, actions, confidentiality breach of my ex Attorney Marc J. Randazza and the actions of Plaintiff's Attorney In Obsidian Finance Group v. Cox, Tonkon Torp Law Firm, Steven Wilker, Mike Morgan and David Aman.

In 2011 Plaintiff Investigative Blogger Crystal L. Cox was involved in a major free speech lawsuit.  (Obsidian Finance Group LLC v. Crystal Cox) Plaintiff Investigative Blogger Crystal L. Cox lost this case due to Judge Marco Hernandez ruling that the Oregon Retraction Laws,Shield Laws, and the First Amendment did not apply to bloggers but only applies to accredited media, big media.

Defendant Marc Randazza saw the Obsidian V. Cox ruling in December of 2011. Defendant Marc Randazza, as he told me in his first call, was contacted by his clients, that are high up in the Porn Industry.  Defendant Marc Randazza told Plaintiff Investigative Blogger Crystal L. Cox that these Porn Industry giants called him and asked him what he is going to to about Crystal Cox, and this bad precedence set by Obsidian Finance Group LLC v. Crystal Cox. A precedence that affects the bottom line financially of the free speech coalition and all the porn companies that Defendant Marc Randazza represents.

At this time, one of my investigative reporters / investigative bloggers for my Whistleblower Media News Network, Michael Spreadbury ,contacted Defendant Marc Randazza and asked if he would take a meeting with "US", the 3 of us had a conference call in December 2011 regarding Plaintiff Investigative Blogger Crystal L. Cox and my Ninth Circuit Appeal.  On this first phone call, Defendant Marc Randazza discouraged Plaintiff Investigative Blogger Crystal L. Cox from filing a Ninth Circuit Appeal. However, Defendant Marc Randazza asked for the strategy of Plaintiff Investigative Blogger Crystal L. Cox and for all Plaintiff Investigative Blogger Crystal L. Cox's files.

Defendant Marc Randazza was out to sabotage Plaintiff Investigative Blogger Crystal L.

Cox's Ninth Circuit Appeal from, even before the very first phone call, where Defendant Marc Randazza gathered information, strategy, files and privileged information from Plaintiff Investigative Blogger Crystal L. Cox in which Defendant Marc Randazza later used with co-conspirators to defame, harass, paint in false light, ruin the business of, intimidate, and put Plaintiff Investigative Blogger Crystal L. Cox under extreme duress with the goal of stopping Plaintiff Investigative Blogger Crystal L. Cox's Ninth Circuit Appeal in Obsidian Finance Group v. Crystal Cox, so that his "Clients" would not be affected by this precedence.

Defendant Marc Randazza told Plaintiff Investigative Blogger Crystal L. Cox that he may have a conflict of interest with his representation of the Media Bloggers Association (MBA), and he would let Plaintiff Investigative Blogger Crystal L. Cox know if he did, that never happened.

After this first call, Defendant Marc Randazza did not let Plaintiff Investigative Blogger Crystal L. Cox know of any conflicts of interest as Defendant Marc Randazza told Plaintiff Investigative Blogger Crystal L. Cox that he would. In the meantime UCLA Law Professor, Attorney Eugene Volokh was corresponding with Plaintiff Investigative Blogger Crystal L. Cox on possible representation in Plaintiff Investigative Blogger Crystal L. Cox's Ninth Circuit Appeal.

Professor, Attorney Eugene Volokh was professional, to the point and did not tell Plaintiff Investigative Blogger Crystal L. Cox that she made a mess, did not put me down, treat me badly and was focused on the merits of the case in which affected all Citizen Journalists, All Free Speech, First Amendment Rights, Whistleblowers and the constitutional rights of all citizens, which was always the primary goal of Plaintiff Investigative Blogger Crystal L. Cox. And unlike Defendant Marc Randazza, which, as a client and a court case defendant involved with Attorney Marc Randazza, I, Plaintiff Investigative Blogger Crystal L. Cox have every legal right to have as many blogs as I like expressing my opinion of Attorney Marc Randazza, Defendant Marc J. Randazza. Plaintiff Investigative Blogger Crystal L. Cox was a VERY dissatisfied, and even HARMED ex-client of Defendant Marc J. Randazza and has the legal right to share her experience, review him as an attorney, and exercise her right to FREE SPEECH.

Still not hearing from, Defendant Marc Randazza, Plaintiff Investigative Blogger Crystal L. Cox received emails and had a phone meeting with Attorney Eugene Volokh whereby Attorney Eugene Volokh told Plaintiff Investigative Blogger Crystal L. Cox that Defendant Marc Randazza was acting on my behalf, putting in time and effort, negotiating with Plaintiff David Aman and Plaintiff Kevin D. Padrick, and Attorney Eugene Volokh told Plaintiff Investigative Blogger Crystal L. Cox that if she had chose to go with Defendant Marc Randazza for the Ninth Circuit Appeal, then he would assist Defendant Marc Randazza in any way he could in order to assist me.

I, Plaintiff Investigative Blogger Crystal L. Cox, was very alarmed to hear that Defendant

Marc Randazza was negotiating a deal on my behalf with Plaintiff David Aman and Plaintiff Kevin D. Padrick, without my knowledge of the terms of this deal, and without the promised information regarding any conflicts of interest that Defendant Marc Randazza may have in moving forward with my case.

Defendant Marc Randazza was acting as my attorney with my privileged information and negotiating a deal on my alleged behalf, without my knowledge. This upset me,  Plaintiff Investigative Blogger Crystal L. Cox, and rightly so.  I told UCLA Law Professor, Attorney Eugene Volokh that I did not want Defendant Marc Randazza to represent my on my Ninth Circuit Appeal, and that I would let Defendant Marc Randazza know immediately that he no longer represented me.

I, Plaintiff Investigative Blogger Crystal L. Cox, then emailed Defendant Marc Randazza and copied the email to UCLA Law Professor, Attorney Eugene Volokh and told Defendant Marc Randazza that he no longer represented me, Plaintiff Investigative Blogger Crystal L. Cox, and the reasons why.

Defendant Marc Randazza acted as if he was fine with this decision, as the record shows. However, Plaintiff Investigative Blogger Crystal L. Cox firing Defendant Marc Randazza ruined his plan to sabotage Plaintiff Investigative Blogger Crystal L. Cox's Ninth Circuit Appeal so that his Big Clients, and Co-Conspirator Attorneys, Bloggers and Big Media would not be affected by the precedence set by Plaintiff Investigative Blogger Crystal L. Cox in Obsidian Finance Group vs. Crystal Cox.  So Defendant Marc Randazza launched new efforts to sabotage Plaintiff Investigative Blogger Crystal L. Cox's Ninth Circuit Appeal and enlisted a large amount of conspirators to defame, harass, and intimidate Plaintiff Investigative Blogger Crystal L. Cox into stopping, my Ninth Circuit Appeal.  Co-Defendant David Aman offered me 3 Settlements via UCLA Law Professor, Attorney Eugene Volokh after the Trial was over. 2 of Which were after Plaintiff Investigative Blogger Crystal L. Cox had filed her Ninth Circuit Appeal in effort to STOP the Appeal. Defendant Marc Randazza has worked in conspiracy with a ring of bloggers, most who are attorneys and worked with Defendant Kashmir Hill of Forbes and Defendant Bob Garfield of NPA, Defendant WIPO, Defendant Peter L. Michaelson and other co-conspirators in order to create a mass media illusion that Plaintiff Investigative Blogger Crystal L. Cox is guilty of the crime of extortion, though Plaintiff Investigative Blogger Crystal L. Cox was not on trial for extortion, not under investigation for extortion nor had ever been charged with extortion.

Upon Knowledge and Belief of Plaintiff Crystal Cox, Defendant Marc Randazza and Defendant

David Aman, along with massive co-conspirators have set out to paint Plaintiff Investigative Blogger Crystal L. Cox in false light in order to affect Plaintiff Investigative Blogger Crystal L. Cox's Ninth Circuit Appeal, and to stop this alleged "bad precedence" at the lower court level so that Defendant Marc Randazza's biggest Porn Industry Clients such as Defendant Liberty Media Holdings, Defendant John C. Malone, Defendant Manwin, Defendant Corbin Fisher and other big clients, John and Jane Doe Defendants / Alleged co-conspirators of Defendant Marc Randazza's would not be affected by the Obsidian V. Cox Precedence.

These Co-Conspirators, Defendants were not simply worried just about this "bad precedence" to their Free Speech Rights, and legal proceedings that would affect them in the future.

Defendant Liberty Media Holdings, Defendant John C. Malone, Defendant Manwin, Defendant Corbin Fisher and other big clients, Defendants / co-conspirators of Marc Randazza's named in this counter complaint, as well as John and Jane Doe Defendants, absolutely need to silence the blogs of Investigative Blogger Plaintiff Investigative Blogger Crystal L. Cox. To them, it is a matter of Trillions of Dollar and Indictments they may face.

Over a Decade ago iViewit Technology invented a video coding technology that changed pixelated video to clear crisp video. These Defendants / co-conspirators of Defendant Marc J. Randazza's make billions a year off of this technology they infringe on, each one of them, and they have for over a decade. Plaintiff Investigative Blogger Crystal L. Cox has reported on the iViewit Technology for over 3 years, and Plaintiff Investigative Blogger Crystal L. Cox has reported on Defendant Proskauer Rose, Defendant Kenneth Rubenstein, MPEG LA, Defendant John Calkins and most all of the co-conspirators listed in this counter complaint.

(On belief and knowledge) Defendant Marc J. Randazza has been hired to STOP the investigative blogs of Plaintiff Investigative Blogger Crystal L. Cox in order to suppress, discredit the iViewit Technology Theft Story, in order to save his clients and co-conspirators from indictments and from having to pay  iViewit Technology and Inventor, Eliot Bernstein Trillion of Dollars.  In this, these Defendants / Alleged Co-Conspirators have committed massive shareholder fraud, been involved in insider trading, violated anti-trust laws, violated patent laws, committed international crimes and conspiracy and more.

**Defendant Marc J. Randazza of Defendant Randazza Legal Group has massive liability in his misrepresentation and Malpractice Legal Action involving his former client Pro Se Plaintiff Investigative Blogger Crystal L. Cox.**

Pro Se Plaintiff Investigative Blogger Crystal L. Cox's Former Attorney Conspired request that this court, District of Nevada, force rrr to notify his liability carrier of his liability in **Randazza V. Cox, District of Nevada Case 2:12-cv-02040-GMN-PAL.**

Upon Belief and Knowledge, Pro Se Plaintiff Investigative Blogger Crystal L. Cox's Former Attorney Conspired with a gang of other attorneys and Co-Conspirators to accuse me of being an extortionist, a scammer and all manner of defamation and hate.  Pro Se Plaintiff Investigative Blogger Crystal L. Cox has never taken money to remove blog posts, never scammed anyone, never been charged with or investigated for Extortion, yet this court, District of Nevada,, and Sole WIPO Panelist simply go on the word of Defendant Marc J. Randazza and ruin the life, reputation, livelihood of Pro Se Plaintiff Investigative Blogger Crystal L. Cox and Eliot Bernstein with NO Evidence, No Proof, No Truth, No Due Process and in complete violation of the legal rights, constitutional rights, first amendment rights and intellectual property rights of Pro Se Plaintiff Investigative Blogger Crystal L. Cox and Eliot Bernstein.

Upon Belief and Knowledge, Defendant Marc J. Randazza of Defendant Randazza Legal Group MUST lawfully seek counsel / legal representation outside of Randazza Legal Group, **Immediately for Representation** of Defendant Marc J. Randazza, Defendant Ronald D. Green and Defendant Randazza Legal Group in Randazza v. Cox and in Counter Complaint filed by Plaintiff Investigative Blogger Crystal L. Cox.

Defendant Marc J. Randazza, Defendant Ronald D. Green, Defendant J. Malcom DeVoy  and Defendant Randazza Legal Group must get independent non conflicted counsel as their insurance liability carrier.  Defendant Ronald D. Green is in massive conflict regarding transferring from Greenberg Traurig to Randazza Legal Group, as Greenberg Traurig is named in the iViewit SEC Complaints, Federal RICO Complaints and ongoing investigations.

**In the Florida Appellate Case No. 3D12-3189, Marc J. Randazza fights for his own client against Preliminary Injunctions.**

Upon Belief and Knowledge Defendant Marc J. Randazza  claims that it's a violation of first amendment rights, and that the First Amendment must be adjudication first, yet he does just the opposite in this case to seek Revenge on a Former Client, to Suppress My Online Free Press Blogs, and to Retaliate Against Whistle Blowers Exposing his connections to Prostitution Rings and to the fact that his clients are infringing on the iViewit Video Technology.

Injunctive relief to prevent actual or threatened damage is heavily disfavored because it

interferes with the First Amendment and amounts to censorship prior to a judicial determination of the lawlessness of speech. See Moore v. City Dry Cleaners & Laundry, 41 So. 2d 865, 872 (Fla. 1949). "The special vice of prior restraint," the Supreme Court held, "is that communication will be suppressed... before an adequate determination that it is unprotected by the First Amendment". Pittsburgh Press Co v. Pittsburg Comm'n on Human Relations, 413 U.S. 376, 390 (1973). Also se Fort Wayn Books Inc. v Indiana, 489 U.S. 46, 66 (1989); M.I.C., Ltd v Bedford Township, 463 U.S. 1341, 11343 (1983.)

In this case, the Nevada Court has skipped the step of adjudicating the First Amendment protection relevant to the speech at issue. Prior Restraints are Unconstitutional. Also see Post-Newsweek Stations Orlando, Inc. v. Guetzlo.

"RKA sought extraordinary relief in the form of prior restraint to enjoin .. . This relief is not recognized in this State, nor anywhere else in the Country.  In addition to ignoring the First Amendment Rights and almost a century's worth of common law, the .. court ignored virtually all procedural requirements for the issue of a preliminary injunction." Page 5 Paragraph ii of Opening Brief Appellate Case No. 3D12-3189, Irina Chevaldina Appellant vs. R.K./FI Management Inc.;et.al., Appellees. Attorney for Appellant Marc J. Randazza Florida Bar No. 325566, Randazza Legal Group Miami Florida.  This case is now hereby referenced here in, in it's entirety.

Clearly Defendant Marc J. Randazza and Attorney Defendant Ronald D. Green are involved with Defendants / Co-Conspirators to retaliate against whistle blowers, and to Suppress Information Online in which exposes their illegal prostitution rings, and their clients infringing on a 13 Trillion Dollar Video Technology. And that they are not operating in a matter of law and justice seeking.

**<u>Defendant Marc J. Randazza, as an attorney that once represented Pro Se Plaintiff Investigative Blogger Crystal L. Cox, has a professional and ethical duty to exercise his or her professional judgment.</u>**

**Defendant Marc J. Randazza, as an attorney that once represented Plaintiff Crystal L. Cox with whom now he has sue, has a legal and constitutional duty to uphold.**

Section 6068 of the Business & Professions Code states that an attorney has a duty "...(g) Not to encourage either the commencement or the continuance of an action or proceeding from any corrupt motive of passion or interest."

Defendant Marc J. Randazza should not be representing himself in Randazza V. Cox, as

Defendant Marc J. Randazza owns and operates and is the principal of Randazza Legal Group. Attorneys appearing in propria persona risk compromising the integrity and legal issues of the case.

As the Supreme Court noted: "Even a skilled lawyer who represents himself is at a disadvantage in contested litigation. ...He is deprived of the judgment of an independent third party, in framing the theory of the case, evaluating alternative methods of presenting the evidence, cross-examining hostile witnesses, formulating closing arguments, and in making sure that reason, rather than emotion, dictates the proper tactical response to unforeseen developments in the courtroom." Id. at 437-438.

Representing oneself can have adverse practical consequences. First, a lawyer is prohibited ethically from acting as an advocate before a jury if he or she also will be testifying to a contested matter. See, Rule of Professional Conduct 5-210. There are exceptions to this rule if the testimony relates to the nature and value of legal services rendered in the same case, or if the matter is non-adversarial, or is being tried to a judge. Also, the rule does not apply if another lawyer in the advocate's law firm will be a witness.

Second, a lawyer representing himself or herself cannot recover legal fees and costs under Section 1717 of the Civil Code, even if the contract sued on expressly authorizes such an award to the prevailing party. In Trope v. Katz (1995) 11 Cal.4th 274, 280-81, the California Supreme Court held that an attorney who chooses to litigate in propria persona does not "incur" attorneys' fees within the meaning of the statute because he or she does not pay or become liable to pay them. Nor can the lawyer recover compensation for professional business opportunities foregone as a result. Id. at 292. In PLCM Group, Inc. v. Drexel (2000) 22 Cal.4th 1084, 1092, the Supreme Court explained that its decision in Trope was based largely on the lack of any attorney-client relationship.

If a law firm decides to represent itself, the existence of the attorney-client privilege for its internal communications may be jeopardized. In U.S. v. Rowe, 96 F.3d 1294 (9th Cir. 1996), a law firm launched an investigation after learning that one of its lawyers may have mishandled client funds by assigning two associates to investigate his conduct and report back their findings. Subsequently, a grand jury subpoenaed the associates, and the firm asserted the attorney-client privilege. Even though the associates were never told they were acting as the firm's attorneys, did not keep time records or bill the firm for their time, and were taking direction from a senior partner, Judge Kozinski found that they were, in effect, in-house counsel and that the privilege would attach to their confidential communications with the members of the firm. Id. at 1296-97. The Court of Appeals relied exclusively on federal law for this result.

In a later unpublished decision based on California law, the Fifth District Court of Appeal came to an opposite result. In McCormick, Barstow, Shepherd, Wayte & Carruth v. Superior Court (1998) ___ Cal.App.4th ___, 81 Cal.Rptr.2d 30, 1998 Cal. App. LEXIS 1102, a law firm chose to defend itself from a malpractice claim. When the former client sought all internal communications from the law firm concerning his claim, the firm asserted the attorney-client privilege. The court of appeal rejected the firm's argument and surprisingly held that no attorney-client relationship existed between the firm and its lawyers who were defending it. The court asked: "If the McCormick firm was the client, who was its lawyer? And who was the client communicating with?" Although unpublished and widely disparaged, the McCormick decision reflects the dangers that can befall a lawyer (or a law firm) who chooses to go it alone.

## Defendant Marc J. Randazza of Defendant Randazza Legal Group has Violated Attorney Conduct Code.

Upon Belief and Knowledge, Judge Peggy A. Leen and Judge Gloria M. Navarro know of Defendant Marc J. Randazza, DefendantRonald D. Green and DefendantRandazza Legal Group's unlawful, unethical, fraudulent, criminal endangerment activities and fraud on the courts, therefore Judge Peggy A. Leen and Judge Gloria M. Navarro are in VIOLATION Public Officers Law SEC 73, Public Officers Law SEC 74 Code of Ethics, TITLE 18 FEDERAL CODE, Title 18 U.S.C. § 4., Title 28 U.S.C. § 1361, Title 28 U.S.C. § 1361, and other applicable laws, ethics and Judicial Cannons.

## Rules, Ethics, Codes, and Laws.

Public Officers Law **SEC 73** Restrictions on the Activities Of Current and Former State Officers and Employees

### Public Officers Law SEC 74 Code of Ethics
Conflicts of Interest Law, found in Chapter 68 of the New York City Charter, the City's Financial Disclosure Law, set forth in section 12-110 of the New York City Administrative Code, and the Lobbyist Gift Law, found in sections 3-224 through 3-228 of the Administrative Code.

### TITLE 18 FEDERAL CODE & OTHER APPLICABLE FEDERAL LAW
Title 18 U.S.C. § 4. Misprision of felony. Whoever, having knowledge of the actual commission of a felony cognizable by a court of the United States, conceals and does not as soon as possible make known the same to some judge or other person in civil or military authority under the United States, shall be fined under this title or imprisoned not more than three years, or both.

A federal judge, or any other government official, is required as part of the judge's mandatory

administrative duties, to receive any offer of information of a federal crime. If that judge blocks such report, that block is a felony under related obstruction of justice statutes, and constitutes a serious offense.

Upon receiving such information, the judge is then required to make it known to a government law enforcement body that is not themselves involved in the federal crime.

Title 28 U.S.C. § 1361. Action to compel an officer of the United States to perform his duty. The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff.

This federal statute permits any citizen to file a lawsuit in the federal courts to obtain a court order requiring a federal official to perform a mandatory duty and to halt unlawful acts. This statute is Title 28 U.S.C. § 1361.

## FRAUD on the COURT

In the United States, when an officer of the court is found to have fraudulently presented facts to court so that the court is impaired in the impartial performance of its legal task, the act, known as "fraud upon the court", is a crime deemed so severe and fundamentally opposed to the operation of justice that it is not subject to any statute of limitation.

Officers of the court include: Lawyers, Judges, Referees, and those appointed; Guardian Ad Litem, Parenting Time Expeditors, Mediators, Rule 114 Neutrals, Evaluators, Administrators, special appointees, and any others whose influence are part of the judicial mechanism.

"Fraud upon the court" has been defined by the 7th Circuit Court of Appeals to "embrace that species of fraud which does, or attempts to, defile the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery can not perform in the usual manner its impartial task of adjudging cases that are presented for adjudication". Kenner v. C.I.R., 387 F.3d 689 (1968); 7 Moore's Federal Practice, 2d ed., p. 512, ¶ 60.23

In Bulloch v. United States, 763 F.2d 1115, 1121 (10th Cir. 1985), the court stated "Fraud upon the court is fraud which is directed to the judicial machinery itself and is not fraud between the parties or fraudulent documents, false statements or perjury. ... It is where the court or a member is corrupted or influenced or influence is attempted or where the judge has not performed his judicial function --- thus where the impartial functions of the court have been directly corrupted."

What effect does an act of "fraud upon the court" have upon the court proceeding? "Fraud upon

the court" makes void the orders and judgments of that court.

**Upon Belief and Knowledge of Pro Se Plaintiff Investigative Blogger Crystal L. Cox, Defendant Marc J. Randazza, Defendant and Defendant Randazza Legal Group, have violated the lawful rights of Pro Se Plaintiff Investigative Blogger Crystal L. Cox in the ALL the Following:**

Defendant Marc J. Randazza of Defendant Randazza Legal Group has Violated Attorney Conduct Code in regard to his ex-client, .

### Attorney Conduct Code

(a) "Differing interests" include every interest that will adversely affect either the judgment or the loyalty of a lawyer to a client, whether it be a conflicting, inconsistent, diverse, or other interest.

CANON 5. A Lawyer Should Exercise Independent Professional Judgment on Behalf of a Client

DR 5-101 [1200.20] Conflicts of Interest - Lawyer's Own Interests.
DR 5-102 [1200.21] Lawyers as Witnesses.
DR 5-103 [1200.22] Avoiding Acquisition of Interest in Litigation.
DR 5-104 [1200.23] Transactions Between Lawyer and Client.
DR 5-105 [1200.24] Conflict of Interest; Simultaneous Representation.
DR 5-108 [1200.27] Conflict of Interest - Former Client.

CANON 6. A Lawyer Should Represent a Client Competently

CANON 7. A Lawyer Should Represent a Client Zealously Within the Bounds of the Law

DR 7-102 [1200.33] Representing a Client Within the Bounds of the Law.
DR 7-110 [1200.41] Contact with Officials.
DR 8-101 [1200.42] Action as a Public Official.
DR 8-103 [1200.44] Lawyer Candidate for Judicial Office.
A. A lawyer who is a candidate for judicial office shall comply with section 100.5 of the Chief Administrator's Rules Governing Judicial
Conduct (22 NYCRR) and Canon 5 of the Code of Judicial Conduct.
CANON 9. A Lawyer Should Avoid Even the Appearance of Professional Impropriety
DR 9-101 [1200.45] Avoiding Even the Appearance of Impropriety.

Sellers v. Dist. Ct., 119 Nev. 256, 71 P.3d 495 (2003).

Pro Se Plaintiff Investigative Blogger Crystal L. Cox's Ex - Attorney Marc Randazza violated her lawful rights to due process, subjected her to criminal endangerment, bypassed First Amendment Adjudication in seizing massing blog posts and domain names, sued his ex-client in a SLAPP Lawsuit to intimidate her into silence and is guilty of malpractice.

## Defendant Marc J. Randazza has violated the Rules of Professional Conduct and the Constitutional Rights of Plaintiff Crystal L. Cox.

Defendant Marc J. Randazza of Randazza Legal Group Violated <u>Rules</u> of Professional Conduct Rule 1.3 1.4 as records show my, Plaintiff Crystal L. Cox's Attorney Marc Randazza negotiated a possible deal and did not "Promptly inform the client", did not communicate promptly or at all, did not Consult with the client about any relevant limitation on the lawyer's conduct, did not inform client whether the lawyer maintains professional liability insurance, and if the lawyer maintains a policy, the name and address of the carrier, did not "explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation", and did not Keep the client reasonably informed about the status of the matter.

Defendant Marc J. Randazza of Randazza Legal Group Violated <u>Rules</u> of Professional Conduct Rule 1.3.

Rule 1.3.
   Rule 1.4.   Communication.
  (a) A lawyer shall:
     (1) **Promptly inform the client of any decision or circumstance** with respect to which the client's informed consent is required by these Rules;
     (2) Reasonably consult with the client about the means by which the client's objectives are to be accomplished;
     (3) **Keep the client reasonably informed about the status of the matter;**
     (4) Promptly comply with reasonable requests for information; and
     (5) **Consult with the client about any relevant** limitation on the lawyer's conduct when the lawyer knows that the client expects assistance not permitted by the Rules of Professional Conduct or other law.
  (b) **A lawyer shall explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation.**
  (c) Lawyer's Biographical Data Form.   Each lawyer or law firm shall have available in written form to be provided upon request of the State Bar or a client or prospective client a factual statement detailing the background, training and experience of each lawyer or law firm.
     (1) The form shall be known as the "Lawyer's Biographical Data Form" and shall contain the following fields of information:
        (i) Full name and business address of the lawyer.

(ii)  Date and jurisdiction of initial admission to practice.

(iii)  Date and jurisdiction of each subsequent admission to practice.

(iv)  Name of law school and year of graduation.

(v)  The areas of specialization in which the lawyer is entitled to hold himself or herself out as a specialist under the provisions of Rule 7.4.

(vi)  Any and all disciplinary sanctions imposed by any jurisdiction and/or court, whether or not the lawyer is licensed to practice law in that jurisdiction and/or court. For purposes of this Rule, disciplinary sanctions include all private reprimands imposed after March 1, 2007, and any and all public discipline imposed, regardless of the date of the imposition.

(vii)  **If the lawyer is engaged in the private practice of law, whether the lawyer maintains professional liability insurance, and if the lawyer maintains a policy, the name and address of the carrier.**

(2)  Upon request, each lawyer or law firm shall provide the following additional information detailing the background, training and experience of each lawyer or law firm, including but not limited to:

(i)  Names and dates of any legal articles or treatises published by the lawyer, and the name of the publication in which they were published.

(ii)  A good faith estimate of the number of jury trials tried to a verdict by the lawyer to the present date, identifying the court or courts.

(iii)  A good faith estimate of the number of court (bench) trials tried to a judgment by the lawyer to the present date, identifying the court or courts.

(iv)  A good faith estimate of the number of administrative hearings tried to a conclusion by the lawyer, identifying the administrative agency or agencies.

(v)  A good faith estimate of the number of appellate cases argued to a court of appeals or a supreme court, in which the lawyer was responsible for writing the brief or orally arguing the case, identifying the court or courts.

(vi)  The professional activities of the lawyer consisting of teaching or lecturing.

(vii)  The names of any volunteer or charitable organizations to which the lawyer belongs, which the lawyer desires to publish.

(viii)  A description of bar activities such as elective or assigned committee positions in a recognized bar organization.

(3)  A lawyer or law firm that advertises or promotes services by written communication not involving solicitation as prohibited by Rule 7.3 shall enclose with each such written communication the information described in paragraph (c)(1)(i) through (v) of this Rule.

(4)  A copy of all information provided pursuant to this Rule shall be retained by the lawyer or law firm for a period of 3 years after last regular use of the information.

[Added; effective May 1, 2006; as amended; effective November 21, 2008.]

**Defendant Marc J. Randazza has violated the Rules of Professional Conduct and the**

## Constitutional Rights of Plaintiff Crystal L. Cox.

**Defendant Marc J. Randazza has violated the Rules of Professional Conduct**  Rule 1.5 (formerly Supreme Court Rule 155) is the same as ABA Model Rule 1.5 with two exceptions. First, unlike the Model Rule, paragraph (c) of the Nevada Rule is divided into subparagraphs. The provisions in subparagraphs (4) and (5) are specific to the Nevada Rule; there is no Model Rule counterpart to those provisions. Second, subparagraph (1) of paragraph (e) of the Model Rule has not been adopted. This subparagraph is reserved to maintain consistency with the Model Rules format. Compare Model Rules of Prof'l Conduct R. 1.5(e)(1) (2004) ("the division is in proportion to the services performed by each lawyer or each lawyer assumes joint responsibility for the representation").

**Defendant Marc J. Randazza did not keep Confidential, information, strategy, and other confidential information of his client Plaintiff Crystal L. Cox.**

Rule  1.6.    **Confidentiality of Information.**
(a)  A lawyer shall not reveal information relating to representation of a client unless the client gives informed consent, the disclosure is impliedly authorized in order to carry out the representation, or the disclosure is permitted by paragraphs (b) and (c).
(b)  A lawyer may reveal information relating to the representation of a client to the extent the lawyer reasonably believes necessary:
(1)  To **prevent reasonably certain death or substantial bodily harm**;
(2)  To prevent the client from committing a criminal or fraudulent act in furtherance of which the client has used or is using the lawyer's services, but the lawyer shall, where practicable, first make reasonable effort to persuade the client to take suitable action;
(3)  To prevent, mitigate, or rectify the consequences of a client's criminal or fraudulent act in the commission of which the lawyer's services have been or are being used, but the lawyer shall, where practicable, first make reasonable effort to persuade the client to take corrective action;
(4)  To secure legal advice about the lawyer's compliance with these Rules;
(5)  To establish a claim or defense on behalf of the lawyer in a controversy between the lawyer and the client, to establish a defense to a criminal charge or civil claim against the lawyer based upon conduct in which the client was involved, or to respond to allegations in any proceeding concerning the lawyer's representation of the client; or
(6)  To comply with other law or a court order.
(c)  A lawyer shall reveal information relating to the representation of a client to the extent the lawyer reasonably believes necessary to prevent a criminal act that the lawyer believes is likely to result in reasonably certain death or substantial bodily harm.
[Added; effective May 1, 2006.]

**Defendant Marc J. Randazza has violated the Rules of Professional Conduct**  Rule 1.6

(formerly Supreme Court Rule 156) is the same as ABA Model Rule 1.6 with three exceptions. First, paragraph (b)(2) addresses the same subject matter as paragraph (b)(2) of the Model Rule, but the language is Nevada specific and is based on former Supreme Court Rule 156(3)(a). Second, paragraph (b)(3) addresses the same subject matter as paragraph (b)(3) of the Model Rule, but the language is Nevada specific and is the same as former Supreme Court Rule 156(3)(a), with the addition of the word "mitigate." Third, paragraph (c) is Nevada specific and mandates disclosure under circumstances covered by paragraph (b)(1) when a criminal act is involved.

**Defendant Marc J. Randazza did not disclose conflicts of interest to his client Plaintiff Crystal L. Cox.**

**Rule  1.7.   Conflict of Interest: Current Clients.**

(a)  Except as provided in paragraph (b), a lawyer shall not represent a client if the representation involves a concurrent conflict of interest. A concurrent conflict of interest exists if:

(1)  The representation of one client will be directly adverse to another client; or

(2)  There is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person or by a personal interest of the lawyer.

(b)  Notwithstanding the existence of a concurrent conflict of interest under paragraph (a), a lawyer may represent a client if:

(1)  The lawyer reasonably believes that the lawyer will be able to provide competent and diligent representation to each affected client;

(2)  The representation is not prohibited by law;

(3)  The representation does not involve the assertion of a claim by one client against another client represented by the lawyer in the same litigation or other proceeding before a tribunal; and

(4)  Each affected client gives informed consent, confirmed in writing.

[Added; effective May 1, 2006.]


**Defendant Marc J. Randazza has violated the Rules of Professional Conduct**

Rule  1.8.   Conflict of Interest: Current Clients: Specific Rules.

(a)  A lawyer shall not enter into a business transaction with a client or knowingly acquire an ownership, possessory, security or other pecuniary interest adverse to a client unless:

(1)  The transaction and terms on which the lawyer acquires the interest are fair and reasonable to the client and are fully disclosed and transmitted in writing in a manner that can be reasonably understood by the client;


(2)  The client is advised in writing of the desirability of seeking and is given a reasonable

opportunity to seek the advice of independent legal counsel on the transaction; and

(3)  The client gives informed consent, in a writing signed by the client, to the essential terms of the transaction and the lawyer's role in the transaction, including whether the lawyer is representing the client in the transaction.

(b)  A lawyer shall not use information relating to representation of a client to the disadvantage of the client unless the client gives informed consent, except as permitted or required by these Rules.

(c)  A lawyer shall not solicit any substantial gift from a client, including a testamentary gift, or prepare on behalf of a client an instrument giving the lawyer or a person related to the lawyer any substantial gift unless the lawyer or other recipient of the gift is related to the client. For purposes of this paragraph, related persons include a spouse, child, grandchild, parent, grandparent or other relative or individual with whom the lawyer or the client maintains a close, familial relationship.

(d)  Prior to the conclusion of representation of a client, a lawyer shall not make or negotiate an agreement giving the lawyer literary or media rights to a portrayal or account based in substantial part on information relating to the representation.

(e)  A lawyer shall not provide financial assistance to a client in connection with pending or contemplated litigation, except that:

(1)  A lawyer may advance court costs and expenses of litigation, the repayment of which may be contingent on the outcome of the matter; and

(2)  A lawyer representing an indigent client may pay court costs and expenses of litigation on behalf of the client.

(f)  A lawyer shall not accept compensation for representing a client from one other than the client unless:

(1)  The client gives informed consent;

(2)  There is no interference with the lawyer's independence of professional judgment or with the client-lawyer relationship; and

(3)  Information relating to representation of a client is protected as required by Rule 1.6.

(g)  A lawyer who represents two or more clients shall not participate in making an aggregate settlement of the claims of or against the clients, or in a criminal case an aggregated agreement as to guilty or nolo contendere pleas, unless each client gives informed consent, in a writing signed by the client. The lawyer's disclosure shall include the existence and nature of all the claims or pleas involved and of the participation of each person in the settlement.

(h)  A lawyer shall not:

(1)  Make an agreement prospectively limiting the lawyer's liability to a client for malpractice unless the client is independently represented in making the agreement; or

(2)  Settle a claim or potential claim for such liability with an unrepresented client or former client unless that person is advised in writing of the desirability of seeking and is given a reasonable opportunity to seek the advice of independent legal counsel in connection therewith.


(i)  A lawyer shall not acquire a proprietary interest in the cause of action or subject matter of litigation the lawyer is conducting for a client, except that the lawyer may:

(1)  Acquire a lien authorized by law to secure the lawyer's fee or expenses; and

(2)  Contract with a client for a reasonable contingent fee in a civil case.

(j)  A lawyer shall not have sexual relations with a client unless a consensual sexual relationship existed between them when the client-lawyer relationship commenced. This paragraph does not apply when the client is an organization.

(k)  A lawyer related to another lawyer as parent, child, sibling or spouse shall not represent a client in a representation directly adverse to a person whom the lawyer knows is represented by the other lawyer except upon informed consent by the client after consultation regarding the relationship.

(l)  A lawyer shall not stand as security for costs or as surety on any appearance, appeal, or other bond or surety in any case in which the lawyer is counsel.

(m)  While lawyers are associated in a firm, a prohibition in the foregoing paragraphs, with the exception of paragraph (j), that applies to any one of them shall apply to all of them.

[Added; effective May 1, 2006.]

**Defendant Marc J. Randazza has violated the Rules of Professional Conduct**

Rule  1.9.    Duties to Former Clients.

(a)  **A lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter** in which that person's interests are materially adverse to the interests of the former client unless the former client gives informed consent, confirmed in writing.

(b)  A lawyer shall not knowingly represent a person in the same or a substantially related matter in which a firm with which the lawyer formerly was associated had previously represented a client:

(1)  **Whose interests are materially adverse to that person;** and

(2)  About whom the lawyer had acquired information protected by Rules 1.6 and 1.9(c) that is material to the matter;

(3)  Unless the former client gives informed consent, confirmed in writing.

(c)  A lawyer who has formerly represented a client in a matter or whose present or former firm has formerly represented a client in a matter shall not thereafter:

(1)  Use information relating to the representation to the disadvantage of the former client except as these Rules would permit or require with respect to a client, or when the information has become generally known; or

(2)  Reveal information relating to the representation except as these Rules would permit or require with respect to a client.

[Added; effective May 1, 2006.]

**Defendant Marc J. Randazza has violated the Rules of Professional Conduct**

Rule  1.10.    Imputation of Conflicts of Interest.

(a)  While lawyers are associated in a firm, none of them shall knowingly represent a client when any one of them practicing alone would be prohibited from doing so by Rules 1.7, 1.9, or 2.2, unless the prohibition is based on a personal interest of the prohibited lawyer and does not present a significant risk of materially limiting the representation of the client by the remaining lawyers in the firm.

(b)  When a lawyer has terminated an association with a firm, the firm is not prohibited from thereafter representing a person with interests materially adverse to those of a client represented by the formerly associated lawyer and not currently represented by the firm unless:

(1)  The matter is the same or substantially related to that in which the formerly associated lawyer represented the client; and

(2)  Any lawyer remaining in the firm has information protected by Rules 1.6 and 1.9(c) that is material to the matter.

(c)  A disqualification prescribed by this Rule may be waived by the affected client under the conditions stated in Rule 1.7.

(d)  Reserved.

(e)  When a lawyer becomes associated with a firm, no lawyer associated in the firm shall knowingly represent a person in a matter in which that lawyer is disqualified under Rule 1.9 unless:

(1)  The personally disqualified lawyer did not have a substantial role in or primary responsibility for the matter that causes the disqualification under Rule 1.9;

(2)  The personally disqualified lawyer is timely screened from any participation in the matter and is apportioned no part of the fee therefrom; and

(3)  Written notice is promptly given to any affected former client to enable it to ascertain compliance with the provisions of this Rule.

[Added; effective May 1, 2006.]

**Defendant Marc J. Randazza has violated the Rules of Professional Conduct**

Rule  1.16.    Declining or Terminating Representation.

(a)  Except as stated in paragraph (c), a lawyer shall not represent a client or, where representation has commenced, shall withdraw from the representation of a client if:

(1)  The representation will result in violation of the Rules of Professional Conduct or other law;

(2)  The lawyer's physical or mental condition materially impairs the lawyer's ability to represent the client; or

(3)  The lawyer is discharged.

(b)  Except as stated in paragraph (c), a lawyer may withdraw from representing a client if:

(1)  Withdrawal can be accomplished without material adverse effect on the interests of the client;

(2)  The client persists in a course of action involving the lawyer's services that the

lawyer reasonably believes is criminal or fraudulent;

(3)  The client has used the lawyer's services to perpetrate a crime or fraud;

(4)  A client insists upon taking action that the lawyer considers repugnant or with which the lawyer has fundamental disagreement;

(5)  The client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled;

(6)  The representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client; or

(7)  Other good cause for withdrawal exists.

(c)  A lawyer must comply with applicable law requiring notice to or permission of a tribunal when terminating representation. When ordered to do so by a tribunal, a lawyer shall continue representation notwithstanding good cause for terminating the representation.

(d)  Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee or expense that has not been earned or incurred. The lawyer may retain papers relating to the client to the extent permitted by other law.

[Added; effective May 1, 2006.]

**Defendant Marc J. Randazza has violated the Rules of Professional Conduct**

Rule  1.18.    Duties to Prospective Client.

(a)  A person who discusses with a lawyer the possibility of forming a client-lawyer relationship with respect to a matter is a prospective client.

(b)  Even when no client-lawyer relationship ensues, a lawyer who has had discussions with a prospective client shall not use or reveal information learned in the consultation, except as Rule 1.9 would permit with respect to information of a former client.

(c)  A lawyer subject to paragraph (b) shall not represent a client with interests materially adverse to those of a prospective client in the same or a substantially related matter if the lawyer received information from the prospective client that could be significantly harmful to that person in the matter, except as provided in paragraph (d). If a lawyer is disqualified from representation under this paragraph, no lawyer in a firm with which that lawyer is associated may knowingly undertake or continue representation in such a matter, except as provided in paragraph (d).

(d)  When the lawyer has received disqualifying information as defined in paragraph (c), representation is permissible if:

(1)  Both the affected client and the prospective client have given informed consent, confirmed in writing, or:

(2)  The lawyer who received the information took reasonable measures to avoid exposure to more disqualifying information than was reasonably necessary to determine whether to represent the prospective client; and

(i)  The disqualified lawyer is timely screened from any participation in the matter and

is apportioned no part of the fee therefrom; and

        (ii)  Written notice is promptly given to the prospective client.

   (e)  A person who communicates information to a lawyer without any reasonable expectation that the lawyer is willing to discuss the possibility of forming a client-lawyer relationship, or for purposes which do not include a good faith intention to retain the lawyer in the subject matter of the consultation, is not a "prospective client" within the meaning of this Rule.

   (f)  A lawyer may condition conversations with a prospective client on the person's informed consent that no information disclosed during the consultation will prohibit the lawyer from representing a different client in the matter. If the agreement expressly so provides, the prospective client may also consent to the lawyer's subsequent use of information received from the prospective client.

   (g)  Whenever a prospective client shall request information regarding a lawyer or law firm for the purpose of making a decision regarding employment of the lawyer or law firm:

        (1)  The lawyer or law firm shall promptly furnish (by mail if requested) the written information described in Rule 1.4(c).

        (2)  The lawyer or law firm may furnish such additional factual information regarding the lawyer or law firm deemed valuable to assist the client.

        (3)  If the information furnished to the client includes a fee contract, the top of each page of the contract shall be marked "SAMPLE" in red ink in a type size one size larger than the largest type used in the contract and the words "DO NOT SIGN" shall appear on the client signature line.

   [Added; effective May 1, 2006; as amended; effective September 1, 2007.]


**Defendant Marc J. Randazza has violated the Rules of Professional Conduct,**
COUNSELOR,  Rule  2.1.  Advisor.   In representing a client, a lawyer shall exercise independent professional judgment and render candid advice. In rendering advice, a lawyer may refer not only to law but to other considerations such as moral, economic, social and political factors, that may be relevant to the client's situation.

   [Added; effective May 1, 2006.]


**Defendant Marc J. Randazza has violated the Rules of Professional Conduct,** Rule 3.2 (formerly Supreme Court Rule 171) is the same as ABA Model Rule 3.2 with the exception of paragraph (b). Paragraph (b) is a Nevada-specific provision with no Model Rule counterpart.


### Plaintiff Defendant Marc J. Randazza of Randazza Legal Group set out to Sabotage Plaintiff Crystal L. Cox from the Very First Conversation.


It is clear now that Plaintiff Defendant Marc J. Randazza of Randazza Legal Group set out to STOP Plaintiff, Plaintiff Investigative Blogger Crystal L. Cox from her APPEAL going to the Ninth Circuit.  It is clear that Defendant Marc J. Randazza of Randazza Legal Group and Co-Conspirators and Defendants will do whatever it takes to STOP the Appeal of Pro Se Plaintiff

Investigative Blogger Crystal L. Cox and remove investigative blogs exposing his and his Co-Conspirators and Defendants.

Now, over a year after that first conference call and Marc Randazza negotiating with Opposing Counsel David Aman, allegedly on behalf, Marc Randazza and Co-Conspirators and Defendants continues to do everything they can to STOP my Ninth Circuit Appeal of Obsidian Finance Group V. Crystal Cox and to removed blogs, content, domain names from the Internet Search that Expose Marc Randazza, Randazza Legal Group, Jordan Rushie, Greenberg Traurig and Ronald D. Green's clients for infringing on the iViewit Technology, whereby Eliot Bernstein is the founder of iViewit and one of the  iViewit Technology Inventors. Marc Randazza and Co-Conspirators and Defendants have tried to SEIZE / SELL Pro Se Plaintiff Investigative Blogger Crystal L. Cox right to appeal Obsidian Finance Group V. Crystal Cox  at a Sheriff's Sale in Multnomah County Oregon.

Marc Randazza and Co-Conspirators and Defendants have got unlawful unconstitutional court orders to SEIZE massive Domain Names of Pro Se Plaintiff Investigative Blogger Crystal L. Cox and Eliot Bernstein. Marc Randazza and Co-Conspirators and Defendants have removed massive links, blogs and domain names from the Internet via a Preliminary Injunction that has caused irreparable harm to the intellectual property, online content, domain names, civil rights, property rights, and quality of life of Pro Se Plaintiff Investigative Blogger Crystal L. Cox and Eliot Bernstein.

Eliot Bernstein is also a named defendant on the Docket of Oregon Civil Case #: 3:11-cv-00057-HZ, brought in by Tonkon Torp Law Firm, David S. Aman and Steven Wilker. Tonkon Torp Law Firm represented Enron, Intel, and is in Conspiracy with Skadden, Arps, Slate, Meagher & Flom LLP's Judith Kaye. All are involved in the iViewit Technology theft, SEC Complaint, RICO Complaint, and ongoing Federal Investigations and lawsuits related to the theft of the iViewit Technology, whereby Eliot Bernstein is the founder of iViewit and one of the iViewit Technology Inventors and to all are involved in the ongoing technology infringement of the  iViewit Technology.

**Defendant Ronald D. Green left a large law firm, Defendant Greenberg Traurig LLP, around July of 2012, in direct effort to Sabotage the online Media of Plaintiff, Investigative Blogger Crystal Cox who was reporting on the biggest Technology Theft in the World, the iViewlt Technology Theft. Of which Greenberg Traurig LLP is a named Defendant and has at Trillion Dollar Liability, as does the current clients of Defendant Ronald D. Green, alleged Co-Conspirator Defendant John C. Malone and Defendant Liberty Media Holdings and all media companies owned by Liberty Media in which infringe on the iViewit Video Technology.**

Defendant Greenberg Traurig LLP is named in the iViewit SEC Complaint, iViewit RICO Complaint and massive legal action relating to the iViewit Technology Theft. Defendant Ronald

D. Green was at Defendant Greenberg Traurig LLP and knows full well of the massive, undisclosed liability that Defendant Greenberg Traurig LLP has in regard to Eliot Bernstein and the iViewit Technology Company.  This is a massive Conflict and Randazza Legal Group, Defendant Ronald D. Green should NOT be representing his boss, Plaintiff Marc Randazza in this matter.

Defendant Ronald D. Green, left Defendant Greenberg Traurig LLP for Defendant Randazza Legal Group, to intentionally, deliberately be in a position to sabotage Eliot Bernstein and the Investigative Blogger reporting on the iViewit Technology Story, Plaintiff Crystal L. Cox.

Upon my Knowledge and Belief, Defendant Ronald D. Green, formerly with Defendant Greenberg Traurig LLP was sent to work at Randazza Legal Group by Defendant Greenberg Traurig LLP in order to sabotage Eliot Bernstein, by way of removing the blogs and online media of Plaintiff Crystal L. Cox .

Defendant Greenberg Traurig LLP filed legal action against the estate of Eliot Bernstein's father in September of 2012, just after Defendant Ronald D. Green left Defendant Greenberg Traurig LLP to work with Randazza Legal Group, and a few months before Defendant Ronald D. Green sued Eliot Bernstein and Crystal Cox in order to remove their online platforms reporting on the iViewit Technology Theft.

Defendant Marc J. Randazza gave **no "Remedy"** to Pro Se Plaintiff Crystal L. Cox or to Eliot Bernstein and thereby further violated the lawful and constitutional rights of Pro Se Plaintiff Crystal L. Cox and Eliot Bernstein, Founder of iViewit Technologies. And caused irreparable harm, without even asking for a retraction of any kind. this court, District of Nevada, should immediately grant judgement to Plaintiff Investigative Blogger Crystal L. Cox.

Defendant Marc J. Randazza did not ask for a retraction, nor give proof that anything Pro Se Plaintiff Crystal L. Cox posted was inaccurate or Defamatory. Defendant Marc J. Randazza simply committed fraud on the court and the court denied due process to Pro Se Plaintiff Crystal L. Cox and Eliot Bernstein Violated the Constitutional Rights of Pro Se Plaintiff Crystal L. Cox and Eliot Bernstein, and acted in Criminal and Civil Conspiracy with Defendant Marc J. Randazza to do so.

Defendant Marc J. Randazza side steps the Nevada Laws and SEIZING Massive Content, Removes Blogs, Steals Intellectual Property and then brags about it on his "Legal Commentary" blog.

Randazza V. Cox, District of Nevada Case 2:12-cv-02040-GMN-PAL is a Defamation Lawsuit, though in Defendant Marc J. Randazza's original complaint he says, Page 4 Line 20 thru 24,

"11. It is important to note that this lawsuit is not about defamation nor about Ms. Cox expressing her opinions.  Cox has every right to express her opinions.  However, she does not

have the right to do so in a manner which is contrary to Title 15's mandates, nor does she have the right to do so in a manner that is harassing or invasive.  Cox posting her opinion on <crystalcox.com> is just fine. "


**Yet in Document 48** of Randazza v. Cox, where Defendant Marc J. Randazza is asking the court to violated Pro Se Plaintiff Crystal L. Cox and Eliot Bernstein rights yet again by simply rejecting Pro Se Plaintiff Crystal L. Cox's complaint answer and counter complaint, in a Motion Called:  PLAINTIFFS' MOTION TO STRIKE Plaintiff Crystal L. Cox'S COUNTERCLAIMS AND ANSWER PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(f), OR, IN THE ALTERNATIVE, MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6), Defendant Marc J. Randazza via Co-Conspirator / Defendant Ronald D. Green, Ex-Attorney for Co-Conspirator / Defendant Greenberg Traurig, is quoted as saying,

**Page 2 Line 4 Says,**
"part of her plan to further defame and harass her victims"

So now Defendant Marc J. Randazza is claiming to be a victim defamed and harassed when really Pro Se Plaintiff Crystal L. Cox is an Investigative Blogger / Online Media and those companies and individuals that Defendant Marc J. Randazza via Co-Conspirator / Defendant Ronald D. Green claims to be "victims" are really companies, ceo's, individuals, trustees, officials, businesses and people that Media Plaintiff Crystal L. Cox is **"reporting on",** not defaming and harassing. However, this does prove, yet again that Randazza v. Cox a lawsuit whereby Defendant Marc J. Randazza is claiming that Pro Se Plaintiff Crystal L. Cox and Eliot Bernstein have defamed him and therefore he wants to Steal, SEIZE all blogs and domain names and to STRIKE all answer that oppose him or counter claims that expose Defendant Marc J. Randazza or his clients and co-conspirators.

Defendant Marc J. Randazza filed an unconstitutional SLAPP lawsuit against Pro Se Plaintiff Crystal L. Cox and Eliot Bernstein and then accuse Pro Se Plaintiff Crystal L. Cox of using her complaint answer to defame him further?

Defendant Marc J. Randazza has used his complaint to harass Pro Se Plaintiff Crystal L. Cox and Eliot Bernstein, defame EEe and to violate the Constitutional and Property Rights of Pro Se Plaintiff Crystal L. Cox and Eliot Bernstein.

Upon Knowledge and Belief of Plaintiff Crystal L. Cox, Defendant Marc J. Randazza used his gang stalking attorneys, and other "media" to highly publicize Randazza V. Cox, District of Nevada Case 2:12-cv-02040-GMN-PAL all over the Internet and in all manner of media and "Legal Commentary" yet Defendant Marc J. Randazza failed to, at that time even attempt to serve Pro Se Plaintiff Crystal L. Cox or Eliot Bernstein with this complaint.

Upon Knowledge and Belief of Plaintiff Crystal L. Cox, Defendant Marc J. Randazza simply filed

the complaint then bragged about it, publicized it and defamed defendants, made a mockery of defendants and all the while had not even notified them of the lawsuit.

I, Pro Se Plaintiff Crystal L. Cox had to contact the court to serve myself so that I could defend myself and now Co-Conspirator / Defendant Ronald D. Green Attorney for his Boss, Defendant Marc J. Randazza wants the court to simply STRIKE my Response, my Answer and my Counter Claim.

TO my, Pro Se Plaintiff Crystal L. Cox's knowledge, Eliot Bernstein has still not been served District of Nevada Case 2:12-cv-02040-GMN-PA.

Upon Knowledge and Belief, Defendant Marc J. Randazza and Alleged Co-Conspirator / Defendant Ronald D. Green wishes to take away all Pro Se Plaintiff Crystal L. Cox and Eliot Bernstein blogs, seize the constitutional rights of Pro Se Plaintiff Crystal L. Cox and to suppress information regarding the iViewit Technology, worth 13 Trillion Dollars.

Upon Knowledge and Belief of Plaintiff Crystal L. Cox, Co-Conspirator / Defendant Ronald D. Green Attorney for his Boss, Defendant Marc J. Randazza privately met with, conspired with, Defendant Judge Gloria Navarro regarding a docket change, without the consultation of Pro Se Plaintiff Crystal L. Cox. This Nevada Court removed 100's of descriptions of Exhibits from the docket, without a word of explanation to Pro Se Plaintiff Crystal L. Cox and in conspiracy with Defendant Marc J. Randazza and Co-Conspirator / Defendant Ronald D. Green.

**Under Nevada Law, a defamation plaintiff may recover no more than special damages unless a proper retraction Request has been made on the publisher and a retraction has been refused. In order to provide that protection the retraction must be published within twenty days from receipt of the Request. NRS §41.331, et seq.**

In Nevada Law regarding retractions, generally, the person making the Request should tell you what was said, why it is defamatory, what the true facts are, and how, when, and where they want a retraction published. NRS §41.336(2). NRS §41.337.

Upon Knowledge and Belief of Plaintiff Crystal L. Cox, Defendant Marc J. Randazza was awarded way more than "Special Damages" by Defendant/ Co-Conspirator Judge Gloria Navarro. Defendant Marc J. Randazza SEIZED / Was Awarded massive blogs, domain names, and thereby removed thousands of links and blog posts in one sweep of an illegal, unethical Preliminary Injunction.

This action, this fraud on the court, and Violation of the Civil Rights, Constitutional Rights and Legal Rights of Pro Se Plaintiff Crystal L. Cox and Eliot Bernstein cannot be undone. These blogs and connected posts  took years to build, these domain names and connected blogs, this online media network took over $750,000 and 10 years to build, built by Pro Se Plaintiff Crystal L.

Cox and her Business Partner.

Upon Knowledge and Belief, This action, this fraud on the court and Violation of the Civil Rights, Constitutional Rights and Legal Rights of Pro Se Plaintiff Crystal L. Cox and Eliot Bernstein not only has done damage to a massive online media network, interconnected to thousands of blogs and hundred of blog posts by Media Defendant / Pro Se Plaintiff Crystal L. Cox, but this court, District of Nevada, action has removed links, content, blogs that exposed the biggest Technology Theft in the World, the iViewit Technology, whereby Eliot Bernstein is one of the Inventors, and which is estimated to be a 13 Trillion Dollar Technology. This fraud on the court has harmed federal investigations, patent investigations, and interred with Multi-Billion Dollar Settlement Negotiations. This damage cannot be undone.

Yet this Nevada Court orders a Bond of 100 Dollars per domain name and values the life's work, livelihood, intellectual property, quality of life, of Pro Se Plaintiff Crystal L. Cox and Eliot Bernstein as 100 Dollars per domain name. And if this is not unlawful, unconstitutional, violating is not enough, in Civil and Criminal Conspiracy, Godaddy Inc., Bob Parsons does NOT lock the Domain Names, instead Godaddy moves the Domain Names to the account of Defendant Marc J. Randazza and does not LOCK the Servers, therefore thousands of incoming links NOW redirect to ONE Blog Post on Defendant Marc J. Randazza's blog, a blog post slamming, defaming, threatening, painting in false light and criminally endangering Pro Se Plaintiff Crystal L. Cox and Eliot Bernstein.

**Defendant Marc Randazza took Plaintiff Crystal Cox's Assets without First Amendment Adjudication and without asking for a Retraction, this is a violation of law and Plaintiff Crystal Cox is due compensation.**

### Cause of Action 3.)  Civil Conspiracy.  42 USC § 1985 - Conspiracy to interfere with Civil Rights, Title 18, U.S.C., Title 18, U.S.C., Section 241 Conspiracy Against Rights, Title 18, U.S.C., Section 242 Deprivation of Rights Under Color of Law.

Plaintiff Crystal L. Cox re-alleges and fully incorporates ALL preceding paragraphs in their entirety.

Upon Knowledge and Belief, Plaintiff Crystal Cox claims that she was harmed by Defendants acting in conspiracy to discredit her, defame her, pressure her to stop a federal court appeal, ruin her reputation acting together in online publications, speaking with each other and acting in concert and connection to each other to defame Plaintiff Cox

and pressure her to stop her appeal in a high profile free speech case.

Upon Knowledge and Belief, Plaintiff Crystal Cox claims that Defendants are responsible for the harm caused to the reputation of Plaintiff's search engine business, investigative blog business and connected contracts and potential jobs, damage to interpersonal relationships and business relationships, inciting hate and affecting her quality of life, putting her under extreme hate and duress.

Upon Knowledge and Belief, Plaintiff Crystal Cox claims that Defendants emailed each other, spoke on the phone and in person and conspired to damage the reputation, business and life of Plaintiff Crystal Cox. And conspired to discredit the merits of Crystal Cox's appeal in order to favor Defendants ongoing Trade, pressure Plaintiff Cox to stop her appeal or take a settlement offer, harass and threaten Plaintiff Cox, pressure Cox to silence her voice online, use these conspired publications to sue Plaintiff Cox and shut down blogs belonging to Plaintiff Cox.

Upon Knowledge and Belief, Defendants were aware that Plaintiff Crystal Cox had not been convicted of Extortion, and had not been under federal or local authorities investigation for the crime of Extortion, yet Defendants knowingly and in conspiracy with each other launched a continually campaign over 17 months and still ongoing, in order to paint Plaintiff Cox out to be guilty of extortion and thereby ensuring that Plaintiff Cox receive no more independent contracts for media related service, no search engine management clients and put Plaintiff Cox under massive pressure to force her to stop her ninth circuit appeal in Obsidian v. Cox.

Upon Knowledge and Belief, Defendants agreed that Plaintiff Cox was guilty of Extortion and that they would paint her out to be an extortionist, based on their own personal agreements of causing such harm and not based on any fact of conviction of Plaintiff Cox of the crime of Extortion.

Defendants are liable for the damage they have caused Plaintiff Cox personally and professionally over the last 17 months, and the irreparable, immeasurable damage their actions will cause for the remainder of Plaintiff's Cox's life.

"As long as two or more persons agree to perform a wrongful act, the law places civil liability for the resulting damages on all of them, regardless of whether they

actually commit the tort themselves. 'The effect of charging . . . conspiratorial conduct is to implicate all . . . who agree to the plan to commit the wrong as well as those who actually carry it out.' " (*Wyatt v. Union Mortgage Co.* (1979) 24 Cal.3d 773, 784 [157 Cal.Rptr. 392, 598 P.2d 45], internal citations omitted.)

"The elements of a civil conspiracy are '(1) the formation and operation of the conspiracy; (2) the wrongful act or acts done pursuant thereto; and (3) the damage resulting.' " (*Mosier v. Southern California Physicians Insurance Exchange* (1998) 63 Cal.App.4th 1022, 1048 [74 Cal.Rptr.2d 550], internal citations omitted.)

Defendants have engaged in conspiracy to harm Plaintiff Cox.

Under California Law and Federal Law Defendants have engaged in tortuous conduct based on civil conspiracies that discriminate against Plaintiff Cox

The Cartwright Act governs actions based on conspiracies in restraint of trade. Defendants have acted in conspiracy against Plaintiff's Trade.

Defendants agreed, conspired, and engaged in collusion to deprive Plaintiff Cox of her reputation, future media contracts, right to quiet enjoyment and quality of life, business opportunity, and put Plaintiff Cox under extreme duress, hatred, and ongoing retaliation.

Upon Knowledge and Belief, Each Defendant agreed and published false and defamatory statements to a third party concerning Plaintiff Cox in order to discredit Plaintiff Cox and paint her in false light in order to further their cause, their agenda and their first amendment rights over the rights of Plaintiff Cox.

Many Defendants such as Forbes and the New York Times are large corporations. These defendants conspired to defame, discredit, humiliate and paint Plaintiff Cox in false light in order to STOP Plaintiff Cox from having support in her appeal to the ninth circuit in Obsidian v. Cox which is a case directly involving the rights of blogger vs. the rights of Media such as Forbes and the New York Times.

As a direct and proximate result of Defendants conduct, Plaintiff Crystal Cox has suffered and will continue to suffer, monetary loss, emotional suffering, quality of life suffering, irreparable injury to her business, reputation and good will.

Under NRS 597.810, Plaintiff Cox is entitled to relief, actual damages and punitive damages.

**Defendants such as Forbes and the New York, as well as other John and Jane Doe Defendants desperately needed to slow down, or even halt the Crystal Cox Story as it had set off a global alarm in a ruling that bloggers are not journalists.**

This opened a decade long debate and controversy on just who is concerned a journalist, as a matter of law. Most had thought this was established long ago and was shocked at this new development and flat out statement that a blogger is not a journalist and therefore does not have equal rights under the law or the constitution.

Defendants such as Forbes and the New York, as well as other John and Jane Doe Defendants needed the Crystal Cox case to have immediate discrediting tactics and to even do all possible to actually stop her from appealing in whatever means necessary.

News spread quickly of a federal judge ruling that a blogger reporting on a a high profile bankruptcy trustee was not a journalist and therefore was not protected under shield laws, retraction laws, and other reporters privilege laws because she was a blogger and not associated with any known media.

Not only had this federal judge ruled that laws that apply to traditional media do not apply to new media and bloggers, but also this judge ruled that the First Amendment did not apply to this blogger, because she was not a journalist. Thereby completely disregarding the fact that she is a citizen of the United States and is equally protected under the constitution as any other person, whether a journalists, reporter or any other citizen. This too caused massive alarm and controversy.

There were scholars, lawyers, independent media worldwide, and all manner of uproar in

defense of Plaintiff's rights. Defendants such as Forbes and the New York, as well as other John and Jane Doe Defendants desperately needed to change the public perception of this situation and to halt the global uproar defending Cox in this manner, and thereby defending the rights of all whistle blowers, bloggers, and citizen journalists.

So Defendants such as Forbes and the New York, as well as other John and Jane Doe Defendants began to paint Plaintiff Cox out to be a Criminal and to defame, humiliate, harass and discredit Plaintiff Cox in order to quiet her supporters and to squash the idea that she should have equal protection as traditional media.

Defendant Kashmir Hill, Forbes, took an email from Defendant Kevin Padrick completely out of context, without research of facts and used this as her ammunition to discredit Plaintiff Cox worldwide. Defendant Kashmir Hill, Forbes used this partial email out of context and painted a picture of Crystal Cox as a criminal guilty of extortion. Defendant Kashmir Hill, Forbes also accused Cox of extorting Defendant Marc Randazza who was Cox's attorney briefly and of attacking a toddler via blog. None of which is true, and is defamation as a matter of law.

After Getting massive pressure on the Ruling, the Judge in the case joined the Defendants in discrediting Plaintiff Cox and suddenly in a denial for a new trial, Judge Marco Hernandez claimed that bloggers can be journalists just not this blogger. This judge suddenly turned a civil case into a criminal case and insinuated that Cox was not a journalist because of her standards, ethics and even seemed to used the words of an email from Crystal Cox sent in her pro se capacity, long after the blog post she was on trial for, as some NEW reason that Plaintiff Cox was not a journalist and therefore not protected under the laws that apply to journalists nor was Plaintiff Cox protected under the constitution of the United States.

Judge Marco Hernandez singled out blogger Crystal Cox in selective prosecution as if to be the only blogger in the world that did not have free speech rights, first amendment rights or equal rights as traditional journalists.  Judge Marco Hernandez did this to appease Defendants such as Forbes and the New York, as well as other John and Jane Doe Defendants, as it is not based in law, facts nor even the established merits of the Crystal Cox Case.

KBOO Radio station in Portland Oregon, a small supposedly independent Radio station reported to Plaintiff Cox that they had received a memo telling them to stay clear of the Crystal Cox story. It is reported that this memo went to all "traditional" media and demanded, suggested and even threatened to stop funding if they reported on the Crystal Cox case.

It seemed that even Democracy Now had been involved in quieting the Crystal Cox story as quickly as possible and the easiest way to do this was to discredit Plaintiff Cox, make her look as if she is a criminal and somehow paint her out to be some kind of monster attacking a "toddler".

Defendants are liable for the damage they have caused Plaintiff Cox personally and professionally over the last 17 months, and the irreparable, immeasurable damage their actions will cause for the remainder of Plaintiff's Cox's life.

As you read the following please note that this issue is heightened by the fact that it is not simply a matter of an Oregon blogger allegedly defaming an  Oregon Financial Company. As Obsidian is involved in multiple state activities, and blogger Crystal Cox was a resident of Montana when Obsidian sued her, and was a resident of Colorado when the Blog post she went to trial for was published. This is not simply a state matter, and has global impact

OBSIDIAN FINANCE GROUP, LLC., ET AL., v. Crystal Cox Ninth Circuit Amicus Brief Points regarding the importance of the Obsidian V. Cox case and the motive to violate anti-trust laws and involve in conspiracy to discredit, defame, intimidate, harass and ruin Plaintiff Cox.

Defendants are engaged in conspiracy to discredit Plaintiff Cox, in a desperate attempt to keep their monopoly of journalistic privilege, reporter privilege and free speech.

Defendants are engaged in conspiracy to defame Plaintiff Cox in effort to discredit blogs in the legal precedence as a viable source of news in direct competition with Defendant Forbes and Defendant New York times as well as other John and Jane Doe Defendants.

Points regarding Obsidian V. Cox, and its massive importance to New Media, made in the BRIEF AMICUS CURIAE OF THE REPORTERS COMMITTEE FOR FREEDOM OF THE PRESS. Below are quotes from this brief, in effort to show the importance of the Obsidian v. Cox case and the motive for Defendants to STOP Plaintiff Cox from appealing, and at the same time single her out, discredit her and paint her in a false light as undeserving of constitutional rights and protection under the laws that protect traditional journalists / reporters.

"Amicus has a strong interest in ensuring that courts apply broad constitutional protections to all manner of journalists subject to defamation suits, whether mainstream reporters or bloggers. Amicus has concerns about the lower court's interpretation and application of Oregon's defamation law, particularly its analysis concerning when speakers can be classified as members of the media and what speech constitutes matters of public concern."

"The decision in the trial court below turned on whether a blogger defendant was a journalist and whether her speech involved a matter of public concern – both of which affects the standard of liability under Oregon law."

"In addressing the question of who qualifies as a member of the news media, the lower court adopted several restrictive criteria that do not take into account the fast-evolving nature of the journalism profession and that severely limited the class of individuals who can take advantage of the increased First Amendment protections that limit the law of defamation. The determination of whether a particular person qualifies for such protections cannot be based on what a journalist's job traditionally has been; rather, any test must be closely matched to the constitutionally protected function journalists perform.

In assessing whether the speech in this case involved a matter of public concern, the lower court focused on the status of the plaintiffs and pointed out the lack of public debate in the subject matter of the speech. But speech that has yet to stir any public controversy may be no less a matter of public concern than speech that arises after a public dispute develops. To hold otherwise has the potential to

provide newsgatherers who are first to alert the public to potential misconduct –breaking the story before there is any public awareness, much less interest – a lesser degree of constitutional protection than individuals who speak out only after the public is already aware of the facts of the story. Such a rule would turn First Amendment jurisprudence on its head. The lower court is in

error and should be reversed."


"The distinction between media and non-media defendants in private-figure libel suits creates a heightened interest in broadly defining the term "news media.""


"The distinction between the standard of liability for a media defendant and a nonmedia defendant thus makes the definition of that term critically important in libel cases decided under Oregon law."


"Courts must interpret the term "media defendant" broadly enough to include any content providers who have the intent, when gathering information, to disseminate it to the public."


"Long before the advent of the Internet, the Supreme Court recognized that the definition of "press" does not depend on the medium of distribution of the speech in question."


The press in its historic connotation comprehends every sort of publication which affords a vehicle of information and opinion." 303 U.S. 444, 452 (1938). Indeed, many courts and legal scholars have openly expressed their concerns with the difficulties of defining who may fairly be classified as a journalist.

Many courts, including this one , have adopted workable definitions of news media in reporter's privilege cases, holding that a testimonial privilege applies to individuals engaged in the practice of compiling information for public dissemination. The criteria adopted encompass not simply the traditional press but also nontraditional newsgatherers such as those who, without any affiliation with a recognized media entity, publish their material online."

*"The U.S. Court of Appeals for the Second Circuit was among the first to establish that a nontraditional journalist can invoke a reporter's privilege when, at the time of the newsgathering, he or she has the intent to investigate and disseminate news to the public."*

*"The U.S. Court of Appeals for the Second Circuit was among the first to establish that a nontraditional journalist can invoke a reporter's privilege when, at the time of the newsgathering, he or she has the intent to investigate and disseminate news to the public. "*

*".., it is the author's function that determines whether he or she could be fairly classified as a member of the media and therefore entitled to the constitutional protections.."*

*"Courts must apply a broad definition of whether speech is in the public interest for purposes of establishing the standard of fault in libel cases." "The question of what constitutes a matter of public concern must be answered broadly to protect constitutional interests."*

*"the analysis the lower court undertook in determining that Crystal Cox's speech was not a matter of public concern was too narrow to comply with the broad principles outlined by both this Court and the Supreme Court. Obsidian Finance Group, LLC v. Crystal Cox, No. 3:11-cv-57-HZ (D. Or. March 27, 2012). The lower court attempted to distinguish Cox's case with several cases she cited in her brief in support of her motion for a new trial by emphasizing that those cases demonstrated a higher level of public concern by exposing political corruption. Id. Such a narrow interpretation of the public concern test is at odds with both this Court and the Supreme Court. "*

## Defendants have great motive to STOP Crystal Cox and to defame and discredit Plaintiff Crystal Cox.

OBSIDIAN FINANCE GROUP, LLC, ET AL., v. Crystal Cox Ninth Circuit Amicus Brief Points regarding the importance of the Obsidian V. Cox case and the motive to violate anti-trust laws and involve in conspiracy to discredit, defame, intimidate, harass and ruin Plaintiff Cox.

Here are quotes from the United States Court of Appeals for the Ninth Circuit Scotus Blog ("Supreme Court of the United States Blog" ) amicus brief, illustrating the importance of the Crystal Cox case, and why big media wants to discredit, defame, and paint Crystal Cox in false light.

"SCOTUSblog would also be unable to show that it has "credentials or proof of affiliation with any recognized news entity." The Supreme Court and Senate Press Gallery have refused to grant the blog a press credential."

"SCOTUSblog respectfully asks this Court to make clear that non-traditional news sources, such as blogs, that provide a useful public service by gathering, analyzing, and disseminating information are entitled to the same First Amendment protections as traditional news media even if they cannot make most of the showings outlined by the district court in this case. "

"...s this brief to illustrate for the Court how a "blog" that provides a useful public service and that ought to receive the protections of the First Amendment .."

"The prospect that the blog could face lawsuits like the one at issue here, causing the blog to incur high legal costs to defend against a lawsuit and, if found liable, substantial money damages, will certainly have a chilling effect on the content of our posts. And that chilling effect will in turn result in less complete coverage of the events that transpire at one of the country's least understood, but most consequential, institutions: the Supreme Court of the United States."

"SCOTUSblog Could Not Satisfy Several Of The Criteria Articulated By The District Court." The question presented by this case creates significant concerns for SCOTUSblog, because of the prospect that it too could face lawsuits like the one filed by Obsidian in this case. Specifically, like Cox, the blog and its staff could not make several of the showings outlined by the district court in this case, leaving it vulnerable to an adverse decision in a defamation case."

**If Defendants such as Forbes and the New York, as well as other John and Jane Doe Defendants could effectively discredit Plaintiff Cox or even stop her from appealing her case or giving up her appeal**

Defendants pressured Plaintiff Cox with emails such as from Defendant Jason Jones threatening that if Plaintiff Cox does not cut a deal and not appeal that he would interject himself into her case, her life and Defendant Jones has followed through, 17 months and counting of blog attacks, hate, defamation and retaliation against Cox. This after he emailed her and demanded she do as he says, as he wishes her to do in the Obsidian case or he will take action. Cox refused to do as Jones demanded and he followed through with her threats.

Plaintiff Cox has had offers to settle, threats, harassment, retaliation and even had her rights to appeal go to auction in Portland Oregon.

In November of 2012, Defendant David Aman and Defendant Steven Wilker of Tonkon Torp Law Firm conspired with Defendant Marc Randazza, Cox's former Attorney, and they filed documents in Jefferson County, Washington and in Multnomah County Oregon in order to file a judgement lien on Plaintiff's Cox's right to appeal Obsidian v. Cox, as an asset.

**Multnomah County Sheriff Office Case Number 1212-15329**

Keep in mind that Plaintiff Crystal Cox is pro se in the matter of her judgment, her assets and the execution of a $2.5 million dollar judgement. And that Cox has attorney representation on her appeal to the Ninth Circuit, which is UCLA Law Professor Eugene Volokh.  At the time of this judgement lien filing Crystal Cox's appeal briefs were half way through.  Crystal Cox represented herself on matters of the judgement and therefore the conspiring of lawyers Defendant David Aman and Defendant Steven Wilker of Tonkon Torp Law Firm conspired with Lawyer Defendant Marc Randazza and Lawyer ( Plaintiff in Obsidian v. Cox) Defendant Kevin D. Padrick.

Defendant Marshall Ross, Senior Deputy for Defendant Daniel Staton, Sheriff in the name of the State of Oregon and of the Multnomah County Sheriff's Office issued a NOTICE of Judicial Sale of Crystal Cox's "right to appeal" Obsidian v. Cox., by virtue of a Writ of Execution, in the name of the State of Oregon, mailed to Cox by Defendant David Aman and Defendant Steven Wilker of Tonkon Torp Law Firm  delivered to Cox through the USPS and a Sheriff's sale to follow on the steps of the Multnomah County Courthouse.

### Multnomah County Sheriff NOTICE of Judicial Sale

"Case No. 1212-15329 - By virtue of a Writ of Execution issued out of the Circuit Court of the State of Oregon from Multnomah County, in the case entitled: In the Matter of a Foreign Judgment Rendered in the Case of Obsidian Finance Group, LLC and Kevin D. Padrick, Plaintiffs vs Crystal Cox, Defendant, on the 3rd day of January 2013, I levied upon the following intangible personal property of Crystal Cox, judgment debtor; to-wit:

All of judgment debtor's rights and interests in connection with the case originally filed in the United States District Court for the District of Oregon, styled as Obsidian Finance Group v. Cox, Case No. 3: 11-cv-57-HZ, and now pending in the United States Court of Appeals for the Ninth Circuit, Case Nos. 12-35238 and 12-35319, including her right to pursue an appeal in the matter.

Notice is hereby given that on Wednesday the 16th day of January 2013, at 10:30 AM at the east front entrance to the Multnomah County Courthouse, 1021 SW 4th Ave., Portland, OR, in Multnomah County, Oregon, I will sell the above described intangible property to the highest bidder for cash in hand; judgment creditor may bid against the judgment.

Full payment at time of sale in U.S. Currency required - no checks of any type accepted.

All potential bidders are subject to inspection of funds prior to or during participation in the auction. Individuals without proof of sufficient funds will not be allowed to participate.

DANIEL STATON, Sheriff

Marshall Ross, Senior Deputy

503-251-2516

Civil Unit"

This Judicial Sale Notice was executed in the name of the State of Oregon.

Defendants would have succeeded in taking this right to appeal from Cox, who had no representation in the matter of her judgement, had she not been diligent in checking her

local mail and made a pitch to Attorney Eugene Volokh to aid her in this matter, and sign the appropriate contracts for representation in this matter and all over the Christmas holiday. Defendants tried to slip this in and flat out STEAL Plaintiff Cox's right to appeal a $2.5 Million Judgement and a Free Speech precedence that is the first of it's kind.

" to use state law proceedings to cut off the federal appellate process, and to eliminate defendant Crystal Cox's right to appeal. They have requested that the Multnomah County Sheriff seize and then sell Cox's "right to pursue an appeal"—as part of Cox's "intangible personal property." The Multnomah County Sheriff has scheduled a sale on Cox's right to appeal on January 16, 2013. Plaintiffs presumably plan to buy the right at auction for a nominal sum. (No one besides plaintiffs and defendant would find the right valuable.) Once plaintiffs acquire this right, it seems likely that they would try to use it to stop pursuing the appeal, whether by declining to file a reply brief, by declining to defend the cross-appeal, by declining to provide substantive argument at oral argument, or (most likely) by trying to dismiss the appeal.

This end run around Cox's federally secured rights to pursue the appeal in this case is improper, and ought to be blocked so that the appeal can proceed the way the Federal Rules of Appellate Procedure provide. This is so for six related reasons.

First, plaintiffs' attempt to seize Cox's appeal rights contravenes the Federal Rules of Appellate Procedure, which provide that appeal decisions must be made by the appellant, with no provision for forcible seizure of those rights. See Part I, infra.

Second, while some federal and state statutes require an appeal bond for the amount of the judgment before defendants may appeal, the Rules reject any such requirement, thus securing poor defendants' ability to appeal even if they cannot afford such a bond. A supersedeas bond may be required for the amount of the judgment to stay the execution of the judgment, but no bond for the amount of the judgment is required to pursue the appeal itself. Plaintiffs' attempt, if successful, would contradict the Rules by effectively precluding poor defendants from appealing unless they can file a supersedeas bond and thus stay the execution of the judgment. See Part II, infra.

Third, plaintiffs' attempt to block this appeal would violate Cox's First Amendment rights to independent appellate review in libel cases. See Part III, infra.

Fourth, plaintiffs' attempt to block this appeal would violate Cox's First Amendment rights to petition the Ninth Circuit for redress of grievances. See Part IV, infra.

Fifth, plaintiffs' attempt to use state procedures to block a federal appeal impermissibly intrudes on the authority of the federal courts. See Part V, infra.

Sixth, a defendant's right to pursue an appeal is not an intangible property interest under Oregon law, and thus cannot be subject to levy and sale. See Part VI, infra.

"Cox moves for a temporary restraining order that would bar plaintiffs from attempting to buy her right to appeal at any forced sale, or in any transaction resulting from the forced sale.

Cox likewise moves that the Sheriff of Multnomah County be restrained under such an order from conducting the forced sale. The Sheriff is a "person[] who [is] in active concert or participation" with plaintiffs, FED. R. CIV. P. 65(d)(2)(C), in that he is planning to conduct the forced sale pursuant to a request by the plaintiffs (Exhibit 1 at 1), and in a context in which the plaintiffs or the plaintiffs' agents are likely to be the buyers. Under FED. R. CIV. P. 65(d), an order of this court could bind the Sheriff not to effectuate plaintiffs' attempt to circumvent the federal appellate process."

"The Federal Rules of Appellate Procedure Preclude Seizing or Otherwise Transferring the Appellant's Powers to Pursue the Appeal"

"The Federal Rules of Appellate Procedure Secure Defendants' Rights to Appeal, Even When Defendants Lack the Assets for Filing a Supersedeas Bond."

"erroneous denial of constitutional protection is a violation of constitutional rights, appellate courts must "exercise [independent] review in order to preserve the

*precious liberties established and ordained by the Constitution." Id. at 511. Second, independent appellate review should help "confine the perimeters of any unprotected category within acceptably narrow limits in an effort to ensure that protected expression will not be inhibited." Id. at 505.*

*The content of many Free Speech Clause rules "is not revealed simply by [the rule's] literal text"; rather, the rules must be "given meaning through the evolutionary process of common-law adjudication." Id. at 502. Therefore, appellate judges, "as expositors of the Constitution, must independently decide whether the evidence in the record is sufficient to cross the constitutional threshold." Id. at 511. This rule has been repeatedly applied in libel cases. See, e.g., Harte-Hanks Communications, Inc. v. Connaughton, 491 U.S. 657, 685–86 (1989); Time, Inc. v. Pape, 401 U.S. 279, 284 (1971); New York Times Co. v. Sullivan, 376 U.S. 254, 284–85 (1964*

*"Plaintiffs' Attempt to Use State Remedies to Interrupt a Federal Appeal Violates the Supremacy of Federal Law"*

*"Oregon Law Precludes Levying on a Defendant's Appeal Rights, Because Those Rights Do Not Constitute "Property""*

"A defendant-appellant's right to pursue an appeal, in the hope of erasing a judgment against her, does not qualify as a property right under these precedents. Neither federal law nor Oregon law has ever described this right as being "owned." It lacks the normal incidents of ownership, such as alienability. See Part I, supra. It is not "something that . . . may be . . . possessed," nor does it constitute an "exclusive right to possess, use, enjoy, or dispose of a thing."

Excerpts from the EFF Amicus Brief, further proof of how important this case is to citizen journalists, new media, bloggers and free press AND why Defendants have fought so hard to defame, harass, threaten and retaliate against Plaintiff Cox.

"The jury's verdict of November 29, 2011, finding the Defendant Crystal Cox liable for $2.5 million in defamation damages, is troubling not only because of the erroneous defamation standard applied and because of the excessively high award but also because of the speech chilling message it sends to the broader Internet community. The First Amendment protects all speakers, not just the press, from strict defamation liability. Moreover, protected-though-critical speech cannot be the basis for a verdict reached by a sympathetic jury. Especially when read in light of the Court's (unnecessary and erroneous) additional rulings regarding if and how online speakers can earn an elevated "media" or "press" status, these findings paint an unnecessarily risky legal landscape for such speakers in the district, one at odds with the First Amendment and Oregon law. Accordingly, the jury's verdict should be overturned and a new trial granted. Moreover, amicus urges the Court to additionally reconsider its rulings denying the Defendant the protections of Oregon's retraction and shield law statutes. "

"Under the First Amendment, contrary to the Court's Order of November 30, 2011, a successful defamation action requires at least a showing of negligence, regardless of the "media" status of the defendant. As the jury found Cox liable for defamation pursuant to jury instructions that did not include such a limitation, the verdict must be overturned and a new trial granted. Moreover, the jury's award – $2.5 million based on a single blog post, undifferentiated from the myriad other allegedly defamatory posts that the Court eventually found to be protected speech under the First Amendment – was excessive and unsupported by sufficient evidence and thus cannot stand. Combined with the other overreaching rulings regarding Cox's media status, these errors will leave online speakers in the district unnecessarily and unconstitutionally chilled."

"The Jury's Award Was Excessive and Lacked an Evidentiary Foundation. EFF also agrees with the Defendant that the jury's damages award was unsupported by the evidence"

"The Court's Additional Erroneous Findings Regarding the Defendant's

Media Status Amplifies the Impact of the Improper Jury Instruction and

Threatens to Further Chill Speech.

*Amicus is concerned not only with the improper application of First Amendment*

*standards to the Internet speaker in the immediate case but also with the message that the Court's rulings will send to the broader Internet community. Combined with the pre-trial rulings filed by the Court on November 30, 2011, they together threaten to chill speech in contravention of the First Amendment. Therefore, in addition to granting Defendant's motion for a new trial, amicus strongly urge the Court to reconsider two of its previous First Amendment decisions regarding the Defendant's "media" status."*

*"While the scope of the First Amendment protections afforded to Internet journalists is a salient and important question, here the primary question was not whether "a self-proclaimed 'investigative blogger' is considered 'media' for the purposes of applying a negligence standard in a defamation claim" but whether all speakers enjoy the same affirmative First Amendment protections regardless of media status."*

**Title 18, U.S.C., Section 241 - Conspiracy Against Rights, Title 18, U.S.C., Section 242 - Deprivation of Rights Under Color of Law, Title 18, U.S.C., Section 245 - Federally Protected Activities, Provisions against Conspiracies to Interfere with Civil Rights (42 U.S.C. § 1985), Section 241 of Title 18 is the civil rights conspiracy statute, Conspiracy Against Rights, 18 U.S.C. § 241. Section 241 of Title 18**

Defendants not only stated that Plaintiff Cox was engaged in Extortion, which is a crime but actually stated that Plaintiff Cox was an Extortionist, insinuated that Plaintiff Cox had been convicted of the crime of extortion by a court of law. And misleading the public at large, the world as to the merits of the Crsytal Cox case being criminal in nature, when in fact Obsidian v. Cox was a civil trial regarding a defamation allegation and NOT a criminal trial regarding accusations of Extortion.

In fact Plaintiff Crystal Cox was not even under investigation for Extortion, was not on trial for Extortion, had no criminal complaint of extortion filed against her, and

was not found guilty by a court of law, a judge, or any other official, for the crime of Extortion.

Defendants acted in conspiracy against the rights of Plaintiff Cox and have cause immeasurable, irreparable harm to Plaintiff Cox.

FRAUD ON THE COURTS

## FRAUD on the COURT Regarding Adjudication and First Amendment Concerns / Issues

In the United States, when an officer of the court is found to have fraudulently presented facts to court so that the court is impaired in the impartial performance of its legal task, the act, known as "fraud upon the court", is a crime deemed so severe and fundamentally opposed to the operation of justice that it is not subject to any statute of limitation.

Officers of the court include: Lawyers, Judges, Referees, and those appointed; Guardian Ad Litem, Parenting Time Expeditors, Mediators, Rule 114 Neutrals, Evaluators, Administrators, special appointees, and any others whose influence are part of the judicial mechanism. "Fraud upon the court" has been defined by the 7th Circuit Court of Appeals to "embrace that species of fraud which does, or attempts to, defile the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery can not perform in the usual manner its impartial task of adjudging cases that are presented for adjudication". Kenner v. C.I.R., 387 F.3d 689 (1968); 7 Moore's Federal Practice, 2d ed., p. 512, ¶ 60.23

In Bulloch v. United States, 763 F.2d 1115, 1121 (10th Cir. 1985), the court stated "Fraud upon the court is fraud which is directed to the judicial machinery itself and is not fraud between the parties or fraudulent documents, false statements or perjury. ... It is where the court or a member is corrupted or influenced or influence is attempted or where the judge has not performed his judicial function --- thus where the impartial functions of the court have been directly corrupted."

What effect does an act of "fraud upon the court" have upon the court proceeding? "Fraud upon the court" makes void the orders and judgments of that court.

**Cause of Action 4.) Duty of Care; Breach of Duty, Negligence Tort, Professional Negligence**

Plaintiff Crystal L. Cox re-alleges and fully incorporates ALL preceding paragraphs in their entirety.

Defendants have acted in Breach of Duty and Care, have been Negligent and have caused Plaintiff Injury.

**Cause of Action 5.) 18 USC § 1512 - Tampering with a witness, victim, or an informant**

Plaintiff Crystal L. Cox re-alleges and fully incorporates ALL preceding paragraphs in their entirety.

Defendants Marc Randazza and Jason Jones and other Defendants have tampered with witnesses and have caused Plaintiff Damage.

**Cause of Action 6.)   Tortious Interference with Business,  Violation of Civil Rights (42 USC §1983 Cases)**

Plaintiff Crystal L. Cox re-alleges and fully incorporates ALL preceding paragraphs in their entirety.

**Title 11 of United States Code, 11 U.S.C. §101-1330, All Laws applying to Tortious Interference.   Interference with Plaintiff's Prospective Business Advantage**

**Defendants have Tortiously Interfered with the business prospects, contracts, online marketing and more business opportunity of Plaintiff Cox.**

Plaintiff Crystal L. Cox re-alleges and fully incorporates ALL preceding paragraphs in their entirety.

Defendant have Violated Tortious Interference Laws and have interfered tortiously with the business, future business, clients, customers, buyers of Plaintiff Crystal Cox's products and services.

Defendant have Tortiously Interfered with Plaintiff Cox getting clients and business by accusing her of criminal activity and being guilty of a crime. Plaintiff Crystal L. Cox is not guilty of, was not

on trial for, nor ever had a criminal complaint in regard to extortion, yet Defendants have painted Cox in false light as guilty of the crime of extortion.

Defendant Marc Randazza and Co-Conspirators and Defendants have maliciously lied about Plaintiff, painted her in false light, defamed her, mobbed her online, threatened her and attacked her in this public accusation of committing a crime.

Plaintiff Crystal L. Cox has suffered irreparable damage personally and professionally.

Plaintiff Crystal L. Cox Requests a judgment against Each Defendant for actual and punitive damages, and all other relief allowable under the law and federal court rules.

Defendant are guilty of Tortious Interference.

Defendant have painted Plaintiff Cox in false light. There is a now a public image that Plaintiff Crystal L. Cox makes money by extortionary methods, of which there is no proof of Cox ever having this stated business model, scheme or criminal activity.


Defendant are guilty of Tortious Interference with the business advantage of Plaintiff Cox.


### Interference with Plaintiff's Prospective Business Advantage

Plaintiff Crystal L. Cox re-allege and fully incorporate the preceding paragraphs.

Defendants have Interfered with Plaintiff's Prospective Business Advantage.

Plaintiff Crystal L. Cox has suffered irreparable damage personally and professionally. Wherefore, Plaintiff Crystal L. Cox Requests a judgment against Each Defendant for actual and punitive damages, and all other relief allowable under the law and federal court rules.

By painting Plaintiff Crystal L. Cox in false light, defaming her, accusing her of Extortion of which there is no prosecution or trial record of, Defendant have Interfered with Plaintiff Cox's Prospective Business Advantage.

**Cause of Action 7.)  Anti-Trust Laws, Competition Laws, the Sherman Act, Clayton Act, Antitrust Procedures and Penalties Act ("APPA" or "Tunney Act")**

Plaintiff Crystal L. Cox re-alleges and fully incorporates ALL preceding paragraphs in their entirety.

Plaintiff Crystal Cox alleges that Defendant Forbes, Defendant New York Times, and Defendant WIPO along with other Defendants of this complaint and John and Jane Doe Defendants, have engaged in activity that violate Anti-Trust Laws, "competition laws", and violates the Sherman Antitrust Act and Section 3 of the Clayton Act.

Plaintiff alleges that Defendant Forbes, Defendant New York Times, and Defendant WIPO are engaged in a civil conspiracy to discredit, defame, threaten, pressure a blogger that is representative of all independent media, free press, citizen journalists, whistleblowers, and online media sources that are not owned by large corporations and associated press media companies such as Defendant Forbes and Defendant New York Times.

Plaintiff Crystal Cox alleges that Defendant Forbes, Defendant New York Times, and Defendant WIPO along with other Defendants have engaged in activities in which attempt to disqualify new media such as blogs as a viable source of news competing with their massive news corporations that have held such a long standing stronghold.

Plaintiff Crystal Cox alleges that Defendant Forbes, Defendant New York Times, and Defendant WIPO along with other Defendants have engaged in activities that paint Plaintiff Crystal Cox out to be a criminal and one who attacks "toddlers" online and therefore is not media, is not a journalist and is not protected under the constitution or  the laws that protect traditional journalists such Defendant Kashmir Hill of Forbes and Defendant David Carr of the New York Times.

Defendants combined actions, in civil conspiracy, have effectively shut down Plaintiff's online media business in a way of potential and promised revenue, and ad dollars.

Defendant's have ruined the reputation of Plaintiff Cox as an investigative blogger and search engine manager. Plaintiff thereby lost revenue and future jobs with those she had been under prior independent media contract with. And Plaintiff Cox was denied future jobs of which Plaintiff was working toward, and also Plaintiff lost immeasurable business that Plaintiff would have secured over the life of her business.

The actions of Defendants have caused irreparable harm to Plaintiff Crystal Cox. And have violated anti-trust laws in wiping out competition of blogs as media equal in law and rights as "Big Media" such as Defendant Forbes and Defendant New York Times.

Defendants created a media storm in what is deemed as reputable publications such as Forbes, the New York Times, and WIPO, in which painted Plaintiff out to be a criminal guilty of the crime of extortion. Defendants flat out stated that Plaintiff was guilty of extortion, had committed extortion. There is no fact in this accusation and it directly caused contracts to cease, future business to come to a halt and hate and retaliation to ignite.

Defendant Forbes, the Defendant New York Times, and Defendant WIPO are major corporations, organizations and powerful entities. Plaintiff Cox alleges that they, along with other Defendants of this complaint and John and Jane Doe Defendants, have engaged in activity that violates Anti-Trust Laws, "competition laws", and violates the Sherman Antitrust Act and Section 3 of the Clayton Act.

Plaintiff Cox allege that Defendants conspired by way of emails to pressure Plaintiff Cox, threats of false testimony, intimidation, harassment, seizing appeal rights, constant publications of Plaintiff being a criminal, threats of violence, suing Plaintiff, seizing blogs and intellectual property without due process, destroying interpersonal relationships and public opinion of Plaintiff Cox, and various other tactics in order to STOP Plaintiff Cox from appealing her highly controversial legal case Obsidian v. Cox. A case in which could set a precedence that would end the monopoly that Defendants Forbes, Defendants New York times and other "big media" have firmly in place.

Obsidian v. Cox is the most important free speech, First Amendment legal case of our times ( new media) and for the equal rights of citizen journalists, independent media, free press and their equal rights of protection under the U.S. legal codes and the Constitution.

Obsidian v. Cox will firmly establish once and for all who is media, who is a journalist and who is protected under those media privilege rights that established, traditional media have historically benefitted from.

Blogs, new media online, and independent web sites are the only voice that the victims of corruption have. Bloggers, whistleblowers, new media reporters are providing a service that is a necessity in order for true, independent news to get to the people aKa consumers, clients, customer, public at large.

Defendant Forbes, the Defendant New York Times absolutely need the Obsidian v. Cox

case to come to a halt, and they need Plaintiff Cox to be discredited, intimidated and they were involved in attempting to stop Cox from her appeal. Defendants have singled out Plaintiff Cox, have selectively prosecuted Plaintiff Cox and painted the picture that she is the only blogger, the only woman, the only citizen in the United States in which the First Amendment does not apply. Defendants have created a false light internationally making Plaintiff Cox look like someone who does not deserve "journalistic privilege", "reporters privilege", shield laws, retraction laws, anti-slapp laws, and does not "deserve" rights of Free Speech nor rights under the Constitution of the United States of America.

Defendant Forbes, the Defendant New York Times, and Defendant WIPO along with other Defendants of this complaint and John and Jane Doe Defendants have engaged in behavior that has eliminated the competition of blogs as a viable media source, by effectively discrediting a blogger whose case merits are "who has journalistic protect by law", "who can be called a journalist", "who does the first amendment apply to in media", "who is a media defendant", and will once and for all truly clarify the issues debated over who should be protected under media privilege and who should not.

If a blogger such as Crystal Cox who is breaking stories of corruption and reporting on news that Forbes and the New York Times refuses to report in effort to protect politicians, advertisers, big corporations, judges and elite law firms, then the playing field will be leveled and Defendant Forbes, the Defendant New York Times will lose their monopoly, their ad dollars and their stronghold over the news. As bloggers, new media will have equal protection under the law.

Therefore Defendant Forbes, the Defendant New York Times have great motive to use extreme measures to discredit, harass, paint in false light, defame, and thereby eliminate any idea that Plaintiff Cox, n anti-corruption blogger should have equal rights as they have in their firmly established traditional media cartel monopoly. The actions defendants have taken to harass, discredit, defame, and retaliate against Plaintiff Cox violates Anti-Trust laws, competition laws and seeks to wipe out bloggers, citizen journalists, investigative bloggers, and whistleblowers as competition in providing news content to consumer, to the public at large.

That is not to say that Plaintiff claims to be in direct competition with, or the New York Times. However, Plaintiff provided another way for consumers to give news tips to and to receive news, as do thousands of bloggers, citizen journalists, investigative bloggers, and whistleblowers like her.  Defendants Kashmir Hill, Defendant Forbes AND Defendant David Carr, Defendant New York Times and other John and Jane Doe defendants have sought to squash this possibility, in a global retaliation, defamatory campaign against

Plaintiff Cox, who is the precedence, the example, the representative in courts for ALL bloggers, citizen journalists, investigative bloggers, and whistleblowers who are reporting the news, publishing tips, investigative stories, exposing corruption and providing a truly independent news "product" to consumers of news and information online.

Plaintiff was a successful online marketing expert, and was engaged in independent contracts to perform online media services. This came to a halt as Defendants successfully convinced the world the Plaintiff Crystal Cox is an Extortionist, thereby guilty of the crime of extortion and that Plaintiff Cox had a blog about a "toddler". Of which neither is true, nor can defendants prove them true. Therefore under Defamation Law Plaintiff is entitled to compensations, relief, punitive damage and all other relief under the law.

Defendants wanted to stop Plaintiff Cox from appealing here highly controversial First Amendment case, so as to keep their stronghold in place as the "real" news, protected news, "credible" news, and to keep the laws, constitution and courts protecting traditional media as a firmly established source of news, and thereby discrediting blogs, independent media, free press, and whistleblowers using blogs as a medium of communication to the public to publish their news and information content.

Plaintiff Cox alleges that Defendants conspired to make Plaintiff look like a bad person, a criminal, one who attacks children, and therefore to create a media falsehood that would single out blogger Crystal Cox as somehow "not media" nor protected by the same media laws as "journalists" who work for media such as Defendant Forbes and the Defendant New York Times.

Defendants managed to single out Plaintiff Cox as the only person in the world in which could not be protected under free speech laws, the constitution, shield laws and other reporters privilege laws and "special" rights.

Defendants such as Forbes and the New York, as well as other John and Jane Doe Defendants desperately needed to slow down, or even halt the Crystal Cox Story as it had set off a global alarm in a ruling that bloggers are not journalists. This opened a decade long debate and controversy on just who is concerned a journalist, as a matter of law. Most had thought this was established long ago and was shocked at this new development and flat out statement that a blogger is not a journalist and therefore does not have equal rights under the law or the constitution.

Defendants such as Forbes and the New York, as well as other John and Jane Doe Defendants needed the Crystal Cox case to be discredited quickly. As public outcry was in an uproar that bloggers were not to be treated equally under the law as traditional media.

Defendants such as Forbes and the New York, as well as other John and Jane Doe Defendants began to discredit, defame and attack Plaintiff Crystal Cox as quickly as possibly.

Defendant Kashmir Hill's first article Titled "Why An Investment Firm Was Awarded $2.5 Million After Being Defamed By Blogger", was published on December 7th, 2011. This was the exact same date that the Judgement for Obsidian v. Cox was entered onto the docket. Defendant Kashmir Hill was the first to post the email sent to her by Defendant Kevin Padrick, in which they used to paint Plaintiff Crystal Cox in false light and defame Plaintiff Cox.

Defendant Kashmir Hill of Defendant Forbes moved quickly to discredit Plaintiff Crystal Cox. This first article was the the first time that Defendant Kashmir Hill posted false and defamatory statements to a third party concerning Plaintiff Cox. Defendant Kashmir Hill had obviously interviewed Defendant Kevin Padrick in the days prior and received false and defamatory information regarding the email and regarding an investigation by the Oregon Attorney General which never happened.

Yet Defendant Kashmir Hill never contacted Plaintiff Cox for details on the email or as to if it was even a real email. Defendant Kashmir Hill never contacted yahoo or anyone else to see if the email was real. Defendant Kashmir Hill never published surrounding emails or the fact that the email was a REPLY email. Defendant Kashmir Hill never published that the email was sent a MONTH after the post Cox was on trial with and had nothing to do with the merits of the case. Defendant Kashmir Hill did not contact the Oregon Attorney General and verify that there had

been a complaint of any kind, or an investigation of any kind requested.

Defendant Kashmir Hill simply published false and defamatory statements to a third party concerning Plaintiff Cox in order to quickly and deliberately, with total disregard for the truth, turn public opinion against Plaintiff Cox in order to immediately HALT the support that Cox was getting from around the world on the violations of her first amendment rights. And thereby ensure the monopoly, the stronghold of big media such as Defendant Forbes and Defendant New York Times and ensure her position in traditional media as having rights superior to bloggers.

News had spread quickly of a federal judge ruling that a blogger reporting on a a high profile bankruptcy trustee was not a journalist and therefore was not protected under shield laws, retraction laws, and other reporters privilege laws because she was a blogger and not associated with any known media. Defendant Kashmir Hill in conspiracy with Defendant Kevin Padrick and Defendant David Aman, as well as other big media and John and Jane Doe Defendants turned the Crystal Cox story of a civil trial for defamation into a Forbes Media flat out conviction and accusation of the Crime of Extortion.

Not only had this federal judge ruled that laws applying to traditional media do not apply to new media and bloggers, but also this judge ruled that the First Amendment did not apply to this blogger, because she was not a journalist. Completely disregarding the fact that she is a citizen of the United States and is equally protected under the constitution as any other person, whether a journalists, reporter or any other citizen. This too caused massive alarm and controversy.

There were scholars, lawyers, independent media worldwide, and all manner of uproar in defense of Plaintiff Cox's rights. Defendants such as Forbes and the New York, as well as other John and Jane Doe Defendants desperately needed to change the public perception, public image of this situation and to halt the global uproar defending Cox in this manner, on these issues and thereby defending the constitutional and lawful rights of all whistle blowers,

bloggers, and citizen journalists being equal to the constitutional and lawful rights of traditional media, journalists, and reporters.

Defendants such as Forbes and the New York, as well as other John and Jane Doe Defendants began to paint Plaintiff Cox out to be a Criminal and to defame, humiliate, harass and discredit Plaintiff Cox in order to quiet her supporters and to squash the idea that she should have equal protection as traditional media. Or that she, herself was even deserving of such protection under the law and the constitution of the United States.

Defendant Kashmir Hill, Forbes, took an email from Defendant Kevin Padrick completely out of context, without research of  facts and used this as her ammunition to discredit Plaintiff Cox worldwide.

Defendant Kashmir Hill, Forbes used this partial email out of context and painted a picture of Crystal Cox as a criminal guilty of extortion. Defendant Kashmir Hill, Forbes also accused Cox of extorting Defendant Marc Randazza who was Cox's attorney briefly and of attacking a toddler via blog. None of which is true, and is defamation as a matter of law.

After Getting massive pressure on the Ruling, the Judge in the case joined the Defendants in discrediting Plaintiff Cox and suddenly in a denial for a new trial, Judge Marco Hernandez claimed that bloggers can be journalists just not this blogger. This judge suddenly turned a civil case into a criminal case and insinuated that Cox was not a journalist because of her standards, ethics and even seemed to used the words of an email from Crystal Cox sent in her pro se capacity, long after the blog post she was on trial for, as some NEW reason that Plaintiff Cox was not a journalist and therefore not protected under the laws that apply to journalists nor was Plaintiff Cox protected under the constitution of the United States.

Judge Marco Hernandez singled out blogger Crystal Cox in selective prosecution as if to be the only blogger in the world that did not have free speech rights, first amendment rights or equal rights as traditional journalists. This was months after Defendant Kashmir Hill's first publication of false and defamatory statements concerning Cox to a third party.

Upon my knowledge and belief, Judge Marco Hernandez did this to appease Defendants such as Forbes and the New York, as well as other John and Jane Doe Defendants who had pressured him, as it is not based in law, facts nor even the established merits of the Crystal Cox Case.

KBOO Radio station in Portland Oregon, a small supposedly independent Radio station reported to Plaintiff Cox that they had received a memo telling them to stay clear of the Crystal Cox story. It is reported that this memo went to all "traditional" media and demanded, suggested and even threatened to stop funding if they reported on the Crystal Cox case.

It seemed that even Democracy Now had been involved in quieting the Crystal Cox story as quickly as possible and the easiest way to do this was to discredit Plaintiff Cox, make her look as if she is a criminal and somehow paint her out to be some kind of monster attacking a "toddler".

There is no clear definition or clear case precedence that establishes who is a Journalist. The Crystal Cox case is establishing this clarity. Traditional media such as Defendants Forbes and Defendants New York Times has massive motive to silence, discredit, defame and paint blogger Plaintiff Crystal Cox in false light in order to keep their stronghold, their monopoly over free speech rights, their cartel.

The Crystal Cox case fights for bloggers to be qualified for protection under shield laws, free speech laws, retraction laws and the First Amendment of the Constitution. And this directly affects, threatens the power and influence, the cartel, the monopoly that traditional media such as Forbes and the New York Times have.

Plaintiff Crystal Cox is a blogger, her product "the News", " Content" and Plaintiff Cox is in direct competition with her free speech rights, equal rights as a blogger with traditional journalists, reporters.

Defendant have interfered with Plaintiff's ability to generate ad dollars, ability to enjoin in private contracts and to perform media services. Therefore as a blogger in competition with traditional journalists, anti-trust laws apply to the severe damage that Plaintiff Cox alleges defendants have done to her.

**All parties to the conspiracy are directly liable for the damage cause to the reputation, business, and life of Plaintiff Crystal Cox.**

Defendants WIPO, Forbes, and the New York Times not only want bloggers to NOT have equal rights under the law, they desperately need to have this competitive edge over bloggers or they have no business model, no ad dollars and they go out of business. Therefore defendants need to defame, discredit Plaintiff Crystal Cox in order to to create and keep a monopoly of media, and thereby be the only source of news that is credible, and even protected by law.

This deemed credibility gives traditional media a massive competitive edge over bloggers, over new media, and over their competition in the search engines where consumers are looking for this product, which is the news.

This power and influence over the courts in traditional journalists, traditional media having protection by law and by way of the constitution in a way that new media, bloggers, citizen journalists and whistleblowers are not legally protected, is a violation of anti-trust laws, competition laws and seeks to create or KEEP a cartel, a monopoly, in being the only news that is allowed to report freely without concern of litigation and thereby sell ads on their reporting, and have a massive, lucrative monopolistic business model around this content (news and information).

This deemed credibility by law gives traditional media a massive competitive edge, especially if they are the only ones protected by law, by courts, and by the constitution to report the news, information.

The Crystal Cox case fights for the equality of small media, truly independent media, bloggers, whistleblowers, and citizen journalists; equality in the right to seek ad dollars, equality in soliciting tips and information, equality in protection under

shield laws and retraction laws, equality under the First Amendment and free speech laws, equality under the Bill of Rights, equality in credibility, equality in media contracts, equality in press passes to major events, equality in earning potential, equality in media contracts and equal protection under the the courts and constitution of the United States.


The product is news and information, just as in the anti-trust cases of technology or the anti-trust case against the Association of Realtors, in this case the product is the news itself. As Defendants Forbes, and the New York Times, as well as other John and Jane Doe Defendants get the news from the Associated Press and from tips and various other sources, they use this news as content for their newspapers, blogs, websites and various other media. They sell ad space, create revenue from this product and the news is therefore the product in which they need to create a monopoly of.


It is unlawful and a violation of Anti-Trust Laws ,Competition Laws, the Sherman Act, the Clayton Act and the constitutional rights of Plaintiff Cox for Defendants Forbes, and the New York Times, as well as other John and Jane Doe Defendants to paint Plaintiff Cox out to be a criminal in order to keep their stronghold as privileged media under the law and thereby wipe out the competition of Plaintiff Crystal Cox, who in and among herself may not ever threaten these industry giants, however her case precedence in Obsidian v. Cox and the media stir created from it does create a threat to the monopoly, the cartel that Defendants Forbes, and the New York Times, as well as other John and Jane Doe Defendants have been able to enjoy for decades if not centuries.


Defendants need traditional journalist working for mainstream media to remain in power, to keep their monopoly of media, and to have media privilege, reporters privilege and constitutional rights not afforded to citizen journalists, whistleblower, online free press publication, and bloggers.

Therefore Defendants have conspired to defame, discredit and even retaliate remorsefully against Plaintiff Cox in order to affect public views of her case, and to try and stop her appeal as well as to affect the judges involved in these cases, as noted in Randazza v. Cox, whereby Cox's ex attorney Defendant Marc Randazza used the false and defamatory statements made to a third party concerning Plaintiff Cox published by Defendants as legal commentary and evidence in a federal court case in order to shut down massive blogs, online media and seize massive amounts of domain names, ALL without First Amendment adjudication and

Defendant Randazza was able to simply wipe out this content and commit these acts because the judge in the case used the false and defamatory statements of Defendants Forbes, and the New York Times, as well as other John and Jane Doe Defendants as factual evidence against Plaintiff Cox.

It is unlawful and unconstitutional for big media corporations such as Defendants Forbes, and the New York Times, as well as other John and Jane Doe Defendants to create a monopoly of Free Speech rights over Plaintiff Crystal Cox, or over any citizen journalists, whistleblower, free press publication, or any one who is performing newsgathering activities.

This court should use Defendant Forbes Inc. and Defendant New York Times, as well as other John and Jane Doe Defendants as an example and send a STRONG message to big media corporations,that suppressing the free speech rights of bloggers, independent media, free press, whistle blowers and citizen journalists will not be tolerated as a matter of law and as a matter of constitutional rights.

Violating the rights of independent blogs in favor of conglomerates, major media corporations and wealthy advertisers is unlawful, unconstitutional and violates ALL ideals and anti-trust laws, as well as competition laws, the Sherman Act and aspects of the Clayton Act.

I, Plaintiff Crystal Cox have owned my own real estate company for 13 years. As my background, career wise is Real Estate, I, plaintiff Crystal Cox liken the anti-trust actions of Defendants to the Department of Justice suing the National Association of Realtors in anti-trust violations In U.S. v. National Association of Realtors.  Below are some details of that case, to illustrate the commonalities and as case law providing information regarding the anti-trust elements to the actions of Defendants in this case causing direct harm to Plaintiff Cox and to bloggers, new media, independent news, free press and citizen journalists in general, as a matter of law and precedence.

"U.S. v. National Association of Realtors Civil Action No. 05 C 5140, COMPETITIVE IMPACT STATEMENT";

"Plaintiff United States of America ("United States"), pursuant to Section 2(b) of the Antitrust Procedures and Penalties Act ("APPA" or "Tunney Act"), 15 U.S.C. §

16(b)-(h), files this Competitive Impact Statement relating to the proposed Final Judgment submitted for entry in this civil antitrust proceeding.

## NATURE AND PURPOSE OF THE PROCEEDINGS

Overview. The United States brought this lawsuit against Defendant National Association of Realtors® ("NAR") on September 8, 2005, to stop NAR from violating Section 1 of the Sherman Act, 15 U.S.C. § 1, by its **suppression of competition** from real estate brokers who use the Internet to deliver real estate brokerage services. NAR's policies singled out these innovative brokers and denied them equal access to the for-sale listings that are the lifeblood of competition in real estate markets. The settlement will eliminate NAR's discriminatory policies and restore even-handed treatment for all brokers, including those who use the Internet in innovative ways."

Defendant Forbes Inc. and Defendant New York Times, as well as other John and Jane Doe Defendants have violated Section 1 of the Sherman Act, 15 U.S.C. § 1, by defendants suppression of competition in the business of "media", of news dissemination, reporting the news and use the Internet to deliver these services, such as Plaintiff Cox and other independent news sources using the internet to deliver the service of bring the news to the public.

The Crystal Cox seeks to eliminate discriminatory actions, laws, and rights afforded to traditional media such as Defendants Forbes and Defendant New York Times. Therefore defendants have conspired to discredit, defame, harass, and intimidate Plaintiff Cox and paint her out to be a criminal who is not worthy of protection under the laws that traditional media is protected under.

## The  "U.S. v. National Association of Realtors Civil Action No. 05 C 5140, COMPETITIVE IMPACT STATEMENT" goes on to say:

"NAR's Challenged Policies. On May 17, 2003, NAR adopted its "VOW Policy," which contained rules that obstructed brokers' abilities to use VOWs to serve their customers, as described below in Section II. After an investigation, the United

States prepared to file a complaint challenging this Policy.

On September 8, 2005, NAR repealed its VOW Policy and replaced it with its Internet Listings Display Policy ("ILD Policy"). NAR hoped that this change would forestall the United States' challenge to its policies. NAR's ILD Policy, however, continued to discriminate against VOW brokers. As part of its adoption of the ILD Policy, NAR also revised and reinterpreted its MLS membership rule, which would have excluded some brokers who used VOWs, as detailed below in Section II. (NAR's VOW and ILD Policies, including its membership rule revision and reinterpretation, are referred to collectively in this Competitive Impact Statement as NAR's "Challenged Policies.")

As an association of competitors with market power, NAR's adoption of policies that suppress new and efficient competition to the detriment of consumers violates Section 1 of the Sherman Act, 15 U.S.C. § 1."

Defendant Forbes Inc. and Defendant New York Times, as well as other John and Jane Doe Defendants have used their market power to ruin and discredit Plaintiff Cox and to create a monopoly of free speech rights.  Defendants have used their market power and influence in order to influence public perception and opinion of Plaintiff Crystal Cox and thereby the Obsidian v. Cox case and use this perception in order to create a worldview of just who has the rightful title of media, journalist and reporter and the lawful rights, privileges and constitutional rights that come with it.

Defendant Forbes Inc. and Defendant New York Times, as well as other John and Jane Doe Defendants use their power and clout to suppress new and efficient competition in the area of news media, and this is a detriment to the news consuming public who has a right to "consumer"  independent media, independent news sources in a free and competitive marketplace.

**Defendants have violated  Section 1 of the Sherman Act, 15 U.S.C. § 1.**

Defendant Forbes Inc. and Defendant New York Times, as well as other John and Jane Doe Defendants have discriminated against Plaintiff Cox in painting her in false light in order to affect public opinion of her free speech case that fights to give bloggers, citizen journalists, whistle blowers and online free press equal rights under the law as those in traditional media.

Upon my knowledge and belief, the purpose of this action is to create and to keep the monopoly that Defendant Forbes Inc. and Defendant New York Times, as well as other John and Jane Doe Defendants have on free speech and protection under the laws and constitutional rights that do not seem to apply to bloggers, citizen journalists, whistle blowers and online free press.

**The  "U.S. v. National Association of Realtors Civil Action No. 05 C 5140, COMPETITIVE IMPACT STATEMENT" goes on to say:**

"The Amended Complaint alleges that NAR's adoption of the Challenged Policies constitutes a contract, combination, and conspiracy by and between NAR and its members which **unreasonably restrains competition** in brokerage service markets throughout the United States, in violation of Section 1 of the Sherman Act, 15 U.S.C. § 1."

"In the Amended Complaint, the United States asks the Court to order NAR to stop violating the law. The United States did not seek monetary damages or fines; the law does not provide for these remedies in a case of this nature."

Defendants in this case seek to unreasonable restraints on competition by way of suppressing the truth about the Crystal Cox case and painting Plaintiff Cox in false and defamatory light in order to affect public opinion of Crystal Cox herself and distract from the merits of the case which affect the very life force, foundation and business model of Defendants Forbes, Defendants New York Times and John and Jane Doe Defendants.

Defendants seek to keep the stronghold, the "norm" of big media conglomerates

having special rights and privileges under the law and the constitution. Defendants have traditionally relied upon rules, laws that keep their cartel, their monopoly of free speech. Defendants cannot be allowed to continue to unreasonably impede competition among media sources, mediums of communication and harm consumers of news and information. See United States v. Realty Multi-List, 629 F.2d 1351, 1371 (5th Cir. 1980).

Defendant Forbes Inc. and Defendant New York Times, as well as other John and Jane Doe Defendants punish, defame and obstruct the innovations of Plaintiff's efficient, Internet-based tools and online media techniques used to bring independent news and information to the public, those who are news consumers, and those who are the target audience for the ad revenue placed on this news (content). Defendants seek to monopolize the industry of "bringing the news" to consumers.

Defendant Forbes Inc. and Defendant New York Times, as well as other John and Jane Doe Defendants have attempted to suppress the benefits of innovation and competition from reaching consumers, and thus violate Section 1 of the Sherman Act, 15 U.S.C. § 1.

### REMEDIES AVAILABLE TO POTENTIAL PRIVATE LITIGANTS

Section 4 of the Clayton Act, 15 U.S.C. § 15, provides that any person who has been injured as a result of conduct prohibited by the antitrust laws may bring suit in federal court to recover three times the damages the person has suffered, as well as costs and reasonable attorneys' fees.

Plaintiff Cox wishes the Department of Justice to bring action against Defendants as well, in order to STOP the monopoly of free speech in which Defendants Forbes, Defendants New York Times and other John and Jane Doe Defendants currently seem to have and are ruining lives and businesses such as that of Plaintiff Cox, in order to keep their cartel, their monopoly in newsgathering and publication of that news and information to the publice.

News should be of the people by the people and all who gather and bring the news to the public should have equal protection under the law and the constitution. Defendants New York Times and other John and Jane Doe Defendants should not

have special media privilege, journalistic privilege, reporters privilege to be deemed a more reliable, credible source of news and information simply because they are working for or own a large news corporation, a conglomerate, a cartel.

Independent media is often the most accurate source of news and information that the news consuming public has access to. Especially if this news and information is in regard to allegations of corrupt lawyers, law firms, judges, politicians, trustees, authority figures and court proceedings.

If Defendants are allowed to keep their monopoly, their cartel, then the truly independent news will be SILENCED forever.  If the Crystal Cox case ceases, and cannot move forward or Plaintiff Crystal Cox herself is painted out to be someone not worthy of equal protection under journalist privilege laws, then Defendants keep their stronghold, their monopoly on free speech, and keep their power and rights over free press, bloggers, citizen journalists and whistleblowers. This would be a serious violation of the constitutional rights of every news consuming citizen, EVERYWHERE.

Defendants Forbes, Defendants New York Times and other John and Jane Doe Defendants should not have more rights under the law or the constitution or more power and influence in bringing the news to the public at large simply because they are the "oldest and largest"  predominant Media organisations and influential newspapers, news sources traditionally.

Defendants Forbes, Defendants New York Times and other John and Jane Doe Defendants should not have superior rights just because they are bigger, richer, more established and have more clout and political backing. This behavior, these actions are a violation of Plaintiff's rights to fair competition and a violation of anti-trust laws and the constitutional rights of Plaintiff Cox and subsequently of the rights of ALL investigative bloggers, citizen journalists, whistle blowers, and free press in new media.

It is a violation of anti-trust laws for Reporter's privilege to only apply to the oldest and largest, wealthiest, influential newspapers and predominant Media organisations.

Defendants have interfered with fair competition regarding Plaintiff Crystal Cox.

Defendants have violated The Sherman Antitrust Act (Sherman Act,[1] July 2, 1890, ch. 647, 26 Stat. 209, 15 U.S.C. §§ 1–7) and directly damaged Plaintiff Crystal Cox.  Defendants have created an anticompetitive environment to prevent Plaintiff Cox and subsequently all bloggers and other new media from competing fairly.

Wealthy conglomerates such as Defendant Forbes and Defendant New York Times do not have the lawful or constitutional right to suppress the rights of independent media, blogs, free press and modern internet publications of independent news.

U.S. anti-trust laws, competition law focus on the protection of competition rather than competitors such as Defendants Forbes, Defendants New York Times and other John and Jane Doe Defendants. This court should grant Plaintiff Cox all relief allowed under the law, in order to firmly establish that competition in the "news industry" should be a healthy, vibrant, competitive market place just as technology and real estate, as this is of the best interest of every news and information consuming citizen.

Media conglomerates such as  Defendant Forbes and Defendant New York Times should not have more power and influence over what is news and who is a journalist by law and by constitutional rights, then do independent online news sources, such as blogs.

Anti-Trust laws are designed to promote conduct which encourages competition, even severely so, but against conduct which unfairly tends to destroy competition itself. The focus of U.S. competition law, is on protection of competition rather than competitors.

Sherman Act, 21 Cong.Rec. 2456. It was in this sense of preventing restraints on commercial competition that Congress exercised "all the power it possessed." Atlantic Cleaners & Dyers v. United States, supra, 286 U. S. 435.

At Addyston Pipe and Steel Company v. United States, 85 F.2d 1, affirmed, 175 U. S. 175 U.S. 211;

At Standard Oil Co. of New Jersey v. United States 221 U. S. 1, 221 U. S. 54-58.

Defendants Forbes, Defendants New York Times and other John and Jane Doe Defendants have engaged in anticompetitive conduct and have thereby violated The Sherman Act.

Defendants Forbes, Defendants New York Times and other John and Jane Doe Defendants actions are anticompetitive in nature. Thus attempt to prevent violate the Sherman Act.

The Sherman Act Section 1 States:

"Every contract, combination in the form of trust or otherwise, or conspiracy, in restraint of trade or commerce among the several States, or with foreign nations, is declared to be illegal."[14]

The Sherman Act Section 2 States:

"Every person who shall monopolize, or attempt to monopolize, or combine or conspire with any other person or persons, to monopolize any part of the trade or commerce among the several States, or with foreign nations, shall be deemed guilty of a felony [. . . ]"[15]

Defendants have engaged in intentional misconduct and conspiratorial conduct of the kind forbidden by Section 1 of the Sherman Act, or Section 3 of the Clayton Act.

### Cause of Action 8.)   18:1964, Racketeering (RICO) Act /  27:1332ri, Racketeering / Corrupt Organization

Plaintiff Crystal L. Cox re-alleges and fully incorporates ALL preceding paragraphs in their entirety.

**RICO US Code Title 18, USAM 9-110.000 Organized Crime and Racketeering Violations of RICO, 18 U.S.C. 1962(c)), and Conspiracy to Violate RICO, Violation of 18 U.S.C. 1962 (d))**

Upon knowledge and belief Defendants Marc J. Randazza have violated Federal Rules of Civil Procedure 18 U.S.C. § 1961 through 1968, Federal Rules of Civil Procedure 18 U.S.C. §§ 1962(a),(b),(c), and/or (d) and have engaged in scams, conspiracy to steal intellectual property through fraudulent legal action and misinformation to the courts and to WIPO.

I, Crystal L. Cox, Plaintiff, Pro Se Plaintiff believe that Defendant Marc J. Randazza and his Clients, Co-Conspirators, Defendants have conspired to intimidate, pressure, harass and threaten sources, insiders, whistleblowers in order to silence me, Investigative Blogger Crystal L. Cox, Plaintiff,.

Harm to Plaintiff would not have occurred if Defendant Kevin Padrick had not given Defendant Kashmir Hill Plaintiff's partial email, and if Defendant Kashmir Hill would not have published to third party Defendant Forbes.

Defendant's breach of a duty and care caused harm suffered by the claimant.

Defendants are responsible for harm caused by a third party as a direct result of defendant's negligence. Harm to Plaintiff Cox would not have occurred 'but for' the negligence of the defendants. llustrated by:

Barnett v Chelsea & Kensington Hospital [1968] 1 All ER 1068

Robinson v Post Office [1974] 2 All ER 737

Cummings (or McWilliams) v Sir William Arrol & Co [1962] 1 All ER 623

Bux v Slough Metals Ltd [1974] 1 All ER 262

Bolitho v City & Hackney HA [1997] 4 All ER 771

The Empire Jamaica [1955] 1 All ER 452


 I, Crystal L. Cox, Plaintiff, Pro Se Plaintiff believe that Defendant Marc J. Randazza and his Clients, Co-Conspirators, Defendants are engaged in scams to steal intellectual property through fraudulent legal action and misinformation to the courts and to WIPO.

 I, Crystal L. Cox, Plaintiff, Pro Se Plaintiff believe that Defendant Marc J. Randazza and his Clients, Co-Conspirators, Defendants are involved in PROSTITUTION RINGS, Client Shakedowns, Controlling Judges, Strong arming or paying off Media, extreme retaliation against those who criticize or Expose Defendant Randazza, engaged in online hate campaigns to ruin the life and business or targets and some drive to suicide.

 I, Crystal L. Cox, Plaintiff, Pro Se Plaintiff believe that Defendant Marc J. Randazza and his Clients, Co-Conspirators, Defendants are engaged in extreme tactics, fraud on the courts, media manipulation, internet mobbing via legal blogs and journalists such as Kashmir Hill, David Care and Others.

 I, Crystal L. Cox, Plaintiff, Pro Se Plaintiff believe that Defendant Marc J. Randazza and his Clients, Co-Conspirators, Defendants threaten insiders, witnesses, whistleblowers and engage in ongoing internet hate campaigns which ruin the life, reputation, business of Randazza's target.

 I, Crystal L. Cox, Plaintiff, Pro Se Plaintiff believe that Defendant Marc J. Randazza and his Clients, Co-Conspirators, Defendants have conspired to intimidate, pressure, harass and threaten sources, insiders, whistleblowers in order to silence me, Investigative Blogger Crystal L. Cox, Plaintiff, Pro Se Plaintiff from reporting on their involvement in the stealing and infringement of the iViewit Video Coding Technology, estimated to be worth 13 Trillion Dollars and a liability of at least a Billion to each co-conspirator involved in the unauthorized use of the iViewit Technology.


 I, Crystal L. Cox, Plaintiff, Pro Se Plaintiff believe that Defendant Marc J. Randazza of Randazza Legal Group and his, Co-Conspirator, Defendant David S. Aman of Tonkon Torp Law Firm have named Eliot Bernstein, founder of iViewit Technology and one of the iViewit Video Coding Technology inventors, in 2 separate legal actions as a named Defendant with me, Crystal L. Cox, Plaintiff, Pro Se Plaintiff, who was and is reporting on the iViewit Technology theft, in order to discredit the iViewit Story, intimidate a reporter / investigative blogger reporting on the story and to protect their clients who are Co-Conspirators, Defendants liable for Billions of Dollars each, for iViewit Technology Infringement.

Upon Knowledge and Belief of Plaintiff Crystal L. Cox, Marc J. Randazza has been in engaged with the following Defendants in conspiracy for several years to paint in false light, defame, harass, intimidate and pressure court case defendants where by co-conspirators are the attorneys that get paid legal fees, or get settlements negotiated based on the pressure to the defendants by a ring of attorney bloggers and Media Bloggers, Traditional News, NPR, and other mass media outlets.

Upon Knowledge and Belief of Plaintiff Crystal L. Cox, These bloggers, media providers, attorney bloggers are Kenneth P. White, White and Newhouse Law Firm, Kashmir Hill of Forbes, Forbes Inc., David S. Aman, David Carr, New York Times, Bob Garfield, NPR Radio, Jordan Rushie, Philly Law Blog, Leo M. Mulvihill, Jr., Mulvihill & Rushie, LLC, SaltyDroid, Jason Jones Esq.,Janine Robben, Oregon State Bar Bulletin, Tracy L. Coenen, Mark Bennett, XBIZ, blog.bennettandbennett.com, Bennett and Bennett, Scott H. Greenfield, Carlos Miller, WIPO, Peter L. Michaelson, Eric Turkewitz, Turkewitz Law Firm, lRoxanne Grinage, HireLyrics, NewYorkPersonalInjuryAttorneyBlog.com, blog.simplejustice.us,  HireLyrics,Sean Boushie, University of Montana, Martin Cain, Tim Vawter, Ari Bass - Michael Whiteacre, J. Malcom DeVoy, Ronald D. Green, Sean Tompkins, Free Speech Coalition, John and Jane Does'.

One victims is myself, Plaintiff Crystal L. Cox. Other victims are defendants of the legal cases of the above noted attorneys as they "blog" write on, report on each others cases, in order to affect the ruling of the court case and thereby pressure settlements. The victims then become clients on both sides who have to pay attorney fees of the Plaintiff and Defendant in those cases.

These blogs, radio shows, big media paint a picture and use legal words, descriptions and these blog posts, reports are then put in as evidence and judges call them "legal commentary" and take them as factual evidence when indeed they are other co-conspirators created a picture of the case and the defendants, issues, plaintiff, in order to force a settlement or get prolonged fees for each other.

Upon Knowledge and Belief Marc J. Randazza has in engaged with the following Defendants in conspiracy to suppress information and shut down massive blogs, blog posts and connected links and sublinks in which expose / report the iViewit Technology theft and the iViewit / Eliot Bernstein Legal Filing (Docket No: 07-Civ-11196 (SAS) Related Docket No: 07-Civ-9599 (SAS), RICO Complaint, and Surrounding Court Cases and Ongoing Investigations, and connected to the The United States District Court for the Southern District of New York, Christine Anderson Whitewashing Case. And in Connection to Judge Shira A. Scheindlin and iViewit Related Cases.

**Upon Knowledge and Belief Defendant Marc J. Randazza has in engaged with the following in the above alleged activities, actions:**

Kenneth Rubenstein Proskauer Rose Attorney, Matthew M. Triggs, Gregg Mashberg, Peter L. Michaelson WIPO, Francis Gurry WIPO, Intel Corp., Steven Rodgers Intel VP., Steve Dowling APPLE, Bruce Sewell APPLE, Edward Kwakwa WIPO, Bret Sewell Synaptics, David Wang Synaptics, Mark Vena Synaptics, Synaptics, Doug Chey, Liberty Media Holdings, John C. Malone,Corbin Fisher, Manwin,  Martin Cain, Dylan Energy, Judge Gloria M. Navarro, Daniel Staton, District of Nevada Court, GoDaddy, Jessica Griffith, Bob Parsons, Obsidian Finance Group, Tonkon Torp Law Firm, Steven Wilker, David S. Aman, Kevin D. Padrick, Erik Wilbers WIPO, Marshall Ross, Multnomah County Sheriff, and

Liberty Media Holdings Connected Companies: Liberty Capital,  AOL Inc. (1% through Liberty Capital and 2% through Liberty Interactive), Barnes and Noble Inc. (17%), CenturyLink Inc. (1%), Crown Media Holdings Inc. (3%), Current Communications Group LLC. (8% through Liberty Partners and Liberty Associated Partners), Jingle Networks Inc. (9% through Liberty Partners and Liberty Associated Partners), Kroenke Arena Company

LLC. (7%), Live Nation Entertainment Inc. (21%), Mobile Streams Inc. (16%), Motorola Mobility Inc. (2%), Motorola Solutions Inc. (2%), Priceline.com Inc. (1%), Sirius XM Radio Inc. (40%), Sprint Nextel Corporation (2%), Time Warner Cable Inc. (1% through Liberty Capital and 2% through Liberty Interactive), Time Warner Inc. (1% through Liberty Capital and 2% through Liberty Interactive) ,Viacom Inc. (1%)


AND

Kenneth P. White, White and Newhouse Law Firm, Kashmir Hill of Forbes, Forbes Inc., David S. Aman, David Carr, New York Times, Bob Garfield, NPR Radio, Jordan Rushie, Philly Law Blog, Leo M. Mulvihill, Jr., Mulvihill & Rushie, LLC, SaltyDroid, Jason Jones Esq.,Janine Robben, Oregon State Bar Bulletin, Tracy L. Coenen, Mark Bennett, XBIZ, blog.bennettandbennett.com, Bennett and Bennett, Scott H. Greenfield, Carlos Miller, WIPO, Peter L. Michaelson, Eric Turkewitz, Turkewitz Law Firm,  Roxanne Grinage, HireLyrics, NewYorkPersonalInjuryAttorneyBlog.com, blog.simplejustice.us, HireLyrics,Sean Boushie, University of Montana, Martin Cain, Tim Vawter, Ari Bass - Michael Whiteacre, J. Malcom DeVoy, Ronald D. Green, Sean Tompkins, Free Speech Coalition, John and Jane Does'.

Upon Knowledge and Belief Marc J. Randazza has in engaged with the following Defendants in conspiracy to threaten violence, threaten coming to my home and "bye bye" threaten my knee caps and other violence and gang stalking threats on forums, chats, comments, texts, and other.

Upon Knowledge and Belief of Plaintiff Crystal L. Cox, These co-conspirators are:
Ari Bass aKa Michael Whiteacre, Sean Tompkins, J. Malcom Devoy, Marc J. Randazza, Kenneth P. White, Jason Jones, CaptainObvious, Sean Boushie, Martin Cain, Jordan Rushie and John and Jane Doe Defendants, Individuals and Companies,

Victims of these threats are Plaintiff Crystal L. Cox and one of her sources Monica Foster aKa Alex Melody, Alexandria Mayers.

**I, Crystal L. Cox, Plaintiff, Investigative Blogger** Request that this court, District of Nevada, Notify Investigators and all Authorities regarding Defendant Marc J. Randazza in Criminal and Civil Conspiracy with working with "Opposing Counsel" in cases, in such a way that financial harms both of their clients.  They use blogs, and the courts to create illusions, drage cases out, win, lose or settle the attorneys on BOTH sides get paid. Defendant Marc J. Randazza is in Criminal and Civil Conspiracy to "shakedown" clients on both sides, and acts in conspiracy with

the Nevada Court and Nevada Receivers to carry this out. In this regard I, Crystal L. Cox, Plaintiff, Investigative Blogger Request that this court, District of Nevada, investigate Defendant Marc J. Randazza in Criminal and Civil Conspiracy with Judge Gloria M. Navarro as in the freezing of accounts and enforcing attorneys paid in the Righthaven case and in conspiracy with Receiver Lara Pearson.

Defendant Marc J. Randazza has acted in Criminal and Civil Conspiracy with Tonkon Torp Law Firm and Las Vegas Attorney Lara Pearson to be the forced "Receiver" in Obsidian V. Cox. Defendant Marc J. Randazza in Criminal and Civil Conspiracy with Judge Gloria M. Navarro to work with Defendant Marc J. Randazza in wiping out massive online content of Plaintiff Crystal L. Cox, Plaintiff, Investigative Blogger.

Defendant Marc J. Randazza is a dangerous, well connected attorney, and is not above any kind of personal or financial harm. It is this court, District of Nevada,'s duty to take action and investigate Defendant Marc J. Randazza. I am an investigative journalist with knowledge of this information and Request that this court NOTIFY THE PROPER AUTHORITIES.

# Claim of Relief

Plaintiff Crystal L. Cox re-alleges and incorporates all of the previous paragraphs in their entirety.

False and Defamatory Statements were, without a doubt, made by Defendants to a Third Party Concerning Plaintiff Crystal Cox and have caused Plaintiff Crystal Cox harm. Therefore Plaintiff Cox is entitled to recovery.

**Plaintiff Crystal L. Cox Requests a judgment against Each Defendant for actual and punitive damages, and all other relief allowable under the law and federal court rules.**

Plaintiff Crystal L. Cox seeks relief of **100 Million Dollars** in Damages EACH from Defendants Forbes Inc., New York Public Radio, New York Times, Sequence Inc., Defendant Multnomah County Sheriff Office, and 1-50 John and Jane Doe Defendant(s).

Plaintiff Crystal L. Cox seeks relief of **10 Million Dollars** in Damages EACH from Defendant Kevin D. Padrick, Defendant David S. Aman, Defendant Kashmir Hill, Defendant David Coursey, Defendant Steven Wilker, Defendant Tonkon Torp Law Firm, Defendant Randazza Legal Group, Defendant Marc J. Randazza, Defendant Bob Garfield, Defendant

David Carr, Defendant Peter L. Michaelson, Defendant Francis Gurry, Defendant Eric
Wilbers, Defendant Tracy L. Coenen, Defendant Jordan Rushie, Defendant Mulvihill and
Rushie LLC, Defendant Jason M. Jones, Defendant Daniel Staton, Defendant Marshall
Ross, Roxanne Grinage, and 1-50 John and Jane Doe Defendant(s).

**WHEREFORE, Plaintiff pray for judgment against Defendants as follows:**

A. Finding in favor of plaintiff on their claim for relief;

B. Awarding plaintiff damages against defendants in the amount as stated above.

C. Awarding plaintiff their cost and disbursements incurred in this action;

D. Permanently enjoining defendants from publishing false and defamatory statements
concerning plaintiff.

E. Granting such other and further relief as the Court finds just or equitable.

**Plaintiff Crystal Cox has been immeasurably, irreparably damaged by the false and
defamatory statements published to a third party concerning Plaintiff Cox, by
Defendants.**

Plaintiff Cox has suffered harm to her intellectual property.

Plaintiff Cox has suffered  immeasurably, irreparable damage to her business, trade,
profession, and occupation.

Plaintiff Cox has suffered loss of earning capacity.

Plaintiff Cox has suffered harm to her personal reputation, professional reputation and
business reputation.

Plaintiff Cox has suffered harm to her personal relationships, state of mind and quality of
life.

Plaintiff Cox is entitled to receive reasonable compensation for harm to reputation,
humiliation, or mental suffering, even if plaintiff does not present evidence that proves

actual damages. This is because the law presumes that the plaintiff suffered these damages.

Therefore Plaintiff Cox is entitled to all recover, compensation, and relief deemed appropriate and allowed by law.

**This issue is of great importance and precedent to the public at large and I am an anti-corruption advocate for the people. I have dedicated my life to fighting judicial corruption and I, Pro Se Litigant, Investigative Blogger Crystal L. Cox will not be deterred by a removal of electronic access. Plaintiff clearly knows this.**

Plaintiff Marc Randazza, as well as Randazza Legal Group and Ronald Green, also know know that Judge Gloria Navarro is named in every case, yet they continue to dispute the important need for Judge Gloria Navarro to be removed from this case.

Upon knowledge and belief, Defendant Crystal Cox alleges that this court favors Plaintiff Randazza and his law firm Randazza Legal Group, and aids and abets Plaintiff to violate the constitutional rights of Pro Se Litigant, Randazza's former client, Crystal L. Cox.

**This court issuing a ruling on whether COX has been treated as a Media Defendant or not is the request of Defendant Cox, and is of great importance to the public at large.**

Upon knowledge and belief, Crystal Cox alleges that the Nevada statutes **DO Not supercede the first amendment** nor journalistic privilege rights.

Especially when Defendant COX is NOT a Nevada Resident and this court WIPED out Cox's online media and gave to Plaintiff Randazza, along with Godaddy, without First Amendment Adjudication.

Plaintiff refers to Nevada Law, however this court did not simply remove visibility of Cox's media from Nevada residents but from the ENTIRE world, all online search engines, and without lawful reasoning or First Amendment Adjudication

**If this Nevada court, by law can do this to Defendant COX then this court can do this as a matter of precedence to any online media anywhere.**

The issue of media status is important, as if this court does not deem Cox media or a medium of communication then I suppose that would justify simply wiping out massive online content because of false and defamatory information given to this court by Plaintiff Marc J. Randazza, Randazza Legal Group.

If this District of Nevada court can delete online media, seize blogs, seize domain names from any resident in any state publishing on godaddy, google, or any other platform and without First Amendment adjudication and simply with the reasoning that Porn Attorney Marc J. Randazza said so, then this is an issue that the public at large need to be warned of.

Plaintiff Marc Randazza has threatened, **coerced**, contacted, bullied my sources in my online media such as Bankruptcy insider Stephanie DeYoung and porn industry insider Monica Foster aKa Alexandria Melody and Desi Foxx aKa Diana Grandmason, as has Plaintiff's associates Sean Tompkins, Ari Bass aKa Michael Whiteacre, and more. This was to STOP my reporting on Plaintiff and those Plaintiff is connected to.

Plaintiff Marc Randazza has threatened, **coerced**, contacted, bullied and even sued my source, insider iViewit Technology inventor Eliot Bernstein. It is ALL related to media, as I don't know these people, I was reporting on their story and Plaintiff Marc Randazza attempted to get them to aid him in attacking me, they refused and he retaliated.

**It is a MEDIA Defendant Issue.**

As media the trademark issue is MUTE, as Pro Se Defendant Crystal L. COX has to state the name of RANDAZZA to report on RANDAZZA. A trademark does NOT supercede the first amendment right to complain about, criticize, EXPOSE, report on Marc Randazza or his law firm Randazza Legal Group, as a matter of LAW.

Defendant COX has suffered MASSIVE harm on this issue and has lost all civil rights, due process and constitutional rights in regard to her online media reporting on iViewit, Randazza Legal Group, human trafficking and prostitution in the porn industry, stalking and threatening porn industry insiders and much more. IT has caused me, Defendant COX immediate and ongoing hardship in every possible way and continues to daily.

# CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was filed using this Court's CM/ECF system **On June 3rd, 2013**.

Respectfully Submitted
Pro Se Defendant
Pro Se Counter Plaintiff
Crystal L. Cox
**Case 2:12-cv-02040-GMN-PAL**