**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| MARC J. RANDAZZA, et al.,<br><br>　　　　　　　　Plaintiffs,<br><br>vs.<br><br>CRYSTAL L. COX, et al.,<br><br>　　　　　　　　Defendants. | Case No. 2:12-cv-02040-GMN-PAL<br><br>**ORDER**<br><br>(Mtn to Preserve Evidence - Dkt. #21) |

This matter is before the court on Defendant Crystal Cox's Motion Requesting Preservation of Evidence (Dkt. #21). The Motion is one of ten Motions Cox filed between January 17, 2013, and May 5, 2013, many of which seek the same type of relief. The court has considered the Motion and Plaintiffs' Response (Dkt. #50). No reply was filed, and the time for filing one has now run.

**BACKGROUND**

This case arises out of the registration of no less than thirty-two internet domain names that incorporate all or part of Plaintiffs' personal names by Defendants Crystal Cox and Eliot Bernstein ("Defendants"). Plaintiff Marc Randazza is the managing partner of Marc Randazza PA d/b/a Randazza Legal Group. Plaintiff Jennifer Randazza is Marc Randazza's wife, and Natalia Randazza is the couple's four-year-old daughter. Cox registered the domain names at issue in this case, some of which were listed under proxy Bernstein's name. Defendants registered the domain names through godaddy.com and blogspot.com between December 10, 2011, and September 20, 2012.

On November 28, 2012, Plaintiffs filed the Complaint (Dkt. #1), alleging claims for: (1) violation of individual cyberpiracy protections under 15 U.S.C. § 8131; (2) cybersquatting under 15 U.S.C. § 1125(d); (3) right of publicity under NRS 597.810; (4) common law right of publicity; (5) common law right of intrusion upon seclusion; and (6) civil conspiracy. On January 11, 2013, the

district judge entered an Order (Dkt. #41) granting Plaintiffs' Motion for Preliminary Injunction (Dkt. #2) and temporarily enjoined Defendants from registering, operating, or maintaining any website or domain name with Plaintiffs' names or confusingly similar variation of their names. *See* Order (Dkt. #41) at 12:2-16. Additionally, six of the domain names at issue, which are subject to a decision by the World Intellectual Property Organization, were released to Marc Randazza's full control by the registrar. *See* Order (Dkt. #41) at 12:17-22. The twenty-six remaining domain names at issue were ordered locked by the respective registrar and transferred to Plaintiffs. *See* Order (Dkt. #41) at 12:22-13:11.

## DISCUSSION

Cox's Motion for Preservation of Evidence requests the court "print all listed blogs [and] websites as evidence in this case . . . in order to preserve evidence, the record[,] and safeguard the public at large." Motion (Dkt. #21) at 1. Cox then lists nearly fourteen pages of blogs and websites that she wants the court to print, also "demand[ing] the court print out archives of blogs" that are subject to the court's Preliminary Injunction. Motion at 14. In response, Plaintiffs assert that many of the blogs listed in the Motion are irrelevant to this litigation. Moreover, Plaintiff has not set forth any specific need for the court to receive free copies from the court.

Local Rule 7-2 provides that the "failure of a moving party to file points and authorities in support of the motion shall constitute a consent to the denial of the motion." LR 7-2(d). Here, Cox has not provided points and authorities in support of her Motion, instead arguing that preservation of these websites will "safeguard the public at large." Cox has cited no statutory authority or case law to justify her request, and her conclusory statements are insufficient.

Accordingly,

**IT IS ORDERED** that Cox's Motion for Preservation of Evidence (Dkt. #21) is DENIED.

Dated this 11th day of June, 2013.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE