# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| MARC J. RANDAZZA, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> CRYSTAL L. COX, et al., <br><br> Defendants. | Case No. 2:12-cv-02040-GMN-PAL <br><br> **ORDER** <br><br> (Mtn to Protective Order - Dkt. #47) |

This matter is before the court on Defendant Crystal Cox's Motion for Protective Order (Dkt. #47). The Motion is one of ten Motions Cox filed between January 17, 2013, and May 5, 2013, many of which seek the same type of relief. The court has considered the Motion, Plaintiffs' Response (Dkt. #51), and Cox's Reply (Dkt. #54). The court has not considered Cox's Addendum (Dkt. #55). Supplemental filings are not authorized by the Federal Rules of Civil Procedure or the Local Rules of Practice, which allow only a motion, a response, and a reply, without express prior leave of court. *See* Fed. R. Civ. P. 7; LR 7-2(a)-(c); *Hill v. England,* 2005 WL 3031136 at *1 (E.D. Cal. Nov. 8, 2005) (citing *Federick v. Mercedes-Benz USA, LLC,* 366 F. Supp. 2d 1190, 1197 (N.D. Ga. 2005).

## **BACKGROUND**

This case arises out of the registration of no less than thirty-two internet domain names that incorporate all or part of Plaintiffs' personal names by Defendants Crystal Cox and Eliot Bernstein ("Defendants"). Plaintiff Marc Randazza is the managing partner of Marc Randazza PA d/b/a Randazza Legal Group. Plaintiff Jennifer Randazza is Marc Randazza's wife, and Natalia Randazza is the couple's four-year-old daughter. Cox registered the domain names at issue in this case, some of which were listed under proxy Bernstein's name. Defendants registered the domain names through godaddy.com and blogspot.com between December 10, 2011, and September 20, 2012.

///

On November 28, 2012, Plaintiffs filed the Complaint (Dkt. #1), alleging claims for: (1) violation of individual cyberpiracy protections under 15 U.S.C. § 8131; (2) cybersquatting under 15 U.S.C. § 1125(d); (3) right of publicity under NRS 597.810; (4) common law right of publicity; (5) common law right of intrusion upon seclusion; and (6) civil conspiracy. On January 11, 2013, the district judge entered an Order (Dkt. #41) granting Plaintiffs' Motion for Preliminary Injunction (Dkt. #2) and temporarily enjoined Defendants from registering, operating, or maintaining any website or domain name with Plaintiffs' names or confusingly similar variation of their names. *See* Order (Dkt. #41) at 12:2-16. Additionally, six of the domain names at issue, which are subject to a decision by the World Intellectual Property Organization, were released to Marc Randazza's full control by the registrar. *See* Order (Dkt. #41) at 12:17-22. The twenty-six remaining domain names at issue were ordered locked by the respective registrar and transferred to Plaintiffs. *See* Order (Dkt. #41) at 12:22-13:11.

## DISCUSSION

Cox's Motion for Protective Order is difficult to follow and contains voluminous exhibits. She requests a protective order because, "on belief and knowledge," she is being threatened, stalked, intimidated, and harassed by Marc Randazza and his "co-conspirators"[1] both online and via text message. She contends there have been threats of "taking out" her kneecaps, calling her foul names, and saying "bye-bye." The Motion refers to various matters outside this litigation, including alleged infringement of an iViewit Technology patent claims regarding pornography industry whistleblowers. She requests a protective order to protect her, Bernstein, Monica Foster, Shelley Lubben, and Diana Grandmason. The Motion does not describe in any detail who these three women are, or how they relate to this case. The 120 pages of exhibits, however, explain that they are former actresses in adult films and/or are involved in the adult film industry online. She relies on 18 U.S.C. § 1512 and 18

/ / /

---

[1] These alleged co-conspirators include Ronald D. Green, Kenneth P. Whites, Jason Jones, Aris Bass a/k/a Michael Whiteacre, Sean Tompkins, J. Malcom Devoy, Sean Boushie, and Jordan Rushie. The Exhibits attached to the Motion indicate some of these "co-conspirators" are attorneys, and others are their clients, who are involved in the adult film industry.

1  U.S.C. § 241 to support her request for a protective order.  Cox also requests court personnel sign a
2  conflict of interest disclosure because it "is literally life or death."  Motion at 7.

3        Plaintiffs respond that Plaintiffs' counsel, Ronald D. Green, has attempted to contact Plaintiff
4  twice to schedule a conference about the parties' proposed discovery plan required pursuant to Local
5  Rule 26-1.  Plaintiffs have attached Mr. Green's correspondence to the Motion as Exhibit A.  They do
6  not address the remainder of her arguments because they are "unfounded."  Response at 1:21-23.  Cox's
7  reply reiterates that Plaintiffs have "set out to harm, intimidate, gang stalk, discredit, paint in false light
8  and put [Cox] under massive personal stress, duress, every single day."  Reply at 2.  Plaintiff contends
9  Mr. Green is meeting with the district judge privately to "get her to have the docket changed so that
10 descriptions are removed."  *Id.*  She accuses Plaintiffs and their alleged co-conspirators of connections
11 with organized crime, "gang stalking attorneys," the mafia, and the Russian Mob.  She lists
12 approximately 4,500 people and entities who she believes have a conflict of interest in this litigation.

13       Cox seeks a protective order pursuant to 18 U.S.C. §§ 241 and 1512.  Neither of these criminal
14 statutes provide a basis for the relief Cox seeks.  18 U.S.C. § 1512 is the federal statute criminalizing
15 tampering with a witness, victim, or an informant.  18 U.S.C. § 241 is the federal statute criminalizing
16 conspiracy against rights.  The Ninth Circuit has held that there is no private right of action under Title
17 18 of the United States Code.  *See Dyson v. Utigard,* 163 F.3d 607, 607 (9th Cir. 1998); *Aldabe v.*
18 *Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980) (internal citation omitted) (no civil liability under 18
19 U.S.C. § 241).  Cox has not established any legal or factual basis for the relief sought.

20       With respect to Cox's demand that all court personnel sign a conflict of interest disclosure, that
21 request has already been denied by the district judge.  *See* Order (Dkt. #41).  Filing multiple requests for
22 the same relief that have already been decided is a vexatious and abusive litigation tactic that wastes the
23 time and resources of the court and the parties.  Accordingly,

24       **IT IS ORDERED** that Cox's Motion for Protective Order (Dkt. #47) is DENIED.
25       Dated this 11th day of June, 2013.

                                                                                         PEGGY A. LEEN
                                                                                       UNITED STATES MAGISTRATE JUDGE