# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| MARC J. RANDAZZA, et al., ) | Case No. 2:12-cv-02040-GMN-PAL |
|           Plaintiffs, ) | **ORDER** |
| vs. ) | (Mtn to Direct - Dkt. #53) |
| CRYSTAL L. COX, et al., ) | |
|           Defendants. ) | |

This matter is before the court on Defendant Crystal Cox's Motion to Direct Marc J. Randazza, Ronald D. Green, and Randazza Legal Group Seek Outside Counsel (Dkt. #53). The Motion is one of ten Motions Cox filed between January 17, 2013, and May 5, 2013, many of which seek the same type of relief. The court has considered the Motion, Plaintiffs' Response (Dkt. #56), and Cox's Reply (Dkt. #53).

## **BACKGROUND**

This case arises out of the registration of no less than thirty-two internet domain names that incorporate all or part of Plaintiffs' personal names by Defendants Crystal Cox and Eliot Bernstein ("Defendants"). Plaintiff Marc Randazza is the managing partner of Marc Randazza PA d/b/a Randazza Legal Group. Plaintiff Jennifer Randazza is Marc Randazza's wife, and Natalia Randazza is the couple's four-year-old daughter. Cox registered the domain names at issue in this case, some of which were listed under proxy Bernstein's name. Defendants registered the domain names through godaddy.com and blogspot.com between December 10, 2011, and September 20, 2012.

On November 28, 2012, Plaintiffs filed the Complaint (Dkt. #1), alleging the following claims: (1) violation of individual cyberpiracy protections under 15 U.S.C. § 8131; (2) cybersquatting under 15 U.S.C. § 1125(d); (3) right of publicity under NRS 597.810; (4) common law right of publicity; (5)

common law right of intrusion upon seclusion; and (6) civil conspiracy. On January 11, 2013, the district judge entered an Order (Dkt. #41) granting Plaintiffs' Motion for Preliminary Injunction (Dkt. #2) and temporarily enjoined Defendants from registering, operating, or maintaining any website or domain name with Plaintiffs' names or confusingly similar variation of their names. *See* Order (Dkt. #41) at 12:2-16. Additionally, six of the domain names at issue, which are subject to a decision by the World Intellectual Property Organization, were released to Marc Randazza's full control by the registrar. *See* Order (Dkt. #41) at 12:17-22. The twenty-six remaining domain names at issue were ordered locked by the respective registrar and transferred to Plaintiffs. *See* Order (Dkt. #41) at 12:22-13:11.

## **DISCUSSION**

This Motion is largely unintelligible and seeks multiple court orders. Cox asserts that this lawsuit is intended to harass and intimidate Cox to chill protected speech in her blogs which "expos[e] the biggest technology crim in the world and the documented FACT that [Randazza]'s clients are infringing on the iViewIt Technology, estimated to be valued at 13 Trillion Dollars." Motion at 2. Cox claims that under NRS 44.336 and 44.337, a defamation plaintiff may not recover more than special damages unless a retraction demand was made, and retraction was refused. Here, Plaintiffs were awarded far more when Judge Navarro entered her Preliminary Injunction transferring Cox's various domain names referring to Marc Randazza transferred to Randazza. Throughout this fifty-five page Motion, Cox rails against Randazza, his attorneys, and others in a delusional way, recounting the history of her relationship with the Randazza Legal Group and asserts Randazza violated various provisions of the Nevada Rules of Professional Conduct. Cox requests the court direct Marc Randazza to "notify his liability carrier of his liability" in this case.

Additionally, Cox contends Judge Leen and Judge Navarro have violated the Public Officers Law SEC 73 and 74 (found in New York City's Administrative Code), 18 U.S.C. §§ 4 and 1361, and "other applicable laws, ethics and Judicial Cannons [sic]." Motion at 24. She asks that Judge Navarro be recused from hearing this case. Cox "demands the court investigate" various matters, including the car bombings of iViewIt inventors, the conspiracy involving Randazza, the INTA, WIPO, and WIPO

/ / /

Panelist Peter L. Michaelson.  Finally, she demands the court print out various blogs in their entirety to be included as evidence in this case.

      Plaintiffs respond that Cox's Motion is unintelligible and does not request any identifiable form of relief.  They represent they will "specifically address any of the myraid, untrue allegations" made by Cox if the court requires, but they refrain from doing so "to respect the court's time."  Opposition at 1 & n.1.  They filed the Opposition in order to "not be inadvertently deemed to be consenting" to the Motion.  *Id.* at 2:1-2.  In her thirty-seven page Reply, Cox reiterates large swatches of the Motion.

      As an initial matter, Cox is advised to review the Local Rules of Practice and comply with them.  LR 7-4 provides that unless otherwise ordered by the court, pretrial motions and points and authorities in support of motions are limited to thirty pages excluding exhibits.  LR 7-4.  Reply briefs and points and authorities are limited to twenty pages excluding exhibits.  *Id.*  Cox's Motion is fifty-five pages, and her Reply is thirty-seven pages, and she did not receive leave of court to file excessive pages.  Therefore, the Motion should be denied on this basis alone.

      Having reviewed and considered the moving and responsive papers, the Motion is denied.  There is no legal basis for ordering Randazza to notify his liability carrier, if he has one, because Randazza is the Plaintiff, not a Defendant, in this case.  Cox has not stated any legal or factual basis for her request to require Randazza to retain outside counsel.  Judge Navarro has considered and denied Cox's request that Judge Navarro recuse herself from hearing this case.  *See* Order (Dkt. #41).  Cox is free to preserve evidence she believes is relevant to the Plaintiffs' claims or her defenses.  She has stated no legal basis for her demand that the court print out various blogs, and this request has also been previously denied.  Finally, the court's role is to hear and resolve disputes over which it has jurisdiction.  Investigating suspected crimes or violations of the law is the function of the executive (and in some cases, legislative) branch of government, and any citizen is free to report suspected violation and request an investigation.

      For all of these reasons,

      **IT IS ORDERED** that Cox's Motion Regarding Insurance (Dkt. #53) is DENIED.

      Dated this 11th day of June, 2013.

                                               PEGGY A. LEEN
                                               UNITED STATES MAGISTRATE JUDGE