**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| MARC J. RANDAZZA, et al.,<br><br>　　　　　　　　　Plaintiffs,<br><br>vs.<br><br>CRYSTAL L. COX, et al.,<br><br>　　　　　　　　　Defendants. | Case No. 2:12-cv-02040-GMN-PAL<br><br>**ORDER**<br><br>(Mtn to Notify Investigators - Dkt. #60) |

This matter is before the court on Defendant Crystal Cox's Motion Requesting Court Notify Investigators/Authorities Regarding Suspected Criminal Actions/Activities of Plaintiff Marc Randazza and Counter-Defendants/Co-Conspirators (Dkt. #60). The Motion is one of ten Motions Cox filed between January 17, 2013, and May 5, 2013, many of which seek the same type of relief. The court has considered the Motion, Plaintiffs' Response (Dkt. #73), and Cox's Reply (Dkt. #74).

**BACKGROUND**

This case arises out of the registration of no less than thirty-two internet domain names that incorporate all or part of Plaintiffs' personal names by Defendants Crystal Cox and Eliot Bernstein ("Defendants"). Plaintiff Marc Randazza is the managing partner of Marc Randazza PA d/b/a Randazza Legal Group. Plaintiff Jennifer Randazza is Marc Randazza's wife, and Natalia Randazza is the couple's four-year-old daughter. Cox registered the domain names at issue in this case, some of which were listed under proxy Bernstein's name. Defendants registered the domain names through godaddy.com and blogspot.com between December 10, 2011, and September 20, 2012.

On November 28, 2012, Plaintiffs filed the Complaint (Dkt. #1), alleging claims for: (1) violation of individual cyberpiracy protections under 15 U.S.C. § 8131; (2) cybersquatting under 15 U.S.C. § 1125(d); (3) right of publicity under NRS 597.810; (4) common law right of publicity; (5)

1  common law right of intrusion upon seclusion; and (6) civil conspiracy.  On January 11, 2013, the
2  district judge entered an Order (Dkt. #41) granting Plaintiffs' Motion for Preliminary Injunction (Dkt.
3  #2) and temporarily enjoined Defendants from registering, operating, or maintaining any website or
4  domain name with Plaintiffs' names or confusingly similar variation of their names.  *See* Order (Dkt.
5  #41) at 12:2-16.  Additionally, six of the domain names at issue, which are subject to a decision by the
6  World Intellectual Property Organization, were released to Marc Randazza's full control by the
7  registrar.  *See* Order (Dkt. #41) at 12:17-22.  The twenty-six remaining domain names at issue were
8  ordered locked by the respective registrar and transferred to Plaintiffs.  *See* Order (Dkt. #41) at 12:22-
9  13:11.

## DISCUSSION

11       Cox requests the court notify "ALL applicable authorities, law enforcement, special
12  investigators, FBI, Department of Justice, FTC, SEC, Attorney General, State Attorney Bar Associates
13  that Apply, Financial Crime Investigators, WIPO, UDRP Officials, ICANN- UDNDRP, INTERPOL
14  any International Investigators that apply" to investigate Plaintiff Marc Randazza and all "Co-
15  Conspirators and Counter Defendants regarding alleged criminal and civil conspiracy activities."
16  Motion at 1.  Cox then lists eight pages of people who are alleged co-conspirators with Plaintiffs.
17  Motion at 4-8; 10-13.  Cox also requests that the assigned magistrate judge and district judge "abide by
18  Public Officers Law SEC 73, Public Officers Law SEC 74 Code of Ethics, Title 18 Federal Code, Title
19  18 U.S.C. § 4, Title 28 U.S.C. § 1361, Title 28 U.S.C. § 1361, and other applicable laws, ethics, and
20  Judicial Cannons [sic]."  Motion at 2.  Finally, Cox again demands that the court print certain blogs,
21  listed on pages 14-27 of her Motion, in their entirety as evidence in this case.
22       In response, Plaintiffs assert the court has already denied a nearly-identical request from Cox,
23  and this issue cannot be re-adjudicated.  Additionally, this Motion demonstrates that Cox is abusing her
24  CM/ECF privileges because immediately after the district judge denied Cox's initial request, she filed
25  this Motion.  In her forty-two page Reply, Cox asserts she filed a second Motion to Investigate "because
26  [she] realized the court is obligated to, under law, notify authorities, and [she] had worded it differently
27  the first time, in suggesting that the court investigate the Plaintiff and his Co-Conspirators.  So [she]
28  filed another motion requesting the court NOTIFY authorities instead of investigate themselves, this

was more Proper, under the Law." Reply at 1 (capitalization in original). Cox repeats claims that Plaintiff Marc Randazza and his alleged co-conspirators are involved in a host of scandalous activities. She contends it is the court's duty to notify authorities and special prosecutors to investigate her claims. She reiterates her request that the court enter a protective order protecting her and others from Plaintiffs and others.

The Motion is denied. First, reply briefs are limited to twenty pages unless a party receives advance permission to file a longer brief. *See* LR 7-4. Second, Plaintiff has cited no case law or statutory authority to support her demand that the court notify law enforcement about Marc Randazza's alleged criminal and civil conspiracy activities. As this court has previously advised Cox, the failure of a party to file points and authorities in support of a motion constitutes a consent to the denial of the motion. *See* LR 7-2(d).

Third, the district judge has already denied Cox's previous Motion to Investigate (Dkt. #22). In that Order (Dkt. #27), the court advised Cox that "courts provide a forum for the resolution of disputes. The requested initiation of an investigation is a function of the other branches of government." *See* Order (Dkt. #27) at 1:13-14. Cox is engaging in abusive litigation practices by filing multiple, voluminous motions that request relief previously considered and denied and by making frivolous requests without any legal basis. Rule 11 of the Federal Rules of Civil Procedure provides that sanctions may be imposed on an attorney or an unrepresented party who signs a paper that is either filed with the court for an improper purpose or is frivolous. *See Nugget Hydroelectric, L.P. v. Pacific Gas & Elec. Co.,* 981 F.2d 429, 439 (9th Cir. 1992, *cert. denied*, 508 U.S. 908 (1993) (citing *Townsend v. Holman Consulting Corp.,* 929 F.3d 1358. 1362 (9th Cir. 1990) (en banc)). In *Nugget,* the Ninth Circuit upheld the trial court's imposition of Rule 11 sanctions because a party's second motion to compel largely duplicated the first. The Ninth Circuit upheld the district court's order imposing sanctions after finding the second motion was filed for the improper purpose of harassing the other side. Cox is warned that continued motion practice requesting relief that has already been denied or making frivolous, unsupported requests may result in sanctions.

For all of these reasons,

///

**IT IS ORDERED** that Cox's Motion for Investigation (Dkt. #60) is DENIED.

Dated this 11th day of June, 2013.

                                                                _____
                                                                PEGGY A. LEEN
                                                                UNITED STATES MAGISTRATE JUDGE