1
2
3
4
5
6

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

7
8
9
10
11
12

MARC J. RANDAZZA, et al.,                              )
                                                                        )          Case No. 2:12-cv-02040-GMN-PAL
                                          Plaintiffs,       )
                                                                        )          **ORDER**
vs.                                                                    )
                                                                        )          (Mtn to Sanction - Dkt. #77)
CRYSTAL L. COX, et al.,                              )
                                                                        )
                                          Defendants.      )
_____ )

13          This matter is before the court on Defendant Crystal Cox's Motion to Sanction Marc J.

14     Randazza, Randazza Legal Group and Ronald D. Green (Dkt. #77).  The Motion is one of ten Motions

15     Cox filed between January 17, 2013, and May 5, 2013, many of which seek the same type of relief.  The

16     court has considered the Motion, Plaintiffs' Response (Dkt. #84), and Cox's Reply (Dkt. #87).

17                                                        **BACKGROUND**

18          This case arises out of the registration of no less than thirty-two internet domain names that

19     incorporate all or part of Plaintiffs' personal names by Defendants Crystal Cox and Eliot Bernstein

20     ("Defendants").  Plaintiff Marc Randazza is the managing partner of Marc Randazza PA d/b/a

21     Randazza Legal Group.  Plaintiff Jennifer Randazza is Marc Randazza's wife, and Natalia Randazza is

22     the couple's four-year-old daughter.  Cox registered the domain names at issue in this case, some of

23     which were listed under proxy Bernstein's name.  Defendants registered the domain names through

24     godaddy.com and blogspot.com between December 10, 2011, and September 20, 2012.

25          On November 28, 2012, Plaintiffs filed the Complaint (Dkt. #1), alleging claims for: (1)

26     violation of individual cyberpiracy protections under 15 U.S.C. § 8131; (2) cybersquatting under 15

27     U.S.C. § 1125(d); (3) right of publicity under NRS 597.810; (4) common law right of publicity; (5)

28     common law right of intrusion upon seclusion; and (6) civil conspiracy.  On January 11, 2013, the

1  district judge entered an Order (Dkt. #41) granting Plaintiffs' Motion for Preliminary Injunction (Dkt.

2  #2) and temporarily enjoined Defendants from registering, operating, or maintaining any website or

3  domain name with Plaintiffs' names or confusingly similar variation of their names.  *See* Order (Dkt.

4  #41) at 12:2-16.  Additionally, six of the domain names at issue, which are subject to a decision by the

5  World Intellectual Property Organization, were released to Marc Randazza's full control by the

6  registrar.  *See* Order (Dkt. #41) at 12:17-22.  The twenty-six remaining domain names at issue were

7  ordered locked by the respective registrar and transferred to Plaintiffs.  *See* Order (Dkt. #41) at 12:22-

8  13:11.

9  **DISCUSSION**

10       Cox's Motion is difficult to follow.  Although it is called a Motion to Sanction, and was filed as

11  a discovery motion, Cox asserts that she intends to file criminal complaints against any officer of the

12  court, including opposing counsel, who violates any law or ethical statute "in order to perpetrate the

13  fraud through obstruction via conflicts" and against any officer of the court who has violated any law

14  already in previous rulings affecting her.  Motion at 1.  "Therefore every ruling of this court on a

15  motion without conflict disclosure will be charged for each and every act in a criminal complaint,

16  forthcoming."  *Id.*  She contends the district judge is acting in a civil and criminal conspiracy with

17  Plaintiffs and "ALL Connected Co-Conspirators and Counter Defendants."  *Id.*

18       She asserts Marc Randazza and his counsel "should be sanctioned for acting as his own

19  attorney, when he has representation, and for not notifying opposing counsel of deposition, and

20  intimidation of a witness."  Motion at 2.  Specifically, it appears she believes that Marc Randazza

21  should not have written a letter to Stephanie DeYoung requesting Ms. DeYoung's deposition because

22  Mr. Randazza is represented by counsel in this matter.  Additionally, Cox asserts Randazza should have

23  informed her about taking Ms. DeYoung's deposition in the first place.  Cox believes Randazza wants

24  information about her and her purported legal fund "which is not his lawful right to do so, and disguised

25  as a deposition in a court case of which is nothing to do with my assets, churches [Cox] may want to set

26  up, legal funds [Cox] may want to set up, or [Cox's] personal information."  Motion at 3.  She also

27  alleges Randazza has "defamed other ministers/healers [she] had hoped to start a church and healing

28  center with."  Motion at 4.  She claims Randazza has violated 18 U.S.C. § 1512 and has defamed her.

2

1       Cox also spends many pages discussing the history of her relationship with Marc Randazza and

2   the Cox v. Obsidian lawsuit, as well as the various reasons why the court should not have granted the

3   preliminary injunction in favor of Plaintiffs.  She attaches nearly one hundred pages of exhibits,

4   including correspondence from Ms. DeYoung and Marc Randazza and many of her own blog posts and

5   several from Ms. DeYoung's blog as well.

6       Plaintiffs respond that Cox's Motion is unintelligible and provides no rational basis for levying

7   sanctions.  Plaintiffs note that although the Motion was filed as a discovery motion, Cox has not

8   attempted to meet and confer as required by LR 26-1 and Rule 26(f) of the Federal Rules of Civil

9   Procedure.  Plaintiffs also assert that this Motion is illustrative of Cox's repeated abuse of the CM/ECF

10   system and provides an additional basis for the court to revoke her electronic filing privileges.  In Cox's

11   thirty-two page Reply, she reiterates her claims that the district judge is biased against Cox and is acting

12   in concert with Marc Randazza.  She clarifies that the Motion to Sanction was not about discovery, but

13   she filed it as a discovery motion because CM/ECF had no other sanction motion filing option.  The

14   remainder of her Reply is, essentially, her Motion re-arranged and repeated verbatim.

15       As an initial matter, Cox must review the Local Rules of Practice and comply with them.  LR 7-

16   4 provides that unless otherwise ordered by the court reply briefs and points and authorities are limited

17   to twenty pages excluding exhibits.  *Id.*  Cox's Reply is thirty-two pages long.  The court will, however,

18   consider the Motion.

19       Distilled to its essence, Cox's Motion requests Marc Randazza be sanctioned for

20   communicating with Ms. DeYoung himself and for attempting to schedule a deposition without Cox's

21   knowledge.  First, there is no prohibition against a party in a lawsuit contacting a non-party witness.

22   Second, Cox is correct that she must be served with a notice of deposition pursuant to Rule 30 of the

23   Federal Rules of Civil Procedure.  *See* Fed. R. Civ. P. 30(b)(1).  However, it is a common and

24   appropriate practice to contact potential witnesses for scheduling discussions or logistical arrangements

25   in advance of noticing a deposition.  If and when Plaintiffs schedule Ms. DeYoung's deposition, they

26   must serve Cox with a notice of deposition.  Sanctions are not warranted.

27       The remaining relief Cox seeks has already been requested and denied.  *See, e.g.,* Order (Dkt.

28   #41) (denying Cox's request that court personnel sign a conflict of interest disclosure and denying

Cox's request that the district judge recuse herself); Order (Dkt. #86) (denying Cox's second request that the district judge recuse herself and denying Cox's motion to disqualify the district judge).  Filing multiple, duplicative requests for the same relief is an abusive litigation tactic that is sanctionable.  Rule 11 of the Federal Rules of Civil Procedure provides that sanctions may be imposed on an attorney or an unrepresented party who signs a paper that is either filed with the court for an improper purpose or is frivolous.  *See Nugget Hydroelectric, L.P. v. Pacific Gas & Elec. Co.,* 981 F.2d 429, 439 (9th Cir. 1992, *cert. denied*, 508 U.S. 908 (1993) (citing *Townsend v. Holman Consulting Corp.,* 929 F.3d 1358. 1362 (9th Cir. 1990) (en banc)).  In *Nugget,* the Ninth Circuit upheld the trial court's imposition of Rule 11 sanctions because a party's second motion to compel largely duplicated the first.  The Ninth Circuit upheld the magistrate's order imposing sanctions after finding the second motion was filed for the improper purpose of harassing the other side.  Cox is warned that continued motion practice requesting relief that has already been requested and denied and filing frivolous, unsupported requests may result in sanctions.

Accordingly,

**IT IS ORDERED** that Cox's Motion for Sanctions (Dkt. #77) is DENIED.

Dated this 11th day of June, 2013.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE

4