UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MARC J. RANDAZZA, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> CRYSTAL L. COX, et al., <br><br> Defendants. | Case No. 2:12-cv-02040-GMN-PAL <br><br> **ORDER** <br><br> (Mtn to Enjoin - Dkt. #113) |

This matter is before the court on Defendant Crystal Cox's Motion to Enjoin (Dkt. #113) filed March 26, 2013. The Motion is one of ten Motions Cox filed between January 17, 2013, and May 5, 2013, many of which seek the same type of relief. The court has considered the Motion.

## **BACKGROUND**

This case arises out of the registration of no less than thirty-two internet domain names that incorporate all or part of Plaintiffs' personal names by Defendants Crystal Cox and Eliot Bernstein ("Defendants"). Plaintiff Marc Randazza is the managing partner of Marc Randazza PA d/b/a Randazza Legal Group. Plaintiff Jennifer Randazza is Marc Randazza's wife, and Natalia Randazza is the couple's four-year-old daughter. Cox registered the domain names at issue in this case, some of which were listed under proxy Bernstein's name. Defendants registered the domain names through godaddy.com and blogspot.com between December 10, 2011, and September 20, 2012.

On November 28, 2012, Plaintiffs filed the Complaint (Dkt. #1), alleging claims for: (1) violation of individual cyberpiracy protections under 15 U.S.C. § 8131; (2) cybersquatting under 15 U.S.C. § 1125(d); (3) right of publicity under NRS 597.810; (4) common law right of publicity; (5) common law right of intrusion upon seclusion; and (6) civil conspiracy. On January 11, 2013, the district judge entered an Order (Dkt. #41) granting Plaintiffs' Motion for Preliminary Injunction (Dkt.

#2) and temporarily enjoined Defendants from registering, operating, or maintaining any website or domain name with Plaintiffs' names or confusingly similar variation of their names. *See* Order (Dkt. #41) at 12:2-16. Additionally, six of the domain names at issue, which are subject to a decision by the World Intellectual Property Organization, were released to Marc Randazza's full control by the registrar. *See* Order (Dkt. #41) at 12:17-22. The twenty-six remaining domain names at issue were ordered locked by the respective registrar and transferred to Plaintiffs. *See* Order (Dkt. #41) at 12:22-13:11.

**DISCUSSION**

Cox seeks an order "enjoining" the Attorneys General of Nevada, Washington, New York, Florida, California, and the United States "into this case" because this case involves "gang stalking, threats to [Cox], threats to [Cox's] sources, abuse of process, attorneys rogue abusing [Cox's] civil rights and the civil rights of [Cox's] informants, sources and those [Cox] reports on." Motion at 1. She contends the court is protecting Plaintiff Marc Randazza and acting outside of the law, violating her constitutional rights.

As an initial matter, enjoin means "to legally prohibit or restrain by injunction" or "to prescribe, mandate, or strongly encourage." *Black's Law Dictionary* (9th ed. 2009). It does not mean to join a party to litigation. Technicalities aside, Cox has cited no statutory authority or case law to support her request. *See* LR 7-2(d) (the failure of a moving party to file points and authorities in support of a motion constitutes a consent to a denial of the motion). The Motion is frivolous.

Accordingly,

**IT IS ORDERED** that Cox's Motion to Enjoin (Dkt. #113) is DENIED.

Dated this 11th day of June, 2013.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE