# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

MARC J. RANDAZZA, et al.,

    Plaintiffs,

vs.

CRYSTAL L. COX, et al.,

    Defendants.

Case No. 2:12-cv-02040-GMN-PAL

**ORDER**

(Mtn for Case Mgmt Conf - Dkt. #118)

This matter is before the court on Plaintiff Marc J. Randazza's, Jennifer Randazza's, and Natalia Randazza's Motion for Case Management Conference (Dkt. #118). The court has considered the Motion and Defendant Crystal Cox's Opposition (Dkt. #120).

## **BACKGROUND**

This case arises out of the registration of no less than thirty-two internet domain names that incorporate all or part of Plaintiffs' personal names by Defendants Crystal Cox and Eliot Bernstein ("Defendants"). Plaintiff Marc Randazza is the managing partner of Marc Randazza PA d/b/a Randazza Legal Group. Plaintiff Jennifer Randazza is Marc Randazza's wife, and Natalia Randazza is the couple's four-year-old daughter. Cox registered the domain names at issue in this case, some of which were listed under proxy Bernstein's name. Defendants registered the domain names through godaddy.com and blogspot.com between December 10, 2011, and September 20, 2012.

On November 28, 2012, Plaintiffs filed the Complaint (Dkt. #1), alleging claims for: (1) violation of individual cyberpiracy protections under 15 U.S.C. § 8131; (2) cybersquatting under 15 U.S.C. § 1125(d); (3) right of publicity under NRS 597.810; (4) common law right of publicity; (5) common law right of intrusion upon seclusion; and (6) civil conspiracy. On January 11, 2013, the district judge entered an Order (Dkt. #41) granting Plaintiffs' Motion for Preliminary Injunction (Dkt.

#2) and temporarily enjoined Defendants from registering, operating, or maintaining any website or domain name with Plaintiffs' names or confusingly similar variation of their names. *See* Order (Dkt. #41) at 12:2-16. Additionally, six of the domain names at issue, which are subject to a decision by the World Intellectual Property Organization, were released to Marc Randazza's full control by the registrar. *See* Order (Dkt. #41) at 12:17-22. The twenty-six remaining domain names at issue were ordered locked by the respective registrar and transferred to Plaintiffs. *See* Order (Dkt. #41) at 12:22-13:11.

## DISCUSSION

Plaintiffs seek an order scheduling a case management conference in this matter "to address pending motions, discovery issues and establish a discovery plan." Motion at 1:26-28. Cox contends she has notified this court many times of being in "GRAVE danger" because of Marc Randazza and others. Opposition at 1 (emphasis in original). She makes the inflammatory assertion that "the court cannot lawfully, constitutionally order Cox to let Randazza track her by phone or force a meeting where Cox is murdered by Randazza." *Id.* at 2. She flatly states she "will NOT attend a Case Management Conference. If Court Ordered, [she] will refuse, if this is contempt [she] will demand a criminal attorney." *Id.* at 3 (emphasis in original). It is apparent to the court that it would be a waste of time to order Cox to participate in a Rule 26(f) conference. The court will therefore require the parties to SERVE (NOT FILE) each other with the initial disclosures required by Rule 26(a)(1) of the Federal Rules of Civil Procedure and will enter a standard 180-day discovery plan and scheduling order, measured from the date of this Order.

The following discovery plan and scheduling order dates shall apply:

    a.    The parties shall have until **June 24, 2013,** to SERVE the initial disclosures required by Rule 26(a)(1). The disclosures SHALL NOT be filed with the court.

    b.    Last date to complete discovery: **December 10, 2013.**

    c.    Last date to amend pleadings and add parties: **September 10, 2013.**

    d.    Last date to file interim status report: **October 10, 2013.**

    e.    Last date to disclose experts pursuant to Fed. R. Civ. P. 26(a)(2): **October 10, 2013.**

   f. Last date to disclose rebuttal experts: **November 12, 2013.**

   g. Last date to file dispositive motions: **January 10, 2014.**

   h. Last date to file joint pretrial order: **February 10, 2014.**  In the event dispositive motions are filed, the date for filing the joint pretrial order shall be suspended until thirty days after a decision of the dispositive motions.

2.  The disclosures required by Fed. R. Civ. P. 26(a)(3), and any objections thereto, shall be included in the pretrial order.

3.  Applications to extend any dates set by this discovery plan and scheduling order shall, in addition to satisfying the requirements of LR 6-1, be supported by a showing of good cause for the extension.  All motions or stipulations to extend discovery shall be received no later than **November 20, 2013,** and shall fully comply with the requirements of LR 26-4.

Dated this 11th day of June, 2013.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE