UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MARC J. RANDAZZA, et al.,<br><br>        Plaintiffs,<br><br>vs.<br><br>CRYSTAL L. COX, et al.,<br><br>        Defendants. | Case No. 2:12-cv-02040-GMN-PAL<br><br>**ORDER**<br><br>(Mtn for Clarification - Dkt. #121) |

This matter is before the court on Defendant Crystal Cox's Motion for Clarification on Defendants' Media Status (Dkt. #121). The Motion is one of ten Motions Cox filed between January 17, 2013, and May 5, 2013, many of which seek the same type of relief. The court has considered the Motion.

**BACKGROUND**

This case arises out of the registration of no less than thirty-two internet domain names that incorporate all or part of Plaintiffs' personal names by Defendants Crystal Cox and Eliot Bernstein ("Defendants"). Plaintiff Marc Randazza is the managing partner of Marc Randazza PA d/b/a Randazza Legal Group. Plaintiff Jennifer Randazza is Marc Randazza's wife, and Natalia Randazza is the couple's four-year-old daughter. Cox registered the domain names at issue in this case, some of which were listed under proxy Bernstein's name. Defendants registered the domain names through godaddy.com and blogspot.com between December 10, 2011, and September 20, 2012.

On November 28, 2012, Plaintiffs filed the Complaint (Dkt. #1), alleging claims for: (1) violation of individual cyberpiracy protections under 15 U.S.C. § 8131; (2) cybersquatting under 15 U.S.C. § 1125(d); (3) right of publicity under NRS 597.810; (4) common law right of publicity; (5) common law right of intrusion upon seclusion; and (6) civil conspiracy. On January 11, 2013, the

district judge entered an Order (Dkt. #41) granting Plaintiffs' Motion for Preliminary Injunction (Dkt. #2) and temporarily enjoined Defendants from registering, operating, or maintaining any website or domain name with Plaintiffs' names or confusingly similar variation of their names. *See* Order (Dkt. #41) at 12:2-16. Additionally, six of the domain names at issue, which are subject to a decision by the World Intellectual Property Organization, were released to Marc Randazza's full control by the registrar. *See* Order (Dkt. #41) at 12:17-22. The twenty-six remaining domain names at issue were ordered locked by the respective registrar and transferred to Plaintiffs. *See* Order (Dkt. #41) at 12:22-13:11.

## **DISCUSSION**

Cox's Motion is largely unintelligible. She requests the court "clarify on whether the court considers Defendant Crystal L. Cox as a Media Defendant of [sic] not, as a matter of law and statutes." Motion at 1. Additionally, she asks the court to clarify "on reasons under U.S. Code and the Constitution and Diversity, in which this court ruled as to completely sidestep the constitutional rights of Defendant Crystal L. Cox." *Id.* She asks the court to enumerate the reasons this court "gave away her property, deleted her blogs, redirected her domain names, and simply disregarded" her First Amendment rights. She cites Rule 5.1 of the Federal Rules of Civil Procedure to challenge a statute but does not identify which federal statute she believes is unconstitutional. Cox asserts Marc Randazza has exploited his child for advantage in this litigation to "destroy the life and reputation of Defendant Crystal L. Cox." Motion at 7. Finally, Cox engages in a lengthy discussion about the Lanham Act and trademark law in general.

To the extent Cox is requesting the court to explain the reasons it issued the Preliminary Injunction in this case, the district judge has already done so in her written Order (Dkt. #41). Cox's request that the court rule on her "media status" is nonsensical and not related to any bona fide dispute before the court. Advisory opinions are prohibited under Article III of the Constitution. *See, e.g., Coalition for a Healthy California v. F.C.C.,* 87 F.3d 383, 386 (9th Cir. 1996) (citing *Flast v. Cohen,* 392 U.S. 83, 96)). As the Supreme Court explained, "federal courts have never been empowered to issue advisory opinions." *Id.* (citing *FCC v. Pacifica Found.,* 438 U.S. 726, 734-35 (1978) (internal citations omitted)).

1   For all of these reasons,

2   **IT IS ORDERED** that Cox's Motion for Clarification on Defendant's Media Status (Dkt. #121)
3   is DENIED.

4   Dated this 11th day of June, 2013.

```
                                        _____
                                        PEGGY A. LEEN
                                        UNITED STATES MAGISTRATE JUDGE
```

3