UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MARC J. RANDAZZA, et al.,<br><br>　　　　　　　　Plaintiffs,<br><br>vs.<br><br>CRYSTAL L. COX, et al.,<br><br>　　　　　　　　Defendants. | Case No. 2:12-cv-02040-GMN-PAL<br><br>**ORDER**<br><br>(Mtn to Appoint Counsel - Dkt. #125) |

This matter is before the court on Defendant Crystal Cox's Motion to Proceed In Forma Pauperis and to Appoint Counsel (Dkt. #125). The Motion is one of ten Motions Cox filed between January 17, 2013, and May 5, 2013, many of which seek the same type of relief. The court has considered the Motion.

**BACKGROUND**

This case arises out of the registration of no less than thirty-two internet domain names that incorporate all or part of Plaintiffs' personal names by Defendants Crystal Cox and Eliot Bernstein ("Defendants"). Plaintiff Marc Randazza is the managing partner of Marc Randazza PA d/b/a Randazza Legal Group. Plaintiff Jennifer Randazza is Marc Randazza's wife, and Natalia Randazza is the couple's four-year-old daughter. Cox registered the domain names at issue in this case, some of which were listed under proxy Bernstein's name. Defendants registered the domain names through godaddy.com and blogspot.com between December 10, 2011, and September 20, 2012.

On November 28, 2012, Plaintiffs filed the Complaint (Dkt. #1), alleging claims for: (1) violation of individual cyberpiracy protections under 15 U.S.C. § 8131; (2) cybersquatting under 15 U.S.C. § 1125(d); (3) right of publicity under NRS 597.810; (4) common law right of publicity; (5) common law right of intrusion upon seclusion; and (6) civil conspiracy. On January 11, 2013, the

district judge entered an Order (Dkt. #41) granting Plaintiffs' Motion for Preliminary Injunction (Dkt. #2) and temporarily enjoined Defendants from registering, operating, or maintaining any website or domain name with Plaintiffs' names or confusingly similar variation of their names. *See* Order (Dkt. #41) at 12:2-16. Additionally, six of the domain names at issue, which are subject to a decision by the World Intellectual Property Organization, were released to Marc Randazza's full control by the registrar. *See* Order (Dkt. #41) at 12:17-22. The twenty-six remaining domain names at issue were ordered locked by the respective registrar and transferred to Plaintiffs. *See* Order (Dkt. #41) at 12:22-13:11.

## **DISCUSSION**

Cox's Motion requests leave to proceed in forma pauperis and that the court appoint counsel pursuant to 28 U.S.C. § 1915(e)(1). An application to proceed in forma pauperis is made by a *plaintiff* who cannot afford the filing fee for filing a complaint. Cox is a defendant, not a plaintiff. On February 26, 2013, the district judge found Cox's first Application to Proceed In Forma Pauperis (Dkt. #91) "should be construed as a request to commence a separate civil action." *See* Minute Order (Dkt. #94). The court denied the Application as moot. Cox is not permitted to file multiple requests for the same relief. It clogs the court's docket, wastes judicial resources, and impedes the timely and efficient administration of this case. The request is denied.

With respect to Cox's request for court-appointed counsel, 28 U.S.C. § 1915(e)(1) provides that the court may "request an attorney to represent any person unable to afford counsel." Pursuant to 28 U.S.C. § 1915(e)(1), the court may appoint counsel to litigants proceeding in forma pauperis. That statute does not authorize courts to require counsel to represent such litigants but only to request such representation on a pro bono basis. *See Mallard v. United States Dist. Ct.*, 490 U.S. 296, 304-05 (1989). The appointment of counsel pursuant to section 1915(e)(1) is limited to cases presenting exceptional circumstances. *See Aldabe v. Aldabe*, 616 F.2d 1089, 1093 (9th Cir. 1980) (per curiam). Appointment of counsel is not a matter of right. *See Ivey v. Board of Regents*, 673 F.2d 266 (9th Cir. 1982). Cox has not shown any exceptional circumstances to justify the appointment of counsel in this matter, has not established an inability to afford counsel, and has not shown any attempt to secure counsel.

Accordingly,

**IT IS ORDERED** that Cox's Motion to Proceed In Forma Pauperis and to Appoint Counsel (Dkt. #125) is DENIED.

Dated this 11th day of June, 2013.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE