UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MARC J. RANDAZZA, et al.,<br><br>                  Plaintiffs,<br><br>vs.<br><br>CRYSTAL L. COX, et al.,<br><br>                  Defendants. | Case No. 2:12-cv-02040-GMN-PAL<br><br>**ORDER**<br><br>(Mtn re Insurance - Dkt. #115) |

This matter is before the court on Defendant Crystal Cox's Motion for Insurance Documentation (Dkt. #115). The Motion is one of ten Motions Cox filed between January 17, 2013, and May 5, 2013, many of which seek the same type of relief. The court has considered the Motion, Plaintiffs Marc Randazza's, Jennifer Randazza, and Natalia Randazza's Opposition (Dkt. #117), and Cox's Reply (Dkt. #119).

## BACKGROUND

This case arises out of the registration of no less than thirty-two internet domain names that incorporate all or part of Plaintiffs' personal names by Defendants Crystal Cox and Eliot Bernstein ("Defendants"). Plaintiff Marc Randazza is the managing partner of Marc Randazza PA d/b/a Randazza Legal Group. Plaintiff Jennifer Randazza is Marc Randazza's wife, and Natalia Randazza is the couple's four-year-old daughter. Cox registered the domain names at issue in this case, some of which were listed under proxy Bernstein's name. Defendants registered the domain names through godaddy.com and blogspot.com between December 10, 2011, and September 20, 2012.

On November 28, 2012, Plaintiffs filed the Complaint (Dkt. #1), alleging claims for: (1) violation of individual cyberpiracy protections under 15 U.S.C. § 8131; (2) cybersquatting under 15 U.S.C. § 1125(d); (3) right of publicity under NRS 597.810; (4) common law right of publicity; (5)

1  common law right of intrusion upon seclusion; and (6) civil conspiracy. On January 11, 2013, the
2  district judge entered an Order (Dkt. #41) granting Plaintiffs' Motion for Preliminary Injunction (Dkt.
3  #2) and temporarily enjoined Defendants from registering, operating, or maintaining any website or
4  domain name with Plaintiffs' names or confusingly similar variation of their names. *See* Order (Dkt.
5  #41) at 12:2-16. Additionally, six of the domain names at issue, which are subject to a decision by the
6  World Intellectual Property Organization, were released to Marc Randazza's full control by the
7  registrar. *See* Order (Dkt. #41) at 12:17-22. The twenty-six remaining domain names at issue were
8  ordered locked by the respective registrar and transferred to Plaintiffs. *See* Order (Dkt. #41) at 12:22-
9  13:11.

## DISCUSSION

Defendant Cox's Motion requests "any insurance under which Randazza Legal Group operating" pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure because Marc Randazza "has liability that must be disclosed to his insurance provider." Motion at 1. Plaintiffs oppose the Motion, arguing that Randazza Legal Group is not a party to this litigation, and this request is equally irrelevant to this litigation. Additionally, discovery has not begun in this case because Cox has "refused to speak with Plaintiffs' counsel." Opposition at 1:25-27. Not only has Cox refused to set up a Rule 26(f) conference, but also she filed a Motion for Protective Order (Dkt. #47) when Plaintiffs' counsel attempted to set it up. In her forty-one page Reply, Cox asserts that Randazza Legal Group is liable for the action of its attorneys, including Plaintiff Marc Randazza, with respect to this lawsuit against Cox, a former client of the firm. Cox contends that as a judgment is possible, she "has a right to the insurance information of Plaintiff Marc J. Randazza." Reply at 9. Cox reiterates arguments raised in her Motion to Sanction (Dkt. #77), recounts the history of her relationship with Marc Randazza, and cites various articles that she claims are defamatory. The Motion is denied for the following reasons.

First, reply briefs are limited to twenty pages unless a party receives advance permission to file a longer brief. *See* LR 7-4. Cox did not receive advance permission to file a forty-one page Reply. Second, no formal discovery may be undertaken until after the parties have conferred pursuant to Rule 26(f) of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 26(d). Thus, to the extent Cox's request is made pursuant to Rule 34 of the Federal Rules, it is premature. Additionally, Rule

26(a)(1)(D) requires a party to disclose "any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action." Fed. R. Civ. P. 26(a)(1)(D). Cox asserts this language requires the disclosure of all insurance agreements under which "Randazza Legal Group is operating." This interpretation is not supported by the plain language of the Rule, its historical underpinnings, or case law. *See Excelsior College v. Frye*, 233 F.R.D. 583, 585 (S. D. Cal. 2006). A plain reading of the Rule indicates it is designed to require parties to produce documentation of insurance policies that give rise to an insurer's obligation to indemnify or hold its insured harmless. *Id.* Here, Cox's counterclaims against Marc Randazza were dismissed by the district judge on February 22, 2013. *See* Order (Dkt. #89). Therefore, Cox has no claims against Plaintiffs which would require disclosure of Plaintiffs' law firm's insurance policies.

For all of these reasons,

**IT IS ORDERED** that Cox's Motion for Insurance Information (Dkt. #115) is DENIED.

Dated this 11th day of June, 2013.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE