UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MARC J. RANDAZZA, et al., | Case No. 2:12-cv-02040-GMN-PAL |
| Plaintiffs, | **ORDER** |
| vs. | (Mtn to Revoke CMECF Privileges - Dkt. #69) |
| CRYSTAL L. COX, et al., | |
| Defendants. | |

This matter is before the court on Plaintiffs Marc J. Randazza's, Jennifer Randazza's, and Natalia Randazza's Motion to Revoke Defendant Crystal Cox's CM/ECF Privileges (Dkt. #69). The court has considered the Motion and the Notice of Non-Opposition (Dkt. #88). No response was filed to the Motion, and the time for filing one has now run.

## BACKGROUND

This case arises out of the registration of no less than thirty-two internet domain names that incorporate all or part of Plaintiffs' personal names by Defendants Crystal Cox and Eliot Bernstein ("Defendants"). Plaintiff Marc Randazza is the managing partner of Marc Randazza PA d/b/a Randazza Legal Group. Plaintiff Jennifer Randazza is Marc Randazza's wife, and Natalia Randazza is the couple's four-year-old daughter. Cox registered the domain names at issue in this case, some of which were listed under proxy Bernstein's name. Defendants registered the domain names through godaddy.com and blogspot.com between December 10, 2011, and September 20, 2012.

On November 28, 2012, Plaintiffs filed the Complaint (Dkt. #1), alleging claims for: (1) violation of individual cyberpiracy protections under 15 U.S.C. § 8131; (2) cybersquatting under 15 U.S.C. § 1125(d); (3) right of publicity under NRS 597.810; (4) common law right of publicity; (5) common law right of intrusion upon seclusion; and (6) civil conspiracy. On January 11, 2013, the

district judge entered an Order (Dkt. #41) granting Plaintiffs' Motion for Preliminary Injunction (Dkt. #2) and temporarily enjoined Defendants from registering, operating, or maintaining any website or domain name with Plaintiffs' names or confusingly similar variation of their names. *See* Order (Dkt. #41) at 12:2-16. Additionally, six of the domain names at issue, which are subject to a decision by the World Intellectual Property Organization, were released to Marc Randazza's full control by the registrar. *See* Order (Dkt. #41) at 12:17-22. The twenty-six remaining domain names at issue were ordered locked by the respective registrar and transferred to Plaintiffs. *See* Order (Dkt. #41) at 12:22-13:11.

## DISCUSSION

Plaintiffs request that the court enter an order revoking Cox's privilege to use the court's CM/ECF system to electronically file documents because she has made numerous unnecessary filings, including hundreds of pages of irrelevant and nonsensical allegations and copious immaterial exhibits, all of which have burdened Plaintiffs and the court. Plaintiffs assert that Cox's filings serve only to delay litigation and prevent them from resolving and concluding this case. Plaintiffs contend that requiring Cox to print out and manually file and serve her papers will force her to be more judicious in what she chooses to file and will allow the court to adjudicate this case in an efficient manner. Cox did not oppose the Motion, and the time for filing a response has now run.

The Local Rules of Civil Practice provide that the failure of a party to oppose a motion by filing a timely response supported by a memorandum of points and authorities constitute consent to that motion being granted. *See* LR 7-2(d). Plaintiffs' Motion was filed on February 4, 2013. As of the date of this Order, no response or opposition has been filed. Accordingly, Plaintiffs' Motion could be granted on this basis alone. The court will, however, consider the merits of the Motion.

Plaintiffs filed the Complaint (Dkt. #1) in this case on November 28, 2012. In the first four and a half months that this case was pending, Cox filed at least fifty-nine different moving and responsive papers. Many of Cox's papers exceed the page number limitation imposed by LR 7-4 and were filed without court approval for exceeding the page limitation. Additionally, she has not complied with Special Order 109 or the court's electronic filing procedures by providing any courtesy copies of any documents that exceed fifty pages.

Furthermore, Cox has filed multiple requests for the same relief. For example, she has now filed four motions requesting that the district judge recuse herself. *See* Motions (Dkt. ##20, 44, 81, 97). She has filed two requests "demanding" the court investigate and/or notify law enforcement personnel about Plaintiffs. *See* Motions (Dkt. ##22, 60). Cox has also made numerous requests that court personnel sign a conflict of interest disclosure form despite the fact that the district judge has denied her first filed request for that relief. *See* Order (Dkt. #41). She has filed a number of addenda which are not authorized by either the Federal Rules of Civil Procedure or the Local Rules of Civil Practice. *See, e.g.,* Addenda (Dkt. ##43, 45, 46, 55, 61). She has filed multiple requests to proceed in forma pauperis. *See* Applications (Dkt. ##70, 91). She has filed several amended answers. *See* Amended Answers (Dkt. ##90, 99).

Additionally, on March 26, 2013, the court entered an Order (Dkt. #109) striking seven of Cox's papers because they were electronically filed in this case but apply to another case. *See* Stricken Filings (Dkt. ##102-108). Cox re-filed four of those filings the same day the Order was entered and simply changed the case caption. *See* Notices of Related Cases (Dkt. ##110-112) and Motion (Dkt. #113). Finally, the majority of Cox's filings are repetitive and contain scurrilous allegations about Plaintiffs and others as well as irrelevant, impertinent, and scandalous information attached as exhibits. Moreover, the Clerk of the Court had to modify her multiple voluminous docket entries to "keep the naming of exhibits succinct and to maintain the integrity of the public docket." *See* Notice of Docket Correction (entered February 28, 2013).

Electronic filing by pro se parties is a privilege granted by the court. *See* Electronic Filing Procedures at I(C). It is well-settled that courts have the inherent power to manage the dockets in their cases. *See United States v. W.R. Grace,* 526 F.3d 499, 509 (9th Cir. 2008) (en banc) (citing *Atchison, Topeka & Sante Fe Ry. Co. v. Hercules, Inc.,* 146 F.3d 1071, 1074 (9th Cir. 1998)). The court has considered Cox's conduct in this case and the entire record. Cox's voluminous filings, failure to comply with the court's electronic filing procedures, and failure to comply with the Local Rules of Practice and Federal Rules of Civil Procedure have all impeded the administration of justice in this case and are an abuse of her electronic filing privileges.

///

3

Accordingly,

**IT IS ORDERED:**

1. Plaintiff's Motion to Revoke Crystal Cox's CM/ECF Filing Privileges (Dkt. #69) is GRANTED.
2. The Clerk of Court is directed to immediately revoke Cox's CM/ECF account and password.
3. Cox's continued failure to comply with the Federal Rules of Civil Procedure and Local Rules of Civil Practice in filing documents with the court may result in the imposition of sanctions, up to and including case-dispositive sanctions.

Dated this 11th day of June, 2013.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE