# EXHIBIT C

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
Case No. 1:13-CV-21924-GRAHAM

CRYSTAL L. COX, et al.,

    Plaintiffs,

vs.

RANDAZZA LEGAL GROUP, et al.,

    Defendants.
_____/

## ORDER

**THIS CAUSE** comes before the Court upon Plaintiff's Complaint [D.E. 1] and Motion for Leave to Proceed In Forma Pauperis [D.E. 3].

**THE COURT** has reviewed the Motion, the pertinent portions of the record and is fully advised in the premises. Plaintiff's 200 page Complaint essentially alleges that all persons and entities that were part of her prior Ninth Circuit legal proceeding, or reported thereon, have conspired to defame and interfere with her First Amendment Rights. The Plaintiff also alleges individual malpractice, conspiracy, and defamation claims against her former attorney, as well as anti-trust and anti-competition claims against Forbes and the New York Times. [D.E. 1].

Under 28 U.S.C. § 1915(e)(2)(B)(i), a district court may dismiss an in forma pauperis complaint when it determines the

case is frivolous. A complaint is frivolous when the factual allegations are "clearly baseless" or the legal theories are "indisputably meritless." Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). "Fantastic" or "delusional" claims are examples of clearly baseless allegations. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992)(finding that when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them, then a finding of factual frivolousness is appropriate).

The current claim is clearly baseless in light of the fact that the Complaint is comprised of conclusory allegations that are oft-times fantastic or delusional, and substantiated by no facts to support the practicality of the claims. For instance, Plaintiff states that Defendant Randazza and his co-conspirators are involved in prostitution rings, client shakedowns, controlling judges, strong arming or paying off media, and extreme retaliation against those who criticize Defendant Randazza. [D.E. 1-2 at p. 94]. Plaintiff factually substantiates none of these claims. Plaintiff also conclusively alleges without substantiation that Defendant Judge Gloria Navarro placed Plaintiff's life in danger. Id. at p. 25.

Plaintiff improperly fashions a number of causes of action into a single complaint. "A cause of action consists of a single

2

core of operative facts which gives rise to remedy." <u>Alexander v. Chicago Park Dist.</u>, 773 F.2d 850, 854 (7th Cir. 1985). The principal concentration of Plaintiff's Complaint focuses on defamation claims arising from reports on Plaintiff's tactics against Defendant Randazza, the Randazza family, and Defendant Kevin Padrick. However, Plaintiff makes claims which arise from entirely different factual scenarios, including a malpractice claim against her former attorney concerning an Oregon legal proceeding, and infringement claims concerning a separate case for iViewit Technology theft. <u>Id</u>.

Further, an affirmative defense will effectively dismiss the action against many of the Defendants. <u>See</u> <u>Clark v. Georgia Pardons and Paroles Bd.</u>, 915 F.2d 636,640 (11th Cir. 1990)(declaring that if the district court sees that an affirmative defense would defeat an action, a section 1915 dismissal is allowed). The allegations against Judge Gloria Navarro are subject to dismissal for frivolity in light of the immunity given judicial officers in the performance of their duties. <u>Kimble v. Beckner</u>, 806 F.2d 1256, 1257 (5th Cir. 1986). Based on the foregoing, it is hereby

**ORDERED AND ADJUDGED** that Plaintiff's Motion for Leave to Proceed <u>In Forma Pauperis</u> [D.E. 3] is **DENIED.**[1] It is further

---

[1] The Plaintiff requests court appointed counsel. "A civil litigant . . . has no absolute constitutional right to the appointment of counsel. The appointment of counsel is instead a privilege that is justified only by

3

**ORDERED AND ADJUDGED** that the Complaint [D.E. 1] is **DISMISSED**. Plaintiff may file an amended complaint within fourteen (14) days.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 24th day of June, 2013.

DONALD L. GRAHAM
UNITED STATES DISTRICT JUDGE

cc: Crystal L. Cox
P.O. Box 2027
Port Townsend, WA 98368

---

exceptional circumstances." Poole v. Lambert, 819 F.2d 1025, 1028 (11th Cir. 1987). The court will not appoint counsel for the Plaintiff.

4