**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| MARC J. RANDAZZA, et al., | ) | Case No. 2:12-cv-02040-GMN-PAL |
| | ) | |
| Plaintiffs, | ) | **ORDER** |
| | ) | |
| vs. | ) | (Mtn to Vacate - Dkt. #146) |
| | ) | |
| CRYSTAL COX, et al., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on Plaintiffs Marc J. Randazza's, Jennifer Randazza, and Natalia Randazza's Motion to Vacate Order on Case Management Conference (Dkt. #145) filed June 20, 2013. No response to the Motion was filed, and the time for filing one has now run.

**BACKGROUND**

This case arises out of the registration of no less than thirty-two internet domain names that incorporate all or part of Plaintiffs' personal names by Defendants Crystal Cox and Eliot Bernstein ("Defendants"). Plaintiff Marc Randazza is the managing partner of Marc Randazza PA d/b/a Randazza Legal Group. Plaintiff Jennifer Randazza is Marc Randazza's wife, and Natalia Randazza is the couple's four-year-old daughter. Cox registered the domain names at issue in this case, some of which were listed under proxy Bernstein's name. Defendants registered the domain names through godaddy.com and blogspot.com between December 10, 2011, and September 20, 2012.

On November 28, 2012, Plaintiffs filed the Complaint (Dkt. #1), alleging claims for: (1) violation of individual cyberpiracy protections under 15 U.S.C. § 8131; (2) cybersquatting under 15 U.S.C. § 1125(d); (3) right of publicity under NRS 597.810; (4) common law right of publicity; (5) common law right of intrusion upon seclusion; and (6) civil conspiracy. On January 11, 2013, the district judge entered an Order (Dkt. #41) granting Plaintiffs' Motion for Preliminary Injunction (Dkt.

1  #2) and temporarily enjoined Defendants from registering, operating, or maintaining any website or
2  domain name with Plaintiffs' names or confusingly similar variation of their names. *See* Order (Dkt.
3  #41) at 12:2-16. Additionally, six of the domain names at issue, which are subject to a decision by the
4  World Intellectual Property Organization, were released to Marc Randazza's full control by the
5  registrar. *See* Order (Dkt. #41) at 12:17-22. The twenty-six remaining domain names at issue were
6  ordered locked by the respective registrar and transferred to Plaintiffs. *See* Order (Dkt. #41) at 12:22-
7  13:11.

## DISCUSSION

9  On April 26, 2013, Plaintiffs filed a Motion (Dkt. #118) requesting the court enter a discovery
10 plan and scheduling order. The court entered a standard 180-day Scheduling Order (Dkt. #140).
11 Plaintiffs now request that the court vacate its Scheduling Order pending the court's ruling on
12 Plaintiff's Motion for Default Judgment Against Defendant Eliot Bernstein (Dkt. #65) and Plaintiff's
13 Motion for Summary Judgment (Dkt. #75) because discovery is unnecessary. Both of Plaintiffs'
14 Motions were pending when Plaintiffs requested that the court enter the Scheduling Order. Plaintiffs do
15 not claim that they will not need discovery if their dispositive motions are not granted. Rather,
16 Plaintiffs are essentially asking that the court stay discovery in this case while dispositive motions are
17 pending.
18 The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery
19 when a potentially-dispositive motion is pending. *See Skellerup Indus. Ltd v. City of L.A.,* 163 F.R.D.
20 598, 600-01 (C.D. Cal. 1995). In *Skellerup*, the court observed that if the Rules contemplated a motion
21 to dismiss would stay discovery, they would contain such a provision, and the court found that staying
22 discovery is directly at odds with the need for expeditious resolution of litigation. *Id.; see also Turner*
23 *Broadcasting Sys., Inc. v. Tracinda Corp.,* 175 F.R.D. 554, 556 (D. Nev. 1997); *Twin City Fire Ins. v.*
24 *Employers of Wausau,* 124 F.R.D. 652, 653 (D. Nev. 1989). A party seeking to stay discovery pending
25 a dispositive motion bears the heavy burden of making a strong showing why discovery should be
26 denied. *See Turner,* 175 F.R.D. at 556 (citing *Blankenship v. Hearst Corp.,* 519 F.2d 418, 429 (9th Cir.
27 1975)). A conclusory assertion that discovery may involve some inconvenience or expense does not
28 suffice. *Id.*; *Twin City,* 124 F.R.D. at 653. Plaintiffs state only that discovery is "unnecessary at this

time" while the motion for summary judgment is under submission.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion to Vacate (Dkt. #145) is DENIED.

Dated this 18th day of July, 2013.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE