**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| MARC J. RANDAZZA, et al., ) | Case No. 2:12-cv-02040-JAD-PAL |
| Plaintiffs, ) | **ORDER** |
| vs. ) | (Mtn to Declare Vex. Lit. - Dkt. #129) |
| CRYSTAL L. COX, et al., ) | |
| Defendants. ) | |

This matter is before the court on Plaintiffs Marc J. Randazza's, Jennifer Randazza's, and Natalia Randazza's ("Plaintiffs") Motion to have Defendant Crystal Cox Declared a Vexatious Litigant (Dkt. #129). The court has considered the Motion, Defendant Crystal Cox's ("Cox") Response (Dkt. #130), Plaintiff's Reply (Dkt. #132). Plaintiffs also filed two Supplements (Dkt. ##131, 147) which are not authorized by the Federal Rules of Civil Procedure or the Local Rules of Practice.

**BACKGROUND**

This case arises out of the registration of no less than thirty-two internet domain names that incorporate all or part of Plaintiffs' personal names by Defendants Crystal Cox and Eliot Bernstein ("Defendants"). Plaintiff Marc Randazza is the managing partner of Marc Randazza PA d/b/a Randazza Legal Group. Plaintiff Jennifer Randazza is Marc Randazza's wife, and Natalia Randazza is the couple's four-year-old daughter. Cox registered the domain names at issue in this case, some of which were listed under proxy Bernstein's name. Defendants registered the domain names through godaddy.com and blogspot.com between December 10, 2011, and September 20, 2012.

On November 28, 2012, Plaintiffs filed the Complaint (Dkt. #1), alleging claims for: (1) violation of individual cyberpiracy protections under 15 U.S.C. § 8131; (2) cybersquatting under 15 U.S.C. § 1125(d); (3) right of publicity under NRS 597.810; (4) common law right of publicity; (5)

1  common law right of intrusion upon seclusion; and (6) civil conspiracy.  On January 11, 2013, the
2  district judge entered an Order (Dkt. #41) granting Plaintiffs' Motion for Preliminary Injunction (Dkt.
3  #2) and temporarily enjoined Defendants from registering, operating, or maintaining any website or
4  domain name with Plaintiffs' names or confusingly similar variation of their names.  *See* Order (Dkt.
5  #41) at 12:2-16.  Additionally, six of the domain names at issue, which are subject to a decision by the
6  World Intellectual Property Organization, were released to Marc Randazza's full control by the
7  registrar.  *See* Order (Dkt. #41) at 12:17-22.  The twenty-six remaining domain names at issue were
8  ordered locked by the respective registrar and transferred to Plaintiffs.  *See* Order (Dkt. #41) at 12:22-
9  13:11.

## DISCUSSION

Plaintiffs seek an order declaring Cox is a vexatious litigant based upon her conduct in this case and in filing other cases in multiple courts across the country.  Additionally, Plaintiffs request the court require Cox to retain counsel before filing any additional filings in this or any other legal action. Plaintiff's Response is 195 pages, with an additional fifty-eight pages of exhibits.  As Cox has been previously advised, Local Rule of Civil Practice 7-4 limits responsive briefs to thirty pages unless the court permits a longer brief.  Cox has not requested, and the court has not permitted, her to file a 195 page response.  Motions, responses, and replies should be plain and concise, and the court will only allow parties to file papers in excess of the page limitations of the Local Rules in relatively rare situations when the issues are so complex that excess pages are required to articulate the parties' positions.  Cox's Response will be stricken as non-compliant with Local Rule 7-4.

Plaintiff have also unreasonably multiplied these proceedings by filing "supplements" which are not permitted.  The Federal Rules of Civil Procedure and the Local Rules of Practice allow parties to file only a motion, a response, and a reply, without express prior leave of court.  *See* Fed. R. Civ. P. 7; LR 7-2(a)-(c); *Hill v. England,* 2005 WL 3031136 at *1 (E.D. Cal. Nov. 8, 2005) (citing *Federick v. Mercedes-Benz USA, LLC,* 366 F. Supp. 2d 1190, 1197 (N.D. Ga. 2005)).  Supplemental filings are not authorized, and the court will direct the Clerk to strike the Supplements.

The All Writs Act, 28 U.S.C. § 1651(a), empowers federal district courts to enjoin vexatious litigants who have a history of abusing the court's limited resources.  *De Long v. Hennessey*, 912 F.2d

1144, 1147 (9th Cir. 1990) (citing *Tripati v. Beaman*, 878 F.2d 351, 352 (10th Cir. 1989)).  Under the All Writs Act, a district court may order a person with lengthy histories of abusive litigation practices to obtain leave of the court before filing any future lawsuits.  *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007).

"Flagrant abuse of the judicial process cannot be tolerated because it enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants."  *Molski,* 500 F.3d at 1057 (citing *DeLong*, 912 F.2d at 1148).  However, the Ninth Circuit has cautioned that vexatious litigant orders are an extreme remedy and should rarely be entered.  *De Long*, 912 F.2d at 1148 (citing *Wood v. Santa Barbara Chamber of Commerce, Inc.*, 705 F. 2d 1515, 1523-26 (9th Cir. 1984)).  This is because such an order restricts access to the courts, that is, the litigant's "final safeguard for vitally important constitutional rights."  *Wood*, 705 F.2d at 1525.  "An injunction cannot issue merely upon a showing of litigiousness.   The plaintiff's claims must not only be numerous, but also be patently without merit."  *Moy v. U.S.*, 906 F.2d 467, 470 (9th Cir. 1990) (citing *In re Oliver*, 682 F.2d 443, 446 (3d Cir. 1982)).

In deciding whether or not to restrict a litigant's access to the courts, "[u]ltimately, the question the court must answer is whether a litigant who has a history of vexatious litigation is likely to continue to abuse the judicial process and harass other parties." *Molski,* 500 F.3d at 1058 (quoting *Safir v. United States Lines, Inc.*, 792 F.2d 19, 23 (2nd Cir. 1986)).  In doing so, the court should examine five factors: (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing, or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, that is, whether the litigant has an objective good faith expectation of prevailing; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties.  *Id.* at 864.

Plaintiffs' motion lacks merit.  Plaintiffs sued Cox.  The court is mindful that a number of other courts have found Cox is a vexatious litigant who has engaged in abusive litigation practices.  The court also fully appreciates the time and resources that have been devoted to addressing voluminous, rambling, and sometimes incoherent papers filed in this case.  However, Cox did not initiate this action.

1 | The Motion does not cite a single case supporting the proposition that this court has the authority to
2 | enter a pre-filing vexatious litigant order precluding a defendant from filing further actions or papers in
3 | state or federal court.  Rule 1 of the Federal Rules of Civil Procedure requires the court to administer
4 | the Rules to secure the "just, speedy, and inexpensive determination" of every action.  Fed. R. Civ. P. 1.
5 | Filing frivolous requests that are unsupported by law and lengthy briefs which exceed what the rules
6 | permit unnecessarily multiplies these proceedings and wastes judicial resources and the resources of the
7 | parties.   The court will not hesitate to exercise its authority to sanction either side for unreasonably
8 | burdening the court or causing needless expense in these proceedings.

For the reasons stated,

**IT IS ORDERED:**

1. Plaintiffs' Motion to Declare Defendant Crystal Cox a Vexatious Litigant (Dkt. #129) is DENIED.
2. The Clerk of Court shall STRIKE Cox's Response (Dkt. #130) and Plaintiffs' Supplements (Dkt. ##131, 147).

Dated this 7th day of October, 2013.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE