Ronald D. Green, NV Bar #7360
Randazza Legal Group
3625 S. Town Center Drive, Suite 150
Las Vegas, NV 89135
702-420-2001
702-420-2003 fax
ecf@randazza.com

Attorney for Plaintiffs
MARC J. RANDAZZA, JENNIFER RANDAZZA, and NATALIA RANDAZZA

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

MARC J. RANDAZZA, an individual, JENNIFER RANDAZZA, an individual, and NATALIA RANDAZZA, a minor,

Plaintiffs,

vs.

CRYSTAL COX, an individual, and ELIOT BERNSTEIN, an individual,

Defendants.

Case No. 2:12-cv-02040-JAD-PAL

**DECLARATION OF RONALD D. GREEN IN SUPPORT OF PLAINTIFFS' MOTION FOR ENTRY OF DEFAULT AGAINST DEFENDANT CRYSTAL COX**

I, Ronald D. Green, declare under penalty of perjury, as follows:

1. I am an attorney for Plaintiffs, licensed to practice in the State of Nevada since 2000. I have first-hand knowledge of the facts set forth herein and, if called as a witness, could and would testify competently thereto.

2. This Declaration is made pursuant to Fed. R. Civ. P. 55(a) for the purpose of enabling Plaintiffs to obtain an entry of default against Defendant Crystal Cox for her failure to otherwise defend Plaintiffs' Complaint.

3. Plaintiffs filed their Complaint in this matter on November 28, 2012. See ECF #1.

4. On December 11, 2012, Plaintiffs' undersigned counsel caused Defendant Crystal Cox to be served with a true and correct copy of the Complaint and Summons via electronic mail service, per Defendant Cox's request. See ECF #9, 10.

5. Although Defendant Cox previously filed numerous motions and oppositions with the Court, all mail Plaintiffs sent to Defendant Cox since at least August 20, 2013 has been returned undeliverable with the note "Box Closed. Unable to Forward. Return to Sender." **See Exhibit A**, notice of returned mail. The following items sent to Defendant Cox were returned September 26, 2013 and received by Plaintiffs on September 30:

    a. Courtesy copy of Plaintiffs' Motion for Order to Show Cause (ECF #151), sent August 20, 2013;

    b. Plaintiffs' Requests for Production, Requests for Admissions, First Set of Interrogatories, and Plaintiffs' first letter to Cox regarding scheduling her deposition, sent August 27, 2013;

    c. Plaintiffs' second letter to Defendant Cox regarding scheduling her deposition, sent September 5, 2013; and

    d. Courtesy copy of Notice of Change of Address (ECF #153), sent September 12, 2013.

6. Defendant Cox previously stated that she would not accept telephone calls from Plaintiffs' counsel. (ECF #8 at 2). Nonetheless, with no other way to reach her, I made a good faith effort to contact Defendant Cox via telephone on November 5, 2013 to inform her of our intent to file the instant application. When she did not answer, I left her a detailed voicemail informing her that I was attempting to reach her to determine whether she intended to continue to defend this case. I informed her that if she did not respond, Plaintiffs intended to ask the Court for an entry of default. Defendant Cox did not return my phone call.

7. Defendant Cox also previously refused to accept e-mail service from Randazza Legal Group, stating that she would only accept service through U.S. Mail. **See Exhibit B**, E-mail from Defendant Crystal Cox Refusing Email Service.

8. Nevertheless, I attempted to contact her via e-mail. On November 7, 2013, I sent an e-mail to Defendant Cox at her three known e-mail addresses. **See Exhibit C**, E-mail to Crystal Cox. I sent an e-mail to the two e-mail addresses she previously listed with the Court, crystal@crystalcox.com and savvybroker@yahoo.com, and another e-mail address that she listed on her website, reverendcrystalcox@gmail.com. In the e-mail, I explained that I was trying to contact her regarding her failure to respond to Plaintiffs' discovery requests and their attempts to

schedule a mutually convenient deposition date, and that if she did not respond, Plaintiffs intended to file for a request for entry of default with the Court. Defendant Cox did not respond to my e-mail.

9. Cox last updated the website located at <crystalcox.com> on November 7, 2013 after my voicemail to her and on the same date as my e-mail. In updating her website, Cox appeared to remove numerous articles and other information from the site. Thus, she presumably received my voicemail and e-mail to her regarding the request for entry of default.

10. Cox continues to post about Plaintiffs online. As recently as November 12, 2013 (the date of the instant application for default), as well as on October 8 and October 18, 2013, after Plaintiffs received notice that Defendant Cox's P.O. Box was closed, Cox posted blog entries about Mr. Randazza and Randazza Legal Group. **See Composite Exhibit D,** Crystal Cox blog posts about Marc Randazza. The most recent post is clearly intended to bait, inflame, and harass Mr. Randazza and me, and falsely accuses Mr. Randazza, our associate J. Malcolm DeVoy, and me of protecting persons involved with human trafficking and porn directed at children. Clearly, Cox still has access to the Internet and can respond to Plaintiffs' communication—she has just refused to do so. Cox continues to harass Plaintiffs and ignore the Court's injunction against her despite her attempts to ignore the instant lawsuit.

11. Defendant Cox is ignoring all communication from Plaintiffs. She closed her post office box to prevent Plaintiffs from reaching her. Despite updating her blogs, she is ignoring e-mail communications from Plaintiffs' counsel. Plaintiffs have no remaining way to contact Defendant Cox.

12. The "failure to otherwise defend presumes the absence of an affirmative action on the part of defendant that would operate as bar to the satisfaction of the moving party's claim." *Rashidi v. Albright*, 818 F. Supp 1354, 1355-56 (D. Nev. 1993). Where a defendant has previously appeared in an action but fails to provide a forwarding address with which to accept service, the defendant is well aware that documents will be sent, and failure to respond is a deliberate attempt to avoid participating in litigation. *See Fifty-six Hope Road Music Ltd. v. Kokob Printing,* 2007 U.S. Dist. LEXIS 6027, 2007 WL 433195 (S.D. Cal. Jan. 26, 2007); *see also Ann Taylor, Inc. v. Interstate Motor Carrier, Inc.*, 2004 U.S. Dist. LEXIS 18173, 2004 WL 2029908 (S.D.N.Y.

September 17, 2004) (directing clerk to enter default and granting default judgment against defendant after defendant failed to give a forwarding address to the court).

13. Because Cox has not provided the Court or Plaintiffs' counsel with a forwarding address with which to accept service, this constitutes a failure to defend, and default is appropriate under Federal Rules of Civil Procedure 55(a).

Dated: November 12, 2013

Respectfully submitted,

/s/Ronald D. Green

Ronald D. Green, NV Bar #7360
Randazza Legal Group
3625 S. Town Center Drive, Suite 150
Las Vegas, NV 89135
702-420-2001; 702-420-2003 fax
ecf@randazza.com