**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| MARC J. RANDAZZA, an individual, JENNIFER RANDAZZA, an individual, and NATALIA RANDAZZA, an individual,<br>Plaintiffs,<br>v.<br>CRYSTAL COX, an individual, et al.<br>Defendants. | Case No.: 2:12-cv-2040-JAD-PAL<br>**Order to Show Cause** |

This case arises out of the alleged targeting of Plaintiffs Marc Randazza, his wife Jennifer, and their young daughter Natalia, by Defendant Crystal Cox, a self-proclaimed "investigative blogger." Cox and Defendant Eliot Bernstein allegedly registered 32 internet domain names that incorporate Plaintiffs' first names, last names, or both. Cox allegedly used the domain names and offered her services to rehabilitate Plaintiffs' reputation that was harmed through Cox's own defamatory actions. The Court issued a Temporary Restraining Order and Preliminary Injunction enjoining Cox from various activities primarily related to the internet-related use of the Plaintiffs' names or variations thereof. Doc. 14, 41.

Pending before the Court are a handful of motions filed by the Plaintiff seeking various sanctions against Cox for her alleged violations of the Preliminary Injunction Order and other litigation-related conduct. These motions include: Plaintiffs' Motion to Strike Cox's Answer (Doc. 101), Motion for Order to Show Cause Why Cox Should Not Be Held in Contempt for Violations of

the Temporary Restraining Order (Doc. 151), and a Request for Entry of Default Against Cox. Doc. 157. For the reasons stated below, the Court GRANTS the Motion for Order to Show Cause (Doc. 151) and orders Cox to show cause in writing no later than February 28, 2014 (1) why she should not be held in contempt for violating the Temporary Restraining Order and Preliminary Injunction (Docs. 14, 41), (2) why the Court should not strike Cox's Answer, (3) why the Court should not deem that Cox has abandoned her defense of this case by failing to respond to Plaintiffs' motions and failing to keep a valid address on file, and (4) why the Court should not enter default against her. Cox's failure to timely and properly respond to this Order to Show Cause will result in the Court striking Cox's Answer and entering default against her.

**Discussion**

If a party disobeys a court order, a court may find the party in contempt regardless of the party's intent in disobeying the order. *In re Crystal Palace Gambling Hall, Inc.*, 817 F.2d 1361, 1365 (9th Cir. 1987); *see also Reno Air Racing Ass'n., Inc. v. McCord*, 452 F.3d 1126, 1130 (9th Cir. 2006). A party disobeys if it fails to take all reasonable steps within its power to insure compliance with the court's order. *Shuffler v. Heritage Bank*, 720 F.2d 1141, 1146–47 (9th Cir. 1983). Judicial sanctions may include those to coerce compliance or compensate the complaining party for its losses. *See Whittaker Corp. v. Execuair Corp.*, 953 F.2d 510, 517 (9th Cir. 1992). Pursuant to Rule 55 of the Federal Rules of Civil Procedure, default judgment is appropriate when "a party against whom a judgment for affirmative relief is sought has failed to plead or *otherwise defend* as provided by these rules . . . ." Fed. R. Civ. P. 55(a)(emphasis added).

Through the tortured procedural history of this case, Cox has appeared and submitted countless rogue filings and impertinent motions. The Court has already granted a Temporary Restraining Order and Preliminary Injunction in favor of the Plaintiffs and stricken Cox's Answer for including irrelevant allegations. *See* Docs. 14, 41, 89. Although the Court specifically instructed Cox to amend her Answer to omit irrelevant arguments and allegations, Cox again filed an Answer that reiterated nearly identical allegations as the first stricken Answer. Cox has also failed to respond to Plaintiffs' most recent motions (e.g., Docs. 101, 151, 157) and failed to keep a valid

address on file with the Court.

Based on her abuse of the Federal Rules of Civil Procedure, Local Rules, and Special Orders, the Court was forced to revoke Cox's electronic filing privileges. *See* Doc. 144. The only address the Court has for Cox, based on other cases before the Court and Cox's initial motion to file electronically, is a P.O. Box in Port Townsend, Washington, which Plaintiffs assert has been closed. Cox has a duty to keep the Court informed of her current address.

**Conclusion**

Accordingly, and with good cause appearing,

It is HEREBY ORDERED that Plaintiffs' Motion for Order to Show Cause (Doc. 151) is GRANTED; Defendant Cox is hereby directed to SHOW CAUSE IN WRITING, by filing a document in this action **no later than February 28, 2014**, demonstrating:

1. Why she should not be held in contempt for violating the Temporary Restraining Order and Preliminary Injunction;
2. Why the Court should not strike Cox's Answer for violating the Court's prior Order; and
3. Why the Court should not deem that Cox has abandoned her defense of this case and enter default against her because of her failure to respond to Plaintiffs' motions and failure to keep a valid address on file.

**In the event that Cox fails to timely or properly respond to this Order to Show Cause, the Court will strike her answer, enter default against her, and take other action consistent with this Order** and the Court's broad, discretionary power to control its docket and manage the litigants before it.

The Clerk of the Court is hereby directed to update the docket to reflect Cox's physical address and email addresses (*see* Doc. 9 at 2):

Crystal L. Cox
P.O. Box 2027
Port Townsend, Washington 98368
Crystal@ crystalcox.com
SavvyBroker@Yahoo.com

The Clerk of the Court is further directed to send a copy of this Order to Cox's physical address and both email addresses noted above.

DATED February 14, 2014.

Jennifer A. Dorsey
United States District Judge