UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MARC J. RANDAZZA, an individual, JENNIFER RANDAZZA, an individual, and NATALIA RANDAZZA, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>CRYSTAL COX, an individual, et al.<br><br>Defendants. | Case No.: 2:12-cv-2040-JAD-PAL<br><br>**Order Granting in Part Motion for Reconsideration [Doc. 116]** |

    This case arises out of the alleged targeting of Plaintiffs Marc Randazza, his wife Jennifer, and their young daughter Natalia, by Defendant Crystal Cox, a self-proclaimed "investigative blogger." Cox and Defendant Eliot Bernstein allegedly registered thirty-two internet domain names that incorporate Plaintiffs' first names, last names, or both. Cox allegedly used the domain names and offered to rehabilitate Plaintiffs' reputation that was harmed through Cox's own defamatory actions. The Court struck Cox's "Amended Countercomplaint" (Doc. 62), which alleged claims against Plaintiff Mark Randazza and dozens of additional third parties. In granting the Plaintiffs' motion to strike this purported counterclaim, the Court reasoned that it was "replete with irrelevant material, inappropriate commentary, baseless speculation, and derogatory statements none of which relate to Plaintiffs' Complaint" in violation of Rule 8. Doc. 89 at 3. The Court further held that the document had to be stricken "because it is an impermissible third-party complaint" that violated Rule 14(a). *Id.* Cox was instructed to file her claims as a separate and distinct lawsuit in an

unrelated case.

Cox now moves this Court to reconsider that decision, arguing, *inter alia*, that the Court improperly swept within that decision true counterclaims asserted against Plaintiff Marc Randazza.[1] Doc. 116. Reconsideration is available under Rule 60(b) upon a showing of (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) any other reason justifying relief. Fed . R. Civ. P. 60(b). Federal Rule of Civil Procedure 13 allows compulsory counterclaims arising from the same transaction or occurrence of the opposing party's claim, and permissive counterclaims against an opposing party. To the extent that Cox was attempting to assert counterclaims against Plaintiff Marc Randazza (as she claims in the instant motion), she may bring those compulsory or permissive counterclaims only.[2] The Court cautions Cox that her counterclaim must comply with all rules of this Court or it may be dismissed. *See, e.g., Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) ("Although we construe pleadings liberally in their favor, pro se litigants are bound by the rules of procedure."). Additionally, the Court refers her to the discussion in Judge Navarro's previous order striking the "countercomplaint" and further cautions Defendant Cox that the failure to cure any deficiencies and violations in that order will be additional grounds for striking or dismissing the newly pled counterclaim.

. . .

. . .

. . .

---

[1] By this motion, Cox also moves the Court to allow her to assert her "counterclaims" against Randazza Legal Group, Ronald Green, and Judge Gloria Navarro. Doc. 116. As these persons and entities are not plaintiffs, no counterclaim is permitted against them and the motion to reconsider Judge Navarro's decision striking these counterclaims is hereby denied. The remainder of Cox's motion is primarily nonsensical and is denied in all other respects as frivolous.

[2] The Court reserves any determination of the merits of any such claim.

Accordingly, and with good cause appearing,

It is hereby ORDERED that Defendant's Motion for Reconsideration **[#116] is GRANTED in part in that she shall be permitted to file a proper counterclaim against Plaintiff Marc Randazza**. The motion is denied in all other respects. **Defendant Cox must file any proper counterclaim allowed by this Order no later than February 28, 2014. Failure to submit her counterclaim by this deadline will result in dismissal of any potential claims with prejudice.**

DATED February 14, 2014

_____
Jennifer A. Dorsey
United States District Judge