Ronald D. Green, NV Bar #7360
Randazza Legal Group
3625 S. Town Center Drive, Suite 150
Las Vegas, NV 89135
702-420-2001
702-420-2003 fax
ecf@randazza.com

Attorney for Plaintiffs
MARC J. RANDAZZA, JENNIFER RANDAZZA, and NATALIA RANDAZZA

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| MARC J. RANDAZZA, an individual, JENNIFER RANDAZZA, an individual, and NATALIA RANDAZZA, a minor,<br><br>Plaintiffs,<br><br>vs.<br><br>CRYSTAL COX, an individual, and ELIOT BERNSTEIN, an individual,<br><br>Defendants. | Case No. 2:12-cv-2040-JAD-PAL<br><br>**EMERGENCY MOTION FOR RECONSIDERATION OF ORDER GRANTING IN PART COX'S MOTION FOR RECONSIDERATION (ECF 162)** |

**EMERGENCY MOTION FOR RECONSIDERATION OF ORDER GRANTING IN PART COX'S MOTION FOR RECONSIDERATION (ECF 162)**

Plaintiffs Marc J. Randazza ("Randazza"), Jennifer Randazza, and Natalia Randazza (collectively, the "Plaintiffs") file this emergency motion for reconsideration of the Court's order granting in part Cox's motion for reconsideration (ECF 162), pursuant to Federal Rule of Civil Procedure 60 and on the grounds set forth in the following memorandum of law.

**I.      Emergency Reconsideration of The Court's Order Is Needed.**

On February 14, 2014, the Court granted Crystal Cox's ("Cox['s]") motion for reconsideration and allowed Cox to file a counterclaim in this action. Upon review of the docket, Plaintiffs believe this decision was made manifestly in error, and contradicts the Court's

1

subsequent rulings based on its striking of Cox's counterclaims – including the Court's order to construe Cox's counterclaims as a separate action filed in this District (ECF 94). In that order, Judge Navarro considered Cox's counterclaim and ordered the Court's Clerk to file it as a separate action, which is currently pending. *Cox v. Randazza et al.*, Case No. 2:13-cv-00297-MMD-GLF (D. Nev. Feb. 26, 2013). As set forth below, Cox now has not one, but *two* separate actions pending against Randazza before this Court, even before the Court allowed Cox leave to file a counterclaim in this case, which will be her third duplicative claim.

On February 22, 2013, the Court struck Cox's 166-page counterclaim <u>without leave to amend</u>, as she had exhausted her only amendment of right under Federal Rule of Civil Procedure 15(a) (*id*. at 3-5). The Court advised Cox that she could pursue her counterclaims, which lacked a common nucleus of fact with Plaintiffs' claims, as a separate action with the Court (*id*.). Cox then filed what ostensibly was her second amended counterclaim on February 24, 2013 (ECF 91). Plaintiffs moved to strike this filing as well, due to its length and procedural impropriety (ECF 92). The Court ordered the Court's Clerk to treat Cox's new counterclaim as a new action, and to open it as a new case, complete with case number and new judge assignment (ECF 94).

The Court then used Cox's counterclaim, filed in this action as docket entry 91, to open *Cox v. Randazza et al.*, Case No. 2:13-cv-00297-MMD-GLF. This case is still pending, with Cox filing an amended complaint in it on November 27, 2013, *id*. at Doc. # 26.[1] Cox appears to have been pursuing her separate case against Randazza while ignoring Plaintiffs' efforts to conduct discovery in this case (see ECF 157).

Federal Rule of Civil Procedure 60(b)(1) and (6) allow Plaintiffs to move for reconsideration of any Court order based on "mistake, inadvertence, surprise, or excusable neglect," or "any other reason that justifies relief." Plaintiffs respectfully believe that the Court has erred in allowing Cox to bring a counterclaim when she has already filed that counterclaim as a

---

[1] This is not even Cox's only case pending against Randazza in this District. *Cox v. Carr et al.*, Case No. 2:13-cv-00938-APG-GWF (D. Nev. May 14, 2017) names Randazza as a defendant, asserts substantially the same claims as *Cox v. Randazza et al.*, and is still pending before this Court after being transferred to this District by the United States District Court for the Southern District of New York.

Emerg. Mot. for Reconsideration

separate action pending before this Court (to say nothing of Cox's other action originally filed in the Southern District of New York, which has been transferred to – and is still pending before – this Court).  The Court's order discusses in depth the prior order striking Cox's counterclaim (ECF 89), but does not mention the subsequent order (ECF 94) that converted Cox's third attempt at asserting a counterclaim in this case (ECF 91) into a separate action before this Court, which the Court itself created and directed the Court Clerk to open (ECF 94). *See Cox v. Randazza et al.*, Case No. 2:13-cv-00297-MMD-GLF.  The Court's recent order (ECF 162) made no mention of the previous minute order creating a separate case out of Cox's counterclaim (ECF 94), and leads Plaintiffs to respectfully bring this portion of the docket to the Court's attention.  They do not believe it was the Court's intention to allow Cox to simultaneously maintain three nearly identical actions against Randazza.  Plaintiffs will supply further briefing to the Court on this issue if it is requested.

Plaintiffs have moved for reconsideration on an emergency basis in hopes of resolving this issue before they are required to file a responsive pleading to Cox's counterclaim.  In order to preserve party resources, further the goal of judicial economy, and avoid multiple, possibly conflicting conclusions among the three Judges before whom Cox is prosecuting her cases against Randazza, Plaintiffs respectfully request the Court reconsider its February 14, 2014 decision and deny Cox leave to file a counterclaim in this action.

Cox will suffer no prejudice if the Court grants the requested relief.  The same claims are pending in two other cases before the Court, which Cox has been pursuing.  Cox's motion to reconsider did not ask the Court to reverse its February 26, 2014 ruling (ECF 94). (*see* ECF 116 (Cox's motion for reconsideration makes no mention of ECF 94, and discusses only ECF 89 – which pre-dates the counterclaim she filed at ECF 91, and which was filed by the Clerk as a

separate action in this District)).  However, allowing Cox to file a counterclaim in this action would be prejudicial to Plaintiffs, as they will now have to defend a third, identical action by Cox.[2]

Dated: February 20, 2014          Respectfully submitted,

/s/ Ronald D. Green
Ronald D. Green, NV Bar #7360
Randazza Legal Group
3625 S. Town Center Drive, Suite 150
Las Vegas, NV 89135
702-420-2001; 702-420-2003 fax
ecf@randazza.com

---

[2] Cox's counterclaims are all but certain to be impertinent, improper, and will likely have to be stricken even if they were properly filed with the Court.  However, as a matter of judicial economy, Plaintiffs' arguments will be reserved for a motion to strike or dismiss Cox's counterclaim, if the Court allows it to be filed.

**CERTIFICATE OF SERVICE**

Pursuant to the Federal Rules of Civil Procedure 5(b), I hereby certify that the foregoing document was served to Defendant Crystal L. Cox via U.S. Mail at:

P.O. Box 2027
Port Townsend, WA 98368

Dated: February 20, 2014                    Signed,

*J. Malcolm DeVoy*
Attorney
ecf@randazza.com
Randazza Legal Group
3625 S. Town Center Drive, Suite 150
Las Vegas, NV 89118
(702) 420-2001
(702) 420-2003 fax