

Crystal L. Cox, Pro Se
406-624-9510
PO Box 2027
Port Townsend, WA 98368
SavvyBroker@yahoo.com
ReverendCrystalCox@Gmail.com

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA
2:12-cv-02040-JAD-PAL

CRYSTAL L. COX,
Defendant, Counter Plaintiff

v.

MARC J. RANDAZZA, Individually and Professionally
Plaintiffs, Counter Defendant

Randazza Legal Group, Counter Defendant

**Counter Complaint
Demand for Jury Trial**

**Cause of Action**

1.) Defamation

2.) Harassment

3.) Abuse of Process

4.) Malpractice

5.) Tortious Interference / Interference with Business Advantage

6.) Civil Conspiracy

7.) Violation of First Amendment Rights

Counter Plaintiff appears in this action "In Propria Persona" and asks that her points and authorities relied upon herein, and issues raised herein, must be addressed "on the merits", Sanders v United States, 373 US 1, at 16, 17 (1963); and addressed with "clarity and particularity", McCleskey v Zant, 111 S. Ct. 1454, at 1470-71 (1991); and afforded " a full and fair" evidentiary hearing, Townsend v Sain, 372 U.S.293, at p.1 (1962). See also Pickering v Pennsylvania Railroad Co., 151 F.2d 240 (3d Cir. 1945).

Pleadings of the Counter Plaintiff shall not be dismissed for lack of form or failure of process. All the pleadings are as any reasonable man/woman would understand, and are written to the best of Counter Plaintiff's ability and knowledge.

For complaint against Counter Defendant MARC J. RANDAZZA ("Randazza"), and Counter Defendant Randazza Legal Group, Counter Plaintiff Crystal L. Cox Alleges as Follows, Under Knowledge and Belief;

## I. INTRODUCTION

**1.)  On Nov. 29th, 2011** Cox had a one day trial in Portland OR for Obsidian V. Cox (CV 11-0057 HA). Cox was ruled to have no First Amendment Rights, ruled that the Shield Law, Retraction Laws and Anti-Slapp laws did not apply to Cox, the court ruled that this was due to her being a blogger and not a "journalist" associated with an established media network.  Cox lost at Trial, and Plaintiff was awarded a $2.5 million judgement against Cox.

**2.)   On Dec. 6th 2011**, UCLA Law Professor Eugene Volokh called Cox and asked if Cox was open to him representing her Pro Bono (no fee's at all), Cox said she was. Professor Volokh had to get approval from Mayer Brown in order to finalize a contract with Cox. Therefore it was not a 100% yet. Cox remained open to counsel and was, at that time researching Pro Se representation on her Ninth Circuit appeal.

**3.)   On Dec. 10th, 2011** one of Cox's anti-corruption bloggers on her blog network, Michael Spreadbury, contacted Cox and said that he had been in contact with an attorney named Marc Randazza. Spreadbury asked Cox if she was open to a conference call with Randazza, to discuss his possible Pro Bono representation of Cox in her Ninth Circuit Appeal. This was the first time Cox had ever heard of Marc Randazza in any way.

Out of respect for Spreadbury, Cox took the phone meeting. On this call Randazza discussed Cox's case, her strategy, the emails alleging Cox being an extortionist, her MT real estate license, and discussed whether Cox appealing was a good idea. Randazza told Cox that Pro Bono would cost her a min. of $5000 for his various fees.

Randazza told Cox that it may not be best for others if she appealed Obsidian v. Cox. Cox told Randazza that she wanted to do what was best for all but that she really wanted to appeal the verdict as she felt this was in the best interest of all anti-corruption bloggers, citizen journalists

2

and whistleblowers. On this First Call Randazza asked Cox to email him all of the files on the case, and all related documents of which Cox did. Randazza did not commit to representation and knew that time was of the essence. Randazza claimed he may have a conflict of interest with the Media Bloggers Association, and had to review the record to make sure that Cox had preserved the right legal arguments for appeal.

Also on this first Call, Randazza told Cox that those higher up in the Porn Industry had contacted him and asked him what he was going to do about the Crystal Cox Case? As Cox's First Amendment verdict affected the Porn Industry.


**4.) On December 15th 2011,** Volokh contacted Cox via eMail stating that he had heard through channels, that Randazza was Cox's attorney, and he wanted to confirm this with Cox herself.

Cox told Volokh that Randazza had not confirmed to be Cox's attorney, and Cox had not signed an agreement with Randazza. Cox and Volokh then had a phone conversation regarding the representation issue. Volokh told Cox that attorneys of the First Amendment bar had told him that Randazza represented Cox. And that he, Volokh, had called Randazza to discuss / confirm this representation, as he thought he was still in the running to represent Cox, and he offered Randazza any support he could on this massively important constitutional rights issue. Randazza told Volokh that he was, indeed, representing Cox. And that he had put in effort, time and material into this representation. And was in fact working on negotiations with the Opposition ( David Aman, Tonkon Torp Law Firm and Obsidian Finance Group).

After Volokh got off the phone with Randazza he contacted Cox to confirm what had happened and that Randazza represented Cox and offered any support he could be in the case.

Cox was upset, and rightly so, as not only had Counter Defendant Randazza had been negotiating with Plaintiff (Obsidian) on a "deal" of which Counter Plaintiff Cox had never been told the details of, but he had no contract with Cox, had not committed to representation, and was recklessly, negligently interfering with the case against the wishes of what he knew Cox, the client, wanted. Randazza was negotiating a way in which Cox would not get to appeal, letting the clock run out on Cox's deadline to appeal, and chasing away other First Amendment Bar attorneys, all not in the best interest of the client nor what the client (Cox) wanted, as Randazza fully knew per the prior phone conference.

Randazza harmed Cox, acted unethically and violated the rights of Cox, acting as her attorney. Randazza's call lying to Volokh almost lost Cox the attorney she wanted, and the appeal that was in the best interest of Cox and bloggers like her, as well as in the best interest of society as a whole.

After Randazza and Volokh got off the phone. Randazza emailed Cox and said that he thought it over and would represent Cox. Randazza had already been acting as Cox's attorney and

3

negotiating against the best interest of Cox and what Cox wanted in her own case.

Cox, then knowing what Randazza had done to harm her, told Marc Randazza that he was fired and that she did not want his representation and to make sure that he knew he did not represent Cox on any further matters, and had no authority to act on her behalf. Cox included Volokh in these emails.

Randazza emailed Cox and claimed he had no issue, and said to let him know if he could help. He spoke in high regard of Cox and what she does online and all seemed well.

As seen in the media surrounding Cox's Ninth Ruling there is no case such as Obsidian v. Cox. This case is the first of it's kind in new media and Randazza really wanted to represent Cox and the media attention that went with it. There was no precedent that gave equal rights to all bloggers as to those of traditional journalist of institutional press such as the New York Times and Forbes. This is a groundbreaking case and Randazza was angry that he did not "get to" represent Cox, however he acted as if he was fine and spoke highly of Cox's online skills.

**5.)   January 16th, 2012,** Cox emailed Randazza to ask if he knows anyone that would hire her for marketing as she needed to make money. All Cox was doing was asking Randazza if he knew anyone that needed marketing, as he had previously praised her skills.

Cox told Randazza that she had purchased MarcRandazza.com when she thought he might represent her as she does PR for her own case and planned to promote the case on it, but that now that he would not be her attorney it could be used to market him if he was open to this. Cox had not written a word on a blog, nor used that domain name.

Cox, as a standard of practice, has, for over 10 years purchased domain names that have the keywords in them of the stories she is writing on or promoting, having learned this in massive study and application  of internet marketing and search engine optimization. The domain name was not purchased to extort Randazza, nor anyone else. The domain name was not bought to intimate Randazza or anyone else. Cox never made any money from the name nor used the domain name commercially in any way.

Cox would have gave Randazza the name, after he was not going to be a part of her case, had he not been so threatening, so over the top aggressive. This aggression,  on top of what he done to attempt to sabotage Cox's appeal, Cox decided to then use the domain name to review, parody, speak critical of and expose the unethical, aggressive actions of Marc Randazza and Randazza Legal Group in effort to warn the public at large.

Randazza demanded Cox turn over the domain, he threatened Cox in making an enemy of him, and he went into a rage. Cox then decided to buy more domain names, and start more blogs speaking critical of and reporting on Randazza.
After this Cox began to get tips from Porn Industry insiders, of which Cox also posted.

4

**6.)  Approx. March 1, 2012,** Cox was contacted by Porn Insider, Investigative Blogger Monica Foster aKa Alexandria Mayer (hereafter Foster). Foster was supportive of Cox's reporting on the Porn industry and told Cox of her blogs. From this point on Cox reposted information from Foster's blogs as well, in effort to support victims of organized crime in the porn industry, human trafficking and those seriously abused in the porn industry. Also around this time Cox was introduced to Desi Foxx aKa Diana Grandmason, a certified human traffic victim of the porn industry. Both had stalkers, threats and harassment from those at and connected to RLG. Foxx is also a Porn Industry insider, investigative blogger reporting on Randazza and porn industry connections to organized crime.

**7.)    On March 7th, 2012,** Randazza became so enraged at not representing Cox and Cox speaking critical of him that he contacted Obsidian ( the Opposition) and agreed to conspire with them to convince Judge Hernandez and the world that Cox was guilty of Extortion. Though no criminal complaint, no trial, no cause of action, no investigation and certainly no conviction had ever been given to Cox for the Felony crime of extortion, or any crime.

Randazza had contacted Tonkon Torp Law Firm, Opposition in Cox's case and offered to give testimony that would set Cox up for Extortion. Cox representing herself got a copy of a Subpoena given to Randazza for a deposition. Randazza never attended this deposition and later claimed that Cox had purchased domain names and intimidated him as a "witness".

Randazza violated attorney client privilege and sought extreme revenge, retaliation against Cox whom he had prev. acted as her attorney with these same parties.

After this Judge Hernandez, convinced Cox was guilty of extortion, without an investigation into any evidence, nor due process in the criminal justice system, only the word of 2 attorneys David Aman (Obsidian's Attorney) and Randazza (Cox's former attorney), Judge Hernandez denied Cox a new trial and even referred to Cox's extortion activities as if they were proven fact in a court of law which they were not. Extortion was simply an allegation from David Aman, Attorney and Marc Randazza attorney and had no factual evidence, no court process, no investigation and no due process of law of any kind within the criminal justice system.

After this, the New York Times article went into detail of how Cox was guilty of extortion. Big and small media world wide picked up the story as well. And Randazza continued to post and spread false and defamatory statements against Counter Plaintiff Cox, with actual malice as he had personal and professional knowledge of the facts.

**8.) On or around March 12th, 2012,** Cox purchased JenniferRandazza.com, as Cox had seen a blog post on Randazza's blog with a liquor drink and the words "where babies come from" under it, the post talked of knocking up Jennifer on a Drunken Tryst. Randazza, a self professed expert in domain names did not own the name and at that time Randazza was on Fox News and

5

CNN sticking up for Rush Limbaugh calling Sandra Fluke a Slut. Cox used the domain name along with others to expose Randazza for being hypocritical, and to make fun of Randazza and his wife.

Cox bought the domain name of their daughter to poke fun at Randazza, and prove that he was not what he claimed to be as a domain name expert attorney.  Cox never had a blog nor posted anything on the domain name, though it is legal to do so and Cox's free speech right. Cox simply bought the domain name to stand up to, and poke fun at Randazza.

Cox purchase MarcRandazza.me to further poke fun at the, over the top anger, Randazza was displaying even though he defends the rights of others to speack critical, call names, parod, poke fun and even defended the owner of GlenBeckRapedandMurderedAyoungGirlin1990.com.

Currently Randazza is defending Kate Gosselin''s right to privacy in emails and personal records while at the same time publicly humiliated, defaming, and ruining the life of Counter Plaintiff Cox with her private emails and using false subpoenas to get Cox's private information.

Cox never offered to sell Marc Randazza a domain name, nor remove any content for a fee of any kind. Randazza claiming this to media, perjuring court documents stating Cox extorting him and stating in worldwide publications that Cox is an Extortionist has ruined Cox's life, put Cox under massive constant duress, lost Cox clients, income and the ability to even rent a home. Cox currently lives in church housing.

Counter Plaintiff Cox simply stood up to Randazza and he has used his power and influence over the media, law bloggers and the courts to paint Cox out as evil, a criminal, a liar, someone who attacks a 3 year old and continues to lie and torment Cox to this day.

**9. ) Approx. March 30th, 2012**, Counter Plaintiff Marc Randazza began publishing false and defamatory statements concerning Plaintiff Crystal Cox, attacking a 3 year old online and being guilty of extortion. Kashmir Hill of Forbes then interviewed, spoke with Counter Defendant Randazza and published these same  false and defamatory statements to a third party concerning Counter Plaintiff Crystal Cox.

**10.) On April 2nd 2012**, Kashmir Hill, Forbes began publishing false and defamatory statements to a third party concerning Plaintiff Crystal Cox, attacking a 3 year old, via the false and defamatory statements of Counter Defendant Randazza. Counter Plaintiff Cox had no blog about a 3 year old, made no statements online about this three year old, yet Kashmir Hill knowingly posted false and defamatory information regarding Cox.

Jordan Rushie, Mulvihill and Rushie LLC published false and defamatory statements to a third party concerning Cox, in an article on Philly Law Blow, by Jordan Rushie, Titled " The Evolution of Crystal Cox: Anatomy of a Scammer", dated, **April 3rd 2012**. Jordan Rushie posted false and

defamatory statements regarding Cox being guilty of extortion and attacking a three year old.

**On April 6th 2012,** Bob Garfield, NPR interviewed Counter Defendant Marc Randazza on New York Public Radio. The show was called "COMBATING "BAD" SPEECH WITH MORE SPEECH", Dated, April 06, 2012. Bob Garfield and Counter Defendant Randazza stated false and defamatory, slanderous statements to a third party concerning Counter Plaintiff Cox.

Bob Garfield and Defendant Marc Randazza, with actual malice and knowledge of the facts, accused Counter Plaintiff Cox of attacking a child online, of being guilty of extortion, and all manner of unethical and criminal activity. These false and defamatory statements to a third party concerning Counter Plaintiff Cox in this world wide medium of communication has caused Cox immeasurable, irreparable damage, and essential set Cox's life to ruin.

**PopeHat Article April 6th, 2012.** Randazza gets all his lawyer friends, to gang up on Cox and paint her in false light. Which continues to the day.

**11.)  4-14-2012** Randazza files Protective Order Against Cox in Las Vegas Courts.

**12.)   Mid April 2012,** Cox gave MarcRandazza.com, Jennifer Randazza.com and NataliaRandazza.com to porn industry insider investigative blogger Monica Foster to further her efforts in protecting children, helping human trafficking victims, giving voice to those connected to Randazza that were being threatened stalked and harassed, and to report on organized crime in the porn industry.

After this Randazza, tried to set Foster up for Extortion. Randazza pressured her, bullied her. Randazza, through connections inside of Godaddy, stole JenniferRandazza.com out of Fosters account. Randazza posted extreme hate online against Foster, her Christian belief, and wished her death. He also dove into personal information, got the name and make of her car and posted this in threats. Thereafter, Foster was in fear of her life and told Cox she needed to get rid of the domain names left. Cox took the names back, Cox immediately deleted NataliaRandazza.com and began posting on MarcRandazza.com.

**13.)  4-27-2012** - Randazza works with Tonkon Torp to help them attempt to seize domain names, Randazza recommends receiver Lara Pearson, as he had previously used her in the Righthaven case.  Randazza advised attorney David Aman to use Lara Pearson as a receiver to come for Cox's assets' as Randazza had worked with her before in the Righthaven case

**14.)  On Jun 18th 2012,** Defendant Marc Randazza filed a Czech court complaint against Cox and Eliot Bernstein, to initiate a domain name dispute. In this case, Counter Defendant Randazza stated false and defamatory statements to a third party concerning Cox and Eliot Bernstein.  Randazza used Kashmir Hill of Forbes, Lawyer Jordan Rushie and New York Tiems David Carr's false and defamatory statements as his evidence to steal the intellectual property of Plaintiff Cox.

**15.) On July 27th 2012,** Defendant Marc Randazza filed a WIPO complaint against Plaintiff Cox and Eliot Bernstein, to initiate a domain name dispute, and with no filing fee. In this case, Counter Defendant Randazza stated false and defamatory statements to a third party concerning Cox and Bernstein and accused them both of the felony crime of extortion, without filing criminal charges, simply uses his power and influence as an attorney to state the allegations as fact.

Counter Defendant Marc Randazza used Kashmir Hill, Jordan Rushie and David Carr's false and defamatory statements as his evidence to steal the intellectual property of Cox and Bernstein, and with no First Amendment Adjudication.

**16. ) On November, 28, 2012** Counter Defendant Marc Randazza filed a legal action, a vengeful, defamatory SLAPP suit, against Counter Plaintiff Cox in the District of Nevada. In this legal action Randazza, Cox's former attorney, stated that Plaintiff Cox had extorted him and gave the false and defamatory statements of Defendants as his evidence.

Randazza did not file criminal charges with the "authorities. Nor did Counter Defendant Randazza file charges with the attorney general or any other body of authority, regarding his allegations that Cox and Bernstein had extorted him, was guilty of extortion or had been in a prior case where Cox was found guilty of extortion, or even under investigation for extortion.

Randazza lied to the District of Nevada stating that he had a Trademark at that time, which he did not. Randazza used a TRO to take massive amounts of intellectual property and shut down speech with no first amendment adjudication or due process.

The domain names in the suit were seized and given to Randazza, which is not standard of practice, usually domains in a case such as this are frozen in the account they are in, until the dispute is over. Randazza used Cox's proprietary search engine skills against her own reputation and business by redirecting Cox's intellectual property to a blog post on his law blog that posted false and defamatory statements against Cox.

This has caused Cox irreparable harm, suffering, and loss of business, family, friends, and quality of life for 16 months and counting.

**17.) On Nov. 30th 2011,** Attorney, INTA colleague of Counter Defendant Randazza; Peter L. Michaelson, Sole WIPO Panelist, published false and defamatory statements to a third party concerning Counter Plaintiff Cox and Eliot Bernstein in a WIPO publication, which has a widespread, international reader base.

Peter L. Michaelson quoted New York Time's David Carr's defamatory and false statements made to a third party concerning Counter Plaintiff Cox and used Carr and Hill's false and defamatory statement as evidence against Cox in seizing domain names belonging to Cox and

to Eliot Bernstein, iViewit Inventor.

Peter L. Michaelson took the stated word of Counter Defendant Marc Randazza with no adjudication for the crime of extortion or due process and published these false and defamatory statements to a third party.

After Peter L. Michaelson's false and defamatory statements to a third party concerning Counter Plaintiff Cox and Eliot Bernstein were published in an International WIPO publication, Counter Defendant Marc Randazza via his attorney Ronald D. Green of Randazza Legal Group used these false and defamatory statements to a third party concerning Cox and Bernstein to further harm, harass, defame and retaliate against Counter Plaintiff Cox and Bernstein.

Randazza used the WIPO decision as evidence in his District of Nevada case against Cox and Bernstein that they were guilty of extortion, when in fact Randazza has stated those words to WIPO and they were taken falsely as facts, or evidence of law.

This WIPO publication then became official evidence and alleged proof in Counter Defendant Randazza's case against Plaintiff Cox and Eliot Bernstein (District of Nevada Case 2:12-cv-02040-GMN-PAL).

Judge Gloria Navarro used the "evidence", "legal commentary" and slough of false and defamatory statements from Randazza, as justification to give massive domain names and intellectual property to Randazza in a preliminary injunction. This wiped out thousands of links, wiped out the search engine ranking of Plaintiff Cox, deleted massive amounts of content that Cox had created online, and damaged Cox's intellectual property, business, reputation and online media. As well as used Cox's hard work for Randazza to commercial gain, get new clients, keep clients and steal Cox's traffic and direct to his commercial business, his law firm.

This action also removed blogs that reported on organized crime in the porn industry, blogs speaking critical of Randazza and the porn industry and blogs exposing the porn industry's unlicensed use of Eliot Bernstein's video coding technology, iViewit.

The preliminary injunction and redirecting Cox's blogs to Randazza caused a backlash of defamation, harassment, retaliation and loss of reputation, clients, friends and family, and caused serious, irreparable harm to Counter Plaintiff Cox.

**18.) November 30-2012** Randazza v. Cox WIPO Arbitration Decision Post on Randazza Blog, Attacking Cox and accusing Cox of Extortion, yet again.

**19.) December 2012,** Upon knowledge and belief, Randazza advised Tonkon Torp Lawyer David Aman, counsel for Obsidian Finance Group on how to STOP Cox from appealing to the Ninth Circuit. Cox had no counsel in the area of her assets, and the execution of her 2.5 Million dollar judgement. Counter Defendant Randazza and attorney David Aman conspired to file

9



documents with the Multnomah County Sheriff's Office (Portland, OR) to seize and auction off Cox's right to appeal Obsidian v. Cox. The documents stated that Cox's right to appeal her Ninth Circuit case would be SOLD to the highest bidder to pay off her $2.5 Million Dollar Judgement owed to Obsidian. Cox's appeal was already well under way. Cox contacted her appeal attorney Eugene Volokh and he got approval to represent Cox on the matter. (As seen in document numbers 144 and 145 of Obsidian v. Cox, Dist. of Oregon)

**20.)  All of 2013,** Randazza filed motions in courts harassing Cox, participated in hate and defamation campaigns, interviewed in big and small media and stated false and defamatory information, threatened and intimidated Cox, harassed Cox's sources inside the porn industry, emailed many individuals and business attempting to get others to accuse Cox of extortion and join his hate and defamation campaign against Cox.

Cox received threatening texts, online hate, taunting, and constant duress for those connected to Randazza.

**21.)  On January 27th 2014,** Randazza Legal Group (RLG) issued a subpoena to Godaddy, the Notice of Subpoena was District of Nevada, and signed by "Law Clerk" at RLG, signature cannot be made out, and no printed name. The actual subpoena to Godaddy said "District of Arizona" on the documents, and stated that a C. DeRose at 5131 N. 40th St, A310, Phoenix AZ would examine all financial data, electronically stored information, billing data, IP data, server data, all phone numbers, and contact of anyone associated with accounts or to the specified people that Randazza wanted personal, financial and intellectual property information on; to be examined on Feb. 7th, 2014. The Exhibit to this subpoena was a District of Nevada document stating further persona, private, and financial data that RLG was commanding that Godaddy turn over to them in regard to Crystal Cox.

This Subpoena gave RLG access to the private and financial information of porn industry insiders, whistleblowers such as Monica Foster and Diana Grandmason, both exposing RLG and their connections to Organized Crime in the Porn Industry, prostitution forced on porn actors, pedophiles connected to RLG and the activities of the Free Speech Coalition and RLG to move the porn industry to Las Vegas.

This Subpoena also gave RLG access to the private data and financial information of iViewit inventor Eliot Bernstein, of which is an inventor Cox has been reporting on for over 4 years.

Over a Decade ago iViewit Technology invented a video coding technology that changed pixelated video to clear crisp video. Counter defendant Randazza's clients make billions a year off of this technology, in which they infringe on.

**22.)  On January 27th 2014,** Randazza Legal Group (RLG) issued a District of Nevada subpoena to Verizon Wireless, the actual Subpoena is District of Northern Texas, this subpoena commands Verizon, though Klemchuk Kubasta LLP 8150 N. Central Expressway, 10th Floor Dallas, TX to be allowed to inspect documents requested on February 10th, 2014.

The Exhibit to the subpoena, a District of Nevada document COMMANDING that Verizon give Counter Defendant Randazza, Cox's personal private information, phone numbers, personal calls, business calls, billing and payment information, data that breaches the privacy of countless individuals and companies, lawyers, media, clients, customer, and friends of Cox.

This subpoena also gave Randazza access to phone numbers and data of sources whom had told Cox of issues of organized crime, prostitution and more in which Cox was reporting on connected to RLG, the Free Speech Coalition and the Organized Crime in Porn. Including delicate and private information, texts, phone numbers, contacts of those who have been threatened by RLG and connections. The Subpoena also requested all other numbers on the account thereby unjustly data mining Cox's family, friend, business partners, and personal relationships.

The Subpoena also allowed RLG to access who may help Cox pay her bills, or help her to have a phone. As Cox has no money, no home and is penniless due to the relentless actions of Cox. This compromises the private information of those helping Cox to have a lifeline, a phone. This could also give RLG access to where Cox is located at all times and as Counter Plaintiff Cox has stated many times in this case, Cox's life is in danger, under constant duress and threats by those in the porn industry connected to Randazza and this is potentially life or death to Cox and her sources.

Cox claims Randazza issued a false instrument, impersonated a Subpoena and has caused Cox and those connected to her irreparable harm.


**23.)  On Feb. 2, 2014** Counter Defendant Randazza filed an Amicus Brief in the Ninth Circuit Court of appeals to attempt to convince the Ninth Circuit panel in a civil trial defamation case, (Obsidian v. Cox) that Counter Plaintiff Cox is a criminal.

Randazza flat out lied stating "Cox is an Extortionist" in sworn documents to the Ninth Circuit.

Randazza states that Cox extorted him, yet Randazza never filed a criminal complaint in a proper jurisdiction and venue, instead, abusing his power and privilege as an attorney Randazza uses civil courts, WIPO, and mass media to frame Cox, paint Cox in false light, and make Cox look guilty of the crime of extortion without allowing Cox due process of law within the Criminal Justice System, or Cox having a Criminal attorney appointed to her.

In this 9th Circuit Amicus Randazza used his ruling, via his own words, in this court ( District of

11

Nevada, Randazza v. Cox and Bernstein) regarding an unconstitutional TRO, and his words in a WIPO complaint both against Cox and Eliot Bernstein, stating this was evidence that Cox had been adjudicated and found guilty of the crime of extortion.

Cox has never been on trial for extortion, under investigation for extortion, adjudicated for extortion or convicted of extortion.

Randazza also used as his alleged evidence in his Ninth Circuit amicus stating Cox is an Extortionist, a MT real estate board hearing proposal regarding a complaint against Cox regarding MT agency law ( real estate representation laws ) and having nothing to do with extortion.  The proposal was dated July 5th 2013, and was a preliminary hearing document.

The Hearing in this Matter, as the record shows was Nov. 21st, 2013, Randazza did not include updated documentation as that did not support his false allegations. Randazza deliberately used a preliminary TRO, a WIPO Decision and an unadjudicated ruling to cause Cox further irreparable damage, and with actual malice and knowledge of the facts.

January 15th, 2014 was the Adjudication Hearing in this matter, Cox could not attend any hearing on the matter out of lack of money, transportation and fear for her life.

Cox was not a licensed Real Estate Broker in the State of Montana as of October 2013 due to loss of her home, and extreme duress. Cox now has a real estate firm in the State of Washington as of April 2013.

On Feb. 4th, Don Harris, Special Assistant Attorney General,Department of Labor and Industry for the State of Montana, emailed Cox and affirmed that Cox was not under review or disciplined in any way for "committing the criminal offense of extortion".

On Feb. 8th, 2014 the Final Order was issued in this Montana Real Estate agency, non criminal matter and Cox was fined $1000, given 6 months suspension and 8 hours of ethics classes as her disciplinary action. This case was not criminal and NOTHING to do with extortion.

**24.)   On February 13th** RLG Admitted to Cox the following:

Feb 13 at 6:23 PM
> Upon further review of the subpoenas issued to GoDaddy, we realize that they were not properly issued.  Pursuant to December 2013 changes to the Federal Rules of Civil Procedure, the subpoenas should have been issued from the United States District Court for the District of Nevada and not the District of Arizona.  (*See* Fed. R. Civ. P. 45(a)(2).)  Accordingly, we withdraw the subpoenas.
>
> _____
> Ronald D. Green, Jr.
> **Randazza Legal Group**

Thereby admitting that Randazza Legal Group, licensed in Arizona as well as Nevada, and having Superior Knowledge of the Law, had used a false instrument, a forged document per say that was not properly issued in order to gain private information of Cox, Monica Foster, Diana Grandmason, Eliot Bernstein and other contacts, friends, clients and business associates of Counter Plaintiff Cox.

**25.) On Feb. 13th, 2014** Randazza is in communication with Stephen Lamont, a man who is involved in the iViewit Technology patent thefts, Stephen Lamont has previously threatened Cox that she had better get her affairs in order while she still can. And is involved in ongoing FBI, DOJ, USPTO and SEC investigations regarding the stolen iViewit Technology. As well as named in federal RICO and Racketeering cases regarding the iViewit Technology and inventor Eliot Bernstein.

It appears that Randazza has been in communication with Lamont since Feb. 23rd of 2013.

Randazza clearly attempted to get Lamont to claim that Cox extorted him, asked for money from him. Randazza offers to represent Lamont for FREE if he will go after Cox in a cybersquatting lawsuit.

Lamont admits to helping Randazza to bankruptcy Eliot Bernstein.

Lamont has no acting authority in iViewit, yet continues to act against iViewit shareholders. Randazza  is conspiring with Lamont to retaliate and harass Counter Plaintiff Cox and Eliot Bernstein.

In Randazza's communications with Lamont he digs into private family matters, trusts, iViewit technology financial information, and the private life and businesses of Eliot Bernstein.
All of which are under investigation with the Palm Beach County Sheriff's Office, under the Financial Crimes Unit, Special Investigations Division, Detective Ryan Miller, for fraud, forgery and possible murder in the Simon Bernstein and Shirley Bernstein Estate case which involves shares of iViewit.

## THE PARTIES

26.)  Counterclaim involves Co-Conspirators, but is limited to Marc J. Randazza and Randazza Legal Group as per Order Granting Cox permission to counter claim against Marc Randazza Only. Cox has NO Claims regarding any other Randazza family member other than Marc J. Randazza.

## ALLEGATIONS COMMON TO ALL COUNTS

27.)   Counter Plaintiff Cox is an Investigative Blogger having over 1200 blogs and has been reporting on corruption for approx. 9 years. Cox has dedicated her life to giving voice to victims of corruption who have no other way to be heard. Cox is a nationally noted anti-corruption blogger and whistle blower.

28.) Cox has owned her own real estate firm since 2000 in multiple states. And has been a successful internet marketing for nutritional supplements for over 8 years.

29.) Marc Randazza has harassed, defamed, taunted threatened and violated the rights of Cox since Dec. 10th 2011, just after Cox's trial Obsidian v. Cox.

30.) Counter Plaintiff Cox has never posted any blog post reporting on corruption to seek a payment to remove such post. Cox has never built a blog nor posted on a blog at any time to later ask Randazza or anyone else she reports on for money, at any time.

Cox has never sought to gain commercially nor make a profit of any kind for any domain name, facebook page, news release, blog or web post regarding Randazza or anyone else.

Cox has never posted anything online or bought a domain name, ever to intimidate anyone from not testifying or for any other reason.

Randazza has lied about Cox, painted Cox in false light, ganged up with others to paint Cox out as an extortionist and has never filed a criminal complaint and gave Cox due process, though Randazza has superior knowledge of the law and knows that if he felt Cox was guilty of the felony crime of extortion that Randazza should contact the police, the FBI or other authorities. Instead Randazza used his power and influence over the media, the INTA, WIPO, law bloggers, Forbes, NPR and this court to paint Cox out to be a criminal guilty of the felony crime of extortion.

31.) Counter Defendant Randazza has a history of shakedowns to get litigants to do what he wishes. Randazza sues litigants to shut down blogs, has been called a copyright troll, sues and then forces his legal fees to be paid and has a history of using media and legal bloggers to create the picture that his target (litigant he sues) is guilty and therefore force them into settling and forces his outrageous attorney fees to be paid via court order. Which, notably has happened in several cases whereby Judge Gloria Navarro was the presiding Judge. ( Note: Respectfully, Cox has named Navorro in legal action and has been denied. Cox intends to file a lien against Navarro's bond in this court for the harm she has knowingly caused Cox in favor of Randazza Legal Group)

32.) Counter Plaintiff Cox has dozens of blogs, facebook pages, online reports and outlets to report on Counter Defendant Randazza and RLG in order to warn the public at large of their scams, connections to known pedophiles such as Kurt Brackob / Treptow, work with the Free

Speech Coalition to silence whistleblowers and porn insiders regarding moving the porn industry to Las Vegas and encouraging violations of Cal OSHA.

33.) Counter Defendant Randazza has targeted Eliot Bernstein, iViewit inventor, a victim of court and attorney corruption of whom Cox has reported on for over 4 years.

34.) Counter Defendant Randazza has targeted Monica Foster aKa Alexandrian Mayer, who is a porn industry insider, a whistle blower, an investigative blogger and has been stalked, threatened, and under extreme duress by Randazza and those connected to Randazza for years.

35.) Counter Defendant Randazza has targeted Desi Foxx aKa Diana Grandmason who is a porn industry insider, a whistle blower, an investigative blogger, a certified human trafficking victims and has been stalked, threatened, and under extreme duress by Randazza and those connected to Randazza for years.

36.) Counter Defendant Randazza has been out to sabotage Cox's ninth circuit appeal since Dec. 2011

37.) Counter Defendant Randazza has sought revenge constantly for Cox choosing UCLA Law Professor Eugene Volokh over Randazza in her Ninth Circuit appeal,

38.) Cox has been unable to obtain counsel in this matter, unable to receive protective orders, unable to enjoin the attorney general and has lost all rights to electronic filing which has caused a great hardship in defending in this matter.

## Cause of Action

All is written upon knowledge and belief of Counter Plaintiff Crystal Cox;

### First Cause of Action
#### U.S. Code › Title 28 § 4101 / 28:1332 Diversity-Libel, Assault, Slander 320 Assault, Libel, and Slander

39.) Counter Plaintiff Cox re-alleges all of the proceeding paragraphs, and fully incorporates the allegations above and incorporates all exhibits, motions, and pleadings she has previously entered into this case.

40.) Counter Defendant Randazza has knowingly, with actual malice, published false and defamatory statements to third parties regarding Cox.

15

41.) Counter Plaintiff Cox has suffered irreparable damage regarding these maliciously false and defamatory statements to multiple third parties over 2 years.

42.) Counter Defendant Randazza should be permanently enjoined from publishing further false and defamatory statements regarding Counter Plaintiff Cox.

43.) Counter Defendant Randazza used privileged information against Cox to Defame and Slander Cox, as well as attempt to Sabotage Cox's ninth circuit appeal and paint Cox out as a Criminal in regarding to proceedings of a civil trial.

44.) Randazza has used Forbes, NPR, Legal Bloggers, his Law Firms Blogs, WIPO Publications, Amicus Briefs, Court Filings, and more to Defame, Slander, harass and intimidate Cox.

45.) Randazza has relentlessly conspired to get others to join him in painting his former client, Cox, out to be a criminal guilty of extortion without filing a criminal complaint.

46.) Randazza's threats, actions and and ganging up on Cox with various others has kept Cox in constant duress, in fear of her life, unable to hire counsel, unable to rent a home and under constant attack for over 2 years. Cox has suffered irreparable damage.

## Second Cause of Action
### Harassment / 18 U.S. Code § 1514 / 18 U.S.C. § 2261A/
### 18 U.S.C. section 2425

47.) Counter Plaintiff Cox re-alleges all of the proceeding paragraphs, and fully incorporates the allegations above and incorporates all exhibits, motions, and pleadings she has previously

48.) Randazza has conspired to commit interstate stalking and conspiracy to use a telecommunications device to abuse, threaten, stalk and harass Counter Plaintiff Cox. 918 U.S.C. § 2261A (stalking) and 47 U.S.C. §223(a)(1)(c) (telecommunications abuse/threat/harass)

49.) Randazza has engaged in Cyberbullying, Threats, connected to text threats to Cox, blogs promoting hate against Cox, and constantly bullying, threatening and harassing Cox. (18 U.S.C. section 2425)

50.) Randazza's harassment of Counter Plaintiff Cox has caused Cox irreparable harm of which Cox is entitled to compensation.

## Third Cause of Action

**All related Abuse of Process Laws / 28 U.S. Code § 268 0/**

51.) Counter Plaintiff Cox re-alleges all of the proceeding paragraphs

52.) Randazza abused his power and privilege as an attorney, as an officer of the court to stalk, harass, subpoena, intimidate, conspire with others, gang stalk, threaten, bully, and coerce Counter Plaintiff Cox.

53.) Randazza maliciously and deliberately misused his power and perversion of regularly issued court process, to cause irreparable harm to Cox

54.)  Randazza filed court documents, used subpoenas, contacted private parties, used confidential information, used false instruments and subpoenas for ulterior purpose for which it was not designed for, in order to cause deliberate and malicious harm to Cox.

55.)  Randazza committed a purposeful, malicious and willful act in the use of process which was not proper in the regular conduct of the proceeding.

56.) Randazza used the judicial process to extort or coerce counter Plaintiff Cox and force her to shut down her online speech which spoke critical of him, exposed organized crime in the porn industry, made fun of him and reviewed his law firm.

57.)  Randazza contemplated, plotted, and orchestrated these actions for ulterior motives and misused his power of the court and judicial process.

58.) Randazza has used the judicial process for illegitimate purposes of shutting down Cox's speech, parody blogs, review blogs, anti-corruption blogs, all before First Amendment adjudication and having SUPERIOR knowledge of Free Speech laws and First Amendment Rights.

59.) Counter Defendant Randazza's used the court process for his own personal gain of shutting down speech, taking intellectual property that competed with him in the search engines and intimidating Cox, as well as painting Cox out to be a Criminal, has caused Cox irreparable damage. Cox is allowed all Relief allowed by law.


**Fourth Cause of Action**
**Attorney / Legal Malpractice, Negligence / 38 U.S. Code § 7316 / 10 U.S. Code § 1054**

Note: Pro Se Cox is unsure which U.S. Code is involved in Attorney / Legal  Malpractice, and hereby enacts any and all laws related to attorney client privilege, attorney abuse, neglect and malpractice.
60.)  Counter Plaintiff Cox re-alleges all of the proceeding paragraphs, and fully incorporates the

17

allegations above

61.)  Counter Defendant Randazza used privileged information he gained from Cox acting as her attorney, to conspire with the opposition and harm Cox, to paint Cox in false light and to cause Cox irreparable damage.

62.) Randazza deceived Cox into thinking he was trustworthy, when in fact Randazza was trying to sabotage Cox's ninth circuit appeal, help opposition to steal Cox's appeal, defame and discredit Cox and and use his attorney / client privilege directly against Cox in multiple ways, thereby causing Cox irreparable damage of which Cox is is entitled relief.

63.) Randazza has refused, and this court has ruled that Cox is not entitled to know the name of Randazza's liability carrier for him personally as an attorney and his law firm Randazza Legal Group.

64.) Randazza used his attorney connections with Cox to attempt to chase off other lawyers, stall time for Cox to file her ninth circuit appeal, lie to other attorneys of his representation of Cox and to violate the rights of Cox.

65.)  Randazza sued Cox in the District of Nevada to shut down Cox's blogs that spoke critical of him, though Randazza is a huge supporter of those who have blogs speaking critical of others. Randazza gave false information to this court in which resulting in an unconstitutional TRO in which shut down Cox's intellectual property and online speech with no First Amendment adjudication, this has caused caused Cox irreparable harm.

66.) Cox has no way to defend herself against her former attorney Counter Defendant Marc Randazza, and has thus been under massive and constant duress for 2 years and counting.

## Fifth Cause of Action
### Tortious Interference / Interference with Business Advantage

67.)   Counter Plaintiff Cox re-alleges all of the proceeding paragraphs, and fully incorporates the allegations above and incorporates all exhibits, motions, and pleadings she has previously

68.) Counter Defendant Randazza has deliberately, directly and maliciously interfered with Cox getting clients, keeping clients, doing business as Randazza has called, emailed, and contacted individuals in various ways as well as has painted Cox out to be a felony extortionist in big and small media internationally and in sworn court documents. This has made it so Cox has lost her business, lost all revenue, is unable to rent a home, is unable to secure a job and is under constant hate, attack and duress.

69.)  Counter Defendant Randazza has maliciously lied about Cox, painted Cox in false light, defamed Cox, mobbed Cox, threatened Cox, had others threaten and defame Cox on his behalf

and has attacked Cox in massive amounts of false public accusations, with actual malice, with knowledge that these allegations were false..

70.)  Counter Plaintiff Crystal L, Cox has suffered irreparable damage personally and professionally. Therefore, Counter Plaintiff Cox is entitled to all allowable relief by law.

## Sixth Cause of Action
### Civil Conspiracy

71.)    Counter Plaintiff Cox re-alleges all of the proceeding paragraphs, and fully incorporates the allegations above

72.)  Defendant Marc Randazza conspired, confederated, and colluded to violate the rights of Counter Plaintiff Cox to the direct benefit of Counter Defendant Randazza and to Counter Plaintiff Cox's detriment.

73.) Randazza conspired with many lawyers, law firms, WIPO, Forbes, NPR, and other large and small media. Cox has not named co-conspirators in this counter complaint as Cox was Granted court approval to file a counterclaim against Marc J. Randazza only, as this is how Cox understands Motion Granting this filing. ( Document number 162)

## Seventh Cause of Action
### Violation of First Amendment Rights

74.)  Counter Plaintiff Cox re-alleges all of the proceeding paragraphs, and fully incorporates the allegations above and incorporates all exhibits, motions, and pleadings she has previously

75.) Counter Defendant Randazza, having superior knowledge that what he was doing was unconstitutional, as he himself has previously stated in **Case No. 3D12-3189, Irina Chevaldina Appellant vs. R.K./FI Management Inc.;et.al** ;

"If a court issues an injunction prior to adjudicating the First Amendment Protection of the speech at issue, the injunction cannot pass constitutional muster."

"A Judicial Order that prevents free speech from occurring is unlawful. (Erwin Chemerinsky, Constitutional Law; Principles and Policies 918 (2002) ("The Clearest definition of prior restraint is.. a judicial order that prevents speech from occurring:"

"Prior Restraints are "the most serious and least tolerable infringement on First Amendment Rights." Neb. Press Ass'n v. Stewart, 427 U.S. 539, 559 (1976). There is a "deep-seated

19

American hostility to prior restraint" Id at 589 (Brennan, J. concurring).

Injunctive relief to prevent actual or threatened damage is heavily disfavored because it interferes with the First Amendment and amounts to censorship prior to a judicial determination of the lawlessness of speech. See Moore v. City Dry Cleaners & Laundry, 41So. 2d 865, 872 (Fla. 1949). "The special vice of prior restraint," the Supreme Court held, "is that communication will be suppressed... before an adequate determination that it is unprotected by the First Amendment". Pittsburgh Press Co v. Pittsburg Comm'n on Human Relations, 413 U.S. 376, 390 (1973). Also se Fort Wayn Books Inc. v Indiana, 489 U.S. 46, 66 (1989); M.I.C., Ltd v Bedford Township, 463 U.S. 1341, 11343 (1983.)"

""RKA sought extraordinary relief in the form of prior restraint to enjoin .. . This relief is not recognized in this State, nor anywhere else in the Country. In addition to ignoring the First Amendment Rights and almost a century's worth of common law, the .. court ignored virtually all procedural requirements for the issue of a preliminary injunction." Page 5 Paragraph ii of Opening Brief Appellate Case No. 3D12-3189, Irina Chevaldina Appellant vs. R.K./FI Management Inc.;et.al., Appellees. Attorney for Appellant Marc J. Randazza Florida Bar No. 325566, Randazza Legal Group Miami Florida. "

This case is now hereby referenced herein, in it's entirety.

Randazza knowingly used an unconstitutional TRO to shut down blogs of Cox, suppress speech, remove online speech that spoke critical of him, and it has been 16 months.

Not only did Randazza have this court shut down sites, he was given blogs and domain names and Cox's online speech and intellectual property was redirected in the search engines to a blog post on Counter Defendant Randazza's legal blog which incited hate against Counter Plaintiff Cox, maliciously and knowingly defamed and slandered Cox and linked to others in conspiracy against Cox.

76.) Randazza used his superior First Amendment knowledge to violated the First Amendment rights of Counter Plaintiff Cox with total disregard of her constitutional right, due process and the laws of the United states of America.

77.)  Counter Plaintiff Cox asks this court to apply any and all Causes of Action deemed appropriate and lawful on Cox's behalf, in which Cox may have left out of this counter complaint, as her limited knowledge of the law as a pro se litigant.

# **Request for Relief**

78)   Counter Plaintiff pray for judgment against counter Defendant Marc J. Randazza, individually, professionally and personally  in the amount of $10 Million Dollars

79.)   Counter Plaintiff pray for judgment against counter Defendant Randazza Legal Group (Law Firm)  in the amount of $10 Million Dollars

80.) Cox asks this court to enjoin Randazza from inciting hate against Cox, painting Cox out to be guilty of the felony crime of Extortion, knowing that it is false and deliberately causing Cox harm in retaliation for Cox's online speech regarding Randazza and RGL, and seeking retaliation / revenge for Cox choosing to appeal Obsidian v. Cox to the Ninth Circuit. An appeal that affects the Porn Industry, and retaliation for Cox choosing Eugene Volokh, UCLA Law Professor to represent her over Counter Defendant Marc Randazza and Counter Defendant Randazza Legal Group.

81.) Cox asks this court to apply any and all relief allowable to Cox in this matters, as well as any actual damages, punitive damage or any relief whatsoever allowable by law.


**Note to Court:**

Counter Plaintiff Crystal Cox cannot get legal counsel in these matters as suing, or defending herself when an attorney is the Plaintiff / Counter Defendant has become impossible as all law firms and attorneys Cox has approached refuse or state it is office policy to not represent a client against an attorney. Also Cox is in fear of her life and is in fear of direct communications and phone calls with Randazza's attorney, his own law firm RLG. Cox requests that this court rule that Randazza and RLG seek outside counsel in this matter, and grant Cox a court appointed, non-conflicted attorney.

Cox has asked this court to appoint her an attorney in "Motion Requesting Court Appointed Counsel" and has been denied. Therefore Cox once again asks this court to appoint her non-conflicted counsel as Cox has done the best she can to fight back against these powerful attorneys and law firms who are putting her life, her business, her clients, her family, and her friends under constant duress for over 16 months now.

Counter Plaintiff Cox also asks that this court understand that Cox has no legal training, is penniless, living in church housing and is doing the best she can to defend herself against Marc Randazza, and to please advise Cox where she falls short in these proceedings, as much as possible within the limit of the law.



Cox has had her electronic service revoked and has to borrow money to print and mail any documents as Randazza and Co-Conspirators have ruined Cox's business, reputation and put her in constant fear of her life and the life of her sources.


By _(signature)_

Crystal L. Cox, Pro Se
406-624-9510
SavvyBroker@Yahoo.com
PO Box 2027
Port Townsend, WA 98368


## Certification of Service

Note: This Court removed Counter Plaintiff Cox's access to Electronic Filing and Cox can only receive and mail court documents via U.S. mail at this time.

On February 19th, 2014, Counter Plaintiff Crystal Cox certifies mailing a copy of this counter complaint to:


Attention: **Judge Jennifer A. Dorsey**
Las Vegas Courts
333 Las Vegas Blvd. S.
Room 3071
Las Vegas , NV 89101


and emailing a copy to Counter Defendant at
RDG@randazza.com and mjr@randazza.com

The Current Address for Cox is

Crystal Cox
PO BOX 2027
Port Townsend, WA  98368

SavvyBroker@Yahoo.com

X-RAYED U.S. MARSHALS SERVICE

7013 2250 0000 3646 0067

Attention: Judge Jennifer Dorsey
Las Vegas Courts
333 Las Vegas Blvd S.
Room 3071
Las Vegas, NV  89101

Cox
PO Box 2027
Port Townsend WA
98368