UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MARC J. RANDAZZA, an individual, JENNIFER RANDAZZA, an individual, and NATALIA RANDAZZA, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>CRYSTAL COX, an individual, et al.<br><br>Defendants. | Case No.: 2:12-cv-2040-JAD-PAL<br><br>**Order Denying Plaintiffs' Emergency Motion for Reconsideration [Doc. 163]** |

This case arises out of the alleged targeting of Plaintiffs Marc Randazza, his wife Jennifer, and their young daughter Natalia, by Defendants Crystal Cox, a self-proclaimed "investigative blogger," and Eliot Bernstein. Cox and Bernstein allegedly registered thirty-two internet domain names that incorporate Plaintiff Marc Randazza's first, middle, and last name, or combinations of the three.  Defendants allegedly used the domain names intending to capitalize on the use of Plaintiff's name by offering services to rehabilitate Plaintiff's reputation caused by Defendants' own actions.

After Plaintiffs filed the Complaint, Cox filed an "amended counterclaim" against Plaintiff Marc Randazza and several dozen non-parties.[1]  Judge Gloria Navarro struck the "counterclaim" as

---

[1] Doc. 62.

an improper third-party complaint based on inclusion of the non-parties.² Cox moved to reconsider that decision, pointing out that the order swept within its ambit true counterclaims against the Plaintiffs, which should have been permitted.³ The Court agreed and granted Cox's motion in part, allowing her to file a new, proper compulsory and permissive counterclaim against Plaintiff Marc Randazza.⁴ Plaintiffs then filed the instant emergency motion to reconsider the reconsideration order arguing that the claims are duplicative of those filed in other cases in the District.⁵ Plaintiff has since filed a new counterclaim.⁶ The instant motion for reconsideration is appropriate for disposition without oral argument under Local Rule 78-2. For the reasons stated below, the Court DENIES the motion.

**Discussion**

Plaintiffs argue the Court's decision allowing Cox's counterclaims "was made manifestly in error" because it would "allow Cox to simultaneously maintain three nearly identical actions against Randazza."⁷ Plaintiffs point to the procedural history of this case arguing the allowed counterclaims in this case ("First Case") are duplicative of two other cases filed by Cox in the District pending before two other District Court judges.⁸ In the case pending before Judge Miranda Du ("Second Case"), the complaint has been screened and Cox has been granted leave to proceed *in forma pauperis*.⁹ The Second Case arose from the First Case when Judge Navarro struck the

---

² Doc. 89.

³ Doc. 116.

⁴ Doc. 162.

⁵ Doc. 163.

⁶ Doc. 164. The Court has not evaluated whether the new pleading complies with the order and reserves any answer to that question until a proper motion is filed.

⁷ *Id*. at 3.

⁸ *See id.*

⁹ *Cox v. Randazza et al.*, No. 2:13-cv-00297-MMD-GLF

"counterclaim" as an improper third-party complaint and allowed Plaintiff to file the counterclaims in a separate suit.[10]  In the case pending before Judge Andrew Gordon ("Third Case"), the complaint has not yet been screened and Cox has not been granted leave to proceed *in forma pauperis*.[11]  Plaintiffs contend the Third Case "asserts substantially the same claims as [the instant case], and is still pending before this Court after being transferred to this District by the United States District Court for the Southern District of New York."[12]  Thus, Plaintiffs argue that "allowing Cox to file a counterclaim in this action would be prejudicial to Plaintiffs, as they will now have to defend a third, identical action by Cox."[13]

      Reconsideration is available under Rule 60(b) upon a showing of (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) the judgment is void; (5) the judgment has been satisfied; or (6) any other reason justifying relief from the judgment.[14]  A motion for reconsideration must set forth some valid reason why the court should revisit its prior order and facts or law of a "strongly convincing nature" to support reversing the prior decision.[15]

      Although Plaintiffs cite Rule 60(b)(1) and (6) as the basis for the request, they do not challenge the legal accuracy of the Court's analysis in granting Cox's motion to reconsider.  The Court finds no reason to conclude that this case is not the proper vehicle for adjudicating Cox's compulsory and permissive counterclaims.[16]  Although it may be true that Plaintiffs may have to eventually defend similar suits allegedly improperly filed by Cox, this is an insufficient reason to disallow counterclaims that are legally allowable in this case.  Moreover, as the cases now stand,

---

[10] Doc. 94.

[11] *Cox v. Carr, et al.*, No. 2:13-cv-938-APG-GWF.

[12] Doc. 163, at 2 n.2.

[13] Doc. 163, at 4.

[14] Fed. R. Civ. P. 60(b); *see also Stewart v. Dupnik*, 243 F.3d 549, 549 (9th Cir. 2000).

[15] *Frasure v. United States*, 256 F.Supp.2d 1180, 1183 (D. Nev. 2003).

[16] Doc. 162.

Plaintiffs will not "have to defend a third, identical action by Cox" because it does not appear that Cox has properly served any parties, including Plaintiffs.[17] This belies Plaintiffs' assertion that Cox has been pursuing the same claims in the other cases.[18] Thus, there is no prejudice to Plaintiffs in defending against Cox's counterclaims in this case. As Plaintiffs have failed to set forth facts or law of a "strongly convincing nature" to justify reversing the prior decision, the emergency motion is denied.

**Conclusion**

Accordingly, and with good cause appearing,

It is HEREBY ORDERED that Plaintiffs' Emergency Motion for Reconsideration (Doc. 163) is DENIED.

Dated: February 27, 2014.

_____
Jennifer Dorsey
UNITED STATES DISTRICT JUDGE

---

[17] *See dockets in Cox v. Randazza et al.*, No. 2:13-cv-00297-MMD-GLF; *Cox v. Carr, et al.*, No. 2:13-cv-938-APG-GWF.

[18] Doc. 163, at 3. If Cox fails to effectuate proper service on Plaintiffs, the Court cannot exercise jurisdiction over them. *See Omni Capital Int'l v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987).