1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

MARC J. RANDAZZA, et al.,        )
                                     )
                 Plaintiffs,  )
                                     )
vs.                                       )
                                     )
CRYSTAL L. COX, et al.,        )
                                     )
                 Defendants. )
_____)

Case No. 2:12-cv-02040-GMN-PAL

**ORDER**

(Mtn to Extend - Dkt. #165)

This matter is before the court on Plaintiffs' Marc J. Randazza's, Jennifer Randazza's, and Natalia Randazza's Motion to Extend Time to Respond to Counterclaim and Motion for Case Management Conference (Dkt. #165) filed February 25, 2014.

**BACKGROUND**

This case arises out of the registration of no less than thirty-two internet domain names that incorporate all or part of Plaintiffs' personal names by Defendants Crystal Cox and Eliot Bernstein ("Defendants"). Plaintiff Marc Randazza is the managing partner of Marc Randazza PA d/b/a Randazza Legal Group. Plaintiff Jennifer Randazza is Marc Randazza's wife, and Natalia Randazza is the couple's four-year-old daughter. Cox registered the domain names at issue in this case, some of which were listed under proxy Bernstein's name. Defendants registered the domain names through godaddy.com and blogspot.com between December 10, 2011, and September 20, 2012.

On November 28, 2012, Plaintiffs filed the Complaint (Dkt. #1), alleging claims for: (1) violation of individual cyberpiracy protections under 15 U.S.C. § 8131; (2) cybersquatting under 15 U.S.C. § 1125(d); (3) right of publicity under NRS 597.810; (4) common law right of publicity; (5) common law right of intrusion upon seclusion; and (6) civil conspiracy. On January 11, 2013, the district judge entered an Order (Dkt. #41) granting Plaintiffs' Motion for Preliminary Injunction (Dkt. #2) and temporarily enjoined Defendants from registering, operating, or maintaining any website or

domain name with Plaintiffs' names or confusingly similar variation of their names.  *See* Order (Dkt. #41) at 12:2-16.  Additionally, six of the domain names at issue, which are subject to a decision by the World Intellectual Property Organization, were released to Marc Randazza's full control by the registrar.  *See* Order (Dkt. #41) at 12:17-22.  The twenty-six remaining domain names at issue were ordered locked by the respective registrar and transferred to Plaintiffs.  *See* Order (Dkt. #41) at 12:22-13:11.

On June 13, 2013, the court entered a Scheduling Order (Dkt. #140) establishing the various case management deadlines for this case.  The only deadline remaining is for the parties to file a joint pretrial order within thirty days after decision on Plaintiffs' Motion for Summary Judgment (Dkt. #75).

On February 14, 2014, the district judge entered an Order (Dkt. #162) granting in part and denying in part Cox's Motion for Reconsideration (Dkt. #116).  The Order provided that Cox was "permitted to file a proper counterclaim against Plaintiff Marc Randazza" no later than February 28, 2014.  Order (Dkt. #162) at 3:3-4.  Cox filed a Counterclaim (Dkt. #164) on February 24, 2014.

## DISCUSSION

Plaintiffs request an Order allowing them an extension of time to respond to the Counterclaim until twenty-one days after the court has decided Plaintiffs' Motion for Default against Eliot Bernstein (Dkt. #65), Plaintiffs' Motion for Summary Judgment (Dkt. #75), Plaintiffs' Motion for Default against Cox (Dkt. #157), and Plaintiffs' Emergency Motion for Reconsideration (Dkt. #163).  Plaintiffs assert a decision on these matters will likely moot the need for them to respond to the Counterclaim.  Additionally, Plaintiffs request the court hold a case management conference in order to streamline the administration of this case and clarify its procedural posture.

The cases cited by Plaintiffs do not support their request for an extension of time to respond to the Counterclaim.  In *Talbot,* the court allowed defendant an extension of time pursuant to Rule 12(a)(4)(A) of the Federal Rules of Civil Procedure to answer the complaint until after the motion to dismiss had been ruled upon.  *Clark* and *Roberts* are both cases brought by plaintiffs proceeding in forma pauperis, and 28 U.S.C. §§ 1915 and 1915A provide that a defendant need not answer until the court screens the complaint.  In an order entered February 27, 2014 (Dkt #166) the district judge denied Plaintiffs emergency motion for reconsideration.  Plaintiffs have not established good cause to further

delay these proceedings, especially in a case that has been pending for nearly a year and a half and in which the deadlines established by the court's Scheduling Order have nearly all expired.  The court will, however, grant Plaintiffs request to schedule a case management conference.

**IT IS ORDERED** that Plaintiffs' Motion (Dkt. #165) is GRANTED IN PART and DENIED IN PART as follows:

1.  Plaintiffs' request for an extension of time to respond to Cox's Counterclaim (Dkt. #164) is DENIED.  Plaintiffs shall respond to the Counterclaim in the time provided by the Federal Rules of Civil Procedure.

2.  Plaintiffs' request for a case management conference is GRANTED.  A case management conference is scheduled for **April 1, 2014, at 9:00 a.m., in Courtroom 3B.** The parties may appear telephonically, and any party wishing to do so must make advance arrangements by calling Jeff Miller, Courtroom Deputy, at (702) 464-5420, no later than **March 28, 2014, at 4:00 p.m.**, to provide his or her contact information.

Dated this 28th day of February, 2014.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE