UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MARC J. RANDAZZA, an individual, JENNIFER RANDAZZA, an individual, and NATALIA RANDAZZA, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>CRYSTAL COX, an individual, et al.<br><br>Defendants. | Case No.: 2:12-cv-2040-JAD-PAL<br><br>**Second Order to Show Cause** |

    This case arises out of alleged cybersquatting by Defendant Crystal Cox, a self-proclaimed "investigative blogger." On February 14, 2014, after a lengthy period of non-response by Cox and prompted by Plaintiffs' requests for various relief,[1] the Court ordered Cox "to show cause in writing no later than February 28, 2014 (1) why she should not be held in contempt for violating the Temporary Restraining Order and Preliminary Injunction[2], (2) why the Court should not strike Cox's Answer, (3) why the Court should not deem that Cox has abandoned her defense of this case by failing to respond to Plaintiffs' motions and failing to keep a valid address on file, and (4) why the Court should not enter default against her."[3] The same day, the Court granted in part Cox's

---

[1] Doc. 101, 114, 151.

[2] Docs. 14, 41.

[3] Doc. 161.

reconsideration motion and allowed her to file a counterclaim against Plaintiff Marc Randazza.[4] Although Cox filed her "Counter Complaint," she has not responded to the Order to Show Cause.[5] Having reviewed the Order to Show Cause liberally, considering that Cox is proceeding *pro se* and is legally untrained, the Court perceives that Cox may have misunderstood that her filing of the new "Counter Complaint" did not simultaneously satisfy her obligation to respond by separate document to the order to show cause. In the interest of justice, the Court issues this SECOND ORDER TO SHOW CAUSE with additional, specific instructions, to eliminate any lack of clarity in Cox's obligations.

**Discussion**

Through the tortured procedural history of this case, Cox has appeared and submitted countless rogue filings and impertinent motions. The Court has already granted a Temporary Restraining Order and Preliminary Injunction in favor of the Plaintiffs and stricken Cox's Answer for including irrelevant allegations.[6] Although the Court specifically instructed Cox to amend her Answer to omit irrelevant arguments and allegations, Cox again filed an Answer that reiterated nearly identical allegations as the first stricken Answer. Cox has also failed to respond to Plaintiffs' most recent motions[7] and failed to keep a valid address on file with the Court.

Based on her abuse of the Federal Rules of Civil Procedure, Local Rules, and Special Orders, the Court revoked Cox's electronic filing privileges.[8] The only physical or mailing address the Court has for Cox, based on other cases before the Court and Cox's initial motion to file electronically, is a P.O. Box in Port Townsend, Washington, which Plaintiffs assert has been closed. Nevertheless,

---

[4] Doc. 162.

[5] Doc. 164.

[6] *See* Docs. 14, 41, 89.

[7] *See, e.g.*, Docs. 101, 151, 157)

[8] *See* Doc. 144.

Cox's newly filed "Counter Complaint" bears this P.O. Box address.[9]  Cox has a duty to keep the Court informed of her current address.

If a party disobeys a court order, a court may find the party in contempt regardless of the party's intent in disobeying the order.[10]  A party disobeys if it fails to take all reasonable steps within its power to insure compliance with the court's order.[11]  Judicial sanctions may include those to coerce compliance or compensate the complaining party for its losses.[12]  Rule 55 of the Federal Rules of Civil Procedure authorizes the entry of default judgment when "a party against whom a judgment for affirmative relief is sought has failed to plead or *otherwise defend* as provided by these rules . . . ."[13]

Cox has failed to file a timely response to this Court's order to show cause, but the Court recognizes that her newly filed "Counter Complaint" contains some additional material that Cox may have intended as an imprecise response to the order.[14]  The Court takes seriously its obligation to construe *pro se* filings liberally and, in the interest of fairness and justice, the Court gives Ms. Cox one last opportunity to file a proper and complete response to the Court's show-cause order. Accordingly, the Court will extend the deadline for Cox's show-cause response to 4 p.m. on March 14, 2014.  The Court offers these explicit instructions to Cox for complying with the order:

    1.    Cox must file with the Clerk of Court a document bearing the title "Response to Court's Orders to Show Cause" no later than 4 p.m. on March 14, 2014.

---

[9] *See* Doc. 164.

[10] *In re Crystal Palace Gambling Hall, Inc.*, 817 F.2d 1361, 1365 (9th Cir. 1987); *see also Reno Air Racing Ass'n., Inc. v. McCord*, 452 F.3d 1126, 1130 (9th Cir. 2006).

[11] *Shuffler v. Heritage Bank*, 720 F.2d 1141, 1146–47 (9th Cir. 1983).

[12] *See Whittaker Corp. v. Execuair Corp.*, 953 F.2d 510, 517 (9th Cir. 1992).

[13] Fed. R. Civ. P. 55(a)(emphasis added).

[14] Although the Counter Complaint appears to contain material impertinent to the claims it asserts, even construed liberally it does not contain any answer to the questions posed in the Order to Show Cause (Doc. 161).

2. In the body of that Response to Court's Orders to Show Cause, Cox must provide good cause (1) why she should not be held in contempt for violating the Temporary Restraining Order and Preliminary Injunction[15], (2) why the Court should not strike Cox's Answer for violating Judge Navarro's prior order, which instructed Cox to omit irrelevant arguments and allegations in her Amended Answer, by filing an Answer that reiterated nearly identical allegations as the first stricken Answer (3) why the Court should not deem that Cox has abandoned her defense of this case by failing to respond to Plaintiffs' motions and failing to keep a valid address on file, and thus enter default against her.

3. In answering each of these points, Cox should include any evidence supporting her reasons, as appropriate. Each answer should refer specifically to the correlating question.

4. Cox must not utilize this Response to Order to Show Cause to seek additional relief or argue any point not specifically and directly responsive to these three questions.

5. Cox's failure to comply with any of these instructions will result in her answer being stricken, default being entered against her, and potentially other sanctions.

**Conclusion**

Accordingly, and with good cause appearing,

It is HEREBY ORDERED that Defendant Cox is again directed to SHOW CAUSE IN WRITING, by filing a document in this action **no later than 4 p.m. on March 14, 2014**, demonstrating:

1. Why she should not be held in contempt for violating the Temporary Restraining Order and Preliminary Injunction;

2. Why the Court should not strike Cox's Answer for violating the Court's prior Order; and

---

[15] Docs. 14, 41.

      3.      Why the Court should not deem that Cox has abandoned her defense of this case and enter default against her because of her failure to respond to Plaintiffs' motions and failure to keep a valid address on file;

and fully complying with the instructions on page 4 above.

The Court strongly cautions Cox that **failure to timely, completely, or properly respond will result in case dispositive sanctions including striking Cox's Answer, entering default against her and taking other action consistent with this order**.

The Clerk of the Court is hereby directed to send a copy of this Order to Cox's physical address and both email addresses: Crystal@crystalcox.com and SavvyBroker@Yahoo.com.

DATED March 4, 2014.

_____
Jennifer A. Dorsey
United States District Judge