UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

MARC J. RANDAZZA, an individual,
JENNIFER RANDAZZA, an individual, and
NATALIA RANDAZZA, an individual,

Plaintiffs,

v.

CRYSTAL COX, an individual, et al.

Defendants.

Case No.: 2:12-cv-2040-JAD-PAL

**Order Denying
Motion for Default Judgment
against Eliot Bernstein
[Doc. 65]**

This cybersquatting case arises out of the alleged targeting of Plaintiffs Marc Randazza, his wife Jennifer, and their young daughter Natalia, by Defendants Crystal Cox, a self-proclaimed "investigative blogger," and her "co-conspirator," Eliot Bernstein.[1] The Randazzas allege that Cox and Bernstein have engaged in an online harassment campaign to extort them by registering dozens of internet domain names that incorporate the Randazzas' names and then demanding they agree to purchase Cox's "reputation management" services to remove this allegedly defamatory material from the internet and rehabilitate their cyber reputations. The Randazzas sue Cox and Bernstein for violation of the Anti-cybersquatting Consumer Protection Act, right of publicity, and intrusion upon their seclusion.

---

[1] Doc. 1.

Bernstein was personally served with this lawsuit on December 15, 2012,[2] but he never appeared, and the Clerk of Court entered default against him on January 9, 2013.[3] Plaintiffs now move this Court for a default judgment against Bernstein. Because the allegations that Plaintiffs have framed against Bernstein are inextricably intertwined with those against Cox, who currently remains an active participant in this litigation, it would be inappropriate to enter default against Bernstein at this time, and the Court denies the motion without prejudice to its reassertion after the claims against Cox have been resolved.

### Discussion

In *Frow v. de la Vega*,[4] the Supreme Court cautioned trial courts from entering default judgments against a non-appearing defendant while claims against a participating defendant remain unresolved. *Frow* remains "[t]he leading case on the subject of default judgments in actions involving multiple defendants."[5] Its guiding principle prohibits default judgment against a non-appearing defendant when it could result in an inconsistent judgment on the merits in favor of other defendants.[6] Although *Frow* itself bars only default judgments in cases of jointly liable parties, the Ninth Circuit extended its reach in *In re First T.D. & Inv., Inc.*, to any case in which the appearing and non-appearing defendants are "similarly situated."[7]

Entry of default judgment against Bernstein would run afoul of the *Frow* and *In re First T.D& Investment, Inc.* principles. Plaintiffs plead many of their claims against Bernstein and Cox jointly, and the relief prayed for is requested against both defendants

---

[2] Doc. 17.

[3] Doc. 39.

[4] *Frow v. de la Vega,* 82 U.S. 552, 553 (1872).

[5] *In re First T.D. & Investment, Inc.*, 253 F.3d 520, 532 (9th Cir. 2001).

[6] *Id*.

[7] *Id*.

without distinction.  Bernstein is characterized in certain allegations as Cox's "proxy,"[8] and Plaintiffs assert that "Bernstein is a knowing participant in Cox's efforts to prevent the plaintiff from testifying."[9] Planitiffs further allege that "Defendant Cox's and Bernstein's conduct has caused Mr. Randazza to lose control over the reputation and goodwill associated with his personal name," and that both of these defendants are collectively causing them irreparable harm.[10]  The *coup de grace* in this analysis, however, is Plaintiffs' seventh cause of action, in which they allege that "Bernstein and Cox have, on information and belief, conspired in order to commit all of the acts herein and thus, should both be jointly and severally liable for the results of their co-conspirator's wrongs."[11]

These allegations leave no doubt that the claims alleged against and relief sought from Bernstein and Cox are so closely intertwined that a default judgment against one of these defendants would be inconsistent with a judgment on the merits in favor of the other. The *Frow* rule thus precludes this Court from entering a default judgment against Bernstein while the claims against Cox remain unresolved.

## Conclusion

Accordingly, it is HEREBY ORDERED that Plaintiffs' Motion for Default Judgment (Doc. 65) is DENIED without prejudice.

March 5, 2014.

_____
Jennifer A. Dorsey
United States District Judge

---

[8] Doc. 1 at ¶¶ 22, 27.

[9] *Id*. at ¶ 34.

[10] *Id*. at ¶ 46.

[11] *Id*. at ¶ 104.