# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

MARC J. RANDAZZA, an individual,
JENNIFER RANDAZZA, an individual, and
NATALIA RANDAZZA, an individual,

Plaintiffs,

v.

CRYSTAL COX, an individual,

Defendant.

Case No.: 2:12-cv-2040-JAD-PAL

**Order Denying Plaintiff's Motion for Entry of Clerks' Default- Doc. 157**

This cybersquatting case arises out of the alleged targeting of Plaintiffs Marc Randazza, his wife Jennifer, and their young daughter Natalia, by Defendant Crystal Cox, a self-proclaimed "investigative blogger." The Randazzas allege that Cox and Bernstein have engaged in an online harassment campaign to extort them by registering dozens of internet domain names that incorporate the Randazzas' names and then demanding they agree to purchase Cox's "reputation management" services to remove this allegedly defamatory material from the internet and rehabilitate their cyber reputations.

Early in the litigation, Cox appeared and submitted countless rogue filings and motions. Based on her abuse of the Federal Rules of Civil Procedure, Local Rules, and Special Orders, the Court was forced to revoke her electronic filing privileges.[1] From that time and until only very recently, Cox failed to respond to Plaintiffs' more recent motions and failed to keep a valid address

---

[1] Doc. 144.

on file with the Court. Plaintiffs assert that their attempts to serve Cox with the motions have been thwarted because Cox refuses service by email and the P.O. Box where she previously received motions allegedly had been closed. Thus, Plaintiffs ask for a Clerks' Entry of Default under Federal Rule of Civil Procedure 55(a) based on a purported failure to defend.

## DISCUSSION

Plaintiffs argue that because Cox has failed to defend the case because, although she has previously appeared, her failure to provide a forwarding address with which to accept service constitutes a deliberate attempt to avoid participating in litigation.[2] Thus, Plaintiffs request the Court enter clerks' default against Cox. However, although Cox had failed to respond to several of Plaintiffs' motions, Cox has since appeared, shown cause as to why she had not responded, and has otherwise indicated a clear intent to continue to defend this suit.[3]

Generally, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."[4] However, this rule only "applies only to parties who have never appeared in the action."[5] Where a party has "appeared" before the Court, the party is generally considered to have "otherwise defend[ed]" the suit.[6] Thus, where a party defended against an initial complaint, but later failed to timely file responses to subsequently filed motions, entry of clerk's default is inappropriate.[7]

---

[2] Doc. 157, Ex. 1.

[3] Doc. 169.

[4] Fed. R. Civ. P. 55(a).

[5] *Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 689 (9th Cir. 1988)(citing references omitted).

[6] *Id.*

[7] *See Sembach v. Club One*, No. 3:10–CV–00654–LRH–VPC, 2011 WL 6780881 at *1 (D. Nev. Dec. 27, 2011).

Plaintiffs ask for a Clerks' Entry of Default under Federal Rule of Civil Procedure 55(a) based on a purported failure to defend, but rely exclusively on authority discussing Judicial Entry of Default under Federal Rule of Civil Procedure 55(b)(2).[8]  Plaintiffs are not legally entitled to a Clerks' Entry of Default because Cox has previously appeared in this case and defended against Plaintiffs' original complaint.  Moreover, to the extent Plaintiffs seek Judicial Entry of Default under Federal Rule of Civil Procedure 55(b)(2), Plaintiffs have not met their burden.  Thus, the motion is denied.

## CONCLUSION

Accordingly, and with good cause appearing,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Entry of Clerks' Default, Doc. 157, is DENIED**.**

DATED March 7, 2014.

_____
Jennifer A. Dorsey
United States District Judge

---

[8] *Compare* Fed. R. Civ. P. 55(a) *and* Fed. R. Civ. P. 55(b)(1) *with* Fed. R. Civ. P. 55(b)(2).