Ronald D. Green, NV Bar #7360
Randazza Legal Group
3625 S. Town Center Drive, Suite 150
Las Vegas, NV 89135
702-420-2001
702-420-2003 fax
ecf@randazza.com

Attorney for Counterclaim Defendant
MARC J. RANDAZZA

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| MARC J. RANDAZZA, an individual, JENNIFER RANDAZZA, an individual, and NATALIA RANDAZZA, a minor,<br><br>Plaintiffs,<br><br>vs.<br><br>CRYSTAL COX, an individual, and ELIOT BERNSTEIN, an individual,<br><br>Defendants. | Case No. 2:12-cv-2040-JAD-PAL<br><br>**MOTION TO DISMISS COUNTERCLAIM UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)** |

**MOTION TO DISMISS COUNTERCLAIM
UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**

Plaintiff and counter-defendant Marc J. Randazza ("Randazza")[1] files this motion for to dismiss Cox's counterclaim pursuant to Federal Rules of Civil Procedure 12(b)(6), on the grounds set forth in the following memorandum of law.

---

[1] Counterclaim defendant Randazza Legal Group ("RLG") is not a party to the underlying lawsuit by Randazza, his wife, and his daughter against Cox; RLG is not properly joined in Cox's counterclaim and has not been properly served with Cox's claim, and as such expressly is not joined in this motion.

1

I.     **Introduction and Statement of Relevant Facts**

On February 14, 2014, the Court granted Crystal Cox's ("Cox['s]") motion for reconsideration and allowed Cox to file a counterclaim in this action. On February 25, 2014, Cox filed her counterclaim with the Court (ECF 164). This is Cox's **third** action against Marc Randazza pending before this Court. *See Cox v. Carr et al.*, Case No. 2:13-cv-00938-APG-GWF (D. Nev. 2013); *Cox v. Randazza et al.*, Case No. 2:13-cv-00297-MMD-VCF (D. Nev. 2013). However, while the other two cases are factually similar to this counterclaim, Cox has not made an effort to prosecute either of those cases. Cox's counterclaim should be dismissed with prejudice, and without leave to further re-file a counterclaim or any other claim.

**A.   Cox's History of Extortionate Conduct – Including This Counterclaim.**

Cox's conduct at the heart of this litigation is extortion. Without Randazza's knowledge or permission, Cox purchased the domain name <marcrandazza.com>, and informed Randazza of this fact only after she did so – simultaneously telling him that she offered online reputation management services and needed to make money. The true meaning of Cox's statements was obvious to Randazza and this very Court (ECF 14 at 8, 9 (describing Cox's conduct as "a campaign of cyber-extortion"); ECF 41 at 7, 9 (finding that Cox's conduct "clearly seems to indicate cyber-extortion," that Cox "engaged in a patter of cybersquatting and cyber-extortion," and that an injunction would restore the parties to their original state, "before [Cox's] extortion and witness intimidation began")). Randazza refused to pay Cox. In response, she registered nearly three dozen domain names containing Randazza's personal and/or business names in an effort to hijack Plaintiffs' online reputation (*see* ECF 41 at 12-13). Cox filled the websites found at these domain names with virtually identical postings of false and harmful statements, and then obsessively linked them to one another in order to ensure their prominence in the results for any Internet search engine. This practice is known as "Google bombing."

This Court is not the first to analyze Cox's conduct and find it extortionate. In a prior case with similar underlying facts, the United States District Court for the District of Oregon made the following observation:

[T]he uncontroverted evidence at trial was that after receiving a demand to stop

posting what plaintiffs believed to be false and defamatory material on several websites, including allegations that Padrick had committed tax fraud, defendant offered "PR," "search engine management," and online reputation repair services to Obsidian Finance, for a price of $2,500 per month. **The suggestion was that [Cox] offered to repair the very damage she caused for a small but tasteful monthly fee.**

*Obsidian Fin. Grp. LLC v. Cox*, Case No. 3:11-cv-00057, 2012 U.S. Dist. LEXIS 43125 at *20 (D. Ore. Mar. 27, 2012) (emphasis added). Similarly, in a contested arbitration proceeding before the World Intellectual Property Organization, where Cox had the opportunity to present evidence and make arguments on her own, the arbitrator reached the same conclusions about her conduct:

[Cox's] actions in registering and using the disputed domain names may appear, at a first glance, to simply be a vehicle through which she provides advertising through pay-per-click sites, **but on slightly closer examination are actually components of an artifice intended to extort funds from the Complainant** and thus a pretext for a rather egregious variant of cybersquatting.

**[Cox's] objective in both registering and using the disputed names was apparently to engage in a rather sinister and tenacious scheme to extort money from [Randazza]**. Specifically, [Cox] first posted negative and false commentary on her websites that was intentionally calculated to injure the Complainant's on-line reputation and disrupt the Complainant's business conducted through his law firm. Thereafter, [Cox] used those sites in a manner that apparently optimized their ranking on the Google search engine in order to increase their visibility and prominence on search results yielded through a Google search of the Complainant, thus likely exacerbating the injury caused to the Complainant. Once all this occurred, [Cox] then offered her reputational management services to the Complainant through which, for a considerable fee, she would remediate the Complainant's on-line reputation by eliminating all the negative and false commentary of her own making and presumably also ceasing her use of the disputed domain names. **Basically, for a price, [Cox] would undo the injury to the Complainant for which she was responsible for having created in the first place**.

*Marc J. Randazza v. Reverend Crystal Cox et al.*, D2012-1525 (WIPO Nov. 30, 2012) (emphasis added), filed with the Court as ECF 6-1, at 9-10.

Cox's conduct is not merely extortionate, as it is likely criminal in other respects.[2] Cox boasted to the world that she registered <JenniferRandazza.com> and <NataliaRandazza.com> for

---

[2] The Court has already found that Cox engaged in "witness intimidation" through the registration of the domain names at issue in this litigation (ECF 41 at 9:7-10).

the sole purpose of preventing Marc Randazza from providing deposition testimony in *Obsidian Finance Group LLC v. Cox*, Case No. 3:10-cv-57-HZ (D. Ore. 2010). (ECF 12-4, ECF 13) This conduct fits the definition of witness intimidation under 18 U.S.C. § 1512(d)(1), a felony.[3] Incredibly, Cox still has her admission of criminal conduct publicly available on YouTube. Crystal Cox, *Marc Randazza Kashmir Hill Forbes Attacks Blogger Crystal Cox. Crystal Cox Extortion Allegations.*, YouTube at 10:20-12:30 (Apr. 3, 2012), http://www.youtube.com/watch?v=8-XYnITpBNs (*last accessed* Feb. 24, 2014).[4] "It worked," Cox bragged, speaking of her registration of Jennifer and Natalia Randazza's names as domain names in order to harass Marc Randazza into refraining from providing testimony in the *Obsidian Finance* case (*id*.).

The latest iteration of Cox's extortion scheme appears to be litigation. As explained below, Cox has used this Court and nine other United States District Courts nationwide to lash out at dozens of individuals, hoping for the United States Marshals to serve them so they would be pulled into her litigation trap – unless they paid a suitable settlement. (ECFs 129, 131 (detailing and discussing Cox's ten functionally identical actions filed in United States District Courts within the states of California, Arizona, New York, Wisconsin, Illinois, Pennsylvania, Florida, Massachusetts, and New Jersey) The particulars of Cox's litigation before this Court and other United States District Courts are set forth below. Overwhelmingly, her claims have been denied (ECF 147). However, Cox's filing complaint after identical complaint against the same group of entities and individuals demonstrates her tenacity and the lengths to which she will go to overwhelm her targets and pressure them into paying protection money to her.

### B. Cox's Previous *Three* Attempts to File a Proper Counterclaim in This Case.

Cox has had three prior bites at the apple to file a proper counterclaim in this case, and she has failed at every attempt. Her latest counterclaim is no different. On January 3, 2013, Cox filed her initial 56-page counterclaim, asserting causes of action for 1) criminal and civil conspiracy; 2)

---

[3] 18 U.S.C. § 1512(d)(1) imposes a prison sentence of up to three years upon "Whoever intentionally harasses another person and thereby hinders, delays, prevents, or dissuades any person from attending or testifying in an official proceeding, or attempts to do so."
[4] A true and correct copy of this video, if Cox attempts to remove it from YouTube, is on file with the Court and was manually filed with the Clerk's office. (ECF 12-4, ECF 13).

defamation; 3) harassment; 4) violation of various anti-competition laws; 5) violation of Cox's First Amendment rights; 6) violation of Cox's due process rights; 7) violation of "Hate Crime Act"; 8) abuse of process; 9) tortious interference; and 10) interference with Cox's prospective business advantage (ECF 24). Plaintiffs moved to strike and/or dismiss that counterclaim on January 17, 2013 (ECF 48). Cox responded by amending her counterclaim under Rule 15. On January 27, 2013, Cox filed a 166-page amended counterclaim alleging the same causes of action (ECF 62). Plaintiffs moved to strike this amended counterclaim on January 29, 2013 (ECF 63).

The Court ruled on Plaintiffs' motion to strike Cox's amended counterclaim on February 22, 2013 (ECF 89). Analyzing Cox's amended counterclaim, the Court found that many of Cox's causes of action were based on statutes that do not provide a private right of action, such as 18 U.S.C. § 1512, 31 U.S.C. § 3729, and others (*id*. at 4). Even affording Cox the benefit of the doubt accorded to *pro se* litigants, the Court found that Cox's sprawling amended counterclaim did not constitute a "short and plain statement of the claim showing that the pleader is entitled to relief" required by Rule 8, and was "replete with irrelevant material, inappropriate commentary, baseless speculation, and derogatory statements none of which relate to Plaintiff's Complaint" (*id*. at 3). In striking Cox's amended counterclaim, the Court ruled that Cox "may re-file [her] allegations **only** as a separate Complaint in another case." (*id*. at 4) (emphasis added).

Nevertheless, Cox once again filed a counterclaim in this action, accompanied by an application to proceed *in forma pauperis* (ECF 91). Like her amended counterclaim, this new complaint (accompanied by a civil cover sheet, RICO statement, ECF training certificate, and *in forma pauperis* application) was 186 pages long (*id*.) Cox's complaint asserted claims for, *inter alia*, 1) civil and criminal conspiracy; 2) defamation; 3) harassment; 4) violation of Cox's First Amendment rights; 5) violation of due process; 6) abuse of process; 7) "All Laws applying to Tortious Interference"; 8) interference with prospective business advantage; and 9) malpractice.[5] Because Cox filed this complaint after the Court had stricken her amended counterclaim, the Court ordered the Court's Clerk to open a new civil action based on that complaint (ECF 94).

---

[5] Cox's new complaint included 19 causes of action in all (ECF 91 at 5-7).

5
*Motion to Dismiss Counterclaim*

Following the Court's February 26, 2013 order, Cox's misconduct[6] was so egregious that it compelled the Court to revoke her electronic filing privileges (ECF 144). Cox then refused to participate in discovery (ECF 157). Plaintiffs moved for default against her on that basis (*id*.), and the Court issued an order to show cause with respect to her ongoing conduct in violation of the Court's temporary restraining order (ECF 14) and preliminary injunction (ECF 41) while otherwise ignoring this litigation (ECF 161), with the exception of filing new counterclaims and a motion for the Court to appoint her counsel (ECFs 164, 171). In short, Cox responds to the litigation when it suits her, and claims ignorance when the litigation's progress is not to her liking.

### C. Cox's Duplicative Cases Before This Court and Nationwide.

Following the Court's February 26, 2013 order directing the Clerk to treat Cox's third attempt to file a claim against Randazza in this case as a separate action, the Court created the case *Cox v. Randazza et al*., Case No. 2:13-cv-00297-MMD-VCF (D. Nev. Feb. 26 2013). The complaint in that action is identical to the 186-page complaint Cox attempted to file in this case, and includes all of the above-referenced causes of action (ECF 91). A number of the claims Cox asserts in her instant counterclaim (ECF 164) were dismissed *sua sponte with prejudice* in the separate action previously created by the Court (ECF 94). *Randazza*, Case No. 2:13-cv-00297-MMD-VCF (Docs. # 21, 25) (Report and Recommendation and Order adopting R&R) (D. Nev. 2013). On November 27, 2013, Cox filed an amended complaint that is still pending in that action, and contains causes of action duplicative of her counterclaim filed in this case (*Compare* Randazza, Case No. 2:13-cv-00297-MMD-VCF (Doc. # 26) (D. Nev. Nov. 27, 2013) *and* ECF 164).[7]

In May of 2013, after commencing separate case against Randazza in this District at the Court's order (ECF 94), Cox began a nationwide campaign against Randazza, Randazza Legal Group ("RLG"), and dozens of others. Randazza's co-defendants included other attorneys and law

---

[6] For example, Cox's **four** motions to recuse and/or disqualify Hon. Gloria Navarro (ECFs 20, 44, 81, and 97; *see* ECF 86 (discussing Cox's repeated motions for recusal)).

[7] Cox's November 27, 2013 filing of an amended complaint in Cox v. Randazza demonstrates that she was fully aware of her pending litigation in this district, and even pursuing the case this Court created for her in February 2013, while ignoring and evading Plaintiffs' discovery requests in this case (*see* ECF 157).

firms including Greenberg Traurig and Proskauer Rose, news outlets such as National Public Radio, Forbes, and The New York Times, global corporations such as Apple, Incorporated, Intel Corporation, GoDaddy.com Incorporated, and other institutions including the University of Montana and the World Intellectual Property Organization ("WIPO").  Cox filed lawsuits against Randazza and various configurations of dozens of these recurring co-defendants in nine United States District Courts.  Specifically, Cox filed her suit with the United States District Courts for the Northern District of California (*Cox v. Hill et al.*, Case No. 4:13-cv-02046 (N.D. Cal. May 2, 2013)); District of Arizona (*Cox v. Parsons et al.*, Case No. 2:13-cv-00962-MEA (D. Ariz. May 8, 2013)); Eastern District of Wisconsin (*Cox v. Coenen et al.*, Case No. 2:13-cv-0534 (E.D. Wis. May 13, 2013)); Southern District of New York (*Cox v. Carr et al.*, Case No. 1:13-cv-03257-UA (S.D.N.Y. May 14, 2013)); Northern District of Illinois (*Cox v. Coenen et al.*, Case No. 1:13-cv-03633 (N.D. Ill. May 14, 2013)); District of New Jersey (*Cox v. WIPO et al.*, Case No. 3:13-cv-03136-AET-DEA (D.N.J. May 9, 2013)); District of Massachusetts (*Cox v. Rushie et al.*, Case No. 1:13-cv-11308-PBS (D. Mass. May 30, 2013)); Southern District of Florida (*Cox v. Randazza Legal Group et al.*, Case No. 1:13-cv-21924 (S.D. Fla. May 30, 2013)); and Eastern District of Pennsylvania (*Cox v. Rushie et al.*, Case No. 2:13-cv-03028-JHS (E.D. Pa. May 30, 2013)); and (ECFs 129, 131).[8]  At one point, Cox simultaneously had ten lawsuits pending against Randazza in ten separate states.

Nationwide, numerous United States District Courts where Cox filed her actions against Randazza dismissed her actions *sua sponte*.  The Southern District of New York, however, elected to transfer the case to this District. *Cox v. Carr et al.*, Case No. 2:13-cv-00938-APG-GWF (Doc. # 5) (D. Nev. May 17, 2013).  Cox moved to have the case transferred back to the Southern District of New York, but this Court retained jurisdiction over it. *Id*. at Doc. # 8.  Cox's complaint in that action is currently pending before this Court.  Like the action originally filed here (the '297 case), Cox's complaint transferred here from the Southern District of New York asserts claims for, inter

---

[8] Cox also avers to have sued Randazza in Geneva, Switzerland (ECF 128 at 8), but Randazza lacks any knowledge of that litigation.

alia, 1) defamation, 2) civil rights violations, 3) civil conspiracy, 4) legal malpractice / professional negligence, and 5) tortious interference with business. *Id*. at Doc. # 2.

### D.  The Current Situs of Cox's Nevada Actions Against Randazza.

As a direct offshoot of this action, and based on this Court's order (ECF 94), Cox has a separate action pending against Randazza before this Court, which she filed in February 26, 2013. *Cox v. Randazza et al*., Case No. 2:13-cv-00297-MMD-VCF (D. Nev. Feb. 26 2013).  Cox's amended complaint is still pending in that case.  As the Southern District of New York transferred Cox's substantially identical complaint against Randazza and others to this District in May of 2013, that action is also pending before this Court. *Cox v. Carr et al*., Case No. 2:13-cv-00938-APG-GWF (D. Nev. May 14, 2013).  Now, nearly a year after Cox filed her first separate action against Randazza within this District at the Court's direction, she has filed a Counterclaim in this case (ECF 164).

Nearly identical to her other actions against Randazza, Cox's present counterclaim asserts causes of action for 1) defamation; 2) harassment; 3) abuse of process; 4) malpractice; 5) tortious interference / interference with business advantage; 6) civil conspiracy; and 7) "violation of First Amendment rights" (ECF 164 at 1).  This Court dismissed a number Cox's claims *with prejudice* in *Cox v. Randazza et al*., and yet they are re-asserted in Cox's latest counterclaim. Case No. 2:13-cv-00297-MMD-GLF (Docs. # 21, 25) (dismissing Cox's claims, including those for civil and criminal conspiracy, harassment, and violation of First Amendment rights, *with prejudice*). Because of the legal insufficiency of Cox's claims, and the jurisdictional quagmire she has created by filing nearly a dozen identical previous actions against Randazza – including two that are pending before this very Court – Randazza moves to dismiss her claims.

### II.    Legal Standard

Under Rule 12(b)(6), defendants may move to have any and all claims asserted against them dismissed for "failure to state a claim upon which relief can be granted." Rule 8(a)(2) requires that a pleading contain a  "short and plain statement of the claim showing that the pleader is entitled to relief."

To survive a Rule 12(b)(6) motion to dismiss, "the plaintiff must provide the grounds upon which [its] claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The plaintiff must allege enough facts to state a facially plausible claim to relief, or else the Court shall dismiss it. *Twombly*, 550 U.S. at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 677-679. Applying this standard, the Court accepts as true the Complaint's factual allegations, but does not credit "mere conclusory statements" or "threadbare recitals of the elements of a cause of action." *Id*.  While the complaint need not be exquisitely detailed, it requires more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. Statements within a complaint that merely provide "naked assertion[s]" lacking facts to support them do not meet this standard. *Id. quoting Twombly*, 550 U.S. at 557.

### III.   Argument

#### A.   Cox's Counterclaim Violates the Court's Order and Should be Dismissed.

The Court's allowance of Cox to file a counterclaim in this action was conditioned on Cox filing a "proper counterclaim." (ECF 162 at 2-3).  The Court twice emphasized that Cox's counterclaim must be "proper," must assert claims that can be granted by law, and cannot be brought against third parties including Ronald Green and Randazza Legal Group (*id*.). What Cox has filed with the Court, however, falls far short of the Court's standard (*id*.). As set forth below, Cox's counterclaim contains the same unrelated claims she's raised in nearly a dozen courts nationwide, impermissibly reaches beyond the scope of this action, and fails to state claims on which relief may be granted.  Cox's counterclaim may be dismissed simply for failing to comply with the Court's order, which conditioned Cox's allowance of a counterclaim on filing a proper one with the Court – something Cox declined to do.

#### B.   Cox's Counterclaims Fail As a Matter of Law.

Although the Court provides deference to *pro se* litigants, that deference is not without limits.  "District judges are not archaeologists," and cannot be expected to search for a cause of

action where none is present. *Northwestern Nat'l Ins. Co. v. Baltes*, 15 F.3d 660, 662 (7th Cir. 1994). Although proceeding *pro se*, Cox has significant litigation experience as demonstrated in this brief. The deference the Court accords her should therefore be limited based on her experience. *Johnson v. Eggersdorf*, 8 Fed. Appx. 140, 143 (2d Cir. 2001); *see Haywood v. St. Michael's College*, Case No. 2:12-cv-164, *2012 U.S. Dist. LEXIS 177468* at *18 n. 9 (D. Vt. Dec. 14, 2012) (reducing deference to *pro se* litigant possessing litigation experience); *Oliphant v. Conn. DOT*, Case No. 3:02-cv-00700(PCD), *2004 U.S. Dist. LEXIS 17222* at *8 (D. Conn. Aug. 21, 2004). Cox is an experienced *pro se* litigant who is skilled in using the legal system to her benefit – something she bragged about to the media. As Cox told the Seattle Weekly:

> **I certainly was fit to represent myself and I did a damn good job**. **I recommend that everyone go pro se** and lawyer up for the appeal, this way you get to introduce more elements into the case and others pick up the case and whatever you right [sic] in your motions to the court is then under "Absolute Privilege" as a matter of law and can't be considered defamation.
> […]
> **I wanted to be Pro Se and I Did It. I believe I did a better job then a lawyer** could have for this first step, and it took a year that would have cost over $60,000 with as many documents as the Plaintiff's Blathering Attorney kept filing. **I am proud of the Job I did**, and Stand in my Truth with Honor and Dignity.

Exhibit A, Curtis Cartier, *Comment of the Day: Why 'Non-Journalist' Crystal Cox Didn't Get a Lawyer*, Seattle Weekly (Dec. 7, 2011), attached as filed in *Obsidian Finance Group v Cox*, Case No. 3:11-cv-00057-HZ, Doc. # 115-1 (D. Ore. Jan. 30, 2012) (emphasis added).[9] Due to the limits to the Court's deference due Cox, her claims should be dismissed as set forth below.

### i. Cox's Counterclaims are Barred Under the Doctrine of *Res Judicata*, as This Court has Already Dismissed Them With Prejudice.

#### 1. "Violation of First Amendment Rights"

Cox's second and seventh counterclaims against Randazza, for harassment and "violation of First Amendment rights," respectively, are not claims Cox may assert against Randazza. Moreover, this Court has already dismissed Cox's civil rights claims against Randazza *with*

---

[9] As a public record filed in another United States District Court, this statement is judicially noticeable under FRE 201, and moreover admissible as a party statement under FRE 801(d)(2).

*prejudice* in one of Cox's pending actions. *Cox*, 2:13-cv-00297 Doc. # 21 at 8-9 (D. Nev. Sept. 16, 2013). As the Cox Court concluded, Cox had not alleged that Randazza acted "under color of state law," or that he "in some way represent[ed] the state, city, or county government." *Id*. at 9. As such this Court found that Cox could not maintain a cause of action for violation of her rights under 42 U.S.C. § 1983 and dismissed her claim against Randazza with prejudice. *Id*.

Even if this Court's prior ruling on the exact same cause of action between the exact same parties did not have preclusive effect, the reasoning in Cox applies here and shows Cox has not stated a claim against Randazza. Nowhere in Cox's counterclaim does she allege that Randazza (or RLG) acted under color of law, or in any way represented any government entity (*see* ECF 164). *Gibson v. U.S.*, 781 F.2d 1334, 1338 (9th Cir. 1986) (requiring defendants in proper action under § 1983 to be acting under color of state law); *see Long v. City of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006). Cox's failure to allege Randazza acted under state law – a claim she could not provde even if she alleged it – is fatal, and yet another reason for the Court to dismiss Cox's counterclaim.

### 2. Harassment

Cox's claim for Harassment must also fail, as it is based on claims that this Court dismissed with prejudice. Nevada law recognizes harassment as only a criminal offense, without a private right of action.[10] *Lewis v. Nev.*, Case No. 3:13-cv-00312-MMD-WGC, 2014 U.S. Dist. LEXIS 2045 at *22 (D. Nev. Jan. 7, 2014); *Wellesley v. Chief Fin. Officer*, Case No. 3:10-cv-00183-LRH-RAM, 2010 U.S. Dist. LEXIS 73388 at *3 n. 4 (D. Nev. July 20, 2010); *Azpilcueta v. Nev. ex rel. Transp. Auth.*, Case No. 3:09-cv-00593-LRH-VPC at *8 n. 3 (D. Nev. July 2, 2010). This Court previously cautioned Cox that she could not bring criminal allegations in a civil matter, and dismissed her claims based on Title 18 of the United States Code *with prejudice*, including her claims against Randazza arising under that title. *Cox*, 2:13-cv-00297 Doc. # 21 at 6:13-23 (D. Nev. Sept. 16, 2013). Cox once again relies on Title 18 to bring this claim despite this Court's explicit

---

[10] Randazza considers this somewhat unfortunate, as he would have benefited from a civil harassment claim against Cox – if it were available to him.

order to her that she is not allowed to do so (ECF 164 at 16). *Id*. The Court should strike Cox's counterclaim due to her refusal to follow the Court's orders and properly plead a counterclaim (ECF 162 at 2-3).

### ii. Cox Failed to Properly State Her Counterclaims.

#### 1. "Libel, Assault, Slander 320 Assault, Libel, and Slander"

From the title of Cox's claim, it is difficult to discern what claim she alleges. Based on the substance of the following paragraphs, though, it appears that Cox is alleging a cause of action for defamation. Under Nevada law, Cox must allege that Randazza, at least negligently, made a false and harmful statement, without privilege to do so, about her to a third party, which caused actual damages. *Pegasus v. Reno Newspapers, Inc.*, 118 Nev. 706, 57 P.2d 82, 87 (Nev. 2002).

Cox's counterclaim does not specify what any of these allegedly false and defamatory statements are. Without identifying what statements she claims are defamatory, the Court should dismiss this claim. *Blanck v. Hager*, 360 F. Supp. 2d 1137, 1159-60 (D. Nev. 2005). Although Cox does not identify these statements, Cox conclusorily states that they were false and defamatory (ECF 164 ¶¶ 8, 10, 16). Cox's legal conclusions pled as facts, without identifying the allegedly defamatory statements, do not satisfy Cox's burden to state a claim for defamation. *Id*.; *see Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) (requiring more than "the-defendant-unlawfully-harmed-me accusation" under Federal Rule of Civil Procedure 8).

When Cox finally does identifies a statement that she claims is defamatory – Randazza's statement that "Cox is an Extortionist" – she states that Randazza made this statement in a litigation filing (ECF ¶ 23, *see* ¶ 20). "Nevada affords the absolute privilege for communications associated with judicial proceedings broad scope and directs courts to apply that privilege liberally." *Crockett & Myers, ltd. v. Napier, Fitzgerald & Kirby, LLP*, 440 F. Supp. 2d 1184, 1196 (D. Nev. 2006), affirming dismissal and vacating in part on other grounds, 583 F.3d 1232 (9th Cir. 2009). This privilege extends to parties to litigation as well, and protects them for liability from allegedly defamatory statements "made during, or anticipation of, judicial proceedings." *Clark County Sch. Dist. v. Virtual Educ. Software, Inc.*, 125 Nev. 374, 213 P.3d 496, 499 (Nev. 2009). Cox is well

aware of the litigation privilege, as she previously boasted about using, if not abusing, it as a shield for her otherwise defamatory statements made in court filings. (Exhibit A)

While Randazza's litigation against Cox was pending, he filed an *amicus brief* with the United States Court of Appeals for the Ninth Circuit in response to Cox's motion for reconsideration in the *Obsidian Finance v. Cox* case. Cox's motion sought to have the Ninth Circuit issue a corrected opinion that removed its observation that "Cox apparently has a history of making similar allegations and seeking payoffs in exchange for retraction," which the appeals court supported by citing to The New York Times. *Obsidian*, 740 F.3d at 1284. Randazza's *amicus* brief sought to place judicially noticeable facts, including this Court's prior orders (ECF 14, 41), before the Ninth Circuit, informing them that judicially noticeable sources have found Cox's conduct extortionate. All of these sources are quoted at length and cited in Randazza's brief. A copy of this brief is attached to this motion as Exhibit B and judicially noticeable under Federal Rule of Evidence 201. Martin Cain's *amicus* brief, filed in the same appeal, is attached as Exhibit C and also judicially noticeable under Federal Rule of Evidence 201.

As Cox admits in her counterclaim, this document was filed while this litigation was pending, and was filed in a separate action where she was a party (ECF 164 ¶ 23). It thus receives two layers of protection under Nevada's litigation privilege. First, Randazza's statements were made about this litigation during the course of is pendency (Exhibit B at 5-6). Additionally, Randazza's statements were made in the course of appellate litigation between Cox and Obsidian Finance Group LLC (*see id*. at 1-3). Moreover, Randazza's statements were made in response to Cox's filing in that case (*id*.). Thus, the only allegedly defamatory statement Cox even identifies fits squarely into the litigation privilege allowed by Nevada law. Her defamation claim fails as a matter of law.

### 2. "All related Abuse of Process Laws / 28 U.S. Code § 268 0"

Cox's abuse of process claim sweepingly attempts to encompass this entire litigation within its reach. However, This Court has recognized that Nevada's broad litigation privilege bars Cox's claims as a matter of law. Nevada's absolute privilege for litigation is absolute and to be applied liberally. *Crockett*, 440 F. Supp. 2d at 1196-97. This privilege extends not just to counsel, but

parties as well. *Clark County*, 213 P.3d at 499.  This Court modeled its reasoning off of California law, which holds that the litigation privilege is a defense to claims of abuse of process. *Crockett*, 440 F. Supp. 2d at 1196.  In this case, Cox's abuse of process claim is based entirely on Randazza's activity within the litigation, including "fil[ing] court documents" and "us[ing] subpoenas."  In filing documents and serving discovery, Randazza's conduct was made in furtherance of his litigation, entitling it to protection under Nevada's litigation privilege.  In light of the broad privileges arising from the Court's prior analysis, the Court should dismiss Cox's claim as a matter of law for failing to overcome this privilege.  The requirements of Rule 8 also bar Cox's claim, which is based on an unspecified instance of Randazza making a filing, contacting a "private party," and using discovery in a case with more than 170 docket entries.  More specificity is needed to support Cox's claim so that it may be viable as a matter of law.

### 3. "Attorney / Legal Malpractice, Negligence / 38 U.S. Code § 7316 / 10 U.S. Code § 1054"

Under Nevada law, a claim for legal malpractice must satisfy five elements: 1) the existence of an attorney-client relationship; 2) the duty to use such skill, prudence, and diligence as other members of the profession commonly possess and exercise; 3) breach of that duty; 4) a proximate causal connection between the negligent conduct and the resulting injury; and 5) actual loss or damage resulting from the professional's negligence. *Day v. Zubel*, 112 Nev. 972, 976, 922 P.2d 536, 538 (Nev. 1996); *Morgano v. Smith*, 110 Nev. 1025, 1028 n.2, 879 P.2d 735, 737 n.2 (Nev. 1994); *Charleson v. Hardesty*, 108 Nev. 878, 883-84, 839 P.2d 1303, 1307 (Nev. 1992).  Cox has not alleged any of these elements.

First, Cox states in her counterclaim that she did not retain Randazza, and that he did not commit to representing her (ECF 164 ¶ 3).  While Cox was seeking other counsel, she acknowledges that Randazza "had no contract with Cox" and "had not committed to representation." (*Id*. ¶ 4)  Cox fully pleads that she had not formed an attorney-client relationship with Randazza – pleading herself out of this claim's first element. *Elie v. Ifrah PLLC*, Case No. 2:13-cv-888-JCM-VCF, *2014 U.S. Dist. LEXIS 17096* at *10 (D. Nev. Feb. 10, 2014) (requiring existence of attorney-client relationship to prevail on claim for legal malpractice); *Goldsmith v.*

*Sill*, Case No. 2:12-cv-0490-LDG-CWH, *2013 U.S. Dist. LEXIS 43354* at *16 (D. Nev. Mar. 26, 2013) (same). Rather than pleading the existence of an attorney-client relationship, Cox has pled that one **never** existed. Her claim fails on this basis alone.

The remainder of Cox's allegations do not support a claim for legal malpractice (ECF 164 ¶¶ 3-4, 61-66). Cox does not allege that Randazza owed her a duty to use skill, prudence, and diligence as would another member of the profession, or breached that duty. Instead, Cox's allegations make out only a strategy disagreement between the two – one that led Cox to never retain Randazza in the first place (*Id*. ¶¶ 3-4). Cox also fails to allege that this purported malpractice caused her damages, or that she suffered malpractice damages at all (*Id*. ¶¶ 3-4, 61-66). Once again, Cox pleads herself out of this claim:

> As seen in the media surrounding Cox's Ninth Ruling there is no case such as Obsidian v. Cox. This case is the first of it's kind in new media […] there was no precedent [before the Ninth Circuit's decision in *Obsidian v. Cox*] that gave equal rights to all bloggers as to those of traditional journalist or institutional press such as the New York Times and Forbes. This is a groundbreaking case.

(*Id*. ¶ 4) Cox retained Eugene Volokh and prevailed in her appeal. *Obsidian Fin. Grp. LLC v. Cox*, 740 F.3d 1284 (9th Cir. 2014).[11] Cox acknowledges this all in her Complaint (*Id*. ¶¶ 3-4), and undermines any claim she could make for legal malpractice against Randazza.

Cox's allegations specific to this claim do not paint a picture of malpractice. Instead, Cox uses this claim to write another screed about Randazza, rather than to set forth the elements of her putative cause of action. (*Id*. ¶¶ 61-66) None of Cox's allegations in this section of the counterclaim (*id*.) support a claim for legal malpractice. As such, this cause of action should be dismissed.

### 4. "Tortious Interference / Interference with Business Advantage"

It is unclear exactly what claim Cox attempts to raise in her fifth cause of action. Titled "Tortious Interference / Interference with Business Advantage," (ECF 164 at 18) Cox attempts to sweep as much conduct as possible into its reach. However, her focus on "business advantage"

---

[11] The Court may take judicial notice of this decision under FRE 201.

indicates that Cox seeks to plead a claim for intentional interference with prospective business advantage, which is how Randazza shall address the claim.

Cox fails to allege the elements of tortious interference with prospective business advantage. Nevada law requires Cox to allege 1) a prospective contractual relationship between the plaintiff and a third party; 2) the defendant's knowledge of this prospective relationship; 3) the intent to harm the plaintiff by preventing this relationship; 4) the absence of privilege or justification by the defendant; and 5) actual harm to the plaintiff as a result. *Custom Teleconnect, Inc. v. Int'l Tele-Servs., Inc.*, 254 F. Supp. 2d 1173, 1180-81 (D. Nev. 2003); *Leavitt v. Leisure Sports Inc.*, 103 Nev. 81, 734 P.2d 1221, 1225 (Nev. 1987).

Cox's allegations fail in at least two respects. First, Cox fails to identify any specific specific prospective relationship between her and a third party (ECF 164 ¶ 68-69). Cox's failure to make this allegation dooms her tortious interference claim. *Williams v. Univ. Med. Ctr. of S. Nev.*, 688 F. Supp. 2d 1134, 1140 (D. Nev. 2010); *Leavitt*, 103 Nev. at 88. Her claim fails on this basis.

Moreover, Cox's claim fails for omitting any allegation that Randazza knew of her prospective economic relationships. A requirement of a claim for tortious interference with prospective business advantage is that the tortfeasor *know* of the relationship. *Williams*, 688 F. Supp. 2d at 1140; *Leavitt*, 103 Nev. at 88. In this case, Cox has made no such allegation (ECF 164 ¶¶ 68-69). Her tortious interference claim fails for this reason as well.

### 5. Civil Conspiracy

In order to set forth a civil conspiracy, Cox must allege "a combination of two or more persons who, by some concerted action, intend to accomplish some unlawful objective for the purpose of harming another which results in damage. *Montes v. Bank of Am. NA*, Case No. 2:13-cv-660-RCJ-VCF, *2013 U.S. Dist. LEXIS 156402* at *23 (D. Nev. Oct. 30, 2013) *quoting Collins v. Union Fed. Sav. & Loan Ass'n*, 99 Nev. 284, 662 P.2d 610, 622 (Nev. 1983). "One of the hallmarks of any conspiracy claim is an agreement between two or more people." *Lanin v. Wells Fargo Bank NA*, Case No. S-09-2461, *2010 U.S. Dist. LEXIS 14798* at *25 (E.D. Cal. Feb. 19, 2010) (dismissing civil conspiracy claim directed at only one defendant); *see Kopchuk v. Countrywide Fin. Corp.*, Case No. S-09-2681, *2010 U.S. Dist. LEXIS 23884* at *28-29 (E.D. Cal.

Mar. 15, 2010) (same).  Cox's civil conspiracy claim identifies only Ranadzza as its target (ECF 164 ¶ 71-73).  Cox conclusorily alleges that Randazza "conspired, confederated, and colluded to violate [her] rights," but offers no facts as to how the alleged conspiracy was effected, or what wrongs it allegedly caused (*id*.).  Cox admits that she "has not named co-conspirators in this counter complaint." (*id*. ¶ 73)  Having only named Randazza in her claim for civil conspiracy, Cox's claim fails to allege any agreement between two or more people party to this lawsuit, and thus failed to allege the claim entirely.

### C. Allowing Cox to File a Counterclaim Invites Additional Abusive Conduct.

At every step in this litigation, Cox has abused the judicial system.  Cox began the litigation by filing hundreds of pages of repetitive and abusive filings, accompanied by dozens of exhibits that lacked any identification, or explanation as to how they related to her filings.  Allowing her counterclaim to proceed at this late date despite its numerous deficiencies (and the Court's warning to Cox regarding their consequences) will invite more abusive conduct.  As set forth in this motion, Cox has flooded this Court with repetitive, duplicative complaints and filings, and will do more if allowed to proceed with her claim.  As cautioned in the Court's order (ECF 162 at 2-3), the improprieties in Cox's counterclaim should lead to its outright dismissal, precluding these problems from arising in this litigation.

### IV. Conclusion

Cox's counterclaim relies on causes of action that this Court has already dismissed against Randazza *with prejudice* and cautioned Cox she cannot raise.  Further, Cox's claims are inadequate as a matter of law.  Even with the liberal protections the Court affords *pro se* litigants, her claims fail to establish a theory of liability under which Randazza may be held liable.  As such, the Court should dismiss Cox's counterclaim in whole, as it has done in the past.  The Court should dismiss Cox's counterclaim in whole, with prejudice, and award sanctions against Cox for her continued abusive conduct.

//

//

//

Dated: March 12, 2014    Respectfully submitted,

/s/ Ronald D. Green
Ronald D. Green, NV Bar #7360
Randazza Legal Group
3625 S. Town Center Drive, Suite 150
Las Vegas, NV 89135
702-420-2001; 702-420-2003 fax
ecf@randazza.com

**CERTIFICATE OF SERVICE**

Pursuant to the Federal Rules of Civil Procedure 5(b), I hereby certify that the foregoing document was served to Defendant Crystal L. Cox via U.S. Mail at:

PO Box 2027
Port Townsend, WA 98368

4011 Hastings Avenue West
Port Townsend, WA 98368[12]

And additionally via e-mail to savvybroker@yahoo.com.

Dated: March 12, 2014                                Signed,

                                                     Law Clerk
                                                     ecf@randazza.com
                                                     Randazza Legal Group
                                                     3625 S. Town Center Drive, Suite 150
                                                     Las Vegas, NV 89118
                                                     (702) 420-2001
                                                     (702) 420-2003 fax

---

[12] Randazza received this updated address from a party identifying himself as Reverend Jonathan Collins, and wishes to ensure Defendant receives home delivery of the filings in this case, and accordingly Randazza's filings will be copied to this address as well.