Ronald D. Green, NV Bar #7360
Randazza Legal Group
3625 S. Town Center Drive, Suite 150
Las Vegas, NV 89135
702-420-2001
702-420-2003 fax
ecf@randazza.com

Attorney for Counterclaim Defendant
MARC J. RANDAZZA

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| MARC J. RANDAZZA, an individual, JENNIFER RANDAZZA, an individual, and NATALIA RANDAZZA, a minor,<br><br>Plaintiffs,<br><br>vs.<br><br>CRYSTAL COX, an individual, and ELIOT BERNSTEIN, an individual,<br><br>Defendants. | Case No. 2:12-cv-2040-JAD-PAL<br><br>**MARC J. RANDAZZA'S MOTION TO STRIKE UNDER RULE 12(f)** |

**MARC J. RANDAZZA'S MOTION TO STRIKE UNDER RULE 12(f)**

Counterdefendant Marc J. Randazza ("Randazza"), through his undersigned counsel, moves under Federal Rule of Civil Procedure 12(f) to strike Cox's counterclaim in its entirety, or in the alternative, at least paragraph 25 of Crystal Cox's ("Cox['s]") counterclaim (ECF 164) from the record in this case.

**I.    Introduction and Statement of Relevant Facts**

On February 25, Cox filed a counterclaim against Randazza and third party Randazza Legal Group ("RLG") – which has not appeared as a party to this litigation and, pursuant to the Court's Orders (ECF 89, 162), is improperly named as a counterclaim defendant. The Court informed Cox of this in its February 22, 2013 order (ECF 89). The Court also informed Cox in its February 14,

2014 order that her Counterclaim must be proper in all respects or be stricken (ECF 162 at 2-3). The Court specifically informed Cox that RLG is not a plaintiff, thus "no counterclaim is permitted against [it] and the motion to reconsider Judge Navarro's decision […] is hereby denied." (*Id*. at 2 n. 1). The Court went a step further and specifically told Cox that she "**shall be permitted to file a proper counterclaim against Plaintiff Marc Randazza**," and did not authorize her to file a claim against any other party. (*Id*. at 3) (emphasis in original) Regardless, Cox refused to abide the Court's orders. The Court has already recognized that the Counterclaim was the same impertinent allegations that the Court explicitly told Cox to abandon (ECF 168 at 3; *see* ECF 162 at 2).

## II.     Legal Standard

A court will grant a motion to strike pursuant to Federal Rule of Civil Procedure 12(f) if the contested pleading contains an "insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Rule 12(f) defines a matter that is "immaterial" as "that which has no essential or important relationship to the claim for relief or the defenses being pleaded." *Germain Music v. Universal Songs of Polygram*, 275 F. Supp. 2d 1288, 1300 (D. Nev. 2003), *quoting Fantasy, Inc. v. Fogerty,* 984 F.2d 1524, 1527 (9th Cir. 1993) *rev'd on other grounds*, 510 U.S. 517 (1994). Impertinent matter has been defined to "consist[] of statements that do not pertain, and are not necessary to the issues in question." *Id.*, *citing Fantasy, Inc.*, 984 F.2d at 1527. When an asserted defense would not "constitute a valid defense to the action" under the facts alleged, it "can and should" be stricken. *Nev. Fair Housing Ctr., Inc. v. Clark County*, 565 F. Supp. 2d 1178, 1187 (D. Nev. 2008). "Superfluous historical allegations are a proper subject of a motion to strike." *Fantasy,* 984 F.2d 1524, 1527.

## III.    Argument

### A. Cox's Entire Counterclaim Is Improper and Should Be Stricken In Its Entirety Per the Court's Prior Order.

Once again, Cox has improperly attempted to pull third parties into this litigation with her counterclaim. This Court advised Cox "her counterclaim must comply with all rules of this Court

or it may be dismissed," that RLG cannot be subject to a proper counterclaim, and that she may file a counterclaim **only** against Marc Randazza (ECF 162 at 2-3).  Going into specific detail about what a proper counterclaim required, the Court further advised:

> [T]he Court refers [Cox] to the discussion in Judge Navarro's previous order striking the "countercomplaint" and further cautions Defendant Cox that **the failure to cure *any* deficiencies and violations in that order [ECF 89] will be additional grounds for striking or dismissing the newly pled counterclaim**.

(*Id.*) (emphasis added)

Cox has doubled down on her violation of the Federal Rules of Civil Procedure and this Court's order by filing another round of irrelevant allegations against both Randazza and numerous third parties.  Lest the court be misled that Cox's pleadings are the result of inexperience, they are not.  Cox knows precisely what she is doing, and why she is doing it.  As Cox previously expressed, the purpose of her court filings is to say whatever harmful, false, and defamatory statements she wishes under the protection of the absolute privilege of litigation:

> I certainly was fit to represent myself and I did a damn good job.  I recommend that everyone go pro se and lawyer up for the appeal, this way you get to introduce more elements into the case and others pick up the case and **whatever you right [sic] in your motions to the court is then under "Absolute Privilege" as a matter of law and can't be considered defamation**.

Exhibit A, Curtis Cartier, *Comment of the Day: Why 'Non-Journalist' Crystal Cox Didn't Get a Lawyer*, Seattle Weekly (Dec. 7, 2011), attached as filed in *Obsidian Finance Group v Cox*, Case No. 3:11-cv-00057-HZ, Doc. # 115-1 (D. Ore. Jan. 30, 2012) (emphasis added).[1]

Cox is, among other things, what courts have referred to as a "resourceful slanderer." *See Bradley v. Hartford Acc.& Indem. Co.*, 106 Cal Rptr. 718, 30 Cal App. 3d 818 (Cal App 1 Dist., 1973).  In *Bradley*, the California Court of Appeals denied the litigation privilege to a plaintiff who brought a frivolous lawsuit for the purpose of relying upon the litigation privilege to then publish the pleading to the press.  *See also Asay v. Hallmark Cards, Inc.*, 594 F.2d 692, 698 (8th Cir. 1979)

---

[1] As a public record filed in another United States District Court, this statement is judicially noticeable under FRE 201, and moreover admissible as a party statement under FRE 801(d)(2).

("Otherwise, to cause great harm and mischief a person need only file false and defamatory statements as judicial pleadings and then proceed to republish the defamation at will under the cloak of immunity.").

Cox attempts to use the Court to advance her own improper ends, doing so with the mistaken belief that all documents filed in a Court proceeding are absolutely privileged and thus cannot be the basis of liability. Unfortunately, the result is that Cox believes she can misuse the Court's file as her own personal extortion tool.[2]

### B. Cox's Counterclaim Is Yet Another Improper Third Party Complaint and Should Be Stricken In Its Entirety Per the Court's Prior Order.

Despite this Court's order, Cox impermissibly named a third party (not a plaintiff to this action) as a counterdefendant in her action (ECF 164). The Court previously informed Cox that her inclusion of third parties, such as RLG, in her counterclaim was impermissible under Rule 14 (ECF 89 at 3). Cox's inclusion of RLG as a defendant in the counterclaim is impermissible as a matter of law, and thus any claims Cox asserts against it are immaterial, irrelevant, and redundant, and should be stricken even if the rest of the Counterclaim is allowed to stand. Fed. R. Civ. P. 12(f).

RLG is not a proper defendant in the Counterclaim (ECF 162 at 2 n. 1, 3). Rule 14(a) allows a defendant to act as a third-party plaintiff in asserting claims only against "a nonparty who is or may be liable for all or part of the claim against [the third-party plaintiff]." Fed. R. Civ. P. 14(a)(1) (*see* ECF 89 at 3). Nothing in Cox's counterclaim suggests RLG may be liable to her for any or all of Randazza's claims against her; instead, it seems to assert the same claims against RLG that are pending in two other cases in this District. *Cox v. Randazza et al.*, Case No. 2:13-cv-00297-MMD-VCF; *Cox v. Carr et al.*, Case No. 2:13-cv-00983-APG-GWF.

In the analogous case of *United States v. Rempel*, defendants Deitrich and Mary Rempel answered the United States' complaint with an answer and counterclaim against "individuals who were not named in the original or amended complaints, nor were they included in the Rempels'

---

[2] Plaintiffs respectfully request that the Court recognize the abuse of the system in which Cox is knowingly and clearly attempting to engage and that the Court reject it in no uncertain terms, as Cox does not appear to be willing to positively respond to anything less.

original answer." Case No. A00-0069-CV (HRH), *2001 U.S. Dist. LEXIS 8518* at *1-2 (D. Alaska Feb. 14, 2001).  As in this case, the Rempel defendants "characterized their claims against new parties as 'counterclaims,'" but the District of Alaska held that such a characterization "is simply wrong." *Id*. at *3.  The Court continued:

> A counterclaim is a claim asserted against an "opposing party" […] What the Rempels seek to assert is not a counterclaim, but a third-party claim.

*Id*.  The Court struck the Rempels' counterclaim against the third party defendants. *Id*. at *4.

Similar to *Rempel*, Cox's improper naming of RLG as a defendant, in defiance of this Court's orders, renders Cox's entire counterclaim improper.  The Court's order allowing Cox to file another counterclaim specifically drew Cox's attention to that order and its provisions, warning Cox that her failure to cure the defects Judge Navarro identified would result in her counterclaim being dismissed or stricken (ECF 162 at 2-3).  Cox defied the Court by once again adding RLG as a defendant in her counterclaim (ECF 164).

**C.  Cox's Pro Se Status is Overstated.**

Although Cox is a *pro se* litigant, there are limits to the deference a Court should afford an unrepresented party. *Oliphant v. Conn. DOT*, Case No. 3:02-cv-00700(PCD), *2004 U.S. Dist. LEXIS 17222* at *8 (D. Conn. Aug. 21, 2004), *citing Troni v. Di Milano*, Case No. 89 Civ. 3299, *1992 U.S. Dist. LEXIS 249* at *5 (S.D.N.Y. Jan. 14, 1992).  This is particularly the case here, where Cox has participated in (and filed) numerous prior lawsuits. *Johnson v. Eggersdorf*, 8 Fed. Appx. 140, 143 (2d Cir. 2001) (limiting deference to pro se litigant where he had previously filed numerous lawsuits and was therefore "quite familiar with the legal system"); *Haywood v. St. Michael's College*, Case No. 2:12-cv-164, *2012 U.S. Dist. LEXIS 177468* at *18 n. 9 (D. Vt. Dec. 14, 2012) (reducing deference to *pro se* litigant possessing litigation experience); *see Cox v. Carr et al*., Case No. 2:13-cv-00938-APG-GWF; *Cox v. Randazza et al*., Case No. 2:13-cv-00297-MMD-VCF; *Obsidian Finance Group LLC v. Cox*, Case No. 3:11-cv-00057-HZ, *2011 U.S. Dist. LEXIS 137548* (D. Ore. Nov. 30, 2011) (noting that Cox represented herself in litigation through trial in that case).  Consistent with its prior orders, the Court should strike Cox's counterclaim

based on her refusal to follow the rules of procedure and orders of this Court (ECF 89 at 3; ECF 162 at 2-3).

Cox knows the Court's rules. Cox also knows the law. After publicly proclaiming her skill as a *pro se* litigant (Exhibit A), she now takes the position that she is unknowledgeable and incapable of representing herself. To the contrary, Cox is anything but, and the Court has recognized her systematic abuse of the privileges afforded to her by revoking her electronic case filing privileges. (ECF 144; *see* ECF 161 at 3 and 168 at 2).

### D. Cox Will Not Be Prejudiced If the Court Strikes Her Counterclaim.

If the Court strikes Cox's counterclaim, it will cause her no possible prejudice. Cox has at least two identical actions pending in this District. *Cox v. Carr et al.*, Case No. 2:13-cv-00938-APG-GWF; *Cox v. Randazza et al.*, Case No. 2:13-cv-00297-MMD-VCF. Further, Cox filed essentially the same complaint in eight other courts, which dismissed the actions *sua sponte*.[3] (*See* ECFs 129, 131) The Court gave Cox one last chance to file a proper counterclaim (ECF 162). Having squandered that chance, she should not be permitted yet another.

If Cox truly believes her claims have merit, she is free to pursue them in the two actions pending in this District. As the Court noted in its February 27, 2014 order, Cox took no steps to serve Randazza or any other defendants in her Nevada action (ECF 166). This should demonstrate that Cox has no intent to bring and litigate viable claims. Instead, her intent is only to live up to her extortion threats, and make the Randazza family suffer for not paying her the demanded extortion.

Cox has filed ten lawsuits, and now this counterclaim, with unfounded assertions and impermissible causes of action (see Randazza's contemporaneously filed motion to dismiss and the Court's September 16, 2013 report and recommendation in *Cox v. Randazza*, Case No. 2:13-cv-00297-MMD-VCF (Doc. # 21), adopted Nov. 27, 2013 (Doc. # 25)). Cox files these actions for the sole purpose of publicizing the filings on dozens of websites, hiding behind the litigation privilege,

---

[3] For ease of reference, these dismissals have been collected online. Ken White, *Protecting The Free Speech of Censors: The Crystal Cox Saga*, Popehat (Jan. 19, 2014), http://www.popehat.com/2014/01/19/protecting-the-free-speech-of-censors-the-crystal-cox-saga/ (*last accessed* Feb. 28, 2014) (collecting orders dismissing Cox's lawsuits filed in California, Illinois, Wisconsin, New Jersey, Florida, Massachusetts, Arizona, and Pennsylvania).

and recursively citing to her own filings as "proof" that her victims have been accused of various wrongdoings, named in RICO lawsuits, and the like. She then uses the filings as events that she "reports on," and then continues to use them to violate the court's prior orders. (ECF 151-23 ("reporting on" RICO complaint Cox filed); 151-4 ("reporting on" documents Cox filed in this case)). This is an improper use of the judicial system.

If Cox believes these claims have merit, she has no obstacle preventing her from serving any of the defendants in those actions. If she has chosen to abandon these claims in the other pending actions, this court should feel no twinge of conscience at denying her a *fourth* opportunity to file a proper counterclaim.

In reality, Cox does not take her claims any more seriously than she has this litigation from day one (see ECF 157 (detailing Cox's failure to participate in litigation))[4] To Cox, litigation is not an opportunity to seek legal redress. Instead, Cox views this Court – and other United States District Courts throughout the country – as a vehicle to continue her harassment of Plaintiffs because Mr. Randazza did not succumb to her extortionate demands.

**IV.   Conclusion**

The Court should strike Cox's counterclaim as it violated the Court's specific order for her to file a proper counterclaim (ECF 162; see ECF 89 at 3). Cox's repetition of the same recycled and improper material as she has placed in ten other actions nationwide should make it clear that the United States Judiciary has given Cox ample opportunity to seek redress for any viable grievances. Further, her inclusion of RLG as a defendant in her counterclaim is unwarranted by the Federal Rules of Civil Procedure or existing law. This warrants the Court striking Cox's entire counterclaim, just as the Court cautioned Cox it would do, as its contents once again defy the Court's direct orders to Cox (*id*.). But, at the very least, Paragraph 25 should be stricken.

---

[4] This docket is also replete with Cox's lengthy, repetitive and meritless filings (*see, e.g.*, ECF 171, Cox's motion for the Court to appoint counsel, the Court has denied her prior, nearly identical motions to appoint counsel and to enjoin the attorney generals for the United States and State of Nevada (ECFs 102, 104, 113, 125, 139 (denying requests to enjoin the attorney generals of the United States, Nevada, and other states into this litigation), 142 (denying requests for the Court to appoint counsel)).

| | |
|---|---|
| Dated: March 12, 2014 | Respectfully submitted, |
| | /s/ *Ronald D. Green* |
| | Ronald D. Green, NV Bar #7360 |
| | Randazza Legal Group |
| | 3625 S. Town Center Drive, Suite 150 |
| | Las Vegas, NV 89135 |
| | 702-420-2001; 702-420-2003 fax |
| | ecf@randazza.com |

## CERTIFICATE OF SERVICE

Pursuant to the Federal Rules of Civil Procedure 5(b), I hereby certify that the foregoing document was served to Defendant Crystal L. Cox via U.S. Mail at:

PO Box 2027
Port Townsend, WA 98368

4011 Hastings Avenue West
Port Townsend, WA 98368[5]

And additionally via e-mail to savvybroker@yahoo.com.

Dated: March 12, 2014                    Signed,

                                         _____
                                         Law Clerk
                                         ecf@randazza.com
                                         Randazza Legal Group
                                         3625 S. Town Center Drive, Suite 150
                                         Las Vegas, NV 89118
                                         (702) 420-2001
                                         (702) 420-2003 fax

---

[5] Randazza received this updated address from a party identifying himself as Reverend Jonathan Collins, and wishes to ensure Defendant receives home delivery of the filings in this case, and accordingly Randazza's filings will be copied to this address as well.