Ronald D. Green, NV Bar #7360
Randazza Legal Group
3625 S. Town Center Drive, Suite 150
Las Vegas, NV 89135
702-420-2001
702-420-2003 fax
ecf@randazza.com

Attorney for Plaintiffs
MARC J. RANDAZZA, JENNIFER RANDAZZA, and NATALIA RANDAZZA

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| MARC J. RANDAZZA, an individual, JENNIFER RANDAZZA, an individual, and NATALIA RANDAZZA, a minor,<br><br>Plaintiffs,<br><br>vs.<br><br>CRYSTAL COX, an individual, and ELIOT BERNSTEIN, an individual,<br><br>Defendants. | Case No. 2:12-cv-2040-JAD-PAL<br><br>**REPLY TO CRYSTAL COX'S RESPONSE TO SECOND ORDER TO SHOW CAUSE (ECF 174)** |

**REPLY TO CRYSTAL COX'S RESPONSE TO
SECOND ORDER TO SHOW CAUSE (ECF 174)**

Plaintiffs Marc J. Randazza ("Randazza"), Jennifer Randazza, and Natalia Randazza (collectively, "Plaintiffs"), through their undersigned counsel, file this reply to Cox's response to the Court's second Order to Show Cause (ECFs 168, 174). As noted on Cox's certificate of service, she did not mail this document to Plaintiffs' counsel (ECF 174 at 18). Thus, Plaintiffs first received notice of this document when they received the Court's notice of electronic filing on March 11, 2014.

**I. Introduction**

Cox's response to the Court's Second Order to Show Cause fails to respond to the Court's order in any meaningful way, and expressly disregards the Court's instructions. On March 4, 2014,

1

upon seeing that Cox's response had not been filed by February 28, 2014 as previously ordered (ECF 161), the Court issued a second order to show cause to Cox. The Court observed that while Cox filed a counterclaim after issuing its first order to show cause, Cox failed to respond to the issued order (ECF 168 at 2).[1] Thus, the Court issued its second order to show cause "with additional, specific instructions, to eliminate any lack of clarity in Cox's obligations." (*Id*. at 2:7-8).[2]

The Court's order directed Cox to provide good cause as to the following three questions:

1. Why she should not be held in contempt for violating the Temporary Restraining Order and Preliminary Injunction;

2. Why the Court should not strike Cox's Answer for violating Judge Navarro's prior order, which instructed Cox to omit irrelevant arguments and allegations in her Amended Answer, by filing an Answer that reiterated nearly identical allegations as the first stricken Answer; and

3. Why the Court should not deem that Cox has abandoned her defense of this case by failing to respond to Plaintiffs' motions and failing to keep a valid address on file, and thus enter default against her.

(*Id*. at 4) To provide further clarification to Cox so that she could provide an appropriate response, the Court issued the following instructions:

- In answering each of these questions, Cox should include any evidence supporting her reasons, as appropriate. **Each answer should refer specifically to the correlating question**.

- Cox **must not utilize this Response to Order to Show Cause to seek additional relief or argue any point not specifically and directly responsive** to these three questions.

- Cox's failure to comply with **any** of these instructions **will** result in her answer being stricken, default being entered against her, and potentially other sanctions.

(*Id*.) (emphasis added).

---

[1] Cox mailed her Response to the Order to Show Cause on February 28, 2014, the date that her response was due (ECF 161 at 3), and her Response was late filed.
[2] As specified in the electronic filing entry accompanying the second order to show cause, the Court's Clerk mailed copies of this document to Cox's e-mail addresses, crystal@crystalcox.com and savvybroker@yahoo.com.

1  Cox did not answer any of the three questions in her response to the Court's second order to
2  show cause. Nor did Cox comply with the Court's specific and direct instructions for the permitted
3  contents of her response. As set forth below, and consistent with the Court's warning to Cox, her
4  failure to abide by the Court's instruction should result in her answer being stricken, default being
5  entered against her, and other sanctions as the Court deems fit. (*Id*.)

6  **II.   Argument**

7  Cox failed to comply with the Court's second order to show cause in every material way
8  while still filing a response. The Court specifically e-mailed these documents to Cox so that she
9  could review them without incurring PACER fees or needing to "go into town" (ECF 174 at 2; *see*
10  ECF 168 *docket text*). Cox nevertheless declined to abide by the Court's instructions.

11  **A.   Cox's Response to the Second Order to Show Cause Fails to Answer Any of the
12        Court's Questions or Follow Substantially Any of the Court's Instructions.**

13  The Court should not be charitable to Cox. The Court instructed Cox to answer three
14  specific questions about why she has violated the Temporary Restraining Order and Preliminary
15  Injunction in this case, why her Answer violated Judge Navarro's prior orders, and why she should
16  not be deemed to have abandoned her defense of this case (ECF 168 at 4). The Court provided Cox
17  specific instructions for answering these questions – outlining the potential consequences of her
18  failure to adhere to the Court's orders. The <u>only</u> instruction Cox followed was to file her response
19  before 4:00 pm March 14, 2014. (ECF 174)

20  Cox's response begins by asserting she did not read the second order to show cause, despite
21  having it e-mailed to her. (*Id*. at 2) She then goes on to attack Randazza and discuss the
22  importance of her litigation exposing him, and protecting "victims of the porn industry, organized
23  crime, human trafficking, sex slaves and the severe harassment and even death of porn industry
24  whistleblowers." (*Id*. at 2-3) Cox then makes more unsupported claims that her life and safety is in
25  danger, interspersed with discussion of her desire to found a church and references to her
26  previously denied motions seeking to enjoin the Attorney General in this case (ECFs 134, 135, 136,
27  139).
28

3
*Reply to Response*

1    Cox reiterates her argument that she did not maintain her PO Box for an unspecified period
2 of two months in 2013.³ (ECF 174 at 4)  However, as addressed in Plaintiffs' reply to Cox's
3 response to the Court's initial order to show cause and incorporated herein by reference (ECF 181
4 at 5 and 9), this does not appear to be the case.  By all appearances, Cox spent the month of
5 October vacationing in Hawaii, receiving at least $2,400 in Western Union transfers from a woman
6 known as "Sylvia White" (ECF 181-1, 181-7) and another $2,300 from Stephanie DeYoung.
7 (Exhibit A)  Further, this does not explain why Cox failed to respond to motions filed and served
8 upon her before the two months her PO Box was allegedly closed (e.g. ECF 151 at 15), and why
9 she failed to respond to Mr. Green's e-mails and phone calls to her regarding her failure to respond
10 to discovery requests and appear for a deposition (ECF 157-1 ¶¶ 6-8).  This is particularly
11 noteworthy because while Cox avoided all U.S. Mail, e-mail and phone calls from Plaintiffs'
12 counsel, she continued to obsessively write about Plaintiffs and their counsel on her websites (ECF
13 157-5) and made it clear that she was monitoring the docket online (ECF 157-1 ¶¶ 9-10).

14    The inadequate discussion of Cox's PO Box is as close as Cox comes to answering this
15 Court's questions.  As soon as completing that point, Cox "again moves this court to appoint her a
16 non-conflicted attorney." (ECF 174 at 4)  Cox discusses this point before arguing that this litigation
17 has violated her civil rights, and further discussing her reporting on a "whistleblower" case in New
18 York. (*Id*. at 4-6)  Cox claims that she is a "target" of the "wire [taps], surveillance, and
19 retaliations" based on her reporting of the New York whistleblower case. (*Id*. at 6)  Cox goes on to
20 discuss this case and why she believes this action is "legally related" to them. (*Id*. at 6-8)

21    The next nine pages of Cox's response to the Court's order to show cause consist of a
22 verbatim reproduction of an affirmation filed in a case pending in New York State. (*Id*. at 8-17)
23 Cox returns to pleading poverty – a contention that Plaintiffs have brought into question (ECF 181-
24 1 ¶¶ 10-13, ECF 181-7). (ECF 174 at 17)⁴  Finally, Cox claims that she cannot represent herself in

---

³ Cox previously identified these two months as October and November of 2013 (ECF 169).
⁴ It is worth noting that the information pertaining to Cox's finances is far from a full accounting of Cox's financial means.  These are merely documents that third parties voluntarily provided to Randazza.  A full investigation into Cox's false statements about her financial status is

(Continued...)

this matter and asks for the Court to appoint her counsel. (*Id*.) Cox makes this request despite her prior public statements that she was a "damn good" *pro se* litigant, "did a better job than a lawyer could have" in a prior federal trial, and recommended "everyone go pro se and lawyer up for the appeal." (ECF 179-1) The court should not be misled – Cox is a sophisticated vexatious litigant, with the bad faith intent of abusing the system.

> **B.     Cox's Willful Disregard of the Court's Orders Should Result in The Court Striking Cox's Answer, Entering Default Against her, and Imposing Further Sanctions As Cautioned.**

As set forth above, Cox has not answered any of the three questions posed by the Court. Cox does not discuss her conduct with respect to the Temporary Restraining Order or Preliminary Injunction in this case (ECF 14, 41).  Cox did not even mention her Answer in this case, which contained "irrelevant arguments and allegations" that "reiterated nearly identical allegations as the first stricken Answer." (ECF 168 at 4:3-6)  Finally, while Cox discusses that she closed her PO Box, (ECF 174 at 4) she offers no explanation why she did not provide a second address, such as one in Hawaii where she received $2,400 in funds in October of 2013. (ECF 181-7)  Cox also fails to explain why she did not inform the Court or Plaintiffs of her PO Box's closure (which the Plaintiffs doubt is true) nor does she explain why she could not update the Court with another address. Furthermore, when Plaintiffs have sent her certified mail, Cox has <u>refused</u> to accept the correspondence. (ECF 157-2). Even accepting Cox's dubious theory about the closure of her PO Box, Cox does not explain why she did not answer Plaintiffs' phone calls and e-mails regarding discovery (ECF 157-1 ¶¶ 6-8). Cox offers no explanation for why she failed to respond to pending motions or to participate in this litigation.

As Cox does not state any reasons for her conduct, she has not introduced evidence substantiating it.  Moreover, Cox's lack of responses to the Court's questions preclude her from having "each answer […] refer specifically to the correlating question." (ECF 168 at 4:11-12)

---

(...Continued)
unnecessary, but would doubtless yield further proof that she is not as impecunious as she claims to be.

Cox's entire response demonstrates that she has violated the Court's instruction that she "must not" use her response "to seek additional relief or argue any point not specifically and directly responsive to these three questions." (*Id*. at 4:13-14)  In contrast, Cox repeatedly and improperly asks for the Court to appoint her counsel, makes ad hominem attacks against Randazza and others, and writes at length about a case pending in New York that has no discernable connection to this matter. (*See generally* ECF 174)

This Court expressly warned Cox that her failure to comply with "any" of these instructions "will" result in her answer being stricken, default against her, and potentially other sanctions.  The Court further reiterated "**failure to timely, completely, or properly respond will result in case dispositive sanctions including striking Cox's Answer, entering default against her and taking other action consistent with this order**." (ECF 168 at 5:5-7) (emphasis in original).  Despite being served by the Court's Clerk with copies of the Court's second order to show cause, Cox refused to follow the Court's unambiguous instructions.  Consistent with the Court's warnings to Cox, the Court should strike her Answer, enter default against her, and entertain any further sanctions the Court may deem appropriate.

### III. Conclusion

This case began with Cox attempting to extort Plaintiffs and engaging in witness harassment (ECFs 1, 12-4, 13).  Cox has done everything she can to try and multiply these proceedings and evade this Court's lawful orders.  The Court has made it clear that it would give Cox as much leeway as possible, but at some point, Cox would be forced to come into line – or face terminating sanctions.  Despite a completely unambiguous pair of orders (ECF 161, 168), Cox continued to mock the Court.  "When the gauntlet is thrown down to the authority of the Court and its lawful orders, the Court [has] no choice but to pick it up." *American Airlines, Inc. v. Allied Pilots* Ass'n, 53 F. Supp. 2d 909, 939 (N.D. Tex. 1999).

Cox has failed to respond to the Court's order to show cause, or to purge her contemptuous conduct.  This Court provided Cox with specific instructions for responding to the order to show cause, and even provided Cox with a copy of the order via e-mail.  Despite these accommodations, Cox still refused to follow the Court's orders.  Consistent with the Court's second order to show

cause, the Court should at minimum strike Cox's answer and enter default against her. Plaintiffs suggest that the Court's sanctions be tailored to control Cox's conduct by effective means, including (if Cox makes it necessary) a writ of bodily attachment until her contemptuous conduct subsides, and appropriate orders directed at the online services Cox continues to use to perpetuate her extortion and contempt.

Dated: March 20, 2014

Respectfully submitted,

/s/ *Ronald D. Green*
Ronald D. Green, NV Bar #7360
Randazza Legal Group
3625 S. Town Center Drive, Suite 150
Las Vegas, NV 89135
702-420-2001; 702-420-2003 fax
ecf@randazza.com

# CERTIFICATE OF SERVICE

Pursuant to the Federal Rules of Civil Procedure 5(b), I hereby certify that the foregoing document was served to Defendant Crystal L. Cox via U.S. Mail at:

PO Box 2027
Port Townsend, WA 98368

4011 Hastings Avenue West
Port Townsend, WA 98368[5]

And additionally via e-mail to savvybroker@yahoo.com.

Dated: March 20, 2014

Signed,

_____
Law Clerk
ecf@randazza.com
Randazza Legal Group
3625 S. Town Center Drive, Suite 150
Las Vegas, NV 89118
(702) 420-2001
(702) 420-2003 fax

---

[5] Plaintiffs received this updated address from a party identifying himself as Reverend Jonathan Collins, and wishes to ensure Defendant receives home delivery of the filings in this case, and accordingly Plaintiffs' filings will be copied to this address as well.