Ronald D. Green, NV Bar #7360
Randazza Legal Group
3625 S. Town Center Drive, Suite 150
Las Vegas, NV 89135
702-420-2001
702-420-2003 fax
ecf@randazza.com

Attorney for Plaintiffs
MARC J. RANDAZZA, JENNIFER RANDAZZA, and NATALIA RANDAZZA

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| MARC J. RANDAZZA, an individual, JENNIFER RANDAZZA, an individual, and NATALIA RANDAZZA, a minor,<br><br>Plaintiffs,<br><br>vs.<br><br>CRYSTAL COX, an individual, and ELIOT BERNSTEIN, an individual,<br><br>Defendants. | Case No. 2:12-cv-2040-JAD-PAL<br><br>**OPPOSITION TO MOTION FOR SANCTIONS (ECF 184)** |

**OPPOSITION TO MOTION FOR SANCTIONS (ECF 184)**

Plaintiff Marc J. Randazza ("Randazza" or "Plaintiff") files this opposition to Defendant Crystal Cox's ("Cox['s]") motion for sanctions (ECF 184). As noted in Cox's certificate of service (*id*. at 17), Cox did not serve this document on Plaintiff, and Plaintiff's counsel received it for the first time on March 13, 2014, upon receiving the Court's notice of electronic filing.

**I. Introduction**

Cox's motion provides no basis for her request for sanctions, nor any reason for the Court to impose them. On March 12, 2014, Cox filed a motion seeking unspecified sanctions against Randazza; his undersigned counsel, Ronald Green; and another Randazza Legal Group attorney who has not appeared in this case, J. Malcolm DeVoy. Instead, Cox presents the Court with a

1

series of accusations that have nothing to do with this case, ranging from the claim that the dozens of people identified in her motion are out to "kill her" (ECF 184 at 11) to the allegation that Randazza is involved in the theft of technology worth $13 trillion. These allegations are not a basis for the Court to invoke its sanctioning power. As explained below, Cox's motion should be denied.

## II. Argument

While Cox makes many assertions in her motion, none of them are a proper basis for sanctions. In fact, it is not clear how, if at all, many of Cox's claims relate to the pending litigation. To the extent Cox's allegations do relate to this case, though, Plaintiff discusses them to demonstrate that they are nothing more than Cox's unbecoming accusations.

### A. Third Parties Threatened by Cox and Fearful of Her Have Freely Volunteered Information to Randazza.

Cox begins by alleging that Randazza has "threatened," "scared," and "bullied" people into giving him information. (ECF 184 at 1) To the contrary, these parties have sought out Randazza, fearful that Cox will do to them what they have done to him or to voluntarily provide information because Cox has threatened them with her well-documented extortion scheme (*see* ECF 179-2). On March 5, 2014, an individual who has been providing financial support to Cox known as "Sylvia White" told Randazza that she "will be more than happy to assist [him] in any way possible." (Exhibit A at 2) On March 6, 2014, upon learning that the United States Court of Appeals for the Ninth Circuit denied Cox's request that it the observation that she "apparently has a history of making similar allegations [of illegal activities] and seeking payoffs in exchange for retraction" from its opinion in *Obsidian Finance Group LLC v. Cox*, 740 F.3d 1284, 1287 (9th Cir 2014), Sylvia White commented "Let[']s hope more people in the media write about it so she is exposed on the Internet." (Exhibit B at 1-2) Sylvia went on to reference the extortionate conduct toward John Collins that Randazza previously discussed (ECF 181-1 ¶¶ 10-13), stating "I don't like what [Cox] is doing to Pastor John [Collins] and what she stands for," and that she "watched [Cox] repeatedly try to destroy [Collins] mentally." (Exhibit B at 2)

To the extent Cox claims Randazza is threatening and "bullying" third parties to obtain information, her contentions are meritless. Cox's allegations are baseless, while Randazza's acquisition of information from those who freely provide it is supported by evidence. Randazza's conduct cannot be considered sanctionable under any metric.

### B. Cox's Accusations About Counsel Also Do Not Merit Sanctions.

Cox makes a series of allegations regarding the need for counsel for Randazza, his firm, Randazza Legal Group, and herself (ECF 184 at 2-3). Each will be considered in turn. First, Randazza's communications with third parties – which Cox alleges are "conspir[ing]" – are typical non-privileged communications that any party may have (ECF 184 at 2). To that end, Cox's accusation that Randazza is "acting as his own attorney" is irrelevant.

Next, Cox alleges that Randazza Legal Group should retain outside counsel. (*Id*.) This assertion is also meritless. Randazza Legal Group has appeared only as counsel for Randazza, and is not a party to this litigation. There is no basis for requiring it to retain counsel.[1] Cox then seems to renew her argument that the Court should enjoin the United States Attorney General in this case. (*Id*. at 3) The Court has already disposed of these arguments as meritless, and it is Randazza's position that they warrant no further discussion. (ECF 139) If the Court deems them worthy of supplemental briefing, though, Plaintiffs will address them to the best of their ability.

### C. Cox and Randazza's Party-to-Party Communications Are Proper, and Privileged as Well.

The emails exchanged between Randazza and Cox are party-to-party communications intended to expedite settlement. (ECF 184 at 12) Accordingly, these communications are not admissible under Federal Rule of Evidence 408. Even if they were admissible, they are hardly the type of discussions warranting sanctions. In Cox's reproduction of the e-mail, Randazza expressly invites Cox to discuss settlement, and provides the facts underpinning his position (*id*.).[2] Randazza, being a plaintiff in this action, and Cox, being a *pro se* defendant, are both parties and free to communicate with one another. This kind of party-to-party communication, even if one of the parties is an attorney, does not violate the no-contact requirements of Nevada Rule of Professional Conduct 4.2 (prohibiting counsel for a represented party – not the party himself – from having direct contact with another party known to be represented by another lawyer).

---

[1] As explained in Randazza's motion to strike, Randazza Legal Group is not a plaintiff in this action and not properly a counterclaim defendant. As such, any discussion of its need for counsel is moot.
[2] The person identified by "(REDACT)" in Cox's e-mail is Sylvia White..

### D. Cox's Planned FBI Complaints Do Not Identify Any Harm to Cox.

Cox states that she plans to report Randazza and his attorney to the FBI based on subpoenas they sent out – and subsequently withdrew without obtaining any information – seeking information relevant to this litigation. (ECF 184 at 5-7)  Cox's own motion acknowledges that Randazza withdrew the subpoena to GoDaddy without receiving any information from it. (ECF 184 at 7)  Indeed, counsel immediately withdrew the subpoenas to GoDaddy and Verizon upon discovery of the error, and did not receive **any** responsive information from either source (Decl. of M. Randazza ¶¶ 2-3). Randazza's subpoena to Verizon was superfluous in light of John Collins' voluntary provision of four months of Cox's cell phone records to Randazza, as Collins added her to his cell phone plan in order to satisfy her extortionate demands. (*Id*. ¶¶ 6-8; *see* Exh. B at 2)  In fact, Mr. Collins readily provided his phone records for Cox, as he is weary of Cox's behavior as anyone. (*Id*. ¶7 6-8)  Ultimately, the subpoenas Cox complains of were fully withdrawn, and Randazza received no information responsive to them.  There is no injury for Cox to redress. Nevertheless, if Cox wishes to bring this matter to the attention of law enforcement, Plaintiffs have no objections to her doing so.  With any luck, law enforcement will take action pertaining to Cox's extortion (*see* ECF 41 at 7 and 9) and witness harassment (ECFs 12-4, 13) – all of which is wel-document in this case record, as well as the record in *Obsidian Finance Group LLC v. Cox*, Case No. 3:11-cv-57-HZ (D. Ore. 2011).

### E. Cox's Invocation of Randazza's Religious Credentials and Attempt to Create an Ecclesiastical Dispute is Beyond this Court's Jurisdiction.

Cox's motion appears to seek a religious dispute against Randazza.  In addition to attaching Randazza's qualifications as a minister in the Universal Life Church to her motion (ECF 184 at 18-19), Cox claims that Randazza's supposed wrongdoings are aggravated by his "superior knowledge" as "an ordained minister himself." (*Id*. at 4)  Cox's efforts to add a religious dimension to her motion remove it from the Court's subject matter jurisdiction by converting her complaints into a religious inquiry.

The United States Supreme Court recognized that such disputes are ecclesiastical in nature and beyond a court's subject matter jurisdiction. *Serbian E. Orthodox Diocese v. Milivojevich*, 426

U.S. 696 (1976).  The "general rule that religious controversies are not the proper subject of civil court inquiry, and that a civil court must accept the ecclesiastical decisions of church tribunals as it finds them." *Id*. at 713.  The Supreme Court determined that, based on the Free Exercise Clause of the First Amendment, courts should "avoid adjudicating religious disputes to the maximum extent possible." *Id*. at 735.  The Ninth Circuit more recently stated this principle in *Maktab Tarighe Oveyssi Shah Maghsoudi, Inc. v. Kianfar*, 179 F.3d 1244, 1247-48 (9th Cir. 1999).  The Court should decline Cox's attempts to turn this dispute into a religious controversy.  Nevertheless, neither Randazza nor Cox are "clergy,"[3] in any meaningful sense, within a "church" that grants clergy credentials to anyone with $5.00.[4]

### F. Reverend John Collins Contacted Randazza and Volunteered Information About Cox, Under Threat of the Same Type of Actions Cox took Against Randazza.

Reverend John Collins first contacted Randazza in 2012 (Randazza Decl. ¶ 4).  Since then, Collins has maintained regular contact with Randazza (*id*. ¶ 5).  During this time, Collins, his church, and its parishoners have provided Cox with thousands of dollars of services each month, including housing, cell phone service, and numerous cash payments (ECF 181-1 ¶¶ 10-13; 181-6; Randazza Decl. ¶¶ 6-8).  Cox even admits that Mr. Collins' church provides her with her current housing (ECF 184 at 13 (stating Randazza provided Cox with the "rental agreement for the home Cox in provided by her church congregation").  It is not coincidental that Collins and his parishoners are providing thousands of dollars in direct support to Cox each month.  According to

---

[3] Conan O'Brien famously obtained ordination by the Universal Life Church in a 90-second Internet video, which the Universal Life Church provides on their own website.  Universal Life Church, Conan O'Brien Gets Ordained, http://www.themonastery.org/conan-gets-ordained (*last accessed* Mar. 19, 2014).  A representative sample of ministers within the Universal Life Church, which includes Hunter S. Thompson, Hugh Hefner, Sammy Davis Jr., Kathy Griffin, and all four of The Beatles, and others, can be found at Wikipedia, List of Ministers of the Universal Life Church, http://en.wikipedia.org/wiki/List_of_ministers_of_the_Universal_Life_Church (*last accessed* Mar. 19, 2014).
[4] Universal Life Church, Online Store, http://www.ulc.net/index.php?page=shop&cat=14 (*last accessed* Mar. 17, 2014) (selling ordination credential certificates for $5.00).

Collins, Cox has threatened him and continues to threaten him, with the same kind of actions she has taken against Randazza. (ECF 181-1 ¶¶ 10-12)

Cox's argument that Mr. Collins' should not have disclosed information to Randazza misses the mark: Any grievance Cox has is with Mr. Collins, rather than Randazza.[5] As of December 2013, when the Federal Rules of Evidence were last updated, there is no federally recognized privilege for communications with clergy. Nevada's privilege for clergy-penitent communications, which this Court presumptively would apply, extends only to the actual examination of a clergy member about any confession made to him or her within his or her professional character. NRS 49.255; *see* Fed. R. Evid. 501. This privilege does not prevent Mr. Collins from privately calling Randazza and sharing information about Cox as he has repeatedly done in the past (Randazza Decl. ¶¶ 4-8). Even if the Court applied Washington State's rule for such communications, this too applies only to examinations made in court, and pertains only to confessions made to him or her within his or her professional capacity. RCW 5.60.060(3). None of these provisions allow Cox to assert a privilege over information Mr. Collins provided to Randazza during private conversations.

Finally, Cox references a "Confidentiality Agreement, Non-Disclosure Agreement" with Mr. Collins. (ECF 184 at 3) Once again, this is an issue between Cox and Mr. Collins. Cox has not provided the Court a copy of this agreement, which she claims is written. (*Id*.) While Cox claims at great length that Randazza improperly obtained information from Mr. Collins and parishoners of his church, she provides no evidence in support of this assertion. In contrast, Randazza's evidence paints a drastically different picture. Contrary to Cox's claims, Mr. Collins and his parishoners, including Sylvia White, voluntarily provided Randazza with information about Cox, including her phone records and evidence of thousands of dollars of payments to her. (Exhibits A, B; Randazza Decl. ¶¶ 4-11; ECF 181-1 ¶¶ 10-13; ECF 181-6)   Mr. Collins and Ms.

---

[5] This does not concede Cox has any legitimate complaint against Mr. Collins. By all indications, he has acted within the law, and at worse out of self-defense to prevent himself from being subjected to the same abuse, harassment, defamation, and extortion Cox appears to engage in whenever anyone displeases her.

White volunteered this information to Randazza in order to stop her actions against Randazza, prevent Cox from taking those same actions against them, and free themselves from the thousands of dollars in monthly extortion payments Cox requires in order to not take similar actions against them. (Exhibits A, B; Randazza Decl. ¶¶ 6-11; ECF 181-1 ¶¶ 10-13)  There is no privilege for Cox to assert in these communications.

### G. The Alleged "Conspiracy" Does Not Constitute Sanctionable Conduct.

The *sine qua non* of Cox's sprawling and amorphous conspiracy is that all of its putative members have criticized her conduct in some form.  Plaintiffs believe the Court interprets Cox's allegations for what they are. It is worth noting, though, that the only common bond between all of these alleged co-conspirators is that they have criticized Cox.  This is readily apparent for all of the actors Cox frequently identifies as members of a sprawling conspiracy against her: David Aman,[6] Tracy Coenen,[7] Jordan Rushie,[8] Kenneth White,[9] Scott Greenfield,[10] Peter Michaelson and the World Intellectual Property Organization,[11] William Peacock,[12] and Bob Garfield of National Public Radio.[13]  Rather than an actual conspiracy, this is an attempt to punish dozens of individuals who have criticized Cox for her extortionate conduct.  Furthermore, the accusation that Plaintiffs can control the conduct of any of these entities, much less all of them, is almost flattering, but patently absurd.  Even if these parties were subject to the Court's jurisdiction, their conduct could not be described as sanctionable under any standard.

---

[6] Counsel for Plaintiffs, Obsidian Finance Group LLC and Kevin Padrick, in *Obsidian Finance Group LLC v. Cox*, Case No. 3:11-cv-57 HZ (D. Ore. 2011).
[7] Tracy Coenen, *Extortionate Investigative Blogger Crystal Cox: Summary By a Federal Judge*, Fraud Files Blog (June 28, 2013), http://www.sequenceinc.com/fraudfiles/2013/06/extortionate-investigative-blogger-crystal-cox-summary-by-a-federal-judge/ (*last accessed* Mar. 14, 2014).
[8] Jordan Rushie, *The Evolution of Crystal Cox: Anatomy of a Scammer*, Philly Law Blog (Apr. 3, 2012), http://phillylawblog.wordpress.com/2012/04/03/the-evolution-of-crystal-cox-anatomy-of-a-scammer/ (*last accessed* Mar. 14, 2014).
[9] Kenneth White, *Protecting the Free Speech of Censors: The Crystal Cox Saga*, Popehat (Jan. 19, 2014), http://www.popehat.com/2014/01/19/protecting-the-free-speech-of-censors-the-crystal-cox-saga/ (*last accessed* Mar. 14, 2014).
[10] Scott Greenfield, *Court to Cox: It's Crystal Clear*, Simple Justice (Mar. 6, 2014), http://blog.simplejustice.us/2014/03/06/court-to-cox-its-crystal-clear/ (*last accessed* Mar. 14, 2014).
[11] ECF 6-1 (deciding against Cox in uniform domain name dispute resolution policy proceeding).
[12] William Peacock, *Update: Protected Blogger Wants Elaboration on Alleged Extortion*, Findlaw (Feb. 6, 2014), http://blogs.findlaw.com/ninth_circuit/2014/02/update-protected-blogger-wants-elaboration-on-alleged-extortion.html (*last accessed* Mar. 14, 2014).
[13] Bob Garfield, Combating "Bad" Speech With More Speech, On The Media (Transcript) (Jan. 24, 2014) http://www.onthemedia.org/story/combating-bad-speech-more-speech/transcript/ (*last accessed* Mar. 14, 2014).

### H.  Randazza's Separate Florida Action Has No Bearing on This Case.

Cox extensively quotes an article from Law360 on pages 9 and 10 of her motion (ECF 184 at 9-10), discussing a separate action Randazza filed against GoDaddy.com LLC in Florida. Randazza's Florida action was not filed by counsel in this case, is pending in state court, seeking discovery on state law claims, and seeks equitable relief that is entirely unique to Florida law.  In addition to being beyond the Court's jurisdictional purview, it is procedurally proper, and not a basis for the Court to entertain sanctions.

### I.  Cox's Continued and Erroneous Argument that Randazza "Defamed" Her, and Other Unsupportable Claims.

Randazza stands behind the decisions of this Court, the United States District Court for the District of Oregon, the World Intellectual Property Organization, and the Montana Realty Regulation Board finding that Cox has previously engaged in extortionate behavior.  His *amicus* brief to the Ninth Circuit, responding to Cox's attempt to remove all reference to those activities from the Court's opinion, cites to these sources (ECF 179-2).  Cox's attempt to parse the technicalities of these decisions condemning her conduct – stating that she's never been indicted or found guilty of extortion – misses the point.  Randazza is quoting the adjudicative bodies that have already found her conduct to be extortionate. (*see* ECF 179-2; *see also* ECF 6-1; ECF 14; and ECF 41 at 7 and 9).

Cox even goes so far as to allege that Randazza forced others to send her money so that she could not claim to be impoverished (ECF 184 at 14).  Cox's claim is facially unbelievable, and Plaintiffs presume that the Court sees this flailing falsehood for what it is.  Sylvia White, who sent Cox thousands of dollars in October when Cox was not participating in this litigation (ECF 181-7), palpably fears what Cox has done to others and could do to her (Exhibits A, B).  John Collins has lived under similar threats and paid Cox thousands of dollars to avoid the treatment she has given to Randazza. (ECF 181-1 ¶¶ 10-13)  Cox's accusation is grossly irresponsible, and is also false (Randazza Decl. ¶¶ 4-11).  It is unlikely that the Court would fail to sanction a licensed attorney making similar claims without convincing evidence to support them.  In this instance, Randazza merely ask that the Court see Cox's rationalizations for her conduct for what they are.

### III. Conclusion

Cox does not present a basis for the Court to issue an order to show cause or enter any sanctions against Randazza or Plaintiffs' counsel. Instead, Cox has presented pages of unfounded and unsupportable accusations against Randazza. By filing her motion, Cox provided Randazza an opportunity to refute her claims with facts, and introduce evidence showing the true nature of events before the Court. As this Court has previously found, the reality of Cox's actions is radically different from her portrayal of them. In light of the foregoing, the Court should deny Cox's motion.

If anything, the Court should recognize that every time Cox files something as absurd as the motion in this case, Cox unnecessarily multiplies the proceedings in the matter. Although Cox may not be a licensed attorney, she well knows what she is doing and has certainly gone beyond what any attorney could get away with under 28 U.S.C. § 1927. Accordingly, the plaintiff's ask not only that the court deny the motion, but also that the court award sanctions under §1927 in order to deter such conduct in the future. As it stands, Cox already and properly has been found to have abused her ability to file ECF documents in the case (ECF 144). However, this clearly did not have the desired effect. Cox needs to face repercussions for her conduct, and Plaintiffs respectfully request that the Court deny the instant motion, further requiring Cox to seek leave to file any further motions in this case.

Dated: March 20, 2014                        Respectfully submitted,

                                                         /s/ *Ronald D. Green*
                                                         Ronald D. Green, NV Bar #7360
Randazza Legal Group
3625 S. Town Center Drive, Suite 150
Las Vegas, NV 89135
702-420-2001; 702-420-2003 fax
ecf@randazza.com

# CERTIFICATE OF SERVICE

Pursuant to the Federal Rules of Civil Procedure 5(b), I hereby certify that the foregoing document was served to Defendant Crystal L. Cox via U.S. Mail at:

PO Box 2027
Port Townsend, WA 98368

4011 Hastings Avenue West
Port Townsend, WA 98368[14]

And additionally via e-mail to savvybroker@yahoo.com.

Dated: March 20, 2014

Signed,

*/s/ Va___*

Law Clerk
ecf@randazza.com
Randazza Legal Group
3625 S. Town Center Drive, Suite 150
Las Vegas, NV 89118
(702) 420-2001
(702) 420-2003 fax

---

[14] Plaintiffs received this updated address from a party identifying himself as Reverend Jonathan Collins, and wishes to ensure Defendant receives home delivery of the filings in this case, and accordingly Plaintiffs' filings will be copied to this address as well.

10
Response to Motion for Sanctions