# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

MARC J. RANDAZZA, an individual, JENNIFER RANDAZZA, an individual, and NATALIA RANDAZZA, an individual,

Plaintiffs,

v.

CRYSTAL COX, an individual,

Defendant.

Case No.: 2:12-cv-2040-JAD-PAL

**Order Denying Defandant's Motion for Clarification- Doc. 122**

This cybersquatting case arises out of the alleged targeting of Plaintiffs Marc Randazza, his wife Jennifer, and their young daughter Natalia, by Defendant Crystal Cox, a self-proclaimed "investigative blogger." The Randazzas allege that Cox and Bernstein have engaged in an online harassment campaign to extort them by registering dozens of internet domain names that incorporate the Randazzas' names and then demanding they agree to purchase Cox's "reputation management" services to remove this allegedly defamatory material from the internet and rehabilitate their cyber reputations.

The Court previously denied judicial recusal. On September 5, 2013, the case was transferred from the Honorable Gloria Navarro to the undersigned.

Although titled as a Motion for Clarification,[1] Cox seeks reconsideration of the Court's prior rulings and: (1) Removal/Disqualification of Judge Navarro from this case, (2) that the Court contact

---

[1] Doc. 122.

"all appropriate review agencies and authorities under this matter" to "inform[ ] them on this situation in it's [sic] entirety," (3) that the Court allow Cox's counterclaims against the Plaintiffs and Judge Navarro, (4) all remedies and relief allowed by law, and (5) an Order that Judge Navarro "adhere to the constitutional rights of Defendant Cox." Because the request is legally untenable, logically incomprehensible, frivolous, and otherwise moot, the motion is denied.

## **DISCUSSION**

Reconsideration is available under Rule 60(b) upon a showing of (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) the judgment is void; (5) the judgment has been satisfied; or (6) any other reason justifying relief from the judgment. A motion for reconsideration must set forth some valid reason why the court should revisit its prior order and facts or law of a "strongly convincing nature" to support reversing the prior decision.[2]

Initially, as Judge Navarro is no longer assigned to this case, Defendant's requests relating to her recusal are denied as moot. Moreover, the Court has recently allowed Defendant to state proper counterclaims against the Plaintiffs; thus, her request to assert counterclaims is similarly moot. This leaves only three remaining requests: (1) that the Court contact "all appropriate review agencies and authorities under this matter" to "inform[ ] them on this situation in it's [sic] entirety,"(2) for all remedies and relief allowed by law, and (3) that the Court allow Cox's counterclaims against Judge Navarro.

The first request asks that the Court contact some number of unidentified agencies. Not only can the Court not determine who Cox wants the Court to contact or what she would like the Court to communicate, neither can the Court determine the legal basis for the request. Similarly, Cox's second request seeks some unspecific remedy, and the Court cannot determine what relief or its legal basis. Therefore, these requests are denied.

As to the third request that Cox be allowed to sue Judge Navarro based on her rulings in this case, the motion is also denied. The Court cannot grant the requested relief because judges are entitled to absolute immunity from suit when the suit is based solely on the judges' actions as

---

[2] Fed. R. Civ. P. 60(b); *Stewart v. Dupnik*, 243 F.3d 549, 549 (9th Cir. 2000).

judicial officers within the confines of a lawsuit.[3]  Although Cox has the right to disagree with and challenge Judge Navarro's rulings according to the rules of procedure and appeal, she does not have the right to sue Judge Navarro for those rulings particularly by a "counterclaim" in this lawsuit.  To allow such claims would "give a citizen the power to bring a civil suit against any judge because the citizen disagrees with the judge's ruling," and this would inherently "threaten our basic system of justice."[4]  The motion is denied.

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that Defendant's Motion for Clarification, Doc. 122, is DENIED in its entirety.

DATED March 20, 2014.

_____
Jennifer A. Dorsey
United States District Judge

---

[3] *Stump v. Sparkman*, 435 U.S. 349, 356 (1978) (explaining that judges are subject to liability only when they act "in the clear absence of all jurisdiction").

[4] *Coyle v. Baker*, No. CV–12–0601–LRS, 2013 WL 489615, at *3 (E.D. Wash. Feb. 7, 2013).