UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MARC J. RANDAZZA, an individual, JENNIFER RANDAZZA, an individual, and NATALIA RANDAZZA, an individual, <br><br> Plaintiffs, <br><br> v. <br><br> CRYSTAL COX, an individual, <br><br> Defendant. | Case No.: 2:12-cv-2040-JAD-PAL <br><br> **Order Denying Defendant's Motions for Appointment of Counsel - Docs. 171, 176, 178** |

This cybersquatting case arises out of the alleged targeting of Plaintiff Marc Randazza and his family by Defendant Crystal Cox, a self-proclaimed "investigative blogger." The Randazzas allege that Cox and Bernstein have engaged in an online harassment campaign to extort them by registering dozens of internet domain names that incorporate the Randazzas' names and then demanding they agree to purchase Cox's "reputation management" services to remove this allegedly defamatory material from the internet and rehabilitate their cyber reputations.

The court has twice denied Cox's requests to appoint an attorney to represent her in this case[1] because Cox "[had] not shown any exceptional circumstances to justify the appointment of counsel in this matter, [had] not established an inability to afford counsel,

---

[1] Docs. 102, 125.

and [had] not shown any attempt to secure counsel."[2] Within a single week, Cox filed another three (nearly identical) motions asking again for the Court to appoint an attorney to represent her in this litigation.[3] Finding no merit to these motions, the Court again denies the request.

**Discussion**

Generally, a person has no right to counsel in civil actions.[4] However, a court may under "exceptional circumstances" appoint counsel for indigent civil litigants.[5] When determining whether "exceptional circumstances" exist, a court must consider the movant's likelihood of success on the merits and ability to articulate her claims *pro se* based on the complexity of the legal issues involved.[6] Neither of these considerations is dispositive and instead must be viewed together.[7]

Cox has not established that exceptional circumstances exist to justify the appointment of counsel. As a preliminary matter, the statute only considers appointment of counsel for plaintiffs proceeding *in forma pauperis*. As Cox is the Defendant in this matter, her request cannot be based on § 1915(e)(1). Even assuming she could demonstrate a valid legal basis for her request, Cox has not met her burden to show that she is, in fact, indigent. Cox also has not established (or even argued) that she has a likelihood of success on the merits. Instead she relies exclusively on the second exceptional-circumstances factor and stresses her lack of training in the law. But Cox has demonstrated sufficient ability to

---

[2] Doc. 142 at 2.

[3] Docs. 171, 176, 178.

[4] *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009).

[5] *Id.*; *see also* 28 U.S.C. § 1915(e)(1); *see also Agyeman v. Corrs. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004), cert. denied sub nom. *Gerber v. Agyeman*, 545 U.S. 1128 (2005).

[6] *Id.* (citing *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

[7] *Wilborn*, 789 F.2d at 1331.

write, albeit not concisely, and articulate her arguments. Moreover, the facts alleged and legal issues raised are not especially complex. For those reasons, the motion is denied.

The court appreciates that it is difficult for *pro se* parties to litigate their claims and that almost every *pro se* party would benefit from representation by counsel. However, the court cannot require counsel to accept representation on a *pro bono* basis, the number of attorneys available to accept appointment is very limited, and Cox simply has not shown any reason why counsel should be appointed for her.

Finally, the Court takes this opportunity to strongly warn Cox against filing multiple requests for the same relief. This impertinent behavior clogs the court's docket, wastes judicial resources, and impedes the timely and efficient administration of this case. As the Ninth Circuit has cautioned, "Flagrant abuse of the judicial process cannot be tolerated because it enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants." *De Long v. Hennessey*, 912 F.2d 1144, 1148 (9th Cir. 1990). Cox is similarly cautioned that further duplicative requests for relief made solely upon regurgitated grounds already rejected by this Court will be summarily denied.

**Conclusion**

Accordingly, it is hereby ORDERED that Defendant's Motions for Appointment of Counsel, **Docs. 171, 176, and 178, are DENIED.**

DATED March 20, 2014.

_____
Jennifer A. Dorsey
United States District Judge