UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MARC J. RANDAZZA, an individual, JENNIFER RANDAZZA, an individual, and NATALIA RANDAZZA, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>CRYSTAL COX, an individual, et al.<br><br>Defendants. | Case No.: 2:12-cv-2040-JAD-PAL<br><br>**Order Granting in part and Denying in part Plaintiffs' Motion to Strike Answer and Enter Default [Doc. 101]** |

This case arises out of the alleged targeting of Plaintiffs Marc Randazza, his wife Jennifer, and their young daughter Natalia, by Defendant Crystal Cox, a self-proclaimed "investigative blogger." The Randazzas allege that Cox registered thirty-two internet domains incorporating their names with the intent of then offering her services to rehabilitate Plaintiffs' cyber-reputation caused by Cox's own nefarious actions.

Cox responded to Plaintiffs' complaint with 79-page "Response/Answer."[1] On Plaintiffs' motion, Judge Gloria Navarro struck the document. Judge Navarro noted that Rule 8(b) of the Federal Rules of Civil Procedure directs defendants answering complaints to "state in short and plain terms [their] defenses to each claim asserted," and "admit or deny the allegations." Doc. 89 at 4 (quoting Fed. R. Civ. Proc. 8(b)). The Court concluded that Cox had failed "to actually address the

---

[1] Doc. 23.

Page 1 of 4

claims asserted in the Plaintiffs' Complaint. Instead, the statements in Defendant's Answer relate to accusations of conspiracies against her" and "other issues are not relevant to the allegations of cybersquatting" and the other claims in the complaint. *Id.* Judge Navarro gave Cox the chance to file a rule-compliant amended answer. *Id.* Cox was specifically cautioned that "the extraneous material that is not related to the specific allegations of cybersquatting in the Complaint are improper and should not be included in the amended answer." *Id.* at 4-5.

Cox filed an amended answer, but she did not merely fail to heed Judge Navarro's warnings about extraneous material, she flouted them. Her amended answer is 60 pages of single-spaced text **longer** than the original one. *Compare* Doc. 23 *with* Doc. 99. It contains all of the previously stricken extraneous, irrelevant, and inflammatory material and more. Not surprisingly, the Randazzas now move to strike the amended answer, arguing it "still contains extraneous and irrelevant material that is impertinent to the issues in this suit" and violates Judge Navarro's clear instructions.[2] They also ask the Court to enter default against Cox.[3]

The Court finds this motion appropriate for disposition without oral argument.[4] Because Cox's amended answer consists mainly of extraneous and improper material that violates Judge Navarro's prior order and must be stricken under Rule 12(f), the Court grants the motion in part and strikes all portions of the amended answer as reflected on Exhibit A hereto. As some responsive material remains, what is left will operate as Cox's amended answer, and the motion for default is denied.

### Discussion

Under Rule 12(f) a "court may strike from a pleading ... any redundant, immaterial, impertinent, or scandalous matter." Matter is "immaterial" if it has no bearing on the controversy

---

[2] Doc. 101, at 1.

[3] *Id.*

[4] *See* Local Rule 78-2.

before the court.[5] Allegations are "impertinent" if they are not responsive to the issues that arise in the action and that are admissible as evidence.[6] The district court also has inherent authority to strike improper filings "to regulate the conduct of attorneys who appear before it [and] to promulgate and enforce rules for the management of litigation . . . ."[7]

Cox has recently admitted that she is "a creative writer and ya, [she] tend[s] to ramble and repeat," because "its who [she is]."[8] Although the Court appreciates that Cox is legally untrained, even pro se parties must comply with the rules and orders of the court. *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants."); *see also Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) ("Although we construe pleadings liberally in their favor, pro se litigants are bound by the rules of procedure."); *Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986) ("[P]ro se litigants in the ordinary civil case should not be treated more favorably than parties with attorneys of record."). As Cox only fortified her answer with even more single-spaced lines of extraneous, non-responsive material, the Court can draw no conclusion except that Cox was intentionally thumbing her nose at both the rules of this Court and the clear guidance offered in Judge Navarro's prior order.

The Court is certain that sending Cox back to the drawing board will not yield a purely responsive document, but the Court also cannot ignore the fact that the amended answer contains some responsive content. Accordingly, in the interest of justice and judicial economy, the Court has reviewed the entire, 139-page amended answer and stricken by hand the redundant, immaterial, impertinent, and scandalous matter under Rule 12(f). The resulting, redlined document is attached as Exhibit A. As Cox has already filed a separate counterclaim, stricken are any affirmative claims by Cox or allegations in support of those claims; references to non-parties, unrelated cases, and anything

---

[5] *In re 2TheMart.com, Inc Sec. Litig.*, 114 F. Supp. 2d 955, 965 (C.D. Cal. 2000).

[6] *Id.*

[7] *Spurlock v. F.B.I.*, 69 F.3d 1010, 1016 (9th Cir. 1995) (citations omitted).

[8] Doc. 169, at 2.

else not directly and specifically responsive to the allegations in the Randazzas' complaint are similarly stricken. All that remains is the simple, concise, direct, and intelligible material that admits or denies the allegations in the complaint and puts forth Cox's defenses to those allegations.[9] The Clerk shall file this redacted version of the amended answer to serve as the operative answer in this case.

## Conclusion

Accordingly, it is HEREBY ORDERED that Plaintiff's Motion to Strike [#101] **is GRANTED in part and DENIED in part.** The Court STRIKES portions of Defendant Cox's amended Answer (Doc. 99) pursuant to FRCP 12(f) as reflected in Exhibit A. The motion is denied in all other respects.

The Clerk of the Court is directed to file the document attached as Exhibit A to hereinafter serve as the superseding amended answer (and the operative answer) in this case.

DATED April 14, 2014.

_____
Jennifer A. Dorsey
United States District Judge

---

[9] Fed. R. Civ. P. 8(b)(1)(b), 8(b)(2).