# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| MARC J. RANDAZZA, an individual, JENNIFER RANDAZZA, an individual, and NATALIA RANDAZZA, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>CRYSTAL COX, an individual, et al.<br><br>Defendants. | Case No.: 2:12-cv-2040-JAD-PAL<br><br>**Order Denying Defendant's Motion to Dismiss [Doc. 202]** |

This case arises out of the alleged targeting of Plaintiffs Marc Randazza, his wife Jennifer, and their young daughter Natalia, by Defendant Crystal Cox, a self-proclaimed "investigative blogger." The Randazzas allege that Cox registered thirty-two internet domains incorporating their names with the intent of then offering her services to rehabilitate Plaintiffs' cyber-reputation caused by Cox's own nefarious actions. In the 17-month life span of this case, Defendant Cox has filed more than 30 motions, and the deadline for filing dispositive motions ran January 10, 2014.[1]

Nevertheless, and undaunted by the Court's myriad orders in this case admonishing Cox of her obligation to comply with the rules and orders of this Court, on April 14, 2014, Cox filed a motion to dismiss Plaintiffs' complaint for "fraud on the court."[2] In it, Cox makes unsubstantiated

---

[1] *See* Doc. 140 at 3.

[2] Doc. 202.

allegations that "Randazza"[3] "has lied to the court" and "under oath on many things over the last 1.7 harassing years," "to set [Cox] up for extortion. . . ."[4] Cox asserts that "the docket clearly shows" that "Plaintiff has lied, bullied, [and] committed fraud on the courts throughout this case" with "flat out false testimony, false information and no basis of violations by Cox in any way."[5] Cox asks the Court to "send a clear message to Randazza and attorneys like him, that suing former clients . . . is a violation of their Free Speech and First Amendment rights" and "harassing them . . . is not lawful, not constitutional and will not be tolerated by this Court."[6] The Court declines Cox's invitation to send this message.

The motion is fatally late. All parties—whether represented by counsel or not—must comply with court orders.[7] Cox has been reminded of this obligation *ad nauseam*. One such order is the Court's Scheduling Order; Rule 16(f) requires all parties and their attorneys to comply with scheduling and other pretrial orders; judges may order appropriate sanctions for non-compliance.[8]

The operative scheduling order in this case clearly sets January 10, 2014, as the last date to file dispositive motions.[9] Motions to dismiss are dispositive motions. If Cox desired to file a motion to dismiss in this case, she was required to do so by January 10, 2014. As the Ninth Circuit Court of Appeals recognized in *Johnson v. Mammoth Recreations, Inc.*,[10] district courts may deny late-filed motions when the movant has not sought to reopen the filing period. Cox's three-month-late motion

---

[3] There are three Randazza plaintiffs, but Cox does not identify which Randazza she is referring to, though the Court presumes it's Marc.

[4] Doc. 202 at 1.

[5] *Id*. at 2.

[6] *Id.*

[7] *See, e.g.*, Fed. R. Civ. P. 16(f).

[8] *See Lucas Auto. Eng'g., Inc. v. Bridgestone/Firestone, Inc.*, 275 F.3d 762, 769 (9th Cir. 2001).

[9] Doc. 140.

[10] 975 F.2d 604, 610 (9th Cir. 1992).

was not accompanied by a request to reopen the filing period, and the Court cannot conceive of any reason that Cox could now provide (in light of her prolific motionwork to date and the constant re-urging of these very same recycled arguments) that would constitute good cause for excusing her late filing.  The motion is denied, and **Cox is cautioned that any future violations of the Court's scheduling order or any other order may be met with monetary sanctions.**

Accordingly, it is HEREBY ORDERED that Defendant's Motion to Dismiss **[#202] is DENIED**.

DATED April 15, 2014.

_____
Jennifer A. Dorsey
United States District Judge