1
2
3
4
5
6

**UNITED STATES DISTRICT COURT**

7

**DISTRICT OF NEVADA**

8
9
10

MARC J. RANDAZZA, an individual,
JENNIFER RANDAZZA, an individual, and
NATALIA RANDAZZA, an individual,

Case No.: 2:12-cv-2040-JAD-PAL

11

Plaintiffs,

12

v.

**Order Granting in Part and Denying in
Part Plaintiffs' Motion to Dismiss and
Denying Plaintiff's Motion to Strike
[Docs. 179, 180]**

13

CRYSTAL COX, an individual, et al.

14

Defendants.

15
16       This case arises out of the alleged targeting of Plaintiffs Marc Randazza, his wife Jennifer,

17    and their young daughter Natalia, by Defendant Crystal Cox, a self-proclaimed "investigative

18    blogger."  Cox allegedly registered thirty-two internet domain names that incorporate Plaintiffs' first,

19    middle, and last name, or combinations of the three.  Cox allegedly used the domain names intending

20    to capitalize on the use of the Randazza surname by offering services to rehabilitate Plaintiffs'

21    reputation caused by Cox's actions.

22       After this Court granted Cox leave to file permissible counterclaims against Marc Randazza

23    only,[1] Cox promptly filed a 22-page, single-spaced "Counter Complaint" against Plaintiff Marc

24    Randazza and (non-party) the Randazza Legal Group ("the RLG").[2]  Plaintiffs now move to dismiss

25

26       [1] Doc. 162.

27       [2] Doc. 164.

28

the counterclaim in its entirety[3] or, alternatively, to strike the counterclaim[4] for exceeding the scope of the Court's leave order.  The Court finds these motions appropriate for disposition without oral argument under Local Rule 78-2.  The Court dismisses all of Cox's unauthorized third-party claims against the RLG.  As to the claims against Mr. Randazza, the Court dismisses Cox's libel, defamation, and slander claim only to the extent it challenges statements made in a litigation context and thus protected by privilege; dismisses Cox's claims for harassment and First Amendment violation with prejudice, and Cox's claims for abuse of process, tortious interference with business advantage, and conspiracy without prejudice and with leave to amend only the abuse of process and tortious interference claims to cure deficiencies; and denies the motion to strike.  The net effect of this order is that Cox's counterclaim remains only against Mr. Randazza and it consists of: a portion of claim 1 (libel, defamation, and slander only arising from statements made outside of litigation) and claim 4 (legal malpractice); all other counterclaims are dismissed, but Cox may file a motion asking for leave to amend her counterclaim to allege supplemental facts to support claims 3 (abuse of process) and 5 (tortious interference with business advantage) if she believes she can cure the deficiencies outlined below.

## Discussion

**I.    Motion to Dismiss**

Federal Rule of Civil Procedure 8(a) instructs, "[a] pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought."[5] A district court may dismiss a claim under Rules 8(a) or 12(b)(6) for failing to state a claim upon which relief can be granted.[6]  "To survive a motion to dismiss, a [claim] must contain

---

[3] Doc. 179.

[4] Doc. 180.

[5] Fed. R. Civ. P. 8(a).

[6] Fed. R. Civ. P. 12(b)(6).

sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face."[7]
"[A claimant's] obligation to provide the 'grounds' of [her] 'entitle[ment] to relief' requires more
than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not
do. Factual allegations must be enough to raise a right to relief above the speculative level."[8] The
Court is also "not bound to accept as true a legal conclusion couched as a factual allegation."[9] To
state a "plausible" claim for relief, the claimant must "plead[ ] factual content that allows the court to
draw a reasonable inference that the defendant is liable for the misconduct alleged."[10] This requires a
claimant to state "enough facts to raise a reasonable expectation that discovery will reveal evidence"
of the allegations charged.[11] A pro se litigant's filings are to be judged by their function, with liberal
construction of "inartful pleading[s]."[12]

> **A.      Claims against the Randazza Legal Group**

Cox's claims against the RLG are dismissed because they exceed the scope of the Court's
leave order and amount to an unauthorized third-party complaint. The Court allowed Cox to state
claims against Plaintiff Marc Randazza **only**.[13] Thus, Cox's inclusion of claims against the RLG
exceeded the scope of leave granted by this Court when allowing Cox to file an amended
counterclaim.

Moreover, Rule 14(a) of the Federal Rules of Civil Procedure limits any civil defendant's

---

[7] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[8] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

[9] *Id.* (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)); *see Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

[10] *Iqbal*, 556 U.S. at 678–79.

[11] *Cafasso, U.S. ex rel. v. General Dynamics C4 Systems, Inc.*, 637 F.3d 1047, 1055 (9th Cir. 2011) (quoting *Twombly*, 550 U.S. at 556).

[12] *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam).

[13] Doc. 162.

ability to assert claims against parties that were not originally named in the underlying complaint.[14] It provides that "[a] defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it."[15] Cox's claims against the RLG are based solely on allegations unrelated to the underlying cybersquatting claims in Plaintiffs' original complaint and the RLG is not a party to this litigation.  Therefore, all claims against the RLG are unauthorized by rule or order and are therefore dismissed.

### B.    Cox's Counterclaims against Marc Randazza

#### 1.    Claim 1 - Libel, Assault, Slander

Cox's first counterclaim is entitled "U.S. Code > Title 28 § 4101/28:1332 Diversity-Libel, Assault, Slander 320 Assault, Libel, and Slander."[16]  She begins this claim by realleging her prior 14 pages of single-spaced factual allegations and ads that Randazza "has knowingly, with actual malice, published false and defamatory statements to third parties regarding" her.[17]  She further alleges that he "used privileged information" against her to defame and slander her and to "attempt to [s]abotage Cox's [N]inth [C]ircuit appeal and paint Cox out as a [c]riminal in regarding to proceedings of a civil trial."  She concludes that Randazza "has used Forbes, NPR, Legal Bloggers, his law Firm[']s Blogs, WIPO Publications, Amicus Briefs, Court Filings, and more to [d]efame, [s]lander, harass and intimidate Cox," and "has relentlessly conspired to get others to join him in painting" Cox—"his former client"— "out to be a criminal guilty of extortion without filing a criminal complaint."[18] Based on these allegations, the Court liberally construes this claim as one for defamation.[19]

---

[14] Fed. R. Civ. P. 14(a).

[15] Fed. R. Civ. P. 14(a)(1).

[16] Doc. 15.

[17] *Id*. at ¶ 40.

[18] *Id*. at ¶¶ 41-45.

[19] *See Bernhardt v. L.A. Cnty.*, 339 F.3d 920, 925 (9th Cir. 2003) (acknowledging that courts must construe pro se motions and pleadings liberally).

In Nevada, a defamation claim requires a plaintiff to show: "(1) a false and defamatory statement of fact by the defendant concerning the plaintiff; (2) an unprivileged publication to a third person; (3) fault, amounting to at least negligence; and (4) actual or presumed damages."[20] Certain classes of defamatory statements, like "false statement[s] involving the imputation of a crime [have] historically been designated as defamatory per se," and are actionable without proof of damages.[21]

Randazza moves to dismiss this claim arguing that Cox "does not specify what any of these allegedly false and defamatory statements are." Despite this, he goes on to argue that the statement "Cox is an extortionist" was made during the course of litigation and is entitled to absolute privilege. Thus, despite Randazza's suggestions to the contrary, (and a review of her allegations reveals that) Cox has specified and refers to the defamatory statement that "Cox is an extortionist" in several places throughout her counterclaim.[22] However, as some of the statements were made during the course of litigation, the Court turns its analysis to Randazza's secondary argument that the communications on which Cox's claim is based are immune from suit based on the judicial privilege.

Nevada recognizes "the long-standing common law rule that communications uttered or published in the course of judicial proceedings are absolutely privileged."[23] Although the scope of the absolute privilege for communications during judicial proceedings is "quite broad" and only need be "in some way pertinent to the subject of controversy," it extends only to attorneys advocating for their clients and parties to the litigation.[24] This privilege is based on the policy that as officers of the court, attorneys ought to have "the utmost freedom in their efforts to obtain justice for their

---

[20] *Pope v. Motel 6*, 114 P.3d 277, 282 (Nev. 2005).

[21] *Id.* (citations omitted).

[22] Doc. 164, ¶ 7, 8, 10, 15, 16, 17, 20, 23, 30.

[23] *Fink v. Oshins*, 49 P.3d 640, 643 (Nev. 2002) (quoting *Circus Circus Hotels v. Witherspoon*, 657 P.2d 101, 104 (Nev. 1983)).

[24] *Id.* at 644.

clients,"[25] and it affords parties the same protections as attorneys for defamatory statements made during or in anticipation of judicial proceedings.[26]  Whether the absolute privilege applies is a question of law for the court.[27]

Cox has alleged some communications that fall within the scope of absolute privilege and are thus immune from suit and others that are not protected by the privilege and thus, actionable.  Within the privilege are any statements made by Randazza during the course of, or in anticipation of, judicial proceedings. This includes any statements made by Randazza in court documents filed in this case or as an *amicus curiae* participant in the *Obsidian Finance Group, LLC v. Cox*[28] Ninth Circuit appeal.  Therefore, to the extent that Cox's defamation claim is based on those litigation-related statements, it is barred by the litigation privilege and must be dismissed.

Randazza urges the Court to find that any statement by an attorney, regardless of whether it was made in the context of litigation would be absolutely privileged so long as the statement was tangentially related to some ongoing litigation.  Randazza's interpretation is overly broad and unsupported by legal authority.  Although the Nevada Supreme Court directs that the privilege be construed "quite broadly," there are specific limitations on that broad reading: the statements must be made by an attorney attempting "to obtain justice for their clients" or non-lawyer parties to the litigation.  Cox has also alleges that Randazza made the subject comments to Obsidian Finance Group, LLC's attorney David Aman,[29] Journalist Kashmir Hill,[30] and NPR host Bob Garfield[31]

---

[25] *Fink*, 49 P.3d at 643 (quotation omitted).

[26] *Clark County School Dist. v. Virtual Educ. Software, Inc.*, 213 P.3d 496, 502 (Nev. 2009)(citing Restatement (Second) of Torts § 587 cmt. d (1977)).

[27] *Fink*, 49 P.3d at 643.

[28] *Obsidian Finance Group, LLC v. Cox*, 740 F.3d 1284 (9th Cir. 2014).

[29] Doc. 164 at ¶ 7.

[30] *Id.* at ¶ 9.

[31] *Id.* at ¶ 10.

Page 6 of 17

outside of litigation when he was a stranger to the *Obsidian Finance Group, LLC v. Cox* litigation and months before this lawsuit began. Randazza has not demonstrated that his statements in this regard and to these audiences are protected by the litigation privilege. Therefore, Cox's first cause of action for defamation shall proceed on the allegations in her counterclaim ***except*** those related to statements made in anticipation of or during the course of this litigation or Randazza's participation as an amicus party in the *Obsidian* appeal.

### 2. Claim 2 – Harassment

Cox's second claim for relief is entitled "Harassment," and alleges that Marc Randazza "has conspired to commit interstate stalking and conspiracy to use a telecommunications device to abuse, threaten, stalk and harass" Cox, has "engaged in [c]yberbullying, [t]hreats, connected to text threats to Cox, blogs promoting hate against Cox, and constantly bullying threatening and harassing Cox."[32] Cox cites to a number of federal statutes as the purported legal bases for this claim, but none affords her a private right of action for harassment. Cox first cites to 18 U.S.C. § 1514, which is entitled "civil action to restrain harassment of a victim or witness." But this statute only gives the court the authority to issue "a temporary restraining order prohibiting harassment of a victim or witness in a Federal criminal case" "upon application of the attorney for the Government." 18 U.S.C. § 1514 (a)(1). This is not a Federal *criminal* case, and Cox is not the attorney for the Government, so this statute has no application here.

Cox next references 18 U.S.C. §§ 2261A, which criminalizes stalking, and 18 U.S.C. § 2425, which criminalizes the use of interstate facilities to transmit information about a minor. These are criminal statutes, and Cox does not identify how they provide any private right of action. To the extent that Cox intended to state a claim for harassment based on Nevada law, her claim similarly fails because Nevada recognizes only the *crime* of harassment, not a civil action for harassment.[33] Cox's second claim for relief states no cognizable cause of action, and it is dismissed with prejudice.

---

[32] Doc. 164 at ¶¶ 48-49.

[33] *See* Nev. Rev. Stat. § 200.571(1).

### 3.    Claim 3 — Abuse of Process

"Abuse of process is a tort recognized to provide a remedy for cases in which legal procedure has been set in motion in proper form, with probable cause, but nevertheless has been perverted to accomplish an ulterior purpose for which it was not designed."[34]  To successfully allege a tort claim for abuse of process under Nevada law, a plaintiff must establish two elements: (1) the defendant had an ulterior purpose in the underlying lawsuit other than resolving a legal dispute, and (2) the defendant willfully and improperly used the legal process to accomplish that purpose.[35]  The mere filing of a complaint with malicious intent is insufficient to state an abuse of process claim; there must also be some subsequent act to filing which abuses the process.[36]  Absolute privilege is a defense to abuse of process.[37]  "However, even when the privilege is considered 'absolute,' the following conditions must be met before it can apply: (1) the publication was made in a judicial proceeding; (2) had some connection or logical relation to the action; (3) was made to achieve the objects of the litigation; and (4) involved litigants or other participants authorized by law."[38]

For her third claim, Cox alleges that Randazza "filed court documents, used subpoenas, contacted private parties, used confidential information, used false instruments and subpoenas" for "his own personal gain of shutting down speech, taking intellectual property that competed with him in search engines and intimidating Cox, as well as painting Cox out to be a Criminal."[39]  The only publications that relate to "process" are the filing of court documents and issuance of subpoenas.

---

[34] *Rashid v. Albright*, 818 F. Supp. 1354, 1358 (D. Nev. 1993) (citing Prosser & Keaton, *Law of Torts* 896 (1984)).

[35] *LaMantia v. Redisi*, 38 P.3d 877, 880 (Nev. 2002).

[36] *Laxalt v. McClatchy*, 622 F. Supp. 737, 752 (D. Nev. 1985).

[37] *Crockett & Myers, Ltd. v. Napier, Fitzgerald & Kirby, LLP*, 440 F.Supp.2d 1184, 1196 (D. Nev. 2006) (citing *Pac. Gas & Elec. Co. v. Bear Stearns & Co.*, 791 P.2d 587 (Cal. 1990).

[38] *Umansky v. Urquhart*, 84 Cal.Rptr. 547, 549 (Cal. App. 1978).

[39] Doc. 164, at ¶ 54, 59.

1   The remaining allegations relate to other causes of action discussed in this order, such as defamation

2   and legal malpractice.  Thus, to the extent that this claim is based on allegations that Randazza

3   "contacted private parties, used confidential information, [or] used false instruments," these

4   allegations do not state a claim for abuse of process and the claim is dismissed with prejudice.

5           Even taking Cox's allegations about Randazza's filing of court documents and issuance of

6   subpoenas as true, such actions are protected by the absolute privilege.  All the publications were

7   made in this judicial proceeding, had some connection or logical relation to Randazza's allegations

8   against Cox in this action, were made to achieve the Randazza's stated object of the litigation, and

9   involved Randazza, as a litigant, and his attorney, as a participant authorized by law.[40]  Therefore, as

10  the absolute privilege precludes Cox's claims based on these publications, as pled Cox's abuse of

11  process cause of action fails to state a cognizable claim for relief.

12          The Court is not convinced, however, that Cox cannot state a viable abuse of process claim.

13  If the court grants a motion to dismiss, it may consider whether to grant leave to amend.[41]  The court

14  should "freely give" leave to amend when there is no "undue delay, bad faith[,] dilatory motive on

15  the part of the movant, repeated failure to cure deficiencies by amendments previously allowed,

16  undue prejudice to the opposing party by virtue of . . .  the amendment, [or] futility of the

17  amendment."[42]  Generally, leave to amend is only denied when it is clear that the deficiencies of the

18  complaint cannot be cured by amendment.[43]  Additionally, leave to amend may be denied when

19  "allegation of other facts consistent with the challenged pleading could not possibly cure the

20  deficiency."[44]

21

22      [40] *Umansky*, 84 Cal.Rptr. at 549.

23      [41] *See Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000)("a district court should grant leave
    to amend even if no request to amend the pleading was made, unless it determines that the pleading
24  could not possibly be cured by the allegation of other facts.")

25      [42] Fed. R. Civ. P. 15(a); *Foman v. Davis*, 371 U.S. 178, 182 (1962).

26      [43] *See DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

27      [44] *Abagninin v. AMVAC Chem. Corp.*, 545 F.3d 733, 742 (9th Cir. 2008)(emphasis added).

28                          Page 9 of 17

If Cox is in possession of additional facts consistent with those already alleged that can give rise to a viable abuse of process claim, amendment would not be futile.  For that reason, this third cause of action is dismissed without prejudice.  If Cox believes that she has additional facts and events (not previously alleged) that may give rise to a claim within the parameters explained herein, Cox has 14 days from the execution of this order to file a motion for leave to amend identifying the additional factual allegations that she believes supports such a claim.  Cox is cautioned that the motion must comply with Local Rule 15-1 which provides, among other things, that a party filing a motion for leave to amend a claim "shall attach the proposed amended pleading to any motion to amend, so that it will be complete in itself without reference to the" prior version.  L.R 15-1(a).  Cox must carry forward into the new draft counterclaim any information that she wants to continue to plead and that has not been dismissed with prejudice by this order; the Court cannot and will not simply refer back to a prior pleading for other information because an amended counterclaim supersedes all prior versions as if the prior versions never existed, and all allegations and claims not carried forward are deemed waived.[45]

### 4.    Claim 4 - Attorney/Legal Malpractice and Negligence

For her third claim, Cox alleges that Randazza used privileged information he gained while acting as her attorney to harm her, paint her in a false light, sabotage her Ninth Circuit appeal, defame and discredit her, and cause her "massive and constant duress for 2 years and counting."[46] "In Nevada, legal malpractice is premised upon an attorney-client relationship, a duty owed to the client by the attorney, breach of that duty, and the breach as proximate cause of the client's damages."[47] However, even without an express contract, "[i]t is axiomatic that an attorney who undertakes representation of an individual owes duties to that individual, even if the individual never assented to the representation.  Otherwise, an attorney could never face liability for unauthorized

---

[45] *See Valadez-Lopez v. Chertoff*, 656 F.3d 851, 857 (9th Cir. 2011).

[46] Doc. 164 at ¶ 60-66.

[47] *Semenza v. Nev. Med. Liability Ins. Co.*, 765 P.2d 184, 185 (Nev. 1988).

1    representation."[48]

2         Cox alleges that despite that fact that Marc Randazza "had no contract with Cox [and] had

3    not committed to representation," he attempted to negotiate a case on her behalf, discouraged other

4    attorneys from taking her case by representing that he was her attorney, and used information that he

5    obtained during her initial case consultation against her after she declined his representation.[49]

6    Randazza argues that Cox's allegations that there was no assent to representation dooms Cox's claim

7    because there is no attorney-client relationship upon which to base a malpractice claim.  This

8    argument ignores the allegations that Randazza actually represented Cox in various ways and did so

9    without her authorization.  Taking the allegations in Cox's counterclaim as true, even absent an

10   express contract, Randazza's actions could subject him to liability for unauthorized legal

11   representation.  Moreover, Cox's allegation that Randazza used attorney-client-privileged

12   information obtained during an initial-case consultation to harm Cox's reputation is sufficient to

13   state a legal malpractice claim.  Randazza's request to dismiss Cox's fourth claim for legal

14   malpractice is denied.

15            **5.    Claim 5 - Tortious Interference with Business Advantage**

16        To state a valid claim for tortious interference with business relations, a plaintiff must show:

17   (1) a valid contract existed between the plaintiff and a third party; (2) the defendant knew of the

18   contract, (3) the defendant committed intentional acts intended or designed to disrupt the contractual

19   relationship; (4) an actual disruption of the contract; and (5) the plaintiff sustained damages as a

20   result.[50]  Cox alleges that "Randazza has deliberately, directly and maliciously interfered with Cox

21   getting clients, keeping clients, doing business as Randazza has called, emailed, and contacted

22   individuals in various ways as well as has painted Cox out to be a felony extortionist in big and small

23

24        [48]  *NNN Siena Office Park I 2, LLC v. Wachovia Bank Nat. Ass'n*, No:
     2:12–cv–01524–MMD–PAL, 2013 WL 5970719, *3 (D. Nev. Nov. 8, 2013).

25        [49]  Doc. 164.

26        [50]  *J.J. Indus., LLC v. Bennett*, 71 P.3d 1264, 1267 (Nev. 2003) (citing *Sutherland v. Gross*, 772
27   P.2d 1287, 1290 (Nev. 1989)); *see also Hilton Hotels Corp., Butch Lewis Productions, Inc*., 862 P.2d
     1207, 1210 (Nev. 1993) .

28                                    Page 11 of 17

1    media internationally and in sworn court documents."[51]  These allegations fall short of stating a

2    cognizable tortious interference claim because Cox has not identified any valid, existing contract

3    between herself and any third party, if or how Marc Randazza knew about that valid existing

4    contract, how Marc Randazza's calls and emails were intended or designed to disrupt that contract of

5    which he had knowledge, how that contractual relationship was disrupted, or the nature of Cox's

6    personal and professional injury.  Without these factual predicates, Cox has failed to state "enough

7    facts to raise a reasonable expectation that discovery will reveal evidence" of the allegations

8    charged.[52]  Cox's claim for tortious interference with business advantage is dismissed without

9    prejudice.  If Cox has additional facts that satisfy these missing elements, she may include those

10   facts and a re-drafted version of this tortious interference claim in her motion for leave to amend and

11   proposed amended counterclaim.

12                    **6.    Claim 6 - Civil Conspiracy**

13         Cox's sixth claim contains a formulaic recitation of elements insufficient to state a claim for

14   civil conspiracy.  However, based on the factual allegations pled other places in Cox's counterclaim,

15   it is apparent that her sixth claim is a permissive, rather than compulsory, counterclaim.  This claim

16   does not arise out of the same transaction or occurrence as those giving rise to Randazza's

17   complaint; rather it relates to Randazza's interactions with "many lawyers, law firms, WIPO, Forbes,

18   NPR, and other large and small media."[53]

19         The Court declines to allow this claim to proceed in this litigation for two reasons: (1)

20   allowing this claim would expand the scope of this straightforward cybersquatting litigation to

21   encompass every disagreement Cox has with Randazza.  Based on the course of the litigation thus

22   far, it is readily apparent that there is no limit to the bad blood between these parties, and judicial

23   economy demands this claim be tried separately; and (2) this claim is for conspiracy and necessarily

24

25         [51] Doc. 164, ¶ 68.

26         [52] *Cafasso*, 637 F.3d at 1055 (quoting *Twombly*, 550 U.S. at 556).

27         [53] Doc. 164, at ¶ 73.

28                              Page 12 of 17

1   implicates non-parties because "[a] civil conspiracy claim operates to extend, beyond the active

2   wrongdoer, liability in tort to actors who have merely assisted, encouraged or planned the

3   wrongdoer's acts."[54]   Based on the factual determinations that would need to be made to impose

4   liability on Randazza for this claim, those same findings may have collateral effect on the non-

5   parties at some later date.   That means those non-parties are likely necessary parties under Federal

6   Rule of Civil Procedure 19.   To allow Cox to litigate this claim in this lawsuit may require those

7   parties' presence in this lawsuit.   Thus, allowing this claim to proceed would allow an end-run

8   around Federal Rule of Civil Procedure 14's prohibition against impermissible third-party

9   complaints and defeat the rules of procedure this Court is bound to follow.   Thus, the Court

10   dismisses this conspiracy claim without prejudice to Cox's ability to plead and litigate such a claim

11   in a separate lawsuit.

12   ### 7.   Claim 7 - Violation of First Amendment Rights

13   As her seventh cause of action, Cox alleges that Randazza violated her First Amendment

14   Rights by obtaining a temporary restraining order against her in the course of this lawsuit.   She asks

15   in her counterclaim for the court "to apply any and all causes of action deemed appropriate and

16   lawful" on her behalf that she may have left out of her pleading.[55]

17   42 U.S.C. § 1983 provides a mechanism for the private enforcement of substantive rights

18   conferred by the Constitution and federal statutes, such as First Amendment protections.[56]   Section

19   1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating

20   federal rights elsewhere conferred.'"[57]   To state a claim under § 1983, a plaintiff "must allege the

21   violation of a right secured by the Constitution and the laws of the United States, and must show that

22
23   [54] *Flowers v. Carville*, 266 F. Supp. 2d 1245, 1249 (D. Nev. 2003) (quoting 16 Am.Jur. 2D Conspiracy § 57 (1998)).

24   [55] Doc. 164 at pp. 20-21.

25   [56] *Graham v. Connor*, 490 U.S. 386, 393–94 (1989).

26   [57] *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144
27   n.3 (1979)).

28

1   the alleged deprivation was committed by a person acting under color of law."[58]  Section 1983 is not

2   implicated by "merely private conduct, no matter how discriminatory or wrongful."[59]  Simply put,

3   private individuals—like Randazza—cannot be held liable for violating someone's First Amendment

4   rights unless they were acting in joint participation with a state official.[60]

5       Cox has not alleged (and no facts even suggest) that Randazza was acting under color of law

6   in violating her First Amendment rights.  And as this is simply not the type of case that gives rise to

7   such a constitutional claim and the Court does not believe that Cox can cure this fatal defect with

8   amendment, Cox's seventh claim for First Amendment violation is dismissed with prejudice.

9   **II.     Motion to Strike**

10      Under Rule 12(f) a "court may strike from a pleading . . . any redundant, immaterial,

11  impertinent, or scandalous matter."  Matter is "immaterial" if it has no bearing on the controversy

12  before the court.[61]  Allegations are "impertinent" if they are not responsive to the issues that arise in

13  the action and that are admissible as evidence.[62]  The district court also has inherent authority to

14  strike improper filings "to regulate the conduct of attorneys who appear before it [and] to promulgate

15  and enforce rules for the management of litigation . . . ."[63]

16      Plaintiffs move to strike Cox's counterclaim in its entirety, arguing that it violates the Court's

17  order by naming the RLG as an unauthorized third-party defendant,[64] Cox's pro-se status is

18  _____

19      [58] *West v. Atkins*, 487 U.S. 42, 48–49 (1988).

20      [59] *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999).

21      [60] *See, e.g., Kuba v. Sea World, Inc.,* 428 Fed. Appx. 728, 731 (9th Cir. 2011) (citing *Franklin v. Fox*, 312 F.3d 423, 444–45 (9th Cir. 2002)); *Sutton v. Providence St. Joseph Med. Ctr.*, 192 F.3d 826, 22  835 (9th Cir. 1999) (quoting *American Mfrs. Mut. Ins. Co. v. Sullivan,* 526 U.S. 40, 119 S.Ct. 977, 985, (1999))("§1983 excludes from its reach merely private conduct, no matter how discriminatory or 23  wrong.").

24      [61] *In re 2TheMart.com, Inc Sec. Litig.*, 114 F. Supp. 2d 955, 965 (C.D. Cal. 2000).

25      [62] *Id.*

26      [63] *Spurlock v. F.B.I.*, 69 F.3d 1010, 1016 (9th Cir. 1995) (citations omitted).

27      [64] Doc. 180, at 2-5.

28                  Page 14 of 17

1    "overstated,"[65] and that striking Cox's counterclaim would result in "no possible prejudice" because

2    she has "failed essentially the same complaint in eight other courts."[66]  Alternatively, without giving

3    any explanation or legal justification for the request, Plaintiffs seek to strike just paragraph 25 of the

4    counterclaim.[67]

5    Much of the relief sought by this motion has already been granted in the dismissal order

6    above.  Cox's claims against the RLG have been dismissed rather than stricken, and claims 2, 3, 5, 6,

7    and 7 have been dismissed with only claims 3 and 5 having even a possibility of revival by

8    amendment.  The Court is unpersuaded by Randazza's argument that the rest of the claims should be

9    stricken due to Cox's overstated *pro se* status.  Even if Cox has publicly proclaimed her own skill as

10   a *pro se* litigant, Plaintiffs' assertions that "Cox knows the Court's rules" and that "Cox also knows

11   the law" are belied by Cox's inexpert filings and conduct in this litigation.  And the unpublished

12   Connecticut, New York, and Vermont district court cases[68] that Plaintiffs offer in support of their

13   argument ignores binding Supreme Court and Ninth Circuit precedent that requires this Court to

14   construe Cox's pleadings liberally.  Plaintiffs have offered no reason whatsoever to drive this Court

15   to the conclusion that "this case is not the proper vehicle for adjudicating Cox's compulsory and

16   permissive counterclaims,"[69] so it declines to strike Cox's remaining claims on such grounds.

17   Finally, Plaintiffs request to strike paragraph 25 is denied because Plaintiffs have failed to identify

18   what is redundant, immaterial, impertinent, or scandalous about that paragraph such that it should be

19   stricken.  In sum, the motion to strike is denied in its entirety.

20

21

22   _____

23      [65] *Id.* at 5.

24      [66] *Id.* at 6.

25      [67] *Id.* at 7.

26      [68] *Id.* at 5.

27      [69] *Id.* at 3.

28

**Conclusion**

Accordingly, based on the foregoing reasons and with good cause appearing,

It is HEREBY ORDERED that Plaintiff's Motion to Dismiss **[Doc. 179] is GRANTED in part and DENIED in part** as follows:

- All claims against the RLG are dismissed;
- As to Plaintiff/Counterdefendant Marc Randazza:
  - Claim 1 is dismissed only to the extent that it is based on statements made by Randazza in furtherance of or in the course of litigation;
  - Claim 2 is dismissed with prejudice;
  - Claim 3 is dismissed without prejudice;
  - Claim 4 is NOT dismissed;
  - Claim 5 is dismissed without prejudice;
  - Claim 6 is dismissed without prejudice to its reassertion in a separate lawsuit, but it cannot be reasserted in this action;
  - Claim 7 is dismissed with prejudice.
- If Cox believes that she has additional facts and events (not previously alleged) that may give rise to a claim for abuse of process or tortious interference with business relations, curing the defects identified in this order, Cox has 14 days from the execution of this order to file a motion for leave to amend her counterclaim identifying the additional factual allegations that she believes supports such claims.  Cox is cautioned that the motion must comply with Local Rule 15-1 which provides, among other things, that a party filing a motion for leave to amend a claim "shall attach the proposed amended pleading to any motion to amend, so that it will be complete in itself without reference to the" prior version.  L.R 15-1(a).  Cox must carry forward into the new draft counterclaim any information that she wants to continue to plead and that has not been dismissed with prejudice by this order; the Court cannot

and will not simply refer back to a prior pleading for other information because an amended counterclaim supersedes all prior versions as if the prior versions never existed, and all allegations and claims not carried forward are deemed waived.[70]  Cox must delete from the new version that she attaches to the motion for leave to amend any claims or portions of claims that have been dismissed with prejudice by this order or that have been dismissed without the opportunity to ask for leave to amend them in this case.

It is FURTHER ORDERED that Plaintiff's Motion to Strike **[Doc. 180] is DENIED**.

Dated:  May 21, 2014.

_____

Jennifer A. Dorsey
United States District Judge

---

[70] *See Valadez-Lopez v. Chertoff*, 656 F.3d 851, 857 (9th Cir. 2011).