UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MARC J. RANDAZZA, an individual, JENNIFER RANDAZZA, an individual, and NATALIA RANDAZZA, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>CRYSTAL COX, an individual, et al.<br><br>Defendants. | Case No.: 2:12-cv-2040-JAD-PAL<br><br>**Order Denying Defendant's Motion to Amend/Correct Complaint**<br>**[Doc. 209]** |

This case arises out of the alleged targeting of Plaintiffs Marc Randazza, his wife Jennifer, and their young daughter Natalia by Defendant Crystal Cox, a self-proclaimed "investigative blogger." After this Court granted Cox's Motion for Reconsideration allowing Cox to file permissible counterclaims against Plaintiff Marc Randazza only,[1] Cox filed an amended "Counter Complaint" against Plaintiff Marc Randazza and Randazza Legal Group.[2] On Plaintiffs' motion,[3] the Court dismissed with prejudice Cox's harassment and First Amendment violation claims,[4] let Cox's defamation and legal malpractice claims stand, and gave Cox 14 days to file a motion for

---

[1] Doc. 162.

[2] Doc. 164.

[3] Doc. 179.

[4] Doc. 208.

leave to amend to assert "additional facts and events (not previously alleged)" to cure the deficiencies in her claims for tortious interference and abuse of process.[5]

Cox timely filed a Motion to Amend/Correct Complaint that complies with Local Rule 15-1.[6] In the proposed amended complaint, she carries forward her defamation and legal malpractice claims but attempts to add supplemental facts to those claims; she then attempts to reallage her abuse of process claim with new and additional facts but abandons her tortious interference claim.[7] The Court finds this motion appropriate for disposition without oral argument under Local Rule 78-2 and denies Cox's motion to amend because her effort again exceeds the scope of the Court's order by attempting to amend the defamation and legal malpractice claims, and the supplemental facts do not give rise to a viable claim for abuse of process.

**Discussion**

After the time for amendment as a matter of course has expired, a party may amend its pleading only by leave of the court or by the adverse party's written consent.[8] The court has discretion to grant leave and should freely do so "when justice so requires."[9] "In exercising its discretion[,] . . . a court must be guided by the underlying purpose of Rule 15—to facilitate decision on the merits rather than on the pleadings or technicalities. . . . Thus, Rule 15's policy of favoring amendments to pleadings should be applied with extreme liberality."[10] "Generally, this determination should be performed with all inferences in favor of granting the motion."[11] Nonetheless, "leave to

---

[5] *Id.*

[6] Doc. 209.

[7] Doc. 210.

[8] Fed. R. Civ. P. 15(a)(2).

[9] *Id.*; *see also Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990).

[10] *Eldridge v. Block*, 832 F.2d 1132, 1135 (9th Cir. 1987) (quotations removed).

[11] *Griggs v. Pace Am. Group, Inc.*, 170 F.3d 877, 880 (9th Cir. 1999) (citing *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987)).

amend is not to be granted automatically."[12] Courts may deny leave to amend if it will cause: (1) undue delay; (2) undue prejudice to the opposing party; (3) the request is made in bad faith; (4) the party has repeatedly failed to cure deficiencies; or (5) the amendment would be futile.[13]

A proposed amendment is futile if no set of facts can be proved under the amendment that would constitute a valid claim or defense.[14] The standard of review is akin to that employed to determine the sufficiency of a pleading challenged in a Rule 12(b)(6) motion to dismiss:[15] the court must accept as true all well-pled factual allegations; however, legal conclusions are not entitled to the assumption of truth.[16]

Cox's proposed amended counterclaim adds allegations relating to the defamation and legal malpractice claims. The Court did not dismiss those claims or invite Cox to seek leave to amend those claims. Therefore, any addition of those allegations was unauthorized. Moreover, Cox knew or should have known the facts and theories she adds in the proposed amended counterclaim at the time of her original filing.[17] Thus, amendment to include those allegations is denied based on undue delay.

Relatedly, Plaintiffs' opposition makes arguments to disallow Claim 1 for defamation and Claim 4 for legal malpractice to go forward. Instead of attacking the sufficiency of the allegations in the proposed amended complaint, Plaintiffs attack the proof, attaching numerous affidavits, emails, WIPO administrative decisions, and website print outs to argue the merits of the defamation and

---

[12] *Jackson v. Bank of Haw.*, 902 F.2d 1385 1387 (9th Cir. 1990).

[13] *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008).

[14] *Farina v. Compuware Corp.*, 256 F.Supp.2d 1033, 1061 (9th Cir. 2003) (quoting *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988)).

[15] *Id.* (quoting *Miller*, 845 F.2d at 214).

[16] *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

[17] *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 953 (9th Cir. 2006) (citing *Jackson v. Bank of Haw.*, 902 F.2d 1385, 1388 (9th Cir. 1990))(holding "In evaluating undue delay, the court also inquires 'whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading.'")

legal malpractice claims.[18] This is procedurally improper. If the Court considered this evidence, it would *sua sponte* convert this opposition to a motion for leave to amend into a summary judgment motion[19] — one that the Court already denied, largely due to authentication issues.[20] The dispositive motion deadline has passed, and the Court will not permit Plaintiffs to use their opposition to Cox's motion for leave to amend as an opportunity to cure the authentication deficiencies in their summary-judgment papers and take a second bite at that dispositive-motion apple.[21]

The Court does find, however, that Cox has failed to allege additional facts and events (not previously alleged) that may give rise to a claim for abuse of process and denies her attempt to bolster that claim with the proposed amendment. The new allegations relating to abuse of process are that Randazza "issued subpoenas, sued Cox, emailed Cox, and attempted to get information from Cox,"[22] "abused his power of the court to get information" from various individuals,[23] "got subpeonas to get personal information of Diana Grandmason,"[24] "used this case in an abuse of process,"[25] called people to get Cox's personal information,[26] intimidated "private parties to give him Cox's 1099's,"[27] and hired "a Private Investigator to follow [Cox], and watch [her] every move."[28] Cox asserts that this was all unrelated to the trademark dispute and rather used to "set [Cox] up for a

---

[18] Doc. 210.

[19] Fed. R. Civ. P. 12(d).

[20] Doc. 200.

[21] Doc. 140.

[22] Doc. 209-1 at 21.

[23] *Id.*

[24] *Id.*

[25] *Id.* at 22.

[26] *Id.*

[27] *Id.* at 23.

[28] *Id.*

crime." None of these allegations is new; each one has been previously alleged in one of Cox's many iterations[29] of her counterclaim.

As the Court has already held, the only publications that relate to "process" are the filing of court documents and issuance of subpoenas. The Court has already dismissed, with prejudice, this claim to the extent that is based on allegations that Randazza "contacted private parties, used confidential information, [or] used false instruments," because these allegations relate to the defamation and legal malpractice causes of action. Moreover, Plaintiffs are entitled to absolute privilege for the filing of court documents and issuance of subpoenas because "[a]ll the publications were made in this judicial proceeding, had some connection or logical relation to Randazza's allegations against Cox in this action, were made to achieve the Randazza's stated object of the litigation, and involved Randazza, as a litigant, and his attorney, as a participant authorized by law."[30]  Thus, as Cox has failed to allege any new facts that may give rise to a claim for abuse of process, allowing this amendment is futile. Cox's abuse of process claim is now dismissed with prejudice due to her repeated inability to cure the deficiencies and because allowing further amendment at this point in these protracted proceedings would result in undue prejudice to Plaintiffs.

**Conclusion**

Accordingly, **IT IS HEREBY ORDERED** that Defendant's Motion to Amend/Correct the Complaint [# 209] is DENIED. Cox's counterclaim for abuse of process is dismissed with prejudice; Cox is left with two counterclaims: (1) legal malpractice as pled in her Counter Complaint (Doc. 164), and (2) defamation as pled in her Counter Complaint and limited by the Court's May 21, 2014, Order (Doc. 208).

Dated: July 8, 2014.

Jennifer A. Dorsey
United States District Judge

---

[29] Doc. 24, 46, 164,

[30] Doc. 208 at 9; *Umansky*, 84 Cal.Rptr. at 549.