Ronald D. Green, NV Bar #7360
Theresa M. Haar, NV Bar #12158
Randazza Legal Group
3625 S. Town Center Drive, Suite 150
Las Vegas, NV 89135
702-420-2001
702-420-2003 fax
ecf@randazza.com

Attorney for Plaintiffs
MARC J. RANDAZZA, JENNIFER RANDAZZA, and NATALIA RANDAZZA

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| MARC J. RANDAZZA, an individual, JENNIFER RANDAZZA, an individual, and NATALIA RANDAZZA, a minor,<br><br>Plaintiffs,<br><br>vs.<br><br>CRYSTAL COX, an individual, and ELIOT BERNSTEIN, an individual,<br><br>Defendants. | Case No. 2:12-cv-2040-JAD-PAL |

**PLAINTIFFS' OPPOSITION TO COX'S MOTION TO COMPEL**

Plaintiffs, Counterclaim Defendants, Marc J. Randazza, Jennifer Randazza, and Natalia Randazza ("Plaintiffs"), by and through their undersigned counsel of record, hereby file this opposition to Defendant Crystal Cox's Motion to Compel counter defendant regarding First Set of Interrogatories ("Motion to Compel"). (ECF 216). Plaintiffs oppose Cox's Motion to Compel based on the following grounds.

**I.   INTRODUCTION**

Cox served Plaintiffs with her First Set of Interrogatories on July 24, 2014. The reply date for these interrogatories, pursuant to Fed. R. Civ. P. 33, is 30 days, which is on or before August 25, 2014. Cox's First Set of Interrogatories consisted of 63 numbered interrogatories, many of which consisted of multiple distinct subparts. A mere five days later, on July 29, 2014, Cox filed her Motion to Compel Counter Defendant Regarding First Set of Interrogatories. Cox does not cite to any authority as a

1

1  basis for requesting the Court to compel Plaintiffs to respond, and the Plaintiffs intend to raise a
2  number of objections.
3        Cox's Motion to Compel is entirely inappropriate and untimely, as the deadline for Plaintiffs to
4  respond has not passed.  The motion is doubly inappropriate given the fact that when Cox was served
5  with written discovery requests by the Plaintiffs on August 27, 2013, Cox declined to respond to a
6  single one of them.  (See Exhibit A, Plaintiff's First Set of Requests for Production to Defendant
7  Crystal Cox; Exhibit B, Plaintiffs' First Set of Interrogatories to Defendant Crystal Cox; Exhibit C,
8  Plaintiffs' First Set of Requests for Admissions to Defendant Crystal Cox; and Exhibit D is a copy of
9  the postage receipt with tracking, demonstrating that these were mailed to Cox on August 27, 2013).
10 On January 11, 2013, Cox was sent a letter requesting a LR 26-1 meet-and-confer.  Attached hereto as
11 Exhibit E.  On January 15, 2013, Cox was sent a second request to schedule a meet-and-confer.
12 Attached hereto as Exhibit F.  However, Cox refused to respond to either request.  Cox has
13 affirmatively stated to the Court that she would not participate in discovery in this case.  Cox has stated
14 she "will NOT attend a Case Management Conference.  If Court Ordered, [she] will refuse, if this is
15 contempt [she] will demand a criminal attorney."  (ECF 120 at 3).  Furthermore, she "will not take a
16 phone call nor be deposed by Randazza."  (ECF 174 at 3).  Despite refusing to participate in discovery
17 in the case-in-chief, Cox now wishes to engage in discovery in the counterclaims, and wishes to do so
18 abusively.
19       Yet again, Cox is utilizing dilatory and dubious tactics to overburden the Court and Plaintiffs
20 by filing needless, voluminous, and irrelevant pleadings.  Cox has been warned innumerable times
21 before that, even as a *pro se* litigant, she must abide by the Federal Rules of Civil Procedure and this
22 Court's Local Rules.  This Court has previously determined "Cox's voluminous filing, failure to comply
23 with the court's electronic filing procedures, and failure to comply with the Local Rules of Practice and
24 Federal Rules of Civil Procedure have all impeded the administration of justice in this case." (ECF 144
25 at 3).
26       Here, Cox is in violation of Rule 33(a)(1) for submitting well in excess of 25 written
27 interrogatories, not even considering all of the discrete, convoluted, subparts.  Cox is in violation of
28 Rule 37 for filing a Motion to Compel before the deadline has passed under Rule 33(b)(2).  Cox is also

1  in violation of Rule 37 for failing to make any good faith effort to resolve her perceived discovery
2  issues with Plaintiffs before seeking this Court's order.  Cox is in violation of Local Rule 26-7, again
3  for failing to make any good faith communication with Plaintiffs to resolve this matter.  Cox is in
4  violation of Local Rule 7-2 for failing to include any memorandum of points and authorities in support
5  of her Motion to Compel.  Cox has been admonished in nearly every Order this Court has issued that
6  she must comply with this Court's Rules and Orders (ECFs 86; 89; 109; 133; 134; 135; 136; 137; 138;
7  139; 141; 143; 144; 162; 168; 200; 204; and 206).  Despite receiving 18 separate warnings, Cox refuses
8  to comply.  Therefore, Cox's Motion to Compel must be dismissed and sanctions should be imposed.

9  **II.      LEGAL ARGUMENT**

10         **A.     The Motion to Compel is Premature and Not Warranted**

11         Pursuant to Fed. R. Civ. P. 37(a)(3)(B)(iii), a Motion to Compel may be made only where "a
12  party fails to answer an interrogatory submitted under Rule 33."  Additionally, pursuant to Fed. R. Civ.
13  P. 33(b)(2), "[t]he responding party must serve its answers and any objections within 30 days after
14  being served with the interrogatories."  Cox even cited to the 30-day time to answer in her First Set of
15  Interrogatories, twice.  (Cox's First Set of Interrogatories at 1 and 11).  Cox served her interrogatories
16  on Plaintiffs on July 24, 2014.  Therefore, Plaintiffs have until August 25, 2014 to answer or object, as
17  the 30th day, or August 23rd, falls on a Saturday.  As the time to answer has not yet passed, and
18  Plaintiffs have not failed to answer Cox's discovery requests, Cox's Motion to Compel is premature
19  and wholly impermissible.  Therefore, Cox's Motion to Compel must be denied.

20         **B.     Cox Failed to Engage in a Good Faith Effort to Resolve The Dispute**

21         Pursuant to Fed. R. Civ. P. 37(a)(1), "a party may move for an order compelling disclosure or
22  discovery.  The motion must include a certification that the movant has in good faith conferred or
23  attempted to confer with the person or party failing to make disclosure or discovery in an effort to
24  obtain it without court action."  Furthermore, under the Local Rules, "[d]iscovery motions will not be
25  considered unless a statement of the movant is attached thereto certifying that, after personal
26  consultation and sincere effort to do so, the parties have been unable to resolve the matter without
27  Court action."  LR 26-7(b).  Cox makes no assertion of an attempt at a good faith conference with
28  Plaintiffs, as Cox never contacted Plaintiffs about her discovery requests.  Presumably because

contacting Plaintiffs about complying with discovery before the deadline has passed would have been nonsensical. Instead, Cox seeks to overburden this Court and Plaintiffs with unnecessary and unreasonable requests.

### C. The Motion Violates Local Rule 7-2

Cox's Motion to Compel violates Local Rule 7-2, which requires "all motions" to "be supported by a memorandum of points and authorities." LR 7-2(a). Furthermore, "[t]he failure of a moving party to file points and authorities in support of the motion shall constitute a consent to the denial of the motion." LR 7-2(d). Cox's Motion to Compel does not provide any points and authorities upon which she would have a basis to seek this Court's order. Cox has been specifically and individually admonished for being in violation of LR 7-2. (ECFs 86 at 2; 133 at 2; 136 at 3; 139 at 2; 144 at 2; 162 at 2; 200 at 17). Even as a *pro se* litigant, Cox has no excuse for this continued noncompliance with the rules. Cox cites to no statutory authority or case law to justify her request, and without supporting points and authorities, Cox's Motion to Compel must be denied.

### D. Sanctions Are Appropriate

Pursuant to the Local Rules, the Court may impose sanctions on a party, including a pro se party, for failure to comply with the Local Rules or for failure to comply with any Court Order. LR IA 4-1(c)(d). Cox has violated this Court's repeated admonishments that she must abide by the Federal Rules of Civil Procedure and the Local Rules. In fact, this Court has had to go as far as revoking Cox's electronic filing privileges because she so thoroughly abused the Court's filing system and ran so far afoul of the rules of the Court. (ECF 144). However, time and again, Cox flagrantly violates this Court's Rules and Orders:

> Cox has been cautioned that she must learn the rules of this Court if she is going to serve as her own counsel in this case. She is again cautioned that her *pro se* status does not give her a pass from compliance with all rules of this Court. And she is again cautioned that her continued filing of motions, notices, and requests without a valid, articulated legal basis will result in her filings being stricken or summarily denied, and because of the lengthy history of these violations in this case despite repeated warnings, **sanctions will also be assessed**.

(ECF 200 at 19; emphasis in original). This admonishment was not "sanctions *might* be assessed," it was "sanctions *will* be assessed." Shortly thereafter, the Court again admonished Cox that she "**is cautioned that any future violations of the Court's scheduling order or any other order may be met with monetary sanctions**." (ECF 206 at 3; emphasis in original). Despite being warned again

4
*Opposition to Cox's Motion to Compel*

and again (in fact, 18 times), Cox has chosen to mock this process and this court, and only sanctions will rein in her conduct.

### III.     CONCLUSION

Based on the foregoing, Plaintiffs respectfully request that the Court deny Cox's Motion to Compel and levy appropriate sanctions against Cox for her repeated violation of this Court's Rules and Orders.

Dated: July 29, 2014                                        Respectfully submitted,

/s/ Theresa M. Haar
Ronald D. Green, NV Bar #7360
Theresa M. Haar, NV Bar #12158
Randazza Legal Group
3625 S. Town Center Drive, Suite 150
Las Vegas, NV 89135
702-420-2001; 702-420-2003 fax
ecf@randazza.com

**CERTIFICATE OF SERVICE**

Pursuant to the Federal Rules of Civil Procedure 5(b), I hereby certify that the foregoing document was served to Defendant Crystal L. Cox at:

P.O. Box 2027
Port Townsend, WA 98368

Dated: July 29, 2014                                     Signed,

                                                                              _____
                                                                              Employee
                                                                              ecf@randazza.com
                                                                              Randazza Legal Group
                                                                              3625 S. Town Center Drive, Suite 150
                                                                              Las Vegas, NV 89118
                                                                              (702) 420-2001
                                                                              (702) 420-2003 fax