UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA
2:12-cv-02040-JAD-PAL

CRYSTAL L. COX,
Defendant, Counter Plaintiff

v.

MARC J. RANDAZZA, Individually and Professionally
Plaintiffs, Counter Defendant



## Reply to Answer

Defendant / Counterplaintiff Crystal Cox filed a motion moving this court for a default, as Cox claimed and continues to claim that Randazza, Counterdefendant did not file an answer in time as per rules of procedure and did so deliberately, as he filed motions to strike and other motions but no answer.

Plaintiff / Counterdefendant is an attorney, he knows the rules of procedure and yet deliberately failed to answer within the rules of procedure 21 days.

Cox continues to move this court for a default however, Cox is addressing the answer and a responding to each affirmative defense alleged.

### Cox's Response to Counterdefendant's;

### FIRST AFFIRMATIVE DEFENSE

1

Cox has a clear and convincing case of Defamation and Malpractice against Counterdefendant. Cox has a clear right to relief.

## SECOND AFFIRMATIVE DEFENSE

Counterdefendant was with negligence and other culpable fault.

## THIRD AFFIRMATIVE DEFENSE

Cox claims that counterdefendant Randazza had control of the conduct of other parties, he contacted them, he maliciously painted Cox in false light, and he himself sent them an email from Cox and flat out stated that it was Cox extorting him.

It is flat out false to attempt to claim that counterdefendant had nothing to do with other parties getting a personal private email from Cox, his former client, emailed to him personally in which he himself gave to media, bloggers, NPR, legal blogs, Forbes, and more and told them it was Extortion.

## FOURTH AFFIRMATIVE DEFENSE

COX has provided this court with clear and convincing proof, blog posts, news articles and more that support and prove that Randazza maliciously defamed her. It is NOT speculation and Cox has provided proof. It is all over the Internet. Originating from Randazza, counterdefendant.

## FIFTH AFFIRMATIVE DEFENSE

It is a FACT that Marc Randazza, counterdefendant, knowing full well of the TRUTH, willfully and maliciously, deliberately, and recklessly attacked, defamed, harmed and slandered Cox.

It is a fact that Randazza told First Amendment Bar members that he represented COX and therefore deterred any support for Cox.

It is a fact that Randazza posted false and defamatory information and spoke false and defamatory information on radio and in interviews.

Randazza acted with willful, malicious, deliberate or reckless misconduct and caused COX harm of which she has no way to recover and is allowed all allowable relief by law.

## SIXTH AFFIRMATIVE DEFENSE

Counterdefendant has most CERTAINLY engaged in communication constituting libel against Counterclaimant.

## SEVENTH AFFIRMATIVE DEFENSE

Counterdefendant has most CERTAINLY engaged in communication constituting libel against Counterclaimant.

## EIGHTH AFFIRMATIVE DEFENSE

Counterdefendant has most CERTAINLY engaged in communication constituting libel against Counterclaimant.

## NINTH AFFIRMATIVE DEFENSE

To the extent Counterdefendant has engaged in any communications that have been published concerning Counterclaimant, such communications were NOT truthful to the best of the knowledge and ability of Randazza.

Randazza cannot prove absolute truth as Cox has not extorted him, nor is Cox guilty of extortion.

## TENTH AFFIRMATIVE DEFENSE

Counterdefendant clearly and convincingly, did willfully maliciously publish defamatory communications concerning the Counterclaimant.

## ELEVENTH AFFIRMATIVE DEFENSE

It is not a First Amendment right to defame a former client.

It is not a First Amendment right to maliciously, deliberately accuse Cox of criminal behavior against Randazza and his 3 year old daughter, of which has no factual base.

## TWELFTH AFFIRMATIVE DEFENSE

Counterdefendant did NOT act in good faith and deliberately created a widespread multimedia (legal blogs, NPR, Forbes and more) harassment and defamation campaign to defame COX and to affect her case and life negatively in retaliation against COX.

## THIRTEENTH AFFIRMATIVE DEFENSE

RANDAZZA has a history of using court documents to attack litigants in cases where he sues or represents clients. He does this in order to affect cases. Randazza abuses his power as an attorney and the court process

4

to deliberately and maliciously defame those he sues in order to pressure them to settle or do what he wants, or make them look bad in media outlets to affect the results of cases. This in order to make him money and get his way, or the result he wants to benefit himself or his clients.

## FOURTEENTH AFFIRMATIVE DEFENSE

Cox has a clear claim of legal malpractice.

RANDAZZA told others he represented COX and used privileged information and private emails from COX to HIM in order to RUIN HER LIFE on every single level.

## FIFTEENTH AFFIRMATIVE DEFENSE

Randazza acted as COX's Attorney, negotiated as if he represented COX and certainly did have an implied contract.

## SIXTEENTH AFFIRMATIVE DEFENSE

Sounds like Counterdefendant ADMITS there was a contract and then later he posted bad stuff about me and claims it later void and having no force.

Randazza bullied Cox, defamed Cox, interferred with her cases, affected her cases, conspired with David Aman in a 10 million dollar case out of Oregon against Cox, worked with AMAN to auction off COX's right to appeal and shouted from the rooftops in every direction that Cox was a criminal extortionist who attacked a toddler.

RANDAZZA has RUINED MY LIFE on every single level. This court should set an example that it is NOT ok that attorneys do this to litigants or those they wish to represent.

## SEVENTEENTH AFFIRMATIVE DEFENSE

There is no statute of limitation on fraud on the courts for one. There is no limitation on publishing defamatory and false statements, when it is still out there.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Counterclaimant's Counterclaim is NOT barred by the applicable Doctrine of Laches.

## NINETEENTH AFFIRMATIVE DEFENSE

Counterclaimant's Counterclaim is barred by the applicable Doctrine of Unclean Hands.

## TWENTIETH AFFIRMATIVE DEFENSE

Counterclaimant's Counterclaim is NOT barred by the applicable Doctrine of Estoppel.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Counterclaimant has NOT failed to mitigate her damages. Counterdefendant has ruined Cox's life and caused immeasurable damages and is allowed all allowable relief by law.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Counterclaimant, has not waived nor abandoned any claims or rights in any way. Randazza's conduct has been unethical, unconstitutional, and unlawful.

6

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Coundefendant has no right to amend his answer, he did not file it in a timely manner and should have a default.

Counterdefendant has no legitimate lawful affirmative defense.

### Certification of Service

On August 15th, 2014, Crystal Cox certifies mailing a copy of this to:

U.S. District Court
Clerk of Court
Room 1334
333 Las Vegas Blvd. S.
Las Vegas, NV 89101

Crystal L. Cox
P.O. Box 2027
Port Townsend, WA 98368