F. Christopher Austin, (NV Bar No. 6559)
**WEIDE & MILLER, LTD.**
7251 W. Lake Mead Blvd., Suite 530
Las Vegas, NV 89128-8373
(702) 382-4804
caustin@weidemiller.com

*Attorneys for Plaintiff, Counterdefendant
Marc J. Randazza*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| MARC J. RANDAZZA, an individual, JENNIFER RANDAZZA, an individual, and NATALIKA RANDAZZA, an individual,<br><br>             Plaintiff,<br><br>     v.<br><br>CRYSTAL COX, an individual, et al.,<br><br>             Defendants. | Case No.: 2:12-cv-2040-JAD-PAL<br><br>**Counterdefendant Marc J. Randazza's Opposition to Counterclaimant's Motion for Default Judgment** |

Counterdefendant Marc J. Randazza ("Randazza"), through his undersigned counsel, hereby submits this Opposition to Counterclaimant's ("Cox") Motion for Default Judgment ("Motion") [Doc. 227].

**I.     INTRODUCTION**

Counterclaimant's Motion does not comply with the Federal Rules of Civil Procedure or the Local Rules of the District of Nevada.  Specifically, Counterclaimant failed to comply with the requirements of Fed. R. Civ. P. 55(a), which requires an affidavit in support of the Motion demonstrating that the Randazza failed to "plead or otherwise defend" against the Counterclaim.[1]  Counterclaimant cannot in fact produce such an affidavit, as Randazza has actively defended against the Counterclaim from the commencement of this action.  The Motion should, therefore, be denied pursuant to Fed. R. Civ. P. 55(a).

---

[1] Fed.R.Civ.P. 55(a).

In addition, Cox's Motion should be denied for failure to submit a memorandum of points and authorities as required under Local Rule 7-2, something for which she has been repeatedly admonished by this Court.

## II. STATEMENT OF MATERIAL FACTS

Plaintiffs filed their Complaint [Doc 1.] against Crystal Cox on November 28, 2012.[2]

On January 3, 2014, Cox filed her Answer to the Complaint [Doc 23.] and her Counterclaim [Doc. 24] against approximately 73 "counter-defendants," including the then sitting judge on the case, Judge Gloria M. Navarro.[3] The Counterclaim was amended [Doc. 62] by Cox on January 27, 2013, and later stricken by order of the Court [Doc. 89] on February 22, 2013.[4]

On February 23, 201, Cox filed an amended Answer [Doc. 90],[5] and on March 4, 2013, she filed yet another amended answer [Doc. 99].[6] On March 11, 2013, Randazza timely filed a motion to strike Cox's amended answer [Doc. 99].[7] On March 15, 2014, the Court granted in part [Doc. 204] Randazza's motion to strike Cox's amended answer [Doc. 99] and entered the surviving portions of the amended answer as the Superseding Amended Answer [Doc. 205] in the matter.[8]

On April 25, 2013, Cox moved for an order to reconsider the dismissal of her counterclaims [Doc. 24].[9] Randazza opposed the motion on May 1, 2013,[10] and Cox replied on

---

[2] Doc. 1.

[3] *See* Doc. 23 and 24.

[4] Doc. 89.

[5] Doc. 90.

[6] Doc. 99

[7] *See* Doc. 101.

[8] *See* Doc. 204 and 205.

[9] Doc. 116.

[10] Doc. 123.

7251 W. LAKE MEAD BLVD.,
SUITE 530
LAS VEGAS,
NEVADA 89128
(702) 382-4804

FCA-W-0185                                     2                  Opposition to Motion for Default Judgment

1  May 5, 2013.[11]  On February 14, 2014, the Court granted [Doc. 162] in part Cox's motion for
2  reconsideration, permitting Cox to file "a proper counterclaim against Plaintiff Marc Randazz"
3  and "den[ying] the motion [for reconsideration] in all other respects."[12]

4  On February 20, 2014, Randazza timely moved to reconsider the Court's February 14,
5  2014, Order permitting Cox to file an amended counterclaim.[13]  On February 27, 2014, the
6  Court denied Randazza's motion for reconsideration.[14]

7  On February 24, 2014, Cox filed a "Counter Complaint" [Doc. 164] against Randazza
8  and, in express violation of the Court's February 14, 2014 Order [Doc. 162], Cox filed it against
9  the Randazza Legal Group as well.[15]

10  Randazza then filed motions on March 12, 2014, to dismiss and strike Cox's Counter
11  Complaint [Doc. 164].[16]  After Cox filed her oppositions to these motions,[17] and Randazza
12  submitted replies in support of them,[18] the Court, on May 21, 2014, entered an order [Doc. 208]
13  denying the motion to strike and granting in part and denying in part Randazza's motion to
14  dismiss.[19]

15  The May 21, 2014, Order [Doc. 208] predominantly granted Randazza's Motion to
16  Dismiss. Specifically, the Court dismissed Cox's claims for harassment, abuse of process,
17  tortious interference with business advantage, civil conspiracy, and violation of her First

---

[11] Doc. 124.

[12] *See* Doc. 162.

[13] Doc. 165.

[14] Doc. 166.

[15] *See* Doc. 164.

[16] Doc. 179 and 180.

[17] Doc. 185 and 186.

[18] Doc. 191 and 192.

[19] Doc. 208.

WEIDE & MILLER, LTD.
7251 W. LAKE MEAD BLVD.,
SUITE 530
LAS VEGAS,
NEVADA 89128
(702) 382-4804

FCA-W-0185        3        Opposition to Motion for Default Judgment

Amendment rights.[20] The Court further dismissed Cox's defamation claims to the extent they related to Randazza's statements "in furtherance of or in the course of litigation."[21] Concluding its Order, the Court advised Cox she could move for leave to amend certain of her counterclaims, noting that "all allegations and claims not carried forward [into the proposed amended counterclaim] are deemed waived."[22]

In response, on June 2, 2014, Cox filed yet another motion [Doc. 209] to amend her counterclaims [Doc. 164].[23] This motion was accompanied by a 30-page proposed Amended Counterclaim, which was wholly duplicative of claims made in eleven other courts, including two identical claims pending in this District [Doc 209-1 and 209-2.], both of which have been dismissed with prejudice, one by Judge Gordon[24] and the other by Judge Du, the judge in the present action.[25]

The claims in these dismissed actions raise the same claims asserted in the present matter.[26] Given this history, Cox was well aware of the frivolous nature of her claims at the time she asserted them in the instant matter, all of which support the dismissal of such claims under the Nevada Anti-SLAPP Act and in no way support the entry of a default.

Accordingly, on June 13, 2014, Randazza opposed Cox's motion to amend her Counter

---

[20] *See* Doc. 208

[21] *Id.* at 16.

[22] *Id.* at 17.

[23] Doc. 209.

[24] *Cox v. Carr, et al.*, 2:13-cv-00938-APG-GWF (D. Nev.) (the "'938 Action") transferred from the Southern District of New York (1:13-cv-03257-LAP) and subsequently dismissed with prejudice by Judge Gordon on the recommendation of Magistrate Foley (D. Nev. December 6, 2013)

[25] *Cox v. Randazza, et al.*, 2:13-cv-00297-MMD-VCF (D. Nev.): 2013 U.S. Dist. LEXIS 168741 (D. Nev. Sept. 16, 2013); 2014 U.S. Dist. LEXIS 66206 (D. Nev. Apr. 21, 2014); 2014 U.S. Dist. LEXIS 66582 (D. Nev. May 14, 2014), dismissed [Doc. 31 and 32] by Judge Miranda M. Du on May 14, 2014 in accord with Magistrate Ferenbach's recommendations [Doc. 30].

[26] *See Cox v. Carr* [cited in fn. 24 herein] and *Cox v. Randazza* [cited in fn 25, herein].

WEIDE & MILLER, LTD.
7251 W. LAKE MEAD BLVD.,
SUITE 530
LAS VEGAS,
NEVADA 89128
(702) 382-4804

FCA-W-0185    4    Opposition to Motion for Default Judgment

1  Complaint [Doc. 164],[27] and on June 27, 2014, Cox filed a reply in support of it.[28] On July 8,
2  2014, the Court entered an Order [Doc. 213] denying Cox's motion to amend the February 24,
3  2014, Counter Complaint [Doc. 164],[29] and dismissed with prejudice Claim 3 for abuse of
4  process, concluding that "Cox is left with two counterclaims: (1) legal malpractice as plead in
5  her Counter Complaint [Doc. 164], and (2) defamation as pled in her Counter Complaint [Doc.
6  164] and limited by the Court's May 21, 2014, Order [Doc. 208]."[30]

7  On July 15, 2014, the Court entered a discovery Scheduling Order,[31] and from July 15,
8  2014 through August 8, 2014, the parties engaged in discovery motion practice.[32]

9  Plaintiff maintains that neither of Cox's remaining two claims have any merit, as
10 evidenced by the *sua sponte* dismissal of these same claims in related actions against the very
11 same counterdefendant, so on August 14 and 15, 2014, Randazza filed an Answer [Doc. 220]
12 and Amended Answer [Doc. 223] to the Cox Counter Complaint [Doc. 164] in contemplation
13 of, and in connection with an Anti-SLAPP motion to dismiss Cox's counterclaims [Doc. 224].[33]
14 Four days later, on August 18, 2014, Cox brought the instant "Motion for Default Judgment"
15 [Doc. 227].[34]

16 Cox's Motion is moot and untimely under the Rules and should be denied.

17 / / /
18 / / /
19 / / /

---

[27] Doc. 210.

[28] Doc. 212.

[29] Doc. 213.

[30] See id.

[31] Doc. 215

[32] *See* Doc. 213; *see also* July 8, 2014, Court Minute Order.

[33] *See* Doc. 224.

[34] Doc. 227.

WEIDE & MILLER, LTD.
7251 W. LAKE MEAD BLVD.,
SUITE 530
LAS VEGAS,
NEVADA 89128
(702) 382-4804

FCA-W-0185                              5                Opposition to Motion for Default Judgment

## III. ARGUMENT

### A. Counterclaimant's Motion For Default should be denied because it is procedurally improper.

Cox's Motion for Default should be denied for failure to comply with both the Federal Rules of Civil Procedure and the Local Rules. Fed. R. Civ. P. 55(a) provides in pertinent part:

> When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.

Cox failed to provide an affidavit in support of her Motion asserting that Randazza has "failed to plead or otherwise defend" as required by Fed. R. Civ. P. 55(a) before a default may be entered.[35] Cox cannot meet the requirements of the Federal Rules of Civil Procedure for the Court to enter a default in this matter, because Randazza has actively defended against the Counterclaim since its filing on February 4, 2014, as set forth in the facts recited above.

Finally, Counterclaimant has again failed to comply with the Local Rules of the District of Nevada. Specifically, Local Rule 7-2(a) provides as follows:

> All motions, unless made during a hearing or trial, shall be in writing and served on all other parties who have appeared. The motion shall be supported by a memorandum of points and authorities

In addition, Local Rule 7-2(d) provides the following:

> The failure of a moving party to file points and authorities in support of the motion shall constitute a consent to the denial of the motion.

In filing the instant Motion for Default, Cox has again failed to comply with these Local Rules and did not include a memorandum of points and authorities in support of the Motion or cite to any controlling authorities as required by LR 7-2(a). As a result, Cox consents to the denial of her Motion for Default pursuant to the Local Rules.[36] Accordingly, the Motion for Default should be denied based on Cox's failure to comply with the Federal Rules of Civil Procedure and Local Rules of the District of Nevada.

---

[35] *See* Fed.R.Civ.P. 55(a); *see also* Motion [Doc. 227].

[36] *See* LR 7-2(d).

WEIDE & MILLER, LTD.
7251 W. LAKE MEAD BLVD.,
SUITE 530
LAS VEGAS,
NEVADA 89128
(702) 382-4804

FCA-W-0185                    6                    Opposition to Motion for Default Judgment

**B.  The entry of default is improper because Randazza filed his Answer and was not in default prior to the filing of the Instant Motion.**

As set forth above, Cox first filed her Counter Complaint on February 24, 2014.[37]  On March 12, 2014, Randazza replied to Cox's counterclaims with a Motion to Dismiss.[38]  The Court dramatically limited the scope of Cox's counterclaims in its Order on May 21, 2014.[39]  Mere days later, before an Answer would have come due, Cox filed her Motion for Leave to Amend her counterclaims.[40]  Randazza then filed a Motion in Opposition to Cox's Motion for Leave to Amend on June 13, 2013.[41]  The Court denied Cox's Motion for Leave to Amend, and finally clarified the exact terms of Cox's counterclaims on July 8, 2014.[42]

Only then, was there a final counterclaim to which Randazza could respond.[43]  After engaging in motion practice regarding discovery disputes from July 15, 2014 through August 8, 2014, Randazza filed an Answer [Doc. 220] and an Amended Answer [Doc. 223] to the now Court clarified counterclaims.

Then, in recognition of the *sua sponte* dismissals of the exact same claims surviving in the present action, Randazza filed a timely Anti-SLAPP Special Motion to Dismiss [Doc. 224] on August 15, 2014.[44]  Days later on August 18, 2014, and well after having received notice of the filings of both an Answer and an Amended Answer, Cox then improperly filed her Motion seeking a default against Randazza.[45]

---

[37] Doc. 164.

[38] Doc. 179.

[39] Doc. 208.

[40] Doc. 209 and 209-1.

[41] Doc. 210.

[42] *See* Doc. 213.

[43] *Id.*

[44] Doc. 224.

[45] Doc. 227.

WEIDE & MILLER, LTD.
7251 W. LAKE MEAD BLVD.,
SUITE 530
LAS VEGAS,
NEVADA 89128
(702) 382-4804

Cox's untimely Motion, brought four days after Randazza filed his Answer, ought to be denied as moot.

### C. The entry of default is improper because Randazza has actively participated in this litigation.

This Court has previously held in this very action that:

> [w]here a party has appeared before the Court, the party is generally considered to have otherwise defended the suit. Thus, where a party defended against an initial complaint, but later failed to timely file responses to subsequently filed motions, entry of clerk's default is inappropriate.[46]

This holding was in response to Cox's failure to: (i) respond to any pleadings filed by Randazza, (ii) participate in discovery, (iii) attend her deposition, and (iv) maintain any operative mailing address with the Court for over four months.[47] In response to such egregious failures, the Court issued not one, but two, Orders to Show Cause, requiring Cox to adequately explain why she had refused to participate in litigation.[48] The Court even admonished Cox that her "failure to comply with these instructions will result in her answer being stricken, default being entered against her, and potentially other sanctions."[49] In spite of these harsh admonishments, and despite Cox's failure to comply with the Court's orders, because Cox submitted a response—albeit one non-responsive to the Court's orders—the Court interpreted Cox's failed attempt as evidence of an intent participate, negating the propriety of an entry of default against her.[50]

Randazza's intent to participate in this litigation and specifically to challenge the numerous counterclaims, amended counter-claims, and finally court-revised and clarified amended counterclaims, is without question. Randazza has every cognizable claim and challenge that can be asserted against the Cox counterclaims in the course of the over 227

---

[46] Doc. 173 at 2.

[47] Doc. 157-1.

[48] *See* Doc. 161 and 168.

[49] Doc. 168 at 4.

[50] *See* Doc. 173.

WEIDE & MILLER, LTD.
7251 W. LAKE MEAD BLVD.,
SUITE 530
LAS VEGAS,
NEVADA 89128
(702) 382-4804

FCA-W-0185   8   Opposition to Motion for Default Judgment

docket entries of this action, including as set forth herein above, numerous motions to dismiss and strike such counterclaims, and most recently an Anti-SLAPP motion to dismiss them.[51] Randazza's intention to appear and otherwise defend this action is clear and unequivocal. He has more than demonstrated an intent to defend sufficient to preclude the entry of default under Fed. R. Civ. 55(a). As such, an entry of default is utterly without merit and should be denied.

## IV. CONCLUSION

Based on the foregoing, Randazza respectfully requests the Court deny Cox's Motion for Default Judgment.

DATED this 2nd day of September, 2014.

Respectfully Submitted,

**WEIDE & MILLER, LTD.**

*/s/ F. Christopher Austin*
F. Christopher Austin
7251 W. Lake Mead Blvd., Suite 530
Las Vegas, NV 89128

Attorney for Attorneys for Plaintiff, Counterdefendant Marc J. Randazza

---

[51] *See generally* Civil Docket for Case 2:12-cv-2040; *see also* Doc. 224.

# CERTIFICATE OF SERVICE

I hereby certify that I am an employee of Weide & Miller, Ltd. and that on September 2, 2014, I served a full, true and correct copy of the foregoing **Counterdefendant Marc J. Randazza's Opposition to Counterclaimant's Motion for Default Judgment** via the United States District Court's CM/ECF filing system upon the following:

> RANDAZZA LEGAL GROUP
> Ronald D. Green, Esq.
> Nevada Bar No. 7360
> Theresa M. Haar, Esq.
> Nevada Bar No. 12158
> Attorneys for Plaintiff

and

> CRYSTAL L. COX, Pro Se
> PO Box 20277
> Port Townsend, WA 98368

and via U.S. Mail to the party below requesting notice:

> CRYSTAL L. COX,
> PO Box 20277
> Port Townsend, WA 98368
> Pro Se Defendant, Counterclaimant

*/s/ F. Christopher Austin*
An employee of WEIDE & MILLER, LTD.

WEIDE & MILLER, LTD.
7251 W. LAKE MEAD BLVD.,
SUITE 530
LAS VEGAS,
NEVADA 89128
(702) 382-4804

FCA-W-0185   10   Opposition to Motion for Default Judgment