F. Christopher Austin, (NV Bar No. 6559)
**WEIDE & MILLER, LTD.**
7251 W. Lake Mead Blvd., Suite 530
Las Vegas, NV 89128-8373
(702) 382-4804
caustin@weidemiller.com

*Attorneys for Plaintiff, Counterdefendant
Marc J. Randazza*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| MARC J. RANDAZZA, an individual, JENNIFER RANDAZZA, an individual, and NATALIA RANDAZZA, an individual, | Case No.: 2:12-cv-2040-JAD-PAL |
| Plaintiff, | **Counterdefendant Marc J. Randazza's Reply In Support of Special Motion to Dismiss Counterclaimant's Counterclaim [Doc. 164]** |
| v. | |
| CRYSTAL COX, an individual, et al., | |
| Defendants. | |

Counterdefendant Marc J. Randazza ("Randazza"), through his undersigned counsel, hereby submits this Reply (the "Reply") in Support of Counterdefendant's Special Motion to Dismiss Counterclaimaint Crystal Cox's Counterclaim [Doc. 164] (the "Special Motion").

## I.   INTRODUCTION

Randazza commenced this action after Defendant Cox filed for and registered domain names comprising his name and then offered to sell him her "reputation management" services to correct the very harm she caused. Randazza refused to be extorted by Cox. Cox then upped the ante by unlawfully registering as domain names the names of Randazza's wife and minor child. In an effort to defend himself and his family from such wanton and malicious extortionist conduct, Randazza brought this action seeking an emergency injunction against Cox in

WEIDE & MILLER, LTD.
7251 W. LAKE MEAD BLVD.,
SUITE 530
LAS VEGAS,
NEVADA 89128
(702) 382-4804

1   Reply in Support of Special Motion to Dismiss

connection with the recovery[1] of the unlawfully registered domain names. The Court granted Randazza's request.

Thereafter, Cox engaged in a continuing effort to assert frivolous and baseless counterclaims against Randazza and literally anyone and everyone she could find, no matter how remote or improbable the connection to this action, including among the approximately 94 counterdefendants, such utterly non-relevant parties as National Public Radio, the University of Montana, and Apple Computer Corporation. The Court ultimately dismissed all such irrelevant parties except Randazza as counterdefendants to this action.

Then, after repeatedly instructing Cox to no avail on what she needed to do to properly file a counterclaim, and after actually editing her final effort and directing the Court-redacted counterclaim be identified as Cox's "Counterclaim," the Court denied Cox's motion to amend the Court-redacted Counterclaim, and dismissed one of the three remaining claims, leaving Cox with the two counterclaims that are the subject of this Special Motion to Dismiss: (i) legal malpractice and (ii) defamation as plead in the Counterclaim [Doc. 164].

As set forth in the Special Motion, neither of these two claims have any merit and both arise from the same conduct: Randazza's written and oral statements regarding Cox in this action and with regard to the Obsidian Case in which Randazza correctly identifies Cox as an extortionist. These statements cannot support a claim for legal malpractice because: (i) the claim is time-barred under Nevada's statute of limitations, (ii) the statements are protected under Nevada's Anti-SLAPP law (NRS 41.637), and (iii) there was never an attorney-client relationship.[2]

As set forth in the Special Motion, Randazza, as a matter of law, cannot be liable for defamation because: (i) Nevada's statute of limitations had run prior to Cox's assertion of her claim (ii) the statements at issue are demonstrably true, (iii) they are privileged from liability and protected by the reply privilege, (iv) they are protected by the fair reporting privilege, (v) Cox cannot establish actual malice as required for liability against a public figure such as

---

[1] Randazza recovered the domain names through a separate WIPO action.

WEIDE & MILLER, LTD.
7251 W. LAKE MEAD BLVD.,
SUITE 530
LAS VEGAS,
NEVADA 89128
(702) 382-4804

herself, and (vii) the statements cannot be the cause of any damages, given Cox's prior existing extortionist reputation rendering her "libel-proof."[3]

Finally, Cox's Counterclaim should be denied under the Doctrine of Claim Preclusion, an argument to which she offers no response in her Opposition. Rather, in her Opposition to the Special Motion, captioned "Cox Objection to Dismiss Counterclaim," Cox makes only two arguments: (i) she unpersuasively claims that she was not known as an "extortionist" until after Randazza's statements, and (ii) she claims Randazza represented her and engaged in malpractice when he contacted Obsidian's lawyer David Aman to assess the status of the case. Neither argument has any merit, and neither are sufficient to withstand the Special Motion to Dismiss Cox's surviving counterclaims.

## II.  STATEMENT OF FACTS

Cox's claim that her disreputable reputation as an extortionist was caused by Randazza are bellied by the following undisputed facts:

1.  On November 30, 2011, the jury returned a $2.5 million dollar verdict against Cox denouncing her in the Obsidian Case.[4]

2.  On December 7, 2011, journalist Kashmir Hill wrote the article "Why an Investment Firm was Awarded $2.5 Million After Being Defamed by Blogger" for Forbes magazine, describing the outcome of the Obsidian Case: "After Obsidian sued Cox, she contracted them offering her 'reputation services:' for $2,500 a month she could 'fix' the firm's reputation and help promote its business. (In some circles, we call that 'extortion.')"[5]

3.  On December 8, 2011, Mark Bennett wrote the article "The Sky is Definitely Not Falling" writing about the outcome of the Obsidian Case. "A non-journalist like Cox is not allowed to defame a person. But – and this is crucial to an understanding of this case – a

---

[2] *See* Special Motion at 20-30.
[3] *See* Special Motion to Dismiss, 10-20. [Doc. 224]
[4] *Obsidian Finance Group LLC v. Cox,* 2012 U.S. Dist. LEXIS 43125 at *20 (D. Ore. Mar. 27, 2012) (hereinafter, the "Obsidian Case")
[5] Special Motion, Exhibit T.

WEIDE & MILLER, LTD.
7251 W. LAKE MEAD BLVD.,
SUITE 530
LAS VEGAS,
NEVADA 89128
(702) 382-4804

3   Reply in Support of Special Motion to Dismiss

1. journalist is *also* not allowed to defame a person."[6]

4. On December 10, 2011, David Carr wrote "When Truth Survives Free Speech" for the New York Times, describing the outcome in the Obsidian case. "When [Cox] gets in a fight with someone, she frequently responds by creating a domain with that person's name, some allegation of corruption, or both [and] an unsuitable offer to holster her gun in exchange for a payoff."[7]

5. Cox admits that on December 10, 2011, in an initial consultation call with Randazza, Cox, and third-party Spreadbury, regarding representation of Cox in an appeal on the Obsidian case, that Randazza told Cox he would look into the case, learn a little more about it, conduct due diligence, and then get back to her about potential representation.[8]

6. On December 10 and 12, 2011, Randazza spoke with David Aman (counsel in Obsidian case) to gather additional information about the case, before making a determination about whether or not to take Cox's appeal.[9]

7. On December 13, 2011, Randazza and Eugene Volokh discussed the potential for joint representation of Cox on her appeal.[10]

8. On December 14, 2011, Randazza emailed Cox to inform her he would be willing to take the case.[11]

9. On the morning of December 16, 2011, Cox emailed Randazza and Volokh declining to have Randazza represent her and explaining why.[12]

10. Within hours of declining to have Randazza represent her (on December 16, 2011), Cox emailed Randazza to inform him that she had registered <marcrandazza.com> and that she needed money if he wanted the domain name.[13]

11. Randazza replied by email to Cox the same evening (December 16, 2011) that

---

[6] *Id*, Exhibit Q.
[7] *Id*, Exhibit D.
[8] *See id.* at 4.
[9] *Id,* Exhibit X.
[10] *Id.* at 25-26.
[11] *Id.,* Exhibit Y; *see also,* Opposition at 18, and Exhibit 2.
[12] Opposition, Exhibits 1 and 2.

WEIDE & MILLER, LTD.
7251 W. LAKE MEAD BLVD.,
SUITE 530
LAS VEGAS,
NEVADA 89128
(702) 382-4804

1 she cannot register domain names in someone else's name.[14]

2 12. Cox refused to transfer the name without payment or to cancel the domain name
3 registration.[15]

4 13. On March 12, 2012, Cox registered Randazza's wife's name as the domain name
5 <jenniferrandazza.com>.[16]

6 14. On March 29, 2012, David Coursey wrote "Are Bloggers Really Journalists? Not
7 if they ask for Money" for Forbes magazine, commenting on Cox's practice of causing harm
8 and then seeking payment for her "reputation services" to remedy the very harm she caused.

9 15. Finally, on March 30, 2012, Randazza writes "Judge rules again that blogger
10 Crystal Cox is not a journalist. You know why? Because she Isn't a journalist" at The Legal
11 Satyricon, describing the outcome of the Obsidian case, and his similar interaction with her
12 when she unlawfully registered his name and the names of his family members as domain
13 names and quoting several of the earlier articles mentioned above concluding that her behavior
14 was "extortionist."[17]

15 16. On July 27, 2012, Randazza filed a WIPO dispute to recover the domain names,
16 and on November 30, 2012, Randazza is awarded all six of the domain names that by then had
17 been wrongfully registered by Cox.[18]

**III. ARGUMENT**

The only arguments in response to the Special Motion raised by Cox in her opposition are: (i) that she only became known as an extortionist after Randazza's statements,[19] and (ii) that Randazza acted as her attorney when he called Obsidian counsel.[20] These arguments, even were there any merit to them—and there is not—are inadequate to defeat Randazza's Special Motion

---

[13] Special Motion, Exhibit A.
[14] *Id.,* Exhibit Y.
[15] *Id.*
[16] *Id.*
[17] *See* http://randazza.wordpress.com/?s=cox, "Judge rules, again, that blogger Cox is not a journalist. You know why? Because she ISN'T a journalist", attached hereto for the convenience of the Court as Exhibit A.
[18] Special Motion at 4.
[19] Opposition at 3.

WEIDE & MILLER, LTD.
7251 W. LAKE MEAD BLVD.,
SUITE 530
LAS VEGAS,
NEVADA 89128
(702) 382-4804

5          Reply in Support of Special Motion to Dismiss

to Dismiss.

### A. Randazza is Not Liable for Defamation

#### 1. Cox's claim for defamation is barred by Nevada's statute of limitations.

Under NRS 11.190(4)(c), Cox would have to have brought her claim for defamation against Randazza within two years from the "point at which the original dissemination occurred."[21]  Thus, under Nevada's statute of limitations, any statement made by Randazza prior to February 21, 2012, are barred, as they fall two years before the filing of her Counterclaim, and any statements made after that date that are merely republications or that renew statements made prior to that date are also barred.[22]

Cox claims Randazza's March 30, 2012, blog post is defamatory.[23]  It is not.  A review of the post at issue shows that only after extensively quoting from the court in the Obsidian case, and numerous other articles all describing Cox's extortionistic actions, and then after detailing the facts surrounding Cox's unlawful registration of his name and the names of his family members as domain names in which Randazza attaches Cox's letter "requesting" money for "reputation services" just as Cox had done in the Obsidian case, in which her actions were found to be extortionist, did Randazza make the primary point of the article; namely, that "extortionist stalkers like Cox" run the risk of harming the privileges afforded real journalist.[24]  Randazza is not calling Cox out as an extortionist, he is using the description and label given her by others in earlier publications in order to make a legitimate point about why bloggers need to police themselves to avoid public demand to limit journalistic privilege.  The restatement, and republication of earlier statements and conclusions date back to the original publications, which pre-date[25] the February 21, 2012, statute of limitations deadline, barring this claim.

---

[20] *Id.* at 9-10.
[21] O*ja v. United States Army Corps of Engineers*, 440 F.3d 1122, 1130 (9th Cir. 2006).
[22] *Id.*
[23] Opposition at 7.
[24] *See* Exhibit A.
[25] With the exception of the March 29, 2012 Forbes article, which itself is but a commentary on the earlier published Obsidian decision.

WEIDE & MILLER, LTD.
7251 W. LAKE MEAD BLVD.,
SUITE 530
LAS VEGAS,
NEVADA 89128
(702) 382-4804

### 2. The Statements At Issue Are Demonstrably True.

Cox does not deny that she registered the domain names at issue, that she published negative articles against those whose names she registered, or that she sought money from Randazza and others for "reputation services" after doing so. As such, and as set forth in the Special Motion, Cox has failed to set forth any genuine issue of material fact regarding whether the communications made by Randazza were untrue or made with knowledge of their falsehood. As truth is an absolute defense to defamation, this claim must fail.

### 3. The Statements are Privileged.

Randazza has an interest in the communications at issue. He is entitled to a qualified privilege to make statements in good faith, even if defamatory, on subject matter in which he has an interest.[26] Additionally, he is entitled to a reply privilege in response to statements made against him. After asserting such privilege, Cox has the burden to show that the statements were made in bad faith with malice in fact.[27] Cox provides no such evidence or supporting argument in her opposition. To the contrary, the communications at issue here were fully documented, relied on earlier publications and court opinion and the supporting statements of Cox herself. As such the defamation claim should be dismissed.

### 4. The Statements are Protected by the Fair Reporting Privilege.

Cox's opposition does not substantively respond to this argument.[28] As set forth in the Special Motion, all republications of judicial proceedings from material available to the public is privileged. As Randazza's March 30, 2012, post was made in connection with the published rulings in, and various media articles about, the Obsidian Case, it is subject to the fair reporting privilege. Because these statements are the only statements at issue, they are protected by the fair reporting privilege and the defamation claim should be dismissed.

### 5. Cox Cannot Show Actual Malice as Required to Maintain this Claim.

---

[26] Circus Circus Hotels, Inc. v. Witherspoon, 657 P.2d 101, 105 (Nev. 1983)
[27] *See id.*
[28] *See* Opposition at 17, in which Cox's entire response amounts to little more than "he was not fair."

7    Reply in Support of Special Motion to Dismiss

1  Cox acknowledges and proudly claims she is a public figure[29] who has drawn national

2  attention. As such, she must demonstrate by clear and convincing evidence actual malice in

3  order to maintain a defamation claim.[30] She has made no such showing, and the claim should be

4  dismissed.

### 6. Cox Cannot Prove Any Damages.

As set forth in the Special Motion, Cox is "libel-proof."[31] This is the argument Cox attempts to counter in her Opposition by claiming that Randazza is the cause of her national reputation as an extortionist blogger.[32]

In order to make this claim, Cox first admits in response to the assertion that she has a national reputation as an extortionist blogger, that "[t]his is TRUE", and then goes on to claim that "the reason is because of attorney Mrc Randazza using his media, NPR, Forbes, legal blogs, WIPO publications and judicial connections to paint COX out to the NATION, to the world as an Extortionist. And he has succeeded."[33]

In order for Cox's argument to have any merit, she acknowledges that it cannot be Randazza's statements that caused her nationwide (or even worldwide) poor reputation as an extortionist, it is only by "using his media" that this could be possible, as "his media" speaks long before Randazza does. What Cox conveniently ignores in her conspiratorial rant is that the "media" she references is not Randazza's media at all. It is separate and apart from Randazza and the statements made by that media cannot be attributed to Randazza as a matter of undisputable fact or law.

Because this media long reported on Cox's extortionist activities prior to Randazza's involvement or statements on the matter or even his republication of the articles, Randazza cannot be the cause of the statements set forth in those articles nor of the harm such articles

---

[29] The Special Motion to Dismiss merely asserts that Cox is a limited purpose public figure, but as the controversy is a public one, Cox must still show actual malice to prevail on her defamation claim.
[30] *See* Special Motion at 18.
[31] *Id.*
[32] Opposition at 3.
[33] *Id.*

WEIDE & MILLER, LTD.
7251 W. LAKE MEAD BLVD.,
SUITE 530
LAS VEGAS,
NEVADA 89128
(702) 382-4804

8   Reply in Support of Special Motion to Dismiss

might have caused Cox's reputation.  Cox's extortionist reputation was fully established before Randazza's statements.  Axiomatically, therefore, Cox cannot, under any circumstances prove the damages she claimed were caused by Randazza.  As set forth in the Special Motion, as to Randazza, she is libel-proof,[34] and her claim for defamation must fail as a matter of law.

### B. Randazza Cannot Be Liable for Malpractice

#### 1. The Malpractice Claim is Barred by Nevada's Statute of Limitations.

In order to maintain a claim for malpractice, the claimant must raise the claim within four years of sustaining damage or two years of discovery of the facts which constitute the cause of action.[35]  Cox's entire claim arises from the assertion that Randazza represented her when he communicated with Obsidian counsel, Aman, in December of 2011.  Cox not only does not deny the operative dates and facts set forth in the Special Motion regarding this argument, she again acknowledges in her Opposition that the operative date for the alleged claim is December 2011, when Randazza contacted Mr. Aman.[36]  As such, it is an undisputed fact that the deadline Cox had to raise this claim passed two years later in December 2013.  Because Cox did not raise her malpractice claim until February 21, 2014, well after the statute of limitations had run, her claim for malpractice is time-barred and should be dismissed.

#### 2. Randazza's Statements are Protected by NRS 41.660.

Cox makes no argument in response to Randazza's assertion that the statements at issue here—Randazza's March 30, 2012 post—are statements that are properly the subject of Nevada's Anti-SLAPP Statute.[37]  Here, Cox seeks to improperly curtail speech she does not like by alleging the speaker is her former attorney.  As more fully articulated in the Special Motion, this is protected speech, and a person does not lose the benefits of Nevada's Anti-SLAPP legislation (NRS 41.660) just because the person is alleged to have been the prior lawyer of the party seeking to prevent the speech.[38]

---

[34] *See id.* at 18.
[35] *See* NRS 11.207(1).
[36] Opposition at 10.
[37] See generally, Opposition.
[38] *See* Special Motion at 20-23.

WEIDE & MILLER, LTD.
7251 W. LAKE MEAD BLVD.,
SUITE 530
LAS VEGAS,
NEVADA 89128
(702) 382-4804

9                    Reply in Support of Special Motion to Dismiss

### 3. Cox Was Never Randazza's Client.

Cox's entire claim that Randazza represented her is based on Randazza's communications with Obsidian counsel, David Aman, in which Cox claims Randazza disclosed confidential, attorney-client information Randazza received from Cox to conspire with Aman against Cox. Thus, as set forth in the Special Motion, in order for Randazza to have engaged in the alleged malpractice, he first would have to have received privileged, attorney-client information from Cox to use in the alleged conspiracy.

Randazza could not have ever received such privileged, attorney-client information, because, as Cox admits, there was never any conversations with Cox that could, as a matter of law, have been protected by the attorney-client privilege. Cox acknowledges that the only conversation she had with Randazza was an initial consultation in the presence of Michael Spreadbury, a third-party. Spreadbury's presence during such conversations destroyed any attorney-client privilege. As such, Randazza could not have abused any privileged communications in his discussions with Aman, because there were none.

Cox's only claim of harm in the Opposition, to "STOP Cox's Ninth Circuit appeal" of the Obsidian case,[39] cannot have been caused by the conspiratorial communication she alleges took place between Randazza and Aman, because neither had the power to cause the harm alleged, nor was Cox's ability to assert an appeal of the Obsidian ruling ever forestalled at all. Her claim cannot prevail as she can show no harm arising from the claim.

### C. The Claim is Precluded by Prior Judgments.

Cox makes no response at all in response to Randazza's argument that the Counterclaim, having been dismissed with prejudice in other actions brought by Cox against Randazza in this District and raising the same claims, is now claim precluded in this action. Accordingly, Cox's Counterclaim should be dismissed in the instant matter under the Doctrine of Claim Preclusion.[40]

///

---

[39] Opposition at 10.

WEIDE & MILLER, LTD.
7251 W. LAKE MEAD BLVD.,
SUITE 530
LAS VEGAS,
NEVADA 89128
(702) 382-4804

## IV. CONCLUSION

Based on the foregoing, Randazza respectfully requests the Court grant Counterdefendant's Special Motion to Dismiss Counterclaimant Crystal Cox's Counterclaim.

DATED this 15th day of September, 2014.

Respectfully Submitted,

**WEIDE & MILLER, LTD.**

/s/ F. Christopher Austin
F. Christopher Austin
7251 W. Lake Mead Blvd., Suite 530
Las Vegas, NV 89128

Attorney for Attorneys for Plaintiff, Counterdefendant Marc J. Randazza

---

[40] *See* Special Motion at 29.

WEIDE & MILLER, LTD.
7251 W. LAKE MEAD BLVD., SUITE 530
LAS VEGAS, NEVADA 89128
(702) 382-4804

**CERTIFICATE OF SERVICE**

I hereby certify that I am an employee of Weide & Miller, Ltd. and that on September 15, 2014, I served a full, true and correct copy of the foregoing **Counterdefendant Marc J. Randazza's Reply In Support of Special Motion to Dismiss Counterclaimant's Counterclaim [Doc. 164]** via the United States District Court's CM/ECF filing system upon the following:

> RANDAZZA LEGAL GROUP
> Ronald D. Green, Esq.
> Nevada Bar No. 7360
> Theresa M. Haar, Esq.
> Nevada Bar No. 12158
> Attorneys for Plaintiff

and

> CRYSTAL L. COX, Pro Se
> PO Box 20277
> Port Townsend, WA 98368

and via U.S. Mail to the party below requesting notice:

> CRYSTAL L. COX,
> PO Box 20277
> Port Townsend, WA 98368
> Pro Se Defendant, Counterclaimant

/s/ F. Christopher Austin
An employee of WEIDE & MILLER, LTD.

WEIDE & MILLER, LTD.
7251 W. LAKE MEAD BLVD.,
SUITE 530
LAS VEGAS,
NEVADA 89128
(702) 382-4804

12   Reply in Support of Special Motion to Dismiss