Ronald D. Green, NV Bar No.: 7360
Theresa M. Haar, NV Bar No.: 12158
Randazza Legal Group
3625 S. Town Center Drive, Suite 150
Las Vegas, NV 89135
Tel: 702-420-2001
Fax: 702-420-2003
ecf@randazza.com

Attorneys for Plaintiffs
MARC J. RANDAZZA, JENNIFER RANDAZZA, and NATALIA RANDAZZA

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

|  |  |
|---|---|
| MARC J. RANDAZZA, an individual, JENNIFER RANDAZZA, an individual, and NATALIA RANDAZZA, a minor,<br><br>    Plaintiffs,<br><br>  vs.<br><br>CRYSTAL COX, an individual, and ELIOT BERNSTEIN, an individual,<br><br>    Defendants. | Case No. 2:12-cv-2040-JAD-PAL<br><br>**PLAINTIFFS' MOTION TO STRIKE DEFENDANT CRYSTAL COX'S ANSWER AND FOR TERMINATING SANCTIONS** |

Plaintiffs hereby move this Court to strike the Answer of Defendant Crystal Cox and for case-terminating sanctions. Plaintiffs' Motion is based upon the pleadings and papers on file herein, the following Memorandum of Points and Authorities, and any oral argument allowed by this Court at the time of the hearing, all of which are incorporated by reference.

Dated: November 6, 2014                    Respectfully submitted,


                                           /s/ Theresa M. Haar
                                           Ronald D. Green, NV Bar #7360
                                           Theresa M. Haar, NV Bar #12158
                                           Randazza Legal Group
                                           3625 S. Town Center Drive, Suite 150
                                           Las Vegas, NV 89135
                                           702-420-2001; 702-420-2003 fax
                                           ecf@randazza.com

## MEMORANDUM OF POINTS AND AUTHORITIES

### 1.0    Procedural and Factual History

From the outset of this case, Defendant has done what she wants, and only when she wants, with no regard for this Court or the obligations imposed on litigants by its rules.  Cox has, from the outset, disobeyed and disregarded the Federal Rules of Civil Procedure, the Local Rules, and this Court's orders.  Plaintiffs initially filed the Complaint in this matter on November 28, 2012.  See ECF 1.  Since then, Cox has made this litigation as convoluted, costly, and as needlessly papered as possible.  There are currently over 235 documents in this docket.  Thirty-three of those are Cox's filings that were denied or stricken by the Court.[1]  Twenty-six are Plaintiffs' replies, oppositions, or objections to Cox's improper or irrelevant motions.[2]  Twenty-nine are Cox's reply briefs in support of her abusive motions.[3]  And twenty are Orders from this Court, striking or denying Cox's pleadings for being unintelligible, irrelevant, not in compliance with this Court's Rules and Orders, or otherwise improper.[4]  When added up, nearly half of this incredibly voluminous docket is the result of Cox's disregard for this Court's rules and orders.  If not stopped, Cox will continue to abuse this Court's rules and force unnecessary documents onto this docket.

Despite her voluminous filings, Cox's participation in this case has been anything but active and in good faith.  She goes dormant for months, refuses to participate in discovery, and then when the mood strikes her, fills the docket with irrelevant and vexatious filings. Cox has refused to comply with Court orders in providing a clear and plain statement, by filing hundreds of pages of irrelevant, repetitive, and abusive nonsense.  As perhaps the most extreme example, despite numerous

---

[1] See ECFs 21, 23, 47, 53, 60, 67, 77, 78, 79, 81, 90, 97, 99, 102, 103, 104, 105, 106, 108, 113, 115, 121, 125, 176, 178, 184, 195, 196, 197, 202, 201, 209, 227 – Cox's pleadings that have been stricken or denied by the Court for being irrelevant, unintelligible, and not in compliance with this Court's Rules and Orders.

[2] See ECFs 31, 33, 48, 49, 50, 51, 56, 69, 73, 82, 84, 85, 100, 101, 114, 117, 123, 127, 181, 187, 188, 198, 199, 201, 217, 228 – Plaintiffs' Oppositions to Cox's unnecessary motions.

[3] See ECFs 32, 34, 52, 54, 55, 58, 59, 60, 61, 70, 87, 95, 96, 107, 110, 111, 112, 119, 126, 128, 169, 170, 171, 174, 175, 183, 212, 218, 231 – Cox's replies in support of her unnecessary motions.

[4] See ECFs 89, 109, 133, 134, 135, 136, 137, 138, 139, 141, 142, 143, 154, 200, 204, 206, 207, 208, 213, 234 – this Court's Orders striking or denying Cox's pleadings.

admonishments from the Court, Cox refused to file a proper Answer until this Court manually redacted the entirety of Cox's answer for her, even after having been provided with a clear roadmap of what was expected of her.  See ECF 204-1.

Cox has also sought to further complicate matters by repeatedly filing counterclaims, most of which have already been dismissed in this case, all of which are duplicative of the claims Cox filed in at least eleven other cases, including two others with this Court. Those courts have summarily dismissed all of those other cases.[5]

In response to Cox's filings at the outset of this matter, this Court admonished Cox to adhere to the Local Rules and the Federal Rules of Civil Procedure, if she wished to avoid being sanctioned by having her pleadings stricken from the record.[6]   Cox disregarded the Court's instructions, until her behavior became so unmanageable and unnecessarily complicated the docket, that Cox's electronic filing privileges were revoked.  See ECF 144.  While having to manually file documents may have slowed Cox's improper filings, it did not deter her vexatious conduct in this litigation.  And, despite her ability to provide reams of paper to the court, Cox did not so much as bother to respond to a single discovery request propounded on the case in chief, nor in the defense of her counterclaims.

Cox's overt disregard for court procedure resulted in the Court determining that a pre-discovery Rule 26(f) conference was not required here, on the basis that Cox made numerous

---

[5] The following courts have seen these very same claims and dismissed them sua sponte – *Crystal L. Cox, et al. v. Jordan Rushie, et al.*, 1:13-cv-11308-PBS (U.S. Dist. Ct. D. Mass.); *Crystal L. Cox v. Jordan Rushie, et al.*, 2:13-cv-03028-JHS (U.S. Dist. Ct. E.D. Pa.); *Crystal L. Cox, et al. v. Randazza Legal Group, et al.*, 1:13-cv-21924-DLG (U.S. Dist. Ct. S.D. Fla.); *Crystal L. Cox, et al. v. Scott A. Curry, et al.*, 9:13-cv-00089-DWM (U.S. Dist. Ct. Montana); *Crystal L. Cox v. National Association of Realtors*, 3:13-cv-05364-BHS (U.S. Dist. Ct. Wash.); *Crystal L. Cox, et al. v. Tracy L Coenen, et al.*, 2:13-cv-00534-AEG (U.S. Dist. Ct. E.D. Wis.); *Crystal L. Cox, et al. v. Peter L. Michaelson, et al.*, 3:13-cv-03136-AET-DEA (U.S. Dist. Ct. D.N.J.); *Crystal L. Cox v. Marc J. Randazza, et al.*, 2:13-cv-00298-MMD-VCF (U.S. Dist. Ct. D. NV.); *Crystal L. Cox v. Tracy L. Coenen*, 1:13-cv-03633 (U.S. Dist. Ct. N.D. Ill.); *Crystal L. Cox v. Kashmir Hill, et al.*, 4:13-cv-02046-DMR (U.S. Dist. Ct. N.D. Ca.); *Crystal L. Cox v. Godaddy Inc., et al.*, 2:13-cv-00962-MEA (U.S. Dist. Ct. D. Ariz.).

[6] See ECFs 86, 89, 109, 133, 134, 135, 136, 137, 138, 139, 141, 143, 144, 162, 168, 200, 204, and 206.

representations to the Court that she would refuse to participate.[7]  ECF 140 at 2.  Thereafter, the Court opened discovery in the case in chief.  Plaintiffs had until December 10, 2013 to obtain discovery on their claims.  See Case Management Order, ECF 140.  On August 27, 2013, Plaintiffs sent Cox requests for admission, requests for production, and interrogatories.  See ECF 221. The written discovery requests were returned, unopened to Plaintiffs.  See ECF 151.  Cox also refused to respond to all of Plaintiffs' attempts at scheduling her deposition.  See ECF 157-4, 221-1, 221-2

**2.0     Legal Analysis**

    **2.1     The Court Should Strike Cox's Answer**

      The Federal Rules of Civil Procedure are designed to "secure the just, speedy, and inexpensive determination of every action and proceeding."  Fed. R. Civ. P. 1.  Cox has consistently sought to thwart that goal.  Cox has been repeatedly admonished to follow the Federal and Local Rules, and yet she adamantly refuses to do so.[8]  Under the Federal Rules of Civil Procedure, this Court has the authority to strike a pleading and enter a finding of default judgment.  This Court also has the authority to default a defendant for abusive litigation practices.  *See First Source Fin. USA, Inc. v. nBank, N.A.*, 2008 U.S. Dist. LEXIS 5192, 2008 WL 131242 (D. Nev. Jan. 7, 2008).  Furthermore, this Court has admonished Cox that pursuant to the local rules, any and all appropriate sanctions may be imposed for failure to comply with the rules and the court's orders.  L-R IA 4-1(c)(d).

> Cox has been cautioned that she must learn the rules of this Court if she is going to serve as her own counsel in this case.  She is again cautioned that her *pro se* status does not give her a pass from compliance with all rules of this Court.  And she is again cautioned that her continued filing of motions, notices, and requests without a valid, articulated legal basis will result in her filings being stricken or summarily denied, and because of the lengthy history of these violations in this case, despite repeated warnings, **sanctions will also be assessed**.

ECF 200 at 19 (emphasis in original).

      To impose case-terminating sanctions, the court must balance five factors: "(1) the public's interest in expeditious resolution of litigation, (2) the court's need to manage its dockets, (3) the risk

---

[7] See ECFs 8 at 2; 9 at 3; 53 at 54 (Cox stated that she will not confer with the Randazza Legal Group in any way), ECF 47 at 3 (Cox stated that she is refusing to allow counsel for Plaintiffs any access during discovery), ECF 174 at 3 (Cox stated she was refusing to be deposed in this case).

[8] See ECF 133 at 2; 139 at 2; 144 at 2; 162 at 2; 200 at 17.

of prejudice to the party seeking sanctions, (4) the public policy favoring disposition of cases on their merits, and (5) the availability of less drastic sanctions." *Ecomares, Inc. v. Ovcharik*, 2008 U.S. Dist. LEXIS 119631 (D. Nev. June 18, 2008), citing *Marquis Models, Inc. v. Garrick Entm't, LLC*, 2007 U.S. Dist. LEXIS 73661, 2007 WL 2904174 (D. Nev. 2007); *Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406, 1412 (9th Cir. 1990). Taking each of these factors in turn, it is clear that imposing sanctions, striking Cox's answer, and entering a default against her is warranted.

Firstly, the public is interested in an expeditious resolution of litigation. Given Cox's behavior throughout this litigation, without the Court stepping in and imposing sanctions, she will continue to shirk and ignore her obligations on the one hand, while, on the other, unnecessarily multiplying the docket with irrelevant and vexatious filings.

Secondly, the Court has previously taken steps to manage its docket by terminating Cox's electronic filing privileges and striking a number of her pleadings. However, these sanctions have proven to be inadequate. Cox is still unnecessarily multiplying the docket with abusive filings, and this case is still many furlongs from resolution, because of her behavior. "District courts have an inherent power to control their dockets. In the exercise of that power they may impose sanctions including, where appropriate, default or dismissal." *In re Phenylpropanolamine Products Liability Litigation*, 460 F.3d 1217, 1227 (9th Cir. 2006), citing *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829 (1986). The Court should impose sanctions on Cox, by striking her Answer and deeming her in default. She has repeatedly demonstrated that no other sanction will quell her behavior.

Thirdly, Plaintiffs have incurred great costs in time and expense in having to draft responses to her abusive pleadings. Without the Court entering sanctions against Cox, her behavior will continue, and the cost and duration of this litigation will only continue to rise, at great prejudice to Plaintiffs.

Moreover, Plaintiffs' ability to properly litigate this case has suffered dramatically, greatly hindering their ability to prosecute their case. "A party suffers prejudice to an extent warranting case-dispositive sanctions when the other party's actions impair the 'ability to go to trial or threaten the rightful decision of the case.'" *Teller v. Dogge*, 2013 U.S. Dist. LEXIS 149560, 2013 WL 5655984

(D. Nev. Oct. 16, 2013), citing *Garden City Boxing Club, Inc. v. Godinez*, 2009 U.S. Dist. LEXIS 28222, 2009 WL 914632, at *3 (D. Nev. 2009).  Cox's refusal to participate in discovery in this case has hamstrung Plaintiffs, preventing them from being able to adequately prosecute their case.  "'Failing to produce documents as ordered' can be considered sufficient prejudice."  *Id.* (citing *In re Phenylpropanolamine Products Liability Litigation*, 460 F.3d 1217, 1227 (9th Cir. 2006)).  Here, Cox's wanton and willful refusal to participate in and litigate the merits of the case has impaired Plaintiffs' and this Court's ability to take this case to trial.

Fourthly, while resolution of cases on their merits is preferred, Cox's conduct and refusal to participate in discovery has rendered that impossible.  Given that she has repeatedly ignored this Court's orders, the Court should conclude that she will not start complying now, and even if she did, her prior conduct still justifies default. At this time, case-terminating sanctions are necessary, and her Answer should be stricken.

And lastly, this Court has already imposed all less drastic sanctions, to no avail.  The Court has already terminated Cox's electronic filing privileges.  See ECF 144.  The Court has previously stricken or summarily dismissed a number of Cox's improper, meritless, and irrelevant pleadings. See *supra*.  Case-terminating sanctions are all that remains, and the Court is now entitled to strike Cox's Answer and deem her in default.  *See First Source Fin. USA, Inc. v. nBank, N.A.,* 2008 U.S. Dist. LEXIS 5192, 2008 WL 131242 (D. Nev. Jan. 7, 2008), citing *Shepherd v. American Broadcasting Co., Inc.,* 314 U.S. App. D.C. 137, 62 F.3d 1469 (D.C. Cir. 1995) (holding court may impose litigation-ending sanctions where it finds by clear and convincing evidence that abusive litigation behavior occurred and lesser sanction would not sufficiently punish and deter the misconduct).  Evaluating each of these factors points to a determination, that even on balancing all of the factors, imposition of the sanction of striking Cox's Answer and entering default against her is warranted.

### 2.1.1   Sanctions are appropriate as a result of Cox's bad faith

In conducting this analysis, the Court must consider whether the behavior in question, that would warrant imposing such sanctions, is a result of "the willfulness, bad faith, or fault of the party."  *Chase Bank United States, N.A. v. NAES, Inc.,* 2010 U.S. Dist. LEXIS 53798, 2010 WL

- 6 -

2161786 (D. Nev. May 4, 2010).  Throughout this litigation, Cox has routinely sought to avoid the legal merits of this lawsuit by attempting to mischaracterize the issues in this case and bury them in an unnecessarily complicated and convoluted docket.  Furthermore, Cox has been unreachable and nonresponsive to Plaintiffs throughout this case, and to the Court when she does not want to participate.  Cox has disappeared from this litigation for months, only to reappear when she deems it convenient or to avoid dispositive sanctions.  This Court has previously determined that "Cox's voluminous filing, failure to comply with the Court's electronic filing procedures, and failure to comply with the Local Rules of Practice and Federal Rules of Civil Procedure have all impeded the administration of justice in this case."  ECF 144 at 3.  Now, nearly two years into this case, the time has come to terminate it.

### 2.1.2   Sanctions are appropriate because Cox refused to participate in discovery

The Court should take into consideration the parties' conduct during discovery.  *See Chase Bank*.  Under the Federal Rules of Civil Procedure, litigation-ending sanctions are appropriate for a party's failure to engage in discovery.  See Fed. R. Civ. P 37(b).  Here, Cox has completely refused to participate in discovery.  Cox failed to respond to requests for admission, requests for production, and interrogatories, not once, but twice, both in the case in chief and with her counterclaims.  See ECF 221.  Cox has openly stated to the Court that she refused to participate in any Court-imposed conferences or discovery.  See ECFs 8, 9, 47, 53, and 174.  The Court deemed a Federally-required conference futile because it was so obvious that Cox would continue to provide only road-blocks.  See ECF 140.  "In deciding whether to impose case-terminating sanctions, the most critical factors are not simply delay or docketing management concerns, but truth and whether 'a party's discovery violations make it impossible for a court to be confident that the parties will ever have access to the true facts.'"  *Forsythe v. Brown*, 281 F.R.D. 577, 587 (D. Nev. 2012), citing *Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091, 1097 (9th Cir. 2007).  It is clear on the record that Cox has willfully refused to participate in any discovery, and as a result, the truth and discovery of the true facts is impossible.  Therefore, the imposition of case-terminating sanctions is absolutely warranted.

Cox's behavior directly interferes with Plaintiffs' ability to obtain a rightful determination in this case. Cox has refused to comply with this Court's repeated Orders and admonishments, and her behavior continues to impact Plaintiffs' ability to fully and effectively present their case. Cox's responses to the written discovery requests and the contents of her deposition testimony would have been key exhibits going forward. But Cox refused to participate. It would be impossible to fully litigate this case on the merits because Cox has refused to participate in any meaningful manner.

### 2.1.3   Even with this Court's assistance, Cox's Answer is still woefully deficient

This Court previously warned Cox:

> The Court cannot give legal advice or counsel *pro se* litigants, save for recommending that they seek the advice of a trained attorney. The United States Supreme Court has itself acknowledged that requiring trial judges to explain the details of federal procedure or act as a *pro se* litigant's counsel "would undermine district judges' role as impartial decisionmakers." And the Ninth Circuit Court of Appeals has explained, for a judge to give advice to a *pro se* litigant on the legal process "would entail the district court's becoming a player in the adversary process rather than remaining its referee."

ECF 200 at 19-20, citing *Pliler v. Ford*, 542 U.S. 225, 232 (2004) and *Jacobsen v. Filler*, 790 F.2d 1362, 1366 (9th Cir.1986)). Despite this, the Court (likely frustrated with Cox's refusal to comply with its instructions) undertook the process of attempting to make sense out of Cox's largely irrelevant Answer. The Court manually edited all 139 single-spaced pages of Cox's Answer, striking the overwhelming majority of it, essentially re-writing the Answer for her, in hopes of moving the litigation forward. While this might have been seen as an act of mercy on a pro se litigant, going this far to keep her case open has not corrected her behavior or moved this case forward any appreciable amount. Plaintiffs submit that the time has come to cease acts of mercy upon Cox, as they will not cause her to respect this Court or its rules.

Moreover, the U.S. Court of Appeals for the Ninth Circuit has made it abundantly clear that while a court may provide notice to a pro se party that there are deficiencies in his pleadings, the court must not advise that litigant on how to cure those deficiencies. *Katz v. Am. Express Co.*, 2014 U.S. Dist. LEXIS 116764 (D. Haw. Aug. 20, 2014) citing *Pliler*. This Court clearly told Cox how to

cure the deficiencies in her Answer.  ECF 89.  And when Cox failed to heed that generous advice, the Court then took the liberty of attempting to cure the deficiencies for her.  ECF 204-1.  While District Courts ought to afford some leniency to *pro se* parties, "[t]here is, however, a limit.  Principles requiring generous construction of pro se filings do not require courts to conjure up questions never squarely asked or construct full-blown claims from convoluted reasoning." *State ex rel. Karmasu v. Tate*, 83 Ohio App. 3d 199, 206, 614 N.E.2d 827, 832 (1992), citing *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).  Nevertheless, even with this Court's most generous assistance, Cox's Answer is still of no help in clarifying what Cox's answers to the Complaint actually are.  The Answer is still needlessly dense and verbose, with factual averments that are not related to any particular causes of action, there is no way to sift the wheat from the chaff, and despite all the work that the Court did in attempting to clarify it for her, she repaid the Court by continuing to refuse to participate further.

**3.0    Conclusion**

Based on the foregoing, Plaintiffs respectfully request that this Court strike Cox's Answer, in its entirety, and enter a default against Cox for failure to participate.

Dated: November 6, 2014                   Respectfully submitted,


                                          /s/ *Theresa M. Haar*
                                          Ronald D. Green, NV Bar #7360
                                          Theresa M. Haar, NV Bar #12158
                                          Randazza Legal Group
                                          3625 S. Town Center Drive, Suite 150
                                          Las Vegas, NV 89135
                                          Tel:  702-420-2001
                                          Fax:  702-420-2003
                                          ecf@randazza.com

**CERTIFICATE OF SERVICE**

Pursuant to the Federal Rules of Civil Procedure 5(b), I hereby certify that the foregoing document was served to Defendant Crystal L. Cox at:

P.O. Box 2027
Port Townsend, WA 98368

Dated: November 6, 2014

Signed,

_____

Employee
ecf@randazza.com
Randazza Legal Group
3625 S. Town Center Drive, Suite 150
Las Vegas, NV 89118
Tel:    (702) 420-2001
Fax:    (702) 420-2003

- 10 -