UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MARC J. RANDAZZA, et al., | Case No. 2:12-cv-02040-JAD-PAL |
| Plaintiffs, | ORDER |
| v. | (Mtn to Compel – Dkt. #216) |
| CRYSTAL COX, et al., | (Mtn to Reopen – Dkt. #221) |
| Defendants. | |

This matter is before the court on Defendant Crystal Cox's Motion to Compel (Dkt. #216) and Plaintiffs Marc J. Randazza's, Jennifer Randazza's, and Natalia Randazza's Motion to Re-Open Discovery on a Limited Basis (Dkt. #221). The court has considered the Motion to Compel, Plaintiffs' Response (Dkt. #217), Cox's Reply (Dkt. #218), and the Motion to Re-Open Discovery. No response to the Motion to Re-Open Discovery was filed, and the time for filing one has now run.

**I.     Motion to Compel (Dkt. #216).**

Cox seeks an order compelling Plaintiffs to respond to sixty-three interrogatories and four requests for production of documents. In response, Plaintiffs contend Cox served the requests for written discovery on them July 24, 2014, and no response was due until August 25, 2014. Cox's Motion to Compel is, therefore, premature. In addition, Cox has propounded more than the twenty-five interrogatories permitted by Rule 33 of the Federal Rules of Civil Procedure, and she has not met and conferred with Plaintiffs' counsel before filing her Motion to Compel. Cox replies that Plaintiffs would not have acknowledged receiving the discovery requests if she had not filed them with the court. She refuses to confer by phone with Randazza regarding her requests for written

discovery because Randazza has allegedly followed, stalked, threatened, harassed, contacted, and intimidated her and her family, friends, and church, and Cox is "in fear of life."

Plaintiff appears to have filed the interrogatories and requests for production of documents she propounded on Plaintiffs with the court. The written discovery requests are dated July 24, 2014—the same date as the requests served on Plaintiffs. Rule 33 of the Federal Rules of Civil Procedure allows parties thirty days to respond to interrogatories; Plaintiffs' responses were therefore due on August 25, 2014. Plaintiff's Motion to Compel, filed four days after service of the requests on Plaintiffs, is premature.

In addition, Rule 37(a)(1) of the Federal Rules of Civil Procedure requires a party seeking to compel discovery responses to certify that she has, in good faith, conferred or attempted to confer with the non-responsive party to attempt to resolve the issue without court intervention. *See* Fed. R. Civ. P. 37(a)(1). In addition LR 26-7(b) provides that no discovery motion will be considered unless the movant attaches a statement certifying that, "after personal consultation and sincere effort to do so," the parties were unable to resolve the matter. Cox has made no such certification. The Motion to Compel is not supported by a memorandum of points and authorities as required by LR 7-2(d), which provides that failure to file points and authorities in support of a motion "shall constitute a consent to the denial of the motion." LR 7-2(d). Finally, Local Rule 26-8 of the Local Rules of Civil Practice prohibits the filing of written discovery requests unless otherwise ordered by the court. Accordingly, Cox's Motion to Compel will be denied.

**II.    Motion to Re-Open Discovery (Dkt. #221).**

Plaintiffs seek an order reopening discovery for the limited purpose of allowing them to file a motion to compel Cox to respond to written discovery requests they propounded on Cox prior to the expiration of discovery. Plaintiffs represent that Cox has refused to participate in discovery or in this litigation at all. Plaintiffs served Cox with written discovery requests on August 27, 2013, but Cox did not respond or request an extension of time to respond. Plaintiffs "contemplated" filing a motion to compel, but chose not to because Cox represented she would not participate in the case. Plaintiffs request the court enter an order compelling Cox to respond

to interrogatories and requests for production of documents propounded in August 2013. In addition, they seek an order deeming all of Plaintiffs' requests for admissions admitted. Finally, Plaintiffs request an order deeming any of Cox's objections to any interrogatories or requests for production of documents waived.

A party seeking to reopen discovery after the deadline has run must show excusable neglect. *See* Fed. R. Civ. P. 6(b)(1)(B); LR 6-1(b). For purposes of Rule 6(b), "inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable neglect.'" *Committee v. Cost*, 92 F.3d 814, 824 (9th Cir. 1996) (citing *Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership*, 507 U.S. 380 (1993)). The determination of whether an act or an omission constitutes excusable neglect "an equitable one, taking account of all relevant circumstances surrounding the party's omission." 92 F.3d at 825. Relevant circumstances to consider include: (1) the danger of prejudice to other parties; (2) the length of delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the moving party; and (4) whether the moving party acted in good faith. *Id.* Denial of a motion to reopen discovery is reviewed for a clear abuse of discretion. *United States ex rel Army Athletic Ass'n v. Reliance Insurance, Co.*, 799 F.2d 1382, 1387 (9th Cir. 1986).

A party served with interrogatories or requests for production must serve its answers and/or objections within thirty days of service. *See* Fed. R. Civ. P. 33(b), 34(b). Where a party fails to respond, the discovering party may fail a motion to compel responses. *See* Fed. R. Civ. P. 37; *Shuffle Master, Inc. v. Progressive Games, Inc.,* 170 F.R.D. 620, 622 (D. Nev. 1996). Although the Federal Rules of Civil Procedure and the Local Rules of Civil Practice do not establish a time limit for filing a motion to compel, if the moving party has "unduly delayed," the court may conclude the motion to compel is untimely. *See* Charles Alan Wright, et al., 8B *Fed. Prac. & Proc. Civil* § 2285 (3d ed. Sept. 2014). For example, in *Gault v. Nabisco Biscuit Co.,* 184 F.R.D. 620, 622 (D. Nev. 1999), the court held that a motion to compel discovery must be filed before the dispositive motions deadline, and where the motion to compel was filed 136 days after the defendant's initial responses were made and after discovery closed, it was untimely.

1   Plaintiffs' Motion to Re-Open Discovery (Dkt. #221) is essentially a motion to compel and
2   was filed eight months after the discovery deadline in this case and seven months after the
3   dispositive motion deadline. *See* Scheduling Order (Dkt. #140). It is, therefore, untimely.
4   Plaintiffs have not shown excusable neglect to justify re-opening discovery at this late date.
5   Contrary to Plaintiffs' assertion that "any failure to complete discovery on the case in chief was
6   not the fault of Plaintiffs," the delay in filing a motion to compel was entirely within Plaintiffs'
7   control. By their own admission, Plaintiffs "contemplated a motion to compel," but they
8   purposefully decided against filing it because of Cox's lack of participation in this case. *See*
9   Motion at 2:21-24. In addition, Plaintiffs waited more than eight months after the discovery
10  deadline and seven months after the dispositive motion deadline to file the Motion to Reopen.
11  They have not explained the reason for this delay. In short, Plaintiffs have not shown excusable
12  neglect to justify reopening discovery in this matter.

13  District courts have wide latitude in controlling discovery, and their decisions are reviewed
14  under an abuse of discretion standard. *See Cornwell v. Electra Central Credit Union,* 439 F.3d
15  1018, 1027 (9th Cir. 2006). The Ninth Circuit has observed that a discovery plan and scheduling
16  order is "not a frivolous piece of paper, idly entered, which can be cavalierly disregarded without
17  peril." *See Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604, 609 (9th Cir. 2009) (citing
18  *Gestetner Corp. v. Case Equip. Co.,* 108 F.R.D. 138, 141 (D. Me. 1985)). The Ninth Circuit has
19  emphasized that schedules and deadlines are entered to "foster the efficient treatment and
20  resolution of cases," and parties "must understand that they will pay a price for failure to comply
21  strictly with scheduling and other orders." *Wong v. Regents of the Univ. of Cal.,* 410 F.3d 1052,
22  1060 (9th Cir. 2005).

23  / / /
24  / / /
25  / / /
26  / / /
27  / / /
28  / / /

Accordingly,

**IT IS ORDERED:**

1. Cox's Motion to Compel (Dkt. #216) is DENIED.
2. Plaintiffs' Motion to Reopen Discovery (Dkt. #221) is DENIED.

Dated this 29th day of December, 2014.

                                          PEGGY A. LEEN
                                          UNITED STATES MAGISTRATE JUDGE