# Exhibit "1"

# Exhibit "1"

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

CRYSTAL L. COX,

    Plaintiff,

vs.

DAVID CARR, *et al.*,

    Defendants.

Case No. 2:13-cv-00938-APG-GWF

**FINDINGS AND**
**RECOMMENDATION & ORDER**

Petition to Proceed *in Forma Pauperis* (#12); Petition to Proceed *in Forma Pauperis* (#14)

This matter comes before the Court on Plaintiff Crystal L. Cox's ("Plaintiff") Application to Proceed in Forma Pauperis (#12), filed on December 23, 2013. Plaintiff filed an additional Application to Proceed *in Forma Pauperis* (#14) on December 23, 2013. Also before the Court is the screening of Plaintiff's Complaint (#2).

## BACKGROUND

This case arises out of a 2011 defamation case in the United States District Court for the District of Oregon. Plaintiff alleges she is an "Anti-Corruption Blogger" and reported on the unethical practices of Defendant David Aman and Defendant Kevin Padrick for three years prior to the 2011 defamation case brought against her. *See Doc. # 2* at pg. 25. Defendant Padrick and Obsidian Finance Group, LLC, through counsel David Aman of the Tonkon Torp, LLP, law firm brought the 2011 action against Plaintiff for defamation, alleging she made defamatory statements about Obsidian Finance Group, LLC and Mr. Padrick to third parties through her blog posts. Plaintiff Cox alleges that she lost the case when the District Judge found that the Oregon Retraction Laws, Shield Laws, and the First Amendment did not apply to bloggers but only applied to accredited media. *See Doc. # 1-1* in case 2:13-cv-00297-MMD-VCF at pg. 12.

After the decision, Plaintiff alleges she was contacted by Defendant Marc Randazza. She asserts Mr. Randazza was an attorney for clients "in the porn industry" and was concerned by the decision because of the precedent it set to the free speech coalition. *Id*. In December 2011, Plaintiff asserts that she had a conference call with Defendant Randazza wherein he discouraged her from appealing her case to the Ninth Circuit and sabotaged Plaintiff's appeal. *Id*. at pg. 13. Plaintiff stated that Defendant Randazza began negotiating deals on her behalf without her permission so she advised him she no longer wanted him representing her in her appeal. *Id*. at pg. 14. This allegedly angered Defendant Randazza who Plaintiff claims subsequently launched a sabotage campaign wherein he enlisted a large number of conspirators to defame, harass, and intimidate her. *Id*. A few of the alleged conspirators included Defendants Kashmir Hill of Forbes, Bob Garfield of New York Public Radio, World Intellectual Property Organization ("WIPO"), and David Aman. *Id*. at pg. 15. Plaintiff stated that the Defendants created a mass media illusion that she was guilty of the crime of extortion by alleging that Plaintiff purchased domain names such as fuckmarcrandazza.com, marcrandazzasucks.com, marcjrandazza.com, and marcjohnrandazza.com on which she would post defamatory information then attempt to charge Defendants money for her marketing services to remove the negative posts. *See Doc. #2* at pg. 22.

Plaintiff then alleged that Defendants Randazza and Carr were interviewed by media outlets such as the New York Times, New York Public Radio and Forbes and spread defamatory information, which the outlets negligently published without fact checking. Defendant New York Public Radio, for example, allegedly aired a show titled, "Combating Bad Speech with More Speech" on April 6, 2012, therein indicating that Ms. Cox attacked Mr. Randazza's three year old child online. *See Doc. #2* at pg. 11. Similarly, Defendant New York Times allegedly printed an article titled, "When Truth Survives Free Speech", therein insinuating Plaintiff was guilty of extortion. *See Doc. # 2* at pg. 10. Furthermore, Defendant Kashmir Hill with Forbes allegedly published an article stating, "Cox is an outlier. Her tactics are extreme ones. But we do now live in a world where money can be made from ruining reputations and then offering to fix them". *See Id*. at pg. 19.

On July 27, 2012, Defendant Randazza filed a complaint with the World Intellectual Property Organization ("WIPO") against Plaintiff to initiate a domain name dispute. *See Doc. #2* at pg. 11. The World Intellectual Property Organization subsequently awarded six domain names formerly registered to

2

Ms. Cox to Mr. Randazza in Randazza v. Cox, WIPO Case No. D2012-1525 on November 3, 2012. *See Doc. #24* in case 2:12-cv-02040-JAD-PAL at pg. 10.

On November 28, 2012, Mr. Randazza filed an action in the United States District Court of Nevada against Ms. Cox for violations of cybersquatting, therein alleging that Ms. Cox registered thirty-two domain names that incorporated the names of Mr. Randazza, his wife, and his young daughter. *See Doc. #1* in case #2:12-cv-02040-JAD-PAL. On December 14, 2012, the Court issued a TRO seizing the remaining domain names. *See Doc. #24* in case #2:12-cv-02040-JAD-PAL at pg. 10. In the aforementioned case, Ms. Cox filed a Counterclaim (#24) for criminal and civil conspiracy, defamation, harassment, anti-trust violations, First Amendment violations, Due Process violations, violation of the Hate Crime Act, abuse of process, tortious interference, and interference with counter plaintiff's business. *See Doc. #24* in case #2:12-cv-02040-JAD-PAL. She argued that the counter defendants conspired to gain court access to steal her intellectual property, spread defamatory information, and ruin her career. She named numerous counter-Defendants including but not limited to Marc Randazza, Kashmir Hill, Godaddy, Tonkon Torp Law Firm, David Aman, WIPO, David Carr, New York Times, Bob Garfield, New York Public Radio, and U.S. District Judge Navarro.

Ms. Cox filed a motion requesting the recusal of Judge Navarro due to the alleged conflict of interest. *See Doc. #20* in case #2:12-cv-02040-JAD-PAL. Ms. Cox argued that Judge Navarro was a conspirator with Mr. Randazza and several of the Defendants in the mass removal of information from internet search engines. She filed an Amended Counterclaim (#62) on January 27, 2013, which is substantively similar to Ms. Cox's present claim and virtually identical to her complaint filed in case number 2:13-cv-00297-MMD-VCF. The Court struck Ms. Cox's Amended Counterclaim stating that it amounted to an impermissible third-party complaint that did not comply with Rule 14(a) of the Federal Rules of Civil Procedure. *See Doc. #89* in case 2:12-cv-02040-JAD-PAL. Judge Navarro ordered that Ms. Cox bring her counter complaint as a separate lawsuit if she desired to proceed on those claims. *Id.*

On February 26, 2013, Plaintiff filed the amended counterclaim in the previous action as a Complaint in the United States District Court for the District of Nevada, case number 2:13-cv-00297-MMD-VCF. Therein, Plaintiff alleged claims against approximately 69 defendants, 34 of whom are named defendants in the present action, for 1) criminal and civil conspiracy, 2) defamation, 3)

harassment, 4) anti-trust violations, 5) violations of First Amendment civil rights, 6) violations of Due Process civil rights, 7) violations of the Hate Crime Act, 8) abuse of process violations, 9) tortious interference, 10) interference with Plaintiff's business advantage, 11) racketeering violations (RICO), 12) malpractice, 13) violations of Nevada's retraction laws, 14) violations of Nevada's shield laws, 15) tampering with witnesses, 16) Racketeering, 17) whistle blower retaliation, 18) violations of the False Claims Act, and 19) violations of the Consumer Protection Act. *See Doc. #1-1* in case 2:13-cv-00297-MMD-VCF at pgs. 5-7. In the Court's initial screening of Plaintiff's complaint (#1-1), the Court dismissed claims 1, 3, 5-7, 9, and 18 with prejudice finding the claims incurable. The Court ordered that Judge Navarro be dismissed as a defendant with prejudice due to the Eleventh Amendment jurisdictional bar. The Court further ordered that claims 2, 4, 8, 10-17, and 19 be dismissed without prejudice and gave Plaintiff thirty-three days to file an amended complaint. Plaintiff was warned that failing to timely file an amended complaint could result in the dismissal of her claims with prejudice. *See Doc. #21* in case #2:13-cv-00297-MMD-VCF at pg. 15. Approximately four months passed and Plaintiff failed to file an amended complaint pursuant to the Court's order (#25). Therefore, the magistrate judge filed a report and recommendation to dismiss Plaintiff's case with prejudice pursuant to Rule 41(b), which the District Judge adopted (#31) on May 14, 2014.

Between May 2, 2013 to May 30, 2013, Plaintiff subsequently filed nine substantively identical lawsuits in United States District Courts throughout the United States. *See Cox v. Parsons, et al.*, 2:13-cv-00962-MEA (D. Ariz. (Phoenix Division)); *Cox v. Kashmir, et al.*, 4:13-cv-02046-DMR (N.D. Ca. (Oakland)); *Cox v. Randazza, et al.* 1:13-cv-21924-DLG (D. Flor.); *Cox v. Coenen, et al.*, 1:13-cv-03633 (N.D. Ill. (Chicago)); *Cox v. Rushie, et al.*, 1:13-cv-11308-PBS (D. Massachusetts); *Cox v. WIPO, et al.*, 3:13-cv-03136-AET-DEA (D. N.J (Trenton)); *Cox v. Rushie, et al.*, 2:13-cv-03028-JHS (D. Pennsylvania); *and Cox v. Coenen, et al.*, 2:13-cv-00534 (E.D. Wisc. (Milwaukee)). The respective complaints have been dismissed for various findings including frivolous claims, failure to state a claim, lack of proper venue, failure to comply with Fed. R. Civ. P. 8(a) filing requirements, and failure to comply with Fed. R. Civ. P. 18 and 20.

Additionally, on May 9, 2013, Plaintiff initiated the present action in the Southern District of New York ("SDNY") against thirty-four of the Defendants previously named in Plaintiff's February 26,

2013 action. Plaintiff's Complaint (#2) alleges nearly a dozen claims that are identical to the claims previously brought in her February 26, 2013 action that were dismissed with prejudice pursuant to Rule 41(b) on May 14, 2014 in accordance with Court Order (#31). Those claims include defamation, civil rights violations, civil conspiracy, racketeering (RICO), professional negligence/malpractice, tampering with a witness, tortious interference with business, and violations of anti-trust laws. In addition, Plaintiff alleged a new claim of copyright infringement. In support of her new claim, Plaintiff alleged facts arising from the same transaction an occurrence at issue in the prior lawsuit. Plaintiff contends that the Defendants wrongfully disseminated "her words spoken to Forbes" for which they did not possess the copyright. The Southern District of New York transferred this case to the District of Nevada on May 17, 2013, finding that the Southern District of New York was not the proper venue. *See Transfer Order, Doc. #5*. In the Transfer Order, the Southern District of New York ruled that whether Plaintiff should be permitted to proceed further without payment of fees is a determination to be made by this Court. *Id.* at 5. Now before the Court is Plaintiff's Application to Proceed *in Forma Pauperis* and the screening of Plaintiff's Complaint (#2).

## DISCUSSION

### I. Application to Proceed In Forma Pauperis

Plaintiff improperly submitted her Application to Proceed *in Forma Pauperis* ("IFP") on the form used for prisoners requesting IFP relief. However, finding the questions on the respective forms to be substantially similar and that Plaintiff provided the necessary information, the Court will treat Plaintiff's request as if it were properly brought on form AO 240. Plaintiff filed this instant action and attached a financial affidavit to her application and complaint as required by 28 U.S.C. § 1915(a). Reviewing Plaintiff's financial affidavit pursuant to 28 U.S.C. § 1915, the Court finds that she is unable to pre-pay the filing fee. As a result, Plaintiff's request to proceed in forma pauperis in federal court is granted.

### II. Screening the Complaint

Upon granting a request to proceed *in forma pauperis*, a court must additionally screen a complaint pursuant to 28 U.S.C. § 1915(e). Now before the Court is the screening of Plaintiff's Complaint (#2).

A. **Plaintiff's Complaint**

Claim preclusion is the doctrine by which a final judgment on the merits in an action precludes a party from bringing a subsequent lawsuit on the same claim or raising a new defense to defeat a prior judgment. *See Montana v. United States*, 440 U.S. 147, 153 (1979). It precludes not only relitigating a claim previously adjudicated; it also precludes litigating a claim or defense that should have been raised, but was not, in the prior suit. *See Five Star Capital Corp. v. Ruby*, 194 P.3d 709, 713 (Nev. 2008); *see also Allen v. McCurry*, 449 U.S. 90, 94 (1980). A claim is precluded when: (1) the present action is between the same parties or their privies as those to the prior action; (2) the prior decision was a final decision on the merits; and (3) the subsequent action is based on the same claims or any part of them that were or could have been brought in the first case. *Id.*

The requirement that a judgement must be rendered "on the merits" guarantees to every Plaintiff the right to be heard on the substance of her claim. Ordinarily, the doctrine may be invoked only after a judgment has been rendered which reaches and determines "the real or substantial grounds of action or defense as distinguished from matters of practice, procedure, jurisdiction or form." *See Clegg v. U.S.*, 112 F.2d 886, 887 (10th Cir. 1940). One of the exceptions to this rule, however, is found in Fed. R. Civ. P. 41(b). It provides that an involuntary dismissal for failure to prosecute, or for failure to comply with the Rules or any order of the court, shall operate as an "adjudication upon the merits," although the substantive issues of the case are never reached. *See* Fed. R. Civ. P. 41(b); *see also Angel v. Froehlich*, 967 F.2d 583, 583 (9th Cir. 1992) (finding that a Rule 41(b) involuntary dismissal is a judgment on the merits unless based on lack of jurisdiction, improper venue, or failure to join a party under Rule 19); *see also Yourish v. California Amplifier*, 191 F.3d 983, 992 (9th Cir. 1999) (finding that when a Plaintiff fails to timely amend his complaint after the district judge dismisses the complaint with leave to amend, the dismissal is typically considered a dismissal for failing to comply with a court order, which the district judge can dismiss with prejudice pursuant to Rule 41(b)); *see also Madsen v. Herman*, 961 F.2d 216, 216 (9th Cir. 1992) (finding res judicata applied where prisoner's initial complaint was dismissed with prejudice for failure to state a claim upon which relief could be granted).

Here, Plaintiff Cox brought identical claims against the same Defendants in a previous case, which was dismissed with prejudice pursuant to Rule 41(b) for Plaintiff's failure to timely file an

amended complaint pursuant to the Court's order. Pursuant to *Froehlich*, Plaintiff is therefore precluded from bringing her present claims for defamation, civil rights violations, civil conspiracy, Racketeering (RICO), Professional Negligence, 18 U.S.C. § 1512 - tampering with a witness, tortious interference, and anti-trust. Additionally, in the present complaint, Plaintiff alleges a new claim of copyright infringement. Pursuant to *McCurry*, Plaintiff's new claim is precluded because it arose out of the same transaction or occurrence as the previous claims and therefore should have been raised in the prior suit. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's request to proceed *in forma pauperis* (#12) is **granted**. Plaintiff shall not be required to pre-pay the full filing fee of four hundred dollars ($400.00).

**IT IS FURTHER ORDERED** that Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of security therefor. This Order granting leave to proceed *in forma pauperis* shall not extend to the issuance of subpoenas at government expense.

**IT IS FURTHER ORDERED** that Plaintiff's second request to proceed *in forma pauperis* (#14) is **denied** as moot considering Plaintiff is permitted to proceed *in forma pauperis* based on her previous application (#12).

## RECOMMENDATIONS

**IT IS HEREBY RECOMMENDED** that Plaintiff's Complaint (#2) be **dismissed with prejudice** due to the principle of res judicata.

DATED this 12th day of June, 2014.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge