UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

MARC J. RANDAZZA, an individual, et al,

Plaintiffs,

v.

CRYSTAL COX, an individual, et al.

Defendants.

Case No.: 2:12-cv-2040-JAD-PAL

**Order**

[## 224, 237]

Two motions are pending in this needlessly convoluted lawsuit primarily between Marc Randazza, a Nevada attorney, and Crystal Cox, a self-styled independent blogger who is proceeding pro se.[1] Randazza first moves to dismiss Cox's counterclaims under Nevada's anti-SLAPP law, NRS 41.660.[2] He also moves to strike Cox's answer and have default entered against her because her litigation conduct has been duplicative, obstructive, and contemptuous of this court's rules and orders.[3]

I find Randazza's special motion to dismiss was not filed by NRS 41.660's 60-day deadline and that the filing delay is not supported by good cause. I therefore deny the special motion to dismiss. I also deny Randazza's motion to strike Cox's answer and enter default because claim-dispositive sanctions are presently unwarranted. Cox has not been explicitly warned that such sanctions could issue if she continues to disregard court rules and file frivolous motions, and I decline to take such a draconian step without first warning her of this possibility—which I do now.

---

[1] The history of this case has been well documented in prior orders, all incorporated herein by reference. *See, e.g.,* Docs. 41, 89, 104, 144, 200, 204, 208, 213, 239.

[2] Doc. 224.

[3] Doc. 237. Cox has responded to the motion to dismiss, but not the motion to strike. Doc. 239. I find both matters suitable for disposition without oral argument. Nev. L.R. 78-2.

**Discussion**

**A.     Special Motion to Dismiss [Doc. 224]**

Randazza specially moves for dismissal of Cox's remaining counterclaims for defamation and malpractice under NRS 41.660, which provides protections for defendants in Strategic Lawsuits Against Public Participation (SLAPP). Succinctly, "[a] SLAPP suit is a meritless lawsuit that a party initiates primarily to chill a defendant's exercise of his or her First Amendment free speech rights."[4] A SLAPP claimant typically seeks "to obtain a financial advantage over one's adversary by increasing litigation costs until the adversary's case is weakened or abandoned."[5]

NRS 41.660 provides a special, expedited procedure for obtaining the dismissal of SLAPP suits. But to obtain this relief, the special motion to dismiss "must be filed within 60 days after service of the complaint, which period may be extended by the court for good cause shown."[6] The 60-day period "runs from the filing of the most recent amended [counterclaim]."[7]

Randazza's special motion is late. Cox's last operative iteration of her counterclaims was filed on February 24, 2014,[8] giving Randazza until April 28, 2014, to file a timely special motion under NRS 41.600. But he waited an additional four months—until August 15, 2014—to finally file it.[9]

I find Randazza's excuse for the delay unavailing. Randazza first moved to dismiss Cox's claims under FRCP 12(b)(6) or strike them in March 2014, and I resolved those motions in May

---

[4] *Stubbs v. Strickland*, 297 P.3d 326, 329 (Nev. 2013) (citing *John v. Douglas County School District*, 219 P.3d 1276, 1280 (Nev. 2009)).

[5] *John*, 219 P.3d at 1280.

[6] Nev. Rev. Stat. 41.660(2) & (3). See also *John*, 219 P.3d at 1284 ("Nevada's anti-SLAPP statute is procedural in nature.).

[7] *Balestra-Leigh v. Balestra*, 2010 WL 4280424, at *3 (D. Nev. Oct. 19, 2010).

[8] Doc. 164.

[9] Doc. 224.

2014.[10]  Cox moved to amend her claims on June 2, 2014, and I denied that motion on July 8, 2014.[11] Randazza contends that he waited to file the special motion because filing it during the pendency of Cox's motion for leave to amend would have been "premature and futile" as "it was impossible to determine which Counterclaim this motion would be responding to, or what the actual content of the claims would be."[12]  Randazza's ability to file a (partially successful) motion to dismiss under FRCP 12(b)(6) during the 60-day period belies this contention.  It demonstrates that Randazza was perfectly able to raise substantive challenges to Cox's counterclaims despite their "mercurial nature" in March 2014, and nothing changed in that regard between then and his August 2014 filing of the NRS 41.660 motion. Because I denied Cox's request to amend her claims, my July 8, 2014, order denying leave to amend did not alter the nature and scope of the counterclaims Randazza was obligated to address.  He could have just as easily crafted his NRS 41.660 arguments in March 2014 as in August 2014.

Randazza's special motion to dismiss was not timely filed, and he has not demonstrated good cause to extend the 60-day filing period.  I therefore exercise my discretion to deny the motion as untimely.

**B.     Motion to Strike Answer [Doc. 237]**

Randazza also moves to strike Cox's answer[13] to the complaint, essentially on the argument that Cox's numerous violations of court orders and general refusal to participate reasonably in the litigation process have reached a critical mass that now justifies claim-dispositive sanctions.[14] Randazza reminds the court that of the more than 235 documents in the record, 33 are filings by Cox

---

[10] Docs. 179, 180, 208.

[11] Docs. 209, 213.

[12] Doc. 224 at 9-10.

[13] Doc. 205.

[14] Doc. 237.

that have been either denied or stricken.[15] And Cox, despite her *pro se* status, is no stranger to the litigation process generally; Randazza cites 11 cases in which Cox was named as a plaintiff.[16] He then offers several examples of Cox's obstructive conduct: (1) the revocation of her electronic filing privileges;[17] (2) her refusal to participate in the discovery conference mandated by Federal Rule of Civil Procedure 26(f);[18] and (3) her refusal to respond to written discovery requests or his attempts to schedule her deposition.[19] Randazza requests that I exercise my inherent power to manage the docket and sanction Cox for her litigation conduct, and he also gestures toward—though does not explicitly cite—my power to enter case-dispositive sanctions under Federal Rule of Civil Procedure 37(b).[20]

Rule 37(b) permits a court to issue claim-dispositive sanctions if a party "fails to obey an order to provide or permit discovery, including an order under Rule 26(f)."[21] "The definition of 'order' in Rule 37(b) has been read broadly."[22] However, "Rule 37(b)(2)'s requirement that there be some form of court order that has been disobeyed has not been read out of existence; Rule 37(b)(2) has never been read to authorize sanctions for more general discovery abuse."[23] When considering sanctions under Rule 37, "A court must consider the following five factors before striking a pleading or declaring default: '(1) the public's interest in expeditious resolution of litigation; (2) the court's

---

[15] *Id.* at 2 & n.1.

[16] *Id.* at 3 & n.5.

[17] Doc. 144.

[18] Doc. 140.

[19] Docs. 151, 157.

[20] *See* Doc. 237 at 4-5.

[21] Fed. R. Civ. Proc. 37(b).

[22] *Unigard Sec. Ins. Co. v. Lakewood Engineering & Mfg. Corp.*, 982 F.2d 363, 368 (9th Cir. 1992).

[23] *Id.*

need to manage its docket; (3) the risk of prejudice to the other party; (4) the public policy favoring the disposition of cases on their merits; and (5) the availability of less drastic sanctions.'"[24]  "[T]he key factors are prejudice and availability of lesser sanctions."[25]  In particular, the Ninth Circuit has found that the element of prejudice is essential, and "sanctions [that] interfere with the litigants' claim or defenses violate due process when they are imposed 'merely for punishment of an infraction that did not threaten to interfere with the rightful decision of the case.'"[26]  Claim-ending sanctions require "willfulness, fault[,] or bad faith."[27]  "[D]isobedient conduct [within] the control of the litigant is all that is required to demonstrate willfulness, bad faith or fault."[28]

In addition to the power to sanction litigants for violation of enumerated discovery rules, district courts retain the power to sanction litigants under their inherent power to manage the docket "so as to achieve the orderly and expeditious disposition of cases."[29]  "Because of their very potency, inherent powers must be exercised with restraint and discretion."[30]  A court must: "(1) discuss[] explicitly the feasibility of less drastic sanctions and explain[] why alternative sanctions would be inappropriate, (2) implement[] alternative sanctions before ordering default, and (3) warn[] the party of the possibility of default before actually ordering it."[31]

Cox's litigation tactics have been less than exemplary.  She has filed numerous lengthy,

---

[24] *Hester v. Vision Airlines*, 687 F.3d 1162, 1169 (9th Cir. 2012) (quotation omitted).

[25] *Id.*

[26] *Wanderer v. Johnston*, 910 F.2d 652, 656 (9th Cir. 1990).

[27] *Anheuser-Busch, Inc. v. Natural Beverage Distribs.*, 69 F.3d 337, 348 (9th Cir. 1995) (internal quotations and citations omitted); *Jorgensen v. Cassiday*, 320 F.3d 906, 912 (9th Cir. 2003).

[28] *Henry v. Gill Inds.*, 983 F.2d 943, 948 (9th Cir. 1993) (internal quotations omitted).

[29] *Link v. Wabash R. Co.*, 370 U.S. 626, 630-31 (1962); *In re Keegan Mgmt. Co. Sec. Litig.*, 78 F.3d 431, 435 (9th Cir. 1996).

[30] *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991); *In re Keegan*, 78 F.3d at 435.

[31] *Stars' Desert Inn Hotel & County Club, Inc. v. Hwang*, 105 F.3d 521, 524 (9th Cir. 1997) (citing *Hyde & Drath v. Baker*, 24 F.3d 1162, 1167 (9th Cir. 1994).

irrelevant, and scandalous documents, which led to the revocation of her electronic filing privileges.[32]  She has also disobeyed explicit court directives, including failing to appear at a case management conference on April 1, 2014, in violation of a magistrate judge's order.[33]  Finally, and perhaps most notably, Cox has been repeatedly admonished for her failure to abide by court orders and the Federal Rules of Civil Procedure.  For example, on June 11, 2013, as part of a series of orders on Cox's motions, U.S. Magistrate Judge Leen cautioned Cox that "filing frivolous, unsupported requests may result in sanctions."[34]  Ten months later, on April 10, 2014, I noted that Cox's conduct had continued unabated.  After denying four of her motions, I cautioned Cox that the "continued filing of motions, notices, and requests without a valid, articulated legal basis will result in her filings being stricken or summarily denied, and because of the lengthy history of these violations in this case despite repeated warnings, **sanctions will also be assessed**."[35]

Undeterred, the day after I admonished Cox that future violations would lead to sanctions, Cox filed a "Motion to File FBI Investigation, and/or an Attorney General Investigation and/or a Department of Justice, and or Police Investigation" alleging that Randazza is guilty of extortion and blackmail.[36]  Judge Leen denied this motion, noting that it was "Cox's third motion requesting the court direct a law enforcement agency to investigate a matter" and just as futile as her previous two motions.[37]  Three days later, Cox moved to "Dismiss Based on Fraud on the Courts."[38]  I denied this motion as "fatally late" under the scheduling order and recounted that "Cox has been reminded of

---

[32] *See, e.g.*, Doc. 144.

[33] Doc. 167 at 3; Doc. 197 (minutes).

[34] Doc. 137 at 4.

[35] Doc. 200 at 19 (emphasis in original).

[36] Doc. 201.

[37] Doc. 207 at 1.

[38] Doc. 202.

[her obligation to follow court orders] *ad nauseum*."[39]  Finally, on August 18, 2014, Cox moved for a default judgment under FRCP 55(b).[40]  I denied that motion, too, explaining that Cox failed to secure the prerequisite clerk's entry of default under Rule 55(a).[41]  Since then, Cox seems to have vanished from this case; she even failed to respond to Randazza's motion to strike.

Although Cox's failure to abide by the court's rules and orders is well documented, the sanctions she has been warned of to date have been confined to the striking of filings, revocation of her electronic filing privileges, and nonspecific warnings that sanctions may "be assessed" for future violations.  I remain reluctant to consider claim-dispositive sanctions without first warning Cox that her continued litigation misconduct can have so drastic a consequence.  I thus take this opportunity to issue that warning: **Cox is hereby cautioned that if she continues to disregard this court's orders or rules, she may be subject to claim-ending sanctions that may include but are not limited to the striking of her claims or answer and/or the entry of default against her.**

### Conclusion

Accordingly, it is HEREBY ORDERED that Randazza's Special Motion to Dismiss Counterclaimant Crystal Cox's Counterclaim **[Doc. 224] is DENIED**.

It is FURTHER ORDERED that Randazza's Motion to Strike Defendant Crystal Cox's Answer and for Terminating Sanctions **[Doc. 237] is DENIED**.  However, Cox is cautioned that **if she continues to disregard this court's orders or rules, the court may impose claim-ending sanctions that may include but are not limited to the striking of her claims and/or answer and the entry of default and a default judgment against her.**

. . .

. . .

---

[39] Doc. 206 at 2.

[40] Doc. 227.

[41] Doc. 234.

Finally, as this order resolves the last of the pending dispositive motions, **the parties must file their joint pretrial order in compliance with Local Rules 16-3(c) and 16-4 by April 22, 2015.**[42]

DATED: March 23, 2015.

_____
Jennifer Dorsey
United States District Judge

---

[42] Doc. 215 at 2.