UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA
2:12-cv-02040-JAD-PAL



FILED ____ RECEIVED
ENTERED ____ SERVED ON
COUNSEL/PARTIES OF RECORD

APR - 6 2015

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: _____ DEPUTY

CRYSTAL L. COX,
Defendant, Counter Plaintiff

v.

MARC J. RANDAZZA,
Plaintiffs, Counter Defendant

Motion in Limine
to Include Exhibit 9, Randazza's answer
to Counter Plaintiff Cox's interrogatories.

Counter Plaintiff Cox request this court to grant Exhibit 9 to be included as evidence in her counter complaint trial.

This exhibit proves, by Randazza's signed admittance that he was trying to negotiate a settlement for Crystal Cox as her attorney and that he agreed to bow out as her attorney, in a conversation with attorney Eugene Volokh.

This exhibit also shows that Randazza did not believe Cox extorted him, or was guilty of extortion or an extortionist nor did he have proof of this as a matter of law. Yet he deliberately, willfully and wantonly posted on his legal blog that Cox had extorted him. Randazza also told Forbes, NPR, Popehat.com's attorney blogger Kenneth P. White, WIPO and countless others that Cox had extorted him and got them to post the story on their high profile, credible blogs and reports to deliberately, maliciously defame Cox.

This Exhibit also shows that Randazza admits to Cox not having a blog about his child. Yet he told Forbes, NPR,and other big and small media that she did have a blog about his child and used it to etxort him. He knew this was not true and deliberately, wantonly and willfully with full knowledge it was not the truth, painted Cox in false light and led the world to believe Cox had harmed, defamed, harassed and had a blog about his infant child. This alone has ruined Cox's life, interpersonal relationships, business and family connections. And has made it so Cox is unable to rent a home and has been homeless for a year now.



Interrogatory answer Number One discusses that Randazza knows that Cox cannot be considered an extortionist as a matter of law without first having a jury of her peers on this matter (page 4 line 12-14). Yet he knew Cox did not have a trial, nor even a complaint or investigation, as a matter of law in this regard, yet he deliberately and with malicious intent posted on his high profile legal blog that Cox is an Extortionist.

Counter Defendant Randazza claims Cox has a history of extortionate behavior. This is not true and is something he helped attorney David Aman portray to the media in regard to an excerpt of a settlement negotiation which according to rules of evidence was not admissible in court and certainly not legal to have been given to the media and spread like wildfire by Randazza with malicious intent to defame his former client Crystal Cox.

Cox has never committed extortion, never been under investigation for the crime of extortion and has never been convicted of extortion. Randazza, with full knowledge of the law, flat out claimed Cox was Guilty of Extortion on his legal blogs and he got his big media connections, small media, bloggers and attorney legal bloggers to say those same things in retaliation against Cox.

There are no open investigation of Cox for extortion, and there have never been a criminal complaint, investigation or conviction of extortion against Cox.

There is no evidence, what so ever that I, Crystal Cox, have ever posted anything online to seek a payoff of any kind.  I have never sought a financial advantage. I, Crystal Cox, have approx. 1500 blogs in which I report on corruption as I see it and give victims of that corruption a voice in online media.

Randazza has maliciously defamed my Pastor in effort to continue to paint me in false light. He lies on sworn statements such as this that I have extorted my Pastor.

## Randazza Admits to Being Cox's Attorneys in his Sworn Signed Interrogatory Answer

INTERROGATORY NO. 21 Shows that Randazza Admits to having spoke with attorney, UCLA Law Professor Eugene Volokh and offering to "bow out" if Volokh were to take the case. The question becomes why would Randazza believe he would have to bow out, if he claims he was never Cox's attorney in the first place.

This is evidence to further prove Randazza represented Crystal Cox and told others that

he represented Cox. Thereby violating Cox's right to confidentiality and laws to protect clients. Proving Cox has a valid malpractice claim.

This interrogatory answer, of which Randazza signed and swore too as true and correct, also shows Randazza admitting to negotiating a settlement on behalf of Cox, acting as her attorney.

The question then becomes what legal right did Randazza have to choose for me, make decision for me and to bow out as my attorney if he was not my attorney as he has claimed under sworn statement to this court in previous documents and motions?

This proves that Randazza was discussing a settlement with the opposition and therefore giving away my secrets, strategy, my strengths and weaknesses and meddling in my case without telling me what he was say, what settlement he was offering nor having a signed agreement with me.

Randazza clearly established an attorney client relationship with Cox and then used privileged information about Cox to defam her, ruin her life, discredit her and paint her in false light.

Randazza admits to discussing strategy with Volokh and did so without my permission or knowledge. He admits to acting as my attorney.


INTERROGATORY NO. 21:

Did you have phone conversations with Eugene Volokh and state that you represented Cox and
discuss with him your strategy, or a deal you were trying to make with the opposition, Plaintiff's
attorney David Aman?

RESPONSE TO INTERROGATORY NO. 21:

"Counterdefendant objects to Interrogatory No. 21 on the grounds that it is vague, ambiguous,
overly broad, not limited in time and scope, and seeks information which is neither relevant nor
reasonably calculated to lead to the discovery of admissible evidence.

.2-3

Counterdefendant further objects because this interrogatory is in excess of the 25 allowable
interrogatories pursuant to Rule 33(a) of the Federal Rules of Civil Procedure. As a result,
Counterdefendant is not required to respond to the same. Subject to and without waiving the
foregoing objections, Counterdefendant responds as follows:

Counterdefendant spoke with Eugene Volokh in December 2011.

Randazza informed Volkokh that if he was going to represent Cox, that Randazza would gladly bow out, and defer to Volokh to handle the case.

Volokh, however, said that he would prefer that Randazza co-counsel the case with him due to Volokh's stated lack of litigation experience. Counterdefendant and Volokh discussed possible strategies that he and Volokh thought might be good ideas during that call.

Counterdefendant and Volokh both discussed the fact that Cox's interests would be better served
through settlement."

(Exhibit 9)

In the answer for Interrogatory 22, Randazza admits to discussing strategy with me, asking for files from me, discussing settlement options, Cox's goals for the litigation, and this clearly creates an attorney client relationship, especially seeings how Randazza acted on this information and contacted the Opposition and disclosed this information.

In 23 Randazza claims that I, Cox, gave him permission to discuss a settlement with Obsidian. I did NOT give this permission. He told me he would check with the Media Bloggers Association for possible conflicts of interest and then get back to me on representation. Instead he disclosed my secrets to the opposition WITHOUT my permission. Clearly in him presenting settlement offers to the opposition, he was acting as an attorney, in what he thought or represented himself as representing me. Why else would the opposition listen to him? He claimed to be my attorney.

Randazza claims to have not opened files he requested and I sent him. However, the

law is that if they were sent to him and he requested them, then it is assumed he would open them.

Exhibit 9 is important in proving Defamation and Malpractice.

Cox moves this court to include Exhibit 9 as Evidence in this case

Crystal L. Cox, Pro Se
Counter Plaintiff / Defendant

## Certification of Service

On April 2 , 2015, Crystal Cox certifies mailing a copy of this to:

U.S. District Court
Clerk of Court
Room 1334
333 Las Vegas Blvd. S.
Las Vegas , NV 89101

1  ANTHONY T. GARASI, ESQ.
   Nevada State Bar No. 11134
2  JARED G. CHRISTENSEN, ESQ.
   Nevada State Bar No. 11538
3  BREMER WHYTE BROWN & O'MEARA LLP
   1160 N. TOWN CENTER DRIVE
4  SUITE 250
   LAS VEGAS, NV 89144
5  TELEPHONE:  (702) 258-6665
   FACSIMILE:  (702) 258-6662
6  agarasi@bremerwhyte.com
   jchristensen@bremerwhyte.com
7
   Attorneys for Counterdefendant,
8  Marc Randazza

9
                    **UNITED STATES DISTRICT COURT**
10

11
   MARC J. RANDAZZA, an individual,            )  Case No. 2:12-cv-02040-JAD-PAC
12 JENNIFER RANDAZZA, an individual, and       )
   NATALIA RANDAZZA, a minor,                  )
13                                             )
              Plaintiffs,                      )
14                                             )
         vs.                                   )
15                                             )
   CRYSTAL L. COX, an individual, and ELIOT    )
16 BERNSTEIN, an individual,                   )
                                              )
17            Defendants.                      )
   _____  )
18 CRYSTAL L. COX, an individual,              )
                                              )
19            Counterclaimant,                 )
         vs.                                   )
20                                             )
   MARC J. RANDAZZA, an individual,            )
21                                             )
              Counterdefendant.                )
22 _____  )

23

24

25

26

27

28

BREMER WHYTE BROWN &
O'MEARA LLP
1160 N. Town Center Drive
Suite 250
Las Vegas, NV  89144
(702) 258-6665

H:\1163\001\Disc\Written Discovery\Counterdefendant's Responses\2014-08-20 Randazza's Answer to First Set of Interrogatories.docx

Exhibit 9

2.   Counterdefendant objects to each interrogatory in excess of the allowed 25 written interrogatories, pursuant to Fed. R. Civ. P. 33(a). There are approximately 103 interrogatories, including distinct subparts.

3.   Counterdefendant objects to each interrogatory to the extent it seeks information protected by the attorney-client privilege or work product doctrine.

4.   Counterdefendant objects to each interrogatory to the extent it seeks information not within the possession, custody, or control of Counterdefendant.

5.   Counterdefendant objects to each interrogatory to the extent it seeks to impose duties on Counterdefendant beyond the scope of the Federal Rules of Civil Procedure.

6.   Counterdefendant objects to each interrogatory to the extent it seeks confidential, proprietary, or sensitive business information.

7.   Counterdefendant objects generally to Counterclaimant's interrogatories to the extent that they are vague, ambiguous, overly broad, incomprehensible, or seek to impose upon Counterdefendant an unduly burdensome search for and disclosure of information that is neither relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of information or evidence admissible at trial.

8.   Counterdefendant further objects to all discovery propounded by Cox in this case as the counterclaims are clearly claim precluded, and thus any discovery propounded has been done so as an abuse of process and should subject Cox to sanctions.

9.   Counterdefendant hereby incorporates by reference these general objections into each specific answer.

## ANSWERS TO INDIVIDUAL INTERROGATORIES

**INTERROGATORY NO. 1:**

State whether you contend that Counter Plaintiff Crystal Cox has extorted you and your family, is guilty of the crime of extortion and if so what laws has she violated and how has this harmed you?  Have you reported Cox to the authorities for the crime of extortion?  If not, why?

**RESPONSE TO INTERROGATORY NO. 1:**

Counterdefendant objects to Interrogatory No. 1 on the grounds that the terms "extorted,"

BREMER WHYTE BROWN &
O'MEARA LLP
1160 N. Town Center Drive
Suite 250
Las Vegas, NV 89144
(702) 258-6665

3

H:\1163\001\Disc\Written Discovery\Counterdefendant's Responses\2014-08-20 Randazza's Answer to First Set of Interrogatories.docx

Exhibit G

1  "guilty," "crime of extortion," "laws" and "authorities" are vague and ambiguous.

2  Counterdefendant further objects because it is compound and seeks a contention relating to and/or

3  regarding a fact or application of law to fact and cannot be adequately answered until discovery has

4  been completed. It has long been established that answers to contention interrogatories should be

5  deferred until discovery has been completed. (*See In re Convergent Technologies Sec. Litig.*, 108

6  F.R.D. 328 (N.D. Cal. 1985); *Mid-America Facilities, Inc. v. Argonaut Ins. Co.*, 78 F.R.D. 497

7  (E.D. Wis. 1978).)

8  Counterdefendant further objects because Interrogatory No. 1 contains multiple subparts which

9  count as four (4) separate and distinct interrogatories in regard to the maximum number of

10  interrogatories permitted by F.R.C.P. 33(a). Subject to and without waiving the foregoing

11  objections, Counterdefendant responds as follows:

12  Counterdefendant is unable to state whether Counterclaimant is guilty of a crime and whether

13  she has violated the law. Such determination can only be made by a jury of her peers in a court of

14  law. Notwithstanding, Counterdefendant contends that Cox has a history of engaging in

15  extortionate behavior. In the *Obsidian* case, Cox obsessively posted defamatory information about

16  the Plaintiffs, then sought a financial advantage from the victims in exchange for cleaning up the

17  very reputational damage she caused, as recognized by the federal judge in that case, after a trial

18  was held on the merits of the case. The Ninth Circuit, in reviewing the lower court's record in the

19  *Obsidian* case, determined that "Cox apparently has a history of making similar allegations [to

20  those she made concerning Kevin Padrick] and seeking payoffs in exchange for retraction."

21  (*Obsidian Fin. Group, LLC*, 740 F. 3d at 1287.) The Ninth Circuit may not have used the precise

22  word "extortion," but the words it used fit squarely within the definition of that term.

23  Moreover, on July 5, 2013, the State of Montana Board of Realty Regulation also found that

24  Cox had engaged in extortionate behavior, thereby violating multiple rules of professional and

25  ethical conduct. Specifically, the Board found that Cox had violated the confidences of a client,

26  Martin Cain, by registering the domain name <martincain.com> and using it to post various false

27  statements about him, including an accusation that Mr. Cain hired a hit man to kill Cox. Thereafter,

28  Cox then contacted Mr. Cain and offered him the <martincain.com> website for $500,000.00.

BREMER WHYTE BROWN &
O'MEARA LLP
1160 N. Town Center Drive
Suite 250
Las Vegas, NV 89144
(702) 258-6665

4

H:\1163\001\Disc\Written Discovery\Counterdefendant's Responses\2014-08-20 Randazza's Answer to First Set of Interrogatories.docx

*Exhibit 9*

1   Randazza contends that this is extortionate behaviour.  In the instant dispute, Cox has engaged in

2   almost the exact conduct as detailed above against the Counterdefendant by registering a

3   multiplicity of domain names reflecting his name and then sought payment for her reputation

4   services, and sought to sell at least one of the domains to Randazza for an extortionate sum.  The

5   "harm" from extortion or attempted extortion stems from the act itself.  Randazza has discussed

6   this matter with the authorities in multiple jurisdictions, and to the best of Randazza's knowledge,

7   the matter is the subject of open investigations.

8   **INTERROGATORY NO. 2:**

9       Describe in detail the basis or bases on which you made the statement on any web page, blog,

10   publication, email, interview or any other third party statement before the filing of the *Randazza v.*

11   *Cox* lawsuit that "Cox is an Extortionist" or in any way that stated Crystal Cox was an extortionist

12   and had extorted you personally.

13       Describe in detail all parties to which you published or stated that Crystal Cox had extorted you

14   or was guilty of the crime of extortion against you and / or your family.

15   **RESPONSE TO INTERROGATORY NO. 2:**

16       Counterdefendant objects to Interrogatory No. 2 on the grounds that the terms "extortionist,"

17   "extorted," "guilty" and "crime of extortion" are vague and ambiguous. Counterdefendant further

18   objects because it is overly broad, not limited in time and scope, compound, and seeks a contention

19   relating to and/or regarding a fact or application of law to fact and cannot be adequately answered

20   until discovery has been completed. It has long been established that answers to contention

21   interrogatories should be deferred until discovery has been completed. (*See In re Convergent*

22   *Technologies Sec. Litig.*, 108 F.R.D. 328 (N.D. Cal. 1985); *Mid-America Facilities, Inc. v.*

23   *Argonaut Ins. Co.*, 78 F.R.D. 497 (E.D. Wis. 1978).)

24       Counterdefendant further objects because it contains multiple subparts which count as at least

25   two (2) separate and distinct interrogatories in regard to the maximum number of interrogatories

26   permitted by F.R.C.P. 33(a). Subject to and without waiving the foregoing objections,

27   Counterdefendant responds as follows:

28       Counterdefendant stated that "Cox is an Extortionist" in a brief of amicus curiae in *Obsidian*

BREMER WHYTE BROWN &
O'MEARA LLP
1160 N. Town Center Drive
Suite 250
Las Vegas, NV 89144
(702) 258-6665

5

H:\1163\001\Disc\Written Discovery\Counterdefendant's Responses\2014-08-20 Randazza's Answer to First Set of Interrogatories.docx

*Exhibit 5*

1   *Finance v. Cox*, before the United States Court of Appeals for the Ninth Circuit and in a reply brief

2   in the same case.

3       Furthermore, there is substantial evidence that Cox has a history of engaging in extortionate

4   behavior. In the *Obsidian* case, Cox obsessively posted defamatory information about the

5   Plaintiffs, then sought a financial advantage from the victims in exchange for cleaning up the very

6   reputational damage she caused. The Ninth Circuit, in reviewing the lower court's record in the

7   *Obsidian* case, determined that "Cox apparently has a history of making similar allegations [to

8   those she made concerning Kevin Padrick] and seeking payoffs in exchange for retraction."

9   (*Obsidian Fin. Group, LLC*, 740 F. 3d at 1287). The Ninth Circuit may not have used the precise

10  word "extortion," but the words it used fit squarely within the definition of that term.

11      Moreover, on July 5, 2013, the State of Montana Board of Realty Regulation also found that

12  Cox had engaged in extortionate behavior, thereby violating multiple rules of professional and

13  ethical conduct. Specifically, the Board found that Cox had violated the confidences of a client,

14  Martin Cain, by registering the domain name <martincain.com> and using it to post various false

15  statements about him, including an accusation that Mr. Cain hired a hit man to kill Cox. Thereafter,

16  Cox then contacted Mr. Cain and offered him the <martincain.com> website for $500,000. Further,

17  Cox has engaged in almost the exact conduct as detailed above against the Counterdefendant in this

18  matter by registering a multiplicity of domain names reflecting his name and then seeking payment

19  for her reputation services. Finally, Reverend John Collins stated to Randazza on multiple

20  occasions that Cox was threatening him and extorting him, and that he was actually paying Cox in

21  order to prevent her from engaging in online character assassination of him in a manner calculated

22  to destroy his ministry. Randazza has no reason to believe that Collins was not telling the truth.

23  Further, Collins' wife and other members of his congregation confirmed these facts.

24  **INTERROGATORY NO. 3:**

25      Identify (by name, email and last-known address and telephone number) each and every person

26  about whom you have made any statements to on any website, any phone communication, any text

27  or email, regarding Crystal Cox in any way at all before November of 2012, the filing date of

28  *Randazza v. Cox.*

BREMER WHYTE BROWN &
O'MEARA LLP
1160 N. Town Center Drive
Suite 250
Las Vegas, NV 89144
(702) 258-6665

6

H:\1163\001\Disc\Written Discovery\Counterdefendant's Responses\2014-08-20 Randazza's Answer to First Set of Interrogatories.docx

*Exhibit 9*

**RESPONSE TO INTERROGATORY NO. 3:**

Counterdefendant objects to Interrogatory No. 3 on the grounds that it is confusing, vague, ambiguous, overly broad, unduly burdensome, not limited in time and scope, compound, and seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Counterdefendant further objects because it contains multiple subparts which count as separate and distinct interrogatories in regard to the maximum number of interrogatories permitted by F.R.C.P. 33(a). Counterdefendant also objects because it seeks information protected by the attorney/client privilege and/or work product privilege. Without waiving such objections, Randazza contends that any statements published on the Internet or otherwise remain published and to the extent that Cox believes that such published statements are damaging to her reputation, it is incumbent upon her to present them to the court in her counterclaim, not to seek to "discover a case."

**INTERROGATORY NO. 4:**

Describe which provision of law was your basis for alleging on your legal blog and in other publications that Crystal Cox had extorted you. Incidents before you filed Randazza v. Cox.

**RESPONSE TO INTERROGATORY NO. 4:**

Counterdefendant objects to Interrogatory No. 4 on the grounds that the terms "provision of law" and "extorted" are vague and ambiguous. Counterdefendant further objects because it is compound and seeks a contention relating to and/or regarding a fact or application of law to fact and cannot be adequately answered until discovery has been completed. It has long been established that answers to contention interrogatories should be deferred until discovery has been completed. (*See In re Convergent Technologies Sec. Litig.*, 108 F.R.D. 328 (N.D. Cal. 1985); *Mid-America Facilities, Inc. v. Argonaut Ins. Co.*, 78 F.R.D. 497 (E.D. Wis. 1978).)

Counterdefendant also objects because it contains multiple subparts which count as separate and distinct interrogatories in regard to the maximum number of interrogatories permitted by F.R.C.P. 33(a). Counterdefendant further objects to this interrogatory as improper, as Cox is asking Counterdefendant for the basis for statements that she has not quoted, and that are either of her own manufacture or of Judge Dorsey's paraphrasing. Subject to and without waiving the foregoing

BREMER WHYTE BROWN &
O'MEARA LLP
1160 N. Town Center Drive
Suite 250
Las Vegas, NV 89144
(702) 258-6665

7

1 objections, Counterdefendant responds as follows:

2    Please see Answer to Interrogatory Nos. 1 & 2.

3 **INTERROGATORY NO. 5:**

4    Have you ever accused Crystal Cox of the crime of extortion on your blog, in publications to

5 third parties of any kind, in interviews or documents of any kind before the date of November

6 2012?

7 **RESPONSE TO INTERROGATORY NO. 5:**

8    Counterdefendant objects to Interrogatory No. 5 on the grounds that the term "crime of

9 extortion" it is vague and ambiguous. Counterdefendant further objects because it is overly broad

10 and seeks a contention relating to and/or regarding a fact or application of law to fact and cannot be

11 adequately answered until discovery has been completed. It has long been established that answers

12 to contention interrogatories should be deferred until discovery has been completed. (*See In re*

13 *Convergent Technologies Sec. Litig.*, 108 F.R.D. 328 (N.D. Cal. 1985); *Mid-America Facilities,*

14 *Inc. v. Argonaut Ins. Co.*, 78 F.R.D. 497 (E.D. Wis. 1978).) Counterdefendant further objects

15 because it contains multiple subparts which count as separate and distinct interrogatories in regard

16 to the maximum number of interrogatories permitted by F.R.C.P. 33(a). Subject to and without

17 waiving the foregoing objections, Counterdefendant responds as follows:

18    No.

19 **INTERROGATORY NO. 6:**

20    Have you painted Cox in false light as an extortionist or one who has attacked a three year old?

21 **RESPONSE TO INTERROGATORY NO. 6:**

22    Counterdefendant objects to Interrogatory No. 6 on the grounds that the terms "painted," "false

23 light," "extortionist," and "attacked" are vague and ambiguous. Counterdefendant further objects

24 because it is compound and seeks a contention relating to and/or regarding a fact or application of

25 law to fact and cannot be adequately answered until discovery has been completed. It has long been

26 established that answers to contention interrogatories should be deferred until discovery has been

27 completed. (*See In re Convergent Technologies Sec. Litig.*, 108 F.R.D. 328 (N.D. Cal. 1985); *Mid-*

28 *America Facilities, Inc. v. Argonaut Ins. Co.*, 78 F.R.D. 497 (E.D. Wis. 1978).) Counterdefendant

BREMER WHYTE BROWN &
O'MEARA LLP
1160 N. Town Center Drive
Suite 250
Las Vegas, NV 89144
(702) 258-6665

8

H:\1163\001\Disc\Written Discovery\Counterdefendant's Responses\2014-08-20 Randazza's Answer to First Set of Interrogatories.docx

1  also objects because it contains multiple subparts which count as separate and distinct

2  interrogatories in regard to the maximum number of interrogatories permitted by F.R.C.P. 33(a).

3  Subject to and without waiving the foregoing objections, Counterdefendant responds as follows:

4      No.

5  **INTERROGATORY NO. 7:**

6      Has Crystal Cox ever had a blog about your children, to your knowledge? Has Cox ever written

7  or posted anything online about your children? Did you state that Cox had a blog about your then 3

8  year old daughter to third parties or publish such statements to third parties? Did Crystal Cox have

9  a blog about your children?

10  **RESPONSE TO INTERROGATORY NO. 7:**

11     Counterdefendant objects to Interrogatory No. 7 on the grounds that the term "blog" is vague

12  and ambiguous. Counterdefendant further objects because it is compound and seeks a contention

13  relating to and/or regarding a fact or application of law to fact and cannot be adequately answered

14  until discovery has been completed. It has long been established that answers to contention

15  interrogatories should be deferred until discovery has been completed. (*See In re Convergent*

16  *Technologies Sec. Litig.*, 108 F.R.D. 328 (N.D. Cal. 1985); *Mid-America Facilities, Inc. v.*

17  *Argonaut Ins. Co.*, 78 F.R.D. 497 (E.D. Wis. 1978).)

18     Counterdefendant also objects because it contains multiple subparts which count as three (3)

19  separate and distinct interrogatories in regard to the maximum number of interrogatories permitted

20  by F.R.C.P. 33(a). Subject to and without waiving the foregoing objections, Counterdefendant

21  responds as follows:

22     Cox previously registered and owned the website NataliaRandazza.com, which corresponds to

23  the name of Counterdefendant's then three-year-old daughter in an effort to harass

24  Counterdefendant, to extort Counterdefendant, and, through her own admission, to attempt to

25  intimidate Counterdefendant from responding to a lawfully issued subpoena and in order to attempt

26  to intimidate Counterdefendant from testifying at a trial. Cox admits having registered

27  <nataliarandazza.com> in ECF 209-1 at page 6.

28

BREMER WHYTE BROWN &
O'MEARA LLP
1160 N. Town Center Drive
Suite 250
Las Vegas, NV 89144
(702) 258-6665

9

H:\1163\001\Disc\Written Discovery\Counterdefendant's Responses\2014-08-20 Randazza's Answer to First Set of Interrogatories.docx

Exhibit 9

**INTERROGATORY NO. 8:**

Have you Spoke with, made third party statements to Bob Garfield of NPR in a publicly broadcast interview and accused Counter Plaintiff Cox of extortion or any other crimes against you or your family before Nov. of 2012?

**RESPONSE TO INTERROGATORY NO. 8:**

Counterdefendant objects to Interrogatory No. 8 on the grounds that the terms "extortion" and "any other crimes" are vague and ambiguous. Counterdefendant further objects because it is compound and seeks a contention relating to and/or regarding a fact or application of law to fact and cannot be adequately answered until discovery has been completed. It has long been established that answers to contention interrogatories should be deferred until discovery has been completed. (*See In re Convergent Technologies Sec. Litig.*, 108 F.R.D. 328 (N.D. Cal. 1985); *Mid-America Facilities, Inc. v. Argonaut Ins. Co.*, 78 F.R.D. 497 (E.D. Wis. 1978).) Counterdefendant also objects because it contains multiple subparts which count as separate and distinct interrogatories in regard to the maximum number of interrogatories permitted by F.R.C.P. 33(a). Subject to and without waiving the foregoing objections, Counterdefendant responds as follows:

Counterdefendant was interviewed by Bob Garfield. The transcript of the interview with Bob Garfield speaks for itself and is available at <onthemedia.org/story/198049-combating-bad-speech-more-speech/transcript/>.

**INTERROGATORY NO. 9:**

Have you ever stated to a blogger, a news journalist, a radio broadcaster or anyone else you know or knew would report to a third party, that Cox had a blog about your 3 years old child and that Cox had extorted you or your family?

**RESPONSE TO INTERROGATORY NO. 9:**

Counterdefendant objects to Interrogatory No. 9 on the grounds that the terms "report to a third party" is vague and ambiguous. Counterdefendant further objects because it is overbroad, compound, and seeks a contention relating to and/or regarding a fact or application of law to fact and cannot be adequately answered until discovery has been completed. It has long been established that answers to contention interrogatories should be deferred until discovery has been

BREMER WHYTE BROWN &
O'MEARA LLP
1160 N. Town Center Drive
Suite 250
Las Vegas, NV 89144
(702) 258-6665

H:\1163\001\Disc\Written Discovery\Counterdefendant's Responses\2014-08-20 Randazza's Answer to First Set of Interrogatories.docx

*Exhibit 9*

completed. (*See In re Convergent Technologies Sec. Litig.*, 108 F.R.D. 328 (N.D. Cal. 1985); *Mid-America Facilities, Inc. v. Argonaut Ins. Co.*, 78 F.R.D. 497 (E.D. Wis. 1978).)

Counterdefendant also objects because it contains multiple subparts which count as two (2) separate and distinct interrogatories in regard to the maximum number of interrogatories permitted by F.R.C.P. 33(a). Subject to and without waiving the foregoing objections, Counterdefendant responds as follows:

Although Cox had previously registered and owned the website <nataliarandazza.com>, in the name of Counterdefendant's daughter to harass Counterdefendant. Further, Counterdefendant does not recall making any statements to a blogger, a news journalist, a radio broadcaster or anyone else he knew would report to a third party that Cox had extorted him or his family. If Cox is in possession of any such publications or statements, if they are authentic, they speak for themselves. Cox has admitted registering <nataliarandazza.com> at ECF 209-1 at page 6.

**INTERROGATORY NO. 10:**

Have you ever stated or published to a third party that Cox had extorted you was guilty of the crime of extortion or that Cox had posted false statements about you and asked for money to remove those statements?

**RESPONSE TO INTERROGATORY NO. 10:**

Counterdefendant objects to Interrogatory No. 10 on the grounds that the terms "guilty," "crime of extortion" are vague and ambiguous. Counterdefendant further objects because it is overbroad, compound and seeks a contention relating to and/or regarding a fact or application of law to fact and cannot be adequately answered until discovery has been completed. It has long been established that answers to contention interrogatories should be deferred until discovery has been completed. (*See In re Convergent Technologies Sec. Litig.*, 108 F.R.D. 328 (N.D. Cal. 1985); *Mid-America Facilities, Inc. v. Argonaut Ins. Co.*, 78 F.R.D. 497 (E.D. Wis. 1978).)

Counterdefendant also objects because it contains multiple subparts which count as two (2) separate and distinct interrogatories in regard to the maximum number of interrogatories permitted by F.R.C.P. 33(a). Subject to and without waiving the foregoing objections, Counterdefendant responds as follows:

BREMER WHYTE BROWN &
O'MEARA LLP
1160 N. Town Center Drive
Suite 250
Las Vegas, NV 89144
(702) 258-6665

11

H:\1163\001\Disc\Written Discovery\Counterdefendant's Responses\2014-08-20 Randazza's Answer to First Set of Interrogatories.docx

1    The statements of Counterdefendant made on his blog remain publically available and speak for

2    itself if reviewed in its entirety. Furthermore, Counterdefendant is unaware of any statements of

3    record that do not speak for themselves.

4    **INTERROGATORY NO. 11:**

5    Have you Spoke with, made third party statements to Tracy Coenen of the Fraud Files and

6    accused Counter Plaintiff Cox of extortion or any other crimes against you or your family before

7    Nov. of 2012?

8    **RESPONSE TO INTERROGATORY NO. 11:**

9    Counterdefendant objects to Interrogatory No. 11 on the grounds that the terms "third party

10   statements," "extortion," and "any other crimes" are vague and ambiguous. Counterdefendant

11   further objects because it is compound and seeks a contention relating to and/or regarding a fact or

12   application of law to fact and cannot be adequately answered until discovery has been completed. It

13   has long been established that answers to contention interrogatories should be deferred until

14   discovery has been completed. (*See In re Convergent Technologies Sec. Litig.*, 108 F.R.D. 328

15   (N.D. Cal. 1985); *Mid-America Facilities, Inc. v. Argonaut Ins. Co.*, 78 F.R.D. 497 (E.D. Wis.

16   1978).) Counterdefendant also objects because it contains multiple subparts which count as two (2)

17   separate and distinct interrogatories in regard to the maximum number of interrogatories permitted

18   by F.R.C.P. 33(a). Subject to and without waiving the foregoing objections, Counterdefendant

19   responds as follows:

20   Any non-privileged statements made to Tracy Coenen of The Fraud Files Blog are published on

21   that blog, publicly available at <sequenceinc.com/fraudfiles/tag/crystal-cox/> and speak for

22   themselves.

23   **INTERROGATORY NO. 12:**

24   Have you Spoke with attorney and legal blogger Kenneth P. White and accused Counter

25   Plaintiff Cox of extortion or any other crimes against you or your family before Nov. of 2012?

26   **RESPONSE TO INTERROGATORY NO. 12:**

27   Counterdefendant objects to Interrogatory No. 12 on the grounds the terms "extortion" and

28   "other crimes" are vague and ambiguous. Counterdefendant further objects because it is compound

BREMER WHYTE BROWN &
O'MEARA LLP
1160 N. Town Center Drive
Suite 250
Las Vegas, NV 89144
(702) 258-6665

12

H:\1163\001\Disc\Written Discovery\Counterdefendant's Responses\2014-08-20 Randazza's Answer to First Set of Interrogatories.docx

1  and seeks a contention relating to and/or regarding a fact or application of law to fact and cannot be

2  adequately answered until discovery has been completed. It has long been established that answers

3  to contention interrogatories should be deferred until discovery has been completed. (*See In re*

4  *Convergent Technologies Sec. Litig.*, 108 F.R.D. 328 (N.D. Cal. 1985); *Mid-America Facilities,*

5  *Inc. v. Argonaut Ins. Co.*, 78 F.R.D. 497 (E.D. Wis. 1978).)

6       Counterdefendant also objects because it contains multiple subparts which count as two (2)

7  separate and distinct interrogatories in regard to the maximum number of interrogatories permitted

8  by F.R.C.P. 33(a). Counterdefendant further objects because it seeks information protected by the

9  attorney/client privilege and/or work product privilege.

10      Any conversations with Kenneth P. White are protected by the attorney/client privilege.

11  **INTERROGATORY NO. 13:**

12      Have you Spoke with attorney and legal blogger for Reuters, William Peacock and accused

13  Counter Plaintiff Cox of extortion or any other crimes against you or your family before Nov. of

14  2012?

15  **RESPONSE TO INTERROGATORY NO. 13:**

16      Counterdefendant objects to Interrogatory No. 13 on the grounds that the terms "extortion" and

17  "other crimes" are vague and ambiguous. Counterdefendant further objects because it is compound

18  and seeks a contention relating to and/or regarding a fact or application of law to fact and cannot be

19  adequately answered until discovery has been completed. It has long been established that answers

20  to contention interrogatories should be deferred until discovery has been completed. (*See In re*

21  *Convergent Technologies Sec. Litig.*, 108 F.R.D. 328 (N.D. Cal. 1985); *Mid-America Facilities,*

22  *Inc. v. Argonaut Ins. Co.*, 78 F.R.D. 497 (E.D. Wis. 1978).)

23      Counterdefendant also objects because it contains multiple subparts which count as two (2)

24  separate and distinct interrogatories in regard to the maximum number of interrogatories permitted

25  by F.R.C.P. 33(a). Subject to and without waiving the foregoing objections, Counterdefendant

26  responds as follows:

27      Counterdefendant never spoke with William Peacock prior to November 2012.

28

BREMER WHYTE BROWN &
O'MEARA LLP
1160 N. Town Center Drive
Suite 250
Las Vegas, NV 89144
(702) 258-6665

13

H:\1163\001\Disc\Written Discovery\Counterdefendant's Responses\2014-08-20 Randazza's Answer to First Set of Interrogatories.docx

1 **INTERROGATORY NO. 14:**

2     Have you Spoke with journalist Kashmir Hill of Forbes and accused Counter Plaintiff Cox of

3 extortion or any other crimes against you or your family before Nov. of 2012?

4 **RESPONSE TO INTERROGATORY NO. 14:**

5     Counterdefendant objects to Interrogatory No. 14 on the grounds that the terms are "extortion"

6 and "other crimes" are vague and ambiguous. Counterdefendant further objects because it is

7 compound and seeks a contention relating to and/or regarding a fact or application of law to fact

8 and cannot be adequately answered until discovery has been completed. It has long been

9 established that answers to contention interrogatories should be deferred until discovery has been

10 completed. (*See In re Convergent Technologies Sec. Litig.*, 108 F.R.D. 328 (N.D. Cal. 1985); *Mid-*

11 *America Facilities, Inc. v. Argonaut Ins. Co.*, 78 F.R.D. 497 (E.D. Wis. 1978).)

12     Counterdefendant also objects because it contains multiple subparts which count as two (2)

13 separate and distinct interrogatories in regard to the maximum number of interrogatories permitted

14 by F.R.C.P. 33(a). Subject to and without waiving the foregoing objections, Counterdefendant

15 responds as follows:

16     To the best of Counterdefendant's recollection, he never spoke with Kashmir Hill prior to

17 November 2012.

18 **INTERROGATORY NO. 15:**

19     Have you Spoke with any journalist, blogger, legal blog, editor, radio broadcaster, or publisher

20 of any kind and told them Crystal Cox was an extortionist?

21 **RESPONSE TO INTERROGATORY NO. 15:**

22     Counterdefendant objects to Interrogatory No. 15 on the grounds it is vague and ambiguous.

23 Counterdefendant further objects because it is overly broad, not limited to time and scope, unduly

24 burdensome, compound, and seeks a contention relating to and/or regarding a fact or application of

25 law to fact and cannot be adequately answered until discovery has been completed. It has long been

26 established that answers to contention interrogatories should be deferred until discovery has been

27 completed. (*See In re Convergent Technologies Sec. Litig.*, 108 F.R.D. 328 (N.D. Cal. 1985); *Mid-*

28

BREMER WHYTE BROWN &
O'MEARA LLP
1160 N. Town Center Drive
Suite 250
Las Vegas, NV 89144
(702) 258-6665

14

H:\1163\001\Disc\Written Discovery\Counterdefendant's Responses\2014-08-20 Randazza's Answer to First Set of Interrogatories.docx

1  *America Facilities, Inc. v. Argonaut Ins. Co.*, 78 F.R.D. 497 (E.D. Wis. 1978).) Subject to and

2  without waiving the foregoing objections, Counterdefendant responds as follows:

3      Statements made by Counterdefendant and are directly attributable to Counterdefendant, are

4  generally available on the Internet, in publications that have been entered into evidence in this case

5  already. Any such statements should be easily located by Cox and provided for authentication.

6  **INTERROGATORY NO. 16:**

7      What, by name and location, journalists, law bloggers, tv reporters, bloggers, law bloggers or

8  any other media or publisher of any kind have you spoke with, called, texted, emailed, or

9  communicated to in any way about Crystal Cox in general, Crystal Cox having a blog attacking

10 your children or Crystal Cox being an extortionist before the Nov. 2012 filing date of Randazza v.

11 Cox?

12 **RESPONSE TO INTERROGATORY NO. 16:**

13     Counterdefendant objects to Interrogatory No. 16 on the grounds that it is vague, ambiguous

14 and confusing. Counterdefendant further objects because it is overly broad, compound, and seeks a

15 contention relating to and/or regarding a fact or application of law to fact and cannot be adequately

16 answered until discovery has been completed. It has long been established that answers to

17 contention interrogatories should be deferred until discovery has been completed. (*See In re*

18 *Convergent Technologies Sec. Litig.*, 108 F.R.D. 328 (N.D. Cal. 1985); *Mid-America Facilities,*

19 *Inc. v. Argonaut Ins. Co.*, 78 F.R.D. 497 (E.D. Wis. 1978).)

20     Counterdefendant also objects because it contains multiple subparts which count as three (3)

21 separate and distinct interrogatories in regard to the maximum number of interrogatories permitted

22 by F.R.C.P. 33(a). Subject to and without waiving the foregoing objections, Counterdefendant

23 responds as follows:

24     Counterdefendant was interviewed by Bob Garfield. The transcript of the interview with Bob

25 Garfield speaks for itself and is available at http://www.onthemedia.org/story/198049-combating-

26 bad-speech-more-speech/transcript/.  The results of any other interviews would be readily available

27 online, as to the best of Counterdefendant's knowledge, all statements made to any bloggers or

28 journalists were quoted in their articles, and those articles remain online.

BREMER WHYTE BROWN &
O'MEARA LLP
1160 N. Town Center Drive
Suite 250
Las Vegas, NV  89144
(702) 258-6665

H:\1163\001\Disc\Written Discovery\Counterdefendant's Responses\2014-08-20 Randazza's Answer to First Set of Interrogatories.docx

*Exhibit 9*

1  **INTERROGATORY NO. 17:**

2      Did you make it clear, or state in any way to any members of the First Amendment bar that you

3  represented Crystal Cox in her appeal?

4  **RESPONSE TO INTERROGATORY NO. 17:**

5      Counterdefendant objects to Interrogatory No. 17 on the grounds that it is vague, ambiguous

6  and confusing. Counterdefendant further objects because it seeks a contention relating to and/or

7  regarding a fact or application of law to fact and cannot be adequately answered until discovery has

8  been completed. It has long been established that answers to contention interrogatories should be

9  deferred until discovery has been completed. (*See In re Convergent Technologies Sec. Litig.*, 108

10 F.R.D. 328 (N.D. Cal. 1985); *Mid-America Facilities, Inc. v. Argonaut Ins. Co.*, 78 F.R.D. 497

11 (E.D. Wis. 1978).)

12     Counterdefendant further objects because this interrogatory is in excess of the 25 allowable

13 interrogatories pursuant to Rule 33(a) of the Federal Rules of Civil Procedure. As a result,

14 Counterdefendant is not required to respond to the same. Subject to and without waiving the

15 foregoing objections, Counterdefendant responds as follows:

16     The "First Amendment bar" does not exist. Further, Counterdefendant has never claimed to

17 represent Cox in her appeal or in any capacity.

18 **INTERROGATORY NO. 18:**

19     Did you negotiate terms of any deal in any way acting as Cox's attorney, discuss a deal with

20 Plaintiff's attorney David Aman?

21 **RESPONSE TO INTERROGATORY NO. 18:**

22     Counterdefendant objects to Interrogatory No. 18 on the grounds that it is vague, ambiguous,

23 overly broad, and not limited in time and scope. Counterdefendant further objects because this

24 interrogatory is in excess of the 25 allowable interrogatories pursuant to Rule 33(a) of the Federal

25 Rules of Civil Procedure. As a result, Counterdefendant is not required to respond to the same.

26 Subject to and without waiving the foregoing objections, Counterdefendant responds as follows:

27     Counterdefendant did not negotiate any terms or make any deals with David Aman or hold

28 himself out as Cox's attorney. Furthermore, this has already been definitively answered in Mr.

BREMER WHYTE BROWN &
O'MEARA LLP
1160 N. Town Center Drive
Suite 250
Las Vegas, NV 89144
(702) 258-6665

16

H:\1163\001\Disc\Written Discovery\Counterdefendant's Responses\2014-08-20 Randazza's Answer to First Set of Interrogatories.docx

*Exhibit 9*

1   Aman's declaration, previously submitted to the Court. (*See* Declaration of David Aman, attached

2   as **Exhibit A**.)

3   **INTERROGATORY NO. 19:**

4       Did you take any actions, what so ever, in any way that was an action acting as Cox's attorney?

5   **RESPONSE TO INTERROGATORY NO. 19:**

6       Counterdefendant objects to Interrogatory No. 19 on the grounds is vague, ambiguous,

7   confusing, not limited in time and scope, and seeks a contention relating to and/or regarding a fact

8   or application of law to fact and cannot be adequately answered until discovery has been

9   completed. It has long been established that answers to contention interrogatories should be

10  deferred until discovery has been completed. (*See In re Convergent Technologies Sec. Litig.*, 108

11  F.R.D. 328 (N.D. Cal. 1985); *Mid-America Facilities, Inc. v. Argonaut Ins. Co.*, 78 F.R.D. 497

12  (E.D. Wis. 1978).)

13      Counterdefendant further objects because this interrogatory is in excess of the 25 allowable

14  interrogatories pursuant to Rule 33(a) of the Federal Rules of Civil Procedure. As a result,

15  Counterdefendant is not required to respond to the same. Subject to and without waiving the

16  foregoing objections, Counterdefendant responds as follows:

17      No.

18  **INTERROGATORY NO. 20:**

19      Did you tell Crystal Cox that higher ups in the Porn Industry said to you, what are you going to

20  do about Crystal cox, or the Crystal Cox Case?

21  **RESPONSE TO INTERROGATORY NO. 20:**

22      Counterdefendant objects to Interrogatory No. 20 on the grounds that it is vague, ambiguous,

23  overly broad, not limited in time and scope, and seeks information which is neither relevant nor

24  reasonably calculated to lead to the discovery of admissible evidence. Counterdefendant further

25  objects because it seeks information protected by the attorney/client privilege and/or work product

26  privilege.  Counterdefendant further objects because the question is virtually unintelligible.  "The

27  Porn Industry" lacks a definition, and "higher ups in the porn industry" lacks a definition.

28      Counterdefendant further objects because this interrogatory is in excess of the 25 allowable

BREMER WHYTE BROWN &
O'MEARA LLP
1160 N. Town Center Drive
Suite 250
Las Vegas, NV 89144
(702) 258-6665

17

*Exhibit 9*

1    interrogatories pursuant to Rule 33(a) of the Federal Rules of Civil Procedure. As a result,

2    Counterdefendant is not required to respond to the same. Subject to and without waiving the

3    foregoing objections, Counterdefendant responds as follows:

4        No.

5    **INTERROGATORY NO. 21:**

6        Did you have phone conversations with Eugene Volokh and state that you represented Cox and

7    discuss with him your strategy, or a deal you were trying to make with the opposition, Plaintiff's

8    attorney David Aman?

9    **RESPONSE TO INTERROGATORY NO. 21:**

10       Counterdefendant objects to Interrogatory No. 21 on the grounds that it is vague, ambiguous,

11   overly broad, not limited in time and scope, and seeks information which is neither relevant nor

12   reasonably calculated to lead to the discovery of admissible evidence.

13       Counterdefendant further objects because this interrogatory is in excess of the 25 allowable

14   interrogatories pursuant to Rule 33(a) of the Federal Rules of Civil Procedure. As a result,

15   Counterdefendant is not required to respond to the same. Subject to and without waiving the

16   foregoing objections, Counterdefendant responds as follows:

17       Counterdefendant spoke with Eugene Volokh in December 2011.  Randazza informed Volkokh

18   that if he was going to represent Cox, that Randazza would gladly bow out, and defer to Volokh to

19   handle the case. Volokh, however, said that he would prefer that Randazza co-counsel the case with

20   him due to Volokh's stated lack of litigation experience.  Counterdefendant and Volokh discussed

21   possible strategies that he and Volokh thought might be good ideas during that call.

22   Counterdefendant and Volokh both discussed the fact that Cox's interests would be better served

23   through settlement.

24   **INTERROGATORY NO. 22:**

25       Did you discuss with Cox at any time, on how you would proceed forward on her case, costs,

26   timelines, or any other negotiation strategy of any kind?

27   **RESPONSE TO INTERROGATORY NO. 22:**

28       Counterdefendant objects to Interrogatory No. 22 on the grounds that it is overbroad, vague,

BREMER WHYTE BROWN &
O'MEARA LLP
1160 N. Town Center Drive
Suite 250
Las Vegas, NV 89144
(702) 258-6665

18

H:\1163\001\Disc\Written Discovery\Counterdefendant's Responses\2014-08-20 Randazza's Answer to First Set of Interrogatories.docx

*Exhibit 9*

1  **COUNTERDEFENDANT MARC RANDAZZA'S ANSWERS TO**

2  **COUNTERCLAIMANT'S FIRST SET OF INTERROGATORIES**

3  Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Counterdefendant Marc J.

4  Randazza ("Counterdefendant"), by and through his attorneys of record hereby responds to

5  Counterclaimant Crystal Cox's First Set of Interrogatories, as follows:

6  **INTRODUCTION**

7  These responses are made solely for the purpose of, and in relation to, this action. Each

8  response is given subject to all appropriate objections (including, but not limited to, objections

9  concerning competency, relevancy, materiality, propriety, and admissibility), which would require

10  the exclusion of any statement contained herein if the interrogatory were asked of, or any statement

11  contained herein were made by, a witness present and testifying in court. All such objections and

12  grounds therefore are reserved and may be interposed at the time of trial.

13  The parties on whose behalf these responses are given have not yet completed their

14  investigation of the facts relating to this action, have not yet completed their discovery in this

15  action, and have not yet completed their preparation for trial. Consequently, the following

16  responses are given without prejudice to the responding parties' right to produce, at the time of

17  trial, subsequently-discovered material.

18  Except for facts explicitly admitted herein, no admission of any nature whatsoever is to be

19  implied or inferred. The fact that any interrogatory herein has been answered should not be taken as

20  an admission, or a concession, of the existence of any facts set forth or assumed by such

21  interrogatory, or that such answer constitutes evidence of any fact thus set forth or assumed. All

22  responses must be construed as given on the basis of present recollection.

23  **GENERAL OBJECTIONS APPLICABLE TO ALL RESPONSES**

24  1.  Counterdefendant objects to Counterclaimant's First Set of Interrogatories in their

25  entirety on the grounds that the same were impermissibly served by email on July 24, 2014 in

26  violation of the Federal Rules of Civil Procedure.

27

28

BREMER WHYTE BROWN &
O'MEARA LLP
1160 N. Town Center Drive
Suite 250
Las Vegas, NV  89144
(702) 258-6665

2

H:\1163\001\Disc\Written Discovery\Counterdefendant's Responses\2014-08-20 Randazza's Answer to First Set of Interrogatories.docx

Exhibit 9

1  ambiguous, and seeks information which is neither relevant nor reasonably calculated to lead to the

2  discovery of admissible evidence. Counterdefendant further objects because this interrogatory is in

3  excess of the 25 allowable interrogatories pursuant to Rule 33(a) of the Federal Rules of Civil

4  Procedure. As a result, Counterdefendant is not required to respond to the same. Subject to and

5  without waiving the foregoing objections, Counterdefendant responds as follows:

6      During the initial conversation with Cox and Michael Spreadbury, Counterdefendant did

7  discuss general strategy, possible settlement options, Cox's goals for the litigation, and procedure

8  of her case, and possible costs, as is clearly discussed in Spreadbury's declaration, previously

9  submitted to the Court. (Declaration of Michael Spreadbury, attached as **Exhibit B**.)

10  **INTERROGATORY NO. 23:**

11      Did you discuss Cox's strategy, her plan moving forward in her Obsidian v. Cox appeal?

12  **RESPONSE TO INTERROGATORY NO. 23:**

13      Counterdefendant objects to Interrogatory No. 23 on the grounds that it is vague, ambiguous,

14  and seeks information which is neither relevant nor reasonably calculated to lead to the discovery

15  of admissible evidence. Counterdefendant further objects on the basis that the interrogatory does

16  not state "with whom" Counterdefendant might have discussed strategy, rendering it unintelligible.

17  Counterdefendant further objects because this interrogatory is in excess of the 25 allowable

18  interrogatories pursuant to Rule 33(a) of the Federal Rules of Civil Procedure. As a result,

19  Counterdefendant is not required to respond to the same. Subject to and without waiving the

20  foregoing objections, Counterdefendant responds as follows:

21      During the initial conversation with Cox and Michael Spreadbury, Counterdefendant did

22  discuss general strategy as fully discussed in Spreadbury's declaration. (Exh. B.) Randazza

23  presented some different options to Cox, including proposing a settlement that could result in a

24  modification of Judge Hernandez' order, which would serve the public interest, but that might not

25  be in Cox's interest.  Cox responded positively, stating "I don't care if they nail me to a cross."  In

26  that call, Cox authorized Randazza to propose creative solutions to Obsidian's counsel, prior to

27  accepting representation.

28

BREMER WHYTE BROWN &
O'MEARA LLP
1160 N. Town Center Drive
Suite 250
Las Vegas, NV 89144
(702) 258-6665

19

Exhibit 9

**INTERROGATORY 24:**

Did you ask Crystal Cox to email you her files and documents in her case, as part of your moving forward on possible representation as her attorney?

**RESPONSE TO INTERROGATORY NO. 24:**

Counterdefendant objects to Interrogatory No. 24 on the grounds that it is vague, ambiguous, and seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Counterdefendant further objects because this interrogatory is in excess of the 25 allowable interrogatories pursuant to Rule 33(a) of the Federal Rules of Civil Procedure. As a result, Counterdefendant is not required to respond to the same. Subject to and without waiving the foregoing objections, Counterdefendant responds as follows:

Given that the contents of the *Obsidian* case were too voluminous to be e-mailed, Counterdefendant asked Cox to deposit the publically available documents into a dropbox, in order to review, before determining whether to undertake representation. Cox then denied knowing what a dropbox is, and instead emailed voluminous emails containing nothing more than the publicly available documents from *Obsidian v. Cox*. Randazza did not open these emails as they were sent counter to Randazza's instructions.

**INTERROGATORY NO. 25:**

Did you tell Eugene Volokh, attorney and UCLA Law Professor that you represented Crystal Cox, had put in time and material and had a negotiation on the table with Plaintiff "Obsidian" and their attorney David Aman?

**RESPONSE TO INTERROGATORY NO. 25:**

Counterdefendant objects to Interrogatory No. 25 on the grounds that it is vague, ambiguous, and seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Counterdefendant further objects because this interrogatory is in excess of the 25 allowable interrogatories pursuant to Rule 33(a) of the Federal Rules of Civil Procedure. As a result, Counterdefendant is not required to respond to the same. Subject to and without waiving the foregoing objections, Counterdefendant responds as follows:

No.

BREMER WHYTE BROWN &
O'MEARA LLP
1160 N. Town Center Drive
Suite 250
Las Vegas, NV 89144
(702) 258-6665

20

H:\1163\001\Disc\Written Discovery\Counterdefendant's Responses\2014-08-20 Randazza's Answer to First Set of Interrogatories.docx

Exhibit 9

**INTERROGATORY NO. 26:**

Did you tell First Amendment Bar members that you were representing Crystal Cox?

**RESPONSE TO INTERROGATORY NO. 26:**

Objection. This interrogatory is in excess of the 25 allowable interrogatories pursuant to Rule 33(a) of the Federal Rules of Civil Procedure. As a result, Counterdefendant is not required to respond to the same. This interrogatory is overbroad and irrelevant to the subject matter and the information sought is not reasonably calculated to lead to the discovery of admissible evidence. Counterdefendant further objects as the "First Amendment Bar" does not exist. Subject to and without waiving the foregoing objections, Counterdefendant responds as follows:

No.

**INTERROGATORY NO. 27:**

Did you, at any time represent yourself as Crystal Cox's attorney, representing her in her Obsidian v. Cox appeal in any way, to any one?

**RESPONSE TO INTERROGATORY NO. 27:**

Objection. This interrogatory is in excess of the 25 allowable interrogatories pursuant to Rule 33(a) of the Federal Rules of Civil Procedure. As a result, Counterdefendant is not required to respond to the same. This interrogatory calls for legal conclusion. Subject to and without waiving the foregoing objections, Counterdefendant responds as follows:

No.

**INTERROGATORY NO. 28:**

Did you enter into any discussions with any attorney or party to negotiate a deal of any kind for the benefit of, or affecting the interest of Crystal Cox's Obsidian v. Cox appeal to the ninth circuit?

**RESPONSE TO INTERROGATORY NO. 28:**

Objection. This interrogatory is in excess of the 25 allowable interrogatories pursuant to Rule 33(a) of the Federal Rules of Civil Procedure. As a result, Counterdefendant is not required to respond to the same. This interrogatory is overbroad. Subject to and without waiving the foregoing objections, Counterdefendant responds as follows:

BREMER WHYTE BROWN &
O'MEARA LLP
1160 N. Town Center Drive
Suite 250
Las Vegas, NV 89144
(702) 258-6665

21

H:\1163\001\Disc\Written Discovery\Counterdefendant's Responses\2014-08-20 Randazza's Answer to First Set of Interrogatories.docx

EXHIBIT 9

1  No.

2  **INTERROGATORY NO. 29:**

3      As a Legal Expert, Do you claim that Crystal Cox is guilty of the crime of extortion?  That Cox

4  extorted you and if so what proof do you have of this and what laws do you allege Cox to have

5  violated?

6  **RESPONSE TO INTERROGATORY NO. 29:**

7      Objection. This interrogatory is both improperly compound and in excess of the 25 allowable

8  interrogatories pursuant to Rule 33(a) of the Federal Rules of Civil Procedure. As a result,

9  Counterdefendant is not required to respond to the same.  Further, it requests an expert opinion, not

10  a party response.  Nevertheless, it is Counterdefendant's contention that Cox has violated many

11  laws in the past including forgery, witness intimidation, perjury, harassment, extortion, and witness

12  intimidation (among others).

13  **INTERROGATORY NO. 30:**

14      As a First Amendment and defamation expert, do you allege that you did not defame Crystal

15  Cox, paint her in false light or make knowingly false statements to third parties that defamed her,

16  painted her in a false light and caused her harm?

17  **RESPONSE TO INTERROGATORY NO. 30:**

18      Objection. This interrogatory is in excess of the 25 allowable interrogatories pursuant to Rule

19  33(a) of the Federal Rules of Civil Procedure. As a result, Counterdefendant is not required to

20  respond to the same. This interrogatory is compound and consists of three distinct interrogatories

21  pursuant to Rule 33(a) of the Federal Rules of Civil Procedure. This interrogatory is overbroad.

22  Further, it calls for an expert response, and not a party response.   Subject to and without waiving

23  the foregoing objections, Counterdefendant responds as follows:

24      Counterdefendant has never painted Cox in a false light or defamed her, and all statements

25  made about Cox were either provably true, believed to be true, or statements of opinion that cannot

26  be proven true or false.

27

28

BREMER WHYTE BROWN &
O'MEARA LLP
1160 N. Town Center Drive
Suite 250
Las Vegas, NV 89144
(702) 258-6665

22

Exhibit 9

1 **INTERROGATORY NO. 31:**

2 As a Legal Expert, do you allege that you did not engage in any actions that could be taken by

3 Cox or anyone else that was legal representation of Cox, as her attorney?

4 **RESPONSE TO INTERROGATORY NO. 31:**

5 Objection. This interrogatory is in excess of the 25 allowable interrogatories pursuant to Rule

6 33(a) of the Federal Rules of Civil Procedure. As a result, Counterdefendant is not required to

7 respond to the same. This interrogatory calls for a legal conclusion. This interrogatory calls for an

8 expert opinion, not a party response.   Subject to and without waiving the foregoing objections,

9 Counterdefendant responds as follows:

10 Counterdefendant has never engaged in any actions that would be interpreted as constituting

11 legal representation of Cox.

12 **INTERROGATORY NO. 32:**

13 Did you, at any time state to a third party that Crystal Cox had extorted you and was guilty of

14 extortion?

15 **RESPONSE TO INTERROGATORY NO. 32:**

16 Objection. This interrogatory is in excess of the 25 allowable interrogatories pursuant to Rule

17 33(a) of the Federal Rules of Civil Procedure. As a result, Counterdefendant is not required to

18 respond to the same.

19 **INTERROGATORY NO. 33:**

20 Do you know of any investigations or convictions of Cox for the crime of Extortion?

21 **RESPONSE TO INTERROGATORY NO. 33:**

22 Objection. This interrogatory is in excess of the 25 allowable interrogatories pursuant to Rule

23 33(a) of the Federal Rules of Civil Procedure. As a result, Counterdefendant is not required to

24 respond to the same. Further, this interrogatory is overbroad and calls for legal conclusions. Subject

25 to and without waiving the foregoing objections, Counterdefendant responds as follows:

26 Counterdefendant knows that Cox has been investigated for a number of crimes, including

27 misuse of telecommunications systems, extortion, forgery, and theft.  According to Reverend John

28 Collins, he has been in contact with a prosecutor who is investigating Cox for extortion.

BREMER WHYTE BROWN &
O'MEARA LLP
1160 N. Town Center Drive
Suite 250
Las Vegas, NV 89144
(702) 258-6665

23

Exhibit 9

**INTERROGATORY NO. 34:**

Do you allege that you did not accuse Cox nor publish statements of accusation of extortion to any third party regarding Cox before November 2012 when you filed the Randazza v. Cox Lawsuit?

**RESPONSE TO INTERROGATORY NO. 34:**

Objection. This interrogatory is in excess of the 25 allowable interrogatories pursuant to Rule 33(a) of the Federal Rules of Civil Procedure. As a result, Counterdefendant is not required to respond to the same. Further, the interrogatory is largely unintelligible and Counterdefendant cannot make enough sense of it to answer it.

**INTERROGATORY NO. 35:**

Did you post, publish or state to any third party, before November of 2012 that Crystal Cox was an Extortionist or insinuate in any way that Cox was guilty of criminal behavior or that Cox had attacked a 3 year old?

**RESPONSE TO INTERROGATORY NO. 35:**

Objection. This interrogatory is in excess of the 25 allowable interrogatories pursuant to Rule 33(a) of the Federal Rules of Civil Procedure and is impermissibly compound. As a result, Counterdefendant is not required to respond to the same. However, Cox has made such statements herself in evidence in this case.

**INTERROGATORY NO. 36:**

As an expert in defamation law, do you allege that you have not violated defamation laws in regard to Crystal Cox?

**RESPONSE TO INTERROGATORY NO. 36:**

Objection. This interrogatory is in excess of the 25 allowable interrogatories pursuant to Rule 33(a) of the Federal Rules of Civil Procedure. As a result, Counterdefendant is not required to respond to the same. This interrogatory is argumentative. This interrogatory calls for legal conclusion. Further the interrogatory is nonsensical and unintelligible.

BREMER WHYTE BROWN &
O'MEARA LLP
1160 N. Town Center Drive
Suite 250
Las Vegas, NV 89144
(702) 258-6665

24

H:\1163\001\Disc\Written Discovery\Counterdefendant's Responses\2014-08-20 Randazza's Answer to First Set of Interrogatories.docx

Exhibit 9

**INTERROGATORY NO. 37:**

Did you state on any blog or to any third party that Crystal Cox was an extortionist, involved in criminal activity or had extorted you personally?  Before the filing of Randazza v. Cox in Nov. of 2012?

**RESPONSE TO INTERROGATORY NO. 37:**

Objection. This interrogatory is impermissibly compound and in excess of the 25 allowable interrogatories pursuant to Rule 33(a) of the Federal Rules of Civil Procedure. As a result, Counterdefendant is not required to respond to the same.

**INTERROGATORY NO. 38:**

Did you have a personal or professional relationship with Peter L. Michaelson before filing a third party statement to WIPO that Cox is an Extortionist?

**RESPONSE TO INTERROGATORY NO. 38:**

Objection. This interrogatory is in excess of the 25 allowable interrogatories pursuant to Rule 33(a) of the Federal Rules of Civil Procedure. As a result, Counterdefendant is not required to respond to the same. This interrogatory is overbroad. This interrogatory is irrelevant to the subject matter of the case at hand, and is unintelligible. Subject to and without waiving the foregoing objections, Counterdefendant responds as follows:  Randazza has never filed a third party statement to WIPO.

**INTERROGATORY NO. 38** [sic – improper numbering in original]**:**

Did you employ or call in favors to any blogger, lawyer or other party to publish statements to third parties that Cox was an Extortionist or had engaged in criminal activities to harm a three year old?

**RESPONSE TO INTERROGATORY NO. 38:**

Objection. This interrogatory is in excess of the 25 allowable interrogatories pursuant to Rule 33(a) of the Federal Rules of Civil Procedure. As a result, Counterdefendant is not required to respond to the same. This interrogatory is compound and consists of two distinct interrogatories pursuant to Rule 33(a) of the Federal Rules of Civil Procedure. This interrogatory is overbroad.

BREMER WHYTE BROWN & O'MEARA LLP
1160 N. Town Center Drive
Suite 250
Las Vegas, NV 89144
(702) 258-6665

*Exhibit 9*

1  This interrogatory is irrelevant to the subject matter at hand. Subject to and without waiving the

2  foregoing objections, Counterdefendant responds as follows:

3      No.

4  **INTERROGATORY NO. 39:**

5      Did you speak with Roxanne Grinage or P. Stephen Lamont in regard to Cox being an

6  Extortionist, before the filing of Randazza v. Cox?

7  **RESPONSE TO INTERROGATORY NO. 39:**

8      Objection. This interrogatory is impermissibly compound and in excess of the 25 allowable

9  interrogatories pursuant to Rule 33(a) of the Federal Rules of Civil Procedure. As a result,

10 Counterdefendant is not required to respond to the same. Subject to and without waiving the

11 foregoing objections, Counterdefendant responds as follows:

12     No.

13 **INTERROGATORY NO. 40:**

14     Did you tell Cox to send you documents in her case and that you would look into those

15 documents to make sure she had preserved the case properly and that you would contact the Media

16 Bloggers Association to make sure there was no conflicts of interest, and then get back to Cox

17 before you would represent her or pursue representation in any way?

18 **RESPONSE TO INTERROGATORY NO. 40:**

19     Objection. This interrogatory is in excess of the 25 allowable interrogatories pursuant to Rule

20 33(a) of the Federal Rules of Civil Procedure. As a result, Counterdefendant is not required to

21 respond to the same. This interrogatory is compound and consists of four distinct interrogatories

22 pursuant to Rule 33(a) of the Federal Rules of Civil Procedure. This interrogatory is overbroad.

23 The "Media Bloggers Association" does not exist. Subject to and without waiving the foregoing

24 objections, Counterdefendant responds as follows:

25     No. But, Counterdefendant did emphasize to Cox that he would have to do research and

26 determine whether representation would be possible or desirable before agreeing to represent Cox,

27 as has already been made clear in multiple places in the record in this case.

28

BREMER WHYTE BROWN &
O'MEARA LLP
1160 N. Town Center Drive
Suite 250
Las Vegas, NV 89144
(702) 258-6665

26

H:\1163\001\Disc\Written Discovery\Counterdefendant's Responses\2014-08-20 Randazza's Answer to First Set of Interrogatories.docx

Exhibit 9

**INTERROGATORY NO. 41:**

Before November 2012, Did you speak with Martin Cain, or make statements to third party Martin Cain that Cox was guilty of the crime of extortion and had committed this crime against you?

**RESPONSE TO INTERROGATORY NO. 41:**

Objection. This interrogatory is in excess of the 25 allowable interrogatories pursuant to Rule 33(a) of the Federal Rules of Civil Procedure. As a result, Counterdefendant is not required to respond to the same.   Subject to and without waiving the foregoing objections, Counterdefendant responds as follows:

No.

**INTERROGATORY NO. 42:**

Did you at any time, report to authorities such as and not limited to; the police, FBI, DOJ, Attorney General or any other authority that Cox had extorted you or harmed your family in some way?

**RESPONSE TO INTERROGATORY NO. 42:**

Objection. This interrogatory is in excess of the 25 allowable interrogatories pursuant to Rule 33(a) of the Federal Rules of Civil Procedure. As a result, Counterdefendant is not required to respond to the same.  Further, any disclosure could jeopardize ongoing investigations, and thus will not be responded to without clearance from law enforcement.

**INTERROGATORY NO. 43:**

Have you ever threatened the life of Counter Plaintiff Crystal Cox to anyone or have you told anyone ever to harm or that you would harm Cox or any of her sourced, such as Monica Foster, Alexandra Melody?

**RESPONSE TO INTERROGATORY NO. 43:**

Objection. This interrogatory is in excess of the 25 allowable interrogatories pursuant to Rule 33(a) of the Federal Rules of Civil Procedure. As a result, Counterdefendant is not required to respond to the same. This interrogatory is argumentative as it requires the adoption of an assumption.  This interrogatory is irrelevant to the subject matter of this case, and the information

BREMER WHYTE BROWN &
O'MEARA LLP
1160 N. Town Center Drive
Suite 250
Las Vegas, NV 89144
(702) 258-6665

Exhibit 9

1  sought is not reasonably calculated to lead to the discovery of admissible evidence. This

2  interrogatory is compound and consists of two distinct interrogatories pursuant to Rule 33(a) of the

3  Federal Rules of Civil Procedure. Further, this interrogatory is unintelligible. Subject to and

4  without waiving the foregoing objections, Counterdefendant responds as follows:

5     No.

6  **INTERROGATORY NO. 44:**

7     Have you ever spoke to Montana attorney Taylor Kai Groenke (Kai Groenke), regarding Cox

8  and if so what was the nature of this conversation?  What were the dates and times.

9  **RESPONSE TO INTERROGATORY NO. 44:**

10    Objection. This interrogatory is in excess of the 25 allowable interrogatories pursuant to Rule

11 33(a) of the Federal Rules of Civil Procedure. As a result, Counterdefendant is not required to

12 respond to the same.  Subject to and without waiving the foregoing objections, Counterdefendant

13 responds as follows:

14    No.

15 **INTERROGATORY NO. 45:**

16    Did you advise David Aman, Plaintiff attorney in Obsidian v. Cox on how to seize Cox's

17 assets, where her vulnerabilities were and on using Lara Pearson as a "receiver" to go after Cox's

18 assets?

19 **RESPONSE TO INTERROGATORY NO. 45:**

20    Objection. This interrogatory is in excess of the 25 allowable interrogatories pursuant to Rule

21 33(a) of the Federal Rules of Civil Procedure. As a result, Counterdefendant is not required to

22 respond to the same.  Subject to and without waiving the foregoing objections, Counterdefendant

23 responds as follows:

24    No.

25 **INTERROGATORY NO. 46:**

26    Did you speak with Sheriff Daniel Staton, Marshall Ross or discuss them with David Aman in

27 any way regarding Cox?

28

BREMER WHYTE BROWN &
O'MEARA LLP
1160 N. Town Center Drive
Suite 250
Las Vegas, NV 89144
(702) 258-6665

28

H:\1163\001\Disc\Written Discovery\Counterdefendant's Responses\2014-08-20 Randazza's Answer to First Set of Interrogatories.docx

Exhibit 9

**RESPONSE TO INTERROGATORY NO. 46:**

Objection. This interrogatory is in excess of the 25 allowable interrogatories pursuant to Rule 33(a) of the Federal Rules of Civil Procedure. As a result, Counterdefendant is not required to respond to the same.

**INTERROGATORY NO. 46** [sic – improper numbering in original]**:**

Did you advise attorney David Aman on how to auction off Crystal Cox's right to appeal her ninth circuit? Did you engage in any conversation with David Aman regarding having a Portland Sheriff auction off her right to appeal in exchange for her 2.5 million judgment?

**RESPONSE TO INTERROGATORY NO. 46:**

Objection. This interrogatory is in excess of the 25 allowable interrogatories pursuant to Rule 33(a) of the Federal Rules of Civil Procedure. As a result, Counterdefendant is not required to respond to the same. Subject to and without waiving the foregoing objections, Counterdefendant responds as follows:

No.

**INTERROGATORY NO. 47:**

Did you have any communication at all with Judge Marco Hernandez regarding Crystal Cox extorting you or having engaged in some criminal or unethical actions against you in any way?

**RESPONSE TO INTERROGATORY NO. 47:**

Objection. This interrogatory is in excess of the 25 allowable interrogatories pursuant to Rule 33(a) of the Federal Rules of Civil Procedure. As a result, Counterdefendant is not required to respond to the same. This interrogatory is overbroad. This interrogatory is irrelevant to the subject matter of this case, and the information sought is not reasonably calculated to lead to the discovery of admissible evidence.

**INTERROGATORY NO. 48:**

Have you ever hired a private detective, friend or other party to follow Cox, watch Cox, or investigate Cox in anyway?

BREMER WHYTE BROWN &
O'MEARA LLP
1160 N. Town Center Drive
Suite 250
Las Vegas, NV 89144
(702) 258-6665

29

Exhibit 9

**RESPONSE TO INTERROGATORY NO. 48:**

Objection. This interrogatory is in excess of the 25 allowable interrogatories pursuant to Rule 33(a) of the Federal Rules of Civil Procedure. As a result, Counterdefendant is not required to respond to the same.

**INTERROGATORY NO. 49:**

Did you, Marc Randazza, make a deal of any kind, that after the Plaintiff, Obsidian forcible secured the Domain Name MarcRandazza.com, by using your recommended receiver Lara Pearson that you would get control or ownership of this Domain Name?

**RESPONSE TO INTERROGATORY NO. 49:**

Objection. This interrogatory is in excess of the 25 allowable interrogatories pursuant to Rule 33(a) of the Federal Rules of Civil Procedure. As a result, Counterdefendant is not required to respond to the same. Furthermore, this interrogatory is unintelligible.

**INTERROGATORY NO. 50:**

Did you email Crystal Cox and Say, "Ok, you made your point. So what do you want?" If So, Marc Randazza, What did you Mean By this Email?

**RESPONSE TO INTERROGATORY NO. 50:**

Objection. This interrogatory is in excess of the 25 allowable interrogatories pursuant to Rule 33(a) of the Federal Rules of Civil Procedure. As a result, Counterdefendant is not required to respond to the same. Subject to and without waiving the foregoing objections, Counterdefendant responds as follows:

Yes. Counterdefendant was aware of Cox's criminal behavior in the past, and Cox's extortionate activities, and rather than engage in further interaction with Cox, Counterdefendant preferred to "cut to the chase," and find out what Cox wanted, and intended to provide it to her, in order to avoid further contact with Cox.

**INTERROGATORY NO. 51:**

Did you make any kind of deal via phone, email, text, letter or any other form of communication to or with Tonkon Torp Law Firm or David Aman, or Plaintiff Obsidian Finance Group or Kevin Padrick in any way, to assist in securing the Domain Name MarcRandazza.com?

BREMER WHYTE BROWN & O'MEARA LLP
1160 N. Town Center Drive
Suite 250
Las Vegas, NV 89144
(702) 258-6665

30

H:\1163\001\Disc\Written Discovery\Counterdefendant's Responses\2014-08-20 Randazza's Answer to First Set of Interrogatories.docx

Exhibit 9

**RESPONSE TO INTERROGATORY NO. 51:**

Objection. This interrogatory is in excess of the 25 allowable interrogatories pursuant to Rule 33(a) of the Federal Rules of Civil Procedure. As a result, Counterdefendant is not required to respond to the same.  Subject to and without waiving the foregoing objections, Counterdefendant responds as follows:

No.

**INTERROGATORY NO. 52:**

Did you contact Tonkon Torp Law Firm, or David Aman, or Plaintiff Obsidian Finance Group or Kevin Padrick via phone, email, text, letter or any other form of communication and discuss any personal information regarding your phone call, interview with Crystal Cox, leading Crystal Cox to believe you may represent her as Counsel in an Appeal for Obsidian v. Cox?

**RESPONSE TO INTERROGATORY NO. 52:**

Objection. This interrogatory is in excess of the 25 allowable interrogatories pursuant to Rule 33(a) of the Federal Rules of Civil Procedure. As a result, Counterdefendant is not required to respond to the same. Further, this interrogatory is irrelevant to the subject matter of this case, and the information sought is not reasonably calculated to lead to the discovery of admissible evidence. Further, this interrogatory is largely unintelligible.  Subject to and without waiving the foregoing objections, Counterdefendant responds as follows:

No.

**INTERROGATORY NO. 53:**

Did you make this statement to Ms. Cox, "You have no right to register a domain name that corresponds to my real name. Please hand that domain name over to me, and please do not presume to think it is okay to register other people's names as domain names."?

Marc Randazza Did you represent Isaac Eiland-Hall in a WIPO Domain Name Dispute Regarding the domain name, www.GlennBeckRapedAndMurderedAYoungGirlIn1990.com"?
Do you believe that Isaac Hall had a legal right to have registered and own the domain name www. GlennBeckRapedAndMurderedAYoungGirlIn1990.com"?

BREMER WHYTE BROWN &
O'MEARA LLP
1160 N. Town Center Drive
Suite 250
Las Vegas, NV 89144
(702) 258-6665

31

H:\1163\001\Disc\Written Discovery\Counterdefendant's Responses\2014-08-20 Randazza's Answer to First Set of Interrogatories.docx

*Exhibit 9*

1    Did you argue, as legal counsel, the right for Isaac Eiland-Hall to own a domain name that
2    corresponds to the real name of Glenn Beck?

3    **RESPONSE TO INTERROGATORY NO. 53:**

4    Objection. This interrogatory is impermissibly compound and in excess of the 25 allowable
5    interrogatories pursuant to Rule 33(a) of the Federal Rules of Civil Procedure. As a result,
6    Counterdefendant is not required to respond to the same. Further, this interrogatory is largely
7    unintelligible. Subject to and without waiving the foregoing objections, Counterdefendant responds
8    as follows:

9    Yes to subpart 1; No to subpart 2; Yes to subpart 3; No to subpart 4.

10   **INTERROGATORY NO. 54:**

11   What did you mean by this statement to Ms. Cox "I'm not interested in WIPO. You want to
12   make an enemy of me, really?"?

13   **RESPONSE TO INTERROGATORY NO. 54:**

14   Objection. This interrogatory is in excess of the 25 allowable interrogatories pursuant to Rule
15   33(a) of the Federal Rules of Civil Procedure. As a result, Counterdefendant is not required to
16   respond to the same. Further, this interrogatory is largely unintelligible. Subject to and without
17   waiving the foregoing objections, Counterdefendant responds as follows:  The statement speaks for
18   itself.

19   **INTERROGATORY NO. 55:**

20   Did you say this to Crystal Cox, "I do not find it to be acceptable that someone else has
21   registered by name for any purpose, and thus I can't possibly see any reason for you to have control
22   over that domain whatsoever-"?

23   In your Expert Opinion, Does Crystal Cox have a legal and constitutional right to buy and own
24   a domain name, with another person's name in the Domain Name?

25   **RESPONSE TO INTERROGATORY NO. 55:**

26   Objection. This interrogatory is impermissibly compound and in excess of the 25 allowable
27   interrogatories pursuant to Rule 33(a) of the Federal Rules of Civil Procedure. As a result,
28   Counterdefendant is not required to respond to the same. Further, this interrogatory is largely

BREMER WHYTE BROWN &
O'MEARA LLP
1160 N. Town Center Drive
Suite 250
Las Vegas, NV 89144
(702) 258-6665

32

H:\1163\001\Disc\Written Discovery\Counterdefendant's Responses\2014-08-20 Randazza's Answer to First Set of Interrogatories.docx

Exhibit 9

1   unintelligible. Subject to and without waiving the foregoing objections, Counterdefendant responds

2   as follows:

3       Yes to subpart 1. Regarding subpart 2, it calls for an expert opinion, not a party opinion,

4   nevertheless, the response is:  No.

5   **INTERROGATORY NO. 56:**

6       Is it illegal to email a prior associate or contact and ask for a job, or if they know anyone

7   needing a particular service?

8   **RESPONSE TO INTERROGATORY NO. 56:**

9       Objection. This interrogatory is in excess of the 25 allowable interrogatories pursuant to Rule

10   33(a) of the Federal Rules of Civil Procedure. As a result, Counterdefendant is not required to

11   respond to the same. Further, this interrogatory is largely unintelligible and calls for a conclusion of

12   law.   Subject to and without waiving the foregoing objections, Counterdefendant responds as

13   follows:

14       In a vacuum, no, but in the context of extortion, yes.

15   **INTERROGATORY NO. 57:**

16       Did you email Crystal Cox and tell her to email or contact you any time if she needed anything,

17   as you felt people like her were needed in the world?

18   **RESPONSE TO INTERROGATORY NO. 57:**

19       Objection. This interrogatory is in excess of the 25 allowable interrogatories pursuant to Rule

20   33(a) of the Federal Rules of Civil Procedure. As a result, Counterdefendant is not required to

21   respond to the same.  Subject to and without waiving the foregoing objections, Counterdefendant

22   responds as follows:

23       Counterdefendant did send such an email because Counterdefendant was aware at that time that

24   Cox is criminal without any ethics or scruples (as evidenced by her behavior), and has been the

25   subject of multiple criminal complaints, civil complaints, restraining orders, and criminal

26   investigations, and it seemed prudent to lead Cox to believe that Counterdefendant was unaware of

27   her status as a sociopathic criminal.  Randazza did not wish to create any scenarios that could

28   jeopardize Eugene Volokh's representation at that time, as Randazza considers Volokh to be a

BREMER WHYTE BROWN &
O'MEARA LLP
1160 N. Town Center Drive
Suite 250
Las Vegas, NV  89144
(702) 258-6665

33

H:\1163\001\Disc\Written Discovery\Counterdefendant's Responses\2014-08-20 Randazza's Answer to First Set of Interrogatories.docx

Exhibit 9

1 friend, and was acting at that time to be supportive of him. Therefore, Randazza was polite and
2 professional in this email, and chose to hide his true feelings about Cox at that time.

3 **INTERROGATORY NO. 58:**

4     Did you contact Plaintiff's Attorney David Aman of Tonkon Torp and offer to Give a
5 Deposition in Regard to Crystal Cox, Pro Se Defendant in Obsidian v. Cox?

6 **RESPONSE TO INTERROGATORY NO. 58:**

7     Objection. This interrogatory is in excess of the 25 allowable interrogatories pursuant to Rule
8 33(a) of the Federal Rules of Civil Procedure. As a result, Counterdefendant is not required to
9 respond to the same. Subject to and without waiving the foregoing objections, Counterdefendant
10 responds as follows:

11     No.

12 **INTERROGATORY NO. 59:**

13     Did you lead Crystal Cox to believe you were considering representing her to get information
14 to take to the Plaintiff to negotiate a Deal and then NOT get back to Crystal Cox on this Matter?

15 **RESPONSE TO INTERROGATORY NO. 59:**

16     Objection. This interrogatory is in excess of the 25 allowable interrogatories pursuant to Rule
17 33(a) of the Federal Rules of Civil Procedure. As a result, Counterdefendant is not required to
18 respond to the same. Furthermore, this interrogatory is unintelligible. Subject to and without
19 waiving the foregoing objections, Counterdefendant responds as follows:

20     Counterdefendant is without any knowledge as to what he led Crystal Cox to believe.
21 Furthermore, Cox is incapable of telling the truth, as she is a pathological liar, a sociopath, and a
22 criminal. Therefore, any statement about what a person with such personality defects would believe
23 would be utter speculation without any foundation.

24 **INTERROGATORY NO. 60:**

25     Did you make any kind of deal or offer to make, negotiate a deal of ANY kind, via phone,
26 email, text, letter or any other form of communication with Tonkon Torp Law Firm or David
27 Aman, or Plaintiff Obsidian Finance Group or Kevin Padrick in any way, claiming that you
28 represented Crystal Cox in any way?

BREMER WHYTE BROWN &
O'MEARA LLP
1160 N. Town Center Drive
Suite 250
Las Vegas, NV 89144
(702) 258-6665

34

H:\1163\001\Disc\Written Discovery\Counterdefendant's Responses\2014-08-20 Randazza's Answer to First Set of Interrogatories.docx

Exhibit 9

**RESPONSE TO INTERROGATORY NO. 60:**

Objection. This interrogatory is in excess of the 25 allowable interrogatories pursuant to Rule 33(a) of the Federal Rules of Civil Procedure. As a result, Counterdefendant is not required to respond to the same. Further, this interrogatory is compound and consists of two distinct interrogatories pursuant to Rule 33(a) of the Federal Rules of Civil Procedure and is duplicative of prior interrogatories. Subject to and without waiving the foregoing objections, Counterdefendant responds as follows:

No.

**INTERROGATORY NO. 61:**

Did You, at any time conspire or discuss in any way the securing of ownership of the Domain Name MarcRandazza.com through any conversation, paperwork, emails, communications with Plaintiff Kevin Padrick, or Plaintiff's Attorney David S. Aman of Tonkon Torp Law Firm?

Did You, at any time discuss with Plaintiff Kevin Padrick, or Plaintiff's Attorney David S. Aman of Tonkon Torp Law Firm in regard to you, Marc Randazza or any Associate of yours owning the Domain Name MarcRandazza.com if you agreed to be Subpoenaed or Testify in regard to the Assets of Crystal Cox?

Did You Initiate contact, at any time with Plaintiff Kevin Padrick, or Plaintiff's Attorney David S. Aman of Tonkon Torp Law Firm in regard to the Domain Name MarcRandazza.com and offer to Testify against Crystal Cox in any way?

Did You initiate contact, at any time with Plaintiff Kevin Padrick, or Plaintiff's Attorney David S. Aman of Tonkon Torp Law Firm in regard to any negotiations on behalf of a legal matter, lawsuit, judgment or case regarding

**RESPONSE TO INTERROGATORY NO. 61:**

Objection. This interrogatory is in excess of the 25 allowable interrogatories pursuant to Rule 33(a) of the Federal Rules of Civil Procedure. Further it contains multiple unintelligible sub-parts that Counterdefendant cannot untangle into a coherent question.  As a result, Counterdefendant is not required to respond to the same, and given the unintelligible and compound nature of the interrogatory, Counterdefendant declines to do so.

BREMER WHYTE BROWN &
O'MEARA LLP
1160 N. Town Center Drive
Suite 250
Las Vegas, NV 89144
(702) 258-6665

35

H:\1163\001\Disc\Written Discovery\Counterdefendant's Responses\2014-08-20 Randazza's Answer to First Set of Interrogatories.docx

Exhibit 5

**INTERROGATORY NO. 62:**

Did Crystal Cox have a blog with your daughters name on it, or a blog post in any way that you personally, under oath witnessed, or saw?

**RESPONSE TO INTERROGATORY NO. 62:**

Objection. This interrogatory is in excess of the 25 allowable interrogatories pursuant to Rule 33(a) of the Federal Rules of Civil Procedure. As a result, Counterdefendant is not required to respond to the same.  Subject to and without waiving the foregoing objections, Counterdefendant responds as follows:

Cox registered nataliarandazza.com, which corresponds to Counterdefendant's daughter's name, Natalia Randazza.  Further, Counterdefendant has seen blog posts by Cox in which Cox refers to Natalia's mother as "a slut."

**INTERROGATORY NO. 63:**

Did you give Forbes a photo of your daughter and claim that Crystal Cox had a blog regarding your daughter?

BREMER WHYTE BROWN &
O'MEARA LLP
1160 N. Town Center Drive
Suite 250
Las Vegas, NV 89144
(702) 258-6665

36

EXHIBIT 9

1    **RESPONSE TO INTERROGATORY NO. 63:**

2         Objection. This interrogatory is in excess of the 25 allowable interrogatories pursuant to Rule

3    33(a) of the Federal Rules of Civil Procedure. As a result, Counterdefendant is not required to

4    respond to the same. Further, this interrogatory is irrelevant to the subject matter of this case, and

5    the information sought is not reasonably calculated to lead to the discovery of admissible evidence.

6    Subject to and without waiving the foregoing objections, Counterdefendant responds as follows:

7         No.

8    Dated:  August 26, 2014                              BREMER WHYTE BROWN & O'MEARA LLP

9

10

11                                                    By: _____
                                                          Anthony T. Garasi, Esq.
12                                                        State Bar No. 11134
                                                          Jared G. Christensen, Esq.
13                                                        State Bar No. 11538
                                                          Attorneys Counterdefendant Marc
14                                                        Randazza

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BREMER WHYTE BROWN &
O'MEARA LLP
1160 N. Town Center Drive
Suite 250
Las Vegas, NV 88144
(702) 258-6665

37

H:\1163\001\Disc\Written Discovery\Counterdefendant's Responses\2014-08-20 Randazza's Answer to First Set of Interrogatories.docx

Exhibit 9

1    ## DECLARATION OF MARC J. RANDAZZA, ESQ.

2    I, Marc J. Randazza, Esq., being over 18 years of age and competent to testify about the matters

3    contained in this declaration if called to do so at trial, and under the penalty of perjury states as

4    follows:

5        1.    That he has read the foregoing ANSWERS TO COUNTERCLAIMANT'S FIRST

6    SET OF INTERROGATORIES and knows that the contents thereof and the same are true of his

7    own knowledge, except for those matters therein stated on information and belief, and as to those

8    matters, he believes them to be true.

9

10

11   Dated:  August 26, 2014

12                          /s/ *Marc J. Randazza*

13                          Marc J. Randazza, Esq.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BREMER WHYTE BROWN &
O'MEARA LLP
1160 N. Town Center Drive
Suite 250
Las Vegas, NV  89144
(702) 258-6665

38

EXHIBIT 9

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 26th day of August, 2014, I served a copy of the foregoing **COUNTERDEFENDANT MARC RANDAZZA'S ANSWERS TO COUNTERCLAIMANT'S FIRST SET OF INTERROGATORIES** via the United States Mail postage paid to the party listed below:

RANDAZZA LEGAL GROUP

Ronald D. Green, Esq.
Nevada Bar No. 7360
Theresa M. Haar,
Nevada Bar No. 12158
Attorneys for Plaintiff

and Via U.S. Mail and Email to party requesting notice:

Crystal L. Cox, Pro Se
PO Box 20277
Port Townsend, WA 98368
SavvyBroker@yahoo.com

An Employee of BREMER WHYTE
BROWN & O'MEARA, LLP

BREMER WHYTE BROWN &
O'MEARA LLP
1160 N. Town Center Drive
Suite 250
Las Vegas, NV 89144
(702) 258-6665

39

H:\1163\001\Disc\Written Discovery\Counterdefendant's Responses\2014-08-20 Randazza's Answer to First Set of Interrogatories.docx

EX Hibit 9