UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA
2:12-cv-02040-JAD-PAL

CRYSTAL L. COX,
Defendant, Counter Plaintiff

v.

MARC J. RANDAZZA,
Plaintiffs, Counter Defendant

Motion in Limine
to include Randazza's eMails to Cox

Exhibit 17

Counter Plaintiff Crystal Cox moves this court to include Exhibit 17 in the trial for her countercomplaint against Counter Defendant Marc Randazza.

Exhibit 17 shows that, though Randazza was upset that Cox registered the domain name he did not believe she had a reasonable or ethical right to own, he did not tell her he believed it was against the law, or extortion in any way.

Randazza is well known for defending the rights of others to have domain names with other people's names in it, such as the Glenn Beck case he was in.

I, Crystal Cox, assumed he would have no issue with it, as I had read his legal arguments and thought, at the time he was a true proponent of Free Speech rights for all.

Exhibit 17 CLEARLY shows that counter defendant Marc Randazza did not have an issue with Cox asking him for a Job.

In fact Exhibit 17 shows clearly, without a doubt that Randazza did not believe he was being extorted, but that in fact, he believed Cox was unreasonable and unethical for registering the domain name, but that she was just asking for a job.

This Exhibit proves that Randazza, with full knowledge of it being false, interviewed and flat out lied, made false and defamatory statements to NPR, Forbes, the New York




Times, WIPO, the Czech Courts, Tracy Coenen and the Fraud Files, Kenneth White attorney blogger of Popehat.com and numerous other well connected bloggers, and Media around the world.   As well as made these false and defamatory statement in courts and on his own blog. KNOWING full well that it was false.

RANDAZZA gave blogger attorney Kenneth P. White of Popehat.com Cox's personal, priviliged, private email to her former attorney who told her to let him know if he could help her in any way, and he used this email to paint Cox in false light, deliberately not posting the whole email thread which showed that he knew Cox was asking for a job.

Therefore because Cox would not simply turn over a domain name he thought she had no right to own, he went on NPR, interviewed with the New York Times, Forbes, Popehat.com, and he viciously, deliberately, knowing it was false, lied, made false statements to WIPO who used their global clout to ruin the lives of Eliot Bernstein and Crystal Cox and accuse them worldwide and nationwide, in legal blogs, in big and small media, that Crystal Cox and Eliot Bernstein ( who never was even in the email) had extorted him, which is a felony crime.

Cox is entitled to relief for the damage Randazza has caused her, though Cox has no attorney or way to articulate this evidence on a legal basis. Cox has valid claims and exhibit 17 further proves this.

Exhibit 17 shows that Randazza was "deeply offended" and that he did not think Cox was reasonable or ethical. However, Randazza clearly never claimed Cox was extorting him, nor did he believe this at the time. Yet later, in retaliation, he deliberately defamed Cox in a widespread, malicious, willful and wanton campaign of revenge, harassment, and widespread posting and speaking false and defamatory statements against Cox to third parties. This ruined Cox's life, quality of life and business. This also put Cox in constant danger, duress and up against massive, widespread hate in big and small media around the world.  And simply for registering a domain name and asking for a job.

Randazza has caused Cox irreparable damage.

Exhibit 17 shows Counter Defendant Marc Randazza Say, "Asking me for a job, or a recommendation?  That doesn't bother me in the least." Yet because Cox did not do as he told her to, he retaliated and ruined her life. And told countless media that he was not only bothered by it but put in terror, stress and extreme duress over it. Which was untrue and Exhibit 17 shows this.

Cox moves this court to include Exhibit 17 to prove defamation, and deliberate, intentional, malicious defamation, false statements made to widespread third parties knowing full well they were false.

*Crystal L. Cox*

Crystal L. Cox, Pro Se
Counter Plaintiff

## Certification of Service

On April 6, 2015, Crystal Cox certifies mailing a copy of this to:

U.S. District Court
Clerk of Court
Room 1334
333 Las Vegas Blvd. S.
Las Vegas, NV 89101

*Crystal Cox*

3

# YAHOO! MAIL

| | |
|---|---|
| **Subject** | RE: from Crystal L. Cox |
| **From** | mjr@randazza.com <mjr@randazza.com> |
| **To** | Crystal L. Cox <savvybroker@yahoo.com> |
| **Date** | Tue, Jan 17, 2012 at 6:52 AM |

Crystal,

Perhaps you just don't understand how deeply offensive it is to me that you would register that without even telling me, let alone asking me. You had no *right* to do that.

Do you think that just by being my *potential* client, or even my *actual* client that it somehow created a right for you to register *my name* to "protect the story?" Don't you think that I have a) the ability to do that myself, and b) the right to decide whether or not you would use my name for your own exclusive use -- to talk about YOUR story? Even if you thought that this was okay, which seems strange to me, why on earth would you think that you continue to have any justification for having that domain?

Asking me for a job, or a recommendation? That doesn't bother me in the least. In fact, if you had displayed any ethics, I'd be game to do so.

But, why on earth would you think that it is reasonable to tell someone that a) you registered THEIR name for YOUR own purposes, and THEN b) ask for a job? It is (a) that makes an enemy of me. (b) is completely reasonable.

I'm sure you paid a few bucks for the domain. I'd be pleased to reimburse you what it cost you. But, I do not find it to be acceptable that someone else has registered my name for any purpose. I certainly do not agree with your justification for doing it in the first place. Nevertheless, any justification you MIGHT have had dissolved when it became certain that I was not going to represent you, I have no connection to this case at all, and thus I can't possibly see any reason for you to have any control over that domain whatsoever -- unless the purpose is to simply make an enemy of me.

> ------ Original Message ------
> Subject: Re: from Crystal L. Cox
> From: "Crystal L. Cox" <savvybroker@yahoo.com>
> Date: Mon, January 16, 2012 6:48 pm
> To: "Marc J. Randazza" <mjr@randazza.com>
>
> How in the world did I make an enemy, I got it to protect the story, and the search term as I thought you were going to represent me, and wanted to control the negativity I knew I would get about it. That's what I do, I never did anything negative against you. And you do care of WIPO, i read one of your bio things braggin about a WIPO case you won for someone.
>
> No offense.. if asking you for a job, or to recommend a job made you an enemy, nothing I can do about that, certainly was

Exhibit 17

NOT my intention in any way.

**Crystal L. Cox**
Broker Owner



**Search Engine Reputation Manager**
**Investigative Blogger**
**Good Life International Distributor**

Peace and Love to You !!!

---

**From:** Marc J. Randazza <mjr@randazza.com>
**To:** Crystal L. Cox <savvybroker@yahoo.com>
**Sent:** Monday, January 16, 2012 5:59 PM
**Subject:** Re: from Crystal L. Cox

I'm not interested in WIPO. You want to make an enemy of me, really?

Marc John Randazza

On Jan 16, 2012, at 3:23 PM, "Crystal L. Cox" <savvybroker@yahoo.com> wrote:

> Really? Well Marc, Look at my WIPO case with Proskauer Rose, WIPO sure seems to think its Ok. I thought it was perfectly legal to do so. I have registered others name in fair competition and real estate for years. I registered others names to promote them, some to expose them, and others as investments in the future. Many smart internet marketers register others names, it is not illegal Marc. Sorry I upset you, never mind. I was simply looking for people to promote as I need a job. Guess you don't need such a service, all you had to do was say no thank you. I am sure that you get tons of spam emails daily asking you to hire them, we all do. You could have just ignored it.

Exhibit 17

I manage that name at this time. And have an option to buy it back in 6 months pending my discretion. It is certainly not against the law to register the domain name of others.

I was Pro Se with my Proskauer Rose case and I won, having many of their attorney names as a dotcom. Real free to file with WIPO, and be sure and name me in that case as well as the current registered name, as I proudly and smartly registered the domain name. We are happy to go to WIPO over it.

there are others but here is the chairman of Proskauer Rose, WIPO Case

http://www.wipo.int/amc/en/domains/search/text.jsp?case=D2011-0679

**Crystal L. Cox**
Broker Owner



**Search Engine Reputation Manager**
**Investigative Blogger**
**Good Life International Distributor**

Peace and Love to You !!!

---

**From:** "mjr@randazza.com" <mjr@randazza.com>
**To:** Crystal L. Cox <savvybroker@yahoo.com>
**Sent:** Monday, January 16, 2012 2:36 PM
**Subject:** RE: from Crystal L. Cox

Crystal,

You have no right to register a domain name that corresponds to my real name. Please hand that domain name over to me, and please do not presume to think it is okay to register other people's names as domain names.

Exhibit 17

Marc John Randazza*
Randazza Legal Group

6525 West Warm Springs Rd. Ste. 100
Las Vegas, Nevada 89118
Toll Free: 888-667-1113
email: mjr (at) randazza (dot) com
eFax: 305.437.7662

Other Offices: Miami, Phoenix & Toronto
http://www.randazza.com

* Licensed in AZ, CA, FL, MA, and NV


------ Original Message ------
Subject: from Crystal L. Cox
From: "Crystal L. Cox" <savvybroker@yahoo.com>
Date: Mon, January 16, 2012 2:30 pm
To: "mjr@randazza.com" <mjr@randazza.com>

Hi Marc, hope this email finds you doing well.  When I thought we may work together
i bought http://www.marcrandazza.com/ - to control the search, and pr on my case,
if you represented me.. I manage it now, as ownership is well.. a different story now
due to my current judgement..

I am confident with the case, and leaving it to the highest and best good..

I do however need to make money, so I am asking you if you or anyone you know could
use a very good search engine reputation manager.  Not sure if you ever researched that
for your online presence.. not sure of what you think of David Aman excusing me of extortion,
thing is search management is something tons of people due and for thousands a month per search term..
and so when he sent a cease and desist and filed a lawsuit, i offered it as

Exhibit 17

a way to settle and not
spend a year fighting, he turned it down, then a year later accused me of a crime.. its simply not
how it happened..

Anyway if you know anyone needing a very good search engine reputation manager please let me know..


**Crystal L. Cox**
**Broker Owner**



**Search Engine Reputation Manager**
**Investigative Blogger**
**Good Life International Distributor**

**Peace and Love to You !!!**

Exhibit 17