1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

MARC J. RANDAZZA, an individual,
et al,

           Plaintiffs,

           v.

CRYSTAL COX, an individual, et al.

           Defendants.

Case No.: 2:12-cv-2040-JAD-PAL

**Order Staying Case
Pending Appeal and Denying Pending
Motions Without Prejudice**

**[##245–53, 255–61, 263]**

Plaintiff Marc Randazza has appealed my order denying his special motion to dismiss counterclaimant Crystal Cox's remaining counterclaim.  Docs. 241, 242.  After Randazza filed his notice of appeal, Cox filed a flurry of new motions related to her counterclaims, in which she requests a non-jury trial (Doc. 245), the setting of a trial date (Doc. 246), various in limine rulings on the admissibility of evidence (Docs. 247–52; 255; 257–61, 263), and other miscellaneous relief (Docs. 253, 256).  I now deny these motions because the pendency of Randazza's appeal has deprived this court of jurisdiction over issues related to Cox's counterclaim.  And I take this opportunity to stay this case in its entirety pending the resolution of the appeal.

**Discussion**

**A.**     **The court denies Cox's motions without prejudice**.

"Once a notice of appeal is filed, the district court is divested of jurisdiction over the matters being appealed."[1]  All of Cox's pending motions pertain to her counterclaim, the continued viability of which Randazza has appealed.  This court presently lacks jurisdiction to decide issues regarding this counterclaim, and I thus deny all of Cox's motions without prejudice to their refiling after the court of appeal has completed its review of Randazza's appeal.  *See* Docs. 241–243.

---

[1] *Natural Resources Defense Council, Inc. v. Southwest Marine Inc.*, 242 F.3d 1163, 1166 (9th Cir. 2001) (citation omitted).

**B.      Stay of the case**

As Randazza's appeal relates only to Cox's counterclaims, I retain jurisdiction over Randazza's claims. *See* Doc. 242.  Nevertheless, I take this opportunity to consider whether a stay of this entire case is now warranted.

District courts have the inherent power to manage their dockets "so as to achieve the orderly and expeditious disposition of cases."  Doc. 241 at 5 (citation omitted).  This inherent authority includes the authority to stay cases.[2]  To determine if a stay of this entire case is appropriate during the pendency of Randazza's interlocutory appeal, I must consider: (1) the possible damage resulting from a stay, (2) the hardship to the parties if the suit goes forward, and (3) the simplification or complication of issues, proof, and questions of law likely to result from the stay.[3]

All of these criteria are satisfied here.  The possibility of damage resulting from the stay is minimal if existent at all.  This case is already nearly three years old, and discovery has closed. It will be much harder on the parties if the claims are permitted to be pursued through trial in a piecemeal fashion.  The parties' respective claims and the issues, proof, and questions of law are sufficiently interconnected to make it judicially economical to stay Randazza's claims while he seeks circuit review of my denial of his motion to dismiss Cox's counterclaim.  If Randazza's appeal is unsuccessful, the claims can proceed to a single trial.  A stay of the entire case will also prevent confusion and the need for the parties and the court to determine if issues raised by motion pertain to the Randazzas' claims (over which this court has jurisdiction) or Cox's counterclaim (for which jurisdiction has been transferred to the Ninth Circuit).

Accordingly, I order this case and all deadlines related to this case are **stayed for all purposes** pending completion of Randazza's appeal No. 15-15610. *See* Doc. 243. **NO ADDITIONAL MOTIONS OR REQUESTS FOR RELIEF MAY BE FILED WHILE THIS STAY IS IN EFFECT** except that any party may: (1) file any valid notice of appeal; (2) notify the

---

[2] *Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007).

[3] *See Lockyear v. Mirant Corp.*, 398 F.3d 1098, 1110-09 (9th Cir. 2005).

court of an update to his/her contact information or representation by counsel; or (3) file a motion to lift this stay with good cause.  Any document filed in violation of this stay order will be stricken, and **the parties are hereby warned that violations of this order—particularly including the filing of motions not explicitly authorized by this order—may lead to the imposition of dispositive (i.e., claim- or defense-ending) sanctions.**

### Conclusion

Accordingly, it is HEREBY ORDERED that all of Cox's recently filed motions **[Docs. 245–53, 255–261, and 263] are DENIED** without prejudice.

It is FURTHER ORDERED that **this case is STAYED for all purposes** pending resolution of Randazza's appeal in Case No. 15-15610.  **NO ADDITIONAL MOTIONS OR REQUESTS FOR RELIEF MAY BE FILED WHILE THIS STAY IS IN EFFECT** except that any party may: (1) file any valid notice of appeal; (2) notify the court of an update to his/her contact information or representation by counsel; or (3) file a motion to lift this stay with good cause.  Any document filed in violation of this stay order will be stricken, and **the parties are hereby warned that violations of this order—particularly including the filing of motions not explicitly authorized by this order—may lead to the imposition of dispositive (i.e., claim- or defense-ending) sanctions.**

DATED: April 8, 2015

Jennifer Dorsey
United States District Judge

**Clerk to notify:**
Crystal L. Cox
P.O. Box 2027
Port Townsend, WA 98368