UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA
2:12-cv-02040-JAD-PAL



CRYSTAL L. COX,
Defendant

v.

MARC J. RANDAZZA,
Plaintiffs

**Motion in Rule in Cox's Favor,
Pretrial Summary Judgement**

Defendant Crystal Cox moves this court to rule in her favor as to the claims made by Plaintiff Randazza, in Randazza v. Cox.

Cox moves this court to avoid a costly trial and to simply refer to this court's ruling at **docket number 200** which clearly shoots down ALL of Randazza's claims against Cox. Randazza has no way to remedy what the court ruled in Order 200 and therefore this court should rule in Cox's favor.

This court gave Randazza, Cox and Bernstein's intellectual property nearly 3 years ago in an unconstitutional TRO. There is no value left in those domain names to Cox.

Clearly, as a matter of law, this case is a SLAPP suit Randazza filed against Cox to shut down her blogs, suppress her speech, steal her top of the search engine gripe sites, suppress her First Amendment rights, bully her and harass her.

Even if Randazza thought he had a Trademark; Trademark Law SHOULD Not be used to Chill Speech.
(see Exhibit 24)

**Cox was Randazza's former client** and he does not have a legal right to sue her as his former client she is protected under attorney client laws. Therefore this court should rule in Cox's favor and stop this 3 year madness.

1



**Nevada Law; Rule 1.18.   Duties to Prospective Client.**

(a)  A person who discusses with a lawyer the possibility of forming a client-lawyer relationship with respect to a matter is a prospective client.

(b)  Even when no client-lawyer relationship ensues, a lawyer who has had discussions with a prospective client shall not use or reveal information learned in the consultation, except as Rule 1.9 would permit with respect to information of a former client.

(c)  A lawyer subject to paragraph (b) shall not represent a client with interests materially adverse to those of a prospective client in the same or a substantially related matter if the lawyer received information from the prospective client that could be significantly harmful to that person in the matter, except as provided in paragraph (d). If a lawyer is disqualified from representation under this paragraph, no lawyer in a firm with which that lawyer is associated may knowingly undertake or continue representation in such a matter, except as provided in paragraph (d).

(d)  When the lawyer has received disqualifying information as defined in paragraph (c), representation is permissible if:

    (1)  Both the affected client and the prospective client have given informed consent, confirmed in writing, or:

    (2)  The lawyer who received the information took reasonable measures to avoid exposure to more disqualifying information than was reasonably necessary to determine whether to represent the prospective client; and

        (i)  The disqualified lawyer is timely screened from any participation in the matter and is apportioned no part of the fee therefrom; and

        (ii)  Written notice is promptly given to the prospective client.

(e)  A person who communicates information to a lawyer without any reasonable expectation that the lawyer is willing to discuss the possibility of forming a client-lawyer relationship, or for purposes which do not include a good faith intention to retain the lawyer in the subject matter of the consultation, is not a "prospective client" within the meaning of this Rule.

(f)  A lawyer may condition conversations with a prospective client on the person's informed consent that no information disclosed during the consultation will prohibit the lawyer from representing a different client in the matter. If the agreement expressly so provides, the prospective client may also consent to the lawyer's subsequent use of information received from the prospective client.

So Randazza Legal Group cannot represent Randazza to sue a former client.

Cox has a right to review, parody and gripe about her former client.

Randazza v. Cox is clearly a meritless lawsuit that Randazza initiated primarily to chill Defendant Crystal Cox's speech and stop her from  exercising her First Amendment free speech rights."

2

**See attached Exhibit 24**, Cox's Affirmative Defense / Statement Testimony, and it is clear to see that ALL of Randazza's claims are now mute.

Cox moves this court to Rule in her favor and end Randazza's frivolous claims once and for all.

*Crystal J. Cox*

Crystal L. Cox, Pro Se
Counter Plaintiff / Defendant

## Certification of Service

On April 7, 2015, Crystal Cox certifies mailing a copy of this to:

U.S. District Court
Clerk of Court
Room 1334
333 Las Vegas Blvd. S.
Las Vegas, NV 89101

*Crystal L. Cox*

3