UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA
2:12-cv-02040-JAD-PAL



CRYSTAL L. COX,
Defendant, Counter Plaintiff

v.

MARC J. RANDAZZA,
Plaintiffs, Counter Defendant

## Motion in Limine to Include the Following Nevada Law Attorney Ethics

Cox moves this court to accept these laws as Cox's proof that Randazza is guilty of malpractice, as Randazza owed Cox a duty of care and ethics, as did and does Randazza Legal Group, the firm who represented Cox.

Even if Randazza is deemed NOT to have represented COX, he still has duties to Cox as a prospective client.

### Rule 1.18.  Duties to Prospective Client.

  (a)  A person who discusses with a lawyer the possibility of forming a client-lawyer relationship with respect to a matter is a prospective client.
  (b)  Even when no client-lawyer relationship ensues, a lawyer who has had discussions with a prospective client shall not use or reveal information learned in the consultation, except as Rule 1.9 would permit with respect to information of a former client.
  (c)  A lawyer subject to paragraph (b) shall not represent a client with interests materially adverse to those of a prospective client in the same or a substantially related matter if the lawyer received information from the prospective client that could be significantly harmful to that person in the matter, except as provided in paragraph (d). If a lawyer is disqualified from representation under this paragraph, no lawyer in a firm with which that lawyer is associated may knowingly undertake or continue representation in such a matter, except as provided in paragraph (d).
  (d)  When the lawyer has received disqualifying information as defined in paragraph (c), representation is permissible if:
    (1)  Both the affected client and the prospective client have given informed consent, confirmed in writing, or:

1

    (2) The lawyer who received the information took reasonable measures to avoid exposure to more disqualifying information than was reasonably necessary to determine whether to represent the prospective client; and

        (i) The disqualified lawyer is timely screened from any participation in the matter and is apportioned no part of the fee therefrom; and

        (ii) Written notice is promptly given to the prospective client.

  (e) A person who communicates information to a lawyer without any reasonable expectation that the lawyer is willing to discuss the possibility of forming a client-lawyer relationship, or for purposes which do not include a good faith intention to retain the lawyer in the subject matter of the consultation, is not a "prospective client" within the meaning of this Rule.

  (f) A lawyer may condition conversations with a prospective client on the person's informed consent that no information disclosed during the consultation will prohibit the lawyer from representing a different client in the matter. If the agreement expressly so provides, the prospective client may also consent to the lawyer's subsequent use of information received from the prospective client.

  (g) Whenever a prospective client shall request information regarding a lawyer or law firm for the purpose of making a decision regarding employment of the lawyer or law firm:

    (1) The lawyer or law firm shall promptly furnish (by mail if requested) the written information described in Rule 1.4(c).

    (2) The lawyer or law firm may furnish such additional factual information regarding the lawyer or law firm deemed valuable to assist the client.

    (3) If the information furnished to the client includes a fee contract, the top of each page of the contract shall be marked "SAMPLE" in red ink in a type size one size larger than the largest type used in the contract and the words "DO NOT SIGN" shall appear on the client signature line.

  [Added; effective May 1, 2006; as amended; effective September 1, 2007.]

## Randazza has Duties to Cox as a former client

  Rule 1.9.  Duties to Former Clients.

  (a) A lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client gives informed consent, confirmed in writing.

  (b) A lawyer shall not knowingly represent a person in the same or a substantially related matter in which a firm with which the lawyer formerly was associated had previously represented a client:

    (1) Whose interests are materially adverse to that person; and

    (2) About whom the lawyer had acquired information protected by Rules 1.6 and 1.9(c) that is material to the matter;

    (3) Unless the former client gives informed consent, confirmed in writing.

  (c) A lawyer who has formerly represented a client in a matter or whose present or former

2

firm has formerly represented a client in a matter shall not thereafter:
    (1) Use information relating to the representation to the disadvantage of the former client except as these Rules would permit or require with respect to a client, or when the information has become generally known; or
    (2) Reveal information relating to the representation except as these Rules would permit or require with respect to a client.
  [Added; effective May 1, 2006.]

**Rule 1.7.   Conflict of Interest: Current Clients.**

  (a) Except as provided in paragraph (b), a lawyer shall not represent a client if the representation involves a concurrent conflict of interest. A concurrent conflict of interest exists if:
    (1) The representation of one client will be directly adverse to another client; or
    (2) There is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person or by a personal interest of the lawyer.
  (b) Notwithstanding the existence of a concurrent conflict of interest under paragraph (a), a lawyer may represent a client if:
    (1) The lawyer reasonably believes that the lawyer will be able to provide competent and diligent representation to each affected client;
    (2) The representation is not prohibited by law;
    (3) The representation does not involve the assertion of a claim by one client against another client represented by the lawyer in the same litigation or other proceeding before a tribunal; and
    (4) Each affected client gives informed consent, confirmed in writing.
  [Added; effective May 1, 2006.]

**CLIENT-LAWYER RELATIONSHIP**

  Rule 1.1.   Competence.   A lawyer shall provide competent representation to a client. Competent representation requires the legal knowledge, skill, thoroughness and preparation reasonably necessary for the representation.
  [Added; effective May 1, 2006.]

Model Rule Comparison—2006

  Rule 1.1 (formerly Supreme Court Rule 151) is the same as ABA Model Rule 1.1.

  Rule 1.2.   Scope of Representation and Allocation of Authority Between Client and Lawyer.

3



(a) Subject to paragraphs (c) and (d), a lawyer shall abide by a client's decision concerning the objectives of representation and, as required by Rule 1.4, shall consult with the client as to the means by which they are to be pursued. A lawyer may take such action on behalf of the client as is impliedly authorized to carry out the representation. A lawyer shall abide by a client's decision whether to settle a matter. In a criminal case, the lawyer shall abide by the client's decision, after consultation with the lawyer, as to a plea to be entered, whether to waive jury trial and whether the client will testify.

(b) A lawyer's representation of a client, including representation by appointment, does not constitute an endorsement of the client's political, economic, social or moral views or activities.

(c) A lawyer may limit the scope of the representation if the limitation is reasonable under the circumstances and the client gives informed consent.

(d) A lawyer shall not counsel a client to engage, or assist a client, in conduct that the lawyer knows is criminal or fraudulent, but a lawyer may discuss the legal consequences of any proposed course of conduct with a client and may counsel or assist a client to make a good faith effort to determine the validity, scope, meaning or application of the law.

[Added; effective May 1, 2006.]

Model Rule Comparison—2006

Rule 1.2 (formerly Supreme Court Rule 152) is the same as ABA Model Rule 1.2.

Rule 1.3.  Diligence.  A lawyer shall act with reasonable diligence and promptness in representing a client.

[Added; effective May 1, 2006.]

Model Rule Comparison—2006

Rule 1.3 (formerly Supreme Court Rule 153) is the same as ABA Model Rule 1.3.

Rule 1.4.  Communication.

(a) A lawyer shall:

(1) Promptly inform the client of any decision or circumstance with respect to which the client's informed consent is required by these Rules;

(2) Reasonably consult with the client about the means by which the client's objectives are to be accomplished;

(3) Keep the client reasonably informed about the status of the matter;

(4) Promptly comply with reasonable requests for information; and

(5) Consult with the client about any relevant limitation on the lawyer's conduct when the lawyer knows that the client expects assistance not permitted by the Rules of Professional Conduct or other law.

(b) A lawyer shall explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation.



**Randazza had a duty to COx to keep information Confidential**

Rule 1.6.   Confidentiality of Information.
   (a) A lawyer shall not reveal information relating to representation of a client unless the client gives informed consent, the disclosure is impliedly authorized in order to carry out the representation, or the disclosure is permitted by paragraphs (b) and (c).
   (b) A lawyer may reveal information relating to the representation of a client to the extent the lawyer reasonably believes necessary:
      (1) To prevent reasonably certain death or substantial bodily harm;
      (2) To prevent the client from committing a criminal or fraudulent act in furtherance of which the client has used or is using the lawyer's services, but the lawyer shall, where practicable, first make reasonable effort to persuade the client to take suitable action;
      (3) To prevent, mitigate, or rectify the consequences of a client's criminal or fraudulent act in the commission of which the lawyer's services have been or are being used, but the lawyer shall, where practicable, first make reasonable effort to persuade the client to take corrective action;
      (4) To secure legal advice about the lawyer's compliance with these Rules;
      (5) To establish a claim or defense on behalf of the lawyer in a controversy between the lawyer and the client, to establish a defense to a criminal charge or civil claim against the lawyer based upon conduct in which the client was involved, or to respond to allegations in any proceeding concerning the lawyer's representation of the client; or
      (6) To comply with other law or a court order.
   (c) A lawyer shall reveal information relating to the representation of a client to the extent the lawyer reasonably believes necessary to prevent a criminal act that the lawyer believes is likely to result in reasonably certain death or substantial bodily harm.
   [Added; effective May 1, 2006.]


Rule 1.8.   Conflict of Interest: Current Clients: Specific Rules.
   (a) A lawyer shall not enter into a business transaction with a client or knowingly acquire an ownership, possessory, security or other pecuniary interest adverse to a client unless:
      (1) The transaction and terms on which the lawyer acquires the interest are fair and reasonable to the client and are fully disclosed and transmitted in writing in a manner that can be reasonably understood by the client;
      (2) The client is advised in writing of the desirability of seeking and is given a reasonable opportunity to seek the advice of independent legal counsel on the transaction; and
      (3) The client gives informed consent, in a writing signed by the client, to the essential terms of the transaction and the lawyer's role in the transaction, including whether the lawyer is representing the client in the transaction.
   (b) A lawyer shall not use information relating to representation of a client to the disadvantage of the client unless the client gives informed consent, except as permitted or

required by these Rules.

(c) A lawyer shall not solicit any substantial gift from a client, including a testamentary gift, or prepare on behalf of a client an instrument giving the lawyer or a person related to the lawyer any substantial gift unless the lawyer or other recipient of the gift is related to the client. For purposes of this paragraph, related persons include a spouse, child, grandchild, parent, grandparent or other relative or individual with whom the lawyer or the client maintains a close, familial relationship.

(d) Prior to the conclusion of representation of a client, a lawyer shall not make or negotiate an agreement giving the lawyer literary or media rights to a portrayal or account based in substantial part on information relating to the representation.

(e) A lawyer shall not provide financial assistance to a client in connection with pending or contemplated litigation, except that:

(1) A lawyer may advance court costs and expenses of litigation, the repayment of which may be contingent on the outcome of the matter; and

(2) A lawyer representing an indigent client may pay court costs and expenses of litigation on behalf of the client.

(f) A lawyer shall not accept compensation for representing a client from one other than the client unless:

(1) The client gives informed consent;

(2) There is no interference with the lawyer's independence of professional judgment or with the client-lawyer relationship; and

(3) Information relating to representation of a client is protected as required by Rule 1.6.

(g) A lawyer who represents two or more clients shall not participate in making an aggregate settlement of the claims of or against the clients, or in a criminal case an aggregated agreement as to guilty or nolo contendere pleas, unless each client gives informed consent, in a writing signed by the client. The lawyer's disclosure shall include the existence and nature of all the claims or pleas involved and of the participation of each person in the settlement.

(h) A lawyer shall not:

(1) Make an agreement prospectively limiting the lawyer's liability to a client for malpractice unless the client is independently represented in making the agreement; or

(2) Settle a claim or potential claim for such liability with an unrepresented client or former client unless that person is advised in writing of the desirability of seeking and is given a reasonable opportunity to seek the advice of independent legal counsel in connection therewith.

(i) A lawyer shall not acquire a proprietary interest in the cause of action or subject matter of litigation the lawyer is conducting for a client, except that the lawyer may:

(1) Acquire a lien authorized by law to secure the lawyer's fee or expenses; and

(2) Contract with a client for a reasonable contingent fee in a civil case.

(j) A lawyer shall not have sexual relations with a client unless a consensual sexual relationship existed between them when the client-lawyer relationship commenced. This paragraph does not apply when the client is an organization.

(k) A lawyer related to another lawyer as parent, child, sibling or spouse shall not represent a client in a representation directly adverse to a person whom the lawyer knows is represented by the other lawyer except upon informed consent by the client after consultation regarding the

relationship.

(l) A lawyer shall not stand as security for costs or as surety on any appearance, appeal, or other bond or surety in any case in which the lawyer is counsel.

(m) While lawyers are associated in a firm, a prohibition in the foregoing paragraphs, with the exception of paragraph (j), that applies to any one of them shall apply to all of them.

[Added; effective May 1, 2006.]

Model Rule Comparison—2006

Rule 1.8 (formerly Supreme Court Rule 158) is the same as ABA Model Rule 1.8 with three exceptions. First, paragraph (j) is the same as the Model Rule except that its prohibition does not apply when the client is an organization. Second, paragraph (k) is specific to the Nevada Rule, retained from former Supreme Court Rule 158(9), and has no counterpart in the ABA Model Rule. Third, paragraph (l) is specific to the Nevada Rule, retained from former Supreme Court Rule 158(11), and has no counterpart in the ABA Model Rule. Like the ABA Model Rule, the Nevada Rule specifies that the prohibitions in the Rule, except for the prohibition on sexual relationships, also apply to all lawyers associated in a firm with the personally prohibited lawyer. This provision appears in paragraph (m) of the Nevada Rule and paragraph (k) of the Model Rule.

### Rule 1.9.   Duties to Former Clients.

(a) A lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client gives informed consent, confirmed in writing.

(b) A lawyer shall not knowingly represent a person in the same or a substantially related matter in which a firm with which the lawyer formerly was associated had previously represented a client:

(1) Whose interests are materially adverse to that person; and

(2) About whom the lawyer had acquired information protected by Rules 1.6 and 1.9(c) that is material to the matter;

(3) Unless the former client gives informed consent, confirmed in writing.

(c) A lawyer who has formerly represented a client in a matter or whose present or former firm has formerly represented a client in a matter shall not thereafter:

(1) Use information relating to the representation to the disadvantage of the former client except as these Rules would permit or require with respect to a client, or when the information has become generally known; or

(2) Reveal information relating to the representation except as these Rules would permit or require with respect to a client.

[Added; effective May 1, 2006.]

Model Rule Comparison—2006

Rule 1.9 (formerly Supreme Court Rule 159) is the same as ABA Model Rule 1.9.

Rule 1.10.   Imputation of Conflicts of Interest.
(a) While lawyers are associated in a firm, none of them shall knowingly represent a client when any one of them practicing alone would be prohibited from doing so by Rules 1.7, 1.9, or 2.2, unless the prohibition is based on a personal interest of the prohibited lawyer and does not present a significant risk of materially limiting the representation of the client by the remaining lawyers in the firm.
(b) When a lawyer has terminated an association with a firm, the firm is not prohibited from thereafter representing a person with interests materially adverse to those of a client represented by the formerly associated lawyer and not currently represented by the firm unless:
  (1) The matter is the same or substantially related to that in which the formerly associated lawyer represented the client; and
  (2) Any lawyer remaining in the firm has information protected by Rules 1.6 and 1.9(c) that is material to the matter.
(c) A disqualification prescribed by this Rule may be waived by the affected client under the conditions stated in Rule 1.7.
(d) Reserved.
(e) When a lawyer becomes associated with a firm, no lawyer associated in the firm shall knowingly represent a person in a matter in which that lawyer is disqualified under Rule 1.9 unless:
  (1) The personally disqualified lawyer did not have a substantial role in or primary responsibility for the matter that causes the disqualification under Rule 1.9;
  (2) The personally disqualified lawyer is timely screened from any participation in the matter and is apportioned no part of the fee therefrom; and
  (3) Written notice is promptly given to any affected former client to enable it to ascertain compliance with the provisions of this Rule.
[Added; effective May 1, 2006.]

**Even if Randazza were to oddly prevail at claiming he was not Coxs attorney, then he was at least a third party neutral.**

Rule 1.12.   Former Judge, Arbitrator, Mediator or Other Third-Party Neutral.
(a) Except as stated in paragraph (d), a lawyer shall not represent anyone in connection with a matter in which the lawyer participated personally and substantially as a judge or other adjudicative officer, or law clerk to such a person or as an arbitrator, mediator or other third-party neutral, unless all parties to the proceeding give informed consent confirmed in writing.
(b) A lawyer shall not negotiate for employment with any person who is involved as a party or as lawyer for a party in a matter in which the lawyer is participating personally and

8

substantially as a judge or other adjudicative officer, or as an arbitrator, mediator or other third-party neutral. A lawyer serving as a law clerk to a judge or other adjudicative officer may negotiate for employment with a party or lawyer involved in a matter in which the clerk is participating personally and substantially, but only after the lawyer has notified the judge or other adjudicative officer.

(c) If a lawyer is disqualified by paragraph (a), no lawyer in a firm with which that lawyer is associated may knowingly undertake or continue representation in the matter unless:

(1) The disqualified lawyer is timely screened from any participation in the matter and is apportioned no part of the fee therefrom; and

(2) Written notice is promptly given to the parties and any appropriate tribunal to enable them to ascertain compliance with the provisions of this Rule.

(d) An arbitrator selected as a partisan of a party in a multimember arbitration panel is not prohibited from subsequently representing that party.

[Added; effective May 1, 2006.]


**Randazza ADVISED COX on his very first conference call and even in Exhibit 20 as per what to do with court transcripts.**

COUNSELOR

Rule 2.1. Advisor. In representing a client, a lawyer shall exercise independent professional judgment and render candid advice. In rendering advice, a lawyer may refer not only to law but to other considerations such as moral, economic, social and political factors, that may be relevant to the client's situation.

[Added; effective May 1, 2006.]

*Crystal L. Cox*

Crystal L. Cox, Pro Se
Counter Plaintiff / Defendant

9

## Certification of Service

On April 7, 2015, Crystal Cox certifies mailing a copy of this to:

U.S. District Court
Clerk of Court
Room 1334
333 Las Vegas Blvd. S.
Las Vegas, NV 89101