**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

MARC J. RANDAZZA, an individual,
et al,

      Plaintiffs,

      v.

CRYSTAL COX, an individual, et al.

      Defendants.

Case No.: 2:12-cv-2040-JAD-PAL

**Order**

On April 8, 2015, I stayed this case pending the resolution of Marc Randazza's appeal of my order denying his special motion to dismiss counterclaimant Crystal Cox's remaining counterclaim. Docs. 241, 242, 265. The Ninth Circuit has now dismissed that appeal. Docs. 273, 275. Good cause appearing, the stay is now lifted.

The dismissal of this appeal leaves little more to do in this case than try it.

Discovery is closed. Docs. 215, 241.

The deadline for filing dispositive motions (e.g., motions for summary judgment or to dismiss any claim or defense) has expired, and no party may file another dispositive motion. *See id*.

And the parties' obligation to file a joint pretrial order in compliance with Local Rule 16-3 has been triggered. *See* Docs. 215, 241 (settling the deadline as 30 days after the resolution of all dispositive motions). Because Mr. Randazza's interlocutory appeal may have created confusion about when the 30 days began to run, for the sake of clarity and fairness, I now direct that the joint pretrial order is due by June 22, 2015. I caution the parties to read Local Rules 16-3 and 16-4 carefully and comply with them fully. I highlight that Local Rule 16-3 requires counsel for plaintiffs to "personally discuss" with defendant Crystal Cox "settlement and prepare and lodge with the Court a proposed joint pretrial order" that contains all the information dictated by Local Rule 16-3(c) and in the format required by Local Rule 16-4. Implied in this rule is Crystal Cox's obligation to cooperate in the preparation of this joint pretrial order in good faith. The parties are reminded that

Page 1 of 3

1    the local rules may be viewed on the court's website: http://www.nvd.uscourts.gov.

2        I also direct the parties to participate in good faith in a settlement conference before a

3    magistrate judge.  L.R. 16-5.  For the sake of judicial efficiency and due to a history of excessive

4    motion filing in this case, the parties may not file any motion in limine or any other pretrial motion

5    before participating in good faith in the settlement conference.  Any motion in limine or other

6    pretrial motion filed before the parties have completed their good-faith participation in a settlement

7    conference with a magistrate judge will be automatically denied without prejudice.

8        One further point on motions in limine.  If no settlement is reached and the parties find it

9    necessary to thereafter file motions in limine, no party may file a motion in limine without first

10   having a good faith meet-and-confer telephone conference with the other side to attempt to reach a

11   stipulation or other resolution.  Any motion in limine filed must be accompanied by a declaration

12   swearing that the meet-and-confer telephonic conference was held and that the movant participated

13   in good faith, and detailing the date and time of the meet-and-confer conference, what was discussed,

14   and why no stipulation or resolution was reached.  Any motion in limine that lacks the declaration

15   directed by this paragraph will be automatically denied.  Motions in limine are due 30 days before

16   the trial date (which has not yet been set but will be scheduled once the court receives the joint

17   pretrial order).  Late-filed motions may be stricken in the court's discretion.

18        **Accordingly, IT IS HEREBY ORDERED that:**

19        **The stay pending appeal is lifted**;

20        **The parties have until June 22, 2015, to file their joint pretrial order** in compliance with

21   the Local Rules;

22        The parties shall participate in good faith in a settlement conference before a magistrate

23   judge, and **this matter is hereby referred to the magistrate judge to schedule a settlement**

24   **conference**; and

25        **No additional dispositive motion may be filed because the deadlines have passed.**

26   Additionally, **any motion in limine or other pretrial motion filed before good-faith completion**

27   **of the settlement conference or without the declaration identified herein will be automatically**

28

1    **denied**.

2        DATED: May 20, 2015

3                                                        _____
4                                                        Jennifer Dorsey
                                                         United States District Judge

5

6    **Clerk to notify:**
     Crystal L. Cox
7    P.O. Box 2027
     Port Townsend, WA 98368
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28