F. Christopher Austin, (NV Bar No. 6559)
**WEIDE & MILLER, LTD.**
7251 W. Lake Mead Blvd., Suite 530
Las Vegas, NV 89128-8373
(702) 382-4804
caustin@weidemiller.com

*Attorneys for Plaintiff, Counterdefendant*
*Marc J. Randazza*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| MARC J. RANDAZZA, an individual, JENNIFER RANDAZZA, an individual, and NATALIA RANDAZZA, an individual, <br><br>Plaintiff, <br><br>v. <br><br>CRYSTAL COX, an individual, et al., <br><br>Defendants. | Case No.: 2:12-cv-2040-JAD-PAL <br><br>**MOTION TO STAY PROCEEDINGS PENDING RULING BY NINTH CIRCUIT COURT OF APPEALS ON MOTION TO REINSTATE APPEAL** |

Plaintiff, Marc J. Randazza ("Randazza") hereby moves to stay proceedings in the above captioned matter until the Ninth Circuit Court of Appeals rules on Plaintiff-Appellant's unopposed Motion for Reinstatement of Appeal (9th Cir. Dkt. #4), a true and accurate copy of which is attached hereto as Exhibit 1 for the Court's convenience. This Motion is brought in the event that the Court opts not to transfer this case in its discretion to the Western District of Washington. *See* Plaintiff's Notice of Non-Opposition and Concurrence to the Transfer of Venue for Forum Non Conveniens. (Doc. #285).

**I.    RELEVANT FACTS**

On May 20, 2015, the Court lifted the stay placed on this matter pending the resolution of Randazza's appeal of the Court's order denying his special motion to dismiss counterclaimant Crystal Cox's ("Cox") remaining counterclaims. Doc. #276, 241, 242, 265.

On May 15, 2015, the Ninth Circuit dismissed Randazza's appeal for failure to respond to an Order to Show Cause why the appeal should not be dismissed. 9th Cir. Dkt. #2, 3. As set forth

WEIDE & MILLER, LTD.
7251 W. LAKE MEAD BLVD.,
SUITE 530
LAS VEGAS,
NEVADA 89128
(702) 382-4804

FCA-W-0245            1            Motion to Stay

in detail in the Motion to Reinstate, which facts and supporting declarations are hereby incorporated, neither Randazza nor counsel ever received notice of the Order to Show Cause. *See* Motion to Reinstate, (9th Cir. Dkt. 4), filed May 30, 2015.

Had Randazza received notice of the Order to Show Cause, he readily could have responded (as he has now done in the Motion to Reinstate). *See id.* The version of Nevada's anti-SLAPP law relied upon by the Appellate Court was outdated and did not include a 2013 amendment to the law correcting the jurisdictional limitation upon which the Ninth Circuit based its finding that Nevada's anti-SLAPP law was not subject to an interlocutory appeal. *See.* NRS 41.660. In 2013, Nevada amended its anti-SLAPP law expressly in response to the earlier Ninth Circuit case upon which the Order to Show Cause incorrectly relied. *See Mtabolic Research, Inc. v. Ferrell,* 693 F.3d 795 (9th Cir. 2012); *see also,* NRS 41.670(4). As the 2013 amendment expressly made the statute subject to an interlocutory appeal, the Order to Show Cause based on the prior version of the statute was incorrect, should not have issued, and Randazza's appeal should not have been dismissed.

## II.   DISCUSSION

Nevada's anti-SLAPP law provides that "if a special motion to dismiss is filed pursuant to [the law], the court shall stay discovery pending the disposition of any appeal from the ruling on the motion." NRS 41.660 [outlining omitted]. The law further expressly provides that "if the court denies the special motion to dismiss filed pursuant to NRS 41.660, an interlocutory appeal lies to the Supreme Court." NRS 41.670(4).

Defendants sued in federal courts can bring anti-SLAPP motions to strike state law claims. *Verizon Delaware, Inc. v. Covad Communication Co.,* 377 F.3d 1081, 1091 (9th Cir. 2004). In such federal actions, an interlocutory appeal lies to the Ninth Circuit Court of Appeals where the state anti-SLAPP law provides for interlocutory appeal, with the underlying district court action stayed pending a ruling on the interlocutory appeal. *See id.* This is because an order denying such an anti-SLAPP motion is an "immediately appealable collateral order" in this Circuit. *DC Comics v. Pac. Pictures Corp.*, 706 F.3d 1009, 1011 (9th Cir. 2013). The stay of discovery is not discretionary. NRS 41.660(3)(e). Further, when a denial of an anti-SLAPP motion to a claim is

WEIDE & MILLER, LTD.
7251 W. LAKE MEAD BLVD.,
SUITE 530
LAS VEGAS,
NEVADA 89128
(702) 382-4804

FCA-W-0245         2         Motion to Stay

appealed, most district courts counsel a stay of all proceedings related to that claim not just discovery. *See e.g. Makaeff v. Trump University, LLC,* No. 10-cv-940, 2011 U.S. Dist. Lexis 13603 (S.D. Cal. Feb. 11, 2011), *citing, DC Comics v. Pac. Pictures Corp.*, 706 F.3d at 1011. Thus, the clear policy of the federal courts in this Circuit is to stay the the federal district court case pending a ruling on the interlocutory appeal of an anti-SLAPP order.

This Court properly followed that policy in staying this case upon Randazza's filing of a Notice of Appeal (*see* Doc. #265), and should follow that policy pending the motion by Randazza to reinstate his appeal. To require Randazza to proceed with the preparation of this case for trial when he is likely to prevail on his Motion to Reinstate would unduly waste the resources of the Court and the parties. Conversely, a stay pending a ruling on Randazza's Motion to Reinstate will prejudice no one even if the motion is denied.

Randazza is likely to prevail on his Motion to Reinstate. His appeal was dismissed due to an appellate court oversight in applying the wrong law to his appeal, which oversight Randazza unfortunately was unable to promptly bring to the court's attention, because the Order to Show Cause upon which the oversight was based was not served to the address Randazza properly set forth in his Notice of Appeal. *See* Motion to Reinstate at 2-6. Rather, it was sent to a dated email account registered in the court's database nearly a decade earlier that had long been terminated. *See id.* In addition, Randazza's Motion to Reinstate is unopposed.[1]

A stay pending a ruling by the Ninth Circuit on Randazza'a Motion to Reinstate will not prejudice the parties. As all briefing on the Motion to Reinstate is complete, the Ninth Circuit could rule on the motion at any time. Because the Motion to Reinstate is unopposed, pursuant to 9th Cir. General Orders, Appendix A (46) and Circuit Rule 27-7, the Motion to Reinstate could be ruled upon expeditiously by a deputy clerk or other court staff delegated authority to rule on such unopposed motions. Thus, if past rulings are any indication, the Ninth Circuit likely will issue a ruling on Randazza's unopposed Motion to Reinstate within the next week or so. *See e.g.* Order

---

[1] The Motion to Reinstate was filed and served on May 30, 2015. Pursuant to FRAP 27(3)(A) the "response must be filed within 10 days after service." That deadline has passed without a responsive filing.

(9th Cir. Dkt. #2) (issued within two weeks of filing deadline).

While the absence of a stay will impose a burden on Randazza to assess and respond to Defendant's claims regarding voluminous proposed exhibits, witnesses, and legal issues, without the ability to readily discuss such matters with Defendant, who currently resides out of the country in the United Kingdom and without access to a personal phone (*see* Doc. #266), it would pose no prejudice at all on Defendant.  As noted in Defendant's filings (Doc. #266), she is out of the country until July 2015, well after the time in which the Court could reasonably expect a ruling on Randazza's Motion to Reinstate.  In fact, a stay of this action until Defendant's return would appear to actually benefit Defendant.  Thus, a stay pending a ruling on Randazza's unopposed Motion to Reinstate will neither unduly delay this proceeding nor prejudice Defendant.

### III.   CONCLUSION

For the foregoing reasons, Plaintiff respectfully request the Court stay the proceedings in the captioned case, including without limitation the June 22, 2015, deadline to file a joint pretrial order, until the Ninth Circuit Court of Appeals rules on Plaintiff-Appellant's unopposed Motion to Reinstate with the stay remaining in place if the Motion to Reinstate is granted until the matter is closed by the Ninth Circuit Court of Appeals.

DATED this 16th day of June, 2015.

Respectfully Submitted,

**WEIDE & MILLER, LTD.**

*/s/ F. Christopher Austin*
F. Christopher Austin
7251 W. Lake Mead Blvd., Suite 530
Las Vegas, NV 89128

Attorney for Attorneys for Plaintiff, Counterdefendant
Marc J. Randazza

WEIDE & MILLER, LTD.
7251 W. LAKE MEAD BLVD.,
SUITE 530
LAS VEGAS,
NEVADA 89128
(702) 382-4804

FCA-W-0245                    4                    Motion to Stay

# CERTIFICATE OF SERVICE

I hereby certify that I am an employee of Weide & Miller, Ltd. and that on June 16, 2015, I served a full, true and correct copy of the foregoing **MOTION TO STAY PROCEEDINGS PENDING RULING BY NINTH CIRCUIT COURT OF APPEALS ON MOTION TO REINSTATE APPEAL** via the United States District Court's CM/ECF filing system upon the following:

> RANDAZZA LEGAL GROUP
> Ronald D. Green, Esq.
> Nevada Bar No. 7360

and

> CRYSTAL L. COX, Pro Se
> PO Box 20277
> Port Townsend, WA 98368

and via U.S. Mail to the party below requesting notice:

> CRYSTAL L. COX,
> PO Box 20277
> Port Townsend, WA 98368
> Pro Se Defendant, Counterclaimant

*/s/ F. Christopher Austin*
An employee of WEIDE & MILLER, LTD.

WEIDE & MILLER, LTD.
7251 W. LAKE MEAD BLVD.,
SUITE 530
LAS VEGAS,
NEVADA 89128
(702) 382-4804

FCA-W-0245                   5                   Motion to Stay