F. Christopher Austin, (NV Bar No. 6559)
**WEIDE & MILLER, LTD.**
7251 W. Lake Mead Blvd., Suite 530
Las Vegas, NV 89128-8373
(702) 382-4804
caustin@weidemiller.com

*Attorneys for Plaintiff, Counterdefendant*
*Marc J. Randazza*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| MARC J. RANDAZZA, an individual, JENNIFER RANDAZZA, an individual, and NATALIA RANDAZZA, an individual, | Case No.: 2:12-cv-2040-JAD-PAL |
| Plaintiff, | **PLAINTIFFS' PROPOSED PRETRIAL ORDER** |
| v. | |
| CRYSTAL COX, an individual, et al., | |
| Defendants. | |

Per the Court's May 20, 2015, Order (Doc. # 276), Plaintiffs are required to submit a pretrial order even though Plaintiffs were unable to meet and personally discuss with Defendant who has resided out of the country without access to a phone since the May 20, 2015, Order issued. Accordingly, Plaintiffs requests the Court not issue a pretrial order at this time based on this submission or that of Defendant (Doc. #264), as such proposed orders are premature for the following reasons and will need to be amended after Plaintiffs are able to meet with Defendant as contemplated by LR 16-3:

       (i)    Plaintiff-Counterclaim Defendant Marc Randazza has a pending motion before the Ninth Circuit Court of Appeals to reinstate his appeal of an order denying his special motion to dismiss the counterclaims against him in this action that should be heard before this matter proceeds:

       (ii)   Defendant-Counterclaimant has not opposed the motion to reinstate Mr. Randazza's appeal;

      (iii)    Plaintiff-Counterclaim Defendant Randazza has a pending motion to stay these proceedings in favor of permitting the Ninth Circuit to hear his motion to reinstate his appeal, which should be ruled upon prior to proceeding with this matter;

      (iv)    Defendant states she is out of the country in the United Kingdom until July and is unable to meet with Plaintiff, and as such a pretrial order should be prepared after Defendant has returned to the United States and after the Court of Appeals has ruled on Counterclaim-Defendant's motion to reinstate his appeal;

      (v)    Defendant states she does not have access to her own phone in the United Kingdom and cannot be directly contacted by Plaintiffs' counsel, and as such a pretrial order should not be prepared until after Defendant has returned to the United States and can meet with Plaintiff's counsel as directed by LR 16-3; and

      (vi)    In response to Defendant's claims this lacks Court lacks jurisdiction over her and that she cannot travel to Nevada to attend the trial of this matter, Plaintiff-Counterclaim Defendant, has notified the Court that Plaintiffs do not object to the transfer of this case on convenience grounds to the Western District of Washington where Defendant resided prior to traveling to the UK and where she states she can attend trial in person. The Court should assess whether the matter should be transferred on convenience grounds to the Western District of Washington before proceeding with this case and before a pretrial order is submitted;

      As a result of the inability to comply with LR 16-3 because Defendant has resided outside of the United States and in the UK since the issuance of the Order to prepare this proposed pretrial order, this Order cannot properly function to limit the facts and issues as intended in this matter and will need to be amended after Defendant returns to avoid prejudice to the parties. Accordingly, while Plaintiffs respectfully submit this proposed order, Plaintiffs expressly reserve

WEIDE & MILLER, LTD.
7251 W. LAKE MEAD BLVD.,
SUITE 530
LAS VEGAS,
NEVADA 89128
(702) 382-4804

FCA-W-0248      2      Pretrial Order

the right to amend the matters proposed herein after they are able to meet with Defendant in this action and requests the Court refrain from issuing a pretrial order in this matter until after the Court has ruled on Counterclaim Defendant's motion to stay, the Court has assessed the propriety of transferring the case to the Western District of Washington, Defendant Cox has returned to the United States and the Parties have had an opportunity to meet regarding the same as contemplated by LR 16-3.

## PROPOSED PRETRIAL ORDER

Following pretrial proceedings in this case,

IT IS ORDERED:

### I.

This is an action for violation of (i) cyberpiracy under 15 USC §8131, (ii) cybersquatting under 15 USC §1125(d), (iii) violation of rights of publicity under NRS 597.810, (iv) violation of the common law right of intrusion upon seclusion, and (v) civil conspiracy against Defendants brought in connection with Defendant's registration of 32 Internet Domain Names incorporating all or part of Plaintiffs' personal names.

Also at issue are the remaining counterclaims of Defendant Cox for (i) defamation, and (ii) malpractice.

### II.

Statement of Jurisdiction: This Court has subject matter jurisdiction pursuant to 28 USC §§1331, 1332, and 1338 because this civil action arises under the Lanham Act (15 USC §§1125(d) and 8131. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 USC §1367(a). However, as Defendant's counterclaims have already been dismissed *with prejudice* by two judges within this district, allowing them to continue at this point is reversible error.

Defendant claims that personal jurisdiction and venue are improper. Plaintiff declines to contest this assertion and is willing to stipulate to transfer to the Western District of Washington, in light of Defendant's claims that she will be unable to participate in trial in this district.

WEIDE & MILLER, LTD.
7251 W. LAKE MEAD BLVD.,
SUITE 530
LAS VEGAS,
NEVADA 89128
(702) 382-4804

FCA-W-0248   3   Pretrial Order

III.

The following facts are admitted by the parties and require no proof: None. The Parties have not been able to meet to reach an accord on admitted facts because Cox refuses to participate or communicate with Plaintiffs.

IV.

The following facts, though not admitted, will not be contested at trial by evidence to the contrary: None.  The Parties have not been able to meet to reach an accord on contested facts because Cox refuses to participate or communicate with Plaintiffs.  As such all rights to assert facts raised by the other party are contested.

V.

The following are the issues of fact to be tried and determined upon trial:

1. Defendant's wrongful registration of the Domain Names at issue.
2. Defendant's bad faith registration and use of the Domain Names.
3. Defendant's specific intent to profit from the registration and use of the domain names.
4. Plaintiff's name, Marc Randazza, functions as a common law trademark.
5. Defendant acted with bad-faith intent to profit from Plaintiff's name.
6. Defendant used the name of Plaintiffs for the purpose of advertising, selling or soliciting the purchase of Defendant's services.
7. Defendant used the name of Plaintiffs for the purpose of extortion.
8. Counterclaim Defendant's statements regarding Defendant are true.
9. Defendant Cox is a public figure.
10. Defendant Cox had a reputation as an extortionist prior to Counterclaim Defendant's alleged defamatory statements.
11. Defendant Cox actually did commit extortion.
12. The statute of limitations ran on Defendant's defamation counterclaim.
13. Defendants claims are all *res judicata* twice over, (*see Cox v. Randazza,* Case No. 2:13-cv-00983 (D. NV) (raising identical claims to the present

WEIDE & MILLER, LTD.
7251 W. LAKE MEAD BLVD.,
SUITE 530
LAS VEGAS,
NEVADA 89128
(702) 382-4804

FCA-W-0248                4                Pretrial Order

        action and dismissed with prejudice as claim precluded by the court's prior dismissal with prejudice of *Cox v. Randazza,* Case No. 2:13-cv-00297 (D. NV).

14. Counterclaim Defendant's communications to Defendant are protected under NRS 41.660.

15. No attorney-client relationship existed between Defendant and Counterclaim Defendant.

16. The statute of limitations ran on Defendant's malpractice counterclaim.

## VI.

The following are issues of law to be tried and determined upon trial:

1. Counterclaim-Defendant's alleged defamatory statements are privileged from liability.
2. Counterclaim-Defendant's alleged defamatory statements are protected by the fair reporting privilege.
3. Counterclaim-Defendant's alleged defamatory statements are protected by the reply privilege.
4. The counterclaim for defamation is time barred
5. The counterclaim for malpractice is time barred.
6. The counterclaims of Defendant are claim precluded.
7. The counterclaims are barred by the doctrines, of estoppel, laches, and unclean hands.

## VII.

A.    The following exhibits are stipulated into evidence in this case and may be so marked by the Clerk:

1. Plaintiff's exhibits (stipulation presumed as Defendant identifies the same exhibits):

    a. All exhibits identified in Plaintiff's Motion for Summary Judgment (Doc. #75) and Counterclaim Defendant's Special Motion to

WEIDE & MILLER, LTD.
7251 W. LAKE MEAD BLVD.,
SUITE 530
LAS VEGAS,
NEVADA 89128
(702) 382-4804

FCA-W-0248    5    Pretrial Order

1                 Dismiss (Doc. #224) that are duplicated in Defendant's motions in

2                 limine to include (Docs. #247-252, 255-261, 263, 268-271).

3         b.     Whois Registrations of Domain Names at issue.

4         c.     WIPO decision at issue (Doc. #75-8).

5     2.     Defendant's exhibits:

6         a.     All exhibits identified in Plaintiff's Motion for Summary

7                 Judgment (Doc. #75) and Counterclaim Defendant's Special

8                 Motion to Dismiss (Doc. #224) that are duplicated in Defendant's

9                 motions in limine to include (Docs. #247-252, 255-261, 263, 268-

10                271).

11         b.     WIPO decision at issue (Doc. #75-8).

12     B.     As to the following additional exhibits the parties have reached the stipulations

13 stated:

14         1.     Set forth stipulations as to Plaintiff's exhibits: None.

15         2.     Set forth stipulations as to Defendant's exhibits: None

16     C.     As to the following exhibits, the party against whom the same will be offered

17 objects to their admission upon the grounds states:

18         1.     Set forth stipulations as to plaintiff's exhibits: None.

19         2.     Set forth stipulations as to Defendant's exhibits: Plaintiff asserts all

20 evidentiary objections applicable to any exhibit to which Plaintiff has not stipulated that is not

21 compliant with the Federal Rules of Evidence.

22     D.     Depositions: No depositions were taken.

23     E.     Objections to Depositions: Not applicable

24                                    VIII.

25 The following witnesses may be called by the parties upon trial:

26     A.     Plaintiff's witnesses:

27         1.     Marc J. Randazza

28             3625 South Town Center Drive, Las Vegas, NV 89135

WEIDE & MILLER, LTD.
7251 W. LAKE MEAD BLVD.,
SUITE 530
LAS VEGAS,
NEVADA 89128
(702) 382-4804

FCA-W-0248                 6                 Pretrial Order

2.   Jennifer Randazza

3625 South Town Center Drive, Las Vegas, NV 89135

3.   Crystal L. Cox

PO Box 20277, Port Townsend, WA 98368

4.   Eliot Bernstein

2753 N.W. 34th Street, Boca Raton, FL 33434

5.   Stephanie DeYoung

6.   Kevin Padrick

7.   David Aman

B.   Defendant's witnesses: As set forth in Defendants Proposed Pretrial Order (Doc. #264).

## IX.

Counsel have not been able to meet as Defendant claims to have been out of the United States residing in the United Kingdom and without access to a phone.  As such communication could only take place by email when Defendant desired to respond.  Plaintiff has moved to stay these proceedings The Parties, therefore, have not identified three (3) agreed-upon trial dates. Furthermore, Defendant has stated she is unable to attend trial in Nevada at all.

## X.

Plaintiff estimates that the trial herein will take a total of 10 days.

DATED this 22nd day of June, 2015.

Respectfully Submitted,

**WEIDE & MILLER, LTD.**

*/s/ F. Christopher Austin*
F. Christopher Austin
7251 W. Lake Mead Blvd., Suite 530
Las Vegas, NV 89128
Attorney for Attorneys for Plaintiffs, Counterdefendant
Marc J. Randazza

## CERTIFICATE OF SERVICE

I hereby certify that I am an employee of Weide & Miller, Ltd. and that on June 22, 2015, I served a full, true and correct copy of the foregoing **PLAINTIFFS' PROPOSED PRETRIAL ORDER** via the United States District Court's CM/ECF filing system upon the following:

>Ronald D. Green, Esq.
>Nevada Bar No. 7360

and

>CRYSTAL L. COX, Pro Se
>PO Box 20277
>Port Townsend, WA 98368

and via U.S. Mail to the party below requesting notice:

>CRYSTAL L. COX,
>PO Box 20277
>Port Townsend, WA 98368
>Pro Se Defendant, Counterclaimant

*/s/ Brandy A. Brown*
An employee of WEIDE & MILLER, LTD.

WEIDE & MILLER, LTD.
7251 W. LAKE MEAD BLVD.,
SUITE 530
LAS VEGAS,
NEVADA 89128
(702) 382-4804