UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA
2:12-cv-02040-JAD-PAL

CRYSTAL L. COX,
Defendant, Counter Plaintiff
Defendant Eliot Bernstein

v.

MARC J. RANDAZZA,
Plaintiffs, Counter Defendant



**Objection to Document 285 Transfer Motion / NOTICE /
Motion for Counsel / Objection to Motion to Stay/
"Communication Equipment Appearance" Motion**

I, Crystal Cox Object to Transferring this Case to the Eastern District of Washington per Document 285. I object to Plaintiff's motion to stay. I move this court for court appointed counsel to protect my rights. I move this court to sanction Plaintiff.

Cox strongly objects to Plaintiff's Notice of Non-Opposition and Concurrence to the Transfer of Venue for Forum. Plaintiff wants out of the Nevada courts as he thinks he will have an unfair advantage in a court out of Nevada, over Cox.

Plaintiff Randazza is also trying to "save face" as he is very involved in the politics of Nevada Law, such as the Nevada SLAPP Law.

### I, Crystal Cox have not been notified that Randazza was requesting a transfer until right now and I strongly object.

Randazza nor his attorney notified me of this transfer in any way and now are seeming to claim that I have not opposed and that I have concurred. I DO Object to transferring to any district in Washington and I do NOT concur with Plaintiff.

I have not received any correspondence on this issue from the Opposition regarding these motions. I do not get electronic filings, nor emails from the Opposition. I only see documents when they are posted at archive.org. I have just seen the motions regarding transfer (285).

1

I have worked in this Nevada court on this case for nearly 3 years, I do not wish to transfer to Washington.

A new court will have to revisit three years worth of information and Plaintiff / Counter Defendant is requesting this to gain advantage over Pro Se Cox.

Randazza claims in the Appeal to the Ninth that they did not get the information from the Ninth Circuit and therefore they appeal. Yet they give me no emailed motions, and do this deliberately to stop my objections. I object to a transfer and they tried to slip this in without notifying me.

I live in far Western Washington, I do not have any money for travel, nor a dependable vehicle and will request an appearance by phone if this court's makes me change venue. I cannot afford an attorney, have no money right now even for food. And no way to get legal advice or help.

Yes I own an old truck, in which I will not drive on the Freeway at this time and have no money to fix. And the truck currently is uninsured as I do not have money to insure it.

Yes my church gives me food money when they can. Currently my church cannot help me and I have no money whatsoever in my bank account, nor available to me.

I have lived homeless for over a year. I have public assistance for food and have been driven into poverty by Plaintiff / Counter Defendant Marc Randazza.

I cannot get legal counsel in any way, everyone I ask is literally scared to death of Randazza and will not represent me and this court has denied my multiple requests for a court appointed attorney.

I again move this court to protect my rights and appoint me an attorney.

### Nevada is the Proper Venue for Cox's claims

Cox's claims against Randazza are due to his representation of her as a licensed Nevada attorney, Washington is not the proper venue for these claims.

This case needs to be tried in Nevada, as this is the proper venue for Cox's counterclaims. Randazza is a licensed Nevada Attorney and these are the laws and rules in which Cox is bringing claims against Randazza. Randazza represented Cox as her attorney under Nevada Law. Cox was then a resident of Montana.

### It causes no hardship for Randazza and his legal team for Cox to attend a settlement via phone.

Randazza has not offered to settle with Cox at this time and shows no sign of doing so. Cox has no attorney and attending by phone causes no hardship to Randazza in any way.

In Document 285 Plaintiff Randazza Claims that Cox resides in Eastern District of Washington, I do NOT. I am a resident of Port Townsend Washington in the farthest West of Washington State.

In Document 285 Plaintiff claims that I, Crystal Cox, have "appeared in person on several unrelated matters" in the Eastern District of Washington for various reasons. I have NEVER attended any court matter whatsoever in person in the Eastern District of Washington or any other district in Washington.

The Eastern District of Washington is approximately a 10 hour drive with a good vehicle from Cox's home in Western Washington.

Another reason this case cannot be moved, as a matter of law, as Cox would be prejudiced on the use of Nevada SLAPP Laws, and other surrounding issues that Randazza is trying to avoid by changing venue as he is in major political maneuvering regarding the Nevada SLAPP Laws.

### Plaintiff claims a right to a jury Trial yet Cox moved this court for no jury trial and Plaintiff sued Cox with no request of Jury Trial.

Pro Se Litigant Crystal Cox is the one who is prejudiced as Randazza is an attorney and has a legal team and Cox is all alone in this case, and with no home, no money, and no way to attend in person meetings. On top of that, Cox refused to meet Randazza in Seattle 2 years ago as his then attorney Ronald Green requested, as Cox is and was in fear of her life. Randazza's "people" have threatened, slandered, defamed and harassed Cox for several years. Cox is still in fear of her life from Randazza and those he has follow and terrorize Cox.

### Sanctions

I ask this court to issue sanctions against Randazza's attorney as he is a professional and is not playing fair or by the rules of procedure. Randazza has not notified me of any of these actions and they know that I am not getting electronic notice and have no way to currently get timely motions in such a way that I can effectively respond.

Plaintiff will not communicate with me in any way regarding the Joint Trial Motion, as I have previously notified this court.

3

## Motion Moving the Court for "Communication Equipment Appearance"
## "Audiovisual Transmission Equipment Appearance"

Per Nevada NRS Title 12, and any other related Nevada Law that Cox, as a Pro Se Litigant may not know. Cox moves this court to appear in this case via "Communication Equipment Appearance" / "Audiovisual Transmission Equipment Appearance" and hereby gives notice to this court and all parties.

### Cox is Pro Se in this case and is entitled to attend hearings, trial and settlements via phone, as a matter of Nevada Law

On March 1, 2009, a new Nevada Supreme Court rule went into effect, allowing attorneys and other parties to appear in court for many matters via conference telephone or other electronic device, such as a videoconference link. The rule applies only in civil cases, which include family law cases.

"This rule will allow the more efficient handling of certain civil cases by the courts, and provide cost savings for litigants," said Nevada Supreme Court Chief Justice James W. Hardesty. "I expect that this rule will benefit not only the lawyers and the parties, but the interests of justice as well."

"I hope we will also see a dramatic increase in the availability of pro bono attorneys for litigants in our rural courts," Hardesty said. "At a time when many Nevadans are struggling financially and find themselves in court as a result, it would be nice to think that our legal community steps up and provides needed counsel at little or no cost to unfortunate litigants," Hardesty said.

"Many pro se litigants must rely on legal forms posted on the Supreme Court website, or tips available through self-help centers in Clark and Washoe Counties. These are very useful, but there is no substitute for the counsel of an attorney. We want to encourage attorney participation in pro bono work and reduce the cost to them for providing a valuable legal service for those in need."

It is the wish of the Nevada Supreme Court that litigants have pro bono representation and the availability of saving costs such as not traveling to Las Vegas for Trials and court proceedings, but instead to participate via phone.

The Supreme Court has been working to establish an array of videoconference equipment and sites around Nevada that could be used for remote access court hearings.

4

"It was my belief that by expanding the way litigants and lawyers could attend court hearings, access to justice would be better served," said Justice Mark Gibbons, who proposed the rule in 2008 when he was chief justice.

"With the advances in technology and the needs that technology can fill, it was an easy decision by the Supreme Court to implement the new rule," Gibbons said. "We believe that expanding audiovisual and telephonic appearances will open the doors of the courts wider than ever before."

Judges and discovery commissioners also have the discretion under the rule to require personal appearances if it is deemed that "a personal appearance would materially assist in the determination of the proceedings or in the effective management or resolution of the particular case."

**In Randazza vs. Cox**, the facts are clear and there will be no further fact finding that Cox can provide in person that she cannot provide via phone and has not already provided this court.

**The policy states:** "The intent of this rule is to promote uniformity in the practices and procedures relating to communication equipment appearances in civil cases. To improve access to the courts and reduce litigation costs, courts shall permit parties, to the extent feasible, to appear by communication equipment at appropriate conferences, hearings, and proceedings in civil cases."

The new rule states that a party wishing to appear in court telephonically or by video can inform the court and the parties of that choice either verbally or in writing. According to the rule, "A party choosing to appear by communication equipment at a hearing, conference, or proceeding" under this rule must move the court via the phrase **"Communication Equipment Appearance"**

**Per NRS Title 12. Judges have the discretion to allow remote appearances in these types of situations, "if the court determines that a communication equipment appearance is appropriate."**

In Cox vs Randazza, not only is Cox's life in danger, and she has been under constant attack by Plaintiff and his friends / colleagues for several years, but also Cox cannot afford in any way to come to Las Vegas as Plaintiff / Counter defendant Randazza has rendered her homeless, penniless and unable to defend herself properly in this frivolous action he took against her.

COX claims that per Nevada Law she is allowed to use "Audiovisual transmission equipment" via a conference telephone or other electronic device to attend these court proceedings.

5

## ADKT 424 - PART IX.   RULES GOVERNING APPEARANCE BY AUDIOVISUAL TRANSMISSION EQUIPMENT

Rule 1.  Definitions.  In these rules, unless the context or subject matter otherwise requires:

1.  "Audiovisual transmission equipment" means a conference telephone or other electronic device that permits all those appearing or participating to hear and speak to each other, provided that all conversation of all parties is audible to all persons present.

Rule 2.  Policy favoring audiovisual transmission equipment appearances.  The intent of this rule is to promote uniformity in the practices and procedures relating to audiovisual transmission equipment appearances in civil cases. To improve access to the courts and reduce litigation costs, courts shall permit parties, to the extent feasible, to appear by audiovisual transmission equipment at appropriate conferences, hearings, and proceedings in civil cases.
    [Added; effective March 1, 2009; amended effective February 2, 2010.]

3.   Court discretion to modify rule.

   (a) In exercising its discretion under this provision, the court should consider the general policy favoring audiovisual transmission equipment appearances in civil and criminal cases.

   (b) Court may require personal appearances.   Upon a showing of good cause either by motion of a party or upon its own motion, the court may require a party to appear in person at a hearing, conference, or proceeding listed in subsection 1 if the court determines on a hearing-by-hearing basis that a personal appearance would materially assist in the determination of the proceedings or in the effective management or resolution of the particular case.

   (c) Court may permit appearances by audiovisual transmission equipment.   The court may permit a party to appear by audiovisual transmission equipment at a hearing, conference, or proceeding listed in subsection 2 if the court determines that an audiovisual transmission equipment appearance is appropriate.


5.   Notice by party.
   (a) A party choosing to appear by audiovisual transmission equipment at a hearing, conference, or proceeding under this rule must either:

       (1) Place the phrase "Audiovisual Transmission Equipment Appearance" below the title of the moving, opposing, or reply papers; or

(2) At least three court days before the appearance, notify the court and all other parties of the party's intent to appear by audiovisual transmission equipment. If the notice is oral, it must be given either in person or by audiovisual transmission equipment. If the notice is in writing, it must be given by filing a "Notice of Intent to Appear by Audiovisual Transmission Equipment" with the court at least three court days before the appearance and by serving the notice at the same time on all other parties by personal delivery, fax transmission, express mail, or other means reasonably calculated to ensure delivery to the parties no later than the close of the next business day.

(b) If after receiving notice from another party as provided under subsection 5(a) a party that has not given notice also decides to appear by audiovisual transmission equipment, the party may do so by notifying the court and all other parties that have appeared in the action, no later than noon on the court day before the appearance, of its intent to appear by audiovisual transmission equipment.

(c) If a party that has given notice that it intends to appear by audiovisual transmission equipment under subsection 5(a) subsequently chooses to appear in person, the party must so notify the court and all other parties that have appeared in the action, by audiovisual transmission equipment, at least two court days before the appearance.

(d) The court, on a showing of good cause, may permit a party to appear by audiovisual transmission equipment at a conference, hearing, or proceeding even if a party has not given the notice required under subsection 5(a) or (b) and may permit a party to appear in person even if the party has not given the notice required in subsection 5(c).

**Cox claims that per Nevada Law she is allowed to use "Audiovisual transmission equipment" means a conference telephone or other electronic device to attend these court proceedings.**

In the Nevada Supreme Court Case Titled;

"IN THE MATTER OF THE ADOPTION OF A UNIFORM RULE GOVERNING TELEPHONIC AND AUDIOVISUAL PARTICIPATION IN CIVIL, CRIMINAL AND FAMILY LAW CASES IN ALL COURTS IN THE STATE OF NEVADA.

On April 2, 2008, the Hon. Mark Gibbons, Chief Justice of the Nevada Supreme Court, filed a petition in this court requesting the adoption of uniform rules to govern telephonic and audiovisual participation in Nevada courts,

The Nevada Supreme court conducted a public hearing on the proposed rules on Tuesday, December 9, 2008, and concluded that adoption of the rules is warranted, accordingly

7

These rules became effective March 1, 2009. The clerk of the NV Supreme court gave notice published in the State Bar of Nevada's official publication.

All subscribers of the advance sheets of the Nevada Reports and all persons and agencies listed in NRS 2.345, and to the executive director of the State Bar of Nevada.

Randazza's attorney should know these laws and is clearly attempting to prejudice a pro se pauper litigant. Cox moves this court to allow her to attend via electronic means.

### Document 286 - Notice to Court

As per Document 286, Plaintiff, again did not notify Cox of this either. Cox STRONGLY objects to a change in courts. Plaintiff has an advantage as he files motions online in an instant, then mails them to me days later and refuses to email them to me. I have no way to keep up in a timely manner when I have no notification.

Cox wishes the court to notice that now Plaintiff, via **document 286**, is claiming that they requested the Western District of Washington and that I did not object. However, as the record shows, first of all I was not given notice to object to and Plaintiff requested the Eastern District of Washington in their Motion of Venue change, document 285. These are vastly different courts as far as venue and miles, time and money.

Randazza did not request a Jury Trial Cox did, and Cox has since filed a motion with this court moving this court for a bench trial in these matters.

### Objection to Motion to Stay

I, Crystal Cox Object to Randazza's motion to Stay this case.

I, Cox, have my settlement conference statement ready and am trying to raise the money to print and send it with Exhibits as soon as I can. I am ready for the court to decide this as a matter of law and to STOP the madness of attorney Randazza stalling this case. I wish to move on with my life and try and get on my feet again.

I move this court to rule on this case as a matter of law, via a bench trial and as soon as possible to stop the outpour of money and resources of the litigants and this court.

Cox wishes this court to simply rule on this case as a matter of law and allow all parties, including this court, to move on from this nearly 3 year old case.

**/s/ Crystal L. Cox**
Crystal L. Cox, Pro Se
Counter Plaintiff / Defendant

## Certification of Service

On June 22nd, 2015, Crystal Cox certifies mailing a copy of this to:

U.S. District Court
Clerk of Court
Room 1334
333 Las Vegas Blvd. S.
Las Vegas , NV 89101


**/s/ Crystal L. Cox**
Crystal L. Cox, Pro Se
Counter Plaintiff / Defendant



Crystal Cox
PO Box 2027
Port Townsend, WA  98368

To:

U.S. District Court
Clerk of Court
Room 1334
333 Las Vegas Blvd. S.
Las Vegas, NV 89101