UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MARC J. RANDAZZA, et al.,<br><br>　　　　　　　　　　Plaintiffs,<br>　v.<br>CRYSTAL L. COX., et al.,<br><br>　　　　　　　　　　Defendants. | Case No. 2:12-cv-02040-JAD-PAL<br><br>ORDER<br><br>(Mot for Exception – Dkt. #282)<br>(Mot Stay – Dkt. #288) |

Before the court is Defendant Crystal Cox's Motion for Exception (Dkt. #282), Plaintiff's Notice of Non-Opposition and Concurrence to Transfer of Venue for Forum Non Conveniens (Dkt. #285), Plaintiffs' "Notice of No Requirement to Respond to Motions Filed in Violation of Court's May 20, 2015, Order" (Dkt. #291), and Plaintiffs' Motion to Stay (Dkt. #288), Cox's Objection to Document 285, Motion for Counsel, Objection to Motion to Stay/ "Communication Equipment Appearance Motion" (Dkt #290) and Notice of Non-Opposition to Motion to Stay (Dkt. #292).

**I. Motion for Exception (Dkt. #282).**

The District Judge referred this case to me to conduct a settlement conference in an Order (Dkt. #276) entered May 20, 2015. An Order Scheduling a Settlement Conference (Dkt. #288) was entered on May 26, 2015, setting the matter for a settlement conference on September 3, 2015, in my chambers. The order requires the personal appearance of all parties and trial counsel of record. Defendant Cox requests an exception to the personal attendance requirement because she is homeless, has been living in hotels, her old rundown truck, and homes of church members since June 2014. She represents she has no money to fly or drive to Las Vegas, or for food or hotels and no way to attend the settlement conference in person. She requests she be permitted

to attend the settlement conference by phone. She indicates that she would borrow a church phone if granted leave to attend via phone.

Plaintiff filed a Notice of Non Opposition and Concurrence and a Countermotion to Transfer Venue for Forum Non Conveniens (Dkt. #285). Plaintiffs argue that because Defendant Cox resides within the Eastern District of Washington where she could readily attend both a settlement conference and at trial, the Eastern District of Washington is the more convenient forum. The motion to transfer venue for forum non conveniens is not supported by a memorandum of points and authorities as required by LR 7-2(a). LR 7-2(d) is explicit: "The failure of a moving party to file points and authorities in support of the motion shall constitute a consent to the denial of the motion."

Cox filed an Objection to Plaintiff's Motion to Transfer (Dkt. #290). The objection opposes both the motion to transfer and the motion to stay. The objection also requests court-appointed counsel and that Plaintiff be sanctioned. Cox strongly objects to the transfer of this case. She states "Plaintiff wants out of the Nevada courts as he thinks he will have an unfair advantage in a court out of Nevada, over Cox." She also believes Plaintiff is trying to "save face" because he is very involved in politics of Nevada law, specifically, the Nevada SLAPP law. Cox claims she has only recently received notice of the motion to transfer, stating she has not received any correspondence, does not get electronic filings or emails, and that the only documents she sees are those posted on the court's electronic filing system. She opposes transfer because she has worked on this case in Nevada court for nearly three years, a new court will have to re-visit three years' worth of information, and she believes Plaintiff is trying to seek a strategic advantage in the transfer.

She asks for appointed counsel because she is homeless and cannot obtain legal counsel in any way. She claims Nevada is the proper venue for her counterclaims to rise out of his representation of her as a licensed Nevada attorney. She argues she is in entitled, per Nevada NRS Title 12 to appear via communication equipment or audio/visual transmission because the Nevada Supreme Court enacted a new rule that went into effect March 1, 2009, to allow

attorneys and other parties to appear in court via conference telephone or other electronic devices.

Cox also objects to Plaintiffs' motion to stay because she has her settlement conference statement and is ready to raise the money to print and send it with exhibits as soon as she can. She is ready to have the court decide this case as a matter of law and stop Plaintiff from stalling this case so that she can move on with her life and try to get on her feet again. She also asks that the court "to simply rule on this case as a matter of law via bench trial" as soon as possible.

**II.  Plaintiffs' Motion to Stay (Dkt. #288).**

Plaintiff seeks an order staying proceedings in this court pending decision on an appeal filed in the Ninth Circuit Court of Appeals. On May 20, 2015, this court lifted the stay entered in this case pending resolution of Plaintiffs' earlier filed appeal of Judge Dorsey's order denying his special motion to dismiss counterclaimant Cox's remaining counterclaims. The Ninth Circuit dismissed the first filed appeal for Randazza's failure to respond to an order to show cause. Randazza has now filed a motion to reinstate the appeal. The motion to stay argues that the version of Nevada's anti-SLAPP law relied upon by the Ninth Circuit was outdated and did not include a 2013 amendment to the law. In 2013 the Nevada legislature corrected the jurisdictional limitation on which the Ninth Circuit based its finding that Nevada's anti-SLAPP law was not subject to interlocutory appeal. Plaintiff argues that the Nevada legislature amended its anti-SLAPP law expressly in response to the Ninth Circuit's decision in *Metabolic Research, Inc. v. Ferrell*, 693 F.3d 795 (9th Cir. 2002). The 2013 amendment explicitly made the statute subject to an interlocutory appeal. Thus, Plaintiff argues his appeal should not have been dismissed.

Plaintiffs argue that Ninth Circuit authority and district court decisions support a stay of all proceedings at the district court level pending a ruling on an interlocutory appeal of an anti-SLAPP order. Judge Dorsey previously granted a stay while after Randazza filed his first notice of appeal and this court should follow that policy pending his motion to reinstate the appeal. Randazza requests that the court stay proceedings until the Ninth Circuit rules on his unopposed motion to reinstate, and that the stay remain in place until the motion to reinstate is granted and/or until the matter is closed by the Court of Appeals.

3

1  In a prior Order (Dkt. #365) the district judge stayed this case after Randazza appealed denial of her order denying dismissal of Cox's counterclaims.  The district judge found that she lacked jurisdiction to decide issues regarding Cox's counterclaims, that she was divested of jurisdiction over matters Randazza appealed and lacked jurisdiction to decide issues regarding Cox's counterclaims while the appeal was pending.  Citing *Natural Resources Defense Council, Inc. v. Southwest Marine, Inc.,* 242 F. 3d 1163, 1166 (9th Cir. 2001), she therefore denied all outstanding motions without prejudice to their filing after the Ninth Circuit completed its review of Randazza's appeal.  She stayed this case and all deadlines related to this case for all purposes pending completion of Randazza's appeal.  Her order also expressly provided that no additional motions or requests for relief may be filed while the stay was in effect with limited exceptions for filing a valid notice of appeal, notifying the court of any updated contact information, or filing a motion to lift the stay with good cause.

After the mandate was received from the Ninth Circuit dismissing Randazza's notice of appeal Judge Dorsey entered an Order (Dkt # 276) lifting the stay, requiring the parties to file the joint pretrial order by June 22, 2015, and referring the matter to me to conduct a settlement conference.  The Order also prohibited the parties from filing motions in limine without meeting and conferring ahead of time in a good faith effort to resolve the matter(s) by stipulation.

Having reviewed and considered the parties moving and responsive papers the court will stay this case pending the Ninth's Circuit's decision about whether to reinstate Plaintiffs' appeal and, if so, a decision on the merits, for the same reasons Judge Dorsey stayed the case while Randazza's initial appeal was filed.

Plaintiffs' motion to transfer is denied for failure to comply with LR 7-2(a).  Additionally, on the merits, although it would be tempting to transfer this contentious litigation elsewhere, this court has decided all pretrial discovery, case management and dispositive motions and it would not serve the interests of judicial economy to burden a judge unfamiliar with this case with the trial.

As the court is granting the stay, the settlement conference will be reset if the Ninth Circuit denies the motion to reinstate the appeal, and returns the case to this court.  Cox's request

4

to appear telephonically is denied as moot. Cox is also advised that the Nevada law she relies upon regarding appearances by communication equipment is not binding on this court. They are procedural rules of the Nevada Supreme Court. As this case is in federal court, federal procedural rules apply. I will decide how Cox will appear for settlement conference and Judge Dorsey will decide how Cox will be permitted to appear for trial after the appeal is resolved.

Finally, Cox is reminded that it is her responsibility to keep the court and opposing counsel apprised of an address at which she can be reached for service and contact by the court and opposing counsel, and notify the court and opposing counsel of any change of address. The only address the court currently has for her are two email addresses, Crystal@crystalcox.com and SavvyBroker@yahoo.com. It is unknown whether either of those email addresses is active, although Cox's statements in the papers addressed in this order suggest she is not currently receiving email.

Cox's motion for appointment of counsel is denied for the same reasons her prior motions for appointment of counsel have been denied.

**IT IS ORDERED** that:

1. Cox's Motion For Exception (Dkt #282) is **DENIED as Moot** as the court grants Plaintiffs' motion to stay and vacates the settlement conference until after the Ninth Circuit decides whether or not to reinstate Plaintiffs' appeal. The court will decide how Cox will be permitted to appear at the settlement conference if and when the case is returned to this court by the Court of Appeals taking into account Cox's most recent circumstances.

2. Plaintiffs' Motion to Stay (Dkt # 288) is **GRANTED. This case is stayed until the Ninth Circuit decides whether Plaintiffs' appeal will be reinstated, the appeal closed by Court of Appeals and the order of mandate is filed.**

3. Plaintiffs' Motion to Transfer Venue (Dkt. #282) is **DENIED**.

4. Cox's motion for appointment of counsel and request to appear at trial by communications equipment is **DENIED without prejudice to refiling** if and when this case is returned to this court.

5

5. The settlement conference set for September 3, 2015, is **VACATED.**

6. Any request for relief contained in the moving and responsive papers referred to in this order not specifically addressed is **DENIED.**

DATED this 20th day of July, 2015.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE