UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Marc J. Randazza, et al., <br><br> Plaintiffs <br><br> v. <br><br> Crystal Cox, et al., <br><br> Defendants | 2:12-cv-02040-JAD-PAL <br><br> **Order Lifting the Stay of Case Pending Appeal, Providing Further Instruction, and Directing the Parties to File Status Reports** |

Plaintiffs Marc, Jennifer, and Natalia Randazza sue Crystal Cox and Eliot Bernstein for their alleged online harassment of the Randazzas.[1] Of the counterclaims that Cox has alleged in this case, only two portions of Cox's counterclaims against Marc for legal malpractice and defamation remain.[2]

This case was stayed on April 8, 2015, while Marc's appeal to the Ninth Circuit was pending.[3] That stay was lifted after the Ninth Circuit dismissed Marc's notice of appeal.[4] This case was again stayed on July 20, 2015, pending the Ninth Circuit's decision on Marc's motion to reinstate his appeal.[5] Because the Ninth Circuit has again dismissed Marc's appeal,[6] I am lifting the stay. And because Marc filed for bankruptcy during the stay and his bankruptcy case is still pending,[7] this order also provides the parties with further instruction regarding how

---

[1] ECF 1.

[2] *See* ECF 164, 208, 213.

[3] ECF 265.

[4] ECF 273, 275, 276.

[5] ECF 293.

[6] ECF 299, 301.

[7] ECF 295.

Marc's bankruptcy case affects this case and directs the parties to file status reports indicating how they intend to proceed with their claims.

**Discussion**

The filing of a petition for relief under the Bankruptcy Code commences a bankruptcy case and creates an estate.[8] With exceptions that are not relevant here, 11 U.S.C. § 541 provides that the bankruptcy estate includes "all legal or equitable interests of the debtor in property as of the commencement of the case."[9] "Legal causes of action are included within the broad scope of § 541."[10] This includes prepetition tort- and contract-based causes of action.[11]

"In order to protect the estate from being depleted by creditors' lawsuits and seizures of property and provide the debtor breathing room to reorganize, 11 U.S.C. § 362(a) imposes an automatic stay."[12] To accomplish these goals, § 362 automatically prohibits:

> (1) commencing or **continuing actions against the debtor** that began or could have begun before the bankruptcy was filed, or to recover a pre-petition claim against the debtor; and (2) "any act to obtain possession of property of the estate or of property from the estate or to exercise control over the property of the estate."[13]

Although the automatic stay sweeps broadly, it "does not prevent a plaintiff/debtor from continuing to prosecute its own claims nor does it prevent a defendant from protecting its interests against claims brought by the debtor."[14] The stay also "'does not protect non-debtor

---

[8] *See* 11 U.S.C. §§ 301, 541.

[9] 11 U.S.C. § 541(a)(1).

[10] *In re Goldstein*, 526 B.R. 13, 21 (Bankr. App. 9th Cir. 2015) (citing *Sierra Switchboard Co. v. Westinghouse Elec. Corp.*, 789 F.2d 705, 707 (9th Cir. 1986)).

[11] *Id.* (citing *Sierra Switchboard Co.*, 789 F.2d at 707; *In re Ryerson*, 739 F.2d 1423, 1425 (9th Cir. 1984)).

[12] *In re Palmdale Hills Prop., LLC*, 654 F.3d 868, 874–75 (9th Cir. 2011) (citing *White v. City of Santee*, 186 B.R. 700, 704 (Bankr. App. 9th Cir. 1995)).

[13] *Id.* at 875 (emphasis added) (quoting 11 U.S.C. § 362(a)(1) & (3)).

[14] *Id.* (citing *Gordon v. Whitmore*, 175 B.R. 333, 337–38 (Bankr. App. 9th Cir. 1994)).

parties or their property.'"[15]

When these rules and principles are applied to this case, the only claims that are stayed under § 362 are Cox's counterclaims against Marc Randazza. If Cox wants to continue pursuing her counterclaims in this case, she is instructed that she must move the judge in Marc's bankruptcy case—*In re Marc John Randazza*, U.S. Bankruptcy Court, District of Nevada Case No. 15-14956-abl—to lift or modify the § 362 stay to allow her to do so.[16]

The Randazzas' claims against Cox and Bernstein, however, are not stayed under § 362. The Randazzas must, therefore, continue to prosecute their claims—and Cox[17] may continue to defend against them—upon the entry of this order. The Randazzas are cautioned that the failure to prosecute their claims in this case may result in those claims being dismissed under LR 41-1. If any party wants to remove all or part of this case to the bankruptcy court, they must file a motion with this court seeking an order to do so.

To ensure that this case proceeds in a timely fashion, the parties are directed to file status reports by March 25, 2016, stating how they intend to proceed with their claims in this case. As discovery in this case has long since closed,[18] after reviewing the parties' status reports, I will issue an order with further instruction, which may include directing the parties to file a joint pre-trial order.

. . .

---

[15] *Boucher v. Shaw*, 572 F.3d 1087, 1092 (9th Cir. 2009) (quoting *Chugach Timber Corp. v. N. Stevedoring & Handling Corp.*, 23 F.3d 241, 246 (9th Cir. 1994)).

[16] Cox is cautioned that she must follow the national and local rules of procedure for the U.S. Bankruptcy Court, District of Nevada, if she moves the bankruptcy court to lift or modify the stay of her counterclaims against Marc under § 362. Complete sets of both rules are available at: http://www.nvb.uscourts.gov/rules-forms/.

[17] The Clerk of Court entered default against Bernstein on January 9, 2013. ECF 39.

[18] *See* ECF 215 (scheduling order providing discovery was due by October 6, 2014); ECF 239 (order denying motion to reopen discovery).

**Conclusion**

Accordingly, IT IS HEREBY ORDERED that the stay of this case pending appeal is LIFTED and the parties must file status reports **by March 25, 2016**, stating how they intend to proceed with their claims in this case.

DATED: March 14, 2016

_____
Jennifer A. Dorsey
United States District Judge