# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| Marc J. Randazza, an individual; Jennifer Randazza, an individual; Natalia Randazza, a minor,<br><br>     Plaintiffs<br><br>v.<br><br>Crystal Cox, an individual; and Eliot Bernstein, an individual,<br><br>     Defendants<br><br>AND ALL RELATED CLAIMS AND PARTIES | Case No.: 2:12-cv-02040-JAD-BNW<br><br>**Order Dismissing Action and Denying Motion to Reinstate Counterclaims and Appoint Pro Bono Counsel**<br><br>[ECF Nos. 319, 322] |

Plaintiffs Marc J. Randazza, Jennifer Randazza, and their daughter Natalia Randazza filed this action ten years ago against self-proclaimed "investigative blogger" Crystal Cox and Eliot Bernstein for their alleged online harassment of the Randazza family.[1] Default was soon entered against Bernstein, but Cox counterclaimed against Marc Randazza for defamation and legal malpractice.[2] Marc Randazza filed for bankruptcy relief in 2015, Cox's counterclaims were referred to the bankruptcy court,[3] and Randazza filed an adversary complaint against Cox in conjunction with that proceeding.[4] Randazza prevailed in that forum. The bankruptcy court awarded him a substantial judgment against Cox, disposed of her counterclaims by summary judgment,[5] ordered that her interests in certain domains and other intangible property be

---

[1] ECF No. 1.

[2] *See, e.g.,* ECF No. 213.

[3] ECF No. 307 (order referring counterclaims to the bankruptcy court).

[4] *Randazza v. Cox*, Adv. No. 16-01111 (Bankr. D. Nev.).

[5] ECF No. 24 in *Randazza v. Cox*, 17-01005-abl (Bankr. D. Nev.).

transferred to Randazza in partial satisfaction of that judgment, and closed that case.[6]  With the bulk of this case having been resolved in bankruptcy court, the Randazzas now move to voluntarily dismiss what remains of it here.[7]  In response, Cox asks the court to resurrect her counterclaims and appoint pro bono counsel to pursue them for her.[8]

### A.     Cox is not entitled to the relief she seeks.

Cox's request to resuscitate her counterclaims is devoid of merit.  To the extent that she wants to revive her claims against Ronald Green and the Randazza Legal group, which were disposed of in orders issued more than eight years ago,[9] her request is woefully late and she has not established any basis to excuse her delay, let alone any legal basis for reconsideration.  To the extent that she seeks to relitigate her counterclaims against Marc Randazza, those claims were adjudicated in favor of Randazza in the bankruptcy-court adversary proceeding in 2018 and have been discharged.[10]  So this request is similarly untimely and meritless, particularly considering that Cox failed to appear in that proceeding and she made no effort to challenge the disposition of those claims in the proper course of that case.[11]  And finally, to the extent that Cox desires to assert new claims against these targets here, she has not demonstrated a valid basis for

---

[6] *See* ECF No. 316 (recounting history in bankruptcy case); ECF No. 316-1 (bankruptcy court order).

[7] ECF No. 319 (motion filed by Marc and Natalie Randazza); ECF No. 320 (Jennifer Randazza's joinder in the motion).

[8] ECF No. 322.

[9] *See* ECF Nos. 89 (striking claims against Green); ECF No. 208 (dismissing claims against Randazza Legal Group).

[10] *Randazza v. Cox*, 17-01005-abl, ECF No. 24 (granting summary judgment on Cox's counterclaims).

[11] *See id.  See also* ECF No. 307 (referring claims against Marc Randazza to the bankruptcy court).

allowing her to do so in light of the history and procedural posture of this case. So I deny her motion for reconsideration.

**B.      The Randazzas are entitled to voluntarily dismiss their claims.**

Rule 41(a)(2) of the Federal Rules of Civil Procedure permits the court to dismiss an action "at the plaintiff's request . . . on terms that the court considers proper."[12] The Randazzas have shown that the majority of this action was disposed of by the bankruptcy court; that there are no counterclaims remaining; and that they've already achieved the bulk of the remedies that they desire, leaving little benefit to the continued maintenance of this case.[13] And because Cox has not shown any legal prejudice that she would suffer by the voluntary dismissal of the remaining claims, I grant the Randazzas' motion. As this leaves no claims pending and this case will be dismissed, Cox has no need for appointed counsel in this action, so I deny her motion in that regard.

IT IS THEREFORE ORDERED that the Randazzas' motion to voluntarily dismiss this action **[ECF No. 319] is GRANTED**;

IT IS FURTHER ORDERED that Cox's motion for reconsideration and request for appointed counsel **[ECF No. 322] are DENIED**.

**The Clerk of Court is directed to CLOSE THIS CASE.**

_____
U.S. District Judge Jennifer A. Dorsey
October 6, 2022

---

[12] Fed. R. Civ. Pro. 41(a)(2).
[13] ECF Nos. 319, 326.